QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  Sean S. Pak (Bar No. 219032)
  seanpak@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

  David A. Nelson (*pro hac vice* application forthcoming)
  davidnelson@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Telephone:     (312) 705-7400
Facsimile:     (312) 705-7401

Attorneys for GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE LLC, <br><br> Plaintiff, <br><br> vs. <br><br> SONOS, INC., <br><br> Defendant. | CASE NO. 3:20-cv-6754 <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NOS. 9,967,615; 10,779,033; 9,344,206; 10,469,966; AND 9,219,460** <br><br> **DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NOS. 9,967,615; 10,779,033; 9,344,206; 10,469,966; AND 9,219,460**

1.     Plaintiff Google LLC ("Google") seeks a declaratory judgment of non-infringement of United States Patent Nos. 9,967,615; 10,779,033; 9,344,206; 10,469,966; and 9,219,460 as follows:

**NATURE OF THE ACTION**

2. This is an action for a declaratory judgment of non-infringement arising under the patent laws of the United States, Title 35 of the United States Code. Google requests this relief because Defendant Sonos, Inc. ("Sonos") claims that Google infringes United States Patent Nos. 9,967,615 ("the '615 patent"); 10,779,033 ("the '033 patent"); 9,344,206 ("the '206 patent"); 10,469,966 ("the '966 patent"); and 9,219,460 ("the '460 patent") (collectively, the "Patents-in-Suit") by making, using, selling, offering for sale, and/or importing the following products: Chromecast, Chromecast Ultra, Chromecast Audio, Chromecast with Google TV, Home Mini, Nest Mini, Home, Home Max, Home Hub, Nest Hub, Nest Hub Max, Nest Audio, Nest Wifi Point, YouTube Music app, Google Play Music app, YouTube app, Google Home app, and Google's "Pixel" phones, tablets, and laptops (collectively, "Google Accused Products"). Sonos' litigation campaign has harmed the reputations of these Google Accused Products; and Sonos' affirmative allegations of infringement of the Patents-in-Suit by the Google Accused Products has created a justiciable controversy between Google and Sonos.

3. As a result of Sonos' communication to Google of its intention to pursue claims of infringement of the Patents-in-Suit against Google, Google is under reasonable apprehension of suit by Sonos.

**THE PARTIES**

4. Plaintiff Google LLC is a subsidiary of Alphabet Inc. with its principal place of business located at 1600 Amphitheatre Parkway, Mountain View, California 94043.

5. Defendant Sonos, Inc. is a Delaware corporation with headquarters at 614 Chapala Street, Santa Barbara, California 93101.

**JURISDICTIONAL STATEMENT**

6. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, and under the patent laws of the United States, 35 U.S.C. §§ 1-390.

7. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

8. This Court has personal jurisdiction over defendant Sonos. Sonos is registered to do business in the State of California (Registration No. C2465272), has its headquarters in the State of California, and has offices in this District. Sonos, directly and through agents, regularly does, solicits, and transacts business in this District and elsewhere in the State of California.

9. Venue is proper in this District under 28 U.S.C. Section 1391. Sonos has a regular and established place of business in this District—specifically, offices and employees located at 550 Montgomery Street, Suite 750, San Francisco, CA 94111. Sonos lists this San Francisco office on its website (https://www.sonos.com/en-us/contact, a true and correct copy of which is attached as Exhibit 1), and the Sonos office at this location is advertised by Sonos as a current place of business (including in the building's directory in the public lobby). Also, a substantial part of the events giving rise to Google's claim occurred in this District, and because Sonos is subject to personal jurisdiction here. For example, on September 28, 2020, Sonos sent an email to a Google employee who works in this District indicating that Sonos will be initiating a case against Google LLC asserting infringement of the Patents-in-Suit.

10. An immediate, real, and justiciable controversy exists between Google and Sonos as to whether Google is infringing or has infringed the Patents-in-Suit.

## INTRADISTRICT ASSIGNMENT

11. For purposes of intradistrict assignment under Civil Local Rules 3-2(c) and 3-5(b), this Intellectual Property Action will be assigned on a district-wide basis.

## SONOS' CAMPAIGN AGAINST GOOGLE

12. Google was founded in 1998, and has a mission to organize the world's information and make it universally accessible and useful. Over the past two decades, in service of that mission, Google has become one of the world's most innovative technology companies.

13. Google's revolutionary advances in search, software, mobile computing, wireless networking, content streaming, machine learning, and voice-assisted technologies including speech recognition and advanced audio processing, have changed and improved millions of lives.

14. As part of its commitment to innovation, Google has invested significantly in extensive research and development efforts, including its own research, as well as investments in

and acquisitions of other cutting-edge technology companies. Google is the current assignee of tens of thousands of patents worldwide.

