QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  Jordan Jaffe (Bar No. 254886)
  jordanjaffe@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:   (415) 875-6600
Facsimile:   (415) 875-6700

Attorneys for GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>  Plaintiff,<br><br>  vs.<br><br>SONOS, INC.<br><br>  Defendants. | CASE NO. 3:20-cv-06754-WHA<br><br>**GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL GOOGLE'S OPPOSITION TO SONOS, INC.'S MOTION TO DISMISS OR TRANSFER TO THE WESTERN DISTRICT OF TEXAS** |

Pursuant to Civ. L.R. 7-11 and 79-5 and in conformance with this Court's Standing Order governing requests to file documents under seal, Plaintiff Google LLC ("Google") hereby requests to file under seal portions of Google's Opposition to Sonos, Inc.'s Motion to Dismiss or Transfer to the Western District of Texas ("Opposition"), and certain exhibits in support thereof, filed concurrently herewith. Specifically, Google requests an order granting leave to file under seal the documents and portions of documents listed below:

| Document | Portions to be Filed Under Seal | Party Claiming Confidentiality |
| --- | --- | --- |
| Google's Opposition | Green highlighted portions | Google & Sonos |
| | Blue highlighted portions | Google |
| Declaration of Daniel S. Friedland in Support of Google's Opposition | Blue highlighted portions | Google |
| Declaration of James Judah in Support of Google's Opposition | Blue highlighted portions | Google |
| Ex. 13 to the Declaration of Lindsay Cooper in Support of Google's Opposition ("Cooper Decl.") | Blue highlighted portions | Google & Sonos |
| Ex. 14 to Cooper Decl. | Blue highlighted portions | Google & Sonos |
| Ex. 15 to Cooper Decl. | Entire document | Google & Sonos |
| Ex. 16 to Cooper Decl. | Entire document | Google & Sonos |

## I.   LEGAL STANDARD

Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable"). Civ. L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

## II.   THE COURT SHOULD SEAL GOOGLE'S CONFIDENTIAL INFORMATION

The Court should seal the portions of Google's Opposition and the declarations in support thereof and exhibits thereto, as identified by Google in the table above. In the context of

dispositive motions, materials may be sealed in the Ninth Circuit upon a showing that there are "compelling reasons" to seal the information. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). A party has "compelling reasons" to seal information in a filing when the material would disclose "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

Google seeks to seal confidential business information that fits squarely within this category. Specifically, Google seeks to seal portions of its Opposition and Exhibits 15 and 16 because these materials contain information about confidential, non-public agreements between Google and Sonos. Cooper Decl. ¶ 3; *Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc.*, No. 17CV205-MMA (MDD), 2020 WL 1911502, at *3 (S.D. Cal. Apr. 20, 2020) (finding compelling reasons to seal "non-public, confidential information" concerning "commercial relationships," "agreements," and "business dealings" between the parties); *see also In re Electronic Arts, Inc.*, 298 F. App'x. 568, 569 (9th Cir. 2008) (finding compelling reasons to seal terms of a licensing agreement). Public disclosure of this information would harm Google's competitive standing and its ability to negotiate future agreements. Cooper Decl.¶ 3; *see In re Google Inc. Gmail Litig.,* No. 13-MD-02430-LHK, 2014 WL 10537440, at *5 (N.D. Cal. Aug. 6, 2014 (sealing "the terms of Google's contracts" because they "are trade secrets that, if disclosed, could cause competitive harm to Google"). Google has narrowly tailored its requests to only information meriting sealing.

In addition, Google seeks to seal portions of its Opposition, the Declaration of Daniel S. Friedland, and the Declaration of James Judah because these materials contain non-public information regarding the number of Google employees in various U.S. locations, as well as the identity and job responsibilities of certain Google employees that have relevant knowledge for the purposes of this litigation. Cooper Decl. ¶ 4; *Google Inc. v. Eolas Techs. Inc*., No. 15-CV-05446-JST, 2016 WL 9243337, at *2 (N.D. Cal. Mar. 22, 2016) (finding that disclosure of "names of specific employees and numbers or proportions of employees assigned to particular locations or project teams within Google" would "harm a litigant's competitive standing" and sealing such business information).

Finally, Google seeks to seal portions of Exhibits 13 and 14 because they contain non-public email addresses of Google and Sonos employees.  Cooper Decl. ¶ 4; *see Ehret v. Uber Techs., Inc.*, No. 14-CV-00113-EMC, 2015 WL 12977024, at *3 (N.D. Cal. Dec. 2, 2015) (granting sealing of "e-mail addresses of Uber employees" due to privacy concerns and because they "[were] not relevant to the merits of the motion of this case").

### III. CONCLUSION

In compliance with Civil Local Rules 79-5(d) and (e), redacted and unredacted versions of the above listed documents accompany this Administrative Motion.  For the foregoing reasons, Google respectfully requests that the Court grant Google's administrative motion to file under seal.

DATED:  October 26, 2020

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Lindsay Cooper
Charles K Verhoeven
Melissa Baily
Jordan Jaffe
Lindsay Cooper
*Attorneys for Plaintiff*

**ATTESTATION**

I, Charles K. Verhoeven, am the ECF user whose ID and password are being used to file the above Declaration. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Lindsay Cooper has concurred in the aforementioned filing.

*/s/ Charles K. Verhoeven*
Charles K. Verhoeven