# EXHIBIT 34

Stephen M. Lobbin (SBN 181195)
stephen@foundationlaw.com
Austin J. Richardson (SBN 319807)
austin@foundationlaw.com
**FOUNDATION LAW GROUP LLP**
455 South Figueroa Street, Suite 3100
Los Angeles, California 90071
Tel:  949.636.1391

Attorneys for Defendant **Coil Winding Specialist, Inc.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Evolve Technologies, LLC**, a Delaware limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>**Coil Winding Specialist, Inc.**, a California corporation,<br><br>Defendant. | Case No. 3:18-cv-00671-BEN-BGS<br><br>**DEFENDANT'S ANSWER AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant Coil Winding Specialist, Inc. ("CWS") responds as follows to the allegations of the Complaint:

## **THE PARTIES**

1. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 1, and therefore denies them.

2. Admitted.

## **JURISDICTION AND VENUE**

3. Admitted.

4. Defendant admits that it does business in this District and that it is incorporated in California, but denies the remaining allegations of Paragraph 4.

5. Denied.

## EVOLVE'S PATENTS-IN-SUIT

6. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 6, and therefore denies them.

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 7, and therefore denies them.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 8, and therefore denies them.

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 9, and therefore denies them.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 10, and therefore denies them.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 11, and therefore denies them.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 12, and therefore denies them.

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 13, and therefore denies them.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 14, and therefore denies them.

## BACKGROUND

15. Admitted.

16. Admitted.

17. Denied.

18. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 18, and therefore denies them.

19. Denied.

## FIRST CLAIM FOR RELIEF
## INFRINGEMENT OF U.S. PATENT NO. 7,878,417

20. Paragraph 20 contains no allegation of fact requiring a response.

21. Denied.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 22, and therefore denies them.

23. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 23, and therefore denies them.

24. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 24, and therefore denies them.

25. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 25, and therefore denies them.

26. Denied.

27. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 27, and therefore denies them.

28. Denied.

29. Denied.

30. Denied.

## SECOND CLAIM FOR RELIEF
## INFRINGEMENT OF U.S. PATENT NO. 8,434,693

31. Paragraph 31 contains no allegation of fact requiring a response.

32. Denied.

33. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 33, and therefore denies them.

34. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 34, and therefore denies them.

35. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 35, and therefore denies them.

36. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 36, and therefore denies them.

37. Denied.

38. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 38, and therefore denies them.

39. Denied.

40. Denied.

41. Denied.

## THIRD CLAIM FOR RELIEF
## INFRINGEMENT OF U.S. PATENT NO. 9,309,655

42. Paragraph 42 contains no allegation of fact requiring a response.

43. Denied.

44. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 44, and therefore denies them.

45. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 45, and therefore denies them.

46. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 46, and therefore denies them.

47. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 47, and therefore denies them.

48. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 48, and therefore denies them.

49. Denied.

50. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 50, and therefore denies them.

51. Denied.

52. Denied.

53. Denied.

## FOURTH CLAIM FOR RELIEF

## INFRINGEMENT OF U.S. PATENT NO. 9,611,629

54. Paragraph 54 contains no allegation of fact requiring a response.

55. Denied.

56. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 56, and therefore denies them.

57. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 57, and therefore denies them.

58. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 58, and therefore denies them.

59. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 59, and therefore denies them.

60. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 60, and therefore denies them.

61. Denied.

62. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 62, and therefore denies them.

63. Denied.

64. Denied.

65. Denied.

## FIFTH CLAIM FOR RELIEF
## INFRINGEMENT O FU.S. PATENT NO. 9,927,042

66. Paragraph 66 contains no allegation of fact requiring a response.

67. Denied.

68. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 68, and therefore denies them.

69. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 69, and therefore denies them.

70. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 70, and therefore denies them.

71. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 71, and therefore denies them.

72. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 72, and therefore denies them.

73. Denied.

74. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 74, and therefore denies them.

75. Denied.

76. Denied.

77. Denied.

## AFFIRMATIVE DEFENSES

78. The Complaint fails to state a claim upon which relief can be granted.

79. Defendant has not infringed, either directly or indirectly, any valid and enforceable claim of the patents-in-suit—*i.e.*, the '417 patent, the '693 patent, the '655 patent, the '629 patent, and the '042 patent.

80. Each of the patents-in-suit—*i.e.*, the '417 patent, the '693 patent, the '655 patent, the '629 patent, and the '042 patent—is invalid for failing to meet one

or more of the conditions of patentability set forth in 35 U.S.C. § 101 *et seq.*, including 35 U.S.C. §§ 101, 102, 103 and 112.

81.  Plaintiff's allegations are precluded, in whole or in part, by an express or implied license.

82.  Plaintiff's allegations are barred by the equitable doctrines of patent misuse, laches, equitable estoppel, waiver, acquiescence and/or unclean hands.

83.  Plaintiff's request for monetary relief is barred or limited pursuant to the requirements of 35 U.S.C. §§ 284-288, and by a lack of causation of any damages by any actions of Defendant.

84.  Defendant reserves the right to assert additional affirmative defenses based on information learned or obtained during discovery.

## COUNTERCLAIMS

For its Counterclaims, Defendant and Counterclaimant CWS alleges as follows:

### Jurisdiction and Venue

1.  CWS is a California corporation with a principal place of business in Orange, California.

2.  Counter-Defendant Evolve Technologies, LLC ("Evolve") is a Delaware company with a principal place of business in Scottsdale, Arizona.

3.  Subject to Defendant's denials and affirmative defenses herein above, because Counter-Defendant has asserted patent infringement against CWS in this action, this Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201-02. A judicial declaration is necessary so that CWS may confirm its rights in view of the alleged patent rights asserted in this action by Counter-Defendants.

