CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
croberts@orrick.com
BAS DE BLANK (STATE BAR NO. 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (STATE BAR NO. 260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   +1 415 773 5700
Facsimile:   +1 415 773 5759

*Attorneys for Defendant Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>SONOS, INC.,<br><br>        Defendant. | Case No. 3:20-cv-6754-WHA<br><br>**SONOS, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS OR TRANSFER TO THE WESTERN DISTRICT OF TEXAS**<br><br>Date:         November 19, 2020<br>Time:        8:00 a.m.<br>Location:   Courtroom 12, 19th Floor<br>Judge:       Hon. William Alsup<br><br>Complaint Filed: September 28, 2020<br>Trial Date: None Set |

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

I.      INTRODUCTION ............................................................................................................... 1
II.     ARGUMENT ....................................................................................................................... 2
   A.   Google's claim that this is not an "anticipatory suit" is frivolous. .................................. 2
   B.   Google fails to rebut the evidence that its Complaint lacks a proper basis.................... 4
   C.   Google fails to show this district is more convenient. .................................................... 6
        1.   Google's claims can be brought in Western Texas. ................................................. 6
        2.   Google's forum selection clauses are irrelevant. ..................................................... 7
        3.   This district is not more convenient for Google or its witnesses. ........................... 7
        4.   It is not any easier to access evidence in this district. ........................................... 10
        5.   The public interest factors favor the Western District of Texas. ........................... 11
   D.   Google's Complaint is facially inadequate. .................................................................. 12
III.    CONCLUSION .................................................................................................................. 14

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Adobe Inc.*,
  823 F. App'x 929 (Fed. Cir. 2020) ................................................................................................9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................................12, 13

*In Re Certain Audio Players and Controllers, Components Thereof, and Products Containing Same*,
  Inv. No. 337-TA-1191, USITC (Jan. 7, 2020) ..............................................................................5

*Comcast Cable Commc'ns, LLC v. OpenTV, Inc.*,
  319 F.R.D. 269 (N.D. Cal. Mar. 13, 2017) ......................................................................12, 13, 14

*DeFeo v. Procter & Gamble Co.*,
  831 F. Supp. 776 (N.D. Cal. 1993) ...............................................................................................1

*Diablo Techs., Inc. v. Netlist, Inc.*
  No. 13-CV-3901-YGR, 2013 U.S. Dist. LEXIS 147593 (N.D. Cal. Oct. 10, 2013) ..................4, 5

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
  888 F.3d 1256 (Fed. Cir. 2018) ..................................................................................................13

*EMC Corp. v. Bright Response, LLC*,
  No. C-12-2841 EMC, 2012 WL 4097707 (N.D. Cal. Sept. 17, 2012) .........................................7

*Evolve Techs., LLC v. Coil Winding Specialist, Inc.*,
  No. 3:18-cv-00671BEN-BGS, 2019 U.S. Dist. LEXIS 52152 (S.D. Cal. Mar. 27, 2019) ..........12

*Finjan, Inc. v. Sophos Inc.*,
  No. 14-cv-01197-WHO, 2014 U.S. Dist. LEXIS 84578 (N.D. Cal. June 20, 2014) ..................10

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009) ....................................................................................................9

*Genentech, Inc. v. Amgen Inc.*,
  No. 17-1407-GMS, 2018 U.S. Dist. LEXIS 9544 (D. Del. Jan. 22, 2018) ..................................9

*Glaxo Grp. Ltd. v. Genentech, Inc.*,
  No. C 10-00675 JSW, 2010 U.S. Dist. LEXIS 46440 (N.D. Cal. Apr. 12, 2010) .....................11

- ii -

REPLY BRIEF ISO MOTION TO DISMISS
OR TRANSFER
Case No. 3:20-CV-6754

4130-6793-0664.8

*Hammond Dev. Int'l, Inc. v. Google LLC*,
  No. 1:20-CV-00342-ADA, 2020 WL 3452987 (W.D. Tex. June 24, 2020) ..............3, 9, 10, 11

*Infineon Techs. AG v. Volterra Semiconductor Corp.*,
  No. C-11-6239 MMC, 2012 U.S. Dist. LEXIS 169959 (N.D. Cal. Nov. 29,
  2012) ......................................................................................................................12, 13

*Inherent.com v. Martindale-Hubbell*,
  420 F. Supp. 2d 1093 (N.D. Cal. 2006) ...................................................................................2

*J.M. Smucker Co. v. Promotion in Motion, Inc.*,
  420 F. Supp. 3d 646 (N.D. Ohio 2019) .............................................................................13, 14

*J3 Eng'g Grp., LLC v. Mack Indus. of Kalamazoo, LLC*,
  390 F. Supp. 3d 946 (E.D. Wis. 2019) ....................................................................................7

