UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GOOGLE LLC,

        Plaintiff,

v.

SONOS, INC.,

        Defendant.

No. C 20-06754 WHA

**ORDER RE SEALING**

    Google seeks to seal portions of its opposition brief and accompanying exhibits in opposition to Sonos's motion to dismiss (Dkt. No. 27). Sonos has not filed a declaration in support of its own sealing interest as required by Local Rule 79-5(e)(1). Its interest in sealing is therefore denied as waived.

    There is a strong public policy in favor of openness in our court system and the public is entitled to know to whom we are providing relief (or not). *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006). Generally, "a court may seal records only when it finds a compelling reason and articulates the factual basis for its ruling, without relying on hypothesis or conjecture." A classic example of a compelling reason is "business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1096–97 (9th Cir. 2016) (quotations and citations omitted). "Supporting declarations may not rely on vague boilerplate language or nebulous assertions of potential harm but must explain with particularity why any document or portion thereof remains sealable under the applicable legal standard." *Bronson v. Samsung Electronics America, Inc.*, No. C 18-02300 WHA, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019) (citing Civ. L.R. 79-5).

    Google asks to seal two contracts between itself and Sonos along with the references to those agreements in its opposition brief. Google explains this information compromises future negotiations by displaying compromises it has made in other instances. This is an adequate explanation which warrants the sealing of Exhibits 15 and 16, the agreements in full.

However, Google excerpts the California-forum select clauses in its opposition for the purpose of rooting venue here (Dkt No. 27-4 at 5). It is unsurprising that Google would seek to negotiate home-court venue, undermining the assertion of harm from disclosure, and the public interest in the basis for this venue argument outweighs Google's minor sealing interest.

Google next seeks to seal information revealing the number of employees and ratio of its workforce at its Bay Area and Austin, Texas offices, explaining that competitors could use this information to focus their recruiting efforts. It is difficult to see how an adept recruiter would not already know that most Google employees work in the Bay Area and a much smaller amount work in Austin. Again, Google offers the specific breakdown of its workforce distribution to argue for venue in this district and the public interest in the basis for that argument outweighs Google's limited interest in confidentiality.

Google last seeks to seal the identities and non-public contact information of various individuals. It argues that disclosure of the identities and contact information would permit competing recruiters target such individuals. This order also notes that, at this stage of the litigation, such disclosure would likely unduly intrude into the privacy of such individuals. Google offers this information in support of its showing of *where* potentially relevant employees work. The identifying information does not directly play into the analysis and, thus, the public interest in disclosure is mild.

Google's motion to seal is **GRANTED IN PART**. The personally identifying information on page 15 of Google's brief, paragraphs six through twelve of the Friedland declaration, paragraph three of the Judah declaration, and exhibits thirteen, fourteen, fifteen, and sixteen may remain under seal (Dkt. Nos. 27-4 at 20; 27-6 at ¶¶ 6–12; 27-8 at ¶ 3, 27-10; 27-12; 27-13; 27-14). The remainder of Google's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 24, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2