QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  Jordan Jaffe (Bar No. 254886)
  jordanjaffe@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:      (415) 875-6700

Attorneys for GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>     Plaintiff,<br><br>     vs.<br><br>SONOS, INC.,<br><br>     Defendants. | CASE NO. 3:20-cv-06754-WHA<br><br>**DECLARATION OF DANIEL S. FRIEDLAND IN SUPPORT OF GOOGLE LLC'S OPPOSITION TO SONOS, INC.'S MOTION TO DISMISS OR TRANSFER TO THE WESTERN DISTRICT OF TEXAS** |

I, Daniel Friedland, declare and state as follows:

1. I am a People Analytics Manager at Google LLC ("Google"). I have been a Google employee since 2016. I live and work in the San Francisco Bay Area. If called as a witness, I could and would testify competently to the information contained herein.

2. Google has been headquartered in Northern California since its founding in 1998. It is currently headquartered in Mountain View, California, which is located in the Northern District of California.

3. Google's Mountain View headquarters, which includes offices in neighboring Sunnyvale (collectively referred to as "Mountain View"), is the strategic center of Google's business. As of September 2020, the Mountain View headquarters housed approximately 39,568 employees, the largest location for Google's U.S. employees. As of September 2020, Google also had approximately 10,298 other employees in San Francisco, California and other smaller offices also within the Northern District of California. As of September 2020, approximately 60.2% of Google's approximately 82,796 total U.S. employees, including engineers, product managers, marketers, executives, and staff, are based in the Northern District of California.

4. As of September 2020, Google had approximately 1,519 employees in Austin, Texas, comprising approximately 1.8% of Google's approximately 82,796 total U.S. employees.

5. I understand that the accused functionalities in this litigation include (1) casting playback of Google Play Music, YouTube Music, or YouTube from a device to a Cast receiver, (2) creating and managing speaker groupings for media playback, and (3) certain aspects of Google's Room EQ feature (collectively, the "Accused Functionalities"). I have made efforts to identify the persons with relevant knowledge regarding these functionalities as they relate to the accused products in this case, which I understand include Chromecast, Chromecast Ultra, Chromecast Audio, Chromecast with Google TV, Home Mini, Nest Mini, Home, Home Max,

Home Hub, Nest Hub, Nest Hub Max, Nest Audio, and Nest Wifi Point in conjunction with the Google Play Music app, YouTube app, YouTube Music app and Google's Pixel phones, tablets, and laptops.

6. With respect to casting playback of queues from a device to a Cast receiver for Google Play Music, I understand that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ two technical leads for this project at different points in time, are both based in the San Francisco Bay Area. Neither ▇▇▇▇ nor ▇▇▇▇ recall anyone from Google's Texas office working on the design and development of this functionality.

7. With respect to casting playback of queues from a device to a Cast receiver for YouTube Music and YouTube, I understand that ▇▇▇▇▇ a technical lead for this project, is based in the San Francisco Bay Area. ▇▇▇▇ does not recall anyone from Google's Texas office working on the design and development of this functionality.

8. I understand that ▇▇▇▇▇▇▇▇ the technical lead on the Cast SDK, which is used by Google Play Music, YouTube Music and YouTube, is based in the San Francisco Bay Area.

9. With respect to creating and managing speaker groupings for media playback, I understand that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ the primary engineers on this project, are all based in the San Francisco Bay Area. They do not recall anyone from Google's Texas office working on the design and development of this functionality.

10. With respect to the Room EQ feature, I understand that ▇▇▇▇▇▇ the technical lead for this feature, is based in the San Francisco Bay Area. ▇▇▇▇ does not recall anyone from Google's Texas office working on the design and development of this functionality.

11. I understand that ▓▓▓▓▓ the product manager for the Room EQ and grouping functionality, is based in the San Francisco Bay Area. ▓▓▓▓▓ does not recall anyone from Google's Texas office working on the design and development of this functionality.

12. I understand that ▓▓▓▓▓, a Finance Director whose area of responsibility includes the Chromecast, Home, and Nest products, is based in the San Francisco Bay Area.

I declare under penalty of perjury that to the best of my knowledge the foregoing is true and correct. Executed on October 26, 2020, in Oakland, CA.

DATED: October 26, 2020

By: _____
Daniel S. Friedland

## ATTESTATION

I, Charles K. Verhoeven, am the ECF user whose ID and password are being used to file the above Declaration. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Daniel S. Friedland has concurred in the aforementioned filing.

> /s/ Charles K. Verhoeven
> Charles K. Verhoeven