QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  Jordan Jaffe (Bar No. 254886)
  jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:   (415) 875-6600
Facsimile:   (415) 875-6700

Attorneys for Google LLC

CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
croberts@orrick.com
BAS DE BLANK (STATE BAR NO. 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (STATE BAR NO. 260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759

Attorneys for Defendant Sonos, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>    Plaintiff,<br><br>  vs.<br><br>SONOS, INC.,<br><br>    Defendants. | CASE NO. 3:20-cv-06754-WHA<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:  June 24, 2021<br>Time:  11:00 a.m.<br>Ctrm:  Courtroom 12, 19th Floor<br>       450 Golden Gate Avenue,<br>       San Francisco, CA 94102<br>Judge: William H. Alsup<br><br><br>JURY TRIAL DEMANDED |

# INTRODUCTION

Pursuant to this Court's November 20, 2020 Order Staying Case (Dkt. 36), the Standing Order for All Judges of the Northern District of California, and Civil Local Rule 16-10, Plaintiff Google LLC ("Google") and Defendant Sonos, Inc. ("Sonos") submit this Joint Case Management Statement in advance of the Case Management Conference on June 24, 2021. In particular, the status of the parties' Western District of Texas case is detailed in Section IV(a) below.

## I.   JURISDICTION AND SERVICE

Google filed this action on September 28, 2020. Dkt. 1. This is a declaratory judgment action for non-infringement under the Declaratory Judgment Act, 8 U.S.C. § 2201, and under the patent laws of the United States, 35 U.S.C. §§ 1-390. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201(a). Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b). Sonos has been served.

## II.   FACTS

Google seeks a finding that its Chromecast, Chromecast Ultra, Chromecast Audio, Chromecast with Google TV, Home Mini, Nest Mini, Home, Home Max, Home Hub, Nest Hub, Nest Hub Max, Nest Audio, Nest Wifi Point, YouTube Music app, Google Play Music app, YouTube app, Google Home app, and "Pixel" phones, tablets, and laptops (collectively, "Google Accused Products") do not infringe United States Patent Nos. 9,967,615 ("the '615 patent"); 10,779,033 ("the '033 patent"); 9,344,206 ("the '206 patent"); 10,469,966 ("the '966 patent"); and 9,219,460 ("the '460 patent") (collectively, the "Patents-in- Suit").

The day after Google filed the instant case, Sonos filed a mirror-image patent infringement case in the Western District of Texas seeking a finding that the Google Accused Products infringe the '615 patent, the '033 patent, the '206 patent, the '966 patent, and the '460 patent. *Sonos, Inc. v. Google LLC*, No. 6:20-cv-00881-ADA ("Western District of Texas Action"). Sonos has since amended the complaint to add U.S. Patent No. 10,848,885 ("the '885 patent") and withdraw its

infringement claims concerning the '460 patent. Sonos has confirmed that it will not oppose Google's motion to amend to add the '885 patent to this case to the extent this case moves forward.

### III. DISPUTED LEGAL ISSUES

The Parties have identified the following principal issues currently in dispute:

1. Whether the Google Accused Products directly infringe one or more claims of each Patent-in-Suit under 35 U.S.C. § 271(a), and/or indirectly infringe one or more claims of each Patent-in-Suit under 35 U.S.C. §§ 271(b) or (c);

2. Whether this case is exceptional under 35 U.S.C. § 285, entitling the prevailing party to attorneys' fees.

### IV. MOTIONS

**(a) Pending Motions**

On October 12, 2020, Sonos moved to dismiss or transfer the instant case based on the anticipatory suit and bad faith exceptions to the first-to-file rule. Dkt. 11. Sonos also moved to dismiss Google's complaint under Rule 12(b)(6). *Id.* Google opposed Sonos's motion to dismiss or transfer on October 26, 2020. Dkt. 27-4. Sonos filed a reply in support of its motion on November 2, 2020. Dkt. 32. The hearing on this motion took place on November 19, 2020. Dkt. 26. The following day, the Court granted Sonos's 12(b)(6) motion and ordered Google to amend its complaint, which Google did on December 11, 2020. Dkt. 41. With respect to the remainder of Sonos's motion, the Court stayed this case pending the resolution of Google's motion to transfer venue of the Western District of Texas Action to this District. Dkt. 36.

