CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
croberts@orrick.com
BAS DE BLANK (STATE BAR NO. 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (STATE BAR NO. 260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:    +1 415 773 5700
Facsimile:     +1 415 773 5759

*Attorneys for Defendant Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| GOOGLE LLC,<br><br>                    Plaintiff,<br><br>           v.<br><br>SONOS, INC.,<br><br>                    Defendant. | Case No. 3:20-cv-06754-WHA<br><br>**DEFENDANT SONOS, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 3-12**<br><br>Complaint Filed:  September 28, 2020<br>Trial Date:  None Set |
|---|---|

PLEASE TAKE NOTICE THAT, pursuant to Civil Local Rules 3-12 and 7-11, Defendant Sonos, Inc. ("Sonos") hereby requests that the Court make a determination that a case just transferred to this District, *Sonos, Inc. v. Google LLC*, Case No. 4:21-cv-07559-KAW ("Sonos v. Google Action"), is related to the above-captioned case, *Google LLC v. Sonos, Inc.*, Case No. 3:20-cv-06754-WHA ("Google/Sonos DJ").  Google LLC ("Google") does not oppose this request.

# I. ACTION REQUESTED

An order pursuant to Civil L.R. 3-12 relating the Sonos v. Google Action to the Google/Sonos DJ.

# II. BACKGROUND

### A. *Google/Sonos DJ*

On September 28, 2020, Google filed a complaint against Sonos in the Northern District of California, requesting a declaration of noninfringement of five Sonos patents.  *Google LLC v. Sonos, Inc.*, Case No. 3:20-cv-06754, Dkt. 1.  Google filed its complaint within hours of being informed by Sonos that Sonos intended to file suit for infringement of these same patents on September 29, 2020, in the Western District of Texas.  *Id.*  The next day, Sonos filed its infringement complaint against Google in the Western District of Texas—just as it said it would.  *Sonos, Inc. v. Google LLC*, Case No. 6-20-cv-00881-ADA ("Western District of Texas Action").  On October 12, 2020, Sonos moved to stay or dismiss the Google/Sonos DJ due to Google's attempts to manipulate venue.  *Google LLC v. Sonos, Inc.*, Case No. 3:20-cv-06754, Dkt. 11.  On November 20, 2020, this Court stayed the Google/Sonos DJ so that Sonos could litigate its claims against Google in the Western District of Texas Action.  Dkt. 36.

The patents-at-issue in the Google/Sonos DJ relate to technologies for use in home audio network configurations, including technologies generally relating to: music playback in a network, music playback device management in a network, and dynamic sound equalization in an audio device.

### B. *Sonos v. Google Action*

Following the Google/Sonos DJ stay, the Western District of Texas Action proceeded—

1  for a time.  On January 8, 2021, Google moved to transfer the Western District of Texas Action to
2  the Northern District of California.  *Sonos, Inc. v. Google LLC*, No. 6:20-cv-00881-ADA, Dkt.
3  34.  That motion was denied.  Dkt. 97.  Google then filed a writ of mandamus on the transfer
4  order.  *In re: Google LLC,* Case No. 2021-170.  On September 27, 2021, the Federal Circuit
5  granted mandamus.  The next day, the Western District of Texas Action was transferred to the
6  Northern District of California.  The case is currently pending before Magistrate Judge Westmore.
7  *Sonos, Inc. v. Google LLC,* Case No. 21-cv-7559.

   The patents-at-issue in the Sonos v. Google Action relate to the same home audio network
9  products and technologies as in the Google/Sonos DJ.

10  **III.     ARGUMENT**

11   Civil Local Rule 3-12(a) provides that "[a]n action is related to another when: (1) [t]he
12  actions concern substantially the same parties, property, transaction or event; and (2) [i]t appears
13  likely that there will be an unduly burdensome duplication of labor and expense or conflicting
14  results if the cases are conducted before different Judges."

15       **A.     *The Google/Sonos DJ and Sonos v. Google Action Involve Substantially the
16              Same Parties, Patents, Legal Issues, and Transactions.***

17   Both the Google/Sonos DJ and the Sonos v. Google Action feature the same two litigants:
18  Google and Sonos.  No other party is named.  The two cases also involve the same federal
19  statutes under the patent laws of the United States, 35 U.S.C. § 1-390.

20   Most importantly, however, the two cases involve substantially the same patents, legal
21  issues, and transactions.  In the Google/Sonos DJ, Google seeks a finding that various Google
22  products do not infringe United States Patent Nos. 9,967,615 ("the '615 patent"); 10,779,033
23  ("the '033 patent"); 9,344,206 ("the '206 patent"); 10,469,966 ("the '966 patent"); and 9,219,460
24  ("the '460 patent").  Four of these five patents are also at issue in the Sonos v. Google Action.  In
25  fact, the original complaint that Sonos filed in the Western District of Texas Action sought a
26  finding that the same Google products at issue in the Google/Sonos DJ infringed all five of the
27  patents at issue: the '615 patent, the '033 patent, the '206 patent, the '966 patent, and the '460
28  patent.  *Sonos, Inc. v. Google LLC*, No. 6:20-cv-00881-ADA, Dkt. 1.  Sonos later amended its

1  complaint in the Western District of Texas Action to add U.S. Patent No. 10,848,885 ("the '855
2  patent") and withdraw its infringement claims concerning the '460 patent.  At the time that it
3  amended the complaint, Sonos confirmed to Google that it would not oppose Google amending
4  its complaint in the Google/Sonos DJ matter so that the cases would have exactly the same
5  patents.  *See* Dkt. 48 at 1 (case management statement filed in the present action explaining that
6  Sonos will not oppose Google's motion to amend the '885 Patent to this case).

7     In sum: the Google/Sonos DJ action and the Sonos v. Google Action presently involve
8  four out of the five same patents at issue, the accused products are identical, and the parties have
9  already confirmed their intention to amend the operative pleading in this case so that there will be
10 a complete overlap of asserted patents.

   **B.   *Relating the Google/Sonos DJ and Sonos v. Google Action Will Conserve Judicial Resources and Avoid Inconsistent Results.***

13    This Court is currently presiding over the Google/Sonos DJ.  This Court has overseen
14 Sonos's Motion to Dismiss (Dkt. 11) and Google's submission of a First Amended Complaint
15 (Dkt. 41).  The Court is or will be familiar with the parties, the controversies, and the subject
16 matter at issue.

17    Given that substantial overlap between the parties and the subject matter at issue, relating
18 these cases will avoid the "unduly burdensome duplication of labor and expense" and the
19 prospect of "conflicting results" that would result from these cases proceeding before different
20 Judges.  L.R. 3-12(a)(2).

21 **IV.   CONCLUSION**

22    For the foregoing reasons, Sonos respectfully requests that the Sonos v. Google Action be
23 related to Google/Sonos DJ pursuant to Local Rule 3-12.

Dated:  October 5, 2021          Respectfully submitted,
                                 ORRICK, HERRINGTON & SUTCLIFFE LLP

                                 By:  /s/ *Alyssa M. Caridis*
                                      Alyssa M. Caridis
                                      Attorneys for Defendant SONOS, INC.