Cole B. Richter (*admitted pro hac*)
*richter@ls3ip.com*
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St, Floor 5W
Chicago, IL 60661
Tel: (312) 754-0002 -- Fax: (312) 754-0003

*Attorney for Sonos, Inc.*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE LLC,<br><br>    *Plaintiff*,<br><br>v.<br><br>SONOS, INC.,<br><br>    *Defendant*. | Case No. 3:20-cv-6754<br><br>**DEFENDANT SONOS, INC.'S MOTION FOR ISSUANCE OF LETTERS REQUEST TO SPOTIFY AB (SWEDEN)**<br><br>Date: December 2, 2021<br>Time: 8:00 a.m.<br>Place: Courtroom 12, 19th Floor<br>Judge: Honorable William Alsup |

PLEASE TAKE NOTICE THAT, pursuant to Civil Local Rule 7-11 and Federal Rules of Civil Procedure 28(b) and 34(c), Sonos, Inc. ("Sonos") respectfully requests that this Court issue a Letters Request, which is attached herewith as Appendix A, to the appropriate court in Stockholm, Sweden, as non-party Spotify AB has information concerning the operation of a product (namely, the Spotify mobile app) alleged to meet the elements of asserted claims of two patents in this case as well as information supporting Sonos's claim that Google has infringed these patents.

On December 2, 2021 or as soon thereafter as this matter can be heard before the Honorable Judge William Alsup in Courtroom 12, Ninth Floor, United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Sonos shall and hereby does move the Court, pursuant to 28 U.S.C. § 1781 and the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, to issue the accompanying Letter Rogatory, which seeks documents and testimony from Spotify AB that is highly relevant to issues in this litigation.

This Motion is based upon the following Memorandum of Points and Authorities and the proposed Letters Request filed herewith, and all the papers and pleadings on file in this action. Google LLC ("Google") confirmed that it will not oppose this Motion.

## I. MEMORANDUM OF POINTS AND AUTHORITIES

### A. Background of the Case

On September 28, 2020, Google filed a complaint against Sonos in the Northern District of California, requesting a declaration of noninfringement of five Sonos patents. *Google LLC v. Sonos, Inc.*, Case No. 3:20-cv-06754, Dkt. 1. Google filed its complaint within hours of being informed by Sonos that Sonos intended to file suit for infringement of these same patents on September 29, 2020, in the Western District of Texas. *Id.* The next day, Sonos filed its infringement complaint against Google in the Western District of Texas—just as it said it would. *Sonos, Inc. v. Google LLC*, Case No. 6-20-cv-00881-ADA ("Western District of Texas Action"). On October 12, 2020, Sonos moved to stay or dismiss the Google/Sonos DJ due to Google's attempts to manipulate venue. *Google LLC v. Sonos, Inc.*, Case No. 3:20-cv-06754, Dkt. 11. On November 20, 2020, this Court stayed the Google/Sonos DJ so that Sonos could litigate its claims against Google in the Western District of Texas Action. Dkt. 36.

Following the Google/Sonos DJ stay, the Western District of Texas Action proceeded—for a time. On January 8, 2021, Google moved to transfer the Western District of Texas Action to the Northern District of California. *Sonos, Inc. v. Google LLC*, No. 6:20-cv-00881-ADA, Dkt. 34. That motion was denied. Dkt. 97. Google then filed a writ of mandamus on the transfer order. *In re: Google LLC,* Case No. 2021-144. On September 27, 2021, the Federal Circuit granted mandamus. The next day, the Western District of Texas Action was transferred to the Northern District of California. The transferred case was pending before Magistrate Judge Westmore. *Sonos, Inc. v. Google LLC,* Case No. 21-cv-7559. On October 8, 2021, this Court granted Sonos's motion to relate the -7559 case to the present case. Dkt. 64. On October 8, 2021, this Court also entered an order pursuant to the Court's Patent Showdown Procedure, setting trial to begin shortly after June 9, 2022. Dkt. 68.

### B. The Relevant Facts and Witnesses

Sonos contends that Google has infringed four patents directed to technology for use in home audio network configurations, including technologies relating to arrangement and configuration of networked playback devices in a networked home playback system, and the

transfer and control of music playback between multiple networked devices. Specifically, Sonos contends Google infringes Sonos Patent Nos. 9,967,615 (the "'615 Patent"), 10,779,033 (the "'033 Patent"), 10,469,966 (the "'966 Patent"), and 10,848,885 ("the '885 Patent").

In its infringement contentions (which were served on September 10, 2021 while the case was pending in the Western District of Texas), Sonos alleged, *inter alia*, that computing devices installed with the Spotify app meet the elements of the asserted claims of the '615 Patent and '033 Patent, and accused Google of infringing these patents by, *inter alia*:

- inducing users to install the Spotify app onto computing devices as well as use computing devices installed with the Spotify app;

- hosting on Google Cloud Platform servers the back-end Spotify software that facilitates users' use of the relevant features of the Spotify app; and

- supplying software components to Spotify[1] that enable users to engage in the relevant functionality with the intent that Spotify incorporate these software components into the Spotify app.

