# EXHIBIT H

## SCHEDULE A

Plaintiff Sonos, Inc. commands Spotify USA Inc. to produce the documents and things specified in the following requests by September 10, 2021, at 5:00 pm (or as agreed upon) at the offices of Sonos, Inc.'s counsel, Orrick, Herrington & Sutcliffe LLP, 51 W 52nd St., New York, NY 10019 (or as agreed upon).

## DEFINITIONS AND INSTRUCTIONS

For purposes of responding to these requests, the following definitions and instructions shall apply:

1.      The term "Spotify" shall mean Spotify USA Inc., any company name under which Spotify is doing business; and its predecessors, parents, subsidiaries, divisions, licensees, franchisees, assigns or other related business entities, as well as directors, officers, employees, agents, distributors, jobbers, salespersons, sales representatives, and each person acting or purporting to act on its or their behalf or under its or their control, including but not limited to any observers, stringers, and/or reporters working for or with Spotify.

2.      The term and "Sonos" shall mean Sonos, Inc., any predecessor, successor, parent, subsidiary, or affiliate, and where applicable, Sonos's officers, directors, employees, partners, agents, attorneys, or any other person or business entity acting or purporting to act on Sonos's behalf.

3.      The term "Google," shall mean Google LLC, and any other name under which Google LLC is doing or has done business, any predecessor, successor, parent, subsidiary, or affiliate, and where applicable, Google's officers, directors, employees, partners, agents, attorneys, or any other person or business entity acting or purporting to act on Google's behalf.

4.      The terms "document," "documents," and "information" each incorporates all

documents, electronically stored information (ESI), and things as broadly defined in Rule 34 of the Federal Rules of Civil Procedure and related case law.

5. The terms "communication" and "communications" shall mean all exchanges or transmittals, whether in paper, electronic, oral or any other form or medium, of information (including but not limited to transmittals of facts, ideas, inquiries, analyses, assertions, concerns, instructions, opinions, reservations, thoughts or otherwise) by any mode of transmission, including e-mail, facsimile, telex, courier, U.S. mail, in person, telephone, cell phone and other internet-based, wireless-based, and satellite-based modes of transmission, between or among two or more persons and includes all documents and things constituting, relating to, incorporating, including, summarizing, describing or identifying the contents, subject matter, date, place and time of or participants in an exchange or transmittal.

6. The terms "person" and "persons" shall mean any natural person.

7. The terms "entity" and "entities" shall mean any business, legal or governmental entity or association.

8. The terms "and," "or," and "and/or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of the request all responses that otherwise might be construed to be outside its scope.

9. The terms "all," "any," "each," and "every" shall be construed as encompassing any and all.

10. The terms "including" and "include" shall be construed in such a way as to suggest or provide an example or examples. The terms "including" and "include" shall not be construed in such a way as to limit or confine the broader term or concept for which a suggestion or example is being given.

11.    Each of "relating to," "relate to," "referring to," "refer to," "regarding," "with regard to," "concern," "concerning" and derivatives thereof shall be construed broadly so as to encompass the liberal scope of discovery set forth in Rule 26(b) of the Federal Rules of Civil Procedure and shall mean directly or indirectly affecting, alluding to, analyzing, bearing upon, commenting on, comparing, complementing, comprising, concerning, constituting, containing, contemplating, contradicting, criticizing, critiquing, dealing with, depicting, describing, discussing, embodying, evaluating, evidencing, identifying, incorporating, involving, mentioning, negating, noting, pertaining to, providing a basis for, referencing, referring to, reflecting, refuting, regarding, relating to, respecting, responding to, reviewing, stating, summarizing, supporting, with respect to or otherwise in any manner pertaining to or being connected to, whether logically, circumstantially, factually, legally, directly or indirectly, the document, thing, information, matter, topic, issue, fact, assertion, allegation or circumstance being stated, discussed or referenced.

12.    The use of the singular form of any word includes the plural and *vice versa* to bring within the scope of the request all responses that otherwise might be construed to be outside its scope.

13.    The term "how" shall be construed as how, what, why, when, who, and/or where as necessary to bring within the scope of the request all responses that otherwise might be construed to be outside its scope.

