# EXHIBIT I

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SONOS, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>        Defendant. | Civil Action No. 4:21-cv-07559-KAW<br><br>Formerly:  Civil Action No. 6:20-CV-00881-ADA (W.D. Tex.) |

**SPOTIFY USA INC.'S OBJECTIONS AND RESPONSES TO
SONOS, INC.'S FEDERAL RULE OF CIVIL PROCEDURE 45
SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

Spotify USA Inc. ("Spotify USA"), a non-party to the above-captioned litigation, hereby objects and responds to Plaintiff Sonos, Inc.'s Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, dated August 27, 2021 (the "Subpoena").  Spotify USA makes these responses and objections without prejudice to making further objections or modifying its objections and responses in the future.

**GENERAL OBJECTIONS**

Spotify USA makes the following General Objections to the Subpoena.  These General Objections are incorporated by reference in their entirety into Spotify USA's objections and responses to each of the requests in the Subpoena.  Each of these General Objections is expressly reserved as to each of the requests in the Subpoena.

1.  Spotify USA objects to the Subpoena as overly broad to the extent the Subpoena purports to seek information from Spotify AB.  Spotify USA and Spotify AB are separate companies with separate information in their possession, custody, or control.  If a subpoena is

eventually served on Spotify AB, Spotify AB will respond to that subpoena separately.  Spotify USA responds to this Subpoena as to itself only.

　　　　2.　　　Spotify USA objects to the Subpoena as unfairly prejudicial to the extent it seeks confidential, proprietary, and/or commercially sensitive documents, information, and objects, including but not limited to trade secrets or other confidential research or competitive commercial information.  The Subpoena calls for detailed, commercially sensitive information relating to, among other things, the functionality of the Spotify music streaming application ("app") and servers, the usage and financial performance of the app, or Spotify USA's proprietary research on consumer behavior.  Such information constitutes "trade secret[s] or other confidential research, development, or commercial information" within the meaning of Federal Rule of Civil Procedure 45(d)(3)(B)(i).  Spotify USA would be harmed if that information were disclosed to Sonos or Google, both of which offer services that compete with Spotify, in the course of the above-captioned litigation.  *See Am. Standard, Inc. v. Pfizer, Inc.*, 828 F.2d 734, 741 (Fed. Cir. 1987) ("Courts have presumed that disclosure to a competitor is more harmful than disclosure to a noncompetitor.").  Spotify USA will not produce any confidential, proprietary, and/or commercially sensitive documents, information, or objects except pursuant to an adequate protective order.  The Stipulated Protective Order that was recently entered in the above-captioned litigation (Dkt. No. 113) is not adequate because, among other reasons, it (a) allows Spotify USA's confidential information to be shared with executives and employees of Sonos and Google, including their in-house counsel, (b) lacks protections against disclosure to experts to which Spotify USA objects, (b) lacks requirements to provide sufficient notice that a party intends to use Spotify USA's confidential information at a hearing or trial, and (d) lacks requirements that the party seeking to use Spotify USA's confidential

information at a hearing or trial must bear the burden of sealing the courtroom when Spotify

USA's confidential information is used.  In addition, Spotify USA reserves the right to withhold

certain highly sensitive trade secrets and other confidential commercial information entirely

because Spotify USA, as a non-party to the litigations, cannot effectively prevent the disclosure

of that information to Sonos or Google.  *See Waymo LLC v. Uber Techs., Inc.*, 2017 WL

3581171, at *1 (N.D. Cal. Aug. 18, 2017) ("While the information could be produced subject to

an attorneys-eyes-only protective order, such orders do not guarantee that the information will

not be disclosed. Thus, there is no rule that a competitor has to reveal its trade secrets merely

because they are produced subject to a protective order.").  Further, Sonos has not provided any

explanation of its substantial need for Spotify USA's confidential information, and no such need

exists.  *See, e.g.*, *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006) ("The

determination of substantial need is particularly important in the context of enforcing a subpoena

when discovery of trade secret or confidential commercial information is sought from non-

parties." (citing *Mattel, Inc. v. Walking Mt. Prods.*, 353 F.3d 792, 814 (9th Cir. 2003))).

   3. Spotify USA objects to the Subpoena on grounds that it fails to "take reasonable

steps to avoid imposing undue burden or expense" on Spotify USA, in violation of Federal Rule

of Civil Procedure 45(d)(1).  For example, the requests often seek all documents related to a

topic rather than just the documents sufficient to show the information sought in each request.

To the extent Spotify USA agrees to produce any documents or information in response to the

Subpoena, Spotify USA will only produce documents sufficient to show the information sought

in each request.

   4. Spotify USA objects to the Subpoena as unduly burdensome to the extent it seeks

documents or information that are publicly available, equally accessible to Sonos, already in

Sonos' possession, custody, or control, or reasonably obtainable in a more convenient, less burdensome, or less expensive manner than seeking such documents and information from Spotify USA, including through discovery from Google as a party to the above-captioned litigation or from other third parties.  Spotify USA will not produce any documents, things, or information that could be obtained in a less burdensome way.

5.      Spotify USA objects to the Subpoena to the extent it seeks documents or information that do not appear to be relevant to the above-captioned litigation.  Spotify USA will not produce documents, things, or information that do not readily appear to Spotify (based on its limited knowledge) to be relevant to those patents.

6.      Spotify USA objects to the Subpoena to the extent it was brought for improper purposes, including that it is an improper fishing expedition and seeks documents and information that are not related to the infringement allegations in its complaint and go far beyond what is relevant to this dispute.  *See, e.g.*, *Nimkoff Rosenfeld & Schechter, LLP v. RKO Properties, Ltd.*, No. 07 CIV. 7983 DAB HBP, 2013 WL 664711, at *4 (S.D.N.Y. Feb. 25, 2013) (limiting Rule 45 subpoena "in light of the tangential relationship of [the third parties] to the matters in dispute here and the court's duty to protect non-party witnesses from undue burden and harassment").

7.      Spotify USA objects to the Subpoena to the extent it seeks documents protected from discovery by data privacy laws, attorney-client privilege, attorney work product doctrine, or any other applicable privileges, immunities, or law.  To the extent a privilege log is appropriate, Spotify USA understands that Sonos will agree to limit the scope and timing of the log so as to minimize the burden and expense on Spotify USA as much as possible.  Any disclosure of information or documents protected from discovery by the attorney-client privilege, the attorney

work product doctrine, or any other applicable privilege, immunity, or law is inadvertent and should not be construed to constitute a waiver of such privilege, immunity, or law.

8.      Spotify USA's responses and objections to the Subpoena are for the above-captioned litigation only and shall not apply or be used to purport to bind Spotify USA in any way in any other litigation or forum.  Further, any documents, things, or other information that Spotify USA may produce in response to the Subpoena shall be used only for the above-captioned litigation and must be destroyed at the conclusion of the above-captioned litigation and not used in any way in any other litigation or forum.  Should Spotify USA produce anything in response to the Subpoena, Spotify USA will do so with the understanding that Sonos understands and agrees with Spotify USA's objections in this regard.

9.      Any agreement by Spotify USA to produce, or a statement that Spotify USA will produce, any documents, things, or information is not a representation that any such documents, things, or information exist or are within Spotify USA's possession, custody, or control. Responsive documents, things, or information will be produced only if and to the extent such responsive documents, things, or information exist and are presently within Spotify USA's possession, custody, or control, and are located after a reasonable search.

