# EXHIBIT J

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SONOS, INC.,<br><br>                    Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>                    Defendant. | Civil Action No. 4:21-cv-07559-KAW<br><br>Formerly:  Civil Action No. 6:20-CV-00881-ADA (W.D. Tex.) |

**SPOTIFY USA INC.'S OBJECTIONS AND RESPONSES TO
SONOS, INC.'S FEDERAL RULE OF CIVIL PROCEDURE 45
SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

Spotify USA Inc. ("Spotify USA"), a non-party to the above-captioned litigation, hereby objects and responds to Plaintiff Sonos, Inc.'s Subpoena to Testify at a Deposition in a Civil Action, dated August 27, 2021 (the "Subpoena").  Spotify USA makes these responses and objections without prejudice to making further objections or modifying its objections and responses in the future.

**GENERAL OBJECTIONS**

Spotify USA makes the following General Objections to the Subpoena.  These General Objections are incorporated by reference in their entirety into Spotify USA's objections and responses to each of the topics in the Subpoena.  Each of these General Objections is expressly reserved as to each of the topics in the Subpoena.

1.      Spotify USA objects to the Subpoena as unduly burdensome and duplicative of the documents available to Sonos in this litigation, including the documents available from Google.  Requiring Spotify USA to provide a witness able to testify about information that is readily apparent from documents that Sonos already has access to or may have access to through

discovery, including from Google, is harassment and an abuse of the discovery process.  Spotify

USA will not provide a witness able to testify about such duplicative information.

2.      Spotify USA objects to the Subpoena as overly broad to the extent the Subpoena

purports to seek information from Spotify AB.  Spotify USA and Spotify AB are separate

companies with separate information in their possession, custody, or control.  If a subpoena is

eventually served on Spotify AB, Spotify AB will respond to that subpoena separately.  Spotify

USA responds to this Subpoena as to itself only.

3.      Spotify USA objects to the Subpoena as unfairly prejudicial to the extent it seeks

confidential, proprietary, and/or commercially sensitive information, including but not limited to

trade secrets or other confidential research or competitive commercial information.  The

Subpoena calls for detailed, commercially sensitive information relating to, among other things,

the functionality of the Spotify music streaming application ("app") and servers, the usage and

financial performance of the app, or Spotify USA's proprietary research on consumer behavior.

Such information constitutes "trade secret[s] or other confidential research, development, or

commercial information" within the meaning of Federal Rule of Civil Procedure 45(d)(3)(B)(i).

Spotify USA would be harmed if that information were disclosed to Sonos or Google, both of

which offer services that compete with Spotify, in the course of the above-captioned litigation.

*See Am. Standard, Inc. v. Pfizer, Inc.*, 828 F.2d 734, 741 (Fed. Cir. 1987) ("Courts have

presumed that disclosure to a competitor is more harmful than disclosure to a noncompetitor.").

Spotify USA will not produce any confidential, proprietary, and/or commercially sensitive

information except pursuant to an adequate protective order.  The Stipulated Protective Order

that was recently entered in the above-captioned litigation (Dkt. No. 113) is not adequate

because, among other reasons, it (a) allows Spotify USA's confidential information to be shared

with executives and employees of Sonos and Google, including their in-house counsel, (b) lacks protections against disclosure to experts to which Spotify USA objects, (b) lacks requirements to provide sufficient notice that a party intends to use Spotify USA's confidential information at a hearing or trial, and (d) lacks requirements that the party seeking to use Spotify USA's confidential information at a hearing or trial must bear the burden of sealing the courtroom when Spotify USA's confidential information is used.  In addition, Spotify USA reserves the right to withhold certain highly sensitive trade secrets and other confidential commercial information entirely because Spotify USA, as a non-party to the litigations, cannot effectively prevent the disclosure of that information to Sonos or Google.  *See Waymo LLC v. Uber Techs., Inc.*, 2017 WL 3581171, at *1 (N.D. Cal. Aug. 18, 2017) ("While the information could be produced subject to an attorneys-eyes-only protective order, such orders do not guarantee that the information will not be disclosed. Thus, there is no rule that a competitor has to reveal its trade secrets merely because they are produced subject to a protective order.").  Further, Sonos has not provided any explanation of its substantial need for Spotify USA's confidential information, and no such need exists.  *See, e.g.*, *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006) ("The determination of substantial need is particularly important in the context of enforcing a subpoena when discovery of trade secret or confidential commercial information is sought from non-parties." (citing *Mattel, Inc. v. Walking Mt. Prods.*, 353 F.3d 792, 814 (9th Cir. 2003))).

4.      Spotify USA objects to the Subpoena on grounds that it fails to "take reasonable steps to avoid imposing undue burden or expense" on Spotify USA, in violation of Federal Rule of Civil Procedure 45(d)(1).  For example, the topics often seek all information related to a topic rather than just the information sufficient to address the topic.  To the extent Spotify USA agrees

to provide a witness able to testify about any of the topics, Spotify USA will provide a witness able to testify about only information sufficient to address those topics.

5. Spotify USA objects to the Subpoena as unduly burdensome to the extent it seeks information that is publicly available, equally accessible to Sonos, already in Sonos' possession, custody, or control, or reasonably obtainable in a more convenient, less burdensome, or less expensive manner than seeking such information from Spotify USA, including through discovery from Google as a party to the above-captioned litigation or from other third parties. Spotify USA will not provide a witness able to testify about any information that could be obtained in a less burdensome way.

