CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
croberts@orrick.com
BAS DE BLANK (STATE BAR NO. 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (STATE BAR NO. 260103)
acaridis@orrick.com
EVAN D. BREWER (STATE BAR NO. 304411)
ebrewer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:     +1 415 773 5700
Facsimile:     +1 415 773 5759

GEORGE I. LEE (admitted *pro hac vice*)
lee@ls3ip.com
SEAN M. SULLIVAN (admitted *pro hac vice*)
sullivan@ls3ip.com
RORY P. SHEA (admitted *pro hac vice*)
shea@ls3ip.com
J. DAN SMITH (admitted *pro hac vice*)
smith@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:     +1 312 754 0002
Facsimile:     +1 312 754 0003

*Attorneys for Defendant*
SONOS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Google LLC,<br><br>             Plaintiff,<br><br>     v.<br><br>Sonos, Inc.,<br><br>             Defendant. | Case No. 3:20-cv-03845-EMC<br><br>**DEFENDANT SONOS, INC.'S NOTICE OF UNOPPOSED MOTION AND UNOPPOSED MOTION FOR ISSUANCE OF A HAGUE CONVENTION LETTER OF REQUEST TO OBTAIN EVIDENCE IN SWITZERLAND FROM THE DVB PROJECT**<br><br>Date:      December 9, 2021<br>Time:     1:30 p.m.<br>Place:    Courtroom 5, 17th Floor<br>Judge:   Hon. Edward M. Chen |

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

SONOS'S MOTION FOR LETTER OF
REQUEST TO THE DVB PROJECT
3:20-cv-03845-EMC

1     PLEASE TAKE NOTICE that on December 9, 2021, at 1:30 p.m., or as soon thereafter as this matter can be heard before the Honorable Judge Edward M. Chen in Courtroom 5, 17th floor, United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Sonos, Inc. ("Sonos") shall and hereby does move the Court to issue the accompanying Letter Rogatory to the Central Authority of Switzerland pursuant to the Hague Convention on The Taking of Evidence Abroad in Civil or Commercial Matters of 18 March 1970, 23 U.S.T. 2555 (1970) ("Hague Evidence Convention"), reproduced at 28 U.S.C. § 1781, so that Sonos may obtain highly relevant evidence from the DVB Project, a standards consortium headquartered in Switzerland, for use in this proceeding. Pursuant to 28 U.S.C. § 1781(b)(2), the Court may sign a letter of request seeking the assistance of a foreign court in collecting evidence overseas. The United States and Switzerland are both contracting parties to the Hague Evidence Convention, expressing their mutual commitment to provide evidence for use in other countries' legal proceedings. Sonos moves based on this notice of motion and the supporting memorandum of points and authorities, set forth below, and such other written or oral argument as Sonos may present to the Court.

    Plaintiff Google LLC has indicated that it does not oppose this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### BACKGROUND

Plaintiff Google LLC ("Google") filed this suit against Sonos on June 11, 2020, asserting that Sonos infringes several patents including U.S. Patent No. 7,899,187 (the "'187 patent"). Sonos answered Google's complaint on November 16, 2020, and asserted several defenses to the allegations related to the '187 patent, including that the asserted claims of the '187 patent are anticipated and/or rendered obvious by certain prior art and are thus invalid. Sonos, in its invalidity contentions, identified several prior art references that anticipate and/or render obvious the asserted claims of the '187 patent including a non-patent publication titled Nokia Proposal for DVB Content Protection & Copy Management Technologies Version 1.0 by Nokia Corporation and dated October 19, 2001 (the "Nokia Proposal").

The Nokia Proposal indicates that it was drafted by October 19, 2001 and submitted as a response to the DVB-CPT Call for Proposals for Content Protection and Copy Management Technologies (the "Call for Proposals"). *See* Nokia Corporation, *Proposal for DVB Content Protection & Copy Management Technologies, Version 1.0* (Anderson Decl. Ex. 3) at 9. The Call for Proposals was a call for proposals issued by the DVB Project, which is "a consortium of around 300 companies in the fields of Broadcasting, Manufacturing, Network Operation and Regulatory matters that have come together to establish common international standards for the move from analogue to digital broadcasting." The DVB Project, DVB Technical Module Sub-Group on Copy Protection Technologies, *Call for Proposals for Content Protection & Copy Management Technologies, Revision 1.2* (Anderson Decl. Ex. 2) at 1-2. The DVB Project Office was and is located in Geneva, Switzerland. *See Id.* at 2; *Contact - DVB*, https://dvb.org/about/contact/ (last visited October 18, 2021) (Anderson Decl. Ex. 4).

### ARGUMENT

Pursuant to 28 U.S.C. § 1781(b)(2), the Court may sign a letter of request seeking the assistance of a foreign court for collecting evidence in Switzerland. Courts "routinely issue such letters" upon "a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence." *Netherby Ltd. v. Jones Apparel Grp., Inc.*, No. 04 Civ. 7028

(GEL), 2005 WL 1214345, at *1 (S.D.N.Y. May 18, 2005). "Judges in this district have held that motions requesting issuance of a letter of request or letter rogatory should generally be granted and that '[t]he opposing party must show good reason for a court to deny an application for a letter rogatory.'" *Gardner v. Starkist Co.*, No. 19-cv-02561-WHO, 2021 WL 303426, at *2 (N.D. Cal. Jan. 29, 2021) (quoting *SEC v. Leslie*, No. C 07-03444 JF (PVT), 2009 WL 688836, at *2 (N.D. Cal. Mar. 16, 2009)). Google does not object to Sonos's application for the letter rogatory. Further, the evidence sought by Sonos's application is directly relevant to the merits of the case.

