1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

9

Google LLC,

Case No. 3:20-cv-03845

10
11
               Plaintiff,

**REQUEST FOR INTERNATIONAL
JUDICIAL ASSISTANCE PURSUANT
TO HAGUE CONVENTION OF 18
MARCH 1970 ON THE TAKING OF
EVIDENCE ABROAD IN CIVIL OR
COMMERCIAL MATTERS**

12
       v.

13
14
Sonos, Inc.,

15
16
               Defendant.

17
18

**LETTER OF REQUEST**

19
*Request for International Judicial Assistance*

20
*Pursuant to the Hague Convention of 18 March 1970 on*

21
*the Taking of Evidence in Civil or Commercial Matters*

22
By the United States District Court,

23
Northern District of California

24
Hon. Edward M. Chen

25
26
27
28

**TO THE APPROPRIATE JUDICIAL AUTHORITY OF SWITZERLAND:**

The United States District Court for the Northern District of California presents its compliments to the appropriate judicial authority of the Tribunal civil - Tribunal de première instance, and requests international judicial assistance to obtain documents and things concerning a proposal submitted by Nokia Corporation to the DVB Project, which is located at:

> DVB Project Office
> c/o EBU
> L'Ancienne-Route 17A
> 1218 Le Grand-Saconnex / Geneva
> Switzerland

This Court additionally requests international judicial assistance to obtain testimonial evidence regarding the proposal submitted by Nokia Corporation to the DVB Project and related documents from:

> Peter MacAvock
> Chairman of the Steering Board
> The DVB Project
> L'Ancienne-Route 17A
> 1218 Le Grand-Saconnex, Geneva
> Switzerland

This Court requests the assistance described herein pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, as adopted and implemented in the United States of America at 28 U.S.C. §§ 1781 and 1782, and is directly applicable in Switzerland. The United States District Court for the Northern District of California is a competent court of law and equity which properly has jurisdiction over this proceeding, and has the power to compel the attendance of witnesses and production of documents both within and outside its jurisdiction.

The documents and things are intended for use in Google LLC v. Sonos, Inc. Case No. 3:20-cv-03845-EMC (NDCA), and in the view of this Court will be highly relevant to the alleged claims of patent infringement and alleged invalidity of at least one patent asserted in this action.

This request is made with the understanding that it will in no way require any person to commit any offense, or to undergo a broader form of inquiry than he or she would if the litigation were conducted in Switzerland. In the proper exercise of its authority, this Court has determined that the documents and things cannot be secured except by the intervention of the Tribunal civil - Tribunal de première instance.

**1. Sender**

The Honorable Edward M. Chen
United States District Judge
United States District Court for the Northern District of California
San Francisco Courthouse, Courtroom 5 – 17th Floor
450 Golden Gate Avenue
San Francisco, California 94102
USA

**2. Central Authority of the Requested State**

Tribunal civil - Tribunal de première instance
Rue de l'Athénée 6-8, Case postale 3736
1211 Genève 3
Switzerland
Tel: +41 22 327 66 30
Email: tpi.securise@justice.ge.ch

**3. Person to whom the executed request is to be returned**

This Court respectfully requests that the executed request be returned to this Court, the representatives of the parties indicated below, the witnesses from whom the evidence is requested as indicated below, such other person(s) that you deem proper, and Sonos, Inc.'s representative in Switzerland:

Vanessa Liborio
*Orrick Herrington & Sutcliffe LLP*
3, Rue Francois Bellot
Geneva, 1206
Switzerland
Telephone: +41 22 787 4024
Email: vliborio@orrick.com

**4. Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request**

A response to this Letter Rogatory is requested by January 21, 2022, or as soon thereafter as is reasonable possible.

**5. IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:**

**a. Requesting judicial authority (article 3(a))**

The Honorable Judge Edward M. Chen
United States District Judge
United States District Court for the Northern District of California
San Francisco Courthouse, Courtroom 5 – 17th Floor
450 Golden Gate Avenue
San Francisco, California 94102
USA

**b. To the competent authority of (article 3(a))**

Switzerland

**c. Name of case and identifying number**

*Google LLC v. Sonos, Inc.*, Case No. 3:20-cv-03845-EMC, United States District Court for the Northern District of California

**6. Names and addresses of the parties and their representatives (including representatives in the requesting state) (article 3(b))**

**a. Plaintiff**

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043
USA

Representatives
*Quinn Emanuel Urquhart & Sullivan LLP*
Charles K. Verhoeven
50 California Street, 22nd Floor
San Francisco, California 94111-4788
USA
Telephone: +1 (415) 875-6600
Facsimile: +1 (415) 875-6700
Email: charlesverhoeven@quinnemanuel.com

David A. Nelson
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
USA
Telephone: +1 (312) 705-7400
Facsimile: +1 (312) 705-7401
Email: davidnelson@quinnemanuel.com

**b. Defendant**

Sonos, Inc.
614 Chapala Street
Santa Barbara, California 93101
USA

Representatives
*Orrick Herrington & Sutcliffe LLP*
Clement S. Roberts
405 Howard Street
San Francisco, California 94105
USA
Telephone: +1 (415) 773-5700
Facsimile: +1 (415) 773-5759
Email: croberts@orrick.com

