1    QUINN EMANUEL URQUHART & SULLIVAN, LLP
       Charles K. Verhoeven (Bar No. 170151)
2      charlesverhoeven@quinnemanuel.com
       Melissa Baily (Bar No. 237649)
3      melissabaily@quinnemanuel.com
       Lindsay Cooper (Bar No. 287125)
4      lindsaycooper@quinnemanuel.com
5    50 California Street, 22nd Floor
     San Francisco, California 94111-4788
6    Telephone:    (415) 875-6600
     Facsimile:    (415) 875-6700
7

8    Attorneys for GOOGLE LLC

9                          UNITED STATES DISTRICT COURT

10                       NORTHERN DISTRICT OF CALIFORNIA

11                           SAN FRANCISCO DIVISION

12
     GOOGLE LLC,                              CASE NO. 3:20-cv-06754-WHA
13
                      Plaintiff,              **GOOGLE LLC'S MOTION FOR LEAVE**
14                                            **TO FILE A SECOND AMENDED**
                                              **COMPLAINT**
15          vs.                               Date:       December 23, 2021
                                              Time:       8:00 a.m.
16   SONOS, INC.,                             Location:   Courtroom 12, 9th Floor
                                              Judge:      Hon. William Alsup
17                    Defendant.
18                                            Complaint Filed: September 28, 2020

19

20

21

22

23

24

25

26

27

28

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 23, 2021 or as soon thereafter as this matter can be heard before the Honorable Judge William Alsup in Courtroom 12, Ninth Floor, United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Google LLC ("Google") will and hereby does move pursuant to Federal Rule of Civil Procedure 15(a) for an Order granting leave to file its Second Amended Complaint to add claims for (1) declaratory judgment of non-infringement of United States Patent No. 10,848,885 ("the '885 patent"), (2) declaratory judgment of invalidity for all of the asserted patents, (3) breach of contract and the implied covenant of good faith and fair dealing, and (4) conversion. Google's Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Lindsay Cooper, the proposed order submitted herewith, all exhibits and other papers on file in this action, such other evidence and argument as may be presented at or before the hearing on this motion, and all matters of which the Court may take judicial notice.

Sonos only opposes the addition of Google's claims for beach and conversion. Sonos does not oppose Google's addition of a claim for declaratory judgment of non-infringement for the '885 patent, or Google's addition of claims for declaratory judgment of invalidity for all of the asserted patents.

DATED:  November 16, 2021

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Charles K. Verhoeven*

Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
50 California Street, 22nd Floor
Lindsay Cooper (Bar No. 287125)
lindsaycooper@quinnemanuel.com
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:      (415) 875-6700

Attorneys for GOOGLE LLC

1

## TABLE OF CONTENTS

Page

2

3   I.      INTRODUCTION..................................................................................................1

4   II.     BACKGROUND ...................................................................................................1

5           A.      This Case Was Stayed Pending Resolution Of Google's Transfer Motion In
                    The Texas Action............................................................................................1

6

7           B.      While This Action Was Stayed, Sonos Added A New Patent To The Texas
                    Action And Google Raised Issues Regarding Ownership Of Two Asserted
8                   Patents.............................................................................................................2

9           C.      After This Court Lifted The Stay Of This Action, Google Promptly Filed
                    This Motion For Leave To File Its Second Amended Complaint.....................4

10  III.    LEGAL STANDARD ............................................................................................6

11  IV.     ARGUMENT.........................................................................................................6

12          A.      Google's Motion Is Timely And In Good Faith ......................................................7

13          B.      There Were No Prior Failures To Cure..................................................................8

14          C.      There Is No Prejudice To Sonos .........................................................................8

15          D.      The Amendments Are Not Futile ......................................................................10

16  V.      CONCLUSION....................................................................................................12

17

18

19

20

21

22

23

24

25

26

27

28

1

## **TABLE OF AUTHORITIES**

2
                                                                                                   **Page**

