# Exhibit 5

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| SONOS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 6:20-cv-00881-ADA <br><br> JURY TRIAL DEMANDED |

**GOOGLE LLC'S MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)**

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ..................................................................................................................1

II.  BACKGROUND ...................................................................................................................1

    A.   The Parties Agreed To Litigate In California. ..........................................................1

    B.   Both Parties Have A Significant Presence In The Northern District. ......................2

    C.   Third-Party Witnesses And Evidence Are Located In – Or Within The Subpoena Power Of – The Northern District. ........................................................2

III. ARGUMENT .........................................................................................................................3

    A.   The Court Should Transfer Based On The Parties' Forum Selection Clause. ...................................................................................................................3

    B.   The Court Should Transfer For The Convenience Of Parties And Witnesses. ................................................................................................................6

        1.   Sonos Could Have Brought Its Case In The Northern District. ...................6

        2.   The Private Interest Factors Weigh Heavily In Favor Of Transfer. ............6

            (a)   Convenience Of The Parties And Witnesses Favors Transfer. ........................................................................................6

            (b)   Ease Of Access To The Evidence Favors Transfer. .........................9

        3.   The Public Interest Factors Weigh In Favor Of Transfer. .........................10

IV.  CONCLUSION ....................................................................................................................10

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*,
  571 U.S. 49 (2013) .................................................................................................... 4, 5

*Bascom v. Maxim Integrated Prod., Inc.*,
  534 F. Supp. 2d 700 (W.D. Tex. 2008) ........................................................................ 8

*DataQuill, Ltd. v. Apple Inc.*,
  No. A–13–CA–706–SS, 2014 WL 2722201 (W.D. Tex. June 13, 2014) ................... 8

*EVS Codec Tech., LLC v. LG Elec., Inc.*,
  Case No. 2:18-CV-00343-JRG, 2019 WL 2904747 (E.D. Tex. Jul. 5, 2019) .......... 4, 5, 6

*General Protecht Group, Inc. v. Leviton Mfg. Co.*,
  651 F.3d 1355 (Fed. Cir. 2011) .................................................................................... 4

*Haynsworth v. The Corp.*,
  121 F.3d 956 (5th Cir. 1997) ....................................................................................... 4

*In re Acer America Corp.*,
  626 F.3d 1252 (Fed. Cir. 2010) .................................................................................... 9

*In re Apple Inc.*,
  979 F.3d 1332 (Fed. Cir. Nov. 9, 2020) ..................................................................... 10

*In re Genentech*,
  566 F.3d 1338 (Fed. Cir. 2009) ......................................................................... 6, 9, 10

*In re Google Inc.*,
  No. 17-0107, 2017 WL 977038 (Fed. Cir. Feb. 23, 2017) .......................................... 7

*In re Hoffman-La Roche*,
  587 F. 3d at 1336 ....................................................................................................... 10

*In re HP Inc.*,
  No. 2018-0149, 2018 WL 4692486 (Fed. Cir. Sept. 25, 2018) ................................... 8

*In re Nintendo Co.*,
  589 F.3d 1194 (Fed. Cir. 2009) .................................................................................... 6

*In re Volkswagen of Am. Inc.*,
  545 F.3d 304 (5th Cir. 2008) ....................................................................................... 6

*Irvin v. Cleveland Construction, Inc.*,
  Case No. A-09-CA-810-SS, 2009 WL 10699385 (W.D. Tex. Dec. 10, 2009) ........... 4

*M/S Bremen v. Zapata Off-Shore Co.*,
   407 U.S. 1 (1972) ........................................................................................................... 4

*MEC Res., LLC v. Apple, Inc.*,
   269 F. Supp. 3d 218 (D. Del. 2017) ................................................................................ 9

*Sirius Comp. Sols., Inc. v. Sparks*,
   138 F. Supp. 3d 821 (W.D. Tex. 2015) ........................................................................... 5

*Tessera Advanced Tech., Inc. v. Samsung Elec. Co.*,
   No. 2:17-CV-00671-JRG, 2018 WL 8014281 (E.D. Tex. 2018) .............................................. 6

**<u>Statutes</u>**

28 U.S.C. § 1404(a) ............................................................................................................. 1, 3, 6

**<u>Rules</u>**

Fed. R. Civ. P. 45(c)(1)(A) ........................................................................................................ 8

Fed. R. Civ. P. 45(c)(1)(B) ........................................................................................................ 8

(*id.* ¶¶ 11-12), and (iii) infringing Sonos' patents by leveraging the non-public "knowledge it had gleaned from Sonos" during the collaboration (*id.* ¶ 14).  Sonos incorporates these allegations into each of its claims (*id.* ¶¶ 80, 92, 104, 117, 130), and the allegations regarding the collaboration form the sole basis for Sonos' copying contention.  *Id.* ¶¶ 11-14.  Because Sonos' own allegations put the parties' collaboration at issue, Sonos has effectively conceded that there is a non-frivolous nexus between its claims and the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. 1 §§ 3.4-3.5.

