QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

Attorneys for GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>SONOS, INC.,<br><br>　　　　Defendant. | CASE NO. 3:20-cv-06754-WHA<br><br>**GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT** |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiff Google LLC ("Google") hereby requests to file under seal portions of its Reply in Support of its Motion for Leave to File a Second Amended Complaint ("Reply"). Specifically, Google requests an order granting leave to file under seal the portions of the document listed below:

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| Portions of Google's Reply | Portions highlighted in green | Google |

## II. LEGAL STANDARD

Civil Local Rule 79-5(c) provides that a party seeking to file its own documents under seal must file an administrative motion that articulates the applicable legal standard and reasons for keeping a document under seal, includes evidentiary support from a declaration where necessary, and provides a proposed order that is narrowly tailored to seal only the sealable material.

Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978)). "To seal records in connection with a 'dispositive' motion or a motion that 'more than tangentially relate[s] to the merits of a case,' 'compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure' are required." *Bronson v. Samsung Elecs. Am., Inc.*, No. C 18-02300 WHA, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019) (quoting *Kamakana*, 447 F.3d at 1178-79). "A particularized showing of 'good cause' under Federal Rule of Civil Procedure 26(c), however, suffices to warrant sealing in connection with a non-dispositive motion." *Id.*

## III. THE COURT SHOULD SEAL GOOGLE'S CONFIDENTIAL INFORMATION

Although the materials that Google seeks to seal here meet the higher "compelling reasons" standard, the Court need only consider whether these materials meet the lower "good cause" standard. Courts have repeatedly found it appropriate to seal documents that contain "business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 589-99. Good

cause to seal is shown when a party seeks to seal materials that "contain[ ] confidential information about the operation of [the party's] products and that public disclosure could harm [the party] by disclosing confidential technical information." *Digital Reg. of Texas, LLC v. Adobe Sys., Inc.*, No. C 12–1971 CW, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014). Materials that could harm a litigant's competitive standing may be sealed even under the "compelling reasons" standard. *See e.g.*, *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) (information "is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage") (citation omitted).

The highlighted portions of Google's Reply contain confidential business information and terms to confidential agreements that are not public. The public disclosure of this information would harm Google's competitive standing and its ability to negotiate future agreements by giving competitors access to Google's highly confidential business thinking and asymmetrical information about Google's licensing strategies to other entities. Cooper Decl. ¶ 3. Thus, Google has good cause to keep such information under seal. A less restrictive alternative than sealing the highlighted portions of Google's Reply would not be sufficient because the information sought to be sealed is Google's proprietary and confidential business information but is necessary to the argument in Google's Reply. *Id.*

Because courts routinely seal confidential business information and terms to confidential agreements, the Court should grant Google's Administration Motion. *See, e.g.*, *Elec. Arts, Inc. v. U.S. Dist. Ct. (In re Elec. Arts, Inc.)*, 298 F. App'x 568, 569 (9th Cir. 2008) (sealing licensing agreement terms); *In re Qualcomm Litig.*, No. 3:17-CV-0108-GPC-MDD, 2018 WL 6252523, at *2 (S.D. Cal. May 9, 2018) (sealing "confidential business information" because disclosure could harm the party "in future negotiations with existing customers, third-parties, and other entities with whom they do business"); *Huawei Techs., Co. v. Samsung Elecs. Co.*, No. 3:16-cv-02787-WHO, Dkt. No. 446, at 19 (N.D. Cal. Jan. 30, 2019) (sealing confidential sales data because "disclosure would harm their competitive standing by giving competitors insight they do not have").

**IV.   CONCLUSION**

1   For the foregoing reasons, Google respectfully requests that the Court grant Google's
2   Administrative Motion to File Portions of its Reply in Support of its Motion for Leave to File a
3   Second Amended Complaint Under Seal.

5   DATED: December 7, 2021

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:  */s/ Charles K. Verhoeven*
       Charles K. Verhoeven (Bar No. 170151)
       charlesverhoeven@quinnemanuel.com
       Melissa Baily (Bar No. 237649)
       melissabaily@quinnemanuel.com
       50 California Street, 22nd Floor
       Lindsay Cooper (Bar No. 287125)
       lindsaycooper@quinnemanuel.com
    San Francisco, California 94111-4788
    Telephone:    (415) 875-6600
    Facsimile:    (415) 875-6700

    Attorneys for GOOGLE LLC

**ATTESTATION**

Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that, on December 7, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system and email.

DATED: December 7, 2021

By: _/s/ Charles K. Verhoeven_
     Charles K. Verhoeven