# EXHIBIT 2

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Attorneys for GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>    Plaintiff<br><br>    v.<br><br>SONOS, INC.,<br><br>    Defendant. | CASE NO. 3:20-cv-06754-WHA<br><br>**GOOGLE LLC'S INVALIDITY CONTENTIONS** |

not imply that such language is entitled to any patentable weight when comparing the claim as a whole to the prior art. Google's identifications are made based on Google's present understanding of the Asserted Claims and Sonos's apparent interpretation of these claims as reflected in its Infringement Contentions, and Google reserves the right to amend these identifications, including in response to claim constructions and claim interpretations that would render claim limitations not enabled, lacking in written description, or indefinite.

### 1. Lack of Enablement And Written Description Under 35 U.S.C. § 112 ¶ 1

Based on Google's present understanding of the Asserted Claims and Sonos's apparent interpretation of these claims as reflected in its Infringement Contentions, the '033 Asserted Claims may fail to satisfy the requirements of § 112, ¶ 1 because the specification and original patent application fail to provide an enabling disclosure of and written description support for at least the following limitations below (or terms contained therein):

- "remote playback queue"

- "detecting an indication that playback responsibility for the remote playback queue has been successfully transferred from the computing device to the at least one given playback device"

- "after detecting the indication, transitioning from i) the first mode in which the computing device is configured for playback of the remote playback queue to ii) a second mode in which the computing device is configured to control the at least one given playback device's playback of the remote playback queue and the computing device is no longer configured for playback of the remote playback queue")

- "based on receiving the user input, transmitting an instruction for the at least one given playback device to take over responsibility for playback of the remote playback queue from the computing device, wherein the instruction configures the at least one given playback device to (i) communicate with the cloud-based computing system in order to obtain data identifying a next one or more media items that are in the remote playback queue, (ii) use the obtained data to retrieve at least one media item in the remote playback queue from the cloud-based media service; and (iii) play back the retrieved at least one media item"

- "wherein the instruction comprises an instruction for the cloud-based computing system associated with the media service to provide the data identifying the next one or more media items to the given playback device for use in retrieving the at least one media item from the cloud-based computing system associated with the cloud-based media service"

- "while operating in the first mode, displaying a representation of one or more playback devices in a media playback system that are each i) communicatively coupled to the computing device over a data network and ii) available to accept playback responsibility for the remote playback queue"

- "wherein the representation of the one or more playback devices comprises at least one selectable indicator for a group of playback devices that includes the given playback device and one or more other playback devices that are to be configured for synchronous playback of the remote playback queue, and wherein the user input indicating the selection of at least one given playback device from the one or more playback devices comprises user input indicating a selection of the group of playback devices"

- "wherein displaying the representation of the one or more playback devices comprises: displaying the representation of the one or more playback devices in response to receiving a selection of a displayed icon indicating that playback responsibility for the remote playback queue can be transferred"

- "before displaying the representation of the one or more playback devices, receiving an indication that the one or more playback devices in the media playback system are available to accept playback responsibility for the remote playback queue"

For example, the phrase "remote playback queue" is entirely absent from the specification and was only added to the pending claims during prosecution in November 2019. The specification does not describe a "remote playback queue" nor provide enabling disclosure to one of ordinary skill in the art. Nor is there any discussion of "detecting an indication that playback responsibility for the remote playback queue has been successfully transferred from the computing device to the at least one given playback device." Indeed, outside of the claims the specification never uses the phrase "detecting an indication" or "playback responsibility," or include any written description support describing the claimed detection process.

As another example, the '033 patent does not provide written description support or enabling disclosure for the claimed "first mode" or "second mode." Again, the '033 patent includes absolutely no mention of a "first mode" or a "second mode," let alone how the claim system is configured for or transitions from one mode to another, or how the computing device enters a mode in which it is "no longer configured for playback of the remote playback queue."

Similarly, the '033 patent does not include any discussion of "transmitting an instruction," let alone one that "configures the at least one given playback device" in the manner described in the claims. Indeed, the phrase "instruction" appears in the '033 patent only in the context of

computer instructions stored in a computer readable medium. *See, e.g.,* '033 patent at 3:3-7, 8:11-19. The phrase "transmitting an instruction" does not even appear outside of the claims.

As yet another example, the '033 patent merely discloses that a controller may facilitate "a selection of a plurality of audio sources available on the network." However, it does not disclose the use of a "selectable indicator," "displaying the representation of the one or more playback devices in response to receiving a selection of a displayed icon indicating that playback responsibility for the remote playback queue can be transferred" or "before displaying the representation of the one or more playback devices, receiving an indication that the one or more playback devices in the media playback system are available to accept playback responsibility for the remote playback queue." Indeed, these phrases "selectable indicator" does not even appear in the patent outside of the claims, and the phrase "display" is used only in connection with displaying album art or to generally indicate the controller may display a user interface. '033 patent at 9:15-53.

