# EXHIBIT 4

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

SONOS, INC.,

       Plaintiff

v.

GOOGLE LLC,

    Defendant

Civil Action No.: 6:20-cv-00881-ADA

**JURY TRIAL DEMANDED**

## DEFENDANT GOOGLE LLC'S ANSWER AND COUNTERCLAIMS

## ANSWER

## INTRODUCTION

1.     Google currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1, and therefore denies them.

2.     Google currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2, and therefore denies them.

3.     Google currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3, and therefore denies them.

4.     Google currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4, and therefore denies them.

5.     Google currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5, and therefore denies them.

6.     Google currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6, and therefore denies them.

7.     Google currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7, and therefore denies them.

8.      Google currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8, and therefore denies them.

9.      Google currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9, and therefore denies them.

10.     Google admits that Sonos has filed an ITC action, *In re Certain Audio Players and Controllers, Components Thereof, and Products Containing Same*, Inv. No. 337-TA-1191, alleging infringement of five patents and that Sonos purports to now bring a civil action for patent infringement arising under the patent laws of the United States.  Google denies that it infringes any Sonos patent.  Except as expressly admitted, Google denies any remaining allegations in paragraph 10.

## ASSERTION THAT GOOGLE BEGINS INFRINGING

11.     Google denies the allegations in paragraph 11.

12.     Google admits that some of Sonos' products are compatible with certain third-party music streaming services.  Google admits that Google Play Music was announced by May 2011, and the Google Play Music integration was ready on April 10, 2014.  Google currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations contained in paragraph 12, and therefore denies them.

13.     Google denies that it copied Sonos.  Further, to the extent the allegations in paragraph 13 purport to describe or quote one or more documents or webpages, Google asserts that those documents or webpages are the best source of their full content and context. Google denies the allegations to the extent they do not accurately represent the documents' or webpages' full content and context. Except as expressly admitted, Google denies the remaining allegations in paragraph 13.

14.     Google admits that it released a product called "Chromecast Audio." Except as expressly admitted, Google denies the allegations in paragraph 14.

15.     Google denies that it copied Sonos or used Sonos's patent technology. Further, to the extent the allegations in paragraph 15 purport to describe or quote one or more documents or webpages, Google asserts that those documents or webpages are the best source of their full content and context. Google denies the allegations to the extent they do not accurately represent the documents' or webpages' full content and context. Except as expressly admitted, Google denies the remaining allegations in paragraph 15.

16.     Google denies the allegations in paragraph 16.

## ASSERTION THAT GOOGLE'S INFRINGEMENT ACCELERATES

17.     Google admits it has released certain products, including the Google Home Mini, Google Home, Google Home Max, and certain Pixel phones, tablets and laptops. Google denies these products are infringing. Except as expressly admitted, Google denies the allegations in paragraph 17.

18.     Google admits the Google Home was released in 2016. Except as expressly admitted, Google denies the remaining allegations in paragraph 18.

19.     Google admits that, at various points in time, Google and Sonos had discussions about licensing each other's patents. Except as expressly admitted, Google denies the allegations in paragraph 19.

20.     Google admits that, at various points in time, Google and Sonos had discussions about licensing each other's patents. Except as expressly admitted, Google denies the allegations in paragraph 20.

21.     Google admits that Google released the Google Home Max and the Google Home Mini in 2017. Further, to the extent the allegations in paragraph 21 purport to describe or quote one or more documents or webpages, Google asserts that those documents or webpages are the best source of their full content and context. Google denies the allegations to the extent they do not accurately represent the documents' or webpages' full content and context. Except as expressly admitted, Google denies the remaining allegations of paragraph 21

22.     Google admits that, at various points in time, Google and Sonos had discussions about licensing each other's patents. Except as expressly admitted, Google denies the allegations in paragraph 22.

23.     Google admits it released certain products, including the Chromecast, Chromecast Ultra, Chromecast Audio, Chromecast with Google TV, Home Mini, Nest Mini, Home, Home Max, Home Hub, Nest Hub, Nest Hub Max, Nest Audio, and Nest Wifi Point. Google admits that it released certain applications, including Google Play Music, YouTube, and YouTube Music. Google denies these products are infringing. Except as expressly admitted, Google denies the allegations in paragraph 23.

24.     Google admits it released certain products, including the Pixel 3, Pixel 3 XL, Pixel 3a, Pixel 3a XL, Pixel 4, Pixel 4 XL, and Pixel 4a phones, the Pixel Slate tablet, and the Pixelbook and Pixelbook Go laptops. Google admits that it released certain applications, including Google Play Music, YouTube, and YouTube Music. Google denies these products and applications are infringing. Except as expressly admitted, Google denies the allegations in paragraph 24.

25.     Paragraph 25 contains no allegations that require a response.

26.     Google admits that Sonos has filed an ITC action, *In re Certain Audio Players and Controllers, Components Thereof, and Products Containing Same*, Inv. No. 337-TA-1191 alleging

infringement of five patents and that the ITC instituted an investigation. Except as expressly admitted, Google denies any remaining allegations in paragraph 26.

27. Google denies that it is infringing any Sonos patent. Further, to the extent the allegations in paragraph 27 purport to describe or quote one or more documents or webpages, Google asserts that those documents or webpages are the best source of their full content and context. Google denies the allegations to the extent they do not accurately represent the documents' or webpages' full content and context. Except as expressly admitted, Google denies the remaining allegations in paragraph 27.

28. Google denies that it is infringing any Sonos patent. Further, to the extent the allegations in paragraph 28 purport to describe or quote one or more documents or webpages, Google asserts that those documents or webpages are the best source of their full content and context. Google denies the allegations to the extent they do not accurately represent the documents' or webpages' full content and context. Except as expressly admitted, Google denies the allegations in paragraph 28.

29. Google denies that it is using "Sonos' patented technology." Further, to the extent the allegations in paragraph 29 purport to describe or quote one or more documents or webpages, Google asserts that those documents or webpages are the best source of their full content and context. Google denies the allegations to the extent they do not accurately represent the documents' or webpages' full content and context. Except as expressly admitted, Google denies the allegations in paragraph 29.

**ASSERTION THAT GOOGLE'S CONTINUED INFRINGEMENT ACCELERATES**

30. Google admits that the patents asserted in the ITC action are different that the patents asserted in the Complaint. Google denies that it is infringing any Sonos patent. Except as expressly admitted, Google denies any remaining allegations in paragraph 30.

