quinn emanuel trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700

WRITER'S DIRECT DIAL NO.
**(415) 875-6301**

WRITER'S EMAIL ADDRESS
**charlesverhoeven@quinnemanuel.com**

December 17, 2021

**VIA ECF**

The Honorable William Alsup
United States District Court Judge
United States District Court for the Northern
District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re: <u>Google LLC v. Sonos, Inc.</u>, Case No. 3:20-cv-06754-WHA

Dear Judge Alsup:

Pursuant to Paragraph 34 of the Court's Supplemental Order to Order Setting Initial Case Management Conference,[1] Google LLC ("Google") moves this Court for an order (1) compelling Sonos, Inc. ("Sonos") to specifically identify the functionality and source code it is mapping to the "local playback queue" element in Patent No. 9,967,615 ("the '615 patent") and limiting Sonos to the specific "media-item identifiers" that it identified in its Infringement Contentions; and (2) striking certain products in Sonos's Infringement Contentions not identified by name and model. The parties met and conferred by Zoom on November 23, 2021, but could not reach resolution.

**Sonos's Infringement Charts Fail to Adequately Disclose Its Infringement Theories**

Patent Local Rule 3-1(c) requires Sonos to provide "[a] chart identifying specifically where and how each limitation of each asserted claim is found within each Accused Instrumentality." "[T]hat means that [Sonos] must specifically tie the asserted claim language to some feature within the accused product." *Xiaohua Huang v. Nephos Inc.*, No. C 18-06654-WHA, 2019 WL 5892988, at *3 (N.D. Cal. Nov. 12, 2019). "This burden cannot be met simply by parroting claim language." *Finjan*, *Inc. v. Proofpoint, Inc.*, No. 13-cv-05808-HSG 2015 WL 1517920, at *6 (N.D. Cal. Apr. 2, 2015). The purpose of PLR 3-1(c) "is in fact to be nit picky." *InterTrust Techs. Corp. v. Microsoft Corp.*, No. C 01-1640 SBA, 2003 WL 23120174, at *3 (N.D. Cal. Dec. 1, 2003).

---

[1] Although the Court referred this case to a Magistrate Judge "for resolution of all discovery motions," a Magistrate Judge has yet to be assigned. Dkt. No. 67 at 8.

quinn emanuel urquhart & sullivan, llp
ATLANTA | AUSTIN | BOSTON | BRUSSELS | CHICAGO | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

Sonos has had access to Google's *source code* (and technical documents) since March 5, 2021, more than 7 months before it served its contentions. Yet, Sonos's contentions do not comply with PLR 3-1(c) because for certain claim elements Sonos parrots claim language and fails to identify the specific functionality and source code it is mapping to the claim element. *See* Ex. 2.

Claim 13 of the '615 patent recites "***a local playback queue*** on the particular playback device," wherein "first cloud servers add[], to the local playback queue, ***one or more resource locators***." Sonos's contentions are deficient for this limitation in at least two ways. First, although Sonos's claim chart[2] repeats the phrase "local playback queue," it fails to identify what specifically in the accused instrumentalities it considers to be the "local playback queue." Ex. 2. Second, Sonos purports to reserve its right to rely upon functionality not identified in its contentions by only identifying exemplary, non-limiting examples of the alleged "resource locators" (or what Sonos calls "media-item identifiers"). For example, for each accused YouTube application Sonos's claim chart alleges that the cloud servers "add one or more media-item identifiers (*e.g.*, each in the form of a ▮▮▮▮) to its local playback queue." *Id.* at 50-51. Similarly, for Google Play Music, Sonos states that the alleged cloud servers "add one or more media-item identifiers (*e.g.*, ▮▮▮▮ and/or ▮▮▮▮) to its local playback queue." *Id.* at 59. And for the Podcast application Sonos also parrots the claim language, again claiming that "one or more media-item identifiers (*e.g.*, ▮▮▮▮)" are added to some unidentified "local playback queue." *Id.* at 64. In each instance Sonos merely uses the claim term "local playback queue" without stating what structure and source code in the accused instrumentality is the alleged local playback queue, and uses open-ended language such as "e.g.". Both are improper. *See Finjan, Inc. v. SonicWall, Inc.*, 2019 WL 2077849, *8 (N.D. Cal. May 10, 2019) (finding contentions deficient where they "reli[ed] on open-ended language" and did "not state what component in any instrumentality is the database manager"); *CSR Tech. Inc. v. Freescale Semiconductor*, No. C-12-02619 RS JSC, 2013 WL 503077, at *7 (N.D. Cal. Feb. 8, 2013) (granting motion to compel more detailed Rule 3-1 disclosures because "[c]ontending that the limitation must exist somewhere in the Accused Product is not the same as specifically identifying where each limitation is found within the Accused Product"); *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1025 (N.D. Cal. 2010) (granting motion to compel supplemental infringement contentions where patentee's "vague contentions and conclusory statements invite Defendants and the Court merely to assume the presence of a [claim term]"). Sonos must specifically identify what it is accusing of being the "local playback queue" and provide pinpoint citations to the code that it is mapping to that element.

