# EXHIBIT 3

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3879

WRITER'S EMAIL ADDRESS
nimahefazi@quinnemanuel.com

November 3, 2021

<u>VIA E-MAIL</u>

Clement Seth Roberts
Orrick, Herrington & Sutcliffe LLP
405 Howard St.
San Francisco, CA 94105
croberts@orrick.com

Alyssa Caridis
Orrick, Herrington & Sutcliffe LLP
777 South Figueroa St., Suite 3200
Los Angeles, CA 90017
acaridis@orrick.com

Re: *Sonos, Inc. v. Google LLC*, Case No. 3:20-cv-6754 (N.D. Cal.)

Dear Mr. Roberts:

We write concerning deficiencies in Sonos's infringement contentions served on October 21, 2021. Google continues to evaluate and analyze the deficiencies in Sonos's contentions and may identify further deficiencies in the future. However, given the continuing case schedule and upcoming deadlines for invalidity contentions and claim construction, Google requires resolution of these issues in a timely fashion. Please let us know some times that you are available for a meet and confer.

## I.   Sonos's Contentions Fail To Comply With Patent Local Rule 3-1(b)

Patent Local Rule 3-1(b) required Sonos to identify "[s]eparately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality." The Rule expressly states that "[t]his identification shall be as specific as possible," and that the Accused Instrumentalities "shall be identified by name or model number, if known." Sonos's contentions do not comply with Patent Local Rule 3-1(b).

For example, Sonos's infringement contentions purport to accuse certain unidentified (1) "[s]martphone, tablets and computer devices," (2) "Cast-enabled apps," (3) "Cast-enabled media players," and (4) "servers" or "cloud-based infrastructure." But Sonos's vague identification does not comply with the Patent Local Rules. Sonos was required to specifically identify the smartphones, tablets, computer devices, Cast-enabled apps, and Cast-enabled media players that it is accusing, including by name or model number. Google understands that the Accused Instrumentalities in this case are limited to those specifically identified by name and model

quinn emanuel urquhart & sullivan, llp

ATLANTA | AUSTIN | BOSTON | BRUSSELS | CHICAGO | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

number in Sonos's Infringement Contentions, and intends to file a motion to strike unidentified products and product categories from Sonos's contentions. *See, e.g., EON CorpIP Holding LLC v. Sprint Spectrum, L.P.*, 2014 WL 1022536, *3-*5 (N.D. Cal. 2014) (granting motion to strike from Plaintiff's expert report devices that were not disclosed by name or model number in Plaintiff's infringement contentions); *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12-CV-03844-JST(MEJ), 2014 WL 4593338, at *3 (N.D. Cal. Sept. 15, 2014) ("if Icon seeks discovery as to the unaccused saddles, it must first amend its infringement contentions to include such models before it is entitled to discovery on them").

## II.  Sonos's Contentions Fails To Comply With Patent Local Rule 3-1(c)

### a. Sonos Cannot Combine Numerous Different Devices And Applications Into A Single Claim Chart

Patent Local Rule 3-1(c) required Sonos to provide "[a] chart identifying specifically where and how each limitation of each asserted claim is found within *each* Accused Instrumentality." For each patent-in-suit, Sonos provides a single chart that purports to cover numerous different Accused Instrumentalities. Sonos's single chart does not comply with Patent Local Rule 3-1(c) and fails to adequately identify Sonos's theory for *each* of the Accused Instrumentalities. *See, e.g., Finjan, Inc. v. Proofpoint, Inc.*, 2015 WL 1517920, *4 (N.D. Cal. 2015) (holding that Plaintiff's "combining the five Armorize Products into a single claim chart for each asserted patent is improper under Patent Local Rule 3–1(c)," and "question[ing] whether lumping information about five products into a single claim chart (absent a common infringing element) could ever satisfy the language or purpose of Patent Local Rule 3–1(c).").

By way of example, Sonos's chart for the '615 patent purports to cover a large number of devices that span different models and product lines, including the Home Mini, Nest Mini, Home, Home Max, Home Hub, Nest Hub, Nest Hub Max, Nest Wifi Point, Chromecast, Chromecast Audio, Chromecast Ultra, Chromecast with Google TV, and Nest Audio, the Pixel, Pixel XL, Pixel 2, Pixel 2 XL, Pixel 3, Pixel 3 XL, Pixel 3a, Pixel 3a XL, Pixel 4, Pixel 4 XL, Pixel 4a, Pixel 4a (5G), Pixel 5, Pixel 5a (5G), Pixel 6 phones, the Pixel Slate tablet, and the Pixelbook and Pixelbook Go laptops. Compounding the problem, Sonos also uses this single chart to cover many different applications that are purportedly used with one or more of these devices, including YouTube, YouTube Kids, YouTube TV, YouTube Music, Google Play Music, Google Podcast, and Spotify.

