QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
Lindsay Cooper (Bar No. 287125)
lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:  (415) 875-6600
Facsimile:  (415) 875-6700

Attorneys for GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>    Plaintiff,<br><br>    vs.<br><br>SONOS, INC.,<br><br>    Defendants. | CASE NO. 3:20-cv-06754-WHA<br>Related to CASE NO. 4:21-cv-07559-WHA<br><br>**DECLARATION OF LINDSAY COOPER IN SUPPORT OF SONOS, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. 95)** |

I, Lindsay Cooper, declare and state as follows:

1. I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am a partner at Quinn Emanuel Urquhart & Sullivan LLP, counsel for Google LLC ("Google"). I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2. I make this declaration in support of Sonos, Inc.'s ("Sonos") Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("Administrative Motion") filed in connection with Sonos's Response to Google's Letter Brief Moving to Compel and Strike Sonos's Infringement Contentions ("Sonos's Response").

3. Google seeks an order sealing the materials as listed below:

| Document | Portions Sonos Sought to Be Filed Under Seal | Portions Google Seeks to Be Filed Under Seal | Designating Party |
|---|---|---|---|
| Sonos's Response | Blue-highlighted portions on pages 2 and 3 | Blue-highlighted portions on pages 2 and 3 | Google |
| Exhibit A to the Declaration of Cole B. Richter filed in support of Sonos's Response ("Exhibit A") | Entire document | Blue-highlighted portions | Google |

4. I understand that a party seeking to "preserv[e] the secrecy of sealed discovery material attached to non-dispositive motions" such as Sonos's Response need only make "a particularized showing under the good cause standard of Rule 26(c)." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal citation and quotation marks omitted).

5. The portions of Sonos's Response highlighted in blue on pages 2 and 3 contain references to Google's confidential business information and trade secrets, including details regarding source code, architecture, and technical operation of Google's products. I understand that public disclosure of this information would significantly harm Google's competitive standing by giving competitors access to Google's highly confidential business information to gain an advantage in the marketplace. I also understand that this Court has held that this type of "business information that might harm a litigant's competitive standing" maybe sealed. *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-

CV-05808-HSG, 2016 WL 7429304, at *2 (N.D. Cal. Feb. 9, 2016) (internal quotations and citation omitted).  A less restrictive alternative than sealing the blue-highlighted portions would not be sufficient because the information sought to be sealed is Google's confidential business information and trade secrets but has been utilized by Sonos in support of Sonos's Response.

6. The portions of Exhibit A highlighted in blue contains references to Google's confidential business information and trade secrets, including details regarding source code, architecture, and technical operation of Google's products.  I understand that public disclosure of this information would significantly harm Google's competitive standing by giving competitors access to Google's highly confidential business information to gain an advantage in the marketplace.  I also understand that this Court has held that this type of "business information that might harm a litigant's competitive standing" maybe sealed.  *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7429304, at *2 (N.D. Cal. Feb. 9, 2016) (internal quotations and citation omitted).  Although Sonos's Administrative Motion sought to seal the entirety of Exhibit A, Google only seeks to seal the blue-highlighted portions of the unredacted version of Exhibit A filed in connection with this Declaration.  A less restrictive alternative than sealing the blue-highlighted portions would not be sufficient because the information sought to be sealed is Google's confidential business information and trade secrets but has been utilized by Sonos in support of Sonos's Response.

I declare under penalty of perjury under the laws of the United States of America that to the best of my knowledge the foregoing is true and correct.  Executed on January 12, 2022, in Mill Valley, California.

DATED:  January 12, 2022

By: */s/ Lindsay Cooper*
Lindsay Cooper