January 20, 2022

Hon. Donna M. Ryu, Magistrate Judge (N.D. Cal.)

Re:   *Google, LLC v. Sonos, Inc.*; Case No. 3:20-cv-06754-WHA (N.D. Cal.) – Joint Letter for Discovery Relief

Dear Judge Ryu:

Google LLC ("Google") respectfully requests that the Court compel Sonos to produce its agreement with non-party DEI Sales, Inc. ("DEI") and documents relating to any revenue received by Sonos as a result of the agreement. The parties' met and conferred over Zoom regarding this issue on November 23, 2021,[1] during which Sonos indicated it would not oppose a request by Google to compel the production of these documents.[2] DEI has been provided a copy of this joint letter.

**Google's Position**

In its Infringement Contentions served October 21, 2021, Sonos disclosed that it "has covenanted not to sue DEI Sales, Inc. and subsidiaries that existed as of May 17, 2018, for patent infringement," and further identified its agreement with DEI as a comparable license. Ex. 1. However, Sonos stated it was "unable to produce this agreement" as required by Patent Local Rule 3-2(g) due to "third-party confidentiality obligations." *Id.* During the parties' meet and confer regarding this issue, Sonos represented that DEI has refused to consent to Sonos's disclosure of the agreement and that the confidentiality provision contained therein also prevented Sonos from providing information regarding licensing revenue it obtained from DEI. Given that the Stipulated Protective Order states Sonos "shall not produce any information in its possession or control that is subject to [a] confidentiality agreement with [a] Non-Party before a determination by the Court" when "the Non-Party timely objects," Google seeks the Court's assistance to compel the (1) the

---

[1]  At that time, this action had not yet been referred to Your Honor for discovery matters, and the requirement that a joint letter be filed within five business days of the meet and confer did not yet apply. Google offered to further meet and confer with Sonos on January 19, 2022, but Sonos provided permission to file this letter without additional discussion.

[2]  Judge Alsup has ordered the parties to participate in a "patent showdown" in this case, which involves expedited summary judgment proceedings and potentially an expedited trial on two patent claims only. If the "patent showdown" proceeds to trial, the Court may address damages. Thus, this discovery issue is relevant to the parties' upcoming patent showdown which includes the following deadlines: opening claim construction brief 3/21/22; responsive brief 4/4/22; reply brief 4/11/22; opening summary judgment briefs for patent showdown 4/14/22; opposing summary judgment briefs for patent showdown 5/5/22; reply summary judgment briefs for patent showdown 5/19/22; summary judgment hearing for patent showdown 6/9/22; non-showdown fact discovery cutoff 11/30/22; non-showdown expert discovery cutoff 1/4/23; last day to file non-showdown dispositive motions 1/26/23; non-showdown pretrial conference 5/3/23; non-showdown trial 5/10/23. Dkts. 67, 68.

DEI agreement and (2) documents relating to any revenue received by Sonos as a result of the DEI agreement (collectively, the "DEI documents").

### A. The DEI Documents Are Relevant to the Parties' Claims And Defenses And Should Be Produced Per the Patent Local Rules and Google's Requests for Production

Sonos agrees that the DEI agreement is relevant and discoverable. As Sonos indicated in its Infringement Contentions, the DEI agreement is subject to disclosure pursuant to Patent Local Rule 3-2(g), which requires Sonos to produce "[a]ll agreements that the party asserting infringement contends are comparable to a license that would result from a hypothetical reasonable royalty negotiation." Ex. 1. Additionally, the DEI documents are responsive to multiple of Google's discovery requests, including: RFP No. 23 (seeking documents regarding "any efforts Sonos . . . made to license, sell, monetize, or otherwise generate revenue from any of the Asserted Patents or Related Patents, including but not limited to, any . . . license negotiations"), RFP No. 24 (seeking documents regarding "any actual or projected royalties for any license or other agreement relating to any of the Asserted Patents or Related Patents . . ."), RFP No. 31 (seeking documents "sufficient to show the revenue generated through the licensing of the Asserted Patents and Related Patents"), and RFP No. 32 (seeking documents regarding "any royalty rate for any of the Asserted Patents or Related Patents").

