**quinn emanuel** trial lawyers | san francisco

50 California St #22, San Francisco, CA 94111| TEL (415) 875-6600

WRITER'S DIRECT DIAL NO.
**(415) 875-6301**

WRITER'S EMAIL ADDRESS
**charlesverhoeven@quinnemanuel.com**

January 26, 2022

Hon. Donna M. Ryu, Magistrate Judge (N.D. Cal.)

Re: *Google, LLC v. Sonos, Inc.*; Case No. 3:20-cv-06754-WHA (DMR) (N.D. Cal.)

Dear Judge Ryu:

Google LLC ("Google") and Sonos, Inc. ("Sonos") respectfully submit this joint letter brief per the Court's Standing Order. The parties dispute Sonos's responses to Google's Interrogatory Nos. 3, 5, and 13. The parties have conferred over Zoom, most recently on January 19, 2022.¹

## Interrogatories Nos. 5 & 13

Google's Statement: PLR 3-1(g) required Sonos to identify "separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim." In its PLR 3-1 Infringement Contentions, Sonos stated that its products alone do not practice the '615 and '033 patents. However, Sonos claimed that when Sonos products are used with certain third-party applications such as Spotify, they practice the claims of the '615 and '033 patents: "Sonos states that a computing device (e.g., smartphone, tablet, etc.) or other CRM provisioned with certain third-party streaming-media apps that are Sonos 'Direct Control' enabled, such as the Spotify app, practice the claimed inventions of the '615 and '033 Patents" ("the '615 and '033 Patent Embodiments"). Ex. __. Sonos also identified a number of products that allegedly practice "one of more claims" of the '966 and '885 patents.

Google's Interrogatory Nos. 5 and 13 seek information regarding how Sonos's products purportedly practice the limitations of the asserted claims. During the parties' meet and confer on January 14, Google asked Sonos to provide a full response with a chart mapping the practicing products to the asserted claims. Sonos agreed to supplement its response with a chart mapping identified Sonos practicing products to the '966 and '885 patents, but refused to provide a similar chart for the '615 and '033 patents. Sonos does not claim that the statement in its 3-1(g) response

---

¹ The issues in this joint letter brief bear on the claims the parties have selected for the patent showdown and are thus relevant to the following case deadlines: opening claim construction brief 3/21/2022; patent showdown motions for summary judgment 4/14/2022; patent showdown summary judgment hearing 6/9/2022; non-expert discovery 11/30/2022; expert discovery 1/4/2023; dispositive motions 1/26/2023; pre-trial conference: 5/3/2023; and trial 5/10/2023.

quinn emanuel urquhart & sullivan, llp

ATLANTA | AUSTIN | BOSTON | BRUSSELS | CHICAGO | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

is inaccurate or that the '615 and '033 Patent Embodiments do not practice the patents. Instead, Sonos claims that it is not required to provide information regarding these embodiments because it has yet to determine if it will rely upon them at trial.

Sonos, however, is not permitted to circumvent or delay its discovery obligations until it decides it wants to rely upon an argument that it practices the '615 and '033 patents at trial. Sonos has unequivocally stated in its PLR 3-1 Infringement Contentions that the '615 and '033 Patent Embodiments "practice the claimed inventions of the '615 and '033 Patents." How those products practice the limitation of the asserted claims is clearly responsive to Interrogatory Nos. 5 and 13, regardless of whether Sonos intends to rely upon the products. The information is also highly relevant. For example, whether or not the '615 and '033 Patent Embodiments practice the claims of the patents is highly relevant to damages where Sonos has claimed it is seeking damages based on lost profits of practicing products, as well as Sonos's failure to mark practicing products under Section 287. Sonos bears the burden of proof on marking and will have to take a position on whether its products practice, particularly given that Google served interrogatories on precisely this issue. *Arctic Cat v. Bombardier Rec. Prods.*, 950 F.3d 860, 863 (Fed. Cir. 2020) ("once an alleged infringer identifies products that it believes are unmarked patented articles subject to the notice requirements of § 287, the patentee bears the burden of proving that the identified products do not practice the claimed invention."). The information is also relevant to understanding Sonos's interpretation of the claims and the technology and functionality that Sonos contends falls within the scope of the claims, and to Sonos's secondary considerations arguments, including its claims that sales of its own products evidence commercial success, that Google allegedly copied Sonos's practicing products, and that the industry praised Sonos's products because they utilized the claimed inventions. Ex. 1 at 101.

