January 27, 2022

Hon. Donna M. Ryu, Magistrate Judge (N.D. Cal.)

Re:   *Google, LLC v. Sonos, Inc.*; Case No. 3:20-cv-06754-WHA (N.D. Cal.) – Joint Letter in Response to the Court's January 24, 2022 Order (Dkt. 114)

Dear Judge Ryu:

The parties would like to notify the Court that DEI Sales, Inc.'s ("DEI") counsel has decided after reconsideration to consent to the production of the documents sought by the parties' January 20, 2022 letter, so this discovery issue is now moot. However, the parties submit this letter pursuant to the Court's January 24, 2022 Order seeking a response as to "whether and when Sonos complied with Section XI" of the stipulated protective order "or explaining why that procedure does not apply to the discovery at issue." Dkt. 114.

Section XI applies when a party is "required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information." Dkt. 92 at 22. Under this provision, Sonos was required to (1) notify Google and DEI in writing that the information requested is subject to a confidentiality agreement with a DEI, (2) provide DEI with a copy of the stipulated protective order, the relevant discovery requests, and a description of the information requested, and (3) make the information requested available for inspection by DEI. *Id.* Thereafter, DEI had 14 days to object or seek a protective order. *Id.* at 22-23.

Section XI is applicable to the documents that Google has asked the Court compel given that Sonos is subject to an agreement with DEI not to produce DEI's confidential information, the documents sought are confidential, and Sonos is required to produce the documents both pursuant to Patent Local Rule 3-2(g) and Google's valid requests for production. *See* Dkt. 110 at 2. Sonos has complied with the procedural requirements of Section XI. Sonos received Google's requests for production on August 8, 2021, and its Patent Local Rule 3-2(g) deadline was on October 21, 2021. On September 1, 2021, Sonos notified DEI's counsel that information subject to their confidentiality agreement was sought in this action and provided a copy of the stipulated protective order.[1] On the same date, DEI's counsel responded objecting to Sonos's production of the DEI documents. Sonos notified Google that third-party confidentiality agreements prevented production of its agreement with DEI in its October 21, 2021 Infringement Contentions, and confirmed that it was also unable to produce the related revenue information for the same reason on the parties' November 23, 2021 meet and confer.

Accordingly, the parties agree that the governing provisions of the applicable protective order have been satisfied and DEI timely objected to production.

---

[1] The parties wish to notify the Court that until a protective order was entered in this case on January 3, 2022 (Dkts. 92, 94), the parties had agreed to abide by provisions in a protective order entered in another case between the parties in this district that contained a provision identical to Section XI. (*Google LLC v. Sonos, Inc.*, Case No. 20-cv-3845, Dkt. 93).

DATED: January 27, 2022    QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Lindsay Cooper*
Lindsay Cooper

*Attorney for Google LLC*

ORRICK HERRINGTON & SUTCLIFFE LLP and LEE SULLIVAN SHEA & SMITH LLP

By */s/ Cole B. Richter*
Cole B. Richter

*Attorney for Sonos, Inc.*

## ECF ATTESTATION

      I, Lindsay Cooper, am the ECF User whose ID and password are being used to file this Joint Letter for Discovery Relief.  In compliance with General Order 45, X.B., I hereby attest that Cole B. Richter, counsel for Sonos, has concurred in this filing.

Dated:  January 27, 2022

Lindsay Cooper
QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:   */s/ Lindsay Cooper*
         Lindsay Cooper