CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
croberts@orrick.com
ALYSSA CARIDIS (STATE BAR NO. 260103)
acaridis@orrick.com
EVAN D. BREWER (STATE BAR NO. 304411)
ebrewer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:     +1 415 773 5700
Facsimile:      +1 415 773 5759

GEORGE I. LEE (*pro hac vice*)
lee@ls3ip.com
SEAN M. SULLIVAN (*pro hac vice*)
sullivan@ls3ip.com
COLE B. RICHTER (*pro hac vice*)
richter@ls3ip.com
RORY P. SHEA (*pro hac vice*)
shea@ls3ip.com
J. DAN SMITH (*pro hac vice*)
smith@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:     +1 312 754 0002
Facsimile:      +1 312 754 0003

*Attorneys for Defendant Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>          Plaintiff,<br><br>    v.<br><br>SONOS, INC.,<br><br>          Defendant. | Case No. 3:20-cv-06754-WHA<br><br>**SONOS, INC.'S MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS PURSUANT TO PATENT L.R. 3-6**<br><br>Date: March 24, 2022<br>Time: 8:00 a.m.<br>Place: Courtroom 12, 19th Floor<br>Judge: Hon. William Alsup<br><br>Complaint Filed: September 28, 2020 |

1

**NOTICE OF MOTION**

2

TO ALL PARTIES AND THEIR ATTORNEYS:

3        PLEASE TAKE NOTICE that on March 24, 2022 at 8:00 a.m., or as soon thereafter as

4   may be heard before the Honorable Judge William Alsup in Courtroom 12 on the 19th Floor of

5   the United States District Court for the Northern District of California, San Francisco Courthouse,

6   450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Sonos, Inc. ("Sonos") will, and

7   hereby does, move this Court for an order granting Sonos leave to amend its infringement

8   contentions as to U.S. Patent No. 9,967,615 (the "'615 Patent") pursuant to Local Patent Rule 3-6

9   and the Court's Case Management Order (Dkt. 67, ¶17). This motion is based on this Notice of

10  Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Geoffrey

11  Moss ("Moss Decl."), and exhibits thereto, all documents in the Court's file, and such other

12  written or oral evidence and argument as may be presented at or before the time this motion is

13  heard by the Court.

14

**STATEMENT OF THE RELIEF REQUESTED**

15        Pursuant to Patent Local Rule 3-6 and the Court's Case Management Order (Dkt. 67,

16  ¶17), Sonos requests that this Court grant Sonos leave to amend its infringement contentions as to

17  U.S. Patent No. 9,967,615 (the "'615 Patent").

18

**MEMORANDUM OF POINTS AND AUTHORITIES**

19  **I.     STATEMENT OF RELEVANT FACTS**

20        Sonos served its infringement contentions on October 21, 2021, including contentions for

21  U.S. Patent Nos. 9,967,615 (the "'615 Patent") and 10,779,033 (the "'033 Patent"). Since then,

22  the parties have conducted substantial discovery.

23        On January 10, 2022, pursuant to Patent Local Rule 4-2, the parties exchanged their

24  proposed constructions for claim terms identified by the parties in their Patent Local Rule 4-1

25  exchange. In its Patent Local Rule 4-2 disclosure, Google set forth (for the first time in this case)

26  its position on how the terms "resource locators" and "local playback queue on the particular

27  playback device" found in the asserted claims of the '615 Patent ought to be construed.

28

SONOS'S MOTION FOR LEAVE TO AMEND
INFRINGEMENT CONTENTIONS
3:20-cv-06754-WHA

1    Thereafter, Sonos diligently undertook an analysis to see how Google's proposed

2    constructions, if adopted, would affect Sonos's infringement contentions for the '615 Patent.[1] A

3    copy of Sonos's proposed Amended Infringement Contentions in redline is submitted

4    concurrently as Exhibit 1 to the Moss Declaration.

5    **II.    SONOS HAS GOOD CAUSE**

6        Patent Local Rule 3-6 specifies that infringement contentions may be amended for "good

7    cause." Patent L.R. 3-6. The traditional two-part inquiry under Patent Local Rule 3-6 is first,

8    whether a party has "proceed[ed] with diligence in amending [its] contentions when new

9    information comes to light," *O2 Micro Int'l, Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355,

10   1366 (Fed. Cir. 2006), and second, whether "a showing of undue prejudice may support denial of

11   leave." *Life Techs. Corp. v. Biosearch Techs., Inc.*, No. 12-cv-00852-WHA, 2012 WL 1831595,

12   at *1 (N.D. Cal. May 18, 2012). This Court, however, has broad discretion to grant leave to

13   amend. *Tech. Licensing Corp. v. Blackmagic Design Pty Ltd.*, No. 13-cv-05184-SBA, 2014 WL

14   5499511, at *2 (N.D. Cal. Oct. 30, 2014).

