1  CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
   croberts@orrick.com
2  ALYSSA CARIDIS (STATE BAR NO. 260103)
   acaridis@orrick.com
3  EVAN D. BREWER (STATE BAR NO. 304411)
   ebrewer@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
5  405 Howard Street
   San Francisco, CA 94105-2669
6  Telephone:    +1 415 773 5700
   Facsimile:    +1 415 773 5759
7
   GEORGE I. LEE (*pro hac vice*)
8  lee@ls3ip.com
   SEAN M. SULLIVAN (*pro hac vice*)
9  sullivan@ls3ip.com
   COLE B. RICHTER (*pro hac vice*)
10 richter@ls3ip.com
   RORY P. SHEA (*pro hac vice*)
11 shea@ls3ip.com
   J. DAN SMITH (*pro hac vice*)
12 smith@ls3ip.com
   LEE SULLIVAN SHEA & SMITH LLP
13 656 W Randolph St., Floor 5W
   Chicago, IL 60661
14 Telephone:    +1 312 754 0002
   Facsimile:    +1 312 754 0003
15
16 *Attorneys for Defendant Sonos, Inc.*

17              UNITED STATES DISTRICT COURT

18             NORTHERN DISTRICT OF CALIFORNIA

19               SAN FRANCISCO DIVISION

20

21 GOOGLE LLC,                          Case No. 3:20-cv-06754-WHA

22              Plaintiff,              **DECLARATION OF COLE B.
                                        RICHTER IN SUPPORT OF
23        v.                            GOOGLE'S ADMINISTRATIVE
                                        MOTION TO CONSIDER WHETHER
24 SONOS, INC.,                         ANOTHER PARTY'S MATERIAL
                                        SHOULD BE SEALED (DKT. 124)**
25              Defendant.

26

27

28

I, Cole B. Richter, declare as follows and would so testify under oath if called upon to do so:

1.     I am an attorney with the law firm of Lee Sullivan Shea & Smith LLP, counsel of record to Sonos, Inc. ("Sonos") in the above-captioned matter. I am a member in good standing of the Bar of the State of Illinois. I have been admitted *pro hac vice* in this matter.  I make this declaration based on my personal knowledge, unless otherwise noted. If called, I can and will testify competently to the matters set forth herein.

2.     I make this declaration in support of Google's Administrative Motion to Consider Whether Another Party's Material Should be Sealed filed on February 4, 2022 (Dkt. 124), in connection with Google's Second Amended Complaint ("Google's SAC").

3.     Sonos seeks an order sealing the materials as listed below:

| Document | Portions Google Sought to Be Filed Under Seal | Portions Sonos Seeks to Be Filed Under Seal | Designating Party |
|---|---|---|---|
| Google's SAC | Portions highlighted in yellow | Same portions highlighted in yellow and submitted by Google | Sonos |
| Exhibit 2 to Google's SAC | Entire document | Entire document | Sonos |
| Exhibit 3 to Google's SAC | Entire document | Entire document | Sonos |
| Exhibit 4 to Google's SAC | Entire document | Entire document | Sonos |
| Exhibit 5 to Google's SAC | Entire document | Entire document | Sonos |
| Exhibit 6 to Google's SAC | Entire document | Entire document | Sonos |

4.     The portions of Google's SAC highlighted in yellow and Exhibits 2 and 3 reference Sonos's confidential business information and include confidential business agreements that are not public. Public disclosure of this information would harm Sonos's competitive standing and its ability to negotiate future business agreements because it would give competitors access to Sonos's confidential business strategies. If such information were made public, I understand that Sonos's competitive standing would be significantly harmed. A less restrictive alternative than sealing the highlighted portions would not be sufficient because the information

1   sought to be sealed is Sonos's confidential business information and Google contends that this

2   information is "necessary to the claims in Google's SAC."  *See* Declaration of Lindsay Cooper in

3   Support of Google's Administrative Motion to File Under Seal Portions of Its Second Amended

4   Complaint ¶ 3 (Dkt. 123-2).

5       5.      Additionally, Exhibits 4, 5, and 6 reference Sonos's confidential business

6   information and trade secrets, including details regarding the source code, architecture, and

7   technical operation of various products. The specifics of how these functionalities operate is

8   confidential information that Sonos does not share publicly. Thus, public disclosure of such

9   information may lead to competitive harm as Sonos's competitors could use these details

10   regarding the architecture and functionality of these products to gain a competitive advantage in

11   the marketplace with respect to their competing products. A less restrictive alternative than

12   sealing Exhibits 4, 5, and 6 would not be sufficient because the information sought to be sealed is

13   Sonos's confidential business information and trade secrets and Google contends that this

14   information is "integral to Google's claims in the SAC." *See id.* ¶ 4 (Dkt. 123-2).

15       I declare under penalty of perjury that the foregoing is true and correct to the best of my

16   knowledge. Executed this 11th day of February, 2022 in Chicago, Illinois.

17

18                                              */s/ Cole B. Richter*
                                                 COLE B. RICHTER

19

20

21

22

23

24

25

26

27

28