QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
Lindsay Cooper (Bar No. 287125)
lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for GOOGLE LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>SONOS, INC.,<br><br>　　　　Defendants. | CASE NO. 3:20-cv-06754-WHA<br>Related to CASE NO. 3:21-cv-07559-WHA<br><br>**DECLARATION OF LINDSAY COOPER IN SUPPORT OF SONOS, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. NO. 127)** |

I, Lindsay Cooper, declare and state as follows:

1. I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am a partner at Quinn Emanuel Urquhart & Sullivan LLP, counsel for Google LLC ("Google"). I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2. I make this declaration in support of Sonos, Inc.'s ("Sonos") Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. No. 127) filed in connection with Sonos's Motion for Leave to Amend Infringement Contentions ("Sonos's Motion") (Dkt. No. 128).

3. Google seeks an order sealing the materials as listed below:

| Document | Portions Google Seeks to Be Filed Under Seal | Designating Party |
|---|---|---|
| Exhibit 1 to the Declaration of Geoffrey Moss in Support of Sonos's Motion for Leave to Amend Infringement Contentions Pursuant to Patent L.R. 3-6 ("Exhibit 1") | Entire Document | Google |

4. I understand that a party seeking to "preserv[e] the secrecy of sealed discovery material attached to non-dispositive motions" such as Sonos's Motion need only make "a particularized showing under the good cause standard of Rule 26(c)." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal citation and quotation marks omitted).

5. Exhibit 1 contains references to Google's confidential business information and trade secrets, including details regarding source code, architecture, and technical operation of Google's products. I understand that public disclosure of this information would significantly harm Google's competitive standing by giving competitors access to Google's highly confidential business information to gain an advantage in the marketplace. I also understand that this Court has held that this type of "business information that might harm a litigant's competitive standing" may be sealed. *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7429304, at *2 (N.D. Cal. Feb. 9, 2016) (internal quotations and citation omitted). A less restrictive alternative than sealing Exhibit 1 would not be sufficient because the information sought to be sealed is Google's confidential business information and trade secrets but has been utilized by Sonos in support of Sonos's Motion.

1  I declare under penalty of perjury under the laws of the United States of America that to the
2  best of my knowledge the foregoing is true and correct. Executed on February 11, 2022, in Mill
3  Valley, California.
4  DATED: February 11, 2022

By: */s/ Lindsay Cooper*
Lindsay Cooper