1  CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
   croberts@orrick.com
2  BAS DE BLANK (STATE BAR NO. 191487)
   basdeblank@orrick.com
3  ALYSSA CARIDIS (STATE BAR NO. 260103)
   acaridis@orrick.com
4  EVAN D. BREWER (STATE BAR NO. 304411)
   ebrewer@orrick.com
5  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
6  405 Howard Street
   San Francisco, CA 94105-2669
7  Telephone:    +1 415 773 5700
   Facsimile:    +1 415 773 5759
8
   SEAN M. SULLIVAN (*pro hac vice*)
9  sullivan@ls3ip.com
   COLE B. RICHTER (*pro hac vice*)
10 richter@ls3ip.com
   LEE SULLIVAN SHEA & SMITH LLP
11 656 W Randolph St., Floor 5W
   Chicago, IL 60661
12 Telephone:    +1 312 754 0002
   Facsimile:    +1 312 754 0003
13
   *Attorneys for Defendant Sonos, Inc.*
14

15                 UNITED STATES DISTRICT COURT

16              NORTHERN DISTRICT OF CALIFORNIA,

17                   SAN FRANCISCO DIVISION

18

19 GOOGLE LLC,                          Case No. 3:20-cv-06754-WHA

20            Plaintiff,                **SONOS, INC.'S ADMINISTRATIVE
                                        MOTION TO FILE UNDER SEAL
21     v.                               DOCUMENTS FILED IN SUPPORT OF
                                        ITS ANSWER TO GOOGLE LLC'S
22 SONOS, INC.,                         SECOND AMENDED COMPLAINT**

23            Defendant.

24

25

26

27

28

1   **I.   INTRODUCTION**

2          Pursuant to Civil Local Rules 7-11 and 79-5, Defendant Sonos, Inc. ("Sonos") hereby

3   requests to file under seal certain exhibits filed in support of Sonos, Inc.'s Answer to Google

4   LLC's Second Amended Complaint and Sonos, Inc's Counterclaims ("Sonos's Answer to SAC").

5   Specifically, Sonos seeks and order granting leave to file under seal the documents listed below:

| DOCUMENT | PORTIONS TO BE SEALED | DESIGNATING PARTY |
|---|---|---|
| Exhibit AU to Sonos's Answer to SAC | Entire Document | Sonos |
| Exhibit AV to Sonos's Answer to SAC | Entire Document | Sonos |
| Exhibit AW to Sonos's Answer to SAC | Entire Document | Sonos |
| Exhibit AX to Sonos's Answer to SAC | Entire Document | Sonos |
| Exhibit AY to Sonos's Answer to SAC | Entire Document | Sonos |
| Exhibit AZ to Sonos's Answer to SAC | Entire Document | Sonos |
| Exhibit BA to Sonos's Answer to SAC | Entire Document | Sonos |
| Exhibit BB to Sonos's Answer to SAC | Entire Document | Sonos |
| Exhibit BC to Sonos's Answer to SAC | Entire Document | Sonos |
| Exhibit BD to Sonos's Answer to SAC | Entire Document | Sonos |
| Exhibit BE to Sonos's Answer to SAC | Entire Document | Sonos |
| Exhibit BG to Sonos's Answer to SAC | Entire Document | Sonos |
| Exhibit BH to Sonos's Answer to SAC | Entire Document | Sonos |
| Exhibit BI to Sonos's Answer to SAC | Entire Document | Sonos |
| Exhibit BJ to Sonos's Answer to SAC | Entire Document | Sonos |
| Exhibit BL to Sonos's Answer to SAC | Entire Document | Sonos |
| Exhibit BM to Sonos's Answer to SAC | Entire Document | Sonos |
| Exhibit BO to Sonos's Answer to SAC | Entire Document | Sonos |
| Exhibit BP to Sonos's Answer to SAC | Entire Document | Sonos |
| Exhibit CC to Sonos's Answer to SAC | Entire Document | Sonos |
| Exhibit CE to Sonos's Answer to SAC | Entire Document | Sonos |

## II.  LEGAL STANDARD

Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable").  *See* Civil L.R. 79-5(b).  The sealing request must also "be narrowly tailored to seek sealing only of sealable material."  *Id*.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mutual Auto. Insurance Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

