CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
croberts@orrick.com
BAS DE BLANK (STATE BAR NO. 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (STATE BAR NO. 260103)
acaridis@orrick.com
EVAN D. BREWER (STATE BAR NO. 304411)
ebrewer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   +1 415 773 5700
Facsimile:   +1 415 773 5759

SEAN M. SULLIVAN (*pro hac vice*)
sullivan@ls3ip.com
COLE B. RICHTER (*pro hac vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:   +1 312 754 0002
Facsimile:   +1 312 754 0003

*Attorneys for Defendant Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>SONOS, INC.,<br><br>          Defendant. | Case No. 3:20-cv-06754-WHA<br><br>**EXHIBIT BL TO SONOS, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL DOCUMENTS FILED IN SUPPORT OF ITS ANSWER TO GOOGLE LLC'S SECOND AMENDED COMPLAINT** |

**FILED UNDER SEAL**

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Defendant Sonos, Inc. ("Sonos") hereby requests to file under seal certain exhibits filed in support of Sonos, Inc.'s Answer to Google LLC's Second Amended Complaint and Sonos, Inc's Counterclaims ("Sonos's Answer to SAC"). Specifically, Sonos seeks and order granting leave to file under seal the documents listed below:

| DOCUMENT | PORTIONS TO BE SEALED | DESIGNATING PARTY |
|---|---|---|
| Exhibit AU to Sonos's Answer to SAC | Entire Document | Sonos |
| Exhibit AV to Sonos's Answer to SAC | Entire Document | Sonos |
| Exhibit AW to Sonos's Answer to SAC | Entire Document | Sonos |
| Exhibit AX to Sonos's Answer to SAC | Entire Document | Sonos |
| Exhibit AY to Sonos's Answer to SAC | Entire Document | Sonos |
| Exhibit AZ to Sonos's Answer to SAC | Entire Document | Sonos |
| Exhibit BA to Sonos's Answer to SAC | Entire Document | Sonos |
| Exhibit BB to Sonos's Answer to SAC | Entire Document | Sonos |
| Exhibit BC to Sonos's Answer to SAC | Entire Document | Sonos |
| Exhibit BD to Sonos's Answer to SAC | Entire Document | Sonos |
| Exhibit BE to Sonos's Answer to SAC | Entire Document | Sonos |
| Exhibit BG to Sonos's Answer to SAC | Entire Document | Sonos |
| Exhibit BH to Sonos's Answer to SAC | Entire Document | Sonos |
| Exhibit BI to Sonos's Answer to SAC | Entire Document | Sonos |
| Exhibit BJ to Sonos's Answer to SAC | Entire Document | Sonos |
| Exhibit BL to Sonos's Answer to SAC | Entire Document | Sonos |
| Exhibit BM to Sonos's Answer to SAC | Entire Document | Sonos |
| Exhibit BO to Sonos's Answer to SAC | Entire Document | Sonos |
| Exhibit BP to Sonos's Answer to SAC | Entire Document | Sonos |
| Exhibit CC to Sonos's Answer to SAC | Entire Document | Sonos |
| Exhibit CE to Sonos's Answer to SAC | Entire Document | Sonos |

## II. LEGAL STANDARD

Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable"). *See* Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id*.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mutual Auto. Insurance Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

The Ninth Circuit has recognized that two different standards may apply to a request to seal a document – namely the "compelling reasons" standard or the "good cause" standard. *Blessing v. Plex Sys., Inc.*, No. 21-CV-05951-PJH, 2021 WL 6064006, at *12 (N.D. Cal. Dec. 22, 2021) (citing *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016)). The compelling reasons standard applies to any sealing request made in connection with a motion that is "more than tangentially related to the merits of a case." *Id.* A party seeking to seal materials submitted with a motion that is "more than tangentially related to the merits of the case" must demonstrate that there are "compelling reasons" to keep the documents under seal. *WhatsApp Inc. v. NSO Grp. Techs. Ltd.*, 491 F. Supp. 3d 584, 596 (N.D. Cal. 2020) (citing *Ctr. for Auto Safety*, 809 F. 3d at 1101-1102). What constitutes a compelling reason is left to the "sound discretion of the trial court." *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon*, 435 U.S. at 599).

Under the compelling reasons standard, "a court may seal a record only if it finds a 'compelling reason' to support such treatment." *Blessing,* 2021 WL 6064006, at *12. In applying the "compelling reasons" standard, the Ninth Circuit has found appropriate the sealing of documents where court records could be used "as sources of business information that might harm a litigant's competitive standing." *See Ctr. for Auto Safety*, 809 F.3d at 1097. "Confidential

business information in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard." *Hetland v. LendingTree, LLC,* No. 19-CV-02288-JSC, 2021 WL 2313386, at *1 (N.D. Cal. May 3, 2021) (quoting *Exeltis USA Inc. v. First Databank, Inc.*, Case No. 17-cv-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020)).

**III.   THE COURT SHOULD SEAL SONOS'S CONFIDENTIAL MATERIAL**

Exhibits BO, BP, CC, and CE reference Sonos's confidential business information and include confidential business agreements and licensing negotiations that are not public. Compelling reasons exist to seal this information. First, public disclosure of this information would harm Sonos's ability to negotiate future business agreements because it would give competitors access to Sonos's confidential business information, including confidential business agreements. Second, public disclosure would harm Sonos's competitive standing because competitors would gain key insight into Sonos's business model and strategy. A less restrictive alternative than sealing the highlighted portions of Sonos's Answer to SAC and the exhibits in their entirety would not be sufficient because the information sought to be sealed is Sonos's confidential business information but is integral to the defenses in Sonos's Answer to SAC. *See* Declaration of Cole B. Richter in Support of Administrative Motion ("Richter Decl.") filed concurrently herewith, ¶ 4.

Additionally, Exhibits AU, AV, AW, AX, AY, AZ, BA, BB, BC, BD, BE, BG, BH, BI, BJ, BL, and BM reference Sonos's confidential business information and trade secrets, including details regarding the source code, architecture, and technical operation of various products. The specifics of how these functionalities operate is confidential information that Sonos does not share publicly. Thus, public disclosure of such information may lead to competitive harm as Sonos's competitors could use these details regarding the architecture and functionality of these products to gain a competitive advantage in the marketplace with respect to their competing products. A less restrictive alternative than sealing the exhibits would not be sufficient because the information sought to be sealed is Sonos's confidential business information and trade secrets and is integral to Sonos's defenses. *See* Richter Decl. ¶ 5.

**IV. CONCLUSION**

In compliance with Civil Local Rule 79-5(c)(d)(e), redacted and unredacted versions of the above-listed documents accompany this Administrative Motion, along with a declaration in support, and a proposed order. For the foregoing reasons, Sonos respectfully requests that the Court grant Sonos's Administrative Motion.

Dated: February 18, 2022

By: */s/ Cole B. Richter*
CLEMENT SETH ROBERTS
ALYSSA CARIDIS
EVAN D. BREWER

ORRICK, HERRINGTON & SUTCLIFFE LLP

GEORGE I. LEE
SEAN M. SULLIVAN
COLE B. RICHTER
RORY P. SHEA
J. DAN SMITH

LEE SULLIVAN SHEA & SMITH LLP

*Attorneys for Defendant Sonos, Inc.*