# EXHIBIT 4

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

GOOGLE LLC,

      *Plaintiff*,

v.

SONOS, INC.,

      *Defendant*.

Case No. 3:20-cv-6754
Case No. 3:21-cv-7559

## EXPERT REPORT OF DOUGLAS C. SCHMIDT ON CLAIM CONSTRUCTION

**I.    SCOPE OF ASSIGNMENT**

1. While this case was in the District Court for the Western District of Texas, I submitted two Declarations relating to the following claim terms found in U.S. Patent Nos. 9,967,615 ("'615 Patent") or 10,779,033 ("'033 Patent"):

| Patent | Term |
|---|---|
| '033 Patent | "data network" |
| '615 Patent | "local area network" |
| '615 Patent | "a media particular playback system" |
| '033 Patent | "wherein the instruction comprises an instruction" |

2. With respect to the '615 Patent, I understand that Sonos is currently asserting claims 13-15, 18-21, and 25-26 against Google. With respect to the '033 Patent, I understand that Sonos is currently asserting claims 1-2, 4, 9, 11-13, and 16 against Google.

3. In this Report, I have been asked by Sonos to provide my opinions on how a person of ordinary skill in the art ("POSITA") at the time of the inventions of the '615 and '033 Patents would have understood the following claim terms:

- "playback queue"

1

- "resource locators"

4. This Report explains my analysis and opinions of the above-identified claim terms that are used in the '615 and/or '033 Patents. In forming my opinions, I have read and understand the claims of the '615 and '033 Patents, their common specification, and their respective file histories.

5. I reserve the right to supplement or clarify the opinions set forth herein, and if I am requested to do so, to provide additional opinions regarding the '615 and/or '033 Patents.

6. I am being compensated at my normal hourly consulting rate of $550/hour for this matter. My compensation does not depend in any way on the nature of my opinions or the outcome of this case.

7. The following lists the materials I considered in forming the opinions set forth herein:

- '615 Patent
- '615 File History
- '033 Patent
- '033 File History
- Google's Preliminary Claim Constructions and Evidence Pursuant to Patent Local Rule 4-2
- US Patent 8,032,612 ("Tosey") (SONOS-SVG2-00043035)
- US Patent 8,386,495 ("Sandler") (SONOS-SVG2-00043078)
- US Patent 8,533,469 ("Song") (SONOS-SVG2-00043153)
- US Patent App. Publ. 2010/0235469 ("Morris") (SONOS-SVG2-00043131)
- US Patent App. Publ. 2011/0004330 ("Rothkopf") (SONOS-SVG2-00042964)
- US Patent App. Publ. 2012/0089910 ("Cassidy") (SONOS-SVG2-00042982)
- US Patent App. Publ. 2014/0075308 ("Sanders") (SONOS-SVG2-00043004)

I find Google's proposed construction to be too narrow (in a general context) even for the phrase "uniform resource locator" because it requires an "address," whereas a POSITA would understand a "URL" is not so limited. In this respect, a POSITA would have known that a "URL" is more broadly an identifier or pointer to a resource accessible on the Internet.

101. Turning back to the actual claim language "resource locator," it is my opinion that a POSITA would have understood that, at the time of the invention, the term "resource locator" had a broader meaning than that proposed by Google. In this regard, a POSITA would have known that "resource locator" more generally refers to information that enables a device to access a resource and that information could take various forms, such as an identifier, address, uniform resource indicator (URI), URL, or some other reference that facilitates a device accessing a resource. In other words, a POSITA would have known that a URL is merely one specific type of a "resource locator."

102. Relatedly, it is my opinion that a POSITA would have known at the time of the invention that, when the phrase "resource locator" was used divorced from the fuller phrase "uniform (or universal) resource locator," the lack of "uniform" (or "universal") was meaningful and meant that something broader than a URL was intended.

103. Further, it is my opinion that a POSITA at the time of the invention would have known that, in the context of the '615 Patent (as in the general context), a "resource locator" and a "URL" are not one and the same. For instance, the '615 Patent's specification makes clear to a POSITA that a "URL" is just one type of a "resource locator" and that "resource locator" has a broader meaning than an "address of a resource on the Internet," as Google proposes. For example, the '615 Patent describes use of a URL or "some other identification" that enables a "playback device" to fetch a song or playlist:

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: February 11, 2022

DOUGLAS C. SCHMIDT