CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
croberts@orrick.com
BAS DE BLANK (STATE BAR NO. 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (STATE BAR NO. 260103)
acaridis@orrick.com
EVAN D. BREWER (STATE BAR NO. 304411)
ebrewer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759

SEAN M. SULLIVAN (*pro hac vice*)
sullivan@ls3ip.com
COLE B. RICHTER (*pro hac vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone: +1 312 754 0002
Facsimile: +1 312 754 0003

*Attorneys for Defendant Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>SONOS, INC.,<br><br>    Defendant. | Case No. 3:20-cv-06754-WHA<br><br>**SONOS, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS PURSUANT TO PATENT L.R. 3-6**<br><br>Date: March 24, 2022<br>Time: 8:00 a.m.<br>Place: Courtroom 12, 19th Floor<br>Judge: Hon. William Alsup<br><br>Complaint Filed: September 28, 2020 |

This Court has a clear and simple rule that allows a party to provide backup infringement contentions in response to the other side providing new proposed claim constructions.  *See* Case Mgmt. Order, Dkt. 67, ¶ 17; *Fluidigm Corp. v. IONpath, Inc.*, No. 19-CV-05639, 2020 WL 5073938, at *3 (N.D. Cal. Aug. 25, 2020).  Sonos followed both the letter and spirit of that rule.  In its preliminary claim construction disclosure under Rule 4-2, Google set forth (for the first time) new constructions for the terms "resource locators" and "local playback queue on the particular playback device" found in the asserted claims of the '615 Patent.  Within 28 days, Sonos filed the present motion to disclose its backup infringement contentions – i.e. contentions which are *only* operable if the Court adopts some version of Google's proposed constructions.  That is exactly what the Court has told the parties they *should* do – i.e. they should look forward and provide *contingent* positions in response to changes in the other sides' claim construction positions.  That is exactly what Sonos did here.

No further analysis is required.  In fact, in view of this Court's recent decision in *Fluidigm* (which Google heavily cited to in its brief), Google's opposition is not only unnecessary, it is frivolous.  As the Court stated in *Fluidigm,* "[t]his order adopts a ***bright line rule*** that ***eliminates guesswork*** and furthers the purpose of our patent local rules," and "[w]here ***a party may wish to advance backup infringement*** or invalidity theories contingent upon the opposition's claim construction, ***the clock starts ticking when the parties exchange those formal claim constructions***." 2020 WL 5073938, at *4 (emphasis added); *see also id*. at *3 ("What triggers the obligation described herein is the formal claim construction disclosure.").  Under that "bright line rule" the 28-day clock for advancing backup infringement theories started when Google served its formal claim constructions on January 10, 2022 date and Sonos's February 7, 2022 motion to add those contentions was timely.  That should be the end of the matter.[1]

**I.       Sonos's Backup Contentions Respond To Google's New Constructions**

Sonos proposed its backup contentions in *direct* response to Google's new proposed constructions.  In other words, Sonos's backup infringement contentions are contingent on the

---

[1] For the sake of brevity, and because they have no bearing on the merits of this motion, Sonos will not address all the many mischaracterizations in Google's opposition.

Court adopting Google's proposed construction (or some slight variation that adopts their underlying idea). If, on the other hand, the Court rejects Google's proposed constructions, then Sonos's backup contentions are moot and Sonos will not advance them at trial. Put differently, this whole situation is entirely of Google's own making – to the extent Google wants to disavow its new proposed constructions, then Sonos's backup proposals will fall away as well.

Google's argument that "*Fluidigm* does not permit a patentee to hold back infringement theories it was aware of until after claim construction" completely misses the mark. *See* Opp. Br. at 1. The backup infringement contentions in Sonos's proposed amendment are only being asserted because, in Google's Patent L.R. 4-2 disclosures of January 10, 2022, Google proposed new claim constructions for certain terms. Sonos did not "withhold" the theories that are the subject of this motion prior to that filing. To the contrary, prior to that date Sonos disclosed *all* theories it intended to pursue at trial. But that set of theories *changed* when Google sought to narrow the claims through its new proposed constructions. If Google disavows those constructions, Sonos does not need the backup infringement contentions and will not seek to present them at trial. Thus, Google's suggestion that Sonos was "holding back" infringement theories is simply wrong.

