CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
croberts@orrick.com
BAS DE BLANK (STATE BAR NO. 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (STATE BAR NO. 260103)
acaridis@orrick.com
EVAN D. BREWER (STATE BAR NO. 304411)
ebrewer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   +1 415 773 5700
Facsimile:   +1 415 773 5759

SEAN M. SULLIVAN (*pro hac vice*)
sullivan@ls3ip.com
COLE B. RICHTER (*pro hac vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:   +1 312 754 0002
Facsimile:   +1 312 754 0003

*Attorneys for Defendant Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>                    Plaintiff,<br><br>            v.<br><br>SONOS, INC.,<br><br>                    Defendant. | Case No. 3:20-cv-06754-WHA<br><br>**SONOS, INC.'S MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS PURSUANT TO PATENT L.R. 3-6**<br><br>Date: April 14, 2022<br>Time: 8:00 a.m.<br>Place: Courtroom 12, 19th Floor<br>Judge: Hon. William Alsup<br><br>Complaint Filed: September 28, 2020 |

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS:

PLEASE TAKE NOTICE that on April 14, 2022 at 8:00 a.m., or as soon thereafter as may be heard before the Honorable Judge William Alsup in Courtroom 12 on the 19th Floor of the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Sonos, Inc ("Sonos") will, and hereby does, move this Court for an order granting Sonos leave to amend its infringement contentions as to U.S. Patent Nos. 9,967,615 (the "'615 Patent") and 10,779,033 (the "'033 Patent") pursuant to Patent Local Rule 3-6 and the Court's Case Management Order (Dkt. 67, ¶17).  This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Geoffrey Moss ("Moss Decl."), and exhibits thereto, all documents in the Court's file, and such other written or oral evidence and argument as may be presented at or before the time this motion is heard by the Court.

## STATEMENT OF THE RELIEF REQUESTED

Pursuant to Patent Local Rule 3-6 and the Court's Case Management Order (Dkt. 67, ¶17), Sonos requests that this Court grant Sonos leave to amend its infringement contentions as to the '615 and '033 Patents to disclose back-up infringement theories in light of Google's newly-proposed construction for the term "playback queue."

## MEMORANDUM OF POINTS AND AUTHORITIES

I. **STATEMENT OF RELEVANT FACTS**

Sonos served its Patent Local Rule 3-1 infringement contentions on October 21, 2021, including contentions for the '615 and '033 Patents.

On January 10, 2022, pursuant to Patent Local Rule 4-2, the parties exchanged their proposed constructions for claim terms identified by the parties in their Patent Local Rule 4-1 exchange.  In its Patent Local Rule 4-2 disclosure, Google set forth (for the first time in this case) its position on, *inter alia*, how the term "local playback queue on the particular playback device" found in the asserted claims of the '615 Patent ought to be construed.  Thereafter, Sonos

diligently undertook an analysis to see how Google's proposed construction, if adopted, would affect Sonos's infringement contentions for the '615 Patent.[1]

On February 3, 2022, the day before the deadline for the parties' Patent Local Rule 4-3 joint submission and exchange of expert reports on claim construction, Google withdrew its proposed construction for the term "local playback queue on the particular playback device," proposed a new construction for the term "playback queue" applicable to both the '615 and '033 Patents, and identified new extrinsic evidence not previously identified in its Rule 4-2 disclosure. Moss Decl., Ex. 1 at Appendix A, pp. 5-8.  In view of Google's last-minute change of course, the parties agreed to extend the deadline for exchanging expert reports on claim construction from February 4th to February 11th.  Moss Decl., Ex. 2.

Thereafter, in addition to finalizing Sonos's portion of the Patent Local Rule 4-3 joint submission and working with Sonos's expert on his (largely new) claim construction report, Sonos diligently undertook an analysis to see how Google's proposed construction, if adopted, would affect Sonos's infringement contentions for the '615 and '033 Patents.  Moss Decl., Exs. 3 and 4, submitted herewith, are copies of Sonos's proposed Amended Infringement Contentions for the '615 and '033 Patents, respectively.  The redlines in these exhibits reflect the material added for the sole purpose of identifying back-up infringement theories in the event the Court were to adopt Google's new claim construction of "playback queue."

Sonos served these new contentions on Google on February 24 (three weeks after receiving Google's new claim construction), and asked Google if it would oppose the present motion to amend.  Moss Decl., Ex. 5.  On March 1, Google notified Sonos that it would oppose the motion (without providing any explanation).  Sonos then promptly brought this motion before the Court.

---

[1] On February 7, 2022, Sonos moved for leave to amend its infringement contentions to disclose back-up theories in view of Google's Patent Local Rule 4-2 disclosure. Dkt. 128. That motion is currently pending.

