# EXHIBIT 2

| | |
|---|---|
| **From:** | Nima Hefazi <nimahefazi@quinnemanuel.com> |
| **Sent:** | Thursday, February 3, 2022 9:54 PM |
| **To:** | Cole Richter |
| **Cc:** | Marc Kaplan; QE-Sonos3; Sonos-NDCA06754-service |
| **Subject:** | RE: Google v. Sonos [NDCA2] -- 4-3 Disclosure |

**This message originated from outside your organization**

Cole,

We obviously do not agree with your characterization of the record or your claim that Sonos has been prejudiced by Google's narrowing of the disputed issues.

Nevertheless, we can agree to push the exchange of expert testimony by 7 days (to February 11) to resolve Sonos's concerns. We cannot, however, agree in advance that Sonos may serve additional extrinsic evidence after the deadline for the 4-3 exchange at any time it so chooses. To the extent Sonos serves additional extrinsic evidence after the 4-3 deadline, we reserve our right to object and/or to respond to Sonos's extrinsic evidence.

Best,
Nima.

**From:** Cole Richter <richter@ls3ip.com>
**Sent:** Thursday, February 3, 2022 7:35 PM
**To:** Nima Hefazi <nimahefazi@quinnemanuel.com>
**Cc:** Marc Kaplan <marckaplan@quinnemanuel.com>; QE-Sonos3 <qe-sonos3@quinnemanuel.com>; Sonos-NDCA06754-service <Sonos-NDCA06754-service@orrick.com>
**Subject:** RE: Google v. Sonos [NDCA2] -- 4-3 Disclosure

[EXTERNAL EMAIL from richter@ls3ip.com]

Nima,

We disagree that chopping words off the end of a term is what the local rules contemplate by "narrowing the issues." In fact, by doing so, Google has expanded the issues because now the term encompasses another patent. Google further expanded the issues when it changed its proposed construction for this term and added new extrinsic evidence the eve before the PLR 4-3 deadline.

We disagree that any recitation in Google's PLR 4-1 or 4-2 disclosures served to put Sonos on notice of this last-minute change or that Google could somehow reserve its right to unilaterally violate PLR 4.

We had multiple meet-and-confers to discuss these terms, and at no point did Google indicate that it was going to change a construction, identify new evidence, or identify a term from a different patent. Of course, this is prejudicial because Google declined Sonos's proposal to submit rebuttal expert testimony that responds to affirmative expert reports, insisting that the parties proceed to serve simultaneous expert testimony.

Assuming Google still intends to serve expert testimony addressing the new construction and new extrinsic evidence, would Google agree to push back the parties' deadline for exchanging such expert testimony by 7 days? Additionally,