# EXHIBIT 4

# FILED UNDER SEAL

Ex. B – Infringement Contention Chart: U.S. Patent No. 10,779,033
HIGHLY CONFIDENTIAL - SOURCE CODE - ATTORNEYS' EYES ONLY

| Claim 1 | Accused Instrumentalities |
|---|---|
|  | device is configured for playback of a remote playback queue (referred to herein as ▮▮▮▮▮▮) provided by one or more cloud servers ▮▮▮▮▮▮ associated with the YouTube, YouTube Music, YouTube TV, or YouTube Kids media service. The aforementioned functionality satisfies claim limitation 1.4.<br><br>Faced with this clear evidence that Google's Cast-enabled computing devices are capable of playing back a "remote playback queue" as required by claim limitation 1.4, and that Google's Cast-enabled computing devices and Cast-enabled media players also utilize such a "remote playback queue" in the manner recited by the remaining limitations of claim 1 (as explained in further detail below), Google has now proposed a brand new construction for the term "playback queue," which Google appears to be pursuing for the sole purpose of attempting to avoid infringement of the claim limitations that reference a "remote playback queue."<br><br>In particular, for the first time on February 3, 2022, Google took the position that the term "playback queue" should be construed as "[a]n ordered list of multimedia items that is selected by the user for playback." In this regard, Google apparently intends to argue that the accused ▮▮▮▮▮▮ is not a "remote playback queue" because it is not "[a]n ordered list of multimedia items that is selected by the user for playback," although Google has not provided any explanation as to exactly why it has introduced this construction of "playback queue," and it is still not clear how Google intends to interpret or apply this construction of "playback queue" in the context of the claims of the '033 Patent. In any event, Sonos disagrees that this is the proper construction for "playback queue" as that term is used in the context of the '033 Patent and will provide its position regarding the flaws in Google's proposed construction during the claim construction process. However, even if the Court were to adopt such a construction for "playback queue," Sonos maintains that the accused ▮▮▮▮▮▮ would still amount to the claimed "remote playback queue" either literally or at the very least under the Doctrine of Equivalents ("DoE"), and because of this, each Cast-enabled computing device installed with any one of the YouTube, YouTube Music, YouTube TV, or YouTube Kids apps would still satisfy the claim limitations that reference a "remote playback queue" either literally or at the very least under DoE.<br><br>As established by the evidence cited herein, when a user initiates local playback of user-selected media content from a YouTube, YouTube Music, YouTube TV, or YouTube Kids service on a Cast-enabled computing device, this causes the Cast-enabled computing device to become configured for playback of a playback queue referred to herein as a ▮▮▮▮▮▮ |

10

**Ex. B –Infringement Contention Chart: U.S. Patent No. 10,779,033**
**HIGHLY CONFIDENTIAL – SOURCE CODE – ATTORNEYS' EYES ONLY**

| Claim 1 | Accused Instrumentalities |
|---|---|
| |  As noted above, the first aspect of Google's new construction of "playback queue" is that it requires an "ordered list of multimedia items." The accused ▮▮▮ clearly meets this "ordered list of multimedia items" aspect of Google's new construction, at least by virtue of the fact that the ▮▮▮ is configured to contain locators of media items for playback in a sequential order. *See, e.g.*, GOOG-SONOSWDTX-00052111 ▮▮▮ GOOG-SONOSWDTX-00039673 ▮▮▮ GOOG-SONOSWDTX-00039785 ▮▮▮ Sonos does not see any credible basis for Google to contend otherwise, but it is also not clear how Google intends to interpret or apply the phrase "ordered list" in |

---

[3] https://support.google.com/youtube/answer/6327615?hl=en [Autoplay videos]; https://support.google.com/youtubekids/answer/6130531?hl=en [Recommended videos]; https://support.google.com/youtubekids/answer/6138623?hl=en&co=GENIE.Platform%3DAndroid [Accessibility on YouTube Kids] ("When autoplay is turned on, we'll automatically play another related video."); GOOG-SONOSWDTX-00005974 ▮▮▮ GOOG-SONOSWDTX-00039798 ▮▮▮

