CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
croberts@orrick.com
BAS DE BLANK (STATE BAR NO. 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (STATE BAR NO. 260103)
acaridis@orrick.com
EVAN D. BREWER (STATE BAR NO. 304411)
ebrewer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:      +1 415 773 5700
Facsimile:      +1 415 773 5759

SEAN M. SULLIVAN (admitted *pro hac vice*)
sullivan@ls3ip.com
COLE B. RICHTER (admitted *pro hac vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:      +1 312 754 0002
Facsimile:      +1 312 754 0003

*Attorneys for Defendant Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>                  Plaintiff,<br><br>    v.<br><br>SONOS, INC.,<br><br>                Defendant. | Case No. 3:20-cv-06754-WHA<br><br>**SONOS, INC.'S UNOPPOSED MOTION FOR LEAVE TO FILE AN AMENDED ANSWER TO GOOGLE LLC'S SECOND AMENDED COMPLAINT AND SONOS, INC.'S COUNTERCLAIMS**<br><br>Date: April 28, 2022<br>Time: 8:00 a.m.<br>Place: Courtroom 12, 19th Floor<br>Judge: Hon. William Alsup<br><br>Complaint Filed: September 28, 2020 |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS:

 PLEASE TAKE NOTICE that on April 28, 2022 at 8:00 a.m., or as soon thereafter as may be heard before the Honorable Judge William Alsup in Courtroom 12 on the 19th Floor of the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Sonos, Inc ("Sonos") will, and hereby does, move this Court for an order granting Sonos leave to file an Amended Answer to Google LLC's Second Amended Complaint and Sonos, Inc.'s Counterclaims ("Amended Answer and Counterclaims"). This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Cole B. Richter ("Richter Decl."), and exhibits thereto, all documents in the Court's file, and such other written or oral evidence and argument as may be presented at or before the time this motion is heard by the Court. The parties met-and-conferred on Thursday, March 10, 2022 and Friday, March 11, 2022. Google has indicated that it does not oppose this motion.

**STATEMENT OF THE RELIEF REQUESTED**

 Pursuant to Rule 15(a)(1)(A) and/or Rule 15(a)(2) of the Federal Rules of Civil Procedure, Sonos requests that this Court grant Sonos leave to file an Amended Answer and Counterclaims.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. SUMMARY OF ARGUMENT**

 To the extent leave is required, Sonos respectfully seeks the Court's leave to file an Amended Answer and Counterclaims (filed concurrently herewith in redline as Ex. 1 to the Declaration of Cole B. Richter in Support of Sonos's Motion ("Richter Decl.")) to include matter from Sonos's infringement contentions – which were previously attached to the Answer and Counterclaims (Dkt. 135) as an exhibit – into the numbered paragraphs of the Counterclaims. Although this may seem like an unnecessary endeavor, Sonos is doing so out of an abundance of caution to obviate an objection by Google that certain of Sonos's infringement theories are not properly part of the case because they were not repeated in the numbered paragraphs of Sonos's Counterclaims.

1          This first Amended Answer and Counterclaims is being submitted within 21 days after the

2   filing of Sonos's Answer and Counterclaims on February 18, 2022.[1]  Thus, Sonos believes this

3   amendment falls within the province of Rule 15(a)(1)(A) and no leave of Court is required.

4   Fed.R.Civ.P. 15(a)(1)(A) ("*A party may amend its pleading once as a matter of course within []*

5   *21 days after serving it . . .*").

6          Sonos acknowledges that that the Court's Case Management Order states that leave to

7   amend pleadings must be sought by December 23, 2021.  Dkt. 67 at ¶ 3.  Sonos interprets this

8   requirement as applying to situations where the Federal Rules state that the court's leave is

9   required.  *See* Fed.R.Civ.P. 15(a)(2) ("*In all other cases, a party may amend its pleading only*

10  *with the opposing party's written consent or the court's leave. The court should freely give leave*

11  *when justice so requires.*").  However, out of an abundance of caution, Sonos respectfully submits

12  this motion for leave to the extent the Court considers that leave is required in this scenario.

