QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>             Plaintiff,<br><br>      vs.<br><br>SONOS, INC.,<br><br>             Defendant. | CASE NO. 3:20-cv-06754-WHA<br>Related to CASE NO. 3:21-cv-07559-WHA<br><br>**GOOGLE LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS OPPOSITION TO SONOS, INC.'S MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS PURSUANT TO PATENT L.R. 3-6** |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiff Google LLC ("Google") hereby requests to file under seal portions of its Opposition to Sonos, Inc.'s Motion for Leave to Amend Infringement Contentions Pursuant to Patent L.R. 3-6 ("Opposition"). Specifically, Google requests an order granting leave to file under seal the portions of the document listed below:

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| Google's Opposition | Portions highlighted in yellow | Google |
| Exhibit 1 to Google's Opposition | Portions outlined in red boxes | Google |

## II. LEGAL STANDARD

Civil Local Rule 79-5(c) provides that a party seeking to file its own documents under seal must file an administrative motion that articulates the applicable legal standard and reasons for keeping a document under seal, includes evidentiary support from a declaration where necessary, and provides a proposed order that is narrowly tailored to seal only the sealable material.

Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978)). "To seal records in connection with a 'dispositive' motion or a motion that 'more than tangentially relate[s] to the merits of a case,' 'compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure' are required." *Bronson v. Samsung Elecs. Am., Inc.*, No. C 18-02300 WHA, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019) (quoting *Kamakana*, 447 F.3d at 1178-79). "A particularized showing of 'good cause' under Federal Rule of Civil Procedure 26(c), however, suffices to warrant sealing in connection with a non-dispositive motion." *Id.* This Court has analyzed sealing requests for motions for leave to amend infringement contentions pursuant to the "good cause" standard for non-dispositive motions. *See, e.g.*, *Mediatek Inc. v. Freescale Semiconductor, Inc.*, No. 11-CV-5341 YGR, 2013 WL 10996547, at *1 (N.D. Cal. May 10, 2013)

### III. THE COURT SHOULD SEAL GOOGLE'S CONFIDENTIAL INFORMATION

Although the materials that Google seeks to seal here meet the higher "compelling reasons" standard, the Court need only consider whether these materials meet the lower "good cause" standard because Google's Opposition is a non-dispositive motion. *Id.* Courts have repeatedly found it appropriate to seal documents that contain "business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 589-99. Good cause to seal is shown when a party seeks to seal materials that "contain[ ] confidential information about the operation of [the party's] products and that public disclosure could harm [the party] by disclosing confidential technical information." *Digital Reg. of Texas, LLC v. Adobe Sys., Inc.*, No. C 12–1971 CW, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014). Materials that detail product architecture and could harm a litigant's competitive standing may be sealed even under the "compelling reasons" standard. *See e.g.*, *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12–cv–03844–JST, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) (information "is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage") (citation omitted); *Delphix Corp. v. Actifo, Inc.*, No. 13-cv-04613-BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (finding compelling reasons to seal where court filings contained "highly sensitive information regarding [an entity's confidential] product architecture and development").

The yellow-highlighted portions of Google's Opposition on pages 5, 6, and 7 and the portions of Exhibit 1 outlined in red boxes contain confidential information regarding highly sensitive features of Google's products. Specifically, the above-listed information details the operation and system design of functionalities Sonos accuses of infringement. Public disclosure of this information would harm the competitive standing Google has earned through years of innovation and careful deliberation by revealing sensitive aspects of Google's proprietary systems, strategies, designs, and practices to Google's competitors. Declaration of Jocelyn Ma ("Ma Decl."), ¶ 3. Thus, Google has good cause to keep such information under seal. *See, e.g.*, *Guzik Tech. Enterprises, Inc. v. W. Digital Corp.*, No. 5:11-CV-03786-PSG, 2013 WL 6199629, at *4 (N.D. Cal.

Nov. 27, 2013) (sealing exhibit containing "significant references to and discussion regarding the technical features" of a litigant's products).

Additionally, the yellow-highlighted portions of Google's Opposition on pages 3 and 12 contain confidential information regarding Google's highly sensitive financial and product revenue data, as well as figures from which a competitor could deduce Google's highly sensitive financial and product revenue data. Public disclosure of this information would harm the Google's competitive standing and create a risk of injury by providing competitors with access to information that Google does not have similar access to about their competitors, allowing them to gain a competitive advantage in the marketplace. Ma Decl., ¶ 4. Google has good cause to keep such information under seal. *See, e.g., Rodman v. Safeway, Inc.,* No. 11-cv-03003-JST, 2014 WL 12787874, *2 (N.D. Cal. Aug. 22, 2014); *Arista Networks, Inc. v. Cisco Sys., Inc.*, No. 16-cv-00923-BLF, 2018 WL 2010622, *2-3 (N.D. Cal. Apr. 30, 2018) (sealing highly confidential information relating to Cisco's financial information and internal development strategies); *Queen's Med. Ctr. v. Kaiser Found. Health Plan, Inc.*, No. CIV. 12-00565 ACK, 2014 WL 1234506, at *3 (D. Haw. Mar. 24, 2014) (sealing information from which "a third party competitor might deduce the rate of discount" provided by certain agreements).

## IV.   CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court grant Google's Administrative Motion to File Portions of Google's Opposition Under Seal.

DATED: March 16, 2022

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:   */s/ Charles K. Verhoeven*
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
50 California Street, 22nd Floor
Lindsay Cooper (Bar No. 287125)
lindsaycooper@quinnemanuel.com
San Francisco, California 94111-4788
Telephone:   (415) 875-6600
Facsimile:   (415) 875-6700

1
2  Attorneys for GOOGLE LLC
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case No. 3:20-cv-06754-WHA
GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS OPPOSITION TO
SONOS'S MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS

**ATTESTATION**

Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that, on March 16, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system and email.

DATED: March 16, 2022

By:    */s/ Charles K. Verhoeven*
       Charles K. Verhoeven