QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
Lindsay Cooper (Bar No. 287125)
lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:      (415) 875-6700

Attorneys for GOOGLE, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>GOOGLE LLC,<br><br>　　　　　Defendant. | CASE NO. 3:20-cv-06754-WHA<br>Related to CASE NO. 3:21-cv-07559-WHA<br><br>**GOOGLE LLC'S OPPOSITION TO SONOS, INC.'S MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS PURSUANT TO PATENT L.R. 3-6**<br><br>Date:　　　April 14, 2022<br>Time:　　　8:00 a.m.<br>Location:　Courtroom 12, 9th Floor<br>Judge:　　　Hon. William Alsup |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ............................................................................................................. 1

II. STATEMENT OF ISSUES TO BE DECIDED ................................................................ 3

III. STATEMENT OF FACTS ................................................................................................ 4

 A. Sonos Receives Google Source Code And Technical Documents And Serves Five Sets Of Infringement Contentions In The Western District of Texas ..................................................................................................................... 4

 B. Following Transfer, Sonos Is Ordered By The Court To Disclose Its Theories For The "Local Playback Queue" Limitation ............................................ 4

 C. The Parties Exchange Their Claim Construction Disclosures ................................ 5

 D. Sonos's Serial Motions for Leave to Amend and Proposed Amendments (Dkt. 128) ................................................................................................................ 6

 E. The Upcoming Patent Showdown .......................................................................... 7

IV. LEGAL STANDARD ....................................................................................................... 7

V. ARGUMENT ..................................................................................................................... 8

 A. The Court Should Deny Sonos's Motion For Leave To Amend Because Sonos's Additional New Theories Should Have Been Disclosed In Its Patent Local Rule 3-1 Disclosures And Are Not "Back-Up" Theories .................... 9

 B. Google Would Be Unduly Prejudiced By Sonos's Late Amendment .................... 11

 1. Google Will Be Unable to Respond to Sonos's New Theories Before the Patent Showdown Briefing Deadline ..................................................... 11

 2. Google Based Its Claim And Term Selections on Sonos's Original Infringement Theories ................................................................................. 12

VI. CONCLUSION ................................................................................................................ 14

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Advanced Micro Devices, Inc. v. LG Elecs., Inc.*,
    No. 14-CV-01012-SI, 2017 WL 2774339 (N.D. Cal. June 26, 2017) ................................ 13

*Apple Inc. v. Samsung Elecs. Co.*,
    No. 12-CV-0630-LHK PSG, 2013 WL 3246094 (N.D. Cal. June 25, 2013) ................. 2, 10

*CyWee Grp. Ltd v. Apple Inc.*, No. 14CV01853HSGHRL,
    2016 WL 7230865 (N.D. Cal. Dec. 14, 2016) ................................................................... 12

*Fluidigm Corp. v. IONpath Inc.*,
    No. C 19-05639 WHA, 2020 WL 5073938 (N.D. Cal. Aug. 25, 2020) ...................... passim

*Fujifilm Corp. v. Motorola Mobility LLC*,
    No. 12-CV-03587-WHO, 2015 WL 757575 (N.D. Cal. Feb. 20, 2015) ............................ 10

*Karl Storz Endoscopy–America, Inc. v. Stryker Corp.*,
    No. 09–cv–00355, 2011 WL 5574807 (N.D. Cal. Nov. 16, 2011) ................................ 8, 13

*LG Electronics Inc. v. Q–Lity Computer Inc.*,
    211 F.R.D. 360 (N.D. Cal. 2002) ........................................................................................ 7

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
    467 F.3d 1355 (Fed. Cir. 2006) .......................................................................................... 8

*Radware, Ltd. v. A10 Networks, Inc.*,
    No. C-13-02021, 2014 WL 3725255 (N.D. Cal. July 28, 2014) ......................................... 8

*Richtek Tech. Corp. v. uPI Semiconductor Corp.*,
    No. C 09-05659 WHA, 2016 WL 3136896 (N.D. Cal. 2016) ..................................... 11, 12

*Sunpower Corp. Systems v. Sunlink Corp.*,
    No. C-08-2807 SBA (EMC), 2009 WL 1657987 (N.D. Cal. June 12, 2009) .................... 11

