UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GOOGLE LLC,

    Plaintiff,

v.

SONOS, INC.,

    Defendant.

No. C 20-06754 WHA

**ORDER GRANTING MOTIONS FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS**

Sonos has filed two motions for leave to amend its infringement contentions pursuant to Patent Local Rule 3-6 (Dkt. Nos. 128, 150). Sonos argues there is good cause for both amendments because they advance backup infringement theories contingent upon new claim constructions tendered by Google. Google opposes, and argues that Sonos's amendments are not backup contentions at all and that Sonos has provided no justification for why these contentions could not have been brought earlier. These motions are suitable for resolution on the papers. Civ. L.R. 7-6.[1]

Patent Local Rule 3-6 states: "Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause." "[T]he primary question of good cause is a party's diligence, and 'in considering the

---

[1] In light of this order's conclusion and the particular benefit of expediency here, this order was entered prior to Sonos's filing of a reply brief in support of its second motion.

party's diligence, the critical question is whether the party could have discovered the new information earlier had it acted with the requisite diligence.'" *Fluidigm Corp. v. IONpath, Inc.*, 2020 WL 5073938, at *4 (N.D. Cal. Aug. 25, 2020) (citation omitted). *Fluidigm* held: "Where a party may wish to advance backup infringement or invalidity theories contingent upon the opposition's claim construction, the clock starts ticking when the parties exchange those formal claim constructions. And, in this Court's view, twenty eight days will generally be the outside limit of a reasonable and adequate amount of time for a party to move for leave to amend its contentions." *Ibid.*

Upon review, Sonos has properly advanced backup infringement theories contingent upon Google's claim constructions.

*First*, on January 10, Google advanced constructions of the terms "resource locators" and "local playback queue on the particular playback device." Sonos filed its first motion for leave to include backup infringement theories in light of those constructions on February 7.

*Second*, on February 3, the day prior to the parties' deadline for exchanging expert reports on claim construction, Google withdrew its construction of the term "local playback queue on the particular playback device" and advanced a new construction of the term "playback queue." Sonos filed its second motion for leave to include backup infringement theories in light of this new construction on March 1. This order pauses to note that Sonos stated in its initial February 7 motion that it was investigating this further change but had not yet had adequate time to determine whether it would need to amend again to address this new construction (Dkt. No. 128 at 2 n.1).

Yes, Sonos has revised its contentions several times both in this district and in the related lawsuit when it was pending in Texas. Moreover, Sonos's January 20 amendment dealt with related issues and proceeded in parallel with the first of Sonos's motions at issue here (Hrg. Tr. 13, Dkt. No. 112). Google says Sonos should have proffered the contentions in the proposed amendments here earlier, at the latest in the January 20 amendment.

Sonos, however, brought both of its motions for leave to amend within twenty-eight days of January 10 and February 3, the dates on which Google advanced its new claim

constructions. Google had not previously advanced those specific constructions. This order finds both proposed amendments add backup infringement contentions contingent upon Google's proposed constructions. The January 20 amendment did address similar issues, but it was not directed to Google's claim constructions. It is inapposite, moreover, that the timeline for the January 20 amendment overlapped to some extent with the timeline for the February 7 motion. In sum, Sonos has good cause to amend, and both motions are **GRANTED**.

**IT IS SO ORDERED.**

Dated: March 17, 2022.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE