CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
croberts@orrick.com
BAS DE BLANK (STATE BAR NO. 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (STATE BAR NO. 260103)
acaridis@orrick.com
EVAN D. BREWER (STATE BAR NO. 304411)
ebrewer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:     +1 415 773 5700
Facsimile:      +1 415 773 5759

SEAN M. SULLIVAN (*pro hac vice*)
sullivan@ls3ip.com
COLE B. RICHTER (*pro hac vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:     +1 312 754 0002
Facsimile:      +1 312 754 0003

*Attorneys for Defendant Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>            Plaintiff,<br><br>     v.<br><br>SONOS, INC.,<br><br>            Defendant. | Case No. 3:20-cv-06754-WHA<br><br>**SONOS, INC.'S UNOPPOSED NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS PURSUANT TO PATENT L.R. 3-6**<br><br>Date: May 12, 2022<br>Time: 8:00 a.m.<br>Place: Courtroom 12, 19th Floor<br>Judge: Hon. William Alsup<br><br>Complaint Filed: September 28, 2020 |

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS:

PLEASE TAKE NOTICE that on May 12, 2022 at 8:00 a.m., or as soon thereafter as may be heard before the Honorable Judge William Alsup in Courtroom 12 on the 19th Floor of the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Sonos, Inc ("Sonos") will, and hereby does, move this Court for an order granting Sonos leave to amend its infringement contentions as to U.S. Patent Nos. 9,967,615 (the "'615 Patent") and 10,779,033 (the "'033 Patent") pursuant to Patent Local Rule 3-6. This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Geoffrey Moss ("Moss Decl."), and exhibits thereto, all documents in the Court's file, and such other written or oral evidence and argument as may be presented at or before the time this motion is heard by the Court. Google has indicated that it does not oppose this motion.

## STATEMENT OF THE RELIEF REQUESTED

Pursuant to Patent Local Rule 3-6, Sonos requests that this Court grant Sonos leave to amend its infringement contentions as to the '615 and '033 Patents.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   STATEMENT OF RELEVANT FACTS

Pursuant to Patent Local Rule 3-1, Sonos served its infringement contentions on October 21, 2021, including contentions for the '615 and '033 Patents. In those contentions, Sonos identified Google's YouTube TV and YouTube Kids apps installed on a computer device as an Accused Instrumentality for each of the '615 and '033 Patents. Since then, the parties have conducted substantial discovery.

Google did not make the source code for its YouTube TV and YouTube Kids apps apps available for inspection until February 1, 2022. Thereafter, Sonos diligently undertook an analysis of the two codebases corresponding to those apps.[1]

---

[1] Sonos undertook this analysis contemporaneous with analyzing whether to supplement its infringement contentions in view of a construction change by Google.

On March 8, 2022, Sonos notified Google of its intent to move the Court to supplement Sonos's infringement contentions in light of Google's production of source code for the YouTube TV and YouTube Kids apps. Moss Decl., Ex. A. Accompanying that email were Sonos's proposed Amended Infringement Contentions for the '615 and '033 Patents that included citations to Google's recently-produced source code, excerpted copies of which are submitted herewith as Exhibits B and C to the Moss Declaration, respectively. Google responded on March 16, 2022 that it would not oppose these supplementations. Moss Decl., Ex. D.

## II.   SONOS HAS GOOD CAUSE

Patent Local Rule 3-6 specifies that infringement contentions may be amended for "good cause." P.L.R. 3-6. The traditional two-part inquiry under Patent Local Rule 3-6 is, first, whether a party has "proceed[ed] with diligence in amending [its] contentions when new information comes to light," *O2 Micro Int'l, Inc. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006), and second, whether "a showing of undue prejudice may support denial of leave." *Life Techs. Corp. v. Biosearch Techs., Inc.*, 2012 WL1831595, at *1 (N.D. Cal. May 18, 2012). This Court, however, has broad discretion to grant leave to amend. *Tech. Licensing Corp. v. Blackmagic Design Pty Ltd.*, 2014 WL 5499511, at *2 (N.D. Cal. Oct. 30, 2014).

