QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
Lindsay Cooper (Bar No. 287125)
lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:     (415) 875-6700

*Attorneys for GOOGLE LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>　　　　　Plaintiff,<br><br>　　　vs.<br><br>SONOS, INC.,<br><br>　　　　　Defendant. | CASE NO. 3:20-cv-06754-WHA<br>Related to CASE NO. 3:21-cv-07559-WHA<br><br>**DECLARATION OF JOCELYN MA IN SUPPORT OF SONOS, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. NO. 158)** |

I, Jocelyn Ma, declare and state as follows:

1. I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate at Quinn Emanuel Urquhart & Sullivan LLP representing Google LLC ("Google") in this matter. I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters

2. I make this declaration in support of Sonos, Inc.'s ("Sonos") Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("Administrative Motion") (Dkt. No. 158) filed in connection with Sonos's Motion for Leave to File an Amended Answer ("Motion to Amend") (Dkt. No. 157). If called as a witness, I could and would testify competently to the information contained herein.

3. Google seeks an order sealing the materials as listed below:

| Document | Portions Google Seeks to Be Filed Under Seal | Designating Party |
|---|---|---|
| Exhibit 1 to the Declaration of Cole B. Richter in Support of Sonos's Motion to Amend ("Exhibit 1") | Portions highlighted in green | Google |

4. I understand that the Court applies a "compelling reasons" standard to a sealing request made in connection with an answer to a complaint. *See, e.g.*, *VLSI Tech. LLC v. Intel Corp.*, No. 17-CV-05671-BLF, 2021 WL 6063965, at *1 (N.D. Cal. Dec. 22, 2021); *Delfino Green & Green v. Workers Compensation Sols.*, *LLC*, No. 15-CV-02302-HSG, 2015 WL 4235356, at *2 (N.D. Cal. July 13, 2015).

5. The portions of Exhibit 1 highlighted in green on pages 13 and 14 contain references to Google's confidential business information and trade secrets, including details regarding the architecture, technical operation, and work flow strategies and processes of Google's products. The specifics of how these functionalities operate and were developed is confidential information that Google does not share publicly. Thus, I understand that the public disclosure of such information could lead to competitive harm to Google as competitors could use these details regarding the architecture and functionality of Google's products to gain a competitive advantage in the marketplace with respect to their competing products. A less restrictive alternative than sealing would not be

sufficient because the information sought to be sealed is Google's confidential business information and trade secrets but has been utilized by Sonos in support of Sonos's Motion to Amend.

6. The portions of Exhibit 1 highlighted in green on pages 16, 19, 20, 21, and 31 also contain confidential information regarding the terms of business agreements and licensing negotiations that are not public. I understand that public disclosure of this information would harm Google's competitive standing and its ability to negotiate future agreements by giving competitors access to Google's highly confidential business thinking and asymmetrical information about Google's collaboration strategies to other entities. A less restrictive alternative than sealing the highlighted portions would not be sufficient because the information sought to be sealed is Google's proprietary and confidential business information but has been utilized by Sonos in support of Sonos's Motion to Amend.

I declare under penalty of perjury under the laws of the United States of America that to the best of my knowledge the foregoing is true and correct. Executed on March 20, 2022, in San Francisco, California.

DATED: March 20, 2022

By: */s/ Jocelyn Ma*
    Jocelyn Ma