# EXHIBIT 18
# (Excerpted)

14/628,952                                                                                                11-1001-CON0115

**UNITED STATES PATENT AND TRADEMARK OFFICE**
Docket No.: 11-1001-CON0115

| | |
|---|---|
| In the Application of: ) | |
| ) | |
| Coburn et al. ) | Examiner: Montoya |
| ) | |
| Ser. No.: 14/628,952 ) | Art Unit: 2421 |
| Filed: February 23, 2015 ) | |
| ) | Conf. No.: 6897 |
| Patent No.: 9,967,615 ) | |
| Issued: May 8, 2018 ) | |
| ) | |
| Title: Networked Music Playback ) | |

Commissioner for Patents
Office of Data Management Attention: Certificates of Correction Branch
P.O. Box 1450
Alexandria, Virginia 22313-1450

**REQUEST FOR CERTIFICATE OF CORRECTION**
**PURSUANT TO 35 U.S.C. § 255 AND 37 C.F.R. § 1.323**

This is a request for issuance of a Certificate of Correction for U.S. Patent No. 9,967,615 ("the '615 patent"), which was issued on May 8, 2018.

Pursuant to 35 U.S.C. § 255 and 37 C.F.R. § 1.323, Sonos, Inc., Assignee of Record (Reel/Frame 035576 / 0640), seeks to correct a good-faith mistake of a clerical and/or typographical nature in the '615 patent where a drafting error during prosecution resulted in dependent claims 3, 15, and 26 issuing with an extraneous word (i.e., "particular") erroneously appearing in the term "media particular playback system." Dependent claims 3, 15, and 26 should recite "media playback system" rather than "media particular playback system."

Accordingly, Assignee seeks to make the following corrections:

In claim 3, at column 18, line 34, please delete "a media particular playback system" and replace it with -- a media playback system --

1

In claim 15, at column 20, line 50, please delete "a media particular playback system" and replace it with -- a media playback system --

In claim 26, at column 22, line 63, please delete "a media particular playback system" and replace it with -- a media playback system --

These errors are correctable via a Certificate of Correction because (i) the errors are of a clerical or typographical nature, or of minor character, resulted from an error made in good faith by Assignee during prosecution, and (ii) correcting the errors would not constitute new matter or require re-examination. 35 U.S.C. § 255; 37 C.F.R. § 1.323.

First, the error (the addition of the extraneous "particular") is minor and appears to have resulted from a clerical find-and-replace mistake made during prosecution where attempting to change "playback device" to "particular playback device" inadvertently resulted in adding "particular" into "media playback system," thereby causing the claims to erroneously recite "media particular playback system" rather than "media playback system." Ex. A: U.S. App. 14/628,952, Response to Non-Final Office Action Mailed July 25, 2016, filed on October 25, 2016, pp. 3, 7, and 20 (containing amendments to claims 3, 12, and 20 as claims 3, 15, and 26 were then numbered).  Second, the requested correction would not constitute new matter or require re-examination. The term "media particular playback system" is not a term used anywhere in the specification and was only introduced erroneously during prosecution whereas "media playback system" is used elsewhere in the claims and the specification. And because the error is readily apparent from the context of the claim language and in view of the amendments in the Response filed on October 25, 2016, replacing "media particular playback system" with "media playback system" as requested would not require re-examination.

Additionally, Assignee has promptly sought correction of this error after a district court declined to correct the error in a currently-pending litigation involving the '615 patent. In denying

Assignee's request to correct the above-described error appearing in the claims, the district court stated, "It may have been a mistake during the prosecution and maybe the Patent Office can address it through some manner they have, but I don't believe I can. I'm going to maintain the construction of it being indefinite." Ex. B: *Sonos, Inc. v. Google LLC*, C.A. 20-cv-881, Hearing Transcript, pp. 66-67 (Aug. 10, 2021). And while the district court preliminarily indicated that it intended to construe the "media particular playback system" term indefinite, an error that purportedly makes a claim indefinite can be fixed via a Certificate of Correction pursuant to 35 U.S.C. § 255. Ex. C: *Mylan Pharmaceuticals Inc. et al. v. Merck Sharp & Dohme Corp.*, IPR2020-00040, Order Granting Patent Owner's Motion to File Request for Certificate of Correction of Claims 5-7, Paper 76, p. 11 (Dec. 23, 2020) (granting Merck's motion for leave to file a Request for Certificate of Correction in U.S. Pat. 7,326,708 to correct claims that were found indefinite by a district court); Ex. D: U.S. App. 10/874,992, Office Action mailed Jan. 22, 2021 (granting Merck's Request for Certificate of Correction in U.S. Pat. 7,326,708 to correct an error that had caused a district court to hold the claims indefinite).

Please charge any underpayment or credit any overpayment of fees to Deposit Account No. 50-0951.

Assignee submits herewith a completed Certificate of Correction Form (PTO/SB/44). Please contact the undersigned at 312-634-5700 with any questions or comments regarding this Request.

                                              Respectfully submitted,
                                              Akerman LLP

Date:   September 10, 2021        By:   /Benjamin M. Urban/
                                        Benjamin M. Urban
                                        Reg. No. 71,591

PTO/SB/44 (09-07)
Approved for use through 03/31/2023. OMB 0651-0033
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.
(Also Form PTO-1050)

# UNITED STATES PATENT AND TRADEMARK OFFICE
# CERTIFICATE OF CORRECTION

Page  1  of  1

PATENT NO.      : 9,967,615
APPLICATION NO.: 14/628,952
ISSUE DATE      : May 8, 2018
INVENTOR(S)     : Arthur Coburn, IV; Joni Hoadley

It is certified that an error appears or errors appear in the above-identified patent and that said Letters Patent is hereby corrected as shown below:

In claim 3, at column 18, line 34, please delete "a media particular playback system" and replace it with -- a media playback system --

In claim 15, at column 20, line 50, please delete "a media particular playback system" and replace it with -- a media playback system --

In claim 26, at column 22, line 63, please delete "a media particular playback system" and replace it with -- a media playback system --

MAILING ADDRESS OF SENDER (Please do not use Customer Number below):
Akerman LLP / Sonos, Inc.
777 S. Flagler Drive, Suite 1100 West Tower
West Palm Beach FL 33401

This collection of information is required by 37 CFR 1.322, 1.323, and 1.324. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 1.0 hour to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA  22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Attention Certificate of Corrections Branch, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*