UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CIVIL LAW AND MOTION MINUTE ORDER

| **Date:** 3/24/2022 | **Time:** 1:17-1:42 | **Judge:** DONNA M. RYU |
|---|---|---|
| **Case No.:** 3:20-cv-06754-WHA | **Case Name:** Google LLC v. Sonos, Inc. | |

**For Plaintiff:**
Nima Hefazi
Marc Kaplan

**For Defendant:**
Cole Richter

**Deputy Clerk:** Ivy Lerma Garcia                **Recorded in Zoom:** 1:17-1:42

PROCEEDINGS HELD BY ZOOM VIDEO CONFERENCE

1. Joint Discovery Letter Brief [Docket No. 116]
   Google's motion to compel Sonos to supplement its responses to two interrogatories regarding Sonos's Patent Local Rule 3-1(g) disclosures:

   For the reasons stated on the record, and hearing no objection from Google, the court granted Sonos leave to amend its Rule 3-1(g) disclosures to unequivocally remove the Spotify app as a product that practices the '615 and '033 patents. Sonos shall serve its amended Rule 3-1(g) disclosures by no later than 3/25/2022. Sonos further represented to the court that it will not advance any position in this litigation, either affirmatively or defensively, that the Spotify app does or does not practice the claims of the '615 and '033 patents.

   Accordingly, for the reasons stated on the record, the court denied Google's motion to compel. Sonos's amendment along with its representation that it will not advance a position about whether Spotify practices the two patents renders the discovery largely irrelevant. Although the requested discovery may have some tangential relevance to the parties' claims or defenses, the discovery is not proportional to the needs of the case considering the minimal importance of the requested discovery to resolving the issues in the action and the parties' relative access to information about third-party Spotify's products. The burden of the proposed discovery outweighs its likely benefit. See Fed. R. Civ. P. 26(b)(1).

**Order to be prepared by:**
( )     Plaintiff              ( )     Defendant              ( )     Court

cc: Chambers