QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

*Attorneys for GOOGLE LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>             Plaintiff,<br><br>       vs.<br><br>SONOS, INC.,<br><br>             Defendant. | CASE NO. 3:20-cv-06754-WHA<br><br>**GOOGLE LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS ANSWER TO SONOS, INC.'S AMENDED COUNTERCLAIMS** |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiff Google LLC ("Google") hereby requests to file under seal portions of its Answer to Sonos, Inc.'s ("Sonos") Amended Counterclaims ("Answer"). Specifically, Google requests an order granting leave to file under seal the portions of the documents listed below:

| Document | Portions to Be Filed Under Seal | Designating Party |
| --- | --- | --- |
| Google's Answer | Portions highlighted in green | Google |
| Exhibit 2 to Google's Answer | Entire Document | Google |
| Exhibit 3 to Google's Answer | Entire Document | Google |

## II. LEGAL STANDARD

Civil Local Rule 79-5(c) provides that a party seeking to file its own documents under seal must file an administrative motion that articulates the applicable legal standard and reasons for keeping a document under seal, includes evidentiary support from a declaration where necessary, and provides a proposed order that is narrowly tailored to seal only the sealable material.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

The Ninth Circuit has recognized that two different standards may apply to a request to seal a document – namely the "compelling reasons" standard or the "good cause" standard. *Blessing v. Plex Sys., Inc.*, No. 21-CV-05951-PJH, 2021 WL 6064006, at *12 (N.D. Cal. Dec. 22, 2021) (citing *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016)). The compelling reasons standard applies to any sealing request made in connection with a motion that is "more than tangentially related to the merits of a case." *Id.* Accordingly, courts in this district

apply a "compelling reasons" standard to a sealing request made in connection with an answer to a complaint. *See, e.g.*, *VLSI Tech. LLC v. Intel Corp.*, No. 17-CV-05671-BLF, 2021 WL 6063965, at *1 (N.D. Cal. Dec. 22, 2021); *Delfino Green & Green v. Workers Compensation Sols., LLC*, No. 15-CV-02302-HSG, 2015 WL 4235356, at *2 (N.D. Cal. July 13, 2015). "Confidential business information in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard." *Hetland v. LendingTree, LLC*, No. 19-CV-02288-JSC, 2021 WL 2313386, at *1 (N.D. Cal. May 3, 2021) (quoting *Exeltis USA Inc. v. First Databank, Inc.*, Case No. 17-cv-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020)).

### III. THE COURT SHOULD SEAL GOOGLE'S CONFIDENTIAL INFORMATION

Material that is confidential and could harm a litigant's competitive standing if disclosed may be sealed under the compelling reasons standard. *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12–cv–03844–JST2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) (information "is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage"); *In re Qualcomm Litig.*, No. 3:17-CV-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (concluding that "compelling reasons exist to seal . . . information subject to confidentiality and non-disclosure provisions" because "[s]uch insight could harm the parties in future negotiations with existing customers, third-parties, and other entities with whom they do business");

The green-highlighted portions of Google's Answer as well as Exhibit 2 contain confidential business information that could significantly harm Google's competitive standing if disclosed. Specifically, the highlighted portions of Google's Answer and Exhibit 2 include terms to confidential agreements that are not public. The public disclosure of this information would harm Google's competitive standing and its ability to negotiate future agreements by giving competitors access to Google's highly confidential business thinking and asymmetrical information about Google's collaboration strategies to other entities. Declaration of Jocelyn Ma ("Ma Decl.") ¶¶ 4, 5. A less restrictive alternative than sealing the highlighted portions of Google's Answer as well as Exhibit 2 would not be sufficient because the information sought to be sealed is Google's proprietary

and confidential business information but is integral to the affirmative defenses in Google's Answer. *Id.* Because "[c]ourts regularly find that litigants may file under seal contracts with third parties that contain proprietary and confidential business information," Google has a compelling interest to keep such information under seal. *Finisar Corp. v. Nistica, Inc.*, No. 13-CV-03345-BLF(JSC), 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015); *see also In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (finding that "compelling reasons exist to seal the unredacted portions of the pleadings and briefing that concern licensing terms, royalties paid or owed under license agreements, financial terms, details of confidential licensing negotiations, and business strategies, along with those exhibits that contain the various confidential business agreements executed among the parties"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 570 (9th Cir. 2008) (directing district court to seal licensing agreement).

Exhibit 3 contains confidential information regarding highly sensitive features of Google's products. Specifically, this exhibit details the operation and system design of Google products and functionalities that Sonos accuses of infringement. Public disclosure of these exhibits would harm the competitive standing Google has earned through years of innovation and careful deliberation by revealing sensitive aspects of Google's proprietary systems, strategies, designs, and practices to Google's competitors. Ma Decl. ¶ 6. A less restrictive alternative than sealing Exhibit 3 would not be sufficient because the information sought to be sealed is Google's proprietary and confidential business information but is integral to the affirmative defenses in Google's Answer. *Id.* Thus, Google has good cause to keep such information under seal. *See Delphix Corp. v. Actifo, Inc.*, No. 13-cv-04613-BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (finding compelling reasons to seal where court filings contained "highly sensitive information regarding [an entity's confidential] product architecture and development"); *Guzik Tech. Enterprises, Inc. v. W. Digital Corp.*, No. 5:11-CV-03786-PSG, 2013 WL 6199629, at *4 (N.D. Cal. Nov. 27, 2013) (sealing exhibit containing "significant references to and discussion regarding the technical features" of a litigant's products).

**IV.   CONCLUSION**

For the foregoing reasons, Google respectfully requests that the Court grant Google's Administrative Motion to File Portions of its Answer to Sonos's Amended Counterclaims Under Seal.

| | |
|---|---|
| DATED: April 1, 2022 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | By:  */s/ Charles K. Verhoeven*<br>Charles K. Verhoeven (Bar No. 170151)<br>charlesverhoeven@quinnemanuel.com<br>Melissa Baily (Bar No. 237649)<br>melissabaily@quinnemanuel.com<br>Lindsay Cooper (Bar No. 287125)<br>lindsaycooper@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, California 94111-4788<br>Telephone:   (415) 875-6600<br>Facsimile:    (415) 875-6700<br><br>*Attorneys for GOOGLE LLC* |

**ATTESTATION**

Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that, on April 1, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system and email.

DATED:  April 1, 2022

By:   */s/ Charles K. Verhoeven*
       Charles K. Verhoeven