1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
      Charles K. Verhoeven (Bar No. 170151)
2     charlesverhoeven@quinnemanuel.com
      Melissa Baily (Bar No. 237649)
3     melissabaily@quinnemanuel.com
      Lindsay Cooper (Bar No. 287125)
4     lindsaycooper@quinnemanuel.com
5  50 California Street, 22nd Floor
   San Francisco, California 94111
6  Telephone:     (415) 875-6600
   Facsimile:     (415) 875-6700
7
8  *Attorneys for GOOGLE LLC*

9

                    UNITED STATES DISTRICT COURT
10
                 NORTHERN DISTRICT OF CALIFORNIA
11

12  GOOGLE LLC,                          CASE NO. 3:20-cv-06754-WHA
                                         Related to CASE NO. 3:21-cv-07559-WHA
13                Plaintiff,
                                         **GOOGLE LLC'S ANSWER TO SONOS,**
14       vs.                             **INC.'S AMENDED COUNTERCLAIMS**

15  SONOS, INC.,                         **DEMAND FOR JURY TRIAL**

16                Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff Google LLC ("Google"), by and through its undersigned attorneys, hereby answers the Amended Counterclaims (Dkt. 170, "Counterclaims") brought by Sonos, Inc. ("Sonos") as follows:

## GENERAL DENIAL

Unless expressly admitted below, Google denies each and every allegation Sonos has set forth in its Counterclaims.

## INTRODUCTION

1.      Google currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1, and therefore denies them.

2.      Google currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2, and therefore denies them.

3.      Google currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3, and therefore denies them.

4.      Google currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4, and therefore denies them.

5.      Google currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5, and therefore denies them.

6.      Google currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6, and therefore denies them.

7.      Google currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7, and therefore denies them.

8.      Google currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8, and therefore denies them.

9.      Google currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9, and therefore denies them.

10.      Google admits that Sonos has filed an ITC action, *In re Certain Audio Players and Controllers, Components Thereof, and Products Containing Same*, Inv. No. 337-TA-1191, alleging infringement of five patents, and that Sonos purports to now bring a civil action for patent

1  infringement arising under the patent laws of the United States.  Google denies that it infringes any

2  Sonos patent.  Except as expressly admitted, Google denies any remaining allegations in paragraph

3  10.

4  ## ASSERTION THAT GOOGLE BEGINS INFRINGING

5       11.     Google denies the allegations in paragraph 11.

6       12.     Google admits that some of Sonos's products are compatible with certain third-party

7  music streaming services.  Google admits that Google Play Music was announced by May 2011,

8  and the Google Play Music integration was ready on April 10, 2014.  Google currently lacks

9  knowledge or information sufficient to form a belief as to the truth or falsity of any remaining

10  allegations contained in paragraph 12, and therefore denies them.

11       13.     Google denies that it copied Sonos.  Google admits that Sonos cited to a document

12  entitled, "Now You Can Stream Google Play Music Through Your Sonos System," and that

13  document purports to state, "This is the first time this sort of deep integration has happened between

14  a third party music service and Sonos."  However, Google denies that Sonos's selective quote

15  represents the document's full content and context.  Except as expressly admitted, Google denies

16  the remaining allegations in paragraph 13.

17       14.     Google admits that it released a product called "Chromecast Audio."  Except as

18  expressly admitted, Google denies the allegations in paragraph 14.

19       15.     Google denies that it copied Sonos or used Sonos's patent technology.  Google

20  admits that Sonos cited to a document entitled, "Google launches new Chromecast and Chromecast

21  Audio streaming dongles," and that document purports to state, "Google is also working on multi-

22  room audio streaming using the Chromecast Audio, but it will not support the popular feature out

23  of the box."  Google admits that Sonos cited to a document entitled, "Google's Chromecast Audio

24  Adapter Gets Multi-Room Support Similar to Sonos," and that document purports to state,

25  "Google's recently-launched Chromecast Audio adapter is getting a major feature update this week:

26  Consumers will now be able to group multiple Chromecast audio adapters to stream their favorite

27  music simultaneously in more than one room, similar to the multi-room support available for

28  internet-connected loudspeakers like the ones made by Sonos."  Google admits that Sonos cited to

a document entitled, "New Chromecast Audio features let you play hi-res audio in every room at once," and that document purports to state, "You control your Sonos experience with one app.  Well, thanks to a new software rollout, Chromecast Audio can pretty much do the same thing."  However, Google denies that Sonos's selective quotes represent the documents' full content and context. Except as expressly admitted, Google denies the remaining allegations in paragraph 15.

16.     Google denies the allegations in paragraph 16.

### ASSERTION THAT GOOGLE'S INFRINGEMENT ACCELERATES

17.     Google admits it has released certain products, including the Google Home Mini, Google Home, Google Home Max, and certain Pixel phones, tablets and laptops.  Google denies these products are infringing.  Except as expressly admitted, Google denies the allegations in paragraph 17.

18.     Google admits the Google Home was released in 2016.  Except as expressly admitted, Google denies the remaining allegations in paragraph 18.

19.     Google admits that, at various points in time, Google and Sonos had discussions about licensing each other's patents.  Except as expressly admitted, Google denies the allegations in paragraph 19.

20.     Google admits that, at various points in time, Google and Sonos had discussions about licensing each other's patents.  Except as expressly admitted, Google denies the allegations in paragraph 20.

21.     Google admits that, at various points in time, Google and Sonos had discussions about licensing each other's patents.  Except as expressly admitted, Google denies the allegations in paragraph 21.

22.     Google admits that, at various points in time, Google and Sonos had discussions about licensing each other's patents.  Except as expressly admitted, Google denies the allegations in paragraph 22.

23.     Google admits that, at various points in time, Google and Sonos had discussions about licensing each other's patents.  Except as expressly admitted, Google denies the allegations in paragraph 23.

24.     Google admits that, at various points in time, Google and Sonos had discussions about licensing each other's patents.  Except as expressly admitted, Google denies the allegations in paragraph 24.

25.     Google admits that, at various points in time, Google and Sonos had discussions about licensing each other's patents.  Except as expressly admitted, Google denies the allegations in paragraph 25.

26.     Google admits that, at various points in time, Google and Sonos had discussions about licensing each other's patents.  Except as expressly admitted, Google denies the allegations in paragraph 26.

27.     Google admits that, at various points in time, Google and Sonos had discussions about licensing each other's patents.  Except as expressly admitted, Google denies the allegations in paragraph 27.

28.     Google denies that Sonos sent Bradley Riel and Tim Kowalski at Google a pre-filing copy of Sonos's complaint on September 28, 2021.  To the extent this is a typographical error and Sonos meant to refer to September 28, 2020, Google admits that Sonos purported to provide a pre-filing copy of its Complaint to Google on September 28, 2020, the day before it filed the Transferred Action (*Sonos, Inc. v. Google LLC*, Case No. 3:21-07559-WHA).

29.     Google admits that Sonos's counsel sent Google's counsel a copy of an amended complaint and supplemental infringement contentions asserting a claim for infringement of the '885 patent on January 8, 2021.

