CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
croberts@orrick.com
ALYSSA CARIDIS (STATE BAR NO. 260103)
acaridis@orrick.com
EVAN D. BREWER (STATE BAR NO. 304411)
ebrewer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759

SEAN M. SULLIVAN (admitted *pro hac vice*)
sullivan@ls3ip.com
COLE B. RICHTER (admitted *pro hac vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone: +1 312 754 0002
Facsimile: +1 312 754 0003

*Attorneys for Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>    Plaintiff and Counterdefendant,<br><br>v.<br><br>SONOS, INC.,<br><br>    Defendant and Counterclaimant. | Case No. 3:20-cv-06754-WHA<br><br>**DECLARATION OF COLE B. RICHTER IN SUPPORT OF GOOGLE'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. 198)** |

I, Cole B. Richter, declare as follows and would so testify under oath if called upon to do so:

1. I am an attorney with the law firm of Lee Sullivan Shea & Smith LLP, counsel of record to Sonos, Inc. ("Sonos") in the above-captioned matter. I am a member in good standing of the Bar of the State of Illinois. I have been admitted *pro hac vice* in this matter. I make this declaration based on my personal knowledge, unless otherwise noted. If called, I can and will testify competently to the matters set forth herein.

2. I make this declaration in support of Google's Administrative Motion to Consider Whether Another Party's Material Should be Sealed filed on April 1, 2022 (Dkt. 198), in connection with Google's Answer to Sonos, Inc.'s ("Sonos") Amended Counterclaims ("Answer").

3. Sonos seeks an order sealing the materials as listed below:

| Document | Portions Google Sought to Be Filed Under Seal | Portions Sonos Seeks to Be Filed Under Seal | Designating Party |
|---|---|---|---|
| Google's Answer | Portions highlighted in green | Same portions highlighted in green and submitted by Google | Sonos |
| Exhibit 2 to Google's Answer | Entire document | Entire document | Sonos |
| Exhibit 3 to Google's Answer | Entire document | Entire document | Sonos |

4. I understand that the Ninth Circuit has recognized two different standards that may apply to a request to seal a document, the "compelling reasons" standard and the "good cause" standard. *Blessing v. Plex Sys., Inc.*, No. 21-CV-05951-PJH, 2021 WL 6064006, at *12 (N.D. Cal. Dec. 22, 2021) (citing *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016)). The compelling reasons standard applies to any sealing request made in connection with a motion that is "more than tangentially related to the merits of a case." *Id.* Accordingly, I understand courts in this district apply a "compelling reasons" standard to a sealing request made in connection with an answer to a complaint. *See, e.g.*, *VLSI Tech. LLC v.*

1

DECL. OF RICHTER ISO GOOGLE'S ADMIN. MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. 198)
3:20-CV-06754-WHA

1  *Intel Corp.*, No. 17-CV-05671-BLF, 2021 WL 6063965, at *1 (N.D. Cal. Dec. 22, 2021); *Delfino*

2  *Green & Green v. Workers Compensation Sols., LLC*, No. 15-CV-02302-HSG, 2015 WL

3  4235356, at *2 (N.D. Cal. Jul. 13, 2015).

4      5.    I further understand that "confidential business information in the form of 'license

5  agreements, financial terms, details of confidential licensing negotiations, and business strategies'

6  satisfies the 'compelling reasons' standard." *Hetland v. LendingTree, LLC*, No. 19-CV-02288-

7  JSC, 2021 WL 2313386, at *1 (N.D. Cal. May 3, 2021) (quoting *Exeltis USA Inc. v. First*

8  *Databank, Inc.*, Case No. 17-cv-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. Jun. 1, 2020)).

9  I also understand that confidential technical information about product features, architecture, and

10 development satisfies the "compelling reason" standard. *See Delphix Corp. v. Actifo, Inc.*, No. 13-

11 cv-04613-BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (finding compelling reasons

12 to seal where court filings contained "highly sensitive information regarding [an entity's

13 confidential] product architecture and development"); *Guzik Tech. Enterprises, Inc. v. W. Digital*

14 *Corp.*, No. 5:11-CV-03786-PSG, 2013 WL 6199629, at *4 (N.D. Cal. Nov. 27, 2013) (sealing

15 exhibit containing "significant references to and discussion regarding the technical features" of a

16 litigant's products). Under this "compelling reasons" standard, the Court should order the above-

17 listed documents sealed.

18     6.    The portions of Google's Answer highlighted in green and Exhibit 2 references

19 Sonos's confidential business information and include confidential business agreements that are

20 not public. Public disclosure of this information would harm Sonos's competitive standing and its

21 ability to negotiate future business agreements because it would give competitors access to

22 Sonos's confidential business strategies. If such information were made public, I understand that

23 Sonos's competitive standing would be significantly harmed. A less restrictive alternative than

24 sealing the highlighted portions of Google's Answer and the entirety of Exhibit 2 would not be

25 sufficient because the information sought to be sealed is Sonos's confidential business

26 information and Google contends that this information is "necessary to the affirmative defenses in

27 Google's Answer."  *See* Declaration of Jocelyn Ma in Support of Google LLC's Administrative

28

2

Decl. of Richter iso Google's Admin. Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. 198)
3:20-cv-06754-WHA

Motion to Seal Portion of Its Answer to Sonos, Inc.'s Amended Counterclaims ¶¶ 4, 5 (Dkt. 197-1).

7. Additionally, Exhibit 3 references Sonos's confidential business information and trade secrets, including details regarding the source code, architecture, and technical operation of various products. The specifics of how these functionalities operate is confidential information that Sonos does not share publicly. Thus, public disclosure of such information may lead to competitive harm as Sonos's competitors could use these details regarding the architecture and functionality of these products to gain a competitive advantage in the marketplace with respect to their competing products. A less restrictive alternative than sealing Exhibit 3 would not be sufficient because the information sought to be sealed is Sonos's confidential business information and trade secrets and Google contends that this information is "necessary to the affirmative defenses in Google's Answer." *See id.* ¶ 6 (Dkt. 197-1).

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this 8th day of April, 2022 in Chicago, Illinois.

*/s/ Cole B. Richter*
COLE B. RICHTER

3

DECL. OF RICHTER ISO GOOGLE'S ADMIN. MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. 198)
3:20-CV-06754-WHA