# EXHIBIT 17

| *Notice of Allowability* | Application No. 16/383,561 | Applicant(s) Lambourne, Robert A. | |
|---|---|---|---|
| | Examiner PAUL C MCCORD | Art Unit 2654 | AIA (FITF) Status No |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☑ This communication is responsive to Claims, Remarks, TD as filed 4/27/20.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2. ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

3. ☑ The allowed claim(s) is/are 1-20 . As a result of the allowed claim(s), you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov**.

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   **Certified copies:**
   a) ☐All    b) ☐ Some    *c) ☐ None of the:
      1. ☐ Certified copies of the priority documents have been received.
      2. ☐ Certified copies of the priority documents have been received in Application No. _____ .
      3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).
   * Certified copies not received: _____ .

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application.
**THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ CORRECTED DRAWINGS (as "replacement sheets") must be submitted.
   ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____ .
   Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**
1. ☐ Notice of References Cited (PTO-892)
2. ☑ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date _____.
3. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material _____.
4. ☑ Interview Summary (PTO-413), Paper No./Mail Date _____.
5. ☐ Examiner's Amendment/Comment
6. ☑ Examiner's Statement of Reasons for Allowance
7. ☐ Other _____.

/PAUL C MCCORD/
Primary Examiner, Art Unit 2654

Application/Control Number: 16/383,561                                                                                          Page 2
Art Unit: 2654

### Notice of Pre-AIA or AIA Status

The present application is being examined under the pre-AIA first to invent provisions.

### Reasons for Allowance

The following is an examiner's statement of reasons for allowance: the prior art does not reasonably teach the subject matter of the independent claims. Particularly while DME operates to accomplish playback of selected media in synchrony on a selected set of first, second, etc. playback devices when a scene is invoked upon said set of players, DME does not allow for continuous output of media on a particular playback device and joining of the continuous output by a selected playback device or set thereof in synchrony with media currently playing back upon the particular playback device. That is, the prior art enables the selection of a device or group for synchronized playback of media, however the synchronization is the start of the process. Whereas invocation of a scene which adds a playback device or group thereof as claimed causes the added playback device(s) to join with a particular playback device currently playing media and output said media in synchrony with the particular playback device without a pause or interruption of the playing media nor any need for a user to further engage with playback controls of the playing media. The Bose teaches a system which allows for synchronous addition of media players to a playback system while delivering a playing media without interruption. Bose displays static groupings of media players attached as "rooms" and the rooms may be individually activated and individually configured for delivery of a synchronous media and/or grouped into a party mode where all rooms synchronously deliver a common media. As such Bose does not allow dynamic additions and subtractions such as the synchronous addition of a particular third media player and removal of a second media player in substantially real time by the selection of an appropriately configured scene, nor does Bose enable scene-wise storage of such diverse groupings of media players.

Application/Control Number: 16/383,561 Page 3
Art Unit: 2654

Any comments considered necessary by applicant must be submitted no later than the payment of the issue fee and, to avoid processing delays, should preferably accompany the issue fee. Such submissions should be clearly labeled "Comments on Statement of Reasons for Allowance."

### *Conclusion*

Any inquiry concerning this communication or earlier communications from the examiner should be directed to PAUL C MCCORD whose telephone number is (571)270-3701. The examiner can normally be reached on 730-630 M-F.

Examiner interviews are available via telephone, in-person, and video conferencing using a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, VIVIAN CHIN can be reached on 5712727848. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see https://ppair-my.uspto.gov/pair/PrivatePair. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.