QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
Lindsay Cooper (Bar No. 287125)
lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:   (415) 875-6600
Facsimile:    (415) 875-6700

*Attorneys for Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>              Plaintiff,<br><br>       vs.<br><br>SONOS, INC.,<br><br>              Defendant. | CASE NO. 3:20-cv-06754-WHA<br>Related to CASE NO. 3:21-cv-07559-WHA<br><br>**DECLARATION OF JOCELYN MA IN SUPPORT OF SONOS, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. NO. 203)** |

I, Jocelyn Ma, declare and state as follows:

1. I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate at Quinn Emanuel Urquhart & Sullivan LLP representing Google LLC ("Google") in this matter. I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2. I make this declaration in support of Sonos, Inc.'s ("Sonos") Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("Administrative Motion") (Dkt. No. 203) filed in connection with Sonos's Reply Claim Construction Brief ("Reply Brief") (Dkt. No. 202). If called as a witness, I could and would testify competently to the information contained herein.

3. Google seeks an order sealing the materials as listed below:

| Document | Portions Sonos Sought to Be Filed Under Seal | Portions Google Seeks to Be Filed Under Seal | Designating Party |
|---|---|---|---|
| Exhibit 24 to Reply Brief ("Exhibit 24") | Entire Document | Portions outlined in red boxes | Google |

4. I understand that the Court analyzes sealing requests in connection with claim construction briefs pursuant to the "good cause" standard for non-dispositive motions. *See, e.g.*, *Space Data Corp. v. Alphabet Inc.*, No. 16-CV-03260-BLF, 2018 WL 10454863, at *2 (N.D. Cal. July 16, 2018) ("Since the sealing request relates to a non-dispositive claim construction brief, the 'good cause' standard for sealing applies.") (quoting *Symantec Corp. v. Acronis, Inc.*, No. 12-CV-05331-JST, 2013 WL 5913756, at *2 (N.D. Cal. Oct. 31, 2013)).

5. The portions of Exhibit 24 outlined in red boxes contain references to Google's confidential business information and trade secrets, including details regarding source code, architecture, and technical operation of Google's products. The specifics of how these functionalities operate is confidential information that Google does not share publicly. Thus, I understand that the public disclosure of such information could lead to competitive harm to Google, as competitors could use these details regarding the architecture and functionality of Google's products to gain a

1  competitive advantage in the marketplace with respect to their competing products.  A less restrictive
2  alternative than sealing would not be sufficient because the information sought to be sealed is
3  Google's confidential business information and trade secrets but has been utilized by Sonos in support
4  of Sonos's Reply Brief.

5   I declare under penalty of perjury under the laws of the United States of America that to the
6  best of my knowledge the foregoing is true and correct.  Executed on April 18, 2022, in San
7  Francisco, California.

8  DATED:  April 18, 2022

By:  */s/ Jocelyn Ma*
      Jocelyn Ma

-2-   CASE NO. 3:20-cv-06754-WHA
DECLARATION OF JOCELYN MA