QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
Lindsay Cooper (Bar No. 287125)
lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:   (415) 875-6600
Facsimile:    (415) 875-6700

*Attorneys for Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>             Plaintiff,<br><br>      vs.<br><br>SONOS, INC.,<br><br>             Defendant. | CASE NO. 3:20-cv-06754-WHA<br>Related to CASE NO. 3:21-cv-07559-WHA<br><br>**DECLARATION OF JOCELYN MA IN SUPPORT OF SONOS, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. NO. 209)** |

I, Jocelyn Ma, declare and state as follows:

1. I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate at Quinn Emanuel Urquhart & Sullivan LLP representing Google LLC ("Google") in this matter. I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2. I make this declaration in support of Sonos, Inc.'s ("Sonos") Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("Administrative Motion") (Dkt. No. 209) filed in connection with Sonos's Patent Showdown Motion for Summary Judgment ("Motion for Summary Judgment") (Dkt. No. 208). If called as a witness, I could and would testify competently to the information contained herein.

3. Google seeks an order sealing the materials as listed below:

| Document | Portions Sonos Sought to Be Filed Under Seal | Portions Google Seeks to Be Filed Under Seal | Designating Party |
|---|---|---|---|
| Motion for Summary Judgment | Portions Highlighted in Yellow | Portions highlighted in yellow | Google |
| Declaration of Dr. Kevin C. Almeroth in Support of Motion ("Almeroth Declaration") | Entire Document | Portions outlined in blue boxes | Google |
| Exhibit B to the Declaration of J. Dan Smith III in Support of Motion for Summary Judgment ("Exhibit B") | Entire Document | Portions outlined in red boxes | Google |
| Exhibit D to the Declaration of J. Dan Smith III in Support of Motion for Summary Judgment ("Exhibit D") | Entire Document | Entire Document | Google |
| Exhibit F to the Declaration of J. Dan Smith III in Support of Motion for Summary Judgment ("Exhibit F") | Entire Document | Entire Document | Google |
| Exhibit G to the Declaration of J. Dan Smith III in Support of Motion for Summary Judgment ("Exhibit G") | Entire Document | Entire Document | Google |
| Exhibit H to the Declaration of J. Dan Smith III in Support of Motion for Summary Judgment ("Exhibit H") | Entire Document | Portions outlined in red boxes | Google |
| Exhibit I to the Declaration of J. Dan Smith III in Support of Motion for Summary Judgment ("Exhibit I") | Entire Document | Entire Document | Google |

| | | | |
|---|---|---|---|
| Exhibit L to the Declaration of J. Dan Smith III in Support of Motion for Summary Judgment ("Exhibit L") | Entire Document | Entire Document | Google |
| Exhibit M to the Declaration of J. Dan Smith III in Support of Motion for Summary Judgment ("Exhibit M") | Entire Document | Entire Document | Google |
| Exhibit N to the Declaration of J. Dan Smith III in Support of Motion for Summary Judgment ("Exhibit N") | Entire Document | Entire Document | Google |
| Exhibit O to the Declaration of J. Dan Smith III in Support of Motion for Summary Judgment ("Exhibit O") | Entire Document | Entire Document | Google |
| Exhibit P to the Declaration of J. Dan Smith III in Support of Motion for Summary Judgment ("Exhibit P") | Entire Document | Entire Document | Google |
| Exhibit Q to the Declaration of J. Dan Smith III in Support of Motion for Summary Judgment ("Exhibit Q") | Entire Document | Entire Document | Google |

4.  I understand that the Court analyzes sealing requests in connection with motions for summary judgment pursuant to the "compelling reasons" standard. *See, e.g.*, *Edwards Lifesciences Corp. v. Meril Life Scis. Pvt. Ltd.*, No. 19-CV-06593-HSG, 2021 WL 5233129, at *4 (N.D. Cal. Nov. 10, 2021); *Baird v. BlackRock Institutional Tr. Co., N.A.*, No. 17-CV-01892-HSG, 2021 WL 105619, at *5 (N.D. Cal. Jan. 12, 2021).

5.  The highlighted portions of Sonos's Motion for Summary Judgment as well as Exhibits D, F, G, I, L, M, N, O, and P contain references to Google's confidential business information and trade secrets, including details regarding source code, architecture, and technical operation of Google's products. The specifics of how these functionalities operate is confidential information that Google does not share publicly. Thus, I understand that the public disclosure of such information could lead to competitive harm to Google, as competitors could use these details regarding the architecture and functionality of Google's products to gain a competitive advantage in the marketplace with respect to their competing products. In addition, Exhibits N and O are excerpts of deposition transcripts designated "HIGHLY CONFIDENTIAL BUSINESS INFORMATION" pursuant to a protective order entered in the International Trade Commission matter *Certain Audio Players and Controllers, Components Thereof, and Products Containing Same*, Inv. No. 337-TA-1191. A less restrictive alternative than sealing would not be sufficient because the information sought to be sealed

1  is Google's confidential business information and trade secrets but has been utilized by Sonos in
2  support of Sonos's Motion for Summary Judgment.

3        6.      The portions of the Almeroth Declaration outlined in blue boxes and the portions of
4  and Exhibits B and H outlined in red boxes contain references to Google's confidential business
5  information and trade secrets, including details regarding source code, architecture, and technical
6  operation of Google's products.  The specifics of how these functionalities operate is confidential
7  information that Google does not share publicly.  Thus, I understand that the public disclosure of such
8  information could lead to competitive harm to Google, as competitors could use these details
9  regarding the architecture and functionality of Google's products to gain a competitive advantage in
10 the marketplace with respect to their competing products.  Although Sonos's Administrative Motion
11 sought to seal the entirety of these exhibits, Google seeks to seal only the portions outlined in blue
12 boxes in the unredacted version of the Almeroth Declaration and the portions outlined in red boxes in
13 the unredacted version of Exhibits B and H filed in connection with this Declaration.  A less
14 restrictive alternative than sealing would not be sufficient because the information sought to be sealed
15 is Google's confidential business information and trade secrets but has been utilized by Sonos in
16 support of Sonos's Motion for Summary Judgment.
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28

7. Exhibit Q contains confidential information regarding Google's highly sensitive financial and product revenue data, as well as figures from which a competitor could deduce Google's highly sensitive financial and product revenue data. Public disclosure of this information would harm Google's competitive standing and create a risk of injury by providing competitors with access to information that Google does not have similar access to about their competitors, allowing them to gain a competitive advantage in the marketplace. Thus, Google has a compelling interest in keeping such information under seal. A less restrictive alternative than sealing the exhibit would not be sufficient because the information sought to be sealed is Google's confidential and highly sensitive financial information but has been utilized by Sonos in support of Sonos's Motion for Summary Judgment.

I declare under penalty of perjury under the laws of the United States of America that to the best of my knowledge the foregoing is true and correct. Executed on April 20, 2022, in San Francisco, California.

DATED: April 20, 2022

By: */s/ Jocelyn Ma*
Jocelyn Ma