# EXHIBIT B

# FILED UNDER SEAL

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Attorneys for GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>        Plaintiff<br><br>    v.<br><br>SONOS, INC.,<br><br>        Defendant. | Case No. 3:20-cv-06754-WHA |

**GOOGLE LLC'S THIRD SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF SONOS, INC.'S FIRST SET OF FACT DISCOVERY INTERROGATORIES (NOS. 13, 14, 15)**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Google LLC ("Google") hereby objects and responds to Plaintiff Sonos, Inc.'s ("Sonos") First Set of Fact Discovery Interrogatories to Defendant ("Interrogatories"). Google responds to these Interrogatories based on its current understanding and the information reasonably available to Google at the present time. Google reserves the right to supplement these responses if and when additional information becomes available.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**OBJECTIONS AND RESPONSES TO FACT DISCOVERY INTERROGATORIES**

**INTERROGATORY NO. 13**

Describe in detail how the Google Home app running on a computing device (e.g., an Accused Pixel Device, an Accused Cast-Enabled Display, or a third-party mobile phone or tablet), independently or working with other software on the computing device, enables a user to manually,"[1] as opposed to "dynamically," create a "speaker group"[2] of two or more Accused Cast-Enabled Media Players and then play media from such a manually created "speaker group" including, but not limited to, (i) describing in detail any information that is exchanged between the computing device and the Accused Cast-Enabled Media Players to facilitate the aforementioned functionality and how such exchange takes place, (ii) describing in detail any information that is stored at the Accused Cast-Enabled Media Players to facilitate the aforementioned functionality and how such storage takes place, and (iii) identifying by filename and method/function name the specific source code related to the functionality described in (i)-(ii).

**OBJECTIONS:**

Google incorporates by reference all of its General Objections as if fully set forth herein. Google objects to this interrogatory on the grounds that it is vague, ambiguous, unclear as to information sought, and lacking sufficient particularity to permit Google to reasonably prepare a response with respect to the undefined terms "manually," "dynamically," "third-party mobile phone or tablet," "independently or working with other software on the computing device," "exchanged between the computing device and the Accused Cast-Enabled Media Players," "facilitate," "who such exchange takes place," "any information that is stored," "how such storage takes place," "filename," and "method/function name." Google further objects to this interrogatory to the extent that it assumes the existence of hypothetical facts that are incorrect or unknown to Google.

---

[1] *See, e.g.*, https://blog.google/products/google-nest/new-multi-room-audio-control-nest/.

[2] *See, e.g.*, https://support.google.com/googlenest/answer/7174267?co=GENIE.Platform%3DAndroid&hl=en.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Google also objects to this interrogatory as overbroad, burdensome, and not proportional to the needs of the case, including to the extent it seeks information that is not relevant to any claim or defense of any party or to the subject matter of this action, including to the extent that it seeks information about "a third-party mobile phone or tablet" and non-accused instrumentalities or technology. Google further objects to this interrogatory as overbroad and unduly burdensome to the extent that it seeks information that is publicly available, not uniquely within the control of Google, or is equally available to Sonos. Google additionally objects to this interrogatory to the extent it seeks communications and information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Google further objects to this interrogatory to the extent it seeks confidential and/or proprietary business information. Google also objects to this interrogatory to the extent that it premature seeks expert discovery, opinion, and/or testimony. Google additionally objects to this interrogatory to the extent it seeks information that is not reasonably accessible or that is not within Google's possession, custody, or control.

**RESPONSE:**

Subject to and without waiving the foregoing General and Specific objections, Google responds, as follows:

Google objects to this interrogatory as vague, ambiguous, unclear as to information sought, and lacking sufficient particularity to permit Google to reasonably prepare a response. Google is willing to meet and confer to clarify the scope of this request, in particular to the extent it seeks information regarding how the Google Home app "enables a user to 'manually,' as opposed to 'dynamically,' create a 'speaker group.'"

**SUPPLEMENTAL RESPONSE:**

Google maintains the General and Specific objections set forth above. Google further objects to this interrogatory on the grounds that it is vague and ambiguous to the extent it seeks information regarding products not specifically identified by make or model number in Sonos's infringement contentions. For example, Google objects to Accused Cast-Enabled App to the extent it seeks information regarding products not specifically identified in Sonos's infringement contentions. Google also objects to this interrogatory to the extent it seeks to encompass Spotify,

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1  which is a separate, third-party application.  Subject to and without waiving the foregoing General
2  and Specific objections, Google responds, as follows:

3  ███████████████████████████████████████████
4  ███████████████████████████████████████████
5  ███████████████████████████████████████████
6  ███████████████████████████████████████████
7  ███████████████████████████████████████████
8  ███████████████████████████████████████████
9  ███████████████████████████████████████████
10 ███████████████████████████████████████████
11 ███████████████████████████████████████████
12 ███████████████████████████████████████████
13 ███████████████████████████████████████████
14 ███████████████████████████████████████████
15 ███████████████████████████████████████████
16 ███████████████████████████████████████████
17 ███████████████████████████████████████████
18 ███████████████████████████████████████████
19 ███████████████████████████████████████████
20 ███████████████████████████████████████████
21 ███████████████████████████████████████████
22 ███████████████████████████████████████████
23 ███████████████████████████████████████████
24 ███████████████████████████████████████████
25 ███████████████████████████████████████████
26 ███████████████████████████████████████████
27 ███████████████████████████████████████████
28 ███████████████████████████████████████████

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



■■■
■■■
■■■

**INTERROGATORY NO. 14:**

For each Accused Cast-Enabled App, describe in detail how the given Accused Cast-Enabled App (e.g., YouTube Music, YouTube, Google Play Music, Google Podcasts, Spotify) running on a computing device (e.g., an Accused Pixel Device, an Accused Cast-Enabled Display, or a third-party mobile phone or tablet), independently or working with other software on the computing device, enables a user to "cast,"[3] or otherwise move or transfer media,[4] to an Accused Cast-Enabled Media Player including, but not limited to, (i) describing in detail any information that is exchanged between the computing device, the Accused Cast-Enabled Media Player, and/or any Accused Google Server to facilitate the aforementioned functionality and how such exchange takes place, (ii) describing in detail any creation, existence, modification, or deletion of any "queue"[5] of one or more media items to facilitate the aforementioned functionality and how such creation, existence, modification, or deletion takes place, and (iii) identifying by filename and method/function name the specific source code related to the functionality described in (i)-(ii).

**OBJECTIONS:** Google incorporates by reference all of its General Objections as if fully set forth herein. Google objects to the characterization of this interrogatory as a single interrogatory given that it contains multiple discrete subparts under Fed. R. Civ. P. 33(a)(1). Google objects to this interrogatory on the grounds that it is vague, ambiguous, unclear as to information sought, and lacking sufficient particularity to permit Google to reasonably prepare a response with respect to the undefined terms "running on a computing device," "independently or working with other software on the computing device," "information that is exchanged," "facilitate," "how such exchange takes place," "creation, existence, modification, or deletion," "how such creation, existence, modification,

---

[3] *See, e.g.*, https://support.google.com/googlenest/answer/7181830.
[4] *See, e.g.*, https://support.google.com/chromecast/answer/9563059?co=GENIE.Platform%3DAndroid&hl=en
[5] *See, e.g.*, https://developers.google.com/cast/docs/ios_sender/queueing.