# **EXHIBIT E**

# Maruska, Amy

| | |
|---|---|
| **From:** | Cole Richter <richter@ls3ip.com> |
| **Sent:** | Friday, March 11, 2022 4:51 PM |
| **To:** | Nima Hefazi |
| **Cc:** | QE-Sonos3; Sonos-NDCA06754-service; Anne-Raphaëlle Aubry |
| **Subject:** | RE: Sonos III - Google's Invalidity Contentions |

**This message originated from outside your organization**

Nima,

Sonos's February 10 letter did not "pose[] questions." The letter (1) pointed out Google's utter failure to provide any narrative explanation whatsoever explaining Google's theories of invalidity – a failure that permeates every last one of Google's 46 charts and for which we provided three *examples* to illustrate, (2) asked if Google intended to move for leave to amend its invalidity contentions (which we offered not to oppose), and (3) stated that, in the absence of such amendment, we intend to request the Court to preclude Google from advancing any theory that is not set out in these contentions.

Rather than take Sonos up on this offer, you simply provided via letter a narrative "response" to the three examples called out in our February 10 letter. Obviously, you agree that Google's charts fail to set forth a narrative explanation of its theories because rather than point to any place where this information could be found in the contentions, you had to provide it for the first time in the body of the letter. In any case, even for the three examples, this response was incomplete as it failed to specifically identify any source code that Google is relying on and failed to explain the functionality of any source code or systems that Google is relying on. We explained that, even were your letter a full response, it would still be deficient because letter correspondence in this district is not a sufficient way to supplement a party's PLR contentions. *Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-CV-00876-RS(JSC), 2017 WL 5257001, at *5 (N.D. Cal. Nov. 13, 2017) ("Stryker cannot rely on theories in an expert report, an interrogatory response, or otherwise not disclosed in its Invalidity Contentions," rejecting supplemental explanation of invalidity contentions set forth in a letter to counsel).

We disagree that "before February 10 . . . Sonos had never met and conferred with Google regarding its invalidity contentions." We had several meet and confers throughout January specifically discussing Google's invalidity contentions and the notable lack of any cognizable invalidity theories in the charts. Regardless, we are not sure what requirement Sonos has to meet and confer as Sonos was not asking the Court for any relief at this time – we simply asked if Google intended to move for leave to amend and stated our intention to, in the future, request the Court to preclude Google from advancing any theory that is not set out in these contentions.

Finally, you appear to insinuate that Sonos ought to identify more issues with Google's contentions and seek clarification accordingly. We reiterate that it is not incumbent upon Sonos to conduct discovery or to engage in letter practice in order to uncover Google's invalidity theories. *Karl Storz*, 2017 WL 5257001, at *6 ("It is not KSEA's burden to conduct discovery to clarify Stryker's invalidity contentions; Stryker is required 'to state early in the litigation and with specificity' its contentions with respect to 'infringement and invalidity.'"). It is Google's invalidity case and Google's burden to set forth cognizable invalidity theories in its actual contentions, as is required by this District. Google will not be entitled to advance a theory at trial that is not disclosed in its contentions. *Id.*

As always, we are available for conferral if it would be productive.

Best,
Cole

1

**From:** Anne-Raphaëlle Aubry <anneraphaelleaubry@quinnemanuel.com>
**Sent:** Thursday, March 10, 2022 8:52 AM
**To:** Cole Richter <richter@ls3ip.com>
**Cc:** QE-Sonos3 <qe-sonos3@quinnemanuel.com>; Sonos-NDCA06754-service@orrick.com
**Subject:** RE: Sonos III - Google's Invalidity Contentions

Counsel,

Please see attached.

Best,

Anne

**From:** Cole Richter <richter@ls3ip.com>
**Sent:** Thursday, March 3, 2022 11:40 PM
**To:** Nima Hefazi <nimahefazi@quinnemanuel.com>
**Cc:** QE-Sonos3 <qe-sonos3@quinnemanuel.com>; Anne-Raphaëlle Aubry <anneraphaelleaubry@quinnemanuel.com>; Sonos-NDCA06754-service@orrick.com
**Subject:** RE: Sonos III - Google's Fourth Set of RFPs and Correspondence

[EXTERNAL EMAIL from richter@ls3ip.com]

Nima,

Based on your March 2 letter we understand that Google will not seek leave to amend its invalidity contentions to provide either (i) an explanation as to how it contends each cited portion of the charted references or systems meets the elements of the asserted claims, or (ii) provide identification of specific source code Google is relying on.

Unfortunately, your letter explanations regarding Exs. 885-6, 615-9, and 033-3 do not appropriately address the concerns raised in our letter. This is because these explanations are not part of Google's contentions and the court has not granted Google leave to supplement its contentions with material from a letter to counsel. Regardless, these explanations would still fail to cure the deficiencies noted in the letter because they do not address all the other claim elements, claims, and charted references that are similarly missing such narrative explanations (my letter clearly noted that the referenced limitations were exemplary only and that Google's contentions were rife with similar deficiencies), nor do they identify what specific source code Google is relying or intends to rely on.

Best,
Cole


**From:** Anne-Raphaëlle Aubry <anneraphaelleaubry@quinnemanuel.com>
**Sent:** Wednesday, March 2, 2022 7:05 PM
**To:** Cole Richter <richter@ls3ip.com>; Sonos-NDCA06754-service@orrick.com
**Cc:** QE-Sonos3 <qe-sonos3@quinnemanuel.com>
**Subject:** Sonos III - Google's Fourth Set of RFPs and Correspondence

Counsel,

Please see attached. Best,

Anne