QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
Lindsay Cooper (Bar No. 287125)
lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

*Attorneys for Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>SONOS, INC.,<br><br>　　　　Defendant. | CASE NO. 3:20-cv-06754-WHA<br>Related to CASE NO. 3:21-cv-07559-WHA<br><br>**DECLARATION OF JOCELYN MA IN SUPPORT OF SONOS, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. NO. 220)** |

I, Jocelyn Ma, declare and state as follows:

1. I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate at Quinn Emanuel Urquhart & Sullivan LLP representing Google LLC ("Google") in this matter. I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2. I make this declaration in support of Sonos, Inc.'s ("Sonos") Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("Administrative Motion") (Dkt. No. 220) filed in connection with Sonos's Motion to Strike Portions of Google's Motion for Summary Judgment and Expert Declaration ("Motion to Strike") (Dkt. No. 219). If called as a witness, I could and would testify competently to the information contained herein.

3. Google seeks an order sealing the materials as listed below:

| Document | Portions Sonos Sought to Be Filed Under Seal | Portions Google Seeks to Be Filed Under Seal | Designating Party |
|---|---|---|---|
| Motion to Strike | Portions highlighted in blue and blue boxes | Portions outlined in pink boxes on pages 9, 10, and 12 | Google |
| Exhibit A to the Declaration of Alyssa Caridis in Support of Sonos's Motion to Strike ("Exhibit A") | Entire document | Portions outlined in blue boxes | Google |

4. I understand that courts analyze sealing requests for motions to strike under the "good cause" standard (*see, e.g.*, *Mendell v. Am. Med. Response, Inc.*, No. 19-CV-01227-BAS-KSC, 2021 WL 398486, at *2 (S.D. Cal. Feb. 3, 2021)); however, requests to seal information in connection with a motion for summary judgment—which is the subject of Sonos's Motion to Strike—are analyzed pursuant to the "compelling reasons" standard. *See, e.g.*, *Edwards Lifesciences Corp. v. Meril Life Scis. Pvt. Ltd.*, No. 19-CV-06593-HSG, 2021 WL 5233129, at *4 (N.D. Cal. Nov. 10, 2021); *Baird v. BlackRock Institutional Tr. Co., N.A.*, No. 17-CV-01892-HSG, 2021 WL 105619, at *5 (N.D. Cal. Jan. 12, 2021). I further understand that "sources of business information that might harm a litigant's competitive standing" such as "proprietary product information and trade secrets" meet the

1  "compelling reasons" standard.  *Illumina, Inc. v. BGI Genomics Co.*, No. 19-CV-03770-WHO, 2021 WL 4126005, at *15 (N.D. Cal. Sept. 9, 2021).

5.  The portions of Sonos's Motion to Strike outlined in pink boxes on pages 9, 10, and 12 in the unredacted version filed in connection with this declaration contain references to Google's confidential business information and trade secrets, including details regarding source code, architecture, and technical operation of Google's products.  The specifics of how these functionalities operate is confidential information that Google does not share publicly.  Thus, I understand that the public disclosure of such information could lead to competitive harm to Google, as competitors could use these details regarding the architecture and functionality of Google's products to gain a competitive advantage in the marketplace with respect to their competing products.  Although Sonos's Administrative Motion sought to seal portions of Sonos's Motion to Strike highlighted in blue and in blue boxes, Google seeks to seal only the portions outlined in pink boxes on pages 9, 10, and 12.  A less restrictive alternative than sealing would not be sufficient because the information sought to be sealed is Google's confidential business information and trade secrets but has been utilized by Sonos in support of Sonos's Motion to Strike.

//
//
//
//
//
//
//
//
//
//
//
//
//

6. The portions of Exhibit A outlined in blue boxes in the unredacted version filed in connection with this declaration contain references to Google's confidential business information and trade secrets, including details regarding source code, architecture, and technical operation of Google's products. The specifics of how these functionalities operate is confidential information that Google does not share publicly. Thus, I understand that the public disclosure of such information could lead to competitive harm to Google, as competitors could use these details regarding the architecture and functionality of Google's products to gain a competitive advantage in the marketplace with respect to their competing products. Although Sonos's Administrative Motion sought to seal the entirety of this exhibit, Google seeks to seal only the portions outlined in blue boxes in the unredacted version of Exhibit A. A less restrictive alternative than sealing would not be sufficient because the information sought to be sealed is Google's confidential business information and trade secrets but has been utilized by Sonos in support of Sonos's Motion to Strike.

I declare under penalty of perjury under the laws of the United States of America that to the best of my knowledge the foregoing is true and correct. Executed on April 28, 2022, in San Francisco, California.

DATED: April 28, 2022

By: */s/ Jocelyn Ma*
    Jocelyn Ma