CLEMENT SETH ROBERTS (Bar No. 209203)
croberts@orrick.com
BAS DE BLANK (Bar No. 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (Bar No. 260103)
acaridis@orrick.com
EVAN D. BREWER (Bar No. 304411)
ebrewer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    (415) 773-5700
Facsimile:    (415) 773-5759

GEORGE I. LEE (*pro hac* vice)
lee@ls3ip.com
SEAN M. SULLIVAN (*pro hac* vice)
sullivan@ls3ip.com
RORY P. SHEA (*pro hac* vice)
shea@ls3ip.com
J. DAN SMITH (*pro hac* vice)
smith@ls3ip.com
MICHAEL P. BOYEA (*pro hac* vice)
boyea@ls3ip.com
COLE RICHTER (*pro hac vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:    (312) 754-0002
Facsimile:    (312) 754-0003

*Attorneys for Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>Plaintiff and Counterdefendant,<br><br>v.<br><br>SONOS, INC.,<br><br>Defendant and Counterclaimant | Case No. 3:20-cv-06754-WHA<br>Related Case No. 3:21-cv-07559-WHA<br><br>**OPPOSED MOTION REQUESTING PATENT SHOWDOWN TRIAL DATE TO BE MOVED** |

Pursuant to Northern District of California Local Rule 6-3, Sonos, Inc. files this administrative motion requesting that the July 18, 2022 patent showdown trial date be moved to another date convenient for the Court and the parties' retained experts. Google has indicated that it opposes this motion.

## I. ACTION REQUESTED

An order pursuant to Civil L.R. 6-3 moving the date of the showdown trial set to begin July 18 to another date convenient to the Court and the retained experts.

## II. BACKGROUND & ARGUMENT

Sonos's technical expert for infringement and validity of U.S. Patent No. 10,848,885 ("'885 patent") has an immovable conflict with the current trial start date of July 18, 2022. Specifically, Sonos's technical expert Dr. Kevin Almeroth has an international family trip scheduled for July 20, 2022 through August 10, 2022. Richter Decl. ¶ 5. This trip has been planned since summer 2020 and was even rescheduled once due to COVID. *Id.* ¶ 6.

In Spring 2021, Sonos retained Dr. Almeroth as a technical expert in this case. *Id.* ¶ 3. Dr. Almeroth will provide opinion and testimony regarding Google's infringement of the '885 patent, as well as opinion and testimony on the validity of the '885 patent. Sonos engaged Dr. Almeroth as an expert when this case was pending in the Texas district court and well before any showdown procedures were contemplated. *See* Dkt. 68 (October 8, 2021 Patent Showdown Scheduling Order).

Sonos will be substantially prejudiced if it cannot present Dr. Almeroth's opinion and testimony at trial. Sonos carefully selected Dr. Almeroth based on his expertise with data networks, delivery of multimedia content and other data across data networks, mobile applications, multicast communication, and above-all, his extensive knowledge and expertise in the relevant art and his familiarity with the Google accused products. Dkt. 209.03, ¶ 1. Dr. Almeroth also has irreplaceable experience and knowledge of Sonos's patents. Dr. Almeroth worked on and testified in several prior cases involving Sonos patents, including ITC Inv. No. 337-TA-1191 involving Sonos and Google and many of the same accused Google products, and *Sonos, Inc. v. D&M Holdings, Inc. et*

*al.*, D. Del. Case No. 14-cv-01330, and *D&M Holdings, Inc., et al. v. Sonos, Inc.*, D. Del. Case No. 16-cv-00141.[1]

Since Spring 2021, Dr. Almeroth has devoted well over 100 hours to this case. Richter Decl. ¶ 4. Dr. Almeroth prepared a detailed declaration summarizing his opinions on infringement of the '885 patent. Dkt. 209.03. He tested each of the 12 categories of accused Google devices in multiple configurations. *See, e.g.*, *id.* ¶¶ 7, 54. He reviewed hundreds of lines of software code and thousands of pages of documents to form his opinion on infringement. *Id.* ¶¶ 10-12 & Ex. 1. Dr. Almeroth is also evaluating many possible combinations of references that Google could assert, as well as thousands of pages of discovery to form his validity opinion. Dr. Almeroth's work is ongoing, including work in preparing a fulsome expert report on infringement and preparing for a rebuttal report regarding validity.

