QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

*Attorneys for GOOGLE LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>              Plaintiff,<br><br>     vs.<br><br>SONOS, INC.,<br><br>              Defendant. | CASE NO. 3:20-cv-06754-WHA<br>Related to CASE NO. 3:21-cv-07559-WHA<br><br>**GOOGLE LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS OPPOSITION TO SONOS, INC.'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO THE COURT'S PATENT SHOWDOWN PROCEDURE** |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiff Google LLC ("Google") hereby requests to file under seal portions of its Opposition to Sonos, Inc.'s ("Sonos") Motion for Summary Judgment Pursuant to the Court's Patent Showdown Procedure ("Opposition"). Specifically, Google requests an order granting leave to file under seal the portions of the documents listed below:

| Document | Portions to Be Filed Under Seal | Designating Party |
| --- | --- | --- |
| Google's Opposition | Portions highlighted in yellow and green; portions outlined in red boxes | Google & Sonos (in green) |
| Declaration of Dr. Dan Schonfeld in Support of Google's Opposition | Portions highlighted in yellow; portions outlined in red boxes | Google |
| Exhibit 1 to Declaration of Marc Kaplan in Support of Google's Opposition ("Kaplan Decl.") | Portions outlined in red boxes | Google |
| Exhibit 4 to Kaplan Decl. | Entire Document | Google & Sonos |
| Exhibit 5 to Kaplan Decl. | Entire Document | Google |
| Exhibit 8 to Kaplan Decl. | Entire Document | Google |
| Exhibit 9 to Kaplan Decl. | Entire Document | Google |
| Exhibit 10 to Kaplan Decl. | Entire Document | Google |

## II. LEGAL STANDARD

Civil Local Rule 79-5(c) provides that a party seeking to file its own documents under seal must file an administrative motion that articulates the applicable legal standard and reasons for keeping a document under seal, includes evidentiary support from a declaration where necessary, and provides a proposed order that is narrowly tailored to seal only the sealable material.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of

1   access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mutual Auto. Insurance Company*,
2   331 F.3d 1122, 1135 (9th Cir. 2003)).

3           The Ninth Circuit has recognized that two different standards may apply to a request to seal
4   a document – namely the "compelling reasons" standard or the "good cause" standard. *Blessing v.*
5   *Plex Sys., Inc.*, No. 21-CV-05951-PJH, 2021 WL 6064006, at *12 (N.D. Cal. Dec. 22, 2021) (citing
6   *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016)).  The
7   compelling reasons standard applies to any sealing request made in connection with a motion that
8   is "more than tangentially related to the merits of a case." *Id.*  Accordingly, courts in this district
9   apply a "compelling reasons" standard to a sealing request made in connection with a motion for
10  summary judgment. *See, e.g.*, *Edwards Lifesciences Corp. v. Meril Life Scis. Pvt. Ltd.*, No. 19-CV-
11  06593-HSG, 2021 WL 5233129, at *4 (N.D. Cal. Nov. 10, 2021); *Baird v. BlackRock Institutional*
12  *Tr. Co., N.A.*, No. 17-CV-01892-HSG, 2021 WL 105619, at *5 (N.D. Cal. Jan. 12, 2021).

13  **III.   THE COURT SHOULD SEAL GOOGLE'S CONFIDENTIAL INFORMATION**

14          Material that is confidential and could harm a litigant's competitive standing if disclosed
15  may be sealed under the compelling reasons standard. *Icon-IP Pty Ltd. v. Specialized Bicycle*
16  *Components, Inc.*, No. 12–cv–03844–JST2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015)
17  (information "is appropriately sealable under the 'compelling reasons' standard where that
18  information could be used to the company's competitive disadvantage"); *In re Qualcomm Litig.*,
19  No. 3:17-CV-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (concluding that
20  "compelling reasons exist to seal . . . information subject to confidentiality and non-disclosure
21  provisions" because "[s]uch insight could harm the parties in future negotiations with existing
22  customers, third-parties, and other entities with whom they do business");

23          Portions of Google's Opposition, the Declaration of Dr. Dan Schonfeld in Support of
24  Google's Opposition, and Exhibits 1, 4, 5, 8, 9, and 10 contain source code, confidential information,
25  and trade secrets regarding highly sensitive features of Google's products.  Specifically, these
26  documents detail the operation and system design of Google products and functionalities that Sonos
27  accuses of infringement.  Public disclosure of these documents would harm the competitive standing
28  Google has earned through years of innovation and careful deliberation by revealing sensitive

aspects of Google's proprietary systems, strategies, designs, and practices to Google's competitors. Hefazi Decl. ¶ 4. In addition, Exhibits 4, 5, and 9 contain excerpts of a deposition transcript and witness statements designated "CONFIDENTIAL BUSINESS INFORMATION" and/or "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY INFORMATION" pursuant to a protective order entered in the International Trade Commission matter *Certain Audio Players and Controllers, Components Thereof, and Products Containing Same*, Inv. No. 337-TA-1191. A less restrictive alternative than sealing these documents would not be sufficient because the information sought to be sealed is Google's proprietary and confidential business information but is integral to Google's Opposition. *Id.* Thus, Google has compelling reasons to keep such information under seal. *See Delphix Corp. v. Actifo, Inc.*, No. 13-cv-04613-BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (finding compelling reasons to seal where court filings contained "highly sensitive information regarding [an entity's confidential] product architecture and development"); *Guzik Tech. Enterprises, Inc. v. W. Digital Corp.*, No. 5:11-CV-03786-PSG, 2013 WL 6199629, at *4 (N.D. Cal. Nov. 27, 2013) (sealing exhibit containing "significant references to and discussion regarding the technical features" of a litigant's products).

### IV. CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court grant Google's Administrative Motion to File Under Seal Portions of its Opposition to Sonos's Motion for Summary Judgment Pursuant to the Court's Patent Showdown Procedure.

DATED: May 5, 2022

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:  /s/ Charles K. Verhoeven
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
Lindsay Cooper (Bar No. 287125)
lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:   (415) 875-6600
Facsimile:    (415) 875-6700
*Attorneys for GOOGLE LLC*

**ATTESTATION**

Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that, on May 5, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system and email.

DATED: May 5, 2022

By:    */s/ Charles K. Verhoeven*
        Charles K. Verhoeven