1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
      Charles K. Verhoeven (Bar No. 170151)
2     charlesverhoeven@quinnemanuel.com
      Melissa Baily (Bar No. 237649)
3     melissabaily@quinnemanuel.com
      Lindsay Cooper (Bar No. 287125)
4     lindsaycooper@quinnemanuel.com
5   50 California Street, 22nd Floor
    San Francisco, California 94111-4788
6   Telephone:     (415) 875-6600
    Facsimile:     (415) 875-6700
7

8   *Attorneys for GOOGLE LLC*

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                     SAN FRANCISCO DIVISION

12

13  GOOGLE LLC,                          CASE NO. 3:20-cv-06754-WHA
                                         Related to CASE NO. 3:21-cv-07559-WHA
14               Plaintiff,
                                         **GOOGLE LLC'S ADMINISTRATIVE**
15        vs.                            **MOTION TO FILE UNDER SEAL**
                                         **PORTIONS OF ITS PATENT**
16  SONOS, INC.,                         **SHOWDOWN OPPOSITION TO**
                                         **SONOS'S MOTION TO STRIKE**
17               Defendant.              **PORTIONS OF GOOGLE'S SUMMARY**
                                         **JUDGMENT MOTION**
18

19

20

21

22

23

24

25

26

27

28

1

## I.   INTRODUCTION

2

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiff Google LLC ("Google") hereby

3

requests to file under seal portions of its Patent Showdown Opposition to Sonos's Motion to Strike

4

Portions of Google's Motion for Summary Judgment ("Opposition").  Specifically, Google requests

5

an order granting leave to file under seal the portions of the documents listed below:

6

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| Google's Opposition | Portions highlighted in green | Google |
| Exhibit 2 | Portions highlighted in green | Google |
| Exhibit 6 | Portions highlighted in green | Google |
| Exhibit 9 | Portions highlighted in green | Google |
| Affidavit of N. Hefazi | Portions highlighted in green | Google |

7

8

9

10

11

12

13

14

## II.   LEGAL STANDARD

15

Civil Local Rule 79-5(c) provides that a party seeking to file its own documents under seal

16

must file an administrative motion that articulates the applicable legal standard and reasons for

17

keeping a document under seal, includes evidentiary support from a declaration where necessary,

18

and provides a proposed order that is narrowly tailored to seal only the sealable material.

19

"Historically, courts have recognized a 'general right to inspect and copy public records and

20

documents, including judicial records and documents.'"  *Kamakana v. City & Cty. of Honolulu*, 447

21

F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 &

22

n.7 (1978)).  Accordingly, when considering a sealing request, "a 'strong presumption in favor of

23

access' is the starting point."  *Id.* (quoting *Foltz v. State Farm Mutual Auto. Insurance Company*,

24

331 F.3d 1122, 1135 (9th Cir. 2003)).

25

The Ninth Circuit has recognized that two different standards may apply to a request to seal

26

a document – namely the "compelling reasons" standard or the "good cause" standard.  *Blessing v.*

27

*Plex Sys., Inc.*, No. 21-CV-05951-PJH, 2021 WL 6064006, at *12 (N.D. Cal. Dec. 22, 2021) (citing

28

*Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016)).  The

Case No. 3:20-cv-06754-WHA

GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS PATENT SHOWDOWN
OPPOSITION TO SONOS'S MOTION TO STRIKE

1    compelling reasons standard applies to any sealing request made in connection with a motion that

2    is "more than tangentially related to the merits of a case." *Id.* Accordingly, courts in this district

3    apply a "compelling reasons" standard to a sealing request made in connection with a motion for

4    summary judgment. *See, e.g.*, *Edwards Lifesciences Corp. v. Meril Life Scis. Pvt. Ltd.*, No. 19-CV-

5    06593-HSG, 2021 WL 5233129, at *4 (N.D. Cal. Nov. 10, 2021); *Baird v. BlackRock Institutional*

6    *Tr. Co., N.A.*, No. 17-CV-01892-HSG, 2021 WL 105619, at *5 (N.D. Cal. Jan. 12, 2021).

7    **III.    THE COURT SHOULD SEAL GOOGLE'S CONFIDENTIAL INFORMATION**

8          Material that is confidential and could harm a litigant's competitive standing if disclosed

9    may be sealed under the compelling reasons standard. *Icon-IP Pty Ltd. v. Specialized Bicycle*

10   *Components, Inc.*, No. 12–cv–03844–JST2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015)

11   (information "is appropriately sealable under the 'compelling reasons' standard where that

12   information could be used to the company's competitive disadvantage"); *In re Qualcomm Litig.*,

13   No. 3:17-CV-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (concluding that

14   "compelling reasons exist to seal . . . information subject to confidentiality and non-disclosure

15   provisions" because "[s]uch insight could harm the parties in future negotiations with existing

16   customers, third-parties, and other entities with whom they do business");

17         Google's Opposition, Exhibits 2, 6, 9 and the Affidavit of N. Hefazi contain confidential

18   information regarding highly sensitive features of Google's products. Specifically, these documents

19   detail the operation and system design of Google products and functionalities that Sonos accuses of

20   infringement. Public disclosure of these documents would harm the competitive standing Google

21   has earned through years of innovation and careful deliberation by revealing sensitive aspects of

22   Google's proprietary systems, strategies, designs, and practices to Google's competitors. Hefazi

23   Decl. ¶ 4. A less restrictive alternative than sealing these exhibits would not be sufficient because

24   the information sought to be sealed is Google's proprietary and confidential business information

25   but is integral to Google's Opposition. *Id.* Thus, Google has compelling reasons to keep such

26   information under seal. *See Delphix Corp. v. Actifo, Inc.*, No. 13-cv-04613-BLF, 2014 WL

27   4145520, at *2 (N.D. Cal. Aug. 20, 2014) (finding compelling reasons to seal where court filings

28   contained "highly sensitive information regarding [an entity's confidential] product architecture and

development"); *Guzik Tech. Enterprises, Inc. v. W. Digital Corp.*, No. 5:11-CV-03786-PSG, 2013 WL 6199629, at *4 (N.D. Cal. Nov. 27, 2013) (sealing exhibit containing "significant references to and discussion regarding the technical features" of a litigant's products).

## IV.  CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court grant Google's Administrative Motion to File Under Seal its Patent Showdown Opposition to Sonos's Motion to Strike Portions of Google's Motion for Summary Judgment.

DATED:  May 5, 2022

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:    /s/ Charles K. Verhoeven
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
Lindsay Cooper (Bar No. 287125)
lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

*Attorneys for GOOGLE LLC*

**ATTESTATION**

Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that, on May 5, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system and email.


DATED:  May 5, 2022

By:    */s/ Charles K. Verhoeven*
Charles K. Verhoeven