# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

SONOS, INC.,

          Plaintiff,

   vs.

GOOGLE LLC,

          Defendant.

Case No. 6:20-cv-00881-ADA

## GOOGLE LLC'S FIRST SET OF INTERROGATORIES TO SONOS, INC.

Defendant Google LLC ("Google") hereby requests and demands, pursuant to Federal Rules of Civil Procedure 26 and 33 and the Order Governing Proceedings, that Plaintiff Sonos, Inc. ("Sonos") serve written responses to these Interrogatories within thirty days after the service hereof, at the offices of Quinn Emanuel Urquhart & Sullivan, LLP, 50 California Street, 22nd Floor, San Francisco, California, 94111. These Interrogatories are continuing in nature and require supplemental production under the Federal Rules of Civil Procedure.

## DEFINITIONS

1.      "Plaintiff," "You," "Sonos," and "Your" means Plaintiff Sonos, Inc. and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other Persons acting on behalf of any of the foregoing, and Plaintiff's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by Plaintiff, and all predecessors and successors in interest to such entities.

2.      "Google" means Defendant Google LLC.

1

3.      "This Action" means Sonos, Inc.  v. Google LLC, 6:20-cv-00881 (W.D. Tex.).

4.      "Asserted Patents" shall mean United States Patent Nos. 9,967,615 ("the '615 Patent"); 10,779,033 ("the '033 Patent"); 9,344,206 ("the '206 Patent"); 10,469,966 ("the '966 Patent"); and 10,848,885 ("the '885 Patent").

5.      "Related Patent" means (a) any United States or foreign patent or patent application related to the Asserted Patents by way of subject matter or claimed priority date, (b) any parent, grandparent or earlier, divisional, continuation, continuation-in-part, provisionals, reissue, reexamination, and foreign counterpart patents and applications, and/or (c) any patent or patent application filed by one of more of the same applicant(s) (or his or her assignees) that refers to any of (a) or (b) herein.

6.      "Collaboration Agreements" means at least the following agreements between Google and Sonos: the December 23, 2010 Non-Disclosure Agreement, the January 1, 2013 Non-Disclosure Agreement, the July 16, 2013 API Evaluation and Development License Agreement, the November 14, 2013 Content Integration Agreement, the April 18, 2015 Non-Disclosure Agreement, and the December 14, 2015 API Evaluation and Development License Agreement, as well as any amendments or extensions thereto.

7.      "Person" shall mean any natural person or any business, legal, governmental entity, or association.

8.      "Third Party" or "Third Parties" means any Person other than You.

9.      "Document" is defined as set forth in Local Rule CV-26(b)(2).

10.     "Communication" is defined as set forth in Local Rule CV-26(b)(1).

11.     "Regarding" means relating to, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying,

responding to, supporting, contradicting, or constituting (in whole or in part), as the context makes appropriate.

12.     "Identify" or "Identifying" with respect to persons is defined as set forth in Local Rule CV-26(b)(3).

13.     "Identify" or "Identifying" in relation to an entity means to state the entity's: (a) full name; (b) state of incorporation; (c) current or last known business address; and (d) current or last known telephone number.  Once an entity has been identified properly, it shall be sufficient thereafter when Identifying that same entity to state the name only.

14.     "Identify" or "Identifying" with respect to a document is defined as set forth in Local Rule CV-26(b)(4).

15.     "Identify" or "Identifying" in relation to a product or service means to state the product or service name, commercial or trade name, manufacturer, producer, or service provider, model or version number, part number, type, description, or any other representative designation.

16.     "Identify" or "Identifying" in relation to a Communication means: (a) to state the date of the Communication; (b) to Identify all Documents Regarding such Communications; (c) to describe the content and substance of the Communication; (d) to Identify the Persons who received or were involved in the Communication; and (e) to Identify the Person or Persons most knowledgeable about the Communication.

17.     "Include" and "Including" shall mean including without limitation.

18.     Use of the singular also Includes the plural and vice-versa.

19.     The words "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these Interrogatories.

20.    The words "any," "all," "every," and "each" shall each mean and include the other.

21.    The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

## <u>INSTRUCTIONS</u>

The following instructions shall apply to each of the Interrogatories herein:

1.      In answering the following Interrogatories, furnish all available information, Including information in the possession, custody, or control of You or any of Your attorneys, directors, officers, agents, employees, representatives, associates, investigators or division affiliates, partnerships, parents or subsidiaries, and Persons under Your control, who have the best knowledge, not merely information known to You based on Your own personal knowledge. If You cannot fully respond to the following Interrogatories after exercising due diligence to secure the information requested thereby, so state, and specify the portion of Interrogatories that cannot be responded to fully and completely.  In the latter event, state what efforts were made to obtain the requested information and the facts relied upon that support the contention that the Interrogatories cannot be answered fully and completely; and state what knowledge, information or belief You have concerning the unanswered portion of any such Interrogatories.

