# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **SONOS, INC.,** | § | |
| *Plaintiff*, | § | |
| | § | |
| | § | CIVIL ACTION 6:20-cv-00881-ADA |
| v. | § | |
| | § | |
| | § | |
| **GOOGLE LLC** | § | |
| *Defendant.* | § | |

### SONOS, INC.'S OBJECTIONS AND RESPONSES TO GOOGLE LLC'S FIRST SET OF INTERROGATORIES (NOS. 1-20)

Plaintiff Sonos, Inc. ("Sonos") responds to Defendant Google LLC's ("Google") first set of interrogatories (Nos. 1-20) as follows.

### GENERAL OBJECTIONS

Sonos asserts each of the following General Objections to each of Google's interrogatories. In addition to these General Objections, Sonos may also state Specific Objections to specific interrogatories where appropriate. By setting forth such additional Specific Objections, Sonos does not in any way intend to limit or restrict its General Objections. Moreover, to the extent Sonos provides a response to any of Google's interrogatories to which Sonos objects, such response shall not constitute a waiver of any General or Specific Objection.

1. Sonos's responses to Google's First Set of Interrogatories (Nos. 1-16) are made to the best of Sonos's present knowledge, and Sonos reserves the right, at any time, to revise, correct, supplement, modify, or clarify the specific responses set forth below or the information disclosed therein. Discovery is in the early stages, and Sonos therefore

**INTERROGATORY NO. 3**

*For each Asserted Claim of the Asserted Patents, explain in detail, in chart form, all legal and factual bases for your contention that the Asserted Claims are not invalid under 35 U.S.C. §§ 101, 102, 103, or 112, based on but not limited to Google's invalidity contentions in This Litigation.*

**RESPONSE**

Sonos objects to this interrogatory as overbroad, unduly burdensome, and not reasonably proportional to the needs of the case insofar as it purports to require Sonos to "explain in detail . . . *all* legal and factual bases . . . ."

Sonos also objects that the terms "Asserted Claim" and "Asserted Claims" have not been defined in the interrogatories. Sonos will interpret "Asserted Claims" to mean the asserted claims of the Asserted Patents in this litigation.

Sonos further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrines.

Sonos further objects to this Interrogatory as premature to the extent it seeks expert discovery in advance of the date set forth in the Federal Rules of Civil Procedure and/or the Court's Scheduling Order.

Sonos further objects to this Interrogatory on the ground that it is a premature contention interrogatory that has been filed before a substantial amount of discovery has been conducted in this lawsuit. *See* Fed. R. Civ. P. 33(a)(2) ("[T]he court may order that [a contention] interrogatory need not be answered until after designated discovery is complete . . . ."). In this respect, Google's preliminary invalidity contentions fail to set forth with particularity the factual and legal bases on which Google contends that any asserted claim is invalid. As a non-limiting example, Google's "anticipation" charts merely quote from large blocks of patent references

without any explanation as to how or why these large blocks of text meet the elements of the claims.  As another non-limiting example, some of Google's "anticipation" charts refer to "systems" that Google has neither produced nor made available for inspection.  As yet another non-limiting example, Google's "obviousness contentions" do not set forth any specific combinations of prior art – let alone explain why a POSITA would have been motivated to combine a particular reference with any one or more other particular references to arrive at any claimed invention having any reasonable expectation of success.  Rather, Google merely sets forth a menu of possible references that it hopes one might pick from "[t]o the extent one or more [of its "anticipation"] references do not explicitly or inherently disclose [the claim elements]."  This is woefully deficient and fails to rise to even a *prima facie* level of invalidity – let alone suffices to carry Google's clear and convincing evidentiary burden.  As such, Google's contentions are not amenable to a response.

