quinn emanuel trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700

WRITER'S DIRECT DIAL NO.
**(415) 875-6449**

WRITER'S EMAIL ADDRESS
**lindsaycooper@quinnemanuel.com**

November 2, 2021

<u>VIA E-MAIL</u>

Alyssa Caridis
acaridis@orrick.com
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017-5855

Cole Richter
richter@ls3ip.com
656 W. Randolph Street, Floor 5W
Chicago, Illinois 60661

Re:   <u>Google LLC v. Sonos Inc.</u>, Case No. 3:20-cv-06754-WHA (N.D. Cal.)

Dear Counsel:

We write regarding Sonos's Objections and Responses to Google's First Set of Interrogatories (Nos. 1-20) and First Set of Requests for Production (Nos. 1-42). Many of Sonos's responses are deficient, and we request a meet and confer to promptly address these issues.

### Sonos's Objections and Responses to Google's Interrogatories

<u>Interrogatory No. 1</u>

Sonos's response to this interrogatory is deficient in several respects. First, Interrogatory No. 1 seeks identification of the dates of conception and reduction to practice of the subject matter "[*f]or each Asserted Claim* of the Asserted Patents." Instead, Sonos elected to provide this information on a patent-by-patent basis. Please confirm that the dates provided are the same for all asserted claims of each patent-in-suit.

Second, this interrogatory seeks "all acts you contend represent diligence occurring between the dates of conception and reduction to practice," "each person involved in such conception, diligence and/or reduction to practice," "where the invention was first reduced to practice," "when, where, and to whom the invention was first disclosed," "each person, including third parties, who worked on the development of the alleged invention(s)," "each person's role (e.g., producer, developer, tester, technician, researcher, etc.)," and "the dates and places each such person assisted, supervised, or was otherwise so involved." Sonos objected to the remainder of this interrogatory in part because it requires Sonos to identify "all acts" by "each person involved," yet Sonos's response fails to provide a single act, person or place. Moreover, Google's request for the full scope of this information is not overbroad, unduly burdensome or disproportional to the needs of

the case. Google is entitled to discover facts regarding Sonos's alleged conception and reduction to practice as it is critical to the issues of inventorship and validity. *See Burroughs Wellcome Co. v. Barr Lab'ys, Inc.*, 40 F.3d 1223, 1228 (Fed. Cir. 1994) ("[T]he test for conception is whether the inventor had an idea that was definite and permanent enough that one skilled in the art could understand the invention; the inventor must prove his conception by corroborating evidence"). Please confirm that Sonos will promptly provide a supplemental answer with a fulsome response to this interrogatory.

Third, Sonos fails to identify dates of conception for the assert patents. Instead, Sonos claims that the '615 and '033 patents were conceived "at least as early" as July 15, 2011, and that the '966 and '885 patents were conceived "at least as early" as December 21, 2005. Sonos's attempt to leave open the possibility of an earlier conception date is improper, and Google reserves all rights. *See Harvatek Corp. v. Cree, Inc.*, 2015 WL 4396379, *3 (N.D. Cal. July 17, 2015) (striking "at least as early" language from Plaintiff's priority identification because "rules must have teeth if they are to have any effect.").

Interrogatory No. 2

For each Asserted Claim that Sonos contends is entitled to a priority date earlier than the filing of the respective priority application, this interrogatory requests that Sonos identify in detailed chart form the support for its claimed priority date including how any documents it is relying upon for conception, diligence and/or reduction to practice support its claimed priority date. Sonos responds by incorporating its response to Interrogatory No. 1, which is insufficient.

For example, Sonos contends that claims of the '615 and '033 patents were "conceived at least as early as July 15, 2011," and that the '966 and '885 patents were "conceived at least as early as December 21, 2005." However, Sonos fails to identify in chart form or otherwise the support for its claimed priority dates. Instead, Sonos's response purports to refer Google to thousands of pages of documents without any indication of which documents apply to which patents, claims or limitations, or how Sonos contends that the disclosures in the documents support the claim limitation. This is improper. Sonos must supplement its response with a chart identifying the disclosures it contends support its priority claims.

