QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
Lindsay Cooper (Bar No. 287125)
lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Attorneys for GOOGLE LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>         Plaintiff,<br><br>     v.<br><br>SONOS, INC.,<br><br>         Defendant. | CASE NO. 3:20-cv-06754-WHA<br><br>**DECLARATION OF NIMA HEFAZI IN SUPPORT OF GOOGLE LLC'S OPPOSITION TO SONOS'S MOTION TO STRIKE** |

I, Nima Hefazi, declare as follows:

1. I am Of Counsel at the firm of Quinn Emanuel Urquhart & Sullivan, LLP and am counsel of record for Plaintiff Google LLC ("Google"). I provide this declaration in support of Google's Opposition to Sonos's Motion to Strike Portions of Google's Motion for Summary Judgment and Expert Declaration. If called as a witness, I could and would testify competently to the information contained herein.

2. While this action was pending in the Western District of Texas, Google served its preliminary invalidity contentions on March 5, 2021. Along with these contentions, Google made available a snapshot of the YouTube Remote System source code as it existed on December 1, 2011 in a folder called PRIOR ART.

3. After this case was transferred to the Northern District of California, the parties served updated infringement and invalidity contentions. On December 7, 2021, Google re-served its invalidity contentions. In response to Sonos changing its priority date for the '615 patent from December 30, 2011 to July 15, 2011, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

4. On February 4, 2022, Sonos supplemented its response to Google's Interrogatory No. 3—which was served approximately six months earlier on August 7, 2021—and challenged the prior art status of the YouTube Remote System.

5. On March 22, 2022, in response to Sonos's challenge, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

1
2
3       6.      I used the WinMerge differencing utility to compare the files ▮
4  ▮
5  ▮
6       7.      The result of the WinMerge differencing check showed that ▮
7  ▮
8  ▮
9  ▮
10 ▮
11 ▮ files merely
12 preserve the original last modified timestamps for each file that are consistent with the file being a
13 snapshot of the YouTube Remote System on July 12, 2011.
14       8.      The inspection log produced as Exhibit 12 shows that Sonos inspected the source
15 code at least 13 times since March 22, 2022, including on March 23, March 29, April 4, April 5,
16 April 6, April 8, April 15, April 25, April 26, April 27, April 29, May 2, and May 3.
17       9. Exhibit 1 is a true and accurate copy of Sonos's preliminary infringement contentions
18 dated December 11, 2020.
19       10. Exhibit 2 is a true and accurate copy of Google's invalidity chart for the '615 patent
20 based on the YouTube Remote System, dated March 5, 2021.
21       11. Exhibit 3 is a true and accurate copy of Google's first set of interrogatories to Sonos
22 (Interrogatories No. 1-20), dated August 7, 2021.
23       12. Exhibit 4 is a true and accurate excerpt from Sonos's Objections and Responses to
24 Google's First Set of Interrogatories, dated September 7, 2021.

---

[1] I note that the WinMerge differencing check did identify a few files extra files in the December 2021 Google3 Directory. In other words, the December 2021 Google3 Directory included a superset of the files in the ▮ ▮.

13. Exhibit 5 is a true and accurate excerpt of a letter from Google to Sonos regarding discovery deficiencies, including with respect to interrogatory no. 3, dated November 2, 2021.

14. Exhibit 6 is a true and accurate copy of Attachment A to Sonos's second supplemental response to Google's first set of interrogatories, dated February 4, 2022.

15. Exhibit 7 is a true and accurate copy of an email sent by Nima Hefazi (on behalf of Google) to Cole Richter (on behalf of Sonos) on March 24, 2022.

16. Exhibit 8 is a true and accurate copy of a letter sent by Sonos to Google regarding Google's allegedly deficient invalidity contentions on February 10, 2022.

17. Exhibit 9 is a true and accurate copy of a letter sent by Google to Sonos in response to Sonos's February 10, 2022 letter (Exhibit 8), dated March 2, 2022.

18. Exhibit 10 is a true and accurate copy of U.S. Patent No. 9,490,998.

19. Exhibit 11 is a true and accurate copy of an email chain for this action in the Western District of Texas, pre-transfer, providing the Court's decision in this action and the parties respective positions, including on the use of pincites (issue 2).

20. Exhibit 12 is a true and accurate copy of an inspection log indicating which individuals inspected the source code made available by Google at Quinn Emanuel's LA Office, and on which dates. Michael Boyea and Geoffrey Moss are both counsel for Sonos, and as represented by Sonos in its requests for source code inspections, Chris Ozenne, Erick Herring are also associated with Sonos or its counsel. Kevin Almeroth and Doug Schmidt are both experts for Sonos.

21. Exhibit 13 is a true and accurate copy of the protective order in this case.

DATED: May 5, 2022                    Respectfully submitted,

By    /s/ Nima Hefazi