1  CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
   croberts@orrick.com
2  ALYSSA CARIDIS (STATE BAR NO. 260103)
   acaridis@orrick.com
3  EVAN D. BREWER (STATE BAR NO. 304411)
   ebrewer@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
5  405 Howard Street
   San Francisco, CA 94105-2669
6  Telephone:    +1 415 773 5700
   Facsimile:    +1 415 773 5759
7
   SEAN M. SULLIVAN (*pro hac vice*)
8  sullivan@ls3ip.com
   MICHAEL P. BOYEA (*pro hac vice*)
9  boyea@ls3ip.com
   COLE B. RICHTER (*pro hac vice*)
10 richter@ls3ip.com
   LEE SULLIVAN SHEA & SMITH LLP
11 656 W Randolph St., Floor 5W
   Chicago, IL 60661
12 Telephone:    +1 312 754 0002
   Facsimile:    +1 312 754 0003
13
   *Attorneys for Sonos, Inc.*
14
15              UNITED STATES DISTRICT COURT

16              NORTHERN DISTRICT OF CALIFORNIA

17              SAN FRANCISCO DIVISION

18

19 GOOGLE LLC,                              Case No. 3:20-cv-06754-WHA
                                            Related to Case No. 3:21-cv-07559-WHA
20           Plaintiff and Counterdefendant,
                                            **DECLARATION OF COLE B.**
21     v.                                   **RICHTER IN SUPPORT OF**
                                            **GOOGLE'S ADMINISTRATIVE**
22 SONOS, INC.,                             **MOTION TO CONSIDER WHETHER**
                                            **ANOTHER PARTY'S MATERIAL**
23           Defendant and Counterclaimant. **SHOULD BE SEALED (DKT. 248)**
24
25
26
27
28

1    I, Cole B. Richter, declare as follows and would so testify under oath if called upon to do

2    so:

3        1.   I am an attorney with the law firm of Lee Sullivan Shea & Smith LLP, counsel of

4    record to Sonos, Inc. ("Sonos") in the above-captioned matter. I am a member in good standing of

5    the Bar of the State of Illinois. I have been admitted *pro hac vice* in this matter.  I make this

6    declaration based on my personal knowledge, unless otherwise noted. If called, I can and will

7    testify competently to the matters set forth herein.

8        2.   I make this declaration in support of Google's Administrative Motion to Consider

9    Whether Another Party's Material Should be Sealed filed on May 5, 2022 (Dkt. 248)

10   ("Administrative Motion"), in connection with Google's Opposition to Sonos, Inc.'s ("Sonos")

11   Motion for Summary Judgment Pursuant to the Court's Patent Showdown Procedure

12   ("Opposition").

13       3.   Sonos seeks an order sealing the materials as listed below:

| Document | Portions Google Sought to Be Filed Under Seal | Portions Sonos Seeks to Be Filed Under Seal | Designating Party |
|---|---|---|---|
| Exhibit 4 to the Declaration of Marc Kaplan in Support of Google's Opposition | Entire document | Entire document | Google & Sonos |

19       4.   I understand that the Ninth Circuit has recognized two different standards that may

20   apply to a request to seal a document, the "compelling reasons" standard and the "good cause"

21   standard. *Blessing v. Plex Sys., Inc.*, No. 21-CV-05951-PJH, 2021 WL 6064006, at *12 (N.D.

22   Cal. Dec. 22, 2021) (citing *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97

23   (9th Cir. 2016)). The compelling reasons standard applies to any sealing request made in

24   connection with a motion that is "more than tangentially related to the merits of a case." *Id.*

25   Accordingly, I understand courts in this district apply a "compelling reasons" standard to a

26   sealing request made in connection with a motion for summary judgment. *See, e.g.*, *Snapkeys,*

27   *Ltd. v. Google LLC*, No. 19-CV-02658-LHK, 2021 WL 1951250, at *2 (N.D. Cal. May 14, 2021).

28

DECL. OF RICHTER ISO GOOGLE'S ADMIN. MOTION TO
CONSIDER WHETHER ANOTHER PARTY'S MATERIAL
SHOULD BE SEALED (DKT. 248)
3:20-CV-06754-WHA

5.    I further understand that confidential technical information about product features,

architecture, and development satisfies the "compelling reason" standard. *See Delphix Corp. v.*

*Actifio, Inc.*, No. 13-cv-04613-BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (finding

compelling reasons to seal where court filings contained "highly sensitive information regarding

[an entity's confidential] product architecture and development"); *Guzik Tech. Enterprises, Inc. v.*

*W. Digital Corp.*, No. 5:11-CV-03786-PSG, 2013 WL 6199629, at *4 (N.D. Cal. Nov. 27, 2013)

(sealing exhibit containing "significant references to and discussion regarding the technical

features" of a litigant's products). Under this "compelling reasons" standard, the Court should

order the above-listed document sealed.

6.    Exhibit 4 references and contains Sonos's confidential business information and trade

secrets, including details regarding the source code, architecture, and technical operation of

various products. The specifics of how these functionalities operate is confidential information

that Sonos does not share publicly. Thus, public disclosure of such information may lead to

competitive harm as Sonos's competitors could use these details regarding the architecture and

functionality of these products to gain a competitive advantage in the marketplace with respect to

their competing products. A less restrictive alternative than sealing Exhibit 4 would not be

sufficient because the information sought to be sealed is Sonos's confidential business

information and trade secrets and Google contends that this information is "necessary to Google's

Opposition." *See* Declaration of Nima Hefazi in Support of Google LLC's Administrative Motion

to Seal Portions of Its Opposition, ¶ 4 (Dkt. 247-1).

7.    Sonos's request is narrowly tailored to protect its confidential information.  Sonos

does not seek to redact or file under seal any portion of Google's Opposition, or Exhibits 3 and 7,

as indicated in Google's Administrative Motion.

I declare under penalty of perjury that the foregoing is true and correct to the best of my

knowledge. Executed this 12th day of May, 2022 in Chicago, Illinois.

<em>/s/ Cole B. Richter</em>
_____

COLE B. RICHTER

DECL. OF RICHTER ISO GOOGLE'S ADMIN. MOTION TO
CONSIDER WHETHER ANOTHER PARTY'S MATERIAL
SHOULD BE SEALED (DKT. 248)
3:20-CV-06754-WHA