QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
Lindsay Cooper (Bar No. 287125)
lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

*Attorneys for Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| GOOGLE LLC, | CASE NO. 3:20-cv-06754-WHA |
| --- | --- |
| Plaintiff, | Related to CASE NO. 3:21-cv-07559-WHA |
| vs. | **DECLARATION OF JOCELYN MA IN SUPPORT OF SONOS, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. NO. 252)** |
| SONOS, INC., | |
| Defendant. | |

1   I, Jocelyn Ma, declare and state as follows:

2   1. I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate at Quinn Emanuel Urquhart & Sullivan LLP representing Google LLC ("Google") in this matter. I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2. I make this declaration in support of Sonos, Inc.'s ("Sonos") Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("Administrative Motion") (Dkt. No. 252) filed in connection with Sonos's Opposition to Google's Motion for Summary Judgment Pursuant to the Court's Patent Showdown Procedure ("Opposition") (Dkt. No. 251). If called as a witness, I could and would testify competently to the information contained herein.

3. Google seeks an order sealing the materials as listed below:

| Document | Portions Sonos Sought to Be Filed Under Seal | Portions Google Seeks to Be Filed Under Seal | Designating Party |
|---|---|---|---|
| Sonos's Opposition | Portions Highlighted in Green | Portions Highlighted in Green | Google |
| Exhibit 1 to the Declaration of Michael P. Boyea in Support of Opposition ("Exhibit 1") | Entire Document | Portions Outlined in Red Boxes | Google |
| Exhibit 2 to the Declaration of Michael P. Boyea in Support of Opposition ("Exhibit 2") | Entire Document | Entire Document | Google |
| Exhibit 3 to the Declaration of Michael P. Boyea in Support of Opposition ("Exhibit 3") | Entire Document | Entire Document | Google |
| Exhibit 4 to the Declaration of Michael P. Boyea in Support of Opposition ("Exhibit 4") | Entire Document | Entire Document | Google |
| Exhibit 7 to the Declaration of Michael P. Boyea in Support of Opposition ("Exhibit 7") | Entire Document | Entire Document | Google |
| Exhibit 9 to the Declaration of Michael P. Boyea in Support of Opposition ("Exhibit 9") | Entire Document | Entire Document | Google |
| Exhibit 10 to the Declaration of Michael P. Boyea in Support of Opposition ("Exhibit 10") | Entire Document | Entire Document | Google |

| | | | |
|---|---|---|---|
| Exhibit 11 to the Declaration of Michael P. Boyea in Support of Opposition ("Exhibit 11") | Entire Document | Entire Document | Google |
| Exhibit 12 to the Declaration of Michael P. Boyea in Support of Opposition ("Exhibit 12") | Entire Document | Entire Document | Google |
| Exhibit 13 to the Declaration of Michael P. Boyea in Support of Opposition ("Exhibit 13") | Entire Document | Entire Document | Google |
| Exhibit 14 to the Declaration of Michael P. Boyea in Support of Opposition ("Exhibit 14") | Entire Document | Entire Document | Google |
| Exhibit 15 to the Declaration of Michael P. Boyea in Support of Opposition ("Exhibit 15") | Entire Document | None | Google |
| Exhibit 16 to the Declaration of Michael P. Boyea in Support of Opposition ("Exhibit 16") | Entire Document | Entire Document | Google |

4. I understand that the Court analyzes sealing requests in connection with motions for summary judgment pursuant to the "compelling reasons" standard. *See, e.g.*, *Edwards Lifesciences Corp. v. Meril Life Scis. Pvt. Ltd.*, No. 19-CV-06593-HSG, 2021 WL 5233129, at *4 (N.D. Cal. Nov. 10, 2021); *Baird v. BlackRock Institutional Tr. Co., N.A.*, No. 17-CV-01892-HSG, 2021 WL 105619, at *5 (N.D. Cal. Jan. 12, 2021). I also understand that courts have found materials which detail product architecture and could harm a litigant's competitive standing are appropriately sealed under this standard. *See, e.g.*, *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc*., No. 12–cv–03844–JST, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015); *Delphix Corp. v. Actifo, Inc*., No. 13-cv-04613-BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014).

5. Sonos's Opposition and Exhibits 2, 3, 4, 7, 9, 10, 11, 12, 13, 14, and 16 contain references to Google's confidential business information and trade secrets, including details regarding source code, architecture, and technical operation of Google's products, as well as internal discussions between Google employees regarding this information. The specifics of how these functionalities operate is confidential information that Google does not share publicly. Thus, I understand that the public disclosure of such information could lead to competitive harm to Google, as competitors could use these details regarding the architecture and functionality of Google's products to gain a competitive advantage in the marketplace with respect to their competing products. Google has

1 therefore designated this information as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL—SOURCE CODE under the protective order (Dkt. No. 92). A less restrictive alternative than sealing would not be sufficient because the information sought to be sealed is Google's confidential business information and trade secrets but has been utilized by Sonos in support of Sonos's Opposition.

6. The portions of Exhibit 1 outlined in red boxes contain references to Google's confidential business information and trade secrets, including details regarding source code, architecture, and technical operation of Google's products, as well as internal discussions between Google employees regarding this information. The specifics of how these functionalities operate is confidential information that Google does not share publicly. Thus, I understand that the public disclosure of such information could lead to competitive harm to Google, as competitors could use these details regarding the architecture and functionality of Google's products to gain a competitive advantage in the marketplace with respect to their competing products. Google has therefore designated this information as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL—SOURCE CODE under the protective order (Dkt. No. 92). Although Sonos's Administrative Motion sought to seal the entirety of this exhibit, Google seeks to seal only the portions outlined in red boxes. A less restrictive alternative than sealing would not be sufficient because the information sought to be sealed is Google's confidential business information and trade secrets but has been utilized by Sonos in support of Sonos's Opposition.

I declare under penalty of perjury under the laws of the United States of America that to the best of my knowledge the foregoing is true and correct. Executed on May 12, 2022, in San Francisco, California.

DATED: May 12, 2022

By: */s/ Jocelyn Ma*
　　　Jocelyn Ma