**Pages 1 - 6**

         UNITED STATES DISTRICT COURT

         NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable William Alsup, Judge

GOOGLE LLC,                        )
                                   )
        Plaintiff,                 )
                                   )
  VS.                              )    **NO. C 20-06754-WHA**
                                   )
SONOS, INC.,                       )
                                   )
        Defendant.                 )
_____)
                                   )
AND RELATED CASES.                 )
_____)

                          San Francisco, California
                          Wednesday, May 18, 2022

         **TRANSCRIPT OF REMOTE TELECONFERENCE PROCEEDINGS**

APPEARANCES: (Appearances via AT&T Teleconference.)

For Plaintiff:
                          QUINN, EMANUEL, URQUHART
                             & SULLIVAN LLP
                          50 California Street - 22nd Floor
                          San Francisco, California 94111
                     BY:  **LINDSAY COOPER, ATTORNEY AT LAW**
                          **MELISSA J. BAILY, ATTORNEY AT LAW**
For Defendant:

                          LEE SULLIVAN SHEA & SMITH LLP
                          656 W Randolph Street - Floor 5W
                          Chicago, Illinois 60661
                     BY:  **SEAN M. SULLIVAN, ATTORNEY AT LAW**




Reported By:  Ruth Levine Ekhaus, RMR, RDR, FCRR
              Official Reporter, CSR No. 12219

1    **Wednesday - May 18, 2022**                                **8:01 a.m.**

2                         **P R O C E E D I N G S**

3                                 ---o0o---

4           **THE CLERK:** Good morning, Your Honor. I will call the

5    case.

6           Court is now in session. The Honorable William Alsup is

7    presiding.

8           Calling Civil Action 21-7559, Sonos, Inc. versus Google

9    LLC, and all related cases.

10          Counsel, please state your appearance for the record

11   beginning with counsel for plaintiff.

12          **MS. BAILY:** This is Melissa Baily --

13          **MR. SULLIVAN:** This Sean -- go ahead.

14          **MS. BAILY:** Sorry. I guess it depends who you

15   consider the plaintiff.

16          This is Melissa Baily and Linsday Cooper on behalf of

17   Google.

18          **THE COURT:** Good morning.

19          **MR. SULLIVAN:** Thank you. And this is Sean Sullivan,

20   Your Honor, on behalf of Sonos.

21          **THE COURT:** All right. Anyone else want to make an

22   appearance?

23                              (No response.)

24          **THE COURT:** Okay. Hearing nothing.

25          Well, good morning, counsel. This is the judge. And this

1  will be very brief, so you don't have to worry about the time.
2      I learned something yesterday, or if I already knew it I
3  had forgotten it -- let me go back.
4      The law clerk that I have working on my IP cases told me
5  that he had worked at Google at some point in the past.  And to
6  my mind, that's not a problem because he's been long gone from
7  Google for some years.  And that's -- so that was not a
8  problem.
9      But yesterday I learned, or if I had already known I had
10 forgotten, that he had owned stock and still owns stock in
11 Google, which two weeks ago or so he put into a blind trust.
12     So I -- now, if I had owned any stock in Google or anybody
13 else, I would be -- even one share, that would be a basis for
14 disqualification for me.  But I, years ago, I -- before I even
15 took this job, I got rid of all my individual shares and just
16 have mutual funds.  That's not quite true because my wife
17 inherited some, but that's minor.  And anyway, mutual funds and
18 bonds are okay under the ethics rules.
19     However, I bring this to your attention in case somebody
20 wants to bring a motion to disqualify me.  This motion will be
21 due in on Friday of next week, May 27th, if you are going to do
22 it; otherwise, it will be deemed waived.
23     So the -- I want to say one other thing.  On the motions
24 that I have ruled on so far, my law clerk in question has
25 helped me.  And by that I -- all of the substantive rulings

1    were my own decisions.  They would have come out the same way
2    regardless of who my law clerk was.  And I do not propose to go
3    back and reargue any of it.  It would come out exactly the same
4    way.  I'm positive those were correct and I'm not going to
5    entertain motions to reconsider or whatever merely because my
6    law clerk owned a few shares of Google stock at the time I was
7    working on those and he was assisting me.
8         I also propose that he's going to continue helping me on
9    this very same case because I don't see any basis for
10   disqualification of the judge on account of his prior
11   ownership.  He's put those shares into a blind trust as of
12   two weeks ago.
13        All right.  I'll let you ask me a few questions if any of
14   you have a question or two.  But that's basically the story; I
15   don't think there is anything more to say.
16        First, on the plaintiff's side.  Well, let's say on the
17   Sonos side.  Go ahead.
18        **MR. SULLIVAN:**  Yes, Your Honor.  This is Sean Sullivan
19   on behalf of Sonos.
20        Thank you for the disclosure.  We appreciate that.  I -- I
21   don't really have any questions for you.  I think you've made
22   it pretty clear what the issue is.  We'll certainly consult
23   with our client and see if the client feels there is a need to
24   file such a motion.
25        But I don't have any questions for you other than, because

1  this may impact things, a question about the schedule.  In
2  particular, you know, we have a motion on file with Your Honor
3  about continuing the trial date, due to some conflicts for our
4  expert.  And with things progressing now and getting closer to
5  that trial, if we were to file such a motion, I don't know how
6  that would impact things.  So I don't know if Your Honor has
7  any insight about whether or not we may get the trial pushed
8  back or not.
9        **THE COURT:**  Well, I guess I had -- I don't -- that's a
10 different problem.  That's -- your expert's a different
11 problem.  And I don't have an answer for you right now.  And my
12 initial impression was it's his own fault for setting the --
13 not making room on his calendar for the trial, but I haven't
14 ruled on that yet.  And I am not making a ruling on that.
15     But my law clerk is going to be helping me with that.
16 If -- so if you want to bring a motion to disqualify me,
17 that's -- you know, that's fine.  You go ahead.
18     But I am not ruling on your schedule for the trial right
19 now.  The trial is set.  For goodness sakes, this is a trial.
20 You lawyers, nobody ever wants to go to trial; you just want to
21 litigate.  We're going to trial, most likely, in July.  I think
22 it's July, so -- but I have -- I have -- I do have to rule on
23 that motion.
24     All right.  Anything else on your side?
25       **MR. SULLIVAN:**  No, Your Honor.

1     **THE COURT:**  All right.  How about on the Google side?
2     **MS. BAILY:**  Nothing from us, Your Honor.  Thank you.
3     **THE COURT:**  All right.  May 27th is the deadline to
4  bring any motion to disqualify based on what I have just told
5  you.
6     **MS. BAILY:**  Thank you, Your Honor.
7     **THE COURT:**  Otherwise, it's waived.  All right.
8  Thank you.  That's all I have.
9  Good luck to both sides.  Bye-bye.
10    **THE CLERK:**  Court is adjourned.
11       (Proceedings adjourned at 8:08 a.m.)
12                    ---oOo---

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE: Friday, May 20, 2022

_____
Ruth Levine Ekhaus, RMR, RDR, FCRR, CSR No. 12219
Official Reporter, U.S. District Court