1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
    Charles K. Verhoeven (Bar No. 170151)
2   charlesverhoeven@quinnemanuel.com
    Melissa Baily (Bar No. 237649)
3   melissabaily@quinnemanuel.com
    Lindsay Cooper (Bar No. 287125)
4   lindsaycooper@quinnemanuel.com
   50 California Street, 22nd Floor
5  San Francisco, California 94111-4788
   Telephone:   (415) 875-6600
6  Facsimile:   (415) 875-6700

7  *Attorneys for Google LLC*

8                      UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10                          SAN FRANCISCO DIVISION

11  | GOOGLE LLC, | CASE NO. 3:20-cv-06754-WHA |
12  | Plaintiff, | Related to CASE NO. 3:21-cv-07559-WHA |
13  | vs. | **DECLARATION OF JOCELYN MA IN SUPPORT OF SONOS, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. NO. 273)** |
14  | SONOS, INC., | |
15  | Defendant. | |

I, Jocelyn Ma, declare and state as follows:

1. I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate at Quinn Emanuel Urquhart & Sullivan LLP representing Google LLC ("Google") in this matter. I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2. I make this declaration in support of Sonos, Inc.'s ("Sonos") Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("Administrative Motion") (Dkt. No. 273) filed in connection with Sonos's Reply In Support of Its Motion for Summary Judgment of Infringement of '885 Patent Claim 1 ("Reply") (Dkt. No. 274). If called as a witness, I could and would testify competently to the information contained herein.

3. Google seeks an order sealing the materials as listed below:

| Document | Portions Sonos Sought to Be Filed Under Seal | Portions Google Seeks to Be Filed Under Seal | Designating Party |
|---|---|---|---|
| Sonos's Reply | Portions Highlighted in Green | Portions Highlighted in Green | Google |
| Exhibit R to Sonos's Reply ("Exhibit R") | Entire Document | Portions Outlined in Red Boxes | Google |
| Exhibit S to Sonos's Reply ("Exhibit S") | Entire Document | Entire Document | Google |

4. I understand that the Court analyzes sealing requests in connection with motions for summary judgment pursuant to the "compelling reasons" standard. *See, e.g.*, *Edwards Lifesciences Corp. v. Meril Life Scis. Pvt. Ltd.*, No. 19-CV-06593-HSG, 2021 WL 5233129, at *4 (N.D. Cal. Nov. 10, 2021); *Baird v. BlackRock Institutional Tr. Co., N.A.*, No. 17-CV-01892-HSG, 2021 WL 105619, at *5 (N.D. Cal. Jan. 12, 2021). I also understand that courts have found materials which detail product architecture and could harm a litigant's competitive standing are appropriately sealed under this standard. *See, e.g.*, *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12–cv–03844–JST, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015); *Delphix Corp. v. Actifo, Inc.*, No. 13-cv-04613-BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014).

5. The portions of Sonos's Reply highlighted in green and Exhibit S contain references to Google's confidential business information and trade secrets, including details regarding source code, architecture, and technical operation of Google's products. The specifics of how these functionalities operate is confidential information that Google does not share publicly. Thus, I understand that the public disclosure of such information could lead to competitive harm to Google, as competitors could use these details regarding the architecture and functionality of Google's products to gain a competitive advantage in the marketplace with respect to their competing products. Google has therefore designated this information as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL—SOURCE CODE under the protective order (Dkt. No. 92). A less restrictive alternative than sealing would not be sufficient because the information sought to be sealed is Google's confidential business information and trade secrets but has been utilized by Sonos in support of Sonos's Reply.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

1. 6. The portions of Exhibit R outlined in red boxes contain references to Google's confidential business information and trade secrets, including details regarding source code, architecture, and technical operation of Google's products. The specifics of how these functionalities operate is confidential information that Google does not share publicly. Thus, I understand that the public disclosure of such information could lead to competitive harm to Google, as competitors could use these details regarding the architecture and functionality of Google's products to gain a competitive advantage in the marketplace with respect to their competing products. Google has therefore designated this information as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL—SOURCE CODE under the protective order (Dkt. No. 92). Although Sonos's Administrative Motion sought to seal the entirety of Exhibit R, Google to seeks to seal only the portions outlined in red boxes in the unredacted version filed in connection with this Declaration. A less restrictive alternative than sealing would not be sufficient because the information sought to be sealed is Google's confidential business and trade secrets but has been utilized by Sonos in support of Sonos's Reply.

I declare under penalty of perjury under the laws of the United States of America that to the best of my knowledge the foregoing is true and correct. Executed on May 26, 2022, in San Francisco, California.

DATED: May 26, 2022

By:   /s/ Jocelyn Ma
      Jocelyn Ma