QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
Lindsay Cooper (Bar No. 287125)
lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

*Attorneys for Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| GOOGLE LLC, | CASE NO. 3:20-cv-06754-WHA |
|---|---|
| Plaintiff, | Related to CASE NO. 3:21-cv-07559-WHA |
| vs. | **DECLARATION OF JOCELYN MA IN SUPPORT OF SONOS, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. NO. 288)** |
| SONOS, INC., | |
| Defendant. | |

I, Jocelyn Ma, declare and state as follows:

1. I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate at Quinn Emanuel Urquhart & Sullivan LLP representing Google LLC ("Google") in this matter. I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2. I make this declaration in support of Sonos, Inc.'s ("Sonos") Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("Administrative Motion") (Dkt. No. 288) filed in connection with Sonos and Google's Joint Discovery Letter Brief ("Discovery Letter") (Dkt. No. 287). If called as a witness, I could and would testify competently to the information contained herein.

3. Google seeks an order sealing the materials as listed below:

| Document | Portions Sonos Sought to Be Filed Under Seal | Portions Google Seeks to Be Filed Under Seal | Designating Party |
|---|---|---|---|
| Discovery Letter | Portions Highlighted in Yellow | Portions Highlighted in Yellow | Google |

4. I understand that the Court analyzes sealing requests in connection with discovery motions pursuant to a "good cause" standard. *See Intel Corp. v. Tela Innovations, Inc.*, No. 3:18-CV-02848-WHO, 2018 WL 4501146, at *3 (N.D. Cal. Sept. 18, 2018). I also understand that courts have found materials which detail "sensitive financial and business information" are appropriately sealed under this standard. *Skillz Platform Inc. v. AviaGames Inc.*, No. 21-CV-02436-BLF, 2022 WL 875654, at *2 (N.D. Cal. Mar. 24, 2022). I further understand that courts have granted motions to seal a company's "sensitive information about [its] data, processes, systems, and policies." *Free Range Content, Inc. v. Google Inc.*, No. 14-cv-02329-BLF, Dkt. No. 192, at 3-9 (N.D. Cal. May 3, 2017); *see also Trotsky v. Travelers Indem. Co.*, 2013 WL 12116153, at *8 (W.D. Wash. May 8, 2013) (granting motion to seal as to "internal research results that disclose statistical coding that is not publically [*sic*] available").

5. The portions of the Discovery Letter highlighted in yellow contain confidential information regarding Google's highly sensitive product usage metrics data, as well as the internal

processes, databases, and systems for obtaining and maintaining that data, which Google does not share publicly. Public disclosure of this information could harm Google's competitive standing and create a risk of injury by providing competitors with access to information that Google does not have similar access to about their competitors, and may expose Google to increased security risk and allow competitors and/or bad actors to manipulate or gain insight into how Google maintains its data. Thus, Google has good cause to keep such information under seal. A less restrictive alternative than sealing the highlighted portions would not be sufficient because the information sought to be sealed is Google's confidential and highly sensitive financial information but has been utilized by Sonos and Google in the Discovery Letter.

    I declare under penalty of perjury under the laws of the United States of America that to the best of my knowledge the foregoing is true and correct. Executed on June 21, 2022, in San Francisco, California.

DATED: June 21, 2022

By: */s/ Jocelyn Ma*
       Jocelyn Ma