QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
Lindsay Cooper (Bar No. 287125)
lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for GOOGLE LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>    Plaintiff,<br><br>    vs.<br><br>SONOS INC,<br><br>    Defendant. | Case No. 3:20-cv-06754-WHA<br><br>**GOOGLE'S NOTICE OF DEPOSITION TESTIMONY AND SONOS'S *INTER PARTES* REVIEW PATENT OWNER RESPONSE IN SUPPORT OF GOOGLE'S PATENT SHOWDOWN SUMMARY JUDGMENT POSITIONS** |

Google LLC ("Google") respectfully notifies the Court that it deposed Keith Corbin, a former Sonos, Inc. ("Sonos") employee, on May 31, 2022 and June 1, 2022; Robert Lambourne, a current Sonos employee, on June 6, 2022; and Nick Millington, a current Sonos employee, on June 29, 2022. Testimony from Mr. Corbin, Mr. Lambourne, and Mr. Millington is relevant to Google's summary judgment positions regarding claim 13 of U.S. Patent No. 9,967,615 and claim 1 of U.S. Patent No. 10,848,885. Excerpts from the transcripts of Mr. Corbin, Mr. Lambourne, and Mr. Millington's depositions are attached as Exhibits 1-3, respectively.

Google also respectfully notifies the Court that on July 11, 2022, Sonos filed its Patent Owner Response to Google's Petition for *Inter Partes* Review ("IPR") of U.S. Patent No. 9,967,615 ("Response") in IPR Case No. IPR2021-01563 before the Patent Trial and Appeal Board. Excerpts from Sonos's Response are attached as Exhibit 4.

DATED: July 11, 2022

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Charles K. Verhoeven*
CHARLES K. VERHOEVEN

*Attorneys for Google LLC*

-1-   Case No. 3:20-cv-06754-WHA
GOOGLE'S NOTICE OF DEPOSITION TESTIMONY AND SONOS'S IPR RESPONSE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT 1**
**FILED UNDER SEAL**

**EXHIBIT 2**
**FILED UNDER SEAL**

**EXHIBIT 3**
**FILED UNDER SEAL**

# EXHIBIT 4

**Sonos's Patent Owner Response to Petition for *Inter Partes* Review of U.S. Patent No. 9,967,615**

- Pgs. 23-24: In contrast, a POSA would have understood that just any "storage area" of a device for storing a "playlist" is not equivalent to the device's "playback queue." *Id.*, ¶82. Rather, a "playlist" is simply a collection of multimedia that could be stored in a "storage area" of a device and ***could be***, at some point in time, set for playback (it ***could be added*** to a "playback queue"). *Id.* However, a device with a stored "playlist" must be caused to add the "playlist" to a "playback queue," thereby designating the contents of the "playlist" for playback. Id. In other words, a "playlist" standing alone, even when stored on a device, says nothing about what the device will actually playback. *Id.*

- Pg. 25: Unlike a "playback queue," a "playlist" is simply a collection of multimedia and must be set in some fashion for a device to play it before playback actually occurs. Ex.2018, ¶88. In other words, the mere storage of a "playlist" in a device is insufficient to amount to the device's "playback queue." *Id.* In fact, the '615 Patent discloses functionality of a "local playback controller" that allows a user to identify a playlist of multimedia items and cause a "playback device" to queue the playlist for playback. Supra §III. In this regard, the '615 Patent demonstrates to a POSA that a "playback queue" is different than a "playlist," as a "playlist" generally must be added to a "playback queue" to set it for playback. Ex.2018, ¶88.

- Pg. 48: In this regard, Google asserts that an "IPAN cloud server" adding an "updated playlist" to "the storage space" of a "network-enabled audio device" satisfies limitation 1-f. Petition, 30-32. However, an "IPAN cloud server" merely ***adding an "updated playlist" to "the storage space"*** of a "network-enabled audio device" does not amount to "one or more first cloud servers ***adding, to the local playback queue***, one or more resource locators," as required by limitation 1-f. Ex.2018, ¶197. In fact, as explained before, a POSA would have understood that a "playlist" ***merely*** stored in a "storage area" of a device is different than a device's "playback queue." *Supra* §V.B; Ex.2018, ¶198.

**CERTIFICATE OF SERVICE**

The undersigned certifies that on July 11, 2022, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system.

DATED: July 11, 2022

*/s/ Charles K. Verhoeven*

Charles K. Verhoeven