UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GOOGLE LLC,

        Plaintiff,

  v.

SONOS, INC.,

        Defendant.

No. C 20-06754 WHA

**ORDER RE MOTION TO STRIKE**

# INTRODUCTION

In this patent infringement action, patent owner asserts that alleged infringer has violated this district's Patent Local Rules by incorporating references and theories in its summary judgment filings and corresponding expert report not disclosed in its invalidity contentions. To the following extent, patent owner's motion to strike is **GRANTED IN PART** and **DENIED IN PART**.

# STATEMENT

The facts in this matter are well known and described previously (No. C 21-07559 WHA, Dkt. No. 156). Patent owner Sonos, Inc. asserts that Google LLC infringes U.S. Patent Nos. 9,967,615; 10,469,966; 10,779,033; and 10,848,885. The patents generally concern multi-room "smart" speaker technology. This motion practice takes place in the context of Google's declaratory judgment action.

Relevant here, an October 2021 order scheduled a "patent showdown" procedure, wherein each side moves for summary judgment on one particular claim-in-suit. The parties have now filed their briefing for the patent showdown, supported by expert declarations. Sonos now moves to strike the following from Google's motion for summary judgment of noninfringement or invalidity of the '615 patent for improperly asserting new invalidity arguments and prior art references:

1. Page 19, lines 1–7; page 20, lines 3–6, 11–14 from Google's motion for summary judgment;
2. Paragraphs 133–34, 136–37, 139–41, 143–45, 149, 158–60, 169–71, 180, and 182 from the supporting expert report of Dr. Samrat Bhattacharjee;
3. Exhibits 10 and 14 to Google's motion for summary judgment.

This order follows full briefing and oral argument.

## ANALYSIS

Our patent local rules streamline discovery and seek to quickly uncover the primary disputes in the action. They require the parties to disclose their infringement and invalidity contentions early, but permit amendment as new information comes to light in discovery. *O2 Micro Int'l Ltd. v. Monolithic Pwr. Sys., Inc.*, 467 F.3d 1355, 1365–66 (Fed. Cir. 2006). Pursuant to Patent Local Rule 3, a party may not use an expert report or motion memoranda "to introduce new infringement theories, new infringing instrumentalities, new invalidity theories, or new prior art references not disclosed in the parties' infringement contentions or invalidity contentions." *See ASUS Computer Int'l v. Round Rock Research, LLC*, 2014 WL 1463609, at *1 (N.D. Cal. Apr. 11, 2014) (Judge Nathaniel M. Cousins). Such an infraction may be subject to a motion to strike, but the rules do "*not* require identification of every evidentiary *item of proof*." *See Oracle Am., Inc. v. Google Inc.*, 2011 WL 4479305, at *3 (N.D. Cal. Sept. 26, 2011).

This order considers each issue flagged by Sonos in turn.

**1.   ANTICIPATION THEORY FOR LIMITATION 13.4.**

Claim limitation 13.4 of the '615 patent recites: "detecting a set of inputs to transfer playback from the control device to a particular playback device, wherein the set of inputs comprises: (i) a selection of the selectable option for transferring playback from the control device and (ii) a selection of the particular playback device from the identified playback devices connected to the local area network." Sonos argues that Google asserts a new anticipation theory for the limitation that it did not include in its contentions. Specifically, while the contentions only identified a "Connect" button as teaching limitation 13.4, the motion "changes its theory by now pointing to a never-before identified 'menu' button and claims that section of *that* button in combination with selection of the 'Connect' button disclose this claim element" (Br. 4). Here is the side-by-side Sonos used in its motion (Br. 5):

| Invalidity Contentions | Summary Judgment |
|---|---|
| "The YT Remote System implicitly detects a set of inputs once the '*connect*' option is selected, based on devices on the same LAN for which user is logged in, e.g. a TV screen logged into the user's YouTube account. See e.g. [4] [image with red box around Connect icon, labeled "Set of inputs detected"] | "To transfer playback using the YTR application the user may press the *menu* button (shown in green in the image …) which brings up a '*Connect*' button (shown in red) that the user may further select to transfer playback to a particular playback device. The user's selection of *menu* and *select* [sic] are a 'set of inputs' to transfer playback that are detected by the Android phone. [image with red box around Connect icon and green box around menu icon] |
| Ex. A ('615 Chart) at 18 (emphasis in text added). | Google's MSJ at 19 (emphasis in text added). |

Google argues that "Sonos has been on notice that selection of the Connect icon requires a user to press menu in order to bring up the Connect icon" and notes that the menu button is

3

visible in both screenshots Sonos compares (Opp. 10–11). More importantly, item [4] — cited in the contentions and where the relevant image originated — specifically states that a user must "press menu and connect" (Contentions at 18, Caridis Decl. Exh. A).[1]

Upon review, this order declines to strike Google's statements here. The material at issue does not qualify as a new anticipation theory. Rather, Google has spelled out what its invalidity contentions recite. A party may not conceal its theories from disclosure in its contentions, but a party need not compose its dispositive briefing in its contentions, either. The decision in *Largan Precision Co., Ltd. v. Genius Electronic Optical Co.*, 2014 WL 6882275 (N.D. Cal. Dec. 5, 2014) (Judge James Donato), does not support striking this material. *Largan* struck portions of an expert report that used uncited portions of a prior art reference (a patent) because none of the references to the patent in the party's contentions disclosed the theory being asserted by the expert. *Id.* at *5. Sonos contends "[p]ointing to a new portion of a reference is not 'additional explanation' of a previously-disclosed theory, it is a *new* theory" (Reply Br. 5). But that is not quite the same thing. Google's anticipation theory on this point has remained consistent. Recognizing Sonos's concerns, on balance, this order finds fairness best served by denying the motion to strike as to this material and addressing these issues on the merits.

2. **OBVIOUSNESS THEORY FOR LIMITATION 13.4.**

The answer is the same for Google's obviousness theory for claim limitation 13.4. Google argues in its summary judgment motion that the limitation is obvious in part because U.S. Patent No. 9,490,998 discloses that "the 'user interface' of the Remote Control may display the 'previously paired controlled devices' so that a user may select and control 'one or more paired controlled devices'" (Dkt. No. 221 at 20, citing '998 patent at 10:62–11:6). Sonos objects that Google never cited to this specific disclosure in its invalidity contentions. Google did, however, disclose that it was relying on this reference to meet limitation 13.4 (Contentions at 18–20, citing 4:21–57, 4:48–67, 8:1–59, and figure 1). Each of these citations generally disclose various ways a remote control may be paired with controlled devices (Opp. 13). The

---

[1] Citing https://www.youtube.com/watch?v=EGdsOslqG2s at 0:53–1:09 (last visited May 18, 2022).

4

citation to 10:62–11:6 accordingly qualifies as permissible additional evidentiary support rather a new theory.

### 3. FEBRUARY 2012 YOUTUBE REMOTE WAYBACK MACHINE CAPTURE.

Next, we consider exhibit 14 — a Wayback Machine capture dated February 29, 2012, of a website purportedly depicting a version of the YouTube Remote system from January 25, 2012 (Dkt. No. 211-14). Sonos argues Google never disclosed this version of the system and that "[i]nstead, in its contentions, Google specifically cited to an October 14, 2011 Wayback Machine capture showing an *earlier,* different version of the YouTube Remote System" (Br. 8).

Google explains that its invalidity contentions do not constitute a prior art document, and that the webpage capture in question illustrates the description of the prior art in the contentions:

| Google's Infringement Contentions<br>(Contentions at 18) | Wayback Machine Capture<br>(Dkt. No. 211-14) |
| --- | --- |
| The YT Remote System implicitly detects a set of inputs once the "connect" option is selected, based on devices on the same LAN for which user is logged in, e.g. a TV screen logged into the user's YouTube account. |  |

5

Sonos argues "the original 2011 capture and corresponding narrative explanation do not portray a display that allows a user to *select* and control a *particular* paired controlled device" (Reply Br. 9). But, as shown, Google stated in its contentions that the YouTube remote system can detect a set of inputs based on devices on the same LAN for which the user is logged in, such as a television. Google's summary judgment motion merely visually depicts that capability. The capture, consequently, does not constitute a new theory or prior art reference but further evidentiary support.

Sonos also notes how Google did not produce exhibit 14 (and exhibit 10 discussed below) until it filed its motion for summary judgment (Reply Br. 10). This order finds this apparent delay concerning as it suggests a measure of gamesmanship the patent local rules seek to stamp out. Nevertheless, our patent showdown procedure requires the parties to move expeditiously towards a merits determination while fact discovery is ongoing. This inherently entails the possibility that a given document may be produced contemporaneously with a party's summary judgment motion. Without further indications of an improper motive, and so long as the party's contentions disclose the theory and/or prior art reference per Patent Local Rule 3, a production such as this does not cross the line. The opposing party will also have adequate opportunity to address those documents in its opposition. Sonos has not demonstrated Google's actions here require this order to take action based on a marginally dilatory document production.

Sonos's motion to strike as to this capture is denied.

**4.    JULY 2010 YOUTUBE REMOTE API DOCUMENTATION.**

We turn to exhibit 10 to Google's motion for summary judgment. This three-page document describes the API for the first release of the YouTube remote application, which used version 1 of Google's MDx protocol (Exh. 10, Dkt. No. 211-10). Sonos argues "Google's invalidity contentions for the '615 patent do not include references to exhibit 10 or any other API or API documentation" (Br. 10). Further, Sonos explains that exhibit 10 "is Dr. Bhattacharjee's sole support that the 'prior art' YouTube Remote System is allegedly similar to the *accused* YouTube application" (*ibid.*).

1    Upon review of his declaration, Dr. Bhattacharjee refers to exhibit 10 to describe how the
2    YouTube Remote application would send a "setPlaylist" message to a MDx server that would in
3    turn send the message to, *e.g.*, a television to resume playback, as well as how that functionality
4    purportedly qualifies as a "local playback queue" as recited by the '615 patent (Bhattacharjee
5    Decl. ¶¶ 137, 180, Dkt. No. 211-1). The exhibit contains the same key information regarding
6    the "setPlaylist" message disclosed in Google contentions by item [7], documentation
7    describing the YouTube remote system's MDx protocol (*compare* Exh. 10, *with* Contentions at
8    1, 24–25). Google's use of a different document to support a theory it disclosed in its
9    contentions does not run afoul of our Patent Local Rules. Sonos has also not sufficiently
10   explained why a document describing the YouTube remote application's API constitute a prior
11   art reference distinct from the YouTube remote application, generally. Further, as discussed
12   above, Google's production of this document contemporaneously with its motion for summary
13   judgment does not change this conclusion.
14   Sonos's motion to strike as to exhibit 10 is denied.

### 5. "REPRODUCED" JULY 2011 SOURCE CODE.

Next up is source code for the YouTube Remote application dated July 12, 2011. As Google explains, it produced this code in tandem with its updated invalidity contentions that it served on December 7, 2021 (Opp. 19). In a supplemental interrogatory response dated February 4, 2022, Sonos challenged the prior-art status of the YouTube remote system. In Google's words: "To address Sonos's newly-raised objection, Google re-collected and reproduced [on March 22] the YouTube Remote source code from July 12, 2011 in a manner that preserved the last modified dates of each file" (*ibid.*).

Sonos, suspicious of Google's production, notes that the declaration describing the reproduction "does not say that the contents of the files from each of these versions are identical or if they contain additional lines of code or changed lines" (Reply Br. 11). But neither does Sonos identify a single change it discovered beyond the last-modified date. Ultimately, without more, this order cannot justify the serious remedy of striking the material related to the July 2011 source code.

### 6. NOVEMBER 2010 SOURCE CODE.

When Google "reproduced" its July 2011 source code in March 2022, it also produced for the first time source code from November 11, 2010 for its YouTube Remote system. Google explains that this November 2010 source code "show[ed] that the YT remote system was prior art not only as of July 2011, but also much earlier" (Reply Br. 19). It claims the earlier source code "just adds additional support that the functionality Google relies on also existed at least as early as November 11, 2010 (*id.* at 19). Sonos correctly notes, however, that "Google offers no explanation as to why this code was not produced with (or even referenced in) its contentions" (Reply Br. 12).

Source code is rarely static. Whether a different iteration of the code also required disclosure can depend on the degree in which the undisclosed version differs from the disclosed version. Minor differences do not constitute a new prior art reference or theory and would merely provide further evidentiary support, which does not justify striking the material. Substantive differences that bear on a particular claim limitation, however, are different. *See Oracle*, 2011 WL 4479305, at *3–4. Dr. Bhattacharjee's declaration reveals negligible differences between the November 2010 and July 2011 source code for some features of the YouTube remote system, such as a revised name for a particular variable when the system pairs the YouTube remote application with the backend server (*compare* Bhattacharjee Decl. ¶ 133, *with id.* at ¶ 134). For other features, however, the differences are more significant. Take, for example, how the system transfers playback of a playlist from the application on the mobile device to the "LeanBack Screen," *i.e.*, the user's television. For that feature, Dr. Bhattacharjee's description reveals stark differences between the November 2010 and July 2011 source code, both of which Google seeks to map onto claim limitations 13.5 and 13.6 of the '615 patent. Upon review, the different iterations of the YouTube remote source code that Google cites may both carry out similar features, but they do so in very different ways (*see* Bhatarcharjee Decl. ¶ 139, 143). The July 2011 code has different variables and new functions. This order finds that such differences required disclosure in Google's contentions.

1    Google justifies its inclusion of the new version of the source code on the grounds that
2    Sonos moved the priority date of its patents from December 30, 2011 to July 15, 2011. That
3    could have opened the door for Google to amend its infringement contentions to include the
4    November 2010 source code. But Google made no such amendment. Such a change does not
5    allow Google to insert the November 2010 code at summary judgment as an alternative
6    argument for invalidity of the '615 patent. This order accordingly strikes paragraphs 133 and
7    138–41 of Dr. Bhattacharjee's expert report.

### 7. PINTPOINT CITATIONS.

Finally, Sonos argues that Google's invalidity contentions "merely cite to directories and subdirectories of source code without identifying any specific files or pinpoint citations to specific line numbers that would map those citations onto specific claim elements" (Br. 12). Accordingly, Sonos requests this order strike paragraphs 133–34, 139–41, 143–45, 158, 170, and 182 of Dr. Bhattacharjee's declaration.

Sonos primarily relies in part on *MasterObjects, Inc. v. Amazon.com, Inc.*, No. C 20-08103 WHA, 2021 WL 5987101 (N.D. Cal. Dec. 17, 2021). That order, however, did not find that pinpoint citations for source code were always required. Rather, it noted that some decisions form our district have reached that conclusion but reasoned that, even if not per se required, those citations were required in that action in light of counsel's previous statements on the matter. As previous decisions have made clear, pinpoint citations to source code may not always be required. *See Oracle*, 2011 WL 4479305, at *3.

More fundamentally, the problem with Sonos's motion lies in the fact that it had notice that Google did not plan to amend its contentions on this point as of March 2 (Caridis Decl. Exhs. C, D). Sonos then strategically chose not to initiate motion practice on this issue until April 21, fifty days after Google's March 2 letter. And that motion practice did not target Google's invalidity contentions but Google's summary judgment motion. If Sonos felt pinpoint citations were required in this matter, it "should have sought intervention from the Court, instead of moving to strike [Google's] expert report after the fact." *Largan*, 2014 WL 6882275, at *7. The motion to strike this material is denied.

9

**CONCLUSION**

For the foregoing reasons, the motion to strike is **GRANTED IN PART** and **DENIED IN PART**. This order strikes paragraphs 133 and 138–41 of Dr. Bhattacharjee's expert report in their entirety. The rest of the motion is denied.

**IT IS SO ORDERED.**

Dated: August 2, 2022.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE