QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
Lindsay Cooper (Bar No. 287125)
lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:      (415) 875-6700

*Attorneys for Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>SONOS, INC.,<br><br>　　　　　Defendant. | CASE NO. 3:20-cv-06754-WHA<br>Related to CASE NO. 3:21-cv-07559-WHA<br><br>**DECLARATION OF JOCELYN MA IN SUPPORT OF SONOS, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. NO. 313)** |

I, Jocelyn Ma, declare and state as follows:

1. I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate at Quinn Emanuel Urquhart & Sullivan LLP representing Google LLC ("Google") in this matter. I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2. I make this declaration in support of Sonos, Inc.'s ("Sonos") Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("Administrative Motion") (Dkt. No. 313) filed in connection with Sonos's Notice of Lodging Presentation Slides Re the July 13, 2022 Summary Judgment Hearing (Dkt. 312, "Notice of Lodging"). If called as a witness, I could and would testify competently to the information contained herein.

3. Google seeks an order sealing the materials as listed below:

| Document | Portions Sonos Sought to Be Filed Under Seal | Portions Google Seeks to Be Filed Under Seal | Designating Party |
|---|---|---|---|
| Attachment A to Sonos's Notice of Lodging ("Attachment A") | Portions Outlined in Green Boxes | Portions Outlined in Blue Boxes[1] | Google |

4. I understand that the Court analyzes sealing requests in connection with motions for summary judgment pursuant to the "compelling reasons" standard. *See, e.g.*, *Edwards Lifesciences Corp. v. Meril Life Scis. Pvt. Ltd.*, No. 19-CV-06593-HSG, 2021 WL 5233129, at *4 (N.D. Cal. Nov. 10, 2021); *Baird v. BlackRock Institutional Tr. Co., N.A.*, No. 17-CV-01892-HSG, 2021 WL 105619, at *5 (N.D. Cal. Jan. 12, 2021). I also understand that courts have found materials which detail product architecture and could harm a litigant's competitive standing are appropriately sealed under this standard. *See, e.g.*, *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12–cv–03844–JST, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015); *Delphix Corp. v. Actifo, Inc.*, No. 13-cv-04613-BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014).

5. The portions of Attachment A outlined in blue boxes contain references to Google's confidential business information and trade secrets, including details regarding source code,

---

[1] Google does not seek to seal the image outlined in a blue box in the original of slide 11 in Sonos's presentation on its motion to strike.

1  architecture, and technical operation of Google's products, as well as internal discussions between
2  Google employees regarding this information. The specifics of how these functionalities operate is
3  confidential information that Google does not share publicly. Thus, I understand that the public
4  disclosure of such information could lead to competitive harm to Google, as competitors could use
5  these details regarding the architecture and functionality of Google's products to gain a competitive
6  advantage in the marketplace with respect to their competing products. Google has therefore
7  designated this information as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY and/or
8  HIGHLY CONFIDENTIAL—SOURCE CODE under the protective order (Dkt. No. 92). Although
9  Sonos's Administrative Motion sought to seal all of the portions outlined in green boxes, Google
10 seeks to seal only the portions outlined in blue boxes (other than the blue box on slide 11 of Sonos's
11 presentation on its motion to strike). A less restrictive alternative than sealing would not be sufficient
12 because the information sought to be sealed is Google's confidential business information and trade
13 secrets but has been utilized by Sonos in Attachment A.

14    I declare under penalty of perjury under the laws of the United States of America that to the
15 best of my knowledge the foregoing is true and correct. Executed on August 5, 2022, in San
16 Francisco, California.

17 DATED: August 5, 2022

By:   */s/ Jocelyn Ma*
     Jocelyn Ma