QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

*Attorneys for GOOGLE LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>            Plaintiff,<br><br>     vs.<br><br>SONOS, INC.,<br><br>            Defendant. | Case No. 3:20-cv-06754-WHA<br>Related to Case No. 3:21-cv-07559-WHA<br><br>**GOOGLE LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS NOTICE OF LODGING PRESENTATION SLIDES RE THE JULY 13, 2022 SUMMARY JUDGMENT HEARING** |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiff Google LLC ("Google") hereby requests to file under seal portions of its Notice of Lodging Presentation Slides Re The July 13, 2022 Summary Judgment Hearing ("Notice"). Specifically, Google requests an order granting leave to file under seal the portions of the documents listed below:

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| Attachment A to Google's Notice ("Attachment A") | Portions outlined in green boxes and portion outlined in a yellow box on page 4 | Google |

## II. LEGAL STANDARD

Civil Local Rule 79-5(c) provides that a party seeking to file its own documents under seal must file an administrative motion that articulates the applicable legal standard and reasons for keeping a document under seal, includes evidentiary support from a declaration where necessary, and provides a proposed order that is narrowly tailored to seal only the sealable material.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

The Ninth Circuit has recognized that two different standards may apply to a request to seal a document – namely the "compelling reasons" standard or the "good cause" standard. *Blessing v. Plex Sys., Inc.*, No. 21-CV-05951-PJH, 2021 WL 6064006, at *12 (N.D. Cal. Dec. 22, 2021) (citing *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016)). The compelling reasons standard applies to any sealing request made in connection with a motion that is "more than tangentially related to the merits of a case." *Id.* Accordingly, courts in this district apply a "compelling reasons" standard to a sealing request made in connection with a motion for summary judgment. *See, e.g.*, *Edwards Lifesciences Corp. v. Meril Life Scis. Pvt. Ltd.*, No. 19-

CV06593-HSG, 2021 WL 5233129, at *4 (N.D. Cal. Nov. 10, 2021); *Baird v. BlackRock Institutional Tr. Co., N.A.*, No. 17-CV-01892-HSG, 2021 WL 105619, at *5 (N.D. Cal. Jan. 12, 2021).

### III.     THE COURT SHOULD SEAL GOOGLE'S CONFIDENTIAL INFORMATION

Material that is confidential and could harm a litigant's competitive standing if disclosed may be sealed under the compelling reasons standard. *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12–cv–03844–JST2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) (information "is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage"); *In re Qualcomm Litig.*, No. 3:17-CV-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (concluding that "compelling reasons exist to seal . . . information subject to confidentiality and non-disclosure provisions" because "[s]uch insight could harm the parties in future negotiations with existing customers, third-parties, and other entities with whom they do business").

The portions of Google's Attachment A outlined in green boxes and outlined in a yellow box on page 4 contain confidential business information that could significantly harm Google's competitive standing if disclosed. Specifically, the portions of Google's Attachment A outlined in green contain confidential information regarding highly sensitive features of Google's products, including details of the operation and system design of Google products and functionalities that Sonos accuses of infringement. Public disclosure of these exhibits would harm the competitive standing Google has earned through years of innovation and careful deliberation by revealing sensitive aspects of Google's proprietary systems, strategies, designs, and practices to Google's competitors. Declaration of Anne-Raphaelle Aubry ("Aubry Decl.") ¶ 4. A less restrictive alternative than sealing the portions of Attachment A outlined in green boxes and outlined in a yellow box on page 4 would not be sufficient because the information sought to be sealed is Google's proprietary and confidential business information but is integral to Google's patent showdown motions for summary judgment and its presentation slides in support thereof. *Id.* Thus, Google has compelling reasons to keep such information under seal. *See Delphix Corp. v. Actifo, Inc.*, No. 13-cv-04613-BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (finding compelling reasons to seal where court filings

contained "highly sensitive information regarding [an entity's confidential] product architecture and development"); *Guzik Tech. Enterprises, Inc. v. W. Digital Corp.*, No. 5:11-CV-03786-PSG, 2013 WL 6199629, at *4 (N.D. Cal. Nov. 27, 2013) (sealing exhibit containing "significant references to and discussion regarding the technical features" of a litigant's products).

## IV.  CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court grant Google's Administrative Motion to File Under Seal Portions of its Notice of Lodging Presentation Slides Re The July 13, 2022 Summary Judgment Hearing .

DATED: August 15, 2022         QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:   */s/ Charles K. Verhoeven*
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
Lindsay Cooper (Bar No. 287125)
lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:      (415) 875-6700

*Attorneys for GOOGLE LLC*

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that, on August 15, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system and email.

DATED:  August 15, 2022

By:   */s/ Charles K. Verhoeven*
Charles K. Verhoeven