QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

*Attorneys for GOOGLE LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>          Plaintiff,<br><br>     vs.<br><br>SONOS, INC.,<br><br>          Defendant. | CASE NO. 3:20-cv-06754-WHA<br><br>**GOOGLE LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF THE PARTIES' JOINT DISCOVERY LETTER** |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiff Google LLC ("Google") hereby requests to file under seal portions of the parties' Joint Discovery Letter regarding Topic No. 6 of Google's Federal Rule of Civil Procedure 30(b)(6) Notice of Deposition to Sonos, Inc. ("Sonos") ("Joint Discovery Letter"). Specifically, Google requests an order granting leave to file under seal the portions of the documents listed below:

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| Joint Discovery Letter | Portions highlighted in green | Google and Sonos |
| Joint Discovery Letter Exhibit 1 ("Exhibit 1") | Portions highlighted in green | Google and Sonos |

## II. LEGAL STANDARD

Civil Local Rule 79-5(c) provides that a party seeking to file its own documents under seal must file an administrative motion that articulates the applicable legal standard and reasons for keeping a document under seal, includes evidentiary support from a declaration where necessary, and provides a proposed order that is narrowly tailored to seal only the sealable material.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). In the Ninth Circuit, two different standards may apply to a request to seal a document – namely the "compelling reasons" standard or the "good cause" standard. *Blessing v. Plex Sys., Inc.*, No. 21-CV-05951-PJH, 2021 WL 6064006, at *12 (N.D. Cal. Dec. 22, 2021) (citing *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016)). "To seal records in connection with a 'dispositive' motion or a motion that 'more than tangentially relate[s] to the merits of a case,' 'compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure' are required." *Bronson v. Samsung Elecs. Am., Inc.*, No. C 18-02300 WHA, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019) (quoting *Kamakana*, 447 F.3d at 1178-79). "A particularized showing of 'good cause' under Federal Rule

of Civil Procedure 26(c), however, suffices to warrant sealing in connection with a non-dispositive motion." *Id.*  Accordingly, courts analyze sealing requests in connection with discovery motions pursuant to a "good cause" standard.  *See Intel Corp. v. Tela Innovations, Inc.*, No. 3:18-CV-02848-WHO, 2018 WL 4501146, at *3 (N.D. Cal. Sept. 18, 2018).

### III.     THE COURT SHOULD SEAL GOOGLE'S CONFIDENTIAL INFORMATION

Material that is confidential and could harm a litigant's competitive standing if disclosed may be sealed under the good cause standard.  *See, e.g.*, *Skillz Platform Inc. v. AviaGames Inc.*, No. 21-CV-02436-BLF, 2022 WL 875654, at *2 (N.D. Cal. Mar. 24, 2022) (finding "good cause to file the documents and portions of documents at issue under seal given the sensitive financial and business information they contain"); *Dugan v. Lloyds TSB Bank, PLC*, No. 12-CV-02549-WHA NJV, 2013 WL 1435223, at *2 (N.D. Cal. Apr. 9, 2013) ("There may be 'good cause' to seal records that are privileged, contain trade secrets, contain confidential research, development or commercial information, or if disclosure of the information might harm a litigant's competitive standing.").

The green-highlighted portions of the Joint Discovery Letter and Exhibit 1 contain confidential business information that could significantly harm Google's competitive standing if disclosed.  Specifically, they include terms to confidential agreements that are not public.  The public disclosure of this information would harm Google's competitive standing and its ability to negotiate future agreements by giving competitors access to Google's highly confidential business thinking and asymmetrical information about Google's collaboration strategies to other entities.  Declaration of Jocelyn Ma ("Ma Decl.") ¶ 4.  A less restrictive alternative than sealing the highlighted portions of the Joint Discovery Letter and Exhibit 1 would not be sufficient because the information sought to be sealed is Google's proprietary and confidential business information but is integral to the parties' Joint Discovery Letter.  *Id.*  Because courts routinely seal confidential business information that "if made public, would give [] competitors an unfair advantage and negatively impact [] business relationships," Google has good cause to keep such information under seal.  *Teradata Corp. v. SAP SE*, No. 18-CV-03670-WHO, 2021 WL 6498856, at *1-2 (N.D. Cal. July 13, 2021); *see also Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12-CV-03844-JST, 2015 WL 12976921, at *3 (N.D. Cal. Mar. 31, 2015) (granting motion to seal "sensitive

business information regarding the amount of royalties received under a licensing agreement and also detailed information regarding a confidential licensing and manufacturing agreement" under the good cause standard).  Additionally, this Court has previously granted sealing of similar information.  *See* Dkt. 39.

### IV.  CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court grant Google's Administrative Motion to File Portions of the Parties' Joint Discovery Letter Under Seal.

DATED: August 19, 2022

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:   */s/ Charles K. Verhoeven*
      Charles K. Verhoeven (Bar No. 170151)
      charlesverhoeven@quinnemanuel.com
      Melissa Baily (Bar No. 237649)
      melissabaily@quinnemanuel.com
      Lindsay Cooper (Bar No. 287125)
      lindsaycooper@quinnemanuel.com
      50 California Street, 22nd Floor
      San Francisco, California 94111-4788
      Telephone:   (415) 875-6600
      Facsimile:   (415) 875-6700

*Attorneys for GOOGLE LLC*

## ATTESTATION

Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that, on August 19, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system and email.

DATED: August 19, 2022

By:    */s/ Charles K. Verhoeven*
       Charles K. Verhoeven