quinn emanuel trial lawyers | san francisco

50 California St #22, San Francisco, CA 94111| TEL (415) 875-6600

Dear Judge Ryu:

Google LLC ("Google") and Sonos, Inc. ("Sonos") respectfully submit this joint letter brief per the Court's Standing Order. The parties' dispute arises from Topic No. 6 of Google's 30(b)(6) Notice of Deposition to Sonos ("Topic No. 6"). The parties met and conferred via Zoom regarding this issue on March 9, 2022, August 4, 2022, and August 12, 2022.

The relevant case management deadlines include: deadline for bringing all discovery motions or extension motions based on discovery violations (October 16, 2022); close of non-expert discovery (November 30, 2022); close of expert discovery (January 4, 2022); deadline to file dispositive motions (January 26, 2023); pretrial conference (May 3, 2023); and trial (May 10, 2023).

Google's Statement:

Google respectfully requests that the Court compel Sonos to designate a witness in response to Topic No. 6, which originally sought testimony from Sonos on "[t]he agreements governing Sonos's collaborations with Google, including but not limited to the Content Integration Agreement, Sonos's understanding of the scope of the ████████████████ described in Section 3.4 of the Content Integration Agreement, [and] Sonos's understanding of whether functionality developed or information exchanged as part of the parties' collaboration is covered by the Content Integration Agreement[.]" Ex. 1 at 8.[1] Simply put, if Sonos intends to rely on fact testimony at trial regarding the Content Integration Agreement, Google is entitled to discovery as to what that fact testimony is going to be.

As Sonos itself has recognized and does not currently deny, the parties disagree as to ████████
███████████████████████████ *Sonos, Inc. v. Google LLC*, Case No. 3:21-cv-07559-WHA ("Transferred Action"), Dkt. 67 at 5-7. Sonos's position is that the Content Integration Agreement ("Agreement") ████████
████ *Id.*, Dkt. 91 at 2 ████████████████████████████
████████████████████████████ (emphasis in original).
Google's position is that the Agreement applies to functionality that is implemented on both Sonos and Google players.

Sonos is the one that initially drafted the Agreement, and Sonos witnesses have characterized the Agreement as a "standard" Sonos agreement. Since Sonos has already taken a position as to what

---

[1]   As a compromise, Google offered to revise the topic to give Sonos wide latitude to provide *any* information it intends to offer on the Agreement: "The facts and circumstances regarding the negotiations and execution of the Content Integration Agreement, including all facts supporting any position Sonos intends to take at trial or in this case with respect to the Content Integration Agreement and the scope of what the Agreement covered or did not cover." Although Sonos has agreed "to produce a witness that is reasonably prepared to testify as to the 'fact[s] and circumstances regarding the negotiations and execution of the Content Integration Agreement,'" Sonos has remained unwilling to designate a witness to testify on its understanding of the scope of the Agreement.

the Agreement covers and does not cover, Google is entitled to discovery regarding the factual basis for that position.  The scope of the Agreement will be a key issue at trial as the Agreement is fundamental to Google's breach of contract and conversion claims, as well as its unclean hands, equitable estoppel, waiver, implied license, exhaustion, and limitation on liability defenses.  *See* Dkt. 125 ¶¶ 85-97; Dkt. 199 at 24-28; *see also* Transferred Action, Dkt. 223 at 25-30. And Google is entitled to discovery on Sonos's position now in order to avoid being ambushed at trial with a previously undisclosed theory.  *See ACT Grp., Inc. v. Hamlin*, No. CV-12-567-PHX-SMM, 2016 WL 7634679, at *6 (D. Ariz. May 11, 2016) ("A main purpose of Rule 26(a) is to promote full disclosure of the facts during discovery in order to prevent surprise or ambush at trial.").

Sonos makes much of the fact that it has "already agreed to produce a witness to testify regarding the facts and circumstances regarding the negotiations and execution of the Content Integration Agreement."  But if Sonos intends to present a fact witness at trial to explain its position ███████ Google is entitled to discovery on that as well.  For example, if Sonos intends to have a witness explain  that ███████████████████████████████████████████ Google should be given a chance to explore that testimony.  If Sonos refuses to provide discovery on this key issue, the Court should preclude Sonos from offering any position on the scope of the Agreement in accordance with Judge Alsup's Standing Order.  *See* Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge William Alsup ¶ 32(c) ("If the organization does not produce any [30(b)(6)] deponent . . . the organization may not present case-in-chief evidence at trial or on summary judgment on that topic from any witness it could have so designated.").

Sonos has objected to Topic 6 on the basis that it seeks "Sonos's legal theories, contract interpretations, and its trial strategy."  But Sonos has already taken a position regarding the scope of the Agreement—Topic No. 6 merely seeks permissible testimony about the factual basis for that position.  In such circumstances where the parties dispute the meaning of a critical contractual provision, courts have granted requests for discovery regarding a party's understanding of the term. *See, e.g.*, *JSR Micro, Inc. v. QBE Ins. Corp.*, No. C-09-03044 PJH (EDL), 2010 WL 1338512, at *2 (N.D. Cal. Apr. 5, 2010) (compelling 30(b)(6) testimony because "Plaintiff is entitled to explore through discovery facts relevant to its own nonfrivolous theories regarding the meaning of contractual terms, even if Defendant disagrees with Plaintiff's theories on the merits.").  Further, that Topic 6 relates to a contract does not automatically render any responsive testimony privileged.  Indeed, Sonos has already agreed to provide a witness for Topic No. 7 of Google's Rule 30(b)(6) notice, which seeks testimony regarding licensing agreements that Sonos has entered into for the Patents-in-Suit.

Sonos cites several cases in support of its position, but all are readily distinguishable.  *In re Google, Lenz,* and *3M* all blocked discovery into "legal contentions" or "legal conclusions," but Google is seeking the ***factual*** basis for Sonos's position regarding what the Agreement does and does not cover.  *See infra.*  Sonos's final case, *In re Indep. Serv. Organizations Antitrust Litig.*, 168 F.R.D. 651, 654 (D. Kan. 1996), blocked a 30(b)(6) topic that sought "facts supporting numerous paragraphs of Xerox's denials and affirmative defenses."  The Kansas court had "no quarrel with CCS's contention that it has a right to discover the facts upon which Xerox will rely for its defense and counterclaims"; it merely blocked the topic because using a 30(b)(6) deposition to discover those facts was "inefficient."  *Id.*  Here, Google is not using a single 30(b)(6) topic to explore the

factual basis for multiple claims at one time.  Google is merely seeking the factual basis for Sonos's position regarding what a key agreement covers and does not cover.

Sonos has also suggested that Google should seek the requested information through interrogatories rather than 30(b)(6) testimony.  As a preliminary matter, Sonos is not entitled to dictate Google's discovery methods.  Regardless, Google has served an interrogatory on this topic and Sonos has refused to substantively respond to it.[2]

**Final Proposed Compromise:**  Google seeks an order compelling Sonos to provide a witness on the remainder of its revised topic:  "all facts supporting any position Sonos intends to take at trial or in this case with respect to the Content Integration Agreement and the scope of what the Agreement covered or did not cover."  This includes the factual basis for Sonos's position that the ██████████████████████████████████████████████████████████████████

██████████████████

Sonos's Statement:

Google's Topic 6 improperly asks for Sonos's legal theories, contract interpretations, and its trial strategy.  These are inappropriate topics for a Rule 30(b)(6) deposition.

Courts in this District are clear that 30(b)(6) depositions are not an appropriate vehicle for obtaining discovery on an opposing party's legal theories and interpretations.  Google succeeded in advancing this very position just two months ago in *In re Google RTB Consumer Privacy Litigation*, No. 21CV02155YGRVKD, 2022 WL 2068215, at *5-6 (N.D. Cal. June 8, 2022).  There, plaintiffs asked Google to designate a corporate representative to testify about the meaning of certain statements made by Google to consumers.  Google objected that the "plaintiffs improperly s[ought] testimony about the legal significance of the statements or about Google's legal contentions."  *Id.* at 6.  The court sustained that objection, "agree[ing] with Google that it is improper for plaintiffs to use [the noticed topics] to obtain Google's legal contentions or legal conclusions."  *Id.*

Sonos has already agreed to produce a witness to testify regarding the "fact[s] and circumstances regarding the negotiations and execution of the Content Integration Agreement," *supra* n.1.  But Google is not permitted to compel a corporate deposition to discover (i) which facts Sonos contends support Sonos's legal positions, (ii) legal interpretations of the scope of agreements or of terms used therein, or (iii) Sonos's trial strategy.  *See In re Google*, 2022 WL 2068215, at *6 ("to the extent plaintiffs intend to use [30(b)(6)] to discover Google's contentions about *which statements or disclosures support Google's position* . . . a corporate deposition is not the appropriate vehicle for such discovery" (emphasis added)); *In re Indep. Serv. Organizations Antitrust Litig.*, 168 F.R.D. 651, 654 (D. Kan. 1996) (refusing to order a party to designate a witness on "the facts upon which [it] will rely for its defense and counterclaims" because it is "overbroad, inefficient, and unreasonable," and "implicates serious privilege concerns, and potential problems with confidential information," explaining that a party "is not required to have

---

[2]  Google's Interrogatory No. 11 asked Sonos to "[d]escribe, in detail, the scope of the ████████████ ██████ you contend to be the subject of Section 3.4 of the Content Integration Agreement."  Sonos refused to provide a substantive response, merely stating that "resolving the scope of ████████████████ is not necessary for the purpose of resolving the parties' claims in this case."

counsel marshal all of its factual proof and prepare a witness to be able to testify on a given defense or counterclaim."). Google selectively reads the latter case to have only blocked the deposition on inefficiency grounds, but this ignores the court's holding that the designated topics improperly designated "attorney work product" and "legal opinions or conclusions." *See id.* Neither Google's position in *In re Google*—nor the result—is an outlier. Courts routinely reach similar conclusions. *E.g., id.; Lenz v. Universal Music Corp.*, No. C 07-03783 JF PVT, 2010 WL 1610074, at *3 (N.D. Cal. Apr. 20, 2010) (where plaintiff "ask[ed] for *testimony that forms the basis* of defendant's 'belief' regarding infringement and fair use," "[t]he *facts that form those 'beliefs' are legal conclusions* and an improper topic for a Rule 30(b)(6) deposition" (emphases added)); *3M Co. v. Kanbar*, No. C06-01225 JW HRL, 2007 WL 1794936, at *2 (N.D. Cal. June 19, 2007) (holding that 30(b)(6) topics "inquir[ing] about *support* for the allegations" of infringement "in effect, seek[] legal conclusions" and are an improper use of that vehicle (emphasis added)). Google suggests that in these cases, the courts were only concerned with discovery into legal contentions, and not with the factual basis for a legal position. That misreads the cases, which hold that such "factual basis" inquiries *are* (improper) requests for legal contentions, *see supra.* Google's authorities are not to the contrary.

Google contends that "[i]f Sonos refuses to provide discovery on this key issue, the Court should preclude Sonos from offering any position on the scope of the Agreement in accordance with Judge Alsup's Standing Order." But Sonos has readily agreed to provide discovery on the issues of *the parties' collaboration* and *the Agreement*. For example, Sonos has already agreed to produce a witness to testify regarding the "fact[s] and circumstances regarding the negotiations and execution of the Content Integration Agreement," has already produced countless documents regarding these issues, engaged in burdensome email discovery, and has answered multiple interrogatories directed to these issues. Google has already conducted or will conduct 10 separate Rule 30(b)(1) and Rule 45 depositions on collaboration issues on top of the massive document discovery that has already taken place. Google repeatedly asserts that "Google is entitled to discovery on [Sonos's positions]" and that "Google should be given a chance to explore [anticipated] testimony," but this does not entitle Google to a Topic as broad as either of the one originally advanced or its compromise position, which broadly and improperly request a roadmap of Sonos's legal theories and a witness prepared to testify as to "*all facts supporting any position Sonos intends to take at trial*."[3] Indeed, the same Standing Order that Google cites also provides that "[i]n framing the subjects, it is normally improper to ask for FRCP 30(b)(6) deponents to testify concerning the entire basis of a claim or defense." Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge William Alsup ¶ 32(a).

Google relies heavily on *JSR Micro, Inc. v. QBE Ins. Corp.*, No. C-09-03044 PJH (EDL), 2010 WL 1338152, at *2 (N.D. Cal. Apr. 5, 2010), for the proposition that—in Google's words—"courts have granted requests for discovery regarding a party's understanding of the term." But Google's interpretation of *JSR Micro* is incorrect and is plainly distinguishable. **First**, *JSR Micro* did not involve a party asking for a roadmap of the other party's legal strategy or for a corporate witness

---

[3] Google's footnote 2 argues that Google offered a "compromise" to Google's original Topic 6. But this "compromise" broadened the scope of the Topic from seeking Sonos's interpretation of terms used in the Agreement and Sonos's opinions on whether certain things were or were not covered by the Agreement to seeking "*all* facts supporting *any* position Sonos intends to take at trial" and "the scope of what the Agreement covered or did not cover." Far from being a compromise, this version of the Topic essentially asks Sonos for its trial strategy in addition to seeking a corporate witness to testify as to legal conclusions.

to testify on the party's legal interpretation of the scope of an Agreement. Instead, the movant sought a witness to testify as to specific historical factual matters: namely, facts concerning prior statements made to other parties and evidence the party previously accepted for "proof of debt." *Id.* ("Plaintiff is entitled to explore through discovery ***facts relevant*** to its own non-frivolous theories regarding the meaning of contractual terms.") (emphasis added). In other words, seeking a witness on specific facts (such as prior course of dealing with other parties), which may bear on the interpretation of a contract term, can be appropriate, but seeking a witness to testify as to the interpretation itself is not appropriate.

***Second***, none of the topics at issue in *JSR Micro* asked the opposing party to state which facts the opposing party contended would support the opposing party's interpretation of a disputed contract term. *Id.* at 1. Instead, the topics covered factual matters: namely, representations made by the defendant insurer regarding the insurance policies at issue, claims made under those policies, and claims that the insurer had paid or refused to pay. *Id.* In other words, historical facts about the past actions of a party. By contrast, Google here is not asking Sonos to provide corporate testimony on Sonos's actions, but instead requests corporate testimony on contract interpretation and Sonos's legal conclusions about which facts are relevant.

***Third***, the court in *JSR Micro* relied on its ruling on law specific to the insurance context—law with no apparent relevance here. *See id.* (noting that "evidence of an insurer's representations about or interpretations of a policy term is generally discoverable as relevant to interpretation of the contract language" (citations omitted)).

Last, Google complains that while Sonos has stated that Google should seek the requested information through interrogatories rather than 30(b)(6) testimony, Sonos "refused to provide a substantive response" to Google's Interrogatory No. 11 on this subject. This is inaccurate and irrelevant. It's ***inaccurate*** because Sonos, five months ago, provided a supplemental response to Google's Interrogatory No. 11, in which Sonos provided a response concerning interpretation of the Agreement:



Google has not raised an issue with the response in any respect. It's ***irrelevant*** because Sonos's interrogatory response is not before the Court – Google's motion to compel a corporate witness on contract interpretation and trial strategy is. Google's desire to obtain discovery in a more burdensome and inappropriate manner through 30(b)(6) testimony instead of interrogatory does not entitle Google to such discovery, particularly where it seeks improper corporate testimony on legal conclusions, *3M Co.*, 2007 WL 1794936, at *2, and trial strategy, *see In re Indep. Serv. Organizations Antitrust Litig.*, 168 F.R.D. at 654.

**Final Proposed Compromise:** Sonos agrees to produce a witness to testify regarding the facts and circumstances regarding the negotiations and execution of the Content Integration Agreement.

DATED: August 19, 2022

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By *Charles K. Verhoeven*
Charles K. Verhoeven
Melissa J. Baily
Lindsay Cooper
James Judah
Marc Kaplan

*Attorneys for Google LLC*

ORRICK, HERRINGTON & SUTCLIFFE LLP

By *Clement S. Roberts*
Clement S. Roberts

*Attorneys for Sonos, Inc.*