# EXHIBIT 1
## FILED UNDER SEAL

CLEMENT SETH ROBERTS (State Bar No. 209203)
croberts@orrick.com
ALYSSA CARIDIS (State Bar No. 260103)
acaridis@orrick.com
EVAN D. BREWER (State Bar No. 304411)
ebrewer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700; Facsimile: (415) 773-5759

GEORGE I. LEE (*pro hac vice*)
lee@ls3ip.com
SEAN M. SULLIVAN (*pro hac vice*)
sullivan@ls3ip.com
RORY P. SHEA (*pro hac vice*)
shea@ls3ip.com
J. DAN SMITH (*pro hac vice*)
smith@ls3ip.com
MICHAEL P. BOYEA (*pro hac vice*)
boyea@ls3ip.com
COLE B. RICHTER (*pro hac vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone: (312) 754-0002; Facsimile: (312) 754-0003

*Attorneys for Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>　　　　Plaintiff,<br>　　v.<br>SONOS, INC.,<br><br>　　　　Defendant. | Case No. 3:20-cv-06754-WHA<br><br>**SONOS, INC.'S RESPONSES AND OBJECTIONS TO GOOGLE LLC'S FED. R. CIV. P. 30(b)(6) NOTICE OF DEPOSITION TO SONOS, INC.** |
| SONOS, INC.,<br><br>　　　　Plaintiff,<br>　　v.<br>GOOGLE LLC,<br><br>　　　　Defendant. | Case No. 3:21-cv-07559-WHA |

**RESPONSE TO TOPIC NO. 5:**

Sonos objects that this topic is overly broad and burdensome because Google (not Sonos) is the party most equipped to answer what information was "gleaned from Sonos" as a result of Sonos's collaborations with Google, and Google is well aware of the knowledge and information that it gleaned from Sonos. Sonos further objects that "collaborations" as used herein is vague and ambiguous in that "collaborations" could be used to apply generally to a range of different activities, especially as the topic is not limited by time. Sonos will interpret "collaborations" as referring to the collaboration between the parties to develop an application that would allow Google's music service to play directly to the Sonos music system. Subject to and without waiving these objections, Sonos will produce one or more witnesses who, collectively, are reasonably prepared to provide non-privileged testimony regarding such collaborations with Google.

**TOPIC NO. 6:**

The agreements governing Sonos's collaborations with Google, including but not limited to the Content Integration Agreement, Sonos's understanding of the scope of the ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮ described in Section 3.4 of the Content Integration Agreement, Sonos's understanding of whether functionality developed or information exchanged as part of the parties' collaboration is covered by the Content Integration Agreement, and an Identification of persons most knowledgeable about this Topic.

**RESPONSE TO TOPIC NO. 6:**

Sonos objects to this topic as vague and ambiguous in that "Content Integration Agreement" is not defined. Sonos further objects that "collaborations" as used herein is vague and ambiguous in that "collaborations" could be used to apply generally to a range of different activities. Sonos will interpret "collaborations" as referring to the collaboration between the parties to develop an application that would allow Google's music service to play directly to the Sonos music system. Sonos also objects to this topic to the extent that it seeks information that is protected by the attorney client privilege or work product doctrine. Sonos will not make available

any witness to provide testimony on privileged information. Sonos further objects to this topic as improper to the extent it seeks legal opinions insofar as contract interpretation is question of law.

For the foregoing reasons, Sonos will not provide a witness on this topic.

**TOPIC NO. 7:**

Any attempt by Sonos to license, agreements for licensing, or payments or royalties received for licensing the Patents-in-Suit, the Related Patents, and/or the subject matter disclosed in the Patents-in-Suit or Related Patents and an Identification of persons most knowledgeable about this Topic.

**RESPONSE TO TOPIC NO. 7:**

Sonos objects that this topic is vague and ambiguous because "Related Patents" is not defined. Sonos will limit its response to the Patents-in-Suit. Sonos further objects that this topic is overly broad and unduly burdensome insofar as it seeks licensing, payments, and royalty information for the "subject matter disclosed in the Patents-in-Suit." As written, the topic is broad enough to encompass licenses and agreements that have nothing whatsoever to do with the claims or issues in the case. Sonos will provide a witness who is reasonably prepared to testify about any licensing agreements, payments, and royalties received for licensing the Patents-in-Suit. Sonos also objects to this topic to the extent that it seeks information that is protected by the attorney client privilege or work product doctrine. Sonos will not make available any witness to provide testimony on privileged information.

Subject to and without waiving of these objections, Sonos will produce one or more witnesses who, collectively, are reasonably prepared to provide non-privileged testimony regarding the licensing agreements, payments, and royalties received for licensing the Patents-in-Suit.

**TOPIC NO. 8:**

The factual bases for Sonos's assertion that it is entitled to lost profits, including but not limited to demand for the Allegedly Covered Products, any allegation that there is an absence of any acceptable non-infringing alternatives, Sonos's manufacturing and marketing capability to exploit the demand of any Sonos Allegedly Covered Product, and the amount of profit Sonos

contends it would have made but for the alleged infringement by Google, and an Identification of persons most knowledgeable about this Topic.

**RESPONSE TO TOPIC NO. 8:**

Sonos objects to this topic insofar as it seeks information that is protected by the attorney client privilege or work product doctrine. Sonos will not make available any witness to provide testimony on privileged information.

Sonos also objects to Google's definition of "Allegedly Covered Product." As explained in the Definitions section above, Sonos will limit "Allegedly Covered Product" to mean any past or present Sonos product or service that Sonos contends is covered by any of the Patents-in-Suit, that is, made, used, sold, offered for sale, and/or imported by Sonos and/or any of its licensees.

Sonos further objects to this topic as improper in that it seeks legal opinions and legal contentions. Facts that relate to Sonos's entitlement to lost profits and non-infringing alternatives call for expert testimony, and a 30(b)(6) deposition is not the appropriate procedure to discovery expert opinion evidence or testimony. To the extent that this topic seeks testimony regarding the facts that support Sonos's damages claims, Sonos objects to the topic as premature. Expert discovery in this case is governed by Court order and separate provisions of the Federal Rules. Sonos will provide such opinions in an expert report at the appropriate time under the Court's schedule and will make its expert witness available for deposition regarding those topics.

For the foregoing reasons, Sonos will not provide a witness on this topic.

Dated: March 22, 2022

ORRICK HERRINGTON & SUTCLIFFE LLP
*and*
LEE SULLIVAN SHEA & SMITH LLP

By: */s/ Cole B. Richter*
Cole B. Richter (admitted *pro hac*)

*Attorneys for Sonos, Inc.*