QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:   (415) 875-6600
Facsimile:    (415) 875-6700

*Attorneys for GOOGLE, LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>            Plaintiff,<br><br>      vs.<br><br>SONOS, INC.,<br><br>            Defendant. | Case No. 3:20-cv-06754-WHA<br>Related to CASE NO. 3:21-cv-07559-WHA<br><br>**GOOGLE LLC'S NOTICE OF MOTION AND MOTION TO BIFURCATE VALIDITY FROM WILLFULNESS AND DAMAGES FOR THE PATENT SHOWDOWN TRIAL**<br><br>Date:       September 28, 2022<br>Time:       2:00 p.m.<br>Location: Courtroom 12, 9th Floor<br>Judge:     Hon. William Alsup |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 28, 2022 at 2:00 p.m. or as soon thereafter as this matter can be heard before the Honorable Judge William Alsup in Courtroom 12, Ninth Floor, United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Google LLC ("Google") will and hereby does move to bifurcate the issue of validity from the issues of willfulness and damages in the upcoming patent showdown trial pursuant to Federal Rule of Civil Procedure 42(b). Google's Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the proposed order submitted herewith, all exhibits and other papers on file in this action, such other evidence and argument as may be presented at or before the hearing on this motion, and all matters of which the Court may take judicial notice.

DATED: August 24, 2022

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: _/s/ Charles K. Verhoeven_
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
Lindsay Cooper (Bar No. 287125)
lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for GOOGLE LLC*

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 42(b), Google LLC ("Google") respectfully moves to bifurcate the issue of validity from the issues of willfulness and damages in the upcoming patent showdown trial of the remaining asserted claim at issue, claim 1 of U.S. Patent No. 10,848,885 ("'885 patent").

Bifurcation would have important beneficial effects on the patent showdown trial, particularly given that the Court has already granted Sonos's motion for summary judgment of infringement for claim 1 of the '885 patent. Willfulness is an inflammatory issue, as a plaintiff's presentation of willfulness frequently attempts to paint the defendant as a culpable "bad actor." Thus, trying willfulness together with the other issues in this case raises a serious risk that the willfulness allegations will inflame and prejudice the jury against Google, thereby swaying the jury's determination of validity. Conversely, bifurcating willfulness will prevent these "bad actor" allegations from influencing the jury's decision on liability (*i.e.*, validity). Additionally, bifurcation will reduce juror confusion by removing the need to work through the complex procedural evidence Sonos will present regarding its alleged pre-suit notice of the '885 patent at the same time as jurors are attempting to understand the technical validity issues.

Moreover, without bifurcation, Sonos could begin its case-in-chief by presenting evidence of willful infringement and damages, before the jury hears Google's evidence on liability—namely, Google's evidence that the patent is invalid. If the jury begins by hearing evidence of willful infringement and damages, it may assume that the '885 patent is valid because the Court has found infringement, highly prejudicing Google.

Finally, while bifurcating willfulness and damages will prevent prejudice against Google and potentially lighten the jury's load, bifurcation will not materially prejudice Sonos. If the Court bifurcates damages and willfulness from the patent showdown and instructs the parties to address these issues during the main trial in May 2023, Sonos will still have an opportunity to have a jury consider damages and willful infringement. This would be the most efficient and least prejudicial way to handle bifurcation since ██████████████████████████████████████████

██████████████████████████ and it would be a waste of judicial resources and prejudicial for

Google to defend against Sonos's identical damages arguments multiple times, once at the patent showdown and again during the May 2023 trial. In the alternative, if the Court bifurcates willfulness and damages in the context of the showdown trial such that the jury decides validity before proceeding to willfulness and damages, the same jury could consider both phases of the trial consistent with the Court's practice in prior cases, and evidence used during the first phase of the trial would not need to be repeated in the second phase.

For the foregoing reasons, Google respectfully requests that the Court bifurcate the case such that validity is tried before willfulness and damages.[1]

## II.     STATEMENT OF THE ISSUES TO BE DECIDED

Whether the issue of validity should be bifurcated from the issues of willfulness and damages in the upcoming patent showdown trial.

## III.    STATEMENT OF RELEVANT FACTS

On October 8, 2021, the Court ordered the parties to engage in "the patent showdown procedure." Dkt. 68 ¶ 1. Accordingly, each party chose one asserted claim, with Google selecting claim 13 of U.S. Patent 9,967,615 ("'615 patent") and Sonos selecting claim 1 of the '885 patent. *Id.* Over the course of the next six months, the parties conducted discovery and filed motions for summary judgment. *Id.* ¶ 4. Sonos moved for summary judgment of infringement of the '885 patent (Dkt. 208), whereas Google moved for summary judgment of both non-infringement and invalidity of the '615 patent (Dkt. 211).

On July 21, 2022 the Court granted Sonos's motion for summary judgment of infringement of claim 1 of the '885 patent. Dkt. 309. The Court followed up with a separate order granting Google's motion for summary judgment of non-infringement and invalidity of claim 13 of the '615

---

[1] Even if the Court denies Google's motion to bifurcate, Google nevertheless requests that it be permitted to present its case-in-chief on validity before damages and willfulness are presented. If the jury begins by hearing evidence of willful infringement and damages, it may assume that the '885 patent is valid because the Court has found infringement, prejudicing Google. *See e.g.*, *Marine Polymer Techs., Inc. v. HemCon, Inc.*, No. CIV. 06-CV-100-JD, 2010 WL 1451171, at *1 (D.N.H. Apr. 8, 2010) (given pretrial ruling that defendant's products infringe, allowing defendant to "proceed first and present its counterclaims and defenses of patent validity" before the damages phase of the trial).

patent, finding that "Sonos has . . . failed to raise a genuine dispute that Google's products employ a 'local playback queue'" and that "it would have been obvious to combine the teachings of the [United States Patent No. 9,490,998] with the YouTube Remote system to achieve the claimed invention." Dkt. 316.

Accordingly, the only remaining issues for the patent showdown are (1) whether claim 1 of the '885 patent is invalid; if not, (2) whether Google willfully infringes claim 1 of the '885 patent; and (3) the amount of damages, if any, Google owes Sonos for its infringement of the claim. The patent showdown trial is scheduled to begin on October 3, 2022. Dkt. 269. A trial on the remaining asserted claims of the '885 patent and the other two asserted patents—U.S. Patent No. 10,779,033 (which shares a specification and priority date with the '615 patent) and U.S. Patent No. 10,469,966 (which shares a specification and priority date with the '885 patent)—as well as all remaining issues (including willfulness and damages for those remaining claims and patents), is scheduled for May 2023. Dkt. 67.

## IV.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 42(b), a district court may order a separate trial of one or more separate issues or claims "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). "Courts have broad discretion under Fed. R. Civ. P. 42(b) to bifurcate trials," including to separate damages issues from liability. *Santa Clara Valley Hous. Grp., Inc. v. United States*, No. C 08-05097 WHA, 2012 WL 3235334, at *4 (N.D. Cal. Aug. 6, 2012); *Robert Bosch LLC v. Pylon Mfg. Corp.*, 719 F.3d 1305, 1319-20 (Fed. Cir. 2013) ("The decision to bifurcate damages issues from liability issues is in the sound discretion of the trial court."). In fact, bifurcation of patent cases has become standard practice for many judges. See Steven S. Gensler, *Bifurcation Unbound*, 75 Wash. L. Rev. 705, 725 (2000). ("[B]ifurcation of complex patent trials has become common."); see also *Dutch Branch of Streamserve Dev. AB v. Exstream Software, LLC*, No. CIV 08-343-SLR, 2009 WL 2705932, at *1 (D. Del. Aug. 26, 2009) ("I have determined that bifurcation is appropriate, if not necessary, in all but exceptional patent cases."); *Yamaha Hatsudoki Kabushiki Kaisha v. Bombardier Inc.*, No. SA CV 00-549-DOCEEX, 2001 WL 501354, at *3 (C.D. Cal. May 4, 2001) ("Bifurcation, while perhaps not routine, is nonetheless common in patent

litigation.").

"Courts consider several factors in determining whether bifurcation is appropriate, including whether the issues are clearly separable, and whether bifurcation would increase convenience and judicial economy, reduce the risk of jury confusion, and avoid prejudice to the parties." *Facebook, Inc. v. OnlineNIC Inc.*, No. 19-CV-07071-SI, 2022 WL 1016670, at *3 (N.D. Cal. Apr. 5, 2022) (quoting Fed. R. Civ. P. 42(b)).

V.   **ARGUMENT**

    A.   **The Court Should Bifurcate The Issue of Liability From Willfulness and Damages in the Upcoming Showdown Trial**

Courts in this district, including this Court, routinely grant bifurcation of issues at trial. *See, e.g.*, *Buckins v. Cty. And Cnty. Of San Francisco*, No. 3:19-cv-07969-WHA, Dkt. 95 (N.D. Cal. Mar. 17, 2022) (bifurcating liability and punitive damages); *Oracle Am., Inc. v. Google, Inc.*, No. 3:10-cv-03561-WHA, Dkt. 1321 (N.D. Cal. Sept. 18, 2015) (bifurcating Google's fair use defense from damages and willfulness); *Volterra Semiconductor Corp.v. Primarion, Inc., et al*, No. C-08.05129-JCS, Dkt. 1165 at 3 (N.D. Cal. Sept. 29, 2010) (bifurcating infringement, invalidity and inequitable conduct from damages, willfulness and defendants' antitrust counterclaims); *Medtronic, Inc. v. W.L. Gore & Assocs., Inc.*, No. 06-04455JSW, 2008 WL 5158997, at *1 (N.D. Cal. Dec. 9, 2008) (bifurcating liability and damages). Here, the Court should similarly bifurcate the issue of liability—in the form of the validity of the '885 patent—from willfulness and damages in light of all the *Facebook* factors weighing in favor of bifurcation.

        1.   <u>The Issue of Liability Is Clearly Separable from the Issues of Willfulness and Damages</u>

The issue of liability is clearly separable from the issues of damages and willfulness, with little to no overlap in proof between the two proposed phases. Accordingly, this factor favors bifurcation.

           (a)   *There is Little to No Overlap in Proof Between Validity and Damages*

In patent cases, liability and damages involve largely separate bodies of evidence. Since the liability inquiry involves the validity of the asserted claim, the evidence in the first phase of trial

would involve "prior art references[] and the commercial success of the claimed invention," whereas "[t]he damages inquiry involves a fifteen-factor test to determine a reasonable royalty for Defendant's use of each infringing product" which is "distinct from the liability and validity evidence." *Unwired Planet, LLC v. Google Inc.*, No. 3:12-CV-00504-MMD, 2014 WL 7012499, at *2 (D. Nev. Dec. 12, 2014). The liability phase of the trial would also involve, for example, fact and expert testimony regarding the knowledge of one of ordinary skill in the art at the time the purported inventions were conceived. *Medpointe Healthcare Inc. v. Hi-Tech Pharmacal Co.*, No. CIV.A. 03-5550(MLC), 2007 WL 188285, at *5 (D.N.J. Jan. 22, 2007) ("Evidence in the liability trial will focus on disclosure and claims of the patent and 'the state of the relevant art as represented by prior art products, patents and technical literature.'"). By contrast, the evidence in the damages phase would involve, for example, Google's and Sonos's license agreements, the nature of the commercial relationship between the parties, the "extent to which the infringer has made use of the invention," as well as expert testimony about how those factors might inform a hypothetical negotiation between the parties. *Georgia–Pacific Corp. v. U.S. Plywood Corp.*, 318 F.Supp. 1116, 1120 (S.D.N.Y. 1970); *see also Medpointe*, 2007 WL 188285, at *5 ("Unlike the technological information necessary to prove liability and the related defense of obviousness, financial and economic evidence will be used to prove and defend the issue of damages.").

      One potential issue on which there may be overlapping evidence is the alleged "commercial success" of the claimed invention, which is one of several secondary indicia of non-obviousness. However, courts have rejected this as a basis to deny bifurcation because "[t]he question of commercial success is not ordinarily determined by a detailed analysis of exhaustive and intricate financial data, such as is required for proof of damages, but rather by whether the claimed invention is, broadly speaking, an accepted product and a big seller." *AVIA Grp. Int'l, Inc. v. Nike, Inc.*, No. CIV. 91-326-JU, 1991 WL 340569, at *3 (D. Or. Nov. 21, 1991) (quoting *Paine Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 587 F. Supp. 1112, 1116 (D. Del. 1984) ("[T]he evidence introduced to show commercial success [in the liability phase] will be less extensive and of a different character from that to prove damages[.]"); *Unwired Planet*, 2014 WL 7012499, at *2 (bifurcating both damages and willfulness despite the possibility of overlapping

evidence regarding "the claimed invention's commercial success and licensing" because "this possibility of overlap does not outweigh the judicial resources that would be conserved if the damages and willfulness inquiries are narrowed through a separate liability trial").[2]  Thus, even if "an overlap regarding evidence of the 'commercial success' of the products is likely to occur," such an overlap is insufficient to justify denying Google's bifurcation request. *AVIA Grp. Int'l*, 1991 WL 340569, at *3; *Medpointe*, 2007 WL 188285, at *6 ("Although there will be some overlap in evidence and witnesses, this is the situation with any bifurcated trial.").

        (b)    *There is Little to No Overlap in Proof Between Validity and Willfulness*

Nor would bifurcating validity from willfulness require duplication of proof.  Because intent is irrelevant to a determination of liability, "there is no overlap concerning willfulness between the issue of liability and damages." *AVIA Grp. Int'l*, 1991 WL 340569, at *2; *see also Ortho-McNeil v. Teva Pharms. USA*, No. CIV.A.02-2794 GEB, 2003 WL 25888720, at *4 (D.N.J. Jan. 28, 2003) ("[T]he Court is unconvinced at this juncture that the proofs required to demonstrate Defendant's willfulness, when it infringed against Plaintiffs' patent '407, are intertwined with the proofs regarding the validity of the patent.  Accordingly, the Court cannot foresee that there will be any significant overlapping of evidence[.]").  This is especially true here where Sonos's allegations of willful infringement for the '885 patent do not focus on Google's alleged copying, but rather on a pre-suit copy of an amended complaint and infringement contentions that Sonos provided to Google in connection with a Court-ordered meet and confer discussion.  *See Sonos, Inc. v. Google LLC*, No. 3:21-cv-07559-WHA (hereinafter, "Transferred Action"), Dkt. 211 (N.D. Cal. July 8, 2022) ¶ 54 ("[O]n January 8, 2021, Sonos's counsel sent Google's counsel a copy of an amended complaint and supplemental infringement contentions detailing Google's infringement of the '885 Patent"), ¶ 226 ("Google's infringement of the '885 Patent is also willful because Google . . . had actual

---

[2]  In fact, some courts have tried patent liability issues without even permitting damages discovery, holding that "limited damages discovery may be relevant for . . . the issue of commercial success," but the "drain on scarce judicial resources" caused by damages discovery outweighs any potential relevance during the liability phase of trial. *Dutch Brand*, 2009 WL 2705932, at *1; *see also Ortho-McNeil*, 2003 WL 25888720, at *4 (bifurcating trial and staying discovery as to the issue of willful infringement).

knowledge of the '885 Patent and actual knowledge of Sonos's infringement contentions no later January 8, 2021 when Sonos provided Google with a copy of the Amended Complaint").

* * * * *

Given the lack of evidentiary overlap between the issues of validity, willfulness and damages, this factor weighs in favor of bifurcation.

### 2. Bifurcation May Substantially Narrow the Willfulness and Damages and Issues for Trial

Bifurcation would increase convenience and judicial economy. "Bifurcation is particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case." *Karpenski v. Am. Gen. Life Cos., LLC*, 916 F. Supp. 2d 1188, 1190 (W.D. Wash. 2012) (internal citations and quotations omitted). If the jury finds that claim 1 of the '885 patent is invalid, that would avoid unnecessary damages litigation and "obviate the need for . . . trial on the willfulness issue." *Pfizer, Inc. v. Novopharm Ltd.*, No. 00 C 1475, 2000 WL 1847604, at *4 (N.D. Ill. Dec. 13, 2000); *Medtronic*, 2008 WL 5158997, at * 1 ("[It] is possible that a jury's findings at the liability phase would significantly narrow what damages are available to Medtronic."). Conversely, should the jury find in favor of Sonos on the issue of validity, this aspect of the case "may settle without the need for any evidence or witness testimony[.]" *Medpointe*, 2007 WL 188285, at *6. Thus, significant judicial resources may be saved if the jury is permitted to first determine liability, particularly because "[d]amage questions are often difficult and expensive to litigate." *Mesh Comm, LLC v. E.ON US, LLC*, No. CIV.A. 3:09-CV-641-S, 2011 WL 11563901, at *4 (W.D. Ky. May 10, 2011). Thus, the potential narrowing that could result from bifurcation counsels in favor of granting Google's motion.

Willfulness in particular is an inflammatory issue that should be considered with damages rather than liability, and many courts have specifically taken the step of bifurcating willfulness. *See, e.g., Ericsson Inc. v. D-Link Sys., Inc.*, No. 6:10-CV-473, 2013 WL 4046225, at *1 (E.D. Tex. Aug. 6, 2013); *Kinetic Concepts, Inc. v. Bluesky Med. Corp.*, No. SA-08-CV-102-RF, 2010 WL 9098787, at *2 (W.D. Tex. Jan. 29, 2010); *Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, No. CIV.A. MJG-01-1504, 2009 WL 8548901, at *1 (D. Md. Apr. 24, 2009). Because the presentation of

evidence regarding willfulness will undoubtedly paint the defendant as a culpable "bad actor," courts have recognized that "[w]illfulness is an intrusive and inflammatory issue to . . . try." *Robert Bosch LLC v. Pylon Mfg. Corp.*, No. CIV.08-542-SLR, 2009 WL 2742750, at *1 n.3 (D. Del. Aug. 26, 2009). Indeed, evidence regarding Google's alleged knowledge of the '885 patent, Google's subjective intent, or the reasonableness of Google's conduct would all only be relevant (if at all) to willfulness.

In addition, Sonos's presentation of willfulness evidence will require the jury to delve into complex procedural considerations regarding Sonos's alleged pre-suit notice. For willfulness, Sonos relies on a pre-suit copy of an amended complaint and infringement contentions that Sonos provided to Google in connection with a Court-ordered meet and confer discussion. *See supra* § V.A.1(b). Providing the jury with the necessary context to explain Sonos's actions will require an in-depth explanation of civil procedure, which has no bearing on validity.

Bifurcation will also help avoid unnecessary juror confusion given the unique procedural posture of this case. Fed. R. Civ. P. 42(b). The only remaining issues in the patent showdown following the Court's summary judgment orders are validity, willful infringement, and damages. Without bifurcation, conventionally, Sonos would begin its case-in-chief by presenting evidence of willful infringement and damages. Google will then begin its case-in-chief by addressing invalidity and rebutting willful infringement and damages. Finally, Sonos will rebut Google's evidence of invalidity. Having Sonos begin the trial by presenting evidence regarding willful infringement and damages—all before the jury hears any testimony regarding validity—may confuse jurors and lead them to *assume* validity. The issue of invalidity should thus be tried first. *See Marine Polymer Techs.*, 2010 WL 1451171, at *1 ("As discussed at the final pretrial conference held on April 7, 2010, the jury trial will be bifurcated between the invalidity issues and proof of damages. . . . HemCon will proceed first and present its counterclaims and defenses of patent invalidity. After the jury reaches a verdict on invalidity, if one or more of the asserted claims remains valid, the same jury will hear evidence on damages.").

These considerations strongly favor bifurcation. In the interest of fairness, the only remaining liability issue—validity—should be decided on its own merits without the risk that the

jury's analysis will be swayed by inflammatory accusations that Google is allegedly a "bad actor," or complex and confusing explanations of Sonos's pre-suit notice allegations. Accordingly, willfulness should be bifurcated from the other issues in this case. *Unwired Planet*, 2014 WL 7012499, at *2 ("Separately resolving liability will . . . ease juror confusion in determining damages and willfulness for the surviving claims."); *Ortho-McNeil*, 2003 WL 25888720, at *3 (bifurcation is appropriate when a party in a patent case "has demonstrated that the issues are complex and would involve the presentation of extensive evidence, which could result in jury confusion and prejudice to the parties").

### 3. Bifurcation Would Not Unduly Prejudice Sonos

Finally, Sonos will not suffer undue prejudice if the issue of validity is bifurcated from the issues of willfulness and damages. If the Court bifurcates damages and willfulness from the patent showdown and instructs the parties to address these issues only during the main trial in May 2023, Sonos will still have an opportunity to have a jury consider damages and willful infringement. Indeed, this would be the most efficient and least prejudicial way to handle bifurcation since ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.[3] Further, in the main trial, Sonos will be asserting a second patent that shares a specification with the '885 patent, and Google expects that Sonos will be seeking the same damages for both patents. Under either scenario, it is prejudicial for Google to defend against Sonos's same damages and willful infringement arguments multiple times, once at the patent showdown as the jury considers claim 1 of the '885 patent, and again during the May 2023 trial as the jury considers the remaining five asserted claims of the '885 patent and all the asserted claims of U.S. Patent No. 10,469,966, which shares a specification with the '885 patent. Transferred Action, Dkt. 211 ¶ 95.

In the alternative, if the Court bifurcates damages and willfulness but instructs the parties to

---

[3] Sonos's damages expert, Mr. James Malackowski, purported to calculate damages for the '885 patent. Ex. 1 at 7 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Although Sonos asserts five claims of the '885 patent in addition to claim 1 (Dkt. 212-6), ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Likewise, Sonos's willful infringement arguments are the same for all asserted claims of the '885 patent. Transferred Action, Dkt. 211 ¶¶ 205, 226-28, 231.

address these issues during the patent showdown trial in October, the same jury could hear both phases of trial in immediate succession during the week the Court has already reserved. *See Bassil v. Webster*, No. 220CV05099SBPDX, 2021 WL 1235258, at *3 (C.D. Cal. Jan. 15, 2021) (finding no prejudice because the parties agreed to the same trial date with bifurcation). Additionally, the parties would not need to repeat evidence used during the liability phase of trial. Most background narrative evidence such as the identity of the parties and information regarding the accused technology would likely only need to be presented to the jury once. Indeed, when this Court has bifurcated cases in this fashion in the past, it has allowed "[a]ll evidence presented in an earlier phase [to] be used by counsel and by the jury in a subsequent phase as relevant to the issues then on trial." *Oracle v. Google*, Case No. 3:10-cv-03561-WHA, Dkt. 564 (N.D. Cal. Oct. 26, 2011). And any redundancy that might result from the parties' need to present more specific or more complicated evidence again would be offset by the gains in juror comprehension that would result from a bifurcated proceeding in which the issues are more focused. *In re Bard IVC Filters Prod. Liab. Litig.*, No. CV-16-00893-PHX-DGC, 2018 WL 4184950, at *3 (D. Ariz. Aug. 31, 2018) ("The same jury will determine both liability and damages, and punitive damages will be addressed immediately after the jury's verdict on liability, while evidence from the trial is fresh in the jurors' minds[.]"); *see also In re Innotron Diagnostics*, 800 F.2d 1077, 1084 (Fed. Cir. 1986) ("In deciding whether one trial or separate trials will best serve the convenience of the parties and the court, avoid prejudice, and minimize expense and delay, the major consideration is directed toward the choice most likely to result in a just final disposition of the litigation.").

## VI. CONCLUSION

For the foregoing reasons, Google requests that the Court grant its motion and bifurcate the issue of validity from the issues of willfulness and damages in the upcoming patent showdown trial.

DATED: August 24, 2022

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ Charles K. Verhoeven
Charles K. Verhoeven
Melissa Baily
Lindsay Cooper

*Attorneys for GOOGLE, LLC*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that, on August 24, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system and email.

                                          */s/ Charles K. Verhoeven*
                                          Charles K. Verhoeven