UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GOOGLE LLC,

        Plaintiff,

  v.

SONOS, INC.,

        Defendant.

No. C 20-06754 WHA

**OMNIBUS ORDER RE MOTIONS TO SEAL**

    This order addresses pending motions to seal filed in connection with Google's amended complaint, Sonos's motions to amend its infringement contentions, Sonos's answer, and Google's answer to Sonos's counterclaims (*see* Dkt. Nos. 79, 83, 95, 123–124, 127, 133–134, 140–141, 148, 151, 158, 163, 174–176, 197–198).

    **1.**    THE LEGAL STANDARD.

    There is a strong public policy in favor of openness in our court system and the public is entitled to know to whom we are providing relief (or not). *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). But a good cause standard applies to the sealing of documents that are unrelated or only tangentially related to the underlying claim. *Id*. at 1098–99. "For good cause to exist, the party seeking protection bears the burden of showing

specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002).

In addition, sealing motions filed in this district must contain a specific statement that explains: (1) the legitimate private or public interests that warrant sealing; (2) the injury that will result should sealing be denied; and (3) why a less restrictive alternative to sealing is not sufficient. The material requested to be sealed must be "narrowly tailored to seal only the sealable material." Civil L.R. 79-5(c). For example, "[t]he publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome [the] strong presumption" in favor of access and provide compelling reasons for sealing. *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011). Compelling reasons may also warrant sealing for "sources of business information that might harm a litigant's competitive standing," especially where the public has "minimal interest" in the information because it "is not necessary to the public's understanding of the case." *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1978).

Finally, "[s]upporting declarations may not rely on vague boilerplate language or nebulous assertions of potential harm but must explain with particularity why any document or portion thereof remains sealable under the applicable legal standard." *Bronson v. Samsung Elecs. Am., Inc.*, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019) (citing Civ. L.R. 79-5). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civ. L.R. 79-5(c).

**2.   GOOGLE'S AMENDED COMPLAINT (DKT. NOS. 79, 83, 124, 125).**

Google asks to seal a confidential contract between itself and Sonos along with certain references to that agreement in its then-proposed second amended complaint, opening brief requesting leave to amend, and corresponding reply brief (*see* Dkt. Nos. 79, 83). Google avers that "[p]ublic disclosure of this information would harm Google's competitive standing and its ability to negotiate future agreements by giving competitors access to Google's highly confidential business thinking and asymmetrical information about Google's licensing

strategies to other entities" (Cooper Decl. ¶ 3). This is an adequate explanation that warrants sealing, and the requests are narrowly tailored. *See In re Google Inc. Gmail Litig.*, No. C 13-02430, 2014 WL 10537440, at *5 (N.D. Cal. Aug. 6, 2014) (Judge Lucy H. Koh) (sealing "the terms of Google's contracts" because they "are trade secrets that, if disclosed, could cause competitive harm to Google"). Further, the order adjudicating Google's motion did not significantly discuss the portions sought to be sealed (*see* Dkt. No. 111). Google's motions to seal with respect to the Content Integration Agreement (Cooper Decl. Exh. 3) and the requested accompanying redactions (*id.* at Exhs. 1–2, 5) are accordingly **GRANTED**.

The same answer with respect to the Content Integration Agreement applies to Google's subsequent motions to seal attached to the filing of its second amended complaint (*see* Dkt. Nos. 123–124). Additionally, the parties seek to seal 2014 emails between Google and Sonos employees brainstorming the technology underlying the patents-in-suit (*ibid.*). Sonos filed a declaration in support of sealing this material (Dkt. No. 130). The emails discuss the technology in sufficient detail to warrant sealing. The motions to seal filed in conjunction with Google's second amended complaint are accordingly also **GRANTED**. This order forewarns the parties, however, that should any of this material become relevant at trial or otherwise, the sealing calculus may change, perhaps leading to a different decision on future sealing requests.

3. **SONOS'S INFRINGEMENT CONTENTIONS (DKT. NOS. 95, 127, 140, 141, 148, 151, 163, 176).**

Sonos, with Google's support, filed conditionally under seal certain source code material supporting its response to Google's motion to strike Sonos's infringement contentions (Dkt. Nos. 95, 106–107). Google, however, revised and further limited its proposed redactions of the infringement contentions in Exhibit A, which Sonos had sought to seal in its entirety (*compare* Dkt. No. 95-4 *with* Dkt. No. 107). Google's revisions are narrowly tailored to direct references to source code, which is sufficient to warrant sealing of the exhibit and the corresponding references in Sonos's discovery letter. The motion is accordingly **GRANTED IN PART** and **DENIED IN PART**. Sonos must re-file Exhibit A in accordance with Google's proposed redactions.

3

The answer is the same as to the many subsequent requests to seal the infringement contentions. Sonos may not seal the contentions in their entirety, but may re-file them in conformance with Google's proposed tailored redactions. However, as to all submitted material, the parties may not redact the names of variables used in and relevant to the orders on summary judgment (*see* Dkt. Nos. 309, 315–316). In particular, as to all filings, the parties may not redact the terms "join_group," "videoId," "ItemWindowResponse," "WatchNextResponse," "upNextVideoID," and related terms necessary for the public to understand those orders. The names of variables are not source code, and Google has not adequately explained why disclosure of the names of variables would result in the kind of serious harm that would justify sealing.

Thus, given the foregoing, Sonos's motion to seal the infringement contentions in connection with it first motion for leave to amend them (Dkt. No. 127) is **DENIED IN PART** because it seeks to seal the contentions in their entirety. They must be re-submitted in conformance with the redactions that Google proposed elsewhere. Sonos's subsequent requests to seal the infringement contentions in connection with its corrected motion for leave to amend the contentions (Dkt. Nos. 151, 176) are also **DENIED IN PART** because Google filed more narrowly tailored redactions in its supporting declarations (*see* Dkt. Nos. 154–155, 190–191).

However, Google's request to seal the contentions in connection with its oppositions to Sonos's motions are **GRANTED** because its requests are appropriately tailored (Dkt. Nos. 140, 163). And Google's accompanying requests to seal certain "highly sensitive financial and product revenue data" that it brought up its opposition papers are also **GRANTED** (*see ibid.*; *see also* Ma Decl. ¶ 4).

Finally, Google's February 22, 2022, request to seal information on behalf of Sonos (Dkt. No. 141) is **DENIED** to the extent that information is not co-extensive with Google's own motion (Dkt. No. 140) because Sonos's supportive filing stated that Sonos had no sealing interest (*see* Dkt. No. 146). Similarly, Sonos's motion to seal Google's interrogatory responses

in connection with its reply brief (Dkt. No. 148) is **DENIED** because Google did not file the responsive declaration required by Civil Local Rule 79-5.

Again, should any sealed material become relevant at trial or otherwise, the sealing calculus may change, perhaps leading to a different decision on future sealing requests.

### 4. SONOS'S ANSWER (DKT. NOS. 133, 134, 158, 174, 175).

Sonos, with Google's support, filed conditionally under seal portions of its answer to Google's amended complaint and twenty-six associated exhibits (Dkt. Nos. 133–134). Google filed a supportive declaration (Dkt. No. 144–145). The exhibits generally cover Sonos's infringement contentions, licensing presentations and licensing agreements made between the parties, references to source code, and emails between Google and Sonos employees discussing a potential partnership. The parties assert that disclosure of this information will result in competitive harm (Richter Decl. ¶¶ 4–5; Ma Decl. ¶¶ 5–6). To the extent stated below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

*First*, as to the infringement contentions (Exhibits CI, CJ, CK, CL), Google provided narrowly tailored redactions (Dkt. No. 144–145). As discussed above, those exhibits may only be sealed in conformance with those proposed redactions.

*Second*, the exhibits with direct references to source code and emails discussing source code and related technology in detail may remain sealed. Certain emails, however, discuss the technology and partnership at too high a level of abstraction to justify sealing. In particular, neither party has adequately explained why the emails in Exhibits AZ, BB, BE, BI, and BL present the serious risk of competitive harm that would justify sealing. The motion as to those exhibits is accordingly denied without prejudice. If the parties can articulate specific, non-boilerplate reasons that these emails actually present such a risk, the Court will entertain a renewed request.

*Third*, this order agrees that the license agreements and licensing discussions and presentations between the parties may remain sealed.

The proposed redactions in Sonos's answer are acceptable to the extent they do not conflict with the above. Moreover, the foregoing also applies to Sonos's corrected amended

answer, which uses identical exhibits (Dkt. Nos. 174–175, 189–190), and the proposed redactions in the corresponding motion for leave to correct (Dkt. No. 158).  Accordingly, the requests in the submitted corrected amended answer are **GRANTED IN PART** and **DENIED IN PART** and the requests accompanying the corresponding motion to correct are **GRANTED**.

Should any of this sealed material become relevant at trial or otherwise, the sealing calculus may change, perhaps leading to a different decision on future sealing requests.

### 5. GOOGLE'S ANSWER (DKT. NOS. 197, 198).

Google, with Sonos's support, filed conditionally under seal portions of its answer to Sonos's counterclaims and two associated exhibits (Dkt. Nos. 197–198).  Sonos filed a supportive declaration (Dkt. No. 201).   The proposed redactions and the exhibits sought to be sealed mirror those discussed above with respect to Google's amended complaint.  For the same reasons discussed above, the references to the Content Integration Agreement, the agreement itself, and the emails discussing the parties' technology at a high level of detail may remain sealed.  The motion is accordingly **GRANTED**.  But, should this material become relevant at trial or otherwise, the answer may change.

## CONCLUSION

Within **THIRTY-FIVE DAYS** of the date of this order, the parties must file documents in full compliance with this order.

**IT IS SO ORDERED.**

Dated: August 29, 2022.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE