QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

*Attorneys for GOOGLE LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>            Plaintiff,<br><br>    vs.<br><br>SONOS, INC.,<br><br>            Defendant. | CASE NO. 3:20-cv-06754-WHA<br>Related to CASE NO. 3:21-cv-07559-WHA<br><br>**GOOGLE LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS PURSUANT TO L.R. 3-6** |

## I.  INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiff Google LLC ("Google") hereby requests to file under seal portions of its Motion for Leave to Amend Invalidity Contentions Pursuant to L.R. 3-6 ("Motion to Amend"). Specifically, Google requests an order granting leave to file under seal the portions of the documents listed below:

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| Exhibit 1 to the Declaration of Nima Hefazi in Support of Google's Motion to Amend ("Exhibit 1") | Portions outlined in blue boxes | Google |

## II.  LEGAL STANDARD

Civil Local Rule 79-5(c) provides that a party seeking to file its own documents under seal must file an administrative motion that articulates the applicable legal standard and reasons for keeping a document under seal, includes evidentiary support from a declaration where necessary, and provides a proposed order that is narrowly tailored to seal only the sealable material.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). In the Ninth Circuit, two different standards may apply to a request to seal a document – namely the "compelling reasons" standard or the "good cause" standard. *Blessing v. Plex Sys., Inc.*, No. 21-CV-05951-PJH, 2021 WL 6064006, at *12 (N.D. Cal. Dec. 22, 2021) (citing *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016)). "To seal records in connection with a 'dispositive' motion or a motion that 'more than tangentially relate[s] to the merits of a case,' 'compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure' are required." *Bronson v. Samsung Elecs. Am., Inc.*, No. C 18-02300 WHA, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019) (quoting *Kamakana*, 447 F.3d at 1178-79). "A particularized showing of 'good cause' under Federal Rule of Civil Procedure 26(c), however, suffices to warrant sealing in connection with a non-dispositive motion." *Id.* This Court has analyzed sealing requests for motions for leave to amend invalidity

contentions pursuant to the "good cause" standard for non-dispositive motions. *See, e.g.*, *In re Koninklijke Philips Pat. Litig.*, No. 18-CV-01885-HSG, 2019 WL 2359206, at *4 (N.D. Cal. June 4, 2019); *Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-CV-00876-RS (JSC), 2016 WL 2855260, at *9 (N.D. Cal. May 13, 2016).

### III.     THE COURT SHOULD SEAL GOOGLE'S CONFIDENTIAL INFORMATION

Although the materials that Google seeks to seal here meet the higher "compelling reasons" standard, the Court need only consider whether these materials meet the lower "good cause" standard because Google's Motion to Amend is a non-dispositive motion. *Id.* Courts have repeatedly found it appropriate to seal documents that contain "business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 589-99. Good cause to seal is shown when a party seeks to seal materials that "contain[ ] confidential information about the operation of [the party's] products and that public disclosure could harm [the party] by disclosing confidential technical information." *Digital Reg. of Texas, LLC v. Adobe Sys., Inc.*, No. C 12–1971 CW, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014).

The portions of Exhibit 1 outlined in blue boxes contain confidential information regarding highly sensitive features of Google's YouTube Remote application and system. Specifically, the above-listed information describes the operation and system design of functionalities and source code for the YouTube Remote, as well as the source code itself. Public disclosure of this information would harm the competitive standing Google has earned through years of innovation and careful deliberation by revealing sensitive aspects of Google's proprietary systems, strategies, designs, and practices to Google's competitors. Declaration of Nima Hefazi ("Hefazi Decl.") ¶ 3. Thus, Google has good cause to keep such information under seal. *See, e.g.*, *Guzik Tech. Enterprises, Inc. v. W. Digital Corp.*, No. 5:11-CV-03786-PSG, 2013 WL 6199629, at *4 (N.D. Cal. Nov. 27, 2013) (sealing exhibit containing "significant references to and discussion regarding the technical features" of a litigant's products). *Cf. See e.g.*, *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12–cv–03844–JST, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) (materials that detail product architecture are even "appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage") (citation omitted);

*Delphix Corp. v. Actifo, Inc.*, No. 13-cv-04613-BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (finding compelling reasons to seal where court filings contained "highly sensitive information regarding [an entity's confidential] product architecture and development").

### IV. CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court grant Google's Administrative Motion to File Portions of its Motion for Leave to Amend Invalidity Contentions Pursuant to L.R. 3-6.

DATED: August 30, 2022

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:   */s/ Charles K. Verhoeven*
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
Lindsay Cooper (Bar No. 287125)
lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:   (415) 875-6600
Facsimile:   (415) 875-6700

*Attorneys for GOOGLE LLC*

**ATTESTATION**

Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that, on August 30, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system and email.

DATED: August 30, 2022

By: */s/ Charles K. Verhoeven*
Charles K. Verhoeven