1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   Melissa Baily (Bar No. 237649)
3  melissabaily@quinnemanuel.com
   Lindsay Cooper (Bar No. 287125)
4  lindsaycooper@quinnemanuel.com
   50 California Street, 22nd Floor
5  San Francisco, California 94111-4788
   Telephone:     (415) 875-6600
6  Facsimile:     (415) 875-6700

7  Attorneys for GOOGLE, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| GOOGLE LLC,<br><br>  Plaintiff,<br><br>  vs.<br><br>SONOS, INC.,<br><br>  Defendant. | CASE NO. 3:20-cv-06754-WHA<br>Related to CASE NO. 3:21-cv-07559-WHA<br><br>**GOOGLE LLC'S MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS PURSUANT TO PATENT L.R. 3-6**<br><br>Date:       October 13, 2022<br>Time:       8:00 a.m.<br>Location:  Courtroom 12, 19th Floor<br>Judge:      Hon. William Alsup |

**TO ALL PARTIES AND THEIR ATTORNEYS:**

PLEASE TAKE NOTICE that on October 13, 2022 at 8:00 a.m., or as soon thereafter as may be heard before the Honorable Judge William Alsup in Courtroom 12 on the 19th Floor of the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff Google LLC, ("Google") will, and hereby does, move this Court for an order granting Google leave to amend its invalidity contentions as to U.S. Patent No. 10,779,033 (the "'033 Patent") pursuant to Local Patent Rule 3-6 and the Court's Case Management Order (Dkt. 67 ¶17). This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Nima Hefazi ("Hefazi Decl."), and exhibits thereto, all documents in the Court's file, and such other written or oral evidence and argument as may be presented at or before the time this motion is heard by the Court.

# TABLE OF CONTENTS

Page

I. INTRODUCTION ...........................................................................................................1

II. STATEMENT OF THE RELIEF REQUESTED ..........................................................2

III. STATEMENT OF RELEVANT FACTS ......................................................................2

    A. Google Serves Its Patent Local Rule 3-3 Invalidity Contentions............................2

    B. The Parties Exchange Claim Construction Disclosures ..........................................3

    C. The Court Rejects Both Parties' Proposed Constructions for "Playback Queue" And Provides Its Own Construction ..........................................................4

    D. Google Promptly Analyzes the Effect of the Court's Construction on Invalidity of the '033 Patent ......................................................................................4

IV. ARGUMENT...................................................................................................................4

    A. Good Cause Exists For Google's Proposed Amendment........................................5

    B. Sonos Would Suffer No Undue Prejudice ..............................................................7

V. CONCLUSION................................................................................................................9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Apple, Inc. v. Samsung Electronics Co., Ltd.*,
   2012 WL 5632618 (N.D. Cal. Nov. 15, 2012) .............................................................. 4

*Cellspin Soft, Inc. v. Fitbit, Inc.*,
   2021 WL 4923370 (N.D. Cal. Aug. 10, 2021) .............................................................. 5

*Duraflame, Inc. v. Hearthmark, LLC*,
   2012 WL 4097741 (N.D. Cal. Sept. 17, 2012) .............................................................. 4

*Fluidigm Corp. v. IONpath, Inc.*,
   2020 WL 5073938 (N.D. Cal. Aug. 25, 2020) ..............................................................8

*Impinj, Inc. v. NXP USA, Inc.*,
   2022 WL 2125135 (N.D. Cal. Jan. 14, 2022).......................................................5, 7, 8

*Personalweb Tech., LLC v. Github, Inc.*,
   2016 WL 3519292 (N.D. Cal. June 28, 2016)............................................................... 5

*Radware Ltd. v. F5 Networks, Inc.*,
   2014 WL 3728482 (N.D. Cal. Jan. 1, 2014)..............................................................5, 6

*Slot Speaker Tech., Inc. v. Apple, Inc.*,
   2017 WL 1278744 (N.D. Cal. Apr. 6, 2017)................................................................ 5

*Synchronoss Techs., Inc. v. Dropbox Inc.*,
   2018 WL 5619743 (N.D. Cal. Oct. 29, 2018) ............................................................... 4

*Tech. Properties Limited LLC v. Canon, Inc.*,
   2016 WL 1360756 (N.D. Cal. Apr. 6, 2016)........................................................5, 7, 8

**Rules and Regulations**

Local Rule 3-3................................................................................................................... 2

Local Rule 3-6.............................................................................................1, 2, 4, 5, 7, 8

Local Rule 4-1................................................................................................................... 3

Local Rule 4-2................................................................................................................... 3

Local Rule 4-3................................................................................................................... 3

## I. INTRODUCTION

Defendant Google LLC ("Google") seeks leave pursuant to Patent Local Rule ("PLR") 3-6 and the Court's Case Management Order ("CMO") (Dkt. 67 ¶17) to amend its invalidity contentions for U.S. Patent No. 10,779,033 ("the '033 patent") in response to this Court's recent adoption of a claim construction for the term "playback queue" that differs from that proposed by both Sonos, Inc. ("Sonos") and Google. Google's proposed amendment is narrowly targeted at a single reference. Specifically, in its initial contentions Google mapped the disclosures in its YouTube Remote prior art to the limitations of the asserted claims in the '033 patent, including its recitation of a "remote playback queue" limitation. Google's proposed amendment seeks to amend its chart to provide additional details (and pinpoint citations to source code) in support of its existing theory that the YouTube Remote invalidates the '033 patent based on the Court's new and unforeseen construction.[1] A copy of Google's proposed Amended Invalidity Contentions in redline is submitted concurrently as Exhibit 1 to the Hefazi Declaration. *See* Declaration of Nima Hefazi ("Hefazi Decl."), Ex. 1.

Good cause exists for Google's proposed amendment. PLR 3-6 provides that amendment to invalidity contentions "may be made by order of the Court upon a timely showing of good cause." The rule expressly identifies "[a] claim construction by the Court different from that proposed by the party seeking amendment" as a "non-exhaustive example" of good cause. PLR 3-6(a). Indeed, courts in this district routinely find good cause where a party moves for leave to amend within thirty days of receiving the court's construction. Here, on August 2, 2022, this Court rejected both Google's and Sonos's constructions of the term "playback queue" and adopted its own construction of the term. *See* Dkt. 316 at 5.[2] In response, Google diligently prepared a supplemental claim chart (including with extensive citations to source code) providing additional details in support of its existing theory that the YouTube Remote's "party mode" invalidates the claim based on its use of a party playlist stored in the cloud that satisfies the Court's construction of "playback queue." Google

---

[1] The proposed amendment relates to the '033 patent—which is not at issue in the patent showdown. Trial relating to the '033 patent is still more than eight months away.

[2] The '033 patent is a continuation of the '615 patent. Whereas the '615 patent recites a "local playback queue," the '033 patent recites a "remote playback queue."

then filed this Motion twenty-eight days after the Court's order. Google's amendment falls within the express example of good cause in the Rule.

Second, this Court's CMO also supports Google's diligence. The CMO provides that a party is diligent in serving "back-up" contentions within twenty-eight days of receiving another party's proposed construction. Dkt. 67 ¶17. Although the CMO does not address the circumstance where the Court adopts a claim construction different from that proposed by the party seeking amendment, the same rationale should apply here. Indeed, this Court found Sonos was diligent in serving amended contentions in this case (*three* times) that added numerous additional infringement theories because Sonos served the contentions within twenty-eight days of receiving a new claim construction position.

Third, Sonos cannot point to any undue prejudice. The close of discovery in this case is more than two months away. The '033 patent to which the amendment is directed is not part of the parties' patent showdown, and trial on the '033 patent is still more than eight months away. When Sonos successfully moved to amend its contentions (three times), it represented to this Court that serving contentions two months before the showdown would cause "no prejudice" and would provide "sufficient time to respond" to any new information in the amended contentions. Sonos has also had access to source code for the YouTube Remote prior art for more than a year, and Google's proposed amendments provide additional details and pinpoint citations to the code for its YouTube Remote theory, which Sonos has requested from Google with prior contentions.

## II. STATEMENT OF THE RELIEF REQUESTED

Pursuant to PLR 3-6 and the Court's CMO (Dkt. 67 ¶17), Google requests that this Court grant Google leave to amend its invalidity contentions as to the '033 patent in response to the Court's adoption of a claim construction for "playback queue" that differs from that proposed by both Sonos and Google.

## III. STATEMENT OF RELEVANT FACTS

### A. Google Serves Its Patent Local Rule 3-3 Invalidity Contentions

On December 6, 2022, Google served its invalidity contentions pursuant to PLR 3-3, including contentions for the '033 patent. Google's invalidity contentions provided a claim chart mapping the disclosures of the YouTube Remote prior art to the asserted claims of the '033 patent.

*See* Hefazi Decl., Ex. 1.  The '033 patent requires transferring playback of a "remote playback queue," and Google showed that at least under Sonos's interpretation of the term "playback queue"—which encompassed virtually any storage of media for playback—the YouTube Remote prior art invalidated the asserted claims.  *Id.*

### B. The Parties Exchange Claim Construction Disclosures

The parties exchanged proposed terms for construction in compliance with PLR 4-1 on December 20, 2021.  Hefazi Decl. ¶ 3.  Pursuant to PLR 4-2, the parties simultaneously exchanged their proposed preliminary constructions for these selected claim terms on January 10, 2022.  *Id.* ¶ 4.  On February 4, 2022, the parties submitted their joint claim construction and pre-hearing statement pursuant to PLR 4-3.  *See* Dkt. 126.  The parties thereafter submitted briefing on the disputed claim terms in March and April of 2022.  *See* Dkts. 184, 200 ("Google CC Br."), 202 ("Sonos CC Br.").

Among the claim construction disputes submitted to the Court was the term "playback queue."  This term appears in two of the asserted patents: the '615 patent (which was the subject of the showdown) and '033 patent (which is not the subject of the showdown).  Sonos proposed a broad construction of the term "playback queue"—arguing that it encompassed any "data construct" that holds information corresponding to media for playback (including a single variable).  Sonos CC Br. at 9.  Google, on the other hand, proposed a construction of "playback queue" that required a data construct that stores the ordered list of multimedia content selected by the user.  Google CC Br. at 10.

After receiving Google's proposed claim constructions, Sonos amended its contentions *three* times to assert numerous additional infringement theories.  *See* Dkt. 128 (first motion for leave to amend), Dkt. 150 (second motion for leave to amend), Dkt. 157 (third motion for leave to amend).  Ultimately, the Court granted each of Sonos's motion for leave to amend, even though Google demonstrated that the amendments were not based on an unforeseen claim construction.  Dkt. 167 (granting motion for leave); *see also* Dkt. 142 at 8-10 (showing that Sonos's amendment was not based on any unforeseen claim construction position).

### C. The Court Rejects Both Parties' Proposed Constructions for "Playback Queue" And Provides Its Own Construction

As mentioned above, the term "playback queue" appears in both the '615 patent (that was the subject of the showdown) and the '033 patent (that is not the subject of the showdown).

On August 2, 2022, this Court issued an Order Granting Motion for Partial Summary Judgment As To '615 Patent. Dkt. 316 ("Order"). In its Order, the Court rejected Sonos's construction of "playback queue" as too broad, and rejected Google's construction of "playback queue" as too narrow. *Id.* at 5-8. The Court thus provided its own construction that differs from that proposed by both Sonos and Google.

### D. Google Promptly Analyzes the Effect of the Court's Construction on Invalidity of the '033 Patent

After receiving the Court's claim construction on August 2, 2022, Google diligently undertook an analysis to see how the Court's construction of "playback queue" would affect Google's invalidity contentions for the '033 patent. Google then updated its contentions to explain how the YouTube Remote satisfies the remote playback queue limitations of the '033 patent at least under the Court's newly adopted construction. This process included Google conducting additional source code review and analysis to provide Sonos with a detailed discussion of the invalidating art and pinpoint citations to source code for each limitation.

## IV. ARGUMENT

PLR 3-6 specifies that invalidity contentions may be amended for "good cause." The good cause inquiry "considers first whether the moving party was diligent in amending its contentions and then whether the non-moving party would suffer prejudice if the motion to amend were granted." *Duraflame, Inc. v. Hearthmark, LLC*, 2012 WL 4097741, at *4 (N.D. Cal. Sept. 17, 2012). The Court "retains discretion to grant leave to amend even in the absence of diligence so long as there is no prejudice to the opposing party." *Synchronoss Techs., Inc. v. Dropbox Inc.*, 2018 WL 5619743, at *6 (N.D. Cal. Oct. 29, 2018); *see also Apple, Inc. v. Samsung Electronics Co., Ltd.*, 2012 WL 5632618, at *5 (N.D. Cal. Nov. 15, 2012). Here, Google's proposed amendment is supported by good cause and Sonos cannot show it will suffer any undue prejudice from the amendment.

### A. Good Cause Exists For Google's Proposed Amendment

PLR 3-6 expressly provides that a finding of good cause includes "[a] claim construction by the Court different from that proposed by the party seeking amendment." PLR. 3-6(a); *see also Slot Speaker Tech., Inc. v. Apple, Inc.*, 2017 WL 1278744, at *4 (N.D. Cal. Apr. 6, 2017) (explaining that "Courts generally have granted leave to amend following a claim construction order where the moving party's proposed amendment addressed a construction that neither party proposed" and collecting cases).

A moving party is diligent where it moves for leave to amend within thirty days of an order adopting a construction that differs from that proposed by the party seeking amendment. *Personalweb Tech., LLC v. Github, Inc.*, 2016 WL 3519292, at *1 (N.D. Cal. June 28, 2016) ("The rules now require only that the motion be 'timely,' Patent L.R. 3-6, but some Northern District courts continue to treat 30 days as a noteworthy threshold."); *Tech. Properties Limited LLC v. Canon, Inc.*, 2016 WL 1360756, at *4 (N.D. Cal. Apr. 6, 2016) (granting motion for leave to amend infringement contention filed "just over one month" after the court adopted "a modified version of Defendants' proposed construction"); *Impinj, Inc. v. NXP USA, Inc.*, 2022 WL 2125135, at *4 (N.D. Cal. Jan. 14, 2022) (granting motion for leave to amend contentions filed less than one month after claim construction order and explaining that "Courts here consider diligence from the date of the claim construction order where the moving party's proposed amendments addressed a construction that neither party proposed") (internal quotations omitted); *Radware Ltd. v. F5 Networks, Inc.*, 2014 WL 3728482, at *3 (N.D. Cal. Jan. 1, 2014) (granting motion for leave to amend invalidity contentions filed approximately one month after "court adopted its own construction, rather than the construction proposed by either party.").[3] This Court's CMO is in accord, finding that a party is diligent where it amends its contentions within "28 days" of receiving a new claim construction position from the opposing party. Dkt. 67 ¶ 17.

---

[3] In fact, some courts in this district have found that parties are diligent when moving for leave to amend contentions months after the Court adopts a claim construction order different than what the parties proposed. *See, e.g.*, *Cellspin Soft, Inc. v. Fitbit, Inc.*, 2021 WL 4923370, at *2 (N.D. Cal. Aug. 10, 2021) (granting motion for leave to amend invalidity contentions filed "within three months of the claim construction order" that adopted a construction neither party proposed).

In the instant case, twenty-eight days ago—on August 2, 2022—this Court adopted a construction of "playback queue" that differs from the constructions proposed by both Google and Sonos. Order at 5. Specifically, the Court rejected Sonos's broad construction of "playback queue" that encompassed any "data construct" that holds information corresponding to media for playback (including a single variable). *Id.* at 5-8. The Court also rejected Google's narrower construction of "[a]n ordered list of multimedia items that is selected by the user for playback." *Id*. The Court instead construed the term "playback queue" to mean "[a] list of multimedia content selected for playback." *Id*. at 5. In doing so, the Court broadened the types of playlists that would fall within the scope of the term "playback queue." For instance, the Court held that the "playback queue" was not restricted to a playlist in which the content was "selected by the user for playback," and instead covered playlists selected by a group of users for playback (such as a party playlist). *Id*. Google's proposed amendments address the Court's recent construction by providing pinpoint citations to source code (and explanation of that source code) showing that the YouTube Remote includes a list of multimedia content selected by a group of users (the party members) for playback (*i.e.*, a party playlist). *See generally* Hefazi Decl., Ex. 1. Prior to receiving the Court's Order on claim construction, Google could not have anticipated that the Court would adopt a construction of "playback queue" that differed from the parties' proposed constructions.

Google was diligent in updating its invalidity contentions to address the Court's construction of "playback queue." After receiving the Court's order, Google promptly reviewed its invalidity contentions and conducted additional review of the documents and source code for its YouTube Remote prior art. Google then updated its contentions, including with detailed discussions and pinpoint citations to the source code. Hefazi Decl., Ex. 1. Google notified Sonos of its intent to amend its invalidity contentions to take into account the Court's Order, on August 29, 2022, and Sonos indicated that it would oppose. Hefazi Decl., Ex. 2. Google thus files this Motion on August 30, 2022, twenty-eight days after the Court adopted its own construction of "playback queue."

Courts in this district have granted leave to amend contentions in situations similar to those of the instant case. For instance, in *Tech Properties* the district court "adopted a modified version of Defendants' proposed construction" for two disputed terms. 2016 WL 1360756, at *4. The court

1   found that because it did not "simply adopt[] the construction proposed by" the parties, it would be
2   "inappropriate to measure Plaintiff's diligence from a date earlier than the court's claim construction
3   order." *Id*.  The court thus granted leave to amend, holding that the filing of a motion to amend the
4   contentions "just over one month after the court issued its claim construction order" satisfied the
5   diligence requirement of PLR 3-6.  In the instant case, Google was even more diligent than the
6   movant in *Tech Properties* because it filed its motion for leave to amend twenty-eight days after the
7   Court adopted a modified version of the parties' constructions.

8         Similarly, in *Impinj* the defendant moved to amend its invalidity contentions for multiple
9   patents in response to the court adopting a claim construction "modifying the parties' proposals."
10  2022 WL 2125135, at *3-*4.  The court in *Impinj* explained that where the court adopts a
11  construction that neither party proposed, diligence is measured "from the date of the claim
12  construction order." *Id*.  The court found the defendant was diligent in moving for leave to amend
13  its invalidity contentions twenty-eight days after the Court adopted its own construction.  Similarly,
14  Google has also filed its motion for leave just twenty-eight days after the Court adopted its own
15  construction.

16      **B.**    **Sonos Would Suffer No Undue Prejudice**

17        Sonos would not be prejudiced if the Court grants the present motion. No new prior art is
18  presented by the amended contentions.  The amendments do not add any additional prior art
19  references or devices which Sonos would not have had the opportunity to review previously.
20  Specifically, the changes here are narrow.  They provide additional details regarding Google's
21  existing YouTube Remote prior art invalidity theory, in view of the Court's Order.  Hefazi Decl.,
22  Ex. 1.  The detailed disclosures and pinpoint source code citations provided by the amendments will
23  help narrow the scope of discovery.

24        Moreover, the '033 patent is not part of the upcoming patent showdown and, outside of the
25  showdown, this case is still in its relatively early stages.  Because the '033 patent is not part of the
26  patent showdown procedure, fact discovery on the '033 patent does not close until November 30,
27  2022, expert discovery on the '033 patent does not close until January 4, 2023, and trial on the '033
28  patent is not scheduled until May 2023, more than eight months from now.  Dkt. 67.  Google's

narrow amendment will not require any change to the case schedule. *See Tech. Properties*, 2016 WL 1360756, at *4 (finding no prejudice where expert discovery was still open and trial was over ten months away); *Impinj*, 2022 WL 2125135, at *4 (no prejudice where "fact discovery is still more than three months away, expert discovery has not begun, and no trial date has been set" such that "NXP's proposals do not risk changing discovery or motion details or the trial schedule").

Further, in connection with the patent showdown Sonos filed multiple motions to amend its infringement contentions. The prior statements and representations that Sonos made in support of its multiple motions also demonstrate that Sonos will not be prejudiced. For instance, Sonos argued that Google would not suffer prejudice because "Google has been aware of the Court's Case Management Order that permits each party to move promptly to disclose any 'back-up' contentions it may wish to make in the event the other side's claim construction is thereafter adopted, and Sonos timely disclosed its 'back-up' contentions in accordance with the Case Management Order." *E.g.*, Dkt. 128 at 3. Here too, Sonos has been aware that a party may serve amendments under PLR 3-6 in response to the Court adopting a construction that differs from that proposed by the party seeking amendment. Further, Sonos took the position that "6 weeks" before the start of the showdown would "provide Google sufficient time to respond" to the amended contentions. Dkt. 150 at 6. Here, Sonos will have significantly longer than six weeks to respond to Google's proposed amendments, if necessary. Because Sonos will have ample time (several months) to respond and conduct additional fact discovery, Sonos would not suffer any undue prejudice from Google's timely supplementation. *See Fluidigm Corp. v. IONpath, Inc.*, 2020 WL 5073938, at *5 (N.D. Cal. Aug. 25, 2020) (permitting plaintiff to amend its contentions to include new theories, despite lack of diligence, because opening briefs for the showdown were a little more than two months away).

## V. CONCLUSION

For at least the foregoing reasons, Google respectfully requests that the Court grant leave to amend its invalidity contentions as set forth in Exhibit 1.

DATED: August 30, 2022   QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:   */s/ Charles K. Verhoeven*
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
Lindsay Cooper (Bar No. 287125)
lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for GOOGLE LLC*

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that, on August 30, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system and email.

DATED: August 30, 2022

By:   */s/ Charles K. Verhoeven*
       Charles K. Verhoeven