# EXHIBIT 2

# Lana Robins

| | |
|---|---|
| **From:** | Nima Hefazi |
| **Sent:** | Tuesday, August 30, 2022 7:40 AM |
| **To:** | Cole Richter |
| **Cc:** | QE-Sonos3; LS3 Team; Sonos-NDCA06754-service; Roberts, Clement |
| **Subject:** | RE: Google v. Sonos - Motion to Amend ('033 Patent) |

Cole,

Patent Local Rule 3-6 expressly provides that a finding of good cause includes "[a] claim construction by the Court different from that proposed by the party seeking amendment."  P.L.R. 3-6(a).  And courts conclude that an amendment is timely under Patent Local Rule 3-6 where a party moves for leave within 30 days of the Court adopting a construction that differs from that proposed by the party seeking amendment—with many courts permitting amendment after that time period.  *See, e.g., Personalweb Tech., LLC v. Github, Inc.,* 2016 WL 3519292, *1 (N.D. Cal. Jun 28, 2016) ("The rules now require only that the motion be 'timely,' Patent L.R. 3-6, but some Northern District courts continue to treat 30 days as a noteworthy threshold.").  As your email recognizes, the Court's case management statement at ¶ 17 is in accord, similarly recognizing that an amendment made within 28 days of a new claim construction is timely.

Based on your email, we understand that Sonos opposes the amendment and will indicate Sonos is opposed in the motion.  Of course, if Sonos does not oppose, let me know.

Thanks,
Nima

**From:** Cole Richter <richter@ls3ip.com>
**Sent:** Monday, August 29, 2022 5:12 PM
**To:** Nima Hefazi <nimahefazi@quinnemanuel.com>
**Cc:** QE-Sonos3 <qe-sonos3@quinnemanuel.com>; LS3 Team <LS3_team@ls3ip.com>; Sonos-NDCA06754-service <Sonos-NDCA06754-service@orrick.com>; Roberts, Clement <croberts@orrick.com>
**Subject:** RE: Google v. Sonos - Motion to Amend ('033 Patent)

**[EXTERNAL EMAIL from richter@ls3ip.com]**

Nima,

PLR 3-6 requires "a timely showing of good cause."  The Court's case management statement at ¶ 17 specifies that "after receiving the other side's preliminary claim construction disclosure under Rule 4-2, each party must move promptly to disclose any back-up contentions it may wish (or eventually wish) to make for its infringement or invalidity case . . . Promptly means within 28 days at the latest."

So that we may consider your motion, can you provide us with Google's basis as to its "timely showing of good cause" as well as how this comports with ¶ 17?

Best,
Cole

**From:** Nima Hefazi <nimahefazi@quinnemanuel.com>
**Sent:** Monday, August 29, 2022 7:00 PM

1

**To:** Cole Richter <richter@ls3ip.com>
**Cc:** QE-Sonos3 <qe-sonos3@quinnemanuel.com>; LS3 Team <LS3_team@ls3ip.com>; Sonos-NDCA06754-service <Sonos-NDCA06754-service@orrick.com>; Roberts, Clement <croberts@orrick.com>
**Subject:** Google v. Sonos - Motion to Amend ('033 Patent)

Counsel,

Pursuant to Patent Local Rule 3-6 and this Court's Case Management Statement (Dkt. No. 67, ¶17), Google intends to file a motion to amend its claim chart for the YouTube Remote prior art. Attached please find a redline identifying proposed changes.

Please let us know by 2pm Pacific tomorrow whether Sonos opposes the amendment.

Thank you,
Nima