# EXHIBIT 1

Contains Highly Confidential AEO and Source Code Materials

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| GOOGLE LLC, | CASE NO. 3:20-cv-06754-WHA |
| Plaintiff | Related to CASE NO. 3:21-cv-07559-WHA |
| v. | |
| SONOS, INC., | |
| Defendant. | |

**REBUTTAL EXPERT REPORT OF SAMRAT BHATTACHARJEE REGARDING NON-INFRINGEMENT OF CLAIM 13 OF U.S. PATENT NO. 9,967,615 AND OTHER ISSUES**

HIGHLY CONFIDENTIAL AEO AND SOURCE CODE MATERIALS

Contains Highly Confidential AEO and Source Code Materials

317.   As I explained in connection with the accused YouTube application, a person of skill in the art would understand that the plain meaning of "multimedia" requires multiple media. Thus, at least for playback on an audio only device does not infringe Limitation 13.6.

## XIII.   RESPONSE TO DR. SCHMIDT'S REBUTTAL SECTION

318.   Dr. Schmidt includes in his section a "rebuttal to Google's 'queue' arguments." Schmidt Rpt., 275-336.  Each of the arguments in this section fails for the reasons below.

### A.   Dr. Schmidt Accuses The Processing Of A Cloud Queue, Not A Local Playback Queue

319.   Dr. Schmidt contends that the "core" of my non-infringement opinion "is the faulty premise that a 'local playback queue' and a 'Cloud Queue' are mutually exclusive." Schmidt Rpt, ¶¶276-287.  This is a misunderstanding or misrepresentation of my position regarding the differences between a "cloud queue" and a "local playback queue."  Whether or not some hypothetical system may store the playback queue in a cloud queue and also store a copy of that playback queue locally on the receiver device is irrelevant because YouTube does not store the playback queue at both locations.  At most, Dr. Schmidt has shown that in playing back a cloud queue the receiver device may store identifiers for items in the cloud playback queue (e.g., the current and next cloud queue items), not the local playback queue.

320.   Dr. Schmidt states: "I see nothing in claim 13 that precludes the possibility that some other queue (e.g., a cloud queue) might exist in the system beyond the claimed 'local playback queue.'"  Schmidt Rpt., ¶277.  I have not precluded such an architecture.  However, in attempting to characterize items from a cloud queue as a "local playback queue," Dr. Schmidt fails to appreciate and give meaning to the difference between a "remote" and a "local" playback queue. A system might store the playback queue both at the local playback device and remotely. This is not the case with the accused products. For example, Sonos's U.S. Patent No. 10,779,033 ("the

Contains Highly Confidential AEO and Source Code Materials

'033 patent") is instructive. While the '615 patent teaches playing back a "local playback queue," the '033 patent teaches playing back a "remote playback queue" (which Sonos has interpreted as a queue in the cloud). The '033 patent expressly recites that playing back the remote playback queue involves "communicat[ing] with the cloud-based computing system in order to obtain data identifying a next one or more media items that are in the remote playback queue." '033 patent, Claim 1. If the term "playback queue" were read to cover merely caching the current and/or next media item, then the distinction between a "playback queue" stored locally on the playback device, and one stored "remotely" on the cloud-based computing system is lost.

321.     Dr. Schmidt further states that "the '615 patent contradicts" my opinions because it allegedly "explains that multiple devices within the system can maintain a respective copy of a queue, where each respective queue copy contains all (or some portions) of the resource locators that correspond to what content will be played back by at least one device within the system (e.g., a particular 'playback device')." Schmidt Rpt., ¶¶278-280. But Dr. Schmidt does not show that the '615 Patent discloses this. As an initial matter, storing some individual portions of a queue, or a small window of items from the queue is certainly not storing a copy of the playback queue, nor would a POSITA understand it that way. To the extent Dr. Schmidt alleges that the accused products store a copy of the playback queue on the playback device - this is simply not the case and I disagree with his assertion. The very word copy implies an identity - storing individual items from the queue or caching snippets of the queue is not the same as storing a copy of the queue. Even by Dr. Schmidt's own characterizations the accused products do not infringe because they do not store a copy of the entire playback queue. The disclosures that Dr. Schmidt identifies, however, do not support his position as I show below.

Contains Highly Confidential AEO and Source Code Materials

considerations. It is also my understanding that Sonos may submit an expert report corresponding to this report. I reserve the right to rebut any positions taken in that report.

394.    I, Samrat Bhattacharjee, declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


DATED:  July 27, 2022

Dr. Samrat Bhattacharjee, PhD.