CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
croberts@orrick.com
BAS DE BLANK (STATE BAR NO. 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (STATE BAR NO. 260103)
acaridis@orrick.com
EVAN D. BREWER (STATE BAR NO. 304411)
ebrewer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:     +1 415 773 5700
Facsimile:      +1 415 773 5759

SEAN M. SULLIVAN (admitted *pro hac vice*)
sullivan@ls3ip.com
RORY P. SHEA (admitted *pro hac vice*)
shea@ls3ip.com
J. DAN SMITH, III (admitted *pro hac vice*)
smith@ls3ip.com
COLE RICHTER (admitted *pro hac vice*)
richter@ls3ip.com
MICHAEL P. BOYEA (admitted *pro hac vice*)
boyea@ls3ip.com
JAE Y. PAK (admitted *pro hac vice*)
pak@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:     +1 312 754 0002
Facsimile:      +1 312 754 0003

*Attorneys for Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>　　　　Plaintiff and Counterdefendant,<br><br>　　v.<br><br>SONOS, INC.,<br><br>　　　　Defendant and Counterclaimant. | Case No. 3:20-cv-06754-WHA<br>Related to Case No. 3:21-cv-07559-WHA<br><br>**DECLARATION OF COLE B. RICHTER IN SUPPORT OF GOOGLE'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. 350)** |

I, Cole B. Richter, declare as follows and would so testify under oath if called upon to do so:

1. I am an attorney with the law firm of Lee Sullivan Shea & Smith LLP, counsel of record to Sonos, Inc. ("Sonos") in the above-captioned matter. I am a member in good standing of the Bar of the State of Illinois. I have been admitted *pro hac vice* in this matter. I make this declaration based on my personal knowledge, unless otherwise noted. If called, I can and will testify competently to the matters set forth herein.

2. I make this declaration in support of Google's Administrative Motion to Consider Whether Another Party's Material Should be Sealed filed on August 15, 2022 (Dkt. 350) ("Administrative Motion"), in connection with Google's Brief Showing Cause Why the Court Should Not Enter Summary Judgment *Sua Sponte* of Validity of the '885 Patent ("Brief Showing Cause").

3. Sonos seeks an order sealing the materials as listed below:

| Document | Portions Google Sought to Be Filed Under Seal | Portions Sonos Seeks to Be Filed Under Seal | Designating Party |
|---|---|---|---|
| Brief Showing Cause | Portions highlighted in blue | Same portions highlighted by Google | Sonos |
| Exhibit 1 to the Declaration of Marc Kaplan in Support of Google's Brief Showing Cause | Entire Document | Portions highlighted in yellow on pages 92-96, 151, 152, 161-164, and 183 of the report (not pdf) | Sonos |
| Exhibit 3 to the Declaration of Marc Kaplan in Support of Google's Brief Showing Cause | Entire Document | Entire Document | Sonos |
| Exhibit 6 to the Declaration of Marc Kaplan in Support of Google's Brief Showing Cause | Entire Document | Portions highlighted in yellow on pages 166, 167, 169, 172, 179-181, 190, 191, 192 (text and image) 193-202, 216-219, 226, 227, and 230-232 of the report (not pdf) | Sonos |

1

Decl. of Richter iso Google's Admin. Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. 350)
3:20-cv-06754-WHA

| Document | Portions Google Sought to Be Filed Under Seal | Portions Sonos Seeks to Be Filed Under Seal | Designating Party |
|---|---|---|---|
| Exhibit 12 to the Declaration of Marc Kaplan in Support of Google's Brief Showing Cause | Entire Document | Image in green box on page 6 and portions highlighted in green on page 37 of the report (not pdf) | Sonos |

4. I understand that the Ninth Circuit has recognized two different standards that may apply to a request to seal a document, the "compelling reasons" standard and the "good cause" standard. *Blessing v. Plex Sys., Inc.*, No. 21-CV-05951-PJH, 2021 WL 6064006, at *12 (N.D. Cal. Dec. 22, 2021) (citing *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016)). The compelling reasons standard applies to any sealing request made in connection with a motion that is "more than tangentially related to the merits of a case." *Id.* Accordingly, I understand courts in this district apply a "compelling reasons" standard to a sealing request made in connection with a motion for summary judgment. *See, e.g., Snapkeys, Ltd. v. Google LLC*, No. 19-CV-02658-LHK, 2021 WL 1951250, at *2 (N.D. Cal. May 14, 2021).

5. I further understand that confidential technical information about product features, architecture, and development satisfies the "compelling reason" standard. *See Delphix Corp. v. Actifio, Inc.*, No. 13-cv-04613-BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (finding compelling reasons to seal where court filings contained "highly sensitive information regarding [an entity's confidential] product architecture and development"); *Guzik Tech. Enters., Inc. v. W. Digital Corp.*, No. 5:11-CV-03786-PSG, 2013 WL 6199629, at *4 (N.D. Cal. Nov. 27, 2013) (sealing exhibit containing "significant references to and discussion regarding the technical features" of a litigant's products). Under this "compelling reasons" standard, the Court should order the above-listed documents sealed.

6. The **Brief Showing Cause** references and contains Sonos's confidential business information and trade secrets, including details regarding the source code, architecture, and technical operation of various products. The specifics of how these functionalities operate is

2

DECL. OF RICHTER ISO GOOGLE'S ADMIN. MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. 350)
3:20-CV-06754-WHA

1  confidential information that Sonos does not share publicly.  Thus, public disclosure of such

2  information may lead to competitive harm as Sonos's competitors could use these details

3  regarding the architecture and functionality of these products to gain a competitive advantage in

4  the marketplace with respect to their competing products.  A less restrictive alternative than

5  sealing said documents would not be sufficient because the information sought to be sealed is

6  Sonos's confidential business information and trade secrets and Sonos understands that Google

7  contends that this information is necessary to Google's Brief Showing Cause.

8        7.    **Exhibits 1, 6 and 12** are expert reports served by the parties and designated as

9  "Highly Confidential – Source Code – Attorneys' Eyes Only" and "Highly Confidential AEO and

10 Source Code Materials" pursuant to the Protective Order in this case. *See* Dkt. 92.  Sonos is

11 submitting concurrently herewith, marked versions of Exhibits 1, 6 and 12.  The portions

12 highlighted in yellow and the images in yellow boxes, contain Sonos's confidential business

13 information and trade secrets, including details regarding the source code, architecture, and

14 technical operation of various products.  The specifics of how these functionalities operate is

15 confidential information that Sonos does not share publicly.  Thus, public disclosure of such

16 information may lead to competitive harm as Sonos's competitors could use these details

17 regarding the architecture and functionality of these products to gain a competitive advantage in

18 the marketplace with respect to their competing products.  A less restrictive alternative than

19 sealing said documents would not be sufficient because the information sought to be sealed is

20 Sonos's confidential business information and trade secrets and Sonos understands that Google

21 contends that this information is necessary to Google's Brief Showing Cause.

22       8.    **Exhibit 3** is the entire deposition transcript of Robert Lambourne, a corporate

23 designee of Sonos.  The transcript is designated "Highly Confidential" by the parties pursuant to

24 the Protective Order in this case. *See* Dkt. 92.  The transcript contains Sonos's confidential

25 business information and trade secrets, including details regarding the source code, architecture,

26 and technical operation of various products.  The specifics of how these functionalities operate is

27 confidential information that Sonos does not share publicly.  Thus, public disclosure of such

28

information may lead to competitive harm as Sonos's competitors could use these details regarding the architecture and functionality of these products to gain a competitive advantage in the marketplace with respect to their competing products.  A less restrictive alternative than sealing said documents would not be sufficient because the information sought to be sealed is Sonos's confidential business information and trade secrets and Sonos understands that Google contends that this information is necessary to Google's Brief Showing Cause.

9. Sonos's request is narrowly tailored to protect its confidential information.

10. Sonos further advises that it does not seek to seal any portions of **Exhibits 9 and 11** as listed in Google's Administrative Motion.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this 22nd day of September, 2022 in Chicago, Illinois.

*/s/ Cole B. Richter*
COLE B. RICHTER

4

DECL. OF RICHTER ISO GOOGLE'S ADMIN. MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. 350)
3:20-CV-06754-WHA