**FILED UNDER SEAL**

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
Lindsay Cooper (Bar No. 287125)
lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Attorneys for GOOGLE, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

SONOS, INC.,

Plaintiff,

vs.

GOOGLE LLC,

Defendant.

CASE NO. 3:20-cv-06754-WHA
Related to CASE NO. 3:21-cv-07559-WHA

**GOOGLE LLC'S OPPOSITION TO SONOS, INC.'S MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS PURSUANT TO PATENT L.R. 3-6**

Date: March 24, 2022
Time: 8:00 a.m.
Location: Courtroom 12, 9th Floor
Judge: Hon. William Alsup

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..... 1

II. STATEMENT OF ISSUES TO BE DECIDED ..... 2

III. STATEMENT OF FACTS ..... 2

A. Sonos Receives Google Source Code And Technical Documents And Serves Five Sets Of Infringement Contentions In The Western District of Texas ..... 2

B. Following Transfer, Sonos Serves Infringement Contentions Pursuant To Patent Local Rule 3-1 That Purport To Disclose Only "Exemplary" Theories ..... 3

C. The Parties Exchange Their Claim Construction Disclosures And Sonos Serves Its Court-Ordered Supplemental Infringement Contentions ..... 3

D. Sonos's Motion for Leave to Amend and Proposed Amendments ..... 4

E. The Upcoming Patent Showdown ..... 5

IV. LEGAL STANDARD ..... 5

V. ARGUMENT ..... 6

A. The Court Should Deny Sonos's Motion For Leave To Amend Because Sonos's New Theories Should Have Been Disclosed In Its Patent Local Rule 3-1 Disclosures And Are Not "Back-Up" Theories ..... 7

B. Google Would Be Unduly Prejudiced By Sonos's Late Amendment ..... 11

1. Google Would Have Less Than Three Weeks Before the Patent Showdown Briefing Deadline to Respond to Sonos's New Theories ..... 11

2. Google Based Its Claim And Term Selections on Sonos's Original Infringement Theories ..... 13

VI. CONCLUSION ..... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advanced Micro Devices, Inc. v. LG Elecs., Inc.*,
No. 14-CV-01012-SI, 2017 WL 2774339 (N.D. Cal. June 26, 2017) ....................................... 13

*America, Inc. v. Stryker Corp.*,
No. 09–cv–00355, 2011 WL 5574807 (N.D. Cal. Nov. 16, 2011) (citing |O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1366 (Fed. Cir. 2006) ................................ 6

*Apple Inc. v. Samsung Elecs. Co.*,
No. 12-CV-0630-LHK PSG, 2013 WL 3246094 (N.D. Cal. June 25, 2013) .................... 1, 7, 10

*CyWee Grp. Ltd v. Apple Inc.*,
No. 14CV01853HSGHRL, 2016 WL 7230865 (N.D. Cal. Dec. 14, 2016)............................... 12

*Fluidigm Corp. v. IONpath Inc.*,
No. C 19-05639 WHA, 2020 WL 5073938 (N.D. Cal. Aug. 25, 2020) ............................ passim

*Fujifilm Corp. v. Motorola Mobility LLC*,
No. 12-CV-03587-WHO, 2015 WL 757575 (N.D. Cal. Feb. 20, 2015)..................................... 8

*Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*,
No. 14-CV-00876-RS(JSC), 2016 WL 7386136 (N.D. Cal. Dec. 21, 2016)........................ 6, 13

*Nexus Display Techs., LLC v. LG Elecs., Inc.*,
No. CV1405694JVSDFMX, 2016 WL 6916827 (C.D. Cal. July 8, 2016) .............................. 10

*Nitride Semiconductors Co. v. RayVio Corp.*,
No. 17CV02952EJDSVK, 2018 WL 4214983 (N.D. Cal. Aug. 6, 2018) ................................ 11

*Radware, Ltd. v. A10 Networks, Inc.*,
No. C-13-02021, 2014 WL 3725255 (N.D. Cal. July 28, 2014).................................................. 6

*Richtek Tech. Corp. v. uPI Semiconductor Corp.*,
No. C 09-05659 WHA, 2016 WL 3136896 (N.D. Cal. 2016) .................................................... 9

*Richtek Tech. Corp. v. uPi Semiconductor Corp.*,
No. C 09-05659 WHA, 2016 WL 1718135 (N.D. Cal., Apr. 29, 2016).................................. 12

*Sunpower Corp. Systems v. Sunlink Corp.*,
No. C-08-2807 SBA(EMC), 2009 WL 1657987 (N.D. Cal. June 12, 2009).............................. 9

*Tech. Props. Ltd. v. Canon, Inc.*,
No. 14-cv-03640-CW, 2016 WL 1360756 (N.D. Cal. Apr. 6, 2016) ......................................... 6

*Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*,
236 F. Supp. 3d 1110 (N.D. Cal. 2017) ................................................................................ 2, 6, 13

**Rules and Regulations**

Local Rule 3-1 ......................................................................................................................... passim

Local Rule 3-6 ........ 2, 5, 6, 9
Local Rule 3-6(a)-(c) ........ 6
Local Rule 4-1 ........ 4
Local Rule 4-2 ........ 4
Local Rule 4-4 ........ 12
Local Rule 5-1 ........ 15

## I. INTRODUCTION

Sonos's eleventh hour attempt to amend its infringement contentions—for the ***eighth*** time and with a hearing scheduled ***only three weeks*** before the patent showdown summary judgment deadline—is highly prejudicial to Google and should be rejected. The summary judgment deadline is on April 14, 2022 (Dkt. No. 68), and Sonos's amendments introduce multiple new theories for how Google allegedly infringes claim 13 of U.S. Patent No. 9,967,615 (the "'615 patent"). Google selected this claim for the showdown based on Sonos's existing contentions, and should not be required to defend against new theories that should have been presented long ago.

Sonos asserts that good cause exists to add its new infringement theories—which relate to the "resource locator" and "local playback queue" limitations that appear in each claim of the '615 patent—solely on the basis that the Case Management Order (Dkt. 67) and this Court's holding in *Fluidigm Corp. v. IONpath Inc.*, No. C 19-05639 WHA, 2020 WL 5073938 (N.D. Cal. Aug. 25, 2020) permit disclosure of "backup" contentions made in response to the opposing party's claim constructions. But Sonos's characterization of its proposed amendments as "backup" theories is misleading. Sonos's additions are affirmative theories that fall within Sonos's own construction of the claim limitations at issue, and thus should have been disclosed in its October 21, 2021 infringement contentions pursuant to Patent Local Rule 3-1. *Fluidigm* does not permit a patentee to hold back infringement theories it was aware of until after claim construction. *Fluidigm*, 2020 WL 5073938, at *4 ("[U]nder the current [Patent Local Rules], 'parties should proffer *all* of the theories of infringement [or invalidity] that they in good faith believe *they can assert*.'") (citing *Apple Inc. v. Samsung Elecs. Co.*, No. 12-CV-0630-LHK PSG, 2013 WL 3246094, at *3 (N.D. Cal. June 25, 2013) (emphasis in the original)). As such, Sonos has failed to meet its burden of demonstrating that there is good cause for its proposed amendments. Sonos has provided no explanation, much less good cause, as to why it could not have provided the additional theories it now proposes in any of its prior contentions or amendments. Sonos has had access to Google's source code and technical documents ***since March 5, 2021*** and has served seven sets of amended contentions since then.

Moreover, given that the proposed amendments relate to the claim Google has selected for the upcoming patent showdown, Sonos's attempt to add multiple new theories is severely prejudicial

to Google. Indeed, opening summary judgment briefs are due just two months from now and only three weeks after the hearing on Sonos's current motion. Google selected claim 13 for the patent showdown and its proposed claim terms for construction based on the infringement contentions Sonos disclosed four months ago. As this Court explained in *Fluidigm*, "[o]ur patent local rules 'require parties to crystallize their theories of the case early in the litigation ***and to adhere to those theories once they have been disclosed***.'" *Fluidigm*, 2020 WL 5073938, at *3 (emphasis added). Sonos's "'shifting sands' approach" is precisely what the Patent Local Rules were designed to prevent. *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 236 F. Supp. 3d 1110, 1113 (N.D. Cal. 2017). Requiring Google to defend against new theories disclosed on the eve of a fast-approaching patent showdown would be highly prejudicial in any case, but is especially prejudicial here where Sonos's recent damages disclosure alleges that it is entitled to up to a [REDACTED] reasonable royalty for the asserted cloud queue patents (which includes the '615 patent). Ex. 1 at 26.

Because Sonos fails to plausibly provide "good cause" for disclosing its proposed amendments at this late stage, and taking into account the substantial prejudice they would cause Google, Sonos's motion should be denied.

## II. STATEMENT OF ISSUES TO BE DECIDED

Whether good cause exists under Patent Local Rule 3-6 for Sonos to amend its infringement contentions as to the '615 patent where the proposed amendments should already have been disclosed pursuant to Patent Local Rule 3-1, Sonos has failed to act diligently, and Google will be severely prejudiced by Sonos's ever-changing infringement contentions.

## III. STATEMENT OF FACTS

### A. Sonos Receives Google Source Code And Technical Documents And Serves Five Sets Of Infringement Contentions In The Western District of Texas

On September 29, 2020, Sonos filed its original complaint against Google in the Western District of Texas. Dkt. 1. In accordance with Judge Albright's Order Governing Proceedings, Sonos served its preliminary infringement contentions on December 11, 2020. Declaration of Nima Hefazi ("Hefazi Decl.") ¶ 2. On January 8, 2021, Sonos served its first supplemental preliminary infringement contentions. *Id.* ¶ 3.

On March 5, 2021, Google produced its technical documentation and source code for the accused products. *Id.* ¶ 4; Dkt. 48. Sonos thereafter amended its contentions three more times. Specifically, Sonos served second supplemental preliminary infringement contentions on June 5, 2021, third supplemental infringement contentions on July 14, 2021, and "final" infringement contentions on September 10, 2021. *Id.* ¶ 5.

**B. Following Transfer, Sonos Serves Infringement Contentions Pursuant To Patent Local Rule 3-1 That Purport To Disclose Only "Exemplary" Theories**

On October 21, 2021, after this case was transferred to the Northern District of California, Sonos served another set of infringement contentions (its sixth set overall) pursuant to this District's Patent Local Rule 3-1. *Id.* ¶ 6. Google wrote Sonos a letter two weeks later, on November 3, 2021, identifying deficiencies in Sonos's infringement contentions. Dkt. 86-3.

For the '615 patent that is the subject of Sonos's current motion, Google identified deficiencies with respect to the following limitation (which appears in all the asserted claims) that requires "adding, to [a] local playback queue, one or more resource locators":

> causing one or more first cloud servers to add multimedia content to a local playback queue on the particular playback device, wherein adding the multimedia content to the local playback queue comprises the ***one or more first cloud servers adding, to the local playback queue, one or more resource locators***.

'615 patent, claim 13 (emphasis added). More specifically, Google explained that Sonos had failed to specifically identify functionality that satisfied the requirement of a "local playback queue." Dkt. 86-3 at 3-4. Google further noted that for the "resource locator" limitation, Sonos's contentions employed open-ended "*e.g.*" language, and that such open-ended language was improper because Sonos must disclose all its theories in the contentions. *Id.*

**C. The Parties Exchange Their Claim Construction Disclosures And Sonos Serves Its Court-Ordered Supplemental Infringement Contentions**

Because Sonos initially refused to cure the deficiencies identified in Google's letter, Google was forced to file a letter for discovery relief on December 17, 2021. *See* Dkt. 87. In its response, Sonos agreed to strike the open-ended "*e.g.*" language in its contentions. *See* Dkt. 96 at 3. After a short hearing, the Court ordered Sonos to serve supplemental contentions that "beef[] up" its

contentions" and "do a good job" clarifying its infringement theories for how the "local playback queue" and "resource locator" limitations are met. Ex. 2 at 13:10-13.

The parties exchanged proposed terms for construction in compliance with Patent Local Rule 4-1 on December 20, 2021. Hefazi Decl. ¶ 7. Pursuant to Patent Local Rule 4-2, the parties simultaneously exchanged their proposed preliminary constructions for these selected claim terms on January 10, 2022. *Id.* ¶ 8.

On January 20, 2022, after it received Google's proposed claim constructions, Sonos served its Court-ordered supplemental contentions. *Id.* ¶ 9. Those supplemental contentions did ***not*** include its new theories for the "resource locators" and "local playback queue" terms. *Id.*

### D. Sonos's Motion for Leave to Amend and Proposed Amendments

Despite serving its additional Court-ordered contentions only two weeks prior, Sonos notified Google that it intended to move for yet another amendment of its infringement contentions on February 4, 2022. Ex. 3. Google requested more information regarding Sonos's proposed changes, but Sonos refused to provide any on the grounds that it was still "compiling" the additional contentions and proceeded to file the instant Motion on February 7, 2022. *Id.*

The new proposed infringement theories Sonos seeks to belatedly add to this case are directed at the ***same*** "resource locator" and "local playback queue" limitations for which Google previously sought the Court's assistance. *See* Dkts. 87 at 1-2, 128 at 2. Although the Court already ordered Sonos to provide fulsome contentions for these limitations, Sonos still withheld certain theories of infringement from its supplemental disclosure on January 20, 2022, and now attempts to pull an end run by requesting to add yet another set of amendments.

Sonos's latest permutation of its theories substantially broadens the case and the relevant YouTube application functionality at issue. Regarding the "resource locators," Sonos's existing contentions (served prior to its "backup" contentions) allege that Google's YouTube application receives a "videoID" and purports to identify three separate theories for what constitutes the "local playback queue" to which the videoID is added. Sonos's motion now seeks for the first time to add a new and different theory in which uniform resource locators ("URLs") stored in a "variable called video_data.ts→ dashManifest" are "resource locators." Dkt. 127-4 at 38-42. But this variable can

be found in the source code that Google produced on March 5, 2021, almost a year ago, and that Sonos has had ample opportunity to inspect since then. Worse yet, even now, Sonos ***still*** does not identify the "local playback queue" that the URLs are allegedly added to.

Sonos also presents two new theories based on the doctrine of equivalents ("DOE"), which were not mentioned in any of Sonos's prior infringement contentions. First, Sonos acknowledges that the claims require the control device to "cause" the resource locator to be added to the "local playback queue" on the playback device as part of the transfer, but now tries to read out this limitation by contending that "indirectly" adding URLs is a "trivial difference" covered by DOE. *Id.* at 42-43. Second, with respect to the "local playback queue" limitation, Sonos now argues that having "multiple data variables" that allegedly maintain an ordered list of media items is not substantially different than having a "local playback queue" data structure. *Id.* at 43-44.

### E. The Upcoming Patent Showdown

Pursuant to this Court's order regarding the patent showdown, the parties each selected one claim for the showdown on November 11, 2021. Dkt. 68 ¶ 1. Google selected claim 13 of the '615 patent. *See* Dkt. 87 at 3. Opening summary judgment briefs are due on April 14, 2022 for the patent showdown, less than two months from now and three weeks after the hearing on Sonos's Motion. *See* Dkt. 68 ¶ 4.

## IV. LEGAL STANDARD

The Patent Local Rules "require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Fluidigm*, 2020 WL 5073938, at *4 (citing *LG Electronics Inc. v. Q–Lity Computer Inc.,* 211 F.R.D. 360 (N.D. Cal. 2002)). The rules "replaced the bone-crushing burden of scrutinizing and investigating discovery responses with the parties' infringement and invalidity contentions. And, just as important, the rules 'requir[ed] both the plaintiff and the defendant in patent cases to provide early notice of their infringement and invalidity contentions.'" *Id.*

Pursuant to Patent Local Rule 3-6, a plaintiff may only amend its infringement contentions "by order of the Court upon a timely showing of good cause." To prevent the "vexatious shuffling of positions," courts subject motions to amend infringement contentions to a higher level of scrutiny

than similar motions to amend pleadings. *See Verinata Health, Inc.*, 236 F. Supp. 3d 1113 ("In contrast to the more liberal policy for amending pleadings, the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the 'shifting sands' approach to claim construction.") (cleaned up). Examples of circumstances that may support a finding of good cause include (a) a claim construction by the Court different from that proposed by the moving party, (b) recent discovery of material, prior art despite earlier diligent search, and (c) recent discovery of nonpublic information about the accused instrumentalities that was not discovered before the service of infringement contentions despite diligent efforts. P.L.R. 3-6(a)-(c).

A good cause inquiry "considers first whether the moving party was diligent in amending its contentions and then whether the nonmoving party would suffer prejudice if the motion to amend were granted." *Radware, Ltd. v. A10 Networks, Inc.*, No. C-13-02021, 2014 WL 3725255, at *1 (N.D. Cal. July 28, 2014) (internal quotations omitted). "The burden is on the movant to establish diligence rather than on the opposing party to establish lack of diligence." *Karl Storz Endoscopy–America, Inc. v. Stryker Corp.,* No. 09–cv–00355, 2011 WL 5574807, at *1 (N.D. Cal. Nov. 16, 2011) (citing *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006)).

When determining whether a party was diligent, "the critical question is whether the party could have discovered the new information earlier had it acted with requisite diligence." *Radware*, 2014 WL 3725255, at *1; *see also Fluidigm*, 2020 WL 5073938, at *4. Additionally, the court may deny a motion for leave to amend infringement contentions if it would cause 'undue prejudice to the non-moving party.'" *Tech. Props. Ltd. v. Canon, Inc.*, No. 14-cv-03640-CW, 2016 WL 1360756, at *2 (N.D. Cal. Apr. 6, 2016) (quoting Patent L.R. 3-6). "Prejudice is typically found when amending contentions stand to disrupt the case schedule or other court orders." *Verinata Health, Inc.*, 236 F. Supp. 3d at 1113 (internal quotations and citation omitted).

## V. ARGUMENT

The Court should deny Sonos's motion for leave for two reasons. *First*, Sonos was not diligent. Sonos's contentions should have been disclosed in its original Patent Local Rule 3-1 infringement contentions. The proposed amendments are based on source code that Google served

more than eleven months ago, and Sonos has not identified any *new* information or evidence that would warrant supplementation. *Second*, permitting Sonos to introduce new theories at this point would substantially prejudice Google. The patent showdown in its advanced stages and Sonos's Motion is scheduled for a hearing just three weeks before the deadline for opening summary judgment briefs. Even if the Court were to grant Sonos's Motion, the parties would have less than three weeks to revisit their claim constructions before incorporating them into the showdown summary judgment briefs.

### A. The Court Should Deny Sonos's Motion For Leave To Amend Because Sonos's New Theories Should Have Been Disclosed In Its Patent Local Rule 3-1 Disclosures And Are Not "Back-Up" Theories

In deciding whether there is good cause for leave to amend, "***the critical question*** is whether the party could have discovered the new information earlier had it acted with the requisite diligence." *Fluidigm*, 2020 WL 5073938, at *4 (emphasis added). In this case, the answer to this "critical question" is a resounding yes. Sonos's proposed amendments should have been disclosed in its original Patent Local Rule 3-1 infringement contentions served in October 2021.

Sonos cannot point to any new materials or information on which its proposed theories are based—the additional theories are premised on the same source code and documents that Google made available to Sonos on March 5, 2021 (over eleven months ago). Nor can Sonos point to any unexpected claim construction positions that would justify the new amendments. At bottom, after Google selected claim 13 of the '615 patent for the upcoming showdown, Sonos appears to have realized that its current theories are unsustainable and unfairly seeks to belatedly shift its position to add theories it could have identified earlier. This is not a basis for permitting amendment. *Apple*, 2013 WL 3246094, *2 ("Nothing in [the Patent Local Rules] . . . suggests that infringement contentions are intended to be a running dialogue between the parties, with additions of theories as one side asserts that a particular argument is unsustainable."). On the contrary, the Patent Local Rules obligate a plaintiff to "proffer *all* of the theories of infringement . . . that they in good faith believe *they can assert*" in their original infringement contentions. *Fluidigm*, 2020 WL 5073938, at *4 (citing *Apple*, 2013 WL 3246094, at *3) (emphasis in original).

This Court's holding in *Fujifilm Corp. v. Motorola Mobility LLC*, No. 12-CV-03587-WHO, 2015 WL 757575 (N.D. Cal. Feb. 20, 2015) is instructive. Fujifilm asserted that it had been diligent because it sought leave to amend after it realized for the "first time . . . that Motorola's noninfringement positions would potentially require Fujifilm to rely on the doctrine of equivalents." *Fujifilm Corp.*, 2015 WL 757575, at *7. This Court rejected this argument, holding that Fujifilm failed to show it could not have disclosed the proposed amendments earlier since "[t]he theories are based on the same structures in the same products that Fujifilm has for months asserted literally infringe" with the only difference being "that Fujifilm now contends that these structures, in addition to literally infringing, possess insubstantial differences with the disputed claim limitations and/or perform substantially the same function in substantially the same way to obtain substantially the same result." *Id.* at *8. Like Fujifilm, Sonos "offers no explanation of why [its proposed] theories could not have been reasonably asserted at the beginning of this case," and its reliance on Google's construction positions "does not establish good cause for amendment." *Id.*

The sole justification Sonos offers for its untimely amendments is a provision in the Case Management Order regarding the disclosure of "back-up contentions." *See* Dkt. 67 ¶¶ 17-18 (referencing *Fluidigm Corp.*, 2020 WL 5073938). However, Sonos's reliance on this provision is misplaced. The Case Management Order does ***not*** permit a party to hold back infringement theories that should have been disclosed in a Patent Local Rules 3-1 contentions, and then spring them on a defendant under the guise of being "backup contentions" months later on the eve of the patent showdown.

Indeed, *Fluidigm*—the decision that the Case Management Order cites as providing "further explanation" regarding the "back-up contentions" provision—is entirely consistent with cases holding that a party must show that its amendments are based on "new information" it could not have previously discovered had it acted with the requisite diligence. In *Fluidigm*, a plaintiff served new infringement theories in its expert report and attempted to justify its untimely new theories by arguing that they were "back-up theories" in response to ***unexpected*** means-plus-function claim construction positions from the defendant. *Fluidigm Corp.,* No. C 19-05639 WHA, Dkt. 120 at 13-14. The Court held that plaintiffs cannot wait until expert reports to disclose these new theories,

and had "28 days *at the latest*" to serve "back-up contentions." *Fluidigm Corp.*, 2020 WL 5073938, at *3 (emphasis added). The Court further explained that its decision furthers the "purpose of our patent local rules," which requires parties to "crystalize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Id.* at *3-4. Thus, *Fluidigm* makes clear that "back-up contentions" are those that a plaintiff serves in response to claim construction positions the party could not have anticipated—*e.g.*, the means-plus-function construction proposed by the defendant in *Fluidigm*. Theories that a plaintiff could have asserted in its Patent Local Rule 3-1 disclosures but chose to withhold are not back-up theories.

Here, by contrast, Sonos's new contentions are not borne out of "unexpected" claim construction proposals from Google. *Sunpower Corp. Systems v. Sunlink Corp.*, No. C-08-2807 SBA (EMC), 2009 WL 1657987, *1 (N.D. Cal. June 12, 2009) (denying leave to amend after claim construction ordered was entered because "[t]he risk of the construction rendered by the presiding judge was well known and anticipated by Defendant."); *cf. Richtek Tech. Corp. v. uPI Semiconductor Corp.*, No. C 09-05659 WHA, 2016 WL 3136896, *1-2 (N.D. Cal. 2016) ("Patent Local Rule 3-6 expressly acknowledges that an ***unexpected*** claim construction ruling may, absent undue prejudice, support a finding of good cause.") (emphasis added) (Alsup, J.). In fact, Sonos already served Google with a previous set of revisions to its infringement contentions on January 20, 2022—more than a week ***after*** Google served its proposed claim constructions on January 10, 2022. Hefazi Decl. ¶¶ 8, 9. Put another way, Google's claim construction positions were already known when Sonos served its prior set of contentions, mooting any reason for Sonos to serve yet another set of infringement contentions now.

Further, Google's proposed constructions did not add any new, unanticipated theories to this case. Sonos contends that Google's construction adds a "uniform resource locator" or URL. But Sonos's ***own*** proposed construction already covers this "URL," so Sonos should have already accounted for all infringement theories in support of its own construction. No "backup" contentions should be necessary, as Sonos cannot dispute that its own proposed construction of the term "resource locator" encompasses a uniform resource locator. Its own claim construction expert confirmed this, opining that "a POSITA would have known that 'resource locator' more generally

refers to information that enables a device to access a resource and that information could take various forms, such as an identifier, address, ***uniform resource indicator*** (URI), ***URL***, or some other reference that facilitates a device accessing a resource." Ex. 4 ¶ 101; *see also* Ex. 5 (citing the '615 patent (Dkt. 51-1) at 11:62-12:3 as evidence for Sonos's proposed construction) ("zone player may contain a uniform resource locator (URL) that specifies an address to a particular audio track in the cloud" and "[u]sing the URL, the zone player may retrieve the audio track from the cloud, and ultimately play the audio out of one or more zone players."). Given that Sonos's latest proposed theories of infringement fall within *both* Sonos's and Google's proffered constructions, "the difference [between the constructions] is not material and does not provide good cause to amend the contentions." *Apple Inc.*, 2013 WL 3246094, at *5; *Nexus Display Techs., LLC v. LG Elecs., Inc.*, No. CV1405694JVSDFMX, 2016 WL 6916827, at *3 (C.D. Cal. July 8, 2016) (finding plaintiff was not diligent because "[t]here is no reason identified that these two signals from the DisplayPort standard could not have been identified as auxiliary data signals when Nexus propounded its original infringement contentions. . . . Instead, Nexus has *added* two additional data signals that Nexus suggests *also* satisfy this element of the '328 Patent.") (emphasis in original).

While Sonos's proposed amendments attempt to accuse new functionalities in the YouTube applications that use URLs, Sonos has provided no explanation for why it omitted these theories from its existing contentions (or any of the numerous prior supplements). Sonos certainly knew how to advance theories based on URLs before Google served its proposed claim constructions on January 10, 2022. Indeed, Sonos's prior contentions accuse functionalities in ***other*** accused products of infringing based on their use of identifiers *and* URLs—but not YouTube. For example, the functionality Sonos accused in the Google Play Music application in its October 2021 contentions uses both URLs (specifically, "[REDACTED]") and identifiers ("ItemIDs"), and Sonos has mapped both to the "resource locator" limitation. Ex. 6 at 59 (emphasis added) (served October 21, 2021). Sonos's decision to hold back its accusations against YouTube URLs while including this theory for other applications demonstrates that Sonos could have presented its proposed amendments affirmatively in its previous contentions, and that the new contentions are not actually "back-up" theories at all. *Fluidigm Corp.*, Dkt. 120 at 12 (permitting backup contentions "raised

solely in response to [new] proposed claim constructions"). Allowing Sonos to serve new infringement theories under the guise of "backup" contentions would promote gamesmanship by allowing plaintiffs to sandbag defendants and switch theories after claim construction.

Finally, Sonos's assertion that it could not have offered its new infringement theories sooner because "Google had not previously sought construction for either of the[] terms" at issue while the action was in the Western District of Texas is misleading. Mot. at 2. Sonos has long known that Google disputed the disclosure of "resource locator" and "local playback queue" in Sonos's current theories. For example, Google sent Sonos a letter on November 3, 2021 explaining that its contentions failed to disclose any functionality that met the "resource locator" and "local playback queue" limitations. Dkt. 86-3 at 3-5. Even after Google sought the Court's assistance and Sonos was ordered to rectify these deficiencies through supplemental infringement contentions regarding these very terms, Sonos failed to do so. See Dkt. 99; *see supra* § III.C. In fact, Sonos served its operative set of infringement contentions in this case on January 20, 2022, ***after Google served its claim constructions***. *See supra* Section III.C. Thus, Sonos "knew or should have known" of Google's position regarding these terms "because of information exchanged earlier in the case." *Nitride Semiconductors Co. v. RayVio Corp.*, No. 17CV02952EJDSVK, 2018 WL 4214983, at *2 (N.D. Cal. Aug. 6, 2018) (denying motion to infringement theories given plaintiff's failure to demonstrate diligence). Sonos's failure to disclose its proposed new theories in its initial contentions reflects Sonos's lack of diligence and should end the inquiry.

### B. Google Would Be Unduly Prejudiced By Sonos's Late Amendment

Sonos's request should also be denied on the independent ground that its proposed amendments would unduly prejudice Google in several respects.

#### 1. Google Would Have Less Than Three Weeks Before the Patent Showdown Briefing Deadline to Respond to Sonos's New Theories

Because Sonos's proposed amendments relate to the claim that Google selected for the showdown (claim 13 of the '615 patent), allowing Sonos to add multiple new infringement theories at this late date would severely impact Google's ability to prepare for the upcoming patent showdown. *See* Dkt. 68 ¶ 1. Sonos acknowledges that opening summary judgment briefs for the

showdown are due in two months, but contends that this gives Google "sufficient time to respond" to Sonos's new contentions. Mot. at 3. Sonos is wrong. The patent showdown is already proceeding on an expedited schedule, and introducing new theories that substantially broaden the case with just two months to go is substantially prejudicial. That is especially true here where Sonos has claimed in its damages disclosures that it is entitled to a reasonable royalty of [REDACTED] for its '615 and '033 patents. *See* Ex. 1. Sonos also neglects to mention that its Motion is noticed for hearing on—and thus will not be resolved before—March 24, 2022, merely ***three weeks*** before the April 14, 2022 summary judgment deadline. *See* Dkts. 68 ¶ 4, 128.

Google will be severely prejudiced if it is forced to develop new defenses and invalidity theories in less than three weeks before the first major patent showdown filing deadline, and just two-and-a-half months before the summary judgment hearing and a potential trial on the selected claims "prompt[ly]" thereafter. *Id.* ¶ 9; *see CyWee Grp. Ltd v. Apple Inc.*, No. 14CV01853HSGHRL, 2016 WL 7230865, at *3 (N.D. Cal. Dec. 14, 2016) (finding prejudice where "[f]act discovery closes two weeks after the date of the hearing on th[e] motion to amend, and trial is set to occur in [eight months]"); *Richtek Tech. Corp. v. uPi Semiconductor Corp.*, No. C 09-05659 WHA, 2016 WL 1718135, at *3 (N.D. Cal., Apr. 29, 2016) (denying leave to amend infringement contentions because with eight months until trial, "it is time for the case to narrow, not expand").

Furthermore, Google will also have been deprived of the opportunity to conduct discovery regarding Sonos's proposed amendments. Pursuant to Patent Local Rule 4-4, all discovery related to claim construction—including depositions of any witnesses and experts—must be completed by March 7, 2022, more than two weeks before the hearing on Sonos's Motion. Had Sonos timely disclosed its additional theories in its infringement contentions over three months ago, Google "could have spent that time investigating the new theories, taking discovery, preparing responses, and developing invalidity arguments within the new claim scope." *Fluidigm Corp.*, 2020 WL 5073938, at *5.

### 2. Google Based Its Claim And Term Selections on Sonos's Original Infringement Theories

Permitting Sonos's amendments would allow Sonos to unfairly capitalize on the "shifting sands" approach to claim construction that the Patent Local Rules were precisely "designed to prevent." *Verinata Health, Inc.*, 236 F. Supp. 3d at 1113. Google selected its exemplary claim and its proposed terms for construction based on Sonos's original October 21, 2021 infringement contentions; it would be manifestly unfair to permit Sonos to now change course weeks before the patent showdown. *See Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-CV-00876-RS (JSC), 2016 WL 7386136, at *5 (N.D. Cal. Dec. 21, 2016) ("Stryker would be prejudiced here because it identified the claim terms that it wanted the district court to construe in reliance on the theories of infringement in KSEA's contentions."); *Advanced Micro Devices, Inc. v. LG Elecs., Inc.*, No. 14-CV-01012-SI, 2017 WL 2774339, at *5 (N.D. Cal. June 26, 2017) (finding proposed amendments prejudicial because LG chose its most important terms based on its understanding of plaintiff's original infringement contentions). "If [Sonos] had set forth different infringement theories (as it seeks to now), [Google] may very well have selected different terms for construction." *Karl Storz Endoscopy-Am., Inc.*, 2016 WL 7386136, at *5.

Sonos argues that Google would not be prejudiced because the Court's Case Management Order permits each party to move promptly to disclose any "back-up" contentions in response to the other side's proposed claim construction. But as discussed above, this rule was not meant to apply when the claim construction dispute is the result of Sonos's own failure to provide sufficient contentions regarding how the claim limitations are allegedly met. Sonos could have presented its new infringement theories with its original contentions, given that its ***own*** construction covers those theories. Sonos has already amended and supplemented its infringement contentions numerous times, such that the claims have "become a moving target against which [Google] must somehow mount a coherent defense." *Advanced Micro Devices, Inc.*, 2017 WL 2774339, at *5. The Court should not permit Sonos to do so for the eighth time—only a few weeks before summary judgment briefing, and for the very claim that Google selected for the showdown—under the guise of serving "backup contentions."

## VI. CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court deny Sonos's request to amend its infringement contentions for the '615 patent.

DATED: February 22, 2022

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Charles K. Verhoeven*

Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
Lindsay Cooper (Bar No. 287125)
lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for GOOGLE LLC*

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that, on February 22, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system and email.

DATED: February 22, 2022

By: *<u>/s/ Charles K. Verhoeven</u>*
Charles K. Verhoeven