# EXHIBIT 1
# FILED UNDER SEAL

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
croberts@orrick.com
BAS DE BLANK (STATE BAR NO. 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (STATE BAR NO. 260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

GEORGE I. LEE (*pro hac vice in process*)
lee@ls3ip.com
SEAN M. SULLIVAN (*admitted pro hac*)
sullivan@ls3ip.com
RORY P. SHEA (*pro hac vice in process*)
shea@ls3ip.com
J. DAN SMITH (*pro hac vice in process*)
smith@ls3ip.com
Cole B. Richter (*admitted pro hac*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:    +1 312 754 0002
Facsimile:    +1 312 754 0003

*Attorneys for Sonos, Inc.*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GOOGLE LLC,<br><br>            *Plaintiff*,<br><br>     v.<br><br>SONOS, INC.,<br><br>            *Defendant*. | Case No. 3:20-cv-6754<br><br>**SONOS, INC.'S PRELIMINARY DAMAGES DISCLOSURE PURSUANT TO PATENT LOCAL RULE 3-8**<br><br>Honorable William Alsup |

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Pursuant to Patent Local Rule 3-8, Sonos, Inc. ("Sonos") submits these Preliminary Damages Contentions. No claim construction has taken place in this case, and only limited discovery is currently available. Indeed, merits discovery in this action is just getting started and, as of the date of service of these contentions, is not scheduled to close until November 30, 2022. To date, Google has also not produced sufficient documents responsive to Sonos's document requests and no depositions have been taken. Likewise, Google's interrogatory responses are woefully deficient in many respects and completely non-responsive in others. As a non-limiting example, in response to Sonos's interrogatory asking Google to explain each "revenue stream connected to and/or promoted by the Accused Instrumentalities," Google failed to provide a substantive response and merely stated that "Google is willing to meet and confer to clarify and narrow the scope of this request." Without the benefit of proper and additional discovery responses from Google, Sonos cannot provide fulsome responses to the disclosures required by Patent Local Rule 3-8.

This disclosure is based upon Sonos's own information as well as the limited information produced by Google, LLC ("Google") to date in this case and information Sonos has been able to obtain from public sources, together with Sonos's good faith beliefs regarding the Accused Instrumentalities in this case. The damages theories contained herein are preliminary only and are not intended to be binding, exclusive, or exhaustive. Sonos's investigation is ongoing and its ultimate damages theories in this case will require extensive analysis by Sonos's damages expert.

Accordingly, Sonos reserves the right to supplement, amend, or modify these disclosures based on the Court's claim construction, its continuing review of information produced by Google, its review of information requested from but not yet produced by Google, depositions related to such information, positions taken by Google in this or other litigation, publicly available information, additional information produced in this case through formal discovery or otherwise, expert analysis, and/or for any other permissible reasons under the Local Rules and Patent Local Rules of this Court or the Federal Rules of Civil Procedure and as the Court may permit.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Moreover, these damages contentions address only those patent claims and Accused Instrumentalities identified in Sonos's Patent Local Rule 3-1 infringement contentions.[1] As such, for purposes of this disclosure under Patent Local Rule 3-8, common terms like "Asserted Claims," "Asserted Patents," and "Accused Instrumentalities" should be understood to have the same meanings as set forth in Sonos's Patent Local Rule 3-1 infringement contentions.[2] Sonos's Patent Local Rule 3-1 infringement contentions (and all amendments thereto) are incorporated herein by reference.

Sonos expressly reserves all objections regarding the use of this preliminary disclosure, for any purpose, and does not waive any applicable privileges. Sonos also reserves the right to rely on any facts, method, or analysis that Google offers in any proceeding between Sonos and Google. Sonos further reserves the right to rely on any evidence that Google relies on in, or creates for the purposes of, any proceeding between Sonos and Google.

I.  **Legal Background**

Pursuant to Local Patent Rule 3-8(a), Sonos's Preliminary Damages Contentions, as set forth in detail below, will "[i]dentify each of the category(-ies) of damages it is seeking for the asserted infringement, as well as its theories of recovery, factual support for those theories, and computations of damages within each category, including:

1) Lost profits;

2) Price erosion;

3) Convoyed or collateral sales;

4) Reasonable royalty; and

5) Any other form of damages."

"Local Rule 3-8 does not require certainty, and it is not fairly interpreted as replacing the robust analysis of a patent damages expert report." *Twilio, Inc. v. Telesign Corp.*, Case No. 16-

---

[1] Sonos has asserted claims against Google from the following patents: U.S. Patent Nos. 9,967,615 (the "'615 Patent"), 10,779,033 (the "'033 Patent"), 10,469,966 (the "'966 Patent"), and 10,848,885 ("the '885 Patent") (collectively, "the Asserted Patents").

[2] For purposes of this disclosure, a reference to "Accused Instrumentalities" shall also be understood to include the accused Cast-enabled apps and/or the Google Home app, either individually or collectively with the smartphone, tablet, or computer devices on which such apps are installed (or to be installed).

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Home Hub, Nest Hub, and Nest Hub Max; and (x) revenue associated with consumer data collected via Google's Home Hub, Nest Hub, and Nest Hub Max.

Thus, as endorsed by Google, applying a standard industry royalty rate, e.g., the 4% electrical and electronics industry royalty rate from IPSCIO, to the revenue generated/derived by the Accused Instrumentalities, ███████████████████████████████████████████████ results in a reasonable royalty award of ███████████████████████. *See* GOOG-SONOSNDCA-00055305.

As explained herein, however, Google has not provided all the revenue generated/derived by the Accused Instrumentalities, and thus, this is likely an incomplete estimate of the reasonable royalty under the Market Approach.

A similar Market Approach analysis to that set forth above could be applied for the other Asserted Patents with adjustments being made for the relevant damages period.[5]

As set forth below, pursuant to Patent Local Rule 3-8(b), Sonos contends it is unable to provide a more fulsome response regarding the Market Approach without additional discovery from Google, as well as expert opinion on the relevance and comparability of identified transactions, agreements, and industry information.

### 3. Income Approach

The Income Approach identifies the expected and/or actual financial benefit to the licensee from the exploitation of the Asserted Patents. The Income Approach is generally regarded as the most common approach for patent valuation because it is directed to estimating

---

[5] For its earlier estimate in the Joint Case Management Statement, Sonos used an ultra-conservative and simplified approach to estimate damages by applying a 4% industry royalty rate to Google's reported ███████████████████████████████████ (which is the clearest and most detailed financials that Google has provided in this case) for the fullest infringement period (2018-Q3 through 2021-Q3) in Google's financials, which resulted in a damages award of ███████████. However, as explained herein, this conservative revenue figure does not reflect the total revenue generated/derived by the Accused Instrumentalities, which Google has not yet provided.

Dated: January 25, 2022          LEE SULLIVAN SHEA & SMITH LLP

By: */s/ Sean M. Sullivan*
    Sean M. Sullivan (*admitted pro hac*)

    Clement Seth Roberts (SBN 209203)
    ORRICK, HERRINGTON & SUTCLIFFE LLP
    405 Howard St.
    San Francisco, CA 94105
    Telephone: 415.773.5484; Fax: 415.773.5759
    croberts@orrick.com

    Bas de Blank (SBN 191487)
    ORRICK, HERRINGTON & SUTCLIFFE LLP
    1000 Marsh Blvd.
    Menlo Park, CA 94205
    Telephone: 650.614.7343; Fax: 650.614.7401
    bdeblank@orrick.com

    Alyssa Caridis (SBN 260103)
    ORRICK, HERRINGTON & SUTCLIFFE LLP
    777 South Figueroa St., Suite 3200
    Los Angeles, CA 90017
    Telephone: 213.612.2372; Fax: 213.612.2499
    acaridis@orrick.com

    George I. Lee (p*ro hac pending*)
    Sean M. Sullivan (*admitted* p*ro hac*)
    Rory P. Shea (p*ro hac pending*)
    J. Dan Smith (p*ro hac pending*)
    Michael P. Boyea (p*ro hac pending*)
    Cole B. Richter (*admitted* p*ro hac*)
    LEE SULLIVAN SHEA & SMITH LLP
    656 W. Randolph St., Floor 5W
    Chicago, IL 60661
    Telephone: 312.754.9602; Fax: 312.754.9603
    lee@ls3ip.com
    sullivan@ls3ip.com
    shea@ls3ip.com
    smith@ls3ip.com
    boyea@ls3ip.com
    richter@ls3ip.com

    *Attorneys for Sonos, Inc.*

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing document was served on counsel for Google, LLC via electronic delivery on January 25, 2022.

Dated:  January 25, 2022          LEE SULLIVAN SHEA & SMITH LLP

By: */s/ Sean M. Sullivan*
Sean M. Sullivan (*admitted pro hac*)
LEE SULLIVAN SHEA & SMITH LLP
656 W. Randolph St., Floor 5W
Chicago, IL 60661
Telephone: 312.754.9602; Fax: 312.754.9603
sullivan@ls3ip.com

*Attorneys for Sonos, Inc.*