# EXHIBIT 4

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| SONOS, INC., | |
| Plaintiff, | |
| vs. | Case No. 6:20-cv-00881-ADA |
| GOOGLE LLC, | |
| Defendant. | |

## GOOGLE LLC'S FIRST OBJECTIONS AND RESPONSES TO PLAINTIFF SONOS, INC.'S FIRST SET OF FACT DISCOVERY INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Standing Order Regarding Venue and Jurisdictional Discovery Limits For Patent Cases, Defendant Google LLC ("Google") hereby objects and responds to Plaintiff Sonos, Inc.'s ("Sonos") First Set of Fact Discovery Interrogatories to Defendant ("Interrogatories"). Google responds to these Interrogatories based on its current understanding and the information reasonably available to Google at the present time. Google reserves the right to supplement these responses if and when additional information becomes available.

### GENERAL OBJECTIONS AND RESPONSES

1.      These responses are made only for the purposes of discovery in this action. Each response is subject to all appropriate objections as to competence, relevance, materiality, and any and all other objections and grounds that would require the exclusion of any information, documents, or statements contained in the responses if such information, documents, or statements were offered in court. Google expressly reserves all such objections and may interpose them at the time of trial or at any other time.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Google objects to this interrogatory on the grounds that it is irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case.  Google is willing to meet and confer to clarify and narrow the scope of this request.

**INTERROGATORY NO. 12:**

Separately for each Asserted Claim of each Patent-In-Suit, set forth in detail the complete legal and factual basis for any assertion by Google that the Accused Instrumentalities have not infringed each such claim, including, but not limited to: an identification of each Asserted Claim of each Patent-In-Suit that Google believes is not infringed; an identification of which elements of each such Asserted Claim are allegedly not present in the Accused Instrumentalities; and for each claim element that is allegedly not present in the Accused Instrumentalities, an identification and detailed explanation of the basis for Google's assertion that the claim element is allegedly not present in the Accused Instrumentalities, including the basis for any assertion by Google that any differences between the claim element and the corresponding structure in the Accused Instrumentalities are not insubstantial and/or that the claim element and the corresponding structure in the Accused Instrumentalities do not perform substantially the same function in substantially the same way to achieve substantially the same result; and an identification of all facts supporting or refuting Google's non-infringement allegations, all persons knowledgeable of these facts (including every person whose knowledge or opinion is relied upon as a basis for Google's non-infringement assertions, the opinion or substance of his/her knowledge, and the entire basis of that knowledge or opinion), and all documents and things, including the Bates number(s) of such documents and things, concerning Google's assertion of non-infringement.

**OBJECTIONS:**  Google incorporates by reference all of its General Objections as if fully set forth herein.  Google objects to the characterization of this interrogatory as a single interrogatory

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

given that it contains multiple discrete subparts under Fed. R. Civ. P. 33(a)(1).  Google further objects to this interrogatory on the grounds that it is vague, ambiguous, unclear as to information sought, and lacking sufficient particularity to permit Google to reasonably prepare a response with respect to the undefined terms "differences between the claim element and the corresponding structure in the Accused Instrumentalities," "insubstantial," "do not perform substantially the same function in substantially the same way to achieve substantially the same result," and "knowledgeable of."  Google further objects to this interrogatory on the grounds that it assumes the existence of hypothetical facts that are incorrect or unknown to Google.

Google also objects to this interrogatory as overbroad, burdensome, and not proportional to the needs of the case, including to the extent it (i) seeks information regarding "[s]eparately for each Asserted Claim of each Patent-In-Suit," (ii) seeks identification of "*all* persons knowledgeable" of certain facts, and (iii) seeks "*all* documents things" concerning Google's assertion of non-infringement.  Google further objects to this interrogatory as overbroad and unduly burdensome to the extent that it seeks information that is publicly available, not uniquely within the control of Google, or is equally available to Sonos.  Google additionally objects to this interrogatory to the extent it seeks communications and information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Google further objects to this interrogatory to the extent it seeks confidential and/or proprietary business information.  Google also objects to this interrogatory to the extent that it premature seeks expert discovery, opinion, and/or testimony.  Google also objects to this interrogatory on the grounds that it seeks information that is obtainable through less burdensome and more convenient forms of discovery.

Google further objects to this interrogatory to the extent that it is premature insofar as it seeks expert testimony before expert discovery.  Google further objects to this interrogatory to the

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

extent it improperly attempts to shift the burden of proving infringement, which belongs to Sonos, not Google.  Google further objects to this interrogatory to the extent it purports to seek ESI before Sonos has shown good cause for such ESI and before the parties have agreed on a procedure for doing so in accordance with the Court's OGP.

**RESPONSE**:

Subject to and without waiving the foregoing General and Specific objections, Google responds, as follows:

Google objects to this interrogatory on the grounds that it is premature, improperly seeks expert testimony, and improperly attempts to shift the burden to Google.  Sonos has failed to meet its burden to serve infringement contentions that provide Google adequate notice of Sonos's infringement theories and claims for infringement, and thus Google lacks sufficient information to reasonably prepare a response to this interrogatory.  Further, Sonos has yet to serve its Final Invalidity Contentions, and, to the extent Sonos's infringement contentions provide additional notice of Sonos's infringement theories Google anticipates that it will identify additional reasons why the accused products do not infringe.  Nevertheless, based on Google's current understanding of the asserted claims, the Accused Instrumentalities do not infringe for at least the following reasons.

### Representative Products

As an initial matter, Sonos improperly alleges that a wide variety of devices and applications infringe because they implement "'Cast' technology."  Sonos does not provide notice of its theory of infringement for each accused product specifically, however, and does not provide any evidence that the numerous accused products that it is accusing operate in materially the same way.  Sonos's patchwork analysis pulling together numerous different products under a vague

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

assertion that they implement "Cast technology" is incomplete and fails to meet Sonos's burden to show that each of the accused products infringes the Asserted Claims of the Asserted Patents as a matter of law. *L & W, Inc. v. Shertech, Inc.*, 471 F.3d 1311 (Fed. Cir. 2006) (holding plaintiff failed to demonstrate infringement because "Shertech cannot simply 'assume' that all of L & W's products are like the one Dr. Holmes tested and thereby shift to L & W the burden to show that is not the case").

### '615 Patent.

*Claim 1.* The Accused Instrumentalities do not infringe claim 1 because Sonos has not met its burden of proof to show that any of the limitations of claim 1 are satisfied. Additionally, the Accused Instrumentalities also do not infringe claim 1 because they do not contain or perform at least the following limitations of the claim:

- "detecting, via the control device, a set of inputs to transfer playback from the control device to a particular playback device, wherein the set of inputs comprises: (i) a selection of the selectable option for transferring playback from the control device and (ii) a selection of the particular playback device from the identified playback devices connected to the local area network"

- "after detecting the set of inputs to transfer playback from the control device to the particular playback device, causing playback to be transferred from the control device to the particular playback device, wherein transferring playback from the control device to the particular playback device comprises: (a) causing one or more first cloud servers to add multimedia content to a local playback queue on the particular playback device, wherein adding the multimedia content to the local playback queue comprises the one or more first cloud servers adding, to the local

playback queue, one or more resource locators corresponding to respective locations of the multimedia content at one or more second cloud servers of a streaming content service; (b) causing playback at the control device to be stopped; and (c) modifying the one or more transport controls of the control interface to control playback by the playback device."

*Claim 13.* The Accused Instrumentalities do not infringe claim 13 because Sonos has not met its burden of proof to show that any of the limitations of claim 13 are satisfied. Additionally, the Accused Instrumentalities also do not infringe claim 13 because they do not contain or perform at least the following limitations of the claim:

- after connecting to a local area network via a network interface, identifying playback devices connected to the local area network;

- detecting a set of inputs to transfer playback from the control device to a particular playback device, wherein the set of inputs comprises: (i) a selection of the selectable option for transferring playback from the control device and (ii) a selection of the particular playback device from the identified playback devices connected to the local area network

- after detecting the set of inputs to transfer playback from the control device to the particular playback device, causing playback to be transferred from the control device to the particular playback device, wherein transferring playback from the control device to the particular playback device comprises: (a) causing one or more first cloud servers to add multimedia content to a local playback queue on the particular playback device, wherein adding the multimedia content to the local playback queue comprises the one or more first cloud servers

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

adding, to the local playback queue, one or more resource locators corresponding to respective locations of the multimedia content at one or more second cloud servers of a streaming content service; (b) causing playback at the control device to be stopped; and (c) modifying the one or more transport controls of the control interface to control playback by the playback device

*Claim 25.* The Accused Instrumentalities do not infringe claim 25 because Sonos has not met its burden of proof to show that any of the limitations of claim 25 are satisfied. Additionally, the Accused Instrumentalities also do not infringe claim 25 because they do not contain or perform at least the following limitations of the claim:

- after connecting to a local area network via the wireless communication interface, identifying playback devices connected to the local area network;

- detecting a set of inputs to transfer playback from the control device to a particular playback device, wherein the set of inputs comprises: (i) a selection of the selectable option for transferring playback from the control device and (ii) a selection of the particular playback device from the identified playback devices connected to the local area network

- after detecting the set of inputs to transfer playback from the control device to the particular playback device, causing playback to be transferred from the control device to the particular playback device, wherein transferring playback from the control device to the particular playback device comprises: (a) causing one or more first cloud servers to add multimedia content to a local playback queue on the particular playback device, wherein adding the multimedia content to the local playback queue comprises the one or more first cloud servers

adding, to the local playback queue, one or more resource locators corresponding to respective locations of the multimedia content at one or more second cloud servers of a streaming content service; (b) causing playback at the control device to be stopped; and (c) modifying the one or more transport controls of the control interface to control playback by the playback device

*Dependent Claims*.   The Accused Instrumentalities do not infringe the dependent claims for at least the same reasons as set forth with respect to the independent claims above.

**'033 Patent.**

*Claim 1.*   The Accused Instrumentalities do not infringe claim 1 because Sonos has not met its burden of proof to show that any of the limitations of claim 1 are satisfied.   Additionally, the Accused Instrumentalities also do not infringe claim 1 because they do not contain or perform at least the following limitations of the claim:

- operating in a first mode in which the computing device is configured for playback of a remote playback queue provided by a cloud-based computing system associated with a cloud-based media service

- while operating in the first mode, displaying a representation of one or more playback devices in a media playback system that are each i) communicatively coupled to the computing device over a data network and ii) available to accept playback responsibility for the remote playback queue

- based on receiving the user input, transmitting an instruction for the at least one given playback device to take over responsibility for playback of the remote playback queue from the computing device, wherein the instruction configures the at least one given playback device to (i) communicate with the cloud-based

35

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

computing system in order to obtain data identifying a next one or more media items that are in the remote playback queue, (ii) use the obtained data to retrieve at least one media item in the remote playback queue from the cloud-based media service; and (iii) play back the retrieved at least one media item;

- detecting an indication that playback responsibility for the remote playback queue has been successfully transferred from the computing device to the at least one given playback device

- after detecting the indication, transitioning from i) the first mode in which the computing device is configured for playback of the remote playback queue to ii) a second mode in which the computing device is configured to control the at least one given playback device's playback of the remote playback queue and the computing device is no longer configured for playback of the remote playback queue

*Claim 11.* The Accused Instrumentalities do not infringe claim 11 because Sonos has not met its burden of proof to show that any of the limitations of claim 11 are satisfied. Additionally, the Accused Instrumentalities also do not infringe claim 11 because they do not contain or perform at least the following limitations of the claim:

- operating in a first mode in which the computing device is configured for playback of a remote playback queue provided by a cloud-based computing system associated with a cloud-based media service

- while operating in the first mode, displaying a representation of one or more playback devices in a media playback system that are each i) communicatively

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

coupled to the computing device over a data network and ii) available to accept playback responsibility for the remote playback queue

- based on receiving the user input, transmitting an instruction for the at least one given playback device to take over responsibility for playback of the remote playback queue from the computing device, wherein the instruction configures the at least one given playback device to (i) communicate with the cloud-based computing system in order to obtain data identifying a next one or more media items that are in the remote playback queue, (ii) use the obtained data to retrieve at least one media item in the remote playback queue from the cloud-based media service; and (iii) play back the retrieved at least one media item

- detecting an indication that playback responsibility for the remote playback queue has been successfully transferred from the computing device to the at least one given playback device

- after detecting the indication, transitioning from i) the first mode in which the computing device is configured for playback of the remote playback queue to ii) a second mode in which the computing device is configured to control the at least one given playback device's playback of the remote playback queue and the computing device is no longer configured for playback of the remote playback queue

*Claim 15.*  The Accused Instrumentalities do not infringe claim 15 because Sonos has not met its burden of proof to show that any of the limitations of claim 15 are satisfied.  Additionally, the Accused Instrumentalities also do not infringe claim 15 because they do not contain or perform at least the following limitations of the claim:

HIGHLY CONFIDENTIAL − ATTORNEYS' EYES ONLY

- operating in a first mode in which the computing device is configured for playback of a remote playback queue provided by a cloud-based computing system associated with a cloud-based media service

- while operating in the first mode, displaying a representation of one or more playback devices in a media playback system that are each i) communicatively coupled to the computing device over a data network and ii) available to accept playback responsibility for the remote playback queue

- based on receiving the user input, transmitting an instruction for the at least one given playback device to take over responsibility for playback of the remote playback queue from the computing device, wherein the instruction configures the at least one given playback device to (i) communicate with the cloud-based computing system in order to obtain data identifying a next one or more media items that are in the remote playback queue, (ii) use the obtained data to retrieve at least one media item in the remote playback queue from the cloud-based media service; and (iii) play back the retrieved at least one media item

- detecting an indication that playback responsibility for the remote playback queue has been successfully transferred from the computing device to the at least one given playback device

- after detecting the indication, transitioning from i) the first mode in which the computing device is configured for playback of the remote playback queue to ii) a second mode in which the computing device is configured to control the at least one given playback device's playback of the remote playback queue and

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

the computing device is no longer configured for playback of the remote
playback queue

*Dependent Claims*.  The Accused Instrumentalities do not infringe the dependent claims
for at least the same reasons as set forth with respect to the independent claims above.

### '966 Patent

*Claim 1*.  The Accused Instrumentalities do not infringe claim 1 because Sonos has not met
its burden of proof to show that any of the limitations of claim 1 are satisfied.  Additionally, the
Accused Instrumentalities also do not infringe claim 1 because they do not contain or perform at
least the following limitations of the claim:

- A computing device
- receiving a first request to create a first zone scene comprising a first predefined
  grouping of zone players including at least the first zone player and a second
  zone player that are to be configured for synchronous playback of media when
  the first zone scene is invoked
- based on the first request, i) causing creation of the first zone scene, ii) causing
  an indication of the first zone scene to be transmitted to the first zone player,
  and iii) causing storage of the first zone scene
- receiving a second request to create a second zone scene comprising a second
  predefined grouping of zone players including at least the first zone player and
  a third zone player that are to be configured for synchronous playback of media
  when the second zone scene is invoked, wherein the third zone player is
  different than the second zone player

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

- based on the second request, i) causing creation of the second zone scene, ii) causing an indication of the second zone scene to be transmitted to the first zone player, and iii) causing storage of the second zone scene; displaying a representation of the first zone scene and a representation of the second zone scene; and while displaying the representation of the first zone scene and the representation of the second zone scene, receiving a third request to invoke the first zone scene

- based on the third request, causing the first zone player to transition from operating in the standalone mode to operating in accordance with the first predefined grouping of zone players such that the first zone player is configured to coordinate with at least the second zone player to output media in synchrony with output of media by at least the second zone player

*Claim 9.* The Accused Instrumentalities do not infringe claim 9 because Sonos has not met its burden of proof to show that any of the limitations of claim 9 are satisfied. Additionally, the Accused Instrumentalities also do not infringe claim 9 because they do not contain or perform at least the following limitations of the claim:

- receiving a first request to create a first zone scene comprising a first predefined grouping of zone players including at least the first zone player and a second zone player that are to be configured for synchronous playback of media when the first zone scene is invoked

- based on the first request, i) causing creation of the first zone scene, ii) causing an indication of the first zone scene to be transmitted to the first zone player, and iii) causing storage of the first zone scene

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

- receiving a second request to create a second zone scene comprising a second predefined grouping of zone players including at least the first zone player and a third zone player that are to be configured for synchronous playback of media when the second zone scene is invoked, wherein the third zone player is different than the second zone player

- based on the second request, i) causing creation of the second zone scene, ii) causing an indication of the second zone scene to be transmitted to the first zone player, and iii) causing storage of the second zone scene

- displaying a representation of the first zone scene and a representation of the second zone scene

- while displaying the representation of the first zone scene and the representation of the second zone scene, receiving a third request to invoke the first zone scene

- based on the third request, causing the first zone player to transition from operating in the standalone mode to operating in accordance with the first predefined grouping of zone players such that the first zone player is configured to coordinate with at least the second zone player to output media in synchrony with output of media by at least the second zone player

*Claim 17.*  The Accused Instrumentalities do not infringe claim 17 because Sonos has not met its burden of proof to show that any of the limitations of claim 17 are satisfied.  Additionally, the Accused Instrumentalities also do not infringe claim 17 because they do not contain or perform at least the following limitations of the claim:

- receiving a first request to create a first zone scene comprising a first predefined grouping of zone players including at least the first zone player and a second

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

zone player that are to be configured for synchronous playback of media when the first zone scene is invoked

- based on the first request, i) causing creation of the first zone scene, ii) causing an indication of the first zone scene to be transmitted to the first zone player, and iii) causing storage of the first zone scene

- receiving a second request to create a second zone scene comprising a second predefined grouping of zone players including at least the first zone player and a third zone player that are to be configured for synchronous playback of media when the second zone scene is invoked, wherein the third zone player is different than the second zone player

- based on the second request, i) causing creation of the second zone scene, ii) causing an indication of the second zone scene to be transmitted to the first zone player, and iii) causing storage of the second zone scene

- displaying a representation of the first zone scene and a representation of the second zone scene

- while displaying the representation of the first zone scene and the representation of the second zone scene, receiving a third request to invoke the first zone scene; and based on the third request, causing the first zone player to transition from operating in the standalone mode to operating in accordance with the first predefined grouping of zone players such that the first zone player is configured to coordinate with at least the second zone player to output media in synchrony with output of media by at least the second zone player

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

*Dependent Claims*.  The Accused Instrumentalities do not infringe the dependent claims for at least the same reasons as set forth with respect to the independent claims above.

**'885 Patent**

*Claim 1*.  The Accused Instrumentalities do not infringe claim 1 because Sonos has not met its burden of proof to show that any of the limitations of claim 1 are satisfied.  Additionally, the Accused Instrumentalities also do not infringe claim 1 because they do not contain or perform at least the following limitations of the claim:

- while operating in a standalone mode in which the first zone player is configured to play back media individually in a networked media playback system comprising the first zone player and at least two other zone players: (i) receiving, from a network device over a data network, a first indication that the first zone player has been added to a first zone scene comprising a first predefined grouping of zone players including at least the first zone player and a second zone player that are to be configured for synchronous playback of media when the first zone scene is invoked; and (ii) receiving, from the network device over the data network, a second indication that the first zone player has been added to a second zone scene comprising a second predefined grouping of zone players including at least the first zone player and a third zone player that are to be configured for synchronous playback of media when the second zone scene is invoked, wherein the second zone player is different than the third zone player

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

- after receiving the first and second indications, continuing to operate in the standalone mode until a given one of the first and second zone scenes has been selected for invocation;

- after the given one of the first and second zone scenes has been selected for invocation, receiving, from the network device over the data network, an instruction to operate in accordance with a given one of the first and second zone scenes respectively comprising a given one of the first and second predefined groupings of zone players;

- based on the instruction, transitioning from operating in the standalone mode to operating in accordance with the given one of the first and second predefined groupings of zone players such that the first zone player is configured to coordinate with at least one other zone player in the given one of the first and second predefined groupings of zone players over a data network in order to output media in synchrony with output of media by the at least one other zone player in the given one of the first and second predefined groupings of zone players

*Claim 8.*  The Accused Instrumentalities do not infringe claim 8 because Sonos has not met its burden of proof to show that any of the limitations of claim 8 are satisfied.  Additionally, the Accused Instrumentalities also do not infringe claim 8 because they do not contain or perform at least the following limitations of the claim:

- while operating in a standalone mode in which the first zone player is configured to play back media individually in a networked media playback system comprising the first zone player and at least two other zone players: (i)

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

receiving, from a network device over a data network, a first indication that the first zone player has been added to a first zone scene comprising a first predefined grouping of zone players including at least the first zone player and a second zone player that are to be configured for synchronous playback of media when the first zone scene is invoked; and (ii) receiving, from the network device over the data network, a second indication that the first zone player has been added to a second zone scene comprising a second predefined grouping of zone players including at least the first zone player and a third zone player that are to be configured for synchronous playback of media when the second zone scene is invoked, wherein the second zone player is different than the third zone player

- after receiving the first and second indications, continuing to operate in the standalone mode until a given one of the first and second zone scenes has been selected for invocation

- after the given one of the first and second zone scenes has been selected for invocation, receiving, from the network device over the data network, an instruction to operate in accordance with a given one of the first and second zone scenes respectively comprising a given one of the first and second predefined groupings of zone players

- based on the instruction, transitioning from operating in the standalone mode to operating in accordance with the given one of the first and second predefined groupings of zone players such that the first zone player is configured to coordinate with at least one other zone player in the given one of the first and

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

second predefined groupings of zone players over a data network in order to output media in synchrony with output of media by the at least one other zone player in the given one of the first and second predefined groupings of zone players

*Claim 15.*  The Accused Instrumentalities do not infringe claim 15 because Sonos has not met its burden of proof to show that any of the limitations of claim 15 are satisfied.  Additionally, the Accused Instrumentalities also do not infringe claim 15 because they do not contain or perform at least the following limitations of the claim:

- while operating in a standalone mode in which the first zone player is configured to play back media individually in a networked media playback system comprising the first zone player and at least two other zone players: (i) receiving, from a network device over a data network, a first indication that the first zone player has been added to a first zone scene comprising a first predefined grouping of zone players including at least the first zone player and a second zone player that are to be configured for synchronous playback of media when the first zone scene is invoked; and (ii) receiving, from the network device over the data network, a second indication that the first zone player has been added to a second zone scene comprising a second predefined grouping of zone players including at least the first zone player and a third zone player that are to be configured for synchronous playback of media when the second zone scene is invoked, wherein the second zone player is different than the third zone player

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

- after receiving the first and second indications, continuing to operate in the standalone mode until a given one of the first and second zone scenes has been selected for invocation

- after the given one of the first and second zone scenes has been selected for invocation, receiving, from the network device over the data network, an instruction to operate in accordance with a given one of the first and second zone scenes respectively comprising a given one of the first and second predefined groupings of zone players

- based on the instruction, transitioning from operating in the standalone mode to operating in accordance with the given one of the first and second predefined groupings of zone players such that the first zone player is configured to coordinate with at least one other zone player in the given one of the first and second predefined groupings of zone players over a data network in order to output media in synchrony with output of media by the at least one other zone player in the given one of the first and second predefined groupings of zone players

*Dependent Claims.*  The Accused Instrumentalities do not infringe the dependent claims for at least the same reasons as set forth with respect to the independent claims above.

## INTERROGATORY NO. 13:

Describe in detail how the Google Home app running on a computing device (e.g., an Accused Pixel Device, an Accused Cast-Enabled Display, or a third-party mobile phone or tablet), independently or working with other software on the computing device, enables a user to

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

DATED:  September 7, 2021

QUINN  EMANUEL  URQUHART  &  SULLIVAN, LLP

By: _____*/s/ Charles K. Verhoeven*_____

Charles K. Verhoeven (*pro hac vice*)
charlesverhoeven@quinnemanuel.com
Melissa Baily (*pro hac vice*)
melissabaily@quinnemanuel.com
Jordan Jaffe (*pro hac vice*)
jordanjaffe@quinnemanuel.com
Lindsay Cooper (*pro hac vice*)
lindsaycooper@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875 6600
Facsimile:     (415) 875 6700

Paige Arnette Amstutz
Texas State Bar No. 00796136
SCOTT, DOUGLASS & McCONNICO, LLP
303 Colorado Street, Suite 2400
Austin, TX  78701
Telephone:  (512) 495-6300
Facsimile:  (512) 495-6399
pamstutz@scottdoug.com

*Counsel for Defendant Google LLC*