CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
croberts@orrick.com
BAS DE BLANK (STATE BAR NO. 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (STATE BAR NO. 260103)
acaridis@orrick.com
EVAN D. BREWER (STATE BAR NO. 304411)
ebrewer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

SEAN M. SULLIVAN (*pro hac vice*)
sullivan@ls3ip.com
COLE B. RICHTER (*pro hac vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:    +1 312 754 0002
Facsimile:    +1 312 754 0003

*Attorneys for Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>　　　Plaintiff and Counter-defendant,<br><br>　　　v.<br><br>SONOS, INC.,<br><br>　　　Defendant and Counter-claimant. | Case No. 3:20-cv-06754-WHA<br>Related to Case No. 3:21-cv-07559-WHA<br><br>**SONOS, INC.'S RENEWED REQUEST RE ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL DOCUMENTS FILED IN SUPPORT OF ITS ANSWER TO GOOGLE LLC'S SECOND AMENDED COMPLAINT RE DKT. NOS. 133 AND 174** |

Pursuant to Civil Local Rules 7-11 and 79-5, and the Court's Order Re Motions to Seal entered on August 29, 2022 (Dkt. No. 334), Defendant Sonos, Inc. ("Sonos") hereby submits a renewed request to file under seal portions of an exhibit filed in support of 1) Sonos, Inc.'s Answer to Google LLC's Second Amended Complaint and Sonos, Inc's Counterclaims ("Sonos's Answer") and 2) Sonos, Inc.'s Amended Answer to Google LLC's Second Amended Complaint and Sonos, Inc's Counterclaims ("Sonos's Amended Answer") (collectively "Sonos's Answer to SAC") (Dkt. Nos. 133 and 174).

Specifically, Sonos seeks an order granting leave to file under seal the document(s) and/or information listed below:

| DOCUMENT | PORTIONS TO BE SEALED | DESIGNATING PARTY |
|---|---|---|
| Exhibit AZ to Sonos's Answer to SAC | Portions highlighted in green | Sonos |

## I. BACKGROUND

On February 18, 2022, Sonos filed an administrative motion to seal certain exhibits in support of its Answer to Google LLC's Second Amended Complaint and Sonos, Inc's Counterclaims ("Sonos's Answer") (Dkt. No. 133).  On March 18, 2022, Sonos filed an administrative motion to seal the same exhibits in support of its Amended Answer to Google LLC's Second Amended Complaint and Sonos, Inc's Counterclaims ("Sonos's Amended Answer") (Dkt. No. 174).  Further, Sonos contemporaneously filed administrative motions to consider whether another party's material should be sealed (Dkt. Nos. 134 and 175) and Google filed supportive declarations (Dkt. Nos. 144 and 189).  *See* Richter Decl. ¶ 4.

On August 29, 2022, the Court granted in part and denied in part Sonos's Administrative Motions at Dkt. Nos. 133, 134, 174 and 175.  Specifically, as to Exhibits AZ, BB, BE, BI and BL, the Court denied Sonos's request to seal the exhibits in their entirety but further stated that "the Court will entertain a renewed request" to seal, "[i]f the parties can articulate specific, non-boilerplate reasons that these emails actually present such a risk."  *See* Richter Decl. ¶ 5.

## II. LEGAL STANDARD

Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (i.e., is "sealable").  *See* Civil L.R. 79-5(b).  The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id*.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mutual Auto. Insurance Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

The Ninth Circuit has recognized that two different standards may apply to a request to seal a document – namely the "compelling reasons" standard or the "good cause" standard. *Blessing v. Plex Sys., Inc.*, No. 21-CV-05951-PJH, 2021 WL 6064006, at *12 (N.D. Cal. Dec. 22, 2021) (citing *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016)).  The compelling reasons standard applies to any sealing request made in connection with a motion that is "more than tangentially related to the merits of a case." *Id.*  A party seeking to seal materials submitted with a motion that is "more than tangentially related to the merits of the case" must demonstrate that there are "compelling reasons" to keep the documents under seal. *WhatsApp Inc. v. NSO Grp. Techs. Ltd.*, 491 F. Supp. 3d 584, 596 (N.D. Cal. 2020) (citing *Ctr. for Auto Safety*, 809 F.3d at 1101-02).  What constitutes a compelling reason is left to the "sound discretion of the trial court." *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon*, 435 U.S. at 599).

Under the compelling reasons standard, "a court may seal a record only if it finds a 'compelling reason' to support such treatment." *Blessing,* 2021 WL 6064006, at *12.  In applying the "compelling reasons" standard, the Ninth Circuit has found appropriate the sealing of documents where court records could be used "as sources of business information that might harm a litigant's competitive standing." *See Ctr. for Auto Safety*, 809 F.3d at 1097.  "Confidential

business information in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard." *Hetland v. LendingTree*, *LLC,* No. 19-CV-02288-JSC, 2021 WL 2313386, at *1 (N.D. Cal. May 3, 2021) (quoting *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-cv-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020)).

### III.  THE COURT SHOULD SEAL SONOS'S CONFIDENTIAL MATERIAL

Exhibit AZ contains highly confidential Sonos material and/or information. The document was designated Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order in this case (Dkt. No. 92). Specifically, the portions highlighted in green in Exhibit AZ contain descriptions of the technical nature of Sonos's commercial products that Sonos does not share publicly. In particular, the portions highlighted in green describe under the hood operations concerning how Sonos players communicate with one another to add and remove themselves from groups. These highlighted portions also describe Sonos's proprietary approach for communicating with one another, including how Sonos controllers use certain string operators to efficiently operate within and without groups. Public disclosure of the information highlighted in green in Exhibit AZ may lead to competitive harm as Sonos's competitors could use these details regarding the technical aspects, competitive data, architecture and functionality of these products to gain a competitive advantage in the marketplace with respect to their competing products. A less restrictive alternative than sealing the highlighted portions of the exhibit would not be sufficient because the information sought to be sealed is Sonos's confidential business information and trade secrets and is integral to Sonos's defenses. Sonos has narrowly tailored its request in this renewed request. *See* Richter Decl. ¶ 6.

### IV.  CONCLUSION

In compliance with Civil Local Rule 79-5(c)(d), an unredacted version of the document listed in the table above accompanies this Renewed Administrative Motion, along with a declaration in support, and a proposed order. For the foregoing reasons, Sonos respectfully requests that the Court grant Sonos's Renewed Administrative Motion and allow the narrowly tailored green highlighted portions of Exhibit AZ to remain sealed.

Dated: October 3, 2022

By: */s/ Cole B. Richter*
CLEMENT SETH ROBERTS
BAS DE BLANK
ALYSSA CARIDIS
EVAN D. BREWER

ORRICK, HERRINGTON & SUTCLIFFE LLP

SEAN M. SULLIVAN
COLE B. RICHTER

LEE SULLIVAN SHEA & SMITH LLP

*Attorneys for Sonos, Inc.*