# EXHIBIT 5

```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TEXAS
                        WACO DIVISION

SONOS, INC.                    *     August 10, 2021
                               *
VS.                            *  CIVIL ACTION NO. W-20-CV-881
                               *
GOOGLE LLC                     *

            BEFORE THE HONORABLE ALAN D ALBRIGHT
                 DISCOVERY HEARING (via Zoom)

APPEARANCES:

For the Plaintiff:       Cole Richter, Esq.
                         Rory P. Shea, Esq.
                         David R. Grosby, Esq.
                         Jae Y. Pak, Esq.
                         Michael P. Boyea, Esq.
                         John Dan Smith, III, Esq.
                         Lee Sullivan Shea & Smith LLP
                         656 W. Randolph Street, Floor 5w
                         Chicago, IL 60661

                         Mark D. Siegmund, Esq.
                         Law Firm of Walt Fair, PLLC
                         1508 N. Valley Mills Drive
                         Waco, TX 76710

For the Defendant:       Charles K. Verhoeven, Esq.
                         Jordan R. Jaffe, Esq.
                         Lindsay M. Cooper, Esq.
                         Quinn Emanuel Urquhart &
                           Sullivan, LLP
                         50 California St., 22nd Floor
                         San Francisco, CA 94111

                         Marc L. Kaplan, Esq.
                         Quinn Emanuel Urquhart & Sullivan LLP
                         191 N. Wacker Drive, Suite 2700
                         Chicago, IL 60606

                         Stephen Burbank, Esq.
                         Scott, Douglass & McConnico, LLP
                         303 Colorado Street, Suite 2400
                         Austin, TX 78701
```

| | |
|---|---|
| Court Reporter: | Kristie M. Davis, CRR, RMR |
| | PO Box 20994 |
| | Waco, Texas 76702-0994 |
| | (254) 340-6114 |

Proceedings recorded by mechanical stenography, transcript produced by computer-aided transcription.

1       (August 10, 2021, 9:38 a.m.)

2       DEPUTY CLERK:  Court calls Waco 6:20-CV-881, styled Sonos,
3  Inc. versus Google LLC for a Markman hearing.

4       THE COURT:  If I could have announcements from counsel,
5  please.

6       MR. SIEGMUND:  Good morning, Your Honor.  This is Mark
7  Siegmund for plaintiff Sonos, Inc.  With me today is Cole
8  Richter, Rory Shea, Dan Smith, Sean Sullivan, Michael Boyea and
9  Jae Pak with the law firm of Lee Sullivan Shea & Smith LLP.

10      Mr. Richter, Shea, Smith and Boyea will be the main
11  speakers today, Your Honor.

12      THE COURT:  Okay.

13      MR. BURBANK:  Good morning, Your Honor.  Stephen Burbank
14  with Scott Douglass & McConnico for Google.  With me are
15  co-counsel Charles Verhoeven, Jordan Jaffe and Marc Kaplan, all
16  from Quinn Emanuel.

17      Also with us is our in-house counsel, Patrick Weston.
18  Mr. Verhoeven, Mr. Jaffe and Mr. Kaplan will be handling the
19  arguments for Google.

20      THE COURT:  Well, it sounds like we have an all-star cast,
21  and I appreciate in-house counsel and clients for attending.  I
22  also always enjoy having law clerks on competing sides.  Always
23  good to see former law clerks attend these hearings.

24      So let me pull up -- give me one second.  The first claim
25  term that we have is "multimedia."

1          Who will be taking this one up?

2          MR. RICHTER:  I believe that will be me, Your Honor.  Cole
3  Richter on behalf of Sonos.

4          THE COURT:  Yes, sir.

5          MR. RICHTER:  And actually, you know, Your Honor, before
6  we jump into some of the constructions, I was hoping to cover a
7  couple of preliminary issues that apply to all the claim terms,
8  if you'll permit me.

9          First, in reviewing some of the Markman transcripts from
10 your other cases, Your Honor, we understand and we want to
11 confirm on the record that our decision to argue certain things
12 but not other things will not be held against us and that Sonos
13 is preserving all the arguments made in the briefs and are not
14 waiving any arguments on appeal regarding claim construction.

15         Did I get that right, Your Honor?

16         THE COURT:  Well, let me just say this.  I don't know what
17 you mean by "be held against you."  As far as I'm concerned,
18 it's perfectly okay with me to -- for the parties to select
19 which ones -- you've taken your position in all the papers, and
20 I think those, on appeal, that -- but I'm not the Federal
21 Circuit, and they wouldn't have ever let me appear in front of
22 the Federal Circuit, but my sense is you all have those
23 arguments.

24         What we do at the Markman hearing is, you all simply
25 decide which ones you think are worthy of having additional

1   advocacy and have me decide.
2        But, for example, if there was a preliminary construction
3   I gave with which your client disagreed with, as far as I'm
4   concerned, the fact that you didn't argue it today doesn't
5   mean -- doesn't mean it's not preserved.  It just means you
6   felt like it would be better -- the way I see it is, you
7   thought your client would be better served by arguing other
8   claim terms.
9        That's the way I see it.  And I think that's -- you're
10  absolutely right.  I think that whatever you've argued in your
11  papers, you've taken that position for purposes of appeal.
12       MR. RICHTER:  Thank you, Your Honor.
13       Second, in the hopes of reducing some of the disputes
14  before the Court today, I want to raise just a quick point of
15  clarification on Your Honor's preliminary constructions.
16       So for the terms where, for example, Sonos proposed the
17  construction and the Court, in its preliminary construction,
18  said plain and ordinary meaning and those terms, for example,
19  are "multimedia," "network interface," "playback device/zone
20  player," "local area network," "data network," we understand --
21       THE COURT:  All words that have plain and ordinary meaning
22  that anyone would -- that anyone, even my 19 and 20-year-old
23  would know.  And I was going to get into that, but you go
24  first, then I'm going to have some comments.
25       MR. RICHTER:  Okay.  No problem.  No problem.

1         Yeah.  I just wanted to seek this clarification.
2         So we understand that the Court's preliminary construction
3  of plain and ordinary meaning is an indication that the Court
4  believes that no construction is necessary at this time and
5  that Sonos would not be precluded from asserting at a later
6  time, for example, in a summary judgment motion or pretrial
7  proceeding, that the plain and ordinary meaning of these terms
8  as understood in the context of the patents-in-suit is the
9  construction that Sonos is now proposing.
10        And if that understanding is correct, then Sonos will not
11 present any argument at the hearing today against the Court's
12 preliminary construction of plain and ordinary meaning for
13 those terms and instead would reserve arguments.
14        THE COURT:  You're absolutely right.  But let me -- you're
15 right, and I'm not -- but here's the way I see the world.
16 My -- in none of these situations was I saying that the
17 proposed construction was incorrect and rejecting it.
18        And typically -- not typically, always when I -- if I'm
19 making that determination where someone has said, it's got to
20 be X, and I think that that's not right, I put that on the
21 record.  That's not the situation here.
22        But here, let me frame it a little differently, and I was
23 going to tell you all this anyway.  The way I see the world,
24 for better or worse for you all, is, when someone's drafting a
25 patent and they use the word "zone," now, if the patent has to

1  do with zones and they are patenting something that has to do
2  with zones and saying, my zone is different than an ordinary
3  zone and here's why, and they claim something or they say
4  something in the spec or they say something during the
5  prosecution history to get the word "zone" allowed and they
6  give up something, that's a different deal.
7      But in situations like this, where, you know, all the
8  words, all the terms that you said, "multimedia," "network
9  interface," "zone," "group configuration," especially "local
10 area network," "data network," where when the person is writing
11 the patent and he's just acting as one skilled in the art to
12 interface with the Patent Office and he uses those claim terms,
13 then it's plain and ordinary meaning and I don't swerve from
14 that.
15     However, if for -- here's -- it's not a perfect analogy,
16 but here's what I try and get across to people.  Let's say that
17 you have invented a way of -- a method of installing Astroturf
18 in a baseball field and the magic of the patent is that a
19 baseball outfield is curved, and you come up with a method
20 that -- part of which is on a field that is curved.  And that's
21 all you -- you used the word "curved," which everyone knows
22 what the word "curved" means.
23     If someone comes in and wants to apply it to, let's say, a
24 soccer field or a football field, the word "curved," that's not
25 the plain and ordinary meaning.  Those are 90-degree angles.

1     But if someone wants to come in and say, well, it's --
2 there's only a 2 percent degree curve, that's not enough curve.
3 That's not curved.  To me, curved then has a plain and ordinary
4 meaning.
5     And again, assuming nothing was given up and nothing was
6 claimed and nothing in the specification, curved means curved.
7 And when we get to the jury in this case and your person is
8 saying that defendant's products have plain and ordinary
9 meaning for "local area network," the only way either side is
10 in trouble is if the expert takes such a greedy interpretation
11 of local area network that I can decide as a matter of law that
12 it either is or isn't a local area network.
13     And you can bring that to me after the final infringement
14 contentions, you can bring it to me after the expert reports,
15 or someone -- or you can come in and say, the other side's --
16 the other side or their expert is not applying the ordinary
17 meaning of this word.
18     Again, I use the word "curved" because I think a jury can
19 understand, and as a factual matter, what is or is not curved.
20     But if you all have a fight, that's a true fight, over
21 what the plain and ordinary meaning is of claim terms like
22 "zone," then I want you to -- I want the parties to be in
23 concrete on the positions they're -- legal positions they're
24 taking with regard to infringement and invalidity, bring them
25 to me -- motions -- I'm talking to you, but I'm talking to both

sides -- bring them to me as a preliminary summary judgment matter, and I will determine whether or not that's appropriate.

MR. RICHTER: Okay. Thank you very much for that, Your Honor.

And with that, Sonos can forego argument on many of the terms. Actually, the terms that were given the plain and ordinary indication in the Court's e-mail. And Sonos would then instead argue the two terms that had a preliminary construction of indefinite, and that would be "cause a selectable indication" -- sorry. Go ahead, Your Honor.

THE COURT: Let me just interrupt you for a second. I'll ask Mr. Burbank or Mr. Verhoeven, or whoever it is: Having heard what counsel just said, does the defendant wish, on any of the claim terms -- we're going to get to the ones about whether or not it's indefinite, but with regard to the claim terms that Sonos is not going to take up with respect to plain and ordinary meaning, does the defendant have any desire to be heard on any of those claim terms? If not, we'll move forward to the ones that -- where the argument is that they're indefinite.

MR. VERHOEVEN: Well, Your Honor, this is Mr. Verhoeven. Let's just take an example of the phrase "network interface." Your Honor construed that to have its plain and ordinary meaning.

We have a dispute right now because the plaintiff in this

1    case, Sonos, wants to limit network interface to only digital
2    networks and not all networks.  And we've said that we disagree
3    with that construction and the plain and ordinary meaning
4    should apply, which is all networks, digital or analog.
5         Your Honor said plain and ordinary meaning in the
6    construction.  So here's an example of one where we know we
7    disagree with what they're proposing.
8         THE COURT:  Well, you actually have -- you've actually
9    made my point.  Right now I have -- right now I've said it's
10   plain and ordinary meaning.  If when you get their final
11   infringement contentions or when you get -- when you get --
12   when they are in concrete -- when either they have taken a
13   position on infringement contentions or in their expert report
14   where they attempt to limit it in the manner that you say, you
15   are free to file a motion for summary judgment and say to me,
16   Judge, that's not -- they are not applying the plain and
17   ordinary meaning as a matter of law, and I will take that up
18   and I will decide it.
19        MR. VERHOEVEN:  Okay.  Well, with that, that's great, Your
20   Honor.  And it's good to know.  I appreciate your telling us
21   that in the beginning.
22        THE COURT:  Because right now your concern is -- I've had
23   a couple Markmans now.  And by the way --
24        (Laughter.)
25        THE COURT:  By the way, it's wonderful.  I haven't seen

1  UNITED STATES DISTRICT COURT )

2  WESTERN DISTRICT OF TEXAS    )

3

4      I, Kristie M. Davis, Official Court Reporter for the

5  United States District Court, Western District of Texas, do

6  certify that the foregoing is a correct transcript from the

7  record of proceedings in the above-entitled matter.

8      I certify that the transcript fees and format comply with

9  those prescribed by the Court and Judicial Conference of the

10 United States.

11     Certified to by me this 11th day of August 2021.

12

13                          */s/ Kristie M. Davis*
                            KRISTIE M. DAVIS
                            Official Court Reporter
14                          800 Franklin Avenue
                            Waco, Texas 76701
15                          (254) 340-6114
                            kmdaviscsr@yahoo.com

16

17

18

19

20

21

22

23

24

25