# EXHIBIT 6

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Attorneys for GOOGLE LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| GOOGLE LLC,<br><br>                    Plaintiff<br><br>        v.<br><br>SONOS, INC.,<br><br>                    Defendant. | Case No. 3:20-cv-06754-WHA |

**GOOGLE LLC'S FIFTH SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF SONOS, INC.'S FIRST SET OF FACT DISCOVERY INTERROGATORIES (NO. 12)**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Google LLC ("Google") hereby objects and responds to Plaintiff Sonos, Inc.'s ("Sonos") First Set of Fact Discovery Interrogatories to Defendant ("Interrogatories"). Google responds to these Interrogatories based on its current understanding and the information reasonably available to Google at the present time. Google reserves the right to supplement these responses if and when additional information becomes available.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**OBJECTIONS AND RESPONSES TO FACT DISCOVERY INTERROGATORIES**

**INTERROGATORY NO. 12:**

Separately for each Asserted Claim of each Patent-In-Suit, set forth in detail the complete legal and factual basis for any assertion by Google that the Accused Instrumentalities have not infringed each such claim, including, but not limited to: an identification of each Asserted Claim of each Patent-In-Suit that Google believes is not infringed; an identification of which elements of each such Asserted Claim are allegedly not present in the Accused Instrumentalities; and for each claim element that is allegedly not present in the Accused Instrumentalities, an identification and detailed explanation of the basis for Google's assertion that the claim element is allegedly not present in the Accused Instrumentalities, including the basis for any assertion by Google that any differences between the claim element and the corresponding structure in the Accused Instrumentalities are not insubstantial and/or that the claim element and the corresponding structure in the Accused Instrumentalities do not perform substantially the same function in substantially the same way to achieve substantially the same result; and an identification of all facts supporting or refuting Google's non-infringement allegations, all persons knowledgeable of these facts (including every person whose knowledge or opinion is relied upon as a basis for Google's non-infringement assertions, the opinion or substance of his/her knowledge, and the entire basis of that knowledge or opinion), and all documents and things, including the Bates number(s) of such documents and things, concerning Google's assertion of non-infringement.

**OBJECTIONS:** Google incorporates by reference all of its General Objections as if fully set forth herein. Google objects to the characterization of this interrogatory as a single interrogatory given that it contains multiple discrete subparts under Fed. R. Civ. P. 33(a)(1). Google further objects to this interrogatory on the grounds that it is vague, ambiguous, unclear as to information sought, and lacking sufficient particularity to permit Google to reasonably prepare a response with respect to the undefined terms "differences between the claim element and the corresponding structure in the Accused Instrumentalities," "insubstantial," "do not perform substantially the same function in substantially the same way to achieve substantially the same result," and "knowledgeable

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1   SONOSWDTX-00041650 at 57.  Thus, it is the MDx server, not the alleged computing device, that

2   transmits an instruction for the at least one given playback device to take over responsibility for

3   playback.

4        Moreover, Sonos has failed to demonstrate that the setPlaylist message (whether from the

5   computing device or the MDx server) performs all the functions required by the claim, namely: (i)

6   communicate with the cloud-based computing system in order to obtain data identifying a next one

7   or more media items that are in the remote playback queue, (ii) use the obtained data to retrieve at

8   least one media item in the remote playback queue from the cloud-based media service; and (iii)

9   play back the retrieved at least one media item." The setPlaylist message does not perform all of

10  these functions.  Instead, there are multiple API requests and messages that occur after the setPlaylist

11  request between the server and the cast receiver to obtain data to play back from the alleged remote

12  playback queue.

13       "**remote playback queue provided by a cloud-based computing system associated with**

14  **a cloud-based media service."**  The only written description support for this limitation in the '033

15  patent is for a remote playback queue managed by a third-party.  Thus, a person of ordinary skill in

16  the art would understand that the plain meaning of a "remote playback queue provided by a cloud-

17  based computing system associated with a cloud-based media service" in the context of the claims

18  and specification requires a third-party playback queue.  The CloudQueue server or MDx is only

19  provided by Google, not supplied by third parties.

20       **"detecting an indication that playback responsibility for the remote playback queue**

21  **has been successfully transferred from the computing device to the at least one given playback**

22  **device."**  Sonos's contentions fail to demonstrate that this limitation is satisfied.  For example,

23  Sonos argues that the "cast button" changing colors demonstrates that the computing device detects

24  the claimed indication.  But Sonos has not identified what specifically it contends is the indication

25  that is detected by the computing device or how it satisfies the claims.  Sonos appears to rely upon

26  the YouTube application detecting a successful connection to an MDxSession.  Sonos's

27  Infringement Contentions, Ex. B at 57.  But Sonos has failed to articulate how a connection to an

28  MDxSession indicates that playback responsibility has been successfully transferred. An MDx

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1

DATED: April 7, 2022

QUINN EMANUEL URQUHART & SULLIVAN, LLP

2

3

By: _/s/ Charles K. Verhoeven_

Charles K. Verhoeven (*pro hac vice*)
charlesverhoeven@quinnemanuel.com
Melissa Baily (*pro hac vice*)
melissabaily@quinnemanuel.com
Lindsay Cooper (*pro hac vice*)
lindsaycooper@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875 6600
Facsimile:     (415) 875 6700

4

5

6

7

8

9

10

*Counsel for Defendant Google LLC*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-60-

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1

**CERTIFICATE OF SERVICE**

2          The undersigned hereby certifies that all counsel of record who have consented to electronic

3   service are being served with a copy of this document via email on April 7, 2022.

4                                                      */s/ Anne-Raphaelle Aubry*
                                                          Anne-Raphaelle Aubry
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28