# EXHIBIT 9

**Australian Government**
**IP Australia**

  
Patents | Trade Marks | Designs | Plant Breeder's Rights

14 October 2021

# Examination report No. 1 for standard patent application

Delivering a world leading IP system

www.ipaustralia.gov.au

ABN: 38 113 072 755

**Spruson & Ferguson**
GPO Box 3898
Sydney NSW 2001
Australia

| | |
|---|---|
| **Your reference** | P116963D3 |
| **Application number** | 2020239784 |
| **Applicant name** | Sonos, Inc. |
| **Earliest priority date** | 30 December 2011 |

| | |
|---|---|
| **Final date for acceptance:** | **14 October 2022** |
| **Date of this report:** | 14 October 2021 |
| **Examination request date:** | 15 October 2020 |

Dear Spruson & Ferguson,

Your application has been examined under *section 45 of the Patents Act 1990*. I consider that this application does not meet the requirements of the Act because there are issues with the application that are explained in the report details.

You have **12 months** from the date of this report to overcome all my objection(s) otherwise this application will lapse.

You will also need to pay any annual continuation fees that apply. Your next continuation fee is due on **21 December 2021**.

NOTE: There is a current postponement of acceptance in place. If you overcome all other objections before the expiration of that postponement, the Commissioner will only accept the application at that time if you have filed a clear and unambiguous statement requesting the withdrawal of that postponement. Otherwise, a further adverse report will be issued.

Details of this patent application can be viewed on AusPat, our Australian patent search database.

Yours sincerely,

Boris Cetinich
Section: ELEC 4 - DATA PROCESSING & MEASUREMENTS
Phone: +61 2 6285 0720

Supervisor: Vivek Joshi
Phone: +61 2 6285 0751



Page 1 of 3

This data, for application number 2020239784, is current as of 2022-10-05 21:00 AEST

| | |
|---|---|
| Your reference | P116963D3 |
| Application number | 2020239784 |

# Report details

## Basis of the report

In examining this application I have considered:

- the specification as filed

## Summary of novelty, inventive step and patentable subject matter

| | *Satisfy requirements?* | *Claim numbers* |
|---|---|---|
| **Novelty/inventive step** | Yes | RESERVED |
| | No | RESERVED |
| **Patentable subject matter** | Yes | RESERVED |
| | No | RESERVED |

## Detailed objections on issues that have been identified

### Section 40 (support, disclosure, clarity, lack of unity)

1   The complete specification does not provide a clear enough and complete enough disclosure of the invention of claims 1-29, because it lacks sufficient information to enable the person skilled in the art to perform the invention over the whole scope of the claims without undue burden or the need for further invention.

This is because the specification, as filed, fails to disclose:

- "a remote playback queue", and
- "maintain a current point of playback of the zone player within the remote playback queue" (claim 11).

The specification fails to disclose or suggest a remote playback queue and maintaining the current playback point.

I do note paragraphs 89 and 92-93 disclose a "local playback queue", but there is no reference to a remote playback queue in the filed specification. In addition, paragraph 90 discloses "current point of playback", but there is no reference to maintaining the current playback point.

In light of this objection, I have reserved my assessment for novelty, inventive step and manner of manufacture since the scope of the claims are uncertain. When I receive a response to my objection I may expand the report on the basis of my findings.

END OF REPORT