# EXHIBIT 11

28 Jun 2022

2020239784

| Commissioner of Patents | SPRUSON & FERGUSON |
|---|---|
| P O Box 200 | Sydney NSW |
| Woden ACT 2606 | Speed Dial 509 |
| | (CCN 3710000177) |

27 June 2022

Our Ref: P116963D3:AJL
Telephone Contact: Ayesha Lee

Dear Commissioner

**Australian Patent Application No. 2020239784**
**Divisional of Application No. 2018203185**
**Sonos, Inc.**
**Systems and methods for networked music playback**

**Response to Examiner's Report**

The Examiner's Report dated 24 May 2022 is acknowledged.

No amendments are proposed at this time.

The Report finds that specification does not provide a clear and complete enough disclosure of the claimed invention on the basis that the specification specifically disclose or suggest "a remote playback queue" or to "maintain a current point of playback of the zone player within the remote playback queue".

The Report appears to make this assertion on the basis that the term "remote" refers to any entity in a different geographic location, whereas local refers to an entity in the same geographic location.  The Applicant asserts with respect that the Report has erred in construction of the terms.

The rules of construction of a patent application in Australia were summarised in *Décor Corp v Dart Industries* 13 IPR 385 at 1400.  Reference is also made to 2.11.2.2 of the Examiners Manual in this regard.

While the rules of construction do find that the claims must be construed according to their terms upon ordinary principals, the rules clearly state:

- In approaching the task or construction, one must read the specification as a whole.

- A patent specification should be given a purposive of construction rather than a purely literal one.

- That the specification must be construed in the light of the common knowledge in the art before the priority date.

As described in the background of the specification as filed, the invention relates to accessibility of music content, as well as other types of content, for example online content, and to technology used to access and play such content.  See application as filed at [0002]. Further, as described at [0022], network systems can be used to share content among devices and groups of devices. Accordingly, the invention relates to catering for a demand for audio and video content and corresponding improvements in technology to access and play such content, including on multi-device playback systems.  It is therefore submitted that a person skilled in the art would be familiar with interaction of digital content streaming services and use of content playback devices in relation to audio and video content.

28 Jun 2022

2020239784

To the person skilled in the art, the term "remote" would have particular a meaning different to that discussed in the Report.  It is submitted that to a person skilled in the art, a "remote" application would be understood to relate to an application that allows a user device to connect to another a computing device using networks, for example directly or via a server or other device, using mechanisms such as wireless technology. Similarly "remote" content would be understood to relate to content stored on a different device. Additionally, in terms of playback devices, the term "remote" can relate to user/local devices used to message or control other devices wirelessly.  For example, the Examiner is likely familiar with remote control of an audio playback system.

It is therefore submitted that with respect that the Report applied an over-meticulous verbal analysis and failed to consider the context of the specification as a whole, to apply a purposive construction rather than a purely literal one, or to construe the specification in terms of the relevant common general knowledge. It is also submitted that if the specification is construed correctly and in view of the common general knowledge, the specification provides a clear and complete enough disclosure of the invention to enable the person skilled in the art to  implement the invention across its full scope.

The "remote playback queue" referred to in claim 1 corresponds to the "queue that the user is editing/managing in the third party application" as described at [89] of the application as filed. This third party application is defined in the specification as having a connection with the local playback device that can be of types "direct over a local area network (LAN)" or "remote through a proxy server in the cloud". See specification as filed at [87].  Thus, the geographic location of the mobile device running the third party application is not determinative as to whether the third party application is remote with respect to the local playback system.  Rather, the claimed invention is directed to means for the mobile device to transfer playback responsibility to a local playback system via exchange of messages and information, and the specification sets out that that exchange can take place "remote[ly] through a proxy server in the cloud", over a LAN or the like.

It is therefore submitted that, to a person skilled in the art, the meaning of the remote playback queue would clearly be the playback queue that the user is managing in the third party application. In this regard, the specification provides sufficient information to implement the invention, including how to implement a remote playback list, across its full scope. It would also be clear to a person skilled in the art how the remote playback queue is controlled to pick up a playback list, for example as described at [83].

It is therefore submitted that the objection is improper and that the specification provides a sufficiently clear and complete disclosure.

If the objection is to be maintained on the basis that the specification does not describe a remote playback queue, the Examiner's clear reasoning of why a person skilled in the art would not consider the third part application to provide the "remote playback list" in terms of common general knowledge in the art for content playback devices is respectfully requested.

Reconsideration of the Examiner's objections and acceptance of the application are respectfully requested.

Commissioner of Patents                                          Our Ref: P116963D3

Yours faithfully
**SPRUSON & FERGUSON**

*[signature]*

Ayesha Lee
Registered Patent Attorney
ayesha.lee@spruson.com

28 Jun 2022

2020239784