# EXHIBIT 12

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SONOS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 6:20-cv-00881-ADA |

**GOOGLE LLC'S FIRST SET OF REQUESTS FOR PRODUCTION TO SONOS, INC. REGARDING CLAIM CONSTRUCTION**

Defendant Google LLC ("Google") hereby requests and demands, pursuant to Federal Rules of Civil Procedure 26 and 34, that Plaintiff Sonos, Inc. ("Sonos") produce the requested documents and items that are in Sonos' possession, custody, and control for inspection and copying in accordance with the definitions and instructions set forth below. Google requests that said items be produced within thirty (30) days after service of these requests, at Quinn Emanuel Urquhart & Sullivan, LLP, 50 California Street, 22nd Floor, San Francisco, California 94111. These Document Requests are continuing in nature and require supplemental production in accordance with the Federal Rules of Civil Procedure.

**DEFINITIONS**

1. "Plaintiff," "You," "Sonos," and "Your" means Plaintiff Sonos, Inc. and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other Persons acting on behalf of any of the foregoing, and Plaintiff's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest,

1

and any other legal entities, whether foreign or domestic, that are owned or controlled by Plaintiff, and all predecessors and successors in interest to such entities.

2. "Google" means Defendant Google LLC.

3. "This Action" means *Sonos, Inc. v. Google LLC*, 6:20-cv-00881 (W.D. Tex.).

4. "Asserted Patents" shall mean United States Patent Nos. 9,967,615 ("the '615 Patent"); 10,779,033 ("the '033 Patent"); 9,344,206 ("the '206 Patent"); 10,469,966 ("the '966 Patent"); and 10,848,885 ("the '885 Patent").

5. "Related Patent" means (a) any United States or foreign patent or patent application related to the Asserted Patents by way of subject matter or claimed priority date, (b) any parent, grandparent or earlier, divisional, continuation, continuation-in-part, provisionals, reissue, reexamination, and foreign counterpart patents and applications, and/or (c) any patent or patent application filed by one of more of the same applicant(s) (or his or her assignees) that refers to any of (a) or (b) herein.

6. "Prior Art" shall mean the subject matter described in 35 U.S.C. §§ 102 and 103, including but not limited to publications, patents, physical devices, prototypes, uses, sales, and offers for sale, and any documents or other items evidencing any of the foregoing.

7. "Written Description" shall refer to the requirement that "[t]he specification shall contain a written description of the invention" as set forth in 35 U.S.C. § 112(a).

8. "Person" shall mean any natural person or any business, legal, governmental entity, or association.

9. "Third Party" or "Third Parties" means any Person other than You.

9. "Document" is defined as set forth in Local Rule CV-26(b)(2).

10. "Communication" is defined as set forth in Local Rule CV-26(b)(1).

2

11. "Regarding" means relating to, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), as the context makes appropriate.

12. "Include" and "Including" shall mean including without limitation.

13. Use of the singular also includes the plural and vice-versa.

14. The words "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these Document Requests.

15. The words "any," "all," "every," and "each" shall each mean and include the other.

16. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

## **INSTRUCTIONS**

The following instructions shall apply to each of the Document Requests herein:

1. In answering the following Document Requests, furnish all available information, Including information in the possession, custody, or control of You or any of Your attorneys, directors, officers, agents, employees, representatives, associates, investigators or division affiliates, partnerships, parents or subsidiaries, and Persons under Your control, who have the best knowledge, not merely information known to You based on Your own personal knowledge. If You cannot fully respond to the following Document Requests after exercising due diligence to secure the information requested thereby, so state, and specify the portion of each Document Request that cannot be responded to fully and completely. In the latter event, state what efforts were made to obtain the requested information and the facts relied upon that support the contention that the Document Request cannot be answered fully and completely; and state what knowledge, information or belief You have Regarding the unanswered portion of any such Document Requests.

2. Electronic records and computerized information must be produced in an intelligible format.

3. Selection of Documents from the files and other sources and the numbering of such Document shall be performed in such a manner as to ensure that the source of each Document may be determined, if necessary.

4. File folders with tabs or labels or directories of files identifying Documents must be produced intact with such Documents.

5. Documents attached to each other shall not be separated.

6. For each item on the list, identify the privilege claimed and describe the nature of each withheld Document in a manner that will enable Google to assess the claim in accordance with Federal Rule of Civil Procedure 45(e)(2).

7. If Your response to a particular Document Request is a statement that You lack the ability to comply with that Document Request, You must specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in Your possession, custody, or control, in which case the name and address of any Person or entity known or believed by You to have possession, custody, or control of that information or category of information must be identified.

8. Your obligation to respond to these Document Requests is continuing and its responses are to be supplemented to Include subsequently acquired information in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION REGARDING CLAIM CONSTRUCTION

**REQUEST FOR PRODUCTION NO. 1:**

The prosecution histories of the Asserted Patents or any Related Patent, including but not limited to, applications, office actions, and cited or submitted non-U.S. patent prior art.

**REQUEST FOR PRODUCTION NO. 2:**

All documents relating to claim construction proceedings for the Asserted Patents or Related Patents including, without limitation, pleadings, motions, briefs, declarations, affidavits, exhibits, expert reports and materials, transcripts, testimony, tutorials, and ruling or orders.

**REQUEST FOR PRODUCTION NO. 3:**

Testimony of the named inventors or prosecuting attorneys of the Asserted Patents or any Related Patent, whether by way of deposition, trial, affidavit or otherwise.

**REQUEST FOR PRODUCTION NO. 4:**

All claim construction disclosures or proceedings in *Sonos, Inc. v. D&M Holdings, Inc. et al.*, Case No. 14-1330-WCB (D. Del.) and *D&M Holdings, Inc., et al. v. Sonos, Inc.*, 1:16-cv-00141-RGA (D. Del.) including, but not limited to pleadings, motions, briefs, declarations, affidavits, exhibits, expert reports and materials, transcripts, testimony, tutorials and rulings or orders relating thereto.

**REQUEST FOR PRODUCTION NO. 5:**

All claim construction disclosures or proceedings in *In re Certain Audio Players and Controllers, Components Thereof, and Products Containing Same,* Inv. No. 337-TA-1191 including but not limited to pleadings, motions, briefs, declarations, affidavits, exhibits, expert reports and materials, transcripts, testimony, tutorials and rulings or orders relating thereto.

**REQUEST FOR PRODUCTION NO. 6:**

All documents submitted or disclosed in prior litigation or prosecution of the Asserted Patents or Related Patents relating to the meaning or scope of any of any claim term of the asserted claims of the Asserted Patents, including but not limited to any of the terms identified by the parties for construction.  For example, if Sonos opined on the meaning or scope of a claim term outside of the context of claim construction proceedings, this request for production would include documents submitted, exchanged or received by Sonos relating to that dispute.

**REQUEST FOR PRODUCTION NO. 7:**

All documents that reflect, refer to, or relate to the alleged conception, alleged diligence from conception to reduction to practice, and any actual reduction to practice of the alleged inventions shown, described, and claimed in the Asserted Patents or any Related Patent, including inventor notes and any communications with Third Parties relating to any of the alleged inventions claimed in the Asserted Patents or any Related Patent and/or each purported inventor's individual contributions thereto.

DATED:  March 31, 2021  QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: *Jordan R. Jaffe*
Charles K. Verhoeven (*pro hac vice*)
charlesverhoeven@quinnemanuel.com
Melissa Baily (*pro hac vice*)
melissabaily@quinnemanuel.com
Jordan R. Jaffe (*pro hac vice*)
jordanjaffe@quinnemanuel.com
Lindsay Cooper (*pro hac vice*)
lindsaycooper@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:  (415) 875 6600
Facsimile:  (415) 875 6700

Paige Arnette Amstutz
Texas State Bar No. 00796136
SCOTT, DOUGLASS & MCCONNICO, LLP
303 Colorado Street, Suite 2400
Austin, TX  78701
Telephone:  (512) 495-6300
Facsimile:  (512) 495-6399
pamstutz@scottdoug.com

*Counsel for Defendant Google LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via email on March 31, 2021.

*/s/ Jocelyn Ma*
Jocelyn Ma

8