# EXHIBIT 13

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SONOS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 6:20-cv-00881-ADA |

**GOOGLE LLC'S FIRST SET OF REQUESTS FOR PRODUCTION TO SONOS, INC.**

Defendant Google LLC ("Google") hereby requests and demands, pursuant to Federal Rules of Civil Procedure 26 and 34 and the Order Governing Proceedings, that Plaintiff Sonos, Inc. ("Sonos") produce the requested documents and items that are in Sonos' possession, custody, and control for inspection and copying in accordance with the definitions and instructions set forth below. Google requests that said items be produced within thirty (30) days after service of these requests, at Quinn Emanuel Urquhart & Sullivan, LLP, 50 California Street, 22nd Floor, San Francisco, California 94111. These Document Requests are continuing in nature and require supplemental production in accordance with the Federal Rules of Civil Procedure.

**DEFINITIONS**

1. "Plaintiff," "You," "Sonos," and "Your" means Plaintiff Sonos, Inc. and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other Persons acting on behalf of any of the foregoing, and Plaintiff's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by Plaintiff,

1

and all predecessors and successors in interest to such entities.

2. "Google" means Defendant Google LLC.

3. "This Action" means Sonos, Inc. v. Google LLC, 6:20-cv-00881 (W.D. Tex.).

4. "Asserted Patents" shall mean United States Patent Nos. 9,967,615 ("the '615 Patent"); 10,779,033 ("the '033 Patent"); 9,344,206 ("the '206 Patent"); 10,469,966 ("the '966 Patent"); and 10,848,885 ("the '885 Patent").

5. "Complaint" means the original Complaint along with any subsequent Amended Complaints.

6. "Related Patent" means (a) any United States or foreign patent or patent application related to the Asserted Patents by way of subject matter or claimed priority date, (b) any parent, grandparent or earlier, divisional, continuation, continuation-in-part, provisionals, reissue, reexamination, and foreign counterpart patents and applications, and/or (c) any patent or patent application filed by one of more of the same applicant(s) (or his or her assignees) that refers to any of (a) or (b) herein.

7. "Collaboration Agreements" means at least the following agreements between Google and Sonos: the December 23, 2010 Non-Disclosure Agreement, the January 1, 2013 Non-Disclosure Agreement, the July 16, 2013 API Evaluation and Development License Agreement, the November 14, 2013 Content Integration Agreement, the April 18, 2015 Non-Disclosure Agreement, and the December 14, 2015 API Evaluation and Development License Agreement, as well as any amendments or extensions thereto.

8. "Playback Queue Functionality" shall refer to a queue of media items that are to be played on one or more playback devices, including playback queues provided to a playback device or system by a cloud-based computing system.

9. "Sonos S5 System" means the Sonos Zone Player S5 sold by Sonos in 2010, including both controller and speaker elements, along with any compatible devices, as described e.g. in https://www.cnet.com/reviews/sonos-zoneplayer-s5-review/.

10. "Spotify" refers to the U.S audio streaming and media services provider, including any parents, subsidiaries and affiliates.

11. "Source Code" refers to computer programs, in source code and executable form, in any programming language, including for SDKs and APIs.

12. "Person" shall mean any natural person or any business, legal, governmental entity, or association.

13. "Third Party" or "Third Parties" means any Person other than You.

9. "Document" is defined as set forth in Local Rule CV-26(b)(2).

10. "Communication" is defined as set forth in Local Rule CV-26(b)(1).

11. "Regarding" means relating to, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), as the context makes appropriate.

12. "Include" and "Including" shall mean including without limitation.

13. Use of the singular also includes the plural and vice-versa.

14. The words "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these Document Requests.

15. The words "any," "all," "every," and "each" shall each mean and include the other.

16. The use of a verb in any tense shall be construed as the use of the verb in all other

tenses.

## INSTRUCTIONS

The following instructions shall apply to each of the Document Requests herein:

1. In answering the following Document Requests, furnish all available information, Including information in the possession, custody, or control of You or any of Your attorneys, directors, officers, agents, employees, representatives, associates, investigators or division affiliates, partnerships, parents or subsidiaries, and Persons under Your control, who have the best knowledge, not merely information known to You based on Your own personal knowledge. If You cannot fully respond to the following Document Requests after exercising due diligence to secure the information requested thereby, so state, and specify the portion of each Document Request that cannot be responded to fully and completely. In the latter event, state what efforts were made to obtain the requested information and the facts relied upon that support the contention that the Document Request cannot be answered fully and completely; and state what knowledge, information or belief You have Regarding the unanswered portion of any such Document Requests.

2. Electronic records and computerized information must be produced in an intelligible format.

3. Selection of Documents from the files and other sources and the numbering of such Document shall be performed in such a manner as to ensure that the source of each Document may be determined, if necessary.

4. File folders with tabs or labels or directories of files identifying Documents must be produced intact with such Documents.

5. Documents attached to each other shall not be separated.

6. For each item on the list, identify the privilege claimed and describe the nature of each withheld Document in a manner that will enable Google to assess the claim in accordance with Federal Rule of Civil Procedure 45(e)(2).

7. If Your response to a particular Document Request is a statement that You lack the ability to comply with that Document Request, You must specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in Your possession, custody, or control, in which case the name and address of any Person or entity known or believed by You to have possession, custody, or control of that information or category of information must be identified.

8. Your obligation to respond to these Document Requests is continuing and its responses are to be supplemented to Include subsequently acquired information in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents concerning the filing and prosecution of the Asserted Patents or Related Patents, including but not limited to all draft and final versions of such applications, office actions, draft and final versions of responses to office actions, and all Communication concerning the filing and prosecution of such patent applications.

**REQUEST FOR PRODUCTION NO. 18:**

Documents Regarding when You first became aware of the existence of each of the Accused Functionalities or the Accused Products, Including but not limited to Documents Regarding Sonos's initial discovery of the alleged Infringement by each of the Accused Functionalities or the Accused Products.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents and Communications Regarding any alleged notice of the Asserted Patents allegedly provided to Google.

**REQUEST FOR PRODUCTION NO. 20:**

Documents that refer to any plans, strategies, policies, guidelines or processes for the sale, licensing, exploitation or enforcement of the Asserted Patents, any Related Patents or any patents that Sonos contends are comparable to a hypothetical negotiation in this case.

**REQUEST FOR PRODUCTION NO. 21:**

Documents Regarding the marking of any products with the numbers of the Asserted Patents, as the term "marking" is used in 35 U.S.C. § 287.

**REQUEST FOR PRODUCTION NO. 22:**

Documents and Communications relating to any transaction involving any rights in the Asserted Patents, Including but not limited to offers to sell, offers to license, negotiations with

DATED: August 7, 2021        QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:    */s/ Charles K. Verhoeven*
Charles K. Verhoeven (*pro hac vice*)
charlesvverhoeven@quinnemanuel.com
Melissa Baily (*pro hac vice*)
melissabaily@quinnemanuel.com
Jordan Jaffe (*pro hac vice*)
jordanjaffe@quinnemanuel.com
Lindsay Cooper (*pro hac vice*)
lindsaycooper@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875 6600
Facsimile: (415) 875 6700

Paige Arnette Amstutz
Texas State Bar No. 00796136
SCOTT, DOUGLASS & MCCONNICO, LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
pamstutz@scottdoug.com

*Counsel for Defendant Google LLC*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via email on August 7, 2021.

     */s/ Jocelyn Ma*
     Jocelyn Ma