# EXHIBIT 14

**Lana Robins**

| | |
|---|---|
| **From:** | Cole Richter <richter@ls3ip.com> |
| **Sent:** | Monday, September 19, 2022 2:29 PM |
| **To:** | Nima Hefazi |
| **Cc:** | QE-Sonos3; LS3 Team; Sonos-NDCA06754-service; Roberts, Clement |
| **Subject:** | RE: Google v. Sonos - Claim Construction |

**[EXTERNAL EMAIL from richter@ls3ip.com]**

Nima,

Your response does not address – let alone refute – the points we raised in our email. Sonos will oppose Google's attempt to seek leave for a "supplemental claim construction." If you'd like to confer on the matter, please give me a call at 312.757.4478.

Best,
Cole

**From:** Nima Hefazi <nimahefazi@quinnemanuel.com>
**Sent:** Thursday, September 15, 2022 9:46 PM
**To:** Cole Richter <richter@ls3ip.com>
**Cc:** QE-Sonos3 <qe-sonos3@quinnemanuel.com>; LS3 Team <LS3_team@ls3ip.com>; Sonos-NDCA06754-service <Sonos-NDCA06754-service@orrick.com>; Roberts, Clement <croberts@orrick.com>
**Subject:** RE: Google v. Sonos - Claim Construction

Cole,

Sonos's statements in the Australian prosecution are clear admissions directed at the plain meaning of the term "remote playback queue" in view of the intrinsic record. The Federal Circuit has routinely approved reliance upon such statements, especially where, as here, the statements are consistent with the intrinsic evidence. *See, e.g., Baxter Healthcare Corp. v. HQ Specialty Pharma Corp.*, 2015 WL 5646779, at *9 (D.N.J. Sept. 23, 2015) (citing cases and holding patentee to its statements before the EPO).

Sonos's attempt to characterize its statements as merely discussing "example embodiments" is not credible. The statements made during the Australian prosecution are clearly directed to the plain and ordinary meaning of the term "remote playback queue," for example:

- "The Report finds that [the] specification does not provide a clear and complete enough disclosure of the claimed invention on the basis that the specification [does not] specifically disclose or suggest 'a remote playback queue'… The Report appears to make this assertion on the basis that the term 'remote' refers to any entity in a different geographic location. The Applicant asserts with respect that the **Report has erred in construction of the terms**."

- "It is therefore submitted that with respect that the Report applied an over-meticulous verbal analysis and failed to consider the context of the specification as a whole… The 'remote playback queue' referred to in claim 1 corresponds to the 'queue that the user is editing/managing in the third party application'…. Thus, **the**

1

*geographic location of the mobile device running the third party application is not determinative as to whether the third party application is remote with respect to the local playback system*."

- "It is therefore submitted that, *to a person skilled in the art, the meaning of the remote playback queue would clearly be the playback queue that the user is managing in the third party application*."

- "*[A] person skilled in the art would understand the term 'remote' to mean a system unconnected or with little relationship to an initial system*."

Your assertion that Google is attempting to "circumvent the local patent rules and Judge Alsup's procedure" is not well-taken.  As you know, Sonos failed to make Google aware of these statements during discovery or produce prosecution histories for this application—despite Google's RFPs seeking discovery and prosecution histories for foreign applications.  Google learned of these statements only after the claim construction proceedings in this case.

Based on your email, we understand Sonos to oppose Google's motion for supplemental claim construction.

Please let us know your availability for a meet and confer tomorrow after 3pm or on Monday of next week.

Thank you,
Nima

---

**From:** Cole Richter <richter@ls3ip.com>
**Sent:** Wednesday, September 14, 2022 4:07 PM
**To:** Nima Hefazi <nimahefazi@quinnemanuel.com>
**Cc:** QE-Sonos3 <qe-sonos3@quinnemanuel.com>; LS3 Team <LS3_team@ls3ip.com>; Sonos-NDCA06754-service <Sonos-NDCA06754-service@orrick.com>; Roberts, Clement <croberts@orrick.com>
**Subject:** RE: Google v. Sonos - Claim Construction

**[EXTERNAL EMAIL from richter@ls3ip.com]**

---

Nima,

Sonos disagrees with your below characterization of the Australian prosecution and the import you place on it vis-à-vis the '033 Patent.

To start, interactions with a foreign patent office are hardly determinative of how a district court should construe a claim term in a United States patent. *See, e.g., AIA Eng'g Ltd. v. Magotteaux Int'l S/A*, 657 F.3d 1264, 1279 (Fed. Cir. 2011) ("[Federal Circuit] precedent cautions against indiscriminate reliance on the prosecution of corresponding foreign applications in the claim construction analysis.").  Further, the United States and Australia have different patent laws.  For instance, correspondence between Australian counsel and the Australian patent office is not considered when ascertaining the scope of claims in Australia.  *See, e.g., Bradken Resources Pty Ltd v Lynx Engineering Consultants Pty Ltd*, FCA 1100 (2015), aff'd FCAFC 19 (2016); *Original Creatine Pat. Co. v. MET-Rx USA, Inc.*, No. CIV.A. 05-2244 DRH/J, 2009 WL 1146445, at *6–7 (E.D.N.Y. Apr. 28, 2009).  Thus, the statements made to the Australian patent office that you identify in your letter are not material to the construction of claim terms of the '033 Patent.

Moreover, your letter suggests that Google misunderstands the prosecution of the Australian '784 Application.  In responding to an objection in the Examiner's Report, Australian counsel did not proffer a definition of the term "remote playback queue" as used in then-pending claim 1 of the '784 Application, much less for that term more generally.  Instead, Australian counsel cited to example embodiments to show the Australian Examiner that the specification enabled a person skilled in the art to perform the invention of then-pending claim 1 of the '784 Application.  In any event, the then-pending claim 1 of the '784 Application is different than the independent claims of the '033 Patent, and for this additional reason, the import that you place on the Australian prosecution is misplaced.

Lastly, this appears to be nothing more than yet another attempt by Google to circumvent the local patent rules and Judge Alsup's procedures. As you know, while this case was in the Western District of Texas, Google sought to construe the '033 Patent's "remote playback queue" as a "remote playback queue provided by a third party application." However, during *Markman* in front of Judge Alsup, Google abandoned this proposed construction and instead asked Judge Alsup to construe "playback queue" more generally. As such, Google cannot now attempt to resurrect the construction it abandoned.

Best,
Cole

**From:** Nima Hefazi <nimahefazi@quinnemanuel.com>
**Sent:** Thursday, September 8, 2022 7:29 PM
**To:** Cole Richter <richter@ls3ip.com>; LS3 Team <LS3_team@ls3ip.com>; Sonos-NDCA06754-service <Sonos-NDCA06754-service@orrick.com>; Roberts, Clement <croberts@orrick.com>
**Cc:** QE-Sonos3 <qe-sonos3@quinnemanuel.com>
**Subject:** Google v. Sonos - Claim Construction

Dear counsel,

On June 27, 2022, Sonos submitted a Response to Examiner's Report in Australian Patent Application No. 2020239784 ("the '784 Application"). The '784 Application is a foreign counterpart of the asserted '033 patent and also claims a "remote playback queue." In responding to the Examiner's rejection of the claims as lacking written description support for the term "remote playback queue," Sonos repeatedly represented that the plain meaning of "remote playback queue" in the context of the patent would be understood by a person of skill in the art to be "a playback queue that the user is managing in a third party application." For example:

- "The Report finds that [the] specification does not provide a clear and complete enough disclosure of the claimed invention on the basis that the specification [does not] specifically disclose or suggest 'a remote playback queue'… The Report appears to make this assertion on the basis that the term 'remote' refers to any entity in a different geographic location. The Applicant asserts with respect that the Report has erred in construction of the terms."

- "It is therefore submitted that with respect that the Report applied an over-meticulous verbal analysis and failed to consider the context of the specification as a whole… The 'remote playback queue' referred to in claim 1 corresponds to the 'queue that the user is editing/managing in the third party application'…. Thus, the geographic location of the mobile device running the third party application is not determinative as to whether the third party application is remote with respect to the local playback system."

- "It is therefore submitted that, to a person skilled in the art, the meaning of the remote playback queue would clearly be the playback queue that the user is managing in the third party application."

*See* Sonos's 6-27-2022 Response to Examiner's Report. Sonos's current infringement positions rely upon an interpretation of "remote playback queue" that is directly at odds with the representations it made to the patent office in prosecuting the '784 Application.

Please let us know by Monday, September 13, 2022, whether Sonos will stipulate to the same construction of "remote playback queue" ("a playback queue that the user is managing in a third party application") that Sonos has advanced in prosecuting the '784 Application. To the extent Sonos is unwilling to stipulate, please provide the basis for Sonos's refusal, as well as some times that you are available on Tuesday or Wednesday next week for a meet and confer so that we may seek supplemental claim construction from the Court.

Thanks,
Nima