**FILED UNDER SEAL**

October 14, 2022

Hon. Donna M. Ryu, Magistrate Judge (N.D. Cal.)

Re: *Google, LLC v. Sonos, Inc.*; Case No. 3:20-cv-06754-WHA (DMR) (N.D. Cal.)

Dear Judge Ryu:

Google LLC ("Google") and Sonos, Inc. ("Sonos") respectfully submit this joint letter brief per the Court's Standing Order. The parties have conferred over Zoom, most recently on October 13, 2022.

The relevant case management deadlines include: deadline for bringing all discovery motions or extension motions based on discovery violations (October 14, 2022); close of non-expert discovery (November 30, 2022); close of expert discovery (January 4, 2022); deadline to file dispositive motions (January 26, 2023); pretrial conference (May 3, 2023); and trial (May 10, 2023).

|  |  |
|---|---|
| DATED: October 14, 2022 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
|  | By */s/ Charles K. Verhoeven* <br> Charles K. Verhoeven <br> Melissa J. Baily <br> Lindsay Cooper <br> Marc Kaplan |
|  | *Attorneys for Google LLC* |
|  | ORRICK, HERRINGTON & SUTCLIFFE LLP |
|  | By */s/ Clement S. Roberts* <br> Clement S. Roberts |
|  | *Attorneys for Sonos, Inc.* |

1

Google's Statement:

Google respectfully requests that the Court compel Sonos to supplement its responses to Interrogatory Nos. 11, 13, and 18 and RFP No. 58. Sonos's belated offer to supplement the long-overdue discovery responses does not moot these issues, because as of the deadline to move to compel, the responses are deficient and absent a Court order there would be no mechanism to remedy deficiencies in whatever supplementation Sonos eventually provides.

**Interrogatory No. 11:** This interrogatory asks Sonos to "[d]escribe, in detail, the scope of the '▮▮▮▮▮▮▮▮▮▮' you contend to be the subject of Section 3.4 of the [CIA]." Ex. 1 at 264. This information is highly relevant to Google's affirmative claims and equitable defenses. As part of the collaboration to integrate Google Play Music with Sonos's speaker products in 2013 to 2015, the parties entered into the CIA, which provides that '▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮' and '▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮' Google. Dkt. 124-4 at 2 (emphasis added). Google's affirmative claims for breach of contract and conversion in this case are based on Sonos' breach of this provision. Specifically, Google contends that its ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" in Section 3.4 of the CIA include patent and other intellectual property rights in the Cloud Queue technology developed by Google and incorporated into the collaboration's Integrated Service Offering, and that Sonos breached Section 3.4 and converted Google's intellectual property by, *inter alia*, filing for Cloud Queue patents (such as the asserted '065 and '033 Patents). Dkt. 124-2 at 20-22. Google also asserts unclean hands, equitable estoppel, waiver, implied license, exhaustion, and limitation on liability affirmative defenses based on the CIA. *See Sonos, Inc. v. Google LLC*, Dkt. 222-2 at 25-30 (N.D. Cal. July 22, 2022) ("Transferred Action").

Interrogatory No. 11 therefore seeks information that goes to the heart of Google's claims and defenses. However, instead of disclosing its contentions of what's **included within** the scope of Section 3.4's "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮," Sonos' response ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮). *Id.*[1] This is simply hiding the ball. Until Sonos discloses what it contends actually **is** encompassed within "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮," it is impossible for Google to rebut Sonos's arguments that the relevant ▮▮▮▮▮▮▮▮▮▮ rights are outside that scope. As for Sonos's objections, they go to the merits of Google's claims and defenses, not their discoverability.[2]



---

[1] Sonos's response also incorporates by reference some unresponsive pleadings, but these too fail to provide the requested information.
[2] *See, e.g., Timmerman Starlite Trucking, Inc. v. Ingredion Inc.*, No. 2:19-CV-01876-JAM-AC, 2020 WL 6158241, at *3 (E.D. Cal. Oct. 21, 2020) (finding a "discovery motion is neither the time nor the place to adjudicate the issue of competing contract interpretations" because a party "is entitled to discovery relevant to its claims"); *Nat'l Abortion Fed'n v. Ctr. for Med. Progress*, 2015 WL 5071977, at *8 (N.D. Cal. Aug. 27, 2015) ("That some causes of action revolve around contract interpretation does not mean that discovery of evidence that helps explain the terms of the agreement should be prohibited."). Moreover, Sonos itself suggested during the parties' discussion regarding Google's 30(b)(6) Topic No. 6 that the appropriate method of seeking Sonos's position regarding the scope of the CIA is through interrogatories. *See* Dkt. 327 at 3.

**Interrogatory No. 13:** This interrogatory asks Sonos to "[i]dentify all products that practice any claim of the Asserted Patents" and, for each such product, to identify "the claim(s) that are believed practiced, and where each element of such claims may be found in the product." Ex. 1 at 269. Sonos's response identifies certain products that it contends practice one or more claims of the '966 Patent (i.e., "Sonos S2 Controller App for Android, iOS, iPadOS, macOS, Windows, and Fire OS"), but fails to identify "the claim(s) that are believed practiced, and where each element of such claims may be found in the product." In contrast, Sonos provided a chart mapping the claim elements of the '885 patent to the products Sonos asserts practice that patent. Sonos must, at minimum, provide a similar chart for the '966 patent as requested by this interrogatory.

**Interrogatory No. 18:** Google's Interrogatory No. 18 seeks the factual basis for Sonos's damages claims. Although the interrogatory was propounded over a year ago and fact discovery is set to close in less than two months, Sonos's response remains facially deficient. Sonos simply responds that it "has suffered damages including lost profits, reasonable royalties, and/or other business damages" and asserts that it will "seasonably supplement its response" upon obtaining additional information during discovery. Ex. 1 at 335-336. However, no such supplementation has been made. "Courts in this district have compelled patent plaintiffs to provide the factual bases for their damages claim through initial disclosures and written discovery, over protestations that responsive information will be forthcoming through expert reports." *THX, Ltd. v. Apple, Inc.*, 2016 WL 2899506, at *7 (N.D. Cal. May 13, 2016) (Ryu, M.J.).[3] Thus, Google asks the Court to compel Sonos to provide a complete response to Google's Interrogatory No. 18, that identifies in complete detail all financial remedies that Sonos contends it is entitled to in this case, and the factual, legal, and evidentiary bases for those contentions.

**RFP No. 58:** This RFP seeks documents relating to "design, development, and implementation of the Cloud Queue API," and Sonos is withholding highly relevant, responsive documents. **First**, Sonos refuses to provide metadata for two Sonos documents from Confluence (a document database) regarding the Cloud Queue feature on which the parties collaborated: (1) a "functional spec for a Cloud Queue web service that Sonos will implement . . . for playing Google cloud queues" and (2) "an early Sonos design document" related to "the Google/Sonos implementation" of "Queues in the Cloud."[4] Sonos produced these documents with metadata fields reflecting the date they were **collected** for production (ie 2022), rather than the **actual dates** these documents

---

[3] *See also Corning Optical Commc'ns Wireless Ltd. v. Solid, Inc.*, 306 F.R.D. 276, 278-79 (N.D. Cal. 2015) (ordering patentee to supplement its response to alleged infringer's damages interrogatory before expert reports "with at least the following information:" (1) "The amount of damages Plaintiff seeks under each of its asserted damages theories (including lost profits, reasonable royalty, interest and any other asserted theory);" (3) "For each asserted patent, the time period of which Plaintiff seeks damages as a result of the alleged infringement;" (4) "To the extent Plaintiff seeks to recover both lost profits and a reasonable royalty, the theory under which it claims such recovery is appropriate;" (6) "The documents on which Plaintiff intends to rely to support its damages claim;" and (8) "To the extent Plaintiff seeks to recover a reasonable royalty, the facts on which Plaintiff bases its claim, including the date of the hypothetical negotiation, any allegedly comparable licenses, the term of the reasonable royalty sought and any other Georgia–Pacific factors on which Plaintiff intends to rely."); *Mobile Storage Tech., Inc. v. Fujitsu Ltd.*, 2010 WL 1292545, at *1 (N.D. Cal. Mar. 31, 2010) (granting motion to compel patentee to "provide the factual basis for its damages claim, the identification of all facts to support its damages theories, and any factual information underlying the *Georgia-Pacific* factors").

[4] *See* SONOS-SVG2-00061976 and SONOS-SVG2-00062003. Pursuant to this Court's rules, Google has not submitted these documents but is prepared to do so upon request.

(which originate from the parties' collaboration in the 2013-2015 timeframe) were created and modified. This metadata is highly relevant to Google's affirmative claims and equitable defenses, because it will show that Sonos pursued Cloud Queue-related projects and intellectual property only after Google disclosed the technology through the collaboration.[5]

**Second**, Google seeks two highly relevant Confluence pages that are linked in other documents but withheld from production. In an email sent by the inventor of the asserted Cloud Queue patents, he writes: "  " Sonos has produced a PDF version of this API that is missing the comments with " ), but refuses to produce the version at the Confluence link with these highly relevant comments. This API is also linked numerous times in another document. For avoidance of doubt, Google requests that Sonos produce **all** versions of this (along with all comments and change history), which appears to be available in Confluence."[6]

Sonos's Statement:

### Interrogatory Nos. 11, 13, and 18 and Request for Production No. 58

Sonos disagrees with Google's characterization of Sonos's responses and Google's arguments fail to address Sonos's objections to these discovery requests. Nevertheless, Sonos has already agreed to further supplement its responses and production and thus these issues are moot. To the extent that Google is reserving its right to later argue that Sonos's further supplementation somehow remains deficient, Sonos reserves its rights to respond to Google's arguments at that time.

---

[5] Sonos argues that the ESI Stipulation permits Sonos to withhold this metadata. Not so. Paragraph 15 provides that metadata fields, including "date created" and "date modified" "shall generally be included … if such fields exist and are reasonably available to the producing party." Dkt. No. 119. But that is not a blanket exemption to provide accurate metadata. Here, Google seeks accurate metadata for *two* discrete documents. Even if this metadata need not "generally" be produced for all documents, they should be provided for these. Sonos has not represented that this metadata does not exist, or explained how providing it for these two documents would impose an undue burden.

[6] *See* https://community.atlassian.com/t5/Confluence-questions/Version-controlled-documentation/qaq-p/1634954.