UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>SONOS, INC.,<br><br>    Defendant. | No. C 20-06754 WHA<br><br>**ORDER ENTERING SUMMARY JUDGMENT IN FAVOR OF SONOS AS TO VALIDITY OF THE '885 PATENT** |

    A July 2022 order granted Sonos's motion for summary judgment of infringement of claim 1 of United States Patent No. 10,848,885 (Dkt. No. 309). That order also rejected Google's arguments — made in both its opposition brief and its own patent showdown motion papers — that the claim was invalid. Specifically, that order rejected Google's arguments that claim 1 of the '885 patent covered unpatentable subject-matter under 35 U.S.C. § 101 and that the claim lacked written description support under 35 U.S.C. § 112. In light of that order, Google was ordered to show cause as to why summary judgment should not be entered in favor of Sonos on the issue of validity (Dkt. No. 339).

    Both parties have now responded (Dkt. Nos. 349, 351). In its response, Google abandoned the invalidity arguments it had made in its summary judgment briefing and instead shifted its focus to a bundle of new theories. In short, Google now asserts for the first time that the claim was obvious in light of Sonos prior art and online forum posts made by third-party users on Sonos's website in 2005. Google additionally now asserts that there are material

issues of disputed fact as to whether third-party prior art speaker systems render the '885 patent invalid.

The order to show cause, however, was not intended to provide Google a second bite at the apple. It would not have been allowed to spring new invalidity theories at trial and cannot do so now. Google objects that it should be allowed to pivot because its original "selection of arguments" relied on the construction for the term "zone scene" made by Judge Alan Albright in the Western District of Texas before this action was transferred here. Google therefore asserts that it should be allowed to recalibrate its arguments in conformance with the different construction made in the order on summary judgment (Br. 1–3).

This argument does not hold water. *First*, Judge Albright's oral claim construction rulings are not and were never the law of the case. *See, e.g., Vazquez v. Jan-Pro Franchising Int'l, Inc.*, 923 F.3d 575, 586 (9th Cir. 2019), *reh'g granted, opinion withdrawn on other grounds*, 930 F.3d 1107 (9th Cir. 2019) ("Following a § 1404(a) transfer, the receiving court should treat pre-transfer rulings by the transferring court in much the same way as one district judge treats the ruling of a colleague."). To the extent that Google relied on Judge Albright's rulings, that reliance was misplaced.

*Second*, the order on summary judgment adopted Judge Albright's construction verbatim (*see* Dkt. No. 309 at 7). True, the order additionally found that the requirement that "zone scenes" must be formed "according to a common theme" could be satisfied by allowing users to name and save speaker groups. Judge Albright, however, expressly stated that his claim construction ruling would not preclude Sonos from arguing for that conclusion. *See Google v. Sonos*, No. C 6:20-00881-ADA (W.D. Tex. Aug. 10, 2021), Dkt. No. 106 at 37.

*Third*, perhaps in recognition of the foregoing points, Google directly addressed in its summary judgment briefing the possibility that the "common theme" requirement can be satisfied by naming and saving speaker groups. *See* Dkt. No. 249 at 5–7. Google also addressed the issue at oral argument. This shows that Google was on notice that it had to put forth its best case.

2

In sum, Google's own filings repeatedly show that it was aware of the possibility that the "common theme" requirement could be satisfied by naming and saving speaker groups. Despite that awareness, Google chose to withhold certain theories addressing the issue. By way of explanation, Google laments that it "elected to focus its showdown papers on non-infringement and not on prior art invalidity" because of page limits (Br. 1). Google, however, made the strategic choice to raise invalidity in its summary judgment papers, which then forced Sonos to address it for the first time in a fifteen-page reply brief. Google cannot readjust its sails now that it knows which way the judicial winds are blowing. Those theories are therefore waived. *See Pandrol USA, LP v. Airboss Ry. Prods., Inc.*, 320 F.3d 1354, 1366 (Fed. Cir. 2003).

Google's response does not otherwise alter the conclusions made in the order on summary judgment. Accordingly, summary judgment is **GRANTED** in favor of Sonos on the issue of validity of the '885 patent. *See* FRCP 56(f); *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 654–55 (9th Cir. 2016).

**IT IS SO ORDERED.**

Dated: October 18, 2022.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3