QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
James Judah (Bar No. 257112)
jamesjudah@quinnemanuel.com
Lindsay Cooper (Bar No. 287125)
lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Marc Kaplan, *pro hac vice*
marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone:     (312) 705-7400
Facsimile:     (312) 705-7401

*Attorneys for Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>                Plaintiff,<br><br>  vs.<br><br>SONOS, INC.,<br><br>                Defendant. | CASE NO. 3:20-cv-06754-WHA<br>Related to CASE NO. 3:21-cv-07559-WHA<br><br>**DECLARATION OF JOCELYN MA IN SUPPORT OF SONOS, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. NO. 377)** |

I, Jocelyn Ma, declare and state as follows:

1. I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate at Quinn Emanuel Urquhart & Sullivan LLP representing Google LLC ("Google") in this matter. I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2. I make this declaration in support of Sonos, Inc.'s ("Sonos") Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("Administrative Motion") (Dkt. No. 377) filed in connection with Sonos and Google's Joint Discovery Letter Brief ("Joint Discovery Letter") (Dkt. No. 378). If called as a witness, I could and would testify competently to the information contained herein.

3. Google seeks an order sealing the materials as listed below:

| Document | Portions Sonos Sought to Be Filed Under Seal | Portions Google Seeks to Be Filed Under Seal | Designating Party |
|---|---|---|---|
| Joint Discovery Letter | Portions Highlighted in Yellow | Portions Highlighted in Yellow | Google |
| Exhibit 1 to Joint Discovery Letter ("Exhibit 1") | Pages 27-45 of the PDF starting at Google LLC's Third Supplemental Objections and Responses to Plaintiff Sonos, Inc.'s First Set of Fact Discovery Interrogatories | Portions Outlined in Red Boxes | Google |

4. I understand that the Court analyzes sealing requests in connection with discovery motions pursuant to a "good cause" standard. *See Intel Corp. v. Tela Innovations, Inc.*, No. 3:18-CV-02848-WHO, 2018 WL 4501146, at *3 (N.D. Cal. Sept. 18, 2018). I also understand that good cause to seal is shown when a party seeks to seal materials that "contain[ ] confidential information about the operation of [the party's] products and that public disclosure could harm [the party] by disclosing confidential technical information." *Digital Reg. of Texas, LLC v. Adobe Sys., Inc.*, No. C 12–1971 CW, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014). I further understand that courts have found

it appropriate to seal documents that contain "business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 589-99 (1978).

5. The portions of the Discovery Letter highlighted in yellow and the portions of Exhibit 1 outlined in red boxes contain references to Google's confidential business information and trade secrets, including details regarding the architecture and technical operation of Google's products. The specifics of how these functionalities operate is confidential information that Google does not share publicly. Thus, I understand that the public disclosure of such information could lead to competitive harm to Google, as competitors could use these details regarding the architecture and functionality of Google's products to gain a competitive advantage in the marketplace with respect to their competing products. Google has therefore designated this information as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL—SOURCE CODE under the protective order (Dkt. No. 92). Although Sonos's Administrative Motion sought to seal the entirety of pages 27 through 45 of Exhibit 1, Google only seeks to file under seal the portions outlined in red boxes in the unredacted version filed in connection with this Declaration. A less restrictive alternative than sealing would not be sufficient because the information sought to be sealed is Google's confidential business information and trade secrets but has been utilized by the parties in support of their Joint Discovery Letter.

I declare under penalty of perjury under the laws of the United States of America that to the best of my knowledge the foregoing is true and correct. Executed on October 21, 2022, in San Francisco, California.

DATED: October 21, 2022

By:   */s/ Jocelyn Ma*
      Jocelyn Ma