# EXHIBIT 1

# FILED UNDER SEAL

Clement S. Roberts (SBN 209203)
croberts@orrick.com
ORRICK HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
Tel: (415) 773-5700 -- Fax: (415) 773-5759

Alyssa Caridis (SBN 260103)
acaridis@orrick.com
ORRICK HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel: (213) 629-2020 -- Fax: (213) 612-2499

George I. Lee
lee@ls3ip.com
Sean M. Sullivan
sullivan@ls3ip.com
Rory P. Shea
shea@ls3ip.com
J. Dan Smith
smith@ls3ip.com
Michael P. Boyea
boyea@ls3ip.com
Cole B. Richter
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St, Floor 5W
Chicago, IL 60661
Tel: (312) 754-0002 -- Fax: (312) 754-0003

Attorneys for Sonos, Inc.

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE LLC, | Case No. 3:20-cv-6754 |
| Plaintiff, | |
| v. | **SONOS, INC.'S FIRST RULE 30(B)(6) NOTICE OF DEPOSITION OF GOOGLE LLC [CORRECTED]** |
| SONOS, INC., | |
| Defendant. | |

1      TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2          PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(6),

3  Defendant Sonos, Inc. ("Sonos") will take the deposition upon oral examination of Plaintiff

4  Google LLC ("Google"). The deposition will commence on February 3, 2022, at 9:00 a.m., at the

5  offices of Lee Sullivan Shea & Smith LLP, located at 656 W Randolph Street, Floor 5W,

6  Chicago, Illinois 60661, or at another date, time, and/or location agreed upon by counsel.

7  Pursuant to Rule 30(b)(6), Google shall designate one or more of its officers, directors, managing

8  agents, or other persons to testify on its behalf as to matters known or reasonably available to

9  Google concerning the subjects identified in Appendix A attached hereto.

10         PLEASE TAKE FURTHER NOTICE that the deposition will be taken upon oral

11 examination, under oath, before a certified court reporter and will continue from day to day until

12 completed. The deposition will be recorded by audio, video, and/or stenographic means.   The

13 deposition may be taken using video conferencing technology or other agreed upon remote

14 means.

15         Sonos requests that Google identify in writing in advance of the deposition the person(s)

16 designated by Google to testify on its behalf, the job title of such person(s), and the topic(s) on

17 which each such person(s) will testify.

18

19 Dated:  April 1, 2022                          ORRICK HERRINGTON & SUTCLIFFE LLP
                                                 *and*
20                                               LEE SULLIVAN SHEA & SMITH LLP

21                                               By: */s/ Cole B. Richter*
22                                                   Cole B. Richter (admitted *pro hac*)

23                                                   *Attorneys for Sonos, Inc.*

24

25

26

27

28

SONOS'S FIRST 30(B)(6) DEPOSITION
NOTICE TO GOOGLE
CASE NO. 3:20-CV-06754-WHA

1

## DEFINITIONS

2       The Deposition Topics in this Appendix are subject to and incorporate the following

3  definitions:

4       1.      "Defendant" or "Sonos" means Defendant Sonos, Inc.

5       2.      "Plaintiff" or "Google," as well as "You," "Your," and "Yours," means Plaintiff

6  Google LLC, including, without limitation, its agents, officers, employees, representatives, or

7  any Person acting on their behalf, and also includes any corporate subsidiaries, parents, or other

8  affiliated corporations.

9       3.      "Cast-Enabled Media Player(s)" means Google's Chromecast, Chromecast Ultra,

10  Chromecast Audio, Chromecast with Google TV, Home Mini, Nest Mini, Home, Home Max,

11  Home Hub, Nest Hub, Nest Hub Max, Nest Audio, and Nest Wifi Point media players

12  individually and collectively.

13       4.      "Cast-Enabled Display(s)" means Google's Home Hub, Nest Hub, and Nest Hub

14  Max media players individually and collectively.

15       5.      "Pixel Device(s)" means Google's "Pixel" branded smartphones, tablets, and

16  other computer devices, including but not limited to, the Pixel, Pixel XL, Pixel 2, Pixel 2 XL,

17  Pixel 3, Pixel 3 XL, Pixel 3a, Pixel 3a XL, Pixel 4, Pixel 4 XL, Pixel 4a, Pixel 4a (5G), Pixel 5,

18  Pixel 5a (5G), Pixel 6, and Pixel 6 Pro phones, the Pixel Slate tablet, and the Pixelbook and

19  Pixelbook Go laptops individually and collectively.

20       6.      "Accused Cast-Enabled App(s)" means the YouTube app, YouTube Kids app,

21  YouTube Music app, YouTube TV app, Google Play Music app, Google Podcasts app, and

22  Spotify app accessible via either an app store or Chromecast-enabled site URL[1] (including

23  youtube.com, music.youtube.com, tv.youtube.com, and spotify.com) individually and

24  collectively.

25       7.      "Accused Instrumentality" means any product, including variants and

26  substantially similar products, identified pursuant to Patent L.R. 3-1(b) in Sonos's October 21,

27

28  [1] *See, e.g.,* https://support.google.com/chromecast/answer/3265953?hl=en.

SONOS'S FIRST 30(B)(6) DEPOSITION
NOTICE TO GOOGLE
CASE NO. 3:20-CV-06754-WHA

1  2021 Disclosure of Asserted Claims and Infringement Contentions or any amendment to Sonos's

2  Disclosure of Asserted Claims and Infringement Contentions.

3      8.      "Accused Functionalities" means:

4      (i) Any and all functionalities that facilitate creating a "speaker group" using the Google

5  Home app and playing media (e.g., music) from the speaker group, where the term "speaker

6  group" has the meaning used by Google.  *See, e.g.*,

7  https://support.google.com/googlenest/answer/7174267:



22      (ii) Any and all functionalities that facilitate using an Accused Cast-Enabled App on a

23  computer device to transfer the playing of media (a) from the computer device to one or more

24  Cast-Enabled Media Players and (b) from the one or more Cast-Enabled Media Players to the

25  computer device, including but not limited to, any and all functionalities that facilitate the feature

SONOS'S FIRST 30(B)(6) DEPOSITION
NOTICE TO GOOGLE
CASE NO. 3:20-CV-06754-WHA

1  Google refers to as "Casting."  *See, e.g.*, https://support.google.com/googlenest/answer/7181830:

## Step 1. Cast from Chromecast-enabled apps to speaker or display

1. Make sure your mobile device or tablet is connected to the same Wi-Fi network or linked to the same account as your speaker or display.
2. Open a Chromecast-enabled app.
3. Tap the Cast icon 🔲.
4. Tap the speaker or display you'd like to cast to.
5. When you're connected, the Cast icon will turn from light to dark gray, and will let you know you're connected.
6. You can now cast audio and video to your speaker or display from your device.
7. To stop casting, at the top of your device, tap the Cast icon 🔲. In the box that appears, tap **Stop Casting**.

(iii) Any and all functionalities that facilitate transferring the playing of media (a) from a Cast-Enabled Display to one or more other Cast-Enabled Media Players and (b) from the one or more other Cast-Enabled Media Players to the Cast-Enabled Display, including but not limited to, any and all functionalities that facilitate the feature Google refers to as "Stream Transfer." *See, e.g.*, https://www.blog.google/products/google-nest/move-your-music-stream-transfer/:

Stream transfer is a new feature that lets you easily move music, videos, podcasts and more between compatible devices in your home using your voice, the Google Home app or the touchscreen on your Nest smart display.

Here's how you can give it a try:

* * *

- **Move YouTube videos between your Nest smart display and Chromecast-enabled TV:** Browse for your favorite YouTube videos on Nest Hub Max, and tap the cast control on the screen to move it to your Chromecast-connected TV. Or, say "Hey Google, play it on living room TV."

- **Fill your home with music:** If you have more than one Google Home and Nest smart speaker or display, you can set up a speaker group in the Home App. Transfer music from a single speaker to the speaker group to fill your whole home with music.

*See, e.g.*, https://support.google.com/googlenest/answer/9563059:

SONOS'S FIRST 30(B)(6) DEPOSITION
NOTICE TO GOOGLE
CASE NO. 3:20-CV-06754-WHA

Google Nest Hub Max

1. On your Nest Hub Max's home screen, tap the active media card to bring up the media player.
2. At the bottom left corner of the screen, tap Devices ⬜ to find the list of available devices and speaker groups.
3. Select the device(s) to which you want to move your media.
4. Deselect the device(s) from which you want to move your media.

(iv) Any and all functionalities that facilitate a computer device or Cast-Enabled Media Player receiving and playing media in connection with any of the Accused Cast-Enabled Apps, including but not limited to, any and all functionalities that facilitate the feature Google refers to as "Up Next" and the feature Google refers to as "Autoplay." *See, e.g.*, https://www.youtube.com/howyoutubeworks/product-features/recommendations/:

> The Up Next panel appears when you're watching a video. It suggests additional content
> based on whatever you're currently watching, alongside other videos that we think you
> may be interested in.



'Up next' videos on watch page

*See, e.g.*, https://support.google.com/youtube/answer/6327615:

## Autoplay videos

The Autoplay feature on YouTube makes it easier to decide what to watch next. When Autoplay is on, another related video will automatically play after a video ends.

9.    "Cast-Related Revenue" means any revenue for Google that is related to, connected to, and/or promoted by the Accused Instrumentalities and/or Accused Cast-Enabled

1  Apps, including but not limited to, Google revenue from the sale of the Accused

2  Instrumentalities and/or Accused Cast-Enabled Apps; Google revenue associated with Google's

3  own subscription-based streaming media services (e.g., Google revenue associated with Google

4  Play Music, YouTube Music Premium, and/or YouTube TV subscriptions) provided via the

5  Accused Cast-Enabled Apps; Google revenue associated with third-party subscription-based

6  streaming media services (e.g., Google revenue share associated with Spotify Premium, Pandora

7  Plus, and/or Pandora Premium subscriptions purchased through the Google Play store) provided

8  via the Accused Cast-Enabled Apps; Google revenue associated with advertisements provided

9  via the Cast-Enabled Media Players and/or Accused Cast-Enabled Apps; Google revenue

10  associated with searches initiated via the Cast-Enabled Media Players and/or the Accused Cast-

11  Enabled Apps; Google revenue associated with in-app purchases made within the Accused Cast-

12  Enabled Apps; Google revenue associated with ecommerce transactions initiated via the Cast-

13  Enabled Media Players and/or Accused Cast-Enabled Apps; any Google revenue associated with

14  consumer data collected via the Cast-Enabled Media Players, Accused Cast-Enabled Apps,

15  and/or servers or cloud-based infrastructure identified by Sonos as Accused Instrumentalities

16  (e.g., Google revenue associated with the sale of such consumer data and/or Google revenue

17  associated with advertisements that target consumers based at least in part on such consumer

18  data); and any Google revenue associated with the Accused Cast-Enabled App's use of the

19  Google Cloud Platform (e.g., revenue associated with hosting the Accused Cast-Enabled Apps

20  and/or related streaming media services and functionality, revenue associated with storing media

21  associated with streaming media services provided via the Accused Cast-Enabled Apps, and/or

22  revenue associated with storing user profiles associated with the Accused Cast-Enabled Apps).

23        10.    The "'615 Patent" means United States Patent No. 9,967,615, dated May 8, 2018

24  and titled "Networked Music Playback."

25        11.    The "'966 Patent" means United States Patent No. 10,469,966, dated November

26  5, 2019 and titled "Zone Scene Management."

27        12.    The "'033 Patent" means United States Patent No. 10,779,033, dated September

28  15, 2020 and titled "Systems and Methods for Networked Music Playback."

SONOS'S FIRST 30(B)(6) DEPOSITION
NOTICE TO GOOGLE
CASE NO. 3:20-CV-06754-WHA

13. The "'885 Patent" means United States Patent No. 10,848,885, dated November 24, 2020 and titled "Zone Scene Management."

14. "Asserted Patent(s)" means the '615 Patent, the '966 Patent, the '033 Patent, and the '885 Patent individually and collectively.

15. "Related Patent(s)" shall mean any patent or patent application individually and collectively that (i) claims priority to any of the Asserted Patents, (ii) is identified as priority for any of the Asserted Patents, or (iii) claims priority to any application which any of the Asserted Patents claims priority. "Related Patent" includes, but is not limited to, all continuations or continuations-in-part, provisionals, divisionals, and reissues of any of the Asserted Patents.

16. The term "Prior Art" shall refer to all publications, patents, physical devices, prototypes, source code, products, manufactures, uses, sales, offers for sale, imports or other activities concerning the subject matter of the Asserted Patents and existing on or occurring at a date such as to be relevant under any subdivision of 35 U.S.C. §§ 102 or 103.

17. The term "Patent Laws" shall refer to Title 35 of the United States Code.

18. The term "infringe" or any variation thereof, including "infringing," "infringement" and "infringer," shall refer to the commission of any act constituting infringement under the Patent Laws, including but not limited to 35 U.S.C. § 271.

19. The term "instrumentality" shall mean any process, machine, manufacture or composition of matter, or improvement thereof, within the meaning of the Patent Laws, including 35 U.S.C. § 101.

20. "Communication(s)" shall mean, including its usual and customary meaning, any transmission, conveyance or exchange of a word, statement, fact, thing, idea, document, instruction, information, demand or question by any medium, whether by written, oral or other means, including but not limited to, electronic Communications and electronic mail.

21. "Document(s)" shall have the broadest meaning ascribed to it by Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001, and shall include within its meaning any and all papers, videotapes or video recordings, photographs, films, recordings, memoranda, books, records, accounts, letters, telegrams, correspondence, notes of meetings, notes of

conversations, notes of telephone calls, inter-office memoranda or written Communications of any nature, recordings of conversations either in writing or by means of any mechanical or electrical recording device, notes, papers, reports, analyses, invoices, canceled checks or check stubs, receipts, minutes of meetings, time sheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements, telephone bills, logs and any differing versions of the foregoing whether denominated formal, informal or otherwise, as well as copies of the foregoing which differ in any way, including handwritten notations or other written or printed matter of any nature, from the original. The foregoing specifically includes the information stored in any form, including electronic form, on a computer or in a computer database or otherwise, including electronic mail. Moreover, the term "document" shall also include all "technical documents," such as source code, specifications, schematics, flowcharts, artwork, drawing, pictures, pictorial representations, formulas, troubleshooting guides, service bulletins, technical bulletins, production specification sheets, white papers, operator manuals, operation manuals and instruction manuals.

22.    "Thing(s)" refers to any physical specimen or tangible item, including research and development models, samples, prototypes, and the like.

23.    "Person(s)" refers to all natural persons and all types and kinds of business or other entities, including but not limited to, corporations, limited liability companies, partnerships, joint ventures, associations, sole proprietorships, government bodies and government agencies. Any reference to an individual person, either singularly or as part of a defined group, includes that person's employees, agents, legal and non-legal representatives, heirs, successors, assigns and any other person or entity acting on the behalf of such individual person. Any reference to a corporation or any other entity also refers to and includes any and all parents, subsidiaries, predecessors, successors, affiliates, partners, joint ventures, agents, employees, representatives, accountants, investment bankers, consultants or attorneys acting on behalf of the corporation or other entity. The masculine includes the feminine and vice versa; the singular includes the plural and vice versa.

24.    "Entity" or "Entities" means, including without limitation, corporation, company

SONOS'S FIRST 30(B)(6) DEPOSITION
NOTICE TO GOOGLE
CASE NO. 3:20-CV-06754-WHA

firm, partnership, joint venture, association, governmental body or agency, or persons other than a natural person.

25.     The terms "relate to," "reflecting," "relating to," or "concerning" or any variations thereof, shall mean relating to, referring to, concerning, mentioning, reflecting, regarding, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), or are between (as in the context of Communications), as the context makes appropriate.

26.     "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each Deposition Topic all information that might otherwise be construed outside the scope.

27.     "Any" shall include "all" and "All" shall include "any."

28.     The term "including" shall mean including without limitation.

29.     The use of the singular form of any word includes the plural and vice versa.

30.     The use of any tense of any word includes all other tenses.

31.     Definitions or usages of words or phrases in these Deposition Topics are not intended to be, and shall not be, construed as admissions as to the meaning of words or phrases at issue in the action, and shall have no binding effect on Sonos in this or in any other proceeding.

32.     All Deposition Topics are for discovery purposes only and are not to be construed as limiting or reflecting Sonos's positions in this case.

SONOS'S FIRST 30(B)(6) DEPOSITION
NOTICE TO GOOGLE
CASE NO. 3:20-CV-06754-WHA

1

**DEPOSITION TOPICS**

2

**TOPIC NO. 1**

3       The design and operation of the Accused Functionalities, including:

4       (i) the design and operation of the aforementioned "speaker group" Accused

5   Functionality[2] and source code that facilitates the same;

6       (ii) the design and operation of the aforementioned "Casting" Accused Functionality[3]

7   relating to, and source code that facilitates the same for, each of: (a) the YouTube app, (b) the

8   YouTube Kids app, (c) the YouTube Music app, (d) the YouTube TV app, (e) the Google Play

9   Music app, (f) the Google Podcasts app, and (g) the Spotify app;

10      (iii) the design and operation of the aforementioned "Stream Transfer" Accused

11  Functionality[4] relating to, and source code that facilitates the same for, each of: (a) the YouTube

12  app, (b) the YouTube Music app, (c) the Google Play Music app, (d) the Google Podcasts app,

13  and (e) the Spotify app;

14      (iv) the design and operation of a Cast-Enabled Media Player receiving and playing a

15  sequence of media items (e.g., songs, videos, podcast episodes, etc.), individually and

16  collectively with one or more other Cast-Enabled Media Players, in connection with, and source

17  code that facilitates the same for, each of: (a) the YouTube media service, (b) the YouTube Kids

18  media service, (c) the YouTube Music media service, (d) the YouTube TV media service, (e) the

19  Google Play Music media service, (f) the Google Podcasts media service, and (g) the Spotify

20  media service;

21      (v) the design and operation of a computer device, such as a Pixel device, receiving and

22  playing a sequence of media items (e.g., songs, videos, podcast episodes, etc.) in connection

23  with, and source code that facilitates the same for, each of: (a) the YouTube media service, (b)

24  the YouTube Kids media service, (c) the YouTube Music media service, (d) the YouTube TV

25  media service, (e) the Google Play Music media service, (f) the Google Podcasts media service,

26

27  [2] *See supra* Definitions at ¶ 8(i).
    [3] *See supra* Definitions at ¶ 8(ii).
28  [4] *See supra* Definitions at ¶ 8(iii).

SONOS'S FIRST 30(B)(6) DEPOSITION
NOTICE TO GOOGLE
CASE NO. 3:20-CV-06754-WHA

1 | and (g) the Spotify media service;

2 |       (vi) the design and operation of the aforementioned "Up Next" Accused Functionality[5]

3 | relating to, and source code that facilitates the same for, each of: (a) the YouTube app, (b) the

4 | YouTube Kids app, (c) the YouTube Music app, (d) the YouTube TV app, (e) the Google Play

5 | Music app, and (f) the Google Podcasts app; and

6 |       (vii) the design and operation of the aforementioned "Autoplay" Accused Functionality[6]

7 | relating to, and source code that facilitates the same for, each of: (a) the YouTube app, (b) the

8 | YouTube Kids app, (c) the YouTube Music app, (d) the YouTube TV app, (e) the Google Play

9 | Music app, and (f) the Google Podcasts app.

10 | **TOPIC NO. 2**

11 |       The sales, prices, costs (e.g., fixed and variable costs), revenues (e.g., all Cast-Related

12 | Revenues), downloads, installs, and profits (e.g., gross, operating, incremental, and net)

13 | associated with each Accused Instrumentality and Accused Cast-Enabled App from May 2018 to

14 | present.

15 | **TOPIC NO. 3**

16 |       Google's plans, strategies, projections, and forecasts for the sale and marketing of each

17 | Accused Instrumentality, Accused Cast-Enabled App, and Accused Functionality, including

18 | analyses relating to lifetime values, unit sales, unit downloads, unit installs, revenues (e.g., all

19 | Cast-Related Revenues), costs, profits, pricing, price negotiations, marketing strategy,

20 | competition, competitive analysis, economic and technical advantages, market segments, market

21 | share, market size, and customer base.

22 | **TOPIC NO. 4**

23 |       Customer use, feedback, demand, surveys, comments, comparisons, and/or complaints

24 | relating to the Accused Functionalities.

25 |

26 |

27 | _____

[5] *See supra* Definitions at ¶ 8(iv).

28 | [6] *See supra* Definitions at ¶ 8(iv).

1

Dated:  April 1, 2022

ORRICK HERRINGTON & SUTCLIFFE LLP
*and*
LEE SULLIVAN SHEA & SMITH LLP

2

3

By: */s/ Cole B. Richter*
    Cole B. Richter (admitted *pro hac*)

4

5

*Attorneys for Sonos, Inc.*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SONOS'S FIRST 30(B)(6) DEPOSITION
NOTICE TO GOOGLE
CASE NO. 3:20-CV-06754-WHA

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC, | CASE NO. 3:20-cv-06754-WHA |
| Plaintiff, | **GOOGLE LLC'S OBJECTIONS AND RESPONSES TO SONOS, INC.'S JANUARY 5, 2022 RULE 30(b)(6) NOTICE OF DEPOSITION OF GOOGLE LLC** |
| vs. | |
| SONOS, INC., | |
| Defendant. | |

1    Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Plaintiff Google LLC

2 ("Google") hereby objects and responds as follows to Sonos, Inc.'s ("Sonos") Rule 30(b)(6) Notice

3 of Deposition of Google LLC ("Notice") served on January 5, 2022.  These formal objections and

4 responses are supplemental to any communications already exchanged between the parties

5 regarding the above-referenced notice.  In addition, the objections and responses set forth in this

6 document are based on Google's knowledge, investigations, and analysis to date.  As discovery

7 proceeds, Google may become aware of additional facts or evidence and its analysis of the case may

8 change.  Google reserves the right to supplement and amend these objections and responses if and

9 when additional information becomes available.

10                                 **GENERAL OBJECTIONS**

11    Google makes the following General Objections to each and every definition, instruction,

12 and topic in Sonos's Notice.  Each of these objections is incorporated into the Specific Objections

13 set forth below, whether or not separately set forth therein.  By responding to any of the topics or

14 failing to specifically refer to or specify any particular General Objection in response to a particular

15 topic, Google does not waive any of these General Objections, nor does it admit or concede the

16 appropriateness, relevance, materiality, or admissibility in evidence of any purported topic or any

17 assumptions contained therein.

18    1.    Google objects to each topic, and to the definitions, to the extent that they purport to

19 impose any obligations upon Google beyond the Federal Rules of Civil Procedure, the Local Rules

20 of the United States District Court for the Northern District of California, and the Court's orders

21 regarding limits on discovery in this litigation, or any other applicable rule or law.

22    2.    Google objects to each and every topic to the extent that it fails to comply with

23 Federal Rule of Civil Procedure 30(b)(6), which requires a party seeking testimony from an

24 organization to "describe with reasonable particularity the matters for examination."  *See also*

25 Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before

26 Judge Alsup ¶ 32(a) (topics must be "described with 'reasonable particularity'"); *Astellas Pharma,*

27 *Inc. v. Impax Labs., Inc.*, No. C 08-3466 JW (RS), 2009 U.S. Dist. LEXIS 75061, at *9 (N.D. Cal.

28 Aug. 4, 2009) (FRCP Rule 30(b)(6) topics must be "narrowly tailored"); *Adidas Am., Inc. v. TRB*

*Acquisitions Ltd. Liab. Co.*, 324 F.R.D. 389, 395 (D. Or. 2017) (for FRCP Rule 30(b)(6) "to effectively function, the requesting party must take care to designate, *with painstaking specificity*, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute.") (emphasis in original).

3.      Google objects to each and every topic to the extent that it prematurely seeks disclosure of information before Google is required to disclose such information in accordance with any applicable law or rule, such as the Northern District of California Local Rules or any order in this action.

4.      Google objects to each topic to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

5.      Google objects to each topic to the extent that it seeks information that is not relevant to the subject matter of this action and is not proportional to the needs of the case.

6.      Google objects to each and every topic to the extent that it is vague, ambiguous, unintelligible, overbroad, unduly burdensome, or seeks information that is not relevant to the subject matter of this action or not proportional to the needs of the case.  Google notes that many of the topics in the Notice are so broad and general, and unbounded as to time period, that it would be practically impossible to educate any one person to testify on the topics at a granular level.  Where Google has agreed to produce a witness to testify on a particular topic, the witness will be prepared to provide a reasonable level of detail on the topic. *See United States v. HVI Cat Canyon, Inc.*, 2016 WL 11683593, at *9–11 (C.D. Cal. Oct. 26, 2016) (explaining that "[i]t is simply impractical to expect Rule 30(b)(6) witnesses to know the intimate details of everything" and holding that the broad scope of the topics in deposition notice "would make witness preparation a nearly impossible task").

7.      Google objects to each topic to the extent that it uses words in a manner inconsistent with or unsupported by the plain language of the word.  To the extent possible, Google and its representatives will apply a reasonable interpretation based on the plain meaning of the words used.

8.      Google objects to each topic to the extent that it seeks information that does not already exist, that is in the possession of third parties, or that is not in Google's possession, custody, or control.

9.      Google objects to each topic to the extent that it requires Google to provide information beyond what is available to Google at present from a reasonable search of its own files likely to contain relevant or responsive documents and from a reasonable inquiry of its present employees.

10.     Google objects to each topic to the extent that it seeks information protected by privacy law and/or policy.

11.     Google objects to each topic to the extent that it seeks information that Google is not permitted to disclose pursuant to confidentiality obligations or agreements with third parties.

12.     Google objects to each and every topic to the extent that it calls for a legal conclusion or requires Google to render what would be considered an expert opinion.

13.     Google objects to each topic to the extent that it would require Google to perform a technical analysis of any accused product or prior art.

14.     Google objects to each topic to the extent that it seeks information that is already in Sonos's possession or available to Sonos from some other source that is more convenient, less burdensome, or less expensive, including information that is publicly available, uniquely within the control of Sonos, or equally available to both Google and Sonos.

15.     Google objects to each and every topic to the extent that it is duplicative of other discovery that Sonos has sought, and Sonos has not articulated why the requested testimony is relevant or proportional to the needs of the case in light of the documents and source code Google has produced.

16.     Google responds to these topics based upon its current understanding and reserves the right to supplement its responses if any additional information is identified at a later time and to make any additional objections that may become apparent.  Google's investigation in this action is ongoing, and Google reserves the right to rely on and introduce information in addition to any

information provided in response to this Notice at the trial of this matter or in other related proceedings.

17.  Google's responses are not to be construed as an admission that any definition provided by Sonos is either factually correct or legally binding against Google, that any of the requested information exists, that any information is admissible, relevant or proportional to the needs of the case, or that any contention or assumption contained in the topic, whether implicit or explicit, is correct.

18.  Google objects to each and every topic to the extent that it seeks information in a format, or at a level of detail, other than that which is ordinarily kept and maintained by Google in its regular course of business.

19.  Google objects to each topic to the extent that it requests Google to provide "all" information about a particular subject on the grounds that such requests are overbroad, unduly burdensome, and not proportional to the needs of the case.

20.  To the extent the deposition proceeds remotely, Google objects to using any non-Google videoconferencing service.  Google is willing to present its witnesses using the Google Meet platform only.

21.  Google objects to the definitions of "Plaintiff," "You," "Your," and "Yours" on the grounds that the definitions are overly broad, unduly burdensome, and vague, including but not limited to the extent that they include: any Google parent, subsidiary, division, or related company; any business entity controlled by or operated on behalf thereof; any predecessors thereof; and any and all agents, directors, owners, officers, attorneys, employees, representatives, subcontracts, and/or any person acting on its behalf.

22.  Google objects to the definition of "Accused Cast-Enabled App(s)" on the grounds that the definition is overly broad, unduly burdensome, and vague, including but not limited to the extent that it includes: any Google Cast-enabled app other than the YouTube Music app, Google Play Music app, YouTube app, YouTube Kids app and YouTube TV app, and any third-party Cast-enabled app that allows a user to "cast" to an Accused Cast-Enabled Media Player (including but not limited to third-party apps outside of Google's control such as the Spotify app), and any Cast-

enabled software (e.g., firmware and/or Cast-enabled apps) executable on an Accused Cast-Enabled Display that enables a user to "[m]ove media from one cast device to another," either collectively or individually. Google will respond with respect to the YouTube Music app, Google Play Music app, YouTube app, YouTube Kids app and YouTube TV app.

23. Google objects to the definition of "Cast-Related Revenue" as overly broad, burdensome, and not proportional to the needs of the case, including to the extent it (i) seeks information regarding categories of revenue "connected to and/or promoted by" but not directly tied to or resulting from the Accused Instrumentalities, (ii) seeks information that is not relevant to any claim or defense of any party or to the subject matter of this action, including to the extent it seeks information regarding non-accused products or instrumentalities such as "third-party subscription based streaming media services," (iii) seeks information that is not reasonably tied to a measure of potential damages for alleged infringement of the accused products or instrumentalities, including but not limited to the extent it seeks information regarding "Google revenue associated with third-party subscription-based streaming media services," "Google revenue associated with advertisements," "Google revenue associated with in-app purchases," "Google revenue associated with ecommerce transactions" and/or "Google revenue associated with consumer data," and (iv) is unlimited in time or geographic scope and may include information about products outside of the United States.

24. Google incorporates by reference its General Objections in each of the specific responses set forth below.

### SPECIFIC OBJECTIONS

Subject to the foregoing General objections, Google objects and responds to Sonos's deposition topics as follows:

### TOPIC NO. 1:

The design and operation of the Accused Functionalities, including:

(i) the design and operation of the aforementioned "speaker group" Accused Functionality and source code that facilitates the same;

1    (ii) the design and operation of the aforementioned "Casting" Accused Functionality relating

2    to, and source code that facilitates the same for, each of: (a) the YouTube app, (b) the YouTube

3    Kids app, (c) the YouTube Music app, (d) the YouTube TV app, (e) the Google Play Music app, (f)

4    the Google Podcasts app, and (g) the Spotify app;

5    (iii) the design and operation of the aforementioned "Stream Transfer" Accused

6    Functionality relating to, and source code that facilitates the same for, each of: (a) the YouTube app,

7    (b) the YouTube Music app, (c) the Google Play Music app, (d) the Google Podcasts app, and (e)

8    the Spotify app;

9    (iv) the design and operation of a Cast-Enabled Media Player receiving and playing a

10   sequence of media items (e.g., songs, videos, podcast episodes, etc.), individually and collectively

11   with one or more other Cast-Enabled Media Players, in connection with, and source code that

12   facilitates the same for, each of: (a) the YouTube media service, (b) the YouTube Kids media

13   service, (c) the YouTube Music media service, (d) the YouTube TV media service, (e) the Google

14   Play Music media service, (f) the Google Podcasts media service, and (g) the Spotify media service;

15   (v) the design and operation of a computer device, such as a Pixel device, receiving and

16   playing a sequence of media items (e.g., songs, videos, podcast episodes, etc.) in connection with,

17   and source code that facilitates the same for, each of: (a) the YouTube media service, (b) the

18   YouTube Kids media service, (c) the YouTube Music media service, (d) the YouTube TV media

19   service, (e) the Google Play Music media service, (f) the Google Podcasts media service, and (g)

20   the Spotify media service;

21   (vi) the design and operation of the aforementioned "Up Next" Accused Functionality

22   relating to, and source code that facilitates the same for, each of: (a) the YouTube app, (b) the

23   YouTube Kids app, (c) the YouTube Music app, (d) the YouTube TV app, (e) the Google Play

24   Music app, and (f) the Google Podcasts app; and

25   (vii) the design and operation of the aforementioned "Autoplay" Accused Functionality

26   relating to, and source code that facilitates the same for, each of: (a) the YouTube app, (b) the

27   YouTube Kids app, (c) the YouTube Music app, (d) the YouTube TV app, (e) the Google Play

28   Music app, and (f) the Google Podcasts app.

GOOGLE LLC'S OBJECTIONS AND RESPONSES TO SONOS, INC.'S JANUARY 5, 2022 RULE 30(B)(6)
NOTICE OF DEPOSITION OF GOOGLE LLC

**RESPONSE TO TOPIC NO. 1:**

Google incorporates by reference its General Objections.  Google objects to this topic as an improper attempt to circumvent the Court's rule restricting the parties to no more than ten topics.  *See* Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge William Alsup ¶ 32 ("a party may seek FRCP 30(b)(6) depositions from another party on up to a total of ten subject matters (for the entire case)").  As this topic contains at least seven subparts and thirty-eight sub-subparts, the topic actually addresses thirty-nine topics.  Google further objects that this topic addresses third-party applications that are not within Google's control such as the Spotify app.  Google also objects that this topic seeks testimony on unaccused products such as the Google Podcasts app.

Google objects that this topic fails to describe with reasonable particularly the matters for examination.  *See Memory Integrity, LLC v. Intel Corp.*, 308 F.R.D. 656, 661 (D. Or. 2015) ("the requesting party must take care to designate, with *painstaking specificity*, the particular subject areas that are intended to be questioned") (emphasis in original) (internal marks and citations omitted).  For example, it would be highly burdensome and not proportional to the needs of the case for Google to designate a witness or witnesses to testify about the design and operation of six different functionalities across seven different software products and 1,609 different hardware products without any temporal limitation.  *Id.* (denying motion to compel Rule 30(b)(6) deposition on "broad" topics in a patent case)  For the "speaker group"-related accused functionalities, Google is willing to provide information from November 5, 2019 to present.  For the "casting"-related accused functionalities, Google is willing to provide information from May 8, 2018 to present.

Google also objects to this topic as overly broad, vague, and ambiguous because it does not define "design" and "operation."  Google additionally objects to this topic on the ground that the information sought on this topic is duplicative of information sought by Sonos in Interrogatory Nos. 3, 14, and 15 and Request for Production Nos. 3, 4, 13, 14, 15, 19, 20, and 29.

Subject to and without waiving its general and specific objections, Google is willing to provide a witness or witnesses who will be prepared to testify to a reasonable level of detail

1   regarding the design and operation of the accused functionalities listed in (i)-(vii) above, as well as

2   any source code that facilitates the same.

3   **TOPIC NO. 2:**

4        The sales, prices, costs (e.g., fixed and variable costs), revenues (e.g., all Cast-Related

5   Revenues), downloads, installs, and profits (e.g., gross, operating, incremental, and net) associated

6   with each Accused Instrumentality and Accused Cast-Enabled App from May 2018 to present.

7   **RESPONSE TO TOPIC NO. 2:**

8        Google incorporates by reference its General Objections, including specifically its objection

9   to the definition of "Cast-Related Revenues."  Google objects to this topic because it is overly broad,

10   vague, ambiguous, and does not describe with reasonable particularity the matters on which

11   examination is requested, including as to the undefined terms and phrases "sales," "prices," "costs,"

12   "revenues," "downloads," "installs," and "profits."  Given the "breadth" of this topic, "adequately

13   preparing would unduly strain any deponent's abilities."  *Pres. Techs. LLC v. MindGeek USA, Inc.*,

14   No. 217CV08906DOCJPR, 2020 WL 10965163, at *4 (C.D. Cal. Oct. 19, 2020).

15        Google further objects to this topic as irrelevant, unduly burdensome, and not proportional

16   to the needs of the case, including to the extent this topic seeks testimony on matters that are entirely

17   unrelated to Sonos's infringement theories, the asserted patents, the technology at issue, and/or the

18   claims and defenses of this case.  Google specifically objects to Sonos's definition of "cast-related

19   revenue" as highly burdensome and not proportional to the needs of the case.  Google also objects

20   to this topic to the extent it is not geographically constrained.  Google additionally objects to this

21   topic on the ground that the information sought on this topic is duplicative of information sought by

22   Sonos in Interrogatory Nos. 9, 10, and 11 and Request for Production Nos. 46, 47, 49, 50, 52, and

23   53.

24        Subject to and without waiving its general and specific objections, Google is willing to

25   provide a witness or witnesses who will be prepared to testify to a reasonable level of detail

26   regarding the financial information it produced in this case at GOOG-SONOSNDCA-00055305.

27

28

**TOPIC NO. 3:**

Google's plans, strategies, projections, and forecasts for the sale and marketing of each Accused Instrumentality, Accused Cast-Enabled App, and Accused Functionality, including analyses relating to lifetime values, unit sales, unit downloads, unit installs, revenues (e.g., all Cast-Related Revenues), costs, profits, pricing, price negotiations, marketing strategy, competition, competitive analysis, economic and technical advantages, market segments, market share, market size, and customer base.

**RESPONSE TO TOPIC NO. 3:**

Google incorporates by reference its General Objections. Google objects to this topic because it is overly broad, vague, ambiguous, and does not describe with reasonable particularity the matters on which examination is requested, including as to the undefined terms and phrases "plans," "strategies," "projections," "forecasts," "sale," "marketing," "analyses," "lifetime values," "unit sales," "unit downloads," "unit installs," "revenues," "costs," "profits," "pricing," "negotiations," "strategy," "competition," "competitive analysis," "economic and technical advantages," "market segments," "market share," "market size," and "customer base." Given the "breadth" of this topic, "adequately preparing would unduly strain any deponent's abilities." *Pres. Techs. LLC v. MindGeek USA, Inc.*, No. 217CV08906DOCJPR, 2020 WL 10965163, at *4 (C.D. Cal. Oct. 19, 2020).

Google further objects to this topic as irrelevant, unduly burdensome, and not proportional to the needs of the case, including to the extent this topic seeks testimony on matters that are entirely unrelated to Sonos's infringement theories, the asserted patents, the technology at issue, and/or the claims and defenses of this case. Google also objects to this topic to the extent it is not temporally or geographically constrained. Google additionally objects to this topic on the ground that the information sought on this topic is duplicative of information sought by Sonos in Interrogatory No. 17 and Request for Production Nos. 6, 25, 26, 27, 28, and 45.

Subject to and without waiving its general and specific objections, Google is willing to provide a witness or witnesses who will be prepared to testify to a reasonable level of detail regarding (1) Google's strategies for the sale and marketing of the accused functionalities, the

accused software apps and the accused hardware products; (2) the competitive relationship between the parties to the extent there is one; (3) the financial information Google produced in this case at GOOG-SONOSNDCA-00055305; and (4) metrics information regarding installs of the accused software apps and usage of the accused functionality that Google anticipates producing in the coming weeks.

**TOPIC NO. 4:**

Customer use, feedback, demand, surveys, comments, comparisons, and/or complaints relating to the Accused Functionalities.

**RESPONSE TO TOPIC NO. 4:**

Google incorporates by reference its General Objections.  Google objects to this topic because it is overly broad, vague, ambiguous, and does not describe with reasonable particularity the matters on which examination is requested, including as to the undefined terms and phrases "[c]ustomer use," "feedback," "demand," "surveys," "comments," and "complaints."  Given the "breadth" of this topic, "adequately preparing would unduly strain any deponent's abilities."  *Pres. Techs. LLC v. MindGeek USA, Inc.*, No. 217CV08906DOCJPR, 2020 WL 10965163, at *4 (C.D. Cal. Oct. 19, 2020).

Google further objects to this topic as irrelevant, unduly burdensome, and not proportional to the needs of the case, including to the extent this topic seeks testimony on matters that are entirely unrelated to Sonos's infringement theories, the asserted patents, the technology at issue, and/or the claims and defenses of this case.  Google also objects to this topic to the extent it is not temporally or geographically constrained.  Google additionally objects to this topic on the ground that the information sought on this topic is duplicative of information sought by Sonos in Interrogatory No. 4 and Request for Production No. 24.

Subject to and without waiving its general and specific objections, Google is willing to provide a witness or witnesses who will be prepared to testify to a reasonable level of detail regarding (1) customer feedback, including comments and/or complaints regarding the accused functionalities to the extent such feedback exists and is reasonably within Google's possession,

1   custody and control, and (2) metrics information regarding usage of the accused functionality that

2   Google anticipates producing in the coming weeks.

4   DATED:  February 3, 2022                    QUINN EMANUEL URQUHART & SULLIVAN,
                                                LLP

                                                By:    /s/ Charles K. Verhoeven
6                                                      Charles K. Verhoeven (Bar No. 170151)
7                                                      charlesverhoeven@quinnemanuel.com
                                                       Melissa Baily (Bar No. 237649)
8                                                      melissabaily@quinnemanuel.com
                                                       Lindsay Cooper (Bar No. 287125)
9                                                      lindsaycooper@quinnemanuel.com
10                                              50 California Street, 22nd Floor
                                                San Francisco, California 94111-4788
11                                              Telephone:    (415) 875-6600
                                                Facsimile:    (415) 875-6700
12
                                                    *Attorneys for GOOGLE LLC*
13

GOOGLE LLC'S OBJECTIONS AND RESPONSES TO SONOS, INC.'S JANUARY 5, 2022 RULE 30(B)(6)
NOTICE OF DEPOSITION OF GOOGLE LLC

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Attorneys for GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC, <br><br> Plaintiff <br><br> v. <br><br> SONOS, INC., <br><br> Defendant. | Case No. 3:20-cv-06754-WHA |

**GOOGLE LLC'S THIRD SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF SONOS, INC.'S FIRST SET OF FACT DISCOVERY INTERROGATORIES (NOS. 13, 14, 15)**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Google LLC ("Google") hereby objects and responds to Plaintiff Sonos, Inc.'s ("Sonos") First Set of Fact Discovery Interrogatories to Defendant ("Interrogatories"). Google responds to these Interrogatories based on its current understanding and the information reasonably available to Google at the present time. Google reserves the right to supplement these responses if and when additional information becomes available.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

## GENERAL OBJECTIONS AND RESPONSES

1.      These responses are made only for the purposes of discovery in this action. Each response is subject to all appropriate objections as to competence, relevance, materiality, and any and all other objections and grounds that would require the exclusion of any information, documents, or statements contained in the responses if such information, documents, or statements were offered in court.  Google expressly reserves all such objections and may interpose them at the time of trial or at any other time.

2.      Google reserves all objections as to the admissibility at trial of any information or documents identified in its responses to these Interrogatories.  By identifying any document or supplying any information, Google does not admit that such information or document is relevant to or admissible in this litigation.  Google reserves the right to object to further inquiry with respect to any subject matter.

3.      Google objects to the interrogatories, and to the definitions, to the extent that they purport to impose any obligations upon Google beyond the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California.

4.      Google objects to the definition of "Defendant," "Google," "You," or "Your" on the grounds that the definitions are overly broad, unduly burdensome, and vague, including but not limited to the extent that they include:  any Google parent, subsidiary, division, or related company; any business entity controlled by or operated on behalf thereof; any predecessors thereof; and any and all agents, directors, owners, officers, attorneys, employees, representatives, subcontracts, and/or any person acting on its behalf.

5.      Google objects to the definition of "Accused Cast-Enabled App(s)" on the grounds that the definition is overly broad, unduly burdensome, and vague, including but not limited to the extent that it includes:  any Google Cast-enabled app other than the YouTube Music app, Google Play Music app, YouTube app, Google Podcasts app, and YouTube TV app, and any third-party Cast-enabled app that allows a user to "cast" to an Accused Cast-Enabled Media Player (including but not limited to the Spotify app), and any Cast-enabled software (e.g., firmware and/or Cast-enabled apps) executable on an Accused Cast-Enabled Display that enables a user to "[m]ove media

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

from one cast device to another," either collectively or individually.  Google will respond with respect to the YouTube Music app, Google Play Music app, YouTube app, Google Podcasts app, and YouTube TV app.

6.     Google objects to the definition of "Accused Google Product(s)" to the extent it includes Sonos's definition of the term "Accused Cast-Enabled App(s)."

7.     Google objects to the definition of "Accused Google Server[s]" on the grounds that the definition is overly broad, unduly burdensome, and vague, including but not limited to the extent that it purports to include: any server that hosts at least one of the Accused Cast-Enabled App(s) for download, any server that facilitates casting from Chromecast-enabled apps to Accused Cast-Enabled Media Player(s), any server that facilitates moving media from one cast device to another," and any server that, in response to user input at any Accused Cast-Enabled App, facilitates delivering media to an Accused Cast-Enabled Media Player (including but not limited to any Cloud Content Delivery Network (CDN) server), either collectively or individually.  Google will respond with respect to the servers specifically accused in Sonos's infringement contentions.

8.     Google objects to the instructions regarding "identify," "describe," or "identity" in the context of a person on the grounds that the instructions are overly broad, unduly burdensome, and vague, including but not limited to the extent that they require inclusion of: the person's present or last known home address, business and e-mail addresses, and respective phone numbers; present or last known place of employment and position; and his or her connection to the subject matter of the interrogatory.

9.     Google objects to the instructions to "identify," "describe," or specify the "identity" in the context of a person who is a past or present director, officer, employee, agent, or representative of Google on the grounds that the instructions are overly broad, unduly burdensome, and vague, including but not limited to the extent that they require specification of: all positions or employments held by that person with Google, and the dates between which each such position or employment was held.

10.     Google objects to the instructions to "identify," "describe," or specify the "identity" in the context of an entity on the grounds that the instructions are overly broad, unduly burdensome,

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

and vague, including but not limited to the extent that they require specification of: the entity's place of incorporation or other business organization; it's principal places of business; its present or last known mailing and physical address(es) and e-mail and website addresses; its present or last known phone number; the type of entity or organization, its date and place of formation and any place(s) in which it is registered to conduct business; its registered agent; and the identity of all individuals employed by or acting for it at any time who have knowledge of the matter with respect to which the entity is identified.

11.     Google objects to the instructions to "identify," "describe," or specify the "identity" in the context of a document on the grounds that the instructions are overly broad, unduly burdensome, and vague, including but not limited to the extent that they require specification of: the date it was authored, sent, and/or received; the identity of the author of the document; the identity of any recipient of the document; and the identity of the custodian of the document.

12.     Google objects to the instructions to "identify," "describe," or specify the "identity" in the context of a communication on the grounds that the instructions are overly broad, unduly burdensome, and vague, including but not limited to the extent that they require specification of: the date it was authored, sent, and/or received; the identity of the author of the document; the identity of any recipient of the document; and the identity of the custodian of the document.  Google further objects to the instructions regarding "identify," "describe," or "identity" in the context of a communication to the extent that they suggest Google is required to search and produce electronically stored information (ESI) before Sonos has shown good cause for ESI discovery, and the parties have agreed on a procedure for doing so in accordance with the Court's Standing Order.

13.     Google objects to the instructions to "identify," "describe," or specify the "identity" in the context of a thing on the grounds that the instructions are overly broad, unduly burdensome, and vague, including but not limited to the extent that they require specification of: its physical particulars; the day on which it was made; the identity of the persons who made it; the identity of the persons who asked that it be made; its present condition; and its present location.

14.     Google objects to the instructions to "state all facts" on the grounds that the instructions are is overly broad, unduly burdensome, and vague, including but not limited to the

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

extent that it requires specification of: the identification of any person or entity having knowledge of any such fact, including the last known address and phone number and the identity of any document, communication, or thing that refers, relates, or evidences any such fact.

15.     Google objects to each interrogatory to the extent it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

16.     Google objects to each interrogatory to the extent that it seeks information that is not relevant to any claim or defense of any party or to the subject matter of this action, and is thus not proportional to the needs of the case.

17.     Google objects to each interrogatory to the extent it is compound and contains multiple subparts.

18.     Google objects to each interrogatory to the extent it is overbroad, unduly burdensome, vague, and/or ambiguous.

19.     Google objects to each interrogatory to the extent it seeks information that does not already exist or that is not in Google's possession, custody, or control.

20.     Google objects to each interrogatory to the extent it requires Google to provide information beyond what is available to Google at present from a reasonable search of its own files likely to contain relevant or responsive documents and from a reasonable inquiry of its present employees.

21.     Google objects to each interrogatory to the extent it seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, or trade secrets.  Subject to its other General Objections, and to any specific objections set forth below, Google will only provide relevant information in a manner consistent with a Protective Order entered by the Court in this matter.

22.     Google objects to each interrogatory to the extent it is unlimited in time or otherwise not limited to a timeframe relevant to this litigation, and is therefore burdensome, oppressive, overly broad, and not proportional to the needs of the case.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

23.     Google objects to each interrogatory to the extent it seeks a legal conclusion or expert testimony.

24.     Google objects to each interrogatory to the extent it seeks information that is publicly available and therefore as accessible to Sonos as to Google.

25.     Google objects to each interrogatory to the extent that it is premature.  Discovery is ongoing, and Google has not yet completed its investigation of the matters at issue in this action. Google reserves the right to modify, supplement, change or amend its responses after the Court has issued its claim construction order, and once Google has conducted the necessary discovery and investigation.

26.     Google's responses are not to be construed as an admission that any of the requested information exists, that any information is admissible, relevant or proportional to the needs of the case, or that any contention or assumption contained in the interrogatories, whether implicit or explicit, is correct.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

static groups, which may be created in the Google Home App before media starts playing; dynamic groups are formed when media is playing and an additional speaker is added to the playback group.  Dynamic groups can also be further modified during playback.

**INTERROGATORY NO. 14:**

For each Accused Cast-Enabled App, describe in detail how the given Accused Cast-Enabled App (e.g., YouTube Music, YouTube, Google Play Music, Google Podcasts, Spotify) running on a computing device (e.g., an Accused Pixel Device, an Accused Cast-Enabled Display, or a third-party mobile phone or tablet), independently or working with other software on the computing device, enables a user to "cast,"[3] or otherwise move or transfer media,[4] to an Accused Cast-Enabled Media Player including, but not limited to, (i) describing in detail any information that is exchanged between the computing device, the Accused Cast-Enabled Media Player, and/or any Accused Google Server to facilitate the aforementioned functionality and how such exchange takes place, (ii) describing in detail any creation, existence, modification, or deletion of any "queue"[5] of one or more media items to facilitate the aforementioned functionality and how such creation, existence, modification, or deletion takes place, and (iii) identifying by filename and method/function name the specific source code related to the functionality described in (i)-(ii).

**OBJECTIONS:**  Google incorporates by reference all of its General Objections as if fully set forth herein.  Google objects to the characterization of this interrogatory as a single interrogatory given that it contains multiple discrete subparts under Fed. R. Civ. P. 33(a)(1).  Google objects to this interrogatory on the grounds that it is vague, ambiguous, unclear as to information sought, and lacking sufficient particularity to permit Google to reasonably prepare a response with respect to the undefined terms "running on a computing device," "independently or working with other software on the computing device," "information that is exchanged," "facilitate," "how such exchange takes place," "creation, existence, modification, or deletion," "how such creation, existence, modification,

---

[3]  *See, e.g.*, https://support.google.com/googlenest/answer/7181830.
[4]  *See, e.g.*,
https://support.google.com/chromecast/answer/9563059?co=GENIE.Platform%3DAndroid&hl=en
[5]  *See, e.g.*, https://developers.google.com/cast/docs/ios_sender/queueing.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

or deletion takes place," "filename" and "method/function name."  Google further objects to this interrogatory to the extent that it assumes the existence of hypothetical facts that are incorrect or unknown to Google.

Google also objects to this interrogatory as overbroad, burdensome, and not proportional to the needs of the case, including to the extent it seeks information that is not relevant to any claim or defense of any party or to the subject matter of this action, including to the extent that it seeks information about "third-party servers" and non-accused instrumentalities or technology.  Google further objects to this interrogatory as overbroad and unduly burdensome to the extent that it seeks information that is publicly available, not uniquely within the control of Google, or is equally available to Sonos.  Google additionally objects to this interrogatory to the extent it seeks communications and information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Google further objects to this interrogatory to the extent it seeks confidential and/or proprietary business information.  Google also objects to this interrogatory to the extent that it premature seeks expert discovery, opinion, and/or testimony.  Google additionally objects to this interrogatory to the extent it seeks information that is not reasonably accessible or that is not within Google's possession, custody, or control.

**RESPONSE:**

Subject to and without waiving the foregoing General and Specific objections, Google responds, as follows:

Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Google further refers Sonos to the source code that Google has made available and the following documents containing information responsive to this interrogatory: GOOG-SONOSWDTX-00005033-53611.

**SUPPLEMENTAL RESPONSE:**  Google maintains the General and Specific objections set forth above.  Google further objects to this interrogatory on the grounds that it is vague and ambiguous to the extent it seeks information regarding products not specifically identified by make or model number in Sonos's infringement contentions.  For example, Google objects to Accused Cast-Enabled App to the extent it seeks information regarding products not specifically identified in Sonos's infringement contentions.  Google also objects to this interrogatory to the extent it seeks

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1  to encompass Spotify, which is a separate, third-party application.  Subject to and without waiving

2  the foregoing General and Specific objections, Google responds, as follows:

3      Google refers Sonos to the source code that Google has made available, which is the best

4  evidence of how the devices operate with respect to the operation of the accused functionalities.

5  Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Google further refers Sonos to the

6  following documents created during product development which may contain information response

7  to this interrogatory:   GOOG-SONOSWDTX-00041650, GOOG-SONOSWDTX-00039521,

8  GOOG-SONOSWDTX-00041722, GOOG-SONOSWDTX-00040397, GOOG-SONOSWDTX-

9  00042266,   GOOG-SONOSWDTX-00042272,   GOOG-SONOSWDTX-00042282,   GOOG-

10 SONOSWDTX-00042365, GOOG-SONOSWDTX-00042378, GOOG-SONOSWDTX-00042380,

11 GOOG-SONOSWDTX-00042385,   GOOG-SONOSWDTX-00042397,   GOOG-SONOSWDTX-

12 00042402,   GOOG-SONOSWDTX-00042404,   GOOG-SONOSWDTX-00042413,   GOOG-

13 SONOSWDTX-00042754, GOOG-SONOSWDTX-00042954, GOOG-SONOSWDTX-00043052,

14 GOOG-SONOSWDTX-00043318,   GOOG-SONOSWDTX-00043323,   GOOG-SONOSWDTX-

15 00043799-803,   GOOG-SONOSWDTX-00043820,   GOOG-SONOSWDTX-00051820,   GOOG-

16 SONOSWDTX-00051848, GOOG-SONOSWDTX-00051918, GOOG-SONOSWDTX-00051924,

17 GOOG-SONOSWDTX-00051927,        GOOG-SONOSWDTX-00052944-71,        GOOG-

18 SONOSWDTX-00051608, GOOG-SONOSWDTX-00051943, GOOG-SONOSWDTX-00037978,

19 GOOG-SONOSWDTX-00051947,   GOOG-SONOSWDTX-00037634,   GOOG-SONOSWDTX-

20 00053379,   GOOG-SONOSWDTX-00036998,   GOOG-SONOSWDTX-00037178,   GOOG-

21 SONOSWDTX-00037042, GOOG-SONOSWDTX-00037081, GOOG-SONOSWDTX-00037220,

22 GOOG-SONOSWDTX-00040331-83,        GOOG-SONOSWDTX-00043467,        GOOG-

23 SONOSWDTX-00043471, GOOG-SONOSWDTX-00043550, GOOG-SONOSWDTX-00037146,

24      GOOG-SONOSWDTX-00043548,   GOOG-SONOSWDTX-00043676,   GOOG-

25 SONOSWDTX-00037178; *see also* GOOG-SONOSWDTX-00005033-8471, GOOG-

26 SONOSWDTX-00022175-371, GOOG-SONOSWDTX-00036346-53611.

27      **SECOND SUPPLEMENTAL RESPONSE:** Google maintains the General and Specific

28 objections set forth above.  Google further objects to this interrogatory on the grounds that it is

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1   vague and ambiguous to the extent it seeks information regarding products not specifically identified

2   by make or model number in Sonos's infringement contentions.  For example, Google objects to

3   Accused Cast-Enabled App to the extent it seeks information regarding products not specifically

4   identified in Sonos's infringement contentions or which have now been dropped from the case (*e.g.*,

5   Podcast).  Google also objects to this interrogatory to the extent it seeks to encompass Spotify, which

6   is a separate, third-party application.  Google further objects to this Interrogatory as vague and

7   ambiguous, for example as to its use of the term "queue" which is subject to claim

8   construction.   Subject to and without waiving the foregoing General and Specific objections,

9   Google responds, as follows:

10  ████████████████████████████████████████████████████████████

11  ██████████████████████████████████   GOOG-SONOSWDTX-00039484.  ████████

12  ████████████████████████████████████████   The  following

13  diagram illustrates this process:

14  

15  

16  

17  

18  ████████████████████████████████████

19  

20  

21  

22  ████████████████████████████████████████████████

23  ████████████████████████████████████████████████████████

24  ████████████████████████████████████████████████████████

25  ████████████████████████████████████████████████████████

26  ████████████████████████████████████████████████████████

27  ████████████████████████████████████████████████████████

28  ████████████████████████████████████████████████████████

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1 ██████████████████████████████████████████████████████████

2 ██████████████████████████████████████████████████████████

3 ██████████████████████████████████████████████████████████

4 ██████████████████████████████████████████████████████████

5 ████████████████████████████████████████ *See also* Google's Response

6 to Interrogatory No. 15.

7 ████████████████████████████████████████████████ GOOG-

8 SONOSWDTX-00043467. ████████████████████████████████

9 ██████████████████████████████████████████████████████████

10 ████████████████ GET "itemWindow" request ████████████████████

11 ████ *Id.*

12 **INTERROGATORY NO. 15:**

13       For each of the YouTube, YouTube Music, YouTube TV, Google Play Music, Google

14 Podcasts, and Spotify media services, describe in detail how an Accused Google Product (e.g., an

15 Accused Cast-Enabled Media Player or Accused Pixel Device) receives and then plays back a

16 sequence of media items (e.g., songs, podcast episodes, etc.) in connection with a given one of the

17 aforementioned media services including, but not limited to, (i) describing in detail any

18 communications between the Accused Google Product and any web server (e.g., Accused Google

19 Server or third-party server) and how such communications take place, (ii) describing in detail how

20 any Accused Google Server generates, maintains, and/or updates a set of one or more media-item

21 "recommendations"[6] that are sent to the Accused Google Product and how those

22 "recommendations" are sent to the Accused Google Product, and (iii) describing in detail how any

23

24

25

26 ───────────────

[6] *See, e.g.*, https://www.youtube.com/howyoutubeworks/product-features/recommendations/;

27 https://support.google.com/youtubemusic/answer/6313542?hl=en;
https://support.google.com/websearch/answer/10017274?hl=en&co=GENIE.Platform%3DAndroi

28 d#zippy=.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1   Accused Google Server facilitates Google's "Autoplay feature"[7] for playback at the Accused
2   Google Product and how the "Autoplay feature" is utilized at the Accused Google Product.

3   **OBJECTIONS:**  Google incorporates by reference all of its General Objections as if fully set forth
4   herein.  Google objects to the characterization of this interrogatory as a single interrogatory given
5   that it contains multiple discrete subparts under Fed. R. Civ. P. 33(a)(1).  Google objects to this
6   interrogatory on the grounds that it is vague, ambiguous, unclear as to information sought, and
7   lacking sufficient particularity to permit Google to reasonably prepare a response with respect to the
8   undefined terms "receives and then plays back a sequence of media items," "in connection with a
9   given one of the aforementioned media services," "communications between the Accused Google
10  Product and any web server," "how such communications take place," "generates, maintains and/or
11  updates," "how those 'recommendations' are sent to the Accused Google Product," "how any
12  Accused Google Server facilitates Google's 'Autoplay feature' for playback at the Accused
13  Product," and "how the 'Autoplay feature' is utilized at the Accused Google Product."  Google
14  further objects to this interrogatory to the extent that it assumes the existence of hypothetical facts
15  that are incorrect or unknown to Google.

16          Google also objects to this interrogatory as overbroad, burdensome, and not proportional to
17  the needs of the case, including to the extent it seeks information that is not relevant to any claim or
18  defense of any party or to the subject matter of this action, including to the extent that it seeks
19  information regarding non-accused instrumentalities or technology such as "Spotify media services"
20  and "third-party server[s]."  Google further objects to this interrogatory as overbroad and unduly
21  burdensome to the extent that it seeks information that is publicly available, not uniquely within the
22  control of Google, or is equally available to Sonos.  Google additionally objects to this interrogatory
23  to the extent it seeks communications and information protected from disclosure by the attorney-
24  client privilege and/or attorney work product doctrine.  Google further objects to this interrogatory
25  to the extent it seeks confidential and/or proprietary business information.  Google also objects to

26

27  [7]  *See, e.g.,*
    https://support.google.com/youtube/answer/6327615?hl=en&co=GENIE.Platform%3DAndroid;
28  https://support.google.com/websearch/answer/10017274?hl=en&co=GENIE.Platform%3DAndroid#zippy=.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1   this interrogatory to the extent that it premature seeks expert discovery, opinion, and/or testimony.

2   Google additionally objects to this interrogatory to the extent it seeks information that is not

3   reasonably accessible or that is not within Google's possession, custody, or control.  Google further

4   objects to this interrogatory to the extent it seeks information that is unnecessarily cumulative or

5   duplicative of information sought by other discovery, including Request for Production No. 20.

6   **RESPONSE:**

7        Subject to and without waiving the foregoing General and Specific objections, Google

8   responds, as follows:

9        Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Google further refers Sonos

10   to the source code that Google has made available and the following documents containing

11   information responsive to this interrogatory: GOOG-SONOSWDTX-00005033-53611.

12       **SUPPLEMENTAL RESPONSE:**  Google maintains the General and Specific objections

13   set forth above.  Google further objects to this interrogatory on the grounds that it is vague and

14   ambiguous to the extent it seeks information regarding products not specifically identified by make

15   or model number in Sonos's infringement contentions.  Google also objects to this interrogatory to

16   the extent it seeks to encompass Spotify, which is a separate, third-party application.  Subject to and

17

18   without waiving the foregoing General and Specific objections, Google responds, as follows:

19        Google refers Sonos to the source code that Google has made available, which is the best

20   evidence of how the devices operate with respect to the operation of the accused functionalities.

21   Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Google further refers Sonos to the

22   following documents created during product development which may contain information response

23   to this interrogatory:    GOOG-SONOSWDTX-00041650,   GOOG-SONOSWDTX-00039521,

24   GOOG-SONOSWDTX-00041722,   GOOG-SONOSWDTX-00040397,   GOOG-SONOSWDTX-

25   00042266,    GOOG-SONOSWDTX-00042272,    GOOG-SONOSWDTX-00042282,    GOOG-

26   SONOSWDTX-00042365, GOOG-SONOSWDTX-00042378, GOOG-SONOSWDTX-00042380,

27   GOOG-SONOSWDTX-00042385,   GOOG-SONOSWDTX-00042397,   GOOG-SONOSWDTX-

28   00042402,    GOOG-SONOSWDTX-00042404,    GOOG-SONOSWDTX-00042413,    GOOG-

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1   SONOSWDTX-00042754, GOOG-SONOSWDTX-00042954, GOOG-SONOSWDTX-00043052,

2   GOOG-SONOSWDTX-00043318, GOOG-SONOSWDTX-00043323, GOOG-SONOSWDTX-

3   00043799-803, GOOG-SONOSWDTX-00043820, GOOG-SONOSWDTX-00051820, GOOG-

4   SONOSWDTX-00051848, GOOG-SONOSWDTX-00051918, GOOG-SONOSWDTX-00051924,

5   GOOG-SONOSWDTX-00051927, GOOG-SONOSWDTX-00052944-71, GOOG-

6   SONOSWDTX-00051608, GOOG-SONOSWDTX-00051943, GOOG-SONOSWDTX-00037978,

7   GOOG-SONOSWDTX-00051947, GOOG-SONOSWDTX-00037634, GOOG-SONOSWDTX-

8   00053379, GOOG-SONOSWDTX-00036998, GOOG-SONOSWDTX-00037178, GOOG-

9   SONOSWDTX-00037042, GOOG-SONOSWDTX-00037081, GOOG-SONOSWDTX-00037220,

10   GOOG-SONOSWDTX-00040331-83, GOOG-SONOSWDTX-00043467, GOOG-

11   SONOSWDTX-00043471, GOOG-SONOSWDTX-00043550, GOOG-SONOSWDTX-00037146,

12   GOOG-SONOSWDTX-00043548, GOOG-SONOSWDTX-00043676, GOOG-

13   SONOSWDTX-00037178; *see also* GOOG-SONOSWDTX-00005033-8471, GOOG-

14   SONOSWDTX-00022175-371, GOOG-SONOSWDTX-00036346-53611.

15   **SECOND SUPPLEMENTAL RESPONSE:**

16   Google maintains the General and Specific objections set forth above. Google further

17   objects to this interrogatory on the grounds that it is vague, ambiguous, and overbroad to the extent

18   it seeks information regarding products not specifically identified by make or model number in

19   Sonos's infringement contentions, or that have now been dropped by Sonos (*e.g.*, Podcast). Google

20   also objects to this interrogatory to the extent it seeks to encompass Spotify, which is a separate,

21   third-party application. Subject to and without waiving the foregoing General and Specific

22   objections, Google responds, as follows:

23   Google fully incorporates herein by reference its responses to Interrogatory No. 14. Google

24   further responds that casting operations involving the identified "autoplay" feature are generally

25   described at least in GOOG-SONOSWDTX-00043467, GOOG-SONOSWDTX-00041491 and

26   █████████████████████████████

27   The illustration below provides a simplified view of the general architecture that is employed

28   by █████████████████████████████

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**



GOOG-SONOSWDTX-00041650.

*Id.* at 8.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**



*Id.*

videoIds

videoId *Id.*

• videoId·        videoId
•
•

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

As can be seen, the field "videoId"                                        videoId

An example of a "method"

videoId

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

DATED: February 4, 2022

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: _/s/ Charles K. Verhoeven_

Charles K. Verhoeven (*pro hac vice*)
charlesverhoeven@quinnemanuel.com
Melissa Baily (*pro hac vice*)
melissabaily@quinnemanuel.com
Lindsay Cooper (*pro hac vice*)
lindsaycooper@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:      (415) 875 6600
Facsimile:       (415) 875 6700

*Counsel for Defendant Google LLC*

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via email on February 4, 2022.

<u>/s/ Nima Hefazi</u>
Nima Hefazi