CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
croberts@orrick.com
ALYSSA CARIDIS (STATE BAR NO. 260103)
acaridis@orrick.com
EVAN D. BREWER (STATE BAR NO. 304411)
ebrewer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759

SEAN M. SULLIVAN (*pro hac vice*)
sullivan@ls3ip.com
MICHAEL P. BOYEA (*pro hac vice*)
boyea@ls3ip.com
COLE B. RICHTER (*pro hac vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone: +1 312 754 0002
Facsimile: +1 312 754 0003

*Attorneys for Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>    Plaintiff and Counterdefendant,<br><br>v.<br><br>SONOS, INC.,<br><br>    Defendant and Counterclaimant. | Case No. 3:20-cv-06754-WHA<br>Related to Case No. 3:21-cv-07559-WHA<br><br>**DECLARATION OF COLE B. RICHTER IN SUPPORT OF GOOGLE'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. 380)** |

1    I, Cole B. Richter, declare as follows and would so testify under oath if called upon to do so:

2.    1. I am an attorney with the law firm of Lee Sullivan Shea & Smith LLP, counsel of record to Sonos, Inc. ("Sonos") in the above-captioned matter. I am a member in good standing of the Bar of the State of Illinois. I have been admitted *pro hac vice* in this matter. I make this declaration based on my personal knowledge, unless otherwise noted. If called, I can and will testify competently to the matters set forth herein.

2. I make this declaration in support of Google LLC's ("Google") Administrative Motion to Consider Whether Another Party's Material Should be Sealed, filed on October 14, 2022 (Dkt. 380) ("Administrative Motion"), in connection with Sonos and Google's Joint Discovery Letter Brief ("Joint Discovery Letter") (Dkt. 381).

3. Sonos seeks an order sealing the materials as listed below:

| Document | Portions Google Sought to Be Filed Under Seal | Portions Sonos Seeks to Be Filed Under Seal | Designating Party |
|---|---|---|---|
| Joint Discovery Letter | Portions highlighted in blue and green | Same portions highlighted by Google | Sonos |
| Joint Discovery Letter Exhibit 1 ("Exhibit 1") | Entire Document | Portions highlighted in yellow on pages 275-77, 280-81, 283-84, 286, 288-89 of Sonos's Third Suppl. Resps. to Google's First Set of Interrogs. | Sonos |

4. I understand that the Ninth Circuit has recognized two different standards that may apply to a request to seal a document, the "compelling reasons" standard and the "good cause" standard. *Blessing v. Plex Sys., Inc.*, No. 21-CV-05951-PJH, 2021 WL 6064006, at *12 (N.D. Cal. Dec. 22, 2021) (citing *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97

1

DECL. OF RICHTER ISO GOOGLE'S ADMIN. MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. 380)
3:20-CV-06754-WHA

1  (9th Cir. 2016)).  The compelling reasons standard applies to any sealing request made in

2  connection with a motion that is "more than tangentially related to the merits of a case."  *Id.*

3  Accordingly, I understand courts in this district apply a "compelling reasons" standard to a

4  sealing request made in connection with a motion for summary judgment.  *See, e.g.*, *Snapkeys,*

5  *Ltd. v. Google LLC*, No. 19-CV-02658-LHK, 2021 WL 1951250, at *2 (N.D. Cal. May 14, 2021).

6      5.  I further understand that confidential technical information about product features,

7  architecture, and development satisfies the "compelling reason" standard.  *See Delphix Corp. v.*

8  *Actifio, Inc.*, No. 13-cv-04613-BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (finding

9  compelling reasons to seal where court filings contained "highly sensitive information regarding

10  [an entity's confidential] product architecture and development"); *Guzik Tech. Enterprises, Inc. v.*

11  *W. Digital Corp.*, No. 5:11-CV-03786-PSG, 2013 WL 6199629, at *4 (N.D. Cal. Nov. 27, 2013)

12  (sealing exhibit containing "significant references to and discussion regarding the technical

13  features" of a litigant's products).  Under this "compelling reasons" standard, the Court should

14  order the above-listed documents sealed.

15      6.  The Joint Discovery Letter and Exhibit 1 reference and contain Sonos's confidential

16  business information and trade secrets, including details regarding the source code, architecture,

17  and technical operation of various products.  The specifics of how these functionalities operate is

18  confidential information that Sonos does not share publicly.  Thus, public disclosure of such

19  information may lead to competitive harm as Sonos's competitors could use these details

20  regarding the architecture and functionality of these products to gain a competitive advantage in

21  the marketplace with respect to their competing products.  A less restrictive alternative than

22  sealing the highlighted portions of the Joint Discovery Letter and Exhibit 1 would not be

23  sufficient because the information sought to be sealed is Sonos's confidential business

24  information and trade secrets and Google contends that this information is necessary to the

25  Parties' Joint Discovery Letter.  *See* Dkt. 381.

26      7.  Sonos's request is narrowly tailored to protect its confidential information.

27  //

28

2

DECL. OF RICHTER ISO GOOGLE'S ADMIN. MOTION TO
CONSIDER WHETHER ANOTHER PARTY'S MATERIAL
SHOULD BE SEALED (DKT. 380)
3:20-cv-06754-WHA

1 | I declare under penalty of perjury that the foregoing is true and correct to the best of my
2 | knowledge.  Executed this 21st day of October, 2022 in Chicago, Illinois.

                                          */s/ Cole B. Richter*
                                          COLE B. RICHTER

3

DECL. OF RICHTER ISO GOOGLE'S ADMIN. MOTION TO
CONSIDER WHETHER ANOTHER PARTY'S MATERIAL
SHOULD BE SEALED (DKT. 380)
3:20-CV-06754-WHA