# Exhibit A

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for GOOGLE LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>            Plaintiff,<br><br>      vs.<br><br>SONOS, INC.,<br><br>            Defendant. | CASE NO. 3:20-cv-06754-WHA<br><br>**GOOGLE'S IDENTIFICATION OF CLAIM TERMS FOR CONSTRUCTION** |

1    Pursuant to Patent Local Rule 4-1 and this Court's Scheduling Order, Defendant Google LLC
2  ("Google") provides the following list of claim terms, phrases, or clauses in U.S. Patent Nos.
3  10,848,885 ("the '885 patent"), 10,469,966 ("the '966 patent"), 9,344,206 ("the '206 patent"),
4  10,779,033 ("the '033 patent"), 9,967,615 ("the '615 patent"). The inclusion of any claim terms,
5  phrases, or clauses in this list is not intended, and should not be construed to mean, that any such
6  terms, phrases, or clauses have a special or uncommon meaning.

7    Google identifies the terms "zone configuration" and "group configuration" which appear in
8  all claims of the '206 patent, and "media particular playback system" from the '615 patent. These
9  terms were found indefinite by the district court on August 10, 2021. *See Sonos v. Google*, Case No.
10 20-cv-881 (W.D. Tex.) (8-10-2021 *Markman* Transcript) at 52:5-12 ("For the claim terms 'zone
11 configuration' and 'group configuration,' the Court is going to… find that both these claim terms are
12 indefinite."); 66:21-67:2. By including these terms, Google does not agree that the prior construction
13 should be the subject of reconsideration. Rather, Google contends that these terms have already been
14 ruled indefinite and all asserted claims of the '206 patent as well as the relevant claim of the '615
15 patent are invalid as a result. Google includes these terms only because Sonos has unreasonably
16 refused to stipulate to summary judgment of invalidity or otherwise fully and finally resolve any
17 dispute over the '206 patent or the invalidated claim from the '615 patent. *See MyMedicalRecords,*
18 *Inc. v. Jardogs, LLC*, 2015 WL 1781332, *3-*5 (C.D. Cal. 2015) (ruling that the patentee refusing to
19 stipulate to a summary judgment of invalidity after the court had found a claim term indefinite as part
20 of the claim construction order was an instance of sanctionable conduct).

21    Further, Google's proposed claim terms for construction are based upon information currently
22 available to it. Claim construction discovery is in its early stages, and Google's investigation is
23 ongoing. Plaintiff Sonos, Inc.'s ("Sonos") Patent Local Rule 3-1 Infringement Contentions are also
24 deficient. For example, Sonos has refused to specifically identify the functionality it is accusing of
25 infringing a number of limitations, as detailed in Google's letter of November 3, 2021. Google
26 reserves the right to supplement, amend or modify its identification of claim terms if it obtains or
27 discerns additional information through further investigation, discovery, or disclosure from Sonos or
28 from third parties. Google further reserves the right to supplement, amend or modify its identification

of claim term generally and specifically in response to: the claim terms, phrases, clauses, or limitations identified by Sonos; the parties' meet and confer discussions regarding the identified claims; any other positions taken by Sonos regarding the construction or meaning of claim terms; any additional relevant information learned through discovery; and any orders of the Court in this matter.

To the extent the claim terms, phrases, or clauses set forth herein include particular terms, phrases, or clauses appropriate to be construed separately, such terms, phrases, or clauses are deemed part of this disclosed list. Similarly, to the extent it is appropriate to construe terms, phrases, or clauses listed herein in the context of additional claim language, such additional language is deemed part of this disclosure.

Google proposes construing each of the following terms:

| # | Claim Terms | Asserted Claims |
|---|---|---|
| 1 | "local playback queue on the particular playback device" | '615 patent, Claims 13, 20-21, 25 |
| 2 | "resource locators" | '615 patent, Claims 13, 16, 25 |
| 3 | "media particular playback system" | '615 patent, Claim 15 |
| 4 | "remote playback queue" | '033 patent, all asserted claims |
| 6 | "zone configuration" / "group configuration" | '206 patent, all asserted claims |
| 7 | "zone scene" | '966 and '885 patent, all asserted claims |

1  DATED:  December 20, 2021         Respectfully submitted,

2                                     QUINN EMANUEL URQUHART & SULLIVAN, LLP

3

4                                     By  */s/ Charles K. Verhoeven*

5

6                                     Attorneys for Defendant Google LLC