# Exhibit C


   

24 May 2022

# Examination report No. 2 for standard patent application

Delivering a world leading IP system

www.ipaustralia.gov.au

ABN: 38 113 072 755

**Spruson & Ferguson**
GPO Box 3898
Sydney NSW 2001
Australia

| | |
|---|---|
| **Your reference:** | P116963D3 |
| **Application number:** | 2020239784 |
| **Applicant name:** | Sonos, Inc. |
| **Earliest priority date:** | 30 December 2011 |

| | |
|---|---|
| **Final date for acceptance:** | **14 October 2022** |
| **Date of this report:** | 24 May 2022 |
| **Examination request date:** | 15 October 2020 |

Dear Spruson & Ferguson,

Your application has been examined under *section 45 of the Patents Act 1990*. I consider that this application does not meet the requirements of the Act because there are issues with the application that are explained in the report details.

You have until **14 October 2022** to overcome all my objection(s) otherwise this application will lapse.

You will also need to pay any annual continuation fees that apply. Your next continuation fee is due on **21 December 2022**.

Details of this patent application can be viewed on *Auspat*, our Australian patent search database.

Yours sincerely,

Boris Cetinich
Section: ELEC 4 - DATA PROCESSING & MEASUREMENTS
Phone: +61 2 6285 0720

Alternate contact: Vinod Menon
Phone: +61 2 6283 2763



| | |
|---|---|
| **Your reference:** | P116963D3 |
| **Application number:** | 2020239784 |

## Report details

### Basis of the report

In examining this application I have considered:

- the specification as filed.

### Summary of novelty, inventive step and patentable subject matter

| | *Satisfy requirements?* | *Claim numbers* |
|---|---|---|
| **Novelty/inventive step** | Yes | RESERVED |
| | No | RESERVED |
| **Patentable subject matter** | Yes | RESERVED |
| | No | RESERVED |

### Detailed objections on issues that have been identified

#### Section 40 (support, disclosure, clarity, lack of unity)

2  I have carefully considered the response to the last examination report. However, I am not persuaded by the arguments outlined in the response in regard to the objections raised in the last examination report.

To reiterate, the complete specification does not provide a clear enough and complete enough disclosure of the invention of claims 1-29, because it lacks sufficient information to enable the person skilled in the art to perform the invention over the whole scope of the claims without undue burden or the need for further invention.

This is because the specification, as filed, fails to explicitly disclose or inherently suggest:

- "a remote playback queue", and
- "maintain a current point of playback of the zone player within the remote playback queue" (claim 11).

In the response, the Applicant asserts:

> "The "remote playback list" relates to a queue that the user is editing/managing in a third party application (see application as filed at [0082]. It is submitted that this would be clear to a person skilled in the art in the context of both the art and the specification as a whole.",

and

> "In terms of playback system, person skilled in the art would understand the term "remote" to mean a system unconnected or with little relationship to an initial system. It is submitted that a person skilled in the art would clearly understand a playback queue or list on a third party application on a user device to be a "remote" playback queue in the context of a local or zone system."

Respectfully, I am not persuaded by these assertions.

I fail to see the disclosure of "a remote playback queue", from paragraph 89 [i.e. "... Two-way communication helps enable features such as keeping a local playback queue synchronized with a

**Your reference:**     P116963D3
**Application number:**   2020239784

---

queue that the user is editing/managing in the third party application... "]. Specifically, I am not persuaded that a user editing a "local playback queue" can be considered to be an equivalent to "a remote playback queue" as recited in the claimed invention.

By plain definition, "remote" refers to any entity (i.e. user, machine or facility) in a different geographic location. In contrast, "local" refers to an entity in the same geographic location. Because of this clear distinction, I believe there is a lack of sufficient information to enable the person skilled in the art to perform the invention over the whole scope of the claims without undue burden or the need for further invention.

In light of this objection, I have reserved my assessment for novelty, inventive step and manner of manufacture since the scope of the claims are uncertain. When I receive a response to my objection I may expand the report on the basis of my findings.

---

END OF REPORT