QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  James Judah (Bar No. 257112)
  jamesjudah@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:   (415) 875-6600
Facsimile:    (415) 875-6700

  Marc Kaplan (*pro hac vice*)
  marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone:   (312) 705-7400
Facsimile:    (312) 705-7401

*Attorneys for GOOGLE, LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>  Plaintiff,<br><br>  vs.<br><br>SONOS, INC.,<br><br>  Defendant. | Case No. 3:20-cv-06754-WHA<br>Related to CASE NO. 3:21-cv-07559-WHA<br><br>**GOOGLE LLC'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OR CLARIFICATION**<br><br>Location: Courtroom 12, 9th Floor<br>Judge:    Hon. William Alsup |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ..................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................. 1

I.     INTRODUCTION ............................................................................................................ 1

II.    LEGAL STANDARD ...................................................................................................... 1

III.   BACKGROUND .............................................................................................................. 2

IV.   THIS COURT SHOULD PERMIT A MOTION TO RECONSIDER WHETHER GOOGLE WAIVED BASES FOR INVALIDITY NOT RAISED ON SUMMARY JUDGMENT ..................................................................................................................... 2

V.    THIS COURT SHOULD PERMIT A MOTION TO CLARIFY THAT THE ORDER IS LIMITED TO CLAIM 1 OF THE '885 PATENT ........................................... 5

VI.   CONCLUSION ................................................................................................................. 5

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Northern District of California Civil Local Rule 7-9(b)(3), Plaintiff Google LLC ("Google") hereby moves this Court for an order granting it leave to file a motion for reconsideration or clarification of this Court's October 18, 2022 Order Entering Summary Judgment As To The Validity Of The '885 Patent (Dkt. 382) ("Order"). As required by Civil Local Rule 7-9, Google respectfully contends, as discussed more fully below, that the Order includes "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Pursuant to Civil Local Rule 7-9(d), no response need be filed and no hearing will be held concerning this Motion, unless otherwise ordered by the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Google respectfully requests that this Court grant leave for a motion for reconsideration of its summary judgment Order and clarification that the Order applies only to claim 1 of U.S. Patent No. 10,848,885 ("the '885 patent"). *First*, reconsideration is warranted because the Order conflicts with well-settled law in concluding that Google waived arguments for invalidity by not raising them on summary judgment. *Second*, Google requests clarification that this Court's holding applies only to claim 1 of the '885 patent, the only claim at issue in the relevant filings, despite arguably broader language in the Order regarding the validity of the patent.

**II.  LEGAL STANDARD**

A motion for reconsideration is appropriate when there was "a manifest failure by the Court to consider material facts or dispositive legal arguments presented before entry of judgment." Civil Local Rule 7-9(b); *see also School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) ("Reconsideration is appropriate if the district court . . . committed clear error or the initial decision was manifestly unjust. . . ."). This Court has allowed for reconsideration before where it had granted summary judgment to a party notwithstanding that the party had not filed a motion for summary judgment. *See Miller v. Peter Thomas Roth, LLC*, No. C 19-00698

WHA, 2020 WL 1433184, at *1-2 (N.D. Cal. Mar. 24, 2020).

## III. BACKGROUND

Sonos moved for summary judgment of infringement of claim 1 of the '885 patent. Dkt. 208. Google opposed Sonos's summary judgment motion, arguing there was no infringement, in part because the claim is invalid under 35 U.S.C. §§ 101 and 112. Dkt. 249. This Court granted Sonos's motion for summary judgment of infringement of claim 1. Dkt. 309. That order also construed Google's opposition as a cross-motion for summary judgment of non-infringement and invalidity under Sections 101 and 112, and denied that motion. *Id.* This Court then issued an order to show cause "as to why the Court should not *sua sponte* enter summary judgment in favor of Sonos on the issue of validity of claim 1 of the '885 patent." Dkt. 339 at 2. In its response to the order to show cause, Google argued that it should be permitted to argue at summary judgment or trial that claim 1 is invalid as anticipated and obvious. Dkt. 351. This Court held: "The order to show cause . . . was not intended to provide Google a second bite at the apple. It would not have been allowed to spring new invalidity theories at trial and cannot do so now." Order at 2. And it concluded that "summary judgment is **GRANTED** in favor of Sonos on the issue of validity of the '885 patent." *Id.* at 3.

## IV. THIS COURT SHOULD PERMIT A MOTION TO RECONSIDER WHETHER GOOGLE WAIVED BASES FOR INVALIDITY NOT RAISED ON SUMMARY JUDGMENT

The Order conflicts with precedent and fundamental legal principles in holding that Google waived bases for invalidity by not moving for summary judgment on those bases.

The law is clear that a party does not waive an argument by not raising it in a motion for summary judgment or in an opposition to summary judgment on a separate issue. *Mikkelsen Graphic Eng'g, Inc. v. Zund Am., Inc.*, 541 F. App'x 964 (Fed. Cir. 2013), is directly on point. In *Mikkelsen*, the patentee moved for summary judgment of infringement and the alleged infringer moved for summary judgment of non-infringement and invalidity on anticipation and on-sale bar grounds. *Id.* at 965, 967. The district court granted the patentee's motion for summary judgment of infringement, and denied the alleged infringer's motions for summary judgment of non-infringement and invalidity. *Id.* at 967. The district court later issued a protective order precluding

further discovery on invalidity. *Id.* at 969. "The district court apparently viewed [its summary judgment] order as disposing of [alleged infringer's] other invalidity defenses as well." *Id.* at 972. The Federal Circuit "vacate[d] the district court's grant of summary judgment of no invalidity" because: "As Supreme Court precedent and our own cases establish, patent infringement and patent validity are treated as separate issues. A patentee's motion for summary judgment of infringement does not implicitly include a motion on the issue of invalidity, and an alleged infringer's failure to raise an invalidity defense in opposition to a motion for summary judgment of infringement is not a waiver of that defense." *Id.* at 972 (cleaned up).

This holding necessarily follows from the general principle that "because summary judgment is only appropriate where there are no genuine issues of material fact, Fed. R. Civ. Pro. 56(c), its failure to so move likely indicates its sense that issues of material fact exist, not an intent to abandon its . . . claim." *Mitutoyo Corp. v. Cent. Purchasing, LLC*, 499 F.3d 1284, 1291 (Fed. Cir. 2007). "[W]e know of no cases . . . stating that a plaintiff must raise every legal issue in his motion for summary judgment." *Id.* (quoting *Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995)). And the Federal Circuit has applied this principle to reject district court rulings to the contrary. *See id.*; *Euclid Chemical Co. v. Vector Corrosion Technologies, Inc.*, 561 F.3d 1340, 1345 (Fed. Cir. 2009) (vacating district court's dismissal of alleged infringer's bona fide purchaser claim based on alleged infringer's failure to move for summary judgment on the claim because the bona fide purchaser claim was never mentioned in patentee's summary judgment motion and alleged infringer therefore had no obligation to address the claim in responding to patentee's motion); *see also, e.g.*, *Move, Inc. v. Real Estate Alliance Ltd.*, 221 F. Supp. 3d 1149, 1157 (C.D. Cal. 2016) ("As to REAL's second argument, we are aware of no authority suggesting that Move was required to move for summary judgment on its § 101 argument in order to preserve this argument.").

Under these precedents, Google did not waive its arguments for anticipation and obviousness by not raising them in its opposition to Sonos's motion for summary judgment of infringement. Google raised its arguments for obviousness and anticipation in its expert reports and invalidity contentions served on Sonos. *See* Dkts. 350-4 at 153-246, 350-5 at 247-470, 350-8; Declaration of Marc Kaplan, Ex. 1 at 24-25, 68-77. There was no order requiring Google to raise these arguments

at any other time. In particular, the order on the showdown procedure said nothing about a requirement to raise issues on summary judgment. Dkt. 206. Thus, based on the case law and principles discussed above, Google had no obligation to move for summary judgment on anticipation and obviousness in order to preserve them for trial. And because Sonos did not move on validity, Google likewise had no obligation to raise these issues in opposition to Sonos's motion. "A waived claim or defense is one that a party has knowingly and intelligently relinquished." *Wood v. Milyard*, 132 S. Ct. 1826, 1832 n.4 (2012). Google did not knowingly and intelligently relinquish its invalidity claim based on obviousness and anticipation where there was no order, rule, or case suggesting that it needed to raise these arguments on summary judgment—and where there is clear precedent to the contrary.

In addition, a court "may not sua sponte grant summary judgment on a particular ground without giving the non-moving party notice and an opportunity to present evidence and argument in opposition." *EEon-Net LP v. Flagstar Bancorp*, 249 F. App'x 189, 193-94 (Fed. Cir. 2007). Here, this Court erroneously deprived Google of the opportunity to present evidence and argument with respect to anticipation and obviousness. The ruling is especially problematic because, even assuming that Google could have anticipated the claim construction ruling (*see* Order at 2-3), Google still has the right to raise invalidity arguments based on that new construction. *See Mikkelsen*, 541 F. App'x at 973 ("Given the district court's revision of its claim construction, which we now affirm, it would be particularly inappropriate to assume that [the alleged infringer] has had adequate opportunity to oppose the sua sponte entry of summary judgment on invalidity.").

Finally, *Pandrol USA, LP v. Airboss Ry. Prods., Inc.*, 320 F.3d 1354 (Fed. Cir. 2003) does not support waiver here. The part of *Pandrol* cited in the Order concerned the defendants' "fail[ure] to separately discuss the infringement liability of defendants other than Airboss Railway Products, Inc. or offer specific evidence as to the liability of each defendant" even though "[t]he plaintiffs' motion [for summary judgment] specifically sought a finding of infringement as to all defendants." *Pandrol*, 320 F.3d at 1366. Here, in sharp contrast, Sonos did not move for summary judgment on validity. Indeed, also in *Pandrol*, the Federal Circuit held that "the issue of invalidity is a separate issue from infringement, and an alleged infringer's failure to raise it in opposition to a motion for

summary judgment of infringement is not a waiver." *Id.* at 1365. Sonos moved for summary judgment only as to infringement, *not* validity, and thus Google had no obligation to raise every (or any) argument on invalidity in its opposition—and Google raising some bases for invalidity on summary judgment did not require it to raise all, as confirmed in *Mikkelsen*.[1]

## V.  THIS COURT SHOULD PERMIT A MOTION TO CLARIFY THAT THE ORDER IS LIMITED TO CLAIM 1 OF THE '885 PATENT

In addition, Google respectfully requests that the Court permit a motion for clarification that the Order is confined to claim 1, and does not establish validity of the patent as a whole. This Court limited the showdown procedure to one claim for each party, *see* Dkt. 206, and Sonos chose claim 1 of the '885 patent. And the Order's reasoning repeatedly references claim 1. *See* Order at 1. Thus, there was no basis for the Order to decide anything with respect to other claims of the '885 patent, which were not at issue, and for which Google had no notice or opportunity to raise any arguments. Nonetheless, the conclusion states that summary judgment is granted as to "the validity of the '885 patent." *Id.* at 3. While Google does not believe that the Court intended its ruling to extend beyond claim 1, Google respectfully requests that—given the broader language at the end of the Order—this Court permit a motion to clarify that the Order is limited to claim 1.

## VI.  CONCLUSION

For the foregoing reasons, this Court should grant Google's Motion and permit it to file and brief a motion for reconsideration and clarification pursuant to Civil Local Rule 7-9.

---

[1] The cases Sonos cites (Dkt. 349 at 4-5) are likewise inapposite. In *Finjan, Inc. v. Juniper Networks, Inc.*, 3:17-cv-05659-WHA (N.D. Cal. Sept. 29, 2017), this Court said nothing about the parties' disagreement over whether arguments not raised on summary judgment could be raised at a later stage of the litigation. *See id.*, Dkts. 262 at 6 n.3; 301 at 1. In *Synkloud Technologies, LLC v. Adobe, Inc.*, 3:20-cv-07760-WHA (N.D. Cal. Nov. 3, 2020), this Court explicitly recognized the right to make other invalidity arguments after summary judgment. *See id.*, Dkt. 146 at 2 ("While this order disregards Adobe's cross-motion, it will consider all of Adobe's substantive arguments, including invalidity as a defense to infringement, as opposition briefing to Synkloud's summary judgment motion. *This order should not be construed to preclude Adobe from moving for a declaration of invalidity for claim 9 in the future*. In the meantime, its invalidity arguments will simply be considered as a basis for noninfringement.") (emphasis added).

1  DATED: November 9, 2022        QUINN EMANUEL URQUHART & SULLIVAN, LLP

             By      */s/ Charles K. Verhoeven*
                     Charles K. Verhoeven
                     Melissa Baily
                     James Judah
                     Lindsay Cooper
                     Marc Kaplan

                     *Attorneys for GOOGLE, LLC*

# CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that, on November 9, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system and email.

                                     */s/ Charles K. Verhoeven*
                                     Charles K. Verhoeven