UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VICTOR L. WEAVER,

        Plaintiff,

  v.

CHECKR INC.,

        Defendant.

No. C 22-04135 WHA

**ORDER REQUESTING FURTHER BRIEFING**

    In this action under the Fair Credit Reporting Act, plaintiff, who appears *pro se*, alleges that defendant Checkr Inc., a consumer reporting agency, provided an inaccurate background check to a potential employer. Plaintiff initially filed suit against defendant in the United States District Court for the District of Arizona on June 27, 2022. *See Weaver v. Checkr Inc.*, No. C 22-01090 (D. Ariz. filed June 27, 2022) (Judge Susan M. Brnovich). Plaintiff then filed a virtually identical suit here two weeks later. Meanwhile, Judge Brnovich compelled plaintiff to arbitration and dismissed the Arizona suit on September 12, 2022 (*id.* Dkt. No. 14).

    Defendant now moves to dismiss our suit under the doctrine of collateral estoppel (Dkt. No. 14). A party may invoke the doctrine of collateral estoppel to avoid relitigating an issue in a subsequent proceeding when: "(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits." *Snoqualmie Indian Tribe v. Washington*, 8 F.4th 853, 864 (9th Cir. 2021).

1   The central issue at play is whether the issue was actually litigated. Shortly after filing the Arizona suit, plaintiff received notice that the Arizona case would be dismissed without prejudice if defendant was not served within ninety days. Plaintiff explained at the motion hearing that he understood that to mean that the case would be dismissed if he did nothing. He then decided to file in California. Defendant, meanwhile, appeared voluntarily in the Arizona proceeding and exercised its right to file a motion to compel arbitration. Plaintiff admits that he got notice of the motion, but that he ignored it because he no longer intended to pursue his case in Arizona and assumed the case would be dismissed.

Plaintiff, however, never communicated his intent with the Arizona district court. Judge Brnovich then decided the issue without a hearing on account of not receiving opposition papers. Notably, Judge Brnovich did not merely grant the motion as unopposed, but instead decided the issue on the merits.

Our court of appeals has explained that "some types of judgments are not given collateral estoppel effect because the court did not get the benefit of deciding the issue in an adversarial context." *In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983). In *Gottheiner*, for example, our court of appeals suggested that collateral estoppel may not be appropriate when a party "simply give[s] up from the outset." *Ibid*. By way of example, the court explained that "[i]n the case of a default judgment . . . a party may decide that the amount at stake does not justify the expense and vexation of putting up a fight. The defaulting party will certainly lose that lawsuit, but the default judgment is not given collateral estoppel effect." *Ibid*.

Here, plaintiff never opposed defendant's motion to compel arbitration and he did not get the benefit of a motion hearing. He did, however, get notice of the motion and had an opportunity to "actually litigate" the issue. In light of these circumstances, both parties shall submit briefing of no more than five pages on **NOVEMBER 17, 2022** addressing the issue of whether plaintiff "actually litigated" the motion to compel arbitration.

Dated: November 10, 2022.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE