November 10, 2022

Hon. Donna M. Ryu, Magistrate Judge (N.D. Cal.)

Re: *Google, LLC v. Sonos, Inc.*; Case No. 3:20-cv-06754-WHA (DMR) (N.D. Cal.)

Dear Judge Ryu:

Pursuant to the Court's Order re: Discovery Letter Brief (Dkt. 395) and this Court's Order (Dkt. No. 387) extending the deadline to file a joint letter related to the discovery disputes raised in Docket No. 381 to November 10, 2022, Google LLC ("Google") and Sonos, Inc. ("Sonos") respectfully submit this joint letter brief per the Court's Standing Order.  The parties have conferred over Zoom, most recently on November 10, 2022.

The relevant case management deadlines include: deadline for bringing all discovery motions or extension motions based on discovery violations (October 14, 2022); close of non-expert discovery (November 30, 2022); close of expert discovery (January 4, 2022); deadline to file dispositive motions (January 26, 2023); pretrial conference (May 3, 2023); and trial (May 10, 2023).

| | |
|---|---|
| DATED: November 10, 2022 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | By */s/ Charles K. Verhoeven* |
| | Charles K. Verhoeven |
| | Melissa J. Baily |
| | James Judah |
| | Lindsay Cooper |
| | Marc Kaplan |
| | *Attorneys for Google LLC* |
| | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | By */s/ Clement S. Roberts* |
| | Clement S. Roberts |
| | *Attorneys for Sonos, Inc.* |

Google's Statement:

**RFP No. 58:** This RFP seeks documents relating to "design, development, and implementation of the Cloud Queue API," and Sonos is withholding highly relevant, responsive documents. After Google filed its initial letter brief (Dkt. No. 381), Sonos made an additional production of Cloud Queue documents on November 7, 2022. However, Sonos's production fails to fully moot the dispute between the parties and thus Google renews its request to compel as to the items below.

**First**, the Court should compel Sonos to provide metadata showing the date on which each Cloud Queue document was created. Google's initial letter brief showed that the metadata that Sonos produced with its production of the Cloud Queue documents reflected the date they were **collected** for production (i.e., 2022), rather than the **actual dates** these documents (which originate from the parties' collaboration in the 2013-2015 timeframe) were created and modified. Sonos's November 7, 2022 production now includes the "last modified" date for the Cloud Queue documents it has produced. However, Sonos does not include the dates on which the documents were first created. The date on which the documents were created are highly relevant to show that Sonos first created documents describing Cloud Queue only after the parties' collaboration—in other words, Sonos did not have a Cloud Queue implementation prior to its collaboration with Google.

Sonos argues that there is no "document in the normal sense" and that Google is requesting "metadata that doesn't exist." But Sonos stops short of saying that its Confluence system does not maintain the create date of pages in the ordinary course of business. Such a claim would also be contradicted by the Confluence Support documentation, which shows that the "Date Created" metadata is maintained by Confluence. *See* https://confluence.atlassian.com/confkb/how-to-obtain-a-list-of-all-pages-their-authors-and-related-information-from-the-confluence-database-968687591.html ("This article details how to create a simple report (SQL Output) showing the following information for the entire Confluence instance: Page Title, Author, ***Date Created***, Lasted Changed by, Last Changed Date.")

**Second**, the Court should compel Sonos to produce the documents in format that maintains the date on which each comment in the document was made. Sonos's Confluence system allows users to add comments to the documents. Sonos has produced certain Cloud Queue documents with comments, but has done so in a format that does not identify the date on which comments in the document were made. The dates on which the comments were made are highly relevant, especially since Sonos has stated that the Confluence system from which these documents were produced only shows comments in the current version of the document. In other words, a comment made in a 2014 version of the document (during the parties' collaboration) would only appear in the current draft of the document from 2022. Without the dates of the comment, Google would be unable to show that a comment describing Google or the cloud queue implementation was made during the period of time Sonos and Google were collaborating with one another on the Cloud Queue.

Sonos states that "[a]s a compromise, Sonos has offered to represent the date that each comment was made and/or produce a screenshot that shows the comment's date." Google is amenable to this compromise, but Google has been asking for the requested documents and metadata for more

than two months. Google has been forced to move on this issue because Sonos has yet to produce the requested information.

**Third**, the Court should compel Sonos to produce the latest version of each Cloud Queue document. For example, each of the documents listed below indicates (and includes a link to) a "current version" of the document that Sonos does not appear to have produced. The need for Sonos to produce the latest version of each Cloud Queue document is particularly important here because during the meet and confer Sonos indicated that comments in the document only appear when viewing the latest version of the document.

- Cloud (SONOS-SVG2-00233659)
- Cloud Queue Implementation Details (SONOS-SVG2-00233711)
- Cloud Queue REST API Design Spec (SONOS-SVG2-00233715)

Sonos claims that this was "not a request made in Google's original letter brief." But it was only during the parties most recent meet and confer that Sonos indicated comments made within documents only appear in the latest version of the document. Thus, Google needs the latest version of the Cloud Queue documents to ensure that Sonos has captured all relevant comments. Moreover, Sonos claims it has produced the latest version of each document but has not identified the latest versions of each Cloud Queue document (let alone the three listed above) to date.

**Finally**, the Court should compel Sonos to produce at least one representative version of each of the following two documents for the years 2013-2016: (1) Queues in the Cloud (SONOS-SVG2-00233797) and (2) Feature – Cloud Queue REST API and (SONOS-SVG2-00233766). These documents are highly relevant. The evidence the fact that Sonos's Cloud Queue implementation was built using information Sonos obtained through the collaboration. The first document expressly states it is "███████████████████████████████████████████." SONOS-SVG2-00233797. And in creating the second document, an inventor of the cloud queue patent sent a email explaining that he had taken steps to eliminate the references to a "G" company (presumably Google): "████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████."

Sonos argues that "[t]his too was not a request made in Google's original letter brief." Sonos is wrong. *See* Dkt. No. 381 at 4 (requesting that Sonos produce "all version" of these documents). Sonos also raises a burden issue, but Google has now offered to limit its request to representative versions for each of the years above. Finally, Sonos argues that it has produced "a sampling of the versions, including the original page, a 2014 version, a 2015 version, and the latest page." However, Sonos has not identified these documents by Bates numbers.

During the parties' meet and confer, Sonos indicated that it would be agreeable to producing certain of the information that Google has requested. However, Google has been requesting this information for more than two months and with the deadline for expert reports fast approaching on November 30, 2022, Google can wait no longer.

Sonos's Statement:

The Court should deny Google's motion to compel. It seeks information that either (i) doesn't exist, (ii) has already been produced, or (iii) that Google did not ask for in its original letter brief (Dkt. 381).

*First*, Google requests metadata that doesn't exist. This has been explained to Google several times now. Google seeks a production of certain pages that exist in a web-based repository. The only way to produce such pages is to export them to PDF, which then creates a new PDF and associated metadata describing the time the exported PDF was created. Google desires the created PDF to take on the metadata of the web-based page. But this is not how the document is kept in the ordinary course of Sonos's business. Indeed, there is no "document" in the normal sense. The "document" is created as a byproduct of producing it in this case. As a compromise, Sonos endeavored to export the web-based page in an alternate way that shows within the page the date the page was modified and originally created. Google has not articulated why this is insufficient or why Sonos ought to create some sort of metadata that doesn't exist in the normal course of business.

*Second*, Google requests that the Court "compel Sonos to produce the documents in format that maintains the date on which each comment in the document was made." The date of the comments made on the web-based pages do not appear when the document is exported. As a compromise, Sonos has offered to represent the date that each comment was made and/or produce a screenshot that shows the comment's date. Google has not articulated why this is insufficient.

*Third*, Google requests "the latest version of each Cloud Queue document." This was not a request made in Google's original letter brief (Dkt. 381). Google cannot now expand the scope of its dispute. Nevertheless, Sonos has already produced the latest version of "each Cloud Queue document." It's unclear what more Google is requesting.

*Fourth*, Google requests "*all* version of the following two documents…" This too was not a request made in Google's original letter brief (Dkt. 381). (Google only requested all versions of Cloud Queue Rest API.) Google cannot now expand the scope of its dispute. Sonos explained that there are over 250 archived versions of these web-based pages and it would be overly burdensome to export every last one of them. Google has not articulated why it needs *all* versions of this web-based page. Google states that the documents "evidence the fact that Sonos's Cloud Queue implementation was built using information Sonos obtained through the collaboration." But this is not relevant to Google's claims or defenses -- Google's contract claims are based on an amendment made during the prosecution of the application that matured into Sonos's asserted '033 patent (which Google claims was a breach of the agreement) – not based on "Sonos's Cloud Queue implementation." Moreover, even were this relevant, Google fails to explain why it needs *every last version* of the web-based page. Nevertheless, as a compromise, Sonos produced a sampling of the versions, including the original page, a 2014 version, a 2015 version, and the latest page and offered to produce additional select versions if Google could explain the relevance and provide some narrowing criteria (e.g., "a version

between December 2014 and February 2015," or the like).  Google did not even attempt to provide this, and now blindly asks for "*all* version[s]."  Given its marginal relevance at best and overly burdensome nature, this request should be denied.