1   CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
    croberts@orrick.com
2   ALYSSA CARIDIS (STATE BAR NO. 260103)
    acaridis@orrick.com
3   EVAN D. BREWER (STATE BAR NO. 304411)
    ebrewer@orrick.com
4   Orrick, Herrington & Sutcliffe LLP
    The Orrick Building
5   405 Howard Street
    San Francisco, CA 94105-2669
6   Telephone:    +1 415 773 5700
    Facsimile:    +1 415 773 5759
7
    SEAN M. SULLIVAN (*pro hac vice*)
8   sullivan@ls3ip.com
    MICHAEL P. BOYEA (*pro hac vice*)
9   boyea@ls3ip.com
    COLE B. RICHTER (*pro hac vice*)
10  richter@ls3ip.com
    LEE SULLIVAN SHEA & SMITH LLP
11  656 W Randolph St., Floor 5W
    Chicago, IL 60661
12  Telephone:    +1 312 754 0002
    Facsimile:    +1 312 754 0003
13
    *Attorneys for Sonos, Inc.*
14

15                    UNITED STATES DISTRICT COURT

16                  NORTHERN DISTRICT OF CALIFORNIA,

17                      SAN FRANCISCO DIVISION

18  GOOGLE LLC,                          Case No. 3:20-cv-06754-WHA
                                         Related to Case No. 3:21-cv-07559-WHA
19        Plaintiff and Counter-defendant,
                                         **SONOS, INC.'S MOTION FOR LEAVE
20   v.                                  TO AMEND INFRINGEMENT
                                         CONTENTIONS PURSUANT TO
21  SONOS, INC.,                         PATENT L.R. 3-6**

22        Defendant and Counter-claimant.   Date: Jan. 12, 2023
                                            Time: 8:00 a.m.
23                                          Place: Courtroom 12, 19th Floor
                                            Judge: Hon. William Alsup
24
                                            Complaint Filed: September 28, 2020
25

26

27

28
                                            SONOS'S MOTION FOR LEAVE TO AMEND
                                            INFRINGEMENT CONTENTIONS
                                            3:20-cv-06754-WHA

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS:

PLEASE TAKE NOTICE that on January 12, 2023 at 8:00 a.m., or as soon thereafter as may be heard before the Honorable Judge William Alsup in Courtroom 12 on the 19th Floor of the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Sonos, Inc. ("Sonos") will, and hereby does, move this Court for an order granting Sonos leave to amend its infringement contentions as to U.S. Patent No. 10,779,033 (the "'033 Patent") pursuant to Local Patent Rule 3-6. This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Geoffrey Moss ("Moss Decl."), and exhibits thereto, all documents in the Court's file, and such other written or oral evidence and argument as may be presented at or before the time this motion is heard by the Court.

**STATEMENT OF THE RELIEF REQUESTED**

Pursuant to Patent Local Rule 3-6, Sonos requests that this Court grant Sonos leave to amend its infringement contentions as to U.S. Patent No. 10,779,033 (the "'033 Patent").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      STATEMENT OF RELEVANT FACTS**

Sonos first put Google on notice of its "stream transfer" infringement theory for the '033 patent in December 2020, when Sonos served its initial infringement contention chart for the '033 patent in the -7559 litigation. *See generally* Moss Decl. Ex. 2 at 2, 5, 8-9, 11-12, 15-17, 20-22. On August 7, 2021, Sonos served an interrogatory (Interrogatory No. 14) seeking details regarding the "stream transfer" functionality. *See* Ex. 3 at 17-18.  In that interrogatory, and as relevant here, Sonos sought (and still seeks) an explanation on how each Accused Cast-Enabled App running on a computing device (for example, an Accused Cast-Enabled Display, such as a Home/Nest Hub or Nest Hub Max) casts or otherwise transfers media to an Accused Cast-Enabled Media Player. *See id.* at 17.  But Google failed to provide Sonos with any sufficient details regarding the "stream transfer" functionality in response to the interrogatory.  Ex. 4 at 11-

SONOS'S MOTION FOR LEAVE TO AMEND
INFRINGEMENT CONTENTIONS
3:20-cv-06754-WHA

1   15.  As discussed below, Sonos has since moved to compel, Dkt. 377-2, and that motion remains

2   pending.

3           On January 5, 2022, Sonos served its first 30(b)(6) deposition notice on Google, seeking

4   testimony regarding the "stream transfer" functionality.  *See* Ex. 5 (Topic No. 1, subpart (iii)).

5   Subject to its objections, Google agreed to provide "a witness … who will be prepared to testify

6   to a reasonable level of detail regarding the design and operation of the accused functionalit[y]

7   …, as well as any source code that facilitates the same."  Ex. 6 at 7-8.  On April 13, 2022, Google

8   designated Vincent Mo as its 30(b)(6) witness for—among other things—the "stream transfer"

9   functionality, and on April 19, 2022, Sonos deposed Mr. Mo.  *See* Ex. 7 at 1.  But Mr. Mo was

10  not competent to testify on this subject, as Sonos explained in its April 29, 2022 e-mail to Google.

11  *See* Ex. 8 at 6-7.  After Sonos objected that Mr. Mo was not competent to testify regarding the

12  "stream transfer" functionality, Google designated James Goddard as its new 30(b)(6) witness

13  for, *inter alia*, the "stream transfer" functionality on June 10, 2022.  *See id.* at 1.  But Mr.

14  Goddard was also not competent to testify on this subject.

15          To further address this issue, Sonos sent a letter to Google on August 15, 2022, indicating

16  (1) Sonos's objection to Google's deficient interrogatory responses (including Interrogatory No.

17  14) and (2) Sonos's objection to Mr. Goddard's lack of competence to testify regarding the

18  "stream transfer" functionality.  Ex. 9 at 1-2, 3-4.  After Google declined to update its response to

19  Sonos's Interrogatory No. 14 and declined to designate a 30(b)(6) witness competent to testify

20  regarding the "stream transfer" functionality, Sonos moved to compel both.[1]  *See* Dkt. 377-2.

21          On November 10, 2022—the day before the deposition of Google witness Tavis

22  Maclellan—Google tacitly conceded that Mr. Mo and Mr. Goddard were not competent to testify

23  regarding the "stream transfer" functionality, designating Mr. Maclellan as its new 30(b)(6)

24  witness for this subject.  Ex. 10.  Sonos took that deposition the next day and obtained testimony

25  regarding the "stream transfer" functionality that (1) confirmed Sonos's high-level

26  characterization of the functionality in Sonos's Infringement Contentions while also (2) providing

27

    _____

[1] Judge Ryu has ordered a hearing on the motion to compel—which raises other issues as well—
28     set for December 8, 2022.  *See* Dkt. 403.

SONOS'S MOTION FOR LEAVE TO AMEND
INFRINGEMENT CONTENTIONS
3:20-CV-06754-WHA

1    additional details that the Infringement Contentions did not already include, including specific

2    source code cites, and other clarifications concerning the functionality. *See* Ex. 1 at 65, 69-73,

3    84-85, 95-96.

4         Sonos now seeks leave to amend its Infringement Contentions for the limited purpose of

5    supplementing in light of Mr. Maclellan's testimony related to the "stream transfer" functionality.

6    A copy of Sonos's proposed Amended Infringement Contentions in redline is submitted

7    concurrently as Exhibit 1 to the Moss Declaration.

8    **II.    SONOS HAS GOOD CAUSE**

9         Patent Local Rule 3-6 specifies that infringement contentions may be amended upon a

10   timely showing of "good cause." Patent L.R. 3-6. The traditional two-part inquiry under Patent

11   Local Rule 3-6 is first, whether a party has "proceed[ed] with diligence in amending [its]

12   contentions when new information comes to light," *O2 Micro Int'l, Ltd. v. Monolithic Power Sys.,*

13   *Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006), and second, whether "a showing of undue prejudice

14   may support denial of leave." *Life Techs. Corp. v. Biosearch Techs., Inc.*, No. 12-cv-00852-

15   WHA, 2012 WL 1831595, at *1 (N.D. Cal. May 18, 2012). This Court, however, has broad

16   discretion to grant leave to amend. *Tech. Licensing Corp. v. Blackmagic Design Pty Ltd.*, No. 13-

17   cv-05184-SBA, 2014 WL 5499511, at *2-3 (N.D. Cal. Oct. 30, 2014).

18        Sonos has proceeded with diligence. Prior to obtaining Mr. Maclellan's testimony, Sonos

19   had no way to confirm certain details of the "stream transfer" functionality, including the specific

20   source code cites that Sonos now seeks leave to include in the proposed Amended Infringement

21   Contentions. Sonos's motion for leave thus fits squarely within one of the paradigmatic examples

22   of good cause provided by the Patent Local Rules: "Recent discovery of nonpublic information

23   about the Accused Instrumentality which was not discovered, despite diligent efforts, before the

24   service of the Infringement Contentions." Pat. L. R. 3-6(c). As the Patent Local Rules explain,

25   this is precisely the type of circumstance that "may, absent undue prejudice to the non-moving

26   party, support a finding of good cause." *Id.*

27        Sonos first sought discovery on this issue in August 2021, with Interrogatory No. 14, and

28   first sought 30(b)(6) testimony on this issue in January 2022. The only reason Sonos is seeking

SONOS'S MOTION FOR LEAVE TO AMEND
INFRINGEMENT CONTENTIONS
3:20-CV-06754-WHA

1  leave to amend *now*, and not months earlier, is because Google's first two 30(b)(6) designees on

2  this topic were not adequately prepared or sufficiently knowledgeable to testify regarding the

3  "stream transfer" functionality (and Google has yet to supplement its response to Sonos's relevant

4  interrogatory).  *See supra* 2.

5       Sonos sought, over many months, to resolve these discovery issues with Google

6  cooperatively, without involving the Court, while making clear that Sonos would need to seek

7  Court intervention should Google not comply with its discovery obligations.  That is exactly what

8  happened here.  After Sonos moved to compel this 30(b)(6) testimony, Google agreed to—and

9  finally did—provide a witness competent to testify regarding this functionality.  *See supra* 2.

10       Sonos's diligence is also clear from the fact that once it finally *did* obtain the relevant

11  testimony, that testimony confirmed the high-level picture that Sonos's infringement contentions

12  painted of the "stream transfer" functionality, while providing additional detail.  *See* Ex. 1 at 65,

13  69-73, 84-85, 95-96.  Sonos's *currently* operative infringement contentions thus reflect Sonos's

14  diligent effort, long before receiving the discovery it needed, to understand the accused

15  instrumentalities and provide fair notice to Google of Sonos's infringement theories.

16       Finally, Sonos seeks this amendment less than two weeks after obtaining the discovery

17  that it has sought in different forms for well over a year—a more than reasonable amount of time

18  under the circumstances.  *See, e.g.*, *Life Techs. Corp.*, 2012 WL 1831595, at *2 (finding

19  "plaintiffs have been diligent in seeking amendment" to supplement with information that

20  plaintiffs *possessed* "for close to one year" where plaintiffs sought amendment in order to comply

21  with newly controlling local rules, and did so "*within one month* of being transferred to this

22  district" (emphasis added)).

23       <u>Google would suffer no undue prejudice from the proposed amendment.</u> Google would

24  not be prejudiced if the Court grants this motion, for at least four reasons.

25       First, Google has been on notice of Sonos's "stream transfer" infringement theory for the

26  '033 patent since December 2020; Sonos's operative infringement contentions make clear the

27  basis of this infringement theory; and Sonos has repeatedly and consistently put Google on notice

28  of its intent to pursue this theory by seeking discovery on it since August 2021.  Accordingly,

SONOS'S MOTION FOR LEAVE TO AMEND
INFRINGEMENT CONTENTIONS
3:20-CV-06754-WHA

1   "this is not a case where plaintiffs are seeking to change the nature of the case just before trial is

2   set to begin," and "[n]o new claims for relief are being asserted." *Life Techs. Corp.*, 2012 WL

3   1831595, at \*2.  Indeed, Google has long "been well aware of" this infringement theory. *Id.*

4          Second, the new information that Sonos seeks leave to include in the proposed amended

5   infringement contentions consist entirely of information that Sonos obtained *from Google* in the

6   November 11, 2022 deposition.  Google will not be prejudiced by Sonos's reliance on

7   information that Sonos received—in the last two weeks—from Google itself.

8          Third, Google will not be prejudiced by the amendment because the new information

9   overwhelmingly *confirms* Sonos's currently operative contentions regarding this functionality.

10  The proposed amendments consist largely of addition of slightly greater detail, including specific

11  source code citations. *See* Ex. 1 at 65, 69-73, 84-85, 95-96.

12         Finally, trial in this matter is set for May 2022, which will provide Google more than

13  ample time to respond to Sonos's amended contentions if necessary.

14         For these reasons, Google will suffer no prejudice from amendment, much less undue

15  prejudice.  Accordingly, the Court should grant Sonos's motion.

16  **III.    CONCLUSION**

17         For the foregoing reasons, Sonos respectfully requests that the Court grant Sonos leave to

18  amend its infringement contentions as to the '033 Patent.

19  Dated: November 23, 2022

20                                            By: */s/ Alyssa Caridis*
                                                  CLEMENT SETH ROBERTS
21                                                ALYSSA CARIDIS
                                                  EVAN D. BREWER
22
                                              ORRICK, HERRINGTON & SUTCLIFFE LLP
23
                                                  SEAN M. SULLIVAN
24                                                MICHAEL P. BOYEA
                                                  COLE B. RICHTER
25
                                              LEE SULLIVAN SHEA & SMITH LLP
26
                                                  *Attorneys for Sonos, Inc.*
27

28

SONOS'S MOTION FOR LEAVE TO AMEND
                                                      INFRINGEMENT CONTENTIONS
                                                      3:20-CV-06754-WHA