# EXHIBIT 6

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
Lindsay Cooper (Bar No. 287125)
lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>             Plaintiff,<br><br>      vs.<br><br>SONOS, INC.,<br><br>             Defendant. | CASE NO. 3:20-cv-06754-WHA<br><br>**GOOGLE LLC'S OBJECTIONS AND RESPONSES TO SONOS, INC.'S JANUARY 5, 2022 RULE 30(b)(6) NOTICE OF DEPOSITION OF GOOGLE LLC** |

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Plaintiff Google LLC ("Google") hereby objects and responds as follows to Sonos, Inc.'s ("Sonos") Rule 30(b)(6) Notice of Deposition of Google LLC ("Notice") served on January 5, 2022.  These formal objections and responses are supplemental to any communications already exchanged between the parties regarding the above-referenced notice.  In addition, the objections and responses set forth in this document are based on Google's knowledge, investigations, and analysis to date.  As discovery proceeds, Google may become aware of additional facts or evidence and its analysis of the case may change.  Google reserves the right to supplement and amend these objections and responses if and when additional information becomes available.

## GENERAL OBJECTIONS

Google makes the following General Objections to each and every definition, instruction, and topic in Sonos's Notice.  Each of these objections is incorporated into the Specific Objections set forth below, whether or not separately set forth therein.  By responding to any of the topics or failing to specifically refer to or specify any particular General Objection in response to a particular topic, Google does not waive any of these General Objections, nor does it admit or concede the appropriateness, relevance, materiality, or admissibility in evidence of any purported topic or any assumptions contained therein.

1. Google objects to each topic, and to the definitions, to the extent that they purport to impose any obligations upon Google beyond the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, and the Court's orders regarding limits on discovery in this litigation, or any other applicable rule or law.

2. Google objects to each and every topic to the extent that it fails to comply with Federal Rule of Civil Procedure 30(b)(6), which requires a party seeking testimony from an organization to "describe with reasonable particularity the matters for examination."  *See also* Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge Alsup ¶ 32(a) (topics must be "described with 'reasonable particularity'"); *Astellas Pharma, Inc. v. Impax Labs., Inc.*, No. C 08-3466 JW (RS), 2009 U.S. Dist. LEXIS 75061, at *9 (N.D. Cal. Aug. 4, 2009) (FRCP Rule 30(b)(6) topics must be "narrowly tailored"); *Adidas Am., Inc. v. TRB*

1  *Acquisitions Ltd. Liab. Co.*, 324 F.R.D. 389, 395 (D. Or. 2017) (for FRCP Rule 30(b)(6) "to
2  effectively function, the requesting party must take care to designate, *with painstaking specificity*,
3  the particular subject areas that are intended to be questioned, and that are relevant to the issues in
4  dispute.") (emphasis in original).

5      3.    Google objects to each and every topic to the extent that it prematurely seeks
6  disclosure of information before Google is required to disclose such information in accordance with
7  any applicable law or rule, such as the Northern District of California Local Rules or any order in
8  this action.

9      4.    Google objects to each topic to the extent that it seeks information protected by the
10 attorney-client privilege or the work product doctrine or that is otherwise privileged or protected
11 from discovery.

12     5.    Google objects to each topic to the extent that it seeks information that is not relevant
13 to the subject matter of this action and is not proportional to the needs of the case.

14     6.    Google objects to each and every topic to the extent that it is vague, ambiguous,
15 unintelligible, overbroad, unduly burdensome, or seeks information that is not relevant to the subject
16 matter of this action or not proportional to the needs of the case.  Google notes that many of the
17 topics in the Notice are so broad and general, and unbounded as to time period, that it would be
18 practically impossible to educate any one person to testify on the topics at a granular level.  Where
19 Google has agreed to produce a witness to testify on a particular topic, the witness will be prepared
20 to provide a reasonable level of detail on the topic.  *See United States v. HVI Cat Canyon, Inc.*, 2016
21 WL 11683593, at *9–11 (C.D. Cal. Oct. 26, 2016) (explaining that "[i]t is simply impractical to
22 expect Rule 30(b)(6) witnesses to know the intimate details of everything" and holding that the
23 broad scope of the topics in deposition notice "would make witness preparation a nearly impossible
24 task").

25     7.    Google objects to each topic to the extent that it uses words in a manner inconsistent
26 with or unsupported by the plain language of the word.  To the extent possible, Google and its
27 representatives will apply a reasonable interpretation based on the plain meaning of the words used.
28

8. Google objects to each topic to the extent that it seeks information that does not already exist, that is in the possession of third parties, or that is not in Google's possession, custody, or control.

9. Google objects to each topic to the extent that it requires Google to provide information beyond what is available to Google at present from a reasonable search of its own files likely to contain relevant or responsive documents and from a reasonable inquiry of its present employees.

10. Google objects to each topic to the extent that it seeks information protected by privacy law and/or policy.

11. Google objects to each topic to the extent that it seeks information that Google is not permitted to disclose pursuant to confidentiality obligations or agreements with third parties.

12. Google objects to each and every topic to the extent that it calls for a legal conclusion or requires Google to render what would be considered an expert opinion.

13. Google objects to each topic to the extent that it would require Google to perform a technical analysis of any accused product or prior art.

14. Google objects to each topic to the extent that it seeks information that is already in Sonos's possession or available to Sonos from some other source that is more convenient, less burdensome, or less expensive, including information that is publicly available, uniquely within the control of Sonos, or equally available to both Google and Sonos.

15. Google objects to each and every topic to the extent that it is duplicative of other discovery that Sonos has sought, and Sonos has not articulated why the requested testimony is relevant or proportional to the needs of the case in light of the documents and source code Google has produced.

16. Google responds to these topics based upon its current understanding and reserves the right to supplement its responses if any additional information is identified at a later time and to make any additional objections that may become apparent.  Google's investigation in this action is ongoing, and Google reserves the right to rely on and introduce information in addition to any

1  information provided in response to this Notice at the trial of this matter or in other related
2  proceedings.

3      17.    Google's responses are not to be construed as an admission that any definition
4  provided by Sonos is either factually correct or legally binding against Google, that any of the
5  requested information exists, that any information is admissible, relevant or proportional to the
6  needs of the case, or that any contention or assumption contained in the topic, whether implicit or
7  explicit, is correct.

8      18.    Google objects to each and every topic to the extent that it seeks information in a
9  format, or at a level of detail, other than that which is ordinarily kept and maintained by Google in
10 its regular course of business.

11     19.    Google objects to each topic to the extent that it requests Google to provide "all"
12 information about a particular subject on the grounds that such requests are overbroad, unduly
13 burdensome, and not proportional to the needs of the case.

14     20.    To the extent the deposition proceeds remotely, Google objects to using any non-
15 Google videoconferencing service. Google is willing to present its witnesses using the Google Meet
16 platform only.

17     21.    Google objects to the definitions of "Plaintiff," "You," "Your," and "Yours" on the
18 grounds that the definitions are overly broad, unduly burdensome, and vague, including but not
19 limited to the extent that they include: any Google parent, subsidiary, division, or related company;
20 any business entity controlled by or operated on behalf thereof; any predecessors thereof; and any
21 and all agents, directors, owners, officers, attorneys, employees, representatives, subcontracts,
22 and/or any person acting on its behalf.

23     22.    Google objects to the definition of "Accused Cast-Enabled App(s)" on the grounds
24 that the definition is overly broad, unduly burdensome, and vague, including but not limited to the
25 extent that it includes: any Google Cast-enabled app other than the YouTube Music app, Google
26 Play Music app, YouTube app, YouTube Kids app and YouTube TV app, and any third-party Cast-
27 enabled app that allows a user to "cast" to an Accused Cast-Enabled Media Player (including but
28 not limited to third-party apps outside of Google's control such as the Spotify app), and any Cast-

enabled software (e.g., firmware and/or Cast-enabled apps) executable on an Accused Cast-Enabled Display that enables a user to "[m]ove media from one cast device to another," either collectively or individually.  Google will respond with respect to the YouTube Music app, Google Play Music app, YouTube app, YouTube Kids app and YouTube TV app.

23.   Google objects to the definition of "Cast-Related Revenue" as overly broad, burdensome, and not proportional to the needs of the case, including to the extent it (i) seeks information regarding categories of revenue "connected to and/or promoted by" but not directly tied to or resulting from the Accused Instrumentalities, (ii) seeks information that is not relevant to any claim or defense of any party or to the subject matter of this action, including to the extent it seeks information regarding non-accused products or instrumentalities such as "third-party subscription based streaming media services," (iii) seeks information that is not reasonably tied to a measure of potential damages for alleged infringement of the accused products or instrumentalities, including but not limited to the extent it seeks information regarding "Google revenue associated with third-party subscription-based streaming media services," "Google revenue associated with advertisements," "Google revenue associated with in-app purchases," "Google revenue associated with ecommerce transactions" and/or "Google revenue associated with consumer data," and (iv) is unlimited in time or geographic scope and may include information about products outside of the United States.

24.   Google incorporates by reference its General Objections in each of the specific responses set forth below.

**SPECIFIC OBJECTIONS**

Subject to the foregoing General objections, Google objects and responds to Sonos's deposition topics as follows:

**TOPIC NO. 1:**

The design and operation of the Accused Functionalities, including:

(i) the design and operation of the aforementioned "speaker group" Accused Functionality and source code that facilitates the same;

1      (ii) the design and operation of the aforementioned "Casting" Accused Functionality relating to, and source code that facilitates the same for, each of: (a) the YouTube app, (b) the YouTube Kids app, (c) the YouTube Music app, (d) the YouTube TV app, (e) the Google Play Music app, (f) the Google Podcasts app, and (g) the Spotify app;

       (iii) the design and operation of the aforementioned "Stream Transfer" Accused Functionality relating to, and source code that facilitates the same for, each of: (a) the YouTube app, (b) the YouTube Music app, (c) the Google Play Music app, (d) the Google Podcasts app, and (e) the Spotify app;

       (iv) the design and operation of a Cast-Enabled Media Player receiving and playing a sequence of media items (e.g., songs, videos, podcast episodes, etc.), individually and collectively with one or more other Cast-Enabled Media Players, in connection with, and source code that facilitates the same for, each of: (a) the YouTube media service, (b) the YouTube Kids media service, (c) the YouTube Music media service, (d) the YouTube TV media service, (e) the Google Play Music media service, (f) the Google Podcasts media service, and (g) the Spotify media service;

       (v) the design and operation of a computer device, such as a Pixel device, receiving and playing a sequence of media items (e.g., songs, videos, podcast episodes, etc.) in connection with, and source code that facilitates the same for, each of: (a) the YouTube media service, (b) the YouTube Kids media service, (c) the YouTube Music media service, (d) the YouTube TV media service, (e) the Google Play Music media service, (f) the Google Podcasts media service, and (g) the Spotify media service;

       (vi) the design and operation of the aforementioned "Up Next" Accused Functionality relating to, and source code that facilitates the same for, each of: (a) the YouTube app, (b) the YouTube Kids app, (c) the YouTube Music app, (d) the YouTube TV app, (e) the Google Play Music app, and (f) the Google Podcasts app; and

       (vii) the design and operation of the aforementioned "Autoplay" Accused Functionality relating to, and source code that facilitates the same for, each of: (a) the YouTube app, (b) the YouTube Kids app, (c) the YouTube Music app, (d) the YouTube TV app, (e) the Google Play Music app, and (f) the Google Podcasts app.

**RESPONSE TO TOPIC NO. 1:**

Google incorporates by reference its General Objections.  Google objects to this topic as an improper attempt to circumvent the Court's rule restricting the parties to no more than ten topics.  *See* Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge William Alsup ¶ 32 ("a party may seek FRCP 30(b)(6) depositions from another party on up to a total of ten subject matters (for the entire case)").  As this topic contains at least seven subparts and thirty-eight sub-subparts, the topic actually addresses thirty-nine topics.  Google further objects that this topic addresses third-party applications that are not within Google's control such as the Spotify app.  Google also objects that this topic seeks testimony on unaccused products such as the Google Podcasts app.

Google objects that this topic fails to describe with reasonable particularly the matters for examination.  *See Memory Integrity, LLC v. Intel Corp.*, 308 F.R.D. 656, 661 (D. Or. 2015) ("the requesting party must take care to designate, with *painstaking specificity*, the particular subject areas that are intended to be questioned") (emphasis in original) (internal marks and citations omitted).  For example, it would be highly burdensome and not proportional to the needs of the case for Google to designate a witness or witnesses to testify about the design and operation of six different functionalities across seven different software products and 1,609 different hardware products without any temporal limitation.  *Id.* (denying motion to compel Rule 30(b)(6) deposition on "broad" topics in a patent case)  For the "speaker group"-related accused functionalities, Google is willing to provide information from November 5, 2019 to present.  For the "casting"-related accused functionalities, Google is willing to provide information from May 8, 2018 to present.

Google also objects to this topic as overly broad, vague, and ambiguous because it does not define "design" and "operation."  Google additionally objects to this topic on the ground that the information sought on this topic is duplicative of information sought by Sonos in Interrogatory Nos. 3, 14, and 15 and Request for Production Nos. 3, 4, 13, 14, 15, 19, 20, and 29.

Subject to and without waiving its general and specific objections, Google is willing to provide a witness or witnesses who will be prepared to testify to a reasonable level of detail

1  regarding the design and operation of the accused functionalities listed in (i)-(vii) above, as well as
2  any source code that facilitates the same.

3  **TOPIC NO. 2:**

4  The sales, prices, costs (e.g., fixed and variable costs), revenues (e.g., all Cast-Related
5  Revenues), downloads, installs, and profits (e.g., gross, operating, incremental, and net) associated
6  with each Accused Instrumentality and Accused Cast-Enabled App from May 2018 to present.

7  **RESPONSE TO TOPIC NO. 2:**

8  Google incorporates by reference its General Objections, including specifically its objection
9  to the definition of "Cast-Related Revenues." Google objects to this topic because it is overly broad,
10 vague, ambiguous, and does not describe with reasonable particularity the matters on which
11 examination is requested, including as to the undefined terms and phrases "sales," "prices," "costs,"
12 "revenues," "downloads," "installs," and "profits." Given the "breadth" of this topic, "adequately
13 preparing would unduly strain any deponent's abilities." *Pres. Techs. LLC v. MindGeek USA, Inc.*,
14 No. 217CV08906DOCJPR, 2020 WL 10965163, at *4 (C.D. Cal. Oct. 19, 2020).

15 Google further objects to this topic as irrelevant, unduly burdensome, and not proportional
16 to the needs of the case, including to the extent this topic seeks testimony on matters that are entirely
17 unrelated to Sonos's infringement theories, the asserted patents, the technology at issue, and/or the
18 claims and defenses of this case. Google specifically objects to Sonos's definition of "cast-related
19 revenue" as highly burdensome and not proportional to the needs of the case. Google also objects
20 to this topic to the extent it is not geographically constrained. Google additionally objects to this
21 topic on the ground that the information sought on this topic is duplicative of information sought by
22 Sonos in Interrogatory Nos. 9, 10, and 11 and Request for Production Nos. 46, 47, 49, 50, 52, and
23 53.

24 Subject to and without waiving its general and specific objections, Google is willing to
25 provide a witness or witnesses who will be prepared to testify to a reasonable level of detail
26 regarding the financial information it produced in this case at GOOG-SONOSNDCA-00055305.

27
28

**TOPIC NO. 3:**

Google's plans, strategies, projections, and forecasts for the sale and marketing of each Accused Instrumentality, Accused Cast-Enabled App, and Accused Functionality, including analyses relating to lifetime values, unit sales, unit downloads, unit installs, revenues (e.g., all Cast-Related Revenues), costs, profits, pricing, price negotiations, marketing strategy, competition, competitive analysis, economic and technical advantages, market segments, market share, market size, and customer base.

**RESPONSE TO TOPIC NO. 3:**

Google incorporates by reference its General Objections.  Google objects to this topic because it is overly broad, vague, ambiguous, and does not describe with reasonable particularity the matters on which examination is requested, including as to the undefined terms and phrases "plans," "strategies," "projections," "forecasts," "sale," "marketing," "analyses," "lifetime values," "unit sales," "unit downloads," "unit installs," "revenues," "costs," "profits," "pricing," "negotiations," "strategy," "competition," "competitive analysis," "economic and technical advantages," "market segments," "market share," "market size," and "customer base."  Given the "breadth" of this topic, "adequately preparing would unduly strain any deponent's abilities." *Pres. Techs. LLC v. MindGeek USA, Inc.*, No. 217CV08906DOCJPR, 2020 WL 10965163, at *4 (C.D. Cal. Oct. 19, 2020).

Google further objects to this topic as irrelevant, unduly burdensome, and not proportional to the needs of the case, including to the extent this topic seeks testimony on matters that are entirely unrelated to Sonos's infringement theories, the asserted patents, the technology at issue, and/or the claims and defenses of this case.  Google also objects to this topic to the extent it is not temporally or geographically constrained.  Google additionally objects to this topic on the ground that the information sought on this topic is duplicative of information sought by Sonos in Interrogatory No. 17 and Request for Production Nos. 6, 25, 26, 27, 28, and 45.

Subject to and without waiving its general and specific objections, Google is willing to provide a witness or witnesses who will be prepared to testify to a reasonable level of detail regarding (1) Google's strategies for the sale and marketing of the accused functionalities, the

accused software apps and the accused hardware products; (2) the competitive relationship between the parties to the extent there is one; (3) the financial information Google produced in this case at GOOG-SONOSNDCA-00055305; and (4) metrics information regarding installs of the accused software apps and usage of the accused functionality that Google anticipates producing in the coming weeks.

**TOPIC NO. 4:**

Customer use, feedback, demand, surveys, comments, comparisons, and/or complaints relating to the Accused Functionalities.

**RESPONSE TO TOPIC NO. 4:**

Google incorporates by reference its General Objections. Google objects to this topic because it is overly broad, vague, ambiguous, and does not describe with reasonable particularity the matters on which examination is requested, including as to the undefined terms and phrases "[c]ustomer use," "feedback," "demand," "surveys," "comments," and "complaints." Given the "breadth" of this topic, "adequately preparing would unduly strain any deponent's abilities." *Pres. Techs. LLC v. MindGeek USA, Inc.*, No. 217CV08906DOCJPR, 2020 WL 10965163, at *4 (C.D. Cal. Oct. 19, 2020).

Google further objects to this topic as irrelevant, unduly burdensome, and not proportional to the needs of the case, including to the extent this topic seeks testimony on matters that are entirely unrelated to Sonos's infringement theories, the asserted patents, the technology at issue, and/or the claims and defenses of this case. Google also objects to this topic to the extent it is not temporally or geographically constrained. Google additionally objects to this topic on the ground that the information sought on this topic is duplicative of information sought by Sonos in Interrogatory No. 4 and Request for Production No. 24.

Subject to and without waiving its general and specific objections, Google is willing to provide a witness or witnesses who will be prepared to testify to a reasonable level of detail regarding (1) customer feedback, including comments and/or complaints regarding the accused functionalities to the extent such feedback exists and is reasonably within Google's possession,

1  custody and control, and (2) metrics information regarding usage of the accused functionality that
2  Google anticipates producing in the coming weeks.
3
4  DATED:  February 3, 2022           QUINN EMANUEL URQUHART & SULLIVAN, LLP
5
                                      By:  */s/ Charles K. Verhoeven*
6                                          Charles K. Verhoeven (Bar No. 170151)
                                           charlesverhoeven@quinnemanuel.com
7                                          Melissa Baily (Bar No. 237649)
                                           melissabaily@quinnemanuel.com
8                                          Lindsay Cooper (Bar No. 287125)
                                           lindsaycooper@quinnemanuel.com
9                                       50 California Street, 22nd Floor
10                                      San Francisco, California 94111-4788
                                        Telephone:    (415) 875-6600
11                                      Facsimile:    (415) 875-6700
12
                                           *Attorneys for GOOGLE LLC*
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28