# EXHIBIT 4

# FILED UNDER SEAL

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Attorneys for GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>                        Plaintiff<br><br>          v.<br><br>SONOS, INC.,<br><br>                        Defendant. | Case No. 3:20-cv-06754-WHA |

**GOOGLE LLC'S THIRD SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF SONOS, INC.'S FIRST SET OF FACT DISCOVERY INTERROGATORIES (NOS. 13, 14, 15)**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Google LLC ("Google") hereby objects and responds to Plaintiff Sonos, Inc.'s ("Sonos") First Set of Fact Discovery Interrogatories to Defendant ("Interrogatories"). Google responds to these Interrogatories based on its current understanding and the information reasonably available to Google at the present time. Google reserves the right to supplement these responses if and when additional information becomes available.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

## GENERAL OBJECTIONS AND RESPONSES

1.      These responses are made only for the purposes of discovery in this action. Each response is subject to all appropriate objections as to competence, relevance, materiality, and any and all other objections and grounds that would require the exclusion of any information, documents, or statements contained in the responses if such information, documents, or statements were offered in court.  Google expressly reserves all such objections and may interpose them at the time of trial or at any other time.

2.      Google reserves all objections as to the admissibility at trial of any information or documents identified in its responses to these Interrogatories.  By identifying any document or supplying any information, Google does not admit that such information or document is relevant to or admissible in this litigation.  Google reserves the right to object to further inquiry with respect to any subject matter.

3.      Google objects to the interrogatories, and to the definitions, to the extent that they purport to impose any obligations upon Google beyond the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California.

4.      Google objects to the definition of "Defendant," "Google," "You," or "Your" on the grounds that the definitions are overly broad, unduly burdensome, and vague, including but not limited to the extent that they include:  any Google parent, subsidiary, division, or related company; any business entity controlled by or operated on behalf thereof; any predecessors thereof; and any and all agents, directors, owners, officers, attorneys, employees, representatives, subcontracts, and/or any person acting on its behalf.

5.      Google objects to the definition of "Accused Cast-Enabled App(s)" on the grounds that the definition is overly broad, unduly burdensome, and vague, including but not limited to the extent that it includes:  any Google Cast-enabled app other than the YouTube Music app, Google Play Music app, YouTube app, Google Podcasts app, and YouTube TV app, and any third-party Cast-enabled app that allows a user to "cast" to an Accused Cast-Enabled Media Player (including but not limited to the Spotify app), and any Cast-enabled software (e.g., firmware and/or Cast-enabled apps) executable on an Accused Cast-Enabled Display that enables a user to "[m]ove media

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

from one cast device to another," either collectively or individually.  Google will respond with respect to the YouTube Music app, Google Play Music app, YouTube app, Google Podcasts app, and YouTube TV app.

6.      Google objects to the definition of "Accused Google Product(s)" to the extent it includes Sonos's definition of the term "Accused Cast-Enabled App(s)."

7.      Google objects to the definition of "Accused Google Server[s]" on the grounds that the definition is overly broad, unduly burdensome, and vague, including but not limited to the extent that it purports to include: any server that hosts at least one of the Accused Cast-Enabled App(s) for download, any server that facilitates casting from Chromecast-enabled apps to Accused Cast-Enabled Media Player(s), any server that facilitates moving media from one cast device to another," and any server that, in response to user input at any Accused Cast-Enabled App, facilitates delivering media to an Accused Cast-Enabled Media Player (including but not limited to any Cloud Content Delivery Network (CDN) server), either collectively or individually.  Google will respond with respect to the servers specifically accused in Sonos's infringement contentions.

8.      Google objects to the instructions regarding "identify," "describe," or "identity" in the context of a person on the grounds that the instructions are overly broad, unduly burdensome, and vague, including but not limited to the extent that they require inclusion of: the person's present or last known home address, business and e-mail addresses, and respective phone numbers; present or last known place of employment and position; and his or her connection to the subject matter of the interrogatory.

9.      Google objects to the instructions to "identify," "describe," or specify the "identity" in the context of a person who is a past or present director, officer, employee, agent, or representative of Google on the grounds that the instructions are overly broad, unduly burdensome, and vague, including but not limited to the extent that they require specification of: all positions or employments held by that person with Google, and the dates between which each such position or employment was held.

10.      Google objects to the instructions to "identify," "describe," or specify the "identity" in the context of an entity on the grounds that the instructions are overly broad, unduly burdensome,

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

and vague, including but not limited to the extent that they require specification of: the entity's place of incorporation or other business organization; it's principal places of business; its present or last known mailing and physical address(es) and e-mail and website addresses; its present or last known phone number; the type of entity or organization, its date and place of formation and any place(s) in which it is registered to conduct business; its registered agent; and the identity of all individuals employed by or acting for it at any time who have knowledge of the matter with respect to which the entity is identified.

11. Google objects to the instructions to "identify," "describe," or specify the "identity" in the context of a document on the grounds that the instructions are overly broad, unduly burdensome, and vague, including but not limited to the extent that they require specification of: the date it was authored, sent, and/or received; the identity of the author of the document; the identity of any recipient of the document; and the identity of the custodian of the document.

12. Google objects to the instructions to "identify," "describe," or specify the "identity" in the context of a communication on the grounds that the instructions are overly broad, unduly burdensome, and vague, including but not limited to the extent that they require specification of: the date it was authored, sent, and/or received; the identity of the author of the document; the identity of any recipient of the document; and the identity of the custodian of the document. Google further objects to the instructions regarding "identify," "describe," or "identity" in the context of a communication to the extent that they suggest Google is required to search and produce electronically stored information (ESI) before Sonos has shown good cause for ESI discovery, and the parties have agreed on a procedure for doing so in accordance with the Court's Standing Order.

13. Google objects to the instructions to "identify," "describe," or specify the "identity" in the context of a thing on the grounds that the instructions are overly broad, unduly burdensome, and vague, including but not limited to the extent that they require specification of: its physical particulars; the day on which it was made; the identity of the persons who made it; the identity of the persons who asked that it be made; its present condition; and its present location.

14. Google objects to the instructions to "state all facts" on the grounds that the instructions are is overly broad, unduly burdensome, and vague, including but not limited to the

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

extent that it requires specification of: the identification of any person or entity having knowledge of any such fact, including the last known address and phone number and the identity of any document, communication, or thing that refers, relates, or evidences any such fact.

15.     Google objects to each interrogatory to the extent it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

16.     Google objects to each interrogatory to the extent that it seeks information that is not relevant to any claim or defense of any party or to the subject matter of this action, and is thus not proportional to the needs of the case.

17.     Google objects to each interrogatory to the extent it is compound and contains multiple subparts.

18.     Google objects to each interrogatory to the extent it is overbroad, unduly burdensome, vague, and/or ambiguous.

19.     Google objects to each interrogatory to the extent it seeks information that does not already exist or that is not in Google's possession, custody, or control.

20.     Google objects to each interrogatory to the extent it requires Google to provide information beyond what is available to Google at present from a reasonable search of its own files likely to contain relevant or responsive documents and from a reasonable inquiry of its present employees.

21.     Google objects to each interrogatory to the extent it seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, or trade secrets.  Subject to its other General Objections, and to any specific objections set forth below, Google will only provide relevant information in a manner consistent with a Protective Order entered by the Court in this matter.

22.     Google objects to each interrogatory to the extent it is unlimited in time or otherwise not limited to a timeframe relevant to this litigation, and is therefore burdensome, oppressive, overly broad, and not proportional to the needs of the case.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

23.     Google objects to each interrogatory to the extent it seeks a legal conclusion or expert testimony.

24.     Google objects to each interrogatory to the extent it seeks information that is publicly available and therefore as accessible to Sonos as to Google.

25.     Google objects to each interrogatory to the extent that it is premature.  Discovery is ongoing, and Google has not yet completed its investigation of the matters at issue in this action. Google reserves the right to modify, supplement, change or amend its responses after the Court has issued its claim construction order, and once Google has conducted the necessary discovery and investigation.

26.     Google's responses are not to be construed as an admission that any of the requested information exists, that any information is admissible, relevant or proportional to the needs of the case, or that any contention or assumption contained in the interrogatories, whether implicit or explicit, is correct.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

## OBJECTIONS AND RESPONSES TO FACT DISCOVERY INTERROGATORIES

## INTERROGATORY NO. 13

Describe in detail how the Google Home app running on a computing device (e.g., an Accused Pixel Device, an Accused Cast-Enabled Display, or a third-party mobile phone or tablet), independently or working with other software on the computing device, enables a user to manually,[1] as opposed to "dynamically," create a "speaker group"[2] of two or more Accused Cast-Enabled Media Players and then play media from such a manually created "speaker group" including, but not limited to, (i) describing in detail any information that is exchanged between the computing device and the Accused Cast-Enabled Media Players to facilitate the aforementioned functionality and how such exchange takes place, (ii) describing in detail any information that is stored at the Accused Cast-Enabled Media Players to facilitate the aforementioned functionality and how such storage takes place, and (iii) identifying by filename and method/function name the specific source code related to the functionality described in (i)-(ii).

## OBJECTIONS:

Google incorporates by reference all of its General Objections as if fully set forth herein. Google objects to this interrogatory on the grounds that it is vague, ambiguous, unclear as to information sought, and lacking sufficient particularity to permit Google to reasonably prepare a response with respect to the undefined terms "manually," "dynamically," "third-party mobile phone or tablet," "independently or working with other software on the computing device," "exchanged between the computing device and the Accused Cast-Enabled Media Players," "facilitate," "who such exchange takes place," "any information that is stored," "how such storage takes place," "filename," and "method/function name." Google further objects to this interrogatory to the extent that it assumes the existence of hypothetical facts that are incorrect or unknown to Google.

---

[1] *See, e.g.*, https://blog.google/products/google-nest/new-multi-room-audio-control-nest/.

[2] *See, e.g.*,
https://support.google.com/googlenest/answer/7174267?co=GENIE.Platform%3DAndroid&hl=en.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Google also objects to this interrogatory as overbroad, burdensome, and not proportional to the needs of the case, including to the extent it seeks information that is not relevant to any claim or defense of any party or to the subject matter of this action, including to the extent that it seeks information about "a third-party mobile phone or tablet" and non-accused instrumentalities or technology. Google further objects to this interrogatory as overbroad and unduly burdensome to the extent that it seeks information that is publicly available, not uniquely within the control of Google, or is equally available to Sonos. Google additionally objects to this interrogatory to the extent it seeks communications and information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Google further objects to this interrogatory to the extent it seeks confidential and/or proprietary business information. Google also objects to this interrogatory to the extent that it premature seeks expert discovery, opinion, and/or testimony. Google additionally objects to this interrogatory to the extent it seeks information that is not reasonably accessible or that is not within Google's possession, custody, or control.

**RESPONSE:**

Subject to and without waiving the foregoing General and Specific objections, Google responds, as follows:

Google objects to this interrogatory as vague, ambiguous, unclear as to information sought, and lacking sufficient particularity to permit Google to reasonably prepare a response. Google is willing to meet and confer to clarify the scope of this request, in particular to the extent it seeks information regarding how the Google Home app "enables a user to 'manually,' as opposed to 'dynamically,' create a 'speaker group.'"

**SUPPLEMENTAL RESPONSE:**

Google maintains the General and Specific objections set forth above.  Google further objects to this interrogatory on the grounds that it is vague and ambiguous to the extent it seeks information regarding products not specifically identified by make or model number in Sonos's infringement contentions.  For example, Google objects to Accused Cast-Enabled App to the extent it seeks information regarding products not specifically identified in Sonos's infringement contentions.  Google also objects to this interrogatory to the extent it seeks to encompass Spotify,

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1   which is a separate, third-party application.  Subject to and without waiving the foregoing General

2   and Specific objections, Google responds, as follows:

3         A message that is received by a group member during configuration of the speaker group is

4   a join_group command.  The join_group command instructs the device to join a group. ███████

5   ████████████████████████████████████. The join_group command is a ███████████

6   ████████████████████████████████████████████████████████████████████████

7   ████████████████████████████████████████████████████████████████████████

8   ██████████ The Google Home app is an example of an application that can send a join_group

9   command, ████████████████████████████████████████ In the Google

10   Home app, a user may select a specific device and add it to a group in Home app, which causes the

11   Google Home app to send a join_group command to that device. ███████████████

12   ████████████████████████████████████████████████████████████████████████

13   ████████████████████████████████████████████████████████████████████████

14   ████████████████████████████████████████████████████████████████████████

15   ████████████████████████████████████████████████████████████████████████

16   ████████ *See*  GOOG-SONOSWDTX-00051041;  GOOG-SONOSWDTX-00048962. ████████

17   user's handheld device ███████████████████████████████████████

18   it may not process or recognize them and is not configured to do so by Google's products. ████████

19   ████████████████████████████████████████████████████████████████████████

20   ██████████████████████████████████████ *See* GOOG-SONOSWDTX-00051041; GOOG-

21   SONOSWDTX-00048962. ████████████████████████████████

22   ████████████████████████████████████████████████████████████████████████

23   ████████████████████████████████████████████████████████████████████████

24   ████████████████████████████████████████████████████████████████████████

25   ████████████████████████████████████████████████████████████████████████

26   ████████████████████████████████████████████████████████████████████████

27   ████████████████████████████████████████████████████████████████████████

28   ████████████████████████████████████████████████████████████████████████

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1 ████████████████████████████████████████████████

2 ████████████████████████████████████████████████

3 ████████████████████████████████████

4 **INTERROGATORY NO. 14:**

5   For each Accused Cast-Enabled App, describe in detail how the given Accused Cast-Enabled

6 App (e.g., YouTube Music, YouTube, Google Play Music, Google Podcasts, Spotify) running on a

7 computing device (e.g., an Accused Pixel Device, an Accused Cast-Enabled Display, or a third-

8 party mobile phone or tablet), independently or working with other software on the computing

9 device, enables a user to "cast,"[3] or otherwise move or transfer media,[4] to an Accused Cast-Enabled

10 Media Player including, but not limited to, (i) describing in detail any information that is exchanged

11 between the computing device, the Accused Cast-Enabled Media Player, and/or any Accused

12 Google Server to facilitate the aforementioned functionality and how such exchange takes place, (ii)

13 describing in detail any creation, existence, modification, or deletion of any "queue"[5] of one or more

14 media items to facilitate the aforementioned functionality and how such creation, existence,

15 modification, or deletion takes place, and (iii) identifying by filename and method/function name

16 the specific source code related to the functionality described in (i)-(ii).

17   **OBJECTIONS:**  Google incorporates by reference all of its General Objections as if fully

18 set forth herein.  Google objects to the characterization of this interrogatory as a single interrogatory

19 given that it contains multiple discrete subparts under Fed. R. Civ. P. 33(a)(1).  Google objects to

20 this interrogatory on the grounds that it is vague, ambiguous, unclear as to information sought, and

21 lacking sufficient particularity to permit Google to reasonably prepare a response with respect to the

22 undefined terms "running on a computing device," "independently or working with other software

23 on the computing device," "information that is exchanged," "facilitate," "how such exchange takes

24 place," "creation, existence, modification, or deletion," "how such creation, existence, modification,

---

[3]  *See, e.g.*, https://support.google.com/googlenest/answer/7181830.

[4]  *See, e.g.*,
https://support.google.com/chromecast/answer/9563059?co=GENIE.Platform%3DAndroid&hl=en

[5]  *See, e.g.*, https://developers.google.com/cast/docs/ios_sender/queueing.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1  or deletion takes place," "filename" and "method/function name."  Google further objects to this

2  interrogatory to the extent that it assumes the existence of hypothetical facts that are incorrect or

3  unknown to Google.

4      Google also objects to this interrogatory as overbroad, burdensome, and not proportional to

5  the needs of the case, including to the extent it seeks information that is not relevant to any claim or

6  defense of any party or to the subject matter of this action, including to the extent that it seeks

7  information about "third-party servers" and non-accused instrumentalities or technology.  Google

8  further objects to this interrogatory as overbroad and unduly burdensome to the extent that it seeks

9  information that is publicly available, not uniquely within the control of Google, or is equally

10  available to Sonos.  Google additionally objects to this interrogatory to the extent it seeks

11  communications and information protected from disclosure by the attorney-client privilege and/or

12  attorney work product doctrine.  Google further objects to this interrogatory to the extent it seeks

13  confidential and/or proprietary business information.  Google also objects to this interrogatory to

14  the extent that it premature seeks expert discovery, opinion, and/or testimony.  Google additionally

15  objects to this interrogatory to the extent it seeks information that is not reasonably accessible or

16  that is not within Google's possession, custody, or control.

17  **RESPONSE:**

18      Subject to and without waiving the foregoing General and Specific objections, Google

19  responds, as follows:

20      Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Google further refers Sonos

21  to the source code that Google has made available and the following documents containing

22  information responsive to this interrogatory: GOOG-SONOSWDTX-00005033-53611.

23      **SUPPLEMENTAL RESPONSE:**  Google maintains the General and Specific objections

24  set forth above.  Google further objects to this interrogatory on the grounds that it is vague and

25  ambiguous to the extent it seeks information regarding products not specifically identified by make

26  or model number in Sonos's infringement contentions.  For example, Google objects to Accused

27  Cast-Enabled App to the extent it seeks information regarding products not specifically identified

28  in Sonos's infringement contentions.  Google also objects to this interrogatory to the extent it seeks

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1  to encompass Spotify, which is a separate, third-party application.  Subject to and without waiving

2  the foregoing General and Specific objections, Google responds, as follows:

3        Google refers Sonos to the source code that Google has made available, which is the best

4  evidence of how the devices operate with respect to the operation of the accused functionalities.

5  Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Google further refers Sonos to the

6  following documents created during product development which may contain information response

7  to this interrogatory:  GOOG-SONOSWDTX-00041650,  GOOG-SONOSWDTX-00039521,

8  GOOG-SONOSWDTX-00041722,  GOOG-SONOSWDTX-00040397,  GOOG-SONOSWDTX-

9  00042266,  GOOG-SONOSWDTX-00042272,  GOOG-SONOSWDTX-00042282,  GOOG-

10  SONOSWDTX-00042365, GOOG-SONOSWDTX-00042378, GOOG-SONOSWDTX-00042380,

11  GOOG-SONOSWDTX-00042385,  GOOG-SONOSWDTX-00042397,  GOOG-SONOSWDTX-

12  00042402,  GOOG-SONOSWDTX-00042404,  GOOG-SONOSWDTX-00042413,  GOOG-

13  SONOSWDTX-00042754, GOOG-SONOSWDTX-00042954, GOOG-SONOSWDTX-00043052,

14  GOOG-SONOSWDTX-00043318,  GOOG-SONOSWDTX-00043323,  GOOG-SONOSWDTX-

15  00043799-803,  GOOG-SONOSWDTX-00043820,  GOOG-SONOSWDTX-00051820,  GOOG-

16  SONOSWDTX-00051848, GOOG-SONOSWDTX-00051918, GOOG-SONOSWDTX-00051924,

17  GOOG-SONOSWDTX-00051927,  GOOG-SONOSWDTX-00052944-71,  GOOG-

18  SONOSWDTX-00051608, GOOG-SONOSWDTX-00051943, GOOG-SONOSWDTX-00037978,

19  GOOG-SONOSWDTX-00051947,  GOOG-SONOSWDTX-00037634,  GOOG-SONOSWDTX-

20  00053379,  GOOG-SONOSWDTX-00036998,  GOOG-SONOSWDTX-00037178,  GOOG-

21  SONOSWDTX-00037042, GOOG-SONOSWDTX-00037081, GOOG-SONOSWDTX-00037220,

22  GOOG-SONOSWDTX-00040331-83,  GOOG-SONOSWDTX-00043467,  GOOG-

23  SONOSWDTX-00043471, GOOG-SONOSWDTX-00043550, GOOG-SONOSWDTX-00037146,

24        GOOG-SONOSWDTX-00043548,  GOOG-SONOSWDTX-00043676,  GOOG-

25  SONOSWDTX-00037178; *see also* GOOG-SONOSWDTX-00005033-8471,  GOOG-

26  SONOSWDTX-00022175-371, GOOG-SONOSWDTX-00036346-53611.

27        **SECOND SUPPLEMENTAL RESPONSE:** Google maintains the General and Specific

28  objections set forth above.  Google further objects to this interrogatory on the grounds that it is

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1  vague and ambiguous to the extent it seeks information regarding products not specifically identified

2  by make or model number in Sonos's infringement contentions.  For example, Google objects to

3  Accused Cast-Enabled App to the extent it seeks information regarding products not specifically

4  identified in Sonos's infringement contentions or which have now been dropped from the case (*e.g.*,

5  Podcast).  Google also objects to this interrogatory to the extent it seeks to encompass Spotify, which

6  is a separate, third-party application.  Google further objects to this Interrogatory as vague and

7  ambiguous, for example as to its use of the term "queue" which is subject to claim

8  construction.   Subject to and without waiving the foregoing General and Specific objections,

9  Google responds, as follows:

10  ███████████████████████████████████████████████

11  ███████████████████████████████████████████████

12  ██████████████████████████████████████  The following

13  diagram illustrates this process:

14  ████████████████████████████████

15  ████████████████████████████████

16  ████████████████████████████████

17  ████████████████████████████████

18  ████████████████████████████████

19  ████████████████████████████████

20  ████████████████████████████████

21  ████████████████████████████████

22  ███████████████████████████████████████████████

23  ███████████████████████████████████████████████

24  ███████████████████████████████████████████████

25  ███████████████████████████████████████████████

26  ███████████████████████████████████████████████

27  ███████████████████████████████████████████████

28  ███████████████████████████████████████████████

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**INTERROGATORY NO. 15:**

For each of the YouTube, YouTube Music, YouTube TV, Google Play Music, Google Podcasts, and Spotify media services, describe in detail how an Accused Google Product (e.g., an Accused Cast-Enabled Media Player or Accused Pixel Device) receives and then plays back a sequence of media items (e.g., songs, podcast episodes, etc.) in connection with a given one of the aforementioned media services including, but not limited to, (i) describing in detail any communications between the Accused Google Product and any web server (e.g., Accused Google Server or third-party server) and how such communications take place, (ii) describing in detail how any Accused Google Server generates, maintains, and/or updates a set of one or more media-item "recommendations"[6] that are sent to the Accused Google Product and how those "recommendations" are sent to the Accused Google Product, and (iii) describing in detail how any

---

[6]   *See, e.g.*, https://www.youtube.com/howyoutubeworks/product-features/recommendations/; https://support.google.com/youtubemusic/answer/6313542?hl=en; https://support.google.com/websearch/answer/10017274?hl=en&co=GENIE.Platform%3DAndroid#zippy=.

Accused Google Server facilitates Google's "Autoplay feature"[7] for playback at the Accused Google Product and how the "Autoplay feature" is utilized at the Accused Google Product.

**OBJECTIONS:**  Google incorporates by reference all of its General Objections as if fully set forth herein.  Google objects to the characterization of this interrogatory as a single interrogatory given that it contains multiple discrete subparts under Fed. R. Civ. P. 33(a)(1).  Google objects to this interrogatory on the grounds that it is vague, ambiguous, unclear as to information sought, and lacking sufficient particularity to permit Google to reasonably prepare a response with respect to the undefined terms "receives and then plays back a sequence of media items," "in connection with a given one of the aforementioned media services," "communications between the Accused Google Product and any web server," "how such communications take place," "generates, maintains and/or updates," "how those 'recommendations' are sent to the Accused Google Product," "how any Accused Google Server facilitates Google's 'Autoplay feature' for playback at the Accused Product," and "how the 'Autoplay feature' is utilized at the Accused Google Product."  Google further objects to this interrogatory to the extent that it assumes the existence of hypothetical facts that are incorrect or unknown to Google.

Google also objects to this interrogatory as overbroad, burdensome, and not proportional to the needs of the case, including to the extent it seeks information that is not relevant to any claim or defense of any party or to the subject matter of this action, including to the extent that it seeks information regarding non-accused instrumentalities or technology such as "Spotify media services" and "third-party server[s]."  Google further objects to this interrogatory as overbroad and unduly burdensome to the extent that it seeks information that is publicly available, not uniquely within the control of Google, or is equally available to Sonos.  Google additionally objects to this interrogatory to the extent it seeks communications and information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Google further objects to this interrogatory to the extent it seeks confidential and/or proprietary business information.  Google also objects to

---

[7]  *See, e.g.*,
https://support.google.com/youtube/answer/6327615?hl=en&co=GENIE.Platform%3DAndroid;
https://support.google.com/websearch/answer/10017274?hl=en&co=GENIE.Platform%3DAndroid#zippy=.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1   this interrogatory to the extent that it premature seeks expert discovery, opinion, and/or testimony.

2   Google additionally objects to this interrogatory to the extent it seeks information that is not

3   reasonably accessible or that is not within Google's possession, custody, or control.  Google further

4   objects to this interrogatory to the extent it seeks information that is unnecessarily cumulative or

5   duplicative of information sought by other discovery, including Request for Production No. 20.

6   **RESPONSE:**

7         Subject to and without waiving the foregoing General and Specific objections, Google

8   responds, as follows:

9         Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Google further refers Sonos

10  to the source code that Google has made available and the following documents containing

11  information responsive to this interrogatory: GOOG-SONOSWDTX-00005033-53611.

12  **SUPPLEMENTAL RESPONSE:**  Google maintains the General and Specific objections

13  set forth above.  Google further objects to this interrogatory on the grounds that it is vague and

14  ambiguous to the extent it seeks information regarding products not specifically identified by make

15  or model number in Sonos's infringement contentions.  Google also objects to this interrogatory to

16  the extent it seeks to encompass Spotify, which is a separate, third-party application.  Subject to and

17  without waiving the foregoing General and Specific objections, Google responds, as follows:

18

19        Google refers Sonos to the source code that Google has made available, which is the best

20  evidence of how the devices operate with respect to the operation of the accused functionalities.

21  Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Google further refers Sonos to the

22  following documents created during product development which may contain information response

23  to this interrogatory:    GOOG-SONOSWDTX-00041650,  GOOG-SONOSWDTX-00039521,

24  GOOG-SONOSWDTX-00041722,  GOOG-SONOSWDTX-00040397,  GOOG-SONOSWDTX-

25  00042266,    GOOG-SONOSWDTX-00042272,    GOOG-SONOSWDTX-00042282,    GOOG-

26  SONOSWDTX-00042365, GOOG-SONOSWDTX-00042378, GOOG-SONOSWDTX-00042380,

27  GOOG-SONOSWDTX-00042385,    GOOG-SONOSWDTX-00042397,    GOOG-SONOSWDTX-

28  00042402,    GOOG-SONOSWDTX-00042404,    GOOG-SONOSWDTX-00042413,    GOOG-

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

SONOSWDTX-00042754, GOOG-SONOSWDTX-00042954, GOOG-SONOSWDTX-00043052, GOOG-SONOSWDTX-00043318, GOOG-SONOSWDTX-00043323, GOOG-SONOSWDTX-00043799-803, GOOG-SONOSWDTX-00043820, GOOG-SONOSWDTX-00051820, GOOG-SONOSWDTX-00051848, GOOG-SONOSWDTX-00051918, GOOG-SONOSWDTX-00051924, GOOG-SONOSWDTX-00051927, GOOG-SONOSWDTX-00052944-71, GOOG-SONOSWDTX-00051608, GOOG-SONOSWDTX-00051943, GOOG-SONOSWDTX-00037978, GOOG-SONOSWDTX-00051947, GOOG-SONOSWDTX-00037634, GOOG-SONOSWDTX-00053379, GOOG-SONOSWDTX-00036998, GOOG-SONOSWDTX-00037178, GOOG-SONOSWDTX-00037042, GOOG-SONOSWDTX-00037081, GOOG-SONOSWDTX-00037220, GOOG-SONOSWDTX-00040331-83, GOOG-SONOSWDTX-00043467, GOOG-SONOSWDTX-00043471, GOOG-SONOSWDTX-00043550, GOOG-SONOSWDTX-00037146, GOOG-SONOSWDTX-00043548, GOOG-SONOSWDTX-00043676, GOOG-SONOSWDTX-00037178; *see also* GOOG-SONOSWDTX-00005033-8471, GOOG-SONOSWDTX-00022175-371, GOOG-SONOSWDTX-00036346-53611.

**SECOND SUPPLEMENTAL RESPONSE:**

Google maintains the General and Specific objections set forth above.  Google further objects to this interrogatory on the grounds that it is vague, ambiguous, and overbroad to the extent it seeks information regarding products not specifically identified by make or model number in Sonos's infringement contentions, or that have now been dropped by Sonos (*e.g.*, Podcast).  Google also objects to this interrogatory to the extent it seeks to encompass Spotify, which is a separate, third-party application.  Subject to and without waiving the foregoing General and Specific objections, Google responds, as follows:

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

*Id.*

19

20

21

22

23

24

25

26

27

28

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

DATED:  February 4, 2022

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:   _/s/ Charles K. Verhoeven_

Charles K. Verhoeven (*pro hac vice*)
charlesverhoeven@quinnemanuel.com
Melissa Baily (*pro hac vice*)
melissabaily@quinnemanuel.com
Lindsay Cooper (*pro hac vice*)
lindsaycooper@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875 6600
Facsimile:     (415) 875 6700

*Counsel for Defendant Google LLC*

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1

**CERTIFICATE OF SERVICE**

2      The undersigned hereby certifies that all counsel of record who have consented to electronic

3   service are being served with a copy of this document via email on February 4, 2022.

4                                                    _/s/ Nima Hefazi_____
                                                      Nima Hefazi
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28