UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE LLC,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>SONOS, INC.,<br><br>　　　　　　Defendant. | Case No. 20-cv-06754-WHA (DMR)<br><br>**ORDER TO FILE SUPPLEMENTAL JOINT LETTER**<br><br>Re: Dkt. No. 377 |

The parties filed a joint discovery letter in which Defendant Sonos, Inc. moves to compel Plaintiff Google LLC to designate a witness or witnesses to testify in response to Sonos's Rule 30(b)(6) deposition notice and to respond to an interrogatory. [Docket No. 377; *see also* Docket No. 394.] On December 5, 2022, in response to a court order, the parties filed a joint letter in which Defendant withdrew the portion of its motion seeking a Rule 30(b)(6) witness on Topic No. 1(iii)(a)-(c), stream transfer functionality. [Docket Nos. 411, 413.] Accordingly, the outstanding disputes are:

　　　1. Whether Defendant's Rule 30(b)(6) Topic No. 1 contains impermissible "subtopics" in excess of the number allowed by the Honorable William H. Alsup's Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases;

　　　2. an additional designee on Topic 1(i);

　　　3. an additional designee on Topic No. 1(v)(a)-(d), (vi)(a)-(d), (vii)(a)-(d) ("controller device" topic);

　　　4. an additional designee on Topic No. 1(vi)(b)/(d), (vii)(b)/(d) ("cast-enabled player" topic); and

　　　5. a supplemental response to Defendant's interrogatory no. 14.

[*See* Docket No. 413.]

The court lacks sufficient information to rule on disputes three and four because the parties gave the court very little to go on.  Defendant maintains that Plaintiff's witness on these two topics was "not competent," citing "I don't know"-type responses to various questions.  Jt. Letter 2.  Plaintiff counters that the two topics are "overbroad" and that its designee "testif[ied] at a reasonable level of detail," citing to pages of the deposition transcript without stating what the witness said.  *Id*. at 5.  The foregoing is the extent of the parties' arguments on these disputes.  The court cannot evaluate the adequacy of Plaintiff's witness's testimony on the current record.  Accordingly, by no later than December 9, 2022, the parties shall file a supplemental joint letter.  Addressing each of the two topics separately (i.e., controller device topic and cast-enabled player topic), Plaintiff shall explain why its designee's testimony was "at a reasonable level of detail," and Defendant shall explain why the testimony on the topic was insufficient.  The parties shall support their positions with illustrative examples of the testimony.  The parties shall meet and confer to jointly file one exhibit containing all relevant portions of the transcript, with each side using a different color to highlight the relevant testimony that it claims supports its position.  The joint letter may not exceed two pages total and may not include footnotes.

The December 8, 2022 hearing is vacated.  The court will set a hearing, if appropriate, on the outstanding disputes upon submission of the supplemental joint letter.

**IT IS SO ORDERED.**

Dated: December 5, 2022



_____
Donna M. Ryu
United States Magistrate Judge