1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Charles K. Verhoeven (Bar No. 170151)
2    charlesverhoeven@quinnemanuel.com
     Melissa Baily (Bar No. 237649)
3    melissabaily@quinnemanuel.com
     James Judah (Bar No. 257112)
4    jamesjudah@quinnemanuel.com
     Lindsay M. Cooper (Bar No. 287125)
5    lindsaycooper@quinnemanuel.com
   50 California Street, 22nd Floor
6  San Francisco, California 94111-4788
   Telephone:    (415) 875-6600
7  Facsimile:    (415) 875-6700

8    Marc Kaplan (pro hac vice)
     marckaplan@quinnemanuel.com
9  191 N. Wacker Drive, Ste 2700
   Chicago, Illinois 60606
10 Telephone:    (312) 705-7400
   Facsimile:    (312) 705-7401

11
   *Attorneys for GOOGLE LLC*
12

13                    UNITED STATES DISTRICT COURT

14                   NORTHERN DISTRICT OF CALIFORNIA

15                        SAN FRANCISCO DIVISION

16

17 GOOGLE LLC,                          Case No. 3:20-cv-06754-WHA
                                        Related to Case No. 3:21-cv-07559-WHA
18              Plaintiff,
                                        **GOOGLE LLC'S OPPOSITION TO**
19                                      **SONOS, INC.'S MOTION FOR LEAVE**
                                        **TO AMEND INFRINGEMENT**
20        vs.                           **CONTENTIONS PURSUANT TO**
                                        **PATENT L.R. 3-6**
21
   SONOS, INC.,                         Date:     January 12, 2023
22                                      Time:     8:00 a.m.
                Defendant.              Location: Courtroom 12, 19th Floor
23                                      Judge:    Hon. William Alsup

24

25

26

27

28

                                                          Case No. 3:20-cv-06754-WHA
   GOOGLE'S OPPOSITION TO SONOS'S MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...........................................................................................................1

II. STATEMENT OF THE ISSUES TO BE DECIDED .....................................................2

III. STATEMENT OF RELEVANT FACTS ........................................................................3

    A. Sonos Moves To Amend Again In The Midst Of Expert Discovery ..................3

IV. LEGAL STANDARD .....................................................................................................3

V. ARGUMENT ...................................................................................................................4

    A. The Court Should Deny Sonos's Motion For Leave To Amend Because Sonos Does Not Have "Good Cause" And Sonos's Additional New Theories Should Have Been Disclosed In Its Patent Local Rule 3-1 Disclosures. .............................................................................................................5

    B. Google Would Be Unduly Prejudiced By Sonos's Late Amendment .................10

VI. CONCLUSION ..............................................................................................................13

**TABLE OF AUTHORITIES**

**Page**

**Cases**

*01 Communique Lab., Inc. v. Citrix Sys., Inc.*,
  889 F.3d 735, 742 (Fed. Cir. 2018) .................................................................................. 11

*Acer Inc. v. Tech. Props. Ltd.*,
  No. 08-877, 2010 WL 3618687 (N.D. Cal. Sept. 10, 2010) ........................................... 6

*Acer, Inc. v. Tech. Properties Ltd.*,
  08-cv-00877-JF(HRL), 2011 WL 1838768 (N.D. Cal. May 13, 2011) ...................... 10

*Advanced Micro Devices, Inc. v. LG Elecs., Inc.*,
  No. 14-CV-01012-SI, 2017 WL 2774339 (N.D. Cal. June 26, 2017) ........................ 10

*Ameranth, Inc. v. Genesis Gaming Solutions Inc.*,
  No. 11-189, 2015 WL 10793431 (C.D. Cal. Jan. 2, 2015) ............................................ 8

*Apple Inc. v. Samsung Elecs. Co.*,
  No. 12-CV-0630-LHK (PSG), 2013 WL 3246094 (N.D. Cal. June 26, 2013) ........... 10

*ASUS Computer Int'l v. Round Rock Research LLC*,
  No. 12-2099, 2014 WL 554561 (N.D. Cal. Feb. 7, 2014) ........................................... 11

*Aylus Networks, Inc. v. Apple Inc.*,
  13-cv-4700-EMC, 2015 WL 12976113 (N.D. Cal. June 2, 2015) ................................ 9

*Cisco Sys., Inc. v. Teleconference Sys., LLC.*,
  09-cv-01550-JSW (NC), 2012 WL 9337627 (N.D. Cal. June 11, 2012) ..................... 9

*CyWee Grp. Ltd v. Apple Inc.*,
  No. 14-cv-01853-HSG (HRL), 2016 WL 7230865 (N.D. Cal. Dec. 14, 2016) ............ 6

*Dynetix Design Sols. Inc. v. Synopsys Inc.*,
  No. CV 11-05973 PSG, 2012 WL 6019898 (N.D. Cal. Dec. 3, 2012) ........................ 5

*EON Corp. IP Holdings LLC v. Aruba Networks Inc*,
  No. 12-CV-01011 JST, 2013 WL 12174305 (N.D. Cal. July 30, 2013) ....................... 5

*Fluidigm Corp. v. IONpath, Inc.*,
  No. C 19-05639 WHA, 2020 WL 5073938 (N.D. Cal. Aug. 25, 2020) .................. 4, 6

*Google, Inc. v. Netlist, Inc.*,
  Nos. C 08-4144 SBA, C 09-5718 SBA,
  2010 WL 1838693 (N.D. Cal. 2010 May 5, 2010) ................................................... 5, 8

*GoPro, Inc. v. 360Heros, Inc.*,
  No. 16-1944-Sl, 2017 WL 1278756 (N.D. Cal. Apr. 6, 2017) ..................... 5, 8, 9, 10

*Karl Storz Endoscopy–America, Inc. v. Stryker Corp.*,
  No. 09–cv–00355, 2011 WL 5574807 (N.D. Cal. Nov. 16, 2011) ............................... 4

*KlausTech, Inc. v. Google, Inc.*,
  No. 10-CV-05899-JSW (DMR), 2017 WL 4808558 (N.D. Cal. Oct. 25, 2017) ......... 7

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
  467 F.3d 1355 (Fed. Cir. 2006) ............................................................................ 4, 9, 10

*Radware, Ltd. v. A10 Networks, Inc.*,
  No. C-13-02021, 2014 WL 3725255 (N.D. Cal. July 28, 2014) .............................. 4, 6

*SAGE Electrochromics Inc. v. View Inc.*,
  No. 12-6441-JST-DMR, 2014 WL 1998049 (N.D. Cal. May 15, 2014) ..................... 5

*Sun Microsystems, Inc. v. Network Appliance, Inc.*,
  07-5488, 2009 WL 508448 (N.D. Cal. Feb. 27, 2009) ................................................................ 11

*Synopsys, Inc. v. ATopTech, Inc.*,
  No. 13-2965-MMC-DMR, 2016 WL 4945489 ................................................................. 5, 7

*Tech. Props. Ltd. v. Canon, Inc.*,
  No. 14-cv-03640-CW, 2016 WL 1360756 (N.D. Cal. Apr. 6, 2016) ........................................ 4, 8

*Trans Video Electronics, Ltd. v. Sony Electronics, Inc.*,
  278 F.R.D. 505 (N.D. Cal. 2011), *aff'd*, 475 F. App'x 334 (Fed. Cir. 2012) ................................ 9

*Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*,
  236 F. Supp. 3d 1110, 1113 (N.D. Cal. 2017) .................................................................. 3, 4, 7

**Rules**

Patent Local Rule 3-1 ................................................................................................................. 4
Patent Local Rule 3-6 ................................................................................................ 1, 3, 4, 10
Patent Local Rule 3-6(c) ............................................................................................ 1, 2, 3. 4
Rule 30(b)(1) .............................................................................................................................. 7
Rule 30(b)(6) ........................................................................................................... 5, 7, 8, 10

## I. INTRODUCTION

Fact discovery in this case closed on November 30, and expert discovery is well under way. Despite the late stage of the case, Sonos, Inc. ("Sonos") seeks to amend its infringement contentions yet again. *See* Dkt. 407 ("Motion for Leave"). This is now the **tenth** iteration of Sonos's infringement contentions, which have successively expanded this case and the claims. There is no good cause for Sonos's proposed amendment, and it is highly prejudicial to Google LLC ("Google").

First, Patent Local Rule 3-6 provides that amendment to contentions may only be made "upon a timely showing of good cause." Sonos attempts to rely upon Patent Local Rule 3-6(c), which states that good cause may exist based on "[r]ecent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions." But Sonos cannot show good cause under Patent Local Rule 3-6(c), as its assertion that supplementation is based on additional deposition testimony is plainly pretextual. A close review of its proposed amendments reveal that they are actually based on source code Sonos has had access to for **over 18 months**, long before the most recent iteration of its infringement contentions. As Sonos concedes, Mr. Maclellan's testimony merely "confirmed" what Sonos already knew about stream transfer functionality.

Faced with these facts, Sonos claims that its supplemental contentions are tantamount to "adding in additional citations" to previously-disclosed theories. This mischaracterizes the true purpose of its new infringement contentions—which is to add **new theories** directed at how the "stream transfer" feature performs the steps of "detecting an indication" and the "after detecting the indication, transitioning. . . . to ii) a second mode in which . . . the computing device is no longer configured for playback." Dkt. 406-2 at 73-95. This is not merely adding evidence to its existing contentions, and Sonos has provided no explanation, much less good cause, as to why it could not have provided these additional citations earlier. As Sonos concedes, Sonos has known about "stream transfer" for almost **two years**, while having access to Google's source code and technical documents **since at least June 2021**. Visibly missing from Sonos's motion is any notion as to why these "additional citations" could not have been added earlier or as part of Sonos's many other

amendments. As Sonos tacitly admits, they are not based on any new or different claim construction.[1]

Second, even if Sonos could show that it has been diligent (it cannot), Sonos's attempt to keep adding multiple new theories should independently be denied because it is exceedingly prejudicial to Google, given that the proposed amendments relate to theories that Google must defend itself against that were only disclosed for the first time in the midst of expert discovery. Sonos moved to amend just a week before opening expert reports, and with rebuttal expert reports now due in less than two weeks, Google is left with little time to analyze Sonos's new theories and source code citations. This is already a complex case that involves multiple different YouTube applications and features. Requiring Google to defend against new theories disclosed on the eve of expert report and summary judgment deadlines would be highly prejudicial in any case, but is especially prejudicial here where Sonos recently served a damages report claiming it is entitled to over $200 million dollars for alleged infringement of U.S. Patent No. 10,779,033 ("'033 patent").

Because Sonos fails to show any "good cause" for disclosing its proposed amendments at this late stage, and taking into account the substantial prejudice they would cause Google, Sonos's motion should be denied.

## II.  STATEMENT OF THE ISSUES TO BE DECIDED

Whether good cause exists under Patent Local Rule 3-6(c) for Sonos to amend its infringement contentions as to the '033 patent, where the proposed amendments are based on source code Sonos has had for over a year, Google will be severely prejudiced by Sonos's ever-shifting infringement contentions, and the Motion for Leave will not be resolved before the rebuttal expert report deadline.

---

[1] Sonos has previously moved to amend its infringement contentions numerous times. See Dkts. 128, 150. In the opposition briefs, Google noted that Sonos should have included the amendments as part of its Court-ordered January 2022 contentions. See Dkts. 142, 164. The Court granted those motions only because Google had advanced new claim constructions, but recognized that "[t]he January 20 amendment did address similar issues." Dkt. 167 at 2-3. Here, Sonos's proposed amendments are undisputedly not directed to any new claim constructions.

-2-                                          Case No. 3:20-cv-06754-WHA
GOOGLE'S OPPOSITION TO SONOS'S MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS

### III. STATEMENT OF RELEVANT FACTS

#### A. Sonos Moves To Amend Again In The Midst Of Expert Discovery

On November 23, 2022, a week before the close of fact discovery and opening reports, Sonos filed a motion for leave to amend its infringement contentions yet again under the guise of adding additional documents and source code to its infringement contentions. *See generally* Mot. Among other limitations, the '033 patent requires a "computing device" that performs the step of "detecting an indication that playback responsibility for the remote playback queue has been successfully transferred from the computing device to at least one given playback device." *See* Dkt. 1-3. For this limitation, Sonos's proposed amendment spans at least *nine pages* and adds a new infringement theory and documents. *See* Dkt. 406-2. Sonos now contends that the detecting an indication" of a successful transfer limitation can be satisfied by the alleged "computing device" seizing playback responsibility if there is an error (and continuing to play if there is not). But this new theory relies upon Google's source code or technical documents that Sonos has had access to *since at least June 2021*.

### IV. LEGAL STANDARD

Pursuant to Patent Local Rule 3-6, a patentee may only amend its infringement contentions "by order of the Court upon a timely showing of good cause." To prevent the "vexatious shuffling of positions," courts subject motions to amend infringement contentions to a higher level of scrutiny than similar motions to amend pleadings. *See Verinata Health, Inc. v. Ariosa Diagnostics, Inc.,* 236 F. Supp. 3d 1110, 1113 (N.D. Cal. 2017) ("In contrast to the more liberal policy for amending pleadings, the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the 'shifting sands' approach to claim construction.") (cleaned up). Examples of circumstances that may support a finding of good cause include (a) a claim construction by the Court different from that proposed by the moving party, (b) recent discovery of material, prior art despite earlier diligent search, and (c) recent discovery of nonpublic information about the accused instrumentalities that was not discovered before the service of infringement contentions despite diligent efforts. Patent L.R. 3-6(a)-(c). As Sonos only moves under Patent L.R. 3-6(c), it thus concedes that 3-6(a) and (b) do not apply.

A good cause inquiry "considers first whether the moving party was diligent in amending its contentions and then whether the nonmoving party would suffer prejudice if the motion to amend were granted." *Radware, Ltd. v. A10 Networks, Inc.*, No. C-13-02021, 2014 WL 3725255, at *1 (N.D. Cal. July 28, 2014) (internal quotations and citation omitted). "[T]he burden is on the movant to establish diligence rather than on the opposing party to establish lack of diligence." *Karl Storz Endoscopy–America, Inc. v. Stryker Corp.*, No. 09–cv–00355, 2011 WL 5574807, at *1 (N.D. Cal. Nov. 16, 2011) (citing *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006)).

When determining whether a party was diligent, "the critical question is whether the party could have discovered the new information earlier had it acted with requisite diligence." *Fluidigm Corp. v. IONpath, Inc.*, No. C 19-05639 WHA, 2020 WL 5073938, at *4 (N.D. Cal. Aug. 25, 2020) (quoting *Radware*, 2014 WL 3725255, at *1). Additionally, the court may deny a motion for leave to amend infringement contentions if it would cause "undue prejudice to the non-moving party." *Tech. Props. Ltd. v. Canon, Inc.*, No. 14-cv-03640-CW, 2016 WL 1360756, at *2 (N.D. Cal. Apr. 6, 2016) (quoting Patent L.R. 3-6). "Prejudice is typically found when amending contentions stand to disrupt the case schedule or other court orders." *Verinata Health*, 236 F. Supp. 3d at 111 3 (internal quotations and citation omitted).

## V.     ARGUMENT

The Court should deny Sonos's Motion for Leave for two reasons. *First*, Sonos was not diligent. Sonos should have disclosed all of its theories for how "stream transfer" allegedly meets any claim limitations of the '033 patent in its original Patent Local Rule 3-1 infringement contentions, or at the very least, when Sonos served its Court-ordered infringement contentions on January 20, 2022. *Second*, permitting Sonos to introduce a new theory at this point would severely prejudice Google because Google will not have any reasonable opportunity to address Sonos's belated infringement theory under the expert discovery schedule.

Importantly, this Court has denied motions to amend infringement contentions under Patent Local Rule 3-6(c) for many reasons, including:

1.   The movant was not diligent in finding information already in its possession or available to it;[2]

2.   The information – even if arguably newly discovered – was not diligently sought in discovery;[3]

3.   The movant was not diligent in moving to amend once the information was discovered;[4] and

4.   The non-moving party would be prejudiced.[5]

Because all of these reasons are present here, Sonos's motion should be denied.

**A.  The Court Should Deny Sonos's Motion For Leave To Amend Because Sonos Does Not Have "Good Cause" And Sonos's Additional New Theories Should Have Been Disclosed In Its Patent Local Rule 3-1 Disclosures.**

"Like all patent cases, this case must narrow as it moves forward, not expand." *Dynetix Design Sols. Inc. v. Synopsys Inc.*, No. CV 11-05973 PSG, 2012 WL 6019898, at *3 (N.D. Cal. Dec.

---

[2]  *See, e.g.*, *EON Corp. IP Holdings LLC v. Aruba Networks Inc*, No. 12-CV-01011 JST, 2013 WL 12174305, at *3 (N.D. Cal. July 30, 2013) (denying motion to amend where information about accused product was publicly available); *Google, Inc. v. Netlist, Inc.*, Nos. C 08-4144 SBA, C 09-5718 SBA, 2010 WL 1838693, at *2 (N.D. Cal. 2010 May 5, 2010) (denying motion where information purportedly first learned in a Rule 30(b)(6) deposition could have been discovered from document production nine months earlier, providing "ample opportunity early in the litigation to discover the existence of these non-public documents and to ascertain whether they disclosed a potential basis for additional infringement contentions"); *Synopsys, Inc. v. ATopTech, Inc.*, No. 13-2965-MMC-DMR, 2016 WL 4945489, at *3-5 (no diligence where movant pointed to recent source code productions, but did not show that the information could not have been obtained from prior productions).

[3]  *See, e.g.*, *EON Corp.*, 2013 WL 12174305, at *3 (denying motion where movant "never sought to meet and confer with [alleged infringer] about the scope of [alleged infringer's]'s disclosure, and never sought the Court's intervention to compel further discovery").

[4]  *See, e.g.*, *GoPro, Inc. v. 360Heros, Inc.*, No. 16-1944-Sl, 2017 WL 1278756, at *2 (N.D. Cal. Apr. 6, 2017) (no diligence where amendment not sought upon learning new information because "once [patentee] had whatever information it needed to accuse the [new instrumentality], [patentee] should have quickly prepared its updated contentions and sought leave to amend").

[5]  *See, e.g.*, *SAGE Electrochromics Inc. v. View Inc.*, No. 12-6441-JST-DMR, 2014 WL 1998049, at *4 (N.D. Cal. May 15, 2014) (denying motion to amend contentions where alleged infringer would be prejudiced by amendment).

3, 2012). In deciding whether there is good cause for leave to amend, "***the critical question*** is whether the party could have discovered the new information earlier had it acted with the requisite diligence." *Fluidigm*, 2020 WL 5073938, at *4 (quoting *Radware*, 2014 WL 3725255, at *1) (emphasis added). The answer to this "critical question" here is clearly yes.

A party is not diligent where "the 'new' information had long been available to the party seeking leave to amend," even where that party failed to find it or appreciate its significance. *CyWee Grp. Ltd v. Apple Inc.*, No. 14-cv-01853-HSG (HRL), 2016 WL 7230865, at *2 (N.D. Cal. Dec. 14, 2016) (denying a patentee's motion to amend where the allegedly "new" information was in the patentee's possession for years); *see also, Acer Inc. v. Tech. Props. Ltd*., No. 08-877, 2010 WL 3618687, at *5 (N.D. Cal. Sept. 10, 2010) ("The record indicates only that . . . [patentee] re-investigated evidence that was already available and determined that it wished to amend its infringement contentions. Characterizing this course of conduct as 'diligence' under the Patent Local Rules would eviscerate that requirement.").

As in *CyWee*, the documents and source code with the allegedly "new" information had been in Sonos's "own hands" for over 18 months. 2016 WL 7230865, at *2. Sonos cannot dispute that it has had access to Google's "stream transfer" source code at least since June of 2021—which Sonos and its experts have reviewed on frequent occasion—and that Sonos has been in possession of Google's documents for even longer. Faced with these facts, Sonos contends that its amendments are based on the recent deposition of Mr. Maclellan. Mot. at 3. Yet Sonos fails to explain how his testimony provided "new" information, and in fact Sonos concedes that he merely "confirm[ed] certain details of the 'stream transfer' functionality" that Sonos was already aware of. *Id.* Indeed, Sonos's alleged reliance on Mr. Maclellan's testimony is belied by the fact that it could and did find the stream transfer-related documents and source code files before Mr. Maclellan's deposition and used them to cross-examine him extensively. Moreover, Sonos's amendments only include a single citation to Mr. Maclellan's deposition testimony for a single claim limitation, while adding numerous citations to Google's source code for other claim limitations. Given that his testimony was clearly not the actual basis for Sonos's supplement, Sonos should not be permitted to mask its lack of diligence behind the pretense that Mr. Maclellan was recently deposed.

   Courts in this district have rejected similar attempts to mischaracterize information as "new" in order to justify a belated motion to amend. In *Synopsys*, the plaintiff similarly argued that "new" information from recently produced source code justified its motion to amend. 2016 WL 4945489, at *3. However, the court found that the plaintiff failed to show that the allegedly "new" information had not been available in the earlier source code productions, and thus had not established diligence. *Id.* at *4. Sonos's motion should fail for the same reason. As Google has readily demonstrated, the allegedly "new" information cited in Sonos's proposed amendments was included in the earlier documents and source code produced by Google dating back to March 2021.

   Even if Sonos's assertion that it needed deposition testimony had merit (and it does not), Mr. Maclellan is identified by name on Google's stream transfer-related documents, which Sonos had for months prior to its Motion for Leave. Sonos does not explain why it could not have been more diligent in amending its contentions in light of those documents, and provides no explanation for its tactical decision not to seek Mr. Maclellan's deposition as a Rule 30(b)(1) witness sooner. If, after reviewing the source code, Sonos had any doubt about how "stream transfer" functioned, it had ample opportunity to take depositions to test its assumptions. Thus, even if it were true that Sonos could not understand the source code without taking the deposition of an engineer, waiting more than a year after the production of the source code or technical documents to take such a deposition fails to meet the diligence requirements of the local rules. The Court's inquiry should end here. *Verinata Health*, 236 F. Supp. 3d at 1116 ("Where the moving party was not diligent, the inquiry should end."); *see also KlausTech, Inc. v. Google, Inc.*, No. 10-CV-05899-JSW (DMR), 2017 WL 4808558, at *4-6 (N.D. Cal. Oct. 25, 2017) (denying patentee leave to amend infringement contentions based on information it discovered during a 30(b)(6) deposition about how the accused source code worked, the court finding that the patentee was not diligent where the source code had been produced to the patentee over two years before the patentee sought to take the deposition, the court noting that "[c]ourts consistently have refused to find diligence where a party delayed in taking key depositions").

   Sonos attempts to blame its lack of diligence on Google witnesses that Sonos claims were allegedly not competent to testify. Mot. at 3. Critically, however, such assertions do not excuse

Sonos's lack of diligence when Sonos failed to seek the discovery it purportedly needed earlier. The case law is clear that waiting until the end of the discovery period to obtain allegedly necessary discovery is not diligent action.

In *Netlist*, the court found lack of diligence where the patentee waited until the near end of discovery period to conduct its Rule 30(b)(6) deposition, during which it purportedly discovered new information. 2010 WL 1838693, at *2-3. The court found no excuse for not taking these depositions earlier, and rejected complaints of discovery obstruction because plaintiff had never sought relief from the Court for any such obstruction; "[h]aving failed to do so, [Sonos] cannot blame Google for the timing of the Rule 30(b)(6) depositions." *Id.*

In *Ameranth, Inc. v. Genesis Gaming Solutions Inc.*, No. 11-189, 2015 WL 10793431, at *2 (C.D. Cal. Jan. 2, 2015), the patentee argued that it learned new information at alleged infringer's Rule 30(b)(6) deposition that allowed it to fully understand the source code. The court found the patentee failed to show that it acted diligently in taking the deposition because it initially reviewed the source code in January and submitted its revised infringement contentions in June, but did not take the Rule 30(b)(6) deposition until August. *Id.*

Likewise, in *Tech. Properties Ltd. LLC v. Canon Inc.*, the movant argued that it discovered new information upon receiving third-party discovery and taking a third-party deposition, and acted diligently (within a week) to amend its contentions thereafter. No. 14-3643 CW (DMR), 2016 WL 1570163, at *2 (N.D. Cal. Apr. 19, 2016). But the court found that as an important third party in the dispute, that discovery should have been pursued earlier in the discovery period, and that the movant failed to act diligently in subpoenaing the third party and discovering the "new" information. *Id.* at *2-3.

Finally, Sonos has the burden to show that it was diligent both in (1) discovering the basis for its proposed amendment; and (2) seeking the amendment after such discovery. *GoPro*, 2017 WL 1278756, at *2. In addition to lacking diligence in locating the alleged "new" information, Sonos cannot show diligence in moving to amend its contentions after belatedly deciding to change infringement theories. Sonos waited to file its motion until November 23, 2022 (without providing Google any notice). Indeed, this motion came only ***seven days*** before the close of fact discovery

and the deadline for opening expert reports. Especially in light of these two factors, Sonos did not file its motion diligently.

For example, Sonos cannot blame its running down of additional "confirmations" or "clarifications" during the discovery period on its discovery disputes with Google; "once [the movant] has whatever information it need[s] [to support its proposed amendment, it] should have quickly prepared its updated contentions and sought leave to amend." *Id.* at *2. In the *GoPro* case, for example, the court found a lack of diligence by the patentee where the information needed to make the amendments was available to the patentee two months before it moved to amend, and known by the patentee at least one month before it filed its motion. The court rejected the patentee's "attempt to blame the delay the parties' discovery disagreements," as the alleged discovery delays had no impact on the ability of the patentee to seek leave to amend its contentions. *Id.* at *2 n.2. Similarly, here, Sonos was in possession of Google's source code since 2021, which is the basis for its amendment. Although Sonos took Mr. Maclellan's deposition in November, nearly two weeks before its motion to amend, this deposition had little to no impact on Sonos's ability to supplement its contentions much earlier. Again, Sonos only cites to Mr. Maclellan's deposition testimony once for a single claim limitation, while attempting to add numerous citations to Google's source code for other claim limitations.

In short, courts have denied amendments when a party waits several months to investigate whether it has a basis to amend. *See, e.g.*, *O2 Micro*, 467 F.3d at 1366-68 (three-month delay not diligent); *Trans Video Electronics, Ltd. v. Sony Electronics, Inc.*, 278 F.R.D. 505, 508 (N.D. Cal. 2011), *aff'd*, 475 F. App'x 334 (Fed. Cir. 2012) (four-month delay not diligent); *Cisco Sys., Inc. v. Teleconference Sys., LLC.*, 09-cv-01550-JSW (NC), 2012 WL 9337627, at *3 (N.D. Cal. June 11, 2012) (three-month delay not diligent); *Aylus Networks, Inc. v. Apple Inc.*, 13-cv-4700-EMC, 2015 WL 12976113, at *1 (N.D. Cal. June 2, 2015) (eight-month delay not diligent); *Apple Inc. v. Samsung Elecs. Co.*, No. 12-CV-0630-LHK (PSG), 2013 WL 3246094, at *3 (N.D. Cal. June 26, 2013). ("[A]bsent a change in circumstances (and the diligence of the party who needs to amend), a change in theory after the case has progressed is unjustified.").

Allowing Sonos to add a completely new infringement theory under the guise of bolstering its contentions would promote gamesmanship by allowing plaintiffs to sandbag defendants and switch theories during expert discovery. Sonos's lack of diligence should end the inquiry. *Contour IP Holding, LLC v. GoPro, Inc.,* No. 3:17-CV-04738-WHO, 2020 WL 109063, at *3 (N.D. Cal. Jan. 9, 2020).

**B.  Google Would Be Unduly Prejudiced By Sonos's Late Amendment**

As Sonos has not met its burden of establishing diligence, the Court need not reach the issue of prejudice to Google. *See O2 Micro*, 467 F.3d at 1368. Even if, however, Sonos were diligent in seeking to amend, prejudice to Google is an independent basis to preclude amendment here. Patent L.R. 3-6 ("absent undue prejudice"); *see also Acer, Inc. v. Tech. Properties Ltd.*, 08-cv-00877-JF(HRL), 2011 WL 1838768, at *2 n.6 (N.D. Cal. May 13, 2011) (stating that a factor relevant to the Court's determination of whether good cause exists for granting leave to amend infringement contentions is "whether the request to amend is motivated by gamesmanship").

First, Google is prejudiced by a last-minute change in Sonos's infringement theories. Specifically, Google has already prepared its case to this point, including through the entire fact discovery period, claim construction, and through expert discovery, and did so based on infringement theories in Sonos's purportedly "final'" contentions that it served on January 20, 2022. Absent good cause, "courts in this district expect patent plaintiffs to assert their theories of the case and stick to them." *Advanced Micro Devices, Inc. v. LG Elecs., Inc.*, No. 14-CV-01012-SI, 2017 WL 2774339, at *5 (N.D. Cal. June 26, 2017) ("The Court finds that given the circumstances of this case and the timing and context of [patentee's]'s proposed amendments, LG would be prejudiced by [patentee]'s change of course.").

Sonos waited until fact discovery was in its eleventh hour, then conducted its Rule 30(b)(6) depositions of Google, alleged that it had obtained "new" information, and now demands an opportunity to change the long-standing infringement theories that have been extant for months. This last minute about-face should not be permitted. *See ASUS Computer Int'l v. Round Rock Research LLC*, No. 12-2099, 2014 WL 554561, at *3 (N.D. Cal. Feb. 7, 2014) (finding prejudice where patentee sought to amend infringement contentions to change theories two days after close

of fact discovery, because a change in theories "at such a late stage would unduly prejudice" alleged infringer); *see also Sun Microsystems, Inc. v. Network Appliance, Inc.*, 07-5488, 2009 WL 508448, at * 1 (N.D. Cal. Feb. 27, 2009) (prejudice precluded proposed amendment of infringement contentions sought only two months before close of fact discovery, as change in infringement theories would require alleged infringer to develop new non-infringement theories and search for new prior art).

Second, Google is also prejudiced by having to address a new theory of liability and infringement at this late stage, while it is under a tight deadline to prepare and serve responsive expert reports and without any opportunity to consider, during discovery, its strategy and response to these new theories. After years of litigation, Google would be further prejudiced by Sonos's last-ditch attempt to amend its infringement theories, and cast doubt on significant chunks of the litigation efforts and judicial rulings completed thus far. Timely compliance with the Local Rules avoids such prejudice.

For example, one role played by the Local Rules is to provide notice to the alleged infringer as to the scope of the infringement theory that needs to be addressed in the alleged infringer's invalidity contentions. As the Federal Circuit confirmed, an accused infringer may argue "that if a claim term must be broadly interpreted to read on an accused device, then this same broad construction will read on the prior art." *01 Communique Lab., Inc. v. Citrix Sys., Inc.*, 889 F.3d 735, 742 (Fed. Cir. 2018). Here, Sonos's new infringement theories apply a new, broader interpretation of the "detecting" and "after detecting" limitation (see Section III.A). Specifically, Sonos's proposed amendment contends that simply executing the cast operation is sufficient to meet the "detecting an indication that playback responsibility for the remote playback queue has been successfully transferred," because if the operation fails, then no cast operation is performed and the sender device allegedly continues playback. As support, Sonos relies on the same source code that it had since at least June 2021. By springing new theories on Google that rely upon broad interpretations of the claim language just a week before opening expert reports are due, Sonos has deprived Google of the opportunity to search for prior art based on Sonos's broad interpretation.

In its motion, Sonos nevertheless lists four reasons why Google is allegedly not prejudiced but each reason is meritless and should be rejected. Mot. at 4-5.

*First,* Sonos allegedly put Google on notice of its "stream transfer" theory in December 2020. *Id.* at 4-5. However, the fact that Sonos provided notice of "stream transfer" in December 2020 actually underscores that Sonos should have brought these proposed amendments sooner. As previously mentioned, Google's source code and documents (including those that reference Mr. Maclellan) have been available to Sonos for well over a year. If Sonos believed they were relevant to its December 2020 contentions, it should have supplemented promptly upon reviewing the code and technical documents.

*Second,* Sonos argues that the new information Sonos seeks to include is premised on Google's own documents. *Id.* at 5. But the notion that Google will not be harmed by Sonos's use of Google's own documents is simply not true. Sonos is attempting to add new *theories* of infringement that were not previously disclosed and for which Google did not have an opportunity to prepare its defense. It matters not where the factual support for those new theories originates. Google and its experts will still need to analyze Sonos's untimely theories and the documents referenced in the context of those theories.

*Third,* Sonos contends that its proposed amendments "consist largely of addition of slightly greater detail." *Id.* at 5. This is also incorrect. As shown above, Sonos's additions are more than "greater details" because Sonos is adding a completely new theory of infringement. Sonos now contends that the "detecting an indication" of a successful transfer limitation can be satisfied by a successful cast command where the receiver begins playback (*i.e.*, detecting no error) or the alleged "computing device" seizing playback responsibility if there is an error. In other words, Sonos accuses as "detecting an indication" of successful transfer not receiving an error, which seemingly reads the limitation out of the claim and therefore significantly broadens the scope of the claims. *See, e.g.*, Dkt. 406-2 at 84-85.

*Finally*, Sonos states that Google will have ample time to respond to these amended contentions. *Id.* at 5. It is unclear what Sonos means by this statement. Google is currently preparing responsive rebuttal reports, and Sonos's Motion for Leave will not even be resolved until

after all expert reports have already been served. See Dkt. 401. This proposed amendment also comes right before summary judgment, with trial in less than six months. *Id.*

Google respectfully submits that the prejudice above cannot be cured with a simple continuance, but only with substantial revisions to the case schedule. For example, if Sonos is permitted to add new theories of liability and infringement, then consistent with the case law above, Google should be permitted an opportunity to amend its invalidity contentions and to serve additional appropriate discovery (such as, for example, relevant contention interrogatories and requests for admission). Moreover, because Google already served its expert report on invalidity without adequate discovery, it should be given an opportunity to supplement that report to reflect any additional invalidity contentions developed as a result of Sonos's new theories. And Google should be granted time to consider the new theories and their impact on the upcoming non-infringement and damages rebuttal reports.

## VI.   CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court deny Sonos's request to amend its infringement contentions for the '033 patent.

DATED: December 12, 2022

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ *Charles K. Verhoeven*
    Charles K. Verhoeven
    Melissa Baily
    James Judah
    Lindsay Cooper
    Marc Kaplan

*Attorneys for GOOGLE LLC*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that, on December 12, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system and email.

*/s/ Charles K. Verhoeven*
Charles K. Verhoeven