# EXHIBIT 8

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **SONOS, INC.,** | § | |
| *Plaintiff*, | § | |
| | § | |
| | § | **CIVIL ACTION 6:20-cv-00881-ADA** |
| **v.** | § | |
| | § | |
| | § | |
| **GOOGLE LLC** | § | |
| *Defendant.* | § | |

## PLAINTIFF'S FIRST SET OF FACT DISCOVERY INTERROGATORIES TO DEFENDANTS

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Order Governing Proceedings - Patent Case, Plaintiff Sonos, Inc. ("Sonos") requests that Defendant Google LLC ("Google") answer the following interrogatories, separately and fully in writing and under oath, within thirty days.  This is a continuing request for information as it becomes available to you.

## DEFINITIONS AND INSTRUCTIONS

For purposes of responding to these Interrogatories, the following definitions and instructions shall apply:

1.      The Definitions and Instructions set forth in Sonos's First Set of Fact Discovery Requests for the Production of Documents and Things to Defendant are incorporated by reference and apply to these discovery requests, in addition to those stated below.

2.      The terms "Plaintiff" and "Sonos" shall mean Sonos, Inc., any predecessor, successor, parent, subsidiary, or affiliate, and where applicable, Sonos's officers, directors, employees, partners, agents, attorneys, or any other person or business entity acting or purporting

to act on Sonos's behalf.

3.      The terms "Defendant," "Google," "You," and "Your" shall mean Google LLC, and any other name under which Defendant is doing or has done business, any predecessor, successor, parent, subsidiary, or affiliate, and where applicable, Defendant's officers, directors, employees, partners, agents, attorneys, or any other person or business entity acting or purporting to act on Defendant's behalf.

4.      The terms "document," "documents," and "information" each incorporates all documents, electronically stored information (ESI), and things as broadly defined in Rule 34 of the Federal Rules of Civil Procedure and related case law.

5.      The terms "communication" and "communications" shall mean all exchanges or transmittals, whether in paper, electronic, oral or any other form or medium, of information (including but not limited to transmittals of facts, ideas, inquiries, analyses, assertions, concerns, instructions, opinions, reservations, thoughts or otherwise) by any mode of transmission, including e-mail, facsimile, telex, courier, U.S. mail, in person, telephone, cell phone and other internet-based, wireless-based, and satellite-based modes of transmission, between or among two or more persons and includes all documents and things constituting, relating to, incorporating, including, summarizing, describing or identifying the contents, subject matter, date, place and time of or participants in an exchange or transmittal.

6.      The terms "person" and "persons" shall mean any natural person.

7.      The terms "entity" and "entities" shall mean any business, legal or governmental entity or association.

8.      The terms "and," "or," and "and/or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of the request all responses that otherwise

might be construed to be outside its scope.

9.     The terms "all," "any," "each," and "every" shall be construed as encompassing any and all.

10.     The terms "including" and "include" shall be construed in such a way as to suggest or provide an example or examples.  The terms "including" and "include" shall not be construed in such a way as to limit or confine the broader term or concept for which a suggestion or example is being given.

11.     Each of "relating to," "relate to," "referring to," "refer to," "regarding," "with regard to,"  "concern," "concerning" and derivatives thereof shall be construed broadly so as to encompass the liberal scope of discovery set forth in Rule 26(b) of the Federal Rules of Civil Procedure and shall mean directly or indirectly affecting, alluding to, analyzing, bearing upon, commenting on, comparing, complementing, comprising, concerning, constituting, containing, contemplating, contradicting, criticizing, critiquing, dealing with, depicting, describing, discussing, embodying, evaluating, evidencing, identifying, incorporating, involving, mentioning, negating, noting, pertaining to, providing a basis for, referencing, referring to, reflecting, refuting, regarding, relating to, respecting, responding to, reviewing, stating, summarizing, supporting, with respect to or otherwise in any manner pertaining to or being connected to, whether logically, circumstantially, factually, legally, directly or indirectly, the document, thing, information, matter, topic, issue, fact, assertion, allegation or circumstance being stated, discussed or referenced.

12.     The use of the singular form of any word includes the plural and *vice versa* to bring within the scope of the request all responses that otherwise might be construed to be outside its scope.

13.     The term "how" shall be construed as how, what, why, when, who, and/or where

as necessary to bring within the scope of the request all responses that otherwise might be construed to be outside its scope.

14.     The term "date" shall mean the exact day, month, and year (to the degree ascertainable) or if not ascertainable, the best approximation (including relationship to other events).

15.     The term "the '206 Patent" shall mean U.S. Patent No. 9,344,206, as well as its application and any publications thereof.

16.     The term "the '615 Patent" shall mean U.S. Patent No. 9,967,615, as well as its application and any publications thereof.

17.     The term "the '966 Patent" shall mean U.S. Patent No. 10,469,966, as well as its application and any publications thereof.

18.     The term "the '033 Patent" shall mean U.S. Patent No. 10,779,033, as well as its application and any publications thereof.

19.     The term "the '885 Patent" shall mean U.S. Patent No. 10,848,885, as well as its application and any publications thereof.

20.     The term "Patent(s)-in-Suit" shall mean the '206 Patent, the '615 Patent, the '966 Patent, the '033 Patent, and the '885 Patent, either collectively or individually.

21.     The "Asserted Claims" means any or all of (i) claims 1-5, 7, 10-19 of the '206 Patent, (ii) claims 1-4, 6-12, 14-20 of the '966 Patent, (iii) claims 1-3, 5-10, 12-17, and 19-20 of the '885 Patent, (iv) claims 1-3, 6-9, 11-15, 18-21, 23-26, 28-29 of the '615 Patent, (v) claims 1-2, 4, 7-13, 15-16  of the '033 Patent and (vi) any additional claims at issue in this case.

22.     The term "customer(s)" shall mean any purchaser, reseller, distributor, dealer, retailor, wholesaler, user, and/or recipient.

23.     The term "knowledge" shall include firsthand information and information derived from any source, including hearsay knowledge.

24.     The term "Sonos Product(s)" shall mean any product made, offered, or sold by Sonos, including but not limited to any Sonos app (including but not limited to the Sonos S1 and S2 apps), any Sonos player (including but not limited to the PLAY:1, ONE, ONE SL, PLAY:3, PLAY:5, FIVE, MOVE, ROAM, PLAYBAR, PLAYBASE, BEAM, ARC, SUB, CONNECT, PORT, CONNECT:AMP, AMP, and any predecessor product thereof), any Sonos controller device (including but not limited to the CR100 and CR200), and any Sonos networking device (including but not limited to the BRIDGE and the BOOST), either collectively or individually.

25.     The term "Accused Cast-Enabled Media Player(s)" shall mean the following products, including any and all versions thereof, either collectively or individually: CHROMECAST, CHROMECAST ULTRA, CHROMECAST AUDIO, CHROMECAST WITH GOOGLE TV, HOME MINI, NEST MINI, HOME, HOME MAX, NEST AUDIO, HOME HUB, NEST HUB, NEST HUB MAX, and NEST WIFI POINT.

26.     The term "Accused Cast-Enabled Display(s)" shall mean the following products, including any and all versions thereof, either collectively or individually: HOME HUB, NEST HUB, and NEST HUB MAX.

27.     The term "Accused Pixel Device(s)" shall mean the following products, including any and all versions thereof, either collectively or individually: PIXEL, PIXEL XL, PIXEL 2, PIXEL 2 XL, PIXEL 3, PIXEL 3 XL, PIXEL 3A, PIXEL 3A XL, PIXEL 4, PIXEL 4 XL, PIXEL 4A, PIXEL 4A (5G), PIXEL 5, PIXEL SLATE, PIXELBOOK, PIXELBOOK GO.

28.     The term "Accused Cast-Enabled App(s)" shall mean the Google Home app, any of Google's own Cast-enabled Android, iOS, or Chrome apps (including but not limited to the

YouTube Music app, Google Play Music app, YouTube app, Google Podcasts app, and YouTube TV app), any third-party Cast-enabled app that allows a user to "cast"[1] to an Accused Cast-Enabled Media Player (including but not limited to the Spotify app), and any Cast-enabled software (e.g., firmware and/or Cast-enabled apps) executable on an Accused Cast-Enabled Display that enables a user to "[m]ove media from one cast device to another,"[2] either collectively or individually.

29.     The term "Accused Google Product(s)" shall mean any Accused Cast-Enabled Media Player(s), Accused Pixel Device(s), and/or Accused Cast-Enabled App(s), either collectively or individually.

30.     The term "Accused Google Server(s)" shall mean any server that hosts at least one of the Accused Cast-Enabled App(s) for download, any server that facilitates "[c]asting from Chromecast-enabled apps to [Accused Cast-Enabled Media Player(s)],"[3] any server that facilitates "[m]ov[ing] media from one cast device to another,"[4] and any server that, in response to user input at any Accused Cast-Enabled App, facilitates delivering media to an Accused Cast-Enabled Media Player (including but not limited to any Cloud Content Delivery Network (CDN) server), either collectively or individually.

31.     The terms "Accused Instrumentality" and "Accused Instrumentalities" refer to the instrumentalities identified in Sonos's Complaint (as may be amended), as well as any infringement contentions, including but not limited to the Accused Google Product(s) and Accused Google Server(s), either collectively or individually.

32.     When objecting to any interrogatory, please state with specificity the grounds for each objection.  Any interrogatory to which an objection is made should be responded to insofar

---

[1] *See, e.g.*, https://support.google.com/googlenest/answer/7181830.
[2] *See, e.g.*, https://support.google.com/chromecast/answer/9563059?co=GENIE.Platform%3DAndroid&hl=en.
[3] *See, e.g.*, https://support.google.com/googlenest/answer/7181830.
[4] *See, e.g.*, https://support.google.com/chromecast/answer/9563059?co=GENIE.Platform%3DAndroid&hl=en.

as it is not deemed objectionable.

33.     When providing a response to any interrogatory upon information and belief, please state so and identify all sources of information and belief.

34.     If Google is unable to answer any interrogatory or a portion thereof by actual knowledge or upon information and belief, please state so and describe in detail the reason such knowledge or information is not available and the efforts made to obtain such knowledge or information.

35.     If Google is unable to provide a complete answer to any interrogatory, please answer the interrogatory to the extent possible and indicate which portions of the interrogatory Google is unable to answer.

36.     If Google identifies a person having knowledge of information relevant to only a portion of an interrogatory, please specify the portion of the interrogatory for which that person has knowledge of information.

37.     If, in answering any interrogatory, Google avails itself of the option to produce business records under Federal Rule of Civil Procedure 33(d), identify by production number the document or documents and the specific citation within the document(s) from which the answer may be derived or ascertained in order to permit a determination as to whether the burden to derive or ascertain the answer is substantially the same for Google as for Sonos.

38.     When asked to "identify" or to specify the "identity" of a person, provide to the extent known, the person's:

   a.   full name;
   b.   present or last known home address, business and e-mail addresses, and respective phone numbers;
   c.   present or last known place of employment and position; and
   d.   if applicable, his or her connection to the subject matter of the interrogatory.

39.     When asked to "identify," to "describe," or to specify the "identity" of a person who is a past or present director, officer, employee, agent, or representative of Google, further specify all positions or employments held by that person with Google, and the dates between which each such position or employment was held.

40.     When asked to "identify," to "describe," or to specify the "identity" of an entity, specify:

    a.   its full name;
    b.   its place of incorporation or other business organization (where appropriate);
    c.   its principal place of business;
    d.   its present or last known mailing and physical address(es) and e-mail and website addresses;
    e.   its present or last known phone number;
    f.   the type of entity or organization (e.g., corporation, partnership, joint venture, trust, etc.);
    g.   its date and place (e.g., country, province, and/or state) of formation and any place(s) in which it is registered to conduct business;
    h.   its registered agent; and
    i.   the identity of all individuals employed by or acting for it at any time who have knowledge of the matter with respect to which the entity is identified.

41.     When asked to "identify," to "describe," or to specify the "identity" of a document, produce the document for inspection and copying or specify the Bates number(s) of the produced document, and specify:

    a.   the date it was authored, sent, and/or received;
    b.   the identity of the author of the document;
    c.   the identity of any recipient of the document; and
    d.   the identity of the custodian of the document.

42.     When asked to "identify," to "describe," or to specify the "identity" of a communication, if the communication was not in written form, specify:

    a.   the manner in which that communication was made (telephone, personal, conversation, etc.);
    b.   the identity of each person who participated in or witnessed the communication;
    c.   the subject matter and content of the communication;
    d.   the date of the communication; and

    e.  if attorney-client privilege, work product immunity, or any other exemption from discovery is claimed, each basis for such claim, including whether any documents exist, and/or whether any oral communications took place.

43.    When asked to "identify," to "describe," or to specify the "identity" of a thing, produce the thing for inspection or specify:

    a.  its general description;
    b.  its physical particulars (size, shape, color, weight, etc.);
    c.  the date on which it was made;
    d.  the identity of the persons who made it;
    e.  the identity of the persons who asked that it be made;
    f.  its present condition; and
    g.  its present location.

44.    When asked to "state all facts," provide a full and complete statement of all facts relating to the subject matter of the Interrogatory, including the identity of any person or entity having knowledge of any such fact, including the last known address and phone number and the identity of any document, communication, or thing that refers, relates, or evidences any such fact.

45.    These interrogatories are continuing in character so as to require Google to furnish supplemental answers whenever Google acquires, obtains, locates, or identifies different or additional knowledge, information, documents, things, or beliefs related to these interrogatories, in accordance with the duty to supplement and correct under Rule 26(e) of the Federal Rules of Civil Procedure.

Accused Google Server) stores, maintains, or otherwise hosts the given Accused Cast-Enabled App for download, (ii) describing in detail where and/or how any web server (e.g., Accused Google Server) stores, maintains, or otherwise hosts different versions of the given Accused Cast-Enabled App (e.g., past or future public versions of the given Accused Cast-Enabled App), and (iii) describing in detail the process by which the given Accused Cast-Enabled App is provided by any web server (e.g., Accused Google Server) to computing devices (e.g., an Accused Pixel Device, an Accused Cast-Enabled Display, or a third-party mobile phone or tablet).

**INTERROGATORY NO. 17**

For each Accused Cast-Enabled App and Accused Cast-Enabled Media Player, identify any marketing material, advertisement, instruction or suggestion by Google to users concerning downloading any Accused Cast-Enabled App, subscribing to a paid or premium version of the Accused Cast-Enabled App, using a computing device installed with any Accused Cast-Enabled App, or using or purchasing any Accused Cast-Enabled Media Player.

**INTERROGATORY NO. 18**

If any Accused Instrumentality has been or will be designed, redesigned, altered, modified or changed in an effort to avoid infringement of any Asserted Claim, describe in detail the nature of that design, redesign, alteration, modification or change, explain in detail how such design, redesign, alteration, modification or change results in non-infringement of each Asserted Claim, including but not limited to identifying the specific claim limitation or limitations not practiced because of the change and state when the change was implemented in terms of both the date of the change and the version of the Accused Instrumentality that includes the change, identify all documents concerning that design, redesign, alteration, modification or change, and identify the

person or persons most knowledgeable about the design, redesign, alteration, modification or change.

## INTERROGATORY NO. 19

Describe in detail the complete legal and factual basis for each defense plead in Google's Answer and Counterclaims (Dkt. 32), including but not limited to: an identification of all facts supporting or refuting Google's defenses, all persons knowledgeable of these facts (including every person whose knowledge or opinion is or was relied upon as a basis for Google's defenses, the opinion or substance of such person's or persons' knowledge, and the entire basis of that knowledge or opinion), and all documents and things, including the Bates number(s) of such documents and things, concerning Google's defenses.

## INTERROGATORY NO. 20

Separately for each Asserted Claim of each Patent-In-Suit, describe in detail the complete legal and factual basis for any contention by Google that the secondary considerations of nonobviousness (including, but not limited to commercial success, long-felt need, failure of others, unexpected results, initial skepticism, copying, industry recognition, or widespread adoption) do not support the nonobviousness of each such claim, including but not limited to: a detailed description of whether Google denies that products embodying the Asserted Claims of the Patents-In-Suit, including, *inter alia,* the Sonos Products, have been a commercial success or contends that there is no nexus between such commercial success and the Asserted Claims of the Patents-In-Suit; and a detailed description of whether Google denies that there was any long-felt need, failure of others, unexpected results, initial skepticism, copying, industry recognition, or widespread adoption for the subject matter covered by the Asserted Claims of the Patents-in-Suit; and an identification of all facts supporting or refuting any such contentions, all persons knowledgeable

of these facts (including every person whose knowledge or opinion is relied upon as a basis for Google's obviousness assertions, the opinion or substance of his/her knowledge, and the entire basis of that knowledge or opinion), and all documents and things, including the Bates number(s) of such documents and things, concerning Google's position on secondary considerations of nonobviousness.

Dated: August 7, 2021     Respectfully submitted,

By:  */s/ Cole B. Richter*     

Cole B. Richter (admitted *pro hac vice*)
Illinois Bar No. 6315686
LEE SULLIVAN SHEA & SMITH LLP
656 W. Randolph St., Floor 5W
Chicago, IL 60661
Telephone:  312.754.9602
Facsimile:  312.754.9603
richter@ls3ip.com

Alyssa Caridis (admitted *pro hac vice*)
California Bar No. 260103
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa St., Suite 3200
Los Angeles, CA 90017
Telephone:  213.612.2372
Facsimile:  213.612.2499
acaridis@orrick.com

Clement Seth Roberts (admitted *pro hac vice*)
California Bar No. 209203
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard St.
San Francisco, CA 94105
Telephone:  415.773.5484
Facsimile:  415.773.5759
croberts@orrick.com

Bas de Blank (admitted *pro hac vice*)
California Bar No. 191487
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Blvd.
Menlo Park, CA 94205
Telephone:  650.614.7343
Facsimile:  650.614.7401
bdeblank@orrick.com

George I. Lee (admitted *pro hac vice*)
Illinois Bar No. 6225430
Sean M. Sullivan (admitted *pro hac vice*)
Illinois Bar No. 6230605
Rory P. Shea (admitted *pro hac vice*)
Illinois Bar No. 6290745
J. Dan Smith (admitted *pro hac vice*)

22

Illinois Bar No. 6300912
Cole B. Richter (admitted pro hac vice)
Illinois Bar No. 6315686
LEE SULLIVAN SHEA & SMITH LLP
656 W. Randolph St., Floor 5W
Chicago, IL 60661
Telephone:  312.754.9602
Facsimile:  312.754.9603
lee@ls3ip.com
sullivan@ls3ip.com
shea@ls3ip.com
smith@ls3ip.com
richter@ls3ip.com

Mark D. Siegmund
State Bar No. 24117055
mark@waltfairpllc.com
Law Firm of Walt, Fair PLLC.
1508 North Valley Mills Drive
Waco, Texas 76710
Telephone: (254) 772-6400
Facsimile: (254) 772-6432

*Counsel for Plaintiff Sonos, Inc.*