UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GOOGLE LLC,

        Plaintiff,

  v.

SONOS, INC.,

        Defendant.

No. C 20-06754 WHA

**ORDER DENYING LEAVE TO FILE SUPPLEMENTAL CLAIM CONSTRUCTION BRIEFING**

      Google has filed a motion for leave to file supplemental claim construction briefing (Dkt. No. 375). The basis for its motion is its recent discovery of statements made by Sonos's Australian counsel during the foreign prosecution of an "Australian counterpart" to U.S. Patent No. 10,779,033. Sonos opposes, arguing that the statements it made in the Australian prosecution do not justify revisiting settled claim construction positions (Dkt. No. 389). This motion is suitable for resolution on the papers. Civ. L.R. 7-6.

      The '033 patent is directed to transferring playback of a "remote playback queue" from a "computing device" to a "playback device." In plain English, the patent relates to, for example, transferring audio playback of a music playlist from a smart phone to a smart speaker. While this case was in the Western District of Texas, Google sought to construe the term "remote playback queue" as a "remote playback queue provided by a third party application." When

this case was transferred here, however, Google dropped the term from its disclosures and abandoned its claim construction position.

Meanwhile, in September 2020, Sonos began prosecuting a similar patent application in Australia. The Australian application shares the same title and virtually the same specification and figures as the '033 patent. During prosecution, the Australian patent office found that the term "remote playback queue" was not sufficiently disclosed. In response, Sonos's counsel made certain statements to the Australian patent office related to the scope of the term. Most pertinently, Sonos counsel stated in June 2022 that the "'remote playback queue' referred to in claim 1" of the Australian counterpart "corresponds to the queue that the user is editing/managing in the third party application." Sonos counsel then went on to state that the "meaning of remote playback queue would clearly be the playback queue that the user is managing in the third party application" (Exhs. 10–11).

These statements are problematic for Sonos because Google asserts that its accused "remote playback queue" is not part of a third-party application. Thus, Google argues that these statements qualify as "crucial admissions" and "new evidence" that justify revisiting claim construction positions (Br. 11–12). Sonos responds, in part, that the bulk of any evidence that would justify Google's proposed construction was available to Google when the parties exchanged claim construction briefing in March 2022. Sonos asserts that Google is using the Australian statements as a ploy to reshuffle its claim construction strategy, and that our Patent Local Rules were designed to eliminate such "gamesmanship" (Opp. 15–16).

Upon review, this order sides with Sonos. *First*, the Court of Appeals for the Federal Circuit has "caution[ed] against indiscriminate reliance on the prosecution of corresponding foreign applications in the claim construction analysis" because "the theories and laws of patentability vary from country to country, as do examination practices." *AIA Eng'g Ltd. v. Magotteaux Int'l S/A*, 657 F.3d 1264, 1279 (Fed. Cir. 2011) (citation omitted). Here, Sonos has cited material suggesting that correspondence between an applicant and the Australian patent office may not be admissible for the purposes of claim construction under Australian law (Opp. 11). This in turn suggests that the statements may not have been "made in an official

proceeding in which the patentee had every incentive to exercise care in characterizing the scope of its invention." *Microsoft Corp. v. Multi–Tech Sys., Inc.*, 357 F.3d 1340, 1350 (Fed. Cir. 2004). This order therefore proceeds cautiously.

*Second*, although the two patents are related and share a familial relationship, their claims are not identical. In particular, claim 1 of the Australian application — the claim referred to in the statements above — is not identical to claim 1 of the '033 patent. Claim 1 of the '033 patent recites "a remote playback queue provided by a cloud-based computing system associated with a cloud-based media service," whereas claim 1 of the Australian application recites "a remote playback queue provided by a computing system that is communicatively coupled to the zone player via at least a cloud-based network . . . ." This casts doubt on the relevance of the statements to the '033 patent. *See, e.g.*, *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1313 (Fed. Cir. 2014), *overruled on other grounds by Williamson v. Citrix Online, LLC*, 792 F.3d 1339 (Fed. Cir. 2015) (finding statement made during foreign prosecution persuasive in part because the foreign application "contained a claim identical to" the claim at issue).

*Third*, when read in context, this order agrees with Sonos that the statements do not qualify as the sort of "blatant admission" that warrants heightened scrutiny. *Cf. Gillette Co. v. Energizer Holdings, Inc.*, 405 F.3d 1367, 1374 (Fed. Cir. 2005) (finding "blatant admission by this same defendant before the [European Patent Office] clearly support[ed]" its claim construction holding). The statements can be fairly read as a narrow argument proffering a counterexample against the Australian patent office's specific concerns over whether meaning of the term "remote" could accommodate a "playback queue" located in a certain "geographic location." Put differently, Google's assertion that the statements advocate for a universal and limiting construction of "remote playback queue" is not convincing.

At bottom, this order finds that the statements carry too little weight to grant Google's request. Google wants to revise its claim construction position based on statements made by foreign counsel in a foreign proceeding addressing a limited issue over a different claim. This does not persuade. If Google did not consider the intrinsic evidence strong enough to weigh in

3

its favor to advocate for its proposed construction earlier, the extrinsic statements here would not have been afforded enough weight to move the needle. Google's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 21, 2022.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE