QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
James Judah (Bar No. 257112)
jamesjudah@quinnemanuel.com
Lindsay Cooper (Bar No. 287125)
lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:   (415) 875-6600
Facsimile:    (415) 875-6700

Marc Kaplan (*pro hac vice*)
marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone:   (312) 705-7400
Facsimile:    (312) 705-7401

*Attorneys for Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>          Plaintiff,<br><br>     vs.<br><br>SONOS, INC.,<br><br>          Defendant. | CASE NO. 3:20-cv-06754-WHA<br>Related to CASE NO. 3:21-cv-07559-WHA<br><br>**DECLARATION OF JAMES JUDAH IN SUPPORT OF SONOS, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. NO. 429)** |

I, James Judah, declare and state as follows:

1. I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am a partner at Quinn Emanuel Urquhart & Sullivan LLP representing Google LLC ("Google") in this matter. I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2. I make this declaration in support of Sonos, Inc.'s ("Sonos") Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("Administrative Motion") (Dkt. No. 429) filed in connection with Sonos's Reply In Support of Its Motion for Leave to Amend Infringement Contentions Pursuant to Patent L.R. 3-6 ("Reply") (Dkt. 428). If called as a witness, I could and would testify competently to the information contained herein.

3. Google seeks an order sealing the materials as listed below:

| Document | Portions Sonos Sought to Be Filed Under Seal | Portions Google Seeks to Be Filed Under Seal | Designating Party |
|---|---|---|---|
| Sonos's Reply | Portions highlighted in green | Portions highlighted in green | Google |
| Exhibit 11 to the Reply Declaration of Geoffrey Moss in Support of Sonos's Motion for Leave to Amend Infringement Contentions Pursuant to Patent L.R. 3-6 ("Exhibit 11") | Entire Document | Portions outlined in red boxes | Google |
| Exhibit 12 to the Reply Declaration of Geoffrey Moss in Support of Sonos's Motion for Leave to Amend Infringement Contentions Pursuant to Patent L.R. 3-6 ("Exhibit 12") | Entire Document | Portions outlined in red boxes | Google |

4. I understand that the Court analyzes sealing requests for motions for leave to amend infringement contentions pursuant to the "good cause" standard for non-dispositive motions. *See, e.g.*,

*Mediatek Inc. v. Freescale Semiconductor, Inc.*, No. 11-CV-5341 YGR, 2013 WL 10996547, at *1 (N.D. Cal. May 10, 2013).

5. The portions of Sonos's Reply highlighted in green contain references to Google's confidential business information and trade secrets, including details regarding source code, architecture, and technical operation of Google's products. The specifics of how these functionalities operate is confidential information that Google does not share publicly. Thus, I understand that the public disclosure of such information could lead to competitive harm to Google, as competitors could use these details regarding the architecture and functionality of Google's products to gain a competitive advantage in the marketplace with respect to their competing products. Google has therefore designated this information as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL—SOURCE CODE under the protective order (Dkt. No. 92). A less restrictive alternative than sealing would not be sufficient because the information sought to be sealed is Google's confidential business information and trade secrets but has been utilized by Sonos in support of Sonos's Reply.

6. The portions of Exhibits 11 and 12 outlined in red boxes contain references to Google's confidential business information and trade secrets, including details regarding source code, architecture, and technical operation of Google's products. The specifics of how these functionalities operate is confidential information that Google does not share publicly. Thus, I understand that the public disclosure of such information could lead to competitive harm to Google, as competitors could use these details regarding the architecture and functionality of Google's products to gain a competitive advantage in the marketplace with respect to their competing products. Google has therefore designated this information as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL—SOURCE CODE under the protective order (Dkt. No. 92). Although Sonos's Administrative Motion sought to seal the entirety of Exhibits 11 and 12, Google only seeks to file under seal the portions outlined in red boxes. A less restrictive alternative than sealing would not be sufficient because the information sought to be sealed is Google's confidential business information and trade secrets but has been utilized by Sonos in support of Sonos's Reply.

1  I declare under penalty of perjury under the laws of the United States of America that to the
2 best of my knowledge the foregoing is true and correct.  Executed on December 27, 2022, in
3 Hillsborough, California.
4 DATED: December 27, 2022

By: /s/ James Judah
James Judah

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28