# EXHIBIT 5

# FILED UNDER SEAL

CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
croberts@orrick.com
BAS DE BLANK (STATE BAR NO. 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (STATE BAR NO. 260103)
acaridis@orrick.com
EVAN D. BREWER (STATE BAR NO. 304411)
ebrewer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   +1 415 773 5700
Facsimile:   +1 415 773 5759

SEAN M. SULLIVAN (*pro hac vice*)
sullivan@ls3ip.com
COLE RICHTER (*pro hac vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:   +1 312 754 0002
Facsimile:   +1 312 754 0003

*Attorneys for Defendant Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>　　　Plaintiff and Counter-defendant,<br><br>　　v.<br><br>SONOS, INC.,<br><br>　　　Defendant and Counter-claimant. | Case No. 3:20-cv-06754-WHA<br>Related to Case No. 3:21-cv-07559-WHA<br><br>**OPENING EXPERT REPORT OF<br>DR. KEVIN C. ALMEROTH** |

technology provides over prior art grouping technology in granting Sonos's motion for summary judgment of infringement of Asserted Claim 1 of the '885 Patent. *See* D.I. 309 at 3-4, 12.

730. Lastly, during a discussion with Mr. Nick Millington, who is Sonos's Chief Innovation Officer, I asked Mr. Millington for his thoughts regarding the importance of Sonos's "saved groups" feature. In response, Mr. Millington indicated that he believed this feature, which practices the claimed technology of the '885 and '966 Patents (*see* Section XVII), was important to Sonos and its customers for similar reasons to those summarized above with respect to Google. Mr. Millington also pointed out that providing "saved groups" can be very beneficial for a user who likes to invoke "save groups" for synchronous playback via voice. In my opinion, Google customers that prefer to invoke Google "speaker groups" via Google Assistant would likewise benefit from Google's use of Sonos's patented "zone scene" technology.

## XVI. ALLEGED NON-INFRINGING ALTERNATIVES

731. I have been asked to evaluate and provide my opinions regarding whether there are any acceptable non-infringing alternatives to the claimed technology of the '885 and '966 Patents.

732. As part of my evaluation, I have reviewed Google's First Supplemental Response to Interrogatory No. 18, which sets forth three alleged non-infringing alternatives. I also reviewed the June 22, 2022 Opening Expert Report of Google's expert, Dr. Dan Schonfeld, regarding Asserted Claim 1 of the '885 Patent, the July 27, 2022 Rebuttal Expert Report of Dr. Schonfeld regarding Asserted Claim 1 of the '885 Patent, and the August 31, 2022 deposition testimony of Dr. Schonfeld. Based on my review of these materials, it is my understanding that Google and/or Dr. Schonfeld are asserting three purported non-infringing alternatives to the claimed technology of the '885 and '966 Patents.[12]

733. For the reasons explained below, it is my opinion that none of Google's three

purported non-infringing alternatives is non-infringing, available to Google, and commercially acceptable. Moreover, I am currently unaware of any other alternative to the claimed technology of the '885 and '966 Patents that is non-infringing, available to Google, and also provides the same advantages as the claimed technology of the '885 and '966 Patents such that it would be considered commercially acceptable.

### A.   Non-Infringing Alternative #1

734. As set forth in Google's First Supplemental Response to Interrogatory No. 18, Google refers to its first purported non-infringing alternative as "Google's products" and asserts that "Google's products do not infringe the asserted claims of the '885 and '966 patents" and "[a]ccordingly, the accused Google products are themselves non-infringing alternatives to the asserted claims." *See* Google's Eighth Suppl. Resp. to Sonos's First Set of Interrogatories at 8.

735. As an initial matter, this is not an "alternative" to the Accused Google Controllers or the Accused Google Players. Additionally, the Court has already ruled that the Accused Google Players infringe Asserted Claim 1 of the '885 Patent. *See* D.I. 309. Thus, the Accused Google Players are not "non-infringing." Moreover, for all the reasons explained above, including many of the same reasons set forth by the Court for why the Accused Google Players infringe Asserted Claim 1 of the '885 Patent, the Accused Google Controllers infringe each of the Asserted Claims of the '966 Patent and thus are not "non-infringing."

### B.   Non-Infringing Alternative #2

#### 1.   Overview of Non-Infringing Alternative #2

736. As set forth in Google's First Supplemental Response to Interrogatory No. 18, Google refers to its second alleged non-infringing alternative as ███████████ and asserts ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ *See* Google's Eighth Suppl. Resp. to Sonos's First Set of Interrogatories at 8-9. Google further asserts:

[REDACTED]

*Id.* at 9.

[REDACTED]

737. Similarly, in describing what Google's expert, Dr. Dan Schonfeld, alleges to be this same purported non-infringing alternative in his Opening Expert Report regarding Asserted Claim 1 of the '885 Patent, Dr. Schonfeld stated:

[REDACTED]

Opening Expert Report of Dan Schonfeld, dated June 22, 2022 and corrected on July 10, 2022, at ¶¶ 727-728. Thus, consistent with the statements in Google's First Supplemental Response to Interrogatory No. 18, [REDACTED]

738. Dr. Schonfeld also testified regarding how this alleged non-infringing alternative would operate in four different scenarios:

HIGHLY CONFIDENTIAL - SOURCE CODE - ATTORNEYS' EYES ONLY

Schonfeld Dep. Tr. (August 31, 2022) at 66:10-24, 69:19-71:13.

740.    In my opinion, Google's second alleged non-infringing alternative would neither be non-infringing nor commercially acceptable.

### 2. Non-Infringing Alternative #2 Is Not "Non-Infringing"

741.    In my opinion, Google's second purported non-infringing alternative is not "non-infringing" for at least the reason that it still infringes the Asserted Claims of the '966 Patent.

742.    As noted above, both Google and its expert Dr. Schonfeld assert that this second purported non-infringing alternative allegedly avoids infringement of Asserted Claim 1 of the '885

Patent and all the Asserted Claims of the '966 Patent because the Accused Google Players would

[REDACTED]

*See* Google's Eighth Suppl. Resp. to Sonos's First Set of Interrogatories at 8-9; Opening Expert Report of Dan Schonfeld, dated June 22, 2022 and corrected on July 10, 2022, at ¶¶ 727-728; Schonfeld Dep. Tr. (August 31, 2022) at 66:10-24, 69:19-71:13, 71:14-72:6.

743.   However, [REDACTED] Instead, with respect to the "first zone player" operating in "standalone mode," independent claims 1 and 9 of the '966 Patent (the only asserted independent claims of the '966 Patent) recite the following:

> **[1.4]/[9.1]**   while serving as a controller for a networked media playback system comprising a first zone player and at least two other zone players, wherein the first zone player is operating in a *standalone mode* in which the first zone player is configured to play back media individually:

HIGHLY CONFIDENTIAL - SOURCE CODE - ATTORNEYS' EYES ONLY

[1.5]/[9.2]   receiving a first request to create a first zone scene comprising a first predefined grouping of zone players including at least the first zone player and a second zone player that are to be configured for synchronous playback of media when the first zone scene is invoked;

[1.6]/[9.3]   based on the first request, i) causing creation of the first zone scene, ii) causing an indication of the first zone scene to be transmitted to the first zone player, and iii) causing storage of the first zone scene;

[1.7]/[9.4]   receiving a second request to create a second zone scene comprising a second predefined grouping of zone players including at least the first zone player and a third zone player that are to be configured for synchronous playback of media when the second zone scene is invoked, wherein the third zone player is different than the second zone player;

[1.8]/[9.5]   based on the second request, i) causing creation of the second zone scene, ii) causing an indication of the second zone scene to be transmitted to the first zone player, and iii) causing storage of the second zone scene;

[1.9]/[9.6]   displaying a representation of the first zone scene and a representation of the second zone scene; and

[1.10]/[9.7]   while displaying the representation of the first zone scene and the representation of the second zone scene, receiving a third request to invoke the first zone scene; and

[1.11]/[9.8]   based on the third request, causing the first zone player to transition from operating in the *standalone mode* to operating in accordance with the first predefined grouping of zone players such that the first zone player is configured to coordinate with at least the second zone player to output media in synchrony with output of media by at least the second zone player.

*Claim Limitations 1.5/9.2 and 1.6/9.3*

746. Based on my understanding of Google's second purported non-infringing alternative, it is my opinion that each Accused Google Controller is still programmed with the functional capability required by claim limitations 1.5/9.2 and 1.6/9.3.

*Claim Limitations 1.7/9.4 and 1.8/9.5*

748. Based on my understanding of Google's second purported non-infringing alternative, it is my opinion that each Accused Google Controller is still programmed with the functional capability required by claim limitations 1.7/9.4 and 1.8/9.5.

<u>Claim Limitations 1.9/9.6 and 1.10/9.7</u>

751. Based on my understanding of Google's second purported non-infringing alternative, it is my opinion that each Accused Google Controller is still programmed with the functional capability required by claim limitations 1.9/9.6 and 1.10/9.7.

**HIGHLY CONFIDENTIAL - SOURCE CODE - ATTORNEYS' EYES ONLY**

[Redacted]

*Claim Limitation 1.11/9.8*

754. Based on my understanding of Google's second purported non-infringing alternative, it is my opinion that each Accused Google Controller is still programmed with the functional capability required by claim limitation 1.11/9.8.

[Redacted]

### 3. Non-Infringing Alternative #2 Is Not Commercially Acceptable

757. In my opinion, in addition to not being "non-infringing," Google's second purported non-infringing alternative is also *not* commercially acceptable because it would significantly degrade the user experience

HIGHLY CONFIDENTIAL - SOURCE CODE - ATTORNEYS' EYES ONLY

**HIGHLY CONFIDENTIAL - SOURCE CODE - ATTORNEYS' EYES ONLY**

C.  **Non-Infringing Alternative #3**

1.  **Overview of Non-Infringing Alternative #3**

763.  As set forth in Google's First Supplemental Response to Interrogatory No. 18,

817. To help assist in my testimony at trial, I have prepared a number of demonstratives that are attached hereto as **Exhibit Q**. These demonstratives are exemplary and I reserve the right to create additional demonstratives and/or to modify the demonstratives in **Exhibit Q** based on the material in this report. For example, I reserve the right to create additional demonstratives and/or to modify the demonstratives in **Exhibit Q** based on the testing screenshots I included in this report as well as the evidence cited in this report. I also reserve the right to rely on the demonstratives that were attached as Exhibit H to my Opening report regarding Asserted Claim 1 of the '885 Patent dated June 22, 2022.

818. I have also reviewed Sonos's Technology Tutorial that provides an overview of the '885 Patent, which I understand was submitted to the court in February 2022. I incorporate by reference herein Sonos's Technology Tutorial and expressly reserve the right to use the Technology Tutorial in whole or in part as a demonstrative to assist in my testimony.

## XX. <u>RESERVATION OF RIGHT</u>

819. I reserve the right to further expound on my opinions set forth herein in subsequent declarations, reports, and/or at trial.

Dated: November 30, 2022          By: *Kevin C. Almeroth*
                                        Kevin C. Almeroth