# EXHIBIT 11

# FILED UNDER SEAL



Cole B. Richter | Attorney

656 W Randolph St
Floor 5W
Chicago, Illinois 60661

312.757.4478  Office
richter@ls3ip.com

**HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY**

September 26, 2022

**VIA EMAIL (nimahefazi@quinnemanuel.com)**

Marc Kaplan
QUINN EMANUEL URQUHART & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606

      Re:  *Google LLC v. Sonos, Inc.*, Case No. 3:20-cv-6754-WHA [N.D. Cal.]

Marc,

Google is withholding relevant and responsive information regarding functionality it contends would be a "non-infringing alternative" and other real or anticipated redesigns or changes to the accused products to avoid infringement of the '885 and '966 patents.  Please let us know by Thursday September 29, 2022 if Google will provide this information.

**Google is Obligated to Disclose Its Alleged "Non-Infringing Alternatives"**

The local rules require Google to set forth its affirmative position on *each damages issue*, which includes a disclosure of which alleged "non-infringing alternatives" it intends to advance at trial.

> Not later than 30 days after service of the Damages Contentions served pursuant to Patent L.R. 3-8, each party denying infringement shall identify specifically how and why it disagrees with those contentions. ***This should include the party's affirmative position on each issue.*** To the extent a party contends it is unable to provide a fulsome response to the disclosures required by this rule, it shall identify the information it requires.

Patent L.R. 3-9 (emphasis added); *see also Droplets, Inc. v. Yahoo! Inc*., No. 12-CV-03733-JST, 2021 WL 9038509, at *9 (N.D. Cal. Apr. 27, 2021) (explaining that "Defendants were obligated to disclose non-infringing alternatives" and striking opinions that were based on inadequately-disclosed non-infringing alternative theories).



**Lee Sullivan Shea & Smith LLP**

Cole B. Richter | Attorney

656 W Randolph St
Floor 5W
Chicago, Illinois 60661

312.757.4478  Office
richter@ls3ip.com

**HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY**

Sonos's discovery requests also seek information concerning such alleged "non-infringing alternatives." For instance:

> **Document request 29**[1] seeks documents and things concerning "modifications, revisions, or updates to the Accused Instrumentalities."
>
> **Document request 78**[2] seeks documents and things concerning "each allegedly non-infringing alternative that Google contends can be used as an alternative to each of the Asserted Patents."
>
> **Interrogatory no. 18**[3] seeks a description of "the nature of that design, redesign, alteration, modification or change," an explanation of how such modification results in non-infringement, and an identification of documents and persons knowledgeable regarding such modification.

Courts routinely exclude evidence and argument concerning alleged "non-infringing alternatives" when infringers fail to adequately disclose them. *E.g., In re Koninklijke Philips Pat. Litig.*, No. 18-cv-01885-HSG, 2020 WL 7398647, at *5 (N.D. Cal. Apr. 13, 2020) (excluding non-infringing alternative theories, explaining "If ASUS intended to rely on the functionality as a noninfringing alternative to the currently-accused products, it was obligated to supplement its responses to clearly indicate its intention. See Fed. R. Civ. P. 26(e)(1)(A). Having failed to do so, ASUS denied Philips the opportunity to conduct fact discovery on the noninfringing alternative in relation to the currently-accused products and to perform full expert discovery on the theory."); *Synthes USA, LLC v. Spinal Kinetics, Inc.*, No. 09-cv-1201-RMW, 2011 WL 11709387, at *7-8 (N.D. Cal. Aug. 19, 2011) (excluding evidence of non-infringing alternative not disclosed in response to plaintiff's interrogatory on non-infringing alternatives); *Asia Vital Components Co., Ltd. v. Asetek Danmark A/S*, 377 F. Supp. 3d 990, 1003-05 (N.D. Cal. 2019) (excluding theories disclosed in rebuttal expert report but not interrogatory responses); *see also SPEX Techs. v. Apricorn, Inc*, No. CV 16-07349JVS(AGRX), 2020 WL 1289546, at *3 (C.D. Cal. Jan. 21, 2020) ("[Defendant] had the burden of going forward with non-infringing alternatives.").

**Google's Has Obfuscated Its Alleged "Non-Infringing Alternative" Theories**

Despite Patent L.R. 3-9 and Sonos's discovery requests, Google has concealed the alleged "non-infringing alternatives" for the '885 and '966 patents that it intends to proceed on.

*First*, when fact discovery opened, Google did not provide any information related to alleged "non-infringing alternatives" in response to Sonos's initial discovery requests, served in August

---

[1] Served August 7, 2021.

[2] Served January 28, 2022.

[3] Served August 7, 2021.

Case 3:20-cv-06754-WHA   Document 440-8   Filed 12/27/22   Page 4 of 6



Cole B. Richter | Attorney

656 W Randolph St
Floor 5W
Chicago, Illinois 60661

312.757.4478  Office
richter@ls3ip.com

**HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY**

2021.  Google's first disclosure of any such alleged "non-infringing alternatives" was on February 25, 2022 in its Patent L.R. 3-9 disclosure when it stated:

> As just one example, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ . . . This is meant to be illustrative, and the intent is not to provide an exhaustive list of possible non-infringing alternatives.

Google Patent L.R. 3-9 Disclosures, 10.  In other words, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

***Second***, on June 28, 2022, Dr. Schonfeld submitted an expert report in which he described an entirely different functionality as an alleged non-infringing alternative:

> ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Schonfeld Op. Rpt., ¶ 728 (emphasis added).  Unlike the alleged non-infringing alternative set forth in Google's Patent L.R. 3-9 disclosure, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Despite Dr. Schonfeld's expert report, Google neither supplemented its discovery responses nor updated its Patent L.R. 3-9 disclosure.

***Third***, during his deposition on August 31, 2022, Dr. Schonfeld articulated yet another alleged non-infringing alternative that differs from each previous iteration.   Specifically, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

> ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
>
> ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

3



Cole B. Richter | Attorney

Lee Sullivan Shea & Smith LLP

656 W Randolph St
Floor 5W
Chicago, Illinois 60661

312.757.4478  Office
richter@ls3ip.com

**HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY**

[redacted]

8/31/22 Schonfeld Dep. Tr. at 66:10-24, 69:19-71:13.  This explanation is yet another different articulation of an alleged non-infringing alternative.  For example, [redacted].  As another example unlike the alleged non-infringing alternative set forth in Google's Patent L.R. 3-9 disclosure, [redacted]  Despite this testimony, Google neither supplemented its discovery responses nor updated its Patent L.R. 3-9 disclosure.

*Finally*, in an apparent attempt to sandbag Sonos at the upcoming showdown trial, on September 1, 2022, [redacted], even though Google failed to produce or make available for inspection any such source code or related documentation during the case and has ***still*** yet to supplement its discovery responses or update its Patent L.R. 3-9 disclosure.



**Cole B. Richter** | Attorney

Lee Sullivan Shea & Smith LLP

656 W Randolph St
Floor 5W
Chicago, Illinois 60661

312.757.4478  Office
richter@ls3ip.com

**HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY**

**Google Must Supplement Its Disclosures If It Intends to Rely On Alleged "Non-Infringing Alternatives"**

To the extent that Google wishes to rely on any alleged "non-infringing alternative" in this case, Google must supplement its disclosures and discovery responses.  *Koninklijke Philips*., 2020 WL 7398647 at *5; *Synthes USA*, 2011 WL 11709387 at *7-8; *Asia Vital Components*, 377 F. Supp. 3d at 1003-05.

This includes at a minimum:

1. Supplementing its Patent L.R. 3-9 disclosures and its response to Sonos's interrogatory no. 18 to clearly describe any and all alleged "non-infringing alternatives" it intends to advance in this case, including explaining how any such design would function and why Google contends this functionality would not infringe;

2. Producing technical documentation concerning any and all alleged "non-infringing alternatives" it intends to advance in this case;

3. Adding to the source code machine, all source code (whether or not actually compiled, put into production, or loaded onto commercially-available accused devices) that embodies functionality that Google contends does not infringe the '885 or '966 patents, ████████████████████████████████████████████████
████████████████████████████████

Please let us know by Thursday, September 29, 2022 when Google plans to so supplement. Failing this, please provide your availability to confer on Friday September 30, 2022.

Best regards,

Cole B. Richter
cc: counsel of record

5