QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
James Judah (Bar No. 257112)
jamesjudah@quinnemanuel.com
Lindsay Cooper (Bar No. 287125)
lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:  (415) 875-6600
Facsimile:  (415) 875-6700

Marc Kaplan (*pro hac vice*)
marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone:  (312) 705-7400
Facsimile:  (312) 705-7401

*Attorneys for GOOGLE, LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>            Plaintiff,<br><br>      vs.<br><br>SONOS, INC.,<br><br>            Defendant. | Case No. 3:20-cv-06754-WHA<br>Related to Case No. 3:21-cv-07559-WHA<br><br>**GOOGLE LLC'S MOTION FOR RECONSIDERATION OR CLARIFICATION**<br><br>Location: Courtroom 12, 19th Floor<br>Judge:    Hon. William Alsup |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION........................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ...............................................................1

I.      INTRODUCTION...........................................................................................................1

II.     LEGAL STANDARD .....................................................................................................2

III.    BACKGROUND ............................................................................................................2

IV.    THIS COURT SHOULD RECONSIDER ITS RULING THAT GOOGLE WAIVED BASES FOR INVALIDITY NOT RAISED ON SUMMARY JUDGMENT....................................................................................................................3

V.     THIS COURT SHOULD CLARIFY THAT THE ORDER IS LIMITED TO CLAIM 1 OF THE '885 PATENT ...................................................................................6

VI.    CONCLUSION...............................................................................................................7

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Northern District of California Civil Local Rule 7-9(b)(3), Plaintiff Google LLC ("Google") hereby moves this Court to reconsider and clarify its October 18, 2022 Order Entering Summary Judgment As To The Validity Of The '885 Patent (Dkt. 382) ("Order"). As required by Civil Local Rule 7-9, Google respectfully contends, as discussed more fully below, that the Order includes "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." On December 29, 2022, this Court granted leave for Google to file this motion. *See* Dkt. 443.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Google respectfully requests that this Court reconsider its summary judgment Order and also clarify that the Order applies only to claim 1 of U.S. Patent No. 10,848,885 ("the '885 patent").

*First*, reconsideration is warranted because the Order conflicts with well-settled law in concluding that Google waived arguments for invalidity by not raising them on summary judgment. The Federal Circuit has held consistently that a party does not waive arguments simply because it does not raise them on summary judgment. Indeed, the Federal Circuit specifically has applied this principle where, as here, the patentee moves for summary judgment only on infringement and the alleged infringer raises some but not all arguments for invalidity in its summary judgment briefing. In that situation, the court cannot *sua sponte* grant summary judgment of validity, treating the unraised arguments as waived. Because Sonos did not move for summary judgment of validity, Google had no obligation to raise all invalidity arguments on summary judgment, and this Court could not *sua sponte* grant summary judgment of validity.

*Second*, Google requests clarification that this Court's ruling applies only to claim 1 of the '885 patent. While there is arguably broader language in the Order regarding the validity of the patent, only claim 1 is at issue in the relevant filings, and the Order should be so limited.

## II. LEGAL STANDARD

A motion for reconsideration is appropriate when there was "a manifest failure by the Court to consider material facts or dispositive legal arguments presented before entry of judgment." Civil Local Rule 7-9(b); *see also School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) ("Reconsideration is appropriate if the district court . . . committed clear error or the initial decision was manifestly unjust. . . ."). This Court has allowed for reconsideration before where it had granted summary judgment to a party notwithstanding that the party had not filed a motion for summary judgment. *See Miller v. Peter Thomas Roth, LLC*, No. C 19-00698 WHA, 2020 WL 1433184, at *1-2 (N.D. Cal. Mar. 24, 2020). In *Miller*, while this Court initially granted summary judgment against the plaintiff on the merits, on reconsideration, this Court recognized that the defendants "did not move against the merits of her claim," but "only against her standing." *Id.* at *1. Thus, because "the movant always bears the *initial* responsibility to demonstrate the absence of a genuine issue of material fact," and "as [the defendants] demonstrated no absence of material fact as to the *merits* of Ms. Miller's claim, summary judgment was improper." *Id.* (cleaned up; emphasis in original). Likewise, here, reconsideration is warranted because Sonos did not move for summary judgment on validity.

## III. BACKGROUND

Sonos moved for summary judgment of infringement of claim 1 of the '885 patent. Dkt. 208. Google opposed Sonos's summary judgment motion, arguing there was no infringement, in part because the claim is invalid under 35 U.S.C. §§ 101 and 112. Dkt. 249. This Court granted Sonos's motion for summary judgment of infringement of claim 1. Dkt. 309. That order also construed Google's opposition as a cross-motion for summary judgment of non-infringement and invalidity under § 101 and § 112, and denied that motion. *Id.* This Court then issued an order to show cause "as to why the Court should not *sua sponte* enter summary judgment in favor of Sonos on the issue of validity of claim 1 of the '885 patent." Dkt. 339 at 2. In response to the order to show cause, Google argued that it should be permitted to argue at summary judgment or trial that claim 1 is invalid as anticipated and obvious. Dkt. 351. This Court held: "The order to show cause . . . was not intended to provide Google a second bite at the apple. It would not have been allowed

to spring new invalidity theories at trial and cannot do so now." Order at 2. And it concluded that "summary judgment is **GRANTED** in favor of Sonos on the issue of validity of the '885 patent." *Id.* at 3. Google filed a motion for leave to file a motion for reconsideration and clarification, which this Court granted on December 29, 2022. Dkt. 443.

## IV. THIS COURT SHOULD RECONSIDER ITS RULING THAT GOOGLE WAIVED BASES FOR INVALIDITY NOT RAISED ON SUMMARY JUDGMENT

The law is clear that a party does not waive an argument by not raising it in a motion for summary judgment or in an opposition to summary judgment on a separate issue. *Mikkelsen Graphic Eng'g, Inc. v. Zund Am., Inc.*, 541 F. App'x 964 (Fed. Cir. 2013), is directly on point. In *Mikkelsen*, the patentee moved for summary judgment of infringement and the alleged infringer moved for summary judgment of non-infringement and invalidity on anticipation and on-sale bar grounds. *Id.* at 965, 967. The district court granted the patentee's motion for summary judgment of infringement, and denied the alleged infringer's motions for summary judgment of non-infringement and invalidity. *Id.* at 967. The district court later issued a protective order precluding further discovery on invalidity. *Id.* at 969. "The district court apparently viewed [its summary judgment] order as disposing of [alleged infringer's] other invalidity defenses as well." *Id.* at 972. The Federal Circuit "vacate[d] the district court's grant of summary judgment of no invalidity" because:

> As Supreme Court precedent and our own cases establish, patent infringement and patent validity are treated as separate issues. A patentee's motion for summary judgment of infringement does not implicitly include a motion on the issue of invalidity, and an alleged infringer's failure to raise an invalidity defense in opposition to a motion for summary judgment of infringement is not a waiver of that defense.

*Id.* at 972, 974 (cleaned up).

This holding necessarily follows from the general principle that "because summary judgment is only appropriate where there are no genuine issues of material fact, Fed. R. Civ. Pro. 56(c), its failure to so move likely indicates its sense that issues of material fact exist, not an intent to abandon its . . . claim." *Mitutoyo Corp. v. Cent. Purchasing, LLC*, 499 F.3d 1284, 1291 (Fed. Cir. 2007). "[W]e know of no cases . . . stating that a plaintiff must raise every legal issue in his motion for summary judgment." *Id.* (quoting *Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995)).

And the Federal Circuit has applied this principle to reject district court rulings to the contrary. *See id.*; *Euclid Chemical Co. v. Vector Corrosion Technologies, Inc.*, 561 F.3d 1340, 1345 (Fed. Cir. 2009) (vacating district court's dismissal of alleged infringer's bona fide purchaser claim based on alleged infringer's failure to move for summary judgment on the claim because the bona fide purchaser claim was never mentioned in patentee's summary judgment motion and alleged infringer therefore had no obligation to address the claim in responding to patentee's motion); *Fin Control Systems Pty, Ltd. v. OAM, Inc.*, 265 F.3d 1311, 1321-22 (Fed. Cir. 2001) (vacating "the district court's *sua sponte* grant of summary judgment of invalidity and unenforceability . . . because it did not provide the parties with adequate notice or an opportunity for FCS to present evidence and argument in opposition to the motion"); *NeuroGrafix v. Brainlab, Inc.*, 787 F. App'x 710, 717 (Fed. Cir. 2019) ("The MDL court's ruling was contrary to those basic principles in that it granted summary judgment against NeuroGrafix for its failure to come forward with evidence to answer a non-infringement ground that had not been asserted and of which it had not been given proper notice."); *Massey v. Del Lab'ys, Inc.*, 118 F.3d 1568, 1573 (Fed. Cir. 1997) ("Because the district court granted summary judgment to a non-movant on a ground for which a full and fair opportunity to proffer material evidence was not offered, this court must vacate and remand."); *see also, e.g.*, *Move, Inc. v. Real Estate Alliance Ltd.*, 221 F. Supp. 3d 1149, 1157 (C.D. Cal. 2016) ("[W]e are aware of no authority suggesting that [a party] was required to move for summary judgment on its § 101 argument in order to preserve this argument.").

Under these precedents, Google did not waive its arguments for anticipation and obviousness by not raising them in its opposition to Sonos's motion for summary judgment of infringement. Sonos did not move for summary judgment of validity, and thus Google had no obligation to raise all of its invalidity arguments in opposing Sonos's motion. And just as in *Mikkelsen*, the fact that Google raised *some* invalidity issues in opposing summary judgment did not require Google to raise *all* invalidity issues at that time.

Moreover, a waiver requires a knowing abandonment of a claim, and that unquestionably did not occur here. "A waived claim or defense is one that a party has knowingly and intelligently relinquished." *Wood v. Milyard*, 132 S. Ct. 1826, 1832 n.4 (2012). Google raised its arguments for

obviousness and anticipation in its expert reports and invalidity contentions served on Sonos. *See* Dkts. 350-4 at 153-246; 350-5 at 247-470; 350-8; 397-3 at 24-25, 68-77. There was no order requiring Google to raise these arguments at any other time. In particular, the order on the showdown procedure said nothing about a requirement to raise *all* issues on summary judgment. Dkt. 206. Thus, based on the case law and principles discussed above, Google had no notice or reason to believe it was required to move for summary judgment on anticipation and obviousness in order to preserve them for trial. Indeed, some of Google's arguments for anticipation and obviousness may not have been amenable to summary judgment—but rather are appropriate for resolution at trial—because they concern disputed factual issues. Google did not knowingly and intelligently relinquish its invalidity claim based on obviousness and anticipation where there was no order, rule, or case suggesting that it needed to raise those arguments on summary judgment—and where there is clear precedent to the contrary.

In addition, a court "may not sua sponte grant summary judgment on a particular ground without giving the non-moving party notice and an opportunity to present evidence and argument in opposition." *Eon-Net LP v. Flagstar Bancorp*, 249 F. App'x 189, 193-94 (Fed. Cir. 2007). This Court first provided notice that it would decide validity on summary judgment (notwithstanding that Sonos did not move on this ground) in its September 1, 2022 order. Dkt. 339 at 2. But when Google then raised its arguments for invalidity in response to this order, *see* Dkt. 351, this Court ruled that Google's arguments came too late, *see* Order at 2. Thus, this Court erroneously deprived Google of the opportunity to present evidence and argument with respect to anticipation and obviousness. The ruling is especially problematic because, even assuming that Google could have anticipated the Court's claim construction ruling (*see* Order at 2-3), Google still has the right to raise invalidity arguments based on that new construction. *See Mikkelsen*, 541 F. App'x at 973 ("Given the district court's revision of its claim construction, which we now affirm, it would be particularly inappropriate to assume that [the alleged infringer] has had adequate opportunity to oppose the sua sponte entry of summary judgment on invalidity.").

Finally, *Pandrol USA, LP v. Airboss Ry. Prods., Inc.*, 320 F.3d 1354 (Fed. Cir. 2003) does not support waiver here. The part of *Pandrol* cited in the Order concerned the defendants' "fail[ure]

to separately discuss the infringement liability of defendants other than Airboss Railway Products, Inc. or offer specific evidence as to the liability of each defendant" even though "[t]he plaintiffs' motion [for summary judgment] specifically sought a finding of infringement as to all defendants." *Id.* at 1366. Here, in sharp contrast, Sonos did not move for summary judgment on validity. Indeed, also in *Pandrol*, the Federal Circuit held that "the issue of invalidity is a separate issue from infringement, and an alleged infringer's failure to raise it in opposition to a motion for summary judgment of infringement is not a waiver." *Id.* at 1365. Sonos moved for summary judgment only as to infringement, *not* validity, and thus Google had no obligation to raise every (or any) argument on invalidity in its opposition—and Google raising some bases for invalidity on summary judgment did not require it to raise all, as *Mikkelsen* confirmed.[1]

## V. THIS COURT SHOULD CLARIFY THAT THE ORDER IS LIMITED TO CLAIM 1 OF THE '885 PATENT

In addition, Google respectfully requests that the Court permit a motion for clarification that the Order is confined to claim 1, and does not establish validity of the patent as a whole. This Court limited the showdown procedure to one claim for each party, *see* Dkt. 206, and Sonos chose claim 1 of the '885 patent. And the Order's reasoning repeatedly references claim 1. *See* Order at 1. This Court's order granting leave to file a motion for reconsideration specifically characterized the Order as "entering summary judgment in favor of Sonos as to the validity of claim 1 of the '885 patent." Dkt. 443. Thus, there was no basis for the Order to decide anything with respect to other claims of the '885 patent, which were not at issue, and for which Google had no notice or opportunity to raise any arguments. Nonetheless, the conclusion states that summary judgment is granted as to "the validity of the '885 patent." Order at 3. While Google does not believe that the Court intended its

---

[1] The cases Sonos cites (Dkt. 349 at 4-5) are likewise inapposite. In *Finjan, Inc. v. Juniper Networks, Inc.*, 3:17-cv-05659-WHA (N.D. Cal. Sept. 29, 2017), this Court said nothing about the parties' disagreement over whether arguments not raised on summary judgment could be raised at a later stage of the litigation. *See id.*, Dkts. 262 at 6 n.3; 301 at 1. In *Synkloud Technologies, LLC v. Adobe, Inc.*, 3:20-cv-07760-WHA (N.D. Cal. Nov. 3, 2020), this Court explicitly recognized the right to make other invalidity arguments after summary judgment. *See id.*, Dkt. 146 at 2 ("While this order disregards Adobe's cross-motion, it *will* consider all of Adobe's substantive arguments, including invalidity as a defense to infringement, as opposition briefing to Synkloud's summary judgment motion. *This order should not be construed to preclude Adobe from moving for a declaration of invalidity for claim 9 in the future*. In the meantime, its invalidity arguments will simply be considered as a basis for noninfringement.") (emphasis in original and added).

ruling to extend beyond claim 1, Google respectfully requests that—given the broader language at the end of the Order—this Court clarify that the Order is limited to claim 1.

## VI. CONCLUSION

For the foregoing reasons, this Court should grant reconsideration of the Order, vacate the entry of summary judgment as to validity, and make clear that the Order is limited to claim 1.

DATED: January 9, 2023                    QUINN EMANUEL URQUHART & SULLIVAN, LLP

By       */s/ Charles K. Verhoeven*
     Charles K. Verhoeven
     Melissa Baily
     James Judah
     Lindsay Cooper
     Marc Kaplan

*Attorneys for GOOGLE, LLC*

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that, on January 9, 2023, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system and email.

                                                */s/ Charles K. Verhoeven*
                                                Charles K. Verhoeven