UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SONOS, INC.,<br><br>　　　　Defendant. | No. C 20-06754 WHA<br><br>**ORDER GRANTING MOTION TO AMEND INFRINGEMENT CONTENTIONS** |

Sonos has filed a motion for leave to amend its infringement contentions as to U.S. Patent No. 10,779,033 pursuant to Patent Local Rule 3-6 (Dkt. No. 407). Sonos asserts that the amendments are necessary because it discovered new information during the deposition of a Google 30(b)(6) witness on November 11, 2022 (Br. 2). Google opposes, arguing that Sonos is using the deposition as a Trojan horse to smuggle in a broad new theory. Google further argues that any amendment at this late stage would be prejudicial. This motion is suitable for resolution on the papers. Civ. L.R. 7-6.

Patent Local Rule 3-6 states: "Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause." "[T]he primary question of good cause is a party's diligence, and in considering the party's diligence, the critical question is whether the party could have discovered the new information earlier had it acted with the requisite diligence." *Fluidigm Corp. v. IONpath, Inc.*, 2020 WL 5073938, at *4 (N.D. Cal. Aug. 25, 2020) (citation omitted).

Upon review, Sonos has adequately shown diligence. Sonos served its first 30(b)(6) deposition notice seeking testimony on its "stream transfer" infringement theory for the '033 patent on January 5, 2022. Google first designated two different witnesses to testify on the subject, both of whom Sonos objected to as not competent. After Google declined to designate a third witness, Sonos moved to compel on October 14, 2022 (Dkt. No. 378). Before any ruling on the motion, however, Google designated a third witness, rendering the dispute moot. Sonos deposed that witness, Tavis Maclellan, on November 11, 2022. Sonos then filed the instant motion on the basis that Maclellan's testimony had "confirmed" aspects of its infringement theory (Br. 2). This order finds that this sequence of events satisfies the diligence requirement.

Google objects that Sonos could have articulated its new theory by investigating source code that Google had previously provided (Opp. 6). Sonos, however, is entitled to pursue discovery as to how that source code works. *See, e.g.*, *Delphix Corp. v. Actifio, Inc.*, No. C 13-04613, 2015 WL 5693722, at *3 (N.D. Cal. Sept. 29, 2015) (Judge Howard R. Lloyd). Google further objects that Sonos's proposed amendments are overbroad because they belatedly add a "completely new theory of infringement" (Opp. 12 (citing Dkt. No. 406-2 at 84–85)). The amendments on those pages, however, simply cite to the new testimony and related source code. Any prejudice, then, is the result of Google's failure to timely and appropriately respond to Sonos's discovery request.

In sum, Sonos has good cause to amend, and the motion is **GRANTED**. Any motion to modify the case schedule as a result of this order must be submitted within **FIVE DAYS**.

**IT IS SO ORDERED.**

Dated: January 12, 2023.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2