CLEMENT SETH ROBERTS (SBN 209203)
croberts@orrick.com
BAS DE BLANK (SBN 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (SBN 260103)
acaridis@orrick.com
EVAN D. BREWER (SBN 304411)
ebrewer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

SEAN M. SULLIVAN (admitted *pro hac vice*)
sullivan@ls3ip.com
COLE RICHTER (admitted *pro hac vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:    +1 312 754 0002
Facsimile:    +1 312 754 0003

*Attorneys for Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>　　Plaintiff and Counter-defendant,<br><br>v.<br><br>SONOS, INC.,<br><br>　　Defendant and Counter-claimant. | Case No. 3:20-cv-06754-WHA<br>Related to Case No. 3:21-cv-07559-WHA<br><br>**SONOS, INC.'S OPPOSITION TO GOOGLE LLC'S MOTION FOR RECONSIDERATION (DKT. 445)**<br><br>Complaint Filed: September 28, 2020 |

# TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ................................................................**Error! Bookmark not defined.**

I.  INTRODUCTION ............................................................................................................... 1

II. BACKGROUND ................................................................................................................. 2

III. LEGAL STANDARD .......................................................................................................... 3

IV. ARGUMENT ....................................................................................................................... 4

    A.  Google Cannot Present New Arguments ................................................................ 4

    B.  The Court Did Not Manifestly Fail To Consider Material Facts Or Dispositive Legal Arguments ................................................................................. 5

        1.  Google was on notice that it needed to present all bases for invalidity in its showdown summary judgment motion ............................. 5

        2.  Google had a full opportunity to present its arguments through the summary judgment motions and in response to the Court's Order to Show Cause ................................................................................................ 10

        3.  There was no change in claim construction that would justify reopening summary judgment ................................................................. 12

    C.  Clarification Is Not Necessary Because Sonos Is No Longer Asserting The Remaining Claims Of The '885 Patent .................................................................. 13

V.  CONCLUSION .................................................................................................................. 13

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Adobe Sys. Inc. v. Wowza Media Sys., LLC*,
 No. 11-CV-02243-JST, 2014 WL 2731321 (N.D. Cal. June 10, 2014) .................................. 4

*Albino v. Baca*,
 747 F.3d 1162 (9th Cir. 2014) ....................................................................................... 9, 10, 11

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*,
 573 U.S. 208 (2014) ............................................................................................................. 10

*Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.*,
 146 F.3d 1071 (9th Cir. 1998) ............................................................................................... 9

*Bernstein v. Virgin Am., Inc.*,
 No. 15-CV-02277-JST, 2017 WL 7243203 (N.D. Cal. Mar. 27, 2017) .................................. 4

*Cap Exp., LLC v. Zinus, Inc.*,
 722 F. App'x 1004 (Fed. Cir. 2018) ..................................................................................... 11

*Celotex Corp. v. Catrett*,
 477 U.S. 317 (1986) ............................................................................................................. 11

*Chambers v. NASCO, Inc.*,
 501 U.S. 32 (1991) ................................................................................................................. 9

*Costa v. Postmates Inc.*,
 No. 19-CV-03046-JST, 2020 WL 13526733 (N.D. Cal. June 26, 2020) ............................... 1

*Diversey Lever, Inc. v. Ecolab, Inc.*,
 191 F.3d 1350 (Fed. Cir. 1999) ............................................................................................. 9

*Euclid Chem. Co. v. Vector Corrosion Techs., Inc.*,
 561 F.3d 1340 (Fed. Cir. 2009) ........................................................................................... 10

*Finjan, Inc. v. Juniper Networks, Inc.*,
 3:17-cv-05659-WHA (N.D. Cal. Sept. 29, 2017) .............................................................. 7, 8

*Gray v. Golden Gate Nat. Recreational Area*,
 866 F. Supp. 2d 1129 (N.D. Cal. 2011) ............................................................................. 4, 5

*Inamed Corp. v. Kuzmak*,
 275 F. Supp. 2d 1100 (C.D. Cal. 2002), *aff'd*, 64 F. App'x 241 (Fed. Cir. 2003) ................ 11

*Kona Enters., Inc. v. Estate of Bishop*,
 229 F.3d 877 (9th Cir. 2000) ................................................................................................. 4

*Marylyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*,
 571 F.3d 873 (9th Cir. 2009) ................................................................................................. 3

*Mikkelsen Graphic Engineering, Inc. v. Zund America, Inc.*,
    541 F. App'x 964 (Fed. Cir. 2013) ................................................................................... 9

*Mitutoyo Corp. v. Cent. Purchasing, LLC*,
    499 F.3d 1284 (Fed. Cir. 2007) .................................................................................... 10

*Move, Inc. v. Real Est. All. Ltd.*,
    221 F. Supp. 3d 1149 (C.D. Cal. 2016) ........................................................................ 10

*Pandrol USA, LP v. Airboss Ry. Prods., Inc.*,
    320 F.3d 1354 (Fed. Cir. 2003) .................................................................................. 7, 9

*Synkloud Techs., LLC v. Adobe, Inc.*,
    3:20-cv-07760-WHA (N.D. Cal. Nov. 3, 2020) ............................................................. 8

**Statutes**

35 U.S.C. § 101 ........................................................................................................... *passim*

35 U.S.C. § 102 ............................................................................................................... 7, 8

35 U.S.C. § 103 ............................................................................................................... 7, 8

35 U.S.C. § 112 ........................................................................................................... 2, 4, 7

Civ. L. R. 7-9 .................................................................................................................... 1, 4

Fed. R. Civ. P. 41(b) .......................................................................................................... 10

Fed. R. Civ. P. 56 ........................................................................................................... 3, 10

I.  **<u>INTRODUCTION</u>**

A motion for reconsideration "is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources," and is therefore "disfavored and rarely granted." *Costa v. Postmates Inc.*, No. 19-CV-03046-JST, 2020 WL 13526733, at *2 (N.D. Cal. June 26, 2020) (citations omitted). Under the Local Rules of this District, and as relevant here, a motion for reconsideration should be granted only if Google can identify a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before" its order granting summary judgment of validity of claim 1 of the '885 patent. Civ. L. R. 7-9; Dkt. 382.

Tellingly, Google does not present any "manifest failure by the Court to consider … dispositive legal arguments," let alone a "dispositive legal argument" that was "presented to the Court *before* [the challenged] order." Civ. L. R. 7-9 (emphasis added). Instead, Google presents *new* procedural arguments which it did not raise in response to the Court's Order to Show Cause, Dkt. 339. The Court can review that prior briefing cover to cover – it did not contain any argument regarding the purported procedural flaws about which Google now complains. *See* Dkt. 351. But a motion for reconsideration is just that – a motion for *re*consideration of the facts and arguments previously presented. Not an opportunity to make new arguments that counsel now thinks he woulda, coulda, shoulda.

Regardless of waiver, Google does not identify any manifest legal error in the Court's grant of summary judgment. Google does not even acknowledge the Court's unique showdown procedure, which *ordered* the parties to file motions for summary judgment. Dkt. 68 ¶ 2 ("The parties *shall* file cross motions for summary judgment ….") (emphasis added). There was no suggestion in the Court's showdown orders that a party could strategically reserve certain arguments in favor of or against summary judgment. That would defeat the entire purpose of the showdown procedure, which is designed to test the parties' best arguments and determine whether to burden a jury with resolving the dispute. This Court's showdown practice thus put Google on notice of the fact that – if it raised invalidity in response to Sonos's motion for summary judgment infringement – Google needed to raise *all* of the invalidity theories it wanted to advance. But (in a

- 1 -

striking parallel to Google's approach to *this* motion) Google said nothing about its prior art-based invalidity argument until *after* it lost the summary judgment motion. The Court did not commit any manifest error in denying Google a second bite at the apple once it rejected Google's two primary theories of invalidity.

Finally, Google seeks "clarification" that the Court's summary judgment order applies only to claim 1 of the '885 patent. As Google knows, there is no longer a dispute between the parties regarding the remaining claims of the '885 patent. After Google filed its motion for leave to file a motion for reconsideration and clarification, Sonos informed Google that it was no longer asserting any other claims of the '885 patent and asked Google to inform the Court that there was no longer any justiciable dispute between the parties over the remaining claims. Google (inexplicably) refused. In any event, Sonos has no problem with the Court clarifying that its order only applies to claim 1, as that was the only '885 patent claim at issue in the showdown procedure, and the other '885 patent claims are out.

**II.    BACKGROUND**

On October 8, 2021, the Court ordered the parties to engage in a "patent showdown" in which each party would select one asserted claim—"presumably the strongest case" for each party—and required the parties to "file cross motions for summary judgment on the two claims (one for each party) selected for the patent showdown." Dkt. 68 ¶¶ 1-2 (Showdown Order).

Sonos moved for summary judgment of infringement of the '885 patent. Dkt. 209.02. Google used its showdown summary judgment papers to raise the issue of the invalidity of claim 1 of the '885 patent. Dkt. 247.03 at 11-25. Indeed, Google used more pages on invalidity than it did on noninfringement. *See id.* On July 21, 2022, the Court rejected Google's invalidity arguments and ruled in Sonos's favor on both infringement and validity with respect to claim 1 of the '885 patent. Dkt. 309. The Court subsequently explained that "As for validity, the parties had an opportunity to fully brief and argue Google's assertions that claim 1 covered unpatentable subject-matter under 35 U.S.C. § 101 and that the claim lacked written description support under 35 U.S.C. § 112." Dkt. 339 at 1. The Court then ordered Google to show cause "why the Court should not

*sua sponte* enter summary judgment in favor of Sonos on the issue of validity of claim 1 of the '885 patent.  *See* FRCP 56(f)."  *Id.* at 2.

In response to that order, Google for the first time informed the Court that it had *other, undisclosed* invalidity theories it wished to present at trial.  Dkt. 351.  Google's response was silent as to why these new theories weren't waived, and said nothing about any purported procedural hurdle that might prevent the Court from granting summary judgment of validity.  Instead, Google's papers acknowledged that it made a strategic *election* to use its allotted pages to focus on other arguments: "[g]iven the 25-page limit for showdown summary judgment briefing, and this claim construction ruling, Google elected to focus its showdown papers on non-infringement and not on prior art invalidity."  *Id.* at 1.  In response, Sonos explained why, given the Court's direction and practice in showdown proceedings, it was procedurally proper for the Court to grant summary judgment and why Google had waived the invalidity theories it elected not to raise.  Dkt. 349.

After reviewing the briefing, the Court granted summary judgment of validity as to claim 1 of the '885 patent.  Dkt. 382.  The Court explained that its "order to show cause, however, was not intended to provide Google a second bite at the apple," and rejected any contention that there was a change in claim construction that would justify reopening summary judgment.  *Id.* at 2-3.  The Court held Google to its "strategic choice to raise invalidity in its summary judgment papers" and rejected its attempt to "readjust its sails" and inject new invalidity theories into the case "now that it knows which way the judicial winds are blowing."  *Id.* at 3.

Following the Court's summary judgment order, Google filed a motion for leave to file a motion for reconsideration.  Dkt. 397.  The Court granted leave to file the motion for reconsideration, Dkt. 443.  Sonos now opposes.

### III.  **LEGAL STANDARD**

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marylyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).  Reconsideration may be granted when there is a "[a] manifest failure by the Court to consider material facts or dispositive legal arguments

1  which were presented to the Court before such interlocutory order." Civ. L. R. 7-9. A motion for
2  reconsideration "may not be used to raise arguments or present evidence for the first time when
3  they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of*
4  *Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

5  **IV.   ARGUMENT**

6        **A.  Google Cannot Present New Arguments**.

7  Google's motion for reconsideration argues (for the first time) that Google did not waive its
8  prior-art based invalidity grounds by failing to raise those issues in its summary judgment briefing.
9  This is a new argument that Google did not raise in its response to the order to show cause, and is
10 not a proper basis for reconsideration.

11 Reconsideration may be granted where there is "[a] manifest failure by the Court to consider
12 material facts or dispositive legal arguments *which were presented to the Court before such*
13 *interlocutory order*." Civ. L. R. 7-9(b)(3) (emphasis added). Reconsideration motions "are not the
14 place for parties to make new arguments not raised in their original briefs." *Gray v. Golden Gate*
15 *Nat. Recreational Area*, 866 F. Supp. 2d 1129, 1132 (N.D. Cal. 2011); *Adobe Sys. Inc. v. Wowza*
16 *Media Sys., LLC*, No. 11-CV-02243-JST, 2014 WL 2731321, at *1 (N.D. Cal. June 10, 2014)
17 (denying reconsideration where "several of Adobe's arguments are new ones, not ones that 'were
18 presented to the Court' previously"); *Bernstein v. Virgin Am., Inc.*, No. 15-CV-02277-JST, 2017
19 WL 7243203, at *3 (N.D. Cal. Mar. 27, 2017) (similar).

20 This Court's Order to Show Cause directed the parties to address "why the Court should
21 not sua sponte enter summary judgment in favor of Sonos on the issue of validity of claim 1 of the
22 '885 patent." Dkt. 339 at 1-2. The Court explained that the parties had already had "an opportunity
23 to fully brief and argue Google's assertions that claim 1 covered unpatentable subject-matter under
24 35 U.S.C. § 101 and that the claim lacked written description support under 35 U.S.C. § 112." *Id.*
25 As the first sentence of this paragraph shows, the Court's order to show cause plainly put the parties
26 on notice of the fact that the Court was contemplating granting summary judgment of validity.

27 In its response to the OSC, Google said literally nothing about waiver, notice, nor any other
28 procedural reason the Court should withhold summary judgment of validity. Instead, Google laid

out the purported merits of the prior-art based invalidity grounds that Google elected not to brief during summary judgment. Not once did Google explain why it should be allowed a second chance at presenting its invalidity theories, explain why it was proper to withhold these theories despite the showdown summary judgment procedure, or contend that it would be legal error to grant summary judgment of validity. It made one conclusory statement (literally the last line of its argument section) that "Sonos itself elected not to move for summary judgment of validity," Dkt. 351 at 10, but did not make any *argument* that it was Sonos's *burden* to move for summary judgment of validity, nor cite *any* of the cases it now cites on reconsideration. The closest Google came was to say that "Given the 25-page limit for showdown summary judgment briefing, and this claim construction ruling, Google elected to focus its showdown papers on non-infringement and not on prior art invalidity." Dkt. 351, Resp. to OSC, at 1. That is not the same argument Google makes now. Google cannot use a reconsideration motion to present arguments is wishes it had presented earlier. *E.g.*, *Gray*, 866 F.Supp.2d at 1132. The Court should deny Google's motion for reconsideration on that basis alone. Indeed, there is no small irony in the fact that that Google is, in the context of *this* motion, once again "adjusting its sails" to inject new arguments "now that it knows which way the judicial winds are blowing." Dkt. 382 at 3.

### B. The Court Did Not Manifestly Fail To Consider Material Facts Or Dispositive Legal Arguments.

Google does not identify any manifest failure to consider material facts or dispositive legal arguments. Indeed, there are no disputed material facts in Google's motion. And Google's legal argument is that even though Google put invalidity at issue in its showdown summary judgment motion, it was not required to raise all bases for invalidity. Google is wrong. It was on notice that if it put invalidity at issue, it was required to raise all of its grounds for invalidity at risk of waiver.

#### 1. Google was on notice that it needed to present all bases for invalidity in its showdown summary judgment motion.

Google contends that it was Sonos's burden to move for summary judgment of validity. *See* Dkt. 445 (Mot.) at 1, 4, 6. But Google was given more than reasonable notice that, once Google put invalidity at issue in the patent showdown briefing, it had to come forward with its complete

defense on that issue. Nothing in the showdown orders in the case, or the Court's past showdown procedures, suggests that a party could "elect" to brief select theories for an issue, whether it be infringement, non-infringement, or invalidity, while strategically (and silently) reserving *other* theories in support of that same issue for trial.

The Court's showdown procedure is clear. Dkt. 68 ¶¶ 1-2 (Showdown Order). The Court ordered the parties to file summary judgment motions, and explained that the summary judgment briefing was limited to "ONE MOTION EACH REGARDLESS OF THE NUMBER OF ISSUES RAISED, *e.g.* standing, invalidity, noninfringement, etc." *Id.* ¶ 2. Nowhere does the Court's Showdown Order suggest that parties are permitted to address only selected theories in support of whatever "issue" the party chose to raise in the summary judgment briefing, while reserving other theories in support of that same issue. Indeed, allowing a party to do that would defeat the basic purpose of the mandatory showdown summary judgment procedure – i.e. to determine whether the parties' *best* claims were worthy of a jury trial. For example, there is no doubt that, had Sonos only briefed a literal infringement theory that the Court rejected, Sonos would not have been permitted to ask the jury to consider an unbriefed, back-up doctrine of equivalents theory at the showdown trial.

Google tried to defeat Sonos's selected claim with both noninfringement and invalidity arguments. Google elected to put the issue of invalidity on the table, saddling Sonos with having to not only respond to Google's non-infringement arguments but also to address **two** different theories of invalidity in a single 15-page reply brief. In this Court's words, Google "cross move[d] for summary judgment of noninfringement . . . [and] raises a variety of invalidity theories as to" claim 1 of the '885 Patent. Dkt. 309 at 1 (Order on Summary Judgment). Instead of arguing that Google had prior-art arguments that should be presented to the jury, Google sat silently, apparently waiting to see what the Court would say about its other invalidity arguments.[1] The Court's showdown procedure did not allow this selective presentation of arguments. The showdown procedure required that if Google sought a judgment as a matter of law that claim 1 was invalid it

---

[1] In fact, Google's response to the Order to Show Cause effectively admits its prior art arguments are not meritorious. Dkt. 351 at 1. Google says it elected not to raise these arguments in light of the existing claim construction—a claim construction the Court confirmed in its summary judgment order. *See infra* § B.3.

needed to present *all* its theories of invalidity. Dkt. 382 (citing *Pandrol USA, LP v. Airboss Ry. Prods., Inc.*, 320 F.3d 1354, 1366 (Fed. Cir. 2003)).

This Court's prior showdown cases confirm that a party must present its full theories on summary judgment or face waiver. For example, in *Finjan, Inc. v. Juniper Networks, Inc.*, the parties engaged in a patent showdown over claim 10 of U.S. Patent No. 8,677,494. Finjan, the patentee, selected claim 10 and limited its affirmative summary judgment briefing to the issue of direct infringement, setting forth both literal and doctrine of equivalents theories. *See* 3:17-cv-05659-WHA (N.D. Cal. Sept. 29, 2017), Dkt. 98. Juniper opposed by not only addressing both theories of infringement but also by putting the issue of invalidity on the table, advancing a subject matter eligibility theory under § 101 and an indefiniteness theory under § 112. *See Finjan*, Dkt. 126. In turn, Finjan's reply addressed both Juniper's non-infringement arguments and the issue of invalidity that Juniper brought into the showdown proceeding. *See Finjan*, Dkt. 154.

In its showdown summary judgment order, the Court rejected Juniper's § 112 theory but declined to rule on the § 101 theory until it had the benefit of a trial record. *Finjan*, Dkt. 189 at 12, 20. Thus, the Court limited the invalidity "issues [to] be decided at trial" to "Juniper's Section 101 invalidity defense." *Id.* at 20-21. In other words, because Juniper put the issue of invalidity in play, but only advanced arguments based on §§ 101 and 112, the Court effectively found that Juniper forfeited any other invalidity theory, including arguments based on §§ 102 and 103 theories.

This is confirmed by the Court's Final Pretrial Order for the showdown trial in that case. *Finjan*, Dkt. 301. In the parties' *proposed* joint final pretrial order, Juniper contended that claim 10 was "invalid under §§ 102 and 103," and that even though it had not raised these theories in response to Finjan's motion for summary judgment of non-infringement, it had not waived them. *Finjan*, Dkt. 262 at 6 n.3. Finjan, by contrast, argued that "Juniper has waived the [§§ 102 and 103] defenses identified in footnote 3 below by not raising them in its opposition to Finjan's motion for summary judgment pursuant to the schedule set by the Court." *Id.* at 6 n.2. While the Court's final pretrial order governing the showdown trial did not explicitly say that Juniper could not raise §§ 102 and 103, the Court's order implicitly held as much. First, the order did not adopt Juniper's proposed language. Second, the final pretrial order "supersede[d] the complaint and answer with respect to

- 7 -

SONOS'S OPPOSITION TO MOTION FOR
RECONSIDERATION (DKT. 445)
3:20-CV-06754-WHA

claim 10 of the United States Patent No. 8,677,494 ("the '494 Patent") except to the extent it does not reach the issues of prosecution laches, inequitable conduct, and unclean hands." *Finjan,* Dkt. 301 at 1. Thus, by not expressly reserving the §§ 102 and 103 theories, as the Court did with certain of Juniper's equitable defenses, those theories were clearly off the table.

As another example, in *Synkloud Techs., LLC v. Adobe, Inc.*, the parties engaged in a patent showdown over claim 9 of U.S. Patent No. 8,868,690. The patentee, Synkloud, selected claim 9 and limited its affirmative summary judgment briefing to the issue of direct infringement under a literal infringement theory. 3:20-cv-07760-WHA (N.D. Cal. Nov. 3, 2020), Dkt. 121. Adobe opposed the motion for summary judgment, addressing not only the issue of infringement but also cross-moving for summary judgment of invalidity under § 101. *Synkloud*, Dkt. 128. On reply, Synkloud addressed Adobe's non-infringement arguments. *Synkloud*, Dkt. 135.

Importantly, Synkloud did not engage with Adobe's attempt to bring the issue of invalidity into the patent showdown. *See id.* Synkloud instead moved to strike Adobe's injection of this issue into the showdown briefing as a violation of the Court's showdown order. *Synkloud*, Dkt. 136. The Court ultimately granted Synkloud's motion to strike, reasoning that "Adobe's cross-motion is not consistent with the [Court's showdown order]" and that if the Court ruled otherwise, "it would place Synkloud at a distinct disadvantage for *its own summary judgment motion* — requiring it to address Adobe's opposition to its infringement claim *and* defend against invalidity contentions for the first time in just one, 15-page reply." *Synkloud*, Dkt. 146 at 2 (emphasis in original). Thus, Adobe was effectively prevented from moving on summary judgment of invalidity, and there was no partial adjudication of the issue and no waiver.

*Finjan* and *Synkloud* put Sonos and Google on notice as to at least two critical aspects of the Court's showdown procedure. First, if Sonos or Google were to brief an issue in the showdown proceeding, any theories for that issue that were not briefed would be forfeited. Second, if a party were to inject an issue into the showdown proceeding as a defense to the other party's motion, the other party would decide whether that issue should advance in the showdown given that the party injecting the issue was in violation of the Court's showdown order. So it was hardly Sonos's job for move for summary judgment of validity. And, notably, Google has never challenged any aspect

of this Court's showdown procedure or the Court's inherent power to manage its docket. *See Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998) (district court possesses inherent power to control its docket, as long as power is exercised in a manner consistent with rules and statutes); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (inherent powers are tools for "'control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases'").

This procedure is consistent with the general rule that an "affirmative defense must be raised in response to a summary judgment motion, or it is waived." *Pandrol USA, LP v. Airboss Ry. Prods., Inc.*, 320 F.3d 1354, 1366 (Fed. Cir. 2003) (quoting *Diversey Lever, Inc. v. Ecolab, Inc.*, 191 F.3d 1350, 1353 (Fed. Cir. 1999)). Thus, while Google wasn't required to raise *this* affirmative defense (*i.e.* invalidity) in the showdown briefing, it did so, and in so doing it forfeited any parts of the defense that it failed to brief. *See Albino*, 747 F.3d at 1177 ("As the movants for summary judgment in this case, defendants were on notice of the need to come forward with *all their evidence* in support of this motion, and they had every incentive to do so." (emphasis added)).

This important context distinguishes Google's primary case—*Mikkelsen Graphic Engineering, Inc. v. Zund America, Inc.*, 541 F. App'x 964 (Fed. Cir. 2013)—and its other cases suggesting that a movant need not raise all theories in support of a legal issue.

First, in *Mikkelsen*, the patent owner never argued that the accused infringer's grounds for invalidity should be rejected as a matter of law. Instead, the patentee contended "there was a dispute of material fact as to the issue of invalidity." *Id.* at 972. Here, in contrast, Sonos explained that Google's invalidity arguments failed as a matter of law, not because of any dispute of fact. And the Court agreed. Dkt. 309 at 17. The Court's Summary Judgment Order left nothing remaining from Google's invalidity issue to be tried.

Second, the accused infringer in *Mikkelsen* was never "on notice that she had to come forward with all of her evidence" of invalidity. *Mikkelsen*, 541 F. App'x at 972. Here, Google *was* on notice of exactly that. As explained above, the Court's showdown procedures made clear that issues raised on summary judgment needed to be fully aired and could not be held back for trial. *Supra* 6-8. And Google was given the opportunity to present that evidence in the showdown

1   summary judgment motions. Dkt. 351. At that point, the Court had the power to sua sponte enter
2   summary judgment of validity. Fed. R. Civ. P. 56(f); *infra* § B.2.

3   Google's other cases are similarly distinguishable. In *Mitutoyo Corp. v. Cent. Purchasing,*
4   *LLC*, 499 F.3d 1284, 1291 (Fed. Cir. 2007), the district court erred in finding under Rule 41(b) that
5   the patentee had failed to prosecute a willfulness claim when the patentee simply did not raise
6   willfulness on summary judgment. Similarly, in *Euclid Chem. Co. v. Vector Corrosion Techs.,*
7   *Inc.*, 561 F.3d 1340, 1345 (Fed. Cir. 2009), the Federal Circuit faulted the district court for
8   dismissing a claim under Rule 41(b) for *failure to move* for summary judgment. Here, Google *did*
9   raise invalidity on summary judgment and there was no failure to prosecute the issue. Google's
10  other case on waiver, *Move, Inc. v. Real Est. All. Ltd.*, 221 F. Supp. 3d 1149, 1155 (C.D. Cal. 2016),
11  addressed issues of waiver following a remand from the Federal Circuit on an unrelated issue and
12  a change in controlling law (i.e. the issuance of *Alice*) which permitted the patent challenger in that
13  case to raise a § 101 defense on summary judgment. *Move* has no applicability here.

14  In sum, Google is wrong to contend that it had "no notice or reason to believe it was required
15  to move for summary judgment on anticipation and obviousness in order to preserve them for trial."
16  Mot. at 5. Google put invalidity at issue in the showdown summary judgment procedure. The
17  Court's longstanding practice in patent showdowns gave Google ample notice that once it put
18  invalidity at issue, it was effectively asking the Court to determine whether any part of its invalidity
19  positions should be presented to a jury. Thus, it had to come forward with *all* its invalidity theories
20  on pain of waiver. Google was not entitled to see how the Court would rule on two invalidity
21  theories and then use those rulings to refine other invalidity theories for presentation at trial.

22  **2. Google had a full opportunity to present its arguments through the**
23  **summary judgment motions and in response to the Court's Order to Show**
24  **Cause**.

25  Federal Rule of Civil Procedure 56 permits a court to grant summary judgment in favor of
26  a nonmovant after giving notice and a reasonable time to respond. Fed. R. Civ. P. 56(f)(1). In this
27  regard, the Ninth Circuit has "long recognized that, where the party moving for summary judgment
28  has had a full and fair opportunity to prove its case, but has not succeeded in doing so, a court may

1   enter summary judgment *sua sponte* for the nonmoving party." *Albino v. Baca*, 747 F.3d 1162,
2   1176 (9th Cir. 2014).  The Supreme Court has explained that "district courts are widely
3   acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing
4   party was on notice that she had to come forward with all of her evidence." *Id.* (quoting *Celotex*
5   *Corp. v. Catrett*, 477 U.S. 317, 326 (1986)); *see also, e.g.*, *Inamed Corp. v. Kuzmak*, 275 F. Supp.
6   2d 1100, 1135 (C.D. Cal. 2002), *aff'd*, 64 F. App'x 241 (Fed. Cir. 2003); *Cap Exp., LLC v. Zinus,*
7   *Inc.*, 722 F. App'x 1004, 1007-08 (Fed. Cir. 2018).

8         In addition to being put on notice by this Court's multiple prior orders and practice in past
9   showdowns, Google was also put on notice that it needed to come forward with a legitimate
10  explanation for not raising its prior-art invalidity theories via the Court's Order to Show Cause and
11  was given an opportunity to respond via briefing and supporting exhibits. Dkt. 351.  Thus, Google's
12  many cases about lack of opportunity to present evidence prior to the Court granting summary
13  judgment sua sponte are not applicable here.  *See* Dkt. 445 at 4-5 (citing cases reversing a grant of
14  summary judgment where, e.g., the district court "did not provide the parties with adequate notice
15  or an opportunity for FCS to present evidence and argument in opposition to the motion.").

16        Google's response to the Court's Order to Show Cause confirms that there is no valid reason
17  why Google could not have made its prior-art arguments in its summary judgment briefing. Google
18  managed to brief two other grounds of invalidity.  And Google's motion for summary judgment of
19  invalidity as to the '615 Patent focused primarily on prior-art invalidity.  It is not plausible that
20  Google was prevented from making these arguments regarding the '885 Patent due to page
21  limitations or any other procedural limit on the showdown motions.[2]  Instead, the only reasonable
22  conclusion is that Google held back its prior-art based invalidity theories because it saw them as
23  being less strong than the invalidity arguments that Google elected to make.  But if those arguments
24  weren't worth including (or asking for extra pages to include) in Google's first attempt at
25  invalidating Sonos' patents, they don't justify a second.  Otherwise we will just get more of what

---

[2] If that were the case, Google could have asked the Court for additional pages, either in its opening summary judgment brief—which addressed noninfringement of the '885 patent—or in its brief in opposition to Sonos's motion for summary judgment.  It did neither.

we have with the current motion – a persistent game in which Google makes a new batch of arguments when it loses the arguments it chose to present the first time around.

### 3. There was no change in claim construction that would justify reopening summary judgment.

Google contends that the Court "erroneously deprived Google of the opportunity to present evidence and argument with respect to anticipation and obviousness," in particular "invalidity arguments based on [a] new construction." Mot. at 5. The premise of Google's argument—that there was a change in claim construction—is wrong. And Google does not argue that the Court's conclusion that there was no change in claim construction was manifest error. Mot. at 5. So there is both nothing to review, nor even any *request* to review the Court's conclusion. This basis for reconsideration can be easily rejected.

Google's contention that there was a change in claim construction "does not hold water." Dkt. 382 at 2 (Court's Order Granting Summary Judgment). Google contended that it briefed summary judgment under a construction of "zone scene" that required more than merely saving a speaker group, such that a "common theme" was required to make a zone scene. Dkt. 351 at 1 (Google's Resp. to OSC). Google claimed that this Court changed the construction such that "a 'zone scene' is satisfied merely by naming/saving a group." *Id.* There was no change in construction. As this Court explained, "the order on summary judgment adopted Judge Albright's construction verbatim," including Judge Albright's explanation that "his claim construction ruling would not preclude Sonos from arguing" that a zone scene can be met by "allowing users to name and save speaker groups." Dkt. 382 at 2. Thus, the construction Google was operating under at summary judgment contemplated the possibility that a zone scene could be created when a user names and saves a group. Indeed, Google addressed that construction in its summary judgment briefing and at oral argument. *Id.* (citing Dkt. 249 at 5-7).

Google had a full and fair opportunity to select its best invalidity arguments under the operative claim constructions. Google decided its best arguments were subject matter eligibility and lack of written description. Dkt. 247.03 at 11-25. It lost. Dkt. 309 at 11-17. That is no reason to give Google a second chance with arguments it could have raised in the first.

### C. Clarification Is Not Necessary Because Sonos Is No Longer Asserting The Remaining Claims Of The '885 Patent.

Google also requests the Court clarify that its summary judgment order is limited to claim 1 of the '885 patent. Sonos agrees that the Court's summary judgment order is limited to claim 1 of the '885 patent, and attempted reach agreement with Google to moot this dispute without requiring the Court's involvement. Specifically, Sonos informed Google that "Sonos is no longer asserting any other claims of the '885 patent," and asked Google to "promptly withdraw the motion for clarification or reconsideration and file a corrected version informing the Court that the other claims of the '885 patent are no longer asserted by Sonos (and therefore there is no controversy regarding those patent claims)." *See* Ex. A to the Declaration of Clement Roberts in Support of Sonos's Opposition to Google LLC's Motion for Reconsideration (Nov. 10, 2022 Email from L. Moulton to Counsel for Google). Google refused. *Id*. (Nov. 11 Email from D. Cooper to L. Moulton). Sonos followed up, again explaining "Sonos is no longer asserting any claims of the '885 Patent other than Claim 1," and that "Google's motion seeking such clarification is moot." *Id*. (Nov. 15, 2022 Email From S. Sullivan to D. Cooper). Sonos again asked Google to "consider letting the Court know that this issue no longer needs the Court's attention." *Id*. Google did nothing.

To be clear, to the extent the Court believes any further clarification is needed, Sonos agrees that the summary judgment order applies only to claim 1 of the '885 patent and Sonos will not be presenting any evidence of infringement of any other claims of the '885 patent at trial.

### V. CONCLUSION

For all the foregoing reasons, the Court should deny Google's motion for reconsideration or clarification.

| | |
|---|---|
| Dated: January 18, 2023 | By: /s/ Clement S. Roberts |
| | CLEMENT SETH ROBERTS |
| | BAS DE BLANK |
| | ALYSSA CARIDIS |
| | EVAN D. BREWER |
| | |
| | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | |
| | SEAN M. SULLIVAN |
| | COLE B. RICHTER |
| | |
| | LEE SULLIVAN SHEA & SMITH LLP |
| | |
| | *Attorneys for Sonos, Inc.* |