CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
croberts@orrick.com
BAS DE BLANK (STATE BAR NO. 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (STATE BAR NO. 260103)
acaridis@orrick.com
EVAN D. BREWER (STATE BAR NO. 304411)
ebrewer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

SEAN M. SULLIVAN (admitted *pro hac vice*)
sullivan@ls3ip.com
COLE B. RICHTER (admitted *pro hac vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:    +1 312 754 0002
Facsimile:    +1 312 754 0003

*Attorneys for Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>   Plaintiff and Counter-defendant,<br><br>v.<br><br>SONOS, INC.,<br><br>   Defendant and Counter-claimant. | Case No. 3:20-cv-06754-WHA<br>Related to Case No. 3:21-cv-07559-WHA<br><br>**DECLARATION OF CLEMENT ROBERTS IN SUPPORT OF SONOS, INC.'S OPPOSITION TO GOOGLE LLC'S MOTION FOR RECONSIDERATION (DKT. 445)**<br><br>Complaint Filed: September 28, 2020 |

I, Clement Roberts, declare as follows and would so testify under oath if called upon to do so:

1. I am an attorney with the law firm of Orrick, Herrington & Sutcliffe LLP, counsel of record to Sonos, Inc. ("Sonos") in the above-captioned matter. I am a member in good standing of the Bar of the State of California. I make this declaration based on my personal knowledge, unless otherwise noted. If called, I can and will testify competently to the matters set forth herein.

2. I make this declaration in support of Sonos's Opposition to Google LLC's Motion for Reconsideration (Dkt. 445).

3. Attached as **Exhibit A** is a true and correct copy of an email thread between counsel for Google, LLC and counsel for Sonos, Inc. regarding Google's motion for reconsideration sent between November 10, 2022 and November 15, 2022.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this 18th day of January, 2023 in Belevedere, California.

*/s/ Clement Roberts*
Clement Roberts

# EXHIBIT A

| | |
|---|---|
| **From:** | Sean Sullivan |
| **Sent:** | Tuesday, November 15, 2022 3:06 PM |
| **To:** | David Cooper; Moulton, Libby; QE-Sonos3 |
| **Cc:** | Sonos-NDCA06754-service |
| **Subject:** | Re: Google LLC v. Sonos, Inc. (3:20-cv-06754-WHA): Google's motion for reconsideration |

David:

Thank you for your email.  You indicated that Google was unaware of "any disclosure whereby Sonos withdrew its infringement allegations with respect to any claims of the '885 patent."  To the extent that this was not clear from our expert issue list, please be advised that Sonos is no longer asserting any claims of the '885 Patent other than Claim 1.  Since Claim 1 is the only claim that Sonos is asserting from the '885 Patent, there is no need for Google to ask the Court to limit its summary judgment ruling to Claim 1, and the portion of Google's motion seeking such clarification is moot.  While it makes no difference to Sonos, Google should consider letting the Court know that this issue no longer needs the Court's attention.  If you have a different understanding concerning the dependent claims of the '855 patent, please let us know so that we can discuss.

On a related note, we believe that the Court's summary judgment ruling of noninfringement regarding the '615 Patent dispensed with all the asserted claims of the '615 Patent (until such time that the ruling may be appealed to the Federal Circuit).  Accordingly, as with the claims of the '885 Patent other than Claim 1, we believe that the parties and their experts no longer need to deal with the '615 Patent at trial in this case.  Please let us know if you disagree.

Best,
Sean


**Sean M. Sullivan**

Lee Sullivan Shea & Smith LLP
656 W Randolph St, Ste 5W, Chicago, IL 60661
312.754.9607 *Direct* | 708.790.1865 *Mobile*
sullivan@ls3ip.com | www.ls3ip.com



**From:** David Cooper <davidcooper@quinnemanuel.com>
**Date:** Friday, November 11, 2022 at 3:22 PM
**To:** 'Moulton, Libby' <emoulton@orrick.com>, QE-Sonos3 <qe-sonos3@quinnemanuel.com>
**Cc:** Sonos-NDCA06754-service <sonos-ndca06754-service@orrick.com>
**Subject:** RE: Google LLC v. Sonos, Inc. (3:20-cv-06754-WHA): Google's motion for reconsideration

**This message originated from outside your organization**

Libby,

We did not state anything incorrect in our motion and there is accordingly no basis for us to withdraw or correct it.  We are not aware of any disclosure whereby Sonos withdrew its infringement allegations with respect to any claims of the

'885 patent.  And Sonos' Expert Issue List indicates that Sonos does not intend to offer expert testimony as to willful infringement of any claim other than claim 1, but does not so limit the scope of the damages expert testimony it intends to offer.

To the extent claims other than claim 1 are not at issue, that would only confirm that Judge Alsup's order should be clarified, such that its finding of validity is expressly limited to claim 1.

Best,
David

**David Cooper**
*Partner*
Quinn Emanuel Urquhart & Sullivan, LLP

davidcooper@quinnemanuel.com
www.quinnemanuel.com

---

**From:** Moulton, Libby [mailto:emoulton@orrick.com]
**Sent:** Thursday, November 10, 2022 7:37 PM
**To:** QE-Sonos3 <qe-sonos3@quinnemanuel.com>
**Cc:** Sonos-NDCA06754-service <Sonos-NDCA06754-service@orrick.com>
**Subject:** Google LLC v. Sonos, Inc. (3:20-cv-06754-WHA): Google's motion for reconsideration

[EXTERNAL EMAIL from emoulton@orrick.com]

Counsel,

Google's motion for clarification or reconsideration (Dkt. 397) asks the Court to confirm that its summary judgment order "is limited to claim 1" of the '885 patent.  As you know from Sonos's Expert Issue List, see Nov. 2, 2022 service email from J. Camaya to C. Verhoeven, Sonos is no longer asserting any other claims of the '885 patent.  Google failed to disclose this material fact to the Court.  Google should promptly withdraw the motion for clarification or reconsideration and file a corrected version informing the Court that the other claims of the '885 patent are no longer asserted by Sonos (and therefore there is no controversy regarding those patent claims).  Please confirm that Google will withdraw and correct its motion.

**Libby Moulton**

Pronouns: she/her/hers

San Francisco

T 415-773-5673
M 612-720-9187
emoulton@orrick.com



**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

3