QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  James Judah (Bar No. 257112)
  jamesjudah@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:   (415) 875-6600
Facsimile:   (415) 875-6700

  Marc Kaplan (*pro hac vice*)
  marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone:   (312) 705-7400
Facsimile:   (312) 705-7401

*Attorneys for GOOGLE, LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>SONOS, INC.,<br><br>　　　　　Defendant. | Case No. 3:20-cv-06754-WHA<br>Related to Case No. 3:21-cv-07559-WHA<br><br>**REPLY IN SUPPORT OF GOOGLE LLC'S MOTION FOR RECONSIDERATION OR CLARIFICATION**<br><br>Location: Courtroom 12, 19th Floor<br>Judge:　Hon. William Alsup |

**TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ................................................................................................................. 1

II. THIS COURT SHOULD RECONSIDER ITS RULING THAT GOOGLE WAIVED BASES FOR INVALIDITY NOT RAISED ON SUMMARY JUDGMENT ..................................................................................................................... 2

III. THIS COURT SHOULD CLARIFY THAT THE ORDER IS LIMITED TO CLAIM 1 OF THE '885 PATENT ........................................................................................ 6

IV. CONCLUSION .................................................................................................................... 7

## I. INTRODUCTION

Sonos's opposition (Dkt. 448, "Opp.") fails to cite any case holding what Sonos asks this Court to hold: that a party waived an argument by not raising it in summary judgment papers that addressed separate issues. As Google explained (Dkt. 445, "Mem."), the Federal Circuit has held repeatedly that there is no waiver simply because a party chooses not to raise an issue on summary judgment. And a court may not grant summary judgment *sua sponte* without providing notice and an opportunity for the parties to present arguments as to why summary judgment should not be granted.

Faced with this case law directly on point, Sonos claims that the showdown procedure put Google on notice of a requirement to raise *all* invalidity arguments on summary judgment. But Sonos identifies no language in this Court's showdown order stating such a requirement because no such language exists. The showdown order required each party to choose one asserted patent claim and file one summary judgment motion for each claim, but said nothing about whether the parties needed to raise all issues on summary judgment. Indeed, Sonos concedes that Google did *not* have to raise invalidity on summary judgment, but argues that Google's raising some invalidity arguments required it to raise all invalidity arguments. The showdown order did not suggest, let alone expressly notify the parties of, this novel rule. And the Federal Circuit has expressly rejected it, holding that raising some invalidity arguments on summary judgment does not preclude a party from raising other invalidity arguments later. Moreover, Sonos's claim that Google cannot even raise the argument (on reconsideration) that it did not waive its invalidity arguments is meritless. According to Sonos, Google was required not only to raise its invalidity arguments in response to this Court's order to show cause, but also to preempt any argument (not yet made) that Google had waived those arguments. Sonos cites nothing in support of such a requirement.

Finally, to the extent this Court does not reconsider its summary judgment order, Google respectfully requests that it clarify that the summary judgment order is limited to claim 1 of U.S. Patent No. 10,848,885 ("the '885 patent"). Sonos does not oppose this relief.

## II. THIS COURT SHOULD RECONSIDER ITS RULING THAT GOOGLE WAIVED BASES FOR INVALIDITY NOT RAISED ON SUMMARY JUDGMENT

Sonos fails to confront the uniform case law holding that a party does not waive an argument by not raising it in a motion for summary judgment or in an opposition to summary judgment on a separate issue. *See* Mem. 3-6. Several of the cases Sonos simply ignores. *See Fin Control Systems Pty, Ltd. v. OAM, Inc.*, 265 F.3d 1311, 1321 (Fed. Cir. 2001) (vacating "the district court's *sua sponte* grant of summary judgment of invalidity and unenforceability . . . because it did not provide the parties with adequate notice or an opportunity for FCS to present evidence and argument in opposition to the motion"); *NeuroGrafix v. Brainlab, Inc.*, 787 F. App'x 710, 717 (Fed. Cir. 2019) ("The MDL court's ruling was contrary to those basic principles in that it granted summary judgment against NeuroGrafix for its failure to come forward with evidence to answer a non-infringement ground that had not been asserted and of which it had not been given proper notice."); *Massey v. Del Lab'ys, Inc.*, 118 F.3d 1568, 1573 (Fed. Cir. 1997) ("Because the district court granted summary judgment to a non-movant on a ground for which a full and fair opportunity to proffer material evidence was not offered, this court must vacate and remand.").

As to the cases Sonos does address, Sonos's attempt to distinguish them fails. As Google explained (Mem. 3), *Mikkelsen Graphic Eng'g, Inc. v. Zund Am., Inc.*, 541 F. App'x 964 (Fed. Cir. 2013) is directly on point. It held that when a patentee moves for summary judgment of infringement, and an alleged infringer raises some but not all arguments for invalidity, the other bases for invalidity are not waived. *Id.* at 972-74. Sonos suggests (Opp. 9) that *Mikkelsen* is different because there, the patentee did not ask for invalidity to be decided on summary judgment, whereas "Sonos explained that Google's invalidity arguments failed as a matter of law." But here, like in *Mikkelsen*, Sonos never moved for summary judgment of validity or otherwise asked the Court to determine validity as a matter of law; critically, at no time did Sonos attempt to meet its burden to show that there are no triable issues of fact with respect to validity. As Sonos itself states, Sonos responded only to those invalidity arguments that Google raised in opposition to Sonos's motion for summary judgment of infringement. *See* Dkt. 274 at 7-15. Thus, just as in *Mikkelsen*, (i) the patentee never sought summary judgment of validity, (ii) in response to a motion for summary

judgment of infringement, the accused infringer raised some but not all of its invalidity arguments, and (iii) no other issue of validity or invalidity was raised or addressed by either party. As *Mikkelsen* found, in that context, there can be no waiver of the accused infringer's remaining invalidity arguments.

Similarly, *Mitutoyo Corp. v. Cent. Purchasing, LLC*, 499 F.3d 1284, 1291 (Fed. Cir. 2007), and *Euclid Chemical Co. v. Vector Corrosion Technologies, Inc.*, 561 F.3d 1340, 1345 (Fed. Cir. 2009), held that not raising an issue on summary judgment is not a waiver. Sonos attempts (Opp. 10) to distinguish those cases because "Google did raise invalidity on summary judgment," but as discussed above, *Mikkelsen* rejected this very argument. Moreover, this argument ignores the reasoning of *Mitutoyo* and *Euclid* that a party's "failure to so move [for summary judgment on an issue] likely indicates its sense that issues of material fact exist, not an intent to abandon its . . . claim." *Mitutoyo*, 499 F.3d at 1291; *see also Euclid*, 561 F.3d at 1345.[1] In any event, Google did not *move* for summary judgment of invalidity; it *opposed* Sonos's motion for summary judgment of infringement by raising some invalidity arguments. Sonos provides no legal or rational argument for treating an opposition raising one issue as the waiver of another.

Sonos's only other argument to try to distinguish these cases is the incorrect assertion (Opp. 1, 6-7) that this Court's showdown procedure required Google to raise all issues in opposing summary judgment. Contrary to Sonos's claim (Opp. 1) that "Google does not even acknowledge the Court's unique showdown procedure," Google explained exactly why that procedure does not support waiver here: because it said nothing about a requirement to raise *all* issues on summary judgment. Mem. 5. Sonos cites (Opp. 6-7) paragraphs 1 and 2 of the showdown order. *See* Dkt. 68. Paragraph 1 states that the "patent owner and alleged infringer shall each select and exchange one asserted claim — presumably the strongest case for infringement and strongest case for

---

[1] Sonos's suggestion (Opp. 6 n.1, 11) that Google's other invalidity arguments must be weak, or else Google would have raised them on summary judgment, ignores this point. Some arguments are more or less amenable to resolution on summary judgment than others, for instance because some may involve factual issues or because some may come into sharper focus once a claim is interpreted in another context. *See* Dkt. 351 at 9-10. Regardless, Sonos fails to address the merits of the invalidity arguments Google raised in response to the order to show cause, and thus Sonos provides no basis to question the merits of those arguments.

noninfringement or invalidity, respectively." *Id.* ¶ 1. Sonos selected claim 1 of the '885 patent, which obviously has nothing to do with waiver. Paragraph 2 states that "[t]he parties shall file cross motions for summary judgment on the two claims (one for each party) selected for the patent showdown. The parties are limited to **ONE MOTION EACH REGARDLESS OF THE NUMBER OF ISSUES RAISED**, *e.g.* standing, invalidity, noninfringement, etc." *Id.* ¶ 2. This sentence, by its very terms, does not say that all issues ("standing, invalidity, noninfringement, etc.") *must* be raised, but rather that any number of issues *can* be raised, so long as it is done in one motion.

Sonos's argument seems to be that, because the showdown order did not affirmatively state that Google could make arguments not raised on summary judgment, Google cannot do so, but that gets the law backwards. A court "may not sua sponte grant summary judgment on a particular ground without giving the non-moving party notice and an opportunity to present evidence and argument in opposition." *Eon-Net LP v. Flagstar Bancorp*, 249 F. App'x 189, 193-94 (Fed. Cir. 2007). Here, the *lack* of a statement on this issue in the showdown order does not constitute notice that Google was required to present all invalidity arguments at summary judgment. Moreover, a party does not waive arguments any time a court does not expressly permit them; rather, it waives them when there is a clear requirement to raise them at a particular time, such that not raising them constitutes "knowing[] and intelligent[] relinquish[ment]." *Wood v. Milyard*, 132 S. Ct. 1826, 1832 n.4 (2012). There was no such clear requirement—indeed, no suggestion at all—in the showdown order. In any event, as Google explained (Mem. 5), Google has a right to argue invalidity based on this Court's claim construction. *See Mikkelsen*, 541 F. App'x at 973.[2]

Sonos's reliance (Opp. 9) on *Pandrol USA, LP v. Airboss Ry. Prods., Inc.*, 320 F.3d 1354 (Fed. Cir. 2003), only confirms the error of Sonos's argument. In *Pandrol*, the Federal Circuit held that "the issue of invalidity is a separate issue from infringement, and an alleged infringer's failure

---

[2] Sonos's argument (Opp. 12) that the claim construction was not entirely new misses the point. In the Court's ruling on Sonos's motion for summary judgment of infringement, this Court ruled that "Judge Albright's oral claim construction rulings are not and were never the law of the case." Dkt. 382 at 2. And this Court recognized that it went beyond the construction Judge Albright adopted because its order "additionally found that the requirement that 'zone scenes' must be formed 'according to a common theme' could be satisfied by allowing users to name and save speaker groups." *Id.* at 2. This construction significantly strengthens multiple invalidity arguments that were not raised or decided in the context of Sonos's motion for summary judgment of infringement.

to raise it in opposition to a motion for summary judgment of infringement is not a waiver." *Id.* at 1365. Sonos also cites *Albino v. Baca*, 747 F.3d 1162, 1177 (9th Cir. 2014), for the proposition that "[a]s the movants for summary judgment in this case, defendants were on notice of the need to come forward with all their evidence in support of this motion, and they had every incentive to do so." Opp. 9. But the question here is not whether Google had to come forward with all ***evidence*** in support of a particular argument, but whether it had to raise all arguments for invalidity in opposition to Sonos's motion for summary judgment of infringement. As a matter of law, it did not.

Sonos likewise errs in relying (Opp. 7-8) on this Court's cases involving showdown procedures. Sonos cites *Synkloud Technologies, LLC v. Adobe, Inc.*, No. 3:20-cv-07760-WHA (N.D. Cal. Nov. 3, 2020), but *Synkloud* confirms Google's argument. *See* Mem. 6 n.1. In *Synkloud*, this Court rejected a cross-motion for invalidity raised at the same time as the opposition, in violation of the "one motion" rule of the showdown procedure. *See id.*, Dkt. 146 at 1-2. But even while striking the cross-motion, this Court ruled that the alleged infringer could still make its invalidity arguments and would not be deemed to have waived any such arguments: "While this order disregards Adobe's cross-motion, it *will* consider all of Adobe's substantive arguments, including invalidity as a defense to infringement, as opposition briefing to Synkloud's summary judgment motion. *This order should not be construed to preclude Adobe from moving for a declaration of invalidity for claim 9 in the future*." *Id.* at 2 (emphasis in original and added). Sonos also cites *Finjan, Inc. v. Juniper Networks, Inc.*, No. 3:17-cv-05659-WHA (N.D. Cal. Sept. 29, 2017), but *Finjan* said nothing about waiver. *See* Mem. 6 n.1. Sonos asserts (Opp. 7) that "[w]hile the Court's final pretrial order governing the showdown trial did not explicitly say that Juniper could not raise §§ 102 and 103, the Court's order implicitly held as much." But *Finjan* did not suggest any such restriction on Juniper's ability to raise section 102 and 103 issues, much less that they were waived. In the parties' proposed joint pretrial order, Juniper "recognize[d] that those issues will be decided at a later phase in the litigation." *Finjan*, Dkt. 262 at 6 n.3. And while not addressing section 102 and 103 issues, this Court's pretrial order "ADOPT[ED] defendant Juniper Network, Inc.'s position regarding the factual issues to be tried (Dkt. No. 262 at 7-8) except to the extent modified by orders

in limine." Dkt. 301 at 1. Thus, at no point did this Court reject Juniper's reservation of rights.[3]

Finally, Sonos's assertion (Opp. 4-5) that Google waived the argument that it did not waive its invalidity arguments is meritless. Sonos notes (Opp. 4) that "the Court's order to show cause plainly put the parties on notice of the fact that the Court was contemplating granting summary judgment of validity." That is true, and that is why Google's response to this Court's order to show cause clearly and unequivocally raised Google's invalidity arguments, which Google had also notified Sonos about in expert reports and invalidity contentions. Mem. 4-5. This Court's order to show cause did not suggest—and thus Google had no reason to address at that time—that the Court would not consider the merits of Google's other arguments on invalidity. The first time anyone mentioned waiver was Sonos's response to this Court's order to show cause, to which Google had no opportunity to respond. Sonos's argument thus amounts to the idea that to preserve an argument, a party needs to not only raise that argument, but anticipate and preempt the opposing party's potential claim of waiver. Sonos cites no case for this proposition, and Google is aware of none.

## III. THIS COURT SHOULD CLARIFY THAT THE ORDER IS LIMITED TO CLAIM 1 OF THE '885 PATENT

Sonos does not dispute, nor could it, that this Court should clarify that the Order is confined to claim 1 and does not establish validity of the patent as a whole. Sonos states (Opp. 1) it "has no problem with the Court clarifying that its order only applies to claim 1, as that was the only '885 patent claim at issue in the showdown procedure, and the other '885 patent claims are out." *See also* Opp. 13 ("To be clear, to the extent the Court believes any further clarification is needed, Sonos agrees that the summary judgment order applies only to claim 1 of the '885 patent and Sonos will not be presenting any evidence of infringement of any other claims of the '885 patent at trial."). While Sonos asserts (Opp. 13) that it "attempted [to] reach agreement with Google to moot this dispute without requiring the Court's involvement," Sonos's proposal would not have adequately

---

[3] Sonos also suggests (Opp. 1) that allowing Google to raise its invalidity arguments would "defeat the entire purpose of the showdown procedure." But Sonos concedes (Opp. 9) that Google could have said nothing about invalidity and thus preserved all invalidity arguments for trial. The purpose of the showdown procedure would not be furthered by finding waiver where a party raises some invalidity arguments in opposition to a motion for summary judgment of infringement, thereby encouraging them to raise none.

addressed the fact that the Court's Order does not limit its ruling to the claim at issue. Because both parties recognize that the ruling should be so limited, Google respectfully requests that this Court clarify that the Order is limited to claim 1.

## IV. CONCLUSION

For the foregoing reasons and those stated in Google's motion, Google respectfully requests that this Court grant reconsideration of the Order, vacate the entry of summary judgment as to validity, and make clear that the Order is limited to claim 1.

DATED: January 25, 2023

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By        */s/ Charles K. Verhoeven*
Charles K. Verhoeven
Melissa Baily
James Judah
Lindsay Cooper
Marc Kaplan

*Attorneys for GOOGLE, LLC*

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that, on January 25, 2023, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system and email.

        */s/ Charles K. Verhoeven*
        Charles K. Verhoeven