CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
croberts@orrick.com
BAS DE BLANK (STATE BAR NO. 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (STATE BAR NO. 260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:     +1 415 773 5700
Facsimile:     +1 415 773 5759

SEAN M. SULLIVAN (admitted *pro hac vice*)
sullivan@ls3ip.com
MICHAEL P. BOYEA (admitted *pro hac vice*)
boyea@ls3ip.com
COLE RICHTER (admitted *pro hac vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:     +1 312 754 0002
Facsimile:     +1 312 754 0003

*Attorneys for Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>      Plaintiff and Counter-defendant,<br><br>v.<br><br>SONOS, INC.,<br><br>      Defendant and Counter-claimant. | Case No. 3:20-cv-06754-WHA<br>Related to Case No. 3:21-cv-07559-WHA<br><br>**SONOS, INC.'S MOTION TO STRIKE PORTIONS OF GOOGLE'S EXPERT INVALIDITY AND NONINFRINGEMENT REPORTS**<br><br>Date: March 9, 2023<br>Time: 8:00 a.m.<br>Place: Courtroom 12, 19th Floor<br>Judge: Hon. William Alsup<br><br>Complaint Filed: September 28, 2020 |

**PUBLIC REDACTED VERSION**

1

## **NOTICE OF MOTION**

2    TO ALL PARTIES AND THEIR ATTORNEYS:

3           PLEASE TAKE NOTICE that on March 9, 2023 at 8:00 a.m., or as soon thereafter as may

4    be heard before the Honorable Judge William Alsup in Courtroom 12 on the 19th Floor of the

5    United States District Court for the Northern District of California, San Francisco Courthouse,

6    450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Sonos, Inc. ("Sonos") will, and

7    hereby does, move this Court for an Order striking untimely and improper arguments in Plaintiff

8    Google LLC's ("Google") expert reports that were not disclosed in Google's required disclosures

9    under the Patent Local Rules or in Google's responses to Sonos's interrogatories asking Google

10   to disclose its non-infringement positions and bases therefor.  This motion is based on this Notice

11   of Motion, the accompanying Memorandum of Points and Authorities and exhibits thereto, all

12   documents in the Court's file, and such other written or oral evidence and argument as may be

13   presented.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# <u>TABLE OF CONTENTS</u>

**Page(s)**

I.  INTRODUCTION ................................................................................................................ 1

II.  BACKGROUND ................................................................................................................ 3

III.  LEGAL STANDARD ........................................................................................................ 4

IV.  ARGUMENT .................................................................................................................... 6

    A.  Google Improperly Introduced New Invalidity Theories Via Expert Report. ................. 6

        1.  Dr. Bhattacharjee Improperly Introduced A New Anticipation Theory. ................. 6

        2.  Dr. Schonfeld's Previously Undisclosed Prior Art References Must Be Stricken ..... 9

    B.  Google Improperly Introduced New Noninfringement Theories Via Expert Report...... 11

        1.  Dr. Bhattacharjee's Previously Undisclosed Noninfringement Theories Must Be
Stricken .................................................................................................................. 11

        2.  Dr. Schonfeld's Previously Undisclosed Noninfringement Theories Must Be
Stricken .................................................................................................................. 13

    C.  Google Improperly Introduced New Noninfringing Alternatives Via Expert Report..... 14

        1.  Dr. Bhattacharjee's Previously Undisclosed Noninfringement Alternatives Must
Be Stricken ............................................................................................................ 15

        2.  Dr. Schonfeld's Previously Undisclosed Noninfringement Alternative Must Be
Stricken .................................................................................................................. 17

V.  CONCLUSION .............................................................................................................. 18

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Apple, Inc. v. Samsung Elecs. Co.*,
No. 11-cv-01846-LHK, 2012 WL 3155574 (N.D. Cal. Aug. 2, 2012)............................ *passim*

*Asia Vital Components Co. v. Asetek Danmark A/S*,
377 F. Supp. 3d 990 (N.D. Cal. 2019) .................................................................. 11

*ASUS Computer Int'l v. Round Rock Research, LLC*,
No. 12-cv-02099 JST, 2014 WL 1463609 (N.D. Cal. Apr. 11, 2014).................................. 10

*Droplets, Inc. v. Yahoo! Inc.*,
No. 12-cv-03733-JST, 2021 WL 9038509 (N.D. Cal. Apr. 27, 2021) ........................... 16, 17

*Finjan, Inc. v. Sophos, Inc.*,
No. 14-cv-01197 (WHO), 2016 WL 2988834 (N.D. Cal. May 24, 2016).............................. 5

*Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*,
No. C03-1431 (SBA), 2006 WL 1329997 (N.D. Cal. May 15, 2006) .................................... 5

*Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*,
No. 16-cv-134-JRG, 2017 WL 2869344 (E.D. Tex. April 19, 2017) ................................... 16

*Goodman v. Staples The Office Superstore, LLC*,
644 F.3d 817 (9th Cir. 2011)............................................................................... 4

*Heidelberg Harris, Inc. v. Mitsubishi Heavy Indus., Ltd*,
No. 95 C 0673, 1996 WL 680243 (N.D. Ill. Nov. 21, 1996) ................................................ 13

*IXYS Corp. v Adv. Power Tech. Inc.*,
No. C 02-03942 MHP, 2004 WL 1368860 (N.D. Cal. Jun. 16, 2004) .................................... 5

*Largan Precision Co. v. Genius Elec. Optical Co.*,
No. 13-cv-02502 (JD), 2014 WL 6882275 (N.D. Cal. Dec. 5, 2014)............................ 5, 8, 10

*MediaTek Inc. v. Freescale Semiconductor, Inc.*,
No. 11-cv-5341 (YGR), 2014 WL 690161 (N.D. Cal. Feb. 21, 2014) ............................... 5, 8

*MLC Intell. Prop., LLC v. Micron Tech., Inc.*,
No. 14-cv-03657-SI, 2018 WL 6046465 (N.D. Cal. Nov. 19, 2018) ................................... 13

*Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*,
523 F.3d 1051 (9th Cir. 2008)............................................................................... 4

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
467 F.3d 1355 (Fed. Cir. 2006)............................................................................... 5

*Torres v. City of Los Angeles*,
    548 F.3d 1197 (9th Cir. 2008)............................................................................... 4

*Verinata Health, Inc. v. Sequenom, Inc.*,
    No. C12-00865 (SI), 2014 WL 4100638 (N.D. Cal. Aug. 20, 2014) ..................................... 10

*Woods v. DeAngelo Marine Exhaust, Inc.*,
    692 F.3d 1272 (Fed. Cir. 2012)............................................................................ 14

**Other Authorities**

Court's *Guidelines for Trial and Final Pretrial Conference in Civil Jury Cases*
    *before the Honorable William Alsup*................................................................... 5

Fed. R. Civ. P. 26 ................................................................................... 1, 2, 4, 11, 13, 14

Fed. R. Civ. P. 37 ............................................................................................ *passim*

Patent L.R. 3-3 ........................................................................................ 2, 3, 4, 5, 8

Patent L.R. 3-4 ............................................................................................... 2, 4, 5

Patent L.R. 3-8 ................................................................................................... 14

Patent L.R. 3-9 ............................................................................................. 14, 17

## STATEMENT OF THE RELIEF REQUESTED

Pursuant to Patent Local Rules 3-3 and 3-4 and Federal Rules of Civil Procedure 26 and 37, Sonos seeks an order striking the following portions of the following expert reports that include previously undisclosed arguments:

1. Dr. Samrat Bhattacharjee's opening report concerning the invalidity of United States Patents No. 10,779,033 ("the '033 Patent") and No. 9,967,615 ("the '615 Patent"). *See* Ex. A[1] ("Bhattacharjee Opening Report"), ¶¶ 218-20, 228, 236, 264, 498-99, 509, 514-15, 524, 533, and 545.

2. Dr. Samrat Bhattacharjee's rebuttal report and reply report concerning the noninfringement of the '033 Patent. *See* Ex. B ("Bhattacharjee Rebuttal Report"), ¶¶ 82-86, 95, 106-108, 162-63, 187, 189-93, 195-96, 199, 202-10, 213-15, 222-25, 228, 235, 239-41, 245-46, and 278-86, 288-89, and 295-98; Ex. C ("Bhattacharjee Reply Report"), ¶¶ 45, 79-81, 120, 123-24, 126, 128, 130, 132, and 138.

3. Dr. Dan Schonfeld's opening report concerning the invalidity of United States Patents No. 10,848,885 ("the '885 Patent") and No. 10,469,966 ("the '966 Patent"). *See* Ex. D ("Schonfeld Opening Report"), pages 548, 557, 565, 572-82, 585, 593, 595-96, 598, 602, 605-14, 621-29, and 642-44 (or, as discussed *infra*, pages 219-645).

4. Dr. Dan Schonfeld's rebuttal report and reply report concerning the noninfringement of the '885 Patent and the '966 Patent. *See* Ex. E ("Schonfeld Rebuttal Report"), ¶¶ 116-18, 178-81; Ex. F ("Schonfeld Reply Report") ¶¶ 67-68.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

Google's expert reports contain hallmark examples of trial by ambush.  Despite sixteen months of fact discovery in this case, Google's invalidity and noninfringement expert reports inject new invalidity and noninfringement arguments and prior art references not previously disclosed. Those arguments and evidence should be struck.

---

[1] All lettered exhibits cited in this motion are attached to the Declaration of Geoffrey Moss filed in support of this motion and concurrently herewith.

1    Patent Local Rule 3-3 obligated Google to both identify (i) every prior art reference upon

2    which it may rely and (ii) "specifically where and how in each alleged item of prior art each

3    limitation of each asserted claim is found."  Separately, Sonos served interrogatories asking Google

4    to describe its non-infringement positions, its noninfringing alternatives, and the bases for these

5    opinions—interrogatories which Google had a responsibility to supplement as its theories shifted,

6    as they apparently did.  But despite these discovery obligations and procedural rules designed to

7    promote disclosure and efficiency, Google waited until serving its expert reports to disclose a broad

8    array of new invalidity and noninfringement theories, thus ensuring that Sonos would have no

9    opportunity to take discovery on the *factual* bases for those expert opinions.

10    For example, Google's expert, Dr. Bhattacharjee, opined in his reports that a previously

11    undisclosed feature of a prior art system invalidates the '033 Patent, and also set forth completely

12    novel *noninfringement* theories with respect to the '033 Patent, including alleged noninfringing

13    alternatives that Google never before identified.  Dr. Schonfeld, another Google expert, included

14    in his report a brand new invalidity theory involving product prior art that was previously not

15    identified in Google's invalidity contentions,[2]  and similarly set forth previously undisclosed

16    noninfringement theories with respect to the '885 and '966 Patents.  Google simply hid the ball

17    until fact discovery had closed, failing to move to amend its invalidity contentions (and show good

18    cause) and failing to disclose these noninfringement theories to Sonos in response to Sonos's

19    interrogatories—even in Google's eleventh-hour responses served in the very last week of fact

20    discovery.  Nor did Google timely supplement to include these theories under Rule 26(e)(1).

21    Allowing Google to hide key arguments and prior art until *after* fact discovery closed would defeat

22    the notice function of the Patent Local Rules and Rule 26.  As detailed below, Sonos respectfully

23    requests that the Court strike these new theories and the corresponding materials referenced in

24    Google's expert reports.

25

26

27    [2] Patent Local Rule 3-4 obligated Google to "produce or make available for inspection … [a]
copy or sample of the prior art identified pursuant to Patent L.R. 3-3(a) which does not appear in

28    the file history of the patent(s) at issue."

SONOS'S MOTION TO STRIKE EXPERT
REPORTS
3:20-cv-06754-WHA

1    **II.      BACKGROUND**

2           Google served its Patent Local Rule 3-3 invalidity contentions on December 6, 2021.

3    Sonos identified several systemic deficiencies with Google's contentions and attempted to work

4    with Google to resolve these issues throughout March 2022, until it became clear that Google did

5    not intend to provide cognizable invalidity theories.  *See, e.g.*, Ex. G (March 3 and March 11,

6    2022 emails).

7           Separately, on August 7, 2021, Sonos served interrogatories asking Google to describe its

8    non-infringement positions and its noninfringing alternatives.  *See* Ex. H at 16 (Interrogatory No.

9    12), 19-20 (Interrogatory No. 18).  But Google waited until the final week of fact discovery—in

10   November 2022—to serve its final supplemental responses to those interrogatories.  Specifically,

11   on November 21, 2022, Google served its eighth supplemental response, responding *inter alia* to

12   Sonos's Interrogatory No. 18 asking Google to describe its noninfringing alternatives.  *See* Ex. I.

13   And on November 29, 2022, Google served its ninth supplemental response, responding to

14   Sonos's Interrogatory No. 12 asking Google to describe its non-infringement positions and the

15   bases therefor.  *See* Ex. J.

16          Only one day later—on November 30, 2022, the last day of fact discovery—Google

17   served the Bhattacharjee and Schonfeld opening expert reports, both addressing invalidity and

18   alleged non-infringing alternatives, *inter alia*.  On January 13, 2023, Google served the

19   Bhattacharjee and Schonfeld rebuttal reports, focusing as relevant here on non-infringement and

20   alleged non-infringing alternatives.  And on January 23, 2023, Google served each expert's reply

21   report.

22          But despite having served eleventh-hour supplemental interrogatory responses in the 9

23   days preceding service of the opening reports, Google's expert reports—as detailed below—

24   innovated once again.  Along with their accompanying expert declarations and cited materials, the

25   reports included multiple new invalidity theories, new prior art references, new noninfringement

26   theories, and new purported noninfringing alternatives that had never been disclosed as required

27   in Google's contentions or as part of fact discovery.

28

### III.     <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 26(a)(2)(B) requires a witness who is "retained or specially employed to provide expert testimony in the case" to provide a written report containing, among other things, "(i) a complete statement of all opinions the witness will express and the basis and reasons for them," and "(ii) the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B).

Any information contained in an expert report that is responsive to discovery requests must be disclosed in a timely manner to be used at trial.  Rule 26(e)(1) imposes an obligation on a party "who has responded to an interrogatory" to "supplement or correct its disclosure or response (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Fed. R. Civ. P. 26(e)(1). Rule 37 "forbid[s] the use at trial of any information that is not properly disclosed." *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011).  Rule 37(c)(1) thus requires exclusion unless the offending party carries its burden "to demonstrate that the failure to comply with Rule 26(a) is substantially justified or harmless." *Torres v. City of Los Angeles*, 548 F.3d 1197, 1213 (9th Cir. 2008).  For instance, where an expert fails to provide a theory in the report, a court may "preclud[e] him from testifying on this issue." *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1062 (9th Cir. 2008); *see also Apple, Inc. v. Samsung Elecs. Co.*, No. 11-cv-01846-LHK, 2012 WL 3155574, at *5 (N.D. Cal. Aug. 2, 2012) (striking portions of Samsung's expert reports that included invalidity and non-infringement theories that were not timely provided to Apple in response to contention interrogatories).

Information in an expert report that was not disclosed in invalidity contentions may not be used at trial either.  Patent Local Rule 3-3(c) required Google to serve invalidity contentions "identifying specifically where and how in each alleged item of prior art each limitation of each asserted claim is found."  In turn, Patent Local Rule 3-4(b) required Google to "produce or make available for inspection … [a] copy or sample of the prior art identified pursuant to Patent L.R. 3-3(a) which does not appear in the file history of the patent(s) at issue."  These disclosure

requirements exist "to further the goal of full and timely discovery and provide all parties with adequate notice and information with which to litigate their cases." *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. C03-1431 (SBA), 2006 WL 1329997, at *4 (N.D. Cal. May 15, 2006); *see also O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) ("The rules ... seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories."). "Any invalidity theories not disclosed pursuant to Local Rule 3-3 are barred, accordingly, from presentation at trial (whether through expert opinion testimony or otherwise)." *MediaTek Inc. v. Freescale Semiconductor, Inc.*, No. 11-cv-5341 (YGR), 2014 WL 690161, at *1-2 (N.D. Cal. Feb. 21, 2014) (citing *Avago Techs. Gen. IP PTE Ltd. v. Elan Microelectronics Corp.*, No. C04-05385 (JW), 2007 WL 2103896 (N.D. Cal. July 20, 2007), *aff'd*, 2007 WL 2433386, at *1 (N.D. Cal. Aug. 22, 2007)). Courts can choose to strike new theories and references under Patent Local Rule 3-3 when a party fails to meet its disclosure obligations, even absent a showing of prejudice caused by nondisclosure. *Finjan, Inc. v. Sophos, Inc.*, No. 14-cv-01197 (WHO), 2016 WL 2988834, at *9 (N.D. Cal. May 24, 2016); *Largan Precision Co. v. Genius Elec. Optical Co.*, No. 13-cv-02502 (JD), 2014 WL 6882275, at *3-5 (N.D. Cal. Dec. 5, 2014). Likewise, material allegedly relevant to a party's prior art that is not produced pursuant to Local Rule 3-4 will be precluded. *See, e.g.*, *IXYS Corp. v Adv. Power Tech. Inc.*, No. C 02-03942 MHP, 2004 WL 1368860, at *2-3 (N.D. Cal. Jun. 16, 2004).

Determining the proper scope of an expert's report allows the Court to determine both the record on summary judgment and what testimony a jury will be allowed to hear at trial. Under this Court's *Guidelines for Trial and Final Pretrial Conference in Civil Jury Cases before the Honorable William Alsup*, the Court warns that it "regularly enforces" the procedural rules requiring expert witnesses to limit their direct examination testimony to the scope of their expert reports. *See Guidelines* ¶ 15. "[A]t trial, the direct testimony of experts will be limited to the matters disclosed in their reports." *Id.* And "[m]aterial in a 'reply' report must ordinarily be presented in a party's rebuttal (or sur-rebuttal) case *after* the other side's expert has appeared and testified." *Id.*

**IV.     ARGUMENT**

Google's experts, Dr. Bhattacharjee and Dr. Schonfeld, improperly advance new invalidity theories, new noninfringement theories, and new noninfringing alternative theories that should be stricken from their expert reports for the reasons outlined below.

**A.     Google Improperly Introduced New Invalidity Theories Via Expert Report.**

Both of Google's experts, Dr. Bhattacharjee and Dr. Schonfeld, improperly introduced previously undisclosed invalidity theories in their expert reports.

**1.     Dr. Bhattacharjee Improperly Introduced A New Anticipation Theory.**

In his opening and reply expert reports, Dr. Bhattacharjee improperly asserted for the first time that the ███████████ feature of the Tungsten/Nexus Q system anticipated Claim 1 of the '033 Patent.  Specifically, Dr. Bhattacharjee contends that ████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ █████████████████████████████████████████████████ Ex. A, ¶ 218 (emphasis added).  Dr. Bhattacharjee argues that ████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████ *Id.* ¶ 220.  The ████████████████ feature appears to be the entire basis of Dr. Bhattacharjee's argument that ████████████████████████████████████████████████████ ██████████████████████████ *See id.* ¶¶ 218-220; *see also* ¶¶ 228, 236, 264, 498-99, 509, 514-15, 524, 533, 545; Ex. C ¶¶ 45, 120, 123-24, 126, 128, 130, 132, 138.

This theory, and this feature, appear nowhere in Google's invalidity contentions.  While Google did disclose the Tungsten/Nexus Q *system* as alleged prior art in its invalidity contentions, the theory on which Dr. Bhattacharjee is now relying based on the ████████████ feature is brand new.  *Compare* Ex. K ('033 patent, Tungsten claim chart) (nowhere referencing ████████ feature).  In other words, Google never previously disclosed this theory or provided any notice that it would rely on the ████████████ feature in its invalidity case.  Now, Dr. Bhattacharjee

1  completely changes Google's theory by pointing to the never-before-identified ██████████

2  feature, claiming that it is the "remote playback queue" required by this claim element, which is

3  referred to as "Limitation 1.4."[3]

4       In his reply report, Dr. Bhattacharjee disclosed *yet another* new invalidity theory in arguing

5  that the YouTube Remote System anticipated Claim 1 of the '033 Patent.  Ex. C ¶¶ 79-81; *see* Ex.

6  L ('033 patent, YouTube Remote System claim chart).  Dr. Bhattacharjee newly contends that the

7  YouTube Remote System allowed for ████████████████████

8  ████████████████████████████████████

9  ████████████████████████████████████

10  Ex. C ¶ 79 ███████████████████████

11  ████████████████████████████████████.

12  In contrast, while the YouTube Remote System was disclosed in Google's invalidity contentions

13  as alleged prior art, Google's invalidity contentions identified as the ████████████

14  ████████████████████████████████████

15  ████████████████████████████████████

16  ████████████

17  ████████████████████████████████

18  

19  

20  

21  

22  

23  

24  

25  

26  [3] As set forth in Dr. Bhattacharjee's reports, Limitation 1.4 corresponds to "operating in a first mode in which the computing device is configured for playback of a remote playback queue

27  provided by a cloud-based computing system associated with a cloud-based media service." Google referred to this limitation as Limitation 1a in its contentions.  *See* Ex. L ('033 patent,

28  YouTube Remote System claim chart).

1

2   Ex. L at 5-6 (annotated).  While Google's contentions had no description for the above image, Dr.

3   Bhattacharjee newly annotated that image in his reply report, contending that the image ███

4   ████████████████████████████████████████████████████████████████████████████

5   ████████████████████████████████████████████████████████████████████████████

6   ███████   Ex. C ¶ 79.  This theory is not present in Google's invalidity contentions and has never

7   been previously disclosed.

8           Google's experts are barred from raising invalidity arguments and prior art that were not

9   previously disclosed in its invalidity contentions, even if such arguments are based on the same

10  reference(s) that Google identified in its contentions.  *MediaTek*, 2014 WL 690161, at \*1-2.  Courts

11  are clear that alleged infringers cannot introduce new teachings of a previously disclosed reference

12  to create new invalidity theories.  *See Largan*, 2014 WL 6882275, at \*5-6.  Instead, the invalidity

13  contentions must disclose the "specific [teaching of the prior art] with respect to this specific

14  claim," as well as the infringer's "theory for why the reference discloses this element."  *Id.*  For

15  example, the court in *Largan* struck, under Patent Local Rule 3-3, all portions of the defendant's

16  expert report that used new teachings of a reference to satisfy any claim element.  *Id.*  Similar to

17  the defendant in *Largan*, Google is attempting to use *different* teachings from the Tungsten/Nexus

18  Q system and Youtube Remote System to fill gaps in its invalidity contentions with respect to the

19  '033 patent.  *Id.*  By not even attempting to amend its invalidity contentions to disclose these new

20  theories, Google attempts to completely side-step the "good cause" requirement necessary for any

21  such amendment.  The good cause requirement is particularly problematic for Google for these new

22  theories because they relate to *Google's own* alleged prior art.  Google did not present the ████

23  ████████   feature of the Tungsten System and the alleged ████████████████████████

24  ██████████████████   in its invalidity contentions, and it should not be permitted to do so now.

25  On this basis, the Court should strike paragraphs 218-220, 228, 236, 264, 498-99, 509, 514-15, 524,

26  533, and 545 of Dr. Bhattacharjee's opening report and paragraphs 45, 79-81, 120, 123-24, 126,

27  128, 130, 132, and 138 of Dr. Bhattacharjee's reply report.

28

2. **Dr. Schonfeld's Previously Undisclosed Prior Art References Must Be Stricken**

Dr. Schonfeld utilizes, as a primary reference, the Bose Lifestyle 50 System, which he calls the "Bose Lifestyle" system.  However, in addition to relying on the Bose Lifestyle 50 System itself, Dr. Schonfeld also relies on a number of other **different** Bose products including the "Bose Link communication protocol" and the "Lifestyle SA-2 and SA-3 Stereo Amplifiers."  *See* Ex. D (Dr. Schonfeld Opening Expert Report)[4] at pp. 548, 557, 565, 572-82, 585, 593, 595, 596, 598, 602, 605-614, 621-629, 642-644; Ex. F (Dr. Schonfeld Reply Expert Report) ¶¶ 67-68.  But these Bose *products* were never disclosed in Google's invalidity contentions.  *Compare* Exs. M, N (nowhere mentioning "Bose Link communication protocol" or "Lifestyle SA-2 and SA-3 Stereo Amplifiers").  Indeed, Dr. Schonfeld's primary reference—the Bose Lifestyle 50 System—does not include those products.  *See, e.g.*, Ex. M at 72; Ex. O at 7 (BOSE_SUB-0000001) (identifying devices and components of system, but not identifying Bose Link communication protocol, or Lifestyle SA-2 and SA-3 Stereo Amplifiers).  Similarly, the documents, *see* Exs. P, Q (BOSE_SUB-0000450, BOSE_SUB-0000594-601), that Dr. Schonfeld relies on to show that the "Bose Link communication protocol" and the "Lifestyle SA-2 and SA-3 Stereo Amplifiers" are products in his purported "Bose Lifestyle" system do not mention that these products were part of the previously disclosed Bose Lifestyle 50 System at all.[5]  The Owner's Guide for the Bose Lifestyle 50 System doesn't mention these previously undisclosed products at all either.  *See* Ex. O at 7 (BOSE_SUB-0000001).

In fact, it would be impossible for Dr. Schonfeld show that the "Bose Link communication protocol" and the "Lifestyle SA-2 and SA-3 Stereo Amplifiers" were part of the previously disclosed Bose Lifestyle 50 system.  The Bose Lifestyle 50 system was likely discontinued before the Lifestyle SA-2 and SA-3 Stereo Amplifiers were even released, given that the earliest dated

---

[4] Because Dr. Schonfeld's opening report uses inconsistent paragraph numbering, we cite to the page rather than the paragraph.
[5] This document does mention "Lifestyle," but that is a term Bose has used for years in naming various devices and systems.  *See, e.g.*, Ex. T ¶ 374.

SONOS'S MOTION TO STRIKE EXPERT
REPORTS
3:20-CV-06754-WHA

1   Owner's Guide for the Lifestyle SA-2 and SA-3 Stereo Amplifiers, *see* Ex. R (BOSE_SUB-

2   0000361-448), is 2004, and the Bose Lifestyle 50 system was discontinued in 2003.  See Ex. S

3   ((https://www.bose.com/en_us/support/products/bose_home_theater_support/bose_5_speaker_ho

4   me_theater_support/ls50.html); *see also* Ex. T, Almeroth Rebuttal Report ¶¶ 334-389 (explaining

5   why the Bose Link communication protocol, or Lifestyle SA-2 and SA-3 Stereo Amplifiers do not

6   appear to even be compatible with the Bose Lifestyle 50 System).   At bottom, there is little

7   discernable connection between the previously disclosed Bose Lifestyle 50 System, and the newly

8   disclosed communication protocol and amplifiers (other than a common manufacturer).

9          A party cannot rely on a prior art reference that it did not disclose in its invalidity

10   contentions.  *ASUS Computer Int'l v. Round Rock Research, LLC*, No. 12-cv-02099 JST, 2014

11   WL 1463609, at *8-9 (N.D. Cal. Apr. 11, 2014); *Largan*, 2014 WL 6882275, at *6.  While new

12   references may be used by an expert as general background material, such references cannot be

13   relied on "as prior art that allegedly renders the asserted claims of the … patent[] obvious."

14   *Verinata Health, Inc. v. Sequenom, Inc.*, No. C12-00865 (SI), 2014 WL 4100638, at *5 (N.D. Cal.

15   Aug. 20, 2014); *Largan*, 2014 WL 6882275, at *6 (finding that a reference is not general

16   background if it is used "in support of a particular claim element being anticipated or obvious").

17          Google had an obligation to disclose all of the products it intended to rely on in its

18   invalidity contentions rather than allow Dr. Schonfeld to use the "Bose Lifestyle" brand name to

19   create a previously undisclosed "Bose Lifestyle" system with previously undisclosed products.

20   *Largan*, 2014 WL 6882275 at *4 ("Our Local Rules are designed precisely to eliminate the

21   gamesmanship of hints in favor of open disclosure.").  Because these products were not and

22   cannot be part of the Bose Lifestyle 50 system presented in Google's invalidity contentions, the

23   Court should strike all of Google's "Bose Lifestyle" system arguments related to the "Bose Link

24   communication protocol" and the "Lifestyle SA-2 and SA-3 Stereo Amplifiers."  For all of these

25   reasons, the Court should strike pages 548, 557, 565, 572-82, 585, 593, 595-96, 598, 602, 605-

26   614, 621-29, and 642-44 of Dr. Schonfeld's opening report and paragraphs 67-68 of Dr.

27

28

1   Schonfeld's reply report.[6]

2   **B.  Google Improperly Introduced New Noninfringement Theories Via Expert
3        Report.**

4       Google was obligated to inform Sonos of Google's noninfringement positions prior to the

5   close of fact discovery in its responses to Sonos's contention interrogatories.  Google's disclosure

6   of new noninfringement theories in its expert reports does not constitute proper supplementation

7   under Rule 26(e)(1).  *See Asia Vital Components Co. v. Asetek Danmark A/S*, 377 F. Supp. 3d

8   990, 1003 (N.D. Cal. 2019) ("A rule that an accused infringer may wait until its expert rebuttal

9   report to set forth theories of non-infringement for the first time would forfeit the benefits of

10  contention interrogatories."); *Apple*, 2012 WL 3155574, at *5 (amendment of contention

11  interrogatories after the close of fact discovery but before the close of expert discovery

12  nevertheless violated Rule 26(e)(1) because it deprived Apple "the opportunity to conduct

13  additional fact discovery regarding Samsung's new theories").  Accordingly, under Rule 37(c)(1),

14  the portions of Google's expert reports containing newly disclosed noninfringement theories must

15  be stricken.

16      **1.  Dr. Bhattacharjee's Previously Undisclosed Noninfringement Theories
17           Must Be Stricken**

18      Dr. Bhattacharjee's rebuttal report improperly introduces *five* new noninfringement

19  theories that were not disclosed during fact discovery.  They should be stricken.

20      First, Dr. Bhattacharjee contends for the first time that limitation 1.7 of the '033 Patent is

21  not infringed because ███████████████████████████████████████████████████

22  ███████████████████████████████████████████████████.  *See* Ex. B ¶¶ 82-86,

23  213-15, 245-46.  During discovery, Sonos asked Google for its noninfringement theories and the

24  bases therefor.  But Google's responses—even those served on November 29, 2022—never

25

26  _____

27  [6] Separately, unless the Court on reconsideration reverses its grant of summary judgment of
    validity of the '885 Patent, *see* Dkt. 382, the Court should strike Dr. Schonfeld's over 400 pages
    of report concerning "invalidity of the '885 Patent."  *See* Ex. D (Schonfeld opening) at ii-vi (table
28  of contents showing '885 invalidity section from pages 219-645 of the report).

disclosed this theory.  *See generally* Ex. J (Google's Ninth Suppl. Rog Responses).

Second, Dr. Bhattacharjee contends for the first time that limitation 1.7 of the '033 Patent is not infringed because ███████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████. *See* Ex. B ¶¶ 106-108, 222-225, 296-297.  Once again, Google's responses never disclosed this theory.  *See generally* Ex. J (Google's Ninth Suppl. Rog Responses).

Third, Dr. Bhattacharjee contends for the first time that limitations 1.4 and 1.7 of the '033 Patent are not infringed because ███████████████████████████████████████ ████████████████████████████████████████████████████████████████ ███████████████████.  *See* Ex. B ¶¶ 162-63, 202-203.  Relatedly, Dr. Bhattacharjee further argues ████████████████████████████████████████ ████████████████████████████████████████████████████.  *See* Ex. B ¶¶ 199, 203-210.  Once again, Google's responses never disclosed these theories.  *See generally* Ex. J (Google's Ninth Suppl. Rog Responses); *see also, e.g.*, *id.* at 30-31 (discussing ███████████ in connection with related '615 Patent but making no mention of this theory).[7]

Fourth, Dr. Bhattacharjee contends for the first time that ██████████████████████ █████████████ as claimed by claim 1 of the '033 Patent.  *See* Ex. B ¶¶ 187, 189-93, 228, 235.  Once again, Google's responses never disclosed this theory.  *See generally* Ex. J (Google's Ninth Suppl. Rog Responses).

Fifth, Dr. Bhattacharjee contends for the first time that ████████████████████████ ████████████████████████████████████████████████████████████████ ██████████████.  *See* Ex. B ¶¶ 95, 195-96, 239-41.  Once again, Google's responses never disclosed this theory.  *See generally* Ex. J (Google's Ninth Suppl. Rog Responses).

By disclosing these theories for the first time in expert reports, Google effectively locked

---

[7] To the extent that the Court does not strike this, and Google's other undisclosed theories, Sonos intends to move to amend its infringement contentions to set forth doctrine of equivalents positions.

Sonos's experts into the factual record as of the time fact discovery closed, preventing them from "test[ing] the factual basis for the newly amended contentions by conducting additional discovery." *Apple*, 2012 WL 3155574, at *5; *see also Heidelberg Harris, Inc. v. Mitsubishi Heavy Indus., Ltd*, No. 95 C 0673, 1996 WL 680243, at *8 (N.D. Ill. Nov. 21, 1996) ("[i]f a party is allowed to withhold the supplementation of its discovery responses until after fact discovery is closed, the purpose of the Rule is effectively frustrated because the opposing party is denied the opportunity to conduct discovery on the supplemented responses"). Rule 26 was "designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed"—not defer the disclosure of those theories. *MLC Intell. Prop., LLC v. Micron Tech., Inc.*, No. 14-cv-03657-SI, 2018 WL 6046465, at *2 (N.D. Cal. Nov. 19, 2018) (quoting *O2 Micro*, 467 F.3d at 1366 n.12).

Google had an obligation to supplement its responses to Sonos's contention interrogatories. This would have provided Sonos the means by which to test these theories during fact discovery. Google failed to do so. Accordingly, the Court should strike paragraphs 82-86, 95, 106-108, 162-63, 187, 189-93, 195-96, 199, 202-210, 213-15, 222-25, 228, 235, 239-41, 245-46, and 296-297 of Dr. Bhattacharjee's rebuttal report.

## 2. Dr. Schonfeld's Previously Undisclosed Noninfringement Theories Must Be Stricken

In his rebuttal report, Dr. Schonfeld argued for the first time that the Accused Google Controllers ███████████████████ and therefore do not infringe asserted *independent claims 1 and 9* of the '966 patent. *See* Ex. E ¶¶ 116-118. Google never substantively disclosed this theory, not even in its supplemental interrogatory responses sent in the final hours of fact discovery. *See* Ex. J at 63. Indeed, in those responses, Google only argues ██████ with respect to dependent claim 3, from which asserted claim 4 depends—citing no claim language from claims 1 or 9. *See id.* While Google's *initial* response, *see id.* at 9-21, identifies dozens of claim limitations that Google believed were not met—including the relevant limitations of claims 1 and 9—the response does so without any indication of the *basis* for Google's noninfringement position, or any indication of what is missing from those elements.

The first time that Google provided *any* specific noninfringement argument regarding ███████ ████ came on November 29, 2022, and was limited to claim language from dependent claim *3. See id.* at 63-64.

Rule 37(c)(1) provides that a party's failure to supplement answers to interrogatories in a timely fashion is grounds for exclusion of the undisclosed information. The "district court has discretion, when circumstances warrant, to exclude evidence not produced in compliance with a proper discovery request." *Woods v. DeAngelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1279 (Fed. Cir. 2012) (affirming the district court's grant of a motion to strike prior art drawings that were not disclosed in response to interrogatory and not adequately supplemented). Sonos's contention interrogatory seeking noninfringement theories specifically asked Google to "set forth … the complete legal and factual basis for any assertion by Google that the Accused Instrumentalities have not infringed each such claim" on a claim-by-claim and element-by-element basis. *See* Ex. J at 7. Because Google failed to disclose this theory at any point during fact discovery, Sonos was prevented from seeking any discovery on the alleged factual bases for this new position. Here, Google's failure to disclose its noninfringement position with respect to two *independent* claims that do not, by definition, depend on dependent claim 3, is grounds for exclusion of this theory under Rule 37.

Accordingly, the Court should strike paragraphs 116-118 of Dr. Schonfeld's rebuttal report.

**C.**     **Google Improperly Introduced New Noninfringing Alternatives Via Expert Report.**

Google was also obligated to inform Sonos of Google's noninfringing alternatives prior to the close of fact discovery in its responses to Sonos's interrogatory requesting that information and in its response under Patent L.R. 3-9 to Sonos's damages contentions pursuant to Patent L.R. 3-8. Google's disclosure of new noninfringing alternatives in its expert reports does not constitute proper supplementation under Rule 26(e)(1) or this District's Patent Local Rules, and, under Rule 37(c)(1), the portions of Google's expert reports containing those newly disclosed noninfringing alternative theories must be stricken. *See Apple*, 2012 WL 3155574, at *5.

SONOS'S MOTION TO STRIKE EXPERT REPORTS
3:20-CV-06754-WHA

1.   **Dr. Bhattacharjee's Previously Undisclosed Noninfringement Alternatives Must Be Stricken**

In his rebuttal report, Dr. Bhattacharjee contended that a non-infringing alternative existed at the time of infringement, consisting of ███████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████   *See* Ex. B ¶¶ 288-89, 295-98.  But Dr. Bhattacharjee's articulation of this alleged NIA differs significantly from his explanation in his patent showdown report, which Google's interrogatory response has made clear is controlling.  *See* Ex. I at 13-14 ("████████ ████████████ are discussed in further detail in the opening and rebuttal [showdown] reports of Dr. Bhattacharjee, which are incorporated herein by reference.").[8]  *Cf.* Ex. U (Dr. Bhattacharjee Opening Showdown Report), ¶¶ 586-92 (describing original theory); Ex. V (Rebuttal Showdown Report), ¶¶ 361-64.  For example, in his January 2023 rebuttal report, Dr. Bhattarchajee says that ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████, Ex. B ¶ 298.  But that's completely inconsistent with Google's theory disclosed during discovery ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████.  *See* Ex. U (Opening Showdown Report) ¶ 592; Ex. V (Rebuttal Showdown Report), ¶¶ 361-64; *see also generally* Ex. W ¶¶ 259-77 (delineating Google's shifting theory with respect to this alleged NIA); *see also* Ex. X (Supp. Responsive Damages Contentions) at 36-38 (failing to disclose ████████████ theory).

Separately, Google asserted in its interrogatory response that what it labels as NIA #4 ████████████████████████████████████████████████████████████████████ ████████████—involves ████████████████████████████████████████████████ ████████████████████████████████████████████████████

<hr/>

[8] At the time this interrogatory response was served, "the opening and rebuttal reports of Dr. Bhattacharjee" could only have referred to patent showdown reports, served earlier in 2022, because the instant, non-showdown opening and rebuttal reports had not yet been served.

SONOS'S MOTION TO STRIKE EXPERT
REPORTS
3:20-CV-06754-WHA

1  ████████████████████████████████████ *See* Ex. I at 14.  However, in his rebuttal report,

2  Dr. Bhattacharjee stated that what he labels "Alternative #3"—which appears to correspond to

3  Google's NIA #4—would itself contain *three additional* alternatives to infringement:  namely

4  that, ████████████████████████████████████████████████████

5  ████████████████████████████████████████████████████

6  ████████████████████████████████████████████████████

7  ████████████████████████████████████████████████████

8  ████████████████████████████████████████████████████

9  ████████████████████████████████████████████████████

10 ████████████████████████████████████████████████████

11 ████████████████ *See* Ex. B ¶ 280 (emphases added).  Google did not disclose any of *those* alternatives

12 previously.  *Cf.* Ex. A ¶ 764, Ex. I at 14.

13        These portions of Google's expert reports discussing noninfringing alternatives that

14 Google failed to disclose in response to Sonos's interrogatories should be stricken.  Google's

15 failure to timely disclose this information about noninfringing alternatives prevented Sonos from

16 conducting fact discovery on these alleged NIAs and hampered Sonos's ability to address them in

17 Sonos's opening expert report.  Rule 37 requires their "automatic and mandatory" exclusion.  *See*

18 *Droplets, Inc. v. Yahoo! Inc.*, No. 12-cv-03733-JST, 2021 WL 9038509, at *9 (N.D. Cal. Apr. 27,

19 2021) (striking expert's opinions regarding non-infringing alternatives where defendant's

20 disclosed noninfringing alternatives lacked particular claim limitations and plaintiff was deprived

21 of the opportunity to meaningfully respond); *see also Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*,

22 No. 16-cv-134-JRG, 2017 WL 2869344, at *2-3 (E.D. Tex. April 19, 2017) ("IP Bridge")

23 (striking expert's opinions regarding non-infringing alternatives that were not previously

24 disclosed in response to interrogatories and disclosed for the first time in an expert report).

25        Accordingly, the Court should strike paragraphs 278-86, 288-89, and 295-98 of Dr.

26 Bhattacharjee's rebuttal report.

27

28

1

2

### 2.   Dr. Schonfeld's Previously Undisclosed Noninfringement Alternative Must Be Stricken

3

4

5

6

7

8

9

10

11

12

In his rebuttal report, Dr. Schonfeld for the first time identified a new alleged noninfringing alternative, called "No Identification of Groups as Zone Scenes."  *See* Ex. E ¶¶ 178-81.  As Dr. Schonfeld acknowledges, he did not disclose this alleged NIA in his opening report.  *See id.* ¶ 178.  But that's just the tip of the iceberg.  Google never disclosed this alleged NIA in the course of fact discovery—not even in its supplemental responses served in the final days of fact discovery or its responsive damages contentions under Patent L.R. 3-9 that Google supplemented mere hours before fact discovery closed.  *See, e.g.*, Ex. I at 6-7 (requesting the details of any actual or potential alleged NIA), 8-12 (identifying three different alleged NIAs, but making no mention of "No Identification of Groups as Zone Scenes"); *see also* Ex. X (Supp. Responsive Damages Contentions), at 36-38 (failing to disclose theory).

13

14

15

16

17

18

19

20

21

22

23

24

According to Dr. Schonfeld, the new alleged NIA would require only "minor changes" to Google's "grouping feature to avoid meeting the 'zone scene' element." Ex. E ¶ 178.  But Dr. Schonfeld offers no explanation as why such an allegedly minimal NIA, involving only "minor changes," could not have been disclosed during fact discovery.  Moreover, as Google's expert witness, Dr. Schonfeld had all the information necessary to assess Google's own accused products and alleged non-infringing alternatives months before his submission of his rebuttal report.  *See Droplets, Inc.*, 2021 WL 9038509, at *9 (striking noninfringing alternatives from expert report where defendant's expert generated his opinions long before the expert report was due but those opinions were not disclosed in response to plaintiff's interrogatories).  This alleged noninfringing alternative should have been disclosed in response to Sonos's interrogatory, and Google's failure to disclose warrants striking the portions of Google's expert report discussing it from these reports under Rule 37.

25

26

Accordingly, the Court should strike paragraphs 178-181 of Dr. Schonfeld's rebuttal report.

27

\*\*\*

28

For all of the foregoing reasons, Google's disclosure of new theories for the first time

1  during expert discovery was neither justified nor harmless.  Google hampered Sonos's ability to

2  address Google's new theories in Sonos's opening expert reports in the same level of detail with

3  which Sonos addressed Google's disclosed theories.  And Google prevented Sonos from taking

4  the fact discovery that it would have taken—and which it did indeed take, as to Google's

5  *disclosed* theories—prejudice that cannot be cured as this case heads rapidly towards a trial date

6  that will not, and should not, be moved.  The Court should strike the portions of Google's expert

7  reports containing these undisclosed theories.

8  **V.     CONCLUSION**

9          Accordingly, Sonos respectfully requests that this Court strike (1) paragraphs 218-220,

10  228, 236, 264, 498-99, 509, 514-15, 524, 533, and 545 from Dr. Bhattacharjee's Opening Report,

11  (2) paragraphs 82-86, 95, 106-108, 162-63, 187, 189-93, 195-96, 199, 202-10, 213-15, 222-25,

12  228, 235, 239-41, 245-46, and 278-86, 288-89, and 295-98 from Dr. Bhattacharjee's Rebuttal

13  Report, (3) paragraphs 45, 79-81, 120, 123-24, 126, 128, 130, 132, and 138 from Dr.

14  Bhattacharjee's Reply Report, (4) pages[9] 548, 557, 565, 572-82, 585, 593, 595-96, 598, 602, 605-

15  14, 621-29, and 642-44 from Dr. Schonfeld's Opening Report (or, as discussed *supra* note 6,

16  pages 219-645), (5) paragraphs 116-18, 178-81 from Dr. Schonfeld's Rebuttal Report, and (6)

17  paragraphs 67-68 from Dr. Schonfeld's Reply Report.

18

19  Dated: January 27, 2023

By:  */s/ Clement S. Roberts*

20
                                        CLEMENT SETH ROBERTS
21                                      BAS DE BLANK
                                        ALYSSA CARIDIS
22
                                        ORRICK, HERRINGTON & SUTCLIFFE LLP
23
                                        SEAN M. SULLIVAN
24                                      COLE B. RICHTER

25                                      LEE SULLIVAN SHEA & SMITH LLP

26                                      *Attorneys for Sonos, Inc.*

27  _____

28  [9] *See supra*, note 4.

SONOS'S MOTION TO STRIKE EXPERT
REPORTS
3:20-CV-06754-WHA