# EXHIBIT E

## PUBLIC - REDACTED

ATTORNEYS' EYES ONLY – SOURCE CODE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| GOOGLE LLC, | | CASE NO. 3:20-cv-06754-WHA |
| | Plaintiff | Related to CASE NO. 3:21-cv-07559-WHA |
| v. | | |
| SONOS, INC., | | |
| | Defendant. | |

**REBUTTAL EXPERT REPORT OF DAN SCHONFELD, Ph.D.**

ATTORNEYS' EYES ONLY – SOURCE CODE

115.    Limitations [9.2] through [9.7] overlap substantially in substance and are not met by the Accused Products for the same reasons.  Dr. Almeroth does not provide any additional bases for infringement of those limitations that differs from the evidence provided for Limitations [1.5]-[1.10].  Therefore, it is my opinion that those claim limitations are not met for the same reasons that Limitations [1.5]-[1.10] are not met.

116.    ███████████████████████████████████████████████████████

███

117.    ███████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

ATTORNEYS' EYES ONLY – SOURCE CODE

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████

118.   ██████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████

### 3.   [1.10]-[1.11] / [9.7]-[9.8]

119.   The Accused Products do not, "based on the third request, caus[e] the first zone player to transition from operating in the standalone mode to operating in accordance with the first predefined grouping of zone players such that the first zone player is configured to coordinate with at least the second zone player to output media in synchrony with output of media by at least the second zone player."

120.   As described in Section IX, to the extent that an accused "zone player" can or does "operat[e] in a standalone mode in which the first zone player is configured to play back media individually," this is no longer the case once the accused "controller" receives "a first request to create a first zone scene." Rather, as described in detail *supra*, any accused speaker added to a speaker group immediately begins operating as a member of the group, for example by playing music or not playing music, which varies based on the current operation of the group. Therefore, any such speaker does not operate in the accused "standalone mode" as claimed.

121.   Accordingly, the Accused Products do not "transition from operating in the standalone mode to operating in accordance with the first predefined grouping of zone players"

ATTORNEYS' EYES ONLY – SOURCE CODE

178.    In addition to the non-infringing alternatives set forth in my Opening Report, it is my opinion that Google could also have made minor changes to its grouping feature to avoid meeting the "zone scene" element.  As the Court held in the summary judgment order, to the extent a "common theme" is required by the term "zone scene," the user must be able to name a group, and abstract or random names would not meet such a claim element.

88

ATTORNEYS' EYES ONLY – SOURCE CODE

The question, then, is simply **whether a user's ability to name speaker groups** means that the user can group speakers according to a common theme. The answer is yes.

\*\*\*

This conclusion also aligns with the basic purpose of the invention, which is to allow users to pre-save customized speaker groups and later "invoke" the named group on demand (*see*, *e.g.*, *id*. at 9:15–20; fig. 6). **The name serves to allow the user to remember the theme that binds a particular set of speakers**.

 \*\*\*

Google briefly objects that **its users can name speaker groups something "completely abstract or random"** such as "A," "B," and "C" (Opp. 7). In other words, Google argues that it should escape infringement because the Accused Products allow users to make speaker groups that are not bound by a thematic name. **This only shows, however, that Google's products have capabilities in addition to those recited by the claim.** This does not avoid infringement.

Dkt 309 at 8.

179.    Accordingly, Google could restructure the ability to group speakers to have any such speaker group assigned an abstract identifier, such as a color, a letter of the alphabet, or a picture that was (or was not) selectable by a user.  Similarly, Google could limit the permissible group names to numbers, which could also preclude those groups from meeting the "zone scene" limitation.  These are merely examples of different random or abstract names that could avoid infringement under the Court's summary judgment order because they do not meet the requirement of a "common theme."

180.    Furthermore, removing the ability for a user to select a name could avoid infringement under the Court's summary judgment order.  Automatically assigned names would not meet the requirement of a "common theme" because such names would not necessarily identify any "location" or "purpose" of the speaker group.  While they might be memorable to a user so that the user could later identify the correct speaker group and play music from that speaker group, the group name itself would not convey meaning to a user of the speaker system.

ATTORNEYS' EYES ONLY – SOURCE CODE

181.    In my opinion, based on their scope, each of these changes would individually take Google minimal time to implement, and the time for quality assurance would likely match the other design-arounds that I discussed in my Opening Report.   Further, because each of these solutions would allow a user to associate a speaker group name with a particular set of speakers (albeit without "zone scene" or "common theme" information associated with such a name), these solutions would match users' expectations and enable the current level of functionality that users expect and receive from their Google devices.

ATTORNEYS' EYES ONLY – SOURCE CODE

DATED:  January 13, 2023

_____

_____

Dan Schonfeld, Ph.D.

ATTORNEYS' EYES ONLY – SOURCE CODE