QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
James Judah (Bar No. 257112)
jamesjudah@quinnemanuel.com
Lindsay Cooper (Bar No. 287125)
lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:   (415) 875-6600
Facsimile:   (415) 875-6700

Marc Kaplan (*pro hac vice*)
marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone:   (312) 705-7400
Facsimile:   (312) 705-7401

*Attorneys for Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>SONOS, INC.,<br><br>　　　　Defendant. | CASE NO. 3:20-cv-06754-WHA<br>Related to CASE NO. 3:21-cv-07559-WHA<br><br>**DECLARATION OF JOCELYN MA IN SUPPORT OF SONOS, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. NO. 455)** |

I, Jocelyn Ma, declare and state as follows:

1. I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate at Quinn Emanuel Urquhart & Sullivan LLP representing Google LLC ("Google") in this matter. I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2. I make this declaration in support of Sonos, Inc.'s ("Sonos") Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("Administrative Motion") (Dkt. No. 455) filed in connection with Google's and Sonos's (collectively, "Parties") Joint Discovery Letter Brief ("Joint Discovery Letter Brief") (Dkt. No. 456). If called as a witness, I could and would testify competently to the information contained herein.

3. Google seeks an order sealing the materials as listed below:

| Document | Portions Google Seeks to Be Filed Under Seal | Designating Party |
|---|---|---|
| Joint Discovery Letter Brief | Portions highlighted in yellow | Google and Sonos |
| Exhibit 1 to Joint Discovery Letter Brief ("Exhibit 1") | Portions highlighted in green and outlined in blue boxes | Google |
| Exhibit 1 | Portions highlighted in yellow | Google and Sonos |

4. I understand that the Court analyzes sealing requests in connection with discovery motions pursuant to a "good cause" standard. *See Intel Corp. v. Tela Innovations, Inc.*, No. 3:18-CV-02848-WHO, 2018 WL 4501146, at *3 (N.D. Cal. Sept. 18, 2018). I also understand that good cause to seal is shown when a party seeks to seal materials that "contain[ ] confidential information about the operation of [the party's] products and that public disclosure could harm [the party] by disclosing confidential technical information." *Digital Reg. of Texas, LLC v. Adobe Sys., Inc.*, No. C 12–1971 CW, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014). I further understand that courts have found it appropriate to seal documents that contain "business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 589-99 (1978).

5. The portions of the Parties' Joint Discovery Letter Brief and Exhibit 1 highlighted in yellow contain confidential business agreements and licensing negotiations that are not public. I understand that public disclosure of this information would harm Google's competitive standing and its ability to negotiate future agreements by giving competitors access to Google's highly confidential business thinking and asymmetrical information about Google's collaboration strategies to other entities. If such information were made public, I understand that Google's competitive standing would be significantly harmed. Google has therefore designated this information as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY under the protective order (Dkt. No. 92). A less restrictive alternative than sealing the highlighted portions would not be sufficient because the information sought to be sealed is Google's proprietary and confidential business information but has been utilized by the Parties in support of their Joint Discovery Letter.

6. The portions of Exhibit 1 highlighted in green and outlined in blue boxes contain references to Google's confidential business information and trade secrets, including details regarding the architecture and technical operation of Google's products. The specifics of how these functionalities operate is confidential information that Google does not share publicly. Thus, I understand that the public disclosure of such information could lead to competitive harm to Google, as competitors could use these details regarding the architecture and functionality of Google's products to gain a competitive advantage in the marketplace with respect to their competing products. Google has therefore designated this information as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY under the protective order (Dkt. No. 92). A less restrictive alternative than sealing would not be sufficient because the information sought to be sealed is Google's confidential business information and trade secrets but has been utilized by the Parties in support of their Joint Discovery Letter.

I declare under penalty of perjury under the laws of the United States of America that to the best of my knowledge the foregoing is true and correct. Executed on January 30, 2023, in San Francisco, California.

1  DATED: January 30, 2023

2                                                      By: /s/ Jocelyn Ma
3                                                            Jocelyn Ma

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28