February 2, 2023

Hon. Donna M. Ryu, Magistrate Judge (N.D. Cal.)

Re: *Google, LLC v. Sonos, Inc.*; Case No. 3:20-cv-06754-WHA (DMR) (N.D. Cal.)

Dear Judge Ryu:

Google LLC ("Google") and Sonos, Inc. ("Sonos") respectfully submit this joint letter brief per the Court's Standing Order.  The parties have conferred over Zoom, most recently on February 1, 2023[1].

---

[1] The relevant case management deadlines include: the deadline for bringing all discovery motions or extension motions based on discovery violations (October 14, 2022); close of non-expert discovery (November 30, 2022); close of expert discovery (January 31, 2023); deadline to file dispositive motions (February 6, 2023); pretrial conference (May 3, 2023); and trial (May 8, 2023).

**Sonos's Statement:** The parties submit this letter in response to the Court's order that the parties meet and confer "to discuss solutions short of Sonos' proposed remedy of striking the theories." Dkt. 458. The parties corresponded on January 31, 2023 and met and conferred on February 1, 2023. Unfortunately, the parties remain at an impasse regarding the appropriate remedy for Google's presentation of new theories at the close of fact discovery. Excluding the late-disclosed theories is appropriate here because Google's conduct deprived Sonos of the ability to prepare its case by utilizing available discovery mechanisms, which would have included interrogatories, requests for admission, document requests, email requests, and depositions.

For the first time in its final draft of the January 23, 2023 joint letter, Google argued that a "short deposition" would be sufficient to cure the prejudice. However, during the parties' conferrals pursuant to the Court's Order (Dkt. 458), Google withdrew that offer and instead offered to draft its own interrogatory and then answer it. Sonos explained why that was insufficient and requested that Sonos take individual depositions of relevant individuals as well as a designee on topics relevant to the new theories. Google's refused that and offered a 60-minute deposition on a topic that it drafted "Google's knowledge of and acquiescence to Sonos's unclean hands misconduct." A 60-minute deposition on an ill-drafted topic for just one of its two new theories is woefully insufficient to cure the prejudice of raising new theories in the final minutes of fact discovery.[2]

Regarding the unclean hands defense, in view of the discovery that Sonos would have taken during the discovery period but is now foreclosed from taking, assuming the Court is disinclined to grant the motion to strike, Sonos requests that it be permitted to depose Google employees John Evans and Paul Joyce, both of whom have direct knowledge of Sonos's partnership program, as well as a corporate designee on the topics of Google's unclean hands defense and information shared by Sonos during the Sonos-Google collaboration pertaining to Sonos's third-party partnerships. Google's version of the topic is untenable because it relies on the undefined and vague term "the alleged conduct by Sonos's," which allows Google to avoid providing any meaningful information at all. Although a far cry from curing the prejudice, these depositions would at least allow Sonos the ability to develop factual support for its rebuttals to Google's new theories.[3]

Regarding the secondary considerations theories, expert discovery alone is not sufficient because Google's new theories either rely on or are refuted by Google's own documents, which Sonos should have an opportunity to probe with a knowledgeable witness. Sonos could not have done this during discovery because it had no reason to know of the relevance. Google asserted a "simultaneous invention" theory, affirmatively arguing that AirPlay was simultaneously invented with Sonos's '033 patent.[4] This was not a theory raised by Sonos. Thus, Sonos would request (if the Court is disinclined to strike) that Sonos be permitted to depose a corporate designee on the facts regarding Google's secondary considerations theories, including a witness knowledgeable on the following Google documents: GOOG-SONOS-NDCA-00086730; GOOG-SONOS-NDCA-00086731, which refute Google's "simultaneous invention" theory.[5]

---

[2] Google argues that Sonos did not seek a deposition on Google's affirmative defenses, but Google only provided a description of its affirmative defense theories in the final hour of fact discovery – hence this motion.

[3] Prejudice still exists because the belated disclosure has foreclosed Sonos's ability to explore relevant facts with Google witnesses already deposed and third parties.

[4] The theory Google refers to as being disclosed in June 2022 was disclosed in reference only for a different patent with a different claim scope – thus, Google's documents are relevant now when they weren't relevant before.

[5] On Google's representation is it not relying on GOOG-SONOSNDCA-00116343, Sonos does not request testimony on this document.

1

**Google's Statement:** *Interrogatory No. 19*: In response to Sonos's assertion that it would have sought discovery on Google's "knowledge of and acquiescence to" Sonos's unclean hands conduct, Google offered to respond to the following interrogatory: "Describe Google's knowledge of and acquiescence to Sonos's alleged use of the work Google developed during the collaboration to establish Sonos's own cloud queue API in order to engage in implementations with other partners." Google believes this interrogatory response would be the most efficient way for Google to provide and for Sonos to obtain this information regarding Google's collective "knowledge."

In its counterproposal, Sonos demands *three* depositions, including for topics on which Google witnesses would have no information, such as "information shared *by Sonos* during collaboration pertaining to third-party partnerships." The unclean hands defense relates to *Sonos's* misconduct, which is solely within *Sonos's* knowledge. Sonos's laundry list of requests is an attempt to manufacture burdensome discovery designed to avoid any chance at coming to a reasonable agreement on "solutions short of Sonos's proposed remedy of striking the theories," pursuant to this Court's directive. Indeed, Sonos did not seek a single deposition on *any* of Google's affirmative defenses (even those it believes were properly disclosed) during the fact discovery period, yet now contends it needs *three* on the unclean hands defense alone. This is excessive and unreasonable. Google believes an interrogatory response is sufficient for the narrow topic on which Sonos contends it would have sought discovery. But if the Court finds testimony necessary, Google is willing to provide a one-hour corporate deposition regarding "Google's knowledge of and acquiescence to th[e] alleged conduct by Sonos." Sonos complains that this is "ill-drafted," yet Google merely used Sonos's language from the joint letter, and Sonos never offered any alternative language on the meet and confer.

*Interrogatory No. 20*: As Google reiterated on the parties' meet and confer, Google's supplemental response reflects portions of its expert reports—and Sonos has the opportunity to depose both of Google's technical experts regarding their opinions on secondary considerations. This should be sufficient as this subject inherently involves expert knowledge.

As to the request for corporate testimony on "facts regarding Google's secondary considerations argument," Google's supplemental response does not include facts beyond what was in expert reports and merely references the specific documents that *Sonos* cited. *See, e.g.*, Dkt. 456-1 ("[T]he document Sonos cites was created by its own employee and inventor . . . . [R]eliance on an internal, non-public email from the patent's inventor himself . . . cannot form the basis for evidence of 'skepticism by experts[.]'"). Google witnesses would not have information regarding Sonos's documents (and Sonos could have asked Google's experts about them). Sonos purports to need testimony on three documents that Google's arguments either "rely on or are refuted by," yet two of them were not even cited by either party.[6] Sonos's contention that it "had no reason to know" of their relevance is illogical as proving evidence of secondary considerations has always been *Sonos's* burden. Indeed, Google's technical expert on the '033 patent disclosed the "simultaneous invention" theory Sonos references in June 2022, *six months* before the close of discovery.[7] Again, Sonos's requests are excessive—particularly since it never sought any testimony on the topic during fact discovery nor did it even ask Google's technical expert for the '033 patent about his secondary considerations opinions at all during his January 30 deposition.

---

[6] Google agrees that it will not reference or provide testimony on GOOG-SONOSNDCA-00116343—the only document listed that Google *did* cite in its interrogatory response—in the context of secondary considerations at trial.

[7] This report addressed a patent in the same family and that shared the same specification as the '033 patent.

2

DATED: February 2, 2023

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Charles K. Verhoeven*
Charles K. Verhoeven
Melissa J. Baily
Lindsay Cooper
Marc Kaplan

*Attorneys for Google LLC*

ORRICK, HERRINGTON & SUTCLIFFE LLP

By */s/ Clement S. Roberts*
Clement S. Roberts

*Attorneys for Sonos, Inc.*

## FILER'S ATTESTATION

I, Clement S. Roberts, pursuant to Civil Local Rule 5-1(h)(3), attest that all other Signatories listed, and on whose behalf the filing is submitted, have concurred in the filing of the document.

Dated: February 2, 2023

*/s/ Clement S. Roberts*
Clement S. Roberts