QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  James Judah (Bar No. 257112)
  jamesjudah@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

  Marc Kaplan (pro hac vice)
  marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone:     (312) 705-7400
Facsimile:     (312) 705-7401

*Attorneys for Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>SONOS, INC.,<br><br>　　　　Defendant. | CASE NO. 3:20-cv-06754-WHA<br>Related to CASE NO. 3:21-cv-07559-WHA<br><br>**DECLARATION OF JOCELYN MA IN SUPPORT OF SONOS, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. NO. 463)** |

1  I, Jocelyn Ma, declare and state as follows:

2  1. I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate at Quinn Emanuel Urquhart & Sullivan LLP representing Google LLC ("Google") in this matter. I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

3  2. I make this declaration in support of Sonos, Inc.'s ("Sonos") Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("Administrative Motion") (Dkt. No. 463) filed in connection with Sonos's Motion to Strike Portions of Google's Expert Invalidity and Noninfringement Reports ("Motion to Strike") (Dkt. No. 464). If called as a witness, I could and would testify competently to the information contained herein.

4  3. Google seeks an order sealing the materials as listed below:

| Document | Portions Sonos Sought to Be Filed Under Seal | Portions Google Seeks to Be Filed Under Seal | Designating Party |
|---|---|---|---|
| Sonos's Motion to Strike | Portions highlighted in blue and outlined in red boxes | Portions outlined in red boxes | Google |
| Exhibit A to Sonos's Motion | Entire Document | Portions outlined in red boxes | Google |
| Exhibit B to Sonos's Motion | Entire Document | Portions outlined in red boxes | Google |
| Exhibit C to Sonos's Motion | Entire Document | Portions outlined in red boxes | Google |
| Exhibit E to Sonos's Motion | Portions outlined in red boxes | Portions highlighted in yellow | Google |
| Exhibit I to Sonos's Motion | Entire Document | Portions outlined in red boxes | Google |
| Exhibit J to Sonos's Motion[1] | Portions outlined in red boxes | Portions highlighted in yellow | Google and Sonos |

---

[1] Because Sonos has sought to seal portions of this document, Google has not filed a public redacted version.

| Exhibit J to Sonos's Motion | Remainder of document | Portions highlighted in yellow | Google |
| Exhibit K to Sonos's Motion | Entire Document | Portions outlined in red boxes | Google |
| Exhibit L to Sonos's Motion | Entire Document | Portions outlined in red boxes | Google |
| Exhibit U to Sonos's Motion | Entire Document | Portions outlined in red boxes | Google |
| Exhibit V to Sonos's Motion | Entire Document | Portions outlined in red boxes | Google |
| Exhibit W to Sonos's Motion | Entire Document | Portions outlined in red boxes | Google |
| Exhibit X to Sonos's Motion | Entire Document | Portions outlined in red boxes | Google |

4. I understand that the Court analyzes sealing requests in connection with motions to strike pursuant to the "good cause" standard for non-dispositive motions. *See, e.g.*, *Mendell v. Am. Med. Response, Inc.*, No. 19-CV-01227-BAS-KSC, 2021 WL 398486, at *2 (S.D. Cal. Feb. 3, 2021). I further understand that courts have found it appropriate to seal documents that contain "business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 589-99 (1978).

5. The portions of the Motion to Strike outlined in red boxes contain references to Google's confidential business information and trade secrets, including details regarding the architecture and technical operation of Google's products. The specifics of how these functionalities operate is confidential information that Google does not share publicly. Thus, I understand that the public disclosure of such information could lead to competitive harm to Google, as competitors could use these details regarding the architecture and functionality of Google's products to gain a competitive advantage in the marketplace with respect to their competing products. Google has therefore designated this information as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY under the protective order (Dkt. No. 92). A less restrictive alternative than sealing would not be sufficient because the information sought to be sealed is Google's confidential business information and trade secrets but has been utilized by the Sonos in support of its Motion to Strike.

6. The portions of the Exhibit A outlined in red boxes contain references to Google's confidential business information and trade secrets, including details regarding the architecture and technical operation of Google's products. The specifics of how these functionalities operate is confidential information that Google does not share publicly. Thus, I understand that the public disclosure of such information could lead to competitive harm to Google, as competitors could use these details regarding the architecture and functionality of Google's products to gain a competitive advantage in the marketplace with respect to their competing products. Google has therefore designated this information as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY under the protective order (Dkt. No. 92). A less restrictive alternative than sealing would not be sufficient because the information sought to be sealed is Google's confidential business information and trade secrets but has been utilized by the Sonos in support of its Motion to Strike.

7. The portions of the Exhibit B outlined in red boxes contain references to Google's confidential business information and trade secrets, including details regarding the architecture and technical operation of Google's products. The specifics of how these functionalities operate is confidential information that Google does not share publicly. Thus, I understand that the public disclosure of such information could lead to competitive harm to Google, as competitors could use these details regarding the architecture and functionality of Google's products to gain a competitive advantage in the marketplace with respect to their competing products. Google has therefore designated this information as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY under the protective order (Dkt. No. 92). A less restrictive alternative than sealing would not be sufficient because the information sought to be sealed is Google's confidential business information and trade secrets but has been utilized by the Sonos in support of its Motion to Strike.

8. The portions of the Exhibit C outlined in red boxes contain references to Google's confidential business information and trade secrets, including source code and details regarding the architecture and technical operation of Google's products. The specifics of how these functionalities operate is confidential information that Google does not share publicly. Thus, I understand that the public disclosure of such information could lead to competitive harm to Google, as competitors could use these details regarding the architecture and functionality of Google's products to gain a

competitive advantage in the marketplace with respect to their competing products. Google has therefore designated this information as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY under the protective order (Dkt. No. 92). A less restrictive alternative than sealing would not be sufficient because the information sought to be sealed is Google's confidential business information and trade secrets but has been utilized by the Sonos in support of its Motion to Strike.

9. The portions of the Exhibit E highlighted in yellow contain references to Google's confidential business information and trade secrets, including details regarding the architecture and technical operation of Google's products. The specifics of how these functionalities operate is confidential information that Google does not share publicly. Thus, I understand that the public disclosure of such information could lead to competitive harm to Google, as competitors could use these details regarding the architecture and functionality of Google's products to gain a competitive advantage in the marketplace with respect to their competing products. Google has therefore designated this information as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY under the protective order (Dkt. No. 92). A less restrictive alternative than sealing would not be sufficient because the information sought to be sealed is Google's confidential business information and trade secrets but has been utilized by the Sonos in support of its Motion to Strike.

10. The portions of the Exhibit I outlined in red boxes contain references to Google's confidential business information and trade secrets, including details regarding the architecture and technical operation of Google's products as well as features that in development that have not been or are in the process of being released. The specifics of how these functionalities operate is confidential information that Google does not share publicly. Thus, I understand that the public disclosure of such information could lead to competitive harm to Google, as competitors could use these details regarding the architecture and functionality of Google's products to gain a competitive advantage in the marketplace with respect to their competing products. Google has therefore designated this information as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY under the protective order (Dkt. No. 92). A less restrictive alternative than sealing would not be sufficient because the information sought to be sealed is Google's confidential business information and trade secrets but has been utilized by the Sonos in support of its Motion to Strike.

11. Some portions of the Exhibit J highlighted in yellow contain references to Google's confidential business information and trade secrets, including details regarding the architecture and technical operation of Google's products. The specifics of how these functionalities operate is confidential information that Google does not share publicly. Thus, I understand that the public disclosure of such information could lead to competitive harm to Google, as competitors could use these details regarding the architecture and functionality of Google's products to gain a competitive advantage in the marketplace with respect to their competing products. Other portions of Exhibit J highlighted in yellow contain confidential business agreements and licensing negotiations that are not public. I understand that public disclosure of this information would harm Google's competitive standing and its ability to negotiate future agreements by giving competitors access to Google's highly confidential business thinking and asymmetrical information about Google's collaboration strategies to other entities. If such information were made public, I understand that Google's competitive standing would be significantly harmed. Google has therefore designated this information as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY under the protective order (Dkt. No. 92). A less restrictive alternative than sealing would not be sufficient because the information sought to be sealed is Google's confidential business information and trade secrets but has been utilized by the Sonos in support of its Motion to Strike.

12. The portions of Exhibit K outlined in red boxes contain references to Google's confidential business information and trade secrets, including source code and excerpts from internal documents detailing the architecture and technical operation of Google's products. The specifics of how these functionalities operate is confidential information that Google does not share publicly. Thus, I understand that the public disclosure of such information could lead to competitive harm to Google, as competitors could use these details regarding the architecture and functionality of Google's products to gain a competitive advantage in the marketplace with respect to their competing products. Google has therefore designated this information as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY under the protective order (Dkt. No. 92). A less restrictive alternative than sealing would not be sufficient because the information sought to be sealed is Google's confidential business information and trade secrets but has been utilized by Sonos in support of its Motion to Strike.

13. The portions of Exhibit L outlined in red boxes contain references to Google's confidential business information and trade secrets, including source code and excerpts from internal documents detailing the architecture and technical operation of Google's products. The specifics of how these functionalities operate is confidential information that Google does not share publicly. Thus, I understand that the public disclosure of such information could lead to competitive harm to Google, as competitors could use these details regarding the architecture and functionality of Google's products to gain a competitive advantage in the marketplace with respect to their competing products. Google has therefore designated this information as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY under the protective order (Dkt. No. 92). A less restrictive alternative than sealing would not be sufficient because the information sought to be sealed is Google's confidential business information and trade secrets but has been utilized by Sonos in support of its Motion to Strike.

14. The portions of Exhibit U outlined in red boxes contain references to Google's confidential business information and trade secrets, including source code and excerpts from internal documents detailing the architecture and technical operation of Google's products. The specifics of how these functionalities operate is confidential information that Google does not share publicly. Thus, I understand that the public disclosure of such information could lead to competitive harm to Google, as competitors could use these details regarding the architecture and functionality of Google's products to gain a competitive advantage in the marketplace with respect to their competing products. Google has therefore designated this information as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY under the protective order (Dkt. No. 92). A less restrictive alternative than sealing would not be sufficient because the information sought to be sealed is Google's confidential business information and trade secrets but has been utilized by Sonos in support of its Motion to Strike.

15. The portions of Exhibit U outlined in red boxes contain references to Google's confidential business information and trade secrets, including source code and excerpts from internal documents detailing the architecture and technical operation of Google's products. The specifics of how these functionalities operate is confidential information that Google does not share publicly. Thus, I understand that the public disclosure of such information could lead to competitive harm to Google, as competitors could use these details regarding the architecture and functionality of Google's

products to gain a competitive advantage in the marketplace with respect to their competing products. Google has therefore designated this information as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY under the protective order (Dkt. No. 92). A less restrictive alternative than sealing would not be sufficient because the information sought to be sealed is Google's confidential business information and trade secrets but has been utilized by Sonos in support of its Motion to Strike.

16. The portions of the Exhibit V outlined in red boxes contain references to Google's confidential business information and trade secrets, including details regarding the architecture and technical operation of Google's products as well as features that in development that have not been or are in the process of being released. The specifics of how these functionalities operate is confidential information that Google does not share publicly. Thus, I understand that the public disclosure of such information could lead to competitive harm to Google, as competitors could use these details regarding the architecture and functionality of Google's products to gain a competitive advantage in the marketplace with respect to their competing products. Google has therefore designated this information as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY under the protective order (Dkt. No. 92). A less restrictive alternative than sealing would not be sufficient because the information sought to be sealed is Google's confidential business information and trade secrets but has been utilized by the Sonos in support of its Motion to Strike.

17. The portions of the Exhibit W outlined in red boxes contain references to Google's confidential business information and trade secrets, including details regarding the architecture and technical operation of Google's products as well as features that in development that have not been or are in the process of being released. The specifics of how these functionalities operate is confidential information that Google does not share publicly. Thus, I understand that the public disclosure of such information could lead to competitive harm to Google, as competitors could use these details regarding the architecture and functionality of Google's products to gain a competitive advantage in the marketplace with respect to their competing products. Google has therefore designated this information as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY under the protective order (Dkt. No. 92). A less restrictive alternative than sealing would not be sufficient because the

information sought to be sealed is Google's confidential business information and trade secrets but has been utilized by the Sonos in support of its Motion to Strike.

18. Some portions of the Exhibit X outlined in red boxes contain references to Google's confidential business information and trade secrets, including details regarding the architecture and technical operation of Google's products as well as features that in development that have not been or are in the process of being released. The specifics of how these functionalities operate is confidential information that Google does not share publicly. Thus, I understand that the public disclosure of such information could lead to competitive harm to Google, as competitors could use these details regarding the architecture and functionality of Google's products to gain a competitive advantage in the marketplace with respect to their competing products. Other portions of Exhibit X highlighted in yellow contain confidential business agreements and licensing negotiations that are not public. I understand that public disclosure of this information would harm Google's competitive standing and its ability to negotiate future agreements by giving competitors access to Google's highly confidential business thinking and asymmetrical information about Google's collaboration strategies to other entities. If such information were made public, I understand that Google's competitive standing would be significantly harmed. Google has therefore designated this information as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY under the protective order (Dkt. No. 92). A less restrictive alternative than sealing would not be sufficient because the information sought to be sealed is Google's confidential business information and trade secrets but has been utilized by the Sonos in support of its Motion to Strike.

I declare under penalty of perjury under the laws of the United States of America that to the best of my knowledge the foregoing is true and correct. Executed on February 3, 2023, in San Francisco, California.

DATED: February 3, 2023

By: /s/ Jocelyn Ma
Jocelyn Ma