# EXHIBIT W

# FILED UNDER SEAL

**HIGHLY CONFIDENTIAL - SOURCE CODE - ATTORNEYS' EYES ONLY**

1  CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
   croberts@orrick.com
2  BAS DE BLANK (STATE BAR NO. 191487)
   basdeblank@orrick.com
3  ALYSSA CARIDIS (STATE BAR NO. 260103)
   acaridis@orrick.com
4  EVAN D. BREWER (STATE BAR NO. 304411)
   ebrewer@orrick.com
5  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
6  405 Howard Street
   San Francisco, CA 94105-2669
7  Telephone:    +1 415 773 5700
   Facsimile:    +1 415 773 5759
8
   SEAN M. SULLIVAN (*pro hac* vice)
9  sullivan@ls3ip.com
   MICHAEL P. BOYEA (*pro hac* vice)
10 boyea@ls3ip.com
   COLE B. RICHTER (*pro hac* vice)
11 richter@ls3ip.com
   LEE SULLIVAN SHEA & SMITH LLP
12 656 W Randolph St., Floor 5W
   Chicago, IL 60661
13 Telephone:    +1 312 754 0002
   Facsimile:    +1 312 754 0003
14
   *Attorneys for Sonos, Inc.*

15

16                          UNITED STATES DISTRICT COURT

17                        NORTHERN DISTRICT OF CALIFORNIA

18                              SAN FRANCISCO DIVISION

19  GOGLE LLC,                              Case No. 3:20-cv-06754-WHA
                                            Related to Case No. 3:21-cv-07559-WHA
20         Plaintiff and Counter-defendant,
                                            **REPLY EXPERT REPORT OF**
21  v.                                      **DOUGLAS C. SCHMIDT**

22  SONOS, INC.,

23         Defendant and Counter-claimant.

24
25
26
27
28

available, acceptable non-infringing alternative at the time of Google's first infringement for at least the reasons discussed above and discussed in my Prior Submissions.

### B.     Dr. Bhattacharjee's ▮▮▮▮ Alternative

259.    Dr. Bhattacharjee opines that "as [he] showed in [his] opening report, a non-infringing alternative that was available to Google at the time the '033 patent issued was for the receiver device not to send the accused ▮▮▮▮." Bhatta. Rebuttal Report, ¶288. I disagree for various reasons.

260.    To start, Google and Dr. Bhattacharjee's explanation of this purported alternative has been a moving target, ambiguous as to what the alleged alternative even is, and inconsistent with respect to what functionality is involved.

261.    As I explained in my Opening Report, Google's own explanation of this purported alternative to the Asserted Claims of the '033 Patent is vague and incomplete. *See* Schmidt Op. Report, ¶¶496-504. I have been informed that Google first identified and explained this purported alternative as to the Asserted Claims of the '033 Patent on November 21, 2022, which I understand was a mere 9 days before fact discovery closed on November 30, 2022. *See* Google LLC's Eighth Supplemental Objections and Responses to Plaintiff Sonos Inc.'s First Set of Fact Discovery Interrogatories (No. 18), pp. 13-14. In any case, Google's interrogatory response states the following:

> [A] non-infringing alternative is for the receiver device to ▮▮▮▮ Instead, in Alternative 32 [*sic*] the receiver device would send a request to a ▮▮▮▮. ▮▮▮▮. In other words, in Alternative #3 the receiver device does not "obtain data identifying a next one or more media items that are in the remote playback queue," and does not "use the obtained data to retrieve at least one media item in the remote playback queue from the cloud-based media service."

*Id.*, p. 13.

262.    Google continues by asserting that it ▮▮▮▮" *Id.*, pp. 13-14. Google concludes by stating ▮▮▮▮ are discussed in further detail in the opening and rebuttal [showdown] reports of Dr. Bhattacharjee, which are incorporated herein by reference." *Id.*, p. 14.

**HIGHLY CONFIDENTIAL - SOURCE CODE - ATTORNEYS' EYES ONLY**

1    263.    While Dr. Bhattacharjee did discuss ▮▮▮▮▮▮ in this Showdown reports, that discussion was in the context of claim 13 of the '615 Patent that has different limitations than the Asserted Claims of '033 Patent. In that context, with respect to ▮▮▮ Dr. Bhattacharjee stated that, for a non-Casting use case, ▮▮▮▮ platform in which after ▮▮▮▮ to obtain both the alleged 'resource locators' and multimedia content." Bhatta. Op. Showdown Report, ¶590. Dr. Bhattacharjee characterized "the alleged 'resource locators'" as "a ▮▮▮▮, or streaming URL from the ▮▮▮▮ ...." *Id.*, ¶589. As I explained before, a WatchNext response that a Receiver obtains contains a videoId identifying the next media item that the Receiver is to playback.

       264.    Dr. Bhattacharjee continued by stating he understood that:

▮▮▮▮▮▮▮▮▮▮ ***in a WatchNext response***: ▮▮▮▮▮▮▮▮▮▮ ***GetWatchNext response*** via chunked HTTP." GOOG-SONOSNDCA-00071671[.]

Bhatta. Op. Showdown Report, ¶592.

       265.    What's notable here is that Dr. Bhattacharjee explained that, in the purported combined ▮▮▮▮ alternative, the Receiver would obtain a ▮▮▮▮ for the current media item is to playback, as well as a WatchNext response that would contain a videoId of the next media item that the Receiver is to playback. Indeed, Dr. Bhattacharjee stated the following in his Rebuttal Showdown Report regarding the purported combined ▮▮▮▮ alternative: "[p]ut another way, with ▮▮▮▮ Google's NIA No. 1 would merge the functionality of the ▮▮▮▮, such that the ▮▮▮▮, as required by Claim 13." Bhatta. Op. Showdown Report, ¶361; *see also, id.*, ¶364 ("▮▮▮▮▮▮▮▮▮▮"). ▮▮▮▮ is directed only at Sonos's argument that a videoId sent to the receiver by a ▮▮▮▮ is a resource locator.").

       266.    In sum, in his Showdown Reports for the '615 Patent, Dr. Bhattacharjee explained

that the purported combined ▇▇▇▇▇▇▇▇▇▇▇▇ alternative involved a Receiver making a ▇▇▇▇▇▇▇▇▇▇ with a videoId of a current media item[11] and the Receiver obtaining ▇▇▇▇▇▇▇ for the current media item and a WatchNext response that would contain a videoId of the next media item.

267. Turning to Dr. Bhattacharjee's Opening Report for the '033 Patent, Dr. Bhattacharjee's opinions and analysis of this alleged alternative were likewise vague and incomplete to such an extent that it appeared that Dr. Bhattacharjee did not firmly grasp what Google is even proposing, as I explained in my Rebuttal Report. *See* Schmidt Rebuttal Report, ¶1010. In fact, Dr. Bhattacharjee's Opening Report essentially just parroted back verbatim what Google set forth in its November 21 interrogatory response and referred back to Dr. Bhattacharjee's Showdown Reports:

| **Google Rog. No. 18 Response** | **Bhatta. Op. Report, ¶¶759, 761** |
|---|---|
| [A] non-infringing alternative is for the receiver device to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Instead, in Alternative 32 [sic] the receiver device would send a request to a ▇▇▇▇▇▇. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ In other words, in Alternative #3 the receiver device does not "obtain data identifying a next one or more media items that are in the remote playback queue," and does not "use the obtained data to retrieve at least one media item in the remote playback queue from the cloud-based media service." ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *See, e.g.*, GOOG-SONOSNDCA-00071671; GOOG-SONOSNDCA-00070863; GOOG- | [A] non-infringing alternative is for the receiver device to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Instead, in Alternative #2 the receiver device would send a request to a ▇▇▇▇▇▇. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ In other words, in Alternative#2 the receiver device does not "obtain data identifying a next one or more media items that are in the remote playback queue," and does not "use the obtained data to retrieve at least one media item in the remote playback queue from the cloud-based media service." I understand that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *See, e.g.*, GOOG-SONOSNDCA-00071671; GOOG- |

---

[11] *See, e.g.*, Bhatta. Rebuttal Report, ¶¶289 ("[W]ith the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ the request from the receiver to the ▇▇▇▇ agent would include the videoId and/or playlist ID for the ▇▇▇▇▇ 297 ("[A] videoId is used to retrieve the first several seconds of media content. *See also, e.g.*, GOOG-SONOSNDCA-00073494, 95 ("▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇).")

| SONOSNDCA-00073429; GOOG-SONOSNDCA-00073577. ▮▮▮ ▮▮▮h are discussed in further detail in the opening and rebuttal reports of Dr. Bhattacharjee, which are incorporated herein by reference. | SONOSNDCA-00070863; GOOG-SONOSNDCA-00073429; GOOG-SONOSNDCA- 00073577. ▮▮▮ ▮▮▮ are discussed in greater detail in my opening and rebuttal reports for claim 13 of the '615 patent, which I incorporate herein by reference. |
|---|---|

268. Now, in his Rebuttal Report, Dr. Bhattacharjee describes the purported combined ▮▮▮ alternative in much greater detail than he or Google has ever before, but some of his new description is inconsistent with his description in his Showdown Reports. *See* Bhatta. Rebuttal Report, ¶¶289, 295-97,

269. For example, Dr. Bhattacharjee now claims that the request that the Receiver sends to the ▮▮▮ longer includes a videoId but rather only a playlistId. *See* Bhatta. Rebuttal Report, ¶289 ▮▮▮

▮▮▮ I note that the very passage from a Google internal document that Dr. Bhattacharjee cites for this proposition states that the request ▮▮▮

▮▮▮ but more to the point, the passage explains that the discussion of only including a playlistId to the exclusion of a videoId in the request is only for ▮▮▮ *Id.* Thus, it does not appear to me that (i) Dr. Bhattacharjee is accurately describing the contents of the request that the Receiver sends and (ii) the contents of the request is the same for all types of playback.

270. As another example, Dr. Bhattacharjee explains that, for the ▮▮▮ aspect of this purported alternative, a Receiver "would ▮▮▮ for a media item (e.g., a song or video) each time it starts playback of the next media item" and "the ▮▮▮ response returns media content for the beginning of the song or video … followed by the ▮▮▮ containing the ▮▮▮ and he opines ▮▮▮

- 88 -

Bhatta. Rebuttal Report, ¶296.

271. Having the benefit of more details of this purported combined ▮▮▮▮▮ alternative, I agree that a ▮▮▮▮▮ does not amount to limitation 1.7's "data identifying a next one or more media items that are in the remote playback queue," but as I explain below, *the videoId* for the next media item contained in the WatchNextResponse portion of the ▮▮▮ response does. Indeed, Dr. Bhattacharjee acknowledges that, in this purported combined ▮▮▮▮▮ alternative, "a videoId is used to retrieve the first several seconds of media content." Bhatta. Rebuttal Report, ¶297. As I explained above, I disagree with Dr. Bhattacharjee's position that limitation 1.7 requires a single piece of data to be used to retrieve the *entire* media item, but rather, limitation 1.7 merely requires the "playback device" be configured to "*use the obtained data to retrieve*" at least one media item in the remote playback queue from the cloud-based media service," which the Receiver does with the videoId of the next media item. *Supra* ¶¶189-94.

272. As another example, in response to my explanation "that this non-infringing alternative would still infringe because … a receiver device would use 'WatchNextResponse data' to retrieve a media item" (Bhatta. Rebuttal Report, ¶298), Dr. Bhattacharjee contends:

> But Dr. Schmidt misunderstands this alternative. Google's documents indicate that it has discussed different options for implementing ▮▮▮▮▮. For playing back playlists on a receiver device, ▮▮▮▮▮
> ▮▮▮▮▮ *See* GOOG-SONOSNDCA-00070863 (▮▮▮ at -913▮▮▮
> ▮▮▮▮▮ A receiver device would not use a videoId ("WatchNextResponse data") to retrieve the content for *the media items* in the receiver device.

*Id.*

273. Dr. Bhattacharjee's explanation here is inconsistent with his prior explanation from his Showdown Report and different from what Google advanced in its interrogatory response. In this regard, Dr. Bhattacharjee is now inconsistently saying a *single* request to the ▮▮▮ would somehow result in the Receiver obtaining *all* subsequent media items and WatchNextResponses. In fact, Dr. Bhattacharjee's assertion is not even supported by the document

that he cites, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

274. Dr. Bhattacharjee appears to be saying that his new modification to the purported combined ▮▮▮▮▮▮▮ alternative would involve a ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ for *each* Receiver that is in a Cast session in the United States at any given time, where that newly modified ▮▮▮▮▮▮▮ not only provides all media items to a particular Receiver but also manages its particular Receiver's playback through the remote playback queue and somehow manages all WatchNext request/response interactions on behalf of the Receiver. What's more, Dr. Bhattacharjee provides no explanation about how his new modification would enable a user to skip to the next media item without the Receiver storing the videoId of that next media item and exchanging it with the ▮▮▮▮▮▮▮. In this way, Dr. Bhattacharjee appears to be proposing to drastically alter the workload and sophistication of each ▮▮▮▮▮▮▮ and again, there would need to be a newly-modified ▮▮▮▮▮▮▮ for each Receiver that is in a Cast session in the United States at any given time. Simply put, it is my opinion that such a proposed design would not have been technically feasible and Dr. Bhattacharjee has certainly not explained how it could have been.

275. Regardless, I understand that, because Google's interrogatory response incorporates Dr. Bhattacharjee's Showdown Reports by reference and does not otherwise explain the details of the purported combined ▮▮▮▮▮▮▮ alternative, the description in Dr. Bhattacharjee's Showdown Reports of this purported alternative is what controls. As I explained in my Rebuttal Report, the ▮▮▮▮▮▮▮ alternative described in Dr. Bhattacharjee's Showdown Reports still would infringe limitation 1.7 because the Receiver would still be configured to "communicate with the cloud-based computing system in order to obtain data identifying a next one or more media items that are in the remote playback queue" by virtue of a first ▮▮▮▮▮▮▮ (e.g., that returns a WatchNextResponse containing, *inter alia*, a second videoId for a next media item for the Receiver to playback), which I have illustrated below, and would still be configured to "use the obtained data to retrieve at least one media item in the remote playback queue from the cloud-based media service" by virtue of a second ▮▮▮▮▮▮▮ (e.g., that returns (i) media data

corresponding to the second videoId and (ii) a WatchNextResponse containing, *inter alia*, a third videoId for a next media item for the Receiver to playback), which I have illustrated below:

[REDACTED]

276. In stark contrast to what is illustrated above, Dr. Bhattacharjee provides two sets of illustrations of his (new) combined [REDACTED] alternative that show a Receiver sending a single request containing a playlistId for a given playlist to the [REDACTED] and the Onesie agent in turn streaming media data and meta-data for ***all*** media items in the playlist, one set of which is reproduced below:

[Redacted image]

277. Again, Dr. Bhattacharjee's illustrations provide no hint as to how this is technically feasible and obscures the new modifications that he is proposing. The illustration below more accurately reflects some of the necessary (undiscussed and unexplained) modifications for Dr. Bhattacharjee's (new) combined Onesie/Streaming-Watch alternative:

[Redacted image]

278. Dr. Bhattacharjee attempts to minimize the testimony of Google's 30(b)(6) witness, Mr. Mo, that undermines Google and Dr. Bhattacharjee's assertion that "[REDACTED] …." *See* Bhatta. Rebuttal Report, ¶290. But I find his positions to be flawed.

279. **First**, Dr. Bhattacharjee acknowledges that Mr. Mo was designated Google's 30(b)(6) witness for "the accused casting functionality." *Id.*, ¶291. The purported [REDACTED] alternative of course relates to "the accused casting functionality." *See, e.g.*, Bhatta. Op. Showdown Report, ¶590 ("[REDACTED]

**HIGHLY CONFIDENTIAL - SOURCE CODE - ATTORNEYS' EYES ONLY**

Dated: January 23, 2023

_____
DOUGLAS C. SCHMIDT