CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
croberts@orrick.com
BAS DE BLANK (STATE BAR NO. 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (STATE BAR NO. 260103)
acaridis@orrick.com
EVAN D. BREWER (STATE BAR NO. 304411)
ebrewer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:     +1 415 773 5700
Facsimile:      +1 415 773 5759

SEAN M. SULLIVAN (admitted *pro hac vice*)
sullivan@ls3ip.com
MICHAEL P. BOYEA (admitted *pro hac vice*)
boyea@ls3ip.com
COLE RICHTER (admitted *pro hac vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:     +1 312 754 0002
Facsimile:      +1 312 754 0003

*Attorneys for Defendant Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>SONOS, INC.,<br><br>    Defendant. | Case No. 3:20-cv-06754-WHA<br>Related to Case No. 3:21-cv-07559-WHA<br><br>**SONOS, INC.'S RENEWED MOTION TO REALIGN THE PARTIES**<br><br>Date: April 13, 2023<br>Time: 8:00 a.m.<br>Place: Courtroom 12, 19th Floor<br>Judge: Hon. William Alsup<br><br>Second Amended Complaint Filed:<br>February 4, 2022 |

# TABLE OF CONTENTS

Page(s)

I. INTRODUCTION ................................................................................................................ 1

II. STATEMENT OF RELEVANT FACTS ........................................................................... 2

    A. Sonos Informs Google That It Is Suing Google For Patent Infringement, And Google Preempts The Suit With An Anticipatory Declaratory Judgment Action. .................................. 2

    B. Sonos Informs Google And The Court That It Intends To Seek Re-Designation As Plaintiff. .................................................................................................................................... 4

III. A MOTION TO REALIGN THE PARTIES IS GOVERNED BY THE PRIMARY PURPOSE TEST AND *PLUMTREE* FACTORS ............................................................. 5

IV. SONOS SHOULD BE DESIGNATED AS PLAINTIFF UNDER *PLUMTREE* ................ 6

    A. Factor 1: Sonos, not Google, first moved to resolve the issues in these cases through litigation. .................................................................................................................................... 7

    B. Factor 2: Sonos is the natural plaintiff. ......................................................................... 9

    C. Factor 3: Permitting Sonos to present its case-in-chief first will aid the jury. ............ 11

    D. Factor 4: Realigning the parties will mitigate the effect of Google's rush to the courthouse. ............................................................................................................................. 11

    E. Factor 5: Google's rationale in bringing the declaratory judgment action could not have involved a fear that Sonos would sit on its rights. .................................................................. 12

    F. Factor 6: The Patent Local Rules and Joint Case Management statement favor realignment. ........................................................................................................................... 12

V. CONCLUSION ................................................................................................................. 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Allegro Ventures, Inc. v. Almquist*,
    No. 11-CV-2009-L WVG, 2013 WL 3864329 (S.D. Cal. July 24, 2013) .......................... 7, 10

*City of Indianapolis v. Chase Nat'l Bank of N.Y.*,
    314 U.S. 63 (1941) ................................................................................................................ 5

*Commc'ns Test Design, Inc. v. Contec, LLC*,
    952 F.3d 1356 (Fed. Cir. 2020) ......................................................................................... 1, 8

*Dolch v. United Cal. Bank*,
    702 F.2d 178 (9th Cir. 1983) ................................................................................................ 5

*FCE Benefits Adm'rs, Inc. v. Training, Rehab. & Dev. Inst., Inc.*,
    No. 15-CV-01160-JST, 2016 WL 4426897 (N.D. Cal. Aug. 22, 2016) ................................ 6

*Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*,
    No. C 03-01431 SBA (EDL), 2006 WL 1646110 (N.D. Cal. June 12, 2006) ................... 6, 8

*Hologic, Inc. v. Minerva Surgical, Inc.*,
    325 F. Supp. 3d 507 (D. Del. 2018) .................................................................................... 10

*Kerr Corp. v. N. Am. Dental Wholesalers, Inc.*,
    No. SACV 11-0313 DOC CWX, 2011 WL 4965111 (C.D. Cal. Oct. 18, 2011) ............. 9, 10

*Minerva Surgical, Inc. v. Hologic, Inc.*,
    141 S. Ct. 2298 (2021) ........................................................................................................ 10

*Plumtree Software, Inc. v. Datamize, LLC*,
    No. C 02-5693 VRW, 2003 WL 25841157 (N.D. Cal. Oct. 6, 2003) ........ 6, 7, 8, 9, 11, 12, 13

*Rimini St., Inc. v. Oracle Int'l Corp.*,
    No. 2:14-CV-01699-LRH-DJA, 2021 WL 4037482 (D. Nev. Sept. 2, 2021) ..................... 7, 9

*Scotts Co. LLC v. Seeds, Inc.*,
    688 F.3d 1154 (9th Cir. 2012) ........................................................................................... 5, 6

**Rules**

Patent L.R. 3-1 ............................................................................................................................ 11

Patent L.R. 3-3 ............................................................................................................................ 11

Patent L.R 3–5 ............................................................................................................................ 11

Patent L.R. 3-8 ............................................................................................................................ 11

Patent L.R. 3-9 .................................................................................................................. 11

Patent L.R. 4-5 .................................................................................................................. 11

**Other Authorities**

Transcript, *Hologic, Inc. v. Minerva Surgical, Inc.*,
    No. 1-15-cv-01031-JFB-SRF (D. Del. Aug. 8, 2018), Dkt. 508 ............................................. 10

Transcript, *Idenix Pharms. LLC v. Gilead Sciences, Inc.*,
    No. 1:14-cv-00846-LPS (D. Del. Feb. 27, 2017), Dkt. 539 ..................................................... 8

Transcript, *Plexxikon Inc. v. Novartis Pharms. Corp.*,
    No. 4:17-cv-04405-HSG (N.D. Cal. June 12, 2021), Dkt. 488 ............................................... 10

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS: PLEASE TAKE NOTICE that on April 13, 2023 at 8:00 a.m., or as soon thereafter as may be heard before the Honorable Judge William Alsup in Courtroom 12 on the 19th Floor of the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Sonos, Inc. ("Sonos") will, and hereby does, move this Court to realign the parties in this action. This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, all documents in the Court's file, and such other written or oral evidence and argument as may be presented at or before the time this motion is heard by the Court.

**STATEMENT OF THE ISSUES TO BE DECIDED AND RELIEF REQUESTED**

Sonos requests that this Court exercise its discretion to realign the parties in this action for purposes of the upcoming trial, designating Sonos, Inc., as "Plaintiff" and Google LLC as "Defendant."

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

There are two actions pending before this Court covering the same Sonos patent claims. The lower numbered case is a declaratory judgment action that Google filed the night before it knew Sonos intended to file for infringement in another district. The Court previously held that this "ramshackle" declaratory judgment complaint was thrown together at the last moment in an improper effort to anticipate and preempt Sonos's complaint. Dkt. 36 at 3-4; *Commc'ns Test Design, Inc. v. Contec, LLC*, 952 F.3d 1356, 1364 (Fed. Cir. 2020). Accordingly, this Court stayed Google's declaratory judgment action while Sonos's affirmative infringement case proceeded in another district—with this case remaining stayed. In Sonos's affirmative infringement case, the parties litigated claim construction and exchanged required discovery disclosures, all of which were premised on Sonos being the plaintiff. Sonos's suit was eventually transferred to this Court, at which point the Court unstayed Google's declaratory judgment action, with the cases proceeding in parallel ever since. Dkt. 57.

Both before and after the transfer, Sonos has acted as plaintiff in both cases. Sonos initiated these cases by drafting an 87-page complaint explaining its infringement theories and providing Google notice of its intent to file. As required under this District's Patent Local Rules, and like every other patent plaintiff, Sonos has gone first in disclosing its infringement and damages contentions and in other pretrial exchanges. At the upcoming trial Sonos will be attempting to prove liability for infringement, willful infringement, and damages while Google will be trying to prove its noninfringement and invalidity *defenses* and related claims that Sonos is not the rightful owner of one of the patents at issue at trial. These factors, and the others discussed below, make Sonos the "natural" plaintiff. Indeed, all the factors that courts consider in evaluating realignment favor designating Sonos as the Plaintiff for purposes of the upcoming trial.

## II.  STATEMENT OF RELEVANT FACTS

### A. Sonos Informs Google That It Is Suing Google For Patent Infringement, And Google Preempts The Suit With An Anticipatory Declaratory Judgment Action.

Sonos initiated these cases by drafting an 87-page infringement complaint, which it provided to Google in an email noting that Sonos would file the complaint the following day in the Western District of Texas. Dkt. 36 at 1-2. Mere hours later, at 11:41 p.m., Google filed a 13-page complaint for declaratory relief of noninfringement of the exact same patents in the Northern District of California. *Id.* As the Court noted, "the manifest purpose of Google's suit was to beat the clock and defeat the patent owner's choice of venue." *Id.* at 3. The Court also noted that "Google's complaint utterly fails to meet the standard for obtaining declaratory relief," "stumbl[ing] under this minimal burden" and "offer[ing] *no allegation of fact* in support of the claims of noninfringement." *Id.* It was accordingly "manifest that Google and its attorneys threw this ramshackle complaint together in a matter of hours just to beat the clock and try to 'file first' in its hometown" with the idea that it would later amend the complaint to make up for its deficiencies. *Id.* at 4.

While Google's declaratory judgment action remained stayed, Sonos and Google litigated Sonos's affirmative infringement action in the Western District for Texas for approximately one year, proceeding to claim construction. After the Federal Circuit directed that Sonos's affirmative

infringement action be transferred to this District, the Court vacated the stay, Dkt. 57, and related the cases, Dkt. 64. Accordingly, both Sonos's affirmative infringement action and Google's defensive declaratory judgment action are currently pending before the Court. This motion is being filed in Google's declaratory judgment action (20-cv-6754) because in that action Sonos is the nominal defendant. But the parties are litigating and moving both cases toward trial in parallel. *See, e.g.*, Dkt. 102 at 11, 13.

These two cases involve near-perfectly overlapping claims and counterclaims. Claims that have been dismissed on summary judgment or accordingly mooted are indicated with strike-through:

| Affirmative Infringement Action Complaint (Sonos) | Declaratory Judgment Action Complaint (Google) | Counterclaims to Declaratory Judgment Action (Sonos) |
|---|---|---|
| 3:21-cv-7559 WHA, Dkt. 211 | 3:20-cv-6754-WHA, Dkt. 125 | 3:20-cv-6754-WHA, Dkt. 170 |
| ~~Claim I: Infringement of '615 Patent~~[1] | ~~Count I: Declaration of Noninfringement of '615 Patent~~  ~~Count II: Declaration of Invalidity of '615 Patent~~ | ~~Counterclaim I: Infringement of '615 Patent~~ |
| Claim II: Infringement of '033 Patent | Count III: Declaration of Noninfringement of '033 Patent  Count IV: Declaration of Invalidity of '033 Patent | Counterclaim II: Infringement of '033 Patent |
| Claim III: Infringement of '966 Patent | Count V: Declaration of Noninfringement of '966 Patent  Count VI: Declaration of Invalidity of '966 Patent | Counterclaim III: Infringement of '966 Patent |

---

[1] *See* Dkt. 316 (granting Google's motion for summary judgment of invalidity and noninfringement of claim 13 of the '615 patent).

| Claim IV: Infringement of '885 Patent[2] | ~~Count VII: Declaration of Noninfringement of '885 Patent[3]~~ | Counterclaim IV: Infringement of '885 Patent |
|---|---|---|
| | ~~Count VIII: Declaration of Invalidity of '885 Patent[4]~~ | |
| | Count IX: Breach of Contract[5] | |
| | Count X: Conversion[6] | |

All of Sonos's claims and counterclaims seek an affirmative finding of Google's liability for infringement. Google's claims, by contrast, seek to establish Google's defenses to infringement, including non-infringement, invalidity, and contract-related claims related to its alleged joint ownership rights over a subset of the patents-in-suit.[7]

**B. Sonos Informs Google And The Court That It Intends To Seek Re-Designation As Plaintiff**

On January 6, 2022, the parties filed the operative Joint Case Management Statement, in which Sonos explained why the declaratory judgment action and affirmative infringement action should be consolidated, with the affirmative infringement action identified as the lead case and Sonos designated as the plaintiff in the consolidated action. Dkt. 102 at 12. Google noted that while it did "not necessarily oppose consolidation," it "disagree[d]" that Sonos is the "true plaintiff" and "believes that the DJ action should remain as the lead case." *Id.* at 13. At the January 13, 2022 Case Management Conference, in response to that dispute, the Court stated that it was "premature" to determine at that time "who gets to go first at trial," and Sonos agreed that "[w]e will brief it later." 3:21-cv-7559 WHA, Dkt. 142 at 28.

---

[2] The Court has already resolved Sonos's claim of infringement of Claim 1 of the '885 Patent, *see* Dkt. 309, but Sonos will still try its case for *willful* infringement of this patent claim.
[3] *See id.*
[4] During the showdown summary judgment proceedings, the Court rejected Google's invalidity claims based on patent eligibility and written description arguments. *See* Dkt. 309 at 11-17. The Court subsequently granted Sonos summary judgment of validity as to the '885 patent with respect to "a bundle of new [invalidity] theories" offered by Google based on alleged prior art. Dkt. 382 at 1. Google's motion for reconsideration of that ruling is currently pending.
[5] Sonos separately moves for summary judgment against Google on this claim.
[6] Sonos separately moves for summary judgment against Google on this claim.
[7] These claims seek to establish that Google is not liable for infringement of the '033 patent by virtue of Google's alleged right to the invention claimed in that asserted patent.

In advance of the scheduled October 2022 showdown trial, Sonos moved to realign the parties for purposes of that trial. Dkt. 338. The following day, the Court determined that "[t]here will be no patent showdown trial in October 2022" and that "[f]or judicial efficiency, the issues of willfulness and damages will be reserved for the main trial currently scheduled for May 2023." Dkt. 339 at 1. In light of the Court's order, Sonos withdrew its motion, noting that the Court's "order vacating the patent showdown" had rendered Sonos's motion "moot" and that Sonos made "[t]his withdrawal … without prejudice to Sonos renewing the realignment motion for the May 2023 trial." Dkt. 340 at 2. This is that renewed motion.

Trial is scheduled to begin on May 8, 2023. Dkt. 444. Unless the Court on summary judgment further narrows the issues to be tried (or grants Google's pending motion for reconsideration of one previous summary judgment order), the following issues will be tried: (1) Sonos's claim that Google's infringement of claim 1 of the '885 patent was and continues to be willful; (2) Sonos's claim of damages for infringement of claim 1 of the '885 patent; (3) Sonos's claim of willful infringement of the '966 Patent; (4) Sonos's claim of damages for infringement of the '966 patent; (5) Google's claim of invalidity of the '966 Patent; (6) Sonos's claim of willful infringement of the '033 Patent; (4) Sonos's claim of damages for infringement of the '033 patent; (5) Google's claim of invalidity of the '033 Patent; and (6) Google's contract-based claims alleging that it is the proper owner of the '033 Patent.

### III. A MOTION TO REALIGN THE PARTIES IS GOVERNED BY THE PRIMARY PURPOSE TEST AND *PLUMTREE* FACTORS

"Federal courts have broad authority to 'look beyond the pleadings, and arrange'—or realign—'the parties according to their sides in the dispute.'" *Scotts Co. LLC v. Seeds, Inc.*, 688 F.3d 1154, 1156 (9th Cir. 2012) (quoting *City of Indianapolis v. Chase Nat'l Bank of N.Y.*, 314 U.S. 63, 69 (1941)). Indeed, "[a] complaint's alignment of the parties 'is not binding on the courts.'" *Id.* at 1157 (quoting *Dolch v. United Cal. Bank*, 702 F.2d 178, 181 (9th Cir. 1983)). Instead, courts "must align for jurisdictional purposes those parties whose interests coincide respecting the 'primary matter in dispute.'" *Id.* (citation omitted). The Ninth Circuit has referred to this as the "primary purpose" test. *Id.* at 1157-58.

Although *Scotts* involved the standard for party realignment where it would defeat diversity jurisdiction, *see id.* at 1156-57, courts in this District have routinely applied variations of the "primary purpose" test to evaluate motions to realign in other contexts. *See, e.g.*, *FCE Benefits Adm'rs, Inc. v. Training, Rehab. & Dev. Inst., Inc.*, No. 15-CV-01160-JST, 2016 WL 4426897, at *2 (N.D. Cal. Aug. 22, 2016) (noting use of the "primary purpose" test by courts in this district where federal subject matter jurisdiction was not at issue).

The leading case in this district on realignment for purposes other than jurisdiction is *Plumtree Software, Inc. v. Datamize, LLC*, No. C 02-5693 VRW, 2003 WL 25841157 (N.D. Cal. Oct. 6, 2003). Like *Scotts*, *Plumtree* determined whether realignment was warranted by applying the "primary purpose" test and looking to several key factors. 2003 WL 25841157, at *3. The *Plumtree* factors include "1) 'the first party to sue on the issue'; (2) the 'natural plaintiff' in the case, as defined by who raises 'the affirmative claim' and who bears 'the burden of proof'; (3) whether realignment 'may aid in the logical presentation of the evidence at trial'; … (4) whether realignment 'mitigates the effects of … evident forum-shopping[]'"; (5) "the 'rationale for bringing a declaratory judgment action' and [(6)] consistency with 'the Patent Local Rules and the parties' joint case management statement.'" *FCE Benefits*, 2016 WL 4426897, at *2, *2 n.1 (quoting *Plumtree*, 2003 WL 25841157, at *2-5); *see also Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. C 03-01431 SBA (EDL), 2006 WL 1646110, at *1-3 (N.D. Cal. June 12, 2006) (distinguishing *Plumtree* but similarly examining first-to-file status, the burden of proof, and whether realigning the parties would make the issues in the case clearer for the jury).

### IV. SONOS SHOULD BE DESIGNATED AS PLAINTIFF UNDER *PLUMTREE*

In *Plumtree*, the patent holder sued the alleged infringer in the District of Montana. 2003 WL 25841157, at *1. The alleged infringer moved to dismiss for lack of personal jurisdiction or in the alternative to transfer the case to the Northern District of California. *Id.* During the pendency of that motion, the alleged infringer filed an action in the Northern District of California, requesting a declaratory judgment that it did not infringe any valid and enforceable claim of the asserted patent. *Id.* The infringement action filed in the District of Montana was then dismissed for lack of personal jurisdiction, and the patent holder answered the Northern District of California declaratory

judgment action and counterclaimed for patent infringement. *Id.* The patent holder then moved to realign the parties, so that the patent holder would be designated as plaintiff and the alleged infringer as defendant. *Id.*

The *Plumtree* court granted the patent holder's motion for realignment, concluding—after examining six relevant factors—that "the primary purpose of th[e] litigation is the adjudication of [the patent holder's] infringement claim," and that realignment was therefore warranted. *Id.* at *5. And "[d]espite the fact that [the alleged infringer] may have created a substantial ancillary dispute by filing a declaratory judgment action, the court" concluded that it "must align the parties in keeping with the primary dispute concerning infringement." *Id.* at *3.

Other courts within the Ninth Circuit have reached similar results in analogous cases. For example, in a copyright infringement dispute between Oracle as rights-holder and Rimini as accused infringer, the court examined the parties' remaining claims prior to trial and granted realignment after concluding that "the primary dispute is whether Rimini committed copyright infringement when it provided third-party support services for Oracle software," and that "Oracle is the more 'natural' plaintiff in th[e] case." *Rimini St., Inc. v. Oracle Int'l Corp.*, No. 2:14-CV-01699-LRH-DJA, 2021 WL 4037482, at *3 (D. Nev. Sept. 2, 2021). Similarly, in *Allegro Ventures, Inc. v. Almquist*, a court granted realignment in a declaratory judgment action brought under maritime law, where the named defendant's counterclaim made clear that his "affirmative positions" seeking to establish liability "make him more suitable to be in the plaintiff position," while the named "Plaintiff's defensive positions make it more suitable" to be designated as defendant. No. 11-CV-2009-L WVG, 2013 WL 3864329, at *1-2 (S.D. Cal. July 24, 2013).

Because "the primary purpose of this litigation is the adjudication of [Sonos's] infringement claim," *Plumtree*, 2003 WL 25841157, at *5, and because all of the *Plumtree* factors favor realignment, this Court should exercise its discretion and designate Sonos as the plaintiff.

### A. Factor 1: Sonos, not Google, first moved to resolve the issues in these cases through litigation.

Sonos "was the original plaintiff in this dispute," *Plumtree*, 2003 WL 25841157, at *3, in all substantive respects. Google only filed its declaratory judgment action after being put on notice

of Sonos's intent to sue Google for patent infringement. As in *Plumtree*, Google "appears" to have "filed its suit against [Sonos] less as a result of its own volition than as a response to the suit" that Sonos planned to "file[] against it in the" Western District of Texas. *Id.* This Court recognized that the same pattern was at issue here when it held that "the manifest purpose of Google's [declaratory judgment] suit was to beat the clock and defeat the patent owner's choice of venue" and that "Google's [original] complaint utterly fail[ed] to meet the standard for obtaining declaratory relief." Dkt. 36 at 3.

It is true that in *Plumtree*, the alleged infringer waited several months after the filing of the infringement complaint to file its declaratory judgment action, 2003 WL 25841157, at *3, while Google here acted more decisively to attempt to "deprive [Sonos] of its choice of forum," *id.* at *5. But that factual distinction should make no difference. Indeed, declining to realign the parties based on the speed with which Google threw together a last-minute (and facially inadequate) pleading in order to preempt Sonos's own filing would tend to undermine this factor's focus on which party *raised* the dispute. Put differently, the reason that courts recognize the "anticipatory suit" exception to the first filed doctrine is precisely to avoid rewarding a party for racing to the courthouse to file a declaratory judgment action. *See Commc'ns Test Design, Inc.*, 952 F.3d at 1364-65. Treating Google as the "first mover" where, as here, it filed suit *in response* to Sonos saying it was about to file suit, would implicate that same principle and ignore the fact that Sonos (in reality) was the first party to take action to bring the infringement dispute into court.

Sonos's notice to Google of its intent to file its affirmative infringement case also distinguishes this case from *Fresenius*. In *Fresenius*, the court noted that the first *Plumtree* factor disfavored realignment because "[a]though it threatened to, [the declaratory judgment defendant] did not choose to file this lawsuit to assert any of its patents," and it was thus only the declaratory judgment plaintiff who had "file[d] this declaratory judgment action to clear the air." 2006 WL 1646110, at *2. But here, Sonos made every effort to file first and resolve Google's infringement, and was only foiled by Google's anticipatory suit. Indeed, the court in *Fresenius* distinguished *Plumtree* in part on the ground that the patentee in *Fresenius* "had not earlier sought to select a different forum." *Id.* at *3 (emphasis added). Here, Sonos first moved to resolve the infringement

claims at issue in this case and sought to select a different forum before Google raced to the courthouse to preempt it.

### B. Factor 2: Sonos is the natural plaintiff.

Sonos is "more properly considered the natural plaintiff in this action" because Sonos "is the party asserting the affirmative claim of infringement." *Plumtree*, 2003 WL 25841157, at *3. Just as in *Plumtree*, Google's "declaratory action for noninfringement and invalidity is a defense to [Sonos's] infringement counterclaim[,]" *id.*, and to Sonos's parallel, affirmative infringement claims. *See supra* 3-4 (chart aligning claims). As the Court in *Plumtree* noted, "noninfringement and invalidity" are defined by statute as "defenses to patent infringement," *id.* (citing 35 U.S.C. § 282 (2003)). For that reason, Sonos's "affirmative position makes the position of plaintiff more appropriate for it, while [Google's] defensive position makes the position of defendant more appropriate for it." *Id.*; *see also Rimini St.*, 2021 WL 4037482, at *3 ("Rimini's declaratory judgment action for noninfringement is essentially a defense to Oracle's copyright infringement claims. Oracle's affirmative position therefore makes it the more appropriate plaintiff while Rimini's defensive position makes it the more appropriate defendant."). Nor do Google's contract-based claims change the equation—both essentially seek to establish that Google is not liable for infringement of the '033 patent by virtue of Google's alleged ownership of the invention claimed in that patent. *See, e.g.*, Dkt. 125 (Google Second Am. Compl.) ¶ 31 (alleging that "[d]espite the [contract allegedly at issue], Sonos has willfully and wrongfully attempted to claim Google's idea for itself" and citing in support the prosecution history of the '033 patent), ¶ 34 (alleging that "Sonos had no right to draft claims" encompassing "cloud queue technology"), ¶ 89 (alleging that Sonos breached the contract allegedly at issue by claiming the right to technology that Google claims it developed), ¶ 96 (alleging that Sonos "wrongfully exercised dominion over patents" by filing the "'033 patent").

Even cases that have distinguished *Plumtree* recognize that realignment is appropriate where the "parties … seek judgments that are the mirror opposites of each other." *Kerr Corp. v. N. Am. Dental Wholesalers, Inc.*, No. SACV 11-0313 DOC CWX, 2011 WL 4965111, at *3 (C.D. Cal. Oct. 18, 2011) (discussing *Plumtree*). In the words of the *Kerr* court, *Plumtree* "adopted the

1  common-sense rule that where a plaintiff seeks declaratory relief that it is *not liable* and the
2  defendant counterclaims that plaintiff *is liable*, it is more logical to realign the parties so that the
3  defendant becomes the plaintiff." *Id.*; *see also Allegro Ventures*, 2013 WL 3864329, at *2 (where
4  plaintiff seeks declaratory relief of non-liability and defendant counterclaims that plaintiff is liable
5  on the same question, "[t]hese positions suggest that Defendant's affirmative positions make him
6  more suitable to be in the plaintiff position, and Plaintiff's defensive positions make it more suitable
7  to be in the defendant position").

8        Courts also routinely treat a party asserting patent infringement as the plaintiff *even where*
9  the issue of infringement is resolved prior to trial, which is only the case for one of three patents
10 still at issue. For example, in *Minerva Surgical, Inc. v. Hologic, Inc.*, the district court granted
11 summary judgment of infringement before proceeding to a trial on damages. 141 S. Ct. 2298, 2304
12 (2021) (citing *Hologic, Inc. v. Minerva Surgical, Inc.*, 325 F. Supp. 3d 507, 524-25, 532 (D. Del.
13 2018)). Although infringement had already been determined, the court proceeded with the patentee
14 presenting its case-in-chief first. *See* Transcript, *Hologic, Inc. v. Minerva Surgical, Inc.*, No. 1-15-
15 cv-01031-JFB-SRF (D. Del. Aug. 8, 2018), Dkt. 508 at 380:12-14 ("The plaintiff [patentee] has
16 the burden of proof, so the plaintiff gets to go first."). Similarly, in *Idenix Pharmaceuticals LLC v.*
17 *Gilead Sciences, Inc.*, the court also allowed patentee to present evidence first even when
18 infringement was no longer at issue. *See* Transcript, No. 1:14-cv-00846-LPS (D. Del. Feb. 27,
19 2017), Dkt. 539 at 206:14-16 ("Idenix will first introduce its evidence that it believes supports its
20 claims of willful infringement and for damages."); *accord* Transcript, *Plexxikon Inc. v. Novartis*
21 *Pharms. Corp.*, No. 4:17-cv-04405-HSG (N.D. Cal. June 12, 2021), Dkt. 488 at 9:2-15 (denying
22 alleged infringer's request for bifurcation and ordering that patentee would proceed first with "case-
23 in-chief" consisting of "willful infringement and damages," followed by alleged infringer's "case-
24 in-chief on validity"). Here, Sonos's position as the natural plaintiff is even *stronger* than was the
25 case in *Idenix* and *Plexxikon*, because Sonos will try not only its claims for willfulness and damages
26 for the '885 Patent, but also Sonos's claims for infringement of the '966 and '033 Patents, with
27 Google asserting parallel defensive claims relating to those patents.
28

**C. Factor 3: Permitting Sonos to present its case-in-chief first will aid the jury.**

At the trial, the jury will be asked to determine (1) whether Google's infringement of claim 1 of the '885 patent was willful, and to determine damages for infringement of claim 1 of the '885 patent; (2) whether Google willfully infringed the '966 patent, and to determine damages for infringement of the '966 patent; and (3) whether Google willfully infringed the '033 patent, and to determine damages for infringement of the '033 patent—all issues on which Sonos bears the burden of proof. Sonos should, therefore, be the plaintiff and go first. "To require [the patentee] to present second might invite juror confusion on the issue of burden of proof, as [the patentee] essentially would be put in the position of rebutting [the alleged infringer's] defensive claims." *Plumtree,* 2003 WL 25841157, at *5. The same is true here. It makes more sense for Sonos to present its "affirmative case" for liability first, "rather than [Google] presenting the case for" *non*-liability "first." *Id.*

**D. Factor 4: Realigning the parties will mitigate the effect of Google's rush to the courthouse.**

In this case, as in *Plumtree*, the alleged infringer filed a declaratory judgment action and went "to considerable lengths to deprive [the patentee] of its choice of forum … and to have these issues tried in the Northern District of California." 2003 WL 25841157, at *5. For that reason, the court noted that it was "equitable to allow [the patentee] to retain its status as plaintiff, despite the loss of its choice of forum." *Id.* The same is true here. *See* Dkt. 36 at 3 ("the manifest purpose of Google's [declaratory judgment] suit was to beat the clock and defeat the patent owner's choice of venue"), 5 (finding that Google's filing was a "litigation gimmick, to anchor venue with a bare bones complaint and then fix it up by amendment"). The Court should not reward that "litigation gimmick" by allowing Google to rely upon it to invert the proper roles of the parties.

Finally, this factor favors Sonos *regardless* of the fact that the Federal Circuit found that Sonos's suit should be transferred to this district. If, for example, Google had waited to see if Sonos filed when it said it would (or had Google taken the time it needed to formulate a proper declaratory judgment complaint), Sonos's Texas complaint would have been the first filed action and—after being transferred to this district—would be the lead case. Put differently, nothing about making

Sonos the plaintiff would "reward" Sonos for filing in Texas or losing the venue fight. But declining to make Sonos the plaintiff on the ground that Google managed to front run Sonos's complaint *would* reward Google for that behavior.

### E. Factor 5: Google's rationale in bringing the declaratory judgment action could not have involved a fear that Sonos would sit on its rights.

*Plumtree* also discussed the fact that the "usual rationale for bringing a declaratory judgment action" is to "relieve potential defendants from the Damoclean threat of impending litigation which a harassing adversary might brandish, while initiating suit at his leisure—or never." 2003 WL 25841157, at *4 (citation omitted). But that "basic rationale for declaratory judgment" was "inapposite" where the patent holder "had actually brought suit at the time Plumtree filed the declaratory judgment action." *Id.* Here, while Google filed its declaratory judgment action "a matter of hours" ahead of Sonos's affirmative case, it only did so after Sonos had put Google on notice of Sonos's plan to file an infringement suit the following day. Dkt. 36 at 3. Thus, no "'Damoclean' threats" hung over Google at the time it filed the declaratory judgment action. *Plumtree*, 2003 WL 25841157, at *4.

### F. Factor 6: The Patent Local Rules and Joint Case Management statement favor realignment.

*Plumtree* also explained that realignment was appropriate because the District's "Patent Local Rules and the parties' joint case management statement" both treated the patent holder "as a plaintiff would be treated." 2003 WL 25841157, at *5. The same is true here.

Under this District's Patent Local Rules, "[n]o matter whether the patent holder asserts infringement claims first, or whether he does so in response to a declaratory action, Pat. L.R. 3–5 essentially provides for the same sequence of disclosures." *Id.* For that reason, "[t]he Patent Local Rules seem to treat the patent holder as the putative plaintiff in either situation, for the purposes of disclosures and document production; it therefore is consistent with the spirit of those rules to treat [the patent holder] as the plaintiff in the remainder of the action." *Id.* Accordingly, in this case, the parties have treated Sonos as plaintiff throughout discovery. They have proceeded under the Patent Local Rules with Sonos first disclosing its affirmative infringement and damages contentions, and Google then disclosing its responsive invalidity and damages contentions. *See*

Pat. L.R. 3-1, 3-3, 3-8, 3-9. That is also consistent with the Patent Local Rules' provision that claim construction briefing opens and closes with briefs from "the party claiming patent infringement," Pat. L.R. 4-5, a procedure that applied in this case. *See* Dkts. 184, 200, 202; *cf. Plumtree*, 2003 WL 25841157, at *5 (noting that "[t]he joint case management statement … treats [the patent holder] as a plaintiff would be treated" insofar as it "allows [the patent holder] … to present first at the upcoming *Markman* hearing"). There is no reason for the jury to be asked to hear evidence and argument in the *opposite* order at trial.

Similarly, the parties' Joint Case Management Statement positions Sonos as the "natural" plaintiff. The Statement in effect acknowledges that Sonos's affirmative infringement action is the same as the declaratory judgment action. *See, e.g.*, Dkt. 102 at 11 ("Given the overlap of issues, the Parties propose that the same dates and schedules set forth in those Orders also apply to" both cases); 13 (similar). Unsurprisingly, given this focus and the nature of this dispute, the Statement also reflects that the overwhelming majority of damages sought in this case are damages that Sonos seeks from Google. *See id.* at 14.

## V. CONCLUSION

The Court should grant Sonos, Inc.'s Motion to Realign the Parties and make it clear that Sonos will be the plaintiff for purposes of the upcoming trial.

Dated: February 6, 2023

By: */s/ Clement S. Roberts*

Clement Seth Roberts
Bas de Blank
Alyssa Caridis
Evan D. Brewer

ORRICK, HERRINGTON & SUTCLIFFE LLP

George I. Lee (admitted *pro hac vice*)
Sean M. Sullivan (admitted *pro hac vice*)
Rory P. Shea (admitted *pro hac vice*)
J. Dan Smith III (admitted *pro hac vice*)
Michael P. Boyea (admitted *pro hac vice*)
Cole Richter (admitted *pro hac vice*)
Jae Y. Pak (admitted *pro hac vice*)
Matthew J. Sampson (admitted *pro hac vice*)
David Grosby (admitted *pro hac vice*)

LEE SULLIVAN SHEA & SMITH LLP

*Attorneys for Sonos, Inc.*