QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  James Judah (Bar No. 257112)
  jamesjudah@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:   (415) 875-6600
Facsimile:   (415) 875-6700

  Marc Kaplan *(pro hac vice)*
  marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

*Attorneys for GOOGLE LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>             Plaintiff,<br><br>    vs.<br><br>SONOS, INC.,<br><br>             Defendant. | CASE NO. 3:20-cv-06754-WHA<br>Related to CASE NO. 3:21-cv-07559-WHA<br><br>**GOOGLE LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS MOTION FOR SUMMARY JUDGMENT** |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiff Google LLC ("Google") hereby requests to file under seal portions of its Motion for Summary Judgment ("Motion"). Specifically, Google requests an order granting leave to file under seal the portions of the documents listed below:

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| Google's Motion | Portions highlighted in yellow and green and outlined in red boxes | Google and Sonos |
| Exhibit 1 (January 23, 2023 Reply Report of Dr. Dan Schonfeld Regarding U.S. Patent No. 10,848,885 and U.S. Patent No. 10,469,966) | Portions outlined in red boxes | Google and Sonos |
| Exhibit 2 (January 23, 2023 Reply Expert Report of Dr. Kevin C. Almeroth) | Portions outlined in red boxes | Google and Sonos |
| Exhibit 5 (January 13, 2023 Rebuttal Expert Report of Dan Schonfeld, Ph.D.) | Portions outlined in red boxes | Google |
| Exhibit 11 (November 30, 2022 Opening Expert Report of Samrat Bhattacharjee Regarding Invalidity of U.S. Patent Nos. 10,779,033 and 9,967,615 and Other Issues) | Portions outlined in red boxes | Google |
| Exhibit 12 (January 23, 2023 Reply Expert Report of Samrat Bhattacharjee Regarding Non-Infringement of U.S. Patent No. 10,779,033 and Other Issues) | Portions outlined in red boxes | Google |
| Exhibit 14 (January 13, 2023 Rebuttal Expert Report of Douglas C. Schmidt) | Entire document | Google |
| Exhibit 17 (Transcript from the January 6, 2023 Deposition of Janos Levai) | Entire document | Google |
| Exhibit 18 (Document bearing starting bates number GOOG-SONOSNDCA-00075593) | Entire document | Google |
| Exhibit 19 (Transcript from the February 2, 2023 Deposition of Douglas Schmidt) | Portions outlined in red boxes | Google |
| Exhibit 21 (January 13, 2023 Rebuttal Expert Report of Samrat Bhattacharjee Regarding Non-Infringement of U.S. Patent No. 10,779,033 and Other Issues) | Portions outlined in red boxes | Google |
| Exhibit 22 (Document bearing starting bates number GOOG-SONOSWDTX-00041617) | Entire document | Google |

01980-00181/13869612.1

Case No. 3:20-cv-06754-WHA
GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS MOTION FOR SUMMARY JUDGMENT

## II. LEGAL STANDARD

Civil Local Rule 79-5(c) provides that a party seeking to file its own documents under seal must file an administrative motion that articulates the applicable legal standard and reasons for keeping a document under seal, includes evidentiary support from a declaration where necessary, and provides a proposed order that is narrowly tailored to seal only the sealable material.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

The Ninth Circuit has recognized that two different standards may apply to a request to seal a document – namely the "compelling reasons" standard or the "good cause" standard. *Blessing v. Plex Sys., Inc.*, No. 21-CV-05951-PJH, 2021 WL 6064006, at *12 (N.D. Cal. Dec. 22, 2021) (citing *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016)). The compelling reasons standard applies to any sealing request made in connection with a motion that is "more than tangentially related to the merits of a case." *Id.* Accordingly, courts in this district apply a "compelling reasons" standard to a sealing request made in connection with a motion for summary judgment. *See, e.g.*, *Edwards Lifesciences Corp. v. Meril Life Scis. Pvt. Ltd.*, No. 19-CV-06593-HSG, 2021 WL 5233129, at *4 (N.D. Cal. Nov. 10, 2021); *Baird v. BlackRock Institutional Tr. Co., N.A.*, No. 17-CV-01892-HSG, 2021 WL 105619, at *5 (N.D. Cal. Jan. 12, 2021).

## III. THE COURT SHOULD SEAL GOOGLE'S CONFIDENTIAL INFORMATION

Material that is confidential and could harm a litigant's competitive standing if disclosed may be sealed under the compelling reasons standard. *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12–cv–03844–JST 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) (information "is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage"); *In re Qualcomm Litig.*,

01980-00181/13869612.1

Case No. 3:20-cv-06754-WHA
GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS MOTION FOR SUMMARY JUDGMENT

No. 3:17-CV-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (concluding that "compelling reasons exist to seal . . . information subject to confidentiality and non-disclosure provisions" because "[s]uch insight could harm the parties in future negotiations with existing customers, third-parties, and other entities with whom they do business").

Exhibits 14, 17, 18, and 22 contain confidential information regarding highly sensitive features of Google's products. Specifically, they detail the operation and system design of Google products and functionalities that Sonos accuses of infringement. Public disclosure of this information would harm the competitive standing Google has earned through years of innovation and careful deliberation by revealing sensitive aspects of Google's proprietary systems, strategies, designs, and practices to Google's competitors. Declaration of Jocelyn Ma ¶ 4. A less restrictive alternative than sealing these exhibits would not be sufficient because the information sought to be sealed is Google's proprietary and confidential business information but is integral to Google's Motion. *Id.* Thus, Google has compelling reasons to keep such information under seal. *See Delphix Corp. v. Actifo, Inc.*, No. 13-cv-04613-BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (finding compelling reasons to seal where court filings contained "highly sensitive information regarding [an entity's confidential] product architecture and development"); *Guzik Tech. Enterprises, Inc. v. W. Digital Corp.*, No. 5:11-CV-03786-PSG, 2013 WL 6199629, at *4 (N.D. Cal. Nov. 27, 2013) (sealing exhibit containing "significant references to and discussion regarding the technical features" of a litigant's products).

The portions highlighted in yellow and outlined in red boxes in Google's Motion and Exhibits 1, 2, 5, 11, 12, 19, and 21 also contain confidential information regarding highly sensitive features of Google's products. Specifically, they detail the operation and system design of Google products and functionalities that Sonos accuses of infringement. Public disclosure of this information would harm the competitive standing Google has earned through years of innovation and careful deliberation by revealing sensitive aspects of Google's proprietary systems, strategies, designs, and practices to Google's competitors. Declaration of Jocelyn Ma ¶ 5. A less restrictive alternative than sealing these exhibits would not be sufficient because the information sought to be sealed is Google's proprietary and confidential business information but is integral to Google's

01980-00181/13869612.1

Case No. 3:20-cv-06754-WHA
GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS MOTION FOR SUMMARY JUDGMENT

Motion. *Id.* Thus, Google has compelling reasons to keep such information under seal. *See Delphix Corp. v. Actifo, Inc.*, No. 13-cv-04613-BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (finding compelling reasons to seal where court filings contained "highly sensitive information regarding [an entity's confidential] product architecture and development"); *Guzik Tech. Enterprises, Inc. v. W. Digital Corp.*, No. 5:11-CV-03786-PSG, 2013 WL 6199629, at *4 (N.D. Cal. Nov. 27, 2013) (sealing exhibit containing "significant references to and discussion regarding the technical features" of a litigant's products).

## IV. CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court grant Google's Administrative Motion to File Portions of its Motion for Summary Judgment Under Seal.

DATED: February 6, 2023

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:   */s/ Charles K. Verhoeven*
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
James Judah (Bar No. 257112)
jamesjudah@quinnemanuel.com
Lindsay Cooper (Bar No. 287125)
lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:   (415) 875-6600
Facsimile:     (415) 875-6700

Marc Kaplan (*pro hac vice*)
marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

*Attorneys for GOOGLE LLC*

01980-00181/13869612.1

Case No. 3:20-cv-06754-WHA
GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS MOTION FOR SUMMARY JUDGMENT

**ATTESTATION**

Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that, on February 6, 2023, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system and email.

DATED: February 6, 2023

By:   */s/ Charles K. Verhoeven*
      Charles K. Verhoeven