# EXHIBIT 12

```
 1              UNITED STATES DISTRICT COURT
 2          FOR THE NORTHERN DISTRICT OF CALIFORNIA
 3   SONOS, INC.,
 4        Plaintiff,
 5             vs.        Case No. 3:21-CV-07559-WHA
 6   GOOGLE LLC
 7        Defendant.
     _____
 8   -AND-
 9   GOOGLE LLC,
10        Plaintiff,
11             vs.        Case No. 3:20-CV-06754-WHA
12   SONOS, INC.,
13        Defendant.
     _____
14      **HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
15                    **SOURCE CODE**
16
17         ZOOM DEPOSITION OF DAN SCHONFELD, Ph.D.
18    (Reported Remotely via Video & Web Videoconference)
19        Northbrook, Illinois (Deponent's location)
                   Wednesday, August 31, 2022
20
     STENOGRAPHICALLY REPORTED BY:
21   REBECCA L. ROMANO, RPR, CSR, CCR
     California CSR No. 12546
22   Nevada CCR No. 827
     Oregon CSR No. 20-0466
23   Washington CCR No. 3491
24   JOB NO. 5414658
25   PAGES 1 - 252
```

Page 1

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY
SOURCE CODE

| | | |
|---|---|---|
| 1 | I'm not aware of any requirement for somebody to | 05:30:01 |
| 2 | have actually done this in -- in actuality at that | |
| 3 | time frame.  The capability of those devices was | |
| 4 | there, and that capability is all that is required | |
| 5 | by the claim, as -- as made clear both by the fact | 05:30:18 |
| 6 | that it's an apparatus claim, and I think that | |
| 7 | Dr. Almeroth repeats the word "capability" for | |
| 8 | every limitation throughout his entire report. | |
| 9 |         Q.   Just to be clear, though, you are not | |
| 10 | aware of anybody that actually did create this -- | 05:30:34 |
| 11 | the exact system that you used, correct? | |
| 12 |         A.   I'm not aware of anybody that did create, | |
| 13 | but -- such an exact system, but I would be | |
| 14 | surprised if they didn't do something quite close | |
| 15 | to it, if not -- | 05:30:51 |
| 16 |         Q.   And I just -- sorry to cut you off.  We | |
| 17 | are running out of time. | |
| 18 |             Just a couple questions here about the | |
| 19 | Bose system that you are relied on. | |
| 20 |         A.   Sure. | 05:30:59 |
| 21 |         Q.   You did not rely on any physical devices | |
| 22 | with respect to your analysis of the Bose system, | |
| 23 | correct? | |
| 24 |         A.   Correct. | |
| 25 |         Q.   And the Bose system you are relying on is | 05:31:21 |

Page 241

| | | |
|---|---|---|
| 1 | the Bose Lifestyle 50 System; is that correct? | 05:31:22 |
| 2 |     A.   That's not precise. | |
| 3 |     Q.   If we look at paragraph 619 on page 393, | |
| 4 | you define the system.  You say, "Bose Lifestyle 50 | |
| 5 | System ('Bose Lifestyle')"; is that correct? | 05:31:50 |
| 6 |     A.   I do. | |
| 7 |     Q.   So your analysis of the Bose system is | |
| 8 | based on the Bose Lifestyle 50 System, correct? | |
| 9 |     A.   As -- as I said earlier, it's not -- it's | |
| 10 | not precise.  Specifically, it's true in part, but | 05:32:14 |
| 11 | I refer to about, I think, five different Bose | |
| 12 | components and their obviousness combination. | |
| 13 |     Q.   And what -- what component of the | |
| 14 | Bose Lifestyle 50 System reads on the zone player | |
| 15 | of claim 1? | 05:32:42 |
| 16 |     A.   So under my obvious analysis, it's my | |
| 17 | view that the Bose Lifestyle, as a whole, would | |
| 18 | read on the zone player as part of the obviousness | |
| 19 | analysis. | |
| 20 |     Q.   Yeah, but -- but what component?  Is it | 05:33:41 |
| 21 | the Acoustimass module?  Is it the multiroom | |
| 22 | interface?  It is the personal music center | |
| 23 | controller?  I am just trying to figure out, like, | |
| 24 | which component are you calling the "zone player"? | |
| 25 |         And if you go to paragraphs -- let's see. | 05:34:13 |

Page 242

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY
SOURCE CODE

1  I, Rebecca L. Romano, a Registered
2  Professional Reporter, Certified Shorthand
3  Reporter, Certified Court Reporter, do hereby
4  certify:
5     That the foregoing proceedings were taken
6  before me remotely at the time and place herein set
7  forth; that any deponents in the foregoing
8  proceedings, prior to testifying, were administered
9  an oath; that a record of the proceedings was made
10 by me using machine shorthand which was thereafter
11 transcribed under my direction; that the foregoing
12 transcript is true record of the testimony given.
13    Further, that if the foregoing pertains to the
14 original transcript of a deposition in a Federal
15 Case, before completion of the proceedings, review
16 of the transcript [ ] was [X] was not requested.
17    I further certify I am neither financially
18 interested in the action nor a relative or employee
19 of any attorney or any party to this action.
20    IN WITNESS WHEREOF, I have this date
21 subscribed my name this 6th day of September, 2022.
22
23      [signature: Rebecca L. Romano]
24      Rebecca L. Romano, RPR, CCR
25      CSR. No 12546

Page 250