# EXHIBIT 18

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SONOS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 6:20-cv-00881-ADA |

**GOOGLE LLC'S FIRST OBJECTIONS AND RESPONSES TO
PLAINTIFF SONOS, INC.'S FIRST SET OF FACT DISCOVERY INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Standing Order Regarding Venue and Jurisdictional Discovery Limits For Patent Cases, Defendant Google LLC ("Google") hereby objects and responds to Plaintiff Sonos, Inc.'s ("Sonos") First Set of Fact Discovery Interrogatories to Defendant ("Interrogatories").  Google responds to these Interrogatories based on its current understanding and the information reasonably available to Google at the present time.  Google reserves the right to supplement these responses if and when additional information becomes available.

**GENERAL OBJECTIONS AND RESPONSES**

1.      These responses are made only for the purposes of discovery in this action. Each response is subject to all appropriate objections as to competence, relevance, materiality, and any and all other objections and grounds that would require the exclusion of any information, documents, or statements contained in the responses if such information, documents, or statements were offered in court. Google expressly reserves all such objections and may interpose them at the time of trial or at any other time.

1

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

> the computing device is no longer configured for playback of the remote playback queue

*Dependent Claims.* The Accused Instrumentalities do not infringe the dependent claims for at least the same reasons as set forth with respect to the independent claims above.

### **'966 Patent**

*Claim 1.* The Accused Instrumentalities do not infringe claim 1 because Sonos has not met its burden of proof to show that any of the limitations of claim 1 are satisfied. Additionally, the Accused Instrumentalities also do not infringe claim 1 because they do not contain or perform at least the following limitations of the claim:

- A computing device
- receiving a first request to create a first zone scene comprising a first predefined grouping of zone players including at least the first zone player and a second zone player that are to be configured for synchronous playback of media when the first zone scene is invoked
- based on the first request, i) causing creation of the first zone scene, ii) causing an indication of the first zone scene to be transmitted to the first zone player, and iii) causing storage of the first zone scene
- receiving a second request to create a second zone scene comprising a second predefined grouping of zone players including at least the first zone player and a third zone player that are to be configured for synchronous playback of media when the second zone scene is invoked, wherein the third zone player is different than the second zone player

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

- based on the second request, i) causing creation of the second zone scene, ii) causing an indication of the second zone scene to be transmitted to the first zone player, and iii) causing storage of the second zone scene; displaying a representation of the first zone scene and a representation of the second zone scene; and while displaying the representation of the first zone scene and the representation of the second zone scene, receiving a third request to invoke the first zone scene

- based on the third request, causing the first zone player to transition from operating in the standalone mode to operating in accordance with the first predefined grouping of zone players such that the first zone player is configured to coordinate with at least the second zone player to output media in synchrony with output of media by at least the second zone player

*Claim 9.*  The Accused Instrumentalities do not infringe claim 9 because Sonos has not met its burden of proof to show that any of the limitations of claim 9 are satisfied.  Additionally, the Accused Instrumentalities also do not infringe claim 9 because they do not contain or perform at least the following limitations of the claim:

- receiving a first request to create a first zone scene comprising a first predefined grouping of zone players including at least the first zone player and a second zone player that are to be configured for synchronous playback of media when the first zone scene is invoked

- based on the first request, i) causing creation of the first zone scene, ii) causing an indication of the first zone scene to be transmitted to the first zone player, and iii) causing storage of the first zone scene

- receiving a second request to create a second zone scene comprising a second predefined grouping of zone players including at least the first zone player and a third zone player that are to be configured for synchronous playback of media when the second zone scene is invoked, wherein the third zone player is different than the second zone player

- based on the second request, i) causing creation of the second zone scene, ii) causing an indication of the second zone scene to be transmitted to the first zone player, and iii) causing storage of the second zone scene

- displaying a representation of the first zone scene and a representation of the second zone scene

- while displaying the representation of the first zone scene and the representation of the second zone scene, receiving a third request to invoke the first zone scene

- based on the third request, causing the first zone player to transition from operating in the standalone mode to operating in accordance with the first predefined grouping of zone players such that the first zone player is configured to coordinate with at least the second zone player to output media in synchrony with output of media by at least the second zone player

*Claim 17.* The Accused Instrumentalities do not infringe claim 17 because Sonos has not met its burden of proof to show that any of the limitations of claim 17 are satisfied. Additionally, the Accused Instrumentalities also do not infringe claim 17 because they do not contain or perform at least the following limitations of the claim:

- receiving a first request to create a first zone scene comprising a first predefined grouping of zone players including at least the first zone player and a second

zone player that are to be configured for synchronous playback of media when the first zone scene is invoked

- based on the first request, i) causing creation of the first zone scene, ii) causing an indication of the first zone scene to be transmitted to the first zone player, and iii) causing storage of the first zone scene

- receiving a second request to create a second zone scene comprising a second predefined grouping of zone players including at least the first zone player and a third zone player that are to be configured for synchronous playback of media when the second zone scene is invoked, wherein the third zone player is different than the second zone player

- based on the second request, i) causing creation of the second zone scene, ii) causing an indication of the second zone scene to be transmitted to the first zone player, and iii) causing storage of the second zone scene

- displaying a representation of the first zone scene and a representation of the second zone scene

- while displaying the representation of the first zone scene and the representation of the second zone scene, receiving a third request to invoke the first zone scene; and based on the third request, causing the first zone player to transition from operating in the standalone mode to operating in accordance with the first predefined grouping of zone players such that the first zone player is configured to coordinate with at least the second zone player to output media in synchrony with output of media by at least the second zone player

42

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

DATED: September 7, 2021							QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:    */s/ Charles K. Verhoeven*
Charles K. Verhoeven (*pro hac vice*)
charlesverhoeven@quinnemanuel.com
Melissa Baily (*pro hac vice*)
melissabaily@quinnemanuel.com
Jordan Jaffe (*pro hac vice*)
jordanjaffe@quinnemanuel.com
Lindsay Cooper (*pro hac vice*)
lindsaycooper@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:	(415) 875 6600
Facsimile:	(415) 875 6700

Paige Arnette Amstutz
Texas State Bar No. 00796136
SCOTT, DOUGLASS & MCCONNICO, LLP
303 Colorado Street, Suite 2400
Austin, TX  78701
Telephone:  (512) 495-6300
Facsimile:  (512) 495-6399
pamstutz@scottdoug.com

*Counsel for Defendant Google LLC*

64