CLEMENT SETH ROBERTS (SBN 209203)
croberts@orrick.com
BAS DE BLANK (SBN 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (SBN 260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   +1 415 773 5700
Facsimile:    +1 415 773 5759

SEAN M. SULLIVAN (*pro hac vice*)
sullivan@ls3ip.com
MICHAEL P. BOYEA (*pro hac vice*)
boyea@ls3ip.com
COLE B. RICHTER (*pro hac vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:   +1 312 754 0002
Facsimile:    +1 312 754 0003

*Attorneys for Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>　　　　Plaintiff and Counterdefendant,<br><br>　　v.<br><br>SONOS, INC.,<br><br>　　　　Defendant and Counterclaimant. | Case No. 3:20-cv-06754-WHA<br>Related to Case No. 3:21-cv-07559-WHA<br><br>**DECLARATION OF COLE B. RICHTER IN SUPPORT OF GOOGLE'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. 484)** |

I, Cole B. Richter, declare as follows and would so testify under oath if called upon to do so:

1. I am an attorney with the law firm of Lee Sullivan Shea & Smith LLP, counsel of record to Sonos, Inc. ("Sonos") in the above-captioned matter. I am a member in good standing of the Bar of the State of Illinois. I have been admitted *pro hac vice* in this matter. I make this declaration based on my personal knowledge, unless otherwise noted. If called, I can and will testify competently to the matters set forth herein.

2. I make this declaration in support of Google's Administrative Motion to Consider Whether Another Party's Material Should be Sealed filed on February 7, 2023 (Dkt. 484) ("Administrative Motion to Consider"), in connection with Google LLC's Motion for Summary Judgment ("Motion").

3. Sonos seeks an order sealing the materials as listed below[1]:

| Document | Portions Google Sought to Be Filed Under Seal | Portions Sonos Seeks to Be Filed Under Seal | Designating Party |
| --- | --- | --- | --- |
| Exhibit 1 to Motion | Entire document | Portions highlighted in blue[2] | Sonos |
| Exhibit 6 to Motion | Entire document | Portions highlighted in blue | Sonos |
| Exhibit 8 to Motion | Entire document | Portions highlighted in blue | Sonos |
| Exhibit 9 to Motion | Entire document | Entire document | Sonos |
| Exhibit 13 to Motion | Entire document | Entire document | Sonos |

4. I understand that the Ninth Circuit has recognized two different standards that may apply to a request to seal a document, the "compelling reasons" standard and the "good cause" standard. *Blessing v. Plex Sys., Inc.*, No. 21-CV-05951-PJH, 2021 WL 6064006, at *12 (N.D. Cal. Dec. 22, 2021) (citing *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016)). The compelling reasons standard applies to any sealing request made in

---

[1] Google's Administrative Motion to Consider also seeks to seal portions of Google's Motion and Exhibits 2, 3, 14, 19 and 21. Sonos's advises that Google's Motion and Exhibits 2, 3, 14, 19 and 21 do not contain Sonos confidential information and/or material.

[2] The portions outlined in red boxes in Exhibit 1 were identified and prepared by Google. See Dkt. 482 (Google's Administrative Motion).

1    connection with a motion that is "more than tangentially related to the merits of a case." *Id.*

2    Accordingly, I understand courts in this district apply a "compelling reasons" standard to a

3    sealing request made in connection with a motion for summary judgment. *See, e.g.*, *Snapkeys,*

4    *Ltd. v. Google LLC*, No. 19-CV-02658-LHK, 2021 WL 1951250, at *2 (N.D. Cal. May 14, 2021).

5         5.   I further understand that confidential technical information about product features,

6    architecture, and development satisfies the "compelling reason" standard. *See Delphix Corp. v.*

7    *Actifio, Inc.*, No. 13-cv-04613-BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (finding

8    compelling reasons to seal where court filings contained "highly sensitive information regarding

9    [an entity's confidential] product architecture and development"); *Guzik Tech. Enters., Inc. v. W.*

10   *Digital Corp.*, No. 5:11-CV-03786-PSG, 2013 WL 6199629, at *4 (N.D. Cal. Nov. 27, 2013)

11   (sealing exhibit containing "significant references to and discussion regarding the technical

12   features" of a litigant's products). Under this "compelling reasons" standard, the Court should

13   order the above-listed documents sealed.

14        6.   The portions highlighted in blue in Exhibits 1, 6, and 8 reference and contain Sonos's

15   confidential business information and trade secrets, including details regarding the source code,

16   architecture, technical operation of various products and research and development processes.

17   The specifics of how these functionalities and processes operate is confidential information that

18   Sonos does not share publicly. Thus, public disclosure of such information may lead to

19   competitive harm as Sonos's competitors could use these details regarding the architecture,

20   functionality, and processes of these products to gain a competitive advantage in the marketplace

21   with respect to their competing products. A less restrictive alternative than sealing said

22   documents would not be sufficient because the information sought to be sealed is Sonos's

23   confidential business information and trade secrets and Google contends that this information is

24   necessary to Google's Motion. *See* Declaration of Jocelyn Ma in Support of Google LLC's

25   Administrative Motion to Seal, ¶¶ 4 and 5 (Dkt. 482-1).

26        7.   The entirety of Exhibits 9 and 13 reference and contain Sonos's confidential business

27   information and trade secrets, including details regarding the architecture, technical operation of

28

1  various products and research and development processes.  The specifics of how these
2  functionalities and processes operate is confidential information that Sonos does not share
3  publicly.  Thus, public disclosure of such information may lead to competitive harm as Sonos's
4  competitors could use these details regarding the architecture, functionality, and processes of
5  these products to gain a competitive advantage in the marketplace with respect to their competing
6  products.  A less restrictive alternative than sealing said documents would not be sufficient
7  because the information sought to be sealed is Sonos's confidential business information and
8  trade secrets and Google contends that this information is necessary to Google's Motion.  *See*
9  Declaration of Jocelyn Ma in Support of Google LLC's Administrative Motion to Seal, ¶¶ 4 and 5
10 (Dkt. 482-1).

11    8.   Sonos's request is narrowly tailored to protect its confidential information.
12    9.   Sonos's unredacted and highlighted versions of Exhibits 1, 6 and 8 accompany this
13 declaration.  Redacted versions may be filed once Google's Administrative Motion is ruled on.

14    I declare under penalty of perjury that the foregoing is true and correct to the best of my
15 knowledge. Executed this 13th day of February, 2023 in Chicago, Illinois.

                                                       */s/ Cole B. Richter*
                                                       COLE B. RICHTER

3

DECL. OF RICHTER ISO GOOGLE'S ADMIN. MOTION TO
CONSIDER WHETHER ANOTHER PARTY'S MATERIAL
SHOULD BE SEALED (DKT. 484)
3:20-CV-06754-WHA