CLEMENT SETH ROBERTS (SBN 209203)
croberts@orrick.com
BAS DE BLANK (SBN 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (SBN 260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

SEAN M. SULLIVAN (*pro hac vice*)
sullivan@ls3ip.com
COLE RICHTER (*pro hac vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:    +1 312 754 0002
Facsimile:    +1 312 754 0003

*Attorneys for Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>　　　Plaintiff and Counter-defendant,<br><br>　　v.<br><br>SONOS, INC.,<br><br>　　　Defendant and Counter-claimant. | Case No. 3:20-cv-06754-WHA<br>Related to Case No. 3:21-cv-07559-WHA<br><br>**SONOS, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL RE DKT. 484 (GOOGLE'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED)** |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Sonos, Inc. ("Sonos") hereby respectfully submits this Administrative Motion To File Under Seal Re Dkt. 484 (Google's Administrative Motion To Consider Whether Another Party's Material Should Be Sealed) ("Sonos's Administrative Motion") in connection with Google's Administrative Motion to Consider Whether Another Party's Material Should be Sealed filed on February 7, 2023 (Dkt. 484) ("Administrative Motion to Consider"), in connection with Google LLC's Motion for Summary Judgment ("Motion"). Specifically, Sonos seeks to file under seal the information and/or document(s) listed below:

| Document | Portions Google Sought to Be Filed Under Seal | Portions Sonos Seeks to Be Filed Under Seal | Designating Party |
|---|---|---|---|
| Exhibit 1 to Motion | Entire document | Portions highlighted in blue[1] | Sonos |
| Exhibit 6 to Motion | Entire document | Portions highlighted in blue | Sonos |
| Exhibit 8 to Motion | Entire document | Portions highlighted in blue | Sonos |

## II. BACKGROUND

On February 7, 2023, Google filed an Administrative Motion to Consider whether Sonos's material should be sealed (Dkt. 484). In the Administrative Motion to Consider, Google sought to seal portions of its summary judgment motion, and the entirety of Exhibits 1-3, 6, 8, 9, 13, 14, 19 and 21. Further, Google submitted unredacted versions of the exhibits in their entirety with its Administrative Motion to Consider. Declaration of Cole B. Richter in Support of Sonos's Administrative Motion to File Under Seal Re Dkt. 484 (Decl. of Richter ISO Sonos's Admin. Mot."), ¶ 3. The deadline to file a response to Administrative Motion to Consider is February 14. On February 13, Sonos filed the Declaration of Cole B. Richter in Support of Google's Administrative Motion to Consider addressing in full Google's Administrative Motion to Consider (Dkt. 494). Specifically, Sonos's counsel stated that it had identified portions of Exhibits 1, 6 and 8, that should remain sealed and further prepared unredacted highlighted

---

[1] The portions outlined in red boxes in Exhibit 1 were identified and prepared by Google. See Dkt. 482 (Google's Administrative Motion).

1  versions to submit under seal with its declaration (Dkt. 494, ¶¶ 3, 6, and 9).  Decl. of Richter ISO
2  Sonos's Admin. Mot., ¶ 4.  On February 13, Sonos attempted to submit the unredacted
3  highlighted versions under seal by utilizing the CM/ECF available event "Attachment to an
4  Administrative Motion to File Under Seal."  That event did not permit Sonos to proceed because
5  it required Sonos to link to a previously filed administrative motion, and Google's Administrative
6  Motion to Consider at Dkt. 484 was not available in the drop-down list.  Decl. of Richter ISO
7  Sonos's Admin. Mot., ¶ 5.  On February 14, Sonos's counsel's staff called the CM/ECF Help
8  Desk and spoke to both a CM/ECF clerk and a supervisor.  They both confirmed and advised that
9  Sonos needed to file the instant administrative motion to submit unredacted highlighted versions
10 under seal, because CM/ECF would not permit Sonos to link the filing of those exhibits to Dkt.
11 484.  Therefore, this Administrative Motion, is hereby filed for the purpose of submitting
12 unredacted highlighted exhibits in connection with the Declaration of Cole B. Richter, Dkt. 494,
13 addressing Google's Administrative Motion to Consider, Dkt. 484.  Decl. of Richter ISO Sonos's
14 Admin. Mot., ¶ 6.

**III.    LEGAL STANDARD**

Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable").  *See* Civil L.R. 79-5(b).  The sealing request must also "be narrowly tailored to seek sealing only of sealable material."  *Id*.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mutual Auto. Insurance Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

The Ninth Circuit has recognized that two different standards may apply to a request to seal a document – namely the "compelling reasons" standard or the "good cause" standard. *Blessing v. Plex Sys., Inc.*, No. 21-CV-05951-PJH, 2021 WL 6064006, at *12 (N.D. Cal. Dec. 22,

1   2021) (citing *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir.

2   2016)).  The compelling reasons standard applies to any sealing request made in connection with

3   a motion that is "more than tangentially related to the merits of a case." *Id.*  A party seeking to

4   seal materials submitted with a motion that is "more than tangentially related to the merits of the

5   case" must demonstrate that there are "compelling reasons" to keep the documents under seal.

6   *WhatsApp Inc. v. NSO Grp. Techs. Ltd.*, 491 F. Supp. 3d 584, 596 (N.D. Cal. 2020) (citing *Ctr.*

7   *for Auto Safety*, 809 F. 3d at 1101-1102).  What constitutes a compelling reason is left to the

8   "sound discretion of the trial court." *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon*, 435

9   U.S. at 599).

10          Under the compelling reasons standard, "a court may seal a record only if it finds a

11  'compelling reason' to support such treatment." *Blessing,* 2021 WL 6064006, at *12.  In applying

12  the "compelling reasons" standard, the Ninth Circuit has found appropriate the sealing of

13  documents where court records could be used "as sources of business information that might

14  harm a litigant's competitive standing." *See Ctr. for Auto Safety*, 809 F.3d at 1097.  "Confidential

15  business information in the form of 'license agreements, financial terms, details of confidential

16  licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard."

17  *Hetland v. LendingTree*, *LLC,* No. 19-CV-02288-JSC, 2021 WL 2313386, at *1 (N.D. Cal. May

18  3, 2021) (quoting *Exeltis USA Inc. v. First Databank, Inc.*, Case No. 17-cv-04810-HSG, 2020

19  WL 2838812, at *1 (N.D. Cal. June 1, 2020)).

20  **IV.    THE COURT SHOULD SEAL SONOS'S CONFIDENTIAL MATERIAL**

21          The portions highlighted in blue in Exhibits 1, 6, and 8 reference and contain Sonos's

22  confidential business information and trade secrets, including details regarding the source code,

23  architecture, technical operation of various products and research and development processes.

24  The specifics of how these functionalities and processes operate is confidential information that

25  Sonos does not share publicly.  Thus, public disclosure of such information may lead to

26  competitive harm as Sonos's competitors could use these details regarding the architecture,

27  functionality, and processes of these products to gain a competitive advantage in the marketplace

28  with respect to their competing products.  A less restrictive alternative than sealing said

documents would not be sufficient because the information sought to be sealed is Sonos's confidential business information and trade secrets and Google contends that this information is necessary to Google's Motion.  *See* Declaration of Jocelyn Ma in Support of Google LLC's Administrative Motion to Seal, ¶¶ 4 and 5 (Dkt. 482-1).  *See* Decl. of Richter ISO Sonos's Admin. Mot., ¶ 7.

**V.    CONCLUSION**

In compliance with Civil Local Rule 79-5, unredacted versions of the above-listed documents accompany this Administrative Motion.  Redacted versions may be submitted at a later date because Google's Administrative Motion to Consider sought to seal the entirety of the exhibits and Sonos seeks to seal only a portion.  A ruling on Google's Administrative Motion to Consider at Dkt. 484 is necessary before public versions can be filed.  A proposed order is being filed concurrently herewith.  For the foregoing reasons, Sonos respectfully requests that the Court grant Sonos's Administrative Motion.

Dated:  February 14, 2023

ORRICK HERRINGTON & SUTCLIFFE LLP
*and*
LEE SULLIVAN SHEA & SMITH LLP

By: */s/ Cole B. Richter*
        Cole B. Richter

*Attorneys for Sonos, Inc.*