CLEMENT SETH ROBERTS (SBN 209203)
croberts@orrick.com
BAS DE BLANK (SBN 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (SBN 260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

SEAN M. SULLIVAN (*pro hac vice*)
sullivan@ls3ip.com
MICHAEL P. BOYEA (*pro hac vice*)
boyea@ls3ip.com
COLE B. RICHTER (*pro hac vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:    +1 312 754 0002
Facsimile:    +1 312 754 0003

*Attorneys for Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>　　　　Plaintiff and Counterdefendant,<br><br>　　v.<br><br>SONOS, INC.,<br><br>　　　　Defendant and Counterclaimant. | Case No. 3:20-cv-06754-WHA<br>Related to Case No. 3:21-cv-07559-WHA<br><br>**DECLARATION OF COLE B. RICHTER IN SUPPORT OF SONOS, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL RE DKT. 484 (GOOGLE'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED)** |

I, Cole B. Richter, declare as follows and would so testify under oath if called upon to do so:

1. I am an attorney with the law firm of Lee Sullivan Shea & Smith LLP, counsel of record to Sonos, Inc. ("Sonos") in the above-captioned matter. I am a member in good standing of the Bar of the State of Illinois. I have been admitted *pro hac vice* in this matter. I make this declaration based on my personal knowledge, unless otherwise noted. If called, I can and will testify competently to the matters set forth herein.

2. I make this declaration in support of Sonos, Inc.'s Administrative Motion To File Under Seal Re Dkt. 484 (Google's Administrative Motion To Consider Whether Another Party's Material Should Be Sealed) ("Sonos's Administrative Motion").

3. On February 7, 2023, Google filed an Administrative Motion to Consider whether Sonos's material should be sealed (Dkt. 484). In the Administrative Motion to Consider, Google sought to seal portions of its summary judgment motion, and the entirety of Exhibits 1-3, 6, 8, 9, 13, 14, 19 and 21. Further, Google submitted unredacted versions of the exhibits in their entirety with its Administrative Motion to Consider.

4. On February 13, Sonos filed the Declaration of Cole B. Richter in Support of Google's Administrative Motion to Consider addressing in full Google's Administrative Motion to Consider (Dkt. 494). Specifically, Sonos's counsel stated that it had identified portions of Exhibits 1, 6 and 8, that should remain sealed and further prepared unredacted highlighted versions under seal to submit with its declaration. (Dkt. 494, ¶¶ 3, 6, and 9).

5. On February 13, Sonos attempted to submit the unredacted highlighted versions under seal by utilizing the CM/ECF available event "Attachment to an Administrative Motion to File Under Seal." That event did not permit Sonos to proceed because it required Sonos to link to a previously filed administrative motion, and Google's Administrative Motion to Consider at Dkt. 484 was not available in the drop-down list.

6. On February 14, Sonos's counsel's staff called the CM/ECF Help Desk and spoke to both a CM/ECF clerk and a supervisor. They both confirmed and advised that Sonos needed to file the instant administrative motion to submit unredacted highlighted versions under seal,

1  because CM/ECF would not permit Sonos to link the filing of those exhibits to Dkt. 484.
2  Therefore, Sonos's Administrative Motion is filed for the purpose of submitting unredacted
3  highlighted exhibits in connection with the Declaration of Cole B. Richter, Dkt. 494, addressing
4  Google's Administrative Motion to Consider, Dkt. 484.

7.  The portions highlighted in blue in Exhibits 1, 6, and 8 reference and contain Sonos's confidential business information and trade secrets, including details regarding the source code, architecture, technical operation of various products and research and development processes. The specifics of how these functionalities and processes operate is confidential information that Sonos does not share publicly. Thus, public disclosure of such information may lead to competitive harm as Sonos's competitors could use these details regarding the architecture, functionality, and processes of these products to gain a competitive advantage in the marketplace with respect to their competing products. A less restrictive alternative than sealing said documents would not be sufficient because the information sought to be sealed is Sonos's confidential business information and trade secrets and Google contends that this information is necessary to Google's Motion. *See* Declaration of Jocelyn Ma in Support of Google LLC's Administrative Motion to Seal, ¶¶ 4 and 5 (Dkt. 482-1).

8.  Sonos's request is narrowly tailored to protect its confidential information.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this 14th day of February, 2023 in Chicago, Illinois.

                                                */s/ Cole B. Richter*
                                                COLE B. RICHTER