CLEMENT SETH ROBERTS (SBN 209203)
croberts@orrick.com
BAS DE BLANK (SBN 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (SBN 260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

SEAN M. SULLIVAN (*pro hac vice*)
sullivan@ls3ip.com
MICHAEL P. BOYEA (*pro hac vice*)
boyea@ls3ip.com
COLE B. RICHTER (*pro hac vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:    +1 312 754 0002
Facsimile:    +1 312 754 0003

*Attorneys for Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>　　　　Plaintiff and Counterdefendant,<br><br>　　v.<br><br>SONOS, INC.,<br><br>　　　　Defendant and Counterclaimant. | Case No. 3:20-cv-06754-WHA<br>Related to Case No. 3:21-cv-07559-WHA<br><br>**DECLARATION OF COLE B. RICHTER IN SUPPORT OF GOOGLE'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. 490)** |

1. I, Cole B. Richter, declare as follows and would so testify under oath if called upon to do so:

2. 1. I am an attorney with the law firm of Lee Sullivan Shea & Smith LLP, counsel of record to Sonos, Inc. ("Sonos") in the above-captioned matter. I am a member in good standing of the Bar of the State of Illinois. I have been admitted *pro hac vice* in this matter. I make this declaration based on my personal knowledge, unless otherwise noted. If called, I can and will testify competently to the matters set forth herein.

3. 2. I make this declaration in support of Google's Administrative Motion to Consider Whether Another Party's Material Should be Sealed filed on February 10, 2023 (Dkt. 490) ("Administrative Motion to Consider"), in connection with Google's Opposition to Sonos's Motion to Strike Portions of Google's Noninfringement Invalidity Expert Reports ("Google's Opposition").

4. 3. Sonos seeks an order sealing the materials as listed below[1]:

| Document | Portions Google Sought to Be Filed Under Seal | Portions Sonos Seeks to Be Filed Under Seal | Designating Party |
|---|---|---|---|
| Exhibit 2 to the Declaration of Marc Kaplan | Entire document | • Text and image at lines 15 – 25 on page 239 of the exhibit (page 7 of the PDF);<br>• Text at lines 1-5 on page 240 of the exhibit (page 8 of the PDF);<br>• Text and image at lines 2–16 on page 241 of the exhibit (page 9 of the PDF). | Sonos |

4. I understand that the Ninth Circuit has recognized two different standards that may apply to a request to seal a document, the "compelling reasons" standard and the "good cause"

---

[1] Google's Administrative Motion to Consider also seeks to seal portions of Google's Oppositions and Exhibits 3, 4, 9, 14-16, 19, 21, and 22-24. Sonos's advises that the aforementioned opposition and exhibits do not contain Sonos confidential information and/or material.

1

DECL. OF RICHTER ISO GOOGLE'S ADMIN. MOTION TO
CONSIDER WHETHER ANOTHER PARTY'S MATERIAL
SHOULD BE SEALED (DKT. 490)
3:20-CV-06754-WHA

1  standard. *Blessing v. Plex Sys., Inc.*, No. 21-CV-05951-PJH, 2021 WL 6064006, at *12 (N.D.

2  Cal. Dec. 22, 2021) (citing *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97

3  (9th Cir. 2016)). The compelling reasons standard applies to any sealing request made in

4  connection with a motion that is "more than tangentially related to the merits of a case." *Id.*

5  Accordingly, I understand courts in this district apply a "compelling reasons" standard to a

6  sealing request made in connection with a motion for summary judgment. *See, e.g.*, *Snapkeys,*

7  *Ltd. v. Google LLC*, No. 19-CV-02658-LHK, 2021 WL 1951250, at *2 (N.D. Cal. May 14, 2021).

8      5.   I further understand that confidential technical information about product features,

9  architecture, and development satisfies the "compelling reason" standard. *See Delphix Corp. v.*

10 *Actifio, Inc.*, No. 13-cv-04613-BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (finding

11 compelling reasons to seal where court filings contained "highly sensitive information regarding

12 [an entity's confidential] product architecture and development"); *Guzik Tech. Enters., Inc. v. W.*

13 *Digital Corp.*, No. 5:11-CV-03786-PSG, 2013 WL 6199629, at *4 (N.D. Cal. Nov. 27, 2013)

14 (sealing exhibit containing "significant references to and discussion regarding the technical

15 features" of a litigant's products). Under this "compelling reasons" standard, the Court should

16 order the above-listed documents sealed.

17     6.   The portions identified in the table above for Exhibit 2, reference and contain Sonos's

18 confidential business information and trade secrets, including details regarding the architecture,

19 technical operation of various products and research and development processes. The specifics of

20 how these functionalities and processes operate is confidential information that Sonos does not

21 share publicly. Thus, public disclosure of such information may lead to competitive harm as

22 Sonos's competitors could use these details regarding the architecture, functionality, and

23 processes of these products to gain a competitive advantage in the marketplace with respect to

24 their competing products. A less restrictive alternative than sealing said documents would not be

25 sufficient because the information sought to be sealed is Sonos's confidential business

26 information and trade secrets and Google contends that this information is necessary to Google's

27

28

Opposition. *See* declaration of Nima Hefazi in support of Google's administrative motion to seal. Dkt. 491-1, ¶ 4.

      7.    Sonos's request is narrowly tailored to protect its confidential information.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this 17th day of February, 2023 in Chicago, Illinois.

                                                           */s/ Cole B. Richter*
                                                          COLE B. RICHTER

3

DECL. OF RICHTER ISO GOOGLE'S ADMIN. MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. 490)
3:20-CV-06754-WHA