1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
      Charles K. Verhoeven (Bar No. 170151)
2     charlesverhoeven@quinnemanuel.com
      Melissa Baily (Bar No. 237649)
3     melissabaily@quinnemanuel.com
      James Judah (Bar No. 257112)
4     jamesjudah@quinnemanuel.com
      Lindsay Cooper (Bar No. 287125)
5     lindsaycooper@quinnemanuel.com
    50 California Street, 22nd Floor
6   San Francisco, California 94111-4788
    Telephone:     (415) 875-6600
7   Facsimile:     (415) 875-6700

8     Marc Kaplan (pro hac vice)
      marckaplan@quinnemanuel.com
9   191 N. Wacker Drive, Ste 2700
    Chicago, Illinois 60606
10  Telephone:     (312) 705-7400
    Facsimile:     (312) 705-7401

11
    *Attorneys for GOOGLE LLC*
12

13                    UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15                       SAN FRANCISCO DIVISION

16  GOOGLE LLC,                           Case No. 3:20-cv-06754-WHA
                                          Related to Case No. 3:21-cv-07559-WHA
17              Plaintiff,
                                          **GOOGLE LLC'S ADMINISTRATIVE**
18         vs.                            **MOTION TO FILE UNDER SEAL**
                                          **PORTIONS OF ITS REPLY IN SUPPORT**
19  SONOS, INC.,                          **OF ITS MOTION TO STRIKE**
                                          **PORTIONS OF THE EXPERT REPORTS**
20              Defendant.                **OF DOUGLAS SCHMIDT**

21

22

23

24

25

26

27

28

## I.    INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiff Google LLC ("Google") hereby requests to file under seal portions of its Reply in Support of its Motion to Strike Portions of the Expert Reports of Douglas Schmidt ("Reply").   Specifically, Google requests an order granting leave to file under seal the portions of the document listed below:

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| Google's Reply | Portions highlighted in yellow and green; portions outlined in red boxes | Google |
| Exhibit 1 to the Declaration of Nima Hefazi in Support of Google's Reply ("Exhibit 1") | Portions outlined in red boxes | Google |
| Exhibit 2 to the Declaration of Nima Hefazi in Support of Google's ("Exhibit 2") | Portions outlined in red boxes | Google |
| Exhibit 3 to the Declaration of Nima Hefazi in Support of Google's Reply ("Exhibit 3") | Portions outlined in red boxes | Google |

## II.    LEGAL STANDARD

Civil Local Rule 79-5(c) provides that a party seeking to file its own documents under seal must file an administrative motion that articulates the applicable legal standard and reasons for keeping a document under seal, includes evidentiary support from a declaration where necessary, and provides a proposed order that is narrowly tailored to seal only the sealable material.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  In the Ninth Circuit, two different standards may apply to a request to seal a document – namely the "compelling reasons" standard or the "good cause" standard.  *Blessing v. Plex Sys., Inc.*, No. 21-CV-05951-PJH, 2021 WL 6064006, at *12 (N.D. Cal. Dec. 22, 2021) (citing *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016)).  "To seal records in connection with a 'dispositive' motion or a motion that 'more than tangentially relate[s] to the merits

1   of a case,' 'compelling reasons supported by specific factual findings that outweigh the general

2   history of access and the public policies favoring disclosure' are required." *Bronson v. Samsung*

3   *Elecs. Am., Inc.*, No. C 18-02300 WHA, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019) (quoting

4   *Kamakana*, 447 F.3d at 1178-79).  "A particularized showing of 'good cause' under Federal Rule

5   of Civil Procedure 26(c), however, suffices to warrant sealing in connection with a non-dispositive

6   motion." *Id.*  This Court has analyzed sealing requests in connection with motions to strike pursuant

7   to the "good cause" standard for non-dispositive motions.  *See, e.g.*, *Mendell v. Am. Med. Response,*

8   *Inc.*, No. 19-CV-01227-BAS-KSC, 2021 WL 398486, at *2 (S.D. Cal. Feb. 3, 2021).

9   **III.    THE COURT SHOULD SEAL GOOGLE'S CONFIDENTIAL INFORMATION**

10          Courts have repeatedly found it appropriate to seal documents that contain "business

11   information that might harm a litigant's competitive standing."  *Nixon*, 435 U.S. at 589-99.  Good

12   cause to seal is shown when a party seeks to seal materials that "contain[ ] confidential information

13   about the operation of [the party's] products and that public disclosure could harm [the party] by

14   disclosing confidential technical information."  *Digital Reg. of Texas, LLC v. Adobe Sys., Inc.*, No.

15   C 12–1971 CW, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014).

16          The portions of Google's Reply highlighted in yellow and green and outlined in red boxes,

17   as well as the portions of Exhibits 1, 2, and 3 outlined in red boxes, contain confidential information

18   and trade secrets regarding highly sensitive features of Google's products.  Specifically, the above-

19   listed documents contain source code for, and detail the operation and system design of, Google

20   products and functionalities that Sonos accuses of infringement and/or that Google believes is prior

21   art.  Public disclosure of this information would harm the competitive standing Google has earned

22   through years of innovation and careful deliberation by revealing sensitive aspects of Google's

23   proprietary systems, strategies, designs, and practices to Google's competitors.  Declaration of Nima

24   Hefazi in Support of Google's Administrative Motion ¶ 4.  Thus, Google has good cause to keep

25   such information under seal.  *See, e.g.*, *Guzik Tech. Enterprises, Inc. v. W. Digital Corp.*, No. 5:11-

26   CV-03786-PSG, 2013 WL 6199629, at *4 (N.D. Cal. Nov. 27, 2013) (sealing exhibit containing

27   "significant references to and discussion regarding the technical features" of a litigant's products).

28   *Cf.  See e.g.*, *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12–cv–03844–JST, 2015

1   WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) (materials that detail product architecture are even

2   "appropriately sealable under the 'compelling reasons' standard where that information could be

3   used to the company's competitive disadvantage") (citation omitted); *Delphix Corp. v. Actifo, Inc.*,

4   No. 13-cv-04613-BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (finding compelling

5   reasons to seal where court filings contained "highly sensitive information regarding [an entity's

6   confidential] product architecture and development").

## IV.   CONCLUSION

8         For the foregoing reasons, Google respectfully requests that the Court grant Google's

9   Administrative Motion to File Under Seal Portions of its Reply in Support of its Motion to Strike

10  Portions of the Expert Reports of Douglas Schmidt.

12   DATED:  February 17, 2023            QUINN EMANUEL URQUHART & SULLIVAN, LLP

                                          By:  ___/s/ Charles K. Verhoeven_____

                                                Charles K. Verhoeven (Bar No. 170151)
                                                charlesverhoeven@quinnemanuel.com
                                                Melissa Baily (Bar No. 237649)
                                                melissabaily@quinnemanuel.com
                                                James Judah (Bar No. 257112)
                                                jamesjudah@quinnemanuel.com
                                                Lindsay Cooper (Bar No. 287125)
                                                lindsaycooper@quinnemanuel.com
                                          50 California Street, 22nd Floor
                                          San Francisco, California 94111-4788
                                          Telephone:     (415) 875-6600
                                          Facsimile:     (415) 875-6700

                                                Marc Kaplan *(pro hac vice)*
                                                marckaplan@quinnemanuel.com
                                          191 N. Wacker Drive, Ste 2700
                                          Chicago, Illinois 60606
                                          Telephone:     (312) 705-7400
                                          Facsimile:     (312) 705-7401

                                          *Attorneys for GOOGLE LLC*

1

## **<u>ATTESTATION</u>**

2      Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that,

3 on February 17, 2023, all counsel of record who have appeared in this case are being served with a

4 copy of the foregoing via the Court's CM/ECF system and email.

5

6   DATED:  February 17, 2023

7                           By:    */s/ Charles K. Verhoeven*

8                                  Charles K. Verhoeven

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS REPLY IN SUPPORT OF
ITS MOTION TO STRIKE PORTIONS OF THE EXPERT REPORTS OF DOUGLAS SCHMIDT