QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  James Judah (Bar No. 257112)
  jamesjudah@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

  Marc Kaplan *(pro hac vice)*
  marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone:     (312) 705-7400
Facsimile:     (312) 705-7401

*Attorneys for Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| GOOGLE LLC, | CASE NO. 3:20-cv-06754-WHA |
|---|---|
| Plaintiff, | Related to CASE NO. 3:21-cv-07559-WHA |
| vs. | **DECLARATION OF JOCELYN MA IN SUPPORT OF SONOS, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. NO. 488)** |
| SONOS, INC., | |
| Defendant. | |

I, Jocelyn Ma, declare and state as follows:

1. I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate at Quinn Emanuel Urquhart & Sullivan LLP representing Google LLC ("Google") in this matter. I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2. I make this declaration in support of Sonos, Inc.'s ("Sonos") Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("Administrative Motion") (Dkt. 488) filed in connection with Sonos, Inc.'s ("Sonos") Opposition To Google's Motion To Strike Expert Reports (Dkt. 487, "Sonos's Opposition"). If called as a witness, I could and would testify competently to the information contained herein.

3. Google seeks an order sealing the materials as listed below:

| Document | Portions Sonos Sought to Be Filed Under Seal | Portions Google Seeks to Be Filed Under Seal | Designating Party |
|---|---|---|---|
| Sonos's Opposition | Portions highlighted in yellow and green boxes | Portions outlined in red boxes | Google |
| Exhibit 1 to the Declaration of Cole Richter in Support of Opposition ("Decl. of Richter") | Entire document | Portions outlined in red boxes | Google |
| Exhibit 2 to Decl. of Richter | Entire document | Portions outlined in red boxes | Google |
| Exhibit 3 to Decl. of Richter | Entire document | Portions outlined in red boxes | Google |
| Exhibit 4 to Decl. of Richter | Entire document | Portions outlined in red boxes | Google |
| Exhibit 5 to Decl. of Richter | Entire document | Portions outlined in red boxes | Google |
| Exhibit 6 to Decl. of Richter | Entire document | Portions outlined in red boxes | Google |
| Exhibit 7 to Decl. of Richter | Entire document | Portions outlined in red boxes | Google |
| Exhibit 8 to Decl. of Richter | Entire document | Entire document | Google |

| | | | |
|---|---|---|---|
| Exhibit 9 to Decl. of Richter | Entire document | Entire document | Google |
| Exhibit 10 to Decl. of Richter | Entire document | Portions outlined in red boxes | Google |
| Exhibit 11 to Decl. of Richter | Entire document | Portions outlined in red boxes | Google |

4. I understand that the Court analyzes sealing requests in connection with motions to strike pursuant to the "good cause" standard for non-dispositive motions. *See, e.g.*, *Mendell v. Am. Med. Response, Inc.*, No. 19-CV-01227-BAS-KSC, 2021 WL 398486, at *2 (S.D. Cal. Feb. 3, 2021). I further understand that courts have found it appropriate to seal documents that contain "business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 589-99 (1978).

5. The portions of Sonos's Opposition and Exhibits 1, 2, 3, 4, 5, 6, 7, 10, and 11 outlined in red boxes contain references to Google's confidential business information and trade secrets, including details regarding the architecture and technical operation of Google's products. The specifics of how these functionalities operate is confidential information that Google does not share publicly. Thus, I understand that the public disclosure of such information could lead to competitive harm to Google, as competitors could use these details regarding the architecture and functionality of Google's products to gain a competitive advantage in the marketplace with respect to their competing products. Google has therefore designated this information as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY under the protective order (Dkt. No. 92). Although Sonos's Administrative motion sought to seal the yellow highlighted portions of Sonos's opposition and the entirety of Exhibits 1, 2, 3, 4, 5, 6, 7, 10, and 11, Google only seeks to seal the portions outlined in red in the unredacted versions of these documents filed in connection with this Declaration. A less restrictive alternative would not be sufficient because the information sought to be sealed is Google's confidential business information and trade secrets but has been utilized by the Sonos in support of its Opposition.

6. Exhibits 8 and 9 contain references to Google's confidential business information and trade secrets, including details regarding the architecture and technical operation of Google's

products.  The specifics of how these functionalities operate is confidential information that Google does not share publicly.  Thus, I understand that the public disclosure of such information could lead to competitive harm to Google, as competitors could use these details regarding the architecture and functionality of Google's products to gain a competitive advantage in the marketplace with respect to their competing products.  Google has therefore designated this information as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY under the protective order (Dkt. No. 92).  A less restrictive alternative than sealing would not be sufficient because the information sought to be sealed is Google's confidential business information and trade secrets but has been utilized by the Sonos in support of its Opposition.

     I declare under penalty of perjury under the laws of the United States of America that to the best of my knowledge the foregoing is true and correct.  Executed on February 17, 2023, in San Francisco, California.

DATED:  February 17, 2023

By:   */s/ Jocelyn Ma*
       Jocelyn Ma