# EXHIBIT 11

# FILED UNDER SEAL

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Charles K. Verhoeven (Bar No. 170151)
2    charlesverhoeven@quinnemanuel.com
     Melissa Baily (Bar No. 237649)
3    melissabaily@quinnemanuel.com
     Lindsay Cooper (Bar No. 287125)
4    lindsaycooper@quinnemanuel.com
   50 California Street, 22nd Floor
5  San Francisco, California 94111-4788
   Telephone: (415) 875-6600
6  Facsimile: (415) 875-6700

7  Attorneys for GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>  Plaintiff<br><br>  v.<br><br>SONOS, INC.,<br><br>  Defendant. | Case No. 3:20-cv-06754-WHA |

**GOOGLE LLC'S THIRD SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF SONOS, INC.'S FIRST SET OF FACT DISCOVERY INTERROGATORIES (NO. 15)**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Google LLC ("Google") hereby objects and responds to Plaintiff Sonos, Inc.'s ("Sonos") First Set of Fact Discovery Interrogatories to Defendant ("Interrogatories"). Google responds to these Interrogatories based on its current understanding and the information reasonably available to Google at the present time. Google reserves the right to supplement these responses if and when additional information becomes available.

**OBJECTIONS AND RESPONSES TO FACT DISCOVERY INTERROGATORIES**

**INTERROGATORY NO. 15:**

For each of the YouTube, YouTube Music, YouTube TV, Google Play Music, Google Podcasts, and Spotify media services, describe in detail how an Accused Google Product (e.g., an Accused Cast-Enabled Media Player or Accused Pixel Device) receives and then plays back a sequence of media items (e.g., songs, podcast episodes, etc.) in connection with a given one of the aforementioned media services including, but not limited to, (i) describing in detail any communications between the Accused Google Product and any web server (e.g., Accused Google Server or third-party server) and how such communications take place, (ii) describing in detail how any Accused Google Server generates, maintains, and/or updates a set of one or more media-item "recommendations"[1] that are sent to the Accused Google Product and how those "recommendations" are sent to the Accused Google Product, and (iii) describing in detail how any Accused Google Server facilitates Google's "Autoplay feature"[2] for playback at the Accused Google Product and how the "Autoplay feature" is utilized at the Accused Google Product.

**OBJECTIONS:** Google incorporates by reference all of its General Objections as if fully set forth herein. Google objects to the characterization of this interrogatory as a single interrogatory given that it contains multiple discrete subparts under Fed. R. Civ. P. 33(a)(1). Google objects to this interrogatory on the grounds that it is vague, ambiguous, unclear as to information sought, and lacking sufficient particularity to permit Google to reasonably prepare a response with respect to the undefined terms "receives and then plays back a sequence of media items," "in connection with a given one of the aforementioned media services," "communications between the Accused Google Product and any web server," "how such communications take place," "generates, maintains and/or updates," "how those 'recommendations' are sent to the Accused Google Product," "how any

---

[1] *See, e.g.*, https://www.youtube.com/howyoutubeworks/product-features/recommendations/; https://support.google.com/youtubemusic/answer/6313542?hl=en; https://support.google.com/websearch/answer/10017274?hl=en&co=GENIE.Platform%3DAndroid#zippy=.

[2] *See, e.g.*, https://support.google.com/youtube/answer/6327615?hl=en&co=GENIE.Platform%3DAndroid; https://support.google.com/websearch/answer/10017274?hl=en&co=GENIE.Platform%3DAndroid#zippy=.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Accused Google Server facilitates Google's 'Autoplay feature' for playback at the Accused Product," and "how the 'Autoplay feature' is utilized at the Accused Google Product." Google further objects to this interrogatory to the extent that it assumes the existence of hypothetical facts that are incorrect or unknown to Google.

Google also objects to this interrogatory as overbroad, burdensome, and not proportional to the needs of the case, including to the extent it seeks information that is not relevant to any claim or defense of any party or to the subject matter of this action, including to the extent that it seeks information regarding non-accused instrumentalities or technology such as "Spotify media services" and "third-party server[s]." Google further objects to this interrogatory as overbroad and unduly burdensome to the extent that it seeks information that is publicly available, not uniquely within the control of Google, or is equally available to Sonos. Google additionally objects to this interrogatory to the extent it seeks communications and information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Google further objects to this interrogatory to the extent it seeks confidential and/or proprietary business information. Google also objects to this interrogatory to the extent that it premature seeks expert discovery, opinion, and/or testimony. Google additionally objects to this interrogatory to the extent it seeks information that is not reasonably accessible or that is not within Google's possession, custody, or control. Google further objects to this interrogatory to the extent it seeks information that is unnecessarily cumulative or duplicative of information sought by other discovery, including Request for Production No. 20.

**RESPONSE:**

Subject to and without waiving the foregoing General and Specific objections, Google responds, as follows:

Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Google further refers Sonos to the source code that Google has made available and the following documents containing information responsive to this interrogatory: GOOG-SONOSWDTX-00005033-53611.

**SUPPLEMENTAL RESPONSE:** Google maintains the General and Specific objections set forth above. Google further objects to this interrogatory on the grounds that it is vague and

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

ambiguous to the extent it seeks information regarding products not specifically identified by make or model number in Sonos's infringement contentions. Google also objects to this interrogatory to the extent it seeks to encompass Spotify, which is a separate, third-party application. Subject to and without waiving the foregoing General and Specific objections, Google responds, as follows:

Google refers Sonos to the source code that Google has made available, which is the best evidence of how the devices operate with respect to the operation of the accused functionalities. Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Google further refers Sonos to the following documents created during product development which may contain information response to this interrogatory: GOOG-SONOSWDTX-00041650, GOOG-SONOSWDTX-00039521, GOOG-SONOSWDTX-00041722, GOOG-SONOSWDTX-00040397, GOOG-SONOSWDTX-00042266, GOOG-SONOSWDTX-00042272, GOOG-SONOSWDTX-00042282, GOOG-SONOSWDTX-00042365, GOOG-SONOSWDTX-00042378, GOOG-SONOSWDTX-00042380, GOOG-SONOSWDTX-00042385, GOOG-SONOSWDTX-00042397, GOOG-SONOSWDTX-00042402, GOOG-SONOSWDTX-00042404, GOOG-SONOSWDTX-00042413, GOOG-SONOSWDTX-00042754, GOOG-SONOSWDTX-00042954, GOOG-SONOSWDTX-00043052, GOOG-SONOSWDTX-00043318, GOOG-SONOSWDTX-00043323, GOOG-SONOSWDTX-00043799-803, GOOG-SONOSWDTX-00043820, GOOG-SONOSWDTX-00051820, GOOG-SONOSWDTX-00051848, GOOG-SONOSWDTX-00051918, GOOG-SONOSWDTX-00051924, GOOG-SONOSWDTX-00051927, GOOG-SONOSWDTX-00052944-71, GOOG-SONOSWDTX-00051608, GOOG-SONOSWDTX-00051943, GOOG-SONOSWDTX-00037978, GOOG-SONOSWDTX-00051947, GOOG-SONOSWDTX-00037634, GOOG-SONOSWDTX-00053379, GOOG-SONOSWDTX-00036998, GOOG-SONOSWDTX-00037178, GOOG-SONOSWDTX-00037042, GOOG-SONOSWDTX-00037081, GOOG-SONOSWDTX-00037220, GOOG-SONOSWDTX-00040331-83, GOOG-SONOSWDTX-00043467, GOOG-SONOSWDTX-00043471, GOOG-SONOSWDTX-00043550, GOOG-SONOSWDTX-00037146, GOOG-SONOSWDTX-00043548, GOOG-SONOSWDTX-00043676, GOOG-

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

SONOSWDTX-00037178; *see also* GOOG-SONOSWDTX-00005033-8471, GOOG-SONOSWDTX-00022175-371, GOOG-SONOSWDTX-00036346-53611.

**SECOND SUPPLEMENTAL RESPONSE:**

Google maintains the General and Specific objections set forth above. Google further objects to this interrogatory on the grounds that it is vague, ambiguous, and overbroad to the extent it seeks information regarding products not specifically identified by make or model number in Sonos's infringement contentions, or that have now been dropped by Sonos (*e.g.*, Podcast). Google also objects to this interrogatory to the extent it seeks to encompass Spotify, which is a separate, third-party application. Subject to and without waiving the foregoing General and Specific objections, Google responds, as follows:

Google fully incorporates herein by reference its responses to Interrogatory No. 14. Google further responds that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

The illustration below provides a simplified view of the general architecture that is employed by devices running MDx applications (e.g., YouTube or YouTube Music):

[REDACTED]

GOOG-SONOSWDTX-00041650. In this diagram, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1 ████████████████████████████████████████████████████████████
2 ████████████████████████████████████████████████████████████
3 ████████████████████████████████████████████████████████████
4 ███████████████████████████████████████
5    ██████████████████████████████████████████████████████
6 ████████████████████████████████████████████████████████████
7 █████████████████████████████████████████████████
8 ████████████████████████████████████████████████████████████
9 ████████████████████████████████████████████████████████████
10 ████████████████████████████████████████████████████████████
11 ████████████████████████████████████████████████████████████
12 ████████████████████████████████████████████████████████████
13 ████████████████████████████████████████████████████████████
14 ████████████████████████████████████████████████████████████
15 ████████████████████████████████████████████████████████████
16 ████████████████████████████████████████████████████████████
17 ████████████████████████████████████████████████████████████
18 ████████████████████████████████████████████████████████████
19 ████████████████████████████████████████████████████████████
20 ████████████████████████████████████████████████████████████
21 ████████████████████████████████████████████████████████████
22 ████████████████████████████████████████████████████████████
23 ████████████████████████████████████████████████████████████
24 ████████████████████████████████████████████████████████████
25 *Id.*
26 ████████████████████████████████████████████████████████████
27 ███████████████████████████ "list" of videoIds ███████████████████████████
28

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**



videoId (i.e., it is no longer a list) ▮▮▮▮▮. *Id.*

As can be seen, the field "videoId" of the ▮▮▮▮▮

An example of a ▮▮▮▮▮

the videoId ▮▮▮▮▮ for example.

Within the YT Main app, if the user has reached the end of a playlist, or there is no other item to play next, the autoplay feature could be used to continue playing content. Specifically, when

1 ██████████████████████████████████████████████████████████

2 ██████████████████████████████████████████████████████████

3 ████████████████████████████████████████████████ YT Music

4 does not enable autoplay.

5       **THIRD SUPPLEMENTAL RESPONSE:** Google maintains the General and Specific
6 objections set forth above. Google further objects to this Interrogatory as compound, irrelevant, and
7 unduly burdensome in that it seeks a response "[f]or each of the YouTube, YouTube Music,
8 YouTube TV, Google Play Music, Google Podcasts, and Spotify Media services." For example,
9 Sonos has dropped the "Google Podcasts" and "Spotify" applications from the case. Further, Sonos
10 accused the Google Play Music application of infringing only its '615 patent, and the Court has now
11 granted summary judgment that the "Google Play Music" application does not infringe the '615
12 patent. Accordingly, Google will limit its response to the "You Tube Music," "YouTube Music,"
13 and YouTube TV applications. Google further objects to this interrogatory as vague, ambiguous,
14 overbroad and unduly burdensome, including as to the phrase "describe in detail how an Accused
15 Google Product (e.g., an Accused Cast-Enabled Media Player or Accused Pixel Device) receives
16 and then plays back a sequence of media items (e.g., songs, podcast episodes, etc.) in connection
17 with a given one of the aforementioned media services." The accused YouTube applications and
18 systems have numerous functionalities and features, involve many different playback scenarios, and
19 are comprised of millions of lines of source code. Google also objects to this interrogatory to the
20 extent Sonos is seeking to shift the burden of proving infringement on to Google. It is Sonos's
21 burden, not Google's to prove infringement. Moreover, Sonos's definition of "Accused Google
22 Product" purports to encompass thousands of different (and unspecified) hardware devices. It is not
23 practical for Google to describe "in detail" every playback scenario for every hardware device.
24 Sonos's infringement contentions are also vague and ambiguous as to the particular functionality
25 that it is accusing. Google will provide a reasonable level of detail regarding how the accused
26 applications playback media based on its current understanding of Sonos's contentions.

27       A Pixel Device running an accused YouTube application allows users to add media items to
28 a playlist on their Pixel Device. For example, the images below are of a YouTube Music application

playing a playlist containing three songs ("The Best of Ben E. King", "Stand by Me", and "Just the Two of Us") on the Pixel Device. Image 1 shows the currently playing song. Images 2 and 3 show a toggle button that can be used by the user to enable or disable "Autoplay." In Image 2, Autoplay is turned off. In Image 3, Autoplay is turned on and additional recommended media items (*e.g.*, "Just the Two of Us," "Somewhere Over the Rainbow," etc.) are displayed below the toggle button. When the user created playlist is exhausted, the Pixel Device will begin playing Autoplay items.

| Image 1 | Image 2 | Image 3 |
|---|---|---|
| |  |  |

Sticking with the above example, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ The user-editable list initially contains information for the three songs ("The Best of Ben E. King", "Stand by Me", and "Just the Two of Us") in the above example. The Autoplay List contains information for the Autoplay items that follow (e.g., "Just the Two of Us," "Somewhere Over the Rainbow," etc.). The user-editable and Autoplay lists are stored locally on the Pixel Device as ▓▓▓▓▓▓▓▓▓▓▓▓. After the Pixel Device exhausts playback of the user editable list, the first media item in the Autoplay list is added to the user editable list and selected for playback. A user may also select an Autoplay List item at any time, ▓▓▓▓▓▓▓▓▓

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1 ███████████████████████████████████████████████████████████████
2 ████████████████████████████████ For instance, if the user selects "Somewhere Over the
3 Rainbow," then that item and the previous item in the Autoplay List (i.e., "Just the Two of Us") are
4 ███████████████████████████████████████████████████████████████
5 ████████
6         The Pixel Device communicates with a ██████████████████████████████
7 ███████████████████████████████████████████████████████████████
8 ██ ████████████████████████ ██ ████████████████████
9 ███████████████████████████████████████████████████████████████
10 ███████████████████████████████████████████████████████████████
11 ███████████████████████████████████████████████████████████████
12 ███████████████████████████████████████████████████████████████
13 ███████████████████████████████████████████████████████████████
14 ███████████████████████████████████████████████████████████████
15 ███████████████████████████████████████████████████████████████
16 ███████████████████████████████████████████████████████████████
17 █████████████████████████████████████████████████████
18     ███████████████████████████████████████████████████████████
19     ██████████████████████████ example, in addition ████████████
20 ███████████████████████████████████████████████████████████████
21 ███████████████████████████████████████████████████████████████
22 ███████████████████████████████████████████████████████████████

─────────────────────
24 [3] ████████████████████████████████████
25 [4] ████████████████████████████████████
26 [5] ███████████████████████████████████████████████████████████
27 ███████████████████████████████████████████████████████████████
28 ███████████████████████████████████████████████████████████████

1. ███████████████████████████████████████████████
2. ███████████████████████████████████████████████
3. ███████████████████████████████████████████████
4. ███████████████████████████████████████████████
5. ███████████████████████████████████████████████
6. ███████████████████████████████████████████████
7. ███████████████████████████████████████████████
8. ███ *See also* 7-27-2022 Bhattacharjee Rebuttal Rpt., ¶¶94-100.
9. A Pixel Device may also cast music for playback on a receiver device. When casting, the
10. accused receiver device will playback a cloud queue. █████████████
11. ███████████████████████████████████████████████
12. ███████████████████████████████████████████████
13. ███████████████████████████████████████████████
14. ███████████████████████████████████████████████
15. ███████████████████████████████████████████████
16. ███████████████████████████████████████████████
17. ███████████████████████████████████████████████
18. ███████████████████████████████████████████████
19. ███████████████████████████████████████████████
20. ███████████████████████████████████████████████
21. ███████████████████████████████████████████████
22. ███████████████████████████████████████████████
23. ████████████████████████████████████. *See also* 7-
24. 27-2022 Bhattacharjee Rebuttal Rpt., ¶88. ███████████████

---

[6] ███████████████████████████████████████

1  ███████████████████████████████████████████████████████████
2  ████████████████████████████████████
3       After ████████████████████████████████████████████████
4  ███████████████████████████████████████████████████████████
5  ██████████  ███████████████████  █████████████████████████
6  █████ █████ █████ ███    videoID    █ █████ █████ █████ ████
7  ███████████████████████████████████████████████████████████
8  █████ MDx ████████████████████████████████████████████ is
9  █████ █ █████ ██████████ █████ █████ █████████████████████
10 ███████████████ █████ █████ ████████████████████ █████ ████
11 ████████████████████████████████████ █████ █████████████████
12 ███████████████████████████████████████████████████████████
13 ███████████████████████████████████████████████████████████
14 ███████████████████████████████████████████████████████████
15 ██████████████████████   videoId   █████████████████████████
16 ███████████████████████████████████████████████████████████
17 ███████████████████████████████████████████████████████████
18 ███████████████████████████████████████████████████████████
19 ███████████████     *See also* 7-27-2022 Bhattacharjee Rebuttal Rpt., ¶¶90-92.

---

[7] ████████████████████████████████████████████████████
████████████████████

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

DATED: November 3, 2022

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: _/s/ Charles K. Verhoeven_
Charles K. Verhoeven (*pro hac vice*)
charlesverhoeven@quinnemanuel.com
Melissa Baily (*pro hac vice*)
melissabaily@quinnemanuel.com
Lindsay Cooper (*pro hac vice*)
lindsaycooper@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:  (415) 875 6600
Facsimile:  (415) 875 6700

*Counsel for Defendant Google LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via email on November 3, 2022.

_/s/ Nima Hefazi_
Nima Hefazi