# EXHIBIT Q

1  Clement S. Roberts (SBN 209203)
   *croberts@orrick.com*
2  ORRICK HERRINGTON & SUTCLIFFE LLP
   405 Howard Street
3  San Francisco, CA 94105
   Tel: (415) 773-5700 -- Fax: (415) 773-5759
4

5  Alyssa Caridis (SBN 260103)
   *acaridis@orrick.com*
6  ORRICK HERRINGTON & SUTCLIFFE LLP
   777 South Figueroa Street, Suite 3200
7  Los Angeles, CA 90017
   Tel: (213) 629-2020 -- Fax: (213) 612-2499
8

9  George I. Lee
   *lee@ls3ip.com*
10 Sean M. Sullivan
   *sullivan@ls3ip.com*
11 Rory P. Shea
   *shea@ls3ip.com*
12 J. Dan Smith
   *smith@ls3ip.com*
13 Michael P. Boyea
   *boyea@ls3ip.com*
14 Cole B. Richter
   *richter@ls3ip.com*
15 LEE SULLIVAN SHEA & SMITH LLP
   656 W Randolph St, Floor 5W
16 Chicago, IL 60661
   Tel: (312) 754-0002 -- Fax: (312) 754-0003
17

18 *Attorneys for Sonos, Inc.*

19

20 ### UNITED STATES DISTRICT COURT
   ### FOR THE NORTHERN DISTRICT OF CALIFORNIA

21 | GOOGLE LLC, | Case No. 3:20-cv-6754 |

22 |              | |

           *Plaintiff,*

23 |              | **SONOS, INC.'S FOURTH** |
                    **SUPPLEMENTAL RESPONSES AND**
         v.         **OBJECTIONS TO GOOGLE'S FIRST**
24                  **SET OF INTERROGATORIES [1-20]**

25 SONOS, INC.,

26          *Defendant.*      Judge: Hon. William Alsup
                              Complaint Filed: September 28, 2020

27

28

in this case.  At a minimum, this knowledge and repeated and persistent disclosure establishes that Google was, for some time periods, at least willfully blind to the fact that the asserted patents existed and, for other time periods, had actual knowledge of the existence of the asserted patents.  Further, this knowledge and repeated and persistent disclosure establishes that Google, for some time periods, had at least failed to investigate whether it infringed the asserted patents despite the existence of a high risk of infringement and, for other time periods, had actual knowledge of a credible and specific allegation of infringement of the asserted patents.

Sonos also incorporates by reference Google's response to Sonos's interrogatory no. 1.

Additionally, pursuant to Fed. R. Civ. P. Rule 33(d), Sonos will produce documents from which further information sought in this Interrogatory may be derived.  *See, e.g.,* SONOS-SVG2-00043287; SONOS-SVG2-00043288-383; SONOS-SVG2-00043435-496; SONOS-SVG2-00043164-166; SONOS-SVG2-00043167-199; SONOS-SVG2-00043200; SONOS-SVG2-00043201-202; SONOS-SVG2-00043203-204; SONOS-SVG2-00043205-286; SONOS-SVG2-00043384-387; SONOS-SVG2-00043388-391; SONOS-SVG2-00043392-411; SONOS-SVG2-00043412-419; SONOS-SVG2-00043420-434; SONOS-SVG2-00043497-541; SONOS-SVG2-00043542-577; SONOS-SVG2-00043578-604; SONOS-SVG2-00043605-638; SONOS-SVG2-00043639-680; SONOS-SVG2-00043681-684; SONOS-SVG2-00043685-687; SONOS-SVG2-00043688; SONOS-SVG2-00043689-742; SONOS-SVG2-00043743; SONOS-SVG2-00043744-745; SONOS-SVG2-00043746-766; SONOS-SVG2-00043767; SONOS-SVG2-00043768; SONOS-SVG2-00043769-806; SONOS-SVG2-00043807; SONOS-SVG2-00043808-812.

Sonos reserves the right to revise, correct, add to, supplement, or clarify its response to this Interrogatory as additional information is discovered and/or becomes available.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14 (11/8/2022)**

Sonos incorporates by reference its response and objections above.  Sonos further responds as follows:

In addition to the foregoing, Google's infringement of the '885 patent has been willful for

at least the reason that Google has continued to infringe and has not changed the functionality

that was found to infringe.  For instance, on July 21, 2022, the Court determined that Google had

infringed the '885 patent and entered summary judgment of infringement in Sonos's favor.  Dkt.

309.   Additionally, on October 18, 2022, the Court entered summary judgment in favor of Sonos

as to the validity of the '885 patent.  Dkt. 382.  Since the Court entered summary judgment of

infringement in favor of Sonos, Google has not changed the zone scene functionality that the

Court determined was infringing.  Accordingly, since at least as early as July 21, 2022 (and no

later than October 18, 2022), Google has willfully infringed the '885 patent and continues to

willfully infringe the '885 to this day.

Sonos incorporates by reference its Third Amended Complaint and its operative Answer

to Google's Declaratory Judgment Complaint.

Sonos reserves the right to revise, correct, add to, supplement, or clarify its response to

this Interrogatory as additional information is discovered and/or becomes available.

**INTERROGATORY NO. 15**

*Separately for each asserted claim of the Asserted Patents, set forth the complete basis*
*for any contention that Google indirectly infringes such claim, including by identifying all*
*documents supporting that contention.*

**RESPONSE TO INTERROGATORY NO. 15**

Sonos objects to this interrogatory as overbroad, unduly burdensome, and not reasonably

proportional to the needs of the case insofar as it purports to require Sonos to "set forth the

**complete** basis for **any** contention that Google indirectly infringes . . . including by identifying

**all** documents supporting that contention."

Sonos further objects to this Interrogatory as premature to the extent it seeks expert

discovery in advance of the date set forth in the Federal Rules of Civil Procedure and/or the

Court's Scheduling Order.

Sonos further objects to this Interrogatory on the ground that it is a premature contention