1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2   charlesverhoeven@quinnemanuel.com
   Melissa Baily (Bar No. 237649)
3   melissabaily@quinnemanuel.com
   James Judah (Bar No. 257112)
4   jamesjudah@quinnemanuel.com
   Lindsay Cooper (Bar No. 287125)
5   lindsaycooper@quinnemanuel.com
  50 California Street, 22nd Floor
6  San Francisco, California 94111-4788
  Telephone:   (415) 875-6600
7  Facsimile:   (415) 875-6700

8    Marc Kaplan *(pro hac vice)*
   marckaplan@quinnemanuel.com
9  191 N. Wacker Drive, Ste 2700
  Chicago, Illinois 60606
10 Telephone: (312) 705-7400
  Facsimile: (312) 705-7401

11

12 *Attorneys for GOOGLE LLC*

13            UNITED STATES DISTRICT COURT

14          NORTHERN DISTRICT OF CALIFORNIA

15            SAN FRANCISCO DIVISION

16 GOOGLE LLC,

                                 CASE NO. 3:20-cv-06754-WHA
17                                 Related to CASE NO. 3:21-cv-07559-WHA
            Plaintiff,
18                                 **GOOGLE LLC'S ADMINISTRATIVE**
                                **MOTION TO FILE UNDER SEAL**
19       vs.                      **PORTIONS OF ITS OPPOSITION TO**
                                **SONOS, INC.'S MOTION TO REALIGN**
20 SONOS, INC.,                  **THE PARTIES**

21            Defendant.

22

23

24

25

26

27

28

GOOGLE LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS OPPOSITION TO
SONOS, INC.'S MOTION TO REALIGN THE PARTIES

## I.   INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiff Google LLC ("Google") hereby requests to file under seal portions of its Opposition to Sonos, Inc.'s Motion to Realign the Parties ("Opposition").  Specifically, Google requests an order granting leave to file under seal the portions of the documents listed below:

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| Google's Opposition | Portions highlighted in green | Google |
| Exhibit 1 to the Declaration of Jocelyn Ma in Support of Google's Opposition ("Exhibit 1") | Entire document | Google |

## II.   LEGAL STANDARD

Civil Local Rule 79-5(c) provides that a party seeking to file its own documents under seal must file an administrative motion that articulates the applicable legal standard and reasons for keeping a document under seal, includes evidentiary support from a declaration where necessary, and provides a proposed order that is narrowly tailored to seal only the sealable material.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point."  *Id.* (quoting *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

The Ninth Circuit has recognized that two different standards may apply to a request to seal a document – namely the "compelling reasons" standard or the "good cause" standard.  *Blessing v. Plex Sys., Inc.*, No. 21-CV-05951-PJH, 2021 WL 6064006, at *12 (N.D. Cal. Dec. 22, 2021) (citing *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016)).   "A particularized showing of 'good cause' under Federal Rule of Civil Procedure 26(c) . . . suffices to warrant sealing in connection with a non-dispositive motion."  *Bronson v. Samsung Elecs. Am., Inc.*, No. C 18-02300 WHA, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019) (quoting *Kamakana*,

1   447 F.3d at 1178-79).  Because a motion to realign the parties a "non-dispositive filing[]," the good

2   cause standard applies here.  *See also Rimini St., Inc. v. Oracle In'l Corp.*, No.

3   214CV01699LRHDJA, 2021 WL 4037482, at *2 (D. Nev. Sept. 2, 2021) (sealing motion to realign

4   parties because "with non-dispositive motions, [the] presumption is automatically overcome by a

5   showing that the material to be filed under seal is being done so pursuant to a valid protective

6   order").

7   **III.     THE COURT SHOULD SEAL GOOGLE'S CONFIDENTIAL INFORMATION**

8       Courts have repeatedly found it appropriate to seal documents that contain "business

9   information that might harm a litigant's competitive standing."  *Nixon*, 435 U.S. at 589-99.  Material

10  that would disclose "sources of business information that might harm a litigant's competitive

11  standing" meets even the higher "compelling reasons" standard.  *Id.* at 598 (1978).

12      The portions of Google's Opposition highlighted in green and Exhibit 1 contain information

13  about a confidential, non-public, and/or unexecuted agreements between Google and Sonos that

14  Google has designated "CONFIDENTIAL" under the Stipulated Protective Order.  Dkt. 94;

15  Declaration of Lana Robins ("Robins Decl.") ¶ 4.  Courts routinely find that such information meets

16  the "compelling interest" standard.  *See, e.g.*, *Elec. Arts, Inc. v. U.S. Dist. Ct. (In re Elec. Arts, Inc.)*,

17  298 F. App'x 568, 569 (9th Cir. 2008) (finding compelling reasons warranted sealing licensing

18  agreement terms as trade secrets).  Public disclosure of this information would harm Google's

19  competitive standing in future negotiations by allowing competitors access to confidential

20  information that Google does not have similar access to about its competitors.  Robins Decl. ¶ 4.

21  *See In re Qualcomm Litig.*, No. 3:17-CV-0108-GPC-MDD, 2018 WL 6252523, at *2 (S.D. Cal.

22  May 9, 2018) (sealing information because disclosure could harm the party "in future negotiations

23  with existing customers, third-parties, and other entities with whom they do business"); *Huawei*

24  *Techs., Co. v. Samsung Elecs. Co.*, No. 3:16-cv-02787-WHO, Dkt. No. 446, at 19 (N.D. Cal. Jan.

25  30, 2019) (sealing confidential sales data because "disclosure would harm their competitive standing

26  by giving competitors insight they do not have").  A less restrictive alternative than sealing these

27  exhibits would not be sufficient because the information sought to be sealed is Google's proprietary

28

1   and confidential business information but is integral to Google's Opposition. *Id.*  Thus, Google has

2   good cause—and compelling reasons—to keep such information under seal.

3   **IV.   CONCLUSION**

4          For the foregoing reasons, Google respectfully requests that the Court grant Google's

5   Administrative Motion to File Portions of its Opposition to Sonos, Inc.'s Motion to Realign the

6   Parties Under Seal.

7

8

9

10   DATED:  February 21, 2023                   QUINN EMANUEL URQUHART & SULLIVAN, LLP

11                                                By:   */s/ Charles K. Verhoeven*

12                                                      Charles K. Verhoeven (Bar No. 170151)
                                                       charlesverhoeven@quinnemanuel.com

13                                                      Melissa Baily (Bar No. 237649)
                                                       melissabaily@quinnemanuel.com

14                                                      James Judah (Bar No. 257112)
                                                       jamesjudah@quinnemanuel.com

15                                                      Lindsay Cooper (Bar No. 287125)
                                                       lindsaycooper@quinnemanuel.com

16                                                     50 California Street, 22nd Floor
                                                       San Francisco, California 94111-4788

17                                                     Telephone:    (415) 875-6600
                                                       Facsimile:    (415) 875-6700

18

19                                                     Marc Kaplan *(pro hac vice)*
                                                       marckaplan@quinnemanuel.com

20                                                    191 N. Wacker Drive, Ste 2700
                                                       Chicago, Illinois 60606

21                                                    Telephone: (312) 705-7400
                                                       Facsimile: (312) 705-7401

22                                                    *Attorneys for GOOGLE LLC*

23

24

25

26

27

28

**<u>ATTESTATION</u>**

Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that, on February 21, 2023, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system and email.


DATED:  February 21, 2023

By:   */s/ Charles K. Verhoeven*
               Charles K. Verhoeven

Case No. 3:20-cv-06754-WHA

GOOGLE LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS OPPOSITION TO
SONOS, INC.'S MOTION TO REALIGN THE PARTIES