QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
James Judah (Bar No. 257112)
jamesjudah@quinnemanuel.com
Lindsay Cooper (Bar No. 287125)
lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Marc Kaplan (*pro hac vice*)
marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

*Attorneys for GOOGLE LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>SONOS, INC.,<br><br>    Defendant. | CASE NO. 3:20-cv-06754-WHA<br>Related to CASE NO. 3:21-cv-07559-WHA<br><br>**GOOGLE LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS OPPOSITION TO SONOS, INC.'S MOTION FOR SUMMARY JUDGMENT REGARDING GOOGLE'S CONTRACT-RELATED CLAIMS** |

I.  INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Google LLC ("Google") hereby requests to file under seal portions of its Opposition to Sonos, Inc.'s ("Sonos") Motion for Summary Judgment Regarding Google's Contract-Related Claims ("Opposition").  Specifically, Google requests an order granting leave to file under seal the portions of the documents listed below:

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| Opposition | Portions highlighted in yellow and green | Google |
| Exhibit 5 | Entire document | Google |
| Exhibit 9 | Entire document | Google |
| Exhibit 10 | Entire document | Google |
| Exhibit 16 | Entire document | Google |
| Exhibit 17 | Entire document | Google |
| Exhibit 18 | Entire document | Google |
| Exhibit 19 | Entire document | Google |
| Exhibit 21 | Entire document | Google |
| Exhibit 33 | Entire document | Google |
| Exhibit 35 | Entire document | Google |
| Exhibit 36 | Entire document | Google |
| Exhibit 37 | Entire document | Google |
| Exhibit 38 | Entire document | Google |
| Exhibit 40 | Entire document | Google |
| Exhibit 41 | Entire document | Google |

## II. LEGAL STANDARD

Civil Local Rule 79-5(c) provides that a party seeking to file its own documents under seal must file an administrative motion that articulates the applicable legal standard and reasons for keeping a document under seal, includes evidentiary support from a declaration where necessary, and provides a proposed order that is narrowly tailored to seal only the sealable material.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

The Ninth Circuit has recognized that two different standards may apply to a request to seal a document – namely the "compelling reasons" standard or the "good cause" standard. *Blessing v. Plex Sys., Inc.*, No. 21-CV-05951-PJH, 2021 WL 6064006, at *12 (N.D. Cal. Dec. 22, 2021) (citing *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016)). The compelling reasons standard applies to any sealing request made in connection with a motion that is "more than tangentially related to the merits of a case." *Id.* Accordingly, courts in this district apply a "compelling reasons" standard to a sealing request made in connection with a motion for summary judgment. *See, e.g.*, *Edwards Lifesciences Corp. v. Meril Life Scis. Pvt. Ltd.*, No. 19-CV-06593-HSG, 2021 WL 5233129, at *4 (N.D. Cal. Nov. 10, 2021); *Baird v. BlackRock Institutional Tr. Co., N.A.*, No. 17-CV-01892-HSG, 2021 WL 105619, at *5 (N.D. Cal. Jan. 12, 2021).

## III. THE COURT SHOULD SEAL GOOGLE'S CONFIDENTIAL INFORMATION

Material that is confidential and could harm a litigant's competitive standing if disclosed may be sealed under the compelling reasons standard. *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12–cv–03844–JST2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) (information "is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage"); *In re Qualcomm Litig.*, No. 3:17-CV-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (concluding that

1 "compelling reasons exist to seal . . . information subject to confidentiality and non-disclosure provisions" because "[s]uch insight could harm the parties in future negotiations with existing customers, third-parties, and other entities with whom they do business").

The portions of Google's Opposition highlighted in green and yellow as well as Exhibits 5, 9, 10, 16, 17, 18, 19, 21, 33, 35, 36, 37, 38, 40, and 41 contain confidential business agreements and licensing negotiations that are not public. Public disclosure of this information would harm Google's competitive standing and its ability to negotiate future agreements by giving competitors access to Google's highly confidential business thinking and asymmetrical information about Google's collaboration strategies to other entities. If such information were made public, Google's competitive standing would be significantly harmed. Google has therefore designated this information as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY under the protective order (Dkt. No. 92). A less restrictive alternative than sealing would not be sufficient because the information sought to be sealed is Google's proprietary and confidential business information but has been utilized in support of its Google's Opposition. I also understand that this Court has previously granted sealing of the same and/or similar information. *See, e.g.*, Dkt. 39.

## IV.   CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court grant Google's Administrative Motion to File Portions of its Opposition Under Seal.

DATED: February 21, 2023

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:  */s/ James Judah*

Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
James Judah (Bar No. 257112)
jamesjudah@quinnemanuel.com
Lindsay Cooper (Bar No. 287125)
lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Marc Kaplan *(pro hac vice)*
marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

*Attorneys for GOOGLE LLC*

**ATTESTATION**

Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that, on February 21, 2023, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system and email.

DATED: February 21, 2023

By: */s/ James Judah*
      James Judah