1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7

8                         NORTHERN DISTRICT OF CALIFORNIA

9

10    GOOGLE LLC,

11             Plaintiff,                          No.  C 20-06754 WHA

12         v.

13    SONOS, INC.,                                 **OMNIBUS ORDER RE MOTIONS TO
                                                   SEAL**
14             Defendant.

15

16        This order addresses pending motions to seal filed in connection with the patent

17   showdown procedure, including Sonos's claim construction brief (Dkt. No. 203), Sonos's

18   patent showdown motion for summary judgment (Dkt. Nos. 209, 247–48, 273), Sonos's

19   accompanying motion to strike (Dkt. Nos. 220, 253, 265), Google's patent showdown motion

20   for summary judgment (Dkt. Nos. 210, 221, 252, 276–77), related submissions by both parties

21   (Dkt. Nos. 296, 313, 321–22, 329), and responses to the Court's order to show cause (Dkt.

22   Nos. 346–48, 350).

23        1.    THE LEGAL STANDARD.

24        There is a strong public policy in favor of openness in our court system and the public is

25   entitled to know to whom we are providing relief (or not).  *See Kamakana v. City & Cty. of*

26   *Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006).  Consequently, access to motions and their

27   attachments that are "more than tangentially related to the merits of a case" may be sealed only

28   upon a showing of "compelling reasons" for sealing.  *Ctr. for Auto Safety v. Chrysler Grp.,*

United States District Court
Northern District of California

1   *LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016).  But a good cause standard applies to the sealing

2   of documents that are unrelated or only tangentially related to the underlying claim.  *Id*. at

3   1098–99.  "For good cause to exist, the party seeking protection bears the burden of showing

4   specific prejudice or harm will result if no protective order is granted."  *Phillips ex rel. Ests. of*

5   *Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002).

6           In addition, sealing motions filed in this district must contain a specific statement that

7   explains:  (1) the legitimate private or public interests that warrant sealing; (2) the injury that

8   will result should sealing be denied; and (3) why a less restrictive alternative to sealing is not

9   sufficient.  The material requested to be sealed must be "narrowly tailored to seal only the

10  sealable material."  Civil L.R. 79-5(c).  For example, "[t]he publication of materials that could

11  result in infringement upon trade secrets has long been considered a factor that would

12  overcome [the] strong presumption" in favor of access and provide compelling reasons for

13  sealing.  *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011).  Compelling reasons

14  may also warrant sealing for "sources of business information that might harm a litigant's

15  competitive standing," especially where the public has "minimal interest" in the information

16  because it "is not necessary to the public's understanding of the case."  *See Nixon v. Warner*

17  *Comms., Inc.*, 435 U.S. 589, 598 (1978).

18          Finally, "[s]upporting declarations may not rely on vague boilerplate language or

19  nebulous assertions of potential harm but must explain with particularity why any document or

20  portion thereof remains sealable under the applicable legal standard."  *Bronson v. Samsung*

21  *Elecs. Am., Inc.*, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019) (citing Civ. L.R. 79-5).

22  "Reference to a stipulation or protective order that allows a party to designate certain

23  documents as confidential is not sufficient to establish that a document, or portions thereof, are

24  sealable."  Civ. L.R. 79-5(c).

25          **2.      SONOS'S CLAIM CONSTRUCTION BRIEF.**

26          Sonos, with Google's support, filed conditionally under seal an exhibit to its claim

27  construction brief containing Google's responses to Sonos's first set of interrogatories (Dkt.

28  Nos. 203).  In support, Google submitted a revised version of its response with tailored

United States District Court
Northern District of California

2

redactions (Dkt. Nos. 213–14).  The redactions, however, are directed toward the term

"videoID" and related information that was central to the merits in the Court's order on

summary judgment and claim construction (*see* Dkt. No. 316 at 8–9).  Moreover, Google has

merely offered generic, boilerplate explanations as to why public disclosure of this information

would result in competitive harm.  The public interest in understanding the merits of this case

therefore outweighs Google's asserted interested in confidentiality.  The motion is **DENIED**.

### 3.    SONOS'S MOTION FOR SUMMARY JUDGMENT.

Both parties have filed motions to seal in connection with Sonos's motion for summary

judgment (Dkt. Nos. 209, 247–48, 273).  Upon review, this order rules as follows:

| Dkt. No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 209-2 | Sonos's Motion for Summary Judgment | **DENIED.** | Google seeks to seal general, technical information regarding its systems (Dkt. Nos. 215–16).  Google's support for sealing is insufficient because it is overbroad and nonspecific.  Given the nature of the information at issue, Google does not describe with particularity how disclosure of this general information would cause it competitive harm.  It merely provides the generic assertion that "competitors could use these details regarding the architecture and functionality of Google's products to gain a competitive advantage in the marketplace with respect to their competing products" (Ma Decl. ¶ 5).  Google further references source code, but there is none in the document.  Google cites no authority indicating why this high-level information is sealable.  *See Finjan, Inc. v. Sophos, Inc.*, 2015 WL 5012679, at *5 (N.D. Cal. Aug. 24, 2015) (Judge William H. Orrick).  This information goes to the very heart of this litigation, and the particularly strong public interest here outweighs Google's interest in keeping the material sealed. |
| 209-3 | Almeroth Decl. | **GRANTED IN PART AND** | The request is **GRANTED** as to the proposed redactions in paragraphs 124– |

United States District Court
Northern District of California

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| | | **DENIED IN PART.** | 25, 143–44, and 158–59, which contain source code.  The request is otherwise **DENIED**.  *See entry for Dkt. No. 209-2.* |
| 209-4 | Exh. B to Smith Decl. | **DENIED.** | Google asks to seal redacted portions of its response to Sonos's interrogatories on the grounds it contains confidential information regarding its systems.  The response describes Google's speaker group system in generic terms.  Google does not adequately explain how disclosure of this high-level information could allow a third-party to understand its system in enough detail that it would cause Google competitive harm. |
| 209-5 | Exh. D to Smith Decl. | **GRANTED.** | Google seeks to seal detailed, confidential information regarding Google's systems, public disclosure of which may cause Google competitive harm. |
| 209-6 | Exh. F to Smith Decl. | **GRANTED.** | *See entry for Dkt. No. 209-5.* |
| 209-7 | Exh. G to Smith Decl. | **GRANTED.** | *See entry for Dkt. No. 209-5.* |
| 209-8 | Exh. H to Smith Decl. | **GRANTED.** | *See entry for Dkt. No. 209-5.*  However, the exhibit should be resubmitted with Google's proposed tailored redactions. *See* Dkt. No. 216-2. |
| 209-9 | Exh. I to Smith Decl. | **GRANTED.** | *See entry for Dkt. No. 209-5.* |
| 209-10 | Exh. L to Smith Decl. | **DENIED.** | Google asks to seal its responses to Sonos's requests for admission on the grounds they contain confidential information regarding its systems.  The request is overbroad.  Moreover, Google's responses describe Google's speaker group system in generic terms.  Google does not adequately explain how disclosure of this high-level information could allow a third-party to understand its system in enough detail that it would cause Google competitive harm. |
| 209-11 | Exh. M to Smith Decl. | **GRANTED.** | *See entry for Dkt. No. 209-5.* |
| 209-12 | Exh. N to Smith Decl. | **DENIED.** | Google seeks seeks to seal this transcript on the grounds it contains confidential information regarding its systems and that it is subject to a protective order in a separate proceeding. The witness therein |

4

| | | | described the system in generic terms. Google does not adequately explain how disclosure of this high-level information could allow a third-party to understand its system in enough detail that it would cause Google competitive harm. Moreover, the request is clearly overbroad.  That the information is subject to a protective order alone is insufficient to warrant sealing. |
|---|---|---|---|
| 209-13 | Exh. O to Smith Decl. | **DENIED.** | *See entry for Dkt. No. 209-12.* |
| 209-14 | Exh. P to Smith Decl. | **GRANTED.** | *See entry for Dkt. No. 209-5.* |
| 209-15 | Exh. Q to Smith Decl. | **GRANTED.** | *See entry for Dkt. No. 209-5.* |
| 247-3; 248-3 | Google's Opposition | **GRANTED IN PART AND DENIED IN PART.** | Google asks to seal portions of its opposition brief.  Google also asks to seal portions of its opposition on behalf of Sonos, but Sonos clarified in a later filing that it "does not seek to redact or file under seal any portion of Google's Opposition" (Dkt. No. 260 at ¶ 7). Google's request is **GRANTED** as to Google's discussion of its confidential presentation on pages 24–25, disclosure of which may cause Google competitive harm. The request is otherwise **DENIED**. Google seeks to seal general, technical information regarding its systems. Google's support for sealing this additional material is insufficient because it is overbroad and nonspecific.  Given the nature of the information at issue, Google does not describe with particularity how disclosure of this general information would cause it competitive harm.  It merely provides the generic assertion that "competitors could use these details regarding the architecture and functionality of Google's products to gain a competitive advantage in the marketplace with respect to their competing products" (Hefazi Decl. ¶ 4).  Google further |

<div style="writing-mode: vertical-rl">United States District Court
Northern District of California</div>

| | | | references source code, but there is none in the document.  Google cites no authority indicating why this high-level information is sealable.  *See Finjan, Inc. v. Sophos*, *Inc.*, 2015 WL 5012679, at *5 (N.D. Cal. Aug. 24, 2015) (Judge William H. Orrick).  This information goes to the very heart of this litigation, and the particularly strong public interest here outweighs Google's interest in keeping the material sealed. |
|---|---|---|---|
| 247-4 | Schonfeld Decl. | **GRANTED IN PART AND DENIED IN PART.** | The request is **GRANTED** as to the image of source code in paragraphs 36 and 40, disclosure of which may cause Google competitive harm.  The request is otherwise **DENIED**.  *See entry for Dkt. No. 247-3.* |
| 247-5 | Exh. 1 to Kaplan Decl. | **DENIED.** | *See entry for Dkt. No. 247-3.* |
| 247-6; 248-5 | Exh. 4 to Kaplan Decl. | **GRANTED.** | Both parties seek to seal detailed, confidential information regarding Google and Sonos systems, public disclosure of which may cause Google and Sonos competitive harm. |
| 247-7 | Exh. 5 to Kaplan Decl. | **GRANTED.** | Google seeks to seal detailed, confidential information regarding Google's systems, public disclosure of which may cause Google competitive harm. |
| 247-8 | Exh. 8 to Kaplan Decl. | **GRANTED.** | *See entry for Dkt. No. 247-7.* |
| 247-9 | Exh. 9 to Kaplan Decl. | **GRANTED IN PART AND DENIED IN PART.** | The request is **GRANTED** as to the image of source code on page 323, disclosure of which may cause Google competitive harm.  The request is otherwise **DENIED**.  *See entry for Dkt. No. 247-3.* |
| 247-10 | Exh. 10 to Kaplan Decl. | **GRANTED.** | *See entry for Dkt. No. 247-7.* |
| 248-4 | Exh. 3 to Kaplan Decl. | **DENIED.** | Google filed a motion to seal this exhibit on behalf of Sonos, but Sonos clarified in its supporting declaration that it does not seek to seal this material (Dkt. Nos. 260–61). |
| 248-6 | Exh. 7 to Kaplan Decl. | **DENIED.** | *See entry for Dkt. No. 248-4.* |

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| 273-1 | Exh. R | **DENIED.** | Google's support for sealing this additional material is insufficient because it is overbroad and nonspecific.  Given the nature of the information at issue, Google does not describe with particularity how disclosure of this general information would cause it competitive harm.  It merely provides the generic assertion that "competitors could use these details regarding the architecture and functionality of Google's products to gain a competitive advantage in the marketplace with respect to their competing products" (Ma Decl. ¶ 5).  Google further references source code, but there is none in the document.  Google cites no authority indicating why this high-level information is sealable. *See Finjan, Inc. v. Sophos, Inc.*, 2015 WL 5012679, at \*5 (N.D. Cal. Aug. 24, 2015) (Judge William H. Orrick).  This information goes to the very heart of this litigation, and the particularly strong public interest here outweighs Google's interest in keeping the material sealed. |
| 273-2 | Exh. S | **DENIED.** | *See entry for Dkt. No. 273-1.* |
| 273-4 | Sonos's Reply | **DENIED.** | *See entry for Dkt. No. 273-1.* |

### 4.    GOOGLE'S MOTION FOR SUMMARY JUDGMENT.

Both parties have filed motions to seal in connection with Google's motion for summary judgment (Dkt. Nos. 210, 221, 252, 276–77).  Upon review, this order rules as follows:

| Dkt. No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 210-3 | Exh. 1 | **DENIED WITHOUT PREJUDICE.** | Google asks to seal the entirety of its fifty-four page expert report (Hefazi Decl.).  This is overbroad, particularly as swaths of the report go to the merits of Google's motion and Google has merely offered a boilerplate justification for sealing.  The request is denied without prejudice.  Google may file a renewed submission with narrowly tailored redactions, but should bear in mind that a renewed request that fails to offer |

7

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| | | | specific, compelling reasons for sealing is likely to be rejected. |
| 210-4 | Exh. 2 | **GRANTED.** | Google seeks to seal detailed, confidential information regarding Google's systems, public disclosure of which may cause Google competitive harm (Hefazi Decl. ¶ 4). |
| 210-5 | Exh. 3 | **GRANTED.** | *See entry for Dkt. No. 210-4.* |
| 210-6 | Exh. 4 | **GRANTED.** | *See entry for Dkt. No. 210-4.* |
| 210-7 | Exh. 5 | **GRANTED.** | *See entry for Dkt. No. 210-4.* |
| 210-8 | Exh. 6 | **GRANTED.** | *See entry for Dkt. No. 210-4.* |
| 210-9 | Exh. 8 | **GRANTED.** | *See entry for Dkt. No. 210-4.* |
| 210-10 | Exh. 10 | **GRANTED.** | *See entry for Dkt. No. 210-4.* |
| 210-11 | Exh. 11 | **DENIED.** | Google asks to seal a declaration from one of its engineers. This declaration was discussed in the Court's order on summary judgment, so there is a strong interest in public disclosure. Moreover, the information revealed in the declaration relates to generic technical information from technology that is more than a decade old. Further, the declaration merely includes locations of source code and not source code itself. In light of the foregoing, Google's boilerplate justification for sealing is not sufficient to warrant sealing. The request is denied. |
| 210-12 | Exh. 13 (Schonfeld Decl.) | **GRANTED IN PART AND DENIED IN PART.** | The request is **GRANTED** as to the image of source code in paragraphs 28 and 29, disclosure of which may cause Google competitive harm. The request is otherwise **DENIED**. *See entry for Dkt. No. 210-15.* |
| 210-13 | Exh. 19 | **GRANTED.** | *See entry for Dkt. No. 210-4.* |
| 210-14 | Exh. 20 | **GRANTED.** | *See entry for Dkt. No. 210-4.* |
| 210-15 | Google's Motion for Summary Judgment | **GRANTED IN PART AND DENIED IN PART.** | *First*, Google asks to seal a quote from a Sonos engineer on the first page of its motion. Google does not offer any compelling justification for this request. The request is denied.<br><br>*Second*, Google generally seeks to seal technical information regarding its systems (Hefazi Decl). The request is **GRANTED** as to Google's description of |

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| | | | the "Cloud Queue API" on pages 14:10–15:4, public disclosure of which could cause Google competitive harm.<br><br>The request is otherwise **DENIED** as to the remainder of the brief.  Google's support for sealing is insufficient because it is overbroad and nonspecific.  Given the nature of the information at issue, Google does not describe with particularity how disclosure of this general information would cause it competitive harm.  It merely provides the generic assertion that "competitors could use these details regarding the architecture and functionality of Google's products to gain a competitive advantage in the marketplace with respect to their competing products" (Hefazi Decl. ¶ 4).  Google further references source code, but there is none in the document other than that described above.  Google cites no authority indicating why this high-level information is sealable.  *See Finjan, Inc. v. Sophos, Inc.*, 2015 WL 5012679, at \*5 (N.D. Cal. Aug. 24, 2015) (Judge William H. Orrick).<br><br>Were the Court to seal this information, the motion would be virtually incomprehensible to the public.  Moreover, much of the information was central to the Court's order on summary judgment (Dkt. No. 316).  In short, this information goes to the very heart of this litigation, and the particularly strong public interest here outweighs Google's interest in keeping the material sealed. |
| 221-3 | Google's Corrected Motion | **GRANTED IN PART AND DENIED IN PART.** | *See entry for Dkt. No. 210-15.* |
| 252-2 | Sonos's Opposition | **DENIED.** | Google seeks to seal descriptions of technical information regarding its systems (Ma Decl.).  Google's support for sealing is insufficient because it is overbroad and nonspecific.  Given the |

9

| | | | |
|---|---|---|---|
| | | | nature of the information at issue, Google does not describe with particularity how disclosure of this general information would cause it competitive harm.  It merely provides the generic assertion that "competitors could use these details regarding the architecture and functionality of Google's products to gain a competitive advantage in the marketplace with respect to their competing products" (Ma Decl. ¶ 5). Google further references source code, but there is none in the document. Google cites no authority indicating why this high-level information is sealable, particularly as much of the information relates to technology that is more than a decade old.  *See Finjan, Inc. v. Sophos, Inc.*, 2015 WL 5012679, at \*5 (N.D. Cal. Aug. 24, 2015) (Judge William H. Orrick).<br><br>Were the Court to seal this information, the motion would be virtually incomprehensible to the public. Moreover, much of the information was central to the Court's order on summary judgment (Dkt. No. 316).  In short, this information goes to the very heart of this litigation, and the particularly strong public interest here outweighs Google's interest in keeping the material sealed. |
| 252-3 | Exh. 1 to Boyea Decl. (Schmidt Decl.) | **DENIED WITHOUT PREJUDICE.** | Google asks to seal significant swaths of Sonos's expert report (Ma Decl.).  The request is overbroad, particularly as much of the report go to the merits of Google's motion and Google has merely offered a boilerplate justification for sealing.  The request is denied without prejudice. Google may file a renewed submission with narrowly tailored redactions, but should bear in mind that a renewed request that fails to offer specific, compelling reasons for sealing is likely to be rejected. |
| 252-4 | Exh. 2 to Boyea Decl. | **GRANTED.** | Google seeks to seal detailed, confidential information regarding |

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | | | |
|---|---|---|---|
| | | | Google's systems, public disclosure of which may cause Google competitive harm (Ma Decl. ¶ 5). |
| 252-5 | Exh. 3 to Boyea Decl. | **GRANTED.** | *See entry for Dkt. No. 252-4.* |
| 252-6 | Exh. 4 to Boyea Decl. | **GRANTED.** | *See entry for Dkt. No. 252-4.* |
| 252-7 | Exh. 7 to Boyea Decl. | **GRANTED.** | *See entry for Dkt. No. 252-4.* |
| 252-8 | Exh. 9 to Boyea Decl. | **DENIED.** | *See entry for Dkt. No. 252-2.* |
| 252-9 | Exh. 10 to Boyea Decl. | **GRANTED.** | *See entry for Dkt. No. 252-4.* |
| 252-10 | Exh. 11 to Boyea Decl. | **DENIED.** | *See entry for Dkt. No. 252-2.* |
| 252-11 | Exh. 12 to Boyea Decl. | **DENIED.** | *See entry for Dkt. No. 252-2.* |
| 252-12 | Exh. 13 to Boyea Decl. | **DENIED.** | *See entry for Dkt. No. 252-2.* |
| 252-13 | Exh. 14 to Boyea Decl. | **DENIED.** | *See entry for Dkt. No. 252-2.* |
| 252-14 | Exh. 15 to Boyea Decl. | **DENIED.** | Sonos filed a motion to seal this exhibit on behalf of Google, but Google clarified in its supporting declaration that it does not seek to seal this material (Dkt. No. 262). |
| 252-15 | Exh. 16 to Boyea Decl. | **DENIED.** | *See entry for Dkt. No. 252-2.* |
| 276-3 | Google's Reply | **DENIED.** | Google's justifications for sealing portions of its reply do not warrant sealing for the same reasons described above with respect to its motion and Sonos's opposition. *See entry for Dkt. No. 252-2.* |
| 276-4; 277-3 | Exh. 1 to Hefazi Decl. | **DENIED.** | Sonos and Google both seek to redact portions of Google's expert declaration. The redactions sought to be sealed describe Sonos and Google's systems in generic terms. Neither Sonos nor Google adequately explain how disclosure of this high-level information could allow a third-party to understand its system in enough detail that it would cause either party competitive harm. The information is also central to the merits of Google's motion. The public's interest in disclosure therefore outweighs the parties' interest in sealing. |

United States District Court
Northern District of California

| 276-5 | Exh. 2 to Hefazi Decl. | **GRANTED.** | Google seeks to seal detailed, confidential information regarding Google's systems, public disclosure of which may cause Google competitive harm (Hefazi Decl.). |
|---|---|---|---|
| 276-6 | Exh. 3 to Hefazi Decl. | **DENIED WITHOUT PREJUDICE.** | Google asks to seal a transcript describing its system in generic terms. Google's boilerplate justification is not sufficient to warrant sealing. Google may file a renewed submission with narrowly tailored redactions, but should bear in mind that a renewed request that fails to offer specific, compelling reasons for sealing is likely to be rejected. |
| 276-7 | Exh. 4 to Hefazi Decl. | **DENIED.** | *See entry for Dkt. No. 276-4.* |
| 276-8 | Exh. 7 to Hefazi Decl. | **GRANTED.** | *See entry for Dkt. No. 276-5.* |
| 277-4 | Exh. 6 to Hefazi Decl. | **GRANTED.** | Sonos seeks to seal detailed, confidential information regarding Google's systems, public disclosure of which may cause Google competitive harm (Richter Decl.). |
| 277-5 | Exh. 8 to Hefazi Decl. | **DENIED.** | Sonos does not seek to seal this information (Richter Decl.). |

### 5. SONOS'S MOTION TO STRIKE.

Both parties have filed motions to seal in connection with Sonos's April 2022 motion to strike (Dkt. Nos. 220, 253, 265). Upon review, this order rules as follows:

| Dkt. No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 220-2 | Sonos's Motion to Strike | **GRANTED IN PART.** | The motion is **GRANTED** as to the reference to source code and its file location on page 12, public disclosure of which may cause Google competitive harm.<br><br>The motion is otherwise **DENIED**. The information Google seeks to seal is generic. Google fails to adequately explain how disclosure of this high-level information could allow a third-party to understand its system in enough detail that it would cause it competitive harm. The information is also central to the |

12

| | | | |
|---|---|---|---|
| | | | merits of the Court's order on the motion to strike (Dkt. No. 315).  Google cites no authority indicating why this high-level information is sealable, particularly as much of the information relates to technology that is more than a decade old.  *See Finjan, Inc. v. Sophos, Inc.*, 2015 WL 5012679, at *5 (N.D. Cal. Aug. 24, 2015) (Judge William H. Orrick).   The public's interest in disclosure therefore outweighs Google's interest in sealing. |
| 220-3 | Exh. A to Caridis Decl. | **GRANTED.** | Google asks to seal redacted portions of its invalidity claim chart, public disclosure of which may cause Google competitive harm (Dkt. No. 235–36). |
| 253-2 | Google's Opposition | **GRANTED IN PART.** | The motion is **GRANTED** as to the screenshots of Google's contentions on pages 5 and 16 and the discussion of Google's source code and associated file locations on pages 19:6–20:2, public disclosure of which may cause Google harm.  The motion is otherwise **DENIED**.  *See entry for Dkt. No. 220-2.* |
| 253-3 | Exh. 2 | **GRANTED.** | *See entry for Dkt. No. 220-3.* |
| 253-4 | Exh. 6 | **DENIED WITHOUT PREJUDICE.** | Google asks to seal "portions highlighted in green" of a 281-page document, the vast majority of which is evidently not highlighted.  Google may file a renewed submission that identifies the exact locations of its proposed redactions. |
| 253-5 | Exh. 9 | **DENIED.** | *See entry for Dkt. No. 220-2.* |
| 253-6 | Hefazi Decl. in Support of Opposition | **GRANTED.** | *See entry for Dkt. No. 220-3.* |
| 265-2 | Sonos's Reply | **GRANTED IN PART.** | The motion is **GRANTED** as to the discussion of Google's source code and associated file locations on page 11, public disclosure of which may cause Google harm.  The motion is otherwise **DENIED**.  *See entry for Dkt. No. 220-2.* |

/ /

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**6.   RELATED SUBMISSIONS.**

Google has filed motions to seal in connection with its notice of deposition testimony (Dkt. No. 296), its summary judgment presentation slides (Dkt. Nos. 321–22), and its motion to bifurcate (Dkt. No. 239).  Sonos has filed a motion to seal in connection with its own summary judgment presentation slides (Dkt. No. 313).  Upon review, this order rules as follows:

| Dkt. No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 296-2 | Dep. Transcript | **GRANTED.** | Sonos asks to seal portions of a deposition of one its employees, public disclosure of which may cause Sonos harm (Dkt. Nos. 305–06).  Moreover, the information sought to be sealed is only tangentially related to the merits. |
| 313-2 | Sonos Presentation Slides | **GRANTED.** | Google asks to seal portions of the presentation slides that Sonos used in its oral argument, disclosure of which may cause Google competitive harm (Dkt. No. 318). |
| 321-3; 322-2 | Google Presentation Slides | **GRANTED.** | Both parties ask to seal portions of presentation slides that Google used in its oral argument, disclosure of which may cause competitive harm to both parties (Dkt. Nos. 321, 331). |
| 329-2 | Motion to Bifurcate | **DENIED.** | Google filed a motion to seal portions of its brief and an exhibit on behalf of Sonos, but Sonos later filed a submission clarifying that it does not seek to seal that information (Dkt. No. 337). |
| 329-3 | Exh. 1 | **DENIED.** | *See entry for Dkt. No. 329-2.* |

//

//

**7.   RESPONSES TO ORDER TO SHOW CAUSE.**

Both parties filed motions to seal in connection with their responses to the Court's order to show cause (Dkt. Nos. 346–47, 348, 350).  Upon review, this order rules as follows:

14

United States District Court
Northern District of California

| Dkt. No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 346-2 | Exh. 2 to Caridis Decl. | **DENIED.** | Sonos asks to seal an expert report on behalf of non-party Bose. Bose, however, did not file a supporting declaration as required by Local Rule 79-5(f). The request is denied. |
| 346-3 | Exh. 3 to Caridis Decl. | **DENIED.** | *See entry for Dkt. No. 346-2.* |
| 347-3; 350-4 | Exh. 6 (Part 1) | **DENIED.** | Google asks to seal general, technical information regarding its systems (Kaplan Decl.). Google fails to adequately explain how disclosure of this high-level information could allow a third-party to understand its system in enough detail that it would cause it competitive harm. The information is also central to the merits of this case. Google cites no authority indicating why this high-level information is sealable, particularly as much of the information relates to technology that is more than a decade old. *See Finjan, Inc. v. Sophos, Inc.*, 2015 WL 5012679, at *5 (N.D. Cal. Aug. 24, 2015) (Judge William H. Orrick). The public's interest in disclosure therefore outweighs Google's interest in sealing. |
| 347-4; 350-5 | Exh. 6 (Part 2) | **GRANTED.** | Google asks to seal information related to third-party license agreements, public disclosure of which may cause Google harm (Kaplan Decl.). |
| 348-3 | Exh. 4 to Caridis Decl. | **GRANTED.** | Sonos asks to seal confidential information regarding its systems, disclosure of which may cause Sonos harm (Richter Decl.). |
| 350-2 | Exh. 1 to Kaplan Decl. | **DENIED.** | Sonos seeks to seal general, technical information regarding its systems (Dkt. Nos. 356–37). Sonos's support for sealing is insufficient because it is overbroad and nonspecific. Given the nature of the information at issue, Sonos does not describe with particularity how disclosure of this general information |

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | | | would cause it competitive harm.  It merely provides the generic assertion that "public disclosure of such information may lead to competitive harm as Sonos's competitors could use these details regarding the architecture and functionality of these products to gain a competitive advantage in the marketplace with respect to their competing products" (Richter Decl. ¶ 7).  The passages merely offer high-level descriptions of confidential information and/or references to variable names.  Sonos cites no authority indicating why this high-level information is sealable. *See Finjan, Inc. v. Sophos, Inc*., 2015 WL 5012679, at \*5 (N.D. Cal. Aug. 24, 2015) (Judge William H. Orrick).  This information goes to the heart of this litigation, and the particularly strong public interest here outweighs Sonos's interest in keeping the material sealed. |
|---|---|---|---|
| 350-3 | Exh. 3 to Kaplan Decl. | **DENIED WITHOUT PREJUDICE.** | Sonos asks to seal the entirety of a deposition transcript on the basis that it is subject to the Court's protective order (Richter Decl. ¶ 8).  That is not sufficient, on its own, to warrant sealing. *See* Civ. L.R. 79-5(c).<br><br>Sonos may file a renewed submission with narrowly tailored redactions, but should bear in mind that a renewed request that fails to offer specific, compelling reasons for sealing is likely to be rejected. |
| 350-4 | Exh. 6 to (Part 1) Kaplan Decl. | **GRANTED IN PART AND DENIED IN PART.** | Sonos asks to seal portions of its expert report (Dkt. No. 356).  The request is **DENIED** as to paragraphs 192, 222, 223, and 231, which convey high-level, generic information.  Sonos's boilerplate justification for sealing this information does not suffice.  The motion is otherwise **GRANTED** as to Sonos's remaining proposed redactions, public disclosure of which may cause Sonos harm (*ibid*.). |

United States District Court
Northern District of California

| 350-5 | Exh. 6 (Part 2) to Kaplan Decl. | **DENIED.** | Sonos filed a submission indicating that it does not seek to seal information in this document (Dkt. No. 356). |
|---|---|---|---|
| 350-6 | Exh. 9 to Kaplan Decl. | **DENIED.** | *See entry for Dkt. No. 350-5.* |
| 350-7 | Exh. 11 to Kaplan Decl. | **DENIED.** | *See entry for Dkt. No. 350-5.* |
| 350-8 | Exh. 12 to Kaplan Decl. | **GRANTED.** | Sonos asks to seal specific technical information about its system, public disclosure of which may cause Sonos harm (Richter Decl.). |
| 350-9 | Google's Brief Showing Cause | **DENIED.** | *See entry for Dkt. No. 350-2.* |

## CONCLUSION

The parties should please note that, in the future, at trial or otherwise, the sealing calculus may change with respect to any of the foregoing documents. With respect to motions to seal that this order denied without prejudice, revised requests may be submitted that justify sealing any information that may still be confidential within **FOURTEEN DAYS**. All other documents shall be refiled in full compliance with this order no later than **MAY 30, 2023**, at **NOON**.

**IT IS SO ORDERED.**

Dated: February 22, 2023.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

17