QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  James Judah (Bar No. 257112)
  jamesjudah@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

  Marc Kaplan (*pro hac vice*)
  marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone:     (312) 705-7400
Facsimile:     (312) 705-7401

*Attorneys for Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>             Plaintiff,<br><br>     vs.<br><br>SONOS, INC.,<br><br>             Defendant. | CASE NO. 3:20-cv-06754-WHA<br>Related to CASE NO. 3:21-cv-07559-WHA<br><br>**DECLARATION OF JOCELYN MA IN SUPPORT OF SONOS, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. NO. 500)** |

I, Jocelyn Ma, declare and state as follows:

1.     I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate at Quinn Emanuel Urquhart & Sullivan LLP representing Google LLC ("Google") in this matter. I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2.     I make this declaration in support of Sonos, Inc.'s ("Sonos") Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("Administrative Motion") (Dkt. 500) filed in connection with its Reply in Support of its Motion to Strike Portions of Google's Expert Invalidity and Noninfringement Reports ("Reply") (Dkt. 499). If called as a witness, I could and would testify competently to the information contained herein.

3.     Google seeks an order sealing the materials as listed below:

| Document | Portions Sonos Sought to Be Filed Under Seal | Portions Google Seeks to Be Filed Under Seal | Designating Party |
|---|---|---|---|
| Reply | Portions highlighted in blue | Portions outlined in red boxes | Google |
| Exhibit Y to the Declaration of Geoffrey Moss in Support of Reply ("Decl. of Moss") ("Exhibit Y")[1] | Entire Document | Portions outlined in green boxes | Google |
| Exhibit Y | Portions in red boxes | Portions outlined in green boxes | Google and Sonos |
| Exhibit AA to Decl. of Moss ("Exhibit AA") | Entire Document | Portions outlined in red boxes | Google |

4.     I understand that the Court analyzes sealing requests in connection with motions to strike pursuant to the "good cause" standard for non-dispositive motions. *See, e.g.*, *Mendell v. Am. Med. Response, Inc.*, No. 19-CV-01227-BAS-KSC, 2021 WL 398486, at *2 (S.D. Cal. Feb. 3, 2021). I further understand that courts have found it appropriate to seal documents that contain "business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 589-99 (1978).

---

[1]   Because Sonos has sought to seal portions of this document, Google has not filed a public redacted version.

5.      The portions of Sonos's Reply outlined in red boxes contain references to an internal code name for certain Google functionalities that Google does not share publicly. Public disclosure of the code name would allow third parties to more easily identify who might know about the functionality or where they can obtain more information regarding the functionality. Thus, I understand that the public disclosure of such information could lead to competitive harm to Google, as competitors could use these details to learn more about the architecture and functionality of Google's products to gain a competitive advantage in the marketplace with respect to their competing products. Google has therefore designated this information as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY under the protective order (Dkt. No. 92). Although Sonos's Administrative Motion sought to seal the portions of its Reply highlighted in blue, Google only seeks to file under seal the portions outlined in red boxes. A less restrictive alternative than sealing would not be sufficient because the information sought to be sealed is Google's confidential business information and trade secrets but has been utilized by the Sonos in support of its Reply.

6.      The portions of Exhibit Y outlined in green boxes contain confidential business information, including details regarding Google's business partnerships that are not public. Public disclosure of this information would harm Google's competitive standing by giving competitors access to Google's highly confidential business thinking and asymmetrical information about Google's collaboration strategies and partnerships with other entities. If such information were made public, I understand that Google's competitive standing would be significantly harmed. Google has therefore designated this information as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY under the protective order (Dkt. No. 92). Although Sonos's Administrative Motion sought to seal the entirety of Exhibit Y, Google only seeks to file under seal the portions outlined in green boxes. I also understand that a less restrictive alternative than sealing the portions of Exhibit Y outlined in green boxes would not be sufficient because the information sought to be sealed is Google's proprietary and confidential business information but has been utilized by Sonos in support of its Reply.

7.      The portions of Exhibit AA outlined in red boxes contain confidential information regarding figures from which a competitor could deduce Google's highly sensitive financial and product revenue data. Public disclosure of this information would harm Google's competitive

standing and create a risk of injury by providing competitors with access to information that Google does not have similar access to about their competitors, allowing them to gain a competitive advantage in the marketplace.  Thus, Google has good cause to keep such information under seal.  Although Sonos's Administrative Motion sought to seal the entirety of Exhibit Y, Google only seeks to file under seal the portions outlined in red boxes.  A less restrictive alternative than sealing the exhibit would not be sufficient because the information sought to be sealed is Google's confidential and highly sensitive financial information but has been utilized by Sonos in support of its Reply.  I understand that the Court has previously sealed the same or similar information.  *See* Dkt. 334 at 4.

I declare under penalty of perjury under the laws of the United States of America that to the best of my knowledge the foregoing is true and correct.  Executed on February 24, 2023, in San Francisco, California.

DATED:  February 24, 2023

By:  _/s/ Jocelyn Ma_
    Jocelyn Ma