QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  James Judah (Bar No. 257112)
  jamesjudah@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

  Marc Kaplan (*pro hac vice*)
  marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone:     (312) 705-7400
Facsimile:     (312) 705-7401

*Attorneys for Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>    Plaintiff,<br><br>    vs.<br><br>SONOS, INC.,<br><br>    Defendant. | CASE NO. 3:20-cv-06754-WHA<br>Related to CASE NO. 3:21-cv-07559-WHA<br><br>**DECLARATION OF JOCELYN MA IN SUPPORT OF SONOS, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. NO. 509)** |

1    I, Jocelyn Ma, declare and state as follows:

2    1.    I am an attorney licensed to practice in the State of California and am admitted to
3 practice before this Court. I am an associate at Quinn Emanuel Urquhart & Sullivan LLP representing
4 Google LLC ("Google") in this matter. I have personal knowledge of the matters set forth in this
5 Declaration, and if called as a witness I would testify competently to those matters.

6    2.    I make this declaration in support of Sonos, Inc.'s ("Sonos") Administrative Motion to
7 Consider Whether Another Party's Material Should Be Sealed ("Administrative Motion") (Dkt. 509)
8 filed in connection with its Opposition to Google's Motions for Summary Judgment ("Opposition")
9 (Dkt. 508). If called as a witness, I could and would testify competently to the information contained
10 herein.

11    3.    Google seeks an order sealing the materials as listed below:

| Document | Portions Sonos Sought to Be Filed Under Seal | Portions Google Seeks to Be Filed Under Seal | Designating Party |
|---|---|---|---|
| Sonos's Opposition | Portions highlighted in green | Portions outlined in red boxes | Google |
| Exhibit E | Entire document | Portions outlined in red boxes | Google |
| Exhibit F | Entire document | Portions outlined in red boxes | Google |
| Exhibit G | Entire document | None | Google |
| Exhibit H | Entire document | None | Google |
| Exhibit J | Entire document | None | Google |
| Exhibit L | Entire document | Portions outlined in red boxes | Google |
| Exhibit M | Entire document | None | Google |
| Exhibit N | Entire document | Entire document | Google |
| Exhibit O | Entire document | None | Google |

| Exhibit P | Entire document | None | Google |

4. I understand that the Court analyzes sealing requests in connection with motions for summary judgment pursuant to the "compelling reasons" standard. *See, e.g.*, *Edwards Lifesciences Corp. v. Meril Life Scis. Pvt. Ltd.*, No. 19-CV-06593-HSG, 2021 WL 5233129, at *4 (N.D. Cal. Nov. 10, 2021); *Baird v. BlackRock Institutional Tr. Co., N.A.*, No. 17-CV-01892-HSG, 2021 WL 105619, at *5 (N.D. Cal. Jan. 12, 2021).

5. The portions of Sonos's Opposition and Exhibits E, F, and L and outlined in red boxes as well as Exhibit N contain references to Google's confidential business information and trade secrets, including source code and details regarding the technical operation of Google's products. The specifics of how these functionalities operate is confidential information that Google does not share publicly. Thus, I understand that the public disclosure of such information could lead to competitive harm to Google, as competitors could use these details regarding the architecture and functionality of Google's products to gain a competitive advantage in the marketplace with respect to their competing products. Google has therefore designated this information as "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY" and/or "HIGHLY CONFIDENTIAL - SOURCE CODE – ATTORNEYS' EYES ONLY" under the protective order (Dkt. No. 92). Although Sonos's Administrative Motion sought to seal the portions of its Opposition highlighted in green and the entirety of Exhibits E, F, and L, Google only seeks to file under seal the portions of these documents outlined in red boxes. A less restrictive alternative than sealing would not be sufficient because the information sought to be sealed is Google's confidential business information and trade secrets but has been utilized by the Sonos in support of its Opposition.

I declare under penalty of perjury under the laws of the United States of America that to the best of my knowledge the foregoing is true and correct. Executed on February 28, 2023, in San Francisco, California.

1 | DATED: February 28, 2023

2 | By: */s/ Jocelyn Ma*
3 | Jocelyn Ma