CLEMENT SETH ROBERTS (SBN 209203)
croberts@orrick.com
BAS DE BLANK (SBN 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (SBN 260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   +1 415 773 5700
Facsimile:   +1 415 773 5759

SEAN M. SULLIVAN (*pro hac vice*)
sullivan@ls3ip.com
MICHAEL P. BOYEA (*pro hac vice*)
boyea@ls3ip.com
COLE B. RICHTER (*pro hac vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:   +1 312 754 0002
Facsimile:   +1 312 754 0003

*Attorneys for Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>  Plaintiff and Counterdefendant,<br><br>  v.<br><br>SONOS, INC.,<br><br>  Defendant and Counterclaimant. | Case No. 3:20-cv-06754-WHA<br>Related to Case No. 3:21-cv-07559-WHA<br><br>**DECLARATION OF COLE B. RICHTER IN SUPPORT OF GOOGLE'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. 512)** |

I, Cole B. Richter, declare as follows and would so testify under oath if called upon:

1. I am an attorney with the law firm of Lee Sullivan Shea & Smith LLP, counsel of record to Sonos, Inc. ("Sonos") in the above-captioned matter. I am a member in good standing of the Bar of the State of Illinois. I have been admitted *pro hac vice* in this matter. I make this declaration based on my personal knowledge, unless otherwise noted. If called, I can and will testify competently to the matters set forth herein.

2. I make this declaration in support of Google's Administrative Motion to Consider Whether Another Party's Material Should be Sealed filed on February 21, 2023 (Dkt. 512) ("Administrative Motion to Consider"), in connection with Google LLC's Opposition to Sonos, Inc.'s Motion to Realign the Parties ("Opposition").

3. Sonos seeks an order sealing the materials as listed below[1]:

| Document | Portions Google Sought to Be Filed Under Seal | Portions Sonos Seeks to Be Filed Under Seal | Designating Party |
|---|---|---|---|
| Google's Opposition | Portions highlighted in green | The green highlighted text on page 3, lines 7-8.[2] | Sonos |
| Exhibit 1 to the Declaration of Jocelyn Ma in Support of Google's Opposition | Entire document | Entire document | Sonos |

4. I understand that the Ninth Circuit has recognized two different standards that may apply to a request to seal a document, the "compelling reasons" standard and the "good cause" standard. *Blessing v. Plex Sys., Inc.*, No. 21-CV-05951-PJH, 2021 WL 6064006, at *12 (N.D. Cal. Dec. 22, 2021) (citing *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016)). The compelling reasons standard applies to any sealing request made in

---

[1] Google's Administrative Motion to Consider also seeks to seal Exhibit 2. Sonos advises that Exhibit 2 does not contain Sonos confidential information and/or material.

[2] The other green highlighted text in Google's Opposition does not contain Sonos confidential information and/or material.

1

DECL. OF RICHTER ISO GOOGLE'S ADMIN. MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. 512)
3:20-cv-06754-WHA

1  connection with a motion that is "more than tangentially related to the merits of a case." *Id.*

2  Accordingly, I understand courts in this district apply a "compelling reasons" standard to a

3  sealing request made in connection with a motion for summary judgment. *See, e.g.*, *Snapkeys,*

4  *Ltd. v. Google LLC*, No. 19-CV-02658-LHK, 2021 WL 1951250, at *2 (N.D. Cal. May 14, 2021).

5  By contrast, "documents attached to non-dispositive motions are not subject to the same strong

6  presumption of access" and "parties moving to seal" must instead "meet the lower 'good cause'

7  standard." *Unlockd Media Inc. v. Google LLC*, 21-cv-07250-HSG, at *1 (N.D. Cal. Sep. 30,

8  2022). Under either standard, the Court should order the above-listed documents sealed.

9      5.  I understand that in *Unlocked Media*, for example, the court—applying the higher

10  compelling reasons standard—granted the plaintiff's motions to seal "excerpts from the complaint

11  that contain confidential business and financial information relating to the click-through rates that

12  Plaintiff obtained from its advertising partners, the average revenue per smartphone user that

13  Plaintiff received from its partners, the dollar value(s) of the rewards that smartphone users

14  received for seeing advertisements, user attrition rates, and prospective partners that Plaintiff

15  sought to work with in the future." *Id.* at *2. I understand that the court concluded that "[s]uch

16  terms, if public, could be used by both Plaintiff's and its partners' competitors to give them an

17  unfair advantage in the development and negotiations of rival products." *Id.*

18      6.  The green highlighted portions in Google's Opposition, as identified in the table

19  above table, and Exhibit 1, reference and contain Sonos's confidential business information and

20  trade secrets, including terms to a proposed confidential agreement that is not public. Disclosure

21  of this information would harm Sonos's competitive standing by giving Sonos's competitors

22  highly sensitive information about Sonos's business dealings with other entities. Specifically,

23  this information would show Sonos's competitors precise details of licensing terms considered by

24  Sonos in the context of a proposed patent license and business agreement. This information

25  includes a proposed lump sum payment amount that Google would pay Sonos as part of the

26  proposed confidential agreement. Sealing this information would "prevent competitors from

27  gaining insight into [Sonos's] business model and strategy." *In re Qualcomm Litig.*, No. 3:17-cv-

28

2

Decl. of Richter iso Google's Admin. Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. 512)
3:20-cv-06754-WHA

1  0108-GPC-MDD, at *4 (S.D. Cal. Nov. 8, 2017).  A less restrictive alternative than sealing said
2  documents would not be sufficient because the information sought to be sealed is Sonos's
3  confidential business information and trade secrets and Google contends that this information is
4  necessary to Google's Opposition.  *See* declaration of Lana Robins in support of Google's
5  administrative motion to seal.  Dkt. 511-1, ¶ 4.

6      7.   Sonos's request is narrowly tailored to protect its confidential information.

   I declare under penalty of perjury that the foregoing is true and correct to the best of my
knowledge. Executed this 28th day of February, 2023 in Chicago, Illinois.

                                    */s/ Cole B. Richter*
                                    COLE B. RICHTER

3

DECL. OF RICHTER ISO GOOGLE'S ADMIN. MOTION TO
CONSIDER WHETHER ANOTHER PARTY'S MATERIAL
SHOULD BE SEALED (DKT. 512)
3:20-CV-06754-WHA