CLEMENT SETH ROBERTS (SBN 209203)
croberts@orrick.com
BAS DE BLANK (SBN 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (SBN 260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   +1 415 773 5700
Facsimile:   +1 415 773 5759

SEAN M. SULLIVAN (*pro hac vice*)
sullivan@ls3ip.com
MICHAEL P. BOYEA (*pro hac vice*)
boyea@ls3ip.com
COLE B. RICHTER (*pro hac vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:   +1 312 754 0002
Facsimile:   +1 312 754 0003

*Attorneys for Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>    Plaintiff and Counterdefendant,<br><br>v.<br><br>SONOS, INC.,<br><br>    Defendant and Counterclaimant. | Case No. 3:20-cv-06754-WHA<br>Related to Case No. 3:21-cv-07559-WHA<br><br>**DECLARATION OF COLE B. RICHTER IN SUPPORT OF GOOGLE'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. 515)** |

I, Cole B. Richter, declare as follows and would so testify under oath if called upon:

1. I am an attorney with the law firm of Lee Sullivan Shea & Smith LLP, counsel of record to Sonos, Inc. ("Sonos") in the above-captioned matter. I am a member in good standing of the Bar of the State of Illinois. I have been admitted *pro hac vice* in this matter. I make this declaration based on my personal knowledge, unless otherwise noted. If called, I can and will testify competently to the matters set forth herein.

2. I make this declaration in support of Google's Administrative Motion to Consider Whether Another Party's Material Should be Sealed filed on February 21, 2023 (Dkt. 515) ("Administrative Motion to Consider"), in connection with Google's Opposition to Sonos, Inc.'s ("Sonos") Summary Judgment Regarding Google's Contract-Related Claims ("Opposition").

3. Sonos seeks an order sealing the materials as listed below[1]:

| Document | Portions Google Sought to Be Filed Under Seal | Portions Sonos Seeks to Be Filed Under Seal | Designating Party |
|---|---|---|---|
| Google's Opposition | Portions highlighted in blue and green | Same portions highlighted in blue and green | Sonos |
| Exhibit 1 | Entire document | Entire document | Sonos |
| Exhibit 2 | Entire document | Entire document | Sonos |
| Exhibit 3 | Entire document | Entire document | Sonos |
| Exhibit 4 | Entire document | Entire document | Sonos |
| Exhibit 5 | Entire document | Entire document | Sonos |
| Exhibit 6 | Entire document | Entire document | Sonos |
| Exhibit 7 | Entire document | Entire document | Sonos |
| Exhibit 8 | Entire document | Entire document | Sonos |
| Exhibit 9 | Entire document | Entire document | Sonos |
| Exhibit 10 | Entire document | Entire document | Sonos |
| Exhibit 11 | Entire document | Entire document | Sonos |
| Exhibit 13 | Entire document | Entire document | Sonos |

---

[1] Google's Administrative Motion to Consider also seeks to seal Exhibits 12 and 37. Sonos's advises that Exhibits 12 and 37 do not contain Sonos confidential information and/or material.

1

DECL. OF RICHTER ISO GOOGLE'S ADMIN. MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. 515)
3:20-cv-06754-WHA

| Document | Portions Google Sought to Be Filed Under Seal | Portions Sonos Seeks to Be Filed Under Seal | Designating Party |
|---|---|---|---|
| Exhibit 14 | Entire document | Entire document | Sonos |
| Exhibit 17 | Entire document | Entire document | Sonos |
| Exhibit 18 | Entire document | Entire document | Sonos |
| Exhibit 19 | Entire document | Entire document | Sonos |
| Exhibit 20 | Entire document | Entire document | Sonos |
| Exhibit 21 | Entire document | Entire document | Sonos |
| Exhibit 22 | Entire document | Entire document | Sonos |
| Exhibit 24 | Entire document | Entire document | Sonos |
| Exhibit 26 | Entire document | Entire document | Sonos |
| Exhibit 27 | Entire document | Entire document | Sonos |
| Exhibit 28 | Entire document | Entire document | Sonos |
| Exhibit 29 | Entire document | Entire document | Sonos |
| Exhibit 30 | Entire document | Entire document | Sonos |
| Exhibit 31 | Entire document | Entire document | Sonos |
| Exhibit 33 | Entire document | Entire document | Sonos |
| Exhibit 34 | Entire document | Entire document | Sonos |
| Exhibit 35 | Entire document | Entire document | Sonos |
| Exhibit 36 | Entire document | Entire document | Sonos |
| Exhibit 38 | Entire document | Entire document | Sonos |
| Exhibit 40 | Entire document | Entire document | Sonos |
| Exhibit 41 | Entire document | Entire document | Sonos |

4.   I understand that the Ninth Circuit has recognized two different standards that may apply to a request to seal a document, the "compelling reasons" standard and the "good cause" standard.  *Blessing v. Plex Sys., Inc.*, No. 21-CV-05951-PJH, 2021 WL 6064006, at *12 (N.D. Cal. Dec. 22, 2021) (citing *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016)).  The compelling reasons standard applies to any sealing request made in connection with a motion that is "more than tangentially related to the merits of a case."  *Id.*  Accordingly, I understand courts in this district apply a "compelling reasons" standard to a

2

DECL. OF RICHTER ISO GOOGLE'S ADMIN. MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. 515)
3:20-CV-06754-WHA

sealing request made in connection with a motion for summary judgment.  *See, e.g.*, *Snapkeys, Ltd. v. Google LLC*, No. 19-CV-02658-LHK, 2021 WL 1951250, at *2 (N.D. Cal. May 14, 2021).

5. I further understand that confidential technical information about product features, architecture, and development satisfies the "compelling reason" standard.  *See Delphix Corp. v. Actifio, Inc.*, No. 13-cv-04613-BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (finding compelling reasons to seal where court filings contained "highly sensitive information regarding [an entity's confidential] product architecture and development"); *Guzik Tech. Enters., Inc. v. W. Digital Corp.*, No. 5:11-CV-03786-PSG, 2013 WL 6199629, at *4 (N.D. Cal. Nov. 27, 2013) (sealing exhibit containing "significant references to and discussion regarding the technical features" of a litigant's products).  I also understand that courts have found the compelling reasons standard satisfied where parties sought to seal "terms" that "if public, could be used by both Plaintiff's and its partners' competitors to give them an unfair advantage in the development and negotiations of rival products."  *Unlockd Media Inc. v. Google LLC*, 21-cv-07250-HSG, at *2 (N.D. Cal. Sep. 30, 2022).  Under this "compelling reasons" standard, the Court should order the above-listed documents sealed.

6. The green highlighted portions in Google's Opposition reference and contain Sonos's confidential business information and trade secrets, including terms to a confidential agreement that is not public.  Specifically, that agreement shows the terms on which Sonos works with content service providers to integrate their content into Sonos's system, a regularly part of Sonos's commercial work.  Disclosure of this information would harm Sonos's competitive standing by giving Sonos's competitors highly sensitive information about Sonos's business dealings with those entities.  Sealing this information would thus "prevent competitors from gaining insight into [Sonos's] business model and strategy."  *In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, at *4 (S.D. Cal. Nov. 8, 2017).  A less restrictive alternative than sealing said documents would not be sufficient because the information sought to be sealed is Sonos's confidential business information and trade secrets and Google contends that this information is

3

DECL. OF RICHTER ISO GOOGLE'S ADMIN. MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. 515)
3:20-CV-06754-WHA

necessary to Google's Opposition.  *See* declaration of Jocelyn Ma in support of Google's administrative motion to seal.  Dkt. 516-1, ¶ 4.

7.   The blue highlighted portions in Google's Opposition, and Exhibits 1-11, 13, 14, 17-22, 24, 26-31, 33-36, 38, 40, 41, reference and contain Sonos's confidential business information and trade secrets, including Sonos's research and development processes.  The specifics of how these functionalities and processes operate is confidential information that Sonos does not share publicly.  For example, this information includes details regarding Sonos's technical goals, strategies for implementing those technical aims, and a wide variety of granular details regarding how Sonos ended up implementing those proprietary technical achievements.  Thus, public disclosure of such information may lead to competitive harm as Sonos's competitors could use these details regarding the architecture and functionality of these products to gain a competitive advantage in the marketplace with respect to their competing products.  The blue highlighted portions also include details regarding Sonos's management of different types of commercial partners and internal communications at Sonos regarding collaboration with different entities.  As with the green highlighted portions discussed above, disclosure of these details would harm Sonos's competitive standing by giving Sonos's competitors highly sensitive information about Sonos's business dealings with those entities.  A less restrictive alternative than sealing said documents would not be sufficient because the information sought to be sealed is Sonos's confidential business information and trade secrets and Google contends that this information is necessary to Google's Opposition.  *See* declaration of Jocelyn Ma in support of Google's administrative motion to seal.  Dkt. 516-1, ¶ 4.

8.   Sonos's request is narrowly tailored to protect its confidential information.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this 28th day of February, 2023 in Chicago, Illinois.

*/s/ Cole B. Richter*
COLE B. RICHTER

4

DECL. OF RICHTER ISO GOOGLE'S ADMIN. MOTION TO
CONSIDER WHETHER ANOTHER PARTY'S MATERIAL
SHOULD BE SEALED (DKT. 515)
3:20-cv-06754-WHA