CLEMENT SETH ROBERTS (SBN 209203)
croberts@orrick.com
BAS DE BLANK (SBN 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (SBN 260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   +1 415 773 5700
Facsimile:    +1 415 773 5759

SEAN M. SULLIVAN (pro hac vice)
sullivan@ls3ip.com
MICHAEL P. BOYEA (pro hac vice)
boyea@ls3ip.com
COLE RICHTER (pro hac vice)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:   +1 312 754 0002
Facsimile:    +1 312 754 0003

*Attorneys for Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>        Plaintiff and Counter-defendant,<br><br>   v.<br><br>SONOS, INC.,<br><br>        Defendant and Counter-claimant. | Case No. 3:20-cv-06754-WHA<br>Related to Case No. 3:21-cv-07559-WHA<br><br>**DECLARATION OF CLEMENT ROBERTS IN SUPPORT OF SONOS, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL RE SONOS'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT REGARDING GOOGLE'S CONTRACT-RELATED CLAIMS** |

1      I, Clement Roberts, declare as follows and would so testify under oath if called upon to do so:

2      1.     I am an attorney with the law firm of Orrick, Herrington & Sutcliffe LLP, counsel of record to Sonos, Inc. ("Sonos") in the above-captioned matter. I am a member in good standing of the Bar of the State of California. I make this declaration based on my personal knowledge, unless otherwise noted. If called, I can and will testify competently to the matters set forth herein.

2.     I make this declaration in support of Sonos's Administrative Motion to File Under Seal in connection with Sonos's Reply in Support of Motion for Summary Judgment Regarding Google's Contract-Related Claims ("Sonos's Reply").

3.     Sonos seeks an order sealing the materials as listed below:

| DOCUMENT | PORTIONS TO BE SEALED | DESIGNATING PARTY |
|---|---|---|
| Sonos's Reply | Portions highlighted in green | Sonos and Google |
| Exhibit 15 to Kolker Reply Declaration | Entire Document | Sonos and Google |
| Exhibit 16 to Kolker Reply Declaration | Entire Document | Sonos |

4.     The portions of Sonos's Reply highlighted in green, and Exhibit 16, contain references to Sonos's confidential business information and trade secrets, including Sonos's research and development processes. The specifics of how these functionalities and processes operate is confidential information that Sonos does not share publicly. For example, Exhibit 16 contains Sonos's internal product code names and Sonos's technical strategy for integrating outside content server providers' content into the Sonos ecosystem. Thus, public disclosure of such information may lead to competitive harm as Sonos's competitors could use these details regarding the architecture and functionality of these products to gain a competitive advantage in the marketplace with respect to their competing products. Additionally, some of the green highlighted portions of the Reply include terms to confidential agreements that are not public.

1  Specifically, that agreement shows the terms on which Sonos works with content service
2  providers to integrate their content into Sonos's system, a regular part of Sonos's commercial
3  work.  Similarly, Exhibit 15 includes details of Sonos's history of licensing negotiations with
4  Google, while Exhibit 16 includes details of Sonos's collaboration with Google on the technical
5  side of integrating Google's content into the Sonos system.  Disclosure of this information would
6  harm Sonos's competitive standing by giving Sonos's competitors highly sensitive information
7  about Sonos's business dealings with other entities.  *See, e.g.*, Dkt. 518 at 15 (granting Google's
8  request to "seal information related to third-party license agreements, public disclosure of which
9  may cause Google harm"); Case No. 3:21-cv-7559-WHA, Dkt. 228 at 3-4 (granting motions "to
10 seal references to confidential business negotiations and agreements, public disclosure of which
11 may cause both parties harm").  Sealing this information would thus "prevent competitors from
12 gaining insight into [Sonos's] business model and strategy."  *In re Qualcomm Litig.*, No. 3:17-cv-
13 0108-GPC-MDD, at *4 (S.D. Cal. Nov. 8, 2017).  A less restrictive alternative than sealing the
14 portions of Sonos's Motion and the exhibits indicated in the table above, would not be sufficient
15 because the information sought to be sealed is Sonos's confidential business information and
16 trade secrets and is integral to Sonos's legal arguments.

18      I declare under penalty of perjury that the foregoing is true and correct to the best of my
19 knowledge.  Executed this 28th day of February, 2023 in Belevedere, California.

                                           */s/ Clement S. Roberts*
                                           Clement Seth Roberts