CLEMENT SETH ROBERTS (SBN 209203)
croberts@orrick.com
BAS DE BLANK (SBN 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (SBN 260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

SEAN M. SULLIVAN (*pro hac vice*)
sullivan@ls3ip.com
COLE RICHTER (*pro hac vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:    +1 312 754 0002
Facsimile:    +1 312 754 0003

*Attorneys for Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>     Plaintiff and Counter-defendant,<br><br>v.<br><br>SONOS, INC.,<br><br>     Defendant and Counter-claimant. | Case No. 3:20-cv-06754-WHA<br>Related to Case No. 3:21-cv-07559-WHA<br><br>**SONOS, INC.'S RESPONSE TO COURT'S ORDER ON MOTION FOR RECONSIDERATION (DKT. 539)**<br><br>Complaint Filed: September 28, 2020 |

Sonos provides the following views on how to proceed on the issues in the pending summary judgment motions.  Dkt. 539 (Order on Motion for Reconsideration).

No additional summary judgment briefing is needed.[1]  Despite the Court's prior order finding claim 1 of the '885 patent not invalid, Google moved for summary judgment that claim 1 of the '885 patent is invalid as obvious.  Dkt. 483 at 15 (Google's MSJ Br.) ("Claim 1 of the '885 patent and all asserted claims of the '966 patent are invalid as obvious…") (footnote omitted); Dkt. 538 at 7 (Google's MSJ Reply Br.).  To the extent the Court considers all four of Google's motions for summary judgment, *but see* Dkt. 508 (Sonos's MSJ Opp. Br.) at 1, the Court should do so on the briefing Google already submitted.  Google did not request any additional briefing or pages to make its arguments and the Court's prior order did not stop Google from briefing summary judgment of invalidity of the '885 patent.  *See* Dkt. 483 (cursorily briefing four separate summary judgment motions in 25 pages).

Sonos's response to Google's motion that the '885 and '966 patents were invalid as obvious focused primarily on the '966 patent because the Court had already found that the '885 patent was not invalid.  Dkt. 508 at 10-19.  Had Sonos known that invalidity of the '885 patent was still at issue, Sonos would have cited additional expert evidence related to objective indicia of nonobviousness of the '885 patent.  That evidence parallels the objective indicia of nonobviousness for the '966 patent which was cited and attached to Sonos's opposition to Google's motion.  *See id.* at 19, citing Ex. K to Sonos's Opp. to Summary Judgment (Almeroth Reb.), ¶¶1613-1640.  In any event, Google's moving papers utterly failed to address objective indicia of nonobviousness, and

---

[1] In view of the Court's ruling, Sonos's expert Dr. Kevin Almeroth will submit a supplemental rebuttal report further addressing validity of the '885 Patent.  At the time Dr. Almeroth submitted his rebuttal report on January 13, 2023, the validity of the '885 patent was not at issue and therefore was not addressed in his rebuttal report.  Dr. Almeroth stated that "to the extent that Dr. Schonfeld is permitted to offer any opinions regarding the validity of the '885 Patent at the upcoming trial, I hereby incorporate my May 19, 2022 reply declaration and my '885 Rebuttal Report, and I also expressly reserve the right to supplement my opinions and analyses to address any new opinions or analyses that Dr. Schonfeld is now offering regarding the alleged invalidity of the '885 Patent."  January 13, 2023 Rebuttal Expert Report of Dr. Kevin C. Almeroth ¶¶ 33, 474.  Sonos will provide an excerpt of Dr. Almeroth's January 13, 2023 Rebuttal report at the Court's request.  Sonos does not anticipate any need to delay trial or pretrial exchanges to accommodate Dr. Almeroth's supplemental rebuttal report.

SONOS'S RESP. TO ORDER ON MOTION FOR
RECONSIDERATION (DKT. 539)
3:20-cv-06754-WHA

1  its reply brief did not distinguish between the two patents for purposes of invalidity. Dkt. 483 at

2  15-20; Dkt. 538 at 10-11. To the extent the Court wishes to review the additional expert evidence

3  on the '885 patent, which was developed in preparation for the showdown trial, Sonos will lodge it

4  with the Court upon request.

5  In the meantime, Sonos looks forward to the March 30th hearing, at which it will show that

6  Google's motions for summary judgment should be denied and Sonos's motion (related to Google's

7  state law breach of contract and conversion claims) should be granted.

8

9  Dated: March 6, 2023                          By: /s/ Clement S. Roberts

10                                                  CLEMENT SETH ROBERTS
                                                    BAS DE BLANK
11                                                  ALYSSA CARIDIS
                                                    EVAN D. BREWER
12
13                                              ORRICK, HERRINGTON & SUTCLIFFE LLP

14                                                  SEAN M. SULLIVAN
                                                    COLE B. RICHTER
15                                              LEE SULLIVAN SHEA & SMITH LLP

16                                                  *Attorneys for Sonos, Inc.*

17

18

19

20

21

22

23

24

25

26

27

28

SONOS'S RESP. TO ORDER ON MOTION FOR
RECONSIDERATION (DKT. 539)
3:20-CV-06754-WHA