1   CLEMENT SETH ROBERTS (SBN 209203)
    croberts@orrick.com
2   BAS DE BLANK (SBN 191487)
    basdeblank@orrick.com
3   ALYSSA CARIDIS (SBN 260103)
    acaridis@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
5   405 Howard Street
    San Francisco, CA 94105-2669
6   Telephone:    +1 415 773 5700
    Facsimile:    +1 415 773 5759
7
    SEAN M. SULLIVAN (*pro hac vice*)
8   sullivan@ls3ip.com
    MICHAEL P. BOYEA (*pro hac vice*)
9   boyea@ls3ip.com
    COLE B. RICHTER (*pro hac vice*)
10  richter@ls3ip.com
    LEE SULLIVAN SHEA & SMITH LLP
11  656 W Randolph St., Floor 5W
    Chicago, IL 60661
12  Telephone:    +1 312 754 0002
    Facsimile:    +1 312 754 0003
13
    *Attorneys for Sonos, Inc.*
14

15                  UNITED STATES DISTRICT COURT

16                 NORTHERN DISTRICT OF CALIFORNIA

17                    SAN FRANCISCO DIVISION

18  GOOGLE LLC,                              Case No. 3:20-cv-06754-WHA
                                             Related to Case No. 3:21-cv-07559-WHA
19            Plaintiff and Counterdefendant,
                                             **DECLARATION OF COLE B.**
20       v.                                  **RICHTER IN SUPPORT OF**
                                             **GOOGLE'S ADMINISTRATIVE**
21  SONOS, INC.,                             **MOTION TO CONSIDER WHETHER**
                                             **ANOTHER PARTY'S MATERIAL**
22            Defendant and Counterclaimant. **SHOULD BE SEALED (DKT. 537)**

23

24

25

26

27

28

1    I, Cole B. Richter, declare as follows and would so testify under oath if called upon:

2        1.    I am an attorney with the law firm of Lee Sullivan Shea & Smith LLP, counsel of

3    record to Sonos, Inc. ("Sonos") in the above-captioned matter.  I am a member in good standing

4    of the Bar of the State of Illinois.  I have been admitted *pro hac vice* in this matter.  I make this

5    declaration based on my personal knowledge, unless otherwise noted.  If called, I can and will

6    testify competently to the matters set forth herein.

7        2.    I make this declaration in support of Google's Administrative Motion to Consider

8    Whether Another Party's Material Should be Sealed filed on February 28, 2023 (Dkt. 537)

9    ("Administrative Motion to Consider"), in connection with its Reply in Support of Motion for

10   Summary Judgment ("Reply").

11       3.    Sonos seeks an order sealing the materials as listed below[1]:

| Document | Portions Google Sought to Be Filed Under Seal | Portions Sonos Seeks to Be Filed Under Seal | Designating Party[2] |
|---|---|---|---|
| Exhibit 2 to Google's Reply | Portions outlined in red boxes | The entirety of paragraph 285 which is contained within the portions outlined by Google in red boxes | Sonos |

18       4.    I understand that the Ninth Circuit has recognized two different standards that may

19   apply to a request to seal a document, the "compelling reasons" standard and the "good cause"

20   standard.  *Blessing v. Plex Sys., Inc.*, No. 21-CV-05951-PJH, 2021 WL 6064006, at *12 (N.D.

21   Cal. Dec. 22, 2021) (citing *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97

22   (9th Cir. 2016)).  The compelling reasons standard applies to any sealing request made in

23   connection with a motion that is "more than tangentially related to the merits of a case."  *Id.*

---

[1] Google's Administrative Motion to Consider also seeks to seal Exhibits 3-5.  Sonos's advises that Exhibits 3-5 do not contain Sonos confidential information and/or material.

[2] It appears Google's Administrative Motion to Consider contains a typographical error.  Google listed the designating party as "Google."  We are responding to this motion as if it intended to indicate "Sonos."

DECL. OF RICHTER ISO GOOGLE'S ADMIN. MOTION TO
CONSIDER WHETHER ANOTHER PARTY'S MATERIAL
SHOULD BE SEALED (DKT. 537)
3:20-CV-06754-WHA

1   Accordingly, I understand courts in this district apply a "compelling reasons" standard to a

2   sealing request made in connection with a motion for summary judgment.  *See, e.g.*, *Snapkeys,*

3   *Ltd. v. Google LLC*, No. 19-CV-02658-LHK, 2021 WL 1951250, at *2 (N.D. Cal. May 14, 2021).

4        5.    I further understand that confidential technical information about product features,

5   architecture, and development satisfies the "compelling reason" standard.  *See Delphix Corp. v.*

6   *Actifio, Inc.*, No. 13-cv-04613-BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (finding

7   compelling reasons to seal where court filings contained "highly sensitive information regarding

8   [an entity's confidential] product architecture and development"); *Guzik Tech. Enters., Inc. v. W.*

9   *Digital Corp.*, No. 5:11-CV-03786-PSG, 2013 WL 6199629, at *4 (N.D. Cal. Nov. 27, 2013)

10  (sealing exhibit containing "significant references to and discussion regarding the technical

11  features" of a litigant's products).  I also understand that courts have found the compelling

12  reasons standard satisfied where parties sought to seal "terms" that "if public, could be used by

13  both Plaintiff's and its partners' competitors to give them an unfair advantage in the development

14  and negotiations of rival products."  *Unlockd Media Inc. v. Google LLC*, 21-cv-07250-HSG, at *2

15  (N.D. Cal. Sep. 30, 2022).  Under this "compelling reasons" standard, the Court should order the

16  above-listed documents sealed.

17       6.    Paragraph 285, contained within the portions outlined in a red box by Google, contain

18  Sonos's confidential business information and trade secrets.  Specifically, this paragraph lists the

19  root and filenames of Sonos's source code and further identifies where each can be found within

20  those files.  The specifics of which are confidential information that Sonos does not share

21  publicly and is highly sensitive.  Thus, public disclosure of such information may lead to

22  competitive harm as Sonos's competitors could use these details regarding Sonos's source code to

23  gain a competitive advantage in the marketplace with respect to their competing products.  A less

24  restrictive alternative than sealing said documents would not be sufficient because the

25  information sought to be sealed is Sonos's confidential business information and trade secrets and

26  Google contends that this information is necessary to Google's Reply.  *See* declaration of Jocelyn

27  Ma in support of Google's administrative motion to seal.  Dkt. 536-1, ¶ 4.

28

DECL. OF RICHTER ISO GOOGLE'S ADMIN. MOTION TO
CONSIDER WHETHER ANOTHER PARTY'S MATERIAL
SHOULD BE SEALED (DKT. 537)
3:20-CV-06754-WHA

1      7.    Sonos's request is narrowly tailored to protect its confidential information.

2          I declare under penalty of perjury that the foregoing is true and correct to the best of my

3   knowledge. Executed this 7th day of March, 2023 in Chicago, Illinois.

4

5                                          */s/ Cole B. Richter*
                                           COLE B. RICHTER

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECL. OF RICHTER ISO GOOGLE'S ADMIN. MOTION TO
CONSIDER WHETHER ANOTHER PARTY'S MATERIAL
SHOULD BE SEALED (DKT. 537)
3:20-CV-06754-WHA