QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
James Judah (Bar No. 257112)
jamesjudah@quinnemanuel.com
Lindsay Cooper (Bar No. 287125)
lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Marc Kaplan (*pro hac vice*)
marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone:     (312) 705-7400
Facsimile:     (312) 705-7401

*Attorneys for Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>SONOS, INC.,<br><br>　　　　　Defendant. | CASE NO. 3:20-cv-06754-WHA<br>Related to CASE NO. 3:21-cv-07559-WHA<br><br>**DECLARATION OF JOCELYN MA IN SUPPORT OF SONOS, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. 533)** |

I, Jocelyn Ma, declare and state as follows:

1. I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate at Quinn Emanuel Urquhart & Sullivan LLP representing Google LLC ("Google") in this matter. I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2. I make this declaration in support of Sonos, Inc.'s ("Sonos") Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("Administrative Motion") (Dkt. 533) filed in connection with Sonos's Reply in Support of Motion for Summary Judgment Regarding Google's Contract-Related Claims ("Sonos's Reply") (Dkt. 532). If called as a witness, I could and would testify competently to the information contained herein.

3. Google seeks an order sealing the materials as listed below:

| Document | Portions Sonos Sought to Be Filed Under Seal | Portions Google Seeks to Be Filed Under Seal | Designating Party |
|---|---|---|---|
| Sonos's Reply[1] | Portions highlighted in green | Portions highlighted in green | Google and Sonos |
| Sonos's Reply | Portions highlighted in blue | None | Google |
| Exhibit 14 to Kolker Declaration ("Exhibit 14") | Entire document | None | Google |
| Exhibit 15 to Kolker Declaration ("Exhibit 15") | Entire document | Entire document | Google and Sonos |

4. I understand that the Court analyzes sealing requests in connection with motions for summary judgment pursuant to the "compelling reasons" standard. *See, e.g.*, *Edwards Lifesciences Corp. v. Meril Life Scis. Pvt. Ltd.*, No. 19-CV-06593-HSG, 2021 WL 5233129, at *4 (N.D. Cal. Nov. 10, 2021); *Baird v. BlackRock Institutional Tr. Co., N.A.*, No. 17-CV-01892-HSG, 2021 WL 105619, at *5 (N.D. Cal. Jan. 12, 2021). I also understand that the Court has held that confidential business information in the form of agreements, confidential licensing negotiations, and business strategies

---

[1] Because Sonos has also sought to seal portions of this document, Google has not filed a revised public redacted version.

1  satisfy the "compelling reasons" standard. *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-
2  04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020).

3      5.    The portions of Sonos's Reply highlighted in green contain references to and
4  quotations of terms from Google's confidential business agreements that are not public. I understand
5  that public disclosure of this information would harm Google's competitive standing and its ability to
6  negotiate future agreements by giving competitors access to Google's highly confidential business
7  thinking and asymmetrical information about Google's collaboration strategies to other entities. If
8  such information were made public, I understand that Google's competitive standing would be
9  significantly harmed. Google has therefore designated this information as HIGHLY
10 CONFIDENTIAL—ATTORNEYS' EYES ONLY under the protective order (Dkt. 92). A less
11 restrictive alternative than sealing would not be sufficient because the information sought to be sealed
12 is Google's proprietary and confidential business information but has been utilized by Sonos in
13 support of its Reply. I also understand that this Court has previously granted sealing of the same
14 and/or similar information. *See, e.g.*, Dkt. 39 at 1.

15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28

6. Exhibit 15 contains confidential licensing negotiations that are not public. I understand that public disclosure of this information would harm Google's competitive standing and its ability to negotiate future licensing agreements by giving competitors access and insight into Google's highly confidential business thinking and asymmetrical information about Google's collaboration and licensing strategies to other entities. If such information were made public, I understand that Google's competitive standing would be significantly harmed. Google has therefore designated this information as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY under the protective order (Dkt. 92). A less restrictive alternative than sealing would not be sufficient because the information sought to be sealed is Google's proprietary and confidential business information but has been utilized by Sonos in support of its Reply. I also understand that this Court has previously granted sealing of the same and/or similar information. *See, e.g.*, Dkt. 334 at 5.

I declare under penalty of perjury under the laws of the United States of America that to the best of my knowledge the foregoing is true and correct. Executed on March 7, 2023, in San Francisco, California.

DATED: March 7, 2023

By: /s/ Jocelyn Ma
Jocelyn Ma