QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
James Judah (Bar No. 257112)
jamesjudah@quinnemanuel.com
Lindsay Cooper (Bar No. 287125)
lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Marc Kaplan (pro hac vice)
marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone:     (312) 705-7400
Facsimile:     (312) 705-7401

*Attorneys for GOOGLE LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>SONOS, INC.,<br><br>　　　　Defendant. | Case No. 3:20-cv-06754-WHA<br>Related to Case No. 3:21-cv-07559-WHA<br><br>**GOOGLE LLC'S REVISED ADMINISTRATIVE MOTION TO FILE UNDER SEAL PURSUANT TO THE COURT'S OMNIBUS ORDER RE MOTIONS TO SEAL (DKT. 518)** |

I.  INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5 and the Court's Omnibus Order re Motions to Seal (Dkt. 518) ("Omnibus Order"), Plaintiff Google LLC ("Google") hereby requests that the Court maintain the portions of documents identified in the charts below under seal. This request is supported by the accompanying Declaration of Jocelyn Ma ("Ma Decl.").

First, Google submits the following revised sealing requests for the documents listed below that the Court declined to seal without prejudice. *Id.* at 17 ("With respect to motions to seal that this order denied without prejudice, revised requests may be submitted that justify sealing any information that may still be confidential within FOURTEEN DAYS."):

| Dkt. | Document | Portions Google Originally Sought to File Under Seal | Portions Google Now Seeks to File Under Seal | Designating Party |
|---|---|---|---|---|
| Dkt. 210-3 | Exhibit 1 | Entire document (Dkt. 210) | Portions outlined in blue boxes | Google |
| Dkt. 252-3 / Dkt. 263-1 | Exhibit 1 | Portions outlined in red boxes (Dkt. 262) | Portions outlined in blue boxes | Google |

Second, Google respectfully requests an order granting leave to keep under seal portions of the documents listed below that Court declined to seal, but that contain references to highly confidential source code for Google's products:

| Dkt. | Document | Portions Google Originally Sought to File Under Seal | Portions Google Now Seeks to File Under Seal | Designating Party |
|---|---|---|---|---|
| Dkt. 209-4 | Exhibit B | Portions outlined in red boxes (Dkt. 215) | Portions outlined in blue boxes on page 10 | Google |
| Dkt. 247-3 | Google's Opposition to Sonos, Inc.'s ("Sonos") Motion for Summary Judgment Pursuant to the Court's Patent Showdown Procedure | Portions highlighted in yellow and green; portions outlined in red boxes (Dkt. 247) | Portion outlined in blue box on page 10 | Google |
| Dkt. 252-2 | Sonos's Opposition to Google's Motion for Summary Judgment Pursuant to | Portions highlighted in green (Dkt. 262) | Portions outlined in blue boxes on page 2 | Google |

| | the Court's Patent Showdown Procedure | | | |
|---|---|---|---|---|
| Dkt. 276-4 / Dkt. 277-3 | Exhibit 1 | Portions highlighted in yellow (Dkt. 276) | Portions outlined in blue boxes on page 4 | Google |

## II. LEGAL STANDARD

Civil Local Rule 79-5(c) provides that a party seeking to file its own documents under seal must file an administrative motion that articulates the applicable legal standard and reasons for keeping a document under seal, includes evidentiary support from a declaration where necessary, and provides a proposed order that is narrowly tailored to seal only the sealable material.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  In the Ninth Circuit, two different standards may apply to a request to seal a document – namely the "compelling reasons" standard or the "good cause" standard. *Blessing v. Plex Sys., Inc.*, No. 21-CV-05951-PJH, 2021 WL 6064006, at *12 (N.D. Cal. Dec. 22, 2021) (citing *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016)).  "To seal records in connection with a 'dispositive' motion or a motion that 'more than tangentially relate[s] to the merits of a case,' 'compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure' are required." *Bronson v. Samsung Elecs. Am., Inc.*, No. C 18-02300 WHA, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019) (quoting *Kamakana*, 447 F.3d at 1178-79).  The compelling reasons standard applies to any sealing request made in connection with a motion that is "more than tangentially related to the merits of a case." *Id.* Accordingly, courts in this district apply a "compelling reasons" standard to a sealing request made in connection with a motion for summary judgment. *See, e.g.*, *Edwards Lifesciences Corp. v. Meril Life Scis. Pvt. Ltd.*, No. 19-CV-06593-HSG, 2021 WL 5233129, at *4 (N.D. Cal. Nov. 10, 2021); *Baird v. BlackRock Institutional Tr. Co., N.A.*, No. 17-CV-01892-HSG, 2021 WL 105619, at *5 (N.D. Cal. Jan. 12, 2021).

## III. THE COURT SHOULD SEAL GOOGLE'S CONFIDENTIAL INFORMATION

Material that is confidential and could harm a litigant's competitive standing if disclosed may be sealed under the compelling reasons standard. *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12–cv–03844–JST2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) (information "is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage"); *In re Qualcomm Litig.*, No. 3:17-CV-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (concluding that "compelling reasons exist to seal . . . information subject to confidentiality and non-disclosure provisions" because "[s]uch insight could harm the parties in future negotiations with existing customers, third-parties, and other entities with whom they do business").

### A. Google's Revised Requests For Documents the Court Previously Declined to Seal Are Narrowly Tailored

Pursuant to the Court's directive in the Omnibus Order, Google has submitted revised requests that seek to seal portions of the documents for which the Court previously denied sealing without prejudice.

The narrowly-tailored portions of Dkts. 210-3 and 252-3 outlined in blue boxes contain references to highly confidential source code for Google's products that Google does not share publicly. Ma Decl. ¶ 5. The disclosure of such source code would harm the competitive standing that Google has earned through years of innovation by allowing Google's competitors to benefit from Google's investments in research and development and by revealing Google's trade secrets and sensitive aspects of its proprietary systems and designs, to Google's competitors. Accordingly, the Court should seal the source code outlined in blue boxes in Dkts. 210-3 and 252-3 because disclosure would cause Google "competitive harm." Dkt. 518 at 6, 8, 12, 13; *see also In re Koninklijke Philips Pat. Litig.*, No. 18-CV-01885-HSG, 2020 WL 1865294, at *2 (N.D. Cal. Apr. 13, 2020) (granting motion to seal "redactions to specific source code" because it "clearly meets the definition [of] a trade secret" under the compelling reasons standard); *X One, Inc. v. Uber Techs., Inc.*, No. 16-CV-06050-LHK, 2020 WL 718310, at *3 (N.D. Cal. Feb. 12, 2020) (finding "information related to [defendant]'s source code . . . sealable" under the compelling reasons standard).

**B. Google Respectfully Requests to Keep Portions of Other Documents Referencing Source Code Under Seal**

Although the Court's Omnibus Order contemplated "revised requests" for "motions to seal that [the] order denied without prejudice" (Dkt. 518 at 17), Google also respectfully requests that the Court grant leave to keep under seal the portions of Dkts. 209-4, 247-3, 252-2, and 276-4 outlined in blue boxes. Like the portions of Dkts. 210-3 and 252-3 outlined in blue boxes discussed above, *supra* § III.A, the portions of Dkts. 209-4, 247-3, 252-2, and 276-4 outlined in blue boxes also contain references to highly confidential source code for Google's products that Google does not share publicly, the public disclosure of which would damage Google's competitive standing. Ma Decl. ¶ 5.

The Court recognized the sensitivity of such information in its Omnibus Order and granted sealing of the same or similar information as the portions of Dkts. 209-4, 247-3, 252-2, and 276-4 outlined in blue boxes which Google now seeks to keep under seal. For example, with respect to Dkt. 247-3, Google seeks to seal an image on page 10 for which the Court granted sealing for Dkt. 247-4. *See* Dkt. 518 at 6 (sealing "the image of source code in paragraph[] 36" of Dkt. 247-4). Additionally, the source code references Google seeks to seal in paragraph 8 of Dkt. 276-4 are also similar to those the Court sealed in Dkt. 220-2. Dkt. 518 at 12 ("The motion is GRANTED as to the reference to source code and its file location on page 12.").

Since "[c]onfidential source code clearly meets the definition of a trade secret," compelling reasons exist to seal the information outlined in blue boxes in Dkts. 209-4, 247-3, 252-2, and 276-4. *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7429304, at *2 (N.D. Cal. Feb. 9, 2016) (citing *Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012)).

**IV. CONCLUSION**

For the foregoing reasons, Google respectfully requests that the Court grant Google's Revised Administrative Motion to File Under Seal Pursuant to the Court's Omnibus Order Re Motions to Seal (Dkt. 518).

| | | |
|---|---|---|
| 1 | DATED: March 8, 2023 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 2 | | |
| 3 | | By:   */s/ Charles K. Verhoeven* |
| | | Charles K. Verhoeven (Bar No. 170151) |
| 4 | | charlesverhoeven@quinnemanuel.com |
| | | Melissa Baily (Bar No. 237649) |
| 5 | | melissabaily@quinnemanuel.com |
| | | James Judah (Bar No. 257112) |
| 6 | | jamesjudah@quinnemanuel.com |
| | | Lindsay Cooper (Bar No. 287125) |
| 7 | | lindsaycooper@quinnemanuel.com |
| | | 50 California Street, 22nd Floor |
| 8 | | San Francisco, California 94111-4788 |
| | | Telephone:   (415) 875-6600 |
| 9 | | Facsimile:    (415) 875-6700 |
| 10 | | |
| | | Marc Kaplan *(pro hac vice)* |
| 11 | | marckaplan@quinnemanuel.com |
| | | 191 N. Wacker Drive, Ste 2700 |
| 12 | | Chicago, Illinois 60606 |
| | | Telephone:   (312) 705-7400 |
| 13 | | Facsimile:    (312) 705-7401 |
| 14 | | |
| 15 | | *Attorneys for GOOGLE LLC* |

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that, on March 8, 2023, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system and email.

DATED:  March 8, 2023

By: */s/ Charles K. Verhoeven*
Charles K. Verhoeven