QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  James Judah (Bar No. 257112)
  jamesjudah@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

  Marc Kaplan (pro hac vice)
  marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone:     (312) 705-7400
Facsimile:     (312) 705-7401

*Attorneys for Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>                Plaintiff,<br><br>   vs.<br><br>SONOS, INC.,<br><br>                Defendant. | Case No. 3:20-cv-06754-WHA<br>Related to Case No. 3:21-cv-07559-WHA<br><br>**GOOGLE LLC'S RESPONSE TO THE COURT'S REQUEST FOR INFORMATION (DKT. 556)**<br><br>The Hon. William H. Alsup |

The Court already construed "playback queue" as "a list of multimedia content selected for playback." Dkt. 316 at 5. Thus, a "**remote** playback queue" is a "playback queue" geographically distant from the claimed computing and playback devices—*e.g.*, a playback queue in the cloud.[1] The parties dispute whether a remote playback queue that is copied to a device for purposes of facilitating local playback is no longer a remote playback queue. Sonos's position appears to be that a remote playback queue ceases to be one if it is copied and processed locally for playback. Dkt. 488-4 (Schmidt Reb. Rpt.), ¶108 ("there can only be **one** playback queue, which is either remote or local") (emphasis in original); Dkt. 509-2 (Sonos Opp. to MSJ) at 7 (arguing the YTR party queue is not a "remote playback queue" because playback device "uses its own locally-stored copy of the [party] queue for playback"). Sonos's apparent position: (1) contradicts the plain claim language, (2) is inconsistent with the Court's prior showdown order finding that a "remote playback queue" exists and "runs the show" even where it is copied locally as a "means to process" the remote queue for playback, and (3) is contrary to black-letter law that provides that the asserted "comprising" claims may include additional, unrecited elements. Dkt. 316 at 10.

### A.   Google's Construction Is Supported By The Claim Language

"Claim construction begins with the words of the claim." *Prima Tek II, L.L.C. v. Polypap, S.A.R.L.*, 318 F.3d 1143, 1148 (Fed. Cir. 2003). Here, claim 1 begins by reciting a computing device configured for playback of a "remote playback queue ***provided by*** a cloud-based computing system associated with a cloud-based media service." Limitation 1.4. The term "provided by" means to "give" something.[2] Thus, by reciting that the "remote playback queue" is "provided by a cloud-

---

[1]   Sonos agrees at least on this aspect of the construction. *E.g.,* Dkt. 389 (Sonos Opp. to Google Motion for Leave) at 2 ("as the claims of the '033 patent otherwise make clear, the remote playback is located *in the cloud* and is 'remote' from the computing device itself."); Dkt. 467-4 (Schmidt '033 Rpt.), ¶236 ("the word 'remote' before the phrase 'playback queue' indicates that the 'playback queue' is not local to whatever device is to playback media identified by the contents of the 'playback queue,' such as a 'playback queue' that is accessible to a device over a network.").

[2]   *See* https://www.oxfordlearnersdictionaries.com/us/definition/english/provide.

based computing system," the claim scope encompasses the cloud-based computing system giving the computing device a copy of a remote playback queue that is located in the cloud). This is shown on the right.



Claim 1 next recites that the computing device transmits an instruction for the playback device to "take over responsibility for playback of the remote playback queue." Limitation 1.7. In other words, the claim requires that the playback device continue to playback the same list of media provided by the cloud in Limitation 1.4. Notably, the language of Claim 1 (as well as dependent claim 2) expressly encompasses the playback device receiving a copy of the entire remote playback queue by reciting that the cloud-based computing system provides "data identifying the next one *or more* media items" to the given playback device. In other words, the cloud can provide data identifying the entire remote playback queue playlist ("one or more") to the playback device, thereby creating a local copy of the remote playback queue. This is shown on the right.



**B.  The Remote Queue Runs the Show Even If Playback Devices Use Local Copies**

During the showdown the Court found that Google's accused YouTube application included a cloud queue that "runs the show." Dkt. 316 at 9-10. The Court concluded that the cloud queue in the accused applications "runs the show" because the "cloud queue delivers information to the playback device on a one-way street"—*i.e.,* media set to play back on a playback device is "dictated by the cloud queue" and when a change is made to the playlist, it must first be made in the cloud before it can be provided to playback devices. *Id.* Where a playback device receives a playlist from a remote queue, this "locally-stored information" is merely a "mirror" of the remote queue and "provide[s] the means to process the lists for playback." *Id.* In other words, just because some or all of the contents of the remote playback queue is copied locally, that does not mean that the remote playback queue is no longer running the show. Yet that is precisely how Sonos reads the claim to

attempt to draw a distinction with the YouTube Remote (YTR) prior art. YTR, however, undisputedly discloses a remote "party mode" queue synced locally to playback devices, yet still runs the show because any edits to the party queue must be made in the cloud and synced to playback devices using a one-way street. Sonos's arguments should be dismissed—compelling a finding of invalidity.[3]

### C. Sonos's Understanding of the Claim Term Is Contrary To Black-Letter Law

The asserted claims are "comprising" claims. It is black-letter law that "comprising" claims may include additional, unrecited elements. *E.g.*, *Innovad Inc. v. Microsoft Corp.*, 260 F.3d 1326, 1333 (Fed. Cir. 2001). Thus, even if a local copy of the remote playback queue was unrecited (as explained above, it is expressly contemplated), it is allowed for under the "comprising" language.

Indeed, Sonos's expert has stated "just because a sender device might *maintain* a local copy of a queue does not necessarily mean that there is not also a remote playback queue *provided* by a cloud-based computing system." Dkt. 505-1 (Schmidt Op. Rpt.), ¶ 480 (emphasis in original). Moreover, Sonos submitted a technology tutorial in this case (Dkt. 115) representing that the '033 patent discloses that a [1] smartphone stores an "app queue that contains media item identifiers corresponding to songs that are scheduled for playback," and [2] that "additionally there can be a remote playback queue in the cloud containing one or more media item identifiers corresponding to the one or more media item identifiers in the app queue." Sonos Tutorial, Chapter 6 at 2:08-3:10. Sonos also explained the playback device may store a local copy of the playback queue that it uses to retrieve the media content. *Id*. at 4:04-4:21. The images on the right are from the tutorial with green boxes added.



---

[3] For example, if a playback device is playing content from a local copy of a remote playback queue originally provided by the cloud, and the remote playback queue overrides that local copy whenever an edit is made to the remote queue, that remote playback queue is still determining the behavior of the playback device and falls within the meaning of the claims.

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED:  March 31, 2023 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

By     */s/ Charles K. Verhoeven*
    Charles K. Verhoeven (Bar No. 170151)
    charlesverhoeven@quinnemanuel.com
    Melissa Baily (Bar No. 237649)
    melissabaily@quinnemanuel.com
    James Judah (Bar No. 257112)
    jamesjudah@quinnemanuel.com
    Lindsay Cooper (Bar No. 287125)
    lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

    Marc Kaplan *(pro hac vice)*
    marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

*Attorneys for Google LLC*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that, on March 31, 2023, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system and email.

*/s/ Charles K. Verhoeven*
Charles K. Verhoeven