

April 18, 2023

**Orrick, Herrington & Sutcliffe LLP**
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669

+1 415 773 5700
**orrick.com**

*Via CM-ECF*

**Clement Seth Roberts**

Honorable William Alsup
United States District Court
Northern District of California
450 Golden Gate Avenue, Courtroom 12
San Francisco, CA  94102

**E** croberts@orrick.com
**D** +1 415 773 5484
**F** +1 415 773 5759

Re:  *Sonos, Inc. v. Google LLC*, NDCA Case No. 3:20-06754

Dear Judge Alsup:

In response to the Court's Order re Motions For Summary Judgment, Dkt. 566, and the Court's Order Setting Schedule for Pretrial Deadlines, Dkt. 547, the parties are currently engaged in pretrial exchanges in advance of the submission of the pretrial order on April 26, 2023.

Sonos requests the Court's clarification on whether Google will be permitted to try the invalidity of claims 18, 19, and 25 of the '615 patent.  The Court's clarification will greatly assist the parties in finalizing the pretrial materials and eliminate many of the current disputes between the parties, including over the length of trial, witnesses, exhibits, jury instructions, and verdict form.  As just one example, if Google is permitted to try the '615 patent, Google proposed a trial time of 16 hours per side.  Sonos's position is that the '615 patent is not part of the upcoming trial and the parties need 10 hours per side.

As the Court knows, the '615 and '033 patents are "direct control" patents, with little overlap between the '885 and '966 "zone scenes" patents.  Both sides used separate technical experts for the direct control and zone scenes patents, Sonos accuses different products of infringement, and Google asserts different prior art.  Sonos believes that the direct control patents are no longer part of the case for trial.  Google disagrees, at least as to the '615 patent.  (Google is apparently satisfied with the Court's order on summary judgment that the '033 patent is invalid, Dkt. 566, although Google's proposed jury instructions still include multiple references to the '033 patent.)

The Court's showdown summary judgment order found that Google did not infringe claim 13 of the '615 patent and that claim 13 was invalid.  Dkt. 316.  Claims 18 and 19 depend from claim 13 and claim 25 mirrors claim 13 in all material respects.  (Claim 13 is a "computer readable medium" claim, while claim 25 recites a "control device" (*i.e.*, a smart phone) with a screen and processors having computer-readable media stored thereon.)  In addition, on April 10, 2023, the Patent Trial and Appeal Board found that Google had shown by a preponderance of the evidence that claims 18, 19 and 25 of the '615 patent are invalid.  *See* No. IPR2021-01563.



*Sonos, Inc. v. Google LLC*, NDCA Case No. 3:20 -06754
April 18, 2023
Page 2

Sonos therefore believes there is no reason to try the '615 patent in the upcoming trial.  In light of the Court's summary judgment order, Sonos has no basis for asserting infringement of claims 18, 19 and 25, and no basis for disputing the invalidity of at least claim 25.

Sonos has offered to provide a consent judgment that claims 18, 19, and 25 of the '615 patent are invalid in light of the Court's showdown summary judgment order.  Google refused and has not explained why it insists on trying these claims, or what triable issues would even remain in view of a consent judgment of invalidity (or the two prior determinations of invalidity).  The Patent Office—in a proceeding initiated by Google—held that the claims are invalid.  The Court's prior summary judgment order held that Google does not infringe claim 13 and that claim 13 is invalid.  Yet Google now wants a jury to further decide that the claims are invalid.  Not only does this risk inconsistent judgments—what if a jury says claim 25 is not invalid, yet the Court held claim 13 is invalid?—it is a waste of the jury's and the Court's time.

Because this issue affects essentially all of the parties' pretrial submissions, any guidance from the Court would be very helpful in finalizing the pretrial submissions in advance of the pretrial conference.

Sincerely,

Clement Seth Roberts