**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700

WRITER'S DIRECT DIAL NO.
**(415) 875-6320**

WRITER'S EMAIL ADDRESS
**seanpak@quinnemanuel.com**

April 19, 2023

*Via CM-ECF*

Hon. William H. Alsup
U.S. District Court Judge
United States District Court
Northern District of California
450 Golden Gate Avenue, Courtroom 12
San Francisco, CA 94102

Re:   *Sonos, Inc. v. Google LLC*, NDCA Case No. 3:20-06754

Your Honor:

I write in response to Sonos, Inc.'s ("Sonos") April 18, 2023 letter brief to the Court (Dkt. 569) requesting "clarification on whether Google will be permitted to try the invalidity of claims 18, 19, and 25 of the '615 patent" in the forthcoming trial in this action. In its request, Sonos argues that "there is no reason to try the '615 patent in the upcoming trial." *Id*. at 2. Google respectfully disagrees. There is good reason to try the '615 patent at the upcoming trial because Google still has a live claim for a declaratory judgment of invalidity of claims 18, 19, and 25 of the '615 patent that is unaffected by any of the issues raised in Sonos's letter.

Sonos's offer "to provide a consent judgment that claims 18, 19, and 25 of the '615 patent are invalid in light of the Court's showdown judgment order" does not resolve Google's claim because Sonos would retain its right to appeal the Court's showdown order, thereby potentially only delaying Google's right to a jury finding of invalidity of claims 18, 19, and 25. Nor does Sonos's consent judgment offer otherwise eliminate any case or controversy, such as by providing a covenant not to sue and release for past conduct.

Similarly, the PTAB's finding of invalidity of claims 18, 19, and 25 also does not resolve Google's claim because, again, Sonos retains the right to appeal the PTAB finding and, moreover, the PTAB found invalidity based on a different set of prior art than the YouTube Remote prior art system asserted in this case. Accordingly, Google would be highly prejudiced were the Court to prevent Google's invalidity claim from being decided at trial and Sonos later reverses the PTAB's findings on appeal.

quinn emanuel urquhart & sullivan, llp

ATLANTA | AUSTIN | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

And although Sonos now alleges a lack of subject matter overlap between the '615 patent and the '885 and '966 patents, that is irrelevant to the question of whether Google's claims for declaratory relief may be tried at the same time. Tellingly, Sonos never sought to bifurcate trial on the "direct control" and "zone scenes" patents despite the lack of overlap it now raises. And at bottom, these patents are all part of Google's declaratory judgment complaint and, thus, Google has a Constitutional right to a jury trial on its claims notwithstanding any purported lack of overlap.

Further, the Court's prior showdown order finding claim 13 invalid did not address claims 18, 19, or 25—all of which include further narrowing limitations that were not addressed in the Court's showdown order. Although Sonos has offered a consent judgment that these claims are invalid in view of the Court's showdown order, it has not stipulated unconditionally that the additional narrowing limitations in these claims are taught by or obvious in view of Google's prior art. Thus, there is still a dispute that must be decided by the jury as factfinder. And any risk of inconsistent judgments could and should be addressed by a jury instruction that claim 13 has been found invalid and the jury is to now consider whether the additional limitations in claims 18, 19, and 25 would also have been obvious to those of ordinary skill in the art.

There is no need for the clarification Sonos seeks, as the parties have been fully aware that there is a live case or controversy as to the invalidity of claims 18, 19, and 25 of the '615 patent.[1] And, as the Court made clear in its recent summary judgment order, with the exception of a carve-out for Google's design-around, the "issues now set for trial" include "any and all remaining issues in the entire case." Dkt. 566 at 33. Sonos's request should be denied.

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*/s/ Sean Pak*

Sean Pak

SSP

---

[1] For example, even after the Court's finding of invalidity of claim 13 of the '615 patent in the showdown order, the parties have continued to litigate claims 18, 19, and 25 of the '615 patent, such as by submitting expert reports on the invalidity of claims 18, 19, and 25 of the '615 patent.