CLEMENT SETH ROBERTS (SBN 209203)
croberts@orrick.com
BAS DE BLANK (SBN 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (SBN 260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   +1 415 773 5700
Facsimile:   +1 415 773 5759

SEAN M. SULLIVAN (*pro hac vice*)
sullivan@ls3ip.com
COLE RICHTER (*pro hac vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:   +1 312 754 0002
Facsimile:   +1 312 754 0003

*Attorneys for Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>    Plaintiff and Counter-defendant,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant and Counter-claimant. | Case No. 3:20-cv-06754-WHA<br>Related to Case No. 3:21-cv-07559-WHA<br><br>**SONOS, INC.'S PROPOSED STIPULATED PARTIAL CONSENT JUDGMENT** |

1    Pursuant to the Court's April 19, 2023 Case Management Order (Dkt. No. 571), attached
2 please find Sonos's proposed stipulated partial consent Judgment.

4  Dated: April 20, 2023                    ORRICK HERRINGTON & SUTCLIFFE LLP
                                            *and*
5                                           LEE SULLIVAN SHEA & SMITH LLP

                                            By: */s/ Clement S. Roberts*
7                                               Clement S. Roberts

8                                           *Attorneys for Sonos, Inc.*

| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>  Charles K. Verhoeven (Bar No. 170151)<br>  charlesverhoeven@quinnemanuel.com<br>  Melissa Baily (Bar No. 237649)<br>  melissabaily@quinnemanuel.com<br>  Lindsay Cooper (Bar No. 287125)<br>  lindsaycooper@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, California 94111-4788<br>Telephone:    (415) 875-6600<br>Facsimile:    (415) 875-6700<br><br>*Attorneys for Google LLC* | CLEMENT SETH ROBERTS (STATE BAR NO. 209203)<br>croberts@orrick.com<br>BAS DE BLANK (STATE BAR NO. 191487)<br>basdeblank@orrick.com<br>ALYSSA CARIDIS (STATE BAR NO. 260103)<br>acaridis@orrick.com<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94105-2669<br>Telephone: (415) 773-5700<br>Facsimile: (415) 773-5759<br><br>*Attorneys for Sonos, Inc.* |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SONOS, INC.,<br><br>         Plaintiff,<br><br>    vs.<br><br>GOOGLE LLC.,<br><br>         Defendant. | CASE NO. 3:20-cv-06754-WHA<br><br>**[PROPOSED] STIPULATED PARTIAL CONSENT JUDGMENT**<br><br>Judge:     Hon. William Alsup |

01980-00181/13180989.1

Plaintiff Sonos, Inc. ("Sonos") and Defendant Google LLC ("Google") have agreed to the following stipulation concerning specific claims of Sonos's U.S. Patent No. 9,967,615 ("'615 patent") and respectfully request the Court to adopt and enter the following Partial Consent Judgment:

WHEREAS, Google filed a complaint seeking a declaratory judgment of non-infringement and invalidity of the '615 patent in this district on September 28, 2020. Dkt. 1.

WHEREAS, Sonos filed an action in the Western District of Texas on September 29, 2020, asserting a claim for infringement of the '615 patent against Google (*Sonos, Inc. v. Google LLC*, No. 3:21-cv-07559-WHA, Dkt. No. 1).

WHEREAS, the Court entered a "Patent Showdown Scheduling Order" (Dkt. 68) that ordered the parties to each elect one claim from an asserted patent and move for summary judgment on that claim, with any remaining issues not resolved by summary judgment to be tried in a patent showdown trial, and all remaining issues tried in a second trial. Dkt. 68.

WHEREAS, Sonos indicated on October 28, 2021 that the claims it would assert from the '615 Patent in this action would be independent claims 13 and 25 and dependent claims 14, 15, 18, 19, 20, 21, and 26, each of which depends ultimately from one of claim 13 or 25.

WHEREAS, pursuant to the Court's Patent Showdown Scheduling Order, Google elected claim 13 from the '615 Patent for the showdown and moved for summary judgment of invalidity and non-infringement of claim 13. Dkt. 211.

WHEREAS, the Court granted Google's motion and held claim 13 of the '615 Patent invalid under 35 U.S.C. § 103(a) and not infringed by Google. Dkt. 316 ("Court's Showdown Summary Judgment Order").

WHEREAS, claim 25 of the '615 Patent mirrors claim 13 in all material respects and thus stands invalid and is not infringed for the same reasons set forth in the Court's Showdown Summary Judgment Order. Dkt. 316.

WHEREAS, in view of the Court's Showdown Summary Judgment Order finding that independent claim 13 was not infringed by Google, no other asserted dependent claim can be found infringed by Google absent reversal or vacatur of the Court's Showdown Summary Judgment Order.

*See Wahpeton Canvas Co., Inc. v. Frontier, Inc.*, 870 F.2d 1546, 1553 n. 9 (Fed. Cir. 1989) ("It is axiomatic that dependent claims cannot be found infringed unless the claims from which they depend have been found to have been infringed.").

WHEREAS, Sonos has since agreed (i) to withdraw claims 18 and 19 from assertion against Google in this case, (ii) that, for purposes of this case, the validity of claims 18 and 19 of the '615 Patent rise and fall together with the validity of claim 13 of the '615 Patent, and (iii) not to, for this case, separately argue or appeal the validity of claims 18 and 19.

WHEREAS, Sonos retains the right to appeal the Court's Showdown Summary Judgment Order, and in the event that such appeal results in reversal or vacatur of the Court's Showdown Summary Judgment Order, Sonos agrees that claims 18 and 19 remain withdrawn from assertion against Google.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED that:

1. In view of the Court's Showdown Summary Judgment Order, claims 18, 19, and 25 stand invalid;
2. In view of the Court's Showdown Summary Judgment Order and this Partial Consent Judgment, there are no remaining issues of triable fact concerning the '615 Patent;
3. Sonos retains the right to appeal the Court's Showdown Summary Judgment Order at the conclusion of the case;
4. In the event the invalidity of claim 13 (as held by this Court's Showdown Summary Judgment Order) is vacated or reversed, then claims 18, 19, and 25 will no longer stand invalid and claims 18 and 19 will be dismissed with prejudice against Google.

IT IS SO ORDERED AND ADJUDGED.

Dated:                                                                Respectfully submitted,

_____          _____
Attorneys for GOOGLE LLC                                Attorneys for SONOS INC.

QUINN EMANUEL URQUHART & SULLIVAN, LLP                    ORRICK, HERRINGTON & SUTCLIFFE LLP

1
2   *Counsel for Google LLC*                                *Counsel for Sonos Inc.*
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

01980-00181/13180989.1