CLEMENT SETH ROBERTS (SBN 209203)
croberts@orrick.com
BAS DE BLANK (SBN 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (SBN 260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

SEAN M. SULLIVAN (*pro hac vice*)
sullivan@ls3ip.com
COLE RICHTER (*pro hac vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:    +1 312 754 0002
Facsimile:    +1 312 754 0003

*Attorneys for Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>    Plaintiff and Counter-defendant,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant and Counter-claimant. | Case No. 3:20-cv-06754-WHA<br>Related to Case No. 3:21-cv-07559-WHA<br><br>**SONOS, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL RE NOTICE OF LODGING PRESENTATION SLIDES RE THE MARCH 30, 2023 HEARING** |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Sonos, Inc. ("Sonos") hereby respectfully submits this Administrative Motion to Seal ("Administrative Motion") in connection with Sonos's Notice of Lodging Presentation Slides Re the March 30, 2023 Hearing ("Sonos's Notice of Lodging"). Specifically, Sonos seeks to file under seal the information and/or document(s) listed below:

| DOCUMENT | PORTIONS TO BE SEALED | DESIGNATING PARTY[1] |
|---|---|---|
| Attachment A to Sonos's Notice of Lodging | Portions outlined in red boxes on pages 2-10 | Sonos and Google |
| Attachment E to Sonos's Notice of Lodging | Portions outlined in red boxes on pages 29, 30-32 | Sonos |

## II. LEGAL STANDARD

Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable"). *See* Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id*.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mutual Auto. Insurance Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

The Ninth Circuit has recognized that two different standards may apply to a request to seal a document – namely the "compelling reasons" standard or the "good cause" standard. *Blessing v. Plex Sys., Inc.*, No. 21-CV-05951-PJH, 2021 WL 6064006, at *12 (N.D. Cal. Dec. 22,

---

[1] With respect to the information and/or documents identified in the table, which contain confidential material designated by both parties, Sonos is concurrently filing an administrative motion to consider sealing the same information re Google.

2021) (citing *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016)). The compelling reasons standard applies to any sealing request made in connection with a motion that is "more than tangentially related to the merits of a case." *Id.* A party seeking to seal materials submitted with a motion that is "more than tangentially related to the merits of the case" must demonstrate that there are "compelling reasons" to keep the documents under seal. *WhatsApp Inc. v. NSO Grp. Techs. Ltd.*, 491 F. Supp. 3d 584, 596 (N.D. Cal. 2020) (citing *Ctr. for Auto Safety*, 809 F. 3d at 1101-1102). What constitutes a compelling reason is left to the "sound discretion of the trial court." *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon*, 435 U.S. at 599).

Under the compelling reasons standard, "a court may seal a record only if it finds a 'compelling reason' to support such treatment." *Blessing,* 2021 WL 6064006, at *12. In applying the "compelling reasons" standard, the Ninth Circuit has found appropriate the sealing of documents where court records could be used "as sources of business information that might harm a litigant's competitive standing." *See Ctr. for Auto Safety*, 809 F.3d at 1097. "Confidential business information in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard." *Hetland v. LendingTree, LLC,* No. 19-CV-02288-JSC, 2021 WL 2313386, at *1 (N.D. Cal. May 3, 2021) (quoting *Exeltis USA Inc. v. First Databank, Inc.*, Case No. 17-cv-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020)). Courts have found the compelling reasons standard satisfied where parties sought to seal "terms" that "if public, could be used by [the parties'] competitors to give them an unfair advantage in the development and negotiations of rival products." *Unlockd Media Inc. v. Google LLC*, 21-cv-07250-HSG, at *2 (N.D. Cal. Sep. 30, 2022).

### III.   THE COURT SHOULD SEAL SONOS'S CONFIDENTIAL MATERIAL

The portions of Attachment E outlined in red boxes contain references to Sonos's confidential business information and trade secrets, including confidential technical details regarding the operation of Sonos products. Thus, public disclosure of such information may lead to competitive harm as Sonos's competitors could use these details regarding the operation and

1  functionality of these products to gain a competitive advantage in the marketplace with respect to
2  their competing products.  Additionally, the portions of Attachment A outlined in red boxes
3  include terms to confidential agreements that are not public.  Specifically, that Attachment shows
4  the terms on which Sonos works with content service providers to integrate their content into
5  Sonos's system, a regular part of Sonos's commercial work.  Disclosure of this information
6  would harm Sonos's competitive standing by giving Sonos's competitors highly sensitive
7  information about Sonos's business dealings with other entities.  *See, e.g.*, Dkt. 518 at 15
8  (granting Google's request to "seal information related to third-party license agreements, public
9  disclosure of which may cause Google harm"); Case No. 3:21-cv-7559-WHA, Dkt. 228 at 3-4
10 (granting motions "to seal references to confidential business negotiations and agreements, public
11 disclosure of which may cause both parties harm").  Sealing this information would thus "prevent
12 competitors from gaining insight into [Sonos's] business model and strategy." *In re Qualcomm*
13 *Litig.*, No. 3:17-cv-0108-GPC-MDD, at *4 (S.D. Cal. Nov. 8, 2017).  A less restrictive alternative
14 than sealing the portions of Sonos's Motion and the exhibits indicated in the table above, would
15 not be sufficient because the information sought to be sealed is Sonos's confidential business
16 information and trade secrets and is integral to Sonos's legal arguments.  *See* Declaration of Clem
17 Roberts in Support of Administrative Motion filed concurrently herewith, ¶ 4.

**IV. CONCLUSION**

In compliance with Civil Local Rule 79-5(d) and (e), unredacted versions of the above-listed documents accompany this Administrative Motion and redacted versions are filed publicly.  A proposed order is being filed concurrently herewith.  For the foregoing reasons, Sonos respectfully requests that the Court grant Sonos's Administrative Motion.


| | |
|---|---|
| Dated:  April 21, 2023 | ORRICK HERRINGTON & SUTCLIFFE LLP<br>*and*<br>LEE SULLIVAN SHEA & SMITH LLP<br><br>By: */s/ Clement S. Roberts*<br>      Clement S. Roberts<br><br>*Attorneys for Sonos, Inc.* |