CLEMENT SETH ROBERTS (SBN 209203)
croberts@orrick.com
BAS DE BLANK (SBN 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (SBN 260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   +1 415 773 5700
Facsimile:    +1 415 773 5759

SEAN M. SULLIVAN (*pro hac vice*)
sullivan@ls3ip.com
COLE RICHTER (*pro hac vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:   +1 312 754 0002
Facsimile:    +1 312 754 0003

*Attorneys for Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC., <br><br> Plaintiff and Counter-defendant, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant and Counter-claimant. | Case No. 3:20-cv-06754-WHA <br> Related to Case No. 3:21-cv-07559-WHA <br><br> **SONOS, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL RE SONOS'S MOTION *IN LIMINE* NO. 1** |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Sonos, Inc. ("Sonos") hereby respectfully submits this Administrative Motion to Seal ("Administrative Motion") in connection with Sonos's Motion *in Limine* No. 1 ("Sonos's Motion") and Google's Response to Motion *in Limine* No. 1 ("Google's Response"). Specifically, Sonos seeks to file under seal the information and/or document(s) listed below:

| DOCUMENT | PORTIONS TO BE SEALED | DESIGNATING PARTY |
|---|---|---|
| Exhibit A to Kolker Declaration | Portions highlighted in blue | Sonos |
| Exhibit B to Kolker Declaration | Portions highlighted in blue | Sonos |
| Google's Response | Portions highlighted in blue | Sonos |
| Google's Response | Portions highlighted in green | Sonos and Google |
| Exhibit 1 to Cooper Declaration | Entire Document | Sonos |
| Exhibit 2 to Cooper Declaration | Portions highlighted in blue | Sonos |
| Exhibit 3 to Cooper Declaration | Portions highlighted in blue | Sonos |

## II. LEGAL STANDARD

Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable"). *See* Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id*.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mutual Auto. Insurance Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

The Ninth Circuit has recognized that two different standards may apply to a request to seal a document – namely the "compelling reasons" standard or the "good cause" standard.

1    *Blessing v. Plex Sys., Inc.*, No. 21-CV-05951-PJH, 2021 WL 6064006, at *12 (N.D. Cal. Dec. 22,

2    2021) (citing *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir.

3    2016)).  The compelling reasons standard applies to any sealing request made in connection with

4    a motion that is "more than tangentially related to the merits of a case." *Id.*  A party seeking to

5    seal materials submitted with a motion that is "more than tangentially related to the merits of the

6    case" must demonstrate that there are "compelling reasons" to keep the documents under seal.

7    *WhatsApp Inc. v. NSO Grp. Techs. Ltd.*, 491 F. Supp. 3d 584, 596 (N.D. Cal. 2020) (citing *Ctr.*

8    *for Auto Safety*, 809 F. 3d at 1101-1102).  What constitutes a compelling reason is left to the

9    "sound discretion of the trial court." *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon*, 435

10   U.S. at 599).

11          Under the compelling reasons standard, "a court may seal a record only if it finds a

12   'compelling reason' to support such treatment." *Blessing,* 2021 WL 6064006, at *12.  In applying

13   the "compelling reasons" standard, the Ninth Circuit has found appropriate the sealing of

14   documents where court records could be used "as sources of business information that might

15   harm a litigant's competitive standing." *See Ctr. for Auto Safety*, 809 F.3d at 1097.  "Confidential

16   business information in the form of 'license agreements, financial terms, details of confidential

17   licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard."

18   *Hetland v. LendingTree*, *LLC,* No. 19-CV-02288-JSC, 2021 WL 2313386, at *1 (N.D. Cal. May

19   3, 2021) (quoting *Exeltis USA Inc. v. First Databank, Inc.*, Case No. 17-cv-04810-HSG, 2020

20   WL 2838812, at *1 (N.D. Cal. June 1, 2020)).

21   **III.   THE COURT SHOULD SEAL SONOS'S CONFIDENTIAL MATERIAL**

22          The portions of Google's Response highlighted in blue and green, and the exhibits listed

23   above (including the blue highlighted portions of Exhibits A and B to the Kolker Declaration, the

24   blue highlighted portions of Exhibits 2 and 3 to the Cooper Declaration, and all of Exhibit 1 to the

25   Cooper Declaration), contain references to Sonos's confidential business information and trade

26   secrets, including the details of Sonos's confidential licenses and license offers with third parties,

27   including Google.  Sonos's licensing practices, history, and previous license agreements are all

28   confidential information that Sonos does not share publicly.  Thus, public disclosure of such

information may lead to competitive harm as Sonos's competitors could use these details to gain a competitive advantage in the marketplace. A less restrictive alternative than sealing the portions of Sonos's Motion and the exhibits indicated in the table above, would not be sufficient because the information sought to be sealed is Sonos's confidential business information and trade secrets and is integral to Sonos's legal arguments (in the case of Exhibits A and B to the Kolker Declaration) or cited by Google (in the case of Google's Response and Exhibits 1, 2, and 3 to the Cooper Declaration). *See* Declaration of Clement Roberts in Support of Administrative Motion filed concurrently herewith, ¶ 4.

## IV. CONCLUSION

In compliance with Civil Local Rule 79-5(d) and (e), unredacted versions of the above-listed documents accompany this Administrative Motion and redacted versions are filed publicly. A proposed order is being filed concurrently herewith. For the foregoing reasons, Sonos respectfully requests that the Court grant Sonos's Administrative Motion.

Dated: April 25, 2023

ORRICK HERRINGTON & SUTCLIFFE LLP
*and*
LEE SULLIVAN SHEA & SMITH LLP

By: */s/ Clement S. Roberts*
     Clement S. Roberts

*Attorneys for Sonos, Inc.*