# EXHIBIT 5
# FILED UNDER SEAL

ATTORNEYS' EYES ONLY – SOURCE CODE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>                Plaintiff<br><br>v.<br><br>SONOS, INC.,<br><br>                Defendant. | CASE NO. 3:20-cv-06754-WHA<br>Related to CASE NO. 3:21-cv-07559-WHA |

**REBUTTAL EXPERT REPORT OF DAN SCHONFELD, Ph.D.**

181. In my opinion, based on their scope, each of these changes would individually take Google minimal time to implement, and the time for quality assurance would likely match the other design-arounds that I discussed in my Opening Report. Further, because each of these solutions would allow a user to associate a speaker group name with a particular set of speakers (albeit without "zone scene" or "common theme" information associated with such a name), these solutions would match users' expectations and enable the current level of functionality that users expect and receive from their Google devices.

## XVIII. COMPARABLE LICENSES AND PATENTS

182. 

183. As I opined above, the technology of the '885 and '966 patents is similar, such that my opinions regarding the comparability of the technology at issue in those licenses equally applies to both '885 and '966 patents. It is my opinion that these patents are technologically comparable to both the '885 patent and the '966 patents, for example, has a wider potential impact than the particular way of implementing the overlapping speaker functionality claimed in the asserted patents.

ATTORNEYS' EYES ONLY – SOURCE CODE

DATED: January 13, 2023

_____

Dan Schonfeld, Ph.D.