# EXHIBIT 10

**Jocelyn Ma**

| | |
|---|---|
| **From:** | Cole Richter <richter@ls3ip.com> |
| **Sent:** | Friday, June 10, 2022 3:39 PM |
| **To:** | Jocelyn Ma; Anne-Raphaëlle Aubry |
| **Cc:** | QE-Sonos3; Sonos-NDCA06754-service |
| **Subject:** | Re: Google v. Sonos - Sonos's responses to Google's 4th set of RFPs |

**[EXTERNAL EMAIL from richter@ls3ip.com]**

Jocelyn,

Sonos does not agree that its prior reservation of right to consider lost sales in its reasonable royalty analysis would make the foregoing categories of discovery proportional to the needs of the case. Nevertheless, Sonos confirms it will no longer advance lost sales as a basis for its reasonable royalty analysis. As such, the categories of information Google continues to seek are clearly not proportional to the needs of the case and Sonos stands on its objections and the clarifications below.

Let us know if you think a conferral on this matter would be productive.

Best,
Cole

**From:** Jocelyn Ma <jocelynma@quinnemanuel.com>
**Sent:** Tuesday, June 7, 2022, 10:21 AM
**To:** Cole Richter <richter@ls3ip.com>; Anne-Raphaëlle Aubry <anneraphaelleaubry@quinnemanuel.com>
**Cc:** QE-Sonos3 <qe-sonos3@quinnemanuel.com>; Sonos-NDCA06754-service <Sonos-NDCA06754-service@orrick.com>
**Subject:** RE: Google v. Sonos - Sonos's responses to Google's 4th set of RFPs

Cole,

Given upcoming expert reports, we need to resolve the issues below. Please confirm that Sonos is not withholding any responsive documents as to RFP Nos. 92, 94, 102, and 112. If Sonos maintains its objections as to RFP Nos. 100, 111, and 106-109, please provide your ability to meet and confer this week. If the parties are at impasse on these issues, we need to bring them to Magistrate Ryu's attention as soon as possible.

Best,
Jocelyn

**From:** Jocelyn Ma
**Sent:** Wednesday, June 1, 2022 12:13 PM
**To:** Cole Richter <richter@ls3ip.com>; Anne-Raphaëlle Aubry <anneraphaelleaubry@quinnemanuel.com>
**Cc:** QE-Sonos3 <qe-sonos3@quinnemanuel.com>; Sonos-NDCA06754-service <Sonos-NDCA06754-service@orrick.com>
**Subject:** RE: Google v. Sonos - Sonos's responses to Google's 4th set of RFPs

Cole,

Following up on the below.  We're available to meet and confer this week if necessary.

Best,
Jocelyn

---

**From:** Jocelyn Ma
**Sent:** Thursday, May 19, 2022 9:47 AM
**To:** Cole Richter <richter@ls3ip.com>; Anne-Raphaëlle Aubry <anneraphaelleaubry@quinnemanuel.com>
**Cc:** QE-Sonos3 <qe-sonos3@quinnemanuel.com>; Sonos-NDCA06754-service <Sonos-NDCA06754-service@orrick.com>
**Subject:** RE: Google v. Sonos - Sonos's responses to Google's 4th set of RFPs

Cole,

We write in response to your email below and the parties' discussion on May 2.

First, given Sonos's reservation of the right to "consider lost sales in its reasonable royalty analysis," we disagree that Sonos's decision not to seek lost profits as a form of damages "moots the relevance of the additional information" Google seeks in its March 23 letter.  This is particularly true in light of Sonos's position during the parties' meet and confer that lost sales are relevant because it relates to "the value of the invention to the patentee as a sales generator" and to "the idea that the royalty should be higher because Sonos has lost sales."  If Sonos intends to argue it is entitled to a higher royalty rate because it has lost sales as a result of Google's infringement, then Google is entitled to discovery on that assertion.  Sonos's relevance objection to the below RFPs is thus inapplicable.

Second, your email fails to respond to many of the issues in Google's letter.  Instead, Sonos improperly suggests that it is *Google* that needs to provide further clarification, but—as Google's letter noted—it is *Sonos's* responses that are vague and unclear.  For a majority of the requests, Sonos stated it would produce a vague category of documents that do not appear to encompass all the information responsive to Google's RFP.  Google cannot identify what it "seeks beyond what is already set forth in Sonos's production" (as Sonos requests below) when Google cannot ascertain from Sonos's responses exactly what Sonos has agreed to produce and whether it is withholding any responsive documents (and on what basis).

- RFP No. 92 seeks documents regarding the "**actual unit sales and dollar sales** for" allegedly practicing Sonos products, yet Sonos merely responded it would be providing documents regarding "**sales**."  In light of your representation below that Sonos has produced information "reflecting the number of units of Sonos products sold and the revenue earned from these sales," please confirm that Sonos is not withholding non-privileged, non-cumulative documents responsive to this request.

- RFP No. 94 seeks documents identifying "**the types of customers to whom Allegedly Practicing Sonos Products have been sold or have been targeted for potential sale**, including information regarding the **market segments** that Sonos targets for such sales."  In response, Sonos stated it would provide "documents concerning **customer demographics**."  As Google noted in its March 23 letter, it was unclear from Sonos's response whether it would be producing documents concerning customers and market segments that Sonos *targets* for sales of its alleging practicing products.  In light of your representation below that Sonos has produced documents concerning "customer demographics that Sonos targets for sales," please confirm that Sonos is not withholding non-privileged, non-cumulative documents responsive to this request.

- RFP No. 102 seeks documents relating the "**the price sensitivity of demand**" for the allegedly practicing Sonos products, yet Sonos responded it would produce documents concerning **"pricing of Sonos products**."  As Google noted in its March 23 letter, "price sensitivity of demand" and "pricing" are not the same concept.  In light of your representation below that Sonos has produced documents "reflecting how price factors into a customers'

purchase decision," please confirm that Sonos is not withholding non-privileged, non-cumulative documents responsive to this request.

- RFP Nos. 100, 111, and 112 seek documents relating to (1) Sonos's **ability to expand its manufacturing capacity** to meet the allegedly lost sales of its allegedly practicing products, (2) the **cost** associated with any such expansion, and (3) **Sonos's decision making process regarding manufacturing capacity** for its allegedly practicing products, including the lead time Sonos uses for forecasting demand. Sonos's response merely stated it would produced documents regarding its "**manufacturing capacity**," and your email below broadened slightly to include "Sonos's ability to expand manufacturing." It is still unclear whether Sonos has produced or will be producing documents regarding the cost related to expansion of its manufacturing capacity, Sonos's decision-making process regarding manufacturing capacity for its allegedly practicing products, and the lead time Sonos uses for forecasting demand—all information that is expressly sought by the language of RFP Nos. 100 and 111. As Google already noted in its March 23 letter, all of this information is relevant to Sonos's assertion that it lost sales (and therefore profit) as a result of Google's alleged infringement.

Third, Sonos fails to explain how RFP Nos. 106-109 (which seek information regarding Sonos's efforts to bring voice control and/or voice assistant technology onto Sonos's speaker products) ask for irrelevant information. As Google noted in its responsive damages contentions, Google intends to show that Sonos's and Google's products are different and not direct substitutes, including because Google's speakers have built-in native voice technology that is preferable to customers. Sonos does not substantiate its relevance objection and instead apparently refuses to provide documents solely because it contends that Google has not produced reciprocal information. But as Google noted in its responses to RFPs 73, 75, 76, and 77, Google has already produced and Sonos is already in possession of a significant number of documents—including marketing documents—that are "sufficient to show" the customer demand of the accused functionalities. In addition, per Google's May 3 email to Dan Smith, Google has already produce documents sufficient to show customer demand and feedback of the accused functionalities and products. Google further noted it did not locate any documents regarding incremental value of the accused functionalities after conducting a reasonable search on the parties' May 3 meet and confer. Sonos's contention is thus incorrect and does not form a basis for Sonos's refusal to provide documents responsive to these requests. Please confirm that Sonos will produce such information.

Finally, Google also disagrees with your general assertion that Google has failed to produce documents responsive to similar requests sought by Sonos. In addition to the information Google has provided as noted in the above paragraph, Google has also produced many documents regarding its customers, the market segments it targets, and the price sensitivity of demand of the accused products.

If Sonos continues to maintain its objections, please provide your availability to meet and confer next week.

Best,
Jocelyn

---

**From:** Cole Richter <richter@ls3ip.com>
**Sent:** Monday, May 2, 2022 10:20 AM
**To:** Anne-Raphaëlle Aubry <anneraphaelleaubry@quinnemanuel.com>
**Cc:** QE-Sonos3 <qe-sonos3@quinnemanuel.com>; Jocelyn Ma <jocelynma@quinnemanuel.com>; Sonos-NDCA06754-service <Sonos-NDCA06754-service@orrick.com>
**Subject:** RE: Google v. Sonos - Sonos's responses to Google's 4th set of RFPs

**[EXTERNAL EMAIL from richter@ls3ip.com]**

---

Counsel,

We write in response to your March 23 letter concerning Sonos's responses to Google's Third RFPs (90-117).  As an initial matter, Sonos informs you that it will no longer seek lost profits as part of Sonos's requested damages award in this case.  (For the avoidance of doubt, however, Sonos reserves the right to consider lost sales in its reasonable royalty analysis.)   Thus, this moots the relevance of the additional information, if any, Google seeks by way of its March 23 letter.  Sonos responds below, however, to arrest any further confusion and to facilitate any meet and confer, should one be necessary.

As a global matter, many of the issues Google raises in this letter cut against Google's own responses to Sonos's Second Set of RFPs (56-97).  As you note, some of the information Google seeks in its Third RFPs is similar to the information Sonos seeks in its Second RFPs.  But where Sonos has agreed to produce, and has produced, information responsive to Google's requests, Google has objected to the entirety of nearly every one of Sonos's Second RFPs and has thus failed to produce documents responsive to the same or even narrower scope it demands Sonos produce.  Discovery is a two-way street.  To the extent Google intends to press the full scope of its requests, it must likewise reconsider its own responses to Sonos's requests.

RFP 92

Thank you for the clarification regarding this request.  Sonos stands on its objections, particularly given that lost profits is no longer at issue.  Sonos has already produced information reflecting the number of units of Sonos products sold and the revenue earned from these sales.  Please let us know what, if anything, Google seeks beyond what is already set forth in Sonos's production, how it called for in Google's request, and how it is proportional to the needs of the case.

RFP 94

Your letter does not clarify the information sought by this request or how it is different than what Sonos has agreed to produce and has already produced.  Sonos stands on its objections, particularly given that lost profits is no longer at issue.  Sonos has already produced information concerning customer demographics, including information concerning customer demographics that Sonos targets for sales.  Please let us know what, if anything, Google seeks beyond what is already set forth in Sonos's production, how it called for in Google's request, and how it is proportional to the needs of the case.

RFPs 100, 111, 112

Your letter does not clarify the information sought by these requests or how it is different than what Sonos has agreed to produce and has already produced.  Sonos stands on its objections, particularly given that lost profits is no longer at issue.  Sonos has already produced information concerning manufacturing capacity, including information reflecting Sonos's ability to expand manufacturing.  Please let us know what, if anything, Google seeks beyond what is already set forth in Sonos's production, how it called for in Google's request, and how it is proportional to the needs of the case.

RFP 102

Your letter does not clarify the information sought by this request or how it is different than what Sonos has agreed to produce and has already produced.  Sonos stands on its objections, particularly given that lost profits is no longer at issue.  Sonos has already produced information concerning pricing of its products, including information reflecting how price factors in to a customers' purchase decision.  Please let us know what, if anything, Google seeks beyond what is already set forth in Sonos's production, how it called for in Google's request, and how it is proportional to the needs of the case.

You correctly note that Sonos requested similar information from Google in Sonos's request number 93.  But this only highlights Google's own failings and the absurdity of Google's request here.  Where Sonos agreed to provide information responsive to Google's request, Google did not agree.  Google stood on a wildly-broad objection to providing documents

beyond "marketing and instructional materials."  Setting aside that Google's objection is baseless, Google cannot seriously contend that Sonos ought to respond in full to Google's request yet provide nothing in response to Sonos's.

RFPs 106-109

Your letter does not clarify the scope of what is sought by these requests or how it is proportional to the needs of the case.  Sonos stands on its objections, particularly given that lost profits is no longer at issue.  The information requested goes far beyond what is even conceivably relevant and far beyond what Google has agreed to provide in this case.  For instance, while your letter contends that information reflecting demand for "features that have nothing to do with the patents" is relevant, Google has not even agreed to provide information reflecting demand for the accused (or patented) features.  At least Sonos RFP Nos. 73, 75, 76, 77 seeks just this, but Google has not agreed to produce anything in response to these requests, offering vaguely to "investigate providing information regarding the extent of the 'use of' the
accused functionalities," but failing to agree to produce this information or to investigate and produce information concerning "demand."  Accordingly, the information called for far exceeds what is apparently proportional to the needs of the case.

Please let us know if conferral would be productive.  We are available Monday afternoon.

Best,
Cole

---

**From:** Cole Richter <richter@ls3ip.com>
**Sent:** Friday, April 29, 2022 5:45 PM
**To:** Anne-Raphaëlle Aubry <anneraphaelleaubry@quinnemanuel.com>; Sonos-NDCA06754-service <Sonos-NDCA06754-service@orrick.com>
**Cc:** QE-Sonos3 <qe-sonos3@quinnemanuel.com>; Jocelyn Ma <jocelynma@quinnemanuel.com>
**Subject:** RE: Google v. Sonos - Sonos's responses to Google's 4th set of RFPs

**This message originated from outside your organization**

---

Anne,

We plan to respond in the next day or so regarding your letter.  We are available to confer Monday or Tuesday regarding Google's 4th set of RFPs.

Best,
Cole

---

**From:** Anne-Raphaëlle Aubry <anneraphaelleaubry@quinnemanuel.com>
**Sent:** Friday, April 29, 2022 7:46 AM
**To:** Cole Richter <richter@ls3ip.com>; Sonos-NDCA06754-service <Sonos-NDCA06754-service@orrick.com>
**Cc:** QE-Sonos3 <qe-sonos3@quinnemanuel.com>; Jocelyn Ma <jocelynma@quinnemanuel.com>
**Subject:** RE: Google v. Sonos - Sonos's responses to Google's 4th set of RFPs

Counsel,

It has been over a month since our March 23rd letter, and almost two weeks since our initial request to meet and confer on Sonos's responses to Google's 4th set of RFPs.
Please let us know today when we can expect your response to the March 23rd letter. Please provide today your availability to meet and confer on these issues.

Best,

Anne

---

**From:** Anne-Raphaëlle Aubry
**Sent:** Tuesday, April 26, 2022 4:10 PM
**To:** 'Cole Richter' <richter@ls3ip.com>; Sonos-NDCA06754-service <Sonos-NDCA06754-service@orrick.com>
**Cc:** QE-Sonos3 <qe-sonos3@quinnemanuel.com>; Jocelyn Ma <jocelynma@quinnemanuel.com>
**Subject:** RE: Google v. Sonos - Sonos's responses to Google's 4th set of RFPs

Counsel,

Following up on the below, we await your response to our March 23 letter.
We are available for a meet and confer on Thursday or Friday this week – please let us know your availability.

Best,

Anne

---

**From:** Cole Richter <richter@ls3ip.com>
**Sent:** Friday, April 22, 2022 10:25 AM
**To:** Jocelyn Ma <jocelynma@quinnemanuel.com>; Anne-Raphaëlle Aubry <anneraphaelleaubry@quinnemanuel.com>; Sonos-NDCA06754-service <Sonos-NDCA06754-service@orrick.com>
**Cc:** QE-Sonos3 <qe-sonos3@quinnemanuel.com>
**Subject:** Re: Google v. Sonos - Sonos's responses to Google's 4th set of RFPs

**[EXTERNAL EMAIL from richter@ls3ip.com]**

Counsel,

We can confer on Google's RFPs 120-21, 124 today at 2p CT or Monday evening.  We will get back to you shortly on a response to your March 23 letter.

Best,
Cole

---

**From:** Jocelyn Ma <jocelynma@quinnemanuel.com>
**Sent:** Wednesday, April 20, 2022, 2:32 PM
**To:** Anne-Raphaëlle Aubry <anneraphaelleaubry@quinnemanuel.com>; Cole Richter <richter@ls3ip.com>; Sonos-NDCA06754-service <Sonos-NDCA06754-service@orrick.com>
**Cc:** QE-Sonos3 <qe-sonos3@quinnemanuel.com>
**Subject:** RE: Google v. Sonos - Sonos's responses to Google's 4th set of RFPs

Counsel,

Following up on the below.

6

Best,
Jocelyn

---

**From:** Jocelyn Ma
**Sent:** Monday, April 18, 2022 12:56 PM
**To:** Anne-Raphaëlle Aubry <anneraphaelleaubry@quinnemanuel.com>; Cole Richter <richter@ls3ip.com>; Sonos-NDCA06754-service <Sonos-NDCA06754-service@orrick.com>
**Cc:** QE-Sonos3 <qe-sonos3@quinnemanuel.com>
**Subject:** RE: Google v. Sonos - Sonos's responses to Google's 4th set of RFPs

Counsel,

On Tuesday or Wednesday, please also be prepared to discuss the issues in the attached letter, which we sent on March 23, 2022.

Jocelyn

---

**From:** Anne-Raphaëlle Aubry <anneraphaelleaubry@quinnemanuel.com>
**Sent:** Monday, April 18, 2022 7:10 AM
**To:** Cole Richter <richter@ls3ip.com>; Sonos-NDCA06754-service <Sonos-NDCA06754-service@orrick.com>
**Cc:** QE-Sonos3 <qe-sonos3@quinnemanuel.com>
**Subject:** Google v. Sonos - Sonos's responses to Google's 4th set of RFPs

Counsel,

Sonos's responses to at least Google's RFPs 120-121 and 124 are deficient.

With respect to RFP no. 120, Google requested "executable software (1) for the Sonos Digital Music System for versions developed and/or deployed between 2005 and 2007 (e.g., version 1.0-12220); (2) for Pandora for Sonos prior to December 30, 2011; (3) for Rhapsody for Sonos prior to December 30, 2011; and (4) for Spotify Sonos S5 System, including the Spotify integration." Sonos's objection to an "excessive number of different software versions and/or software that is related to no issue or defense in this case" strains credulity. This request is directly related to Google's invalidity defenses, with each of these systems being a prior art system in Google's invalidity contentions. Nonetheless, Google is willing to narrow this request to one software version deployed prior to September 12, 2005 for each of prior art systems (1)-(4). Please provide a date certain by which you will produce such software versions. If Sonos is unwilling to do so, the parties will need to meet and confer.

With respect to RFP No. 121, Sonos responded that "it is not in possession of '(1) the Sonos Digital Music System Controller CR100, (2) three Sonos Digital Music System ZonePlayer ZP80s; and (3) the Sonos Multi-Room Music System ZoneBridge BR100,' 'with the functionality of those products as they were publicly available at least as late as December 20, 2005.'" Sonos's response is unclear. Is Sonos asserting that it has hardware that was publicly available as of December 20, 2005 for these products but not software?

With respect to RFP No. 124, Sonos objects that the request is "vague and ambiguous, particularly as to what is meant by "2019 independent assessment" and "calls for material protected from discovery by attorney-client privilege, the work product doctrine, or any other applicable privilege." Given that the 2019 "independent assessment" was mentioned by Sonos's CEO (https://www.theverge.com/22955336/sonos-google-lawsuit-ceo-patrick-spence-interview), Sonos should know, or should be able to find out what Sonos's CEO was referring to. To the extent Sonos claims documents related to this 2019 "independent assessment" are privileged, such documents should be logged by Sonos. Please provide a date certain by which you will produce documents responsive to this request, or log such documents on a privilege log.

We are generally available for a meet and confer on the above issues on Tuesday or Wednesday.

Best regards,

Anne