CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
croberts@orrick.com
BAS DE BLANK (STATE BAR NO. 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (STATE BAR NO. 260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

SEAN M. SULLIVAN (*pro hac vice*)
sullivan@ls3ip.com
J. DAN SMITH (*pro hac vice*)
smith@ ls3ip.com
MICHAEL P. BOYEA (*pro hac vice*)
boyea@ ls3ip.com
COLE B. RICHTER (*pro hac vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:    +1 312 754 0002
Facsimile:    +1 312 754 0003

*Attorneys for Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC., | Case No. 3:20-cv-06754-WHA |
| Plaintiff and Counter-defendant, | Related to Case No. 3:21-cv-07559-WHA |
| v. | **SONOS, INC.'S MOTION *IN LIMINE* NO. 2 TO LIMIT THE TESTIMONY OF GOOGLE'S TECHNICAL EXPERT DR. DAN SCHONFELD** |
| GOOGLE LLC, | |
| Defendant and Counter-claimant. | Judge:  Hon. William Alsup |
| | Pretrial Conf.:  May 3, 2023 |
| | Time:  12:00 p.m. |
| | Courtroom:  12, 19th Floor |
| | Trial Date: May 8, 2023 |

1

**NOTICE OF MOTION**

2

TO ALL PARTIES AND THEIR ATTORNEYS:

3      PLEASE TAKE NOTICE that on May 3, 2023 at 12:00 p.m., or as soon thereafter as may

4 be heard before the Honorable Judge William H. Alsup, in Courtroom 12 on the 19th Floor of the

5 United States District Court for the Northern District of California, San Francisco Courthouse,

6 450 Golden Gate Avenue, San Francisco, CA 94102, Sonos, Inc. ("Sonos") will, and hereby does,

7 move this Court to limit the testimony of Google's technical expert Dr. Dan Schonfeld and

8 exclude corresponding portions of the opinions set forth in his opening and reply reports.  This

9 motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points

10 and Authorities, the Declaration of Joseph R. Kolker ("Kolker Decl."), all exhibits filed herewith,

11 all documents in the Court's file, and such other written or oral evidence and argument as may be

12 presented at or before the time this motion is heard by the Court.

13

**STATEMENT OF THE RELIEF REQUESTED**

14      Sonos requests that this Court limit the testimony of Dr. Schonfeld to exclude (1) any

15 opinion that the asserted claims of U.S. Patent No. 10,469,966 are invalid as anticipated by or

16 obvious over prior art; (2) any opinion that the asserted claims of U.S. Patent Nos. 10,848,885

17 and U.S. Patent No. 10,469,966 are invalid as obvious over the "Bose Lifestyle 50 System" in

18 combination with other Bose products, namely, the "Bose Link" communication protocol, the

19 "Bose FreeSpace" system, and/or the "Bose Lifestyle SA-2 and SA-3 Stereo Amplifiers;" and (3)

20 any opinion that Google's "Alternative #1 – No Standalone Mode" is a noninfringing alternative.

21

22

23

24

25

26

27

28

1          **MEMORANDUM OF POINTS AND AUTHORITIES**

2  **I.        INTRODUCTION**

3          Google will offer Dr. Dan Schonfeld as a technical expert at the upcoming trial.  The

4  Court should exclude (1) any opinion that the asserted claims of U.S. Patent No. 10,469,966 are

5  invalid as anticipated by or obvious; (2) any opinion that the asserted claims of U.S. Patent Nos.

6  10,848,885 and U.S. Patent No. 10,469,966 are invalid as obvious over the "Bose Lifestyle 50

7  System" in combination with the "Bose Link" communication protocol, the "Bose FreeSpace"

8  system, and/or the "Bose Lifestyle SA-2 and SA-3 Stereo Amplifiers;" and (3) any opinion that

9  Google's "Alternative #1 – No Standalone Mode" is a noninfringing alternative.

10  **II.       STATEMENT OF RELEVANT FACTS**

11          In his opening report dated November 30, 2022, Dr. Schonfeld opined that the asserted

12  claims of U.S. Patent No. 10,469,966 (the '966 patent) are invalid as anticipated by or obvious

13  over certain alleged prior art.  Kolker Decl. Ex. A at Section XII.A header, ¶¶ 963-65, Section

14  XII.B header, Section XII.C header, and Section XII.D header.  Dr. Schonfeld's opinion on the

15  '966 patent is limited to citing back to the '885 patent.  For example:

> **2.        Claim 1 Is Obvious Based On Prior Art Sonos Products ("Sonos System")**
>
> *(i)        Limitation 1 (Preamble): "1. A computing device comprising:"*
>
> 966.    *See supra* '885 claim 1 "network device" disclosure in, *e.g.*, 1.6, 1.7, 1.9.
>
> *(ii)       Limitation 1.1 "one or more processors;"*
>
> 967.    *See supra* '885 claim 1 "network device" disclosure in, e.g., 1.6, 1.7, 1.9. Limitation 1.2 "a non-transitory computer-readable medium; and"
>
> 968.    *See supra* '885 claim 1 "network device" disclosure in, *e.g.*, 1.6, 1.7, 1.9.

25  *Id.* ¶¶ 966-68.  His report continues in the same fashion for all limitations of the asserted claims

26  of the '966 patent.  *See id.* ¶¶ 966-1098.  Thus, Dr. Schonfeld's analysis of the purported prior art

27  is only in the context of asserted claim 1 of the '885 patent.  In his reply report dated January 23,

28  2023, Dr. Schonfeld still failed to provide a complete limitation-by-limitation analysis for the

1   asserted claims of the '966 patent, though he did address certain arguments raised by Sonos's

2   expert, Dr. Kevin Almeroth regarding the '966 patent.  Ex. B ¶¶ 22-81.

3          One of the primary alleged prior art references that Dr. Schonfeld relied on is the "Bose

4   Lifestyle 50 System."  Specifically, in his opening report, Dr. Schonfeld opined that asserted

5   claim 1 of the '885 patent is invalid based on the "Bose Lifestyle 50 System" alone or in

6   combination with other non-Bose references.  Ex. A ¶ 855 ("Bose Lifestyle 50 System ('Bose

7   Lifestyle') was publicly available, on sale, offered for sale, and described in printed publications

8   both before the critical date … , before the alleged conception date … , and prior to the patent

9   filing date …."), ¶ 858 ("In my opinion, ['885] Claim 1 is rendered obvious based on the Bose

10  Lifestyle in view of the general knowledge of a POSITA, the Sonos Forums, Nourse, Millington,

11  and Rajapakse, as described below.").  Dr. Schonfeld then incorporated his analysis of the '885

12  patent against the '966 patent.  *Id.* ¶¶ 1034-65.  Dr. Schonfeld analyzed other Bose products in

13  connection with his discussion of the "Bose Lifestyle 50 System," including the "Bose Link"

14  communication protocol, the "Bose FreeSpace" system, and the "Bose Lifestyle SA-2 and SA-3

15  Stereo Amplifiers," but these other Bose products are not part of the "Bose Lifestyle 50 System,"

16  *see infra* 6, and Dr. Schonfeld did not opine that the asserted claims of the '885 and '966 patents

17  are obvious over the "Bose Lifestyle 50 System" in combination with these other *Bose* products.

18         Dr. Schonfeld also opines that Google's "new version of its source code" does not infringe

19  the '885 or '966 patents.  Ex. A ¶¶ 1101-06.  The Court later held that whether this purported

20  "new version" of Google's source code infringes will not be tried at the upcoming jury trial.

21  Dkt. 566 at 31-32.

22  **III.   ARGUMENT**

23         In evaluating a challenge to an expert witness's testimony, "the district court must

24  exercise its 'gatekeeper' function in ensuring that [expert] testimony is relevant and reliable."

25  *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1306 (Fed. Cir. 2011) (citation omitted).

26  Expert testimony must be properly and timely disclosed under Rule 26 …, which requires expert

27  reports to disclose "a complete statement of all opinions the witness will express ***and the basis***

28  ***and reasons for them***."  Fed. R. Civ. P. 26(a)(2)(B) (emphasis added).  "Expert testimony is not

admissible if it is speculative, unsupported by sufficient facts or contrary to the facts of the case." *Samsung Elecs. Co. v. Quanta Computer, Inc.*, No. C-00-4524 VRW, 2006 WL 2547452, at *13 (N.D. Cal. Sept. 1, 2006). "An expert witness may not testify to subject matter beyond the scope of the witness's expert report unless the failure to include that information in the report was 'substantially justified or harmless.'" *Rembrandt Vision Techs., L.P. v. Johnson & Johnson Vision Care, Inc.*, 725 F.3d 1377, 1381 (Fed. Cir. 2013) (quoting Fed. R. Civ. P. 37(c)(1)).

## A.   Dr. Schonfeld May Not Offer Any Opinion That The Asserted Claims Of The '966 Patent Are Invalid As Anticipated By Or Obvious Over Prior Art.

An expert may not offer opinions of patent invalidity at trial if the expert's report fails to include a sufficiently detailed analysis setting forth the basis and reasons supporting those opinions, as required by Rule 26. *See Innogenetics, NV v. Abbott Lab'ys*, 512 F.3d 1363, 1373-74 (Fed. Cir. 2008) (affirming exclusion of expert testimony on obviousness under Rule 26 where the report failed to "state how or why a person ordinarily skilled in the art would have found the claims of [the asserted patent] obvious in light of some combination of … references").[1]

Dr. Schonfeld's opening report did not provide any analysis of the prior art as applied to the asserted claims of the '966 patent. He thus failed to set forth the basis or reasons for his opinions that the '966 asserted claims are invalid as anticipated or obvious. Instead, Dr. Schonfeld merely cross-referenced his analysis of the prior art in the context of claim 1 of the '885 patent. Ex. A ¶¶ 963-1098. For instance, Dr. Schonfeld's entire "analysis" in support of his opinion that Sonos's 2005 system, either alone or in combination with other purported prior art, discloses limitations 1.6-1.11 of asserted claim 1 of the '966 patent is "*see supra*." *Id.*

---

[1] *See also Salgado by Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 741 n.6 (7th Cir. 1998) ("A complete report must include the substance of the testimony which an expert is expected to give on direct examination together with the reasons therefor. The report must be complete such that opposing counsel is not forced to depose an expert in order to avoid ambush at trial ….") (citations omitted)); *Sprint Commc'ns Co. v. Charter Commc'ns, Inc.*, 17-CV-1734, 2021 WL 979307, *1-3 (D. Del. Mar. 16, 2021) (striking portions of expert report that incorporated by reference other expert reports and testimony as failing to meet the requirements of Rule 26 and noting that the incorporation amounted to "purposeful obfuscation (or, hiding the ball) of what the opinions are that [the expert] intends to express at the trial in this case"); *Finisar Corp. v. DirecTV Grp., Inc.*, 05-CV-264, 2006 WL 1207828, at *2-3 (E.D. Tex. May 2, 2006) (granting motion to strike and precluding expert testimony under Rule 26 where expert report was "bare-bones" and did not provide a detailed description of the opinions the expert would offer or the support for those opinions).

1    While there may be certain limited circumstances that would permit cross-referencing,

2    that is not the case here.  First off, Dr. Schonfeld did not provide any basis or reasoning to support

3    the claim mapping he used for his cross-referencing.  For example, Dr. Schonfeld mapped

4    limitation 1.8 of claim 1 of the '966 patent to limitations 1.6 and 1.7 of claim 1 of the '885 patent.

5    Ex. A ¶ 975.   Dr. Schonfeld did not explain the basis or reasons for this mapping.  Nor could he

6    have.  Unlike claim 1 of the ***'885 patent***, which is written from the perspective of a "***zone player***"

7    (e.g., a smart speaker), the asserted claims of the ***'966 patent*** are written from the perspective of a

8    "***computing device***" (e.g., a smartphone) that is capable of "serving as a controller for a

9    networked media playback system" that includes "zone players."  Ex. C.  Indeed, Sonos accused

10   entirely different products of infringing the '885 and '966 patents.  *See* Ex. D at 4.  Rule 26

11   required Dr. Schonfeld to provide a separate analysis of the prior art in the context of the specific

12   limitations recited by the asserted claims of the '966 patent.

13   Second, the asserted claims of the '966 patent recite limitations that are not recited by

14   asserted claim 1 of the '885 patent.  For example, limitations 1.6 and 1.8 of claim 1 of the '966

15   patent recite that the "computing device" is capable of "receiving a first/second request to create a

16   first/second zone scene" and then "based on the first/second request," "causing storage of the

17   first[/second] zone scene."  Ex. C at 2.  These limitations are not recited by claim 1 of the '885

18   patent (*id*. at 1) and Dr. Schonfeld's prior art analysis in the context of '885 claim 1 thus does not

19   address the specific requirements of limitations 1.6 and 1.8 of '966 claim 1.

20   As another example, limitations 1.9 and 1.10 of claim 1 of the '966 patent recite that the

21   "computing device" is capable of "displaying a representation of the first zone scene and a

22   representation of the second zone scene" and "while displaying the representation of the first zone

23   scene and the representation of the second zone scene, receiving a third request to invoke the first

24   zone scene."  Ex. C at 2.  Again, asserted claim 1 of the '885 patent also does not recite these

25   limitations (*id*. at 1) and Dr. Schonfeld's prior art analysis in the context of '885 claim 1 thus does

26   not address the specific requirements of limitations 1.9 and 1.10 of '966 claim 1.

27   By merely cross-referencing his '885 analysis, Dr. Schonfeld also does not set forth any

28   motivation to combine the prior art in a manner that arrives at the claimed inventions of the *'966*

4

1    *patent*, or any reasonable expectation of success, which is required to prove obviousness.  *See St.*

2    *Jude Med., LLC v. Snyders Heart Valve LLC*, 977 F.3d 1232, 1242 (Fed. Cir. 2020).

3           Moreover, Dr. Schonfeld's reply report fails to fully and substantively address these

4    deficiencies, which Sonos's expert, Dr. Kevin Almeroth, pointed out in his rebuttal report.  *E.g.*,

5    Ex. E ¶¶ 472, 528, 558, 568, 581, 592, 606, 619, 633, 646-47.  Instead, Dr. Schonfeld attempts to

6    justify his failure to provide the basis and reasons for his invalidity opinions regarding the '966

7    patent by arguing that the asserted claims of the '966 and '885 patents "describe substantially the

8    same process, one from the perspective of zone player (for the '885 patent) and one from the

9    perspective of a control device (for the '966 patent)."  Ex. B ¶ 14.[2]  But for at least the reasons

10   described above, there are clear differences in claim scope that necessitate separate, detailed

11   analyses.

12          Dr. Schonfeld was required to make any analysis of the '966 patent explicit in his report.

13   F.R.C.P. 26.  Allowing Dr. Schonfeld to sift through his analysis of the prior art in the context of

14   the '885 patent to find specific portions he contends are relevant to the specific limitations of the

15   asserted claims of the '966 patent for the first time at trial would amount to a new, undisclosed

16   opinion.  Google has no justification for failing to provide that analysis, and it would be highly

17   prejudicial to Sonos to allow Dr. Schonfeld to present new, undisclosed opinions on the '966

18   patent at trial.  Dr. Schonfeld should not be permitted to testify that the '966 Patent is invalid.

19        **B.    Dr. Schonfeld May Not Offer Any Opinion That The Asserted Claims Of The**

20        **'885 Or '966 Patents Are Invalid As Obvious Over The "Bose Lifestyle 50**
          **System" In Combination With Other Bose Products.[3]**

21          Dr. Schonfeld opined that the "Bose Lifestyle 50 System," either alone or in combination

22   [2] Dr. Schonfeld argues that "Dr. Almeroth treated [the claims of the'966 and '885 Patents] as
     substantially identical," citing the following statement from Dr. Alermoth's rebuttal report:
23   "Given Dr. Schonfeld's reliance on his prior discussion of the Sonos System in the context of
     Asserted Claim 1 of the '885 Patent, where appropriate, I have referred back my rebuttal analysis
24   and opinions regarding Asserted Claim 1 of the '885 Patent ..."  Ex. B ¶ 15 (quoting Ex. E ¶ 478).
     Dr. Schonfeld's argument is misleading.  Immediately following the sentence cited by Dr.
25   Schonfeld, Dr. Almeroth explained that "unlike Dr. Schonfeld, I have also provided analysis in
     the context of the specific requirements of the Asserted Claims of the '966 patent …."  Ex. E
26   ¶ 478.  Dr. Almeroth provided a detailed analysis of '966 claims.  *Id.* ¶¶ 476-1605.

27   [3] The Court's order denying Sonos's motion to strike Dr. Schonfeld's arguments related to the
     "Bose Link communication protocol" and the "Lifestyle SA-2 and SA-3 Stereo Amplifiers" (Dkt.
28   565) has no bearing on the issue addressed herein.  Sonos's prior motion to strike (Dkt. 464) was

1    with other **non-Bose** references, renders obvious the asserted claim of the '885 Patent.  Ex. A

2    ¶¶ 855, 858.  Dr. Schonfeld never opined that the asserted claims were invalid as obvious over the

3    "Bose Lifestyle 50 System" in combination with any other Bose product(s).  At trial, Dr.

4    Schonfeld should be precluded from pointing to the "Bose Link" communication protocol, the

5    "Bose FreeSpace" system, or the "Bose Lifestyle SA-2 and SA-3 Stereo Amplifiers" for any part

6    of his analysis of the "Bose Lifestyle 50 System."  Those other Bose products are not part of the

7    "Bose Lifestyle 50 System" and Dr. Schonfeld has no opinion on how or why those products

8    could be combined with the "Bose Lifestyle 50 System" and the other asserted prior art.

9           The "Bose Link" communication protocol, the "Bose FreeSpace" system, and the "Bose

10   Lifestyle SA-2 and SA-3 Stereo Amplifiers" are separate Bose products from the "Bose Lifestyle

11   50 System."  For example, the "Owner's Guide" for "Bose Lifestyle 50 System" does not

12   mention the "Bose Link" communication protocol, the "Bose FreeSpace" system, or the "Bose

13   Lifestyle SA-2 and SA-3 Stereo Amplifiers" at all.  Ex. F at BOSE_SUB-0000007.

14          To the extent Dr. Schonfeld relied on these other Bose products for his invalidity

15   opinions, he needed to opine on the *combination* of the "Bose Lifestyle 50 System" with those

16   other products.  Dr. Schonfeld had to explain what claim elements are missing from the primary

17   "Bose Lifestyle 50 System," where those missing elements are allegedly found in the other Bose

18   products, and how and why the "Bose Lifestyle 50 System" would have been modified to

19   combine it with the features/functionality of the other Bose products to arrive at the claimed

20   inventions.  *Innogenetics*, 512 F.3d at 1373-74.[4]  Instead, in his opening and reply reports, Dr.

21   based on Google's failure to identify these products in its invalidity contentions.  In contrast, the
22   present motion is based on Dr. Schonfeld's failure to provide any opinion in his expert report that
     the asserted claims are invalid as obvious over the "Bose Lifestyle 50 System" in combination
23   with the "Bose Link" communication protocol, the "Bose FreeSpace" system, and/or the "Bose
     Lifestyle SA-2 and SA-3 Stereo Amplifiers," regardless of whether Google identified these
24   products in its invalidity contentions.

     [4] *KSR Intern. Co. v. Teleflex Inc.*, 550 U.S. 398, 418 (2007) ("A patent composed of several
25   elements is not proved obvious merely by demonstrating that each of its elements was,
     independently, known in the prior art."); *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*,
26   694 F.3d 1312, 1328 (Fed. Cir. 2012) (finding that a jury cannot reasonably find the motivation to
     support obviousness based on expert testimony that "is generic and bears no relation to any
27   specific combination of prior art elements," and "fails to explain why a person of ordinary skill in
     the art would have combined elements from specific references in the way the claimed invention
28   does"); *In re Kahn*, 441 F.3d 977, 988 (Fed. Cir. 2006) ("[R]ejections on obviousness grounds

1   Schonfeld cites to these different Bose products without explaining how or why the various

2   disclosures would be combined to arrive at the claimed inventions. *See, e.g.*, Ex. A ¶¶ 859-962.

3   Dr. Schonfeld's generic statement that "[t]hese products … are all Bose products relating playing

4   audio on speakers and thus are all part of the same endeavor," *Id.* ¶ 857, does not cure these

5   deficiencies. *Securus Techs., Inc. v. Global Tel*Link Corp.*, 701 F. App'x 971, 977 (Fed. Cir.

6   2017) ("[A] broad characterization of [prior art references] as both falling within the same alleged

7   field ... without more, is not enough for [patent challenger] to meet its burden of presenting a

8   sufficient rationale to support an obviousness conclusion.").  Having failed to set forth such an

9   obviousness opinion based on a combination of the "Bose Lifestyle 50 System" with other Bose

10  products in his expert report, Dr. Schonfeld should not be permitted to testify at trial based on any

11  combination of the Bose Lifestyle 50 System" with any other Bose product(s).

12          **C.      Dr. Schonfeld May Not Offer Any Opinion That Google's Redesign Does Not**
13                   **Infringe.**

14          Dr. Schonfeld opines that Google "publicly released a new version of its source code

15  through software updates" and that this new version does not infringe the asserted claims because

16  a "speaker that is added to two zone scenes [does] not continue to operate in 'standalone' mode

17  after it has been added to those zone scenes." Ex. A ¶¶ 1103, 1106.  The Court's summary

18  judgment order found that Google may not "cut to the front of the line in order to vet its purported

19  design-around" at the upcoming trial. Dkt. 566 at 32.  Accordingly, Dr. Schonfeld may not

20  present any opinion that Google's "Alternative #1 –No Standalone Mode" is a non-infringing

21  alternative at the upcoming jury trial.

22  **IV.      CONCLUSION**

23          For the foregoing reasons, the Court should grant Sonos, Inc.'s Motion *in Limine* No. 2.

24

25

26

27

28  _____
    cannot be sustained by mere conclusory statements; instead, there must be some articulated
    reasoning with some rational underpinning to support the legal conclusion of obviousness.").

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  April 13, 2023

ORRICK HERRINGTON & SUTCLIFFE LLP
*and*
LEE SULLIVAN SHEA & SMITH LLP

By: */s/ Clement Seth Roberts*
      Clement Seth Roberts

*Attorneys for Sonos, Inc.*

SONOS, INC.'S MOTION *IN LIMINE* NO. 2
TO LIMIT THE TESTIMONY OF GOOGLE'S
TECHNICAL EXPERT DR. SCHONFELD
CASE NO. 3:20-CV-06754-WHA