# Sonos, Inc.'s Motion *In Limine* No. 2

# EXHIBIT D

CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
croberts@orrick.com
BAS DE BLANK (STATE BAR NO. 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (STATE BAR NO. 260103)
acaridis@orrick.com
EVAN D. BREWER (STATE BAR NO. 304411)
ebrewer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

GEORGE I. LEE (*pro hac vice in process*)
lee@ls3ip.com
SEAN M. SULLIVAN (*pro hac vice in process*)
sullivan@ls3ip.com
RORY P. SHEA (*pro hac vice in process*)
shea@ls3ip.com
J. DAN SMITH (*pro hac vice in process*)
smith@ls3ip.com
Cole B. Richter (*admitted pro hac*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:    +1 312 754 0002
Facsimile:    +1 312 754 0003

*Attorneys for Defendant Sonos, Inc.*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE LLC,<br><br>    *Plaintiff*,<br><br>v.<br><br>SONOS, INC.,<br><br>    *Defendant*. | Case No. 3:20-cv-6754<br><br>**SONOS, INC.'S CORRECTED SUPPLEMENTAL DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS**<br><br>Honorable William Alsup |

Pursuant to Patent Local Rules 3-1 and 3-2 and the Court's instructions during the January 6, 2022 motion hearing, Plaintiff Sonos, Inc. ("Sonos") hereby submits this Supplemental Disclosure of Asserted Claims and Infringement Contentions for U.S. Patent Nos. 9,967,615 (the "'615 Patent"), 10,779,033 (the "'033 Patent"), 10,469,966 (the "'966 Patent"), and 10,848,885 ("the '885 Patent") (collectively, "the Asserted Patents").

Sonos bases these contentions on its current knowledge, understanding, and belief as to the facts and information available as of the date of these contentions. Sonos has not yet completed its investigation, collection of information, discovery, or analysis relating to this action, and additional discovery, including discovery from Google and third parties, may lead Sonos to further amend, revise, and/or supplement these contentions. Indeed, the accused functionalities of the accused instrumentalities are implemented, at least in part, by proprietary and specialized electronics, firmware, and/or software, and the precise designs, processes, and algorithms used to perform the accused functionalities are held secret, at least in part, and are not publicly available in their entirety. As such, an analysis of non-publicly-available documentation and source code, including that of Google and/or third-parties, such as Spotify, may be necessary to fully and accurately describe every infringing functionality.

However, merits discovery in this action has barely begun and, as of the date of service of these contentions, is not scheduled to close until November 30, 2022. To date, Google has not produced documents responsive to Sonos's outstanding document requests, no depositions have been taken, and third-party discovery remains outstanding including document and deposition subpoenas to Spotify.

Likewise, Google's interrogatory responses are woefully deficient in many respects and completely non-responsive in others. As a non-limiting example, in response to Sonos's interrogatories asking Google to explain certain discrete aspects of how Google's own products work, Google responded only by referring Sonos to Google's entire source code production (without referring to any particular code modules, functions, methods, line numbers, or even directories) and by block citing over 48,000 pages of Google's document production. As another non-limiting example, in response to Sonos's interrogatory asking how the Accused Cast-Enabled

1  Apps are made available for download, Google refused to respond at all.  Without the benefit of
2  discovery responses from Google, Sonos's inspection of Google's source code is ongoing.  Given
3  that fact discovery is in its infancy and Google served its (deficient) discovery responses on
4  September 7, 2021 and has refused to engage with Sonos about when it will adequately
5  supplement its responses, Sonos has not had an opportunity to confer with Google on these
6  responses or approach the Court for intervention, if necessary.

7      For at least these reasons, Sonos specifically reserves the right to further amend, revise
8  and/or supplement these contentions and/or accompanying exhibits in accordance with any
9  Orders of record in this matter, Patent L.R. 3-6, and Federal Rule of Civil Procedure 26(e), as
10 additional documents and information become available and as discovery and investigation
11 proceed.  Sonos also reserves the right to supplement, modify or amend these contentions to
12 include additional products or services made, used, sold, or offered for sale in or imported into the
13 United States by Google.

14     The information in these contentions is not an admission regarding the scope of any
15 claims or the proper construction of those claims or any terms contained therein.  Google has not
16 indicated whether it intends to advance in this case any construction of any claim pursuant to L.R.
17 4-2.  In the event Google advances any constructions under L.R. 4-2 pursuant to the Court's Case
18 Management Scheduling Order (Dkt. 67), Sonos reserves the right to revise or supplement these
19 contentions to address such a construction.  *See* Dkt. 67, ¶ 17.

20 **I.**    **Disclosure of Asserted Claims & Infringement Contentions**

21     **A.**    **Identification of Accused Instrumentalities Pursuant to Patent L.R. 3-1(b)**

22     Based on the information currently in its possession, Sonos contends that the Asserted
23 Patents are infringed by Google via, either individually or in combination, the following products
24 (individually, "**Accused Instrumentality**" or collectively, "**Accused Instrumentalities**"):

25     <u>'615 and '033 Patents</u>: (a) Smartphone, tablet, and computer devices, including Google's
26 own "Pixel" smartphone, tablet, and computer devices (e.g., the Pixel, Pixel XL, Pixel 2, Pixel 2
27 XL, Pixel 3, Pixel 3 XL, Pixel 3a, Pixel 3a XL, Pixel 4, Pixel 4 XL, Pixel 4a, Pixel 4a (5G), Pixel
28 5, Pixel 5a (5G), Pixel 6, and Pixel 6 Pro phones, the Pixel Slate tablet, and the Pixelbook and

Pixelbook Go laptops), as well as third-party smartphone, tablet, and computer devices, that are (i) installed with any of Google's own Cast-enabled Android, iOS, Chrome or browser-based apps that allow a user to transfer playback of streaming media content from the user's smartphone, tablet, or computer devices to a Cast-enabled media player and then control the Cast-enabled media player's playback, including but not limited to the YouTube app, YouTube Kids app, YouTube TV app, YouTube Music app, and Google Play Music app, accessed via either an app store or Chromecsat-enabled site URL[1] (including youtube.com, music.youtube.com, tv.youtube.com, and spotify.com) and/or (ii) installed with any third-party Cast-enabled app that allows a user to transfer playback of streaming media content from the user's smartphone, tablet, or computer devices to a Cast-enabled media player and then control the Cast-enabled media player's playback, including but not limited to the Spotify app[2] (the foregoing, including Chromecast-enabled websites, are referred to herein either individually or collectively as the "**accused Cast-enabled apps**")[3]; (b) Cast-enabled media players having a display screen and installed with Cast-enabled software (e.g., firmware and/or Cast-enabled apps) that allows a user to transfer playback of streaming media content from the Cast-enabled media player to another Cast-enabled media player and then control the other Cast-enabled media player's playback, including Google's Home Hub, Nest Hub, and Nest Hub Max media players (referred to herein as "**Cast-enabled displays**"); (c) Servers that host at least one of the accused Cast-enabled apps for download onto or access by smartphone, tablet, or computer devices; and (d) Cloud-based

---

[1] *See, e.g.,* https://support.google.com/chromecast/answer/3265953?hl=en.

[2] *See, e.g.,* https://support.google.com/chromecastbuiltin/answer/6279384?hl=en#zippy=%2Cbefore-you-begin-casting%2Ccast-from-chromecast-enabled-apps-to-your-audio-device%2Cfind-new-content-to-cast; https://www.google.com/chromecast/built-in/apps/.

[3] Although Sonos is not currently aware of which third-party smartphone, tablet, and computer devices were, between May 2018 to present, actually installed with one or more accused Cast-enabled apps, and awaits production of this information from Google, in the spirit of providing as much disclosure as possible given Google's request, and in an effort to address the Court's guidance during the January 6, 2022 hearing, attached hereto as Appendix 1 is a list of possible third-party smartphone, tablet, and computer devices that may have been used to download and install one or more accused Cast-enabled apps between May 2018 to present. Although efforts have been made to compile as accurate and as complete a list as possible, it may be the case that some of the devices listed in Appendix 1 were not used to download and install any accused Cast-enabled apps between May 2018 to present and/or it may be the case that other devices were used to download and install one or more accused Cast-enabled apps between May 2018 to present. Given this, Sonos reserves the right to revise or supplement this as discovery progresses.

infrastructure hosting backend software that facilitates the aforementioned Cast functionality for transferring playback of streaming media content to a Cast-enabled media player and/or controlling the Cast-enabled media player's playback.

'966 Patent: (a) Smartphone, tablet, and computer devices, including Google's own "Pixel" smartphone, tablet, and computer devices (e.g., the Pixel, Pixel XL, Pixel 2, Pixel 2 XL, Pixel 3, Pixel 3XL, Pixel 3a, Pixel 3a XL, Pixel 4, Pixel 4 XL, Pixel 4a, Pixel 4a (5G), Pixel 5, Pixel 5a (5G), Pixel 6, and Pixel 6 Pro phones, the Pixel Slate tablet, and the Pixelbook and Pixelbook Go laptops), as well as third-party smartphone, tablet, or computer devices, that are installed with the Google Home app[4]; and (b) Servers that host the Google Home app for download onto smartphone, tablet, or computer devices.

'885 Patent: "**Cast-enabled media players**," including Google's Chromecast, Chromecast Ultra, Chromecast Audio, Chromecast with Google TV, Home Mini, Nest Mini, Home, Home Max, Home Hub, Nest Hub, Nest Hub Max, Nest Audio, and Nest Wifi Point media players.

**B.     Identification of Asserted Claims Pursuant to Patent L.R. 3-1(a)**

Based on the information currently in its possession, Sonos asserts the following claims (collectively, the "Asserted Claims") literally and/or under the Doctrine of Equivalents.  Sonos expressly reserves the right to amend and/or supplement its identification of Asserted Claims should discovery (including Google's technical documentation, source code, and witnesses) reveal additional, relevant information.

| U.S. Patent No. | Asserted Claims |
|---|---|
| 9,967,615 | 13, 14, 15, 18, 19, 20, 21, 25, 26 |
| 10,779,033 | 1, 2, 4, 9, 11, 12, 13, 16 |
| 10,469,966 | 1, 2, 4, 6, 8, 9, 10, 12, 14, 16 |
| 10,848,885 | 1, 3, 7, 8, 10, 14 |

**i.     Direct Infringement Under 35 U.S.C. § 271(a)**

'615 and '033 Patents: Sonos contends that each smartphone, tablet, and computer device installed with any one or more of the accused Cast-enabled apps (referred to herein as a "**Cast-**

---

[4] *See supra* note 3.  The devices listed in Appendix 1 may have also been used to download and install the Google Home app between November 2019 to present.

| | | |
|---|---|---|
| 1 | Dated:  February 21, 2022 | LEE SULLIVAN SHEA & SMITH LLP |
| 2 | | By: */s/ Cole B. Richter* |
| 3 | | Cole B. Richter (*admitted pro hac*) |

Clement Seth Roberts
California Bar No. 209203
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard St.
San Francisco, CA 94105
Telephone:  415.773.5484
Facsimile:  415.773.5759
croberts@orrick.com

Bas de Blank
California Bar No. 191487
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Blvd.
Menlo Park, CA 94205
Telephone:  650.614.7343
Facsimile:  650.614.7401
bdeblank@orrick.com

Alyssa Caridis
California Bar No. 260103
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa St., Suite 3200
Los Angeles, CA 90017
Telephone:  213.612.2372
Facsimile:  213.612.2499
acaridis@orrick.com

George I. Lee (p*ro hac pending*)
Sean M. Sullivan (p*ro hac pending*)
Rory P. Shea (p*ro hac pending*)
J. Dan Smith (p*ro hac pending*)
Michael P. Boyea (p*ro hac pending*)
Cole B. Richter (p*ro hac pending*)
LEE SULLIVAN SHEA & SMITH LLP
656 W. Randolph St., Floor 5W
Chicago, IL 60661
Telephone:  312.754.9602
Facsimile:  312.754.9603
lee@ls3ip.com
sullivan@ls3ip.com
shea@ls3ip.com
smith@ls3ip.com

boyea@ls3ip.com
richter@ls3ip.com

*Attorney for Sonos, Inc.*