15. Google partners with other companies to bring Google's innovations to millions of shared customers. In particular, Google has long had a continued partnership with Sonos. In these collaborations, Sonos has repeatedly asked Google for assistance, so that Sonos could employ Google technology to improve Sonos' products.

16. In 2013, Sonos asked for Google's assistance to integrate with Google's popular Play Music service. Google gave Sonos that assistance, and provided significant engineering resources, technical support, and other resources to integrate Sonos' products with Google's Play Music service in 2014.

17. In 2016, Sonos again asked for Google's assistance–this time to integrate with Google's innovative Assistant software. And again, Google was willing to help. Google gave Sonos significant assistance in designing, implementing, and testing a solution that would bring Google's voice recognition software to Sonos' devices. This effort again involved substantial Google engineering resources, including significant months of employee work time, for the initial launch of Google's Assistant on Sonos' products in May 2019.

18. Google is proud of its more than five-year partnership with Sonos, and has worked constructively with Sonos to make the companies' products work seamlessly by building special integrations for Sonos. For instance, when Google rolled out the ability to set a Sonos speaker as the default option for Google Assistant, it was the first time Google had done that for any partner company.

19. Sonos has made false claims about the companies' shared work and Google's technology in lawsuits that Sonos filed against Google earlier this year.  The parties are also engaged in an additional litigation here in the Northern District of California, Case No. C 3-20-cv-03845-EMC.

**GOOGLE DOES NOT INFRINGE THE PATENTS-IN-SUIT**

20. The Google Accused Products do not directly or indirectly infringe any claim of the Patents-in-Suit, literally or under the doctrine of equivalents.

21.     No third party infringes any claim of the Patents-in-Suit by using a Google product or service.  Google has not caused, directed, requested, or facilitated any such infringement, much less with specific intent to do so.  The Google Accused Products are not designed for use in any combination that infringes any claim of the Patents-in-Suit.  To the contrary, each has substantial uses that do not infringe any claim of the Patents-in-Suit.

**FIRST COUNT**

**(Declaration of Noninfringement of 9,967,615)**

22.     Google restates and incorporates by reference the allegations in paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23.     Sonos claims to own all rights, title, and interest in and under the '615 patent.  A true and correct copy of the '615 patent is attached hereto as Exhibit 2.

24.     Google does not directly or indirectly infringe the '615 patent, either literally or under the doctrine of equivalents, at least because the Google Accused Products do not comprise a tangible, non-transitory computer-readable storage medium including instructions for execution by a processor, the instructions, when executed, cause a control device to implement a  method comprising: (1) causing a graphical interface to display a control interface including one or more transport controls to control playback by the control device; (2) after connecting to a local area network via a network interface, identifying playback devices connected to the local area network; (3) causing the graphical interface to display a selectable option for transferring playback from the control device; (4) detecting a set of inputs to transfer playback from the control device to a particular playback device, wherein the set of inputs comprises: (i) a selection of the selectable option for transferring playback from the control device and (ii) a selection of the particular playback device from the identified playback devices connected to the local area network: (5) after detecting the set of inputs to transfer playback from the control device to the particular playback device, causing playback to be transferred from the control device to the particular playback device, (6) wherein transferring playback from the control device to the particular playback device comprises: (a) causing one or more first cloud servers to add multimedia content to a local playback queue on the particular playback device, wherein adding the multimedia content to the

local playback queue comprises the one or more first cloud servers adding, to the local playback queue, one or more resource locators corresponding to respective locations of the multimedia content at one or more second cloud servers of a streaming content service; (b) causing playback at the control device to be stopped; and (c) modifying the one or more transport controls of the control interface to control playback by the playback device; and (7) causing the particular playback device to play back the multimedia content, wherein the particular playback device playing back the multimedia content comprises the particular playback device retrieving the multimedia content from one or more second cloud servers of a streaming content service and playing back the retrieved multimedia content.

25.     No third party infringes any claim of the '615 patent by using a Google product or service.  Google has not caused, directed, requested, or facilitated any such infringement, much less with specific intent to do so.  The Google Accused Products are not designed for use in any combination which infringes any claim of the '615 patent.  To the contrary, each has substantial uses that do not infringe any claim of the '615 patent.

26.     A substantial, immediate, and real controversy therefore exists between Google and Sonos regarding whether Google infringes the '615 patent. A judicial declaration is appropriate and necessary to determine the parties' respective rights regarding the '615 patent.

27.     Google seeks a judgment declaring that Google does not directly or indirectly infringe any claim of the '615 patent.

## SECOND COUNT

### (Declaration of Noninfringement of 10,779,033)

28.     Google restates and incorporates by reference the allegations in paragraphs 1 through 26 of this Complaint as if fully set forth herein.

29.     Sonos claims to own all rights, title, and interest in and under the '033 patent. A true and correct copy of the '033 patent is attached hereto as Exhibit 3.

30.     Google does not directly or indirectly infringe the '033 patent, either literally or under the doctrine of equivalents, at least because the Google Accused Products do not comprise a computing device comprising: (1) at least one processor; (2) a non-transitory computer-readable

medium; and (3) program instructions stored on the non-transitory computer-readable medium that, when executed by the at least one processor, cause the computing device to perform functions comprising: (4) operating in a first mode in which the computing device is configured for playback of a remote playback queue provided by a cloud-based computing system associated with a cloud-based media service; (5) while operating in the first mode, displaying a representation of one or more playback devices in a media playback system that are each (i) communicatively coupled to the computing device over a data network and (ii) available to accept playback responsibility for the remote playback queue; (6) while displaying the representation of the one or more playback devices, receiving user input indicating a selection of at least one given playback device from the one or more playback devices; (7) based on receiving the user input, transmitting an instruction for the at least one given playback device to take over responsibility for playback of the remote playback queue from the computing device, wherein the instruction configures the at least one given playback device to (i) communicate with the cloud-based computing system in order to obtain data identifying a next one or more media items that are in the remote playback queue, (ii) use the obtained data to retrieve at least one media item in the remote playback queue from the cloud-based media service; and (iii) play back the retrieved at least one media item; (8) detecting an indication that playback responsibility for the remote playback queue has been successfully transferred from the computing device to the at least one given playback device; and (9) after detecting the indication, transitioning from (i) the first mode in which the computing device is configured for playback of the remote playback queue to (ii) a second mode in which the computing device is configured to control the at least one given playback device's playback of the remote playback queue and the computing device is no longer configured for playback of the remote playback queue.

31. No third party infringes any claim of the '033 patent by using a Google product or service. Google has not caused, directed, requested, or facilitated any such infringement, much less with specific intent to do so. The Google Accused Products are not designed for use in any combination which infringes any claim of the '033 patent. To the contrary, each has substantial uses that do not infringe any claim of the '033 patent.

32. A substantial, immediate, and real controversy therefore exists between Google and Sonos regarding whether Google infringes the '033 patent. A judicial declaration is appropriate and necessary to determine the parties' respective rights regarding the '033 patent.

33. Google seeks a judgment declaring that Google does not directly or indirectly infringe any claim of the '033 patent.

### THIRD COUNT
### (Declaration of Noninfringement of 9,344,206)

34. Google restates and incorporates by reference the allegations in paragraphs 1 through 31 of this Complaint as if fully set forth herein.

35. Sonos claims to own all rights, title, and interest in and under the '206 patent. A true and correct copy of the '206 patent is attached hereto as Exhibit 4.

36. Google does not directly or indirectly infringe the '206 patent, either literally or under the doctrine of equivalents, at least because the Google Accused Products do not comprise a multimedia controller including a processor, the controller configured to: (1) receive, via a network interface, a zone configuration from a first independent playback device of a plurality of independent playback devices, wherein the zone configuration is configured via the controller and maintained at the first independent playback device, and wherein the zone configuration characterizes one or more zone scenes, each zone scene identifying a group configuration associated with two or more of the plurality of independent playback devices; and (2) cause a selectable indication of the received zone configuration to be displayed, wherein the displayed selectable indication is selectable to cause one or more of the zone scenes to be invoked by two or more of the plurality of independent playback devices.

37. No third party infringes any claim of the '206 patent by using a Google product or service. Google has not caused, directed, requested, or facilitated any such infringement, much less with specific intent to do so. The Google Accused Products are not designed for use in any combination which infringes any claim of the '206 patent. To the contrary, each has substantial uses that do not infringe any claim of the '206 patent.

38. A substantial, immediate, and real controversy therefore exists between Google and Sonos regarding whether Google infringes the '206 patent. A judicial declaration is appropriate and necessary to determine the parties' respective rights regarding the '206 patent.

39. Google seeks a judgment declaring that Google does not directly or indirectly infringe any claim of the '206 patent.

**FOURTH COUNT**

**(Declaration of Noninfringement of 10,469,966)**

40. Google restates and incorporates by reference the allegations in paragraphs 1 through 36 of this Complaint as if fully set forth herein.

41. Sonos claims to own all rights, title, and interest in and under the '966 patent. A true and correct copy of the '966 patent is attached hereto as Exhibit 5.

42. Google does not directly or indirectly infringe the '966 patent, either literally or under the doctrine of equivalents, at least because the Google Accused Products do not comprise a computing device comprising: (1) one or more processors; (2) a non-transitory computer-readable medium; and (3) program instructions stored on the non-transitory computer-readable medium that, when executed by the one or more processors, cause the computing device to perform functions comprising: (4) while serving as a controller for a networked media playback system comprising a first zone player and at least two other zone players, wherein the first zone player is operating in a standalone mode in which the first zone player is configured to play back media individually: (5) receiving a first request to create a first zone scene comprising a first predefined grouping of zone players including at least the first zone player and a second zone player that are to be configured for synchronous playback of media when the first zone scene is invoked; (6) based on the first request, (i) causing creation of the first zone scene, (ii) causing an indication of the first zone scene to be transmitted to the first zone player, and (iii) causing storage of the first zone scene; (7) receiving a second request to create a second zone scene comprising a second predefined grouping of zone players including at least the first zone player and a third zone player that are to be configured for synchronous playback of media when the second zone scene is invoked, wherein the third zone player is different than the second zone player; (8) based on the

second request, (i) causing creation of the second zone scene, (ii) causing an indication of the second zone scene to be transmitted to the first zone player, and (iii) causing storage of the second zone scene; (9) displaying a representation of the first zone scene and a representation of the second zone scene; and (10) while displaying the representation of the first zone scene and the representation of the second zone scene, receiving a third request to invoke the first zone scene; and (11) based on the third request, causing the first zone player to transition from operating in the standalone mode to operating in accordance with the first predefined grouping of zone players such that the first zone player is configured to coordinate with at least the second zone player to output media in synchrony with output of media by at least the second zone player.

43. No third party infringes any claim of the '966 patent by using a Google product or service. Google has not caused, directed, requested, or facilitated any such infringement, much less with specific intent to do so. The Google Accused Products are not designed for use in any combination which infringes any claim of the '966 patent. To the contrary, each has substantial uses that do not infringe any claim of the '966 patent.

44. A substantial, immediate, and real controversy therefore exists between Google and Sonos regarding whether Google infringes the '966 patent. A judicial declaration is appropriate and necessary to determine the parties' respective rights regarding the '966 patent.

45. Google seeks a judgment declaring that Google does not directly or indirectly infringe any claim of the '966 patent.

### FIFTH COUNT

**(Declaration of Noninfringement of 9,219,460)**

46. Google restates and incorporates by reference the allegations in paragraphs 1 through 41 of this Complaint as if fully set forth herein.

47. Sonos claims to own all rights, title, and interest in and under the '460 patent. A true and correct copy of the '460 patent is attached hereto as Exhibit 6.

48. Google does not directly or indirectly infringe the '460 patent, either literally or under the doctrine of equivalents, at least because the Google Accused Products do not comprise: a playback device, comprising: (1) a speaker; (2) a microphone that is physically coupled to the

speaker; (3) a processor; (4) a network interface; (5) a data storage; and (6) a program logic stored in the data storage and executable by the processor to: (7) emit a first audio signal from the speaker; (8) detect, via the microphone, a second audio signal, wherein at least a portion of the second audio signal is a reflection of the first audio signal; (9) in response to the detecting, determine a first reflection characteristic based on at least the second audio signal; (10) adjust an equalization setting of the playback device based on at least the first reflection characteristic; and (11) play, via the speaker, an audio track according to the equalization setting.

49. No third party infringes any claim of the '460 patent by using a Google product or service. Google has not caused, directed, requested, or facilitated any such infringement, much less with specific intent to do so. The Google Accused Products are not designed for use in any combination which infringes any claim of the '460 patent. To the contrary, each has substantial uses that do not infringe any claim of the '460 patent.

50. A substantial, immediate, and real controversy therefore exists between Google and Sonos regarding whether Google infringes the '460 patent. A judicial declaration is appropriate and necessary to determine the parties' respective rights regarding the '460 patent.

51. Google seeks a judgment declaring that Google does not directly or indirectly infringe any claim of the '460 patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Google prays for judgment as follows:

A. Declaring that the Google Accused Products do not infringe, directly or indirectly, the Patents-in-Suit;

B. Declaring that Google does not induce infringement of the Patents-in-Suit;

C. Declaring that Google does not contributorily infringe on the Patents-in-Suit;

D. Declaring that judgment be entered in favor of Google and against Sonos on Google's claims;

E. Finding that this is an exceptional case under 35 U.S.C. § 285;

F. Awarding Google its costs and attorneys' fees in connection with this action; and

G. Granting Google such further and additional relief as the Court deems just and proper.

DATED: September 28, 2020

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Sean S. Pak*
Sean S. Pak
Attorneys for GOOGLE LLC

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Google respectfully demands a trial by jury on all issues triable by jury.

DATED: September 28, 2020

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Sean S. Pak*
Sean S. Pak
Attorneys for GOOGLE LLC