4. Personal jurisdiction and venue are proper in this District because of Counter-Defendant's choice of forum, and also pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

**<u>Declaratory Judgment of Non-Infringement</u>**

5. CWS repeats and incorporates by reference the allegations of the preceding paragraphs of these counterclaims.

6. CWS has not infringed, either directly or indirectly, any valid claim of the patents-in-suit—*i.e.*, the '417 patent, the '693 patent, the '655 patent, the '629 patent, and the '042 patent.

**<u>Declaratory Judgment of Patent Invalidity</u>**

7. CWS repeats and incorporates by reference the allegations of the preceding paragraphs of these counterclaims.

8. Each claim of the patents-in-suit—*i.e.*, the '417 patent, the '693 patent, the '655 patent, the '629 patent, and the '042 patent—is invalid for failing to meet the conditions of patentability set forth in 35 U.S.C. § 101 *et seq.*, including one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

**<u>Intentional Interference with Contractual Relations</u>**

9. CWS repeats and incorporates by reference the allegations of the preceding paragraphs of these counterclaims.

10. CWS has spent considerable investment, time, effort and resources to ensure that its accused infringing product is a unique and novel design and does not infringe any intellectual property rights of others, including Evolve.

11. CWS has contracts with its vendors and marketing partners, including but not limited to Bob Sullivan of Eclipse Efficiencies at eclipseefficiencies.com, one of many marketing partners of CWS for its accused infringing Hot-Start products.

12. Before filing this action, Evolve intentionally interfered with the contractual relationship between CWS and Eclipse Efficiencies, including by communicating directly with Eclipse Efficiencies and unlawfully pressuring it to withdraw the accused infringing product from the market.

13. Evolve knew that Eclipse Efficiencies had not made, used, offered to sell, sold or imported the accused infringing products, but nonetheless interfered with CWS' relationship rather than communicating with CWS directly.

14. Evolve's conduct prevented performance and/or made performance of CWS' contracts more expensive and difficult.

15. Evolve intended to disrupt the performance of these contracts or knew that disruptions were certain or substantially certain to occur.

16. Evolve's conduct was a substantial factor in causing CWS harm, in an amount to be proven at trial.

**Intentional Interference with Prospective Economic Relations**

17. CWS repeats and incorporates by reference the allegations of the preceding paragraphs of these counterclaims.

18. There was and is an economic relationship between CWS and its vendors and marketing partners, including but not limited to Eclipse Efficiencies.

19. These relationships would have resulted in an economic benefit to CWS.

20. Evolve knew of these relationships.

21. Evolve engaged in conduct with the intention of harming or completely destroying these relationships, or knew harm or destruction of the relationships was likely to occur.

22. These relationships were disrupted as a result of Evolve's conduct and CWS was harmed thereby.

23. Evolve's conduct was a substantial factor in causing CWS harm, in an amount to be proven at trial.

### Unfair Competition

24. CWS repeats and incorporates by reference the allegations of the preceding paragraphs of the counterclaims.

25. Evolve's wrongful conduct alleged herein constitutes an unlawful, fraudulent, and/or unfair act or practice within the meaning of Cal. Bus. & Prof. Code § 17200 *et seq*.

26. Evolve's wrongful acts complained of herein have injured and damaged CWS.

27. As a direct and proximate cause of Evolve's improper actions, CWS has been harmed in an amount to be proven at trial.

### Prayer for Relief

Counterclaimant prays for judgment as follows:

A. Dismissing the Complaint with prejudice and denying Plaintiff any relief, including any award of damages, costs or attorney fees;

B. Declaring that CWS has not infringed each of the patents-in-suit—*i.e.*, the '417 patent, the '693 patent, the '655 patent, the '629 patent, and the '042 patent—either directly or indirectly;

C. Declaring that each asserted claim of each of the patents-in-suit—*i.e.*, the '417 patent, the '693 patent, the '655 patent, the '629 patent, and the '042 patent—is invalid;

D. Awarding preliminary and permanent injunctive relief enjoining Evolve from interfering with any contractual relationships or prospective business relationships between CWS and third parties;

E. Awarding CWS compensatory and punitive damages to be proven at trial for the significant damage caused to CWS' business as a result of Evolve's

intentional interference and unfair competition, including Evolve's profits and restitution for Evolve's ill-gotten gains, including in accordance with Cal. Bus. & Prof. Code § 17203;

  F. Awarding CWS pre-judgment interest, including in accordance with Cal. Civ. Code. § 3287;

  G. Declaring this action an "exceptional case" and awarding CWS its attorney fees, litigation expenses and costs incurred in this action pursuant to Fed. R. Civ. P. 54(d)(1) and the relevant provisions of the Patent Act; and

  H. Awarding such further relief as this Court deems just and proper.

Respectfully submitted,

Dated: June 1, 2018   **FOUNDATION LAW GROUP LLP**

By: /s/ Stephen M. Lobbin
Attorneys for Defendant/Counterclaimant

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38(b)(1) and (c), and L.R. 38-1, Defendant and Counterclaimant hereby demands a jury trial on all the issues in this action so triable of right by a jury.

Respectfully submitted,

Dated: June 1, 2018  **FOUNDATION LAW GROUP LLP**

By: /s/ Stephen M. Lobbin
Attorneys for Defendant/Counterclaimant

## PROOF OF SERVICE

I hereby certify that on June 1, 2018, I electronically transmitted the foregoing document using the CM/ECF system for filing, which will transmit the document electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies have been served on those indicated as non-registered participants.

Dated: June 1, 2018           /s/ Stephen M. Lobbin