*Maranon v. Santa Clara Stadium Auth.*,
  No. 15-CV-04709-BLF, 2018 WL 3932490 (N.D. Cal. Aug. 16, 2018) ................................13

*MIS Scis. Corp. v. RPost Communs. Ltd.*,
  No. 14-cv-00376-VC, 2016 U.S. Dist. LEXIS 70892 (N.D. Cal. May 18, 2016) ..................12

*Moore v. Kayport Package Express*,
  885 F.2d 531 (9th Cir. 1989) ..................................................................................................13

*Prof'l Underwriting Grp., Inc. v. Hartford Ins. Co. of Se.*,
  No. CV 15-9714-R, 2016 WL 7448143 (C.D. Cal. Mar. 9, 2016) ...........................................2

*Rice-Sherman v. Big Heart Pet Brands, Inc.*,
  No. 19-cv-03613-WHO, 2020 U.S. Dist. LEXIS 46197 (N.D. Cal. Mar. 16,
  2020) ........................................................................................................................................8

*Sonos, Inc. v. Google LLC*,
  No. C.A. 6:20-cv-881 (W.D. Tex. Sept. 29, 2020) ...............................................................3, 5

*Synopsys Inc. v. Mentor Graphics Corp.*,
  No. C 12-5025 MMC, 2013 U.S. Dist. LEXIS 48544 (N.D. Cal. Apr. 3, 2013) ......................8

*Thao Le v. Capital One Auto Fin.*,
  No. 18-CV-05647-BLF, 2018 WL 5778385 (N.D. Cal. Nov. 1, 2018) ....................................2

*TQP Dev., LLC v. Twitter, Inc.*,
  No. 2:12-CV-503-JRG-RSP, 2013 U.S. Dist. LEXIS 140867 (E.D. Tex. Sep.
  29, 2013) ..................................................................................................................................8

*Walker Digital, LLC v. Facebook, Inc.*,
  852 F. Supp. 2d 559 (D. Del. 2012) .........................................................................................4

*Z-Line Designs, Inc. v. Bell'O Int'l LLC*,
  218 F.R.D. 663 (N.D. Cal. 2003) ........................................................................................2, 7

## I.    INTRODUCTION

The Court should not allow Google to race into court with a facially inadequate complaint in order to deprive Sonos of its choice of forum. Declaratory judgment actions are meant to settle uncertainty surrounding potential claims, not "deprive a plaintiff of his conventional choice of forum and timing" for forthcoming claims. *DeFeo v. Procter & Gamble Co.,* 831 F. Supp. 776, 778 (N.D. Cal. 1993). Incredibly, Google argues that this case does not qualify as an "anticipatory suit" because Sonos's e-mail was not an "unequivocal" statement that suit would be filed by a specific date. Balderdash. It's hard to imagine how Sonos's email—which said the suit would be filed the next day and included a formal 88-page complaint—could have been more unequivocal, and Google's mad-dash to the courthouse—a mere ten hours later—confirms that Google understood that Sonos was filing the following day.

Google also makes no serious effort to rebut the evidence that it skipped a pre-suit investigation in its haste to file and provides no affirmative evidence to show that it performed such an investigation. Instead, Google implies that it was able to adequately investigate the numerous products, patents, and allegations at issue because the accused products are the same as those in another pending dispute. But the patents at issue here, and the features and functions they cover, are entirely different from those in the other pending disputes. It is, to put it mildly, widely implausible that in the ten hours between the time Google received Sonos's complaint, and the time it filed its complaint, Google and its lawyers compared the patents' claims to the 27 accused products and came up with noninfringement theories. Indeed, if Google had done that, it would not have filed a boilerplate complaint and, in response to this motion, it would have submitted a declaration, under oath, from the person or persons who performed that analysis. The fact that Google did neither should tell the Court everything it needs to know about this issue.

Google's other arguments are similarly meritless. Google's attempt to show that this District is more convenient ignores the realities of modern litigation and does not properly counterbalance the weight the Court should place on the fact that this is an anticipatory suit filed without a proper factual basis. That is especially true because, if the Court dismisses or transfers the suit on the grounds that it is anticipatory, nothing prevents Google from bringing a motion to

- 1 -

REPLY BRIEF ISO MOTION TO DISMISS
OR TRANSFER
Case No. 3:20-CV-6754

4130-6793-0664.8

transfer under §1404 in the Western District of Texas.

The Court should not condone Google's race to the courthouse and should dismiss or transfer the case as an improper anticipatory suit.

## II. ARGUMENT

### A. Google's claim that this is not an "anticipatory suit" is frivolous.

Google's denial that its case is anticipatory is frivolous. As Google admits, a suit is anticipatory when "precipitated by the receipt of communication stating unequivocally that a suit would be filed by a specific date unless certain demands were met." Opp. at 9 (quoting *Prof'l Underwriting Grp., Inc. v. Hartford Ins. Co. of Se.*, No. CV 15-9714-R, 2016 WL 7448143, at *1 (C.D. Cal. Mar. 9, 2016)). Sonos's communication could not have been clearer:

> Attached please find a courtesy copy of the complaint that we *will* file Tuesday, September 29[, 2020] in the United States District Court.

ECF No. 11-1, Declaration of Alyssa Caridis ("Caridis Decl."), Ex. A. (emphasis added). Google ignores this unequivocal statement of intent, and instead tries to manufacture uncertainty out of Sonos's closing remarks, where it stated "[w]e continue to be hopeful that Google will reconsider its infringement and its refusal to engage in a meaningful discussion." Opp. at 9. Expressing a willingness to maintain a productive dialogue—particularly where the parties have been engaged in multiple litigations worldwide—hardly negates Sonos's unequivocal statement of intent to file a new suit the following day.[1]

Google also tries to deflect blame for its conduct. First, Google tries to excuse its anticipatory suit by suggesting that Sonos, rather than Google, was forum shopping. But, as the plaintiff, Sonos is entitled to bring its claims in the venue of its choice, provided the[] venue is a proper one: "as the master of [its] complaint, [Plaintiff] had the right to freely choose the venue and forum for his case." *Thao Le v. Capital One Auto Fin.*, No. 18-CV-05647-BLF, 2018 WL 5778385, at *2 (N.D. Cal. Nov. 1, 2018) (internal quotation marks omitted). Sonos chose the

---

[1] Google fails to distinguish *Z-Line Designs, Inc. v. Bell'O Int'l LLC*, 218 F.R.D. 663, 664-67 (N.D. Cal. 2003) and *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1099-1100 (N.D. Cal. 2006). For both cases, Google again advances the frivolous argument that, unlike the communications in those cases, Sonos's communication here was neither concrete nor unequivocal.

- 2 -

REPLY BRIEF ISO MOTION TO DISMISS
OR TRANSFER
Case No. 3:20-CV-6754

4130-6793-0664.8

1   Western District of Texas because, among other things, Google has a relevant office there and
2   because it is one of only a handful of districts that is currently trying patent cases. That's not
3   forum shopping, it's the legitimate selection of a proper venue by the plaintiff.
4         Moreover, if Google genuinely believes that the Western District of Texas is improper or
5   inconvenient, the United States Code and the Federal Rules of Civil Procedure provide a remedy:
6   namely file a motion to dismiss or transfer. But instead of following these procedures, Google
7   raced to the courthouse in its preferred forum in an attempt to game the process. Google chose
8   that course because it knows from experience that it cannot show that this District is clearly more
9   convenient. *See, e.g.*, *Hammond Dev. Int'l, Inc. v. Google LLC*, No. 1:20-CV-00342-ADA, 2020
10  WL 3452987, at *1 (W.D. Tex. June 24, 2020) (denying Google's motion to transfer in a case
11  where Google's Austin office was materially less relevant than it is here).
12        Google's attempt to portray Sonos as the party engaged in gamesmanship is just an effort
13  to play defense by offense. Google asserts that Sonos engaged in "procedural gamesmanship"
14  because the draft courtesy copy of Sonos's complaint included allegations anticipating that
15  Google would continue infringing after receiving the draft complaint. Opp. at 1, 8. But Sonos
16  did, in fact, anticipate that Google would continue to infringe, and – unsurprisingly – Sonos has
17  thus far been correct. And Google offers no explanation as to how Sonos's conduct constitutes
18  gamesmanship. Indeed, Google does not articulate any ***advantage*** Sonos received, nor ***prejudice***
19  Google purportedly suffered, as a result of Sonos's actions. Google cannot dispute, for example,
20  that it had longstanding notice of all but two of the patents at issue here. *See* Complaint for
21  Patent Infringement at ¶¶ 20 and 22, *Sonos, Inc. v. Google LLC*, No. C.A. 6:20-cv-881 (W.D.
22  Tex. Sept. 29, 2020). Thus, its assertion that "Sonos only provided Google with a 'courtesy copy'
23  of its complaint in an effort to create a basis for alleging willfulness" is just factually wrong.
24  Opp. at 1. Moreover, even as to the two patents with respect to which Google did not have notice
25  prior to the draft complaint, Sonos could just as easily have filed a complaint without alleging
26  willfulness as to those patents and then amended its complaint to add claims of willfulness in
27
28

- 3 -

REPLY BRIEF ISO MOTION TO DISMISS
OR TRANSFER
Case No. 3:20-CV-6754

light of Google's continued infringement – which would have gotten us to the same place.[2] Candidly, the main reason we served the courtesy complaint in advance of filing is because we knew that, if we didn't, Google would have complained about that failure to the press (and, if permitted, the jury). So nothing about giving Google a brief heads up constitutes gamesmanship – much less justifies Google filing an improper anticipatory suit.

Google also mischaracterizes *Diablo Techs., Inc. v. Netlist, Inc.* No. 13-CV-3901-YGR, 2013 U.S. Dist. LEXIS 147593, at *13-17 (N.D. Cal. Oct. 10, 2013) as having held "that the plaintiff's first-filed case was not anticipatory." Opp. at 9. It did not. Rather, the court discusses the concept of anticipatory suits, explaining that the "filing of a declaratory relief action simply to preempt another's infringement suit favors dismissal." *Diablo Techs.,* 2013 U.S. Dist. LEXIS, at *14. But the court then shifts its discussion to other factors and does not analyze the pre-suit conduct or determine if the filing was anticipatory. *Id.* at *15-17. Thus, Google's citation to this case does not suggest, in any way, that its suit here was proper.

**B.    Google fails to rebut the evidence that its Complaint lacks a proper basis.**

Google makes no serious effort to rebut the evidence that it failed to perform an adequate pre-suit investigation. Instead, Google states—without any support—that it "investigated the allegations and determined that it had a legitimate Rule 11 basis to believe that it does not infringe." Opp. at 20-21. But neither Google's bare-bones complaint nor its opposition papers reflect *any* factual information uncovered by *any* such investigation.

If Google had performed a pre-suit investigation, it would (at a bare minimum) have submitted a declaration from the person or persons who performed that factual investigation explaining what they did and when they did it. Clearly Google knew that it could submit declarations in support of its opposition. Indeed, Google mustered three declarations to support its sealing and convenience arguments, but did not provide a single factual proffer to rebut the strong circumstantial evidence showing that Google failed to properly investigate its claims. For

---

[2] Or Sonos could have alleged willfulness from the date of the Complaint itself. *See, e.g.*, *Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559, 566 n.11 (D. Del. 2012) (allowing willfulness allegations in an original complaint rather than waiting for inevitable amendment due, in part, to judicial economy).

1   this reason, Google's reliance on *Diablo Techs.* is, once again, misplaced.  Opp. at 21.  In *Diablo*
2   *Techs.*, the court was not persuaded that there was bad faith because the plaintiffs "offer[ed]
3   evidence to counter [the defendant's] inference that they could not have performed an adequate
4   inquiry prior to filing."  2013 U.S. Dist. LEXIS 147593, at *18.  Here, in contrast, Google
5   provides *no evidence* about its supposed investigation, and makes only vague statements that fail
6   to lend even a modicum of credence to its contention that it received Sonos's complaint,
7   compared the claims of five patents against 27 products, determined that the products did not
8   infringe, decided on a legal strategy, drafted a complaint, got authorization from all of the
9   necessary decision makers within Google, and filed in ten hours.  Indeed, the Court should note,
10  in this regard, that Google recently asked Sonos for an additional 45 *days* to respond to Sonos's
11  complaint in Western Texas on the ground that it needed the time to find and retain a legal team.
12  ECF No. 11-1 Caridis Decl., Ex. Z.

13          Google suggests that it was reasonable to investigate and file claims in 10 hours because
14  the products accused in Sonos's complaint are the same products accused in an ongoing ITC
15  action between Sonos and Google.  This assertion strains credulity.  This case concerns five
16  patents, none of which were asserted in the ITC, nor do any of the patents at issue here share a
17  specification with any of the patents at issue in the ITC.  And, while the accused products are the
18  same, the patents are directed to different features and functions of those products.  In particular,
19  the patents at issue in the pending ITC case involve "setting up a playback device on a wireless
20  local area network," "adjusting group volume of playback devices and paring playback devices
21  together for stereo sound," and "synchronizing playback of audio within groups of playback
22  devices."  Complaint at 6, *In Re Certain Audio Players and Controllers, Components Thereof,*
23  *and Products Containing Same*, Inv. No. 337-TA-1191, USITC (Jan. 7, 2020), Dkt. No. 3428.
24  By contrast, patents at issue here involve "facilitating transfer of playback responsibility from a
25  user's device to a media playback system," "manipulating a plurality of multimedia players in a
26  multi-zone system," and "dynamically adjusting the equalization of a playback device based on
27  the environment in which the playback device is operating."  Complaint for Patent Infringement
28  at ¶¶ 52, 64, 75, *Sonos, Inc. v. Google LLC*, No. C.A. 6:20-cv-881 (W.D. Tex. Sept. 29, 2020).

1   Thus, even if Google's lawyers were familiar with the 27 products listed in the complaint, it
2   defies plausibility that, in only ten hours, they could have studied Sonos's 88-page complaint,
3   reviewed the five asserted patents and their associated prosecution histories, investigated the
4   newly accused features and functionalities, looked at the way they are implemented in source
5   code to determine if the functions diverge from what is claimed and then prepared and filed the
6   Complaint.

7   Google's attempt to distinguish Sonos's case law on the "bad faith" exception also
8   intentionally misses the point. Sonos was clear that Google did not take the exact same actions as
9   the parties in the cases cited by Sonos, but rather the *nature* and *intent* of Google's actions
10  reflected a similar (if not worse) level of bad faith. Mot. at 7-8. The fact that Google opted to
11  build and then attack this straw man rather than provide evidence to establish that it performed an
12  adequate investigation – evidence which, if it existed, Google could easily have produced –
13  should speak louder than the boilerplate attorney denials which Google provided.

14  **C.    Google fails to show this district is more convenient.**

15  Because Google cannot demonstrate that its lawsuit was not (1) anticipatory and (2)
16  brought in bad faith, Google dedicates most of its effort to addressing the convenience factors.
17  But as Google acknowledges, Google's conduct in racing to file an anticipatory suit weighs
18  against an application of the first-to-file rule in this case. Opp. at 11 (acknowledging that whether
19  a suit is anticipatory is a factor in the analysis). Thus, even if (arguendo) the convenience factors
20  were somewhat in favor of Google, they do not counterbalance the fact that Google's action is a
21  blatant anticipatory suit filed without a proper investigation.

22  **1.    Google's claims can be brought in Western Texas.**

23  Google argues that this case cannot be transferred to the Western District of Texas
24  because the Western District of Texas is not an appropriate venue for Sonos. Not so.

25  Google is eliding the point of this requirement, which is to show that venue can properly
26  lie in the venue to which a transfer is sought. For this reason, Google cannot cite a single case in
27  which a court required such a showing in the first-to-file context – *i.e.*, where there is *already* a
28  suit between the parties pending in the district to which transfer is sought. Put differently, this

1  case can be transferred to the Western District of Texas because, as a result of Sonos's suit,
2  Google's claims for declaratory judgment can properly be venued as counterclaims to Sonos's
3  action. *See EMC Corp. v. Bright Response, LLC*, No. C-12-2841 EMC, 2012 WL 4097707, at *5
4  (N.D. Cal. Sept. 17, 2012) (explaining that plaintiffs waive jurisdiction to compulsory
5  counterclaims). Google also could have filed it DJ claims in Western Texas on the relevant
6  Monday for the same reason – *i.e.*, because Sonos could (and clearly intended to) consent to
7  venue in that district. Or Google could simply have waited a day and then brought its claims for
8  declaratory relief as counterclaims. The point is that Google easily *could have* and *can have* its
9  claims heard in Western Texas – which makes transfer both appropriate and available.

10  But even if the Court decides that transfer isn't available, the proper course of action isn't
11 to deny Sonos's motion but instead to dismiss Google's anticipatory suit without prejudice to its
12 ability to assert affirmative defenses or counterclaims in the Western District of Texas. *See e.g.*,
13 *Z-Line*, 218 F.R.D. at 667 (dismissing, rather than transferring, an anticipatory suit in favor of a
14 second-filed action).

### 2. Google's forum selection clauses are irrelevant.

16  As explained in Sonos's opening brief, Google's choice of forum for its anticipatory suit
17 is not entitled to deference, and Sonos (as the true plaintiff) has chosen a different forum. Mot. at
18 10. In an attempt to argue that its choice of forum is entitled to deference, Google points to forum
19 selection clauses in prior agreements between the parties. Opp. at 4-5, 12-13. These agreements
20 have nothing to do with the facts of this case and Google *admits* that the forum selection clauses
21 pertain only to disputes relating to their respective agreements. *Id.* at 5 n.1. Thus, those
22 agreements provide no support for the contention that this District is a more convenient district to
23 litigate this dispute. Google's reliance on *J3 Eng'g Grp., LLC v. Mack Indus. of Kalamazoo, LLC*
24 is thus not applicable, as the forum selection clause at issue there applied to the pending lawsuit,
25 not to an unrelated contract between the parties. 390 F. Supp. 3d 946, 952 (E.D. Wis. 2019).

### 3. This district is not more convenient for Google or its witnesses.

27  Google fails to show that the Northern District of California is more convenient for
28 witnesses. Google notes that witnesses deposed in the ITC action reside in this District. But what

1  Google fails to mention is that each of those depositions was performed virtually, based on the
2  parties' agreement in light of the pandemic. The inconvenience to these California-based
3  witnesses would be minimal regardless of whether this dispute proceeded in California or in
4  Texas because even if in-person depositions were to resume in time for this case, those
5  depositions could surely go forward in California.

6  The convenience of Google's own employees is also entitled to little weight. *See Rice-*
7  *Sherman v. Big Heart Pet Brands, Inc.*, No. 19-cv-03613-WHO, 2020 U.S. Dist. LEXIS 46197, at
8  *13 (N.D. Cal. Mar. 16, 2020) (explaining that the "convenience of a litigant's employee
9  witnesses [is] entitled to little weight because litigants are able to compel their employees to
10 testify at trial, regardless of forum"). And that's especially true here because, as Sonos noted in
11 its opening brief, Google has substantial offices in the Western District of Texas. Mot. at 11-12.

12 Google's presumably cherry-picked list of alleged third-party prior art witnesses is
13 entitled to even less weight. Opp. at 5-6. First, these prior art witnesses are not relevant to the
14 *current* dispute because Google has not brought a claim for declaratory judgment of invalidity.
15 Second, nothing about Google's list suggests an absence of potential prior art witness in the
16 Western District of Texas. Third, the likelihood that Google's identified prior-art witnesses will
17 testify at trial is minimal. *Synopsys Inc. v. Mentor Graphics Corp.*, No. C 12-5025 MMC, 2013
18 U.S. Dist. LEXIS 48544, at *15 (N.D. Cal. Apr. 3, 2013) (explaining that it would be "unlikely
19 [prior art] witnesses would be needed, even if a claim of invalidity is based on any such prior
20 art"). This is particularly true because the references that Google identifies are not systems or
21 products, but patents and published applications. Opp. at 5-6. The testimony of their
22 inventors/authors is very unlikely to be relevant, because "[t]he principal evidentiary value of the
23 patents and printed publications that are the subjects of their proposed testimony lies in the
24 content of the patents and publications themselves." *TQP Dev., LLC v. Twitter, Inc.*, No. 2:12-
25 CV-503-JRG-RSP, 2013 U.S. Dist. LEXIS 140867, at *11 (E.D. Tex. Sep. 29, 2013).

26 Google also fails to establish that its Austin office is irrelevant to this dispute. Google
27 exalts form over substance, claiming that the term "Google Cloud Platform" has specific meaning
28 in Google's branding that refers to "an enterprise product that Google sells to other businesses"

- 8 -    REPLY BRIEF ISO MOTION TO DISMISS
        OR TRANSFER
        Case No. 3:20-CV-6754

4130-6793-0664.8

which is "not relevant to this case." Opp. at 15-16. Even if semantically accurate, Google's documents make clear that the Google Cloud Platform uses the same cloud infrastructure that Google deploys for its own products. For example, on Google's website promoting Google Cloud, Google explains that Cloud uses "the same network that powers products like Gmail, Google Search, and YouTube" and boasts that Cloud traffic "stays on Google's private backbone for most of its journey." *See* Google Cloud infrastructure page, https://cloud.google.com/infrastructure (last visited Nov. 2, 2020). And Google also markets its cloud as providing an IoT (Internet of Things) platform for enterprises, much like the IoT devices accused in this case. Google Cloud IoT page, https://cloud.google.com/solutions/iot (last visited Nov. 2, 2020). As explained in Sonos's motion, several of the asserted patents implicate this cloud infrastructure, that technology is part of what the Austin office does and nothing about those facts turns on Google's branding practices. Mot. at 11-12.[3]

Google also fails to distinguish *Hammond Dev. Int'l Inc. Google LLC.*, which involved many of the same products accused here. No. 1:20-cv-00342-ADA, 2020 U.S. Dist. LEXIS 110984, at *5-16 (W.D. Tex. June 24, 2020). Google suggests that *Hammond* would have been decided differently in light of the Federal Circuit's pronouncement in *In re Adobe Inc.* that "[n]othing about the court's general ability to set a schedule directly speaks to [the issue of docket congestion]." 823 F. App'x 929, 932 (Fed. Cir. 2020). But in *Hammond*, the court did not find its ability to set a fast schedule to be dispositive. Rather, the *Hammond* court noted that time-to-trial statistics showed that the Western District of Texas had a 25% faster time to trial than this District. 2020 U.S. Dist. LEXIS 110984, at *14. And the *Hammond* court properly balanced this

---

[3] In a footnote, Google also mischaracterizes Sonos's position regarding Google's existing litigations in the Western District of Texas. Opp. at 13 n.4. As explained in Sonos's brief, the fact that Google is presently litigating so many cases in the Western District of Texas shows that it is unlikely to be inconvenient for Google, and that any marginal additional inconvenience from this case will be minimal. Mot. at 12. Neither of the cases that Google cites negate this argument. Both *In re Genentech, Inc.*, 566 F.3d 1338, 1346 (Fed. Cir. 2009) and *Genentech, Inc. v. Amgen Inc.*, No. 17-1407-GMS, 2018 U.S. Dist. LEXIS 9544, at *13 (D. Del. Jan. 22, 2018) held that *prior* litigation in a forum was not relevant. But neither case requires the Court to ignore the reality that Google's claim of inconvenience is undermined by the fact that it is *presently* litigating multiple cases in the Western District of Texas.

1  factor against the others to ultimately find that the same types of evidence that Google submits
2  here did not tip the balance. *Id.* at *7-13.

### 4. It is not any easier to access evidence in this district.

There is no merit to Google's claim that it will be easier to access evidence if this dispute remains in the Northern District of California. Evidence in this case will be accessed like it is in nearly every other patent case. The parties' lawyers will work with their clients to gather relevant documents—almost certainly in electronic form—and those documents will be delivered to the opposing party for review. Relevant source code will be produced (likely at each law firm's office) for expert witnesses to review.[4] This is the way discovery is conducted in modern patent litigation, and how it has been done in the other existing disputes between Sonos and Google. Indeed, the Court may wish to note that (i) Google has nine patent lawsuits pending in Western Texas, (ii) Google's 2020 mission statement is "to organize the world's information and make it universally accessible," (iii) Google has a substantial presence in Austin, Texas in which relevant information is presumably accessible, and (iv) in Google's offensive suit against Sonos *in this district*, Google is largely choosing to use lawyers based out of Chicago. *See* Google's Our Mission page, https://www.google.com/search/howsearchworks/mission/ (last visited Nov. 2, 2020). Thus, the Court may conclude that Google dost protest too much when it suggests that either party will have better access to evidence if the case is kept here. Indeed, courts in this District have previously found that this factor is neutral where documents can easily be accessed in any district. *See Finjan, Inc. v. Sophos Inc.*, No. 14-cv-01197-WHO, 2014 U.S. Dist. LEXIS 84578, at *18 (N.D. Cal. June 20, 2014) ("The ease of access to evidence is neutral because much of the evidence in this case will be electronic documents, which are relatively easy to obtain in any district.").

---

[4] In the pending ITC investigation, the fact that the ITC is located in Washington, DC has not affected the location or manner of discovery. In the other *Google v. Sonos* case pending in this District, Google has inquired about the possibility that Sonos produce its source code in San Francisco, Boston, and Los Angeles, demonstrating that Google acknowledges the venue of the litigation is immaterial to the location of source code production.

### 5.    The public interest factors favor the Western District of Texas.

Google also cannot show that the public interest factors demonstrate this forum is more convenient.  Regarding the Western District of Texas's demonstrably faster time to trial (*see* Mot. at 13-14; *Hammond*, 2020 U.S. Dist. LEXIS 110984, at *14), Google's only retort is to point out that there is already a case management conference scheduled in this case, but not in Texas.  Of course, in this case, Sonos has responded to the complaint expeditiously whereas Google sought a 45-day extension in Western Texas – at least in part because it purportedly didn't have a legal team organized to litigate the case.  ECF No. 11-1, Caridis Decl., Ex. Z.

In any event, the speed with which a case holds its initial case management conference says next-to-nothing about the speed with which it will proceed to trial, and does not come close to rebutting the fact that, as explained in Sonos's opening brief, this factor heavily favors Texas.[5]  Mot. at 13-14.

Likewise, the difference in local interest between the two venues is negligible.  "Google is a large employer in both the NDCA and the WDTX, so both districts have a significant interest in this case." *Hammond*, 2020 U.S. Dist. LEXIS 110984, at *15-16.  Google has customers in both districts, and the accused products are sold and used in both districts.  Given Google's fame and international reach, it is unlikely that the local population of either district has a particularly strong interest in this litigation.  Put differently, because nothing about "*this* controversy is somehow localized to this District," the factor is negligible. *Glaxo Grp. Ltd. v. Genentech, Inc.*, No. C 10-00675 JSW, 2010 U.S. Dist. LEXIS 46440, at *14 (N.D. Cal. Apr. 12, 2010).

\*    \*    \*

In sum, Google's opposition fails to show that the Northern District of California is more convenient and doesn't come close to showing that it is more convenient to a degree that justifies Google's anticipatory, bad-faith filing.  The Court should decline to apply the first-to-file rule and

---

[5] Google also does not address the "opportunities to consolidation" factor, and therefore apparently concedes that it is neutral.  Since Sonos filed its original brief, Google's attempt to have this case related to its pending patent infringement case against Sonos was denied, confirming that the two disputes present no opportunity for consolidation.  Related Case Order, ECF No. 15.

dismiss or transfer this case in favor of Sonos's action in the Western District of Texas.

### D. Google's Complaint is facially inadequate.

As explained in Sonos's original brief, Google's complaint denies infringement by parroting the language of the asserted claims. In *Comcast Cable Commc'ns, LLC v. OpenTV, Inc.*, this Court squarely addressed the standard for pleading claims for declaratory judgment of non-infringement, and properly held that the Supreme Court's *Twombly/Iqbal* standard requires "factual allegations showing *how* each accused product or service specifically does not meet at least one claim limitation." 319 F.R.D. 269, 273 (N.D. Cal. Mar. 13, 2017). Google appears to acknowledge that it has failed to comply with this standard and offers no persuasive reasons as to why its complaint should not therefore be dismissed.

Google suggests that its obligation to comply with pleading standards is somehow excused because Sonos has knowledge of its own infringement claims. Opp. at 22-23. This notice-based argument makes no sense. Sonos knows why it believes Google infringes Sonos' patents and spelled out those facts in its 88-page complaint filed in the Western District of Texas. But here, Google is asserting noninfringement claims, and Sonos does not have any notice as to what facts led Google to believe that it is entitled to declaratory judgment of noninfringement. Indeed, the very fact that Google feels it is appropriate to suggest that it need not plead any facts supporting non-infringement undermines Google's assertion that it performed an adequate pre-filing investigation.

Unsurprisingly, none of Google's case law supports the notion that a claim for declaratory judgment of noninfringement can be pled without facts tending to show noninfringement. Instead, the cases Google cites apply a pleading standard that has since been abrogated. Specifically, in both *Evolve Techs., LLC v. Coil Winding Specialist, Inc.*, No. 3:18-cv-00671BEN-BGS, 2019 U.S. Dist. LEXIS 52152, at *4 (S.D. Cal. Mar. 27, 2019) and *MIS Scis. Corp. v. RPost Communs. Ltd.*, No. 14-cv-00376-VC, 2016 U.S. Dist. LEXIS 70892, at *2 (N.D. Cal. May 18, 2016), the courts permitted declaratory judgment claims that lacked supporting facts and merely identified the general category of accused products. Both cases found justification for this bare-bone pleading style in this District's earlier decision in *Infineon Techs. AG v. Volterra*

- 12 -

REPLY BRIEF ISO MOTION TO DISMISS
OR TRANSFER
Case No. 3:20-CV-6754

*Semiconductor Corp.*, No. C-11-6239 MMC, 2012 U.S. Dist. LEXIS 169959, at *6 (N.D. Cal. Nov. 29, 2012). *Infineon*, however, derived this "identify a general category of products" standard from the then-existing pleading Form 18 in the Federal Rules of Civil Procedure. But, as this Court explained in *Comcast*, Form 18 was abrogated in 2015, and the *Twombly/Iqbal* standard now applies instead. 319 F.R.D. at 271-72. The standard that Google seeks to advance is simply no longer the law.[6]

And nothing about the Federal Circuit's decision in *Disc Disease Solutions Inc. v. VGH Solutions, Inc.* suggests otherwise. 888 F.3d 1256, 1260 (Fed. Cir. 2018). In that case, the Federal Circuit found somewhat bare allegations of infringement were sufficient, but based that holding on the fact that (1) the case "involve[d] a simple technology" and (2) photos of the product packaging were attached as exhibits. *Id.* These factors together "allow[ed] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This holding provides no support for Google's complaint, which involves complicated technology, includes no images, and provides only bare legal conclusions. A review of Google's complaint provides neither notice of, nor a basis to derive an inference regarding Google's noninfringement positions.

Finally, as explained in Sonos's opening brief, the Court should dismiss Google's complaint and withhold leave to amend in order to avoid rewarding Google's gamesmanship. Mot. at 16. Google acknowledges that the liberal standard for allowing amendment "shall be freely given when justice so requires." *See, e.g.*, Opp. at 24 (quoting *Maranon v. Santa Clara Stadium Auth.*, No. 15-CV-04709-BLF, 2018 WL 3932490, at *2 (N.D. Cal. Aug. 16, 2018)). But this is not a situation where "justice so requires." To the contrary, courts have recognized that leave to amend can be withheld in cases of bad faith. *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989). As one district court noted, "[i]t would be inherently inequitable to allow a party to race to the courthouse with an improper declaratory action, and yet retain that forum by later amending its complaint." *J.M. Smucker Co. v. Promotion in Motion,*

---

[6] Google's pre-2015 out-of-district cases offered in support of its outdated pleading theory can be disregarded for this same reason.

- 13 -

REPLY BRIEF ISO MOTION TO DISMISS OR TRANSFER
Case No. 3:20-CV-6754

4130-6793-0664.8

*Inc.*, 420 F. Supp. 3d 646, 665 n.13 (N.D. Ohio 2019). And as this Court explained in *Comcast*, if a plaintiff seeks "to anchor the entire controversy in this district, then it should have, as an initial matter, properly pled its own complaint here." 319 F.R.D. at 277.

### III.  CONCLUSION

For the foregoing reasons, this case should be dismissed in favor of or be transferred to the Western District of Texas.

Dated:  November 2, 2020          Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP


By: */s/ Clement S. Roberts*
Clement S. Roberts
Attorneys for Defendant SONOS, INC.