Google filed its motion to transfer the Western District of Texas Action to this District on January 8, 2021. Google's motion to transfer is based on a mandatory forum selection clause that, according to Google, requires this case to be litigated in California, as well as the convenience factors under 28 U.S.C. § 1404(a). *Sonos, Inc. v. Google LLC*, No. 6:20-cv-00881-ADA, Dkt. 34 (Jan. 8, 2021). Consistent with that Court's local rules, and after conducting venue discovery, Sonos filed its opposition to Google's motion to transfer on June 15, 2021, and as of the date of

this statement, Google's reply brief is due June 25, 2021. *Sonos, Inc. v. Google LLC*, No. 6:20-cv-00881-ADA, Dkts. 63 (May 24, 2021), 67 (June 15, 2021). Judge Albright in the Western District indicated that it is the Court's "intent to address [Google's transfer motion] before the Markman hearing and requests that Google notify the court once the motion is ripe." *Sonos, Inc. v. Google LLC*, No. 6:20-cv-00881-ADA, Dkt. 45 (Feb. 1, 2021).

The parties are scheduled to complete claim construction briefing by June 29, 2021. *Sonos, Inc. v. Google LLC*, No. 6:20-cv-00881-ADA, Dkt. 62 (May 19, 2021). A *Markman* hearing has been set for July 15, 2021. *Id*.

**(b) Anticipated Motions**

Google and Sonos anticipate moving for summary judgment and may file other dispositive and non-dispositive motions as the case progresses. The parties anticipate filing a joint motion for a protective order governing the confidentiality of information and the review of source code in this matter, as well as a joint motion for an order governing the treatment of electronically stored information (ESI) in discovery.

V. **AMENDMENT OF PLEADINGS**

The Parties agree that the Parties may amend their pleadings, including the parties, claims or defenses, consistent with the Federal Rules of Civil Procedure or with leave of the Court upon a showing of good cause.

Pursuant to the Court's Order Staying Case (Dkt. 36), Google filed its Amended Complaint on December 11, 2020. As discussed above, Sonos has confirmed that it will not oppose Google's motion to amend to add the '885 patent to this case to the extent this case moves forward.

Sonos intends to serve a responsive pleading upon resolution of its pending motion to dismiss.

VI. **EVIDENCE PRESERVATION**

Each party has reviewed the ESI Guidelines and each party believes that it has taken appropriate and reasonable measures to preserve evidence relevant to each party's claims and defenses in this matter.

## VII. DISCLOSURES

The Parties served initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A) on November 12, 2020.

## VIII. DISCOVERY

The parties have not served any discovery yet.

### A. **Changes to the timing, form, or requirement for disclosures (Fed. R. Civ. P. 26(f)(3)(A))**

The Parties served initial disclosures on November 12, 2020.  The Parties did not change the form or requirement for such disclosures.

### B. **The subjects on which discovery may be needed (Fed. R. Civ. P. 26(f)(3)(B))**

The parties anticipate that the scope of discovery will encompass the factual and legal issues identified in Sections II and III above, and the requested relief discussed in Section XI below, including related and subsidiary factual and legal issues and matters.

The Parties reserve the right to amend the subjects for discovery that may be sought pending further discovery in this matter.

### C. **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced (Fed. R. Civ. P. 26(f)(3)(C))**

The Parties anticipate presenting an ESI order to the Court to govern the discovery of electronically stored information.  The parties will exchange draft proposed ESI orders and will present agreed-on terms to the Court, along with any points of disagreement requiring the Court's guidance.

### D. **Any issues about claims of privilege or of protection as trial-preparation materials (Fed. R. Civ. P. 26(f)(3)(D))**

The Parties agree that absent a specific showing of need, documents created on or after Jan. 7, 2020 that are subject to a claim of attorney-client privilege, work product immunity, or any other privilege or immunity do not need to be included in the Parties' privilege logs.  Subject to the foregoing, the parties agree that issues of privilege or work product shall be addressed as provided in the Federal Rules of Civil Procedure, Federal Rule of Evidence 502 and the Protective Order and/or ESI Order to be entered in this action.

> **E.** **Changes that should be made to the limitations on discovery (Fed. R. Civ. P. 26(f)(3)(E))**

To the extent not limited below, and unless otherwise agreed to by the parties, the parties agree that discovery is subject to the limitations set forth in the Federal Rules of Civil Procedure, Local Rules of this Court and the ESI Order and Protective Order to be entered in this action. If a party requests discovery that exceeds any of the limitations set forth below, the parties agree to meet and confer in good faith to attempt to resolve the issue without intervention of the Court. If the parties are unable to reach agreement, a party may seek leave from the Court for the additional discovery.

The Parties agree to serve interrogatories, document requests, deposition notices, requests for admission, and responses thereto, on each other via email.  The Parties further agree that service of a complete copy of these documents via email on or before midnight Pacific time shall count as same-day service.

- **Interrogatories to Parties.**
    - The parties agree that the limitations of Federal Rule of Civil Procedure 33 apply.
- **Requests for Admission**
    - The parties agree that each side may serve up to 50 Requests for Admission. Requests for Admission related to the authentication of documents and public availability of prior art are exempt from this limitation.

- **Depositions**
  - The parties agree that each party is limited to 100 hours in its depositions of fact witnesses in this litigation, including individual and 30(b)(6) witnesses, and excluding expert depositions. Furthermore, either party may request additional hours for good cause. All other requirements of Federal Rule of Civil Procedure 30 apply.
    - Google's position is that the 100-hour limit should exclude third-party depositions. Google expects that there will be a significant number of third-party prior art depositions, and excluding third-party depositions from the hours cap imposes little burden on Sonos. Google will work with Sonos to schedule, to the extent possible, third-party depositions at mutually agreeable times and locations.
    - Sonos's position is that 100 deposition hours—inclusive of third parties—is more than what's allowed under the Federal Rules, sufficient in this case, *and mirrors what the parties agreed to in the Google v. Sonos case pending in this district*. 3:20-cv-03845-EMC at ECF 44. In that case, Google asserted five patents against Sonos. None of the patents shared a common specification. The parties there agreed to limit depositions to 100 hours, inclusive of third parties. This case involves five patents and three specifications. Google has provided no explanation why it should not abide by the limit the parties previously agreed to when Google's patents were at issue.

F.  **Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c)**

The Parties anticipate presenting a stipulated protective order governing the discovery of confidential information, including source code, to the Court.

G.     **Production of ESI**

The Parties met and conferred and anticipate presenting a stipulated protocol for ESI production to the Court.

IX.    **CLASS ACTIONS**

These matters are not class actions.

X.     **RELATED CASES**

The parties are engaged in other litigations at the United States International Trade Commission (Inv. No. 337-TA-1191) and in the Central District of California (2:20-cv-00169-JAK-DFM) (stayed pending resolution of the ITC litigation) (collectively, "*Sonos I*"), and in this District (3:20-cv-03845-EMC) ("*Sonos II*"). Two of the five patents at issue in this case come from the same family as patents at issue in *Sonos I*.

On October 20, 2020, Judge Chen denied Google's request to relate this case with *Sonos II*. The parties are also engaged in foreign litigation involving Google patents.

XI.    **RELIEF**

Google requests that the Court grant:

- Judgment in Google's favor against Sonos on all causes of action alleged in Google's Complaint (Dkt. 1);

- Judgment that this is an exceptional case under 35 U.S.C. § 285;

- Attorneys' fees and costs; and

- Such other and further relief as the Court may deem to be just and proper.

Sonos requests that the Court:

- Dismiss or transfer this lawsuit as an improper preemptory suit;

- Deny Google's declaratory judgment claims of direct and indirect noninfringement;

- Enter judgment in Sonos's favor and adverse to Google on all issues;
- Grant judgment that this is an exceptional case under 35 U.S.C. § 285;
- Award Sonos attorneys' fees and costs; and
- Grant Sonos such further and additional relief as the Court deems just and proper.

In addition, Sonos reserves the right to supplement its requested relief based on subsequent pleadings in this action, if any.

## XII. SETTLEMENT AND ADR

Per ADR L.R. 3-5, the Parties have discussed the selection of an ADR process and have certified that they intend to stipulate to an ADR process.

In connection with the Parties' pending litigation before the International Trade Commission, the Parties conducted a mediation on October 19, 2020 before the Honorable Layn Phillips. That mediation addressed the Parties' pending disputes, including the instant case. The Parties were unable to reach an agreement. The Parties propose scheduling additional mediation if necessary and appropriate after a claim construction order is issued in this case.

## XIII. CONSENT TO MAGISTRATE

The Parties do not consent to disposition of this case by a Magistrate Judge.

## XIV. OTHER REFERENCES

The Parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

The parties will continue to meet and confer on ways to potentially narrow the number of issues in dispute.

## XVI. EXPEDITED TRIAL PROCEDURES

This matter is not the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

## XVII. SCHEDULING

The Parties anticipate submitting a proposed schedule when and if this Court lifts the stay on this case.

## XVIII. TRIAL

Both Parties have requested trial by jury.

The parties' best estimate of the length of trial is approximately ten Court days for this trial, assuming each trial day starts at 7:30 a.m. and ends at 1:00 p.m. as noted in the Court's Guidelines for Trial and Final Pretrial Conference in Civil Jury Cases Before the Honorable William Alsup. The parties acknowledge that this may change depending on the nature of the defenses and counterclaims Sonos may bring in a responsive pleading pending the Court's ruling on Sonos's motion to dismiss or transfer.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Each party has filed the Certification of Interested Entities or Persons required by Civil Local Rule 3-15.

On September 28, 2020, Google filed its Certificate of Interested Parties and Entities pursuant to Civil Local Rule 3-15. Dkt. 3. Google stated, pursuant to Civil L.R. 3-15, that Google LLC, XXVI Holdings Inc. (holding company of Google LLC), and Alphabet Inc. (holding company of XXVI Holdings Inc.) either (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.

On October 12, 2020, Sonos filed its Certificate of Interested Entities. Sonos stated, "Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report." Dkt. 10.

## XX. PROFESSIONAL CONDUCT

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI. OTHER ISSUES

The Parties do not believe that any other issues are appropriate for inclusion in this Joint Case Management Statement.

## XXII. ADDITIONAL INFORMATION PURSUANT TO PATENT LOCAL RULE 2-1(B)

### A. Local Rules.

The Parties' proposed schedule is set forth in Section XVII, above.

### B. Scope and Timing of Any Claim Construction Discovery.

The Parties' proposed schedule set forth in Section XVII, above, includes a proposed deadline for claim construction discovery.

### C. Format of the Claim Construction Hearing.

The Parties propose that the Claim Construction Hearing consist of a three-hour presentation, with 90 minutes allotted to Google and 90 minutes allotted to Sonos.

### D. How the Parties Intend to Educate the Court on the Technology at Issue.

**Google's Position:** The Parties propose educating the Court on the technology at issue through a tutorial immediately preceding the Claim Construction Hearing. The Parties propose that the Court allow Google to make a presentation no longer than 45 minutes, followed by a presentation by Sonos of no longer than 45 minutes.

**Sonos's Position**: Sonos is happy to provide a technical tutorial if the Court thinks it will be useful, but leaves that determination to the Court. In the event the Court thinks tutorials would be useful, Sonos believes such tutorials should be submitted to the Court sufficiently in advance of any claim construction hearing to allow the Court an opportunity to review the tutorials prior to the hearing. Otherwise, Sonos is confident that the parties can explain any necessary technology in their respective claim construction briefing.

E.  **Non-Binding, Good-Faith Estimate of Damages Range.**

**Sonos's Position**: Sonos has not pled any affirmative claims in this case and thus has no estimate of a damages range at this time. If Sonos does file a responsive pleading, it will supplement its position as necessary.

II. **ADDITIONAL INFORMATION PURSUANT TO THE SUPPLEMENTAL ORDER TO ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE IN CIVIL CASES BEFORE JUDGE WILLIAM ALSUP**

A.  **Opportunities For Junior Lawyers**

**Google's Position**:  Google plans to provide opportunities for junior lawyers working on this matter to argue discovery-related motions and portions of claim construction motions; to take or defend depositions of witnesses; and to examine witnesses at trial.  Specifically, Google intends to provide such opportunities for associate Jocelyn Ma (class of 2017) and Anne-Raphaëlle Aubry (class of 2017).

**Sonos's Position**: Sonos intends to provide opportunities for junior lawyers, including at least Kristina McKenna (class of 2016, with less than two years in private practice), to argue motions in court, to take or defend depositions, and to participate actively at trial.

| | |
|---|---|
| Dated: June 17, 2021 | Respectfully submitted, |
| */s/ Charles K. Verhoeven* | */s/ Alyssa Caridis* |
| Attorneys for GOOGLE LLC | Attorneys for SONOS INC. |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| *Counsel for Plaintiff Google LLC.* | *Counsel for Defendant Sonos Inc.* |

**ECF ATTESTATION**

I, Charles K. Verhoeven, am the ECF User whose ID and password are being used to file this JOINT CASE MANAGEMENT STATEMENT. In compliance with General Order 45, X.B., I hereby attest that Alyssa Caridis, counsel for Sonos, has concurred in this filing.

Dated: June 17, 2021

Charles K. Verhoeven
QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By:   */s/ Charles K. Verhoeven*
　　　　Charles K. Verhoeven