Ex. A. Sonos further stated that in order to fully and accurately describe every infringing functionality in Google products and Spotify's products, an analysis of Spotify's documents and source code would be necessary. Ex. A (Sonos's Final Infringement Contentions at 2).

Sonos has attempted to obtain this information without resorting to a Letters Request. For instance, Sonos presumes that Google itself has (i) information sufficient to show what source code or other software components it provided to Spotify or helped Spotify produce, and (ii) information sufficient to explain how the relevant Spotify features function with Google media players.[2, 3] Google has so far refused to provide this information. On September 23, Sonos raised this failure with Google. Ex. B (9/23 Richter Letter to Jaffe) at 1, 10. Google has not responded to this either.

Sonos has also attempted to obtain this information from Spotify's United States entity,

---

[1] Including supplying such software components from the United States in violation of 35 U.S.C. §271(f)(1) and (f)(2).
[2] *See* Ex. D, Sonos's RFP Nos. 1, 2, 17, 24, 27.
[3] *See* Ex. E, Sonos's Interrogatory Nos. 14, 15, and 16.

SONOS, INC.'S MOT. FOR
ISSUANCE OF LETTERS ROGATORY
TO SPOTIFY AB (SWEDEN)
CASE NO. 3:20-CV-6754

Spotify USA, which is headquartered in New York. On August 30, 2021, Sonos served on Spotify USA Inc. (i) a Subpoena for Production of Documents and (ii) a Subpoena to Testify at a Deposition. Ex. C. On October 12, 2021, Spotify USA served its Objections and Responses to Sonos's subpoenas. In its Objections and Responses, Spotify USA provided a myriad of objections and indicated for each request that it would not produce any documents, nor would it make any witnesses available for deposition. Exs. I and J. Notwithstanding Spotify USA's refusal to produce any documents and make witnesses available for deposition, Spotify USA's counsel has indicated that its parent company, Spotify AB is likely the entity in possession of the information Sonos seeks and specifically requested that Sonos proceed with a Letters Request through The Hague.[4]

Faced with no other foreseeable option and time running short, Sonos now seeks evidence from Spotify AB that would show how the relevant functionality of the Spotify App operates and would support Sonos's allegations of Google's infringement.

### C. The Conduct of Depositions

If acceptable to this Court and to the Swedish authorities: (1) Spotify AB will identify individuals with relevant information to sit for deposition to address the deposition topics provided as Exhibit G for no longer than seven total hours; and (2) Counsel for Sonos and Google shall conduct themselves consistent with the Federal Rules of Civil Procedure of the United States, as well as the Local Rules and Standing Orders governing the above-captioned case.

### D. The Documents Provided

If acceptable to this Court and to the Swedish authorities: (1) Spotify AB will provide all documents and things requested in Exhibit H; and (2) Counsel for Sonos and Google will treat any provided documents and things consistent with the Federal Rules of Civil Procedure of the United States, as well as any Local Rules and Standing Orders governing the above-captioned case.

---

[4] *See* Ex. F at 1 (October 1, 2021 email exchange between Mr. Cole Richter and Mr. Zachary Piccolomini).

### E. The Availability of the Witnesses

Sonos expects each of the one or more of the witnesses identified by Spotify AB to be in either Sweden or the United States. Sonos will continue to confer with counsel for Spotify USA Inc. to ascertain the identity and location of relevant witnesses to Sonos's requests.

### F. Legal Standard

A letter rogatory is a formal written request sent by a court to a foreign court asking that the testimony of a witness residing within that foreign court's jurisdiction be taken pursuant to the direction of that foreign court and transmitted to the requesting court for use in a pending action. *Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129 (3rd Cir. 1983); 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2083 (3d ed. 2010). A letter rogatory can also include requests for the production of documents. *See United States v. Reagan*, 453 F.2d 165, 168 (6th Cir. 1971) (affirming district court's issuance of letters rogatory seeking documents relating to an investigation conducted by German authorities). Rule 28(b)(2) provides that a deposition may be taken in a foreign country "under a letter of request, whether or not captioned a 'letter rogatory.'"

A district court has inherent authority to issue letters rogatory. *See Reagan*, 453 F.2d at 172; *United States v. Staples*, 256 F.2d 290, 292 (9th Cir. 1958). The court also has discretion to decide whether to issue letters rogatory. *See United States v. Mason*, 919 F.2d 139, 1990WL 185894, *3 (4th Cir. Nov. 29, 1990) (unpublished per curiam decision). When determining whether to exercise its discretion, a court will generally not weigh the evidence sought from the discovery request, nor will it attempt to predict whether that evidence will actually be obtained. *Asis Internet Services v. Optin Global, Inc.*, No. C-05-05124 JCS, 2007 WL 1880369, at *3 (N.D. Cal. Jun 29, 2007) (citing *Sec. Ins. Co. of Hartford v. Trustmark Ins. Co.*, 218 F.R.D. 24, 27 (D. Conn. 2003); *DBMS Consultants Ltd. v. Computer Assocs. Int'l, Inc.*, 131 F.R.D. 367, 369 (D. Mass. 1990); and *B & L Drilling Elecs. v. Totco*, 87 F.R.D. 543, 545 (W.D. Okla. 1978)). The decision whether to issue a letter rogatory, however, does require an application of Rule 28(b) in light of the scope of discovery provided for by the Federal Rules of Civil Procedure. *See Evanston Ins. Co. v. OEA, Inc.*, No. CIV S-02-1505 DFL PAN, 2006 WL 1652315, at* 2 (stating

that Rule 28(b) "must be read together" with Rule 26(c) in determining whether to issue letter rogatory); see also *DBMS Consultants Ltd.*, 131 F.R.D. at 369-70; *B & L Drilling Elecs.*, 87 F.R.D. at 545.

### G. Discussion

The evidence Sonos seeks from non-party Sonos AB is relevant and discoverable under the standard set forth in Rule 26 because, as described above, it will provide information (i) describing the functionality of Spotify's app insofar as the app can be used to facilitate the transfer of media playback from a computing device running the Spotify app to a Google media player and (ii) information tending to establish Google's infringement as a result of engaging in at least the acts described above in Section I.B.

More particularly, Sonos contends that the '615 and '033 Patents are infringed by Google's "Pixel" smartphone, tablet, and computer devices (e.g., the Pixel, Pixel XL, Pixel 2, Pixel 2 XL, Pixel 3, Pixel 3 XL, Pixel 3a, Pixel 3a XL, Pixel 4, Pixel 4 XL, Pixel 4a, Pixel 4a (5G), Pixel 5, Pixel 5a (5G), and Pixel 6 phones, the Pixel Slate tablet, and the Pixelbook and Pixelbook Go laptops), as well as any third-party smartphone, tablet, or computer devices, that are installed with the Spotify app. In this respect, Sonos seeks information related to, among other things, how the Sonos app allows a user to transfer playback of streaming media content from the user's smartphone, tablet, or computer devices to a Google media player and then control the Google media player's playback.

Such information is neither publicly available nor apparently available via party discovery. *See* Fed. R. Civ. P. 26(b)). Because, as explained above, both Google and Spotify have refused to provide any evidence relevant to Sonos's requests[5], and Spotify USA Inc. has intimated that Spotify AB is the likely entity with discoverable information[6], a Letters Request

---

[5] *See* Exs. D and E, Sonos's RFP Nos. 1, 2, 17, 24, 27, Sonos's Interrogatory Nos. 14-16; Exs. I and J, Spotify's Objections and Responses to Sonos's Subpoena to Produce Documents, Information, or Objects, Spotify's Objections and Responses to Sonos's Subpoena to Testify at a Deposition.

[6] *See* Ex. F at 1 (September 23, 2021 email exchange between Mr. Cole Richter and Mr. Zachary Piccolomini).

appears to be the only reasonably necessary and appropriate mechanism to obtain the information Sonos seeks.  Additionally, the witnesses should properly be required to provide documents and other evidence in their possession, custody or control consistent with Rule 34 of the Federal Rules of Civil Procedure.

For the avoidance of doubt, a Letters Request may properly issue notwithstanding the fact that Spotify USA has not responded to Sonos's Rule 45 subpoenas.  To date, Spotify USA has not provided any substantive responses to Sonos's discovery requests.  Thus, without this Letters Request, there appears to be no mechanism for Sonos to obtain the production of such evidence absent the assistance of the Swedish court upon a properly issued Letters Request. *See In re Air Cargo Shipping Servs. Antitrust Litig.*, 278 F.R.D. 51, No. 06 MD 1775, 2010 WL 1189341, at *2 (E.D.N.Y. Mar. 29, 2010) ("The mere fact [of] an alternative method for obtaining the documents is not proof that it is necessarily an effective, or efficient, method for doing so in this case."); *see also Gucci Am., Inc. v. Curveal Fashion*, 2010 WL 808639 at *5 (S.D.N.Y. Mar. 9, 2010) (issuing letters where "the only alternative means by which [the p]laintiffs might receive the bank records ... is the commencement of an action in Malaysian courts against [the defendant] and securing a judgment, in order to" obtain discovery).) Accordingly, the Letters Request should properly issue to ensure Sonos's ability to obtain the production of evidence with the assistance of the Swedish courts, if needed.

**II.    CONCLUSION**

Accordingly, Sonos requests that this Court issue the proposed Letters Request, two copies of each of which are submitted to the Court contemporaneously herewith, and that the Clerk of the Court affix the seal of this Court and return one original to counsel for Sonos, who shall be responsible for attaching true and accurate copies of the Letters Request to the appropriate judicial authority in Stockholm, Sweden. Sonos shall be responsible for payment of all charges and expenses associated with service of the Letter Rogatory and will prepay them, if necessary. Otherwise, Sonos shall reimburse this Court for any charges or expenses due to the appropriate judicial authority of Sweden.

Dated: October 13, 2021						LEE SULLIVAN SHEA & SMITH LLP

By: */s/ Cole B. Richter*
Cole B. Richter (*admitted pro hac*)

*Attorney for Sonos, Inc.*