14.    The term "date" shall mean the exact day, month, and year (to the degree ascertainable) or if not ascertainable, the best approximation (including relationship to other events).

15.    The term "the '206 Patent" shall mean U.S. Patent No. 9,344,206, as well as its application and any publications thereof.

16.     The term "the '615 Patent" shall mean U.S. Patent No. 9,967,615, as well as its application and any publications thereof.

17.     The term "the '966 Patent" shall mean U.S. Patent No. 10,469,966, as well as its application and any publications thereof.

18.     The term "the '033 Patent" shall mean U.S. Patent No. 10,779,033, as well as its application and any publications thereof.

19.     The term "the '885 Patent" shall mean U.S. Patent No. 10,848,885, as well as its application and any publications thereof.

20.     The term "Patent(s)-in-Suit" shall mean the '206 Patent, the '615 Patent, the '966 Patent, the '033 Patent, and the '885 Patent, either collectively or individually.

21.     The term "customer(s)" shall mean any purchaser, reseller, distributor, dealer, retailor, wholesaler, user, and/or recipient.

22.     The term "knowledge" shall include firsthand information and information derived from any source, including hearsay knowledge.

23.     The term "Google Media Player(s)" shall mean the following products, including any and all versions thereof, either collectively or individually: CHROMECAST, CHROMECAST ULTRA, CHROMECAST AUDIO, CHROMECAST WITH GOOGLE TV, HOME MINI, NEST MINI, HOME, HOME MAX, NEST AUDIO, HOME HUB, NEST HUB, NEST HUB MAX, and NEST WIFI POINT.

24.     The term "Google Display(s)" shall mean the following products, including any and all versions thereof, either collectively or individually: HOME HUB, NEST HUB, and NEST HUB MAX.

25.     The term "Pixel Device(s)" shall mean the following products, including any and

all versions thereof, either collectively or individually: PIXEL, PIXEL XL, PIXEL 2, PIXEL 2 XL, PIXEL  3, PIXEL 3 XL, PIXEL 3A, PIXEL 3A XL, PIXEL 4, PIXEL 4 XL, PIXEL 4A, PIXEL 4A (5G), PIXEL 5, PIXEL SLATE, PIXELBOOK, PIXELBOOK GO.

26.     The term "Google Product(s)" shall mean any Google Media Player(s), Pixel Device(s), and/or Google Display(s).

27.     The term "Google Server(s)" shall mean any Google server that hosts the Spotify app for download, any Google server that facilitates moving or transferring playback of Spotify from a computing device running the Spotify app to a Google Media Player (e.g., by virtue of the "Spotify Connect"[1] or Google "Cast"[2] feature), and any Google server that, in response to user input at the Spotify app, facilitates delivering Spotify media to a Google Media Player (including but not limited to any Cloud Content Delivery Network (CDN) server), either collectively or individually.

28.     The term "Spotify Server(s)" shall mean any server that facilitates playback of Spotify by a computing device or Google Media Player, any server that facilitates moving or transferring playback of Spotify from a computing device running the Spotify app to a Google Media Player (e.g., by virtue of the "Spotify Connect"[3] or Google "Cast"[4] feature), and any server that, in response to user input at the Spotify app, facilitates delivering Spotify media to a computing device or Google Media Player, either collectively or individually.

29.     No request or subpart hereof shall be construed as a limitation on any other

---

[1] *See, e.g.*, https://developer.spotify.com/use-cases/hardware/home-audio/.
[2] *See, e.g.*, https://techcrunch.com/2015/09/29/spotify-comes-to-google-chromecast-and-chromecast-audio/.
[3] *See, e.g.*, https://developer.spotify.com/use-cases/hardware/home-audio/.
[4] *See, e.g.*, https://techcrunch.com/2015/09/29/spotify-comes-to-google-chromecast-and-chromecast-audio/.

request or subpart hereof.

30.     Please produce all documents and things responsive to these requests that are within Spotify's possession, custody, or control, whether directly or indirectly.

31.     If, after exercising due diligence, Spotify is unable to determine the existence of any documents or things falling within a document request, please state so in Spotify's written response as required by Rule 34 of the Federal Rules of Civil Procedure.

32.     Please produce all documents responsive to these requests as they are kept in the ordinary course of business.  In this respect, please produce all responsive documents in their entirety, including all attachments or affixations thereto.

33.     Please produce documents from any single file in the same order as they were found in such file.   If copies of documents are produced, such copies should be legible and bound or stapled in the same manner as the original.

34.     When objecting to any request, please state with specificity the grounds for each objection and the request(s) to which each objection applies.  Any request to which an objection is made should be responded to insofar as it is not deemed objectionable.

35.     For each responsive document withheld on a claim of privilege, including but not limited to the attorney-client privilege and/or work product immunity, please identify the nature of the privilege being claimed, state the basis for the claim of privilege, and provide the following information:

   a.   the type of document (e.g., letter, email, memorandum, etc.);
   b.   the date of the document;
   c.   the general subject matter of the document; and
   d.   other information sufficient to identify the document for a subpoena *duces tecum*, including but not limited to, where appropriate, the identity of the author and any other person involved in the preparation of the document, the identity of the addressees and any other recipients of the document, the identity of the custodian of the document, and where not apparent, the relationship of the such persons to one

other.

36.     Further, if a claim of privilege applies to only a portion of a responsive document,

please produce the portion(s) of the document not subject to the claim of privilege.

37.     For each responsive document withheld on a claim of third-party confidentiality,

please state the basis for the claim of third-party confidentiality and provide the following

information:

    a.  the type of document (e.g., letter, email, memorandum, etc.);
    b.  the date of the document;
    c.  the general subject matter of the document; and
    d.  other information sufficient to identify the document for a subpoena duces tecum, including but not limited to, where appropriate, the identity of the author and any other person involved in the preparation of the document, the identity of the addressees and any other recipients of the document, the identity of the custodian of the document, and where not apparent, the relationship of the such persons to one other.

38.     Further, if a claim of third-party confidentiality applies to only a portion of a

responsive document, please produce the portion(s) of the document not subject to the claim of

third-party confidentiality.

39.     For each responsive document of which Spotify is aware that has been destroyed,

lost, or is otherwise unavailable for production, please state so and provide the following

information:

    a.  the type of document (e.g., letter, email, memorandum, etc.);
    b.  the date of the document;
    c.  the contents of the document;
    d.  other information sufficient to identify the document for a subpoena duces tecum, including but not limited to, where appropriate, the identity of the author and any other person involved in the preparation of the document, the identity of the addressees and any other recipients of the document, the identity of the custodian of the document, and where not apparent, the relationship of the such persons to one other;
    e.  the date of the unavailability;
    f.  the identity of the person who authorized the destruction (if any); and
    g.  the identity of the person known to have last had possession, custody, or control of

the document.

40.     These requests for production shall be deemed continuing so as to require further and supplemental production in accordance with the Federal Rules of Civil Procedure.

## PRODUCTION REQUESTS

### REQUEST NO. 1

Documents sufficient to show the process by which a computing device (e.g., a Pixel Device or other mobile phone, tablet, laptop, etc.) running the Spotify app plays back media items from Spotify, as that functionality existed on and/or after September 29, 2014, including but not limited to (i) the computing device receiving user input selecting one or more media items for playback, (ii) the computing device and/or any server "queueing"[5] the one or more media items for playback, (iii) the computing device obtaining a first of the media items for playback, (iv) the computing device playing back the first media item, (v) the computing device facilitating play back of a next media item after playback of the first media item, and (vi) the circumstances surrounding how and when the Spotify app was modified to facilitate the aforementioned functionality.

### REQUEST NO. 2

Documents sufficient to show the process by which a computing device (e.g., a Pixel Device or other mobile phone, tablet, laptop, etc.) running the Spotify app facilitates causing a Google Media Player to play back Spotify media items, including but not limited to (i) the Spotify GUI elements and/or screens displayed on the computing device that facilitate such functionality, (ii) message and/or signal flow between the computing device, Google Media Player, and any

---

[5] *See, e.g.*, https://support.spotify.com/us/article/play-queue/.

Spotify and/or third-party server (e.g., Google Server, such as the Google Cloud Platform[6]) that facilitates such functionality, and (iii) any server-side operations that facilitate such functionality.

## REQUEST NO. 3

Documents sufficient to show the process by which a Google Display running the Spotify app facilitates causing a Google Media player to play back Spotify media items from Spotify, including but not limited to (i) the Spotify GUI elements and/or screens displayed on the Google Display that facilitate such functionality, (ii) message and/or signal flow between the Google Display, Google Media Player, and any Spotify and/or third-party server (e.g., Google Server, such as the Google Cloud Platform[7]) that facilitates such functionality, and (iii) any server-side operations that facilitate such functionality.

## REQUEST NO. 4

Documents sufficient to show the process by which a computing device (e.g., a Pixel Device or other mobile phone, tablet, laptop, etc.) running the Spotify app that is connected to a Wi-Fi network discovers any Google Media Player that is also connected to the Wi-Fi network.

## REQUEST NO. 5

Documents sufficient to show the process by which a Google Display running the Spotify app that is connected to a Wi-Fi network discovers any Google Media Player that is also connected to the Wi-Fi network.

---

[6] *See, e.g.*, https://engineering.atspotify.com/2019/12/09/views-from-the-cloud-a-history-of-spotifys-journey-to-the-cloud-part-1-2/.
[7] *See, e.g.*, https://engineering.atspotify.com/2019/12/09/views-from-the-cloud-a-history-of-spotifys-journey-to-the-cloud-part-1-2/.

**REQUEST NO. 6**

Documents sufficient to show how a computing device (e.g., a Pixel Device or other mobile phone, tablet, laptop, etc.) running the Spotify app moves or transfers media playback from the computing device to a Google Media Player (e.g., by virtue of the "Spotify Connect"[8] or Google "Cast"[9] feature), including but not limited to (i) any information that is exchanged between the computing device, the Google Media Player, any Spotify Server, and/or any third-party server (e.g., Google Server, such as the Google Cloud Platform[10]) to facilitate the aforementioned functionality and (ii) any creation, existence, modification, or deletion of any "queue" of one or more media items to facilitate the aforementioned functionality.

**REQUEST NO. 7**

Documents sufficient to show how a Google Display running the Spotify app moves or transfers media playback from the Google Display to a Google Media Player(e.g., by virtue of the "Spotify Connect"[11] or Google "Cast"[12] feature), including but not limited to (i) any information that is exchanged between the computing device, the Google Media Player, any Spotify Server, and/or any third-party server (e.g., Google Server, such as the Google Cloud Platform[13]) to facilitate the aforementioned functionality and (ii) any creation, existence, modification, or

---

[8] *See, e.g.*, https://developer.spotify.com/use-cases/hardware/home-audio/.
[9] *See, e.g.*, https://techcrunch.com/2015/09/29/spotify-comes-to-google-chromecast-and-chromecast-audio/.
[10] *See, e.g.*, https://engineering.atspotify.com/2019/12/09/views-from-the-cloud-a-history-of-spotifys-journey-to-the-cloud-part-1-2/.
[11] *See, e.g.*, https://developer.spotify.com/use-cases/hardware/home-audio/.
[12] *See, e.g.*, https://techcrunch.com/2015/09/29/spotify-comes-to-google-chromecast-and-chromecast-audio/.
[13] *See, e.g.*, https://engineering.atspotify.com/2019/12/09/views-from-the-cloud-a-history-of-spotifys-journey-to-the-cloud-part-1-2/.

deletion of any "queue" of one or more media items to facilitate the aforementioned functionality.


**REQUEST NO. 8**

Documents sufficient to show how a computing device (e.g., a Pixel Device or other mobile phone, tablet, laptop, etc.) running the Spotify app transitions from locally playing back Spotify content to controlling[14] playback of the Spotify content by a Google Media Player after moving or transferring playback of the Spotify content from the computing device to the Google Media Player (e.g., by virtue of the "Spotify Connect"[15] or Google "Cast"[16] feature), including but not limited to any determination made by the computing device to make such a transition.


**REQUEST NO. 9**

Documents sufficient to show how a Google Display running the Spotify app transitions from locally playing back Spotify content to controlling[17] playback of the Spotify content by one or more other Google Media Players after moving or transferring playback of the Spotify content from the Google Display to the one or more other Google Media Players (e.g., by virtue of the "Spotify Connect"[18] or Google "Cast"[19] feature), including but not limited to any determination made by the Google Display to make such a transition.

---

[14] *See, e.g.*, https://www.spotify.com/us/connect/ ("Listen on your speakers or TV, using the Spotify app as a remote").
[15] *See, e.g.*, https://developer.spotify.com/use-cases/hardware/home-audio/.
[16] *See, e.g.*, https://techcrunch.com/2015/09/29/spotify-comes-to-google-chromecast-and-chromecast-audio/.
[17] *See, e.g.*, https://www.spotify.com/us/connect/ ("Listen on your speakers or TV, using the Spotify app as a remote").
[18] *See, e.g.*, https://developer.spotify.com/use-cases/hardware/home-audio/.
[19] *See, e.g.*, https://techcrunch.com/2015/09/29/spotify-comes-to-google-chromecast-and-chromecast-audio/.

**REQUEST NO. 10**

Documents sufficient to show how a computing device (e.g., a Pixel Device or other mobile phone, tablet, laptop, etc.) running the Spotify app controls or otherwise manages playback of media by a Google Media Player after moving or transferring media playback from the computing device to a Google Media Player (e.g., by virtue of the "Spotify Connect"[20] or Google "Cast"[21] feature), including but not limited to (i) displaying icons representing any transport controls (e.g., play, pause, skip forward, skip back, etc.) and invoking such controls and (ii) stopping media playback at the Google Media Player and returning media playback to the computing device.

**REQUEST NO. 11**

Documents sufficient to show how a Google Display running the Spotify app controls or otherwise manages playback of media by a Google Media Player after moving or transferring media playback from the Google Display to a Google Media Player (e.g., by virtue of the "Spotify Connect"[22] or Google "Cast"[23] feature) including but not limited to (i) displaying icons representing any transport controls (e.g., play, pause, skip forward, skip back, etc.) and invoking such controls and (ii) stopping media playback at the Google Media Player and returning media playback to the Google Display.

---

[20] *See, e.g.*, https://developer.spotify.com/use-cases/hardware/home-audio/.
[21] *See, e.g.*, https://techcrunch.com/2015/09/29/spotify-comes-to-google-chromecast-and-chromecast-audio/.
[22] *See, e.g.*, https://developer.spotify.com/use-cases/hardware/home-audio/.
[23] *See, e.g.*, https://techcrunch.com/2015/09/29/spotify-comes-to-google-chromecast-and-chromecast-audio/.

**REQUEST NO. 12**

Documents sufficient to show how any Spotify Server and/or third-party server (e.g., Google Server, such as the Google Cloud Platform[24]), in response to user input at the Spotify app, facilitates playback of one or more media items by a Google Media Player, including but not limited to any such server generating, populating, updating, extending, recommending, managing, or hosting a set of one or more media items that are scheduled for playback.

**REQUEST NO. 13**

Documents sufficient to show how any Spotify Server and/or third-party server (e.g., Google Server, such as the Google Cloud Platform[25]), in response to user input at the Spotify app, facilitates playback of one or more media items by a computing device (e.g., a Pixel Device or other mobile phone, tablet, laptop, etc.) running the Spotify app, as that functionality existed on and/or after September 29, 2014, including but not limited to any such server generating, populating, updating, extending, recommending, managing, or hosting a set of one or more media items that are scheduled for playback.

**REQUEST NO. 14**

Documents sufficient to show the extent to which Spotify employees have used (e.g., by testing or demonstrating) the Spotify app running on a computing device (e.g., Pixel Device or other mobile phone, tablet, laptop, etc.) to move or transfer playback of Spotify content from the

---

[24] *See, e.g.*, https://engineering.atspotify.com/2019/12/09/views-from-the-cloud-a-history-of-spotifys-journey-to-the-cloud-part-1-2/.
[25] *See, e.g.*, https://engineering.atspotify.com/2019/12/09/views-from-the-cloud-a-history-of-spotifys-journey-to-the-cloud-part-1-2/.

computing device to a Google Media Player (e.g., by virtue of the "Spotify Connect"[26] or Google "Cast"[27] feature), including the approximate date(s) such activity took place and who conducted or was present during such activity.

## REQUEST NO. 15

Documents sufficient to show the extent to which Spotify users have engaged in one or more of the following:  (i) downloading the Spotify app onto a computing device (e.g., Pixel Device or other mobile phone, tablet, laptop, etc.); or (ii) operating the Spotify app to move or transfer playback of Spotify content from the computing device to a Google Media Player (e.g., by virtue of the "Spotify Connect"[28] or Google "Cast"[29] feature).

## REQUEST NO. 16

Documents sufficient to show the monetary value to Spotify, in the aggregate and on a per-user basis, of the Spotify app incorporating functionality that enables a user to move or transfer playback of Spotify content from a computing device to a Google Media Player (e.g., by virtue of the "Spotify Connect"[30] or Google "Cast"[31] feature).

---

[26] *See, e.g.*, https://developer.spotify.com/use-cases/hardware/home-audio/.
[27] *See, e.g.*, https://techcrunch.com/2015/09/29/spotify-comes-to-google-chromecast-and-chromecast-audio/.
[28] *See, e.g.*, https://developer.spotify.com/use-cases/hardware/home-audio/.
[29] *See, e.g.*, https://techcrunch.com/2015/09/29/spotify-comes-to-google-chromecast-and-chromecast-audio/.
[30] *See, e.g.*, https://developer.spotify.com/use-cases/hardware/home-audio/.
[31] *See, e.g.*, https://techcrunch.com/2015/09/29/spotify-comes-to-google-chromecast-and-chromecast-audio/.

Dated: August 27, 2021                    Respectfully submitted,

                                                     By:___/s/ Cole B. Richter_____

Cole B. Richter (admitted *pro hac vice*)
Illinois Bar No. 6315686
LEE SULLIVAN SHEA & SMITH LLP
656 W. Randolph St., Floor 5W
Chicago, IL 60661
Telephone:  312.754.9602
Facsimile:  312.754.9603
richter@ls3ip.com

Alyssa Caridis (admitted *pro hac vice*)
California Bar No. 260103
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa St., Suite 3200
Los Angeles, CA 90017
Telephone:  213.612.2372
Facsimile:  213.612.2499
acaridis@orrick.com

Clement Seth Roberts (admitted *pro hac vice*)
California Bar No. 209203
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard St.
San Francisco, CA 94105
Telephone:  415.773.5484
Facsimile:  415.773.5759
croberts@orrick.com

Bas de Blank (admitted *pro hac vice*)
California Bar No. 191487
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Blvd.
Menlo Park, CA 94205
Telephone:  650.614.7343
Facsimile:  650.614.7401
bdeblank@orrick.com

George I. Lee (admitted *pro hac vice*)
Illinois Bar No. 6225430
Sean M. Sullivan (admitted *pro hac vice*)
Illinois Bar No. 6230605
Rory P. Shea (admitted *pro hac vice*)
Illinois Bar No. 6290745
J. Dan Smith (admitted *pro hac vice*)
Illinois Bar No. 6300912

Cole B. Richter (admitted pro hac vice)
Illinois Bar No. 6315686
LEE SULLIVAN SHEA & SMITH LLP
656 W. Randolph St., Floor 5W
Chicago, IL 60661
Telephone:  312.754.9602
Facsimile:  312.754.9603
lee@ls3ip.com
sullivan@ls3ip.com
shea@ls3ip.com
smith@ls3ip.com
richter@ls3ip.com

Mark D. Siegmund
State Bar No. 24117055
mark@waltfairpllc.com
Law Firm of Walt, Fair PLLC.
1508 North Valley Mills Drive
Waco, Texas 76710
Telephone: (254) 772-6400
Facsimile: (254) 772-6432

*Counsel for Plaintiff Sonos, Inc.*