10.     Spotify USA objects to the Subpoena to the extent it seeks electronically stored documents stored in multiple forms in violation of Rule 45(e)(1)(C).

11.     Spotify USA objects to the Subpoena to the extent it seeks documents that are not reasonably accessible because of the undue burden or cost in violation of Rule 45(e)(1)(D).

12.     Spotify USA objects to the Subpoena since it fails to allow a reasonable time to comply in violation of Rule 45(d)(3)(A)(i).  The Subpoena was purportedly served on August 30, 2021, and demanded production of a wide range of documents, information, or objects by

September 10, 2021 (extended by agreement to October 12, 2021).  The Subpoena's deadline is facially unreasonable and unduly burdensome given the wide range of documents, information, and objects requested.  To the extent Spotify USA has responsive documents, information, or objects within its possession, custody, or control, Spotify USA will not produce those documents within the time for compliance specified by the Subpoena.  Instead, if at all, Spotify will produce any responsive, non-privileged materials on a rolling basis.

13.     Spotify USA objects to the Subpoena to the extent it seeks documents and information protected by confidentiality obligations Spotify USA has to third parties.

14.     Spotify USA objects to the Subpoena on the basis that it issued from a court that no longer has jurisdiction over the above-captioned litigation.

<strong>Objections to the Definitions and Instructions</strong>

15.     Spotify USA objects to the definition of "Spotify" on grounds that it includes entities that are not Spotify USA, including Spotify AB, and many individuals who are not employees or agents of Spotify USA.  Those entities are not within the jurisdiction of the issuing court in the above-captioned litigation, or any other United States court.  Spotify USA responds as to itself only.

16.     Spotify USA objects to the definition of "Sonos" as vague and ambiguous on grounds that it includes so many other entities that Spotify USA could not determine what or who is or is not within the definition.  Spotify USA responds as to Sonos Inc. only.

17.     Spotify USA objects to the definition of "Google" as vague and ambiguous on grounds that it includes so many other entities that Spotify USA could not determine what or who is or is not within the definition.  Spotify USA responds as to Google LLC only.

18. Spotify USA objects to the definition of "Google Media Player(s)" as vague and ambiguous on grounds that it does not specifically identify the scope of the products covered. Spotify USA responds as to the specifically enumerated products only.

19. Spotify USA objects to the definition of "Google Display(s)" as vague and ambiguous on grounds that it does not specifically identify the scope of the products covered. Spotify USA responds as to the specifically enumerated products only.

20. Spotify USA objects to the definition of "Pixel Device(s)" as vague and ambiguous on grounds that it does not specifically identify the scope of the products covered. Spotify USA responds as to the specifically enumerated products only.

21. Spotify USA objects to the definition of "Google Product(s)" as vague and ambiguous on grounds that it does not specifically identify the scope of the products covered. Spotify USA responds as to the specifically enumerated products only.

22. Spotify USA objects to the definition of "Google Server(s)" as vague and ambiguous on grounds that it does not specifically identify the scope of the servers covered or provide a basis for Spotify USA to know whether a server was within the definition or not.

23. Spotify USA objects to the use of the phrase "the Spotify app" as vague and ambiguous on grounds that it does not specifically identify which Spotify app is covered. Spotify responds only with respect to the Spotify music streaming app.

24. Spotify USA objects to the definition of "Spotify Server(s)" as vague and ambiguous on grounds that it does not specifically identify the scope of the servers covered or provide a basis for Spotify USA to know whether a server was within the definition or not. Moreover, the definition appears to contemplate servers that Spotify USA does not own, operate, or otherwise control.

25.    Spotify USA objects to each of the definitions, instructions, and requests, including but not limited to Instructions 31 and 35-40, insofar as they purport to impose obligations on Spotify USA greater than, or exceeding the scope of, those imposed under the Federal Rules of Civil Procedure, the Local Rules applicable in the issuing court or in the enforcing court, or any other applicable law or statute.  Spotify USA responds as required by Rule 45.

## RESPONSES

## REQUEST NO. 1

*Documents sufficient to show the process by which a computing device (e.g., a Pixel Device or other mobile phone, tablet, laptop, etc.) running the Spotify app plays back media items from Spotify, as that functionality existed on and/or after September 29, 2014, including but not limited to (i) the computing device receiving user input selecting one or more media items for playback, (ii) the computing device and/or any server "queueing' the one or more media items for playback, (iii) the computing device obtaining a first of the media items for playback, (iv) the computing device playing back the first media item, (v) the computing device facilitating play back of a next media item after playback of the first media item, and (vi) the circumstances surrounding how and when the Spotify app was modified to facilitate the aforementioned functionality.*

## RESPONSE NO. 1

In addition to the General Objections above, which are incorporated by reference in their entirety into Spotify USA's response to this request, Spotify USA objects to this request on the following bases:  Spotify USA objects to the request on grounds that it is vague and ambiguous, including with respect to the phrases "a computing device (e.g., a Pixel Device or other mobile phone, tablet, laptop, etc.) running the Spotify app," "plays back media items from Spotify, as that functionality existed on and/or after September 29, 2014," "the computing device receiving user input selecting one or more media items for playback," "the computing device and/or any server "queueing" the one or more media items for playback," "the computing device obtaining a first of the media items for playback," "the computing device playing back the first media item,"

"the computing device facilitating play back of a next media item after playback of the first media item," and "the circumstances surrounding how and when the Spotify app was modified to facilitate the aforementioned functionality."   Spotify USA objects to the request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and information that are not relevant to the claims or defenses made by either party to the underlying litigation, including because it is not limited to the products and services at issue or the patents and claims asserted, and because it seeks documents and information that are publicly available or available from a less burdensome source, including Google.  Spotify USA objects to this request to the extent it was brought for improper purposes, including that it is an improper fishing expedition and seeks documents and information that are not related to the infringement allegations in Sonos' complaint and go far beyond what is relevant to this dispute. Spotify USA objects to the request as duplicative of the other requests.  Spotify USA objects to the request to the extent it seeks documents that are not within the possession, custody, or control of Spotify USA.

Spotify USA further objects to the request to the extent it seeks Spotify USA's trade secrets and other confidential commercial information concerning the functionality of the Spotify music streaming app and servers in violation of Rule 45(d)(3)(B)(i).  Spotify USA would be harmed if that information were disclosed to Sonos and Google, both of which offer services that compete with Spotify USA, and no protective order that adequately protects Spotify USA's confidential information has been entered.  Further, Sonos has not provided any explanation of its substantial need for Spotify USA's confidential commercial information, and no such need exists.  *See, e.g.*, *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006) ("The determination of substantial need is particularly important in the context of enforcing a subpoena

when discovery of trade secret or confidential commercial information is sought from non-parties." (citing *Mattel, Inc. v. Walking Mt. Prods.*, 353 F.3d 792, 814 (9th Cir. 2003))).  Spotify USA objects to the request to the extent it seeks documents and information protected by confidentiality obligations Spotify USA has to third parties.  Spotify USA objects to the request to the extent it seeks documents and information protected by data privacy laws, attorney-client privilege, attorney work product doctrine, or other applicable privileges or immunities from discovery.

Accordingly, Spotify USA will not produce documents, information, or objects responsive to this request at this time but is willing to meet and confer regarding the request.

**REQUEST NO. 2**

*Documents sufficient to show the process by which a computing device (e.g., a Pixel Device or other mobile phone, tablet, laptop, etc.) running the Spotify app facilitates causing a Google Media Player to play back Spotify media items, including but not limited to (i) the Spotify GUI elements and/or screens displayed on the computing device that facilitate such functionality, (ii)' message and/or signal flow between the computing device, Google Media Player, and any Spotify and/or third-party server (e.g., Google Server, such as the Google Cloud Platform) that facilitates such functionality, and (iii) any server-side operations that facilitate such functionality.*

**RESPONSE NO. 2**

In addition to the General Objections above, which are incorporated by reference in their entirety into Spotify USA's response to this request, Spotify USA objects to this request on the following bases:  Spotify USA objects to the request on grounds that it is vague and ambiguous, including with respect to the phrases "a computing device (e.g., a Pixel Device or other mobile phone, tablet, laptop, etc.) running the Spotify app,"  "facilitates causing a Google Media Player to play back Spotify media items,"  "the Spotify·GUI elements and/or screens displayed on the computing device that facilitate such functionality,"  "message and/or signal flow between the computing device, Google Media Player, and any Spotify and/or third-party server (e.g., Google

Server, such as the Google Cloud Platform) that facilitates such functionality," and "any server-side operations that facilitate such functionality." Spotify USA objects to the request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and information that are not relevant to the claims or defenses made by either party to the underlying litigation, including because it is not limited to the products and services at issue or the patents and claims asserted, and because it seeks documents and information that are publicly available or available from a less burdensome source, including Google. Spotify USA objects to this request to the extent it was brought for improper purposes, including that it is an improper fishing expedition and seeks documents and information that are not related to the infringement allegations in Sonos' complaint and go far beyond what is relevant to this dispute. Spotify USA objects to the request as duplicative of the other requests. Spotify USA objects to the request to the extent it seeks documents that are not within the possession, custody, or control of Spotify USA.

Spotify USA further objects to the request to the extent it seeks Spotify USA's trade secrets and other confidential commercial information concerning the functionality of the Spotify music streaming app and servers in violation of Rule 45(d)(3)(B)(i). Spotify USA would be harmed if that information were disclosed to Sonos and Google, both of which offer services that compete with Spotify USA, and no protective order that adequately protects Spotify USA's confidential information has been entered. Further, Sonos has not provided any explanation of its substantial need for Spotify USA's confidential commercial information, and no such need exists. *See, e.g.*, *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006) ("The determination of substantial need is particularly important in the context of enforcing a subpoena when discovery of trade secret or confidential commercial information is sought from non-

parties." (citing *Mattel, Inc. v. Walking Mt. Prods.*, 353 F.3d 792, 814 (9th Cir. 2003))).  Spotify

USA objects to the request to the extent it seeks documents and information protected by

confidentiality obligations Spotify USA has to third parties.  Spotify USA objects to the request

to the extent it seeks documents and information protected by data privacy laws, attorney-client

privilege, attorney work product doctrine, or other applicable privileges or immunities from

discovery.

      Accordingly, Spotify USA will not produce documents, information, or objects

responsive to this request at this time but is willing to meet and confer regarding the request.


**REQUEST NO. 3**

      *Documents sufficient to show the process by which a Google Display running the Spotify app facilitates causing a Google Media player to play back Spotify media items from Spotify, including but not limited to (i) the Spotify GUI elements and/or screens displayed on the Google Display that facilitate such functionality, (ii) message and/or signal flow between the Google Display, Google Media Player, and any Spotify and/or third-party server (e.g., Google Server, such as the Google Cloud Platform) that facilitates such functionality, and (iii) any server-side operations that facilitate such functionality.*

      **RESPONSE NO. 3**

      In addition to the General Objections above, which are incorporated by reference in their

entirety into Spotify USA's response to this request, Spotify USA objects to this request on the

following bases:  Spotify USA objects to the request on grounds that it is vague and ambiguous,

including with respect to the phrases "a Google Display running the Spotify app facilitates

causing a Google Media player to play back Spotify media items from Spotify," "the Spotify

GUI elements and/or screens displayed on the Google Display that facilitate such functionality,"

"message and/or signal flow between the Google Display, Google Media Player, and any Spotify

and/or third-party server (e.g., Google Server, such as the Google Cloud Platform) that facilitates

such functionality," and "any server-side operations that facilitate such functionality."  Spotify

USA objects to the request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and information that are not relevant to the claims or defenses made by either party to the underlying litigation, including because it is not limited to the products and services at issue or the patents and claims asserted, and because it seeks documents and information that are publicly available or available from a less burdensome source, including Google.  Spotify USA objects to this request to the extent it was brought for improper purposes, including that it is an improper fishing expedition and seeks documents and information that are not related to the infringement allegations in Sonos' complaint and go far beyond what is relevant to this dispute.  Spotify USA objects to the request as duplicative of the other requests.  Spotify USA objects to the request to the extent it seeks documents that are not within the possession, custody, or control of Spotify USA.

Spotify USA further objects to the request to the extent it seeks Spotify USA's trade secrets and other confidential commercial information concerning the functionality of the Spotify music streaming app and servers in violation of Rule 45(d)(3)(B)(i).  Spotify USA would be harmed if that information were disclosed to Sonos and Google, both of which offer services that compete with Spotify USA, and no protective order that adequately protects Spotify USA's confidential information has been entered.  Further, Sonos has not provided any explanation of its substantial need for Spotify USA's confidential commercial information, and no such need exists.  *See, e.g.*, *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006) ("The determination of substantial need is particularly important in the context of enforcing a subpoena when discovery of trade secret or confidential commercial information is sought from non-parties." (citing *Mattel, Inc. v. Walking Mt. Prods.*, 353 F.3d 792, 814 (9th Cir. 2003))).  Spotify USA objects to the request to the extent it seeks documents and information protected by

confidentiality obligations Spotify USA has to third parties.  Spotify USA objects to the request

to the extent it seeks documents and information protected by data privacy laws, attorney-client

privilege, attorney work product doctrine, or other applicable privileges or immunities from

discovery.

Accordingly, Spotify USA will not produce documents, information, or objects

responsive to this request at this time but is willing to meet and confer regarding the request.

## REQUEST NO. 4

*Documents sufficient to show the process by which a computing device (e.g., a Pixel Device or other mobile phone, tablet, laptop, etc.) running the Spotify app that is connected to a Wi-Fi network discovers any Google Media Player that is also connected to the Wi-Fi network.*

### RESPONSE NO. 4

In addition to the General Objections above, which are incorporated by reference in their

entirety into Spotify USA's response to this request, Spotify USA objects to this request on the

following bases:  Spotify USA objects to the request on grounds that it is vague and ambiguous,

including with respect to the phrases "a computing device (e.g., a Pixel Device or other mobile

phone, tablet, laptop, etc.) running the Spotify app that is connected to a Wi-Fi network" and

"discovers any Google Media Player that is also connected to the Wi-Fi network."  Spotify USA

objects to the request as overly broad, unduly burdensome, and not proportional to the needs of

the case to the extent it seeks documents and information that are not relevant to the claims or

defenses made by either party to the underlying litigation, including because it is not limited to

the products and services at issue or the patents and claims asserted, and because it seeks

documents and information that are publicly available or available from a less burdensome

source, including Google.  Spotify USA objects to this request to the extent it was brought for

improper purposes, including that it is an improper fishing expedition and seeks documents and

information that are not related to the infringement allegations in Sonos' complaint and go far beyond what is relevant to this dispute.  Spotify USA objects to the request as duplicative of the other requests.  Spotify USA objects to the request to the extent it seeks documents that are not within the possession, custody, or control of Spotify USA.

Spotify USA further objects to the request to the extent it seeks Spotify USA's trade secrets and other confidential commercial information concerning the functionality of the Spotify music streaming app and servers in violation of Rule 45(d)(3)(B)(i).  Spotify USA would be harmed if that information were disclosed to Sonos and Google, both of which offer services that compete with Spotify USA, and no protective order that adequately protects Spotify USA's confidential information has been entered.  Further, Sonos has not provided any explanation of its substantial need for Spotify USA's confidential commercial information, and no such need exists.  *See, e.g.*, *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006) ("The determination of substantial need is particularly important in the context of enforcing a subpoena when discovery of trade secret or confidential commercial information is sought from non-parties." (citing *Mattel, Inc. v. Walking Mt. Prods.*, 353 F.3d 792, 814 (9th Cir. 2003))).  Spotify USA objects to the request to the extent it seeks documents and information protected by confidentiality obligations Spotify USA has to third parties.  Spotify USA objects to the request to the extent it seeks documents and information protected by data privacy laws, attorney-client privilege, attorney work product doctrine, or other applicable privileges or immunities from discovery.

Accordingly, Spotify USA will not produce documents, information, or objects responsive to this request at this time but is willing to meet and confer regarding the request.

**REQUEST NO. 5**

*Documents sufficient to show the process by which a Google Display running the Spotify app that is connected to a Wi-Fi network discovers any Google Media Player that is also connected to the Wi-Fi network.*

**RESPONSE NO. 5**

In addition to the General Objections above, which are incorporated by reference in their entirety into Spotify USA's response to this request, Spotify USA objects to this request on the following bases:  Spotify USA objects to the request on grounds that it is vague and ambiguous, including with respect to the phrase "a Google Display running the Spotify app that is connected to a Wi-Fi network discovers any Google Media Player that is also connected to the Wi-Fi network."  Spotify USA objects to the request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and information that are not relevant to the claims or defenses made by either party to the underlying litigation, including because it is not limited to the products and services at issue or the patents and claims asserted, and because it seeks documents and information that are publicly available or available from a less burdensome source, including Google.  Spotify USA objects to this request to the extent it was brought for improper purposes, including that it is an improper fishing expedition and seeks documents and information that are not related to the infringement allegations in Sonos' complaint and go far beyond what is relevant to this dispute.  Spotify USA objects to the request as duplicative of the other requests.  Spotify USA objects to the request to the extent it seeks documents that are not within the possession, custody, or control of Spotify USA.

Spotify USA further objects to the request to the extent it seeks Spotify USA's trade secrets and other confidential commercial information concerning the functionality of the Spotify music streaming app and servers in violation of Rule 45(d)(3)(B)(i).  Spotify USA would be harmed if that information were disclosed to Sonos and Google, both of which offer services that

compete with Spotify USA, and no protective order that adequately protects Spotify USA's confidential information has been entered.  Further, Sonos has not provided any explanation of its substantial need for Spotify USA's confidential commercial information, and no such need exists.  *See, e.g.*, *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006) ("The determination of substantial need is particularly important in the context of enforcing a subpoena when discovery of trade secret or confidential commercial information is sought from non-parties." (citing *Mattel, Inc. v. Walking Mt. Prods.*, 353 F.3d 792, 814 (9th Cir. 2003))).  Spotify USA objects to the request to the extent it seeks documents and information protected by confidentiality obligations Spotify USA has to third parties.  Spotify USA objects to the request to the extent it seeks documents and information protected by data privacy laws, attorney-client privilege, attorney work product doctrine, or other applicable privileges or immunities from discovery.

Accordingly, Spotify USA will not produce documents, information, or objects responsive to this request at this time but is willing to meet and confer regarding the request.

## REQUEST NO. 6

*Documents sufficient to show how a computing device (e.g., a Pixel Device or other mobile phone, tablet, laptop, etc.) running the Spotify app moves or transfers media playback from the computing device to a Google Media Player (e.g., by virtue of the "Spotify Connect" or Google "Cast" feature), including but not limited to (i) any information that is exchanged between the computing device, the Google Media Player, any Spotify Server, and/or any third-party server (e.g., Google Server, such as the Google Cloud Platform) to facilitate the aforementioned functionality and (ii) any creation, existence, modification, or deletion of any "queue" of one or more media items to facilitate the aforementioned functionality.*

### RESPONSE NO. 6

In addition to the General Objections above, which are incorporated by reference in their entirety into Spotify USA's response to this request, Spotify USA objects to this request on the following bases:  Spotify USA objects to the request on grounds that it is vague and ambiguous,

including with respect to the phrases "a computing device (e.g., a Pixel Device or other mobile phone, tablet, laptop, etc.) running the Spotify app," "moves or transfers media playback from the computing device to a Google Media Player (e.g., by virtue of the "Spotify Connect" or Google "Cast" feature)," "any information that is exchanged between the computing device, the Google Media Player, any Spotify Server, and/or any third-party server (e.g., Google Server, such as the Google Cloud Platform) to facilitate the aforementioned functionality," and "any creation, existence, modification, or deletion of any "queue" of one or more media items to facilitate the aforementioned functionality."  Spotify USA objects to the request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and information that are not relevant to the claims or defenses made by either party to the underlying litigation, including because it is not limited to the products and services at issue or the patents and claims asserted, and because it seeks documents and information that are publicly available or available from a less burdensome source, including Google.  Spotify USA objects to this request to the extent it was brought for improper purposes, including that it is an improper fishing expedition and seeks documents and information that are not related to the infringement allegations in Sonos' complaint and go far beyond what is relevant to this dispute. Spotify USA objects to the request as duplicative of the other requests.  Spotify USA objects to the request to the extent it seeks documents that are not within the possession, custody, or control of Spotify USA.

Spotify USA further objects to the request to the extent it seeks Spotify USA's trade secrets and other confidential commercial information concerning the functionality of the Spotify music streaming app and servers in violation of Rule 45(d)(3)(B)(i).  Spotify USA would be harmed if that information were disclosed to Sonos and Google, both of which offer services that

compete with Spotify USA, and no protective order that adequately protects Spotify USA's confidential information has been entered.  Further, Sonos has not provided any explanation of its substantial need for Spotify USA's confidential commercial information, and no such need exists.  *See, e.g.*, *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006) ("The determination of substantial need is particularly important in the context of enforcing a subpoena when discovery of trade secret or confidential commercial information is sought from non-parties." (citing *Mattel, Inc. v. Walking Mt. Prods.*, 353 F.3d 792, 814 (9th Cir. 2003))).  Spotify USA objects to the request to the extent it seeks documents and information protected by confidentiality obligations Spotify USA has to third parties.  Spotify USA objects to the request to the extent it seeks documents and information protected by data privacy laws, attorney-client privilege, attorney work product doctrine, or other applicable privileges or immunities from discovery.

Accordingly, Spotify USA will not produce documents, information, or objects responsive to this request at this time but is willing to meet and confer regarding the request.

**REQUEST NO. 7**

*Documents sufficient to show how a Google Display running the Spotify app moves or transfers media playback from the Google Display to a Google Media Player(e.g., by virtue of the "Spotify Connect" or Google "Cast" feature), including but not limited to (i) any information that is exchanged between the computing device, the.Google Media Player, any Spotify Server, and/or any third-party server (e.g., Google Server, such as the Google Cloud Platform) to facilitate the aforementioned functionality and (ii) any creation, existence, modification, or deletion of any "queue" of one or more media items to facilitate the aforementioned functionality.*

**RESPONSE NO. 7**

In addition to the General Objections above, which are incorporated by reference in their entirety into Spotify USA's response to this request, Spotify USA objects to this request on the following bases:  Spotify USA objects to the request on grounds that it is vague and ambiguous,

including with respect to the phrases "a Google Display running the Spotify app moves or transfers media playback from the Google Display to a Google Media Player( e.g., by virtue of the "Spotify Connect" or Google "Cast" feature)," "any information that is exchanged between the computing device, the Google Media Player, any Spotify Server, and/or any third-party server (e.g., Google Server, such as the Google Cloud Platform) to facilitate the aforementioned functionality," and "any creation, existence, modification, or deletion of any "queue" of one or more media items to facilitate the aforementioned functionality."  Spotify USA objects to the request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and information that are not relevant to the claims or defenses made by either party to the underlying litigation, including because it is not limited to the products and services at issue or the patents and claims asserted, and because it seeks documents and information that are publicly available or available from a less burdensome source, including Google.  Spotify USA objects to this request to the extent it was brought for improper purposes, including that it is an improper fishing expedition and seeks documents and information that are not related to the infringement allegations in Sonos' complaint and go far beyond what is relevant to this dispute.  Spotify USA objects to the request as duplicative of the other requests. Spotify USA objects to the request to the extent it seeks documents that are not within the possession, custody, or control of Spotify USA.

Spotify USA further objects to the request to the extent it seeks Spotify USA's trade secrets and other confidential commercial information concerning the functionality of the Spotify music streaming app and servers in violation of Rule 45(d)(3)(B)(i).  Spotify USA would be harmed if that information were disclosed to Sonos and Google, both of which offer services that compete with Spotify USA, and no protective order that adequately protects Spotify USA's

confidential information has been entered.  Further, Sonos has not provided any explanation of
its substantial need for Spotify USA's confidential commercial information, and no such need
exists.  *See, e.g.*, *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006) ("The
determination of substantial need is particularly important in the context of enforcing a subpoena
when discovery of trade secret or confidential commercial information is sought from non-
parties." (citing *Mattel, Inc. v. Walking Mt. Prods.*, 353 F.3d 792, 814 (9th Cir. 2003))).  Spotify
USA objects to the request to the extent it seeks documents and information protected by
confidentiality obligations Spotify USA has to third parties.  Spotify USA objects to the request
to the extent it seeks documents and information protected by data privacy laws, attorney-client
privilege, attorney work product doctrine, or other applicable privileges or immunities from
discovery.

Accordingly, Spotify USA will not produce documents, information, or objects
responsive to this request at this time but is willing to meet and confer regarding the request.

## REQUEST NO. 8

*Documents sufficient to show how a computing device (e.g., a Pixel Device or other
mobile phone, tablet, laptop, etc.) running the Spotify app transitions from locally playing back
Spotify content to controlling' playback of the Spotify content by a Google Media Player after
moving or transferring playback of the Spotify content from the computing device to the Google
Media Player (e.g., by virtue of the "Spotify Connect" or Google "Cast" feature), including but
not limited to any determination made by the computing device to make such a transition.*

### RESPONSE NO. 8

In addition to the General Objections above, which are incorporated by reference in their
entirety into Spotify USA's response to this request, Spotify USA objects to this request on the
following bases:  Spotify USA objects to the request on grounds that it is vague and ambiguous,
including with respect to the phrases "a computing device (e.g., a Pixel Device or other mobile
phone, tablet, laptop, etc.) running the Spotify app," "transitions from locally playing back

Spotify content to controlling playback of the Spotify content by a Google Media Player after moving or transferring playback of the Spotify content from the computing device to the Google Media Player (e.g., by virtue of the "Spotify Connect" or Google "Cast" feature)," and "any determination made by the computing device to make such a transition." Spotify USA objects to the request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and information that are not relevant to the claims or defenses made by either party to the underlying litigation, including because it is not limited to the products and services at issue or the patents and claims asserted, and because it seeks documents and information that are publicly available or available from a less burdensome source, including Google. Spotify USA objects to this request to the extent it was brought for improper purposes, including that it is an improper fishing expedition and seeks documents and information that are not related to the infringement allegations in Sonos' complaint and go far beyond what is relevant to this dispute. Spotify USA objects to the request as duplicative of the other requests. Spotify USA objects to the request to the extent it seeks documents that are not within the possession, custody, or control of Spotify USA.

Spotify USA further objects to the request to the extent it seeks Spotify USA's trade secrets and other confidential commercial information concerning the functionality of the Spotify music streaming app and servers in violation of Rule 45(d)(3)(B)(i). Spotify USA would be harmed if that information were disclosed to Sonos and Google, both of which offer services that compete with Spotify USA, and no protective order that adequately protects Spotify USA's confidential information has been entered. Further, Sonos has not provided any explanation of its substantial need for Spotify USA's confidential commercial information, and no such need exists. *See, e.g.*, *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006) ("The

determination of substantial need is particularly important in the context of enforcing a subpoena when discovery of trade secret or confidential commercial information is sought from non-parties." (citing *Mattel, Inc. v. Walking Mt. Prods.*, 353 F.3d 792, 814 (9th Cir. 2003))). Spotify USA objects to the request to the extent it seeks documents and information protected by confidentiality obligations Spotify USA has to third parties. Spotify USA objects to the request to the extent it seeks documents and information protected by data privacy laws, attorney-client privilege, attorney work product doctrine, or other applicable privileges or immunities from discovery.

Accordingly, Spotify USA will not produce documents, information, or objects responsive to this request at this time but is willing to meet and confer regarding the request.

**REQUEST NO. 9**

*Documents sufficient to show how a Google Display running the Spotify app transitions from locally playing back Spotify content to controlling" playback of the Spotify content by one or more other Google Media Players after moving or transferring playback of the Spotify content from the Google Display to the one or more other Google Media Players (e.g., by virtue of the "Spotify Connect" or Google "Cast" feature), including but not limited to any determination made by the Google Display to make such a transition.*

**RESPONSE NO. 9**

In addition to the General Objections above, which are incorporated by reference in their entirety into Spotify USA's response to this request, Spotify USA objects to this request on the following bases: Spotify USA objects to the request on grounds that it is vague and ambiguous, including with respect to the phrases "a Google Display running the Spotify app transitions from locally playing back Spotify content to controlling playback of the Spotify content by one or more other Google Media Players after moving or transferring playback of the Spotify content from the Google Display to the one or more other Google Media Players (e.g., by virtue of the "Spotify Connect" or Google "Cast" feature)" and "any determination made by the Google

Display to make such a transition."  Spotify USA objects to the request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and information that are not relevant to the claims or defenses made by either party to the underlying litigation, including because it is not limited to the products and services at issue or the patents and claims asserted, and because it seeks documents and information that are publicly available or available from a less burdensome source, including Google.  Spotify USA objects to this request to the extent it was brought for improper purposes, including that it is an improper fishing expedition and seeks documents and information that are not related to the infringement allegations in Sonos' complaint and go far beyond what is relevant to this dispute.  Spotify USA objects to the request as duplicative of the other requests.  Spotify USA objects to the request to the extent it seeks documents that are not within the possession, custody, or control of Spotify USA.

Spotify USA further objects to the request to the extent it seeks Spotify USA's trade secrets and other confidential commercial information concerning the functionality of the Spotify music streaming app and servers in violation of Rule 45(d)(3)(B)(i).  Spotify USA would be harmed if that information were disclosed to Sonos and Google, both of which offer services that compete with Spotify USA, and no protective order that adequately protects Spotify USA's confidential information has been entered.  Further, Sonos has not provided any explanation of its substantial need for Spotify USA's confidential commercial information, and no such need exists.  *See, e.g.*, *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006) ("The determination of substantial need is particularly important in the context of enforcing a subpoena when discovery of trade secret or confidential commercial information is sought from non-parties." (citing *Mattel, Inc. v. Walking Mt. Prods.*, 353 F.3d 792, 814 (9th Cir. 2003))).  Spotify

USA objects to the request to the extent it seeks documents and information protected by confidentiality obligations Spotify USA has to third parties.  Spotify USA objects to the request to the extent it seeks documents and information protected by data privacy laws, attorney-client privilege, attorney work product doctrine, or other applicable privileges or immunities from discovery.

Accordingly, Spotify USA will not produce documents, information, or objects responsive to this request at this time but is willing to meet and confer regarding the request.

**REQUEST NO. 10**

*Documents sufficient to show how a computing device (e.g., a Pixel Device or other mobile phone, tablet, laptop, etc.) running the Spotify app controls or otherwise manages playback of media by a Google Media Player after moving or transferring media playback from the computing device to a Google Media Player (e.g., by virtue of the "Spotify Connect" or Google "Cast"' feature), including but not limited to (i) displaying icons representing any transport controls (e.g., play, pause, skip forward, skip back, etc.) and invoking such controls and (ii) stopping media playback at the Google Media Player and returning media playback to the computing device.*

**RESPONSE NO. 10**

In addition to the General Objections above, which are incorporated by reference in their entirety into Spotify USA's response to this request, Spotify USA objects to this request on the following bases:  Spotify USA objects to the request on grounds that it is vague and ambiguous, including with respect to the phrases "a computing device (e.g., a Pixel Device or other mobile phone, tablet, laptop, etc.) running the Spotify app," "controls or otherwise manages playback of media by a Google Media Player after moving or transferring media playback from the computing device to a Google Media Player (e.g., by virtue of the "Spotify Connect" or Google "Cast" feature)," "displaying icons representing any transport controls (e.g., play, pause, skip forward, skip back, etc.) and invoking such controls," and "stopping media playback at the Google Media Player and returning media playback to the computing device."  Spotify USA

objects to the request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and information that are not relevant to the claims or defenses made by either party to the underlying litigation, including because it is not limited to the products and services at issue or the patents and claims asserted, and because it seeks documents and information that are publicly available or available from a less burdensome source, including Google.  Spotify USA objects to this request to the extent it was brought for improper purposes, including that it is an improper fishing expedition and seeks documents and information that are not related to the infringement allegations in Sonos' complaint and go far beyond what is relevant to this dispute.  Spotify USA objects to the request as duplicative of the other requests.  Spotify USA objects to the request to the extent it seeks documents that are not within the possession, custody, or control of Spotify USA.

Spotify USA further objects to the request to the extent it seeks Spotify USA's trade secrets and other confidential commercial information concerning the functionality of the Spotify music streaming app and servers in violation of Rule 45(d)(3)(B)(i).  Spotify USA would be harmed if that information were disclosed to Sonos and Google, both of which offer services that compete with Spotify USA, and no protective order that adequately protects Spotify USA's confidential information has been entered.  Further, Sonos has not provided any explanation of its substantial need for Spotify USA's confidential commercial information, and no such need exists.  *See, e.g.*, *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006) ("The determination of substantial need is particularly important in the context of enforcing a subpoena when discovery of trade secret or confidential commercial information is sought from non-parties." (citing *Mattel, Inc. v. Walking Mt. Prods.*, 353 F.3d 792, 814 (9th Cir. 2003))).  Spotify USA objects to the request to the extent it seeks documents and information protected by

confidentiality obligations Spotify USA has to third parties.  Spotify USA objects to the request

to the extent it seeks documents and information protected by data privacy laws, attorney-client

privilege, attorney work product doctrine, or other applicable privileges or immunities from

discovery.

Accordingly, Spotify USA will not produce documents, information, or objects

responsive to this request at this time but is willing to meet and confer regarding the request.

## REQUEST NO. 11

*Documents sufficient to show how a Google Display running the Spotify app controls or otherwise manages playback of media by a Google Media Player after moving or transferring media playback from the Google Display to a Google Media Player (e.g., by virtue of the "Spotify Connect" or Google "Cast"' feature) including but- not limited to (i) displaying icons representing any transport controls (e.g., play, pause, skip forward, skip back, etc.) and invoking such controls and (ii) stopping media playback at the Google Media Player and returning media playback to the Google Display.*

### RESPONSE NO. 11

In addition to the General Objections above, which are incorporated by reference in their

entirety into Spotify USA's response to this request, Spotify USA objects to this request on the

following bases:  Spotify USA objects to the request on grounds that it is vague and ambiguous,

including with respect to the phrases "a Google Display running the Spotify app controls or

otherwise manages playback of media by a Google Media Player after moving or transferring

media playback from the Google Display to a Google Media Player ( e.g., by virtue of the

"Spotify Connect" or Google "Cast" feature)," "displaying icons representing any transport

controls (e.g., play, pause, skip forward, skip back, etc.) and invoking such controls," and

"stopping media playback at the Google Media Player and returning media playback to the

Google Display."  Spotify USA objects to the request as overly broad, unduly burdensome, and

not proportional to the needs of the case to the extent it seeks documents and information that are

not relevant to the claims or defenses made by either party to the underlying litigation, including because it is not limited to the products and services at issue or the patents and claims asserted, and because it seeks documents and information that are publicly available or available from a less burdensome source, including Google.  Spotify USA objects to this request to the extent it was brought for improper purposes, including that it is an improper fishing expedition and seeks documents and information that are not related to the infringement allegations in Sonos' complaint and go far beyond what is relevant to this dispute.  Spotify USA objects to the request as duplicative of the other requests.  Spotify USA objects to the request to the extent it seeks documents that are not within the possession, custody, or control of Spotify USA.

Spotify USA further objects to the request to the extent it seeks Spotify USA's trade secrets and other confidential commercial information concerning the functionality of the Spotify music streaming app and servers in violation of Rule 45(d)(3)(B)(i).  Spotify USA would be harmed if that information were disclosed to Sonos and Google, both of which offer services that compete with Spotify USA, and no protective order that adequately protects Spotify USA's confidential information has been entered.  Further, Sonos has not provided any explanation of its substantial need for Spotify USA's confidential commercial information, and no such need exists.  *See, e.g.*, *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006) ("The determination of substantial need is particularly important in the context of enforcing a subpoena when discovery of trade secret or confidential commercial information is sought from non-parties." (citing *Mattel, Inc. v. Walking Mt. Prods.*, 353 F.3d 792, 814 (9th Cir. 2003))).  Spotify USA objects to the request to the extent it seeks documents and information protected by confidentiality obligations Spotify USA has to third parties.  Spotify USA objects to the request to the extent it seeks documents and information protected by data privacy laws, attorney-client

privilege, attorney work product doctrine, or other applicable privileges or immunities from discovery.

Accordingly, Spotify USA will not produce documents, information, or objects responsive to this request at this time but is willing to meet and confer regarding the request.

## REQUEST NO. 12

*Documents sufficient to show how any Spotify Server and/or third-party server (e.g., Google Server, such as the Google Cloud Platform), in response to user input at the Spotify app, facilitates playback of one or more media items by a Google Media Player, including but not limited to any such server generating, populating, updating, extending, recommending, managing, or hosting a set of one or more media items that are scheduled for playback.*

## RESPONSE NO. 12

In addition to the General Objections above, which are incorporated by reference in their entirety into Spotify USA's response to this request, Spotify USA objects to this request on the following bases:  Spotify USA objects to the request on grounds that it is vague and ambiguous, including with respect to the phrases "any Spotify Server and/or third-party server (e.g., Google Server, such as the Google Cloud Platform), in response to user input at the Spotify app, facilitates playback of one or more media items by a Google Media Player" and "any such server generating, populating, updating, extending, recommending, managing, or hosting a set of one or more media items that are scheduled for playback."  Spotify USA objects to the request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and information that are not relevant to the claims or defenses made by either party to the underlying litigation, including because it is not limited to the products and services at issue or the patents and claims asserted, and because it seeks documents and information that are publicly available or available from a less burdensome source, including Google.  Spotify USA objects to this request to the extent it was brought for improper purposes, including that it is an

improper fishing expedition and seeks documents and information that are not related to the

infringement allegations in Sonos' complaint and go far beyond what is relevant to this dispute.

Spotify USA objects to the request as duplicative of the other requests.  Spotify USA objects to

the request to the extent it seeks documents that are not within the possession, custody, or control

of Spotify USA.

Spotify USA further objects to the request to the extent it seeks Spotify USA's trade

secrets and other confidential commercial information concerning the functionality of the Spotify

music streaming app and servers in violation of Rule 45(d)(3)(B)(i).  Spotify USA would be

harmed if that information were disclosed to Sonos and Google, both of which offer services that

compete with Spotify USA, and no protective order that adequately protects Spotify USA's

confidential information has been entered.  Further, Sonos has not provided any explanation of

its substantial need for Spotify USA's confidential commercial information, and no such need

exists.  *See, e.g.*, *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006) ("The

determination of substantial need is particularly important in the context of enforcing a subpoena

when discovery of trade secret or confidential commercial information is sought from non-

parties." (citing *Mattel, Inc. v. Walking Mt. Prods.*, 353 F.3d 792, 814 (9th Cir. 2003))).  Spotify

USA objects to the request to the extent it seeks documents and information protected by

confidentiality obligations Spotify USA has to third parties.  Spotify USA objects to the request

to the extent it seeks documents and information protected by data privacy laws, attorney-client

privilege, attorney work product doctrine, or other applicable privileges or immunities from

discovery.

Accordingly, Spotify USA will not produce documents, information, or objects

responsive to this request at this time but is willing to meet and confer regarding the request.

**REQUEST NO. 13**

*Documents sufficient to show how any Spotify Server and/or third-party server (e.g., Google Server, such as the Google Cloud Platform), in response to user input at the Spotify app, facilitates playback of one or more media items by a computing device (e.g., a Pixel Device or other mobile phone, tablet, laptop, etc.) running the Spotify app, as that functionality existed on and/or after September 29, 2014, including but not limited to any such server generating, populating, updating, extending, recommending, managing, or hosting a set of one or more media items that are scheduled for playback.*

**RESPONSE NO. 13**

In addition to the General Objections above, which are incorporated by reference in their entirety into Spotify USA's response to this request, Spotify USA objects to this request on the following bases:  Spotify USA objects to the request on grounds that it is vague and ambiguous, including with respect to the phrases "any Spotify Server and/or third-party server (e.g., Google Server, such as the Google Cloud Platform), in response to user input at the Spotify app, facilitates playback of one or more media items by a computing device (e.g., a Pixel Device or other mobile phone, tablet, laptop, etc.) running the Spotify app, as that functionality existed on and/or after September 29, 2014" and "any such server generating, populating, updating, extending, recommending, managing, or hosting a set of one or more media items that are scheduled for playback."  Spotify USA objects to the request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and information that are not relevant to the claims or defenses made by either party to the underlying litigation, including because it is not limited to the products and services at issue or the patents and claims asserted, and because it seeks documents and information that are publicly available or available from a less burdensome source, including Google.  Spotify USA objects to this request to the extent it was brought for improper purposes, including that it is an improper fishing expedition and seeks documents and information that are not related to the infringement allegations in Sonos' complaint and go far beyond what is relevant to this dispute.  Spotify USA

objects to the request as duplicative of the other requests.  Spotify USA objects to the request to the extent it seeks documents that are not within the possession, custody, or control of Spotify USA.

Spotify USA further objects to the request to the extent it seeks Spotify USA's trade secrets and other confidential commercial information concerning the functionality of the Spotify music streaming app and servers in violation of Rule 45(d)(3)(B)(i).  Spotify USA would be harmed if that information were disclosed to Sonos and Google, both of which offer services that compete with Spotify USA, and no protective order that adequately protects Spotify USA's confidential information has been entered.  Further, Sonos has not provided any explanation of its substantial need for Spotify USA's confidential commercial information, and no such need exists.  *See, e.g.*, *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006) ("The determination of substantial need is particularly important in the context of enforcing a subpoena when discovery of trade secret or confidential commercial information is sought from non-parties." (citing *Mattel, Inc. v. Walking Mt. Prods.*, 353 F.3d 792, 814 (9th Cir. 2003))).  Spotify USA objects to the request to the extent it seeks documents and information protected by confidentiality obligations Spotify USA has to third parties.  Spotify USA objects to the request to the extent it seeks documents and information protected by data privacy laws, attorney-client privilege, attorney work product doctrine, or other applicable privileges or immunities from discovery.

Accordingly, Spotify USA will not produce documents, information, or objects responsive to this request at this time but is willing to meet and confer regarding the request.

**REQUEST NO. 14**

*Documents sufficient to show the extent to which Spotify employees have used (e.g., by testing or demonstrating) the Spotify app running on a computing device (e.g., Pixel Device or other mobile phone, tablet, laptop, etc.) to move or transfer playback of Spotify content from the computing device to a Google Media Player (e.g., by virtue of the "Spotify Connect" or Google "Cast"' feature), including the approximate date(s) such activity took place and who conducted or was present during such activity.*

**RESPONSE NO. 14**

In addition to the General Objections above, which are incorporated by reference in their entirety into Spotify USA's response to this request, Spotify USA objects to this request on the following bases:  Spotify USA objects to the request on grounds that it is vague and ambiguous, including with respect to the phrases "Spotify employees have used (e.g., by testing or demonstrating) the Spotify app running on a computing device (e.g., Pixel Device or other mobile phone, tablet, laptop, etc.)," "move or transfer playback of Spotify content from the computing device to a Google Media Player (e.g., by virtue of the "Spotify Connect" or Google "Cast" feature)," and "the approximate date(s) such activity took place and who conducted or was present during such activity."  Spotify USA objects to the request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and information that are not relevant to the claims or defenses made by either party to the underlying litigation, including because it is not limited to the products and services at issue or the patents and claims asserted, and because it seeks documents and information that are publicly available or available from a less burdensome source, including Google.  Spotify USA objects to this request as brought for improper purposes, including harassment of Spotify USA and abuse of the discovery process against a non-party to the case, because it seeks information that is not ascertainable, would be unduly burdensome to ascertain if it were possible to do so, and is irrelevant to the claims or defenses made by either party to the underlying litigation.  Spotify

USA objects to the request as duplicative of the other requests.  Spotify USA objects to the request to the extent it seeks documents that are not within the possession, custody, or control of Spotify USA.

Spotify USA further objects to the request to the extent it seeks Spotify USA's trade secrets and other confidential commercial information concerning the functionality of the Spotify music streaming app and servers in violation of Rule 45(d)(3)(B)(i).  Spotify USA would be harmed if that information were disclosed to Sonos and Google, both of which offer services that compete with Spotify USA, and no protective order that adequately protects Spotify USA's confidential information has been entered.  Further, Sonos has not provided any explanation of its substantial need for Spotify USA's confidential commercial information, and no such need exists.  *See, e.g.*, *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006) ("The determination of substantial need is particularly important in the context of enforcing a subpoena when discovery of trade secret or confidential commercial information is sought from non-parties." (citing *Mattel, Inc. v. Walking Mt. Prods.*, 353 F.3d 792, 814 (9th Cir. 2003))).  Spotify USA objects to the request to the extent it seeks documents and information protected by confidentiality obligations Spotify USA has to third parties.  Spotify USA objects to the request to the extent it seeks documents and information protected by data privacy laws, attorney-client privilege, attorney work product doctrine, or other applicable privileges or immunities from discovery.

Accordingly, Spotify USA will not produce documents, information, or objects responsive to this request.

**REQUEST NO. 15**

*Documents sufficient to show the extent to which Spotify users have engaged in one or more of the following: (i) downloading the Spotify app onto a computing device (e.g., Pixel Device or other mobile phone, tablet, laptop, etc.); or (ii) operating the Spotify app to move or transfer playback of Spotify content from the computing device to a Google Media Player (e.g., by virtue of the "Spotify Connect" or Google "Cast" feature).*

**RESPONSE NO. 15**

In addition to the General Objections above, which are incorporated by reference in their entirety into Spotify USA's response to this request, Spotify USA objects to this request on the following bases:  Spotify USA objects to the request on grounds that it is vague and ambiguous, including with respect to the phrases "downloading the Spotify app onto a computing device (e.g., Pixel Device or other mobile phone, tablet, laptop, etc.)" and "operating the Spotify app to move or transfer playback of Spotify content from the computing device to a Google Media Player (e.g., by virtue of the "Spotify Connect" or Google "Cast" feature)."  Spotify USA objects to the request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and information that are not relevant to the claims or defenses made by either party to the underlying litigation, including because it is not limited to the products and services at issue or the patents and claims asserted, and because it seeks documents and information that are publicly available or available from a less burdensome source, including Google.  Spotify USA objects to this request as brought for improper purposes, including harassment of Spotify USA and abuse of the discovery process against a non-party to the case, because it seeks information that is not ascertainable, would be unduly burdensome to ascertain if it were possible to do so, and is irrelevant to the claims or defenses made by either party to the underlying litigation.  Spotify USA objects to the request as duplicative of the other requests. Spotify USA objects to the request to the extent it seeks documents that are not within the possession, custody, or control of Spotify USA.

Spotify USA further objects to the request to the extent it seeks Spotify USA's trade secrets and other confidential commercial information concerning the usage performance of the Spotify music streaming app and Spotify USA's proprietary research on consumer behavior in violation of Rule 45(d)(3)(B)(i).  Spotify USA would be harmed if that information were disclosed to Sonos and Google, both of which offer services that compete with Spotify USA, and no protective order that adequately protects Spotify USA's confidential information has been entered.  Further, Sonos has not provided any explanation of its substantial need for Spotify USA's confidential commercial information, and no such need exists.  *See, e.g.*, *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006) ("The determination of substantial need is particularly important in the context of enforcing a subpoena when discovery of trade secret or confidential commercial information is sought from non-parties." (citing *Mattel, Inc. v. Walking Mt. Prods.*, 353 F.3d 792, 814 (9th Cir. 2003))).  Spotify USA objects to the request to the extent it seeks documents and information protected by confidentiality obligations Spotify USA has to third parties.  Spotify USA objects to the request to the extent it seeks documents and information protected by data privacy laws, attorney-client privilege, attorney work product doctrine, or other applicable privileges or immunities from discovery.

Accordingly, Spotify USA will not produce documents, information, or objects responsive to this request.

**REQUEST NO. 16**

*Documents sufficient to show the monetary value to Spotify, in the aggregate and on a per-user basis, of the Spotify app incorporating functionality that enables a user to move or transfer playback of Spotify content from a computing device to a Google Media Player (e.g., by virtue of the "Spotify Connect" or Google "Cast" feature).*

**RESPONSE NO. 16**

In addition to the General Objections above, which are incorporated by reference in their entirety into Spotify USA's response to this request, Spotify USA objects to this request on the following bases:  Spotify USA objects to the request on grounds that it is vague and ambiguous, including with respect to the phrase "the monetary value to Spotify, in the aggregate and on a per-user basis, of the Spotify app incorporating functionality that enables a user to move or transfer playback of Spotify content from a computing device to a Google Media Player (e.g., by virtue of the "Spotify Connect" or Google "Cast" feature)."   Spotify USA objects to the request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and information that are not relevant to the claims or defenses made by either party to the underlying litigation, including because it is not limited to the products and services at issue or the patents and claims asserted, and because it seeks documents and information that are publicly available or available from a less burdensome source, including Google.  Spotify USA objects to this request as brought for improper purposes, including harassment of Spotify USA and abuse of the discovery process against a non-party to the case, because it seeks information that is not ascertainable, would be unduly burdensome to ascertain if it were possible to do so, and is irrelevant to the claims or defenses made by either party to the underlying litigation.  Spotify USA objects to the request as duplicative of the other requests.  Spotify USA objects to the request to the extent it seeks documents that are not within the possession, custody, or control of Spotify USA.

Spotify USA further objects to the request to the extent it seeks Spotify USA's trade secrets and other confidential commercial information concerning the usage performance of the Spotify music streaming app and Spotify USA's proprietary research on consumer behavior in violation of Rule 45(d)(3)(B)(i).  Spotify USA would be harmed if that information were disclosed to Sonos and Google, both of which offer services that compete with Spotify USA, and no protective order that adequately protects Spotify USA's confidential information has been entered.  Further, Sonos has not provided any explanation of its substantial need for Spotify USA's confidential commercial information, and no such need exists.  *See, e.g.*, *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006) ("The determination of substantial need is particularly important in the context of enforcing a subpoena when discovery of trade secret or confidential commercial information is sought from non-parties." (citing *Mattel, Inc. v. Walking Mt. Prods.*, 353 F.3d 792, 814 (9th Cir. 2003))).  Spotify USA objects to the request to the extent it seeks documents and information protected by confidentiality obligations Spotify USA has to third parties.  Spotify USA objects to the request to the extent it seeks documents and information protected by data privacy laws, attorney-client privilege, attorney work product doctrine, or other applicable privileges or immunities from discovery.

Accordingly, Spotify USA will not produce documents, information, or objects responsive to this request.

Date: October 12, 2021

/Zachary P. Piccolomini/

Zachary P. Piccolomini
Michael N. Rader
Stuart V. C. Duncan Smith
zachary.piccolomini@wolfgreenfield.com
michael.rader@wolfgreenfield.com
sduncansmith@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
617.646.8000 Phone
617.646.8646 Fax

*Counsel for Spotify USA Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 12, 2021, I caused a true and accurate copy of the

foregoing document to be served by email, upon the following:

Cole Richter
Lee Sullivan Shea & Smith LLP
656 W. Randolph St. Floor 5W
Chicago, IL 60661
richter@ls3ip.com
(312) 754-9602

*Counsel for Sonos, Inc.*

/Zachary P. Piccolomini/
Zachary P. Piccolomini