6. Spotify USA objects to the Subpoena on grounds that it seeks information that does not appear to be directly relevant to the above-captioned litigation. Spotify USA will not provide a witness able to testify about information that does not readily appear to Spotify (based on its limited knowledge) to be relevant to those patents.

7. Spotify USA objects to the Subpoena to the extent it was brought for improper purposes, including that it is an improper fishing expedition and seeks information that is not related to the infringement allegations in its complaint and goes far beyond what is relevant to this dispute. *See, e.g.*, *Nimkoff Rosenfeld & Schechter, LLP v. RKO Properties, Ltd.*, No. 07 CIV. 7983 DAB HBP, 2013 WL 664711, at *4 (S.D.N.Y. Feb. 25, 2013) (limiting Rule 45 subpoena "in light of the tangential relationship of [the third parties] to the matters in dispute here and the court's duty to protect non-party witnesses from undue burden and harassment").

8. Spotify USA objects to the Subpoena to the extent it seeks information protected from discovery by data privacy laws, attorney-client privilege, attorney work product doctrine, or any other applicable privileges, immunities, or law. Any disclosure of information protected

from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, immunity, or law is inadvertent and should not be construed to constitute a waiver of such privilege, immunity, or law.

9.     Spotify USA's responses and objections to the Subpoena are for the above-captioned litigation only and shall not apply or be used to purport to bind Spotify USA in any way in any other litigation or forum.  Further, any information that Spotify USA may provide in response to the Subpoena shall be used only for the above-captioned litigation and must be destroyed at the conclusion of the above-captioned litigation and not used in any way in any other litigation or forum.  Should Spotify USA provide a witness able to testify about information in response to the Subpoena, Spotify USA will do so with the understanding that Sonos understands and agrees with Spotify USA's objections in this regard.

10.     Any agreement by Spotify USA to provide a witness able to testify about information in response to the Subpoena, or a statement that Spotify USA will provide a witness able to testify about information in response to the Subpoena is not a representation that any such information exists or is within Spotify USA's possession, custody, or control.  Spotify USA will provide a witness able to testify about information in response to the Subpoena only if and to the extent such responsive information exists and is presently within Spotify USA's possession, custody, or control.

11.     Spotify USA objects to the Subpoena since it fails to allow a reasonable time or place to comply in violation of Rule 45(d)(3)(A)(i).  The Subpoena was purportedly served on August 30, 2021, and demanded that Spotify USA provide a witness able to testify in person about a wide range of information in response to the Subpoena by September 24, 2021 at the offices of Orrick, Herrington & Sutcliffe LLP in New York.  The Subpoena's deadline and

location are facially unreasonable and unduly burdensome given the wide range of information sought and the ongoing COVID-19 pandemic. To the extent Spotify USA agrees to provide a witness able to testify about information in response to the Subpoena, Spotify USA will do so only at a mutually agreeable time and place.

12.     Spotify USA objects to the Subpoena to the extent it seeks information protected by confidentiality obligations Spotify USA has to third parties.

13.     Spotify USA objects to the Subpoena on the basis that it issued from a court that no longer has jurisdiction over the above-captioned litigation.

**Objections to the Definitions and Instructions**

14.     Spotify USA objects to the definition of "Spotify" on grounds that it includes entities that are not Spotify USA, including Spotify AB, and many individuals who are not employees or agents of Spotify USA. Those entities are not within the jurisdiction of the issuing court in the above-captioned litigation, or any other United States Court. Spotify USA responds as to itself only.

15.     Spotify USA objects to the definition of "Sonos" as vague and ambiguous on grounds that it includes so many other entities that Spotify USA could not determine what or who is or is not within the definition. Spotify USA responds as to Sonos Inc. only.

16.     Spotify USA objects to the definition of "Google" as vague and ambiguous on grounds that it includes so many other entities that Spotify USA could not determine what or who is or is not within the definition. Spotify USA responds as to Google LLC only.

17.     Spotify USA objects to the definition of "Google Media Player(s)" as vague and ambiguous on grounds that it does not specifically identify the scope of the products covered. Spotify USA responds as to the specifically enumerated products only.

18.     Spotify USA objects to the definition of "Google Display(s)" as vague and ambiguous on grounds that it does not specifically identify the scope of the products covered. Spotify USA responds as to the listed products only.

19.     Spotify USA objects to the definition of "Pixel Device(s)" as vague and ambiguous on grounds that it does not specifically identify the scope of the products covered. Spotify USA responds as to the specifically enumerated products only.

20.     Spotify USA objects to the definition of "Google Product(s)" as vague and ambiguous on grounds that it does not specifically identify the scope of the products covered. Spotify USA responds as to the specifically enumerated products only.

21.     Spotify USA objects to the definition of "Google Server(s)" as vague and ambiguous on grounds that it does not specifically identify the scope of the servers covered or provide a basis for Spotify USA to know whether a server was within the definition or not.

22.     Spotify USA objects to the use of the phrase "the Spotify app" as vague and ambiguous on grounds that it does not specifically identify which Spotify app is covered. Spotify responds only with respect to the Spotify music streaming app.

23.     Spotify USA objects to the definition of "Spotify Server(s)" as vague and ambiguous on grounds that it does not specifically identify the scope of the servers covered or provide a basis for Spotify USA to know whether a server was within the definition or not. Moreover, the definition appears to contemplate servers that Spotify USA does not own, operate, or otherwise control.

24.     Spotify USA objects to each of the definitions, instructions, and topics insofar as they purport to impose obligations on Spotify USA greater than, or exceeding the scope of, those imposed under the Federal Rules of Civil Procedure, the Local Rules applicable in the issuing

court or in the enforcing court, or any other applicable law or statute.  Spotify USA responds as

required by Rule 45.

## RESPONSES

## TOPIC NO. 1

*How the Spotify app, running on a computing device (e.g., Pixel Device or other mobile phone, tablet, laptop, etc.), independently or working with other software on the computing device; enables a user to move or transfer playback of Spotify content from the computing device to a Google Media Player (e.g., by virtue of the "Spotify Connect" or Google "Cast" feature), including but not limited to (i) describing in detail any information that is exchanged between the computing device, the Google Media Player, any Spotify Server, and/or any third-party server (e.g., Google Server, such as the Google Cloud Platform ) to facilitate the aforementioned functionality and how such exchange takes place, (ii) describing in detail any creation, existence, modification, or deletion of any "queue" of one or more media items to facilitate the aforementioned functionality and how such creation, existence, modification, or deletion takes place, and (iii) the circumstances surrounding how and when the Spotify app was modified to facilitate the aforementioned functionality.*

## RESPONSE NO. 1

In addition to the General Objections above, which are incorporated by reference in their

entirety into Spotify USA's response to this topic, Spotify USA objects to this topic on the

following bases:  Spotify USA objects to the topic on grounds that it is vague and ambiguous,

including with respect to the phrases "the Spotify app, running on a computing device (e.g., Pixel

Device or other mobile phone, tablet, laptop, etc.), independently or working with other software

on the computing device," "enables a user to move or transfer playback of Spotify content from

the computing device to a Google Media Player (e.g., by virtue of the "Spotify Connect" or

Google "Cast" feature)," "describing in detail any information that is exchanged between the

computing device, the Google Media Player, any Spotify Server, and/or any third-party server

(e.g., Google Server, such as the Google Cloud Platform) to facilitate the aforementioned

functionality and how such exchange takes place," "describing in detail any creation, existence,

modification, or deletion of any "queue" of one or more media items to facilitate the

aforementioned functionality and how such creation, existence, modification, or deletion takes

place," and "the circumstances surrounding how and when the Spotify app was modified to

facilitate the aforementioned functionality."  Spotify USA objects to the topic as overly broad,

unduly burdensome, and not proportional to the needs of the case to the extent it seeks

information that is not relevant to the claims or defenses made by either party to the underlying

litigation, including because it is not limited to the products and services at issue or the patents

and claims asserted, and because it seeks information that is publicly available or available from

a less burdensome source, including Google.  Spotify USA objects to this topic to the extent it

was brought for improper purposes, including that it is an improper fishing expedition and seeks

information that is not related to the infringement allegations in Sonos' complaint and goes far

beyond what is relevant to this dispute.  Spotify USA objects to the topic as duplicative of the

other topics and duplicative of Sonos' subpoena seeking production of documents.  Spotify USA

objects to the topic to the extent it seeks information that is not within the possession, custody, or

control of Spotify USA.

Spotify USA further objects to the topic to the extent it seeks Spotify USA's trade secrets

and other confidential commercial information concerning the functionality of the Spotify music

streaming app and servers in violation of Rule 45(d)(3)(B)(i).  Spotify USA would be harmed if

that information were disclosed to Sonos and Google, both of which offer services that compete

with Spotify USA, and no protective order that adequately protects Spotify USA's confidential

information has been entered.  Further, Sonos has not provided any explanation of its substantial

need for Spotify USA's confidential commercial information, and no such need exists.  *See, e.g.*,

*Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006) ("The determination of

substantial need is particularly important in the context of enforcing a subpoena when discovery

of trade secret or confidential commercial information is sought from non-parties." (citing

*Mattel, Inc. v. Walking Mt. Prods.*, 353 F.3d 792, 814 (9th Cir. 2003))).  Spotify USA objects to

the topic to the extent it seeks information protected by confidentiality obligations Spotify USA

has to third parties.  Spotify USA objects to the topic to the extent it seeks information protected

by data privacy laws, attorney-client privilege, attorney work product doctrine, or other

applicable privileges or immunities from discovery.

Accordingly, Spotify USA will not provide a witness able to testify about the topic at this

time.

**TOPIC NO. 2**

*How the Spotify app, running on a Google Display, independently or working with other software on the Google Display, enables a user to move or transfer playback of Spotify content from the Google Display to one or more other Google Media Players (e.g., by virtue of the "Spotify Connect" or Google "Cast" feature), including but not limited to (i) describing in detail any information that is exchanged between the Google Display, the Google Media Player(s), any Spotify Server, and/or any third-party server (e.g., a Google Server, such as the Google Cloud Platform ) to facilitate the aforementioned functionality and how such exchange takes place, (ii) describing in detail any creation, existence, modification, or deletion of any "queue" of one or more media items to facilitate the aforementioned functionality and how such creation, existence, modification, or deletion takes place, and (iii) the circumstances surrounding how and when the Spotify app was modified to facilitate the aforementioned functionality.*

**RESPONSE NO. 2**

In addition to the General Objections above, which are incorporated by reference in their

entirety into Spotify USA's response to this topic, Spotify USA objects to this topic on the

following bases:  Spotify USA objects to the topic on grounds that it is vague and ambiguous,

including with respect to the phrases "the Spotify app, running on a Google Display,

independently or working with other software on the Google Display," "enables a user to move

or transfer playback of Spotify content from the Google Display to one or more other Google

Media Players (e.g., by virtue of the "Spotify Connect" or Google "Cast" feature)," "describing

in detail any information that is exchanged between the Google Display, the Google Media Player(s), any Spotify Server, and/or any third-party server (e.g., a Google Server, such as the Google Cloud Platform) to facilitate the aforementioned functionality and how such exchange takes place," "describing in detail any creation, existence, modification, or deletion of any "queue" of one or more media items to facilitate the aforementioned functionality and how such creation, existence, modification, or deletion takes place," and "the circumstances surrounding how and when the Spotify app was modified to facilitate the aforementioned functionality." Spotify USA objects to the topic as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information that is not relevant to the claims or defenses made by either party to the underlying litigation, including because it is not limited to the products and services at issue or the patents and claims asserted, and because it seeks information that is publicly available or available from a less burdensome source, including Google.  Spotify USA objects to this topic to the extent it was brought for improper purposes, including that it is an improper fishing expedition and seeks information that is not related to the infringement allegations in Sonos' complaint and goes far beyond what is relevant to this dispute.  Spotify USA objects to the topic as duplicative of the other topics and duplicative of Sonos' subpoena seeking production of documents.  Spotify USA objects to the topic to the extent it seeks information that is not within the possession, custody, or control of Spotify USA.

Spotify USA further objects to the topic to the extent it seeks Spotify USA's trade secrets and other confidential commercial information concerning the functionality of the Spotify music streaming app and servers in violation of Rule 45(d)(3)(B)(i).  Spotify USA would be harmed if that information were disclosed to Sonos and Google, both of which offer services that compete with Spotify USA, and no protective order that adequately protects Spotify USA's confidential

11

information has been entered.  Further, Sonos has not provided any explanation of its substantial

need for Spotify USA's confidential commercial information, and no such need exists.  *See, e.g.*,

*Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006) ("The determination of

substantial need is particularly important in the context of enforcing a subpoena when discovery

of trade secret or confidential commercial information is sought from non-parties." (citing

*Mattel, Inc. v. Walking Mt. Prods.*, 353 F.3d 792, 814 (9th Cir. 2003))).  Spotify USA objects to

the topic to the extent it seeks information protected by confidentiality obligations Spotify USA

has to third parties.  Spotify USA objects to the topic to the extent it seeks information protected

by data privacy laws, attorney-client privilege, attorney work product doctrine, or other

applicable privileges or immunities from discovery.

Accordingly, Spotify USA will not provide a witness able to testify about the topic at this

time.


**TOPIC NO. 3**

*How the Spotify app, running on a computing device (e.g., Pixel Device or other mobile phone, tablet, laptop, etc.), independently or working with other software on the computing device, transitions the computing device from locally playing Spotify content to controlling playback of the Spotify content by a Google Media Player after moving or transferring playback of the Spotify content from the computing device to the Google Media Player (e.g., by virtue of the "Spotify Connect" or Google "Cast" feature), including but not limited to describing in detail how the computing device determines to make such a transition and how such determination takes place.*

**RESPONSE NO. 3**

In addition to the General Objections above, which are incorporated by reference in their

entirety into Spotify USA's response to this topic, Spotify USA objects to this topic on the

following bases:  Spotify USA objects to the topic on grounds that it is vague and ambiguous,

including with respect to the phrases "the Spotify app, running on a computing device (e.g., Pixel

Device or other mobile phone, tablet, laptop, etc.), independently or working with other software

on the computing device," "transitions the computing device from locally playing Spotify content to controlling playback of the Spotify content by a Google Media Player after moving or transferring playback of the Spotify content from the computing device to the Google Media Player (e.g., by virtue of the "Spotify Connect" or Google "Cast" feature)," and "describing in detail how the computing device determines to make such a transition and how such determination takes place."  Spotify USA objects to the topic as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information that is not relevant to the claims or defenses made by either party to the underlying litigation, including because it is not limited to the products and services at issue or the patents and claims asserted, and because it seeks information that is publicly available or available from a less burdensome source, including Google.  Spotify USA objects to this topic to the extent it was brought for improper purposes, including that it is an improper fishing expedition and seeks information that is not related to the infringement allegations in Sonos' complaint and goes far beyond what is relevant to this dispute.  Spotify USA objects to the topic as duplicative of the other topics and duplicative of Sonos' subpoena seeking production of documents.  Spotify USA objects to the topic to the extent it seeks information that is not within the possession, custody, or control of Spotify USA.

Spotify USA further objects to the topic to the extent it seeks Spotify USA's trade secrets and other confidential commercial information concerning the functionality of the Spotify music streaming app and servers in violation of Rule 45(d)(3)(B)(i).  Spotify USA would be harmed if that information were disclosed to Sonos and Google, both of which offer services that compete with Spotify USA, and no protective order that adequately protects Spotify USA's confidential information has been entered.  Further, Sonos has not provided any explanation of its substantial

need for Spotify USA's confidential commercial information, and no such need exists.  *See, e.g.*, *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006) ("The determination of substantial need is particularly important in the context of enforcing a subpoena when discovery of trade secret or confidential commercial information is sought from non-parties." (citing *Mattel, Inc. v. Walking Mt. Prods.*, 353 F.3d 792, 814 (9th Cir. 2003))).  Spotify USA objects to the topic to the extent it seeks information protected by confidentiality obligations Spotify USA has to third parties.  Spotify USA objects to the topic to the extent it seeks information protected by data privacy laws, attorney-client privilege, attorney work product doctrine, or other applicable privileges or immunities from discovery.

Accordingly, Spotify USA will not provide a witness able to testify about the topic at this time.

## TOPIC NO. 4

*How the Spotify app, running on a Google Display, independently or working with other software on the Google Display, transitions the Google Display from locally playing Spotify content to controlling playback of the Spotify content by one or more other Google Media Players after moving or transferring playback of the Spotify content from the computing device to the one or more other Google Media Players (e.g., by virtue of the "Spotify Connect" or Google "Cast" feature), including but not limited to describing in detail how the Google Display determines to make such a transition and how such determination takes place.*

### RESPONSE NO. 4

In addition to the General Objections above, which are incorporated by reference in their entirety into Spotify USA's response to this topic, Spotify USA objects to this topic on the following bases:  Spotify USA objects to the topic on grounds that it is vague and ambiguous, including with respect to the phrases "the Spotify app, running on a Google Display, independently or working with other software on the Google Display," "transitions the Google Display from locally playing Spotify content to controlling playback of the Spotify content by

one or more other Google Media Players after moving or transferring playback of the Spotify

content from the computing device to the one or more other Google Media Players (e.g., by

virtue of the "Spotify Connect" or Google "Cast" feature)," and "describing in detail how the

Google Display determines to make such a transition and how such determination takes place."

Spotify USA objects to the topic as overly broad, unduly burdensome, and not proportional to

the needs of the case to the extent it seeks information that is not relevant to the claims or

defenses made by either party to the underlying litigation, including because it is not limited to

the products and services at issue or the patents and claims asserted, and because it seeks

information that is publicly available or available from a less burdensome source, including

Google.  Spotify USA objects to this topic to the extent it was brought for improper purposes,

including that it is an improper fishing expedition and seeks information that is not related to the

infringement allegations in Sonos' complaint and goes far beyond what is relevant to this

dispute.  Spotify USA objects to the topic as duplicative of the other topics and duplicative of

Sonos' subpoena seeking production of documents.  Spotify USA objects to the topic to the

extent it seeks information that is not within the possession, custody, or control of Spotify USA.

Spotify USA further objects to the topic to the extent it seeks Spotify USA's trade secrets

and other confidential commercial information concerning the functionality of the Spotify music

streaming app and servers in violation of Rule 45(d)(3)(B)(i).  Spotify USA would be harmed if

that information were disclosed to Sonos and Google, both of which offer services that compete

with Spotify USA, and no protective order that adequately protects Spotify USA's confidential

information has been entered.  Further, Sonos has not provided any explanation of its substantial

need for Spotify USA's confidential commercial information, and no such need exists.  *See, e.g.*,

*Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006) ("The determination of

substantial need is particularly important in the context of enforcing a subpoena when discovery

of trade secret or confidential commercial information is sought from non-parties." (citing

*Mattel, Inc. v. Walking Mt. Prods.*, 353 F.3d 792, 814 (9th Cir. 2003))).  Spotify USA objects to

the topic to the extent it seeks information protected by confidentiality obligations Spotify USA

has to third parties.  Spotify USA objects to the topic to the extent it seeks information protected

by data privacy laws, attorney-client privilege, attorney work product doctrine, or other

applicable privileges or immunities from discovery.

Accordingly, Spotify USA will not provide a witness able to testify about the topic at this

time.

## TOPIC NO. 5A[1]

*How the Spotify service enables a Google Product (e.g., a Google Media Player or Pixel Device) to receive and then play back a sequence of media items (e.g., songs, podcast episodes, etc.), including but not limited to (i) describing in detail any communications between the Google Product and any web server (e.g., a Google Server, such as the Google Cloud Platform, or a Spotify Server) and how such communications take place, (ii) describing in detail any communications between one or more web servers (e.g., a Google Server, such as the Google Cloud Platform, or a Spotify Server) and how such communications take place, and (iii) describing in detail how any web server (e.g., Google and/or Spotify Servers) creates, updates, manages, or hosts a set of one or more media items that are scheduled for playback by the Google Product and how such creating, updating, managing, or hosting occurs.*

### RESPONSE NO. 5A

In addition to the General Objections above, which are incorporated by reference in their

entirety into Spotify USA's response to this topic, Spotify USA objects to this topic on the

following bases:  Spotify USA objects to the topic on grounds that it is vague and ambiguous,

including with respect to the phrases "the Spotify service enables a Google Product (e.g., a

Google Media Player or Pixel Device) to receive and then play back a sequence of media items

---

[1] Sonos' subpoena uses "Topic No. 5" and "Topic No. 6" twice.  Spotify USA distinguishes them with an "A" or "B."

(e.g., songs, podcast episodes, etc.)," "describing in detail any communications between the Google Product and any web server (e.g., a Google Server, such as the Google Cloud Platform, or a Spotify Server) and how such communications take place," "describing in detail any communications between one or more web servers (e.g., a Google Server, such as the Google Cloud Platform, or a Spotify Server) and how such communications take place," and "describing in detail how any web server (e.g., Google and/or Spotify Servers) creates, updates, manages, or hosts a set of one or more media items that are scheduled for playback by the Google Product and how such creating, updating, managing, or hosting occurs."  Spotify USA objects to the topic as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information that is not relevant to the claims or defenses made by either party to the underlying litigation, including because it is not limited to the products and services at issue or the patents and claims asserted, and because it seeks information that is publicly available or available from a less burdensome source, including Google.  Spotify USA objects to this topic to the extent it was brought for improper purposes, including that it is an improper fishing expedition and seeks information that is not related to the infringement allegations in Sonos' complaint and goes far beyond what is relevant to this dispute.  Spotify USA objects to the topic as duplicative of the other topics and duplicative of Sonos' subpoena seeking production of documents.  Spotify USA objects to the topic to the extent it seeks information that is not within the possession, custody, or control of Spotify USA.

Spotify USA further objects to the topic to the extent it seeks Spotify USA's trade secrets and other confidential commercial information concerning the functionality of the Spotify music streaming app and servers in violation of Rule 45(d)(3)(B)(i).  Spotify USA would be harmed if that information were disclosed to Sonos and Google, both of which offer services that compete

with Spotify USA, and no protective order that adequately protects Spotify USA's confidential information has been entered.  Further, Sonos has not provided any explanation of its substantial need for Spotify USA's confidential commercial information, and no such need exists.  *See, e.g.*, *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006) ("The determination of substantial need is particularly important in the context of enforcing a subpoena when discovery of trade secret or confidential commercial information is sought from non-parties." (citing *Mattel, Inc. v. Walking Mt. Prods.*, 353 F.3d 792, 814 (9th Cir. 2003))).  Spotify USA objects to the topic to the extent it seeks information protected by confidentiality obligations Spotify USA has to third parties.  Spotify USA objects to the topic to the extent it seeks information protected by data privacy laws, attorney-client privilege, attorney work product doctrine, or other applicable privileges or immunities from discovery.

Accordingly, Spotify USA will not provide a witness able to testify about the topic at this time.

## TOPIC NO. 6A

*How the Spotify service enables a Google Display to receive and then play back a sequence of media items (e.g., songs, podcast episodes, etc.), including but not limited to (i) describing in detail any communications between the Google Display and any web server (e.g., a Google Server, such as the Google Cloud Platform, or a Spotify Server) and how such communications take place, (ii) describing in detail any communications between one or more web servers (e.g., a Google Server, such as the Google Cloud Platform, or a Spotify Server) and how such communications take place, and (iii) describing in detail how any web server (e.g., Google and/or Spotify Servers) creates, updates, manages, or hosts a set of one or more media items that are scheduled for playback by the Google Product and how such creating, updating, managing, or hosting occurs.*

### RESPONSE NO. 6A

In addition to the General Objections above, which are incorporated by reference in their entirety into Spotify USA's response to this topic, Spotify USA objects to this topic on the following bases:  Spotify USA objects to the topic on grounds that it is vague and ambiguous,

including with respect to the phrases "the Spotify service enables a Google Display to receive and then play back a sequence of media items (e.g., songs, podcast episodes, etc.)," "describing in detail any communications between the Google Display and any web server (e.g., a Google Server, such as the Google Cloud Platform, or a Spotify Server) and how such communications take place," "describing in detail any communications between one or more web servers (e.g., a Google Server, such as the Google Cloud Platform, or a Spotify Server) and how such communications take place," and "describing in detail how any web server (e.g., Google and/or Spotify Servers) creates, updates, manages, or hosts a set of one or more media items that are scheduled for playback by the Google Product and how such creating, updating, managing, or hosting occurs."  Spotify USA objects to the topic as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information that is not relevant to the claims or defenses made by either party to the underlying litigation, including because it is not limited to the products and services at issue or the patents and claims asserted, and because it seeks information that is publicly available or available from a less burdensome source, including Google.  Spotify USA objects to this topic to the extent it was brought for improper purposes, including that it is an improper fishing expedition and seeks information that is not related to the infringement allegations in Sonos' complaint and goes far beyond what is relevant to this dispute.  Spotify USA objects to the topic as duplicative of the other topics and duplicative of Sonos' subpoena seeking production of documents.  Spotify USA objects to the topic to the extent it seeks information that is not within the possession, custody, or control of Spotify USA.

Spotify USA further objects to the topic to the extent it seeks Spotify USA's trade secrets and other confidential commercial information concerning the functionality of the Spotify music

streaming app and servers in violation of Rule 45(d)(3)(B)(i).  Spotify USA would be harmed if

that information were disclosed to Sonos and Google, both of which offer services that compete

with Spotify USA, and no protective order that adequately protects Spotify USA's confidential

information has been entered.  Further, Sonos has not provided any explanation of its substantial

need for Spotify USA's confidential commercial information, and no such need exists.  *See, e.g.*,

*Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006) ("The determination of

substantial need is particularly important in the context of enforcing a subpoena when discovery

of trade secret or confidential commercial information is sought from non-parties." (citing

*Mattel, Inc. v. Walking Mt. Prods.*, 353 F.3d 792, 814 (9th Cir. 2003))).  Spotify USA objects to

the topic to the extent it seeks information protected by confidentiality obligations Spotify USA

has to third parties.  Spotify USA objects to the topic to the extent it seeks information protected

by data privacy laws, attorney-client privilege, attorney work product doctrine, or other

applicable privileges or immunities from discovery.

Accordingly, Spotify USA will not provide a witness able to testify about the topic at this

time.


**TOPIC NO. 5B**

*The extent to which Spotify employees have used (e.g., by testing or demonstrating) the Spotify app running on a computing device (e.g., Pixel Device or other mobile phone, tablet, laptop, etc.) to move or transfer playback of Spotify content from the computing device to a Google Media Player (e.g., by virtue of the "Spotify Connect" or Google "Cast" feature), including the approximate date(s) such activity took place and who conducted or was present during such activity.*

**RESPONSE NO. 5B**

In addition to the General Objections above, which are incorporated by reference in their

entirety into Spotify USA's response to this topic, Spotify USA objects to this topic on the

following bases:  Spotify USA objects to the topic on grounds that it is vague and ambiguous,

including with respect to the phrases "extent to which Spotify employees have used (e.g., by testing or demonstrating) the Spotify app running on a computing device (e.g., Pixel Device or other mobile phone, tablet, laptop, etc.)," "move or transfer playback of Spotify content from the computing device to a Google Media Player (e.g., by virtue of the "Spotify Connect" or Google "Cast" feature)," and "the approximate date(s) such activity took place and who conducted or was present during such activity."  Spotify USA objects to the topic as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information that is not relevant to the claims or defenses made by either party to the underlying litigation, including because it is not limited to the products and services at issue or the patents and claims asserted, and because it seeks information that is publicly available or available from a less burdensome source, including Google.  Spotify USA objects to this topic as brought for improper purposes, including harassment of Spotify USA and abuse of the discovery process against a non-party to the case, because it seeks information that is not ascertainable, would be unduly burdensome to ascertain if it were possible to do so, and is irrelevant to the claims or defenses made by either party to the underlying litigation.  Spotify USA objects to the topic as duplicative of the other topics and duplicative of Sonos' subpoena seeking production of documents. Spotify USA objects to the topic to the extent it seeks information that is not within the possession, custody, or control of Spotify USA.

Spotify USA further objects to the topic to the extent it seeks Spotify USA's trade secrets and other confidential commercial information concerning the functionality of the Spotify music streaming app and servers in violation of Rule 45(d)(3)(B)(i).  Spotify USA would be harmed if that information were disclosed to Sonos and Google, both of which offer services that compete with Spotify USA, and no protective order that adequately protects Spotify USA's confidential

information has been entered.  Further, Sonos has not provided any explanation of its substantial

need for Spotify USA's confidential commercial information, and no such need exists.  *See, e.g.*,

*Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006) ("The determination of

substantial need is particularly important in the context of enforcing a subpoena when discovery

of trade secret or confidential commercial information is sought from non-parties." (citing

*Mattel, Inc. v. Walking Mt. Prods.*, 353 F.3d 792, 814 (9th Cir. 2003))).  Spotify USA objects to

the topic to the extent it seeks information protected by confidentiality obligations Spotify USA

has to third parties.  Spotify USA objects to the topic to the extent it seeks information protected

by data privacy laws, attorney-client privilege, attorney work product doctrine, or other

applicable privileges or immunities from discovery.

Accordingly, Spotify USA will not provide a witness able to testify about the topic.


**TOPIC NO. 6B**

*The extent to which Spotify users have engaged in one or more of the following: (i) downloading the Spotify app onto a computing device (e.g., Pixel Device or other mobile phone; tablet, laptop, etc.); or (ii) operating the Spotify app to move or transfer playback of Spotify content from the computing device to a Google Media Player (e.g., by virtue of the "Spotify Connect" or Google "Cast" feature).*

**RESPONSE NO. 6B**

In addition to the General Objections above, which are incorporated by reference in their

entirety into Spotify USA's response to this topic, Spotify USA objects to this topic on the

following bases:  Spotify USA objects to the topic on grounds that it is vague and ambiguous,

including with respect to the phrases "downloading the Spotify app onto a computing device

(e.g., Pixel Device or other mobile phone; tablet, laptop, etc.)" and "operating the Spotify app to

move or transfer playback of Spotify content from the computing device to a Google Media

Player (e.g., by virtue of the "Spotify Connect" or Google "Cast" feature)."  Spotify USA objects

to the topic as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information that is not relevant to the claims or defenses made by either party to the underlying litigation, including because it is not limited to the products and services at issue or the patents and claims asserted, and because it seeks information that is publicly available or available from a less burdensome source, including Google. Spotify USA objects to this topic as brought for improper purposes, including harassment of Spotify USA and abuse of the discovery process against a non-party to the case, because it seeks information that is not ascertainable, would be unduly burdensome to ascertain if it were possible to do so, and is irrelevant to the claims or defenses made by either party to the underlying litigation. Spotify USA objects to the topic as duplicative of the other topics and duplicative of Sonos' subpoena seeking production of documents. Spotify USA objects to the topic to the extent it seeks information that is not within the possession, custody, or control of Spotify USA.

Spotify USA further objects to the topic to the extent it seeks Spotify USA's trade secrets and other confidential commercial information concerning the usage performance of the Spotify music streaming app and Spotify USA's proprietary research on consumer behavior in violation of Rule 45(d)(3)(B)(i). Spotify USA would be harmed if that information were disclosed to Sonos and Google, both of which offer services that compete with Spotify USA, and no protective order that adequately protects Spotify USA's confidential information has been entered. Further, Sonos has not provided any explanation of its substantial need for Spotify USA's confidential commercial information, and no such need exists. *See, e.g.*, *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006) ("The determination of substantial need is particularly important in the context of enforcing a subpoena when discovery of trade secret or confidential commercial information is sought from non-parties." (citing *Mattel, Inc. v. Walking*

*Mt. Prods.*, 353 F.3d 792, 814 (9th Cir. 2003))).  Spotify USA objects to the topic to the extent it

seeks information protected by confidentiality obligations Spotify USA has to third parties.

Spotify USA objects to the topic to the extent it seeks information protected by data privacy

laws, attorney-client privilege, attorney work product doctrine, or other applicable privileges or

immunities from discovery.

Accordingly, Spotify USA will not provide a witness able to testify about the topic.

## TOPIC NO. 7

*The monetary value to Spotify, in the aggregate and on a per-user basis, of the Spotify app incorporating functionality that enables a user to move or transfer playback of Spotify content from a computing device to a Google Media Player (e.g., by virtue of the "Spotify Connect" or Google "Cast" feature).*

### RESPONSE NO. 7

In addition to the General Objections above, which are incorporated by reference in their

entirety into Spotify USA's response to this topic, Spotify USA objects to this topic on the

following bases:  Spotify USA objects to the topic on grounds that it is vague and ambiguous,

including with respect to the phrases "monetary value to Spotify, in the aggregate and on a per-

user basis" and "the Spotify app incorporating functionality that enables a user to move or

transfer playback of Spotify content from a computing device to a Google Media Player (e.g., by

virtue of the "Spotify Connect" or Google "Cast" feature)."  Spotify USA objects to the topic as

overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks information that is not relevant to the claims or defenses made by either party to the

underlying litigation, including because it is not limited to the products and services at issue or

the patents and claims asserted, and because it seeks information that is publicly available or

available from a less burdensome source, including Google.  Spotify USA objects to this topic as

brought for improper purposes, including harassment of Spotify USA and abuse of the discovery

process against a non-party to the case, because it seeks information that is not ascertainable, would be unduly burdensome to ascertain if it were possible to do so, and is irrelevant to the claims or defenses made by either party to the underlying litigation.  Spotify USA objects to the topic as duplicative of the other topics and duplicative of Sonos' subpoena seeking production of documents.  Spotify USA objects to the topic to the extent it seeks information that is not within the possession, custody, or control of Spotify USA.

Spotify USA further objects to the topic to the extent it seeks Spotify USA's trade secrets and other confidential commercial information concerning the usage performance of the Spotify music streaming app and Spotify USA's proprietary research on consumer behavior in violation of Rule 45(d)(3)(B)(i).  Spotify USA would be harmed if that information were disclosed to Sonos and Google, both of which offer services that compete with Spotify USA, and no protective order that adequately protects Spotify USA's confidential information has been entered.  Further, Sonos has not provided any explanation of its substantial need for Spotify USA's confidential commercial information, and no such need exists.  *See, e.g.*, *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006) ("The determination of substantial need is particularly important in the context of enforcing a subpoena when discovery of trade secret or confidential commercial information is sought from non-parties." (citing *Mattel, Inc. v. Walking Mt. Prods.*, 353 F.3d 792, 814 (9th Cir. 2003))).  Spotify USA objects to the topic to the extent it seeks information protected by confidentiality obligations Spotify USA has to third parties. Spotify USA objects to the topic to the extent it seeks information protected by data privacy laws, attorney-client privilege, attorney work product doctrine, or other applicable privileges or immunities from discovery.

Accordingly, Spotify USA will not provide a witness able to testify about the topic.

Date: October 12, 2021

/Zachary P. Piccolomini/
Zachary P. Piccolomini
Michael N. Rader
Stuart V. C. Duncan Smith
zachary.piccolomini@wolfgreenfield.com
michael.rader@wolfgreenfield.com
sduncansmith@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
617.646.8000 Phone
617.646.8646 Fax

*Counsel for Spotify USA Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2021, I caused a true and accurate copy of the

foregoing document to be served by email, upon the following:

Cole Richter
Lee Sullivan Shea & Smith LLP
656 W. Randolph St. Floor 5W
Chicago, IL 60661
richter@ls3ip.com
(312) 754-9602

*Counsel for Sonos, Inc.*

/Zachary P. Piccolomini/
Zachary P. Piccolomini