Sonos argues that the asserted patents are invalid for several reasons, including that they are anticipated or rendered obvious by prior art. Specific to the Letter of Request Sonos now seeks, Sonos argues that asserted United States Patent No. 7,899,187 is anticipated or at least rendered obvious by the Nokia Proposal. It is Sonos's belief that the Nokia Proposal was drafted, submitted to the DVB Project, and made available to hundreds—if not more—of interested organizations around the world by October or November of 2001. *See* Anderson Decl. Ex. 3 at 2, 9; Anderson Decl. Ex. 2 at 2, 9.

Sonos seeks evidence that will be directly relevant to showing the status of the Nokia Proposal as prior art under 35 U.S.C. § 102. Specifically, Sonos seeks the following documents, as also reflected in the Letters of Request:

- Meeting minutes for meetings held for the years starting 1999 and ending 2002 regarding the Nokia Proposal, including the list of attendees at each meeting.
- The list of members of The DVB Project for the years starting 1999 and ending 2002.
- Documents showing when The DVB Project received the Nokia Proposal.
- Documents showing The DVB Project's storage (electronically and physically, as applicable) of the Nokia Proposal, including metadata for "File: DVB-CPT-710r1.0.doc".
- Emails received by or sent from The DVB Project conveying or discussing the Nokia Proposal.
- Documents sufficient to show how The DVB Project stores, retains, disseminates,

and has made available the Nokia Proposal.

- Communications between The DVB Project and Nokia concerning the Nokia Proposal.

- Documents related to the Nokia Proposal distributed or shown at the PROPOSAL MEETINGS[1] to members of The DVB Project and attendees at the PROPOSAL MEETINGS, including any presentation material shown or distributed.

- Documents showing what each member of The DVB Project or attendee at the PROPOSAL MEETINGS received in connection with the PROPOSAL MEETINGS and related to the Nokia Proposal.

- Documents showing attendance at the PROPOSAL MEETINGS.

- Documents sufficient to show the availability, distribution, and accessibility of responses to the Call for Proposals.

Sonos seeks testimonial evidence from Peter MacAvock, Chairman of the Steering Board for The DVB Project, regarding the following topics, as also reflected in the Letters of Request:

- The authenticity of any and all documents produced by The DVB Project in response to Sonos's document requests in Sonos's Letters of Request.

- The contents of any and all documents produced by The DVB Project in response to Sonos's document requests in Sonos's Letters of Request.

- The search for and collection of documents in response to Sonos's document requests in Sonos's Letters of Request.

- The receipt, storage, dissemination, or publication of any documents produced by The DVB Project in response to Sonos's document requests in Sonos's Letters of Request.

The evidence Sonos seeks is specifically targeted to prove the status of the Nokia Proposal as prior art under 35 U.S.C. § 102. For example, whether a reference is a "printed publication" within the meaning of 35 U.S.C. § 102 turns on whether it was accessible such that

---

[1] PROPOSAL MEETINGS refer to "Proposers Presentation" to the DVB CPT meeting in Geneva Switzerland held on November 13-15, 2001 that is referenced at Page 9 of Revision 1.2 of the Call for Proposals. *See* Anderson Decl. Ex. 2 at 9.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 4 -

SONOS'S MOTION FOR LETTER OF
REQUEST TO THE DVB PROJECT
3:20-CV-03845-EMC

"persons interested and ordinarily skilled in the subject matter or art exercising reasonable diligence, can locate it." *See GoPro, Inc. v. Contour IP Holding LLC*, 908 F.3d 690, 693-94 (Fed. Cir. 2018) (quoting *Blue Calypso, LLC v. Groupon, Inc.*, 815 F.3d 1331, 1348 (Fed. Cir. 2016) (quoting *Kyocera Wireless Corp. v. Int'l Trade Comm'n*, 545 F.3d 1340, 1350 (Fed. Cir. 2008))). Sonos seeks information precisely regarding this issue: how and to whom the DVB Project made available the responses to the Call for Proposals, and specifically the Nokia Proposal.

Furthermore, as this Court has acknowledged, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Gardner*, 2021 WL 303426, at *2 (quoting Fed. R. Civ. P. 26(b)). Sonos seeks business records (documents and communications) from the DVB Project regarding the receipt, storage, and dissemination of DVB Project documents relevant to the Nokia Proposal, as well as documents regarding the membership of the DVB Project, all of which Sonos understands the DVB Project keeps in the course of its regularly conducted business activity. Clearly such evidence is relevant—showing the prior art status of the Nokia Proposal—and admissible at least as business records. *See* Fed. R. Evid. 401, 803(6). Even if it were not, such information may reasonably lead to relevant and admissible business records.

## CONCLUSION

For the foregoing reasons, the Court should date and sign with the seal of the Court the Letters Rogatory attached as Exhibit 1.

Dated: October 26, 2021

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Shane D. Anderson*
Shane D. Anderson (State Bar No. 313145)
Attorney for Defendant
SONOS, INC.