Alyssa Caridis
777 South Figueroa Street, Suite 3200
Los Angeles, California 90017
USA
Telephone: +1 (213) 629-2020
Facsimile: +1 (213) 612-2499
Email: acaridis@orrick.com

Vanessa Liborio
3, Rue Francois Bellot
Geneva, 1206
Switzerland
Telephone: +41 22 787 4024
Email: vliborio@orrick.com

*Lee Sullivan Shea & Smith LLP*
George I. Lee
Sean M. Sullivan
Rory P. Shea
J. Dan Smith
656 W Randolph St., Floor 5W
Chicago, Illinois 60661
USA
Telephone: +1 (312) 754-0002
Facsimile: +1 (312) 754-0003
Email: lee@ls3ip.com
Email: sullivan@ls3ip.com
Email: shea@ls3ip.com
Email: smith@ls3ip.com

**c. Other Parties**

<u>Acting Commissioner</u>

Dr. Franz X. Stirnimann Fuentes, LL.M.
STIRNIMANN FUENTES Dispute Resolution
Route de Malagnou 6
1208 Geneva, Switzerland
Telephone: +41 22 552 04 24
Email: fxs@stirnimannfuentes.com

**7.**

**a. Nature of the proceedings (divorce, paternity, breach of contract, product liability, etc.) (article 3(c))**

Civil action alleging patent infringement under the patent laws of the United States.

**b. Summary of complaint**

On June 11, 2020, Google LLC ("Google") filed a lawsuit against Sonos, Inc. ("Sonos") alleging that Sonos infringes several of Google's patents, including United States Patent Number 7,899,187 (the "'187 Patent"). Sonos maintains that it has not and does not infringe any of the patents Google as asserted against Sonos and in fact the asserted patents are invalid for various reasons including that they are rendered anticipated or obvious in light of prior art.

**c. Summary of defenses and counterclaims**

The DVB Project is a Geneva-based industry-led consortium that designs open technical specifications for digital media delivery. Nokia Corporation submitted a proposal (the "Nokia Proposal") to the DVB Project during the process of designing such a specification.

As specifically relevant to the requests, Sonos alleges that asserted United States Patent Number 7,899,187 is invalid for several reasons including on the basis that the Nokia Proposal predates the asserted patent and discloses a system that shows one or more of the elements of the claims of the '187 Patent.

The DVB Project maintains the information regarding receipt, storage, and distribution of the Nokia Proposal, which is information that will be used to show that the Nokia Proposal is prior art to the '187 Patent.

**d. Other necessary information or documents**

Attached to ANNEXES A and B as Attachment 1 is a copy of the Protective Order governing the production and disclosure of confidential information in connection with this legal proceeding. Any confidential documents or testimony provided would be protected from public disclosure under the terms of this Protective Order.

**8.**

**a. Evidence to be obtained or other judicial act to be performed (article 3(d))**

Sonos requests documents and testimony that show the circumstances surrounding the submission, availability to members of the DVB Project and public, and dissemination of the proposal submitted by Nokia to the DVB Project titled "Nokia Proposal for DVB Content Protection & Copy Management Technologies" dated October 15, 2001 ("DVB Nokia Proposal"). The documents and testimony Sonos seeks is described in ANNEXES A and B.

Sonos pursued several avenues in an attempt to obtain the requested evidence from the DVB Project. First, counsel for Sonos directly contacted the DVB Project and discussed whether the DVB Project would provide the documents proactively. Sonos was unable to obtain the evidence directly from the DVB Project on a voluntary basis. Sonos then served a subpoena upon the DVB Project via Carter Eltzroth, Legal Director of the DVB Project, at his home in Massachusetts, USA. Mr. Eltzroth informed counsel for Sonos that the proper method of service of our requests "is through the mechanisms offered by the Hague Convention." Upon this urging from Legal Director of the DVB Project, counsel for Sonos now seeks the requested evidence via the Hague Evidence Convention.

**b. Purpose of the evidence or judicial act sought**

The evidence will be used to show, as is required under United States Patent Law, that the DVB Nokia Proposal is prior art and thus may be used to show that the '187 Patent lacks patentability (i.e., is rendered anticipated and/or obvious under United States Patent Law).

The evidence requested in ANNEXES A and B is materially relevant to the outcome of the proceeding in the United States as it provides information that will show whether the Nokia Proposal qualifies as prior art to the '187 Patent under the laws of the United States. In showing the Nokia Proposal qualifies as prior art the'187 Patent, the age, non-confidential disclosure, and public accessibility of the Nokia Proposal will be examined. This requires showing the Nokia Proposal was, before the priority date, submitted to the DVB Project in a non-confidential manner and/or disseminated or otherwise made available such that persons interested and ordinarily skilled in the subject matter or art, exercising reasonable diligence, could locate it. The requests above will indicate when and to whom the DVB Project received on a non-confidential basis, maintained, disseminated and/or made available the Nokia Proposal.

**9. Identity and address of any person to be examined (article 3(e))**

Peter MacAvock
Chairman of the Steering Board
The DVB Project
L'Ancienne-Route 17A
1218 Le Grand-Saconnex, Geneva
Switzerland

**10. Questions to be put to the persons to be examined or statement of the subject matter about which they are to be examined (article 3(f))**

*See* ANNEX B.

**11. Documents or other property to be inspected (article 3(g))**

*See* ANNEX A.

**12. Any requirement that the evidence be given on oath or affirmation and any special form to be used (article 3(h))**

This Court respectfully requests that testimony be provided, and examination be conducted, under oath.

**13. Special methods or procedure to be followed (articles 3(i) and 9)**

This Court respectfully requests that the Central Authority direct Peter MacAvock to appear on or before January 31, 2022, at Orrick Herrington & Sutcliffe LLP's Geneva, Switzerland, office at 3, Rue Francois Bellot, Geneva, 1206, Switzerland, or at a time and place otherwise mutually agreed upon by the parties and witness.

This Court further respectfully requests that:
1) The examination be taken orally;
2) The examination be taken before a stenographer and videographer selected by Sonos, Inc.
3) The videographer be permitted to record the examination by audiovisual means;
4) The stenographer be allowed to record a verbatim transcript of the examination;
5) The examination be conducted in English, or, if necessary, with the assistance of an interpreter selected by Sonos, Inc.;
6) If the examination is conducted through an interpreter, verbatim transcripts of the proceeding in both English and French may be permitted;
7) The witness be examined for no more than seven hours of testimony;
8) The witness be examined as soon as possible; and
9) The above-mentioned U.S. counsel for Google and Sonos, and Switzerland counsel retained by the parties, be permitted to participate in the examinations, by attending the testimony of the witnesses either in person or by videolink and be permitted to examine and cross-examine the witnesses.

If the evidence cannot be taken according to some or all of the procedures described above, this Court requests that it be taken in such manner as provided by the laws of Switzerland for the formal taking of testimonial evidence. Costs incurred in relation to the deposition examination (court reporter, video recorder, simultaneous translation) shall be at Sonos, Inc.'s expense.

This Court also requests that the DVB Project produce the documents listed in ANNEX A to this Letter of Request at least fifteen (15) days prior to the examination of Peter MacAvock.

**14. Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (article 7)**

This Court respectfully requests that you notify this Court, the representatives of the parties indicated above, the witness from whom evidence is requested as indicated above, and such other person(s) that you deem proper.

**15. Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (article 8)**

No attendance of judicial personnel of the requesting authority is requested.

**16. Specification of privilege or duty to refuse to give evidence under the law of the State of origin (article 11(b))**

Under the laws of the United States witnesses may refuse to produce evidence on the basis that it constitutes a confidential communication between a lawyer and a client for the purpose of giving or receiving legal advice, and that privilege has not been waived. United States law also recognizes a privilege against criminal self-incrimination. Other limited privileges exist that are not likely applicable in this case, such as communications between doctors and patients, husbands and wives, and clergy and penitents. Other certain immunities may also exist such as the limited protection of work product created by attorneys during or in anticipation of litigation.

**17. The fees and costs incurred which are reimbursable under the second paragraph of article 14 or under article 26 of the Convention will be borne by**

Sonos, Inc.

**18. Date of Request**

_____

The Signature and Seal of Requesting Authority:

_____

The Honorable Edward M. Chen
United States District Judge
Northern District of California

**ANNEX A – Requests for Documents or Other Property to be Inspected (article 3(g))**

As used below the term "THE DVB" means The DVB Project and its past or present officers, directors, employees, counsel, agents, representatives, or other persons under its control, any predecessor or successor whether incorporated or not, any division, subsidiary, affiliate or parent company thereof, and those persons in active concert or participation with it or them.

As used below the term "NOKIA" shall mean Nokia Corporation and its past or present officers, directors, employees, counsel, agents, representatives, or other persons under its control, any predecessor or successor whether incorporated or not, any division, subsidiary, affiliate or parent company thereof, and those persons in active concert or participation with it or them.

As used below the term "CALL FOR PROPOSALS" refers to the document the DVB Technical Module Sub-Group on Copy Protection Technologies of The DVB Project promulgated on or around July 5, 2001, entitled Call For Proposals for Content Protection & Copy Management Technologies, and the series of documents of which this document is one revision.

As used below the term "PROPOSAL MEETINGS" refers to the proposers presentation to the DVB CPT meeting in Geneva Switzerland held on November 13-15, 2001 that is referenced at Page 9 of Revision 1.2 of the CALL FOR PROPOSALS.

As used below the term "NOKIA PROPOSAL" refers to the document NOKIA submitted on or around October 19, 2001, to the DVB Project and titled Nokia Proposal for DVB Content Protection & Copy Management Technologies, and any other documents NOKIA submitted to the DVB Project in response to the CALL FOR PROPOSALS, and the series of documents of which this document is or may be one revision.

Documents or other property to be inspected:
1. Meeting minutes for meetings held for the years starting 1999 and ending 2002 regarding the NOKIA PROPOSAL, including the list of attendees at each meeting. (These documents are requested to show what persons or entities had access to the NOKIA PROPOSAL and will thus provide information relevant to proving the prior art status of the NOKIA PROPOSAL).
2. The list of members of THE DVB for the years starting 1999 and ending 2002. (These documents are requested to show what persons or entities had access to documents stored by THE DVB, which includes the NOKIA PROPOSAL, and will thus provide information relevant to proving the prior art status of the NOKIA PROPOSAL).
3. Documents showing when THE DVB received the NOKIA PROPOSAL. (These documents are requested to show the age of the NOKIA PROPOSAL and will thus provide information relevant to proving the prior art status of the NOKIA PROPOSAL).
4. Documents showing THE DVB's storage (electronically and physically, as applicable) of the NOKIA PROPOSAL, including metadata for "File: DVB-CPT-710r1.0.doc". (These documents are requested to show the age and manner of maintenance of the NOKIA PROPOSAL and will thus provide information relevant to proving the prior art status of the NOKIA PROPOSAL).

5. Emails received by or sent from THE DVB conveying or discussing the NOKIA PROPOSAL. (These documents are requested to show what persons or entities had access to the NOKIA PROPOSAL as well as the age of the NOKIA PROPOSAL and will thus provide information relevant to proving the prior art status of the NOKIA PROPOSAL).

6. Documents sufficient to show how THE DVB stores, retains, disseminates, and has made available the NOKIA PROPOSAL. (These documents are requested to show what persons or entities had access to the NOKIA PROPOSAL and will thus provide information relevant to proving the prior art status of the NOKIA PROPOSAL).

7. Communications between THE DVB and NOKIA concerning the NOKIA PROPOSAL. (These documents are requested to show what persons or entities had access to the NOKIA PROPOSAL as well as the age of the NOKIA PROPOSAL and will thus provide information relevant to proving the prior art status of the NOKIA PROPOSAL).

8. Documents related to the NOKIA PROPOSAL distributed or shown at the PROPOSAL MEETINGS to members of THE DVB and attendees at the PROPOSAL MEETINGS, including any presentation material shown or distributed. (These documents are requested to show what persons or entities had access to the NOKIA PROPOSAL and will thus provide information relevant to proving the prior art status of the NOKIA PROPOSAL).

9. Documents showing what each member of THE DVB or attendee at the PROPOSAL MEETINGS received in connection with the PROPOSAL MEETINGS and related to the NOKIA PROPOSAL. (These documents are requested to show what persons or entities had access to the NOKIA PROPOSAL and will thus provide information relevant to proving the prior art status of the NOKIA PROPOSAL).

10. Documents showing attendance at the PROPOSAL MEETINGS. (These documents are requested to show what persons or entities had access to the NOKIA PROPOSAL and will thus provide information relevant to proving the prior art status of the NOKIA PROPOSAL).

11. Documents sufficient to show the availability, distribution, and accessibility of responses to the CALL FOR PROPOSALS. (These documents are requested to show what persons or entities had access to responses to the CALL FOR PROPOSALS, which includes the NOKIA PROPOSAL, and will thus provide information relevant to proving the prior art status of the NOKIA PROPOSAL).

**ANNEX B – Questions to be put to the persons to be examined or statement of the subject matter about which they are to be examined (article 3(f))**

As used below the term "THE DVB" means The DVB Project and its past or present officers, directors, employees, counsel, agents, representatives, or other persons under its control, any predecessor or successor whether incorporated or not, any division, subsidiary, affiliate or parent company thereof, and those persons in active concert or participation with it or them.

As used below the term "SONOS" means Sonos, Inc.

Topics of Examination:

1. The authenticity of any and all documents produced by THE DVB in response to SONOS's requests in ANNEX A.
2. The contents of any and all documents produced by THE DVB in response to SONOS's requests in ANNEX A.
3. The search for and collection of documents in response to SONOS's document requests in ANNEX A.
4. The receipt, storage, dissemination, or publication of any documents produced by THE DVB in response to SONOS's requests in ANNEX A.

# ATTACHMENT 1
# (PROTECTIVE ORDER)

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

  David A. Nelson (admitted *pro hac vice*)
  davidnelson@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Attorneys for GOOGLE LLC

CLEMENT SETH ROBERTS (Bar No. 209203)
croberts@orrick.com
BAS DE BLANK (Bar No. 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (Bar No. 260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759

GEORGE I. LEE (admitted *pro hac vice*)
lee@ls3ip.com
SEAN M. SULLIVAN (admitted *pro hac vice*)
sullivan@ls3ip.com
RORY P. SHEA (admitted *pro hac vice*)
shea@ls3ip.com
J. DAN SMITH (admitted *pro hac vice*)
smith@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone: +1 312 754 0002
Facsimile: +1 312 754 0003

Attorneys for SONOS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE LLC,<br><br>               Plaintiff,<br><br>     v.<br><br>SONOS, INC.,<br><br>               Defendant. | Case No. 3-20-CV-03845-EMC<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**JURY TRIAL DEMANDED** |

## I.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated

Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 14.5, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

## II. DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designated House Counsel: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".

2.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as

a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items:  extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10    House Counsel:  attorneys who are members in good standing of at least one state bar, who are employees of a Party, and who have responsibility for managing this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a Party and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.13    Party:  any party to this action.

2.14    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium, and professional jury or trial consultants) and their employees and subcontractors, who (1) have been retained by a Party or its

counsel to provide litigation support services with respect to this action, (2) are (including any employees and subcontractors) not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, are not anticipated to become an employee of a Party or of a Party's competitor.

2.16    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17    Receiving Party:  a Party that receives Disclosure or Discovery Material.

## III.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

## IV.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) entry of a final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## V. DESIGNATING PROTECTED MATERIAL

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other Parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants

copied and produced, the Producing Party must determine which documents qualify for protection

under this Order.  Then, before producing the specified documents, the Producing Party must affix

the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains

Protected Material.

               (b)     for testimony given in deposition or in other pretrial or trial proceedings,

that the Designating Party when practical identify on the record, before the close of the deposition,

hearing, or other proceeding, all protected testimony and specify the level of protection being

asserted.  When it is impractical to identify separately each portion of testimony that is entitled to

protection and it appears that substantial portions of the testimony may qualify for protection, the

Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is

concluded) a right to have up to 21 days to identify the specific portions of the testimony as to

which protection is sought and to specify the level of protection being asserted.  Only those

portions of the testimony that are appropriately designated for protection within the 21 days shall

be covered by the provisions of this Stipulated Protective Order.  Alternatively, a Designating

Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked,

that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

      Parties shall give the other Parties reasonable notice (a minimum of two business days) if

they reasonably expect a deposition, hearing or other proceeding to include Protected Material so

that the other Parties can ensure that only authorized individuals who have signed the

"Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.

The use of a document as an exhibit at a deposition shall not in any way affect its designation as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

"HIGHLY CONFIDENTIAL – SOURCE CODE."

      Transcripts containing Protected Material shall have an obvious legend on the title page

that the transcript contains Protected Material, and the title page shall be followed by a list of all

pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VI.     HALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this

specific paragraph of the Protective Order.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3  <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without Court intervention, the Challenging Party shall file and serve a motion to re-designate or de-designate under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions.  All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

## VII.  ACCESS TO AND USE OF PROTECTED MATERIAL

7.1  <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, and such Protected Material shall not be used for any business purpose, in connection with any other legal proceeding, or directly or indirectly for

any other purpose whatsoever. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.[1] When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Protected Material shall not be reproduced by a Receiving party, except for transmission to qualified recipients, without the written permission of the Producing Party or by further order of the Court.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Up to one House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation, provided however that such House Counsel do not have responsibility for business decisions and are not otherwise in a position to unfairly benefit from accessing the other side's confidential information or using it for purposes beyond this this case, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

---

[1] In the event a Non-Party witness is authorized to receive Protected Material that is to be used during his/her deposition but is represented by an attorney not authorized under this Order to receive such Protected Material, the attorney must provide prior to commencement of the deposition an executed "Acknowledgment and Agreement to Be Bound" in the form attached hereto as Exhibit A. In the event such attorney declines to sign the "Acknowledgment and Agreement to Be Bound" prior to the examination, the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Material in order for the deposition to proceed.

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the Court and its personnel;

(e)     stenographic reporters, videographers and/or their staff, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless the Designating Party objects to such disclosure or except as otherwise ordered by the Court.  Before making such a disclosure, Receiving Party must provide notice sufficient to allow the Designating Party to object.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or personally knows the information.

(h)     professional jury or trial consultants, provided they sign onto the protective order and agree to be bound by its terms.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be

Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below, have been followed;

        (c)    the Court and its personnel;

        (d)    stenographic reporters, videographers and their respective staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

        (e)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or personally knows the information, unless the Designating Party objects to the disclosure.

    7.4    <u>Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

        (a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

        (b)    up to five Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below and specifically identified as eligible to access "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items, have been followed;

        (c)    the Court and its personnel;

        (d)    stenographic reporters, videographers and their respective staff who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and are transcribing or videotaping a deposition wherein "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items are being discussed, provided that such reporters and videographers shall not retain or be

given copies of any portions of the source code, which if used during a deposition, will not be attached as an exhibit to the transcript but instead shall be identified only by its production numbers.

(e)     while testifying at deposition or trial in this action only: any person who authored, previously received (other than in connection with this litigation), or was directly involved in creating, modifying, or editing the "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items, as evident from its face or reasonably certain in view of other testimony or evidence.  Persons authorized to view "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items pursuant to this sub-paragraph shall not retain or be given copies of the "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items except while so testifying. Only printed copies of the Source Code will be provided to testifying witnesses during their testimony.

7.5     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.

(a)(1)  Purposefully left blank.

(a)(2)  Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraphs 7.3(b) or 7.4(b) first must make a written request to the Designating Party[2] that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to

---

[2]  For a Designating Party that is a Non-Party, experts previously disclosed and approved prior to the Non-Party's production of any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" need not be disclosed to said Non-Party unless such Non-Party requests such information prior to the production of any Protected Material.  Moreover, unless otherwise requested by the Non-Party, subsequently disclosed experts need not be disclosed to the Non-Party before that Non-Party's Protected Material may be disclosed thereto

disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[3] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.[4]

(b)     A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.

---

[3]   If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

[4]   It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work prior to the termination of the litigation that could foreseeably result in an improper use of the Designating Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information

In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

(d)     In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

(e)     A party who has not previously objected to disclosure of Protected Material to an Expert or whose objection has been resolved with respect to previously produced Protected Material shall not be precluded from raising an objection to an Expert at a later time with respect to Protected Material that is produced after the time for objecting to such Expert has expired or if new information about that Expert is disclosed or discovered.  Any such objection shall be handled in accordance with the provisions set forth above.

**VIII.   PROSECUTION AND ACQUISITION BAR**

(a)     Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information designated by the Producing Party shall not engage in the prosecution of patents or patent applications relating to (a) networked media playback devices or technologies for controlling such devices, or (b) the particular information disclosed in a producing party's confidential business materials, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").  For purposes of this paragraph, "prosecution" includes any activity related to (i) the preparation or prosecution (for any person or entity) of patent applications, including among others reexamination and reissue applications or (ii) directly or indirectly participating, drafting, amending, advising, or otherwise affecting the

scope or maintenance of patent claims.[5]  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging or defending a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* reexamination, *inter partes* review, post grant review or covered business method review), provided that there is no participation or assistance with any claim drafting or amendment of claims in such proceedings.  This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end two (2) years following the earlier of the date on which the person withdraws his Acknowledgement to be Bound by the Protective Order or the absolute final termination of this action.  Nothing in this provision shall prohibit any attorney of record in this action from discussing any aspect of this case that is reasonably necessary for the prosecution or defense of any claim or counterclaim in this action with his/her client.  Nothing in this paragraph shall prevent any attorney from sending non-confidential prior art to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor.  The parties expressly agree that the Prosecution Bar set forth herein shall be personal to any attorney, expert or other individual who reviews materials subject to the Prosecution Bar under this section and shall not be imputed to any other persons at that person's firm or organization.  To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to materials subject to the Prosecution Bar and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the Field of Invention.

    (b)    Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

---

[5]  Prosecution includes, for example, original prosecution, reissue, *inter partes* review, post grant review, covered business method review and reexamination proceedings.

CONFIDENTIAL – SOURCE CODE" information designated by the Producing Party shall not be involved in activity related to: (i) the acquisition of patents or patent applications (for any person or entity) relating to (a) networked media playback devices or technologies for controlling such devices, or (b) the particular information disclosed in a producing party's confidential business materials, or (ii) advising or counseling clients regarding the same. This Acquisition Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final disposition of this action as provided herein. The Receiving Party retains its right to challenge whether "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" material is properly subject to the Acquisition Bar described in this section. Such a challenge will be governed by the procedures set forth in Section 6 of this Protective Order except that the Challenging Party will bear the burden of persuasion with respect to whether the challenged material should be subject to the Acquisition Bar. This Acquisition Bar shall not prevent an individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information from advising on contract terms (such as indemnification or cooperation provisions in an acquisition agreement) in any proposed patent acquisition agreement. It does, however, prevent an individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information from advising on which patents or applications to acquire, or from advising on validity of a patent whose acquisition is being considered.

## IX.    SOURCE CODE

(a)     To the extent production of source code becomes necessary in this case, a Producing Party may designate material as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises, includes, or substantially discloses confidential, proprietary or trade secret source code or algorithms. This material may include, among things, technical design documentation that comprises, includes, or substantially discloses source code or algorithms.

1    (b)    Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE

2    CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL –

3    ATTORNEYS' EYES ONLY" information including the Prosecution Bar set forth in Paragraph 8

4    and the Acquisition Bar set forth in Paragraph 8, and may be disclosed only as set forth in

5    Paragraph 7.4.

6    (c)    Any source code produced in discovery shall only be made available for

7    inspection, not produced except as set forth below, in a format allowing it to be reasonably

8    reviewed and searched, during normal business hours or at other mutually agreeable times, at

9    (1) an office of the Producing Party or the Producing Party's primary outside counsel of record or

10   (2) another mutually agreed upon location. Any location under (1) or (2) shall be within the

11   United States. The source code shall be made available for inspection on a secured computer (the

12   "Source Code Computer") in a secured, locked room without Internet access or network access to

13   other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion

14   of the source code onto any recordable media or recordable device. The secured computer shall

15   have disk encryption and be password protected. Use or possession of any input/output device

16   (e.g., USB memory stick, mobile phone or tablet, camera or any camera-enabled device, CD,

17   floppy disk, portable hard drive, laptop, or any device that can access the Internet or any other

18   network or external system, etc.) is prohibited while accessing the computer containing the source

19   code. All persons entering the locked room containing the source code must agree to submit to

20   reasonable security measures to ensure they are not carrying any prohibited items before they will

21   be given access to the locked room. The computer containing source code will be made available

22   for inspection during regular business hours, upon reasonable notice to the producing party, which

23   shall not be less than 3 business days in advance of the requested inspection. The Producing Party

24   may visually monitor the activities of the Receiving Party's representatives during any source

25   code review, but only to ensure that there is no unauthorized recording, copying, or transmission

26   of the source code.

27   (d)    No person shall copy, e-mail, transmit, upload, download, print, photograph

28   or otherwise duplicate any portion of the designated "HIGHLY CONFIDENTIAL - SOURCE

Case No. 20-cv-03845-EMC

STIPULATED PROTECTIVE ORDER

CODE" material, except that the Receiving Party may request paper copies of limited portions of source code, but only if and to the extent reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial. In no event may the Receiving Party print more than 25 consecutive pages, or an aggregate total of more than 500 pages, of source code during the duration of the case without prior written approval by the Producing Party. If a request for printing reasonable portions of the Source Code exceeds these limitations, the producing party shall not unreasonably withhold approval to exceed these limits, and the parties shall meet and confer in good faith to resolve any disputes. The Receiving Party shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. Within 5 business days or such additional time as necessary due to volume requested, the Producing Party will provide the requested material on watermarked or colored paper bearing Bates numbers and the legend "HIGHLY CONFIDENTIAL - SOURCE CODE" unless objected to as discussed below. At the inspecting Party's request, up to two additional sets (or subsets) of printed source code may be requested and provided by the Producing Party in a timely fashion. Even if within the limits described, the Producing Party may challenge the amount of source code requested in hard copy form or whether the source code requested in hard copy form is reasonably necessary to any case preparation activity pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution. Contested printouts do not need to be produced to the Receiving Party until the matter is resolved by the Court.

(e)       The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all printed portions of the source code in a secured, locked area under the direct control of counsel responsible for maintaining the security and confidentiality of the designated materials or individuals authorized to receive "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to this protective order. Any paper copies designated "HIGHLY CONFIDENTIAL - SOURCE CODE" shall be stored or viewed only at (i) the offices of outside counsel for the Receiving Party,

(ii) the offices of outside experts or consultants who have been approved to access source code; (iii) the site where any deposition is taken (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition.  Except as provided in subsection (i) of this section, the Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format.  Any printed pages of source code, and any other documents or things reflecting source code that have been designated by the producing party as "HIGHLY CONFIDENTIAL - SOURCE CODE" may not be copied, digitally imaged or otherwise duplicated, except in limited excerpts necessary to attach as exhibits to depositions, expert reports, or court filings as discussed below.  Any paper copies used during a deposition shall be retrieved by the Receiving Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

(f)     The Receiving Party's outside counsel and/or expert shall be entitled to take notes relating to the source code but may not copy any portion of the source code into the notes. No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the source code is permitted except as otherwise provided herein.

(g)     A list of names of persons who will view the source code will be provided to the producing party in conjunction with any written (including email) notice requesting inspection.  The Receiving Party shall maintain a daily log of the names of persons who enter the locked room to view the source code and when they enter and depart.  The Producing Party shall be entitled to a copy of the log.

(h)     The Receiving Party's outside counsel shall maintain a log of all copies of the source code (received from a Producing Party) that are delivered by the Receiving Party to any person.  The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored.  Upon request by the Producing Party, the Receiving Party shall provide reasonable assurances and/or descriptions of the security measures employed by the Receiving Party and/or person that receives a copy of any portion of the source code.

(i)     Except as provided in this paragraph, the Receiving Party may not create electronic images, or any other images, of the source code from the paper copy for use on a computer (e.g., may not scan the source code to a PDF, or photograph the code).  The Receiving Party may create an electronic copy or image of limited excerpts of source code only to the extent necessary for use in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents[6] ("SOURCE CODE DOCUMENTS").  The Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code is used.  Images or copies of Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.  The Receiving Party may create an electronic image of a selected portion of the Source Code only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection.  The communication and/or disclosure of electronic files containing any portion of source code shall at all times be limited to individuals who are authorized to see source code under the provisions of this Protective Order. Additionally, all electronic copies must be labeled "HIGHLY CONFIDENTIAL - SOURCE CODE."

(j)     To the extent portions of source code are quoted in a SOURCE CODE DOCUMENT, either (1) the entire document will be stamped and treated as HIGHLY CONFIDENTIAL- SOURCE CODE or (2) those pages containing quoted Source Code will be separately bound, and stamped and treated as HIGHLY CONFIDENTIAL - SOURCE CODE.

(k)     The Receiving Party shall maintain a log of (1) source code printouts or (2) documents with more than one consecutive page of source code in its possession or in the possession of its retained consultants, including the names of the recipients and reviewers of any electronic or paper copies and the locations where the copies are stored.

---

[6]  Drafts shall only include those excerpts the Receiving Party believes will be included in the final version.

## X.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena issued by a court, arbitral, administrative, or legislative body, or with a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a)   promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)   promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[7]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

---

[7]   The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

Case No. 20-cv-03845-EMC
STIPULATED PROTECTIVE ORDER

## XI.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely objects or seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.[8]  Absent a Court order to the contrary, the Non-

---

[8]   The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

Party shall bear the burden and expense of seeking protection in this court of its Protected

Material.

## XII. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

Material to any person or in any circumstance not authorized under this Stipulated Protective

Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected

Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the

terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and

Agreement to Be Bound" that is attached hereto as Exhibit A.

## XIII. PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain produced material is

subject to a claim of privilege or other protection, the obligations of the Receiving Parties are

those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to

modify whatever procedure may be established in an e-discovery order that provides for

production without prior privilege review. A Producing Party may assert privilege or protection

over produced documents at any time by notifying the Receiving Party in writing of the assertion

of privilege or protection. In addition, information that contains privileged matter or attorney

work product shall be immediately returned if such information appears on its face to have been

inadvertently produced. Pursuant to Federal Rule of Evidence 502(d) and (e), the production of a

privileged or work-product-protected document is not a waiver of privilege or protection from

discovery in this case or in any other federal or state proceeding. For example, the mere

production of privileged or work-product-protected documents in this case as part of a mass

production is not itself a waiver in this case or any other federal or state proceeding.

## XIV. MISCELLANEOUS

14.1    Right to Further Relief. Nothing in this Order abridges the right of any person to

seek its modification by agreement with other Parties or by applying to the Court if such

agreement cannot be reached. Furthermore, without application to the Court, any party that is a

Case No. 20-cv-03845-EMC

STIPULATED PROTECTIVE ORDER

beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

14.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3    <u>No Agreement Concerning Discoverability</u>.  The identification or agreed upon treatment of certain types of Disclosure and Discovery Material does not reflect agreement by the Parties that the disclosure of such categories of Disclosure and Discovery Material is required or appropriate in this action.  The Parties reserve the right to argue that any particular category of Disclosure and Discovery Material should not be produced.

14.4    <u>Export Control</u>. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere.  Each party receiving Protected Information shall comply with all applicable export control statutes and regulations.  *See, e.g.,* 15 CFR 734.2(b).  No Protected Information may leave the territorial boundaries of the United States of America or be made available to any foreign national who is not (i) lawfully admitted for permanent residence in the United States or (ii) identified as a protected individual under the Immigration and Naturalization Act (8 U.S.C. 1324b(a)(3)).  Without limitation, this prohibition extends to Protected Information (including copies) in physical and electronic form.  The viewing of Protected Information through electronic means outside the territorial limits of the United States of America is similarly prohibited.  Notwithstanding this prohibition, Protected Information, exclusive of material designated RESTRICTED CONFIDENTIAL - SOURCE CODE, and to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country.  The restrictions contained within this paragraph may be

1    amended through the consent of the producing Party to the extent that such agreed to procedures

2    conform with applicable export control laws and regulations.

3            14.5    <u>Filing Protected Material</u>.  Without written permission from the Designating Party

4    or a Court order secured after appropriate notice to all interested persons, a Party may not file in

5    the public record in this action any Protected Material.  A Party that seeks to file under seal any

6    Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed

7    under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at

8    issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request

9    establishing that the Protected Material at issue is privileged, protectable as a trade secret, or

10    otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected

11    Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving

12    Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2)

13    unless otherwise instructed by the court.

14            14.6    <u>Use of Protected Material at Hearing or Trial</u>.  A Party shall provide a minimum of

15    two business days' notice to the Producing Party in the event that a Party intends to use any

16    Protected Information during trial.  Subject to any challenges under Section 6, the Parties will not

17    oppose any reasonable request by the Producing Party that the courtroom be sealed, if allowed by

18    the Court, during the presentation of any testimony, evidence, or argument relating to or involving

19    the use of any Protected Material.

20            14.7    <u>No Limitation on Legal Representation</u>.  Nothing in this Order shall preclude or

21    impede Outside Counsel of Record's ability to communicate with or advise their client in

22    connection with this litigation based on such counsel's review and evaluation of Protected

23    Material, provided however that such communications or advice shall not disclose or reveal the

24    substance or content of any Protected Material other than as permitted under this Order.

25            14.8    <u>Violations</u>.  If any Party violates the limitations on the use of Protected Material as

26    described above, the Party violating this Order shall be subject to sanctions, or any other remedies

27    as appropriate, as ordered by the Court.  In the event motion practice is required to enforce the

28    terms of this Order, the prevailing party on such a motion shall be awarded costs, expenses, and

fees, including attorney or other professional fees, incurred in connection with the discovery of the violation and the preparation, filing, and arguing of the motion or any other proceedings resulting from the violation.

14.9 <u>Agreement Upon Execution</u>. Each of the Parties agrees to be bound by the terms of this Stipulated Protective Order as of the date counsel for such party executes this Stipulated Protective Order, even if prior to entry of this Order by the Court.

## XV. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), hearing transcripts, legal memoranda, correspondence, trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY information for archival purposes only. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

## XVI. INTERPRETATION, ENFORCEMENT, AND CONTINUING JURISDICTION

The United States District Court for the Northern District of California is responsible for the interpretation and enforcement of this Order. After final disposition of this litigation, the

1  provisions of this Order shall continue to be binding except with respect to that Disclosure or

2  Discovery Material that become a matter of public record.  This Court retains and shall have

3  continuing jurisdiction over the Parties and recipients of the Protected Material for enforcement of

4  the provision of this Order following final disposition of this litigation.  All disputes concerning

5  Protected Material produced under the protection of this Order shall be resolved by the United

6  States District Court for the Northern District of California.

7          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

8

9  DATED: May 4, 2021                    ___/s/ Patrick D. Curran_____

10                                         QUINN EMANUEL URQUHART & SULLIVAN, LLP

11                                         *Attorneys for Plaintiff GOOGLE LLC*

12

13  DATED: May 4, 2021                    ___/s/ Alyssa Caridis_____

14                                         ORRICK, HERRINGTON & SUTCLIFFE LLP

15                                         *Attorneys for Defendant SONOS, INC.*

16

17  PURSUANT TO STIPULATION, IT IS SO ORDERED.

18  DATED: _May 5, 2021_____    _____

19                                         EDWARD M. CHEN
                                           United States District Judge

20

21

22

23

24

25

26

27

28

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Google LLC v. Sonos, Inc.* Case No. 3-20-CV-03845-EMC.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date:_____

City and State where sworn and signed:_____

Printed name:_____

[printed name]


Signature:_____

[signature]

Case No. 20-cv-03845-EMC
STIPULATED PROTECTIVE ORDER

**ATTESTATION**

I, Patrick Curran, am the ECF user whose identification and password are being used in this filing.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all other signatories to this document have concurred in the filing of this document.

Dated:  May 4, 2021                                                          /s/ Patrick Curran
                                                                                    Patrick Curran