                                                  **Cases**

3

*Bowles v. Reade*,
4    198 F.3d 752 (9th Cir. 1999) ........................................................................ 6

5  *DCD Programs, Ltd. v. Leighton*,
    833 F.2d 183 (9th Cir. 1987) ........................................................................ 6
6

*Eminence Capital, LLC v. Aspeon, Inc.*,
7    316 F.3d 1048 (9th Cir. 2003) ...................................................................... 8

8  *Foman v. Davis*,
    371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) ................................... 6, 7, 8, 9
9

*Griggs v. Pace Am. Group, Inc.*,
10   170 F.3d 877 (9th Cir. 1999) ........................................................................ 6

11 *Miller v. Rykoff-Sexton, Inc.*,
    845 F.2d 209 (9th Cir. 1988) ........................................................................ 9
12

*Morongo Band of Mission Indians v. Rose*,
13   893 F.2d 1074 (9th Cir. 1990) ...................................................................... 6

14 *Owens v. Kaiser Found. Health Plan, Inc.*,
    244 F.3d 708 (9th Cir. 2001) ........................................................................ 6
15

*Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*,
16   708 F.3d 1109 (9th Cir. 2013) ...................................................................... 6

17 *TruePosition, Inc. v. Allen Telecom, Inc.*,
    No. CIV.A.01-823 GMS, 2002 WL 1558531 (D. Del. July 16, 2002) .................. 8, 9
18

*Valenzuela v. Best-Line Shades, Inc.*,
19   No. 19-CV-07293-JSC, 2020 WL 4039134 (N.D. Cal. July 17, 2020) ............... 9, 10, 11

20                                    **Rules and Regulations**

21 Fed. R. Civ. P. 15(a) ........................................................................................ 1

22                                    **Additional Authorities**

23 U.S. Patent No. 9,219,460 ................................................................................ 1

24 U.S. Patent No. 9,344,206 ................................................................................ 1

25 U.S. Patent No. 9,967,615 ................................................................................ 1

26 U.S. Patent No. 10,469,966 .............................................................................. 1

27 U.S. Patent No. 10,779,033 .............................................................................. 1

28 U.S. Patent No. 10,848,885 ........................................................................ 1, 2, 3, 5

## I.   INTRODUCTION

Google respectfully moves for leave to file a Second Amended Complaint ("SAC") that adds claims for (1) declaratory judgment of non-infringement of United States Patent No. 10,848,885 ("the '885 patent"), (2) declaratory judgment of invalidity for all of the asserted patents, (3) breach of contract and the implied covenant of good faith and fair dealing, and (4) conversion.  The Second Amended Complaint ("SAC") is attached as Exhibit 1.  A redline showing changes from Google's First Amended Complaint is attached as Exhibit 2.

Google seeks leave to amend in good faith, shortly after the Court lifted the stay in this action, prior to Sonos having answered Google's original complaint or First Amended Complaint, and in advance of the December 23, 2021 deadline for the parties to seek "[l]eave to add any new parties or to amend pleadings."  Dkt. 67 at 1.  Google's proposed amendments are therefore timely, and because the issues underlying the amendments were raised previously in the now-transferred Texas action, Sonos cannot establish any bad faith, prejudice, or futility stemming from those amendments.  Accordingly, the Court should grant Google leave to file its Second Amended Complaint.

## II.   BACKGROUND

### A.   This Case Was Stayed Pending Resolution Of Google's Transfer Motion In The Texas Action

On September 28, 2020, Google filed this action seeking a declaratory judgment that it does not infringe five patents: U.S. Patent Nos. 9,967,615 ("the '615 patent"), 10,779,033 ("the '033 patent"), 9,344,206 ("the '206 patent"), 10,469,966 ("the '966 patent"), and 9,219,460 ("the '460 patent").  The next day, Sonos filed an action for patent infringement in the Western District of Texas asserting the same five patents.  *Sonos, Inc. v. Google LLC*, Case No. 6:20-cv-881 (W.D. Tex.) (Dkt. No. 1, filed 9/29/20) ("Texas Action").[1]

On October 12, 2020, two weeks after Google filed this action, Sonos moved to transfer it to the Western District of Texas.  Dkt. No. 11.  On November 20, 2020, the Court stayed the current

---

[1]  The Texas Action has now been transferred to this Court and provided a new case number: *Sonos, Inc. v. Google LLC*, Case No. 3:21-cv-07559-WHA (N.D. Cal.).

1   proceeding in light of the Texas Action, but did not grant Sonos's request to transfer the action to

2   Texas.  Dkt. No. 36 at 5.  The Court also instructed Google to file a first amended complaint that

3   pled additional factual allegations relating to non-infringement by December 11, 2020 (*id.*), which

4   Google did (Dkt. No. 41).

5       **B.    While This Action Was Stayed, Sonos Added A New Patent To The Texas**

6              **Action And Google Raised Issues Regarding Ownership Of Two Asserted**

7              **Patents**

8           While this action was stayed, the parties proceeded with the Texas Action.  Shortly after

9   Sonos served infringement contentions, Google demonstrated that the '460 patent is unenforceable.

10  As a result, Sonos moved for leave to drop the '460 patent from the Texas Action and to add a newly

11  issued patent, U.S. Patent No. 10,848,885 ("the '885 patent"), to the Texas Action.  Texas Action,

12  Dkt. No. 40 (Google's Response to Sonos's Motion for Leave To Amend).  The district court granted

13  Sonos's motion for leave and Sonos filed a second amended complaint on February 23, 2021 adding

14  the '885 patent to the Texas Action.   Texas Action, Dkt. No. 51 (Sonos's Second Amended

15  Complaint).

16          Google timely moved to dismiss Sonos's second amended complaint on March 9, 2021 for

17  failure to adequately plead willful and indirect infringement.  Texas Action, Dkt. No. 55.  Because

18  the district court in the Texas Action never ruled upon Google's motion to dismiss, Google has yet

19  to file an answer to Sonos's second amended complaint in the Texas Action.  Google was also unable

20  to add a cause of action for declaratory judgment of non-infringement of the '885 patent in the

21  instant case because it was stayed.  Nevertheless, Sonos has long been on notice that Google denies

22  infringement of the '885 patent, including by way of Google's responses to Sonos's interrogatories.

23  Thus, Google's request to add a claim for declaratory judgment of non-infringement for the '885

24  patent is not a surprise to Sonos.

25          Sonos has also been on notice that Google contends the asserted patents are invalid.  Prior

26  to Sonos filing its second amended complaint, Google answered Sonos's first amended complaint

27  and asserted causes of action for declaratory judgment of invalidity of all the asserted patents except

28  the '885 patent.  Texas Action, Dkt. No. 32 at 32-37.  And on March 5, 2021, shortly after Sonos

1  filed its second amended complaint adding the '885 patent, Google served invalidity contentions

2  demonstrating that all of the asserted patents were invalid.  Thus, the declaratory judgment of

3  invalidity claims that Google is seeking to add to this action have also been known to Sonos as a

4  result of the Texas Action.

5          Additionally, as the Texas Action proceeded, Google further investigated Sonos's

6  allegations regarding the parties' prior collaboration and Google did its own diligence on both the

7  scope of that collaboration and the contracts that governed that collaboration.  One such contract

8  provides that Google, not Sonos, owns any intellectual property relating to the purported inventions

9  of at least two of the patents asserted by Sonos.

10         In particular, Google and Sonos collaborated from at least 2013 to 2015 on the integration

11 of Google Play Music (one of the accused mobile software applications in this case) with Sonos's

12 products.  SAC, ¶¶18-20.  As part of the collaboration, Google told Sonos by 2013—including

13 Sonos engineer Tad Coburn, the named inventor of the '615 and '033 patents—that it was

14 considering using "a more *cloud queue* centric model that would help simplify things a bit (moving

15 the interactions away from the device, quickly)." SAC, ¶¶24-29.  In other words, Google proposed

16 that the parties develop functionality for the integration that would move a queue of tracks onto a

17 cloud queue server, rather than having the queue reside locally on the playback device (*e.g.*, a Sonos

18 device).  After hearing of Google's "cloud queue" idea, Mr. Coburn responded "[t]he idea of moving

19 the playlist to the cloud is very interesting, but will definitely complicate things." *Id*.  And from

20 2013 through 2015, Google collaborated with Sonos—including Tad Coburn—to develop and

21 release cloud queue technology.  The parties' Content Integration Agreement ("CIA"), which

22 governed the parties' collaboration, provides Google with ownership over "all intellectual property

23 rights arising from or related" to "any and all development work done by or on behalf of [Google]

24 in creating" the integrated offering, and specifically prohibits Sonos from claiming any rights in

25 such property.  SAC, ¶¶21-23; *see also* Ex. 3 (CIA).  Thus, pursuant to the CIA, the cloud queue

26 technology was the sole and exclusive property of Google, and Sonos was not permitted to "claim

27 for itself or for any third party any right, title, interest or licenses to the" cloud queue technology.

28

1   Despite the CIA, Sonos has attempted to claim Google's idea for itself.  For example,

2   although Sonos did not introduce the alleged notion of a cloud-based queue into its asserted patents

3   until 2019 (*see* Ex. 4 ('033 prosecution history, November 1, 2019 amendment adding notion of

4   "remote playback queue"), Sonos now contends that the '615 and '033 patents are its "cloud queue

5   patents" and has accused Google of infringing these patents based on its use of music services

6   utilizing the Internet.  Dkt. No. 38 at 17:3-8 ("Two of the patents-in-suit are what we call our cloud

7   queue patents, and they deal with exactly how music streaming on a cloud gets transferred between

8   a device, let's say a cell phone, and a speaker and how do you take a queue that's queued up in the

9   cloud and transfer that queue of music from one device to another."); SAC, ¶¶31-34.  To the extent

10  Sonos's patents relate to the alleged cloud queue, Google, not Sonos, owns it.

11  Google promptly disclosed these ownership issues to Sonos in the Texas Action no later than

12  January 8, 2021.  Google's motion to transfer the Texas Action explained that one of Google's

13  defenses to Sonos's patent infringement allegations is that "***Google***, not Sonos, owns any intellectual

14  property embodied by the accused technology" based on the "ownership clauses of the CIA – in

15  addition to other Sonos conduct."  Ex. 5 (1-8-2021 Google's Transfer Motion) at 5 (emphasis in

16  original).   Google also filed an answer to Sonos's first amended complaint on that same day,

17  asserting affirmative defenses based on ownership and the CIA.  Texas Action, Dkt. No. 33-1, ¶¶ 5-

18  25.  Both sides took discovery on Google's ownership issues in the Texas Action.  *See, e.g.,* Ex. 6

19  (Sonos's Interrogatory No. 7).  Google was unable to amend its complaint in this action at the time

20  because this action was stayed.  Furthermore, the CIA itself includes a mandatory forum selection

21  clause that requires disputes relating to the contract be litigated in California.  Dkt. No. 55 at 5

22  (referring to "CIA's forum selection clause").

23  **C.     After This Court Lifted The Stay Of This Action, Google Promptly Filed This**

24  **Motion For Leave To File Its Second Amended Complaint**

25  On August 2, 2021, the district court in the Texas Action denied Google's motion to transfer.

26  Google filed a petition for writ of mandamus, and, on September 27, 2021, the Federal Circuit

27  granted Google's petition and ordered the Texas Action to be transferred to the Northern District of

28

California.  Dkt. No. 56.  On October 1, 2021, this Court lifted the stay in this action and set a Case Management Conference for October 7, 2021.

At the CMC, Google's counsel informed the Court and Sonos that "we're going to be amending our complaint… [a]nd we'll work with Mr. Roberts [Sonos's counsel] and his side to see if we can't just do it by stipulation."  Dkt. No. 73 (CMC Tr.) at 8:13-19.  Sonos's counsel agreed to confer about Google's amended complaint.  *Id*. at 17:19-23.  The Court thereafter issued a scheduling order, setting the deadline for seeking "[l]eave to add any new parties or to amend pleading" for December 23, 2021.  Dkt. No. 67 at 1.  The Court also set a fact discovery deadline of November 30, 2022, and a trial date of May 10, 2023.  *Id*. at 2, 4.

On November 4, 2021, Google provided Sonos with a copy of its SAC.  Google's SAC adds the following claims:

1. A claim for declaratory judgment of non-infringement of the '885 patent (SAC, ¶¶85-91), which was not at issue when Google filed its original complaint.  As part of the Texas Action, Sonos has been on notice that Google contends it does not infringe the '885 patent.

2. A declaratory judgment of invalidity for all of the asserted patents (SAC, ¶¶44-48, 56-60, 68-72, 80-84, 92-96).  As part of the Texas Action, Sonos has also been on notice that Google contends all of the asserted patents are invalid.

3. A claim for breach of contract and the implied covenant of good faith and fair dealing based on the Content Integration Agreement ("CIA") (SAC, ¶¶97-108).  As part of the Texas Action, Sonos has been on notice that Google contends the CIA provides it with ownership over all intellectual property arising from or related to the parties' collaboration, and because in connection with venue discovery in the Texas Action, both sides took discovery on Google's ownership issues.

4. A claim for conversion (SAC, ¶¶109-112).  As part of the Texas Action, Sonos has been on notice that Google contends it conceived of the alleged "cloud queue," shared it with Sonos, and worked with Sonso to release it on the Google Play Music platform.

1    After initially sharing the proposed amended complaint with Sonos on November 4, 2021,

2    Google followed up with Sonos multiple times to get Sonos's position on its request for leave,

3    including on November 10 and 15.

4    On November 15, 2021, Sonos informed Google that "Sonos would stipulate to entry of an

5    amended pleading for the First through Tenth counts of Google's SAC," but would oppose "the

6    Eleventh, Twelfth and Thirteenth counts." Ex. 7.  In other words, Sonos opposes only the addition

7    of Google's claim for beach and conversion.  Google promptly filed this motion thereafter.

8    ### III.    LEGAL STANDARD

9    Rule 15(a)(2) provides that, when, as here, a motion for leave to amend is filed prior to the

10    deadline to amend pleadings, "[t]he court should freely give leave when justice so requires."  This

11    policy is to be applied with "extreme liberality."  *Owens v. Kaiser Found. Health Plan, Inc.*, 244

12    F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074,

13    1079 (9th Cir. 1990)).  Moreover, the extreme liberality policy "is not dependent on whether the

14    amendment will add causes of action or parties."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183,

15    186 (9th Cir. 1987).

16    "Courts may decline to grant leave to amend ***only if*** there is ***strong evidence*** of 'undue delay,

17    bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

18    amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of

19    the amendment, [or] futility of amendment."  *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*,

20    708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9

21    L.Ed.2d 222 (1962)) (emphasis added).  Even "[u]ndue delay by itself… is insufficient to justify

22    denying a motion to amend."  *Bowles v. Reade*, 198 F.3d 752, 757-58 (9th Cir. 1999).  All inferences

23    are to be drawn in favor of allowing amendment.  *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877,

24    880 (9th Cir. 1999).  The party "opposing amendment bears the burden of showing prejudice."  *DCD*

25    *Programs, Ltd.*, 833 F.2d at 187.

26    ### IV.    ARGUMENT

27    Because the deadline for amending pleadings is more than a month away (*see* Dkt. No. 67),

28    Rule 15(a)(2)'s "extremely liberal" standard applies.  Under that standard, the Court should grant

leave to amend unless there is "strong evidence" of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility." *Sonoma*, 708 F.3d at 1117.  Here, there is no evidence of any of these factors.  Google has not moved to amend before now,[2] and Google acted promptly after the Court lifted the stay in this case on October 1, 2021.  Google diligently revised its complaint, provided a copy of that amended complaint to Sonos on November 4, and met and conferred with Sonos in an attempt to avoid motion practice before this Court.  The issues underlying the additional causes of action are well known to Sonos based on the litigation in the Texas action, and therefore there is no undue prejudice or surprise.  Google's motion for leave to amend should be granted.

### A.   Google's Motion Is Timely And In Good Faith

The first *Foman* factor considers "undue delay, bad faith or dilatory motive on the part of the movant."  *Foman*, 371 U.S. at 182.  Here, Sonos cannot establish any undue delay, bad faith or dilatory motive.  Google moved promptly to bring the instant motion after the Court lifted the stay--bringing this motion more than a month before the Court's deadline for the parties to amend their pleadings.  *See* Dkt. Nos. 57, 67.

Google's motion is also filed in good faith and without dilatory motive.  For example, Google is seeking to add a cause of action for non-infringement of the '885 patent because Sonos added the '885 patent to the Texas Action when it filed its own second amended complaint on February 23, 2021.  Texas Action, Dkt. No. 51 (Sonos's Second Amended Complaint).  In fact, the '885 patent had not even issued when Google filed its original complaint.  *Id*., ¶73 ('885 patent issued on November 24, 2020).  Similarly, Google seeks to add claims for declaratory judgment of invalidity that involve prior art Google uncovered preparing its answer and invalidity contentions in the Texas Action.  And Google's claims for breach of contract and the implied covenant of good faith and fair dealing, as well as its claim for conversion, are based on Google's diligent investigation that it performed in the Texas Action in response to Sonos's allegations.  The evidence and

---

[2] As discussed below, this Court previously ordered Google to provide additional details regarding its non-infringement defenses.

agreements that form the basis of these claims were disclosed to Sonos in the Texas Action without delay, but because the instant action was stayed shortly after it was filed, Google had to wait until the stay was recently lifted to add these new causes of action to its complaint.  On these facts, there is no evidence of "undue delay, bad faith, or dilatory motive."  Google's motion should therefore be granted.

## B.  There Were No Prior Failures To Cure

The second *Foman* factor considers whether there were "repeated failure to cure deficiencies by amendments previously allowed."  *Foman*, 371 U.S. at 182.  Here, Google filed its original complaint on September 28, 2021, and a first amended complaint on October 11, 2021.  Dkt. Nos. 1 (Google's original complaint), 41 (Google's first amended complaint).  Google filed its first amended complaint because this Court ordered Google to provide additional details regarding its non-infringement positions.  That first amended complaint did not add any new parties or new causes of action, pursuant to the Court's order.  The SAC is not directed to curing deficiencies in the prior complaints, but rather adding new causes of action that Google could not have added earlier due to the stay.  Thus, there were no prior "failures" that would weigh against Rule 15(a)'s "extremely liberal" amendment policy.

## C.  There Is No Prejudice To Sonos

The third *Foman* factor considers "undue prejudice to the opposing party by virtue of allowance of the amendment."  *Foman*, 371 U.S. at 182.  "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there is a presumption under Rule 15(a) in favor of granting leave to amend."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  Here, Sonos would not suffer any material prejudice if the Court grants Google's motion to amend.

<u>First</u>, this case is in its early stages, with the fact discovery deadline more than a year away.  Dkt. No. 67 (setting fact discovery cut-off at November 30, 2022).  As Sonos explained in moving for leave to file a second amended complaint in the Texas Action, leave to amend is appropriate "[w]here, like here, 'discovery is in its earliest stages, amendment of the complaint will not deprive [the defendant] of the opportunity to present facts or evidence or otherwise prepare and present its

1  case.'"  Texas Action, Dkt. No. 39 (Sonos's Motion for Leave) at 5 (citing *TruePosition, Inc. v.*

2  *Allen Telecom, Inc.*, No. CIV.A.01-823 GMS, 2002 WL 1558531, at *2 (D. Del. July 16, 2002)).

3        <u>Second</u>, Sonos is already on notice of the facts and theories underlying Google's additional

4  claims due to the parties' litigation of the Texas Action.  Sonos is aware that Google contends the

5  '885 patent is not infringed and that all of the patents are invalid because Google provided Sonos

6  with non-infringement and invalidity contentions in the Texas Action.[3]  Further, Sonos is aware of

7  the facts and agreements that give rise to Google's claims for breach of contract and conversion

8  because those facts were subject to venue discovery and extensively litigated as part of Google's

9  transfer motion.  Ex. 5 (Google's Motion to Transfer).  In addition, Sonos has already served

10  multiple discovery requests directed to Google's ownership and breach claims as part of merits

11  discovery in the Texas Action.  *See, e.g.,* Ex. 6 (Sonos's Interrogatory No. 7).  Accordingly, Sonos

12  cannot show prejudice because it has obtained a significant amount of discovery into these claims

13  already—far more than a party would usually have at this early stage in the case.

14        <u>Third</u>, the claims that Google is seeking to add by its SAC are substantially similar and

15  related to those that are at issue in the original complaint.  The '885 patent is related to the '966 and

16  '206 patents that are included in the original complaint and they share substantially the same

17  specification.  Further, Google's breach and conversion claims are also substantially related because

18  they are directed to whether Google owns certain Sonos patents, including the '033 and '615 patents

19  at issue in the original complaint.  Thus, as Sonos explained when it previously moved for leave in

20  the Texas Action, "it would be economically beneficial to the parties to resolve all the issues in a

21  single proceeding."  Texas Action, Dkt. No. 39 (Sonos's Motion for Leave) at 5 (citing

22  *TruePosition,* 2002 WL 1558531, at *2).

23        Thus, for the foregoing reasons, there is no prejudice to Sonos, and this *Foman* factor does

24  not weigh against the "extremely liberal" amendment policy of Rule 15.

25

26

27

28
_____
    [3]   Sonos recently served infringement contentions in this case that include the '885 patent,
confirming that it understands the '885 patent is a part of this case.

GOOGLE'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

1

**D.      The Amendments Are Not Futile**

2      The final *Foman* factor considers "futility." "[A] proposed amendment is futile only if no

3 set of facts can be proved under the amendment to the pleadings that would constitute a valid and

4 sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).   In

5 analyzing futility, "the Court must accept the factual allegations in the proposed amended complaint

6 as true and construe them in the light most favorable to Plaintiffs." *Valenzuela v. Best-Line Shades,*

7 *Inc.*, No. 19-CV-07293-JSC, 2020 WL 4039134, at *2 (N.D. Cal. July 17, 2020).  Here, the proposed

8 amendments are not futile.

9      First, the amendment to add a cause of action for declaratory judgment of non-infringement

10 for the '885 patent is not futile.  Google has presented factual allegations that it does not practice all

11 of the limitations of the asserted claims. SAC, ¶¶87-91.  These allegations must be accepted as true.

12 Because the failure to practice all the limitations of the asserted claims results in non-infringement,

13 Google's amendment is not futile.

14      Second, the amendment to add causes of action for declaratory judgment of invalidity is not

15 futile because Google has presented factual allegations regarding specific prior art that invalidates

16 the asserted claims. SAC, ¶¶44-48, 56-60, 68-72, 80-84, 92-96.  Indeed, in the Texas Action Google

17 provided detailed invalidity contentions demonstrating, on a limitation-by-limitation basis, how

18 these same prior art references invalidated the asserted claims, and Sonos did not move to strike

19 those contentions.  Thus, this amendment also is not futile.

20      Finally, the amendments to add causes of action for breach of contract, breach of the implied

21 covenant of good faith and fair dealing, and conversion are not futile.   Sonos's infringement

22 allegations are directed to technologies that Google conceived and disclosed to Sonos as part of the

23 parties' collaboration between at least 2013 and 2015. SAC, ¶¶21-34.  Specifically, after Sonos

24 asked for Google's assistance to integrate its products with Google's popular Play Music service,

25 the parties entered into the CIA which gave Google ownership over intellectual property "arising

26 from or related to" the collaboration.  *See* Section II.b.  As part of the collaboration, Google

27 conceived of and disclosed to Sonos what Sonos now claims infringes its alleged "cloud queue"

28 patents.  In good faith, Google then collaborated with Sonos to develop and release certain cloud

queue technology. *Id*. Pursuant to the CIA, Google is the owner of any intellectual property relating to the cloud queue technology, and Sonos was not permitted to claim for itself any right, title, interest or licenses to any intellectual property relating to the cloud queue technology. *Id*. Because the CIA provides Google with ownership over any intellectual property arising from or related to the collaboration, these amendments are not futile.

Sonos has indicated that it intends to argue that Google's breach and conversion claims are "futile." Ex. 7. When asked about the basis for its argument during the parties' meet and confer, Sonos stated that (1) it could not have breached the CIA because the written description for the '615 and '033 patents was filed before execution of the CIA, and (2) the Texas Action "already found the CIA irrelevant." Both arguments are without merit.

Although the written description of the '615 and '033 patents was filed prior to the date of the collaboration, the alleged notion of a cloud-based queue was only introduced into the claims in 2019, *after* Sonos entered into the CIA. Ex. 4 ('033 prosecution history, November 1, 2019 amendment adding notion of "remote playback queue"). Moreover, Sonos only accused Google's technology as falling within the scope of the '615 and '033 patents after it entered into the CIA. Thus, Sonos has breached the CIA by (i) inserting the notion of a "remote playback queue" (which is related to the collaboration) into its pending patent applications after entering into the CIA and (ii) asserting the resulting patents against Google after entering into the CIA. Sonos's attempt to claim ownership of the '615 and '033 patents also frustrates the purpose for which the CIA was made, thereby breaching the covenant of good faith and fair dealing.

Contrary to Sonos's claim, the Texas Action did *not* find that the CIA is irrelevant. Rather, in denying Google's transfer motion (which argued that the CIA's California forum selection clause required transfer to California), Judge Albright limited his conclusion to whether the CIA's mandatory forum selection clause applied for purposes of transfer: "The Court merely finds that the connection between the CIA and Google's defenses (as well as Sonos's Complaint) is not 'non-frivolous' in this context, preventing the application of the forum selection clause." Dkt. No. 55 (Transfer Order) at 11. The Court expressly recognized that the CIA may be relevant in other

respects and "stresse[d]" that it was not finding the CIA irrelevant to the patent dispute. *Id.* Sonos's attempt to characterize Judge Albright's decision any other way would be inaccurate.

**V.     CONCLUSION**

For the foregoing reasons, Google respectfully requests that its motion for leave be granted, and that it be permitted to file the SAC on the case docket.

DATED:  November 16, 2021

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:     */s/ Charles K. Verhoeven*

Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
50 California Street, 22nd Floor
Lindsay Cooper (Bar No. 287125)
lindsaycooper@quinnemanuel.com
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for GOOGLE LLC

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that, on November 16, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system and email.


DATED:  November 16, 2021

By:   */s/ Charles K. Verhoeven*
            Nima Hefazi