Six of Google's affirmative defenses to Sonos' '615 and '033 patent infringement claims also require interpretation and application of the CIA.  For example, to resolve the estoppel defense, a court must decide whether ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ – in addition to other Sonos conduct – led Google to reasonably infer that **Google**, not Sonos, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See Sirius Comp. Sols., Inc. v. Sparks*, 138 F. Supp. 3d 821, 839 (W.D. Tex. 2015).  To resolve the waiver defense, a court must decide whether Sonos intentionally waived its rights to enforce the '615 and '033 patents or acted inconsistently with claiming those rights in light of Sonos' execution of the CIA along with other conduct.  *Id.* at 838.  And to resolve the limitation on liability defense, a court must apply ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. 1 § 8.1.

Because the nexus between this case and the CIA is "non-frivolous," the mandatory forum selection clause should be given "controlling weight."  *Atl. Marine*, 571 U.S. at 59-60, 63 (forum selection clauses should be "given controlling weight in all but the most exceptional cases"); *EVS Codec*, 2019 WL 2904747, at *4 (enforcing mandatory forum selection clause requiring disputes "relating to" the agreement to be brought in New York where defendant asserted that a covenant

in the agreement barred plaintiff's infringement claims, and resolution of this issue would "necessarily require the Court to interpret the Agreement"); *Tessera Advanced Tech., Inc. v. Samsung Elec. Co.*, No. 2:17-CV-00671-JRG, 2018 WL 8014281, at *4 (E.D. Tex. 2018) (enforcing mandatory forum selection clause providing that disputes "relating to" the agreement must be brought in Delaware since, "[i]n order to try this case, the Court must unavoidably interpret the [agreement]").

No "extraordinary circumstances" disfavor transfer. *EVS Codec*, 2019 WL 2904747, at *2. And transfer to the Northern District is clearly warranted as the public interest factors are all either neutral or weigh in favor of transfer. *Infra* § III.B.3.

**B.     The Court Should Transfer For The Convenience Of Parties And Witnesses.**

In the alternative, the Court should transfer this case under Section 1404(a) "[f]or the convenience of parties and witnesses." 28 U.S.C. § 1404(a). For this inquiry a court first considers whether the case could have been brought in the transferee forum. *In re Volkswagen of Am. Inc.*, 545 F.3d 304, 312 (5th Cir. 2008). If so, courts weigh the well-known private and public factors discussed below. *Id.* at 315. A court should grant transfer when the proposed transferee forum is "'clearly more convenient' than the plaintiff's chosen venue." *In re Nintendo Co.*, 589 F.3d 1194, 1197 (Fed. Cir. 2009).

   **1.     *Sonos Could Have Brought Its Case In The Northern District.***

Sonos could have brought its case in the Northern District because Google has been headquartered there since its founding in 1998. Friedland ¶ 2.

   **2.     *The Private Interest Factors Weigh Heavily In Favor Of Transfer.***

      **(a)     Convenience Of The Parties And Witnesses Favors Transfer.**

"The convenience of the witnesses is probably the single most important factor in the transfer analysis." *In re Genentech*, 566 F.3d 1338, 1343 (Fed. Cir. 2009) (internal citation omitted). In this case, the parties *agreed* that California is a convenient forum at least six times in

DATED:  January 8, 2021     QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Charles K. Verhoeven*
Charles K. Verhoeven (*pro hac vice*)
charlesverhoeven@quinnemanuel.com
Melissa Baily (*pro hac vice*)
melissabaily@quinnemanuel.com
Jordan Jaffe (*pro hac vice*)
jordanjaffe@quinnemanuel.com
Lindsay Cooper (*pro hac vice*)
lindsaycooper@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875 6600
Facsimile:     (415) 875 6700

Paige Arnette Amstutz
Texas State Bar No. 00796136
SCOTT, DOUGLASS & MCCONNICO, LLP
303 Colorado Street, Suite 2400
Austin, TX  78701
Telephone:  (512) 495-6300
Facsimile:  (512) 495-6399
pamstutz@scottdoug.com

*Counsel for Defendant Google LLC*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on January 8, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

                                          */s/ Charles K. Verhoeven*
                                          Charles K. Verhoeven