To date, Sonos has been unable to or refused to identify disclosures in the specification of the '033 patent that allegedly disclose a "remote playback queue" or the other limitations of the asserted claims. Indeed, Sonos has refused to answer Google's interrogatory requesting its validity contentions or written description support, and Google reserves to supplement, amend, or otherwise modify its positions based on additional information learned through discovery. Sonos has also failed to identify any physical Sonos products or working examples of the claimed embodiment at the time of the invention, let alone an embodiment that includes a "remote playback queue." Further, to the extent Sonos's infringement contentions are credited, there is no written description support for the full scope of the claims because Sonos's infringement contentions expand the scope of the claims far beyond what the inventors were in possession of. For instance, the claimed inventors were not in possession of the cloud queue functionality that purported falls within the scope of the claims at the time of the alleged invention.

### 2. Indefiniteness Under 35 U.S.C. § 112 ¶ 2

Based on Google's present understanding of the Asserted Claims and Sonos's apparent interpretation of these claims as reflected in its Infringement Contentions, the '033 Asserted

in response to claim constructions and claim interpretations that would render claim limitations not enabled, lacking in written description, or indefinite.

### 1. Lack of Enablement And Written Description Under 35 U.S.C. § 112 ¶ 1

Based on Google's present understanding of the Asserted Claims and Sonos's apparent interpretation of these claims as reflected in its Infringement Contentions, the '615 Asserted Claims may fail to satisfy the requirements of § 112, ¶ 1 because the specification and original patent application fail to provide an enabling disclosure of and written description support for at least the following limitations below (or terms contained therein):

- "local playback queue"

- "causing the graphical interface to display a selectable option for transferring playback from the control device"

- "detecting a set of inputs to transfer playback from the control device to a particular playback device, wherein the set of inputs comprises: (i) a selection of the selectable option for transferring playback from the control device and (ii) a selection of the particular playback device from the identified playback devices connected to the local area network"

- "causing one or more first cloud servers to add multimedia content to a local playback queue on the particular playback device, wherein adding the multimedia content to the local playback queue comprises the one or more first cloud servers adding, to the local playback queue, one or more resource locators corresponding to respective locations of the multimedia content at one or more second cloud servers of a streaming content service"

- "causing an identifier of the multimedia content to be added to the local playback queue, wherein the identifier indicates a particular source of the multimedia content at the one or more second cloud servers of the streaming content service, wherein the particular playback device receives the multimedia content from the particular source at the one or more second cloud servers of the streaming content service"

- "wherein causing one or more first cloud servers to add the multimedia content to the local playback queue on the particular playback device comprises sending a message to the streaming content service that causes the one or more first cloud servers to add the multimedia content to the local playback queue on the particular playback device"

- "causing playback at the control device to be stopped"

- "wherein transferring playback from the playback device back to the control device comprises: causing playback at the playback device to be stopped; and modifying the one or more transport controls of the control interface to control playback by the control device"

1   For example, the phrase "local playback queue" appear in all the asserted claims of the
2   '615 patent. Depending on the construction of these terms, these limitations may not be supported
3   by the specification or enabled. For example, Sonos's infringement contentions as to these
4   limitations identify subject matter in the accused instrumentalities that is not disclosed and/or
5   enabled in the '615 patent, and for which the specification does not objectively demonstrate to a
6   person of skill in the art possession by the patent applicants. For instance, the claimed inventors
7   were not in possession of the cloud queue functionality that purported falls within the scope of the
8   claims at the time of the alleged invention.

9   Further, the '615 patent fails to provide written description support for the specific
10  limitations that relate to adding items to the local playback device. For instance, the specification
11  does not support a first cloud server that adds multimedia content to a local playback queue on the
12  device, or URLs to the local playback device.

13  Indeed, the '615 patent does not include any embodiment that describes the specific steps
14  of the claimed invention at all, including those relating to the local playback queue. To date,
15  Sonos has been unable to or refused to identify disclosures in the specification of the '615 patent
16  that allegedly disclose an embodiment that performs all the limitations of the claims. For instance,
17  Sonos has refused to answer Google's interrogatory requesting its validity contentions or written
18  description support, and Google reserves to supplement, amend, or otherwise modify its positions
19  based on additional information learned through discovery. Sonos has also failed to identify any
20  physical Sonos products or working examples of the claimed embodiment at the time of the
21  invention. Further, to the extent Sonos's infringement contentions are credited, there is no written
22  description support for the full scope of the claims because Sonos's infringement contentions
23  expand the scope of the claims far beyond what the inventors were in possession of.

24      **2.**    **Indefiniteness Under 35 U.S.C. § 112 ¶ 2**

25  Based on Google's present understanding of the Asserted Claims and Sonos's apparent
26  interpretation of these claims as reflected in its Infringement Contentions, the '615 Asserted
27  Claims may fail to satisfy the requirements of § 112, ¶ 2 because the precise scope of at least the
28