31. Google denies that it is infringing any Sonos patent. Google denies the allegations in paragraph 31.

32. Google denies the allegations in paragraph 32.

33. Google denies that Sonos' patents-in-suit claim inventions or innovations, and denies that they are novel, non-obvious or fundamental. Google currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 33, and therefore denies them.

34. Google denies the '206 or '966 patents cover a Sonos invention and that it is novel or non-obvious. Google currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations contained in paragraph 34, and therefore denies them.

35. Google denies that the '460 patent covers a Sonos invention and that it is novel or non-obvious. Google currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 35, and therefore denies them.

36. Google admits that Sonos purported to provide a pre-filing copy of its Complaint to Google on September 29, 2020, the day before it filed this case. Google denies that it is infringing any Sonos patent and denies any remaining allegations in paragraph 36.

37.     Google denies that it is infringing any Sonos patent.  Further, to the extent the allegations in paragraph 37 purport to describe or quote one or more documents or webpages, Google asserts that those documents or webpages are the best source of their full content and context. Google denies the allegations to the extent they do not accurately represent the documents' or webpages' full content and context. Except as expressly admitted, Google denies the remaining allegations of paragraph 37.

38.     To the extent the allegations in paragraph 38 purport to describe or quote one or more documents or webpages, Google asserts that those documents or webpages are the best source of their full content and context. Google denies the allegations to the extent they do not accurately represent the documents' or webpages' full content and context. Except as expressly admitted, Google denies the remaining allegations of paragraph 38.

39.     Google admits that it sometimes offers discounts on its products.  To the extent the allegations in paragraph 38 purport to describe or quote one or more documents or webpages, Google asserts that those documents or webpages are the best source of their full content and context. Google denies the allegations to the extent they do not accurately represent the documents' or webpages' full content and context. Google denies the remaining allegations in paragraph 39.

40.     Google admits that it released YouTube Music and Google Play Music.  Google denies copying any of Sonos's patented inventions.  Further, to the extent the allegations in paragraph 40 purport to describe or quote one or more documents or webpages, Google asserts that those documents or webpages are the best source of their full content and context. Google denies the allegations to the extent they do not accurately represent the documents' or webpages' full content and context. Except as expressly admitted, Google denies the remaining allegations of paragraph 40.

41.     Google denies the allegations in paragraph 41.

42.     Google denies the allegations in paragraph 42.

## THE PARTIES

43.     Google currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 43, and therefore denies them.

44.     Google admits that Google LLC is a Delaware limited liability company with a principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043. Google admits that it has an office located at 500 West 2nd Street, Austin, Texas 78701. Google admits it is registered to do business in the State of Texas.  Google denies any remaining allegations of this paragraph.

45.     Google admits that it is a technology company and has a presence in this District. Except as expressly admitted, Google denies any remaining allegations in paragraph 45.

46.     Google admits that it markets and sells products to consumers in the United States, including to consumers in the Western District of Texas.  Google denies that these products infringe any Sonos patent.  Except as expressly admitted, Google denies any remaining allegations in paragraph 46.

## JURISDICTION AND VENUE

47.     Google admits that the Complaint alleges an action arising under the patent laws of the United States, Title 35 of the United States Code.  Google admits that this Court has subject matter jurisdiction over actions arising under 28 U.S.C. §§ 1331 and 1338(a).  Except as expressly admitted, Google denies any remaining allegations in paragraph 47.

48.     Google admits that this Court has personal jurisdiction for the purposes of this particular action. Google admits that it has conducted and does conduct business in the State of

Texas. Google denies that it has committed acts of infringement within the Western District of Texas, or any other District, and any remaining allegations in paragraph 48, and specifically denies that it has committed any acts of infringement.

49.     Google admits that this Court has personal jurisdiction for the purposes of this particular action.  Google admits that it is registered to do business in the State of Texas and that it has an office in Austin, which is located in the Western District of Texas. Except as expressly admitted, Google denies any remaining allegations in paragraph 49.

50.     Google admits that venue is proper in this District for purposes of this particular action but not convenient or in the interests of justice under 28 U.S.C. § 1404(a).  Google denies that it has committed acts of infringement within the Western District of Texas, or any other District, and any remaining allegations in paragraph 50, and specifically denies that it has committed any acts of infringement.

## THE PATENTS-IN-SUIT

## U.S. PATENT NO. 9,967,615

51.     Google admits that what appears to be a copy of United States Patent No. 9,967,615 ("the '615 patent") is attached as Exhibit 1 to the Complaint and that, on its face, the '615 patent is entitled "Networked Music Playback," lists Sonos, Inc. as the Applicant and Assignee, and bears an issue date of May 8, 2018. Google denies that the '615 patent was duly and legally issued. Google currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations contained in paragraph 58, and therefore denies them.

52.     To the extent the allegations in paragraph 52 purport to describe or quote the '615 patent, Google asserts that the '615 patent is the best source of its full content and context.  Google

denies the allegations to the extent they do not accurately represent the '615 patent. Except as expressly admitted, Google denies the remaining allegations in paragraph 52.

53.     To the extent the allegations in paragraph 53 purport to describe or quote the '615 patent, Google asserts that the '615 patent is the best source of its full content and context. Google denies the allegations to the extent they do not accurately represent the '615 patent. Except as expressly admitted, Google denies the remaining allegations in paragraph 53.

54.     To the extent the allegations in paragraph 54 purport to describe or quote the '615 patent, Google asserts that the '615 patent is the best source of its full content and context. Google denies the allegations to the extent they do not accurately represent the '615 patent. Except as expressly admitted, Google denies the remaining allegations in paragraph 54.

55.     To the extent the allegations in paragraph 55 purport to describe or quote the '615 patent, Google asserts that the '615 patent is the best source of its full content and context. Google denies the allegations to the extent they do not accurately represent the '615 patent. Except as expressly admitted, Google denies the remaining allegations in paragraph 55.

56.     To the extent the allegations in paragraph 56 purport to describe or quote the '615 patent, Google asserts that the '615 patent is the best source of its full content and context. Google denies the allegations to the extent they do not accurately represent the '615 patent. Except as expressly admitted, Google denies the remaining allegations in paragraph 56.

57.     To the extent the allegations in paragraph 57 purport to describe or quote the '615 patent, Google asserts that the '615 patent is the best source of its full content and context. Google denies the allegations to the extent they do not accurately represent the '615 patent. Except as expressly admitted, Google denies the remaining allegations in paragraph 57.

58.     To the extent the allegations in paragraph 58 purport to describe or quote the '615 patent, Google asserts that the '615 patent is the best source of its full content and context.  Google denies the allegations to the extent they do not accurately represent the '615 patent.  Except as expressly admitted, Google denies the remaining allegations in paragraph 58.

### U.S. PATENT NO. 10,779,033

59.     Google admits that what appears to be a copy of United States Patent No. 10,779,033 ("the '033 patent") is attached as Exhibit 2 to the Complaint and that, on its face, the '033 patent is entitled "Systems And Methods For Networked Music Playback," and bears an issue date of September 15, 2020.  Google denies that the '033 patent was duly and legally issued.  Google currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations contained in paragraph 59, and therefore denies them.

60.     Google admits that, on their faces, the '033 patent and '615 patent purport to be continuations of application No. 13/341,237, filed on December 30, 2011, now U.S. Patent No. 9,654,821.  Google reasserts and incorporates its responses to paragraphs 52 through 58 of the Complaint.  Google currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations contained in paragraph 60, and therefore denies them.

61.     To the extent the allegations in paragraph 61 purport to describe or quote the '615 or '033 patents, Google asserts that the '615 or '033 patents are the best source of their full content and context.  Google denies the allegations to the extent they do not accurately represent the '615 or '033 patents.   Except as expressly admitted, Google denies the remaining allegations in paragraph 61.

62.     To the extent the allegations in paragraph 62 purport to describe or quote the '033 patent, Google asserts that the '033 patent is the best source of its full content and context.  Google

denies the allegations to the extent they do not accurately represent the '033 patent. Except as expressly admitted, Google denies the remaining allegations in paragraph 62.

### U.S. PATENT NO. 9,344,206

63.     Google admits that what appears to be a copy of United States Patent No. 9,344,206 ("the '206 patent") is attached as Exhibit 3 to the Complaint and that, on its face, the '206 patent is entitled "Method And Apparatus For Updating Zone Configurations In A Multi-Zone System," and bears an issue date of May 17, 2016. Google denies that the '206 patent was duly and legally issued. Google currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations contained in paragraph 63, and therefore denies them.

64.     To the extent the allegations in paragraph 64 purport to describe or quote the '206 patent, Google asserts that the '206 patent is the best source of its full content and context. Google denies the allegations to the extent they do not accurately represent the '206 patent. Except as expressly admitted, Google denies the remaining allegations in paragraph 64.

65.     To the extent the allegations in paragraph 65 purport to describe or quote the '206 patent, Google asserts that the '206 patent is the best source of its full content and context. Google denies the allegations to the extent they do not accurately represent the '206 patent. Except as expressly admitted, Google denies the remaining allegations in paragraph 65.

66.     To the extent the allegations in paragraph 66 purport to describe or quote the '206 patent, Google asserts that the '206 patent is the best source of its full content and context. Google denies the allegations to the extent they do not accurately represent the '206 patent. Except as expressly admitted, Google denies the remaining allegations in paragraph 66.

67.     To the extent the allegations in paragraph 67 purport to describe or quote the '206 patent, Google asserts that the '206 patent is the best source of its full content and context. Google

denies the allegations to the extent they do not accurately represent the '206 patent. Except as expressly admitted, Google denies the remaining allegations in paragraph 67.

68. To the extent the allegations in paragraph 68 purport to describe or quote the '206 patent, Google asserts that the '206 patent is the best source of its full content and context. Google denies the allegations to the extent they do not accurately represent the '206 patent. Except as expressly admitted, Google denies the remaining allegations in paragraph 68.

69. To the extent the allegations in paragraph 69 purport to describe or quote the '206 patent, Google asserts that the '206 patent is the best source of its full content and context. Google denies the allegations to the extent they do not accurately represent the '206 patent. Except as expressly admitted, Google denies the remaining allegations in paragraph 69.

## U.S. PATENT NO. 10,469,966

70. Google admits that what appears to be a copy of United States Patent No. 10,469,966 ("the '966 patent") is attached as Exhibit 4 to the Complaint and that, on its face, the '966 patent is entitled "Zone Scene Management," and bears an issue date of November 5, 2019. Google denies that the '966 patent was duly and legally issued. Google currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations contained in paragraph 70, and therefore denies them.

71. Google admits that, on their faces, the '966 patent and '206 patent purport to be continuations of application No. 13/896,829, filed on May 17, 2013. Google reasserts and incorporates its responses to paragraphs 64 through 69 of the Complaint. Google currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations contained in paragraph 71, and therefore denies them.

72.     To the extent the allegations in paragraph 72 purport to describe or quote the '906 patent, Google asserts that the '906 patent is the best source of its full content and context.  Google denies the allegations to the extent they do not accurately represent the '906 patent.  Except as expressly admitted, Google denies the remaining allegations in paragraph 72.

73.     To the extent the allegations in paragraph 73 purport to describe or quote the '906 patent, Google asserts that the '906 patent is the best source of its full content and context.  Google denies the allegations to the extent they do not accurately represent the '906 patent.  Except as expressly admitted, Google denies the remaining allegations in paragraph 73.

## U.S. PATENT NO. 9,219,460

74.     Google admits that what appears to be a copy of United States Patent No. 9,219,460 ("the '460 patent") is attached as Exhibit 5 to the Complaint and that, on its face, the '460 patent is entitled "Audio Settings Based on Environment," and bears an issue date of December 22, 2015. Google denies that the '460 patent was duly and legally issued.  Google currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations contained in paragraph 74, and therefore denies them.

75.     To the extent the allegations in paragraph 75 purport to describe or quote the '460 patent, Google asserts that the '460 patent is the best source of its full content and context.  Google denies the allegations to the extent they do not accurately represent the '460 patent.  Except as expressly admitted, Google denies the remaining allegations in paragraph 75.

76.     To the extent the allegations in paragraph 76 purport to describe or quote the '460 patent, Google asserts that the '460 patent is the best source of its full content and context.  Google denies the allegations to the extent they do not accurately represent the '460 patent.  Except as expressly admitted, Google denies the remaining allegations in paragraph 76.

77. To the extent the allegations in paragraph 77 purport to describe or quote the '460 patent, Google asserts that the '460 patent is the best source of its full content and context. Google denies the allegations to the extent they do not accurately represent the '460 patent. Except as expressly admitted, Google denies the remaining allegations in paragraph 77.

78. To the extent the allegations in paragraph 78 purport to describe or quote the '460 patent, Google asserts that the '460 patent is the best source of its full content and context. Google denies the allegations to the extent they do not accurately represent the '460 patent. Except as expressly admitted, Google denies the remaining allegations in paragraph 78.

79. To the extent the allegations in paragraph 79 purport to describe or quote the '460 patent, Google asserts that the '460 patent is the best source of its full content and context. Google denies the allegations to the extent they do not accurately represent the '460 patent. Except as expressly admitted, Google denies the remaining allegations in paragraph 79.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 9,967,615

80. Google reasserts and incorporates its responses to paragraphs 1 through 79 of the Complaint.

81. Google denies the allegations in paragraph 81.

82. Paragraph 82 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Google denies the allegations in paragraph 82.

83. Google admits that Sonos purported to provide a pre-filing copy of its Complaint to Google on September 29, 2020, the day before it filed this case. Google denies it is infringing any claim of the '615 patent and denies any remaining allegations in paragraph 83.

84. Google denies the allegations in paragraph 84.

85. Google denies the allegations in paragraph 85.

86.     Google denies the allegations in paragraph 86.

87.     Paragraph 87 contains no allegations that require a response.

88.     Google denies the allegations of paragraph 88, specifically denies that it has committed any acts of infringement, and further specifically denies that Sonos is entitled to any of the requested relief.

89.     Google denies the allegations of paragraph 89, specifically denies that it has committed any acts of infringement, and further specifically denies that Sonos is entitled to any of the requested relief.

90.     Google denies the allegations of paragraph 90, specifically denies that it has committed any acts of infringement, and further specifically denies that Sonos is entitled to any of the requested relief.

91.     Google denies the allegations of paragraph 91, specifically denies that it has committed any acts of infringement, and further specifically denies that Sonos is entitled to any of the requested relief.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 10,779,033

92.     Google reasserts and incorporates its responses to paragraphs 1 through 79 of the Complaint.

93.     Google denies the allegations in paragraph 93.

94.     Paragraph 94 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Google denies the allegations in paragraph 94.

95.     Google admits that Sonos purported to provide a pre-filing copy of its Complaint to Google on September 29, 2020, the day before it filed this case.  Google denies it is infringing any claim of the '033 patent and denies any remaining allegations in paragraph 95.

96.    Google denies the allegations in paragraph 96.

97.    Google denies the allegations in paragraph 97.

98.    Google denies the allegations in paragraph 98.

99.    Paragraph 99 contains no allegations that require a response.

100.    Google denies the allegations of paragraph 100, specifically denies that it has committed any acts of infringement, and further specifically denies that Sonos is entitled to any of the requested relief.

101.    Google denies the allegations of paragraph 101, specifically denies that it has committed any acts of infringement, and further specifically denies that Sonos is entitled to any of the requested relief.

102.    Google denies the allegations of paragraph 102, specifically denies that it has committed any acts of infringement, and further specifically denies that Sonos is entitled to any of the requested relief.

103.    Google denies the allegations of paragraph 103, specifically denies that it has committed any acts of infringement, and further specifically denies that Sonos is entitled to any of the requested relief.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 9,344,206

104.    Google reasserts and incorporates its responses to paragraphs 1 through 79 of the Complaint.

105.    Google denies the allegations in paragraph 105.

106.    Paragraph 106 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Google denies the allegations in paragraph 106.

107.     Google admits that Sonos purported to provide a pre-filing copy of its Complaint to Google on September 29, 2020, the day before it filed this case.  Google denies it is infringing any claim of the 206 patent and denies any remaining allegations in paragraph 107.

108.     Google denies the allegations in paragraph 108.

109.     Google denies the allegations in paragraph 109.

110.     Google denies the allegations in paragraph 110.

111.     Paragraph 111 contains no allegations that require a response.

112.     Paragraph 112 contains legal conclusions to which no response is required. To the extent a response is required, Google denies the allegations in paragraph 112.

113.     Google denies the allegations of paragraph 113, specifically denies that it has committed any acts of infringement, and further specifically denies that Sonos is entitled to any of the requested relief.

114.     Google denies the allegations of paragraph 114, specifically denies that it has committed any acts of infringement, and further specifically denies that Sonos is entitled to any of the requested relief.

115.     Google denies the allegations of paragraph 115, specifically denies that it has committed any acts of infringement, and further specifically denies that Sonos is entitled to any of the requested relief.

116.     Google denies the allegations of paragraph 116, specifically denies that it has committed any acts of infringement, and further specifically denies that Sonos is entitled to any of the requested relief.

### COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 10,469,966

117.   Google reasserts and incorporates its responses to paragraphs 1 through 79 of the Complaint.

118.   Google denies the allegations in paragraph 118.

119.   Paragraph 119 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Google denies the allegations in paragraph 119.

120.   Google admits that Sonos purported to provide a pre-filing copy of its Complaint to Google on September 29, 2020, the day before it filed this case.  Google denies it is infringing any claim of the '966 patent and denies any remaining allegations in paragraph 120.

121.   Google denies the allegations in paragraph 121.

122.   Google denies the allegations in paragraph 122.

123.   Google denies the allegations in paragraph 123.

124.   Paragraph 124 contains no allegations that require a response.

125.   Paragraph 125 contains legal conclusions to which no response is required. To the extent a response is required, Google denies the allegations in paragraph 125.

126.   Google denies the allegations of paragraph 126, specifically denies that it has committed any acts of infringement, and further specifically denies that Sonos is entitled to any of the requested relief.

127.   Google denies the allegations of paragraph 127, specifically denies that it has committed any acts of infringement, and further specifically denies that Sonos is entitled to any of the requested relief.

128.     Google denies the allegations of paragraph 128, specifically denies that it has committed any acts of infringement, and further specifically denies that Sonos is entitled to any of the requested relief.

129.     Google denies the allegations of paragraph 129, specifically denies that it has committed any acts of infringement, and further specifically denies that Sonos is entitled to any of the requested relief.

## COUNT V: INFRINGEMENT OF U.S. PATENT NO. 9,219,460

130.     Google reasserts and incorporates its responses to paragraphs 1 through 79 of the Complaint.

131.     Google denies the allegations in paragraph 131.

132.     Paragraph 132 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Google denies the allegations in paragraph 132.

133.     Google admits that Sonos purported to provide a pre-filing copy of its Complaint to Google on September 29, 2020, the day before it filed this case.  Google denies it is infringing any claim of the '460 patent and denies any remaining allegations in paragraph 133.

134.     Google denies the allegations in paragraph 134.

135.     Google denies the allegations in paragraph 135.

136.     Google denies the allegations in paragraph 136.

137.     Paragraph 137 contains no allegations that require a response.

138.     Google denies the allegations of paragraph 138, specifically denies that it has committed any acts of infringement, and further specifically denies that Sonos is entitled to any of the requested relief.

139.     Google denies the allegations of paragraph 139, specifically denies that it has committed any acts of infringement, and further specifically denies that Sonos is entitled to any of the requested relief.

140.     Google denies the allegations of paragraph 140, specifically denies that it has committed any acts of infringement, and further specifically denies that Sonos is entitled to any of the requested relief.

141.     Google denies the allegations of paragraph 141, specifically denies that it has committed any acts of infringement, and further specifically denies that Sonos is entitled to any of the requested relief.

## PRAYER FOR RELIEF

The paragraphs under the "Prayer for Relief" heading sets forth the statement of relief requested by Sonos, to which no response is required.  Google denies that it has committed any acts of infringement, further denies that Sonos is entitled to any of the requested relief, and denies any allegations in these paragraphs.

## JURY DEMAND

Google admits that Sonos sets forth a demand for a trial by jury.  Google likewise demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

Subject to the responses above, Google alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the affirmative defenses described below, subject to its responses above, Google specifically reserves all rights to allege additional affirmative defenses, at law or in equity, that

may exist now or may be available in the future based on discovery and further investigation in this action.

## FIRST DEFENSE: NON-INFRINGEMENT

1.      Google does not infringe and has not infringed, either literally or under the doctrine of equivalents, and is not liable for infringement of, any valid and enforceable claim of the '615, '033, '206, '966, and '460 patents ("Asserted Patents"), including under the reverse doctrine of equivalents.

## SECOND DEFENSE: INVALIDITY

2.      The claims of the Asserted Patents are invalid and unenforceable for failure to comply with the conditions for patentability under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. §§ 101, 102, 103, and/or 112.

3.      By way of example, the asserted claims of the asserted patents are invalid based on, for instance, one or more of U.S. Patent No. 8,239,559 (Rajapaske), U.S. Patent No. 8,797,926 (Kearney), U.S. Patent No. 7,720,686 (Volk), U.S. Patent No. 6,731,760 (Pedersen), U.S. Publication No. US2008/0120501 A1 (Jannink), EP No. 2986034B1 (Dolby), the BeoLab5 implementing Adaptive Bass Control ("ABC"), and one or more other prior art references listed on the face of the patents.

## THIRD DEFENSE: PROSECUTION HISTORY ESTOPPEL

4.      By reason of statements, representations, concessions, admissions, arguments, and/or amendments, whether explicit or implicit, made by or on behalf of the applicant during the prosecution of the patent applications that led to the issuance of the Asserted Patents, Sonos's claims of patent infringement are barred, in whole or in part, by the doctrine of prosecution history estoppel.

## FOURTH DEFENSE: UNCLEAN HANDS

5. By virtue of Sonos' negligent, willful and other wrongful conduct, the equitable doctrine of unclean hands bars Sonos from recovering against Google, at least with respect to the '615 and '033 patents.

6. For example, Sonos has referred to the '615 and '033 patents as "cloud queue patents": "Two of the patents-in-suit are what we call our cloud queue patents, and they deal with exactly how music streaming on a cloud gets transferred between a device, let's say a cell phone, and a speaker and how do you take a queue that's queued up in the cloud and transfer that queue of music from one device to another." *See* Ex. 1 at 17:3-8. Both patents claim priority through a series of continuation applications to U.S. Application No. 13/341,237, filed on December 30, 2011, and name Mr. Tad Coburn as an inventor. But Sonos did not introduce the alleged notion of a cloud-based queue into its patents until 2019. *See, e.g.*, '033 prosecution history (November 1, 2019 amendment adding notion of "remote playback queue").

7. In approximately 2013, Google and Sonos began collaborating with respect to integrating Google Play Music with Sonos devices. The parties entered into several contracts that relate to that collaboration, including a ███████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ██████████████████. Ex. 2 at Recitals & § 3.4.

8. Many of Sonos' infringement allegations are directed at Google technologies that arise out of or are related to work done by Google as part of the collaboration. For example, at the same time that the ████████████████████████████████████, Google told Sonos that it was considering ██████████████████████" for certain aspects of

development related to the collaboration. "Tad" Coburn, then a Principal Software Engineer at Sonos, acknowledged Google's idea as "██████████," while noting that it "██████████ ██████████."  Google went on to develop its technology, and the details of Google's development work were known to Sonos at the time in connection with the parties' collaboration.  Sonos also understood – and acknowledged at the time – that Google would be using its technology not just in connection with Sonos devices but also in connection with other devices.

9.      Technology that Google was developing in 2013 and 2014 (which Sonos was aware of in connection with the parties' collaboration), including this cloud queue technology, is in relevant respects, analogous to technology that Sonos now accuses of infringing its patents.

10.      At no time during the parties' collaboration did Sonos indicate to Google that Google's development work was improper in any respect.  To the contrary, Sonos encouraged Google to continue that development work.  And Sonos agreed that ██████████ ██████████████████████████████████████████████ ██████████████:

████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████

Ex. 2 § 3.4.

11.      To the extent Sonos contends that Google infringes the '615 and '033 patents, and to the extent Sonos contends that it conceived of the alleged invention of the '615 and '033

patents prior to the parties' collaboration, Sonos wrongfully encouraged Google to develop the now-accused technology during the parties' collaboration, including in the context of an agreement █████████████████████████████████████████████████

██████. In the alternative, to the extent Sonos contends that Google infringes the '615 and '033 patents, on information and belief, Sonos wrongfully used information it learned from Google's development work to introduce amendments to the claims of the '615 and '033 patents after the parties' collaboration and despite Sonos' agreement ████████████████████████████

██████████████████████. In either circumstance, Sonos' conduct was willful, wrongful, and egregious, and the doctrine of unclean hands applies.



## FIFTH DEFENSE: EQUITABLE ESTOPPEL

12.     Sonos' claims for relief are barred, in whole or in part, by the doctrine of equitable estoppel.

13.      Google incorporates by reference its response in paragraphs 5 - 11 as if fully restated in this paragraph.

14.     For example, to the extent Sonos contends that Google infringes the '615 and '033 patents, and to the extent Sonos purportedly conceived of the alleged invention of the '615 and '033 patents prior to the parties' collaboration, Sonos wrongfully encouraged Google to develop the now-accused technology during the parties' collaboration, including in the context of an agreement providing that ███████████████████████████████

████████████████. Sonos' conduct led Google to reasonably infer that Google owned any intellectual property stemming from the development of now-accused technology and/or that Sonos did not intend to enforce its purported intellectual property rights with respect to that technology.

15.     Google relied on Sonos' conduct by, for instance, proceeding with the development and commercialization of its technology.

16.     Google would be materially harmed if Sonos were permitted to assert that Google infringes the asserted patents, and Sonos' assertion would be inconsistent with Sonos' earlier conduct.  Google has invested in the development and commercialization of now-accused technology and, had Sonos brought its claims without delay, Google could have taken action to avoid any purported claim of infringement and thereby moot those claims.

## SIXTH DEFENSE: WAIVER

17.     Sonos' claims for relief are, in whole or in part, barred by the doctrine of waiver.

18.     Google incorporates by reference its response in paragraphs 5 - 16 as if fully restated in this paragraph.

19.     For example, to the extent Sonos contends that Google infringes the '615 and '033 patents, and to the extent Sonos purportedly conceived of the alleged invention of the '615 and '033 patents prior to the parties' collaboration, Sonos wrongfully encouraged Google to develop the now-accused technology during the parties' collaboration, including in the context of an agreement providing that ███████████████████████████████████████ ███████████████  Sonos thereby, and with full knowledge of the material facts, intentionally relinquished its right to bring an action based on the '615 and '033 patents, or intentionally acted inconsistently with claiming such rights.

## SEVENTH DEFENSE: IMPLIED LICENSE

20.     Sonos' claims of infringement are barred, in whole or in part, by the doctrine of implied license.

21.     Google incorporates by reference its response in paragraphs 5 - 16 as if fully restated in this paragraph.

22.     For example, to the extent Sonos contends that Google infringes the '615 and '033 patents, and to the extent Sonos purportedly conceived of the alleged invention of the '615 and '033 patents prior to the parties' collaboration, Sonos wrongfully encouraged Google to develop the now-accused technology during the parties' collaboration, including in the context of an agreement providing ███████████████████████████████████████ ███████████. As a result of Sonos' conduct, Google reasonably inferred that Sonos consented to any alleged use by Google of the now-accused technology.

### EIGHTH DEFENSE: LIMITATION ON LIABILITY

23.     Sonos' claims, and the damages sought by Sonos, are limited and/or barred, in whole or in part, by the parties' ███████████████████████.

24.     Google incorporates by reference its response in paragraphs 5 - 16 as if fully restated in this paragraph.

25.     The ███████████████████████ limits damages "███████████████████ ██████████████████████████████████████████████████ ███████████████████████████████████████████████████ ███████████████████████" Ex. 2.  Sonos' allegations with respect to the '615 and '033 patents relate to the subject matter of the ███████████████████, including because, pursuant to that agreement, ███████████████████████████████████ ███████████. Especially in light of the facts recounted in paragraphs 5 - 16, there was no gross negligence, willful misconduct, breach of confidentiality, or willful misappropriation on

behalf of Google.  Accordingly, any recovery for the purported infringement of the '615 and '033 patents is limited to $10,000.

## NINTH DEFENSE: UNENFORCEABILITY

26.   At least the claims of the '460 patent are unenforceable because the issued claims omitted material limitations and such omissions are not evident on the face of the patent.

27.   On March 17, 2014, the application that issued as the '460 patent was filed as U.S. Application No. 14/216,306 ("the '306 Application").  The '306 Application was filed with twenty claims (claims 1-20), three of which were independent claims (claims 1, 11, and 15).

28.   On October 7, 2015, the Patent Office issued a First Action Interview Pre-Interview Communication in the '306 Application.  The Examiner, Brenda Bernardi, rejected claims 1-20 of the '306 Application based on, for instance, two references, Swain and Yokoyama.

29.   On October 15, 2015, Sonos submitted an Applicant Initiated Interview Request Form in the '306 Application.  Along with the Request Form, Sonos submitted proposed amendments ("October 15 Proposed Amendments").  The October 15 Proposed Amendments amended each of the then pending independent claims—claims 1, 11 and 15—to, among other things, require the speaker and microphone of the playback device to be "within the housing of the playback device."

30.   On October 26, 2015, Sonos participated in an interview with the Examiner.  The Application Initiated Interview Summary states that the "Examiner agreed that the amended independent claims" would be allowed over the prior art with certain typographical and antecedent basis errors corrected by way of an Examiner's Amendment.

31.     On October 29, 2015, consistent with the agreement reached at the Interview, the Examiner issued a Notice of Allowance, which included an Examiner's Amendment to the Proposed Amendments submitted by the applicant on October 15.

32.     However, when the '460 patent was issued on December 22, 2015, the Examiner's Amendment was not applied to the October 15 Proposed Amendment.  Instead, the Examiner's Amendment was wrongly applied to the original claims (1-20) of the '306 Application that the Examiner had rejected as unpatentable in view of the prior art.  As a result, the '460 patent issued with claims that the Examiner found were unpatentable over the prior art.

33.     The omitted limitations are also material because, as stated by the Examiner, absent the October 15, 2015 Proposed Amendment, the claims were invalid.

## TENTH DEFENSE: DAMAGES LIMITATIONS

34.     On information and belief, Sonos' claims for relief are limited or barred, in whole or in part, by 35 U.S.C. §§ 286, 287 and/or 288.  To the extent that Sonos, its predecessors, or any of their licensees of the Asserted Patents failed to properly mark any relevant products or materials as required by 35 U.S.C. § 287, Sonos' damages are barred, in whole or in part.

## REQUEST FOR RELIEF

WHEREFORE, Google respectfully requests that the Court enter judgment in its favor and against Sonos as follows:

1) Dismissing, with prejudice, Sonos's claims against Google;

2) Denying all relief that Sonos seeks in its complaint and all amendments thereto;

3) Finding this case to be exceptional under 35 U.S.C. § 285 and awarding Google its costs and attorney fees; and

4) Awarding any other relief the Court deems just and equitable.

## COUNTERCLAIMS

In accordance with Rule 13 of the Federal Rules of Civil Procedure, Counterclaim Plaintiff Google LLC ("Google") hereby alleges and asserts the following Counterclaims against Counterclaim Defendant Sonos, Inc. ("Sonos").

## THE PARTIES

1.      Google is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.

2.      On information and belief, Sonos, Inc. is a Delaware corporation with its principal place of business at 614 Chapala Street, Santa Barbara, California 93101.

## JURISDICTION AND VENUE

3.      These Counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the laws of the State of California.  This Court has subject matter jurisdiction over Google's Counterclaims under 28 U.S.C. §§ 1331 1338, 2201, and 2202.  This Court has supplemental jurisdiction over this California state law claims pursuant to 28 U.S.C. § 1367(a) because they are so closely related to the federal claims brought herein by Sonos as to form part of the same case or controversy.  An actual controversy exists under the Declaratory Judgment Act because Sonos alleges that Google has infringed and is infringing U.S. Patent Nos. 9,967,615; 10,779,033; 9,344,206; 10,469,966; and 9,219,460 ("the Asserted Patents"), and Google denies those allegations.

4. This Court has personal jurisdiction over Sonos at least by virtue of Sonos's consent to the personal jurisdiction of this Court by the filing of the Complaint against Google in this Court.

5. Venue for this case is not appropriate in this district for Sonos's claims as alleged or counterclaims, but to the extent venue is found to be appropriate for Sonos's claims then venue for purposes of Google's Counterclaims set forth herein is proper in this district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because: (1) this action was filed in this district by Sonos and Sonos has thus submitted to personal jurisdiction in this Court and has consented to this venue; and (2) the present Counterclaims are in response to the allegations raised in Sonos's Complaint.

## COUNT 1:
## DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 9,967,615

6. Google repeats and alleges its responses to the preceding paragraphs with the same force and effect as if fully restated herein.

7. On September 29, 2020, Sonos filed a Complaint alleging patent infringement claims against Google.

8. Sonos's Complaint alleges that Google infringes at least Claim 13 of the '615 patent even though Google has not infringed, contributed to the infringement, or induced the infringement of Claim 13 or any other claim of the '615 Patent.

9. An actual, continuing and justiciable controversy exists between Google and Sonos as to Google's non-infringement of all claims of the '615 patent as evidenced by Sonos's Complaint and Google's Answer, as set forth above. Absent a declaration of non-infringement, Sonos will continue to wrongfully assert the '615 patent against Google, and will continue to cause Google injury and damage.

10.     Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Google requests a judicial determination and declaration that Google does not and has not infringed, contributed to the infringement of, or induced infringement of any claim of the '615 Patent either literally or under the doctrine of equivalents, willfully, or in any other manner.

## COUNT 2:
## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 9,967,615

11.     Google repeats and alleges its responses to the preceding paragraphs with the same force and effect as if fully restated herein.

12.     Due to Sonos's filing of the Complaint, an actual controversy exists between Google and Sonos as to the validity of the '615 Patent.

13.     The claims of the '615 Patent are invalid, in whole or in part, for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and/or 112.

14.     By way of example, the asserted claims of the '615 patent are invalid based on, for instance, one or more of U.S. Patent No. 8,797,926 (Kearney), U.S. Publication No. US2008/0120501 A1 (Jannink), and the prior art references listed on the face of the patents.

15.     Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Google requests a judicial determination and declaration that the claims of the '615 Patent are invalid.

## COUNT 3:
## DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 10, 799,033

16.     Google repeats and alleges its responses to the preceding paragraphs with the same force and effect as if fully restated herein.

17.     On September 29, 2020, Sonos filed a Complaint alleging patent infringement claims against Google.  Sonos's Complaint alleges that Google infringes at least Claim 1 of the

'033 patent even though Google has not infringed, contributed to the infringement, or induced the infringement of Claim 1 or any other claim of the '033 Patent.

18.     An actual, continuing and justiciable controversy exists between Google and Sonos as to Google's non-infringement of all claims of the '033 patent as evidenced by Sonos's Complaint and Google's Answer, as set forth above.  Absent a declaration of non-infringement, Sonos will continue to wrongfully assert the '033 patent against Google, and will continue to cause Google injury and damage.

19.     Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., Google requests a judicial determination and declaration that Google does not and has not infringed, contributed to the infringement of, or induced infringement of any claim of the '033 Patent either literally or under the doctrine of equivalents, willfully, or in any other manner.

### COUNT 4:
### DECLARATION OF INVALIDITY OF U.S. PATENT NO. 10, 799,033

20.     Google repeats and alleges its responses to the preceding paragraphs with the same force and effect as if fully restated herein.

21.     Due to Sonos's filing of the Complaint, an actual controversy exists between Google and Sonos as to the validity of the '033 Patent.

22.     The claims of the '033 Patent are invalid, in whole or in part, for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and/or 112.

23.     By way of example, the asserted claims of the '615 patent are invalid based on, for instance, one or more of U.S. Patent No. 8,797,926 (Kearney), U.S. Publication No. US2008/0120501 A1 (Jannink), and the prior art references listed on the face of the patents.

24.     Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Google requests a judicial determination and declaration that the claims of the '033 Patent are invalid.

## COUNT 5:
## DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 9,344,206

25.     Google repeats and alleges its responses to the preceding paragraphs with the same force and effect as if fully restated herein.

26.     On September 29, 2020, Sonos filed a Complaint alleging patent infringement claims against Google.

27.     Sonos's Complaint alleges that Google infringes at least Claim 1 of the '206 patent even though Google has not infringed, contributed to the infringement, or induced the infringement of Claim 1 or any other claim of the '206 Patent.

28.     An actual, continuing and justiciable controversy exists between Google and Sonos as to Google's non-infringement of all claims of the '206 patent as evidenced by Sonos's Complaint and Google's Answer, as set forth above.  Absent a declaration of non-infringement, Sonos will continue to wrongfully assert the '206 patent against Google, and will continue to cause Google injury and damage.

29.     Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Google requests a judicial determination and declaration that Google does not and has not infringed, contributed to the infringement of, or induced infringement of any claim of the '206 Patent either literally or under the doctrine of equivalents, willfully, or in any other manner.

## COUNT 6:
## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 9,344,206

30.     Google repeats and alleges its responses to the preceding paragraphs with the same force and effect as if fully restated herein.

31.     Due to Sonos's filing of the Complaint, an actual controversy exists between Google and Sonos as to the validity of the '206 Patent.

32.     The claims of the '206 Patent are invalid, in whole or in part, for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and/or 112.

33.     By way of example, the asserted claims of the '206 patent are invalid based on, for instance, one or more of U.S. Patent No. 8,239,559 (Rajapaske), U.S. Patent No. 8,797,926 (Kearney), and the prior art references listed on the face of the patents.

34.     Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Google requests a judicial determination and declaration that the claims of the '206 Patent are invalid.

## COUNT 7:
## DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 10,469,966

35.     Google repeats and alleges its responses to the preceding paragraphs with the same force and effect as if fully restated herein.

36.     On September 29, 2020, Sonos filed a Complaint alleging patent infringement claims against Google.

37.     Sonos's Complaint alleges that Google infringes at least Claim 1 of the '966 patent even though Google has not infringed, contributed to the infringement, or induced the infringement of Claim 1 or any other claim of the '966 Patent.

38.     An actual, continuing and justiciable controversy exists between Google and Sonos as to Google's non-infringement of all claims of the '966 patent as evidenced by Sonos's Complaint and Google's Answer, as set forth above.  Absent a declaration of non-infringement, Sonos will continue to wrongfully assert the '966 patent against Google, and will continue to cause Google injury and damage.

39.     Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Google requests a judicial determination and declaration that Google does not and has not infringed, contributed to the infringement of, or induced infringement of any claim of the '966 Patent either literally or under the doctrine of equivalents, willfully, or in any other manner.

## COUNT 8:
## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 10,469,966

40.     Google repeats and alleges its responses to the preceding paragraphs with the same force and effect as if fully restated herein.

41.     Due to Sonos's filing of the Complaint, an actual controversy exists between Google and Sonos as to the validity of the '966 Patent.

42.     The claims of the '966 Patent are invalid, in whole or in part, for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and/or 112.

43.     By way of example, the asserted claims of the '966 patent are invalid based on, for instance, one or more of U.S. Patent No. 8,239,559 (Rajapaske), U.S. Patent No. 8,797,926 (Kearney), and the prior art references listed on the face of the patents.

44.     Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Google requests a judicial determination and declaration that the claims of the '966 Patent are invalid.

## COUNT 9:
## DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 9,219,460

45.     Google repeats and alleges its responses to the preceding paragraphs with the same force and effect as if fully restated herein.

46.     On September 29, 2020, Sonos filed a Complaint alleging patent infringement claims against Google.

47. Sonos's Complaint alleges that Google infringes at least Claim 15 of the '460 patent even though Google has not infringed, contributed to the infringement, or induced the infringement of Claim 1 or any other claim of the '460 Patent.

48. An actual, continuing and justiciable controversy exists between Google and Sonos as to Google's non-infringement of all claims of the '460 patent as evidenced by Sonos's Complaint and Google's Answer, as set forth above. Absent a declaration of non-infringement, Sonos will continue to wrongfully assert the '460 patent against Google, and will continue to cause Google injury and damage.

49. Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Google requests a judicial determination and declaration that Google does not and has not infringed, contributed to the infringement of, or induced infringement of any claim of the '460 Patent either literally or under the doctrine of equivalents, willfully, or in any other manner.

## COUNT 10:
## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 9,219,460

50. Google repeats and alleges its responses to the preceding paragraphs with the same force and effect as if fully restated herein.

51. Due to Sonos's filing of the Complaint, an actual controversy exists between Google and Sonos as to the validity of the '460 Patent.

52. The claims of the '460 Patent are invalid, in whole or in part, for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and/or 112.

53. By way of example, the asserted claims of the '460 patent are invalid based on, for instance, one or more of U.S. Publication No. 2013/0216071 (Maher), U.S. Publication No. 2009/0110218 (Swain), U.S. Publication No. 2010/0195846 (Yokoyama), EP No. 2986034B1

(Dolby), U.S. Patent No. 6,731,760 (Pedersen), the BeoLab5 implementing Adaptive Bass Control ("ABC"), and one or more other prior art references listed on the face of the patents.

54.     Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., Google requests a judicial determination and declaration that the claims of the '460 Patent are invalid.

## **REQUEST FOR RELIEF**

WHEREFORE, Google respectfully requests that the Court enter judgment in its favor and against Sonos as follows:

A.  Dismissing, with prejudice, Sonos's Complaint against Google;

B.  Denying all relief that Sonos seeks in its Complaint and any amendments thereto;

C.  Entering judgment in favor of Google and against Sonos on Google's Counterclaims;

D.  Entering a declaratory judgement that Google does not and has not infringed, contributed to the infringement of, or induced infringement of any valid and enforceable claim of the Asserted Patents;

E.  Enter a judgment that Sonos's '460 patent is unenforceable;

F.  Entering a declaratory judgment that the claims of the Asserted Patents are invalid

G.  Finding this case to be exceptional under 35 U.S.C. § 285 and awarding Google its costs and attorney fees;

H.  Awarding Google monetary relief, including damages sustained by Google in an amount to be determined at trial; and

I.  Awarding any other relief the Court deems just and equitable.

DATED:  January 8, 2021               QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:    */s/ Charles K. Verhoeven*

Charles K. Verhoeven (*pro hac vice*)
charlesverhoeven@quinnemanuel.com
Melissa Baily (*pro hac vice*)
melissabaily@quinnemanuel.com
Jordan Jaffe (*pro hac vice*)
jordanjaffe@quinnemanuel.com
Lindsay Cooper (*pro hac vice*)
lindsaycooper@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875 6600
Facsimile:     (415) 875 6700

Paige Arnette Amstutz
Texas State Bar No. 00796136
SCOTT, DOUGLASS & McCONNICO, LLP
303 Colorado Street, Suite 2400
Austin, TX  78701
Telephone:  (512) 495-6300
Facsimile:  (512) 495-6399
pamstutz@scottdoug.com

*Counsel for Defendant Google LLC*