In an effort to resolve this dispute without burdening the Court, Google set forth a series of targeted questions for Sonos directed at the above deficiencies. For instance, Google asked Sonos to "identify: 1) what specifically it contends is the 'local playback' queue" and provide "2) pinpoint citations to the 'local playback queue in the source code.'" *See* Ex. 3 at 3-4. Sonos refused to respond to these questions, claiming that it "has been as specific as it can at this stage

---

[2] Sonos also served a single claim chart for the '615 patent that lumps together numerous accused devices and a large number of applications that use different protocols and software, function differently, and are not even from the same company (*e.g.*, Sonos includes Spotify and YouTube in one application). *See Proofpoint*, 2015 WL 1517920, at *4 ("combining the five Armorize Products into a single claim chart for each asserted patent is improper"); Ex. 2.

of the case." The Court can and should dismiss this argument. This is not a case where Sonos is relying upon publicly-available information for its contentions. As already mentioned, Sonos has had access to Google's *source code* (and technical documents) for more than 7 months before it served its current contentions. The source code discloses the detailed operation of the accused instrumentalities, and there is no barrier to Sonos specifically identifying what it contends is the "local playback queue" and the code that it is mapping to this limitation.

Google selected claim 13 of the '615 patent for the fast-approaching patent showdown, and it is thus essential that Sonos correct the deficiencies in its contentions immediately. Google requests that the Court (1) compel Sonos to, within 14 days of its order, specifically identify the structure and code it is mapping to the local playback queue, including by answering the questions on pages 3 and 4 of Google's November 3, 2021 letter, and (2) limit Sonos to the specific "media-item identifiers" that it identified in its contentions by striking the "e.g." in Sonos's claim chart.

**Sonos's Infringement Contentions Fail to Sufficiently Identify Accused Instrumentalities**

PLR 3-1(b) requires a plaintiff to identify "[s]eparately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality." This identification must be "as specific as possible" and include the "name or model number" of each accused instrumentality if known. *Id.* Categorial identifications or representative examples of accused instrumentalities do not satisfy PLR 3-1(b). *Geovector Corp. v. Samsung Elecs. Co.*, No. 16-CV-02463-WHO, 2017 WL 76950, at *4 (N.D. Cal. Jan. 9, 2017) ("Rule 3-1(b) does not permit parties to identify accused products by using categorical or functional identifications, or limited, representative examples."); *Vigilos LLC v. Sling Media Inc.*, No. C-11-04117 SBA (EDL), 2012 WL 9973147, at *4 (N.D. Cal. July 12, 2012) ("Plaintiff must address each product separately and identifying products by functionality is not sufficient.").

Sonos's Infringement Contentions improperly employ categorical and functional identifications by purporting to identify the accused instrumentalities as certain unidentified (1) "[s]martphone, tablets and computer devices," (2) "Cast-enabled apps," (3) "Cast-enabled media players," and "Case-Enabled Displays." Ex. 1. During the parties' meet and confer, Sonos offered to limit the "Cast-enabled apps" and "Cast-enabled media players" to "those identified by name" in the contentions. However, Sonos refused to specifically identify by name and model number the "[s]martphone, tablets and computer devices" that it is accusing of infringement. Sonos was more than capable of identifying these devices by name and model number using publicly available information—as evidenced by the fact that Sonos's contentions purport to provide non-limiting examples of these devices (e.g., Google's Pixel phones)—and Sonos's refusal to do so violates PLR 3-1(b). Accordingly, the Court should strike all accused instrumentalities in Sonos's Infringement Contentions not identified by name and model. *See Proofpoint,* 2015 WL 1517920, at *5 (limiting accused products to those "expressly identified" in patentee's infringement contentions); *Theranos, Inc. v. Fuisz Pharma LLC*, No. 11-CV-05236-YGR, 2012 WL 6000798, at *6 (N.D. Cal. Nov. 30, 2012) (striking accused instrumentalities that did "not provide the level of detail required by Patent L.R. 3-1"); *Oracle*, 2011 WL 4479305, at *2, *5 (confining accused products to those "specifically identified" in infringement contentions).

Respectfully,

*[signature: Charles Verhoeven]*

Charles K. Verhoeven
Counsel for Google LLC