Sonos's charts are silent on whether or how the wide array of products and applications that it has accused are representative of one another and provides no evidence showing that the products operate in the same manner. In fact, Sonos's contentions confirm that these products operate using different software, protocols and functionality. For instance, Sonos contends that the Spotify app uses different functionality (*e.g.*, a "Cast SDK" with a "Spotify media server") than, for instance, the YouTube app (e.g., the MDx protocol and servers).

2

### b. Sonos's Charts Fail To Adequately Disclose Its Infringement Theories

#### i. '615 Patent

Sonos fails to specifically identify what functionality is being accused of meeting several claim elements in the '615 patent, as discussed below.

> 1. "causing one or more first cloud servers to add multimedia content to a local playback queue on the particular playback device"

Sonos's contentions repeat a vague assertion that "one or more media-item identifiers" are added to the "local playback queue." However, Sonos does not specifically identify what it considers to be the "local playback queue" or added "multimedia content." *See* 2021.10.21 Infringement Contentions, Ex. A. More specifically:

- With respect to YouTube, YouTube Music, YouTube TV, & YouTube Kids apps, Sonos states that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮," "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ thereby causing the particular Cast-enabled media player to add one or more media-item identifiers (e.g., each in the form of a ▮▮▮▮▮▮) to its local playback queue." *Id.* at 51.

- With respect to the Google Play Music app, Sonos states that the "Google Play Music queue server [] send[s] to the particular Cast-enabled media player a responsive message (e.g., an ▮▮▮▮▮▮▮▮' message), thereby causing the particular Cast-enabled media player to add one or more media-item identifiers (e.g., '▮▮▮▮▮ and/or ▮▮▮▮▮ to its local playback queue." *Id.* at 59.

- With respect to the Google Podcasts app, Sonos states "the cloud server to add[s] one or more media-item identifiers (e.g., ▮▮▮▮▮▮▮) from the remote queue to the particular Cast-enabled media player's local playback queue." *Id.* at 64.

- With respect to the Spotify app, states "the one or more cloud servers [] add one or more media-item identifiers (e.g., ▮▮▮▮▮▮▮) from the remote queue to the particular Cast-enabled media player's local playback queue." *Id.* at 68.

- With respect to "Cast-Enabled media players," Sonos states "the cloud server [] add one or more media-item identifiers from the remote queue to the particular Cast-enabled media player's local playback queue." *Id.* at 69.

In each instance, Sonos fails to specifically identify what it contends is the "local playback queue" to which it asserts the player adds one or more media-item identifiers. Nor has Sonos made clear whether it considers the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮' to be the claimed "multimedia content" being added to the local playback queue.

Accordingly, for each Accused Instrumentality, Sonos must identify:

1) what specifically it contends is the "local playback queue";

3

2) pinpoint citations to the "local playback queue" in the source code;

3) what specifically it contends is the "multimedia content" that is added to the "local playback queue"; and

4) pinpoint citations to the portion of the source code that adds the alleged "multimedia content" to the "local playback queue."

    2. "wherein adding the multimedia content to the local playback queue comprises the one or more first cloud servers adding, to the local playback queue, one or more resource locators corresponding to respective locations of the multimedia content at one or more second cloud servers of a streaming content service"

As shown for the prior limitation, for each of the applications mentioned in Sonos's contentions, Sonos repeats a vague assertion that "one or more media-item identifiers" are added to the "local playback queue." But Sonos does not state whether it contends the alleged media-item identifier, for example a "▇▇▇▇▇▇▇" is the claimed "one or more resource locators." In fact, Sonos's contentions fail to specifically state what Sonos is pointing to as the claimed "resource locators" or identify its contention as to how the "resource locators" are added to the "local playback queue."

Accordingly, for each Accused Instrumentality, Sonos must identify:

1) specifically what Sonos contends is the claimed "one or more resource locators" and how Sonos contends that the "resource locators" are added to the "local playback queue";

2) pinpoint citations to the portion of the code that Sonos contends adds the claimed resource locators to the "local playback queue;" and

3) what Sonos is accusing as the alleged "media-item identifier" (▇▇▇▇▇▇▇ "▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇) and how they meet the claimed "one or more resource locators."

    ii. '033 Patent

Sonos fails to specifically identify what functionality is being accused of meeting several claim elements in the '033 patent, as discussed below.

    1. "remote playback queue"

Sonos attempts to provide an open-ended identification of what it is pointing to as the "remote playback queue." *See* 2021.10.21 Infringement Contentions, Ex. B. More specifically, Sonos's contentions allege that:

- With respect to YouTube, YouTube Music, YouTube TV, & YouTube Kids apps, there is "a remote playback queue (*e.g.*, a 'Watch Next' queue)." '033 Claim Chart at 11.

4