Federal Rule of Civil Procedure 26 permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action . . . [and] the importance of the discovery in resolving the issues[.]" Fed. R. Civ. P. 26(b)(1). Sonos has taken the position that the DEI agreement is a comparable license and thus relevant. If Sonos plans to rely on the DEI agreement as a comparable license for the purpose of calculating damages, Google is certainly entitled to discovery of the agreement itself. *See e.g. Diagnostics Sys. Corp. v. Symantec Corp.*, No. SA CV 06-1211 DOC, 2008 WL 9396386, at *9 (C.D. Cal. Apr. 4, 2008) (ordering production of comparable agreements "because they may help determine reasonable royalties for the Patents"), *report and recommendation adopted as modified*, No. SA CV 06-1211 DOC, 2008 WL 9396387 (C.D. Cal. Aug. 12, 2008). Evidence concerning revenue from licensees is also "relevant, at least, to the calculation of alleged damages." *Carson Cheng v. AIM Sports, Inc.*, No. CV103814PSGPLAX, 2011 WL 13176752, at *4 (C.D. Cal. Jan. 18, 2011) (compelling production of documents related to the sale, revenue, and profits associated with a license for patent rights). In addition, information regarding the DEI Agreement and any revenue Sonos received as a result thereof also bears on the alleged commercial success of the patents, which is relevant to obviousness and validity of the Patents. *Diagnostics Sys. Corp.*, 2008 WL 9396386, at *9. The documents Google seeks to compel are thus highly probative of multiple issues in this action.

### B. The Stipulated Protective Order Adequately Protects DEI's Confidential Information

Although DEI has refused to consent to disclosure, Sonos's obligations under the DEI agreement's confidentiality provision "should not and do not necessarily preclude" the Court from ordering Sonos to "produc[e] otherwise permissible discovery." *Seegert v. Rexall Sundown, Inc.*, No. 17CV01243JAHJLB, 2019 WL 12044514, at *7 (S.D. Cal. Mar. 26, 2019); *see also Roth v.*

2

*PTGMB LLC,* No. 1:20-CV-00231-SAB, 2020 WL 5820611, at *10 (E.D. Cal. Sept. 30, 2020) ("Confidentiality agreements do not bar discovery, and a general interest in protecting confidentiality does not equate to privilege.") (internal quotations and citation omitted). "To conclude that confidentiality agreements bar such discovery would clearly impede the truth-seeking function of discovery in federal litigation as all individuals and corporations could use confidentiality agreements to avoid discovery." *Id.* (internal quotations and citation omitted). Indeed, denying Google's request would be particularly detrimental here given the relevance of the DEI agreement and the related documents. *United States of Am. v. 188.7 Acres of Land, et al.*, No. 520CV00086CBMSPX, 2021 WL 6104800, at *3 (C.D. Cal. Oct. 8, 2021) (compelling production of third-party report by defendant despite confidentiality agreement requiring consent from third-party before disclosure because "the risk of negatively impacting the litigation by preventing the disclosure of the Report is high").

To the extent DEI's objection is based on confidentiality concerns, the Stipulated Protective Order entered in this action provides adequate protection to confidential information of non-parties. The Protective Order allows non-parties such as DEI to designate information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and permits the use of this protected material "only for prosecuting, defending or attempting to settle this litigation." Dkt. 92 §§ 2.5, 5.2, 7.1. Notably, signatories to the Protective Order also agree that such material "shall not be used for any business purpose, in connection with any other legal proceeding, or directly or indirectly for any other purpose whatsoever." *Id.* § 7.1. Because these provisions adequately safeguard any information Sonos produces that DEI may deem confidential, the Court should compel the production of the DEI documents. *See Apple Inc. v. Samsung Elecs. Co.*, No. C 11-1846 LHK PSG, 2012 WL 1232267, at *6 (N.D. Cal. Apr. 12, 2012), *order clarified,* No. C 11-1846 LHK PSG, 2012 WL 2862613 (N.D. Cal. July 11, 2012) (ordering third-party to produce confidential information and source code directly to requesting party as "the court sees no reason that the protective order in this case is inadequate to protect third-party confidentiality interests").

**Sonos's Position**

Without acquiescing in any of Google's assertions, Sonos does not oppose the requested relief.

DATED: January 20, 2022				QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Lindsay Cooper*
Lindsay Cooper

*Attorney for Google LLC*

ORRICK HERRINGTON & SUTCLIFFE LLP and LEE SULLIVAN SHEA & SMITH LLP

By */s/ Cole B. Richter*
Cole B. Richter

*Attorney for Sonos, Inc.*

## ECF ATTESTATION

I, Lindsay Cooper, am the ECF User whose ID and password are being used to file this Joint Letter for Discovery Relief. In compliance with General Order 45, X.B., I hereby attest that Cole B. Richter, counsel for Sonos, has concurred in this filing.

Dated: January 20, 2022

Lindsay Cooper
QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Lindsay Cooper*
      Lindsay Cooper