Courts in this district have ordered parties in Sonos's position to respond to similar interrogatories. *PersonalWeb Techs., LLC v. Google Inc.*, No. C13-01317 EJD (HRL), 2014 WL 4088201, at *5 (N.D. Cal. Aug. 19, 2014) (rejecting patent owner's argument that it "need not produce a limitation-by-limitation claim chart for [its own product] because it is not using its own product in support of its infringement allegations"); *Gamevice, Inc. v. Nintendo Co.*, No. 18-CV-01942-RS (TSH), 2019 WL 2763008, at *1 (N.D. Cal. July 2, 2019) (ordering patentee that disclosed products pursuant to PLR 3-1(g) to provide a claim chart identifying features and elements of the products covered by the asserted claims). Accordingly, Google requests that the Court compel Sonos to provide a claim chart identifying how the alleged embodiments Sonos identified in its PLR 3-1(g) disclosures map to the limitations of the '033 and '615 patents.

In response, Sonos argues that "Google asks this Court for Sonos to chart other entities' products." But Google merely requests that Sonos chart applications (*e.g.*, Spotify) that **Sonos** claimed "practice the claimed inventions of the '615 and '033 patents" based on their use of "Sonos 'Direct Control.'" The fact that Sonos believes a third party is implicated is irrelevant.

Sonos's claim that *Gamevice* supports its position is inaccurate. In *Gamevice*, Nintendo did not believe that the 3DS and Switch products practice the asserted patents, and the court thus agreed that Nintendo was not required to answer the interrogatory for these products. But with respect to the Wii U Gamepad product, where Nintendo acknowledged that it "does believe that the Wii U Gamepad practices," the court compelled Nintendo to answer the interrogatory—even though Nintendo argued that it had not yet decided to rely upon the Wii U Gamepad in the litigation.

2

*Gamevice*, 2019 WL 2763008, at *1 ("[A]sking Nintendo what it contends is just another way of asking Nintendo what it thinks or believes. The interrogatory is not limited to asking Nintendo only for information that Nintendo thinks is helpful to its case, leaving out information that Nintendo grudgingly admits is true. It is asking for both.").

Sonos's position in this case is the same as Nintendo's position with respect to the Wii U Gamepad product. Sonos clearly believes that the '615 and '033 Patent Embodiments practice the claims of the patents. Sonos's 3-1(g) contentions expressly state that Sonos believes the '615 and '033 Patent Embodiments are practicing products, as explained above, and Sonos has never amended its contentions to say otherwise. Even in this letter brief, Sonos refuses to walk away from that statement and affirmatively state that it believes the products identified as practicing the '615 and '033 patents in its 3-1(g) statement do *not* practice the '615 and '033 patents. If Sonos is refusing to answer this interrogatory because its 3-1(g) statement was inaccurate and it does *not* believe that the '615 and '033 Patent Embodiments practice the patents, it should amend its interrogatory response to say so. But Sonos cannot refuse to answer this interrogatory merely by claiming that it does not intend to rely upon the embodiments.

Sonos's Statement:

Sonos has agreed to provide charts for the products that Sonos contends practice the asserted claims, where Sonos intends to rely on the practicing product for any purpose at trial. Sonos does not intend to advance any argument at trial that any third-party product practices the asserted claims, yet Google asks this Court for Sonos to chart other entities' products and explain how they practice the asserted claims. This is make-work (at best) or attorney work product (at worst) that is not relevant to any issue in the case.

As an initial matter, Google contends that if a party identifies a device pursuant to PLR 3-1(g), then that party ought to be obligated to affirmatively establish that the device meets the asserted claims. PLR 3-1(g) does not require this. PLR 3-1(g) states:

> *If a party claiming patent infringement wishes to **preserve the right** to rely, for any purpose, on the assertion that its own or its licensee's apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, **the party shall identify, separately for each asserted claim, each such apparatus**, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.*

To preserve the right that certain devices practice the asserted claims, Sonos identified devices in its PLR 3-1 contentions. This did not obligate Sonos to then affirmatively establish that these devices practice the claims, ***particularly where Sonos has affirmatively stated it will not rely on those devices as practicing the asserted claims***. The local rules are not so draconian. *See, e.g., Star Envirotech, Inc. v. Redline Detection, LLC et al.*, Case No. 12-cv-1861, Dkt. 81 (C.D. Cal. Jan. 6, 2015) (denying motion to compel where "Plaintiff disclaims any intention to rely on the assertion that its products practice the claim asserted by the patent-in-suit," applying N.D. Cal. PLR 3-1(g), *see id.* at Dkt. 64-1 at 5).

3

Google also argues that, once a device has been identified pursuant to PLR 3-1(g), a party would be obligated to affirmatively establish that the device practices the claims unless the party thereafter affirmatively represents that the device ***does not*** practice the claims.  Of course, the rule does not require this and Google cites no case interpreting the rule in this way.

Google doesn't refer to the specific interrogatory language, but it is instructive.  Interrogatory 5 asks:

> *Individually, for each **alleged embodiment** of the Asserted Claims of the Asserted Patents made by Sonos, its agents, its licensees, or others, provide a claim chart indicating how such alleged embodiment satisfies each limitation of each Asserted Claim, along with an identification of all evidence supporting your allegations*

Interrogatory 13 asks:

> *Identify all products that practice any claim of the Asserted Patents that have been developed, made, used, sold, offered for sale, marketed, imported, or exported or publicly used or demonstrated by anyone, including, but not limited to, Sonos, or any prior or current licensee or assignee of the Asserted Patents, and for each such product, identify the name of the entity, the claim(s) that are **believed practiced**, and where each element of such claims may be found in the product.*

These are contention interrogatories and can only command a response inasmuch as Sonos contends that a product practices the asserted claims.  Again, Sonos does not intend to advance any argument in this case that Spotify (when used with a Sonos device) practices the asserted claims.  Thus, compelling Sonos to establish that Spotify practices is not responsive to this interrogatory or relevant to this case (notwithstanding the fact that Sonos is not in possession of Spotify source code and thus cannot presently identify "*where each element of such claims may be found in the product*").

*Gamevice, Inc. v. Nintendo Co.* – cited by Google above – establishes as much.  No. 18-CV-01942-RS (TSH), 2019 WL 2763008, at *1 (N.D. Cal. July 2, 2019) ("Nintendo does not contend that the Nintendo 3DS or the Nintendo Switch practice any of the asserted patents. That's a perfectly acceptable response. Interrogatory 1 is, after all, a contention interrogatory that asks Nintendo what it contends. And Nintendo gets to decide what it contends. If Nintendo does not contend that the Nintendo 3DS and Nintendo Switch practice the patents, then information about them is not responsive to this interrogatory and nothing is missing.").  Google asserts that "Sonos's position in this case is the same as Nintendo's position with respect to the Wii U Gamepad product."  This is not true.  In *Gamevice*, Nintendo took a position with respect to ***its own*** product.  *Id.* ("Under Nintendo's own view of what its claims mean, it does believe that the Wii U Gamepad practices the '514 patent.").  Google asks Sonos to take a position on ***another's*** product regardless of whether Sonos intends to advance that position for any reason in this case and regardless of whether Sonos has sufficient information in its possession to prove such a position one way or the other.  Neither *Gamevice* nor the local rules require this.

4

DATED: January 26, 2022                QUINN EMANUEL URQUHART & SULLIVAN, LLP

By *Charles K. Verhoeven*
Charles K. Verhoeven
Melissa J. Baily
Lindsay Cooper
Marc Kaplan

*Attorneys for Google LLC*


ORRICK, HERRINGTON & SUTCLIFFE LLP

By */s/ Clement S. Roberts*
Clement S. Roberts

*Attorneys for Sonos, Inc.*

## ECF ATTESTATION

I, Charles Verhoeven, am the ECF User whose ID and password are being used to file this Joint Letter for Discovery Relief. In compliance with General Order 45, X.B., I hereby attest that Cole B. Richter, counsel for Sonos, has concurred in this filing.

DATED: January 26, 2022

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ *Charles K. Verhoeven*
    Charles K. Verhoeven