15       Sonos has proceeded with diligence. Prior to receiving Google's Patent Local Rule 4-2

16   proposed constructions, Sonos had no way to know Google's position on "resource locators" or

17   "local playback queue on the particular playback device." Although the parties engaged in claim

18   construction proceedings in the Western District of Texas before this case was transferred to this

19   Court, Google had not previously sought construction for either of these terms. Immediately after

20   receiving Google's proposed constructions, Sonos developed alternative infringement positions in

21   conjunction with extensive source code review. Specifically, after receiving Google's new

22   constructions, Sonos sought to conduct additional review of Google's source code, and continued

23   that review for eleven (11) days between then and now. Moss Decl. ¶ 4.

---

[1] On February 3, 2022, the day before the parties' Patent Local Rule 4-3 joint submission and exchange of expert reports, Google withdrew its proposed construction for the term "local playback queue on the particular playback device," proposed a new construction for the term "playback queue" applicable to both the '615 and '033 Patents, and identified new extrinsic evidence not previously identified in its Rule 4-2 disclosure. Sonos is currently analyzing how Google's newly proposed construction for "playback queue," if adopted, would affect Sonos's infringement contentions for both the '615 and '033 Patents, and expressly reserves its rights to promptly move to further amend its contentions if necessary.

SONOS'S MOTION FOR LEAVE TO AMEND
INFRINGEMENT CONTENTIONS
3:20-cv-06754-WHA

1   Sonos notified Google of its intent to amend its infringement contentions to take into

2   account Google's new constructions, on February 4, 2022. Moss Decl. ¶6, Exhibit 2. Consistent

3   with the Court's Case Management Order (Dkt. 67), that notice was given, and this motion is

4   being filed, within 28 days of when Sonos was first made aware of Google's claim construction

5   positions. The only amendments proposed in Exhibit 1 are made to present "back-up"

6   infringement theories for (i) the "resource locators" term of the '615 Patent Sonos may advance in

7   the event that the Court adopts Google's proposed construction for "resource locator" and (ii) the

8   "local playback queue on the particular playback device" term of the '615 Patent Sonos may

9   advance in the event that the Court rejects Google's new construction for "playback queue" for

10   both the '615 and '033 Patents but adopts Google's originally proposed construction for the

11   "local playback queue on the particular playback device" term of the '615 Patent. *See* Case

12   Mgmt. Order, Dkt. 67, ¶ 17; *see also, Fluidigm Corp. v. IONpath, Inc.*, No. 19-cv-05639-WHA,

13   2020 WL 5073938, at *3 (N.D. Cal. Aug. 25, 2020). Thus, Sonos was diligent in seeking to add

14   its "back-up" theories to its infringement contentions.

15   <u>Google would suffer no prejudice from the proposed amendment</u>. Google would not be

16   prejudiced if the Court grants the present motion. Google has been aware of the Court's Case

17   Management Order that permits each party to move promptly to disclose any "back-up"

18   contentions it may wish to make in the event the other side's claim construction is thereafter

19   adopted, and Sonos timely disclosed its "back-up" contentions in accordance with the Case

20   Management Order. The parties' opening briefs for the patent showdown is also more than two

21   months away, which will provide Google sufficient time to respond to Sonos's "back-up"

22   contentions if necessary. Thus, the Court should grant Sonos's motion. *See Fluidigm Corp.*, 2020

23   WL 5073938, at *5 (permitting a non-diligent patent owner to amend its infringement contentions

24   to include new theories because the parties' opening briefs for the patent showdown was a little

25   more than two months away).

26

27

28

SONOS'S MOTION FOR LEAVE TO AMEND
INFRINGEMENT CONTENTIONS
3:20-cv-06754-WHA

1

**III.**    <u>**CONCLUSION**</u>

For at least the foregoing reasons, Sonos respectfully requests the Court to grant Sonos leave to amend its infringement contentions as to U.S. Patent No. 9,967,615.

Dated: February 7, 2022

By: */s/ Cole B. Richter*
CLEMENT SETH ROBERTS
ALYSSA CARIDIS
EVAN D. BREWER

ORRICK, HERRINGTON & SUTCLIFFE LLP

GEORGE I. LEE
SEAN M. SULLIVAN
COLE B. RICHTER
RORY P. SHEA
J. DAN SMITH

LEE SULLIVAN SHEA & SMITH LLP

*Attorneys for Defendant Sonos, Inc.*