The Ninth Circuit has recognized that two different standards may apply to a request to seal a document – namely the "compelling reasons" standard or the "good cause" standard. *Blessing v. Plex Sys., Inc*., No. 21-CV-05951-PJH, 2021 WL 6064006, at *12 (N.D. Cal. Dec. 22, 2021) (citing *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016)).  The compelling reasons standard applies to any sealing request made in connection with a motion that is "more than tangentially related to the merits of a case."  *Id.*  A party seeking to seal materials submitted with a motion that is "more than tangentially related to the merits of the case" must demonstrate that there are "compelling reasons" to keep the documents under seal. *WhatsApp Inc. v. NSO Grp. Techs. Ltd.*, 491 F. Supp. 3d 584, 596 (N.D. Cal. 2020) (citing *Ctr. for Auto Safety*, 809 F. 3d at 1101-1102).  What constitutes a compelling reason is left to the "sound discretion of the trial court." *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon*, 435 U.S. at 599).

Under the compelling reasons standard, "a court may seal a record only if it finds a 'compelling reason' to support such treatment." *Blessing,* 2021 WL 6064006, at *12.  In applying the "compelling reasons" standard, the Ninth Circuit has found appropriate the sealing of documents where court records could be used "as sources of business information that might harm a litigant's competitive standing." *See Ctr. for Auto Safety*, 809 F.3d at 1097.  "Confidential

1   business information in the form of 'license agreements, financial terms, details of confidential

2   licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard."

3   *Hetland v. LendingTree, LLC,* No. 19-CV-02288-JSC, 2021 WL 2313386, at *1 (N.D. Cal. May

4   3, 2021) (quoting *Exeltis USA Inc. v. First Databank, Inc.*, Case No. 17-cv-04810-HSG, 2020

5   WL 2838812, at *1 (N.D. Cal. June 1, 2020)).

6   **III.  THE COURT SHOULD SEAL SONOS'S CONFIDENTIAL MATERIAL**

7          Exhibits BO, BP, CC, and CE reference Sonos's confidential business information and

8   include confidential business agreements and licensing negotiations that are not public.

9   Compelling reasons exist to seal this information.  First, public disclosure of this information

10  would harm Sonos's ability to negotiate future business agreements because it would give

11  competitors access to Sonos's confidential business information, including confidential business

12  agreements.  Second, public disclosure would harm Sonos's competitive standing because

13  competitors would gain key insight into Sonos's business model and strategy.  A less restrictive

14  alternative than sealing the highlighted portions of Sonos's Answer to SAC and the exhibits in

15  their entirety would not be sufficient because the information sought to be sealed is Sonos's

16  confidential business information but is integral to the defenses in Sonos's Answer to SAC. *See*

17  Declaration of Cole B. Richter in Support of Administrative Motion ("Richter Decl.") filed

18  concurrently herewith, ¶ 4.

19         Additionally, Exhibits AU, AV, AW, AX, AY, AZ, BA, BB, BC, BD, BE, BG, BH, BI,

20  BJ, BL, and BM reference Sonos's confidential business information and trade secrets, including

21  details regarding the source code, architecture, and technical operation of various products.  The

22  specifics of how these functionalities operate is confidential information that Sonos does not

23  share publicly.  Thus, public disclosure of such information may lead to competitive harm as

24  Sonos's competitors could use these details regarding the architecture and functionality of these

25  products to gain a competitive advantage in the marketplace with respect to their competing

26  products.  A less restrictive alternative than sealing the exhibits would not be sufficient because

27  the information sought to be sealed is Sonos's confidential business information and trade secrets

28  and is integral to Sonos's defenses.  *See* Richter Decl. ¶ 5.

1  **IV. CONCLUSION**

2        In compliance with Civil Local Rule 79-5(c)(d)(e), redacted and unredacted versions of

3  the above-listed documents accompany this Administrative Motion, along with a declaration in

4  support, and a proposed order.  For the foregoing reasons, Sonos respectfully requests that the

5  Court grant Sonos's Administrative Motion.

6

  Dated: February 18, 2022

7

8             By: _*/s/ Cole B. Richter*_____

9                 CLEMENT SETH ROBERTS
                  ALYSSA CARIDIS

10                   EVAN D. BREWER

11            ORRICK, HERRINGTON & SUTCLIFFE LLP

12                  GEORGE I. LEE
                 SEAN M. SULLIVAN

13                  COLE B. RICHTER
                 RORY P. SHEA

14                  J. DAN SMITH

15            LEE SULLIVAN SHEA & SMITH LLP

16            *Attorneys for Defendant Sonos, Inc.*

17

18

19

20

21

22

23

24

25

26

27

28