**II.     Google's Constructions Are New**

Google ***never*** previously advanced the "resource locator" and "local playback queue" constructions in its Patent L.R. 4-2 disclosure at any time before it served that disclosure on January 10, 2022. For instance, Google never once asserted these constructions during any of the claim construction exchanges, briefing, or hearing in the District Court for the Western District of Texas. Reply Declaration of Geoffrey Moss, Ex. 3 ("Moss Reply Decl.") ; *see also Sonos, Inc. v. Google LLC*, No. 20-cv-881-ADA, Dkt. 60, 64, 66, 81 (W.D. Tex.). Likewise, at no point between the transfer and its Patent LR 4-2 disclosure did Google raise these new constructions – neither to the Court nor during any of the parties' discussions and exchanges. The constructions are, therefore "new" in every sense of the word.[2]

---

[2] Even if Google *had* raised them informally, it wouldn't matter, given that the Court has put forth a "bright line" rule that the relevant date for purpose of disclosing back up contentions is the date

1    Google argues that "Sonos has long known that Google disputed the disclosure of
2    'resource locator' and 'local playback queue' in Sonos's current theories." Opp. Br. at 11. This
3    is neither true nor relevant. As an initial matter it is simply false: Google has failed to present any
4    theory of non-infringement for these claim limitations, let alone any theory of non-infringement
5    based on its new constructions for these claim limitations. Moss Reply Decl., Ex. 4. It is also
6    irrelevant, because (again) under the Court's "bright line" rule, the right and obligation to propose
7    back-up contentions is not triggered by a party asserting that it does not infringe a limitation, but
8    by the party *affirmatively proposing* a construction of that limitation. That is exactly what Sonos
9    did here.

10   Google further argues that it "sent Sonos a letter on November 3, 2021 explaining that its
11   contentions failed to disclose any functionality that met the 'resource locator' and 'local playback
12   queue' limitations." Opp. Br. 11. But this has the same two problems. In the first place,
13   although Google's November 3, 2021 letter accused Sonos of failing to adequately pinpoint the
14   source code that comprises the "resource locator" and "local playback queue," Google's letter did
15   not provide any non-infringement theories – much less tell Sonos what claim constructions it was
16   considering proposing for those terms. Google's inference that Sonos was aware of Google's
17   new construction merely because Google complained about the source code citations in Sonos's
18   infringement contentions is without merit.

19   And even if Google's November 3, 2021 letter had given Google notice of a *proposed*
20   claim construction for those terms, the Court's procedure for backup infringement contentions
21   states that only the *formal* claim construction disclosure under Patent L.R. 4-2 triggers the
22   obligation to amend. Thus, no interrogatory response, letter, or statement at a hearing could have
23   triggered this duty and obligated Sonos to disclose a back-up theory. *See Fluidigm,* 2020 WL
24   5073938, at *3 ("For purposes of this order, a mere letter, email, or disclosure [e.g., interrogatory
25   response] other than the *formal* disclosure imposes no duty to amend (nor will it satisfy the duty

---

27   on which a party *formally* discloses the new contention. That makes sense because, of course, any other rule would force a party to disclose potentially dozens of back-up contentions during the meet and confer process. Indeed, one party could force the other party to do this simply by proposing various hypothetical constructions it *might* later advance.

to disclose).  What triggers the obligation described herein is the *formal* claim construction disclosure.") (emphasis added).

Google's argument that Sonos's backup theories are actually affirmative theories that fall within Sonos's own construction of the claim limitations at issue, and thus should have been disclosed in its October 21, 2021 infringement contentions pursuant to Patent Local Rule 3-1, fares no better.  *See* Opp. Br. 7-11.  Sonos is not advancing any constructions for the claim limitations at issue.  Sonos's back-up theories address Google's narrow interpretation of the claim limitations, not Sonos'.  Again, Sonos disclosed *all* the theories it intends to present at trial *unless* the Court adopts some version of Google's new proposed constructions.  Sonos had no obligation to disclose those contingent "back-up" constructions before Google proposed the claim constructions to which they respond on and which they depend.  Put differently, what Sonos has done here is the exact *opposite* of hiding the ball.  It showed all the cards it intended to play in its contentions.  When Google announced its plans to seek a new construction, Sonos *looked forward* and timely proposed *back-up* theories it will advance if those constructions are adopted.  That's exactly how it is supposed to work in this Court, and Google's claim that Sonos was (somehow) obligated to have anticipated how Google would change its proposed constructions and advanced its *back-up* constructions based on that guesswork is both unfair and in direct contravention of this Court's "bright line" and unambiguous holding on this exact subject.

### III. Any Prejudice Is Entirely Google's Fault

Google complains that it is "highly prejudice[ed]" because the hearing for this motion is scheduled "only three weeks before the patent showdown summary judgment deadline." Opp. Br. at 1.  But, if Google had not proposed new claim constructions for the first time on January 10, 2022, this motion would be unnecessary.  Further, if Google had consented to this motion, as it clearly should have, there would be no need for a hearing.  And, of course, the reality is that Google has had Sonos's backup infringement contentions for several weeks now.  There is nothing stopping Google from developing its defenses to these backup infringement contentions during the pendency of this motion.  In short, any prejudice to Google is entirely of its own making.  *See, e.g.*, *Putnam v. Citigroup Global Mkts., Inc.*, No. 09-02230, 2010 WL 1460241, at

*2 (N.D. Cal. Apr. 7, 2010) (rejecting party's claim of prejudice when the alleged prejudice was "self-imposed") (citing *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 698 (9th Cir. 1986) (rejecting parties' "surprising contention" that they were prejudiced by "willingly incur[ing] the substantial expense involved in their litigation" because that "wound was self-inflicted")).

Google also argues that it "will be severely prejudiced if it is forced to develop new defenses and invalidity theories." Opp. Br. at 12. But, Sonos's backup contentions are addressing ***Google's*** new narrow interpretation of these claim limitations. If Google does not currently have adequate defenses or invalidity theories to address its ***own*** claim interpretations, that, again, is Google's fault. Surely Google was capable of putting in invalidity contentions that accounted for its *own* views about the proper scope of the claims. That wasn't something that *Sonos* had notice of until Google provided its 4-2 disclosures, but (especially given Google's contention that Sonos *should have* figured it out before then) clearly Google itself knew about the theories. Put differently, either Google knew what its claim construction theories were and just hid the ball until its 4-2 disclosures (in which case its claims of prejudice ring hollow), or it *didn't know itself* until shortly before it filed them (in which case it can hardly complain that Sonos failed to anticipate them). It is either one or the other – but neither justifies denying Sonos's motion especially given Sonos's strict compliance with the Court's "bright line" rule.

**IV.     Google Has Not Been Deprived of Discovery**

Google argues that it "will also have been deprived of the opportunity to conduct discovery regarding Sonos's proposed amendments." Opp. Br. 12. But, it is unclear what discovery from Sonos is needed by Google. Google's opposition identifies none. Google must already have the support it needs for the new constructions it has proposed. And with respect to the issue of infringement for the terms "resource locators" and "local playback queue," this issue solely involves Google's accused products. Google thus has all the information it needs for assessing infringement. Similarly, with respect to the issue of validity for the claim terms, Google does not need anything from Sonos to apply the prior art to these limitations.

1    In addition, despite Google's implication, discovery is far from over. To the contrary, the
2 parties are still serving and responding to written discovery, conducting ESI discovery, and
3 producing documents. Moreover, no depositions have taken place in this case.
4    If Google really needs additional discovery regarding Sonos's backup contentions, then
5 perhaps it should spend its time and energy on pursuing that discovery rather than filing motions
6 that directly contravene this Court's orders.

**V.    Sonos's Prior Amendments Were Justified and Diligent**

To paint Sonos as being guilty of serial amendments without cause, Google omits material facts and ignores the justified rationale behind each of Sonos's prior "amendments" concerning its infringement contentions.

As an initial matter, there is nothing nefarious about amending infringement contentions. As this Court has noted, "[o]ur patent local rules do permit amendment of the parties' infringement and invalidity contentions" with "a timely showing of good cause." *Fluidigm,* 2020 WL 5073938, at *2. One example of such "good cause" may include "[r]ecent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions." *Id.*; *see also* Patent L.R. 3-6. There is also nothing inherently wrong with making multiple amendments. *See Fluidigm,* 2020 WL 5073938, at *3 ("Nor does waiver apply in the event the other side modifies its claim construction later in its joint statement or opening brief under Rules 4-3 and 4-5. Any such modification would offer a new opportunity to move to amend to assert backup contingent infringement or invalidity contentions."). In addition, rather than hold back updates to minimize the number of amendments, parties are encouraged under the patent local rules to promptly amend their infringement and invalidity contentions when new information comes to light. *See, e.g., O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365-66 (Fed. Cir. 2006) ("The local patent rules in the Northern District of California are designed to address this problem by requiring both the plaintiff and the defendant in patent cases to provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery.").

In this case, Sonos promptly amended its infringement contentions each time Google provided new information. Put another way, to be diligent, Sonos made multiple amendments, instead of saving the amendments for a collective submission.

Google's recitation of the timing for Sonos's previous amendments also leaves out several salient facts that illustrate the justification for each of those amendments. For example, Sonos served its first supplemental preliminary infringement contentions in the Western District of Texas on January 8, 2021 for the specific purpose of adding infringement contentions for a new patent – the '885 Patent – that was added to the lawsuit (without any objection from Google) *after* Sonos served its initial preliminary infringement contentions.

Since Google did not produce its technical documentation and source code for the accused products until March 5, 2021[3] – several months *after* Sonos served its initial preliminary infringement contentions – Sonos needed to amend its infringement contentions to include citations to that new information. Sonos then amended its infringement contentions to address Google's unfounded complaint about alleged deficiencies with respect to the accused Google Podcasts app. Another one of the "amendments" in Google's 8-count was actually Sonos's final infringement contentions for the Western District of Texas, which were *required* under Judge Albright's Scheduling Order. *See Sonos, Inc. v. Google LLC*, No. 20-cv-881-ADA, Dkt. 109 (W.D. Tex. Aug. 27, 2021).

Of course, these prior amendments were made in another district and pursuant to that court's rules and procedures. Consequently, after the case was transferred to this Court, Sonos served another "amendment" to bring its infringement contentions into conformity with this District's Patent Local Rule 3-1 (which requires a different disclosure of information than the Western District of Texas). The next amendment of Sonos's infringement contentions, which is the current operative version of Sonos's infringement contentions was filed on January 20, 2022, and was triggered by Google's letter for discovery relief filed on December 17, 2021 and ordered by the Court at the January 6, 2022 hearing. *See* Dkt. 87, 99. Thus, the proposed amendment that

---

[3] Although not pertinent to the facts here, for various reasons caused by Google, Sonos was not able to begin source code review until April 19, 2021.

is the subject of this motion is only Sonos's second amendment of its infringement contentions under this Court's rules and procedures.

It is also important to note that Sonos did not overhaul its infringement contentions with each amendment. To the contrary, each of Sonos's amendments was directed to a specific update based on new information, a grievance by Google, or a change in local patent rules. For example, the proposed amendment at issue here is directed solely to back-up infringement contentions addressing two new claim constructions for the '615 Patent that Google disclosed for the first time on January 10, 2022. There is nothing untoward in the number of times that Sonos has amended its infringement contentions. Instead, that history reflects Sonos's diligence and commitment to providing, responsible, up-to-date disclosures.

In a desperate attempt to bar Sonos's proposed amendment, Google argues that Sonos's January 20, 2022 amended infringement contentions should have included the back-up infringement theories for Google's new constructions. Again, a review of the undisputed facts undermines the merit in Google's argument.

Sonos's January 20, 2022 amended contentions were served in response to the direction and permission provided by the Court during the January 6, 2022 hearing. During that hearing, the Court did not grant leave for Sonos to present back-up infringement theories directed to new claim constructions that Google had not yet proposed. And as Google is well aware, Sonos cannot serve amended infringement contentions without express consent from the Court. Patent L.R. 3-6 ("**Amendment** of the Infringement Contentions or the Invalidity Contentions ***may be made only by order of the Court*** . . . .") (emphasis added); *see also Fluidigm,* 2020 WL 5073938, at *2 ("[C]ontention amendment 'may be made only by order of the Court . . . .'"). If Google had presented its new claim constructions prior to the January 6, 2022 hearing, Sonos could have sought leave to amend its infringement contentions to address the constructions at that time. But, Google did not inform Sonos of these constructions until January 10, 2022. Thus, it likely would have been a violation of Patent L.R. 3-6 for Sonos to have included its back-up infringement contentions in its January 20, 2022 amendment.

**VI.    Conclusion**

For at least the foregoing reasons, Sonos respectfully requests the Court to grant Sonos leave to amend its infringement contentions.

Dated:  March 1, 2022                                  By:  */s/ Cole B. Richter*

CLEMENT SETH ROBERTS
BAS DE BLANK
ALYSSA CARIDIS
EVAN D. BREWER

ORRICK, HERRINGTON & SUTCLIFFE LLP

SEAN M. SULLIVAN
COLE B. RICHTER

LEE SULLIVAN SHEA & SMITH LLP

*Attorneys for Defendant Sonos, Inc.*