## II. SONOS HAS GOOD CAUSE

Patent Local Rule 3-6 specifies that infringement contentions may be amended for "good cause." Patent L.R. 3-6. The traditional two-part inquiry under Patent Local Rule 3-6 is, first, whether a party has "proceed[ed] with diligence in amending [its] contentions when new information comes to light," *O2 Micro Int'l, Inc. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006), and second, whether "a showing of undue prejudice may support denial of leave." *Life Techs. Corp. v. Biosearch Techs., Inc.*, 2012 WL1831595, at *1 (N.D. Cal. May 18, 2012). This Court, however, has broad discretion to grant leave to amend. *Tech. Licensing Corp. v. Blackmagic Design Pty Ltd.*, 2014 WL 5499511, at *2 (N.D. Cal. Oct. 30, 2014).

<u>Sonos has proceeded with diligence</u>. Prior to receiving Google's brand-new proposed construction on February 3, 2022, Sonos had no way to know Google would change its position on the term "local playback queue on the particular playback device" found only in the '615 Patent and instead, provide a new position on the term "playback queue" applicable to both the '615 and '033 Patents. Although the parties engaged in claim construction proceedings in the Western District of Texas before this case was transferred to this Court, Google had not previously sought construction for the term "local playback queue on the particular playback device" found only in the '615, much less for the term "playback queue" found in both the '615 and '033 Patents.

After receiving Google's brand-new proposed construction, Sonos (i) worked to finalize its portion of the Patent Local Rule 4-3 joint submission due the following day, (ii) worked with Sonos's expert on his (largely new) claim construction report due, by agreement of the parties, on February 11th, and (iii) quickly developed alternative infringement positions for the '615 and '033 Patents in conjunction with source code review.

1    Sonos notified Google of its intent to amend its infringement contentions to take into
2 account Google's new construction on February 24, 2022.[2] Moss Decl., Ex. 5. Consistent with
3 the Court's Case Management Order (Dkt. 67), that notice was given, and this motion is being
4 filed, well within 28 days of when Sonos was first made aware of Google's brand-new claim
5 construction position. The only amendments proposed in Exs. 3 and 4 are made to present "back-
6 up" infringement theories for the "playback queue" term of the '615 and '033 Patents that Sonos
7 may advance in the event that the Court adopts Google's newly proposed construction for
8 "playback queue." *See* Case Mgmt. Order, Dkt. 67, ¶ 17; *see also, Fluidigm Corp. v. IONpath,*
9 *Inc.*, No. 19-CV-05639, 2020 WL 5073938, at *3 (N.D. Cal. Aug. 25, 2020). Thus, Sonos was
10 diligent in seeking to add its "back-up" theories to its infringement contentions.

11    <u>Google would not suffer prejudice from the proposed amendment</u>. Google would not be
12 prejudiced if the Court grants the present motion. Google has been aware of the Court's Case
13 Management Order that permits each party to move promptly to disclose any "back-up"
14 contentions it may wish to make in the event the other side's claim construction is thereafter
15 adopted, and Sonos timely disclosed its "back-up" contentions in accordance with the Case
16 Management Order. Moreover, it was Google's decision to present an entirely new proposed
17 claim construction (and term) for two patents the day before the deadline of the parties' Local
18 Patent Rule 4-3 submission—requiring Sonos to file two separate motions to amend (Dkt. 128
19 and the present motion). The parties' opening brief deadline for the patent showdown is over 6
20 weeks away, which will provide Google sufficient time to respond to Sonos's "back-up"
21 contentions if necessary. Thus, the Court should grant Sonos's motion. *See Fluidigm Corp.*,
22 2020 WL 5073938, at *5 (permitting a non-diligent patent owner to amend its infringement
23 contentions to include new theories because the parties' opening briefs for the patent showdown
24 was a little more than two months away).

---

[2] Sonos had previously reserved its rights to amend its contentions in light of Google's new construction. In its prior motion to amend, Sonos noted that it had just received Google's new construction, was in the process of analyzing how that construction might impact this case, and reserved its rights to promptly move to further amend its contentions if necessary. Dkt. 128 at fn. 1.

## III. CONCLUSION

For at least the foregoing reasons, Sonos respectfully requests the Court to grant Sonos leave to amend its infringement contentions as to U.S. Patent Nos. 9,967,615 and 10,779,033.

Dated: March 2, 2022                              By: */s/ Cole B. Richter*
                                                           CLEMENT SETH ROBERTS
                                                           BAS DE BLANK
                                                           ALYSSA CARIDIS
                                                           EVAN D. BREWER

                                                      ORRICK, HERRINGTON & SUTCLIFFE LLP

                                                           SEAN M. SULLIVAN
                                                           COLE B. RICHTER

                                                      LEE SULLIVAN SHEA & SMITH LLP

                                                      *Attorneys for Defendant Sonos, Inc.*