Ex. B –Infringement Contention Chart: U.S. Patent No. 10,779,033
**HIGHLY CONFIDENTIAL - SOURCE CODE - ATTORNEYS' EYES ONLY**

| Claim 1 | Accused Instrumentalities |
|---|---|
| | the context of its new construction, and Sonos expressly reserves its right to further supplement its infringement contentions if Google later attempts to advance a new interpretation of the phrase "ordered list."<br><br>Turning to the second aspect of Google's new construction of "playback queue," Google is also now attempting to add a requirement that the "ordered list of multimedia items" be "selected by the user for playback." Notably, Google has yet to provide any basis for its position that this new limitation is a required aspect of a "playback queue," and it is still not clear how Google intends to interpret or apply this new limitation in the context of its construction. This is particularly the case given that Google seems to be defining the "remote playback queue" – which is a data structure that is configured to contain an identification of whatever media content is queued for playback at a given time ▇▇▇ – in terms of the unrelated details as to how the media items contained within the "remote playback queue" were previously selected, which would result in a nonsensical interpretation of the claims where a data structure would qualify as a "remote playback queue" during some periods of time (*i.e.*, when it contains user-selected media items) and would not qualify as a "remote playback queue" during other periods of time (*i.e.*, when it does not contain user-selected media items) despite the fact that it is the exact same data structure and is being used in the exact same manner to facilitate playback. Nevertheless, Google appears to have imported this new limitation into its construction so that it can then argue that, because the accused ▇▇▇ may contain some media items that were directly selected by a user and other items that were not directly selected by a user▇▇▇ the accused ▇▇▇ s not a "remote playback queue." However, even setting aside the flaws in Google's construction (which will be addressed during the claim construction process), such a non-infringement argument fails for several reasons.<br><br>*First*, the evidence cited herein establishes that the ▇▇▇ In this respect, the ▇▇▇ literally amounts to an "ordered list of multimedia items that is selected by the user for playback" because the initial media item in the ▇▇▇ was selected by the user and the additional media items were then identified based on the user's selection. Thus, because each Cast-enabled computing device installed with any one of the YouTube, YouTube Music, YouTube TV, or YouTube Kids apps is programmed to perform the functionality of claim limitation 1.4 (as well as the other claim limitations that refer to a "remote playback queue"), with respect to the ▇▇▇ hat |

**Ex. B –Infringement Contention Chart: U.S. Patent No. 10,779,033**
**HIGHLY CONFIDENTIAL - SOURCE CODE - ATTORNEYS' EYES ONLY**

| Claim 1 | Accused Instrumentalities |
|---|---|
| | literally amounts to "an ordered list of multimedia items that is selected by the user for playback," each such Cast-enabled computing device would still literally satisfy claim limitation 1.4 (as well as the other claim limitations that refer to a "remote playback queue") under Google's construction for this additional reason.<br><br>***Second***, to the extent that the Court adopts Google's construction of "playback queue" and Google then later tries to argue that a the ▇▇▇▇ does not literally amount to an "ordered list of multimedia items that is selected by the user for playback" unless every single media item in the ▇▇▇▇ is directly selected by the user, the relevant functionality carried out by a Cast-enabled computing device with respect to a ▇▇▇▇ containing at least one media item that was directly selected by a user and other items that were not directly selected by a user ▇▇▇▇ still satisfies claim limitation 1.4 (as well as the other claim limitations that refer to a "remote playback queue") under DoE. This is because there is merely an insubstantial difference between (i) a Cast-enabled computing device (or Cast-enabled media player) having responsibility for playback of a "remote playback queue" in which all of the media items were directly selected by a user and (ii) a Cast-enabled computing device (or Cast-enabled media player having responsibility) for playback of a "remote playback queue" ▇▇▇▇ Indeed, a Cast-enabled computing device performs the same function (e.g., operating in a first mode in which it is configured for playback of the ▇▇▇▇ in the same way ▇▇▇▇ to achieve the same result ▇▇▇▇ ***regardless*** of whether the media items in the ▇▇▇▇ were all directly selected by a user or only the initial media item in the ▇▇▇▇ was directly selected by the user and the rest were identified based on the user's selection. And likewise, the cloud-based computing system that provides the ▇▇▇▇ performs the same function (e.g., maintaining a "remote playback queue"), in the same way ▇▇▇▇ to achieve the same result ▇▇▇▇ ***regardless*** of whether the media items in the ▇▇▇▇ were all directly selected by a user or only the initial media item in the ▇▇▇▇ was directly selected by the user and the rest were identified based on the user's selection.<br><br>For all of the foregoing reasons, Sonos maintains that, even if the Court were to adopt Google's new construction for "playback queue," each Cast-enabled computing device installed with any one of the |

13

**Ex. B—Infringement Contention Chart: U.S. Patent No. 10,779,033**
**HIGHLY CONFIDENTIAL - SOURCE CODE - ATTORNEYS' EYES ONLY**

| Claim 1 | Accused Instrumentalities |
|---|---|
|  | YouTube, YouTube Music, YouTube TV, or YouTube Kids apps would still satisfy claim limitation 1.4 (as well as the other claim limitations that reference the "remote playback queue") literally, or at the very least, under DoE.<br><br>While Sonos has made its best effort to interpret and understand Google's evolving construction of "remote playback queue" / "playback queue," and to provide Sonos's infringement position under that evolving construction, it remains unclear how Google intends to interpret and apply that construction to the accused instrumentalities. As such, Sonos expressly reserves the right to further supplement its infringement contentions if Google later attempts to advance an interpretation of this construction that differs from Sonos's current understanding.<br><br>The following exemplary evidence demonstrates that each Cast-enabled control device installed with the YouTube, YouTube Music, YouTube TV, or YouTube Kids app is programmed with this functionality:<br><br>• [REDACTED]<br>• https://support.google.com/youtubekids/answer/6130531?hl=en [Recommended videos];<br>• https://support.google.com/youtubekids/answer/6138623?hl=en&co=GENIE.Platform%3DAndroid [Accessibility on YouTube Kids] ("When autoplay is turned on, we'll automatically play another related video.");<br>• [REDACTED]<br>• [REDACTED] |

Ex. B –Infringement Contention Chart: U.S. Patent No. 10,779,033
HIGHLY CONFIDENTIAL - SOURCE CODE - ATTORNEYS' EYES ONLY

| Claim 1 | Accused Instrumentalities |
|---|---|
|  |  |

20

Ex. B –Infringement Contention Chart: U.S. Patent No. 10,779,033
HIGHLY CONFIDENTIAL - SOURCE CODE - ATTORNEYS' EYES ONLY

| Claim 1 | Accused Instrumentalities |
|---|---|
|  | ██████████████████ |

Ex. B –Infringement Contention Chart: U.S. Patent No. 10,779,033
**HIGHLY CONFIDENTIAL - SOURCE CODE - ATTORNEYS' EYES ONLY**

| Claim 1 | Accused Instrumentalities |
|---|---|
| | ██████████████████████████████████████████<br><br>Sonos further incorporates by reference Google's response to Sonos's Fact Discovery Interrogatory No. 15, including any of Google's documents or source code cited therein. *See* Google LLC's First Objections and Responses to Plaintiff Sonos, Inc.'s First Set of Fact Discovery Interrogatories.<br><br>**Spotify app**<br><br>Each Cast-enabled computing device installed with the Spotify app is programmed such that it can operate in a mode in which the Cast-enabled computing device is configured for playback of a remote playback queue ██████████████████ provided by one or more cloud servers associated with the Spotify media service. The aforementioned functionality satisfies claim limitation 1.4.<br><br>Sonos further incorporates by reference Google's response to Sonos's Fact Discovery Interrogatory No. 15, including any of Google's documents or source code cited therein. *See* Google LLC's First Objections and Responses to Plaintiff Sonos, Inc.'s First Set of Fact Discovery Interrogatories.<br><br>**Cast-Enabled Displays**<br><br>Each Cast-enabled display is programmed such that it can operate in a mode in which the Cast-enabled display is configured for playback of a remote playback queue provided by one or more cloud servers associated with a particular media service that the Cast-enabled display was selected to playback from (e.g., YouTube, YouTube Music, Spotify, etc.). The aforementioned functionality satisfies claim limitation 1.4. |

**Ex. B – Infringement Contention Chart: U.S. Patent No. 10,779,033**
**HIGHLY CONFIDENTIAL - SOURCE CODE - ATTORNEYS' EYES ONLY**

| Claim 1 | Accused Instrumentalities |
|---|---|
| | As noted above, for the first time on February 3, 2022, Google proposed a construction of the term "playback queue" that would require "[a]n ordered list of multimedia items that is selected by the user for playback," and it appears Google intends to argue that the accused ▮▮▮▮▮ is not a "remote playback queue" because it is not "[a]n ordered list of multimedia items that is selected by the user for playback." However, even if the Court were to adopt such a construction for "playback queue," Sonos maintains that the accused ▮▮▮▮▮ would still amount to the claimed "remote playback queue" either literally or at the very least under the DoE for all of the reasons explained above in connection with claim limitation 1.4, and because of this, each Cast-enabled computing device installed with any one of the YouTube, YouTube Music, YouTube TV, or YouTube Kids apps would still satisfy claim limitation 1.5 either literally or at the very least under DoE. <br><br> For instance, because ▮▮▮▮▮ literally amounts to a "remote playback queue" for the reasons explained above, the foregoing functionally literally amounts to the claimed functionality of claim limitation 1.5, which involves "displaying a representation of one or more playback devices in a media playback system that are each i) communicatively coupled to the computing device over a data network and ii) available to accept playback responsibility for *the remote playback queue*." <br><br> Moreover, to the extent that the Court adopts Google's construction of "playback queue" and Google then later tries to argue that a the ▮▮▮▮▮ does not literally amount to an "ordered list of multimedia items that is selected by the user for playback" unless every single media item in the ▮▮▮▮▮ is directly selected by the user, the relevant functionality carried out by a Cast-enabled computing device with respect to a ▮▮▮▮▮ containing at least one media item that was directly selected by a user and other items that were not directly selected by a user ▮▮▮▮▮ ▮▮▮▮▮ still satisfies claim limitation 1.5 (as well as the other claim limitations that refer to a "remote playback queue") under DoE. This is because there is merely an insubstantial difference between (i) a representation that a Cast-enabled media player is able to accept responsibility for playback of a "remote playback queue" in which all of the media items were directly selected by a user and (ii) a representation that a Cast-enabled media player is able to accept responsibility for playback of a "remote playback queue" in which only the initial media item was directly selected by the user while the other media item was identified based on the user's selection of the initial media item. Indeed, a Cast-enabled computing device performs the same function ▮▮▮▮▮ |

**Ex. B –Infringement Contention Chart: U.S. Patent No. 10,779,033**
**HIGHLY CONFIDENTIAL - SOURCE CODE - ATTORNEYS' EYES ONLY**

| Claim 1 | Accused Instrumentalities |
|---|---|
| | ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (e.g., presenting a user with an indication of one or more Cast-enabled media players that are available to accept playback responsibility for the ▇▇▇▇▇▇▇▇▇▇▇▇ *regardless* of whether the media items in the ▇▇▇▇▇▇▇▇▇▇ were all directly selected by a user or only the initial media item in the ▇▇▇▇▇▇▇▇▇▇ was directly selected by the user and the rest were identified based on the user's selection. <br><br>Sonos further incorporates by reference Google's response to Sonos's Fact Discovery Interrogatory No. 14, including any of Google's documents or source code cited therein. *See* Google LLC's First Objections and Responses to Plaintiff Sonos, Inc.'s First Set of Fact Discovery Interrogatories. |
| **[1.6]** while displaying the representation of the one or more playback devices, receiving user input indicating a selection of at least one given playback device from the one or more playback devices; | Each Cast-enabled control device comprises program instructions stored on the Cast-enabled control device's non-transitory computer-readable medium that, when executed by the Cast-enabled control device's processor, cause the Cast-enabled control device to, while displaying the representation of the one or more Cast-enabled media players, receive user input indicating a selection of at least one given Cast-enabled media player from the one or more Cast-enabled media players.<br><br>For instance, each Cast-enabled computing device is programmed such that, while displaying the representation of the one or more Cast-enabled media players in a Cast-enabled playback system that are each on the same Wi-Fi network as the Cast-enabled computing device and available to accept playback responsibility for the remote playback queue, the Cast-enabled computing device is configured to receive user input indicating a selection of at least one Cast-enabled media player in the Cast-enabled playback system, which is the claimed "at least one given playback device" selected from "the one or more playback devices." *See, e.g.,* https://support.google.com/googlenest/answer/7181830 [Play media from Chromecast-enabled apps to your speaker or display] ("Tap the speaker or display for which you'd like to cast."); https://support.google.com/chromecast/answer/6279384?hl=en [Cast audio from Chromecast-enabled apps to speakers] ("3. Choose your speaker."); https://support.google.com/chromecast/answer/2995235?hl=en-AU [Cast from the YouTube app and YouTube.com] ("Tap the Chromecast device to which you want to cast."); https://support.google.com/youtubetv/answer/7353493?co=GENIE.Platform%3DAndroid&hl=en [Cast YouTube TV using Chromecast] ("4. Choose the device you want to cast to."); https://support.google.com/youtubekids/answer/6289408?hl=en&co=GENIE.Platform%3DAndroid [Watch YouTube Kids videos on your TV]; https://support.google.com/googlenest/answer/9563059?hl=en-IN [Move media from one cast device to another]. |

**Ex. B –Infringement Contention Chart: U.S. Patent No. 10,779,033**
**HIGHLY CONFIDENTIAL - SOURCE CODE - ATTORNEYS' EYES ONLY**

| Claim 1 | Accused Instrumentalities |
| --- | --- |
| | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ |
| | The messages that are sent by the Cast-enabled computing device as part of this process individually or collectively amount to the claimed "instruction for the at least one given playback device to take over responsibility for playback of the remote playback queue from the computing device." |
| | Moreover, Sonos contends that the data contained in Google's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ amounts to the claimed "obtain[ed] data identifying a next one or more media items that are in the remote playback queue." |
| | As noted above, for the first time on February 3, 2022, Google proposed a construction of the term "playback queue" that would require "[a]n ordered list of multimedia items that is selected by the user for playback," and it appears Google intends to argue that the accused ▮▮▮▮▮▮▮▮▮▮▮▮▮ is not a "remote playback queue" because it is not "[a]n ordered list of multimedia items that is selected by the user for playback." However, even if the Court were to adopt such a construction for "playback queue," Sonos maintains that the accused ▮▮▮▮▮▮▮▮▮▮ would still amount to the claimed "remote playback queue" either literally or at the very least under the DoE for all of the reasons explained above in connection with claim limitation 1.4, and because of this, each Cast-enabled computing device installed with any one of the YouTube, YouTube Music, YouTube TV, or YouTube Kids apps would still satisfy claim limitation 1.7 either literally or at the very least under DoE. |
| | For instance, because a ▮▮▮▮▮▮▮▮▮▮▮▮ literally amounts to a "remote playback queue" for the reasons explained above, the foregoing functionally literally amounts to the claimed functionality of claim limitation 1.7, which involves "transmitting an instruction for the at least one given playback device to take over responsibility for playback of the *remote playback queue* from the computing device, wherein the instruction configures the at least one given playback device to (i) communicate with the cloud-based computing system in order to obtain data identifying a next one or more media items that are in the *remote playback queue*, (ii) use the obtained data to retrieve at least one media item in the *remote playback queue* from the cloud-based media service; and (iii) play back the retrieved at least one media item." |
| | Moreover, to the extent that the Court adopts Google's construction of "playback queue" and Google then later tries to argue that a the ▮▮▮▮▮▮▮▮▮▮▮ does not literally amount to an "ordered list of multimedia |

**Ex. B –Infringement Contention Chart: U.S. Patent No. 10,779,033**
**HIGHLY CONFIDENTIAL - SOURCE CODE - ATTORNEYS' EYES ONLY**

| Claim 1 | Accused Instrumentalities |
|---|---|
| | items that is selected by the user for playback" unless every single media item in the ▮▮▮ is directly selected by the user, the relevant functionality carried out by a Cast-enabled computing device and a Cast-enabled media player with respect to a ▮▮▮ containing at least one media item that was directly selected by a user and other items that were not directly selected by a user ▮▮▮ still satisfies claim limitation 1.7 (as well as the other claim limitations that refer to a "remote playback queue") under DoE. This is because there is merely an insubstantial difference between (i) a Cast-enabled computing device transmitting an instruction for a Cast-enabled media player to take over responsibility for playback of a "remote playback queue" in which all of the media items were directly selected by a user and (ii) a Cast-enabled computing device transmitting an instruction for a Cast-enabled media player to take over responsibility for playback of a "remote playback queue" in which only the initial media item was directly selected by the user while the other media item was identified based on the user's selection of the initial media item. Indeed, a Cast-enabled computing device performs the same function ▮▮▮, ▮▮▮ to achieve the same result (e.g., configuring the Cast-enabled media player to perform the playback-device functions recited in claim limitation 1.7) *regardless* of whether the media items in the ▮▮▮ were all directly selected by a user or only the initial media item in the ▮▮▮ was directly selected by the user and the rest were identified based on the user's selection. And likewise, a Cast-enabled media player performs the same functions ▮▮▮ in the same way (e.g., by communicating with one or more cloud servers), to achieve the same result (e.g., assuming responsibility for playback of the ▮▮▮ *regardless* of whether the media items in the ▮▮▮ were all directly selected by a user or only the initial media item in the ▮▮▮ was directly selected by the user and the rest were identified based on the user's selection. <br><br> The following exemplary evidence demonstrates that each Cast-enabled control device installed with the YouTube, YouTube Music, YouTube TV, or YouTube Kids app is programmed to perform this functionality: |

Ex. B –Infringement Contention Chart: U.S. Patent No. 10,779,033
**HIGHLY CONFIDENTIAL - SOURCE CODE - ATTORNEYS' EYES ONLY**

| Claim 1 | Accused Instrumentalities |
|---|---|
| | ***YouTube, YouTube Music, YouTube TV, & YouTube Kids apps*** <br><br> As noted above, for the first time on February 3, 2022, Google proposed a construction of the term "playback queue" that would require "[a]n ordered list of multimedia items that is selected by the user for playback," and it appears Google intends to argue that the accused ▮▮▮▮▮▮▮▮ is not a "remote playback queue" because it is not "[a]n ordered list of multimedia items that is selected by the user for playback." However, even if the Court were to adopt such a construction for "playback queue," Sonos maintains that the accused ▮▮▮▮▮▮▮▮ would still amount to the claimed "remote playback queue" either literally or at the very least under the DoE for all of the reasons explained above in connection with claim limitation 1.4, and because of this, each Cast-enabled computing device installed with any one of the YouTube, YouTube Music, YouTube TV, or YouTube Kids apps would still satisfy claim limitation 1.8 either literally or at the very least under DoE. <br><br> For instance, because a ▮▮▮▮▮▮▮▮ literally amounts to a "remote playback queue" for the reasons explained above, the foregoing functionally literally amounts to the claimed functionality of claim limitation 1.8, which involves "detecting an indication that playback responsibility for the ***remote playback queue*** has been successfully transferred from the computing device to the at least one given playback device." <br><br> Moreover, to the extent that the Court adopts Google's construction of "playback queue" and Google then later tries to argue that a the ▮▮▮▮▮▮▮▮ does not literally amount to an "ordered list of multimedia items that is selected by the user for playback" unless every single media item in the ▮▮▮▮▮▮▮▮ is directly selected by the user, the relevant functionality carried out by a Cast-enabled computing device with respect to a ▮▮▮▮▮▮▮▮ containing at least one media item that was directly selected by a user and other items that were not directly selected by a user ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ till satisfies claim limitation 1.8 (as well as the other claim limitations that refer to a "remote playback queue") under DoE. This is because there is merely an insubstantial difference between (i) an indication of successful transfer of playback responsibility for a "remote playback queue" in which all of the media items were directly selected by a user and (ii) an indication of successful transfer of playback responsibility for a "remote playback queue" in which only the initial media item was directly selected by the user while the other media item was identified based on the user's selection of the initial media item. Indeed, a Cast-enabled computing device performs the same function ▮▮▮▮▮▮▮▮ |

66

**Ex. B —Infringement Contention Chart: U.S. Patent No. 10,779,033**
**HIGHLY CONFIDENTIAL - SOURCE CODE - ATTORNEYS' EYES ONLY**

| Claim 1 | Accused Instrumentalities |
|---|---|
| | <u>in the same way (e.g., receiving a communication comprising the indication over a data network), to achieve the same result (e.g., confirmation that playback responsibility for the ▮▮▮▮ has been successfully transferred to the Cast-enabled media player) **_regardless_** of whether the media items in the ▮▮▮▮ were all directly selected by a user or only the initial media item in the ▮▮▮▮ was directly selected by the user and the rest were identified based on the user's selection.</u><br><br>In addition to the evidence cited above for limitation 1.7 and the YouTube, YouTube Music, and YouTube TV apps screenshots shown above, the following exemplary evidence demonstrates that each Cast-enabled control device installed with the YouTube, YouTube Music, YouTube TV, or YouTube Kids app is programmed with this functionality:<br><br>▮▮▮▮<br><br>Representative excerpts of Google's YouTube app source code[23] related to the aforementioned functionality include:<br><br>▮▮▮▮ |

▮▮▮▮

Ex. B –Infringement Contention Chart: U.S. Patent No. 10,779,033
**HIGHLY CONFIDENTIAL - SOURCE CODE - ATTORNEYS' EYES ONLY**

| Claim 1 | Accused Instrumentalities |
|---|---|
| | Additionally, Cast-enabled displays installed with various third-party Cast-enabled apps are also programmed to perform this functionality, including but not limited to the Spotify app, as illustrated by the following photo: <br><br> Various other Cast-enabled apps available for installation on Cast-enabled displays provide similar functionality. <br><br> Representative examples of other evidence demonstrating this functionality are summarized below. <br><br> **YouTube, YouTube Music, YouTube TV, & YouTube Kids apps** <br><br> As noted above, for the first time on February 3, 2022, Google proposed a construction of the term "playback queue" that would require "[a]n ordered list of multimedia items that is selected by the user for playback," and it appears Google intends to argue that the accused ▇▇▇▇▇▇▇ is not a "remote playback queue" because it is not "[a]n ordered list of multimedia items that is selected by the user for playback." However, even if the Court were to adopt such a construction for "playback queue," Sonos maintains that the accused ▇▇▇▇▇▇▇ would still amount to the claimed "remote playback queue" either literally or at the very least under the DoE for all of the reasons explained above in connection with claim limitation 1.4, and because of this, each Cast-enabled computing device installed with any one of the YouTube, YouTube Music, YouTube TV, or YouTube Kids apps would still satisfy claim limitation 1.9 either literally or at the very least under DoE. |

Ex. B – Infringement Contention Chart: U.S. Patent No. 10,779,033
HIGHLY CONFIDENTIAL - SOURCE CODE - ATTORNEYS' EYES ONLY

| Claim 1 | Accused Instrumentalities |
|---|---|
| | For instance, because a ▮▮▮ literally amounts to a "remote playback queue" for the reasons explained above, the foregoing functionally literally amounts to the claimed functionality of claim limitation 1.9, which involves "transitioning from i) the first mode in which the computing device is configured for playback of the *remote playback queue* to ii) a second mode in which the computing device is configured to control the at least one given playback device's playback of the *remote playback queue* and the computing device is no longer configured for playback of the *remote playback queue*." <br><br> Moreover, to the extent that the Court adopts Google's construction of "playback queue" and Google then later tries to argue that a the ▮▮▮ does not literally amount to an "ordered list of multimedia items that is selected by the user for playback" unless every single media item in the ▮▮▮ s directly selected by the user, the relevant functionality carried out by a Cast-enabled computing device and a Cast-enabled media player with respect to a ▮▮▮ containing at least one media item that was directly selected by a user and other items that were not directly selected by a user ▮▮▮ still satisfies claim limitation 1.9 (as well as the other claim limitations that refer to a "remote playback queue") under DoE. This is because there is merely an insubstantial difference between (i) a Cast-enabled computing device transitioning between a playback mode and a control mode for a "remote playback queue" in which all of the media items were directly selected by a user and (ii) a Cast-enabled computing device transitioning between a playback mode and a control mode for a "remote playback queue" in which only the initial media item was directly selected by the user while the other media item was identified based on the user's selection of the initial media item. Indeed, a Cast-enabled computing device performs the same function (e.g., transitioning from a playback mode for the ▮▮▮ to a control mode for a Cast-enabled media player's playback of the ▮▮▮ in the same way ▮▮▮ to achieve the same result ▮▮▮ *regardless* of whether the media items in the ▮▮▮ were all directly selected by a user or only the initial media item in the ▮▮▮ was directly selected by the user and the rest were identified based on the user's selection. <br><br> In addition to the evidence cited above for limitations 1.7-1.8 and the YouTube, YouTube Music, and YouTube TV apps screenshots shown above, the following exemplary evidence demonstrates that each Cast-enabled control device installed with the YouTube, YouTube Music, YouTube TV, or YouTube Kids app is programmed with this functionality: |