13  **II.    FACTUAL BACKGROUND**

14         Sonos's infringement contentions have contained specific theories of infringement under §

15  271(f) since before this case was transferred to this district.  For instance, on **September 10,**

16  **2021**, while the case was pending in the Western District of Texas, Sonos served final

17  infringement contentions pursuant to the local rules in that district, setting forth, *inter alia*,

18  theories of infringement under § 271(f)(1) and § 271(f)(2) for each asserted patent.  After the case

19  was transferred to this District, Sonos served infringement contentions on **October 21, 2021**,

20  pursuant to this district's PLR 3-1.  These infringement contentions set forth, *inter alia*, theories

21  of infringement under § 271(f)(1) and § 271(f)(2) for each asserted patent.

22

23

24

25

26

---

[1] Sonos attempted to file the present motion on Friday, March 11, 2022.  However, the Court's
ECF system experienced a technical failure and was not able to accept filings from approximately
11 a.m. Pacific time and onwards on that day. Accordingly, pursuant to local rule 5-1(d)(5),
Sonos is filing this motion on the next court day.

SONOS, INC.'S MOTION FOR LEAVE TO FILE AN
AMENDED ANSWER AND COUNTERCLAIMS
3:20-cv-06754-WHA

Google filed a Second Amended Complaint on February 4, 2022.  Dkt. 125.  Fourteen days later, on February 18, 2022, Sonos filed its Answer and Counterclaims.  Dkt. 135.  When Sonos filed its Answer and Counterclaims, Sonos did not copy its infringement contentions into the numbered paragraphs of the Counterclaims.  Rather, for brevity's sake, Sonos's Counterclaims noted that Sonos had provided Google with infringement contentions over the course of the case and attached those contentions as an exhibit to the pleading.

| 21 | 83.    In the course of this litigation, Sonos has served Google with infringement |
| 22 | contentions detailing Google's infringement of the '615 Patent.  *See* Ex. CH; Ex. CI. |

*E.g.,* Dkt. 135, Counterclaims at ¶83 (*citing* Exhibit CH); Dkt. 137-8 (Ex. CH, Sonos's Infringement Contentions).

At no point during this case (or while the case was pending in Texas) did Google object to Sonos advancing theories of infringement under § 271(f) on grounds that Sonos's pleading did not set forth those same allegations.  Nor did Google raise this ground as a basis for responding or objecting to any Sonos discovery request.  Indeed, had Google raised such an objection in response to receiving Sonos's final infringement contentions in Texas on September 10, 2021 or in its response to any discovery request, Sonos could have responded to the objection by amending its operative complaint (prior to the deadline set forth by either this Court or the court in Texas.[2]

Not only did Google fail to raise any objection to Sonos's infringement theories under § 271(f), but Google proceeded with the case (for a time) as though the theories ***are*** properly part of the case (because they are).  Indeed, Google has produced documents in this case that reflect worldwide financial information.  Google initially objected to producing such information but acquiesced after an explanation that such information was relevant to Sonos's infringement theories under § 271(f).  *See WesternGeco LLC v. ION Geophysical Corp.*, 138 S. Ct. 2129, 2137-

---

[2] The deadline for amending pleadings without a motion in that case was October 22, 2021. Amended Scheduling Order, *Sonos Inc. v. Google LLC*, No. 6:20-cv-00881-ADA, Dkt. 48 at 3 (W.D. Tex. February 11, 2021).

SONOS, INC.'S MOTION FOR LEAVE TO FILE AN
AMENDED ANSWER AND COUNTERCLAIMS
3:20-CV-06754-WHA

38 (2018); *MLC Intell. Prop., LLC v. Micron Tech., Inc*., No. 14-CV-03657-SI, 2018 WL 6175982, at *2 (N.D. Cal. Nov. 26, 2018).

On the afternoon of March 9, 2022 (two days prior to this motion), Google took the position that Sonos's infringement theories under statutory subsection § 271(f) were not properly part of the case because the body of Sonos's February 18, 2022 counterclaim pleading (i.e., the numbered paragraphs) did not restate Sonos's infringement theories under § 271(f), even though such theories were set forth in Sonos's infringement contentions served months earlier and were attached to the pleading as Exhibit CH.  As a result, Google has now objected to Sonos's request for a corporate deponent to testify concerning worldwide financial information.

In an effort to avoid burdening the Court with a motion to compel or a protective order on the issue, Sonos hopes to obviate Google's objection by amending its pleading as Rule 15 allows. The information Sonos seeks to add to the numbered paragraphs of the pleading is already included in the original pleading because it was cited to and contained within an exhibit attached to the pleading.  *See* Fed.R.Civ.P 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Largan Precision Co., Ltd. v. Genius Elec. Optical Co., Ltd*., No. 13-cv-02502-WHO, 2013 WL 5934698, *4 (N.D. Cal. 2013) (relying on material contained within a letter referenced in the pleading in denying motion to dismiss indirect infringement claims for being insufficiently pled).  Moreover, the information Sonos seeks to add to the numbered paragraphs has already been part of the case for over six months in Sonos's infringement contentions.

## III.    GOOD CAUSE EXISTS

Good causes exists for the Court's leave.  Rule 15 states that Sonos may amend its pleading as a matter of course within 21 days of serving it.  This motion is submitted within 21 days of service of the original complaint.  Thus, Sonos is in compliance with Rule 15.

To the extent leave is required, Rule 15 states that "[t]he court should freely give leave when justice so requires."  Fed.R.Civ.P. 15(a)(2).  Sonos submits that it would serve justice here to permit this amendment so as to obviate an objection Google has raised in the course of discovery.

1       Sonos has proceeded diligently upon learning of Google's objection.  Indeed, Google

2   raised its objection for the first time in the case just two days prior to this motion.  Rather than

3   burden the Court with a motion to compel or a protective order on whether Sonos can proceed

4   with discovery on worldwide financial information and a theory at trial under § 271(f), Sonos

5   shortcuts all of this with the present request to amend the pleadings, while it is still permitted

6   under Rule 15.

7   **IV.     NO PREJUDICE EXISTS**

8       Google would not be prejudiced by this amendment.

9       ***First***, Google has not answered the counterclaims and would thus suffer no prejudice from

10  having already filed an Answer or Rule 12 motion.  Indeed, this is why Rule 15(a)(1)(A) permits

11  amendments as a matter of course within 21 days of filing the original pleading.  Rule 15(a)(1)(B)

12  also allows amendments as a matter of course within 21 days after a responsive pleading is filed.

13  Google has not yet filed a response pleading to Sonos's counterclaims, so Sonos is well within

14  this time period as well.

15      ***Second***, the amendment literally copies into the pleading text from Sonos's infringement

16  contentions that Google has had for over six months.  Thus, nothing is being added to the

17  pleading that Google is not already aware of.

18      ***Third***, the text of the amendment is already technically part of the pleading pursuant to

19  Rule 10(c) because this text is lifted from Sonos's infringement contentions, which were cited and

20  attached to the pleading as Exhibit CH.  Dkt. 135, Counterclaims at ¶83 (*citing* Exhibit CH); Dkt.

21  137-8 (Ex. CH, Sonos's Infringement Contentions).  Thus, the amendment does not introduce

22  anything new.[3]  The amendment is entirely form over substance brought on by Google's meritless

23  objection.

24

25

26  ───────────────
    [3] Sonos notes that Exhibit D to the original Answer and Counterclaims  (copy of the '885 Patent)

27  did not include a certificate of correction issued for the '885 Patent in 2021.  For completeness,
    should this motion be granted, Sonos will attach a corrected Exhibit D to the Amended Answer

28  and Counterclaims that includes this certificate of correction.  This exhibit is attached hereto as
    Richter Decl., Ex. 2.

SONOS, INC.'S MOTION FOR LEAVE TO FILE AN
AMENDED ANSWER AND COUNTERCLAIMS
3:20-cv-06754-WHA

V.     **CONCLUSION**

To the extent required, Sonos requests that this Court grant Sonos leave to file an Amended Answer to Google LLC's Second Amended Complaint and Sonos, Inc.'s Counterclaims.

Dated:  March 14, 2022               By:  */s/ Cole B. Richter*

                                    CLEMENT SETH ROBERTS
                                    BAS DE BLANK
                                    ALYSSA CARIDIS
                                    EVAN D. BREWER

                            ORRICK, HERRINGTON & SUTCLIFFE LLP

                                    SEAN M. SULLIVAN
                                    COLE B. RICHTER

                            LEE SULLIVAN SHEA & SMITH LLP

                            *Attorneys for Defendant Sonos, Inc.*