*Tech. Props. Ltd. v. Canon, Inc.*,
    No. 14-cv-03640-CW, 2016 WL 1360756 (N.D. Cal. Apr. 6, 2016) .................................. 8

*Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*,
    236 F. Supp. 3d 1110 (N.D. Cal. 2017) ............................................................... 3, 7, 8, 13

## I. INTRODUCTION

Sonos's second motion to amend its infringement contentions threatens to derail this Court's patent showdown procedure. Sonos is once again moving to reshape its infringement theories, but this time its motion comes so late that Google will not know which infringement theories Sonos may present until the same day that Google's summary judgment motions are due. This is now the *ninth* iteration of Sonos's infringement contentions, which have successively expanded this case and the claims beyond any recognition. Although Google clearly presented its non-infringement positions in its amended declaratory judgment complaint and provided its source code and technical documents over a year ago, Sonos continues to manufacture new infringement arguments up to the eve of the patent showdown. Rather than follow the Court's showdown procedure, which is structured to narrow the issues in dispute, Sonos's continual expansion and modification of its infringement theories both frustrates that process and prejudices Google. Google has been diligently preparing for the upcoming deadlines in good faith, yet Sonos's serial amendments threaten to render the showdown procedure unworkable.

Claim 13 of the '615 patent requires, among other things, that a playback device store a "local playback queue." Sonos's proposed amendments include new infringement theories regarding this term, but Sonos has long known that Google's accused products use a "cloud queue" (not a local queue) such that tracks are retrieved from the cloud one at a time for playback—a non-infringement theory Google disclosed over a year ago. Dkt. 41 (Google's First Amended Complaint) ¶ 25 (Google's products "do not include the claimed transfer or addition to a 'local payback queue on the particular playback device'… Instead, the alleged playback device [] requests each song one-by-one to play back.")

Unable to identify any "local playback queue" in Google's products, Sonos initially simply parroted the claim language—reciting the phrase "local playback queue" over and over in its infringement contentions without specifically identifying what within the accused instrumentalities constitutes the "local playback queue." After Google moved to compel and the Court granted Google's motion, Sonos belatedly served supplemental infringement contentions identifying three separate theories for the "local playback queue" term on January 20, 2022. Not content with only

those three, Sonos filed a first motion for leave to amend its infringement contentions (Dkt. 128), which is currently pending, and then this second motion for leave to amend. Sonos now seeks to add even *more* infringement theories for the "local playback queue" limitation, including multiple new theories under the Doctrine of Equivalents.

Sonos fails to establish good cause to add new infringement theories at the eleventh hour. To justify further additions, Sonos claims that the new theories are "backup" contentions made in response to Google's proposed construction for "playback queue" that are permitted by the Case Management Order (Dkt. 67) and this Court's holding in *Fluidigm Corp. v. IONpath Inc.*, No. C 19-05639 WHA, 2020 WL 5073938 (N.D. Cal. Aug. 25, 2020). But Sonos's characterization of its proposed amendments as "backup" theories is misleading. Sonos has provided no explanation, much less good cause, as to why it could not have provided these additional theories earlier. As noted above, Google disclosed that the accused products lacked a "local playback queue" in its amended complaint on December 20, 2020, and Sonos has had access to Google's source code and technical documents **since March 5, 2021**. Sonos has plagued Google with *eight* sets of amended contentions since then, many of which contravene the spirit of this District's Patent Local Rules. Neither this Court's Case Management Order nor its decision in *Fluidigm* permits Sonos to hold back infringement theories it was aware of until after claim construction positions are exchanged. As the Court stated in *Fluidigm*, "under the current [Patent Local Rules], 'parties should proffer *all* of the theories of infringement [or invalidity] that they in good faith believe *they can assert*.'" 2020 WL 5073938, at *4 (citing *Apple Inc. v. Samsung Elecs. Co.*, No. 12-CV-0630-LHK PSG, 2013 WL 3246094, at *3 (N.D. Cal. June 25, 2013) (emphasis in the original)).

Even if Sonos could show that it has been diligent (it cannot), Sonos's attempt to keep adding multiple new theories (on top of the ones its previous motion improperly sought to introduce) should independently be denied because it is exceedingly prejudicial to Google, given that the proposed amendments relate to the claim Google selected on November 11, 2021 for the upcoming patent showdown. Opening summary judgment briefs are due just one month from now and on the *day of* the hearing on Sonos's current motion. Sonos is essentially demanding that Google prepare a 25-page summary judgment brief even though it will not know the scope of Sonos's infringement

contentions until (at earliest) the day that brief is due.  This is clearly untenable and nothing short of trial by ambush.

Google selected claim 13 of the '615 patent for the patent showdown last November based on the infringement contentions Sonos had disclosed then.  As this Court explained in *Fluidigm*, "[o]ur patent local rules 'require parties to crystallize their theories of the case early in the litigation *and to adhere to those theories once they have been disclosed*.'"  *Fluidigm*, 2020 WL 5073938, at *3 (emphasis added).  Sonos's "'shifting sands' approach" is precisely what the Patent Local Rules were designed to prevent.  *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 236 F. Supp. 3d 1110, 1113 (N.D. Cal. 2017).  Requiring Google to defend against new theories disclosed on the eve of a fast-approaching patent showdown would be highly prejudicial in any case, but is especially prejudicial here where Sonos's recent damages disclosure claims that it is entitled to up to a ▬ reasonable royalty for the asserted cloud queue patents (which includes the '615 patent). Dkt. 140-4 at 26.

Sonos has failed to take seriously its obligations to disclose all infringement theories early in the case and continues to make requests to amend even as the parties stand on the doorstep of the patent showdown.  Because Sonos fails to plausibly provide "good cause" for disclosing its proposed amendments at this late stage, and taking into account the substantial prejudice they would cause Google, Sonos's motion should be denied.

## II. STATEMENT OF ISSUES TO BE DECIDED

Whether good cause exists under Patent Local Rule 3-6 for Sonos to amend its infringement contentions (yet again) as to the '615 patent where the proposed amendments should already have been disclosed pursuant to Patent Local Rule 3-1 and/or in connection with Sonos's previous motion to amend its contentions (Dkt. 128), the current motion to amend will not be resolved before the patent showdown summary judgment deadline, Sonos has failed to act diligently, and Google will be severely prejudiced by Sonos's ever-shifting infringement contentions.

## III.   STATEMENT OF FACTS

### A.   Sonos Receives Google Source Code And Technical Documents And Serves Five Sets Of Infringement Contentions In The Western District of Texas

On September 29, 2020, Sonos filed its original complaint against Google in the Western District of Texas. Dkt. 1. In accordance with Judge Albright's Order Governing Proceedings, Sonos served its preliminary infringement contentions on December 11, 2020. Dkt. 142-1 ¶ 2.

On that same day, over 15 months ago, Google informed Sonos that its accused products use a playback queue that is stored in the cloud—not a "local playback queue" stored on the "playback device," as required by Claim 13 of the '615 patent. *See* Dkt. 41 (Google's First Amended Complaint) ¶ 25 (filed December 11, 2020) (Google's products "do not include the claimed transfer or addition to a "local payback queue on the particular playback device… Instead, the alleged playback device [] requests each song one-by-one to play back" and "consequently also do[es] not perform any of the recited steps in connection with the local playback queue.").

Sonos thereafter amended its contentions four more times. On January 8, 2021, Sonos served its first supplemental preliminary infringement contentions. Dkt. 142-1 ¶ 3. On June 5, 2021—exactly three months after Google produced its technical documentation and source code—Sonos served second supplemental preliminary infringement contentions. *Id.* ¶ 5. On July 14, 2021, Sonos served its third supplemental infringement contentions. And on September 10, 2021, Sonos served its "final" infringement contentions. *Id.* For the '615 patent, which requires a "local playback queue on the particular playback device," Sonos's contentions merely parroted the claim language—reciting that Google's accused products store a "local playback queue" on the playback device—without identifying what Sonos was accusing of being a "local playback queue."

### B.   Following Transfer, Sonos Is Ordered By The Court To Disclose Its Theories For The "Local Playback Queue" Limitation

On October 21, 2021, after this case was transferred to the Northern District of California, Sonos served another set of infringement contentions (its sixth set overall) pursuant to this District's Patent Local Rule 3-1. *Id.* ¶ 6. Google wrote Sonos a letter two weeks later, on November 3, 2021, identifying deficiencies in Sonos's infringement contentions, including, among other things, Sonos's failure to specifically identify its theory of what in the accused products satisfied the "local

playback queue" limitation. Dkt. 86-3 at 4. Because Sonos initially refused to cure the deficiencies identified in Google's letter, Google was forced to file a letter for discovery relief on December 17, 2021. *See* Dkt. 87. After a short hearing, the Court ordered Sonos to serve supplemental contentions that "beef[] up" its contentions" and "do a good job" clarifying its infringement theories for how the "local playback queue limitation is met. Dkt. 142-3 at 13:10-13.

On January 20, 2022, Sonos served its Court-ordered supplemental contentions. Dkt. 142-1 ¶ 9. With no "local playback queue" to point to, Sonos had to resort to proposing three alternative theories for how Google's accused products allegedly meet the "local playback queue" limitation:



Ex. 1 at 40.

### C. The Parties Exchange Their Claim Construction Disclosures

On January 10, 2022, pursuant to Patent Local Rule 4-2, the parties simultaneously exchanged their proposed preliminary constructions. Dkt. 142-1 ¶ 8. Google proposed that the term "local playback queue on the particular playback device" be construed as "a data structure stored within the particular playback device that maintains an ordered list of two or more multimedia items for playback in the listed order." Ex. 2 at 11. Sonos, in contrast, proposed that the term should be given its "[p]lain and ordinary meaning," without explaining what that plain meaning was or how it was different from Google's proposed construction. Ex. 3 at 7.

The parties subsequently met and conferred "for the purposes of narrowing the issues and finalizing preparation of a Joint Claim Construction and Prehearing Statement" in accordance with

Patent Local Rule 4-2(c). Declaration of Nima Hefazi ("Hefazi Decl.") ¶ 2. In furtherance of "narrowing the issues" as prescribed by the Patent Local Rules, Google provided a draft chart to Sonos that narrowed the term "local playback queue on a particular playback device" to "playback queue" on February 3, 2022. *Id.* ¶ 3. Given that the parties agreed that the Court no longer needed to construe "on a particular playback device," Google provided a proposed construction of "playback queue" consisting of "an ordered list of multimedia items that is selected by the user for playback," such that the data structure within the particular playback device that stores the "playback queue" would be the "local playback queue on the particular playback device." Dkt. 126 at 12. Pursuant to Patent Local Rule 4-3, the parties filed their Joint Claim Construction and Prehearing Statement on February 4, 2022. *See id*.

**D.     Sonos's Serial Motions for Leave to Amend and Proposed Amendments (Dkt. 128)**

Although the Court already ordered Sonos to provide fulsome contentions for the "local playback queue" limitation—and despite being aware that for over a year that Google contends its products do not include a "local playback queue" (*see supra* Section III.A)—Sonos still withheld certain theories of infringement from its Court-ordered supplemental disclosure on January 20, 2022.

In fact, just one month ago, on February 7, 2022, Sonos moved to amend its Court-ordered supplemental contentions (which had been due January 20, 2022) to add additional theories for the "local playback queue" limitation, including multiple new theories under the Doctrine of Equivalents. Dkt. 128 at 3 (describing theories). Even while that motion remains pending (a hearing is scheduled for March 24, 2022) Sonos filed this additional motion to amend which seeks to add even more theories for how the "local playback queue" limitation is met.

Sonos's further amendments once again vastly expand the issues in the case. For the "local playback queue" limitation, Sonos's amendment spans fourteen pages and adds numerous additional theories, for instance:

1. a new theory of how "█████████████████████████████████████ ████████████" allegedly infringe under the Doctrine of Equivalents (Dkt. 151-2 at 47-48);

1    2. various theories alleging that YouTube's ████████████████

2    ████████████████████████████████████████████████████████████

3    ████████████████ may literally infringe the "local playback queue" limitation" (*id*. at 48-51)

4    3. a theory that YouTube's AutoPlay functionality may be a "local playback queue" under

5    the Doctrine of Equivalents (*id*. at 51-52);

6    4. a new theory that alleges the "local playback queue" limitation is met either literally or

7    under the Doctrine of Equivalents where the same user ████████████████████████████

8    ████████████████████████████ (*id*. at 53-58).

9    None of these new theories rely upon new source code or technical documents. Indeed,

10   Sonos has had access to Google's source code and technical documents ***since March 5, 2021***.

11   **E.    The Upcoming Patent Showdown**

12   Pursuant to this Court's order regarding the patent showdown, the parties each selected one

13   claim for the showdown on November 11, 2021. Dkt. 68 ¶ 1. Google selected claim 13 of the '615

14   patent. *See* Dkt. 87 at 3. Opening summary judgment briefs are due on April 14, 2022 for the patent

15   showdown—only three weeks before the hearing on Sonos's previous motion to amend its

16   infringement contentions, and the day of the hearing on Sonos's instant Motion. *See* Dkt. 68 ¶ 4.

17   **IV.    LEGAL STANDARD**

18   The Patent Local Rules "require parties to crystallize their theories of the case early in the

19   litigation and to adhere to those theories once they have been disclosed." *Fluidigm*, 2020 WL

20   5073938, at *4 (citing *LG Electronics Inc. v. Q–Lity Computer Inc.,* 211 F.R.D. 360 (N.D. Cal.

21   2002)). The rules "replaced the bone-crushing burden of scrutinizing and investigating discovery

22   responses with the parties' infringement and invalidity contentions. And, just as important, the rules

23   'requir[ed] both the plaintiff and the defendant in patent cases to provide early notice of their

24   infringement and invalidity contentions.'" *Id*.

25   Pursuant to Patent Local Rule 3-6, a plaintiff may only amend its infringement contentions

26   "by order of the Court upon a timely showing of good cause." To prevent the "vexatious shuffling

27   of positions," courts subject motions to amend infringement contentions to a higher level of scrutiny

28   than similar motions to amend pleadings. *See Verinata Health, Inc.*, 236 F. Supp. 3d 1113 ("In

contrast to the more liberal policy for amending pleadings, the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the 'shifting sands' approach to claim construction.") (cleaned up).  Examples of circumstances that may support a finding of good cause include (a) a claim construction by the Court different from that proposed by the moving party, (b) recent discovery of material, prior art despite earlier diligent search, and (c) recent discovery of nonpublic information about the accused instrumentalities that was not discovered before the service of infringement contentions despite diligent efforts.  P.L.R. 3-6(a)-(c).

A good cause inquiry "considers first whether the moving party was diligent in amending its contentions and then whether the nonmoving party would suffer prejudice if the motion to amend were granted."  *Radware, Ltd. v. A10 Networks, Inc.*, No. C-13-02021, 2014 WL 3725255, at *1 (N.D. Cal. July 28, 2014) (internal quotations omitted).  "The burden is on the movant to establish diligence rather than on the opposing party to establish lack of diligence."  *Karl Storz Endoscopy–America, Inc. v. Stryker Corp.,* No. 09–cv–00355, 2011 WL 5574807, at *1 (N.D. Cal. Nov. 16, 2011) (citing *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006)).

When determining whether a party was diligent, "the critical question is whether the party could have discovered the new information earlier had it acted with requisite diligence."  *Radware*, 2014 WL 3725255, at *1; *see also Fluidigm*, 2020 WL 5073938, at *4.  Additionally, the court may deny a motion for leave to amend infringement contentions if it would cause 'undue prejudice to the non-moving party.'"  *Tech. Props. Ltd. v. Canon, Inc.*, No. 14-cv-03640-CW, 2016 WL 1360756, at *2 (N.D. Cal. Apr. 6, 2016) (quoting Patent L.R. 3-6).  "Prejudice is typically found when amending contentions stand to disrupt the case schedule or other court orders."  *Verinata Health, Inc.*, 236 F. Supp. 3d at 1113 (internal quotations and citation omitted).

## V.      ARGUMENT

The Court should deny Sonos's motion for leave for two reasons.  *First*, Sonos was not diligent.  Sonos should have disclosed all its theories for how the "local playback queue" is satisfied in its original Patent Local Rule 3-1 infringement contentions, or at the very least, when Sonos served its Court-ordered infringement contentions on January 20, 2022.  *Second*, permitting Sonos

to introduce new theories at this point would severely prejudice Google as Google will not have any reasonable opportunity to address Sonos's belated infringement theories given Sonos's delays.

### A. The Court Should Deny Sonos's Motion For Leave To Amend Because Sonos's Additional New Theories Should Have Been Disclosed In Its Patent Local Rule 3-1 Disclosures And Are Not "Back-Up" Theories

In deciding whether there is good cause for leave to amend, "*the critical question* is whether the party could have discovered the new information earlier had it acted with the requisite diligence." *Fluidigm*, 2020 WL 5073938, at *4 (emphasis added). In this case, the answer to this "critical question" is a resounding yes. Sonos cannot point to any new materials or information on which its proposed theories are based, as they are premised on the same source code and documents that Google made available to Sonos on March 5, 2021. Indeed, Sonos has had innumerable opportunities to disclose these further proposed amendments, including while this case was still pending in the Western District of Texas, when the parties exchanged further claim construction disclosures in this District, and when the Court previously ordered Sonos to provide supplemental contentions for the exact limitation at issue now.

Sonos's reference to Google's proposed construction of "playback queue" as justification for its amendment is a red herring and should be disregarded. Sonos has been on notice since ***December 2020*** (when Google filed its First Amended Complaint) of Google's contention that it uses a queue stored in the ***cloud***—not a "local playback queue" stored on the "playback device." *See* Dkt. 41 ¶ 25 (Google's products "do not include the claimed transfer or addition to a "local payback queue on the particular playback device… Instead, the alleged playback device [] requests each song one-by-one to play back" and "consequently also do[es] not perform any of the recited steps in connection with the local playback queue."). Sonos was well-aware that Google would dispute Sonos's contentions that the accused products store a "playback queue" locally on the playback device, and fails to identify any reason why it could not have disclosed all its new theories for the "local playback queue" limitation earlier. While Sonos may now realize that its current theories are unsustainable, that is not a basis for permitting amendment. As another Court in this district held, "[n]othing in [the Patent Local Rules] . . . suggests that infringement contentions are intended to be a running dialogue between the parties, with additions of theories as one side asserts that a particular

argument is unsustainable." *Apple*, 2013 WL 3246094, *2. On the contrary, the Patent Local Rules obligate a plaintiff to "proffer *all* of the theories of infringement . . . that they in good faith believe *they can assert*" in their original infringement contentions. *Fluidigm*, 2020 WL 5073938, at *4 (citing *Apple*, 2013 WL 3246094, at *3) (emphasis in original).

This Court's holding in *Fujifilm Corp. v. Motorola Mobility LLC*, No. 12-CV-03587-WHO, 2015 WL 757575 (N.D. Cal. Feb. 20, 2015) is instructive. Fujifilm asserted that it had been diligent because it sought leave to amend after it realized for the "first time . . . that Motorola's noninfringement positions would potentially require Fujifilm to rely on the doctrine of equivalents." *Fujifilm Corp.*, 2015 WL 757575, at *7. This Court rejected this argument, holding that Fujifilm failed to show it could not have disclosed the proposed amendments earlier since "[t]he theories are based on the same structures in the same products that Fujifilm has for months asserted literally infringe" with the only difference being "that Fujifilm now contends that these structures, in addition to literally infringing, possess insubstantial differences with the disputed claim limitations and/or perform substantially the same function in substantially the same way to obtain substantially the same result." *Id.* at *8. As in *Fujifilm*, Sonos "offers no explanation of why [its proposed] theories could not have been reasonably asserted at the beginning of this case," and its reliance on Google's construction positions "does not establish good cause for amendment." *Id.*

Sonos's reliance on the Case Management Order's allowance for disclosure of "back-up contentions" is also misplaced. *See* Dkt. 67 ¶¶ 17-18 (referencing *Fluidigm Corp.*, 2020 WL 5073938). The Case Management Order does ***not*** permit a party to hold back infringement theories that should have been disclosed in a Patent Local Rules 3-1 contentions, and then spring them on a defendant under the guise of being "backup contentions" months later on the day of the patent showdown. Indeed, *Fluidigm* is entirely consistent with cases holding that a party must show that its amendments are based on "new information" that it could not have previously discovered had it acted with the requisite diligence. There, the plaintiff served new infringement theories in its expert report and attempted to justify their untimeliness by arguing that they were "back-up theories" in response to ***unexpected*** means-plus-function claim construction positions from the defendant. *Fluidigm Corp.*, No. C 19-05639 WHA, Dkt. 120 at 13-14. Referencing the "purpose

of our patent local rules" to "crystalize . . . theories of the case early in the litigation and . . . adhere to those theories once they have been disclosed," the Court held that plaintiffs had "28 days *at the latest*" to serve "back-up contentions." *Fluidigm Corp.*, 2020 WL 5073938, at *3-4 (emphasis added). Thus, *Fluidigm* makes clear that "back-up contentions" are those that a plaintiff serves in response to claim construction positions the party could not have anticipated. Additionally, unlike here, the patent showdown in *Fluidigm* had to be delayed for a month for unrelated reasons anyway, such that this Court found the prejudice was mitigated because the defendant would have time to respond to the new theories. *Id.* at *5. Google will not have such an opportunity.

By contrast, here, Sonos's new contentions are not borne out of "unexpected" claim construction proposals from Google. *Sunpower Corp. Systems v. Sunlink Corp.*, No. C-08-2807 SBA (EMC), 2009 WL 1657987, *1 (N.D. Cal. June 12, 2009) (denying leave to amend after claim construction ordered was entered because "[t]he risk of the construction rendered by the presiding judge was well known and anticipated by Defendant."); *cf. Richtek Tech. Corp. v. uPI Semiconductor Corp.*, No. C 09-05659 WHA, 2016 WL 3136896, *1-2 (N.D. Cal. 2016) ("Patent Local Rule 3-6 expressly acknowledges that an ***unexpected*** claim construction ruling may, absent undue prejudice, support a finding of good cause.") (emphasis added) (Alsup, J.). As discussed, Sonos has been well aware of Google's position regarding the "local playback queue" for 15 months.

Allowing Sonos to serve new infringement theories under the guise of "backup" contentions would promote gamesmanship by allowing plaintiffs to sandbag defendants and switch theories after claim construction. Sonos's lack of diligence should end the inquiry.

**B.     Google Would Be Unduly Prejudiced By Sonos's Late Amendment**

Sonos's request should also be denied on the independent ground that its proposed amendments would unduly prejudice Google in several respects.

**1.     Google Will Be Unable to Respond to Sonos's New Theories Before the Patent Showdown Briefing Deadline**

Allowing Sonos to add multiple new infringement theories for Google's selected claim at the same time the patent showdown begins—on top of those it already seeks to add from its previous

pending motion to amend (Dkt. 128)—would severely and unfairly impact Google's ability to prepare for the showdown. *See* Dkt. 68 ¶ 1. Critically, Google would be deprived of any opportunity to respond to Sonos's baseless new theories given that the hearing for this Motion is scheduled for April 14, 2022—the ***same day*** that opening summary judgment briefing for the showdown is due. Sonos once again misleadingly contends that Google will have "sufficient time to respond" to Sonos's new contentions, neglecting to mention that it is a virtual certainty Sonos's motion to amend will not be resolved before Google must submit its summary judgment brief. Mot. at 3. The patent showdown has already been proceeding on an expedited schedule, and introducing new theories that substantially broaden the case with just one month to go is highly prejudicial to Google. That is especially true here where Sonos has claimed in its damages disclosures that it is entitled to a reasonable royalty of ████████ for its '615 and '033 patents. *See* Dkt. 140-4.

Google will be unable to develop new defenses and invalidity theories before the first major patent showdown filing deadline, and will not even know whether Sonos's additional proposed amendments are at play until one-and-a-half months before the summary judgment hearing and a potential trial on the selected claims "prompt[ly]" thereafter. Dkt. 68 ¶ 9; *see CyWee Grp. Ltd v. Apple Inc.*, No. 14CV01853HSGHRL, 2016 WL 7230865, at *3 (N.D. Cal. Dec. 14, 2016) (finding prejudice where "[f]act discovery closes two weeks after the date of the hearing on th[e] motion to amend, and trial is set to occur in [eight months]"); *Richtek Tech. Corp. v. uPi Semiconductor Corp.*, No. C 09-05659 WHA, 2016 WL 1718135, at *3 (N.D. Cal., Apr. 29, 2016) (denying leave to amend infringement contentions because with eight months until trial, "it is time for the case to narrow, not expand").

Thus, regardless of whether Sonos has been diligent, permitting Sonos to add multiple new theories on the day the showdown begins would be manifestly and unfeasibly prejudicial. In addition to the various other reasons discussed in this opposition (*see supra* Section V.A *and infra* V.B.2), Sonos's request to amend should be denied for this reason alone.

### 2. Google Based Its Claim And Term Selections on Sonos's Original Infringement Theories

Permitting Sonos's amendments would allow Sonos to game the Court's showdown

procedure and unfairly capitalize on the "shifting sands" approach to claim construction that the Patent Local Rules were precisely "designed to prevent." *Verinata Health, Inc.*, 236 F. Supp. 3d at 1113. Google selected its exemplary claim and its proposed terms for construction, according to the Court's schedule, on November 11, 2021 based on Sonos's original October 21, 2021 infringement contentions; it would be manifestly unfair to permit Sonos to now change course the day the patent showdown begins. *See Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-CV-00876-RS (JSC), 2016 WL 7386136, at *5 (N.D. Cal. Dec. 21, 2016) ("Stryker would be prejudiced here because it identified the claim terms that it wanted the district court to construe in reliance on the theories of infringement in KSEA's contentions."); *Advanced Micro Devices, Inc. v. LG Elecs., Inc.*, No. 14-CV-01012-SI, 2017 WL 2774339, at *5 (N.D. Cal. June 26, 2017) (finding proposed amendments prejudicial because LG chose its most important terms based on its understanding of plaintiff's original infringement contentions). "If [Sonos] had set forth different infringement theories (as it seeks to now), [Google] may very well have selected different terms for construction." *Karl Storz Endoscopy-Am., Inc.*, 2016 WL 7386136, at *5.

Sonos argues that Google would not be prejudiced because the Court's Case Management Order permits each party to move promptly to disclose any "back-up" contentions in response to the other side's proposed claim construction. But as discussed above, Sonos's (misleading) assertion that Google presented an "entirely new" proposed term on February 3, 2022 does not absolve the severe and certain prejudice that Google will suffer. As discussed above, Google simply narrowed the issues by agreeing with Sonos that "no construction [is] necessary" for the "on the particular playback device" portion of the claim term. *See* Dkt. 126 at 4; Hefazi Decl. ¶ 3. Given that Sonos had already contended that the entirety of the term should be given its plain and ordinary meaning, including the portion that Google has narrowed, Sonos's original infringement contentions should have already disclosed all theories consistent with that position.

Sonos has already amended and supplemented its infringement contentions many times, such that the claims have "become a moving target against which [Google] must somehow mount a coherent defense." *Advanced Micro Devices, Inc.*, 2017 WL 2774339, at *5. The Court should not

1  permit Sonos to amend for the ninth time for the very claim that Google selected for the showdown

2  on the day the showdown begins—under the guise of serving "backup contentions."

3  **VI.    CONCLUSION**

4      For the foregoing reasons, Google respectfully requests that the Court deny Sonos's request

5  to amend its infringement contentions for the '615 patent yet again.

DATED:  March 16, 2022

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:  */s/ Charles K. Verhoeven*
    Charles K. Verhoeven (Bar No. 170151)
    charlesverhoeven@quinnemanuel.com
    Melissa Baily (Bar No. 237649)
    melissabaily@quinnemanuel.com
    Lindsay Cooper (Bar No. 287125)
    lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for GOOGLE LLC*

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that, on March 16, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system and email.

DATED: March 16, 2022

By: */s/ Charles K. Verhoeven*
     Charles K. Verhoeven