Sonos has proceeded with diligence. Prior to Google producing its source code for the YouTube TV and YouTube Kids apps, of course, it was impossible for Sonos to provide source code citations demonstrating how each of these apps satisfy the claim limitations of the '615 and '033 Patents. In this way, Google's production of the source code for the YouTube TV and YouTube Kids apps amounts to "[r]ecent discovery of nonpublic information about the Accused Instrumentalit[ies] which was not discovered, despite diligent efforts, before the service of the Infringement Contentions," which is an example of circumstances that the Patent Local Rules says may support a finding of good cause. P.L.R. 3-6(c).

After Google made the source code for the YouTube TV and YouTube Kids apps available for inspection, Sonos sought to conduct review of this source code and then conducted that review for sixteen (16) days between February 1st and March 8th. Moss Decl. ¶ 3. After conducting the review of the two different codebases, Sonos promptly supplemented its

infringement contention charts for each of the '615 and '033 Patents.  *See* Moss Decl., Exs. B and C.

On March 8, 2022, Sonos notified Google of its intent to amend its infringement contentions in light of Google's production of the source code for the YouTube TV and YouTube Kids apps.  Moss Decl., Ex. A.  Sonos provided this notice within 35 days of Google making the source code available for inspection.  Not only was Sonos analyzing the two different codebases for the YouTube TV and YouTube Kids apps, but it was also analyzing and supplementing its infringement contentions in view of claim constructions offered by Google the day before the parties' Patent Local Rule 4-3 joint submission and exchange of expert reports on claim construction were due.  Thus, Sonos was diligent in seeking to supplement its infringement contentions in light of Google's source code for the YouTube TV and YouTube Kids apps. *See, e.g.*, *Radware, Ltd v. A10 Networks, Inc.*, No. C13-02021, 2014 WL 1350230, at *3 (N.D. Cal. Apr. 4, 2014) (finding plaintiff "exhibited the requisite diligence in amending its infringement contentions" where plaintiff served amended contentions on one defendant 83 days after source code was made available for inspection and on another defendant 78 days after source code was made available for inspection); *Linex Techs., Inc. v. Hewlett-Packard Co.*, No. C 13-159 CW, 2013 WL 5955548, at *2 (N.D. Cal. Nov. 6, 2013) (explaining that "Courts typically grant leave to amend infringement contentions after a patentee has been given the opportunity to inspect relevant source code" and finding "diligence sufficient to meet the good cause standard" where plaintiff served amended contentions 32 days after source code was made available for inspection).

<u>Google would not suffer prejudice from the proposed amendment</u>.  Google would not be prejudiced if the Court grants the present motion.  The amendments here only add citations to the recently-produced source code.

Of course, Google is keenly aware of how its YouTube TV and YouTube Kids apps function, and so, Google ostensibly has been developing non-infringement positions for these apps long before Google made the source code available.  Thus, there is no prejudice to Google if

the Court allows Sonos to amend its infringement contentions to identify source code that Google was already aware of.

Even if there was any prejudice to Google, it would be entirely of Google's own making. In this respect, Sonos first requested that Google produce the source code for the YouTube TV app on September 23, 2021, almost a month before Sonos served its infringement contentions pursuant to Patent Local Rule 3-1.  Moss Decl., Ex. E at 10.  Then, on October 21, 2021, Sonos provided its infringement contentions pursuant to Patent Local Rule 3-1 including allegations against Google's YouTube TV and YouTube Kids apps for the '615 and '033 Patents.  After repeated, meet and conferrals and follow ups, Sonos wrote to Google requesting the YouTube Kids app source code on December 29, 2021.  Moss Decl., Ex. F at 1, 3, 5.  Google did not to make the source code for the YouTube TV and YouTube Kids apps available for Sonos to inspect until February 1, 2022.

### III. CONCLUSION

For at least the foregoing reasons, Sonos respectfully requests the Court to grant Sonos leave to amend its infringement contentions.

Dated:  March 18, 2022

ORRICK HERRINGTON & SUTCLIFFE LLP
*and*
LEE SULLIVAN SHEA & SMITH LLP

By: */s/ Cole B. Richter*
Cole B. Richter (admitted *pro hac*)

*Attorneys for Sonos, Inc.*