30.     Google denies the allegations in paragraph 30.  Google denies that it had knowledge of the '033 and '966 patents before Sonos provided Google with a pre-filing copy of its original complaint on September 28, 2020.  Google further denies that it had knowledge of the '885 patent before Sonos shared a draft of its first amended complaint on January 8, 2021.  Among other reasons, Judge Alsup has already found that similar allegations in Sonos's Second Amended Complaint in the Transferred Action (*Sonos, Inc. v. Google LLC*, Case No. 3:21-07559-WHA, Dkt. 51 ("SAC")) do "not plausibly allege[] Google had the requisite knowledge" for willful infringement and indirect infringement.  Transferred Action, Dkt. 156 ("MTD Order") at 9.  Google reserves all rights with

1  respect to these allegations, including the right to move to dismiss these allegations pursuant to Fed.

2  R. Civ. P. 12(c).

3      31.    Google denies that it is infringing any Sonos patent.  Except as expressly admitted,

4  Google denies the allegations in paragraph 31.

5      32.     Google admits that Google released the Google Home Max and the Google Home

6  Mini in 2017.  Google admits that Sonos cited to a document entitled, "Google's Home Max Goes

7  After HomePod with a Big Ass Sonos Clone," and that document purports to state that Google's

8  Home Max was seen as a "Sonos Clone" and a "not-so-subtle copy of the [Sonos] Play:5 speaker."

9  Google admits that Sonos cited to a document entitled, "Google Home Max vs. Sonos," and that

10 document purports to state, "You can't help but look at Google Home Max . . . and come to the

11 conclusion that Google is sticking its nose where Sonos has been for years."  However, Google

12 denies that Sonos's selective quotes represent the documents' full content and context.  Except as

13 expressly admitted, Google denies the remaining allegations in paragraph 32.

14     33.    Google admits that, at various points in time, Google and Sonos had discussions

15 about licensing each other's patents.  Except as expressly admitted, Google denies the allegations

16 in paragraph 33.

17     34.    Google admits it released certain products, including the Chromecast, Chromecast

18 Ultra, Chromecast Audio, Chromecast with Google TV, Home Mini, Nest Mini, Home, Home Max,

19 Home Hub, Nest Hub, Nest Hub Max, Nest Audio, and Nest Wifi Point.  Google admits that it

20 released certain applications, including Google Play Music, YouTube, and YouTube Music.  Google

21 denies these products are infringing.  Except as expressly admitted, Google denies the allegations

22 in paragraph 34.

23     35.    Google admits it released certain products, including the Pixel 3, Pixel 3 XL, Pixel

24 3a, Pixel 3a XL, Pixel 4, Pixel 4 XL, and Pixel 4a phones, the Pixel Slate tablet, and the Pixelbook

25 and Pixelbook Go laptops.  Google admits that it released certain applications, including Google

26 Play Music, YouTube, and YouTube Music.  Google denies these products and applications are

27 infringing.  Except as expressly admitted, Google denies the allegations in paragraph 35.

28     36.    Paragraph 36 contains no allegations that require a response.

37.     Google admits that Sonos has filed an ITC action, *In re Certain Audio Players and Controllers, Components Thereof, and Products Containing Same*, Inv. No. 337-TA-1191 alleging infringement of five patents and that the ITC instituted an investigation.   Except as expressly admitted, Google denies any remaining allegations in paragraph 37.

38.     Google denies that it is infringing any Sonos patent.  Google admits that Sonos cited to a document entitled, "Google Nest speakers are one step closer to replacing your Sonos system," and that document purports to state that Google is "one step closer to replacing your Sonos system." Google admits that Sonos cited to a document entitled, "Google Home upgrade brings some of the best Sonos features to your speakers," and that document purports to state, "The new functionality appears to be the most direct challenge to the likes of Sonos, which has enjoyed enormous success by creating a series of connected speakers and soundbars that can play music simultaneously – or individually."  Google admits that Sonos cited to a document entitled, "New Google Nest release date, price, and rumors," and that document purports to state that  Google's new speaker "could be a new rival for the likes of the Sonos One, the best smart speaker you can buy in 2020."  Google admits that Sonos cited to a document entitled, "Google Home upgrade brings some of the best Sonos features to your speakers," and that document purports to state, "Just like Sonos, you can also change the volume on each speaker individually from the main interface."  However, Google denies that Sonos's selective quotes represent the documents' full content and context.  Except as expressly admitted, Google denies the remaining allegations in paragraph 38.

39.     Google denies that it is infringing any Sonos patent.  Google admits that Sonos cited to a document entitled, "House music: New multi-room audio control from Nest," and that document purports to state, "[c]ontrolling the audio throughout my home, no matter who's listening, has been incredibly helpful" and "[t]oday, we're expanding that control.  You can already manually group Nest devices in order to play the same music on various speakers at the same time, and now we're launching multi-room control so you can dynamically group multiple cast-enabled Nest devices (speakers, Smart Displays, Chromecasts) in real-time to fill multiple rooms with music."  However, Google denies that Sonos's selective quotes represent the document's full content and context. Except as expressly admitted, Google denies the allegations in paragraph 39.

40.     Google denies that it is using "Sonos's patented technology."  Google admits that Sonos cited to a document entitled, "Google's hardware extravaganza: Ad giant takes on Sonos, Roku, Linksys, Amazon, Oculus . . . you name it," and that document purports to state, "[n]o market is safe from [the] search engine monster . . . offering new products to compete with Sonos in the music streaming market."  However, Google denies that Sonos's selective quote represents the document's full content and context. Except as expressly admitted, Google denies the allegations in paragraph 40.

## ASSERTION THAT GOOGLE'S CONTINUED INFRINGEMENT FORCES THIS SUIT

41.     Google admits that the patents asserted in the ITC action are different from the patents asserted in the Counterclaims.  Google denies that it is infringing any Sonos patent.  Except as expressly admitted, Google denies any remaining allegations in paragraph 41.

42.     Google denies that it is infringing any Sonos patent.  Google denies the allegations in paragraph 42.

43.     Google denies the allegations in paragraph 43.

44.     Google denies that Sonos's patents-in-suit claim inventions or innovations, and denies that they are novel, non-obvious, or fundamental.  Google currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 44, and therefore denies them.

45.     Google notes that Sonos's reference to U.S. Patent No. 9,344,206 ("'206 patent") is inappropriate and improper because the '206 patent is not asserted in this case.  Accordingly, Google denies the allegations in paragraph 45 related to the '206 patent.  Google denies that the '966 and '885 patents cover a Sonos invention and that they are novel or non-obvious.  Google currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations contained in paragraph 45, and therefore denies them.

46.     Google admits that Sonos purported to provide a pre-filing copy of its Complaint to Google on September 28, 2020, the day before it filed this case.  Google denies that Sonos provided Google with a pre-filing copy of "this Amended Complaint."  To the extent this is a typographical error and Sonos meant to refer to its First Amended Complaint, Google admits that Sonos purported

to provide a pre-filing copy of its First Amended Complaint on January 8, 2021. Google denies that it is infringing any Sonos patent and denies any remaining allegations in paragraph 46. Among other reasons, Judge Alsup has already found that similar allegations in Sonos's SAC in the Transferred Action do "not plausibly allege[] Google had the requisite knowledge" for willful infringement and indirect infringement. MTD Order at 9. Google reserves all rights with respect to these allegations, including the right to move to dismiss these allegations pursuant to Fed. R. Civ. P. 12(c).

47.     Google denies that it is infringing any Sonos patent. Google admits that Sonos cited to a document entitled, "Alphabet Inc." and that document purports to be a December 2018 market report by Royal Bank of Canada. However, Google denies that Sonos's characterization represents the document's full content and context. Except as expressly admitted, Google denies the remaining allegations of paragraph 47.

48.     Google admits that Sonos cited to a document entitled, "Alphabet Inc." and that document purports to be a December 2018 market report by Royal Bank of Canada. However, Google denies that Sonos's characterization represents the document's full content and context. Except as expressly admitted, Google denies the remaining allegations of paragraph 48.

49.     Google admits that it sometimes offers discounts on its products. Google admits that Sonos cited to a document entitled, "Amazon and Google are losing money in a speaker price war," and that document purports to state, "Amazon and Google both discounted their home speakers so deeply over the holidays that they likely lost a few dollars per unit . . . hoping to lock in customers and profit from later sales of goods and data about buying habits." Google admits that Sonos cited to a document entitled, "The Fight for Smart Speaker Market Share," and that document purports to state that companies like Google are using their "smart speaker" devices as "'loss leader[s]' to support advertising or e-commerce." However, Google denies that Sonos's selective quotes represent the documents' full content and context. Except as expressly admitted, Google denies the remaining allegations in paragraph 49.

50.     Google admits that it released YouTube Music and Google Play Music. Google denies copying any of Sonos's patented inventions. Google admits that Sonos cited to a document

entitled, "The Smart Audio Report," and that document purports to state that an NPR "smart speaker" survey found that 28% of survey respondents agreed that "[g]etting [a] Smart Speaker led [them] to pay for a music service subscription" and 26% of respondents use their smart speakers "regularly" to "add [items] to shopping list." Google admits that Sonos cited to a document entitled, "The Fight for Smart Speaker Market Share," and that document purports to state that companies like Google are using their "smart speaker" devices as "'loss leader[s]' to support . . . ecommerce." However, Google denies that Sonos's selective quotes represent the documents' full content and context. Except as expressly admitted, Google denies the remaining allegations of paragraph 50.

51.    Google denies the allegations in paragraph 51.

52.    Google denies the allegations in paragraph 52.

## **THE PARTIES**

53.    Google currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 53, and therefore denies them.

54.    Google admits that Google LLC is a Delaware limited liability company with a principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.

55.    Google admits that it is a technology company and has a presence in this District. Except as expressly admitted, Google denies any remaining allegations in paragraph 55.

56.    Google admits that it markets and sells products to consumers in the United States, including to consumers in the Northern District of California. Google denies that these products infringe any Sonos patent. Except as expressly admitted, Google denies any remaining allegations in paragraph 56.

## **JURISDICTION AND VENUE**

57.    Google admits that the Counterclaims allege claims arising under the patent laws of the United States, Title 35 of the United States Code. Google admits that this Court has subject matter jurisdiction over actions arising under 28 U.S.C. §§ 1331 and 1338(a). Except as expressly admitted, Google denies any remaining allegations in paragraph 57.

58.    Google admits that this Court has personal jurisdiction for the purposes of this particular action. Google admits that it has conducted and does conduct business in the State of

California.  Google denies that it has committed acts of infringement within the Northern District of California, or any other District, and any remaining allegations in paragraph 58, and specifically denies that it has committed any acts of infringement.

59.     Google admits that this Court has personal jurisdiction for the purposes of this particular action.  Google admits that it is registered to do business in the State of California and that it has an office in Mountain View, which is located in the Northern District of California.  Except as expressly admitted, Google denies any remaining allegations in paragraph 59.

60.     Google admits that venue is proper in this District for purposes of this particular action.  Google denies that it has committed acts of infringement within the Northern District of California, or any other District, and any remaining allegations in paragraph 60.

## THE PATENTS-IN-SUIT

## U.S. Patent No. 9,967,615

61.     Google admits that what appears to be a copy of United States Patent No. 9,967,615 ("the '615 patent") is attached as Exhibit A to Sonos's Counterclaims and that, on its face, the '615 patent is entitled "Networked Music Playback," lists Sonos, Inc. as the Applicant and Assignee, and bears an issue date of May 8, 2018.  Google denies that the '615 patent was duly and legally issued.  Google currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations contained in paragraph 61, and therefore denies them.

62.     To the extent the allegations in paragraph 62 purport to describe or quote the '615 patent, Google asserts that the '615 patent is the best source of its full content and context.  Google denies the allegations to the extent they do not accurately represent the '615 patent.  Except as expressly admitted, Google denies the remaining allegations in paragraph 62.

63.     To the extent the allegations in paragraph 63 purport to describe or quote the '615 patent, Google asserts that the '615 patent is the best source of its full content and context.  Google denies the allegations to the extent they do not accurately represent the '615 patent.  Except as expressly admitted, Google denies the remaining allegations in paragraph 63.

64.     To the extent the allegations in paragraph 64 purport to describe or quote the '615 patent, Google asserts that the '615 patent is the best source of its full content and context.  Google

1   denies the allegations to the extent they do not accurately represent the '615 patent.   Except as

2   expressly admitted, Google denies the remaining allegations in paragraph 64.

3       65.     To the extent the allegations in paragraph 65 purport to describe or quote the '615

4   patent, Google asserts that the '615 patent is the best source of its full content and context.   Google

5   denies the allegations to the extent they do not accurately represent the '615 patent.   Except as

6   expressly admitted, Google denies the remaining allegations in paragraph 65.

7       66.     To the extent the allegations in paragraph 66 purport to describe or quote the '615

8   patent, Google asserts that the '615 patent is the best source of its full content and context.   Google

9   denies the allegations to the extent they do not accurately represent the '615 patent.   Except as

10  expressly admitted, Google denies the remaining allegations in paragraph 66.

11      67.     To the extent the allegations in paragraph 67 purport to describe or quote the '615

12  patent, Google asserts that the '615 patent is the best source of its full content and context.   Google

13  denies the allegations to the extent they do not accurately represent the '615 patent.   Except as

14  expressly admitted, Google denies the remaining allegations in paragraph 67.

15      68.     To the extent the allegations in paragraph 68 purport to describe or quote the '615

16  patent, Google asserts that the '615 patent is the best source of its full content and context.   Google

17  denies the allegations to the extent they do not accurately represent the '615 patent.   Except as

18  expressly admitted, Google denies the remaining allegations in paragraph 68.

19                          **U.S. Patent No. 10,779,033**

20      69.     Google admits that what appears to be a copy of United States Patent No. 10,779,033

21  ("the '033 patent") is attached as Exhibit B to Sonos's Counterclaims and that, on its face, the '033

22  patent is entitled "Systems And Methods For Networked Music Playback," and bears an issue date

23  of September 15, 2020.   Google denies that the '033 patent was duly and legally issued.   Google

24  currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of any

25  remaining allegations contained in paragraph 69, and therefore denies them.

26      70.     Google admits that, on their faces, the '033 patent and '615 patent purport to be

27  continuations of application No. 13/341,237, filed on December 30, 2011, now U.S. Patent No.

28  9,654,821.   Google reasserts and incorporates its responses to paragraphs 62 through 69 of Sonos's

1    Counterclaims.  Google currently lacks knowledge or information sufficient to form a belief as to

2    the truth or falsity of any remaining allegations contained in paragraph 70, and therefore denies

3    them.

4          71.     To the extent the allegations in paragraph 71 purport to describe or quote the '615 or

5    '033 patents, Google asserts that the '615 or '033 patents are the best source of their full content and

6    context.  Google denies the allegations to the extent they do not accurately represent the '615 or

7    '033 patents.  Except as expressly admitted, Google denies the remaining allegations in paragraph

8    71.

9          72.     To the extent the allegations in paragraph 72 purport to describe or quote the '033

10   patent, Google asserts that the '033 patent is the best source of its full content and context.  Google

11   denies the allegations to the extent they do not accurately represent the '033 patent.  Except as

12   expressly admitted, Google denies the remaining allegations in paragraph 72.

13                                **U.S. Patent No. 10,469,966**

14         73.     Google admits that what appears to be a copy of United States Patent No. 10,469,966

15   ("the '966 patent") is attached as Exhibit C to Sonos's Counterclaims and that, on its face, the '966

16   patent is entitled "Zone Scene Management," and bears an issue date of November 5, 2019.  Google

17   denies that the '966 patent was duly and legally issued.  Google currently lacks knowledge or

18   information sufficient to form a belief as to the truth or falsity of any remaining allegations contained

19   in paragraph 73, and therefore denies them.

20         74.     Google admits that, on their faces, the '966 patent and '206 patent purport to be

21   continuations of application No. 13/896,829, filed on May 17, 2013.  Google currently lacks

22   knowledge or information sufficient to form a belief as to the truth or falsity of any remaining

23   allegations contained in paragraph 74, and therefore denies them.

24         75.     Google notes that Sonos's reference to the "'906 patent" in paragraph 75 is

25   incongruous.  Accordingly, Google denies all allegations in paragraph 75 relating to the "'906

26   patent."  To the extent this is a typographical error and Sonos meant to refer to the '966 patent,

27   Google asserts that the '966 patent is the best source of its full content and context.  Google denies

28

the allegations to the extent they do not accurately represent the '966 patent. Except as expressly admitted, Google denies the remaining allegations in paragraph 75.

76.     To the extent the allegations in paragraph 76 purport to describe or quote the '966 patent, Google asserts that the '966 patent is the best source of its full content and context. Google denies the allegations to the extent they do not accurately represent the '966 patent. Except as expressly admitted, Google denies the remaining allegations in paragraph 76.

**U.S. Patent No. 10,848,885**

77.     Google admits that what appears to be a copy of United States Patent No. 10,848,885 ("the '885 patent") is attached as Exhibit D to Sonos's Counterclaims and that, on its face, the '885 patent is entitled "Zone Scene Management," and bears an issue date of November 24, 2020. Google denies that the '885 patent was duly and legally issued. Google currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations contained in paragraph 77, and therefore denies them.

78.     Google admits that, on their faces, the '966 patent and '885 patent purport to be continuations of application No. 13/896,829, filed on May 17, 2013. Google currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations contained in paragraph 78, and therefore denies them.

79.     To the extent the allegations in paragraph 79 purport to describe or quote the '885 patent, Google asserts that the '885 patent is the best source of its full content and context. Google denies the allegations to the extent they do not accurately represent the '885 patent. Except as expressly admitted, Google denies the remaining allegations in paragraph 79.

80.     To the extent the allegations in paragraph 80 purport to describe or quote the '885 patent, Google asserts that the '885 patent is the best source of its full content and context. Google denies the allegations to the extent they do not accurately represent the '885 patent. Except as expressly admitted, Google denies the remaining allegations in paragraph 80.

**COUNTERCLAIM 1: INFRINGEMENT OF U.S. PATENT NO. 9,967,615**

81.     Google reasserts and incorporates its responses to paragraphs 1 through 80 of Sonos's Counterclaims.

82.     Google denies the allegations in paragraph 82.

83.     Google admits that Sonos served Google with infringement contentions in the course of this litigation.   Except as expressly admitted, Google denies the remaining allegations in paragraph 83.

84.     Google admits that, at various points in time, Google and Sonos had discussions about licensing each other's patents.  Google further admits that Sonos purported to provide a pre-filing copy of its Complaint to Google on September 28, 2020.  Except as expressly admitted, Google denies the allegations in paragraph 84.

85.     Google denies the allegations in paragraph 85.

86.     Google denies the allegations in paragraph 86.

87.     Google denies the allegations in paragraph 87.

88.     Google denies the allegations in paragraph 88.

89.     Google denies the allegations in paragraph 89.

90.     Google denies the allegations in paragraph 90.

91.     Google denies the allegations in paragraph 91.

92.     Google denies the allegations in paragraph 92.

93.     Google denies the allegations in paragraph 93.

94.     Google denies the allegations in paragraph 94.

95.     Google denies the allegations in paragraph 95.

96.     Google denies the allegations in paragraph 96.

97.     Google denies the allegations in paragraph 97.

98.     Google denies the allegations in paragraph 98.

99.     Google denies the allegations in paragraph 99.

100.    Google denies the allegations in paragraph 100.

101.    Paragraph 101 contains no allegations that require a response.

102.    Google denies the allegations of paragraph 102, specifically denies that it has committed any acts of infringement, and further specifically denies that Sonos is entitled to any of the requested relief.

103.    Google denies the allegations of paragraph 103, specifically denies that it has committed any acts of infringement, and further specifically denies that Sonos is entitled to any of the requested relief.

104.    Google denies the allegations of paragraph 104, specifically denies that it has committed any acts of infringement, and further specifically denies that Sonos is entitled to any of the requested relief.

105.    Google denies the allegations of paragraph 105, specifically denies that it has committed any acts of infringement, and further specifically denies that Sonos is entitled to any of the requested relief.

## COUNTERCLAIM II: INFRINGEMENT OF U.S. PATENT NO. 10,779,033

106.    Google reasserts and incorporates its responses to paragraphs 1 through 105 of Sonos's Counterclaims.

107.    Google denies the allegations in paragraph 107.

108.    Google admits that Sonos served Google with infringement contentions in the course of this litigation.    Except as expressly admitted, Google denies the remaining allegations in paragraph 108.

109.    Google admits that Sonos purported to provide a pre-filing copy of its Complaint to Google on September 28, 2020, the day before it filed this case.   Google denies it is infringing any claim of the '033 patent and denies any remaining allegations in paragraph 109.   Among other reasons, Judge Alsup has already found that identical allegations in Sonos's SAC in the Transferred Action do "not plausibly allege[] Google had the requisite knowledge" for willful infringement and indirect infringement.   MTD Order at 9.   Google reserves all rights with respect to these allegations, including the right to move to dismiss these allegations pursuant to Fed. R. Civ. P. 12(c).

110.    Google denies the allegations in paragraph 110.   Among other reasons, Judge Alsup has already found that identical allegations in Sonos's SAC in the Transferred Action "failed to sufficiently allege knowledge of the patent and knowledge of infringement."   MTD Order at 11. Google reserves all rights with respect to these allegations, including the right to move to dismiss these allegations pursuant to Fed. R. Civ. P. 12(c).

111.     Google denies the allegations in paragraph 111.  Among other reasons, Judge Alsup has already found that identical allegations in Sonos's SAC in the Transferred Action "failed to sufficiently allege knowledge of the patent and knowledge of infringement" and "failed to properly allege there are no substantial noninfringing uses for the accused products."  MTD Order at 11, 12. Google reserves all rights with respect to these allegations, including the right to move to dismiss these allegations pursuant to Fed. R. Civ. P. 12(c).

112.     Google denies the allegations in paragraph 112.

113.     Google denies the allegations in paragraph 113.

114.     Google denies the allegations in paragraph 114.

115.     Google denies the allegations in paragraph 115.

116.     Google denies the allegations in paragraph 116.

117.     Google denies the allegations in paragraph 117.

118.     Google denies the allegations in paragraph 118.

119.     Google denies the allegations in paragraph 119.

120.     Google denies the allegations in paragraph 120.

121.     Google denies the allegations in paragraph 121.

122.     Google denies the allegations in paragraph 122.

123.     Google denies the allegations in paragraph 123.

124.     Google denies the allegations in paragraph 124.  Among other reasons, Judge Alsup has already found that identical allegations in Sonos's SAC in the Transferred Action "failed to adequately allege willful infringement, the predicate for enhanced damages."  MTD Order at 10. Google reserves all rights with respect to these allegations, including the right to move to dismiss these allegations pursuant to Fed. R. Civ. P. 12(c).

125.     Google denies the allegations in paragraph 125.  Among other reasons, Judge Alsup has already found that similar allegations in Sonos's SAC in the Transferred Action do "not plausibly allege[] Google had the requisite knowledge" for willful infringement and indirect infringement.  MTD Order at 9.  Google reserves all rights with respect to these allegations, including the right to move to dismiss these allegations pursuant to Fed. R. Civ. P. 12(c).

126.    Paragraph 126 contains no allegations that require a response.

127.    Google denies the allegations of paragraph 127, specifically denies that it has committed any acts of infringement, and further specifically denies that Sonos is entitled to any of the requested relief.

128.    Google denies the allegations of paragraph 128, specifically denies that it has committed any acts of infringement, and further specifically denies that Sonos is entitled to any of the requested relief.

129.    Google denies the allegations of paragraph 129, specifically denies that it has committed any acts of infringement, and further specifically denies that Sonos is entitled to any of the requested relief.

130.    Google denies the allegations of paragraph 130, specifically denies that it has committed any acts of infringement, and further specifically denies that Sonos is entitled to any of the requested relief.

## **COUNTERCLAIM III: INFRINGEMENT OF U.S. PATENT NO. 10,469,966**

131.    Google reasserts and incorporates its responses to paragraphs 1 through 130 of Sonos's Counterclaims.

132.    Google denies the allegations in paragraph 132.

133.    Google admits that Sonos served Google with infringement contentions in the course of this litigation.   Except as expressly admitted, Google denies the remaining allegations in paragraph 133.

134.    Google admits that Sonos purported to provide a pre-filing copy of its Complaint to Google on September 28, 2020, the day before it filed this case.  Google denies it is infringing any claim of the '966 patent and denies any remaining allegations in paragraph 134.  Among other reasons, Judge Alsup has already found that identical allegations in Sonos's SAC in the Transferred Action do "not plausibly allege[] Google had the requisite knowledge" for willful infringement and indirect infringement.  MTD Order at 9.  Google reserves all rights with respect to these allegations, including the right to move to dismiss these allegations pursuant to Fed. R. Civ. P. 12(c).

135.    Google denies the allegations in paragraph 135.  Among other reasons, Judge Alsup has already found that identical allegations in Sonos's SAC in the Transferred Action "failed to sufficiently allege knowledge of the patent and knowledge of infringement."  MTD Order at 11. Google reserves all rights with respect to these allegations, including the right to move to dismiss these allegations pursuant to Fed. R. Civ. P. 12(c).

136.    Google denies the allegations in paragraph 136.  Among other reasons, Judge Alsup has already found that identical allegations in Sonos's SAC in the Transferred Action "failed to sufficiently allege knowledge of the patent and knowledge of infringement" and "failed to properly allege there are no substantial noninfringing uses for the accused products."  MTD Order at 11, 12. Google reserves all rights with respect to these allegations, including the right to move to dismiss these allegations pursuant to Fed. R. Civ. P. 12(c).

137.    Google denies the allegations in paragraph 137.  Among other reasons, Judge Alsup has already found that identical allegations in Sonos's SAC in the Transferred Action "failed to sufficiently allege knowledge of the patent and knowledge of infringement" and "failed to properly allege there are no substantial noninfringing uses for the accused products."  MTD Order at 11, 12. Google reserves all rights with respect to these allegations, including the right to move to dismiss these allegations pursuant to Fed. R. Civ. P. 12(c).

138.    Google denies allegations in paragraph 138.

139.    Google denies the allegations in paragraph 139.

140.    Google denies the allegations in paragraph 140.

141.    Google denies the allegations in paragraph 141.

142.    Google denies the allegations in paragraph 142.

143.    Google denies the allegations in paragraph 143.

144.    Google denies the allegations in paragraph 144.

145.    Google denies the allegations in paragraph 145.

146.    Google denies the allegations in paragraph 146.

147.    Google denies the allegations in paragraph 147.

148.   Google denies the allegations in paragraph 148.  Among other reasons, Judge Alsup has already found that identical allegations in Sonos's SAC in the Transferred Action "failed to adequately allege willful infringement, the predicate for enhanced damages."  MTD Order at 10. Google reserves all rights with respect to these allegations, including the right to move to dismiss these allegations pursuant to Fed. R. Civ. P. 12(c).

149.   Google denies the allegations in paragraph 149.  Among other reasons, Judge Alsup has already found that similar allegations in Sonos's SAC in the Transferred Action do "not plausibly allege[] Google had the requisite knowledge" for willful infringement and indirect infringement.  MTD Order at 9.  Google reserves all rights with respect to these allegations, including the right to move to dismiss these allegations pursuant to Fed. R. Civ. P. 12(c).

150.   Paragraph 150 contains no allegations that require a response.

151.   Paragraph 151 contains legal conclusions to which no response is required.  To the extent a response is required, Google denies the allegations in paragraph 151.

152.   Google denies the allegations of paragraph 152, specifically denies that it has committed any acts of infringement, and further specifically denies that Sonos is entitled to any of the requested relief.

153.   Google denies the allegations of paragraph 153, specifically denies that it has committed any acts of infringement, and further specifically denies that Sonos is entitled to any of the requested relief.

154.   Google denies the allegations of paragraph 154, specifically denies that it has committed any acts of infringement, and further specifically denies that Sonos is entitled to any of the requested relief.

155.   Google denies the allegations of paragraph 155, specifically denies that it has committed any acts of infringement, and further specifically denies that Sonos is entitled to any of the requested relief.

## <u>COUNTERCLAIM IV: INFRINGEMENT OF U.S. PATENT NO. 10,848,885</u>

156.   Google reasserts and incorporates its responses to paragraphs 1 through 155 of Sonos's Counterclaims.

157.    Google denies the allegations in paragraph 157.

158.    Google admits that Sonos served Google with infringement contentions in the course of this litigation.   Except as expressly admitted, Google denies the remaining allegations in paragraph 158.

159.    Google denies that Sonos provided Google with a draft of "this Amended Complaint" on January 8, 2021.  To the extent this is a typographical error and Sonos meant to refer to its First Amended Complaint, Google admits that Sonos purported to provide a pre-filing copy of its First Amended Complaint on January 8, 2021.  Google denies it is infringing any claim of the '885 patent and denies any remaining allegations in paragraph 159.  Among other reasons, Judge Alsup has already found that identical allegations in Sonos's SAC in the Transferred Action do "not plausibly allege[] Google had the requisite knowledge" for willful infringement and indirect infringement. MTD Order at 9.  Google reserves all rights with respect to these allegations, including the right to move to dismiss these allegations pursuant to Fed. R. Civ. P. 12(c).

160.    Google denies the allegations in paragraph 160.  Among other reasons, Judge Alsup has already found that identical allegations in Sonos's SAC in the Transferred Action "failed to sufficiently allege knowledge of the patent and knowledge of infringement."  MTD Order at 11. Google reserves all rights with respect to these allegations, including the right to move to dismiss these allegations pursuant to Fed. R. Civ. P. 12(c).

161.    Google denies the allegations in paragraph 161.  Among other reasons, Judge Alsup has already found that identical allegations in Sonos's SAC in the Transferred Action "failed to sufficiently allege knowledge of the patent and knowledge of infringement" and "failed to properly allege there are no substantial noninfringing uses for the accused products."  MTD Order at 11, 12. Google reserves all rights with respect to these allegations, including the right to move to dismiss these allegations pursuant to Fed. R. Civ. P. 12(c).

162.    Google denies the allegations in paragraph 162.

163.    Google denies the allegations in paragraph 163.

164.    Google denies the allegations in paragraph 164.

165.    Google denies the allegations in paragraph 165.

166. Google denies the allegations in paragraph 166.

167. Google denies the allegations in paragraph 167.

168. Google denies the allegations in paragraph 168.

169. Google denies the allegations in paragraph 169.

170. Google denies the allegations in paragraph 170.  Among other reasons, Judge Alsup has already found that identical allegations in Sonos's SAC in the Transferred Action "failed to adequately allege willful infringement, the predicate for enhanced damages."  MTD Order at 10. Google reserves all rights with respect to these allegations, including the right to move to dismiss these allegations pursuant to Fed. R. Civ. P. 12(c).

171. Google denies the allegations in paragraph 171.  Among other reasons, Judge Alsup has already found that similar allegations in Sonos's SAC in the Transferred Action do "not plausibly allege[] Google had the requisite knowledge" for willful infringement and indirect infringement.  MTD Order at 9.  Google reserves all rights with respect to these allegations, including the right to move to dismiss these allegations pursuant to Fed. R. Civ. P. 12(c).

172. Paragraph 172 contains no allegations that require a response.

173. Google denies the allegations of paragraph 173, specifically denies that it has committed any acts of infringement, and further specifically denies that Sonos is entitled to any of the requested relief.

174. Google denies the allegations of paragraph 174, specifically denies that it has committed any acts of infringement, and further specifically denies that Sonos is entitled to any of the requested relief.

175. Google denies the allegations of paragraph 175, specifically denies that it has committed any acts of infringement, and further specifically denies that Sonos is entitled to any of the requested relief.

## **PRAYER FOR RELIEF**

The paragraphs under the "Prayer for Relief" heading set forth the statement of relief requested by Sonos, to which no response is required.  Google denies that it has committed any acts

of infringement, further denies that Sonos is entitled to any of the requested relief, and denies any allegations in these paragraphs.

## JURY DEMAND

Google admits that Sonos sets forth a demand for a trial by jury.  Google likewise demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

Subject to the responses above, Google alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the affirmative defenses described below, subject to its responses above, Google specifically reserves all rights to allege additional affirmative defenses, at law or in equity, that may exist now or may be available in the future based on discovery and further investigation in this action.

## FIRST DEFENSE: NON-INFRINGEMENT

1.      Google does not infringe and has not infringed, either literally or under the doctrine of equivalents, and is not liable for infringement of, any valid and enforceable claim of the '615, '033, '966, and '885 patents ("Asserted Patents"), including under the doctrine of equivalents or reverse doctrine of equivalents.

## SECOND DEFENSE: INVALIDITY

2.      The claims of the Asserted Patents are invalid and unenforceable for failure to comply with the conditions for patentability under the patent laws of the United States, 35 U.S.C. §§ 1 et seq., including 35 U.S.C. §§ 101, 102, 103, and/or 112.

3.      By way of example, the asserted claims of the asserted '966 and '885 patents are invalid based on, for instance, one or more of U.S. Patent No. 7,571,014 (Lambourne), Canadian Patent No. 2,533,852 (Millington), U.S. Patent No. 8,239,559 (Rajapaske), the Sonance DAB1 System, Sonos Forums and several prior art systems such as a Sonos system, Bose system, Crestron Adagio, Home Director, or Squeezebox, and one or more other prior art references, including references listed on the face of the '885 and '966 patents.  By way of example, the asserted claims of the asserted '615 and '033 patents are invalid based on, for instance, one or more prior art systems

1   and publications such as the Tungsten System, NexusQ System, YouTube Remote System, Twonky

2   System, Airplay System, Sonos5 System, Squeezebox System, or Spotify System, U.S. Patent

3   Publication No. 2005/251566 (Weel), U.S. Patent No. 8,050,652 (Qureshey), U.S. Patent Pub. No.

4   2008/0120501 (Jannick), U.S. Patent No. 7,720,686 (Volk), the DLNA Networked Devices

5   Interoperability Guidelines (DLNA), and one or more other prior art references, including references

6   listed on the face of the '615 and '033 patents.

7   ### THIRD DEFENSE: PROSECUTION HISTORY ESTOPPEL

8   4.      By reason of statements, representations, concessions, admissions, arguments, and/or

9   amendments, whether explicit or implicit, made by or on behalf of the applicant during the

10  prosecution of the patent applications that led to the issuance of the Asserted Patents, Sonos's claims

11  of patent infringement are barred, in whole or in part, by the doctrine of prosecution history estoppel.

12  ### FOURTH DEFENSE: UNCLEAN HANDS

13  5.      By virtue of Sonos's negligent, willful and other wrongful conduct, the equitable

14  doctrine of unclean hands bars Sonos from recovering against Google, at least with respect to the

15  '615 and '033 patents.

16  6.      For example, Sonos has referred to the '615 and '033 patents as "cloud queue

17  patents": "Two of the patents-in-suit are what we call our cloud queue patents, and they deal with

18  exactly how music streaming on a cloud gets transferred between a device, let's say a cell phone,

19  and a speaker and how do you take a queue that's queued up in the cloud and transfer that queue of

20  music from one device to another." *See* Ex. 1 at 17:3-8.  Both patents claim priority through a series

21  of continuation applications to U.S. Application No. 13/341,237, filed on December 30, 2011, and

22  name Mr. Tad Coburn as an inventor.  But Sonos did not introduce the alleged notion of a cloud-

23  based queue into its patents until 2019.  *See, e.g.*, '033 prosecution history (November 1, 2019

24  amendment adding notion of "remote playback queue").

25  7.      In approximately 2013, Google and Sonos began collaborating with respect to

26  integrating Google Play Music with Sonos devices.  The parties entered into several contracts that

27  relate to that collaboration, including a November 2013 Content Integration Agreement, ███████

28  ████████████████████████████████████████████████████████████████████

1  ███████████████████████████████████████████████████

2  ██████ and that Sonos would not ███████████████████ any right, title or interest

3  in such work.  Ex. 2 at Recitals & § 3.4.

4  　　　　8.　　Many of Sonos's infringement allegations are directed at Google technologies that

5  arise out of or are related to work done by Google as part of the collaboration.  For example, at the

6  same time that the Content Integration Agreement was signed, in November 2013, Google told

7  Sonos that it was considering ██████████████████ for certain aspects of development

8  related to the collaboration. Ex. 3.  "Tad" Coburn, then a Principal Software Engineer at Sonos,

9  acknowledged Google's idea as ████████████ while noting that it ████████████████

10  ██████  *Id.*  Google went on to develop its technology, and the details of Google's development

11  work were known to Sonos at the time in connection with the parties' collaboration.  Sonos also

12  understood – and acknowledged at the time – that Google would be using its technology not just in

13  connection with Sonos devices but also in connection with other devices.

14  　　　　9.　　Technology that Google was developing in 2013 and 2014 (which Sonos was aware

15  of in connection with the parties' collaboration), including this cloud queue technology, is in

16  relevant respects, analogous to technology that Sonos now accuses of infringing its patents.

17  　　　　10.　　At no time during the parties' collaboration did Sonos indicate to Google that

18  Google's development work was improper in any respect.  To the contrary, Sonos encouraged

19  Google to continue that development work.  And Sonos agreed both that ████████████████

20  ██████████████████████████████████████████████████

21  the November 2013 Content Integration Agreement, and that Sonos would not ████████████

22  ██████████████ any right, title or interest in such work:

███████████████████████████████████████████

Ex. 2 § 3.4.

11.     To the extent Sonos contends that Google infringes the '615 and '033 patents, and to the extent Sonos contends that it conceived of the alleged invention of the '615 and '033 patents prior to the parties' collaboration, Sonos wrongfully encouraged Google to develop the now-accused technology during the parties' collaboration, including in the context of an ████████████ ████████████████████████████████████████████████████████████████████ ████████████████████     In the alternative, to the extent Sonos contends that Google infringes the '615 and '033 patents, on information and belief, Sonos wrongfully used information it learned from Google's development work to introduce amendments to the claims of the '615 and '033 patents after the parties' collaboration and despite Sonos's agreement ████████████████████ ████████████████████████████████████████████████████     In either circumstance, Sonos's conduct was willful, wrongful, and egregious, and the doctrine of unclean hands applies.

**FIFTH DEFENSE: EQUITABLE ESTOPPEL**

12.     Sonos's claims for relief are barred, in whole or in part, by the doctrine of equitable estoppel.

13.     Google incorporates by reference its response in paragraphs 5 through 11 as if fully restated in this paragraph.

14.     For example, to the extent Sonos contends that Google infringes the '615 and '033 patents, and to the extent Sonos purportedly conceived of the alleged invention of the '615 and '033 patents prior to the parties' collaboration, Sonos wrongfully encouraged Google to develop the now-accused technology during the parties' collaboration, including in the context of an agreement providing that ████████████████████████████████████████████████████████ █████████████████████████████████████     Sonos's conduct led Google to reasonably infer that Google owned any intellectual property stemming from the development of now-accused technology and/or that Sonos did not intend to enforce its purported intellectual property rights with respect to that technology.

15.     Google relied on Sonos's conduct by, for instance, proceeding with the development and commercialization of its technology.

16.     Google would be materially harmed if Sonos were permitted to assert that Google infringes the asserted patents, and Sonos's assertion would be inconsistent with Sonos's earlier conduct.   Google has invested in the development and commercialization of now-accused technology and, had Sonos brought its claims without delay, Google could have taken action to avoid any purported claim of infringement and thereby moot those claims.

## SIXTH DEFENSE: WAIVER

17.     Sonos's claims for relief are, in whole or in part, barred by the doctrine of waiver.

18.     Google incorporates by reference its response in paragraphs 5 through 16 as if fully restated in this paragraph.

19.     For example, to the extent Sonos contends that Google infringes the '615 and '033 patents, and to the extent Sonos purportedly conceived of the alleged invention of the '615 and '033 patents prior to the parties' collaboration, Sonos wrongfully encouraged Google to develop the now-accused technology during the parties' collaboration, including in the context of an agreement providing that ███████████████████████████████████████████████████████ ███████████████████████████████████████████ Sonos thereby, and with full knowledge of the material facts, intentionally relinquished its right to bring an action based on the '615 and '033 patents, or intentionally acted inconsistently with claiming such rights.

## SEVENTH DEFENSE: IMPLIED LICENSE

20.     Sonos's claims of infringement are barred, in whole or in part, by the doctrine of implied license.

21.     Google incorporates by reference its response in paragraphs 5 through 19 as if fully restated in this paragraph.

22.     For example, to the extent Sonos contends that Google infringes the '615 and '033 patents, and to the extent Sonos purportedly conceived of the alleged invention of the '615 and '033 patents prior to the parties' collaboration, Sonos wrongfully encouraged Google to develop the now-accused technology during the parties' collaboration, including in the context of an agreement

1  providing █████████████████████████████████████████████████████████████

2  ██████████████████████████████████████████████████  As a result of

3  Sonos's conduct, Google reasonably inferred that Sonos consented to any alleged use by Google of

4  the now-accused technology.

5  **EIGHTH DEFENSE: LIMITATION ON LIABILITY**

6     23.     Sonos's claims, and the damages sought by Sonos, are limited and/or barred, in

7  whole or in part, by the parties' 2013 Content Integration Agreement.

8     24.     Google incorporates by reference its response in paragraphs 5 through 22 as if fully

9  restated in this paragraph.

10    25.     The 2013 Content Integration Agreement limits ████████████████████████████

11 ████████████████████████████████████████████████████████████████████████████████

12 ████████████████████████████████████████████████████████████████████████████████

13 ████████████████████████████  Ex. 2.  Sonos's allegations with respect to the '615 and '033 patents

14 relate to the subject matter of the 2013 Content Integration Agreement, including because, pursuant

15 to that agreement, ██████████████████████████████████████████████████████████████

16 ████████████████████████████  Especially in light of the facts recounted in paragraphs 5 through

17 22, there was no gross negligence, willful misconduct, breach of confidentiality, or willful

18 misappropriation on behalf of Google.  Accordingly, any recovery for the purported infringement

19 of the '615 and '033 patents is limited to ████████

20 **NINTH DEFENSE: DAMAGES LIMITATIONS**

21    26.     On information and belief, Sonos's claims for relief are limited or barred, in whole

22 or in part, by 35 U.S.C. §§ 286, 287 and/or 288.  To the extent that Sonos, its predecessors, or any

23 of their licensees of the Asserted Patents failed to properly mark any relevant products or materials

24 as required by 35 U.S.C. § 287, Sonos's damages are barred, in whole or in part.

25 **TENTH DEFENSE: RES JUDICATA**

26    27.     On information and belief, Sonos's willful, induced, and contributory infringement

27 claims are barred, in whole or in part, by the doctrine of res judicata because the Court has already

28 found similar allegations insufficient.  In its March 16, 2022 Order granting Google's Motion to

1 Dismiss Sonos's SAC in the Transferred Action, the Court found that similar allegations did "not

2 plausibly allege[] Google had the requisite knowledge" for willful and indirect infringement. MTD

3 Order at 9. It also concluded that similar assertions "failed to properly allege there are no substantial

4 noninfringing uses for the accused products." *Id.* at 13. Accordingly, the Court dismissed similar

5 willful, induced, and contributory infringement claims. *Id.*

6 **ELEVENTH DEFENSE: COLLATERAL ESTOPPEL**

7 28.     On information and belief, Sonos's willful, indirect, and contributory infringement

8 claims are barred, in whole or in part, by the doctrine of collateral estoppel because the Court has

9 already found similar allegations insufficient. In its March 16, 2022 Order granting Google's

10 Motion to Dismiss Sonos's SAC in the Transferred Action, the Court found that similar allegations

11 did "not plausibly allege[] Google had the requisite knowledge" for willful and indirect

12 infringement. MTD Order at 9. It also concluded that similar assertions "failed to properly allege

13 there are no substantial noninfringing uses for the accused products." *Id.* at 13. Accordingly, the

14 Court dismissed similar willful, induced, and contributory infringement claims. *Id.*

15 **TWELFTH DEFENSE: PROSECUTION LACHES**

16 29.     One or more of the Asserted Patents are unenforceable, in whole or in part, against

17 Google under the doctrine of prosecution laches.

18 30.     For example, Sonos's '033 patent was filed on April 19, 2019 and issued on

19 September 15, 2020. The application that issued as the '033 patent is a continuation of U.S.

20 Application No. 15/872,500, filed on January 16, 2018, which is a continuation of U.S. Application

21 No. 14/520,578, filed on October 22, 2014, which is a continuation of U.S. Application No.

22 13/341,237, filed on December 30, 2011.

23 31.     Sonos unreasonably delayed pursuing the claims of the '033 patent for approximately

24 eight years. Indeed, Sonos did not pursue claims directed at a "remote playback queue" until it filed

25 the '033 patent. Specifically, approximately eight years after the written description of the '033

26 patent was filed as the '237 application, Sonos amended its claims to introduce the alleged notion

27 of a "remote playback queue." *See, e.g.*, '033 prosecution history (November 1, 2019 amendment

28 adding notion of "remote playback queue"). The claims of the '033 patent issued with claims

reciting a "remote playback queue" on September 15, 2020, approximately two weeks prior to the filing of this lawsuit.

32.     While Google contends that Sonos's '033 patent does not provide written description support for the "remoted playback queue" amendment, to the extent Sonos disagrees Sonos has not identified any reason why it could not have presented the claims earlier.  The specification and figures of the '033 patent are the same as those filed in the continuation applications that the '033 patent claims priority to, and Sonos pursued over one overlapping claims in the nearly eight years before it pursued the "remote playback queue" claims.

33.     As a result of Sonos's unexplained and unreasonable delay, Google has been prejudiced.  For example, Google invested time and resources in the development of the accused cloud queue technology and its collaboration with Sonos based on its understanding that ███ ████████████████████████████████████████ Sonos's silence and years of delay in ultimately pursuing claims that it now contends to cover this technology is highly prejudicial to Google.

34.     As another example, Sonos's '966 patent was filed on April 12, 2019 and issued on November 5, 2019.  The patent is a continuation of U.S. patent application Ser. No. 15/130,919, filed on April 15, 2016, entitled "ZONE SCENE ACTIVATION," which is a continuation of U.S. patent application Ser. No. 14/465,457, filed on August 21, 2014, entitled "METHOD AND APPARATUS FOR UPDATING ZONE CONFIGURATIONS IN A MULTI-ZONE SYSTEM," which is a continuation of U.S. patent application Ser. No. 13/896,829, filed on May 17, 2013, entitled "METHOD AND APPARATUS FOR UPDATING ZONE CONFIGURATIONS IN A MULTI-ZONE SYSTEM," which is a continuation of U.S. patent application Ser. No. 11/853,790, filed September 11, 2007, entitled "CONTROLLING AND MANIPULATING GROUPINGS IN A MULTI-ZONE MEDIA SYSTEM," which claims priority to U.S. Provisional Application No. 60/825,407 filed on September 12, 2006.

35.     Similarly, Sonos's '885 patent was filed on April 12, 2019, and is also a continuation of and claims priority to U.S. patent application Ser. No. 15/130,919, filed on April 15, 2016, entitled "ZONE SCENE ACTIVATION," which is a continuation of U.S. patent application Ser. No. 14/465,457, filed on August 21, 2014, entitled "METHOD AND APPARATUS FOR

UPDATING ZONE CONFIGURATIONS IN A MULTI-ZONE SYSTEM," which is a continuation of U.S. patent application Ser. No. 13/896,829, filed on May 17, 2013, entitled "METHOD AND APPARATUS FOR UPDATING ZONE CONFIGURATIONS IN A MULTI-ZONE SYSTEM," which is a continuation of U.S. patent application Ser. No. 11/853,790, filed September 11, 2007, entitled "CONTROLLING AND MANIPULATING GROUPINGS IN A MULTI-ZONE MEDIA SYSTEM," which claims priority to U.S. Provisional Application No. 60/825,407 filed on September 12, 2006, entitled "CONTROLLING AND MANIPULATING GROUPINGS IN A MULTI-ZONE MEDIA SYSTEM."

36.    The claims that issued in the '996 and '885 patents purport to require a first zone player to be added to two different "zone scenes" and to continue playing in a "standalone mode" until either of the two different "zone scenes" are activated.  For example, independent claim 1 of the '885 patent recites "(i) receiving, from a network device over a data network, a first indication that the first zone player has been added to a first zone scene comprising a first predefined grouping of zone players including at least the first zone player," "(ii) receiving, from the network device over the data network, a second indication that the first zone player has been added to a second zone scene comprising a second predefined grouping of zone players including at least the first zone player," and "after receiving the first and second indications, continuing to operate in the standalone mode until a given one of the first and second zone scenes has been selected for invocation." Similarly, independent claim 1 of the '966 patent recites that "while operating in a standalone mode" the system performs the steps of "creat[ing] a first zone scene comprising a first predefined grouping of zone players including at least the first zone player and a second zone player . . . creat[ing] a second zone scene comprising . . . at least the first zone player and a third zone player."

37.    Sonos delayed in filing the claims of the '966 and '885 patents.  In the nearly thirteen years between Sonos's alleged priority date and the filing of the '966 and '885 patents, Sonos obtained numerous patents and overlapping and repetitive claims.  But Sonos unreasonably delayed filing the claims in the '966 and '885 patent for over a decade.  While Google contends that Sonos's '966 and '885 patents do not provide written description support for at least the requirement that a first zone player be added to two different "zone scenes" and to continue playing in a "standalone

1    mode" until either of the two different "zone scenes" are activated, to the extent Sonos disagrees,

2    there was no reason for Sonos not to pursue these claims earlier.

3         38.    As a result of Sonos's unexplained and unreasonable delay, Google has been

4    prejudiced.  For example, Google invested time and resources in the development of the accused

5    technology during Sonos's delay.  Google is also prejudiced because certain prior art may no longer

6    be available now that over a decade has passed.  Further, as a result of its delay, Sonos was able to

7    draft claims in view of new information and products that were not available at the time of its initial

8    filing, rather than the written description which does not support Sonos's claims.

9                              **<u>REQUEST FOR RELIEF</u>**

10        WHEREFORE, Google respectfully requests that the Court enter judgment in its favor and

11   against Sonos as follows:

12        1)  Dismissing, with prejudice, Sonos's Counterclaims against Google;

13        2)  Denying all relief that Sonos seeks in its Counterclaims and all amendments

14        thereto;

15        3)  Finding this case to be exceptional under 35 U.S.C. § 285 and awarding Google its

16        costs and attorney fees; and

17

18   Awarding any other relief the Court deems just and equitable.

19   DATED:  April 1, 2022            QUINN EMANUEL URQUHART &
                                      SULLIVAN, LLP

20

21

22        By _____*/s/ Charles K. Verhoeven*_____
               Charles K. Verhoeven

23             Attorneys for GOOGLE LLC

24

25

26

27

28

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Google respectfully demands a trial by jury on all issues triable by jury.


DATED:  April 1, 2022                  QUINN EMANUEL URQUHART &
                                       SULLIVAN, LLP


                                       By _____/s/ Charles K. Verhoeven_____
                                          Charles K. Verhoeven
                                          Attorneys for GOOGLE LLC