The conflict between Dr. Almeroth's travel and the trial date cannot be resolved by taking Dr. Almeroth out of order and fitting his testimony into trial days on July 18 and 19. Dr. Almeroth will testify on Google's infringement of the '885 patent (assuming no summary judgment motion is granted), and will provide responsive testimony to Google's claim that the '885 patent is invalid. Sonos does not believe it is reasonable to expect that the jury can hear preliminary instructions from the Court, opening statements from both parties, Dr. Almeroth's infringement testimony, all of Google's invalidity testimony and evidence, *and* Dr. Almeroth's responsive validity testimony in only two trial days.

It would be extremely disruptive and costly for Sonos to retain a new infringement and validity expert at this stage of the case. Indeed, forcing Sonos to obtain a new expert would likely necessitate moving the trial date regardless. Sonos estimates that it would take at least six weeks to search for, retain, and bring another expert up to speed on this case. Richter Decl. ¶ 8. That would not leave sufficient time for preparation of an expert report, deposition of the new expert, and rebuttal reports before the currently scheduled trial. Meanwhile, Google would obtain a tactical

---

[1] Google, likewise, recognizes the importance of an expert familiar with the accused products and Sonos patents, as one of its experts in this case, Dr. Schonfeld, worked on and testified in the ITC matter.

advantage by depriving Sonos of its preferred expert—an expert who has been working on this case for the past year and has invaluable existing knowledge of Sonos's patents and Google's accused products.

Given the nature of the conflict and the amount of time Dr. Almeroth has devoted to this case, Sonos regrettably had no choice but to raise this issue. Sonos reached out to Google about Dr. Almeroth's conflict on Friday April 15, just one day after the Court set the trial date. *See* Dkt. 206 (April 14, 2022 Further Order re Patent Showdown Procedure); Richter Decl., Ex. A at 6 (April 15, 2022 A. Caridis email to L. Cooper). However, despite multiple attempts to reach agreement, Google's only objection has been that in its assessment, Dr. Almeroth's travel is not a "valid conflict." *Id.*, at 1 (May 2, 2022 L. Cooper email to A. Caridis). Google has not offered any reason why it cannot accommodate moving the showdown trial and has not claimed it would be prejudiced in any way by an adjustment to the showdown trial date. Sonos and Google met and conferred about the scheduling on May 2, 2022 but were unable to reach agreement. Richter Decl. ¶ 9.

Despite its objection to approaching the Court to accommodate Dr. Almeroth's immovable conflict, Google disclosed that one of Google's experts, Dr. Schonfeld, has a conflict with the showdown trial date as well. Google's expert, Dr. Schonfeld, is scheduled to be in a different trial the week of July 18. Google expects Dr. Schonfeld to testify about both infringement and validity of the '885 Patent, but believes that Google *could* call Dr. Schonfeld out of turn, perhaps interrupting Sonos's case-in-chief, to accommodate Dr. Schonfeld's other trial.

Pursuant to Local Rule 6-3(5), Sonos is aware of two previous modifications to the case schedule. On March 12, 2022, Sonos and Google stipulated to an extension of Google's deadline to answer or move to dismiss Sonos's counterclaims to seven days after the Court's order on Google's motion to dismiss in the related case. Dkt. 156. On May 4, 2022, Sonos and Google stipulated to an extension of the mediation deadline to accommodate the availability of the parties' and the parties' preferred mediator. Dkt. 245.

To facilitate rescheduling the trial, Sonos notes that its damages expert, Jim Malackowski, has a conflict August 15-26 and its infringement and validity expert for U.S. Patent No. 9,967,615, Dr. Doug Schmidt, has a conflict August 23-26. Richter Decl. ¶ 10.

Sonos's requested modification of the showdown trial would not affect the scheduling of summary judgment or the full trial. Sonos therefore believes rescheduling the showdown trial would have a limited effect on the remainder of the case.

### III.  CONCLUSION

Sonos respectfully requests that the Court reset the showdown trial date.

Dated:  May 5, 2022

By: */s/ Cole Richter*

Clement Seth Roberts
Bas de Blank
Alyssa Caridis
Evan D. Brewer

ORRICK, HERRINGTON & SUTCLIFFE LLP

George I. Lee (*pro hac* vice)
Sean M. Sullivan (*pro hac* vice)
Rory P. Shea (*pro hac* vice)
J. Dan Smith III (*pro hac* vice)
Michael P. Boyea (*pro hac* vice)
Cole Richter (*pro hac vice*)
Jae Y. Pak (*pro hac vice*)
Matthew J. Sampson (*pro hac vice*)
David Grosby (*pro hac vice*)

LEE SULLIVAN SHEA & SMITH LLP

*Attorneys for Sonos, Inc.*