2.      If any information requested is claimed to be privileged or otherwise immune from discovery, please provide all information falling within the scope of the Interrogatory which is not privileged, and for each item of information contained in a document to which a claim of privilege is made, Identify such document with sufficient particularity for purposes of a motion to compel, such identification to include at least the following:

        a)      the basis on which the privilege is claimed;

        b)      the names and positions of the author of the information;

        c)      the name and position of each individual or other Person to whom the information, or a copy thereof, was sent or otherwise disclosed;

        d)      the date of the information;

5

e)      a description of any accompanying material transmitted with or attached to such information;

f)      the number of pages in such document or information; and

g)      whether any business or non-legal matter is contained or discussed in such information.

3.      If Your response to a particular Interrogatory is a statement that You lack the ability to comply with that Interrogatory, You must specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in Your possession, custody, or control, in which case the name and address of any Person or entity known or believed by You to have possession, custody, or control of that information or category of information must be identified.

4.      Your obligation to respond to these Interrogatories is continuing and its responses are to be supplemented to Include subsequently acquired information in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

For each Asserted Claim of the Asserted Patents, identify the date of conception, the date of reduction to practice of its subject matter, all acts you contend represent diligence occurring between the dates of conception and reduction to practice, each person involved in such conception, diligence and/or reduction to practice, where the invention was first reduced to practice, when, where, and to whom the invention was first disclosed, identify each person, including third parties, who worked on the development of the alleged invention(s) described and claimed in the Asserted Patents, describing each person's role (e.g., producer, developer, tester, technician, researcher, etc.), and the dates and places each such person assisted, supervised, or was otherwise so involved and state the priority date that you contend for each claim.  To the extent that you identify provisional patent applications as such evidence, for each Asserted Claim that you contend is entitled to claim priority to the filing date of the provisional applications, respectively, identify in detail in chart form the disclosure in the provisional applications that you contend provides support and/or written description for each element of each Asserted Claims.

**INTERROGATORY NO. 2:**

For each Asserted Claim of the Asserted Patents that you contend is entitled to claim priority to a priority date earlier than the filing of the respective priority application, identify in detail in chart form the support for your priority date claims including how any documents you are relying upon for conception, diligence and/or reduction to practice support your priority date claims.

**INTERROGATORY NO. 3:**

For each Asserted Claim of the Asserted Patents, explain in detail, in chart form, all legal and factual bases for your contention that the Asserted Claims are not invalid under 35 U.S.C. §§

101, 102, 103, or 112, based on but not limited to Google's invalidity contentions in This Litigation.

**INTERROGATORY NO. 4:**

State whether you contend there are secondary considerations that should be considered by the Court in connection with its determination pursuant to 35 U.S.C. § 103 of the validity of each Asserted Claim of the Asserted Patents, and if the answer is anything other than an unqualified negative for any Asserted Claim, Identify for that claim each such secondary consideration and describe in detail Defendant's contentions as to why each such secondary consideration demonstrates obviousness or non-obviousness and all facts in support thereof, including but not limited to any Documents in support of such facts, testimony from past cases in support of such facts, and any Persons with knowledge of such facts.

**INTERROGATORY NO. 5:**

Individually, for each alleged embodiment of the Asserted Claims of the Asserted Patents made by Sonos, its agents, its licensees, or others, provide a claim chart indicating how such alleged embodiment satisfies each limitation of each Asserted Claim, along with an identification of all evidence supporting your allegations.

**INTERROGATORY NO. 6:**

Identify with specificity each and every instance of a "remote playback queue" in the '033 patent specification as that term is used in the '033 patent asserted claims.

**INTERROGATORY NO. 7:**

Separately for each term, Identify with specificity each and every instance of a "zone scene," "zone configuration," and "group configuration" in the '206, '885, and '966 patent specifications as the term is used in the those patents.

**INTERROGATORY NO. 8:**

To the extent Sonos contends that it shared "proprietary technology" with Google that is relevant to this case (Dkt. 1 ¶ 13), describe (1) the circumstances under which Sonos purportedly shared allegedly proprietary technology with Google, including when, where and how Sonos purportedly shared such material; (2) the information that Sonos purportedly shared; (3) the individuals from Sonos who purportedly shared such information, and (4) the individuals from Google who purportedly received such information.

**INTERROGATORY NO. 9:**

To the extent Sonos contends that "Google used the knowledge it had gleaned from Sonos" to copy Sonos's products or willfully infringe Sonos's patents (Dkt. 1 ¶ 14), describe all facts and circumstances supporting that contention.

**INTERROGATORY NO. 10:**

Identify and describe any code names or project names that Sonos used to refer to its collaboration(s) with Google.

**INTERROGATORY NO. 11:**

Describe, in detail, the scope of the "intellectual property rights" you contend to be the subject of Section 3.4 of the Content Integration Agreement.

**INTERROGATORY NO. 12:**

To the extent Sonos contends that Section 8.1 of the Content Integration Agreement does not apply to Sonos's claims in this case, provide all factual and legal bases supporting that contention.

**INTERROGATORY NO. 13:**

Identify all products that practice any claim of the Asserted Patents that have been developed, made, used, sold, offered for sale, marketed, imported, or exported or publicly used or demonstrated by anyone, including, but not limited to, Sonos, or any prior or current licensee or

assignee of the Asserted Patents, and for each such product, identify the name of the entity, the claim(s) that are believed practiced, and where each element of such claims may be found in the product.

**INTERROGATORY NO. 14:**

State all bases for your contention, if any, that Google's infringement has been willful, including, but not limited to, identifying when and how Google was put on notice of the alleged infringement for each of the Asserted Patents, and identify each person with knowledge of the foregoing and all Documents relating thereto.

**INTERROGATORY NO. 15:**

Separately for each asserted claim of the Asserted Patents, set forth the complete basis for any contention that Google indirectly infringes such claim, including by identifying all documents supporting that contention.

**INTERROGATORY NO. 16:**

Identify the particular portions, source code, or functionality of all accused applications for Android and iOS devices which  Sonos contends meets, in whole or in part, one or more limitations of the Asserted Claims.

**INTERROGATORY NO. 17**:

Identify any investigations and/or evaluations regarding the validity, patentability, enforceability, scope, and/or infringement of any claim of the Asserted Patents requested or conducted by, on behalf of, or known to you, including the dates such activities took place, the persons or entities involved in such activities, the nature of such activities, (including any analysis or investigation of the Accused Products for purposes of infringement and the identity of those products), whether any decision was made or action taken by or on your behalf in whole or in part

as a result of such activities and identify all documents concerning the subject matter of this Interrogatory.

**INTERROGATORY NO. 18:**

State in complete detail all financial remedies, Including any claim for damages in the form of lost profits or a reasonable royalty, to which You contend You are entitled in this case, Including without limitation all factual, legal, and evidentiary bases for such contention and a detailed description of how such damages have been calculated, Including without limitation any profits You contend You lost, the form of royalty You contend is appropriate, the date of any hypothetical negotiation You contend is applicable, the date of first alleged infringement, any royalty rate You contend should apply, and the royalty base You contend it should be applied to, the factors by which You calculated that royalty rate, whether you contend the Entire Market Value Rule should apply and the basis for Your contentions, and Including Your assessment of the factors set forth in *Georgia Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970), the factors by which You determined the royalty base to which the rate should be applied, and the identity of all Documents that contain information Regarding Your damages contentions and Persons with knowledge Regarding Your damages contentions.

**INTERROGATORY NO. 19:**

Describe in detail each offer made by Sonos to Google or any Third Party Regarding the licensing or sale of any of the Asserted Patents or any Related Patent, whether individually or in combination with any other patents, by Identifying the name of the entity, the date of each offer, Identification of the Persons involved, the royalty rate offered, the terms or basis on which such proposed royalty rate was calculated, any other proposed or actual consideration or value to be paid or given by Google or such Third Party in exchange for the license or sale; if Google or the

11

Third Party did not take a license or purchase any of the Asserted Patents or any Related Patent, any stated reasons for why it did not do so; Identification of the Documents Regarding the negotiations, Including if the entity did take a license or purchase any of the Asserted Patents or any Related Patent, and the Bates number in Your document production of that agreement.

**<u>INTERROGATORY NO. 20</u>:**

Describe the circumstances surrounding Sonos's first knowledge or awareness of Google's product, technology, or functionality that Sonos accuses of infringement, including when Sonos first became aware of Google's allegedly infringing products, technologies or functionalities, and describe any facts concerning Sonos's knowledge or awareness of those products, technologies, or functionalities, and identify all Persons with knowledge of those facts and all documents concerning those facts.

DATED:  August 7, 2021                          QUINN EMANUEL URQUHART & SULLIVAN,
                                                LLP

                                        By:   */s/ Charles K. Verhoeven*
                                              Charles K. Verhoeven (*pro hac vice*)
                                              charlesvverhoeven@quinnemanuel.com
                                              Melissa Baily (*pro hac vice*)
                                              melissabaily@quinnemanuel.com
                                              Jordan Jaffe (*pro hac vice*)
                                              jordanjaffe@quinnemanuel.com
                                              Lindsay Cooper (*pro hac vice*)
                                              lindsaycooper@quinnemanuel.com
                                              QUINN EMANUEL URQUHART &
                                              SULLIVAN LLP
                                              50 California Street, 22nd Floor
                                              San Francisco, California 94111-4788
                                              Telephone:    (415) 875 6600
                                              Facsimile:    (415) 875 6700

                                              Paige Arnette Amstutz
                                              Texas State Bar No. 00796136
                                              SCOTT, DOUGLASS & MCCONNICO, LLP
                                              303 Colorado Street, Suite 2400
                                              Austin, TX  78701
                                              Telephone:  (512) 495-6300
                                              Facsimile:  (512) 495-6399
                                              pamstutz@scottdoug.com

                                              *Counsel for Defendant Google LLC*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via email on August 7, 2021.

                                        */s/ Jocelyn Ma*
                                        Jocelyn Ma

13