Sonos also objects to Google's attempt to use this interrogatory to shift its burden regarding proof of invalidity. Google has the burden of proving that the patents-in-suit are invalid. This never shifts. See *SFA Systems, LLC v. Amazon.com, Inc. et al, LLC,* No. 6:11-cv-052-LED (E.D. Tex. April 11, 2013) ("It is premature to compel SFA to provide a substantive response to Interrogatory No. 6. Defendant bears the burden of proving that the patents-in-suit are invalid for failure to meet the written description requirement. Therefore, after Amazon has met its initial burden through its expert report, Plaintiff may rebut Amazon's position, but not vice versa.") (cleaned up); *Tech Licensing Corp. v. Videotek Inc.,* 545 F.3d 1316, 1327 (Fed. Cir. 2008); *Microsoft Corp. v. i4i Ltd. Partnership*, 131 S. Ct. 2238, 2243 (2011) ("[T]he burden of proving invalidity [is] on the attacker. That burden is constant and never changes.").

Sonos also objects to this Interrogatory as premature to the extent that some of the

information called for by this interrogatory is in the possession of Google or third parties and has not yet been produced in this case.

Subject to, and without waiving, the foregoing Specific and General Objections, Sonos states that under 35 U.S.C. § 282, all the claims of the Asserted Patents are presumed to be valid, including with respect to the requirements of 35 U.S.C. § 101, 102, 103, and 112.  *See* 35 U.S.C. § 282(a) and (b)(3)(A).  This presumption of validity is also fully supported by the presumption of administrative correctness, as the Asserted Patents were all duly issued by the United States Patent & Trademark Office ("USPTO"), and the USPTO would not have issued the Asserted Patents if they failed to comply with the requirements of any of 35 U.S.C. §§ 101, 102, 103, and 112.  Moreover, under 35 U.S.C. § 282, Defendants bear the burden of establishing (by clear and convincing evidence) any invalidity, including invalidity for failure to satisfy the requirements of 35 U.S.C. §§ 101, 102, 103, and 112.  *See* 35 U.S.C. § 282(a) and (b)(3)(A).  As the Supreme Court recently noted:

> Under the Patent Act, and the case law before its passage, a patent is presumed valid.  That presumption takes away any need for a plaintiff to prove his patent is valid to bring a claim.

*Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1929 (2015) (internal citations and quotation marks omitted).  Thus, Sonos is not required to prove validity, which this Interrogatory appears to seek.

Further, Sonos's position is that all issued claims of the '966, '885, '615, 'and 033 Patents are valid and are in full compliance with the requirements of 35 U.S.C. § 101, 102, 103, and 112.  To the extent that Google asserts a specific invalidity challenge in its final invalidity contentions, Sonos will provide a rebuttal to such a challenge during the expert phase of this litigation.

Additionally, pursuant to Fed. R. Civ. P. Rule 33(d), Sonos has produced copies of the Asserted Patents and their file histories from which further information sought in this Interrogatory may be derived.  *See* SONOS-SVG2-00001167-4215; SONOS-SVG2-00004216-6558; SONOS-SVG2-00006559-1279; SONOS-SVG2-00011280-7989.  Sonos reserves the right to revise, correct, add to, supplement, or clarify its response to this Interrogatory as additional information is discovered and/or becomes available.

### INTERROGATORY NO. 4

*State whether you contend there are secondary considerations that should be considered by the Court in connection with its determination pursuant to 35 U.S.C. § 103 of the validity of each Asserted Claim of the Asserted Patents, and if the answer is anything other than an unqualified negative for any Asserted Claim, Identify for that claim each such secondary consideration and describe in detail Defendant's contentions as to why each such secondary consideration demonstrates obviousness or non-obviousness and all facts in support thereof, including but not limited to any Documents in support of such facts, testimony from past cases in support of such facts, and any Persons with knowledge of such facts.*

### RESPONSE

Sonos objects to this interrogatory as overbroad, unduly burdensome, and not reasonably proportional to the burden insofar as it purports to require Sonos to "[i]dentify. . . **all** facts in support thereof, including but not limited to **any** Documents in support of such facts . . . and **any** Persons with knowledge of such facts."

Sonos also objects that the term "Asserted Claim" has not been defined in the interrogatories.  Sonos will interpret "Asserted Claim" to mean each asserted claim of the Asserted Patents in this litigation.

Sonos further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrines.

Sonos further objects to this Interrogatory as premature to the extent it seeks expert