Interrogatory No. 3

This interrogatory seeks Sonos's legal and factual bases for its contention that the Asserted Claims are not invalid. Sonos's response is deficient and fails to provide any responsive information, stating merely that the Asserted Claims are "presumed to be valid" and that its "position is that all issued claims of the '966, '885, '615, 'and 033 Patents are valid and are in full compliance with the requirements of 35 U.S.C. § 101, 102, 103, and 112." Sonos' attempt to put off discovery of this information until expert discovery is unjustified and unsupported by authority. *Gardner v. Toyota Motor Corp.*, 2009 WL 8732016, at *1 (W.D. Wash. 2009) (citing *Therasense, Inc. v. Becton, Dickinson*, 2007 WL 2028197, at *1 (N.D. Cal. July 10, 2007) for the proposition that an interrogatory that seeks validity contentions on a element-by-element basis is a "proper and relevant subject of discovery"). It is also inconsistent with Sonos's actions in the related litigation between the parties styled *Google LLC v. Sonos, Inc.*, Case No. 3:20-cv-3845-EMC ("Sonos II")

2

in which Sonos served an interrogatory requesting: "[s]eparately for each of the ASSERTED PATENTS, state all legal and factual bases for your position that each of the ASSERTED PATENTS is not invalid for the reasons set forth in DEFENDANT'S invalidity disclosures served on December 14, 2020." Please confirm that Sonos will promptly provide a supplemental answer with a meaningful response to this interrogatory.

Interrogatory No. 4

This interrogatory seeks, for "*each Asserted Claim* of the Asserted Patents" for which Sonos contends objective indicia of nonobviousness should be considered, "each such secondary consideration" and a "descri[ption] in detail [of] Defendants' contentions as to why each such secondary consideration demonstrates obviousness or non-obviousness and all facts in support thereof," including documents, testimony from past cases, and persons with knowledge in support of such facts. Sonos's response is merely an amalgamation of conclusory statements that "evidence of" of certain considerations can be found in vague locations such as "Google's marketing and sales of such products" and "press and media coverage on Sonos's and Google's products," much of which is public and available to Sonos. Please confirm that Sonos will promptly provide a supplemental response that includes the requested information, including a factor-by-factor analysis of each secondary consideration that Sonos contends is relevant for each of the Asserted Claims.

Interrogatory Nos. 5, 13

Interrogatory Nos. 5 and 13 seek information regarding products Sonos alleges practice the claims of the Asserted Patents. Specifically, Interrogatory No. 5 seeks a claim chart "for each alleged embodiment of the Asserted Claims . . . indicating how such embodiment satisfies each limitation of each Asserted Claim" and an identification of all evidence supporting such claims. Interrogatory No. 13 seeks an identification of each product that practices any Asserted Claim "that ha[s] been developed, made, used, sold, offered for sale, marketed, imported, or exported or publicly used or demonstrated by anyone, including, but not limited to, Sonos, or any prior or current licensee or assignee of the Asserted Patents" and "the name of the entity, claim(s) that are believed to be practiced, and where each element of such claims maybe found in the product." Sonos' answer to Interrogatory No. 13—which it incorporates into its response to Interrogatory No. 5—fails to adequately respond to either request.

First, the link to the "table that correlates Sonos's patents to its products" merely lists the patent(s) that Sonos alleges certain products practice and does not indicate "the claim(s) that are believed to be practiced, and where each element of such claims may be found in the product," as requested by Interrogatory No. 13. In addition, Interrogatory No. 5 specifically seeks a claim chart indicating how each alleged embodiment satisfies each limitation of each Asserted Claim, which Sonos fails to provide. This request is not overbroad, unduly burdensome, or disproportionate to the needs of the case, as Sonos contends. Google is not required to take Sonos at its word that the listed products embody the Asserted Claims of the Asserted Patents without additional detail substantiating that assertion. Please confirm that Sonos will promptly provide with supplemental answers that adequately respond to Interrogatory Nos. 5 and 13.

3

Kristin Bender
Alison House
Jeff Togerson
Christina Valente

**************

We request that Sonos remedy the deficiencies highlighted above and address them promptly. To the extent that Sonos is refusing to provide responsive information or documents, please be prepared to meet and confer on these issues during the parties' November 8, 2021 call.

Best regards,

*/s/ Lindsay Cooper*


Lindsay Cooper

9