# EXHIBIT 3

CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
croberts@orrick.com
BAS DE BLANK (STATE BAR NO. 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (STATE BAR NO. 260103)
acaridis@orrick.com
EVAN D. BREWER (STATE BAR NO. 304411)
ebrewer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:     +1 415 773 5700
Facsimile:     +1 415 773 5759

SEAN M. SULLIVAN (*pro hac vice*)
sullivan@ls3ip.com
COLE RICHTER (*pro hac vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:     +1 312 754 0002
Facsimile:     +1 312 754 0003

*Attorneys for Defendant Sonos, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION"

| | |
|---|---|
| GOOGLE LLC,<br><br>     Plaintiff and Counter-defendant,<br><br>     v.<br><br>SONOS, INC.,<br><br>     Defendant and Counter-claimant. | Case No. 3:20-cv-06754-WHA<br>Related to Case No. 3:21-cv-07559-WHA<br><br>**FIRST SUPPLEMENTAL REBUTTAL EXPERT REPORT OF DR. KEVIN C. ALMEROTH** |

reply declaration and my 7/27/2022 Rebuttal Report that were submitted during the "patent showdown" phase of the case, I incorporated those prior analyses and opinions into my 1/13/2023 Rebuttal Report and also expressly reserved the right to supplement my opinions and analyses to address any new analyses or opinions offered by Dr. Schonfeld regarding the alleged invalidity of Asserted Claim 1 of the '885 Patent in the event that Google was later given the right to challenge the invalidity of the '885 Patent at trial.

14.     While I did not directly address the validity of the '885 Patent in my 1/13/2023 Rebuttal Report, I did set forth my rebuttal to Dr. Schonfeld's analyses and opinions in the context of the Asserted Claims of the '966 Patent.  And as noted above, because Dr. Schonfeld premised his opinions regarding the Asserted Claims of the '966 Patent on his analyses of the prior art as compared to Asserted Claim 1 of the '885 Patent (instead of providing any separate analyses of the prior art as compared to the Asserted Claims of the '966 Patent), I addressed Dr. Schonfeld's analyses of the prior art as compared to Asserted Claim 1 of the '885 Patent when providing my analyses and opinions regarding the validity of the Asserted Claims of the '966 Patent in my 1/13/2023 Rebuttal Report.  Thus, the analyses and opinions in my 1/13/2023 Rebuttal Report provide further support for my opinion that Asserted Claim 1 of the'885 Patent is not anticipated or rendered obvious by any of the alleged prior art relied upon by Dr. Schonfeld.

15.     I have now been informed by counsel that, on March 2, 2023, the Court granted Google's motion for reconsideration of its October 18, 2022 order and withdrew its prior ruling of summary judgment in favor of Sonos as to the validity of Asserted Claim 1 of the '885 Patent. D.I. 539.

16.     In view of the Court's March 2, 2023 order, I have now been asked to submit this First Supplemental Rebuttal Report regarding the validity of the '885 Patent in order to address any new analyses or opinions offered by Dr. Schonfeld regarding the alleged invalidity of Asserted Claim 1 of the '885 Patent that I did not previously address in my 5/19/2022 reply declaration, my 7/27/2022 Rebuttal Report, or my 1/13/2023 Rebuttal Report.

## II.   BACKGROUND AND QUALIFICATIONS

17.     My background and qualifications are set forth in my 1/13/2023 Rebuttal Report as

**HIGHLY CONFIDENTIAL - SOURCE CODE - ATTORNEYS' EYES ONLY**

for Asserted Claim 1 of the '885 Patent, I did address Dr. Schonfeld's analyses of these new invalidity grounds for Asserted Claim 1 of the '885 Patent in my 1/13/2023 Rebuttal Report when providing my analyses and opinions of the Asserted Claims of the '966 Patent.[1]

## X.   VALIDITY OF THE '885 PATENT

### A.   Claim 1 is Not Rendered Obvious Based on Sonos's 2005 System

#### 1.   Sonos's 2005 System Alone

43.   In his November 30, 2022 Opening Report, Dr. Schonfeld states his opinion that Asserted Claim 1 of the '885 Patent is rendered obvious based on Sonos's 2005 system in view of the "general knowledge of a POSITA." Schonfeld 11/30/2022 Op. Report at ¶¶ 267-329, 333-359, 407-419, 440-444, 449-453. As I have previously explained, I disagree – it is my opinion Asserted Claim 1 of the '885 Patent is not rendered obvious based on Sonos's 2005 system in view of the "general knowledge of a POSITA."

44.   My 7/27/2022 Rebuttal Report set forth my analyses and opinions as to why Asserted Claim 1 of the '885 Patent is not rendered obvious based on Sonos's 2005 system in view of the "general knowledge of a POSITA."

45.   Additionally, because Dr. Schonfeld premised his obviousness opinions for the Asserted Claims of the '966 Patent on his analyses of Asserted Claim 1 of the '885 Patent, I addressed Dr. Schonfeld's analyses of Sonos's 2005 system in view of the "general knowledge of a POSITA" that he provided for Asserted Claim 1 of the '885 Patent in my 1/13/2023 Rebuttal

---

[1] At certain points in his June 22, 2022 and November 30, 2022 Opening Reports, Dr. Schonfeld also referenced opinions that Asserted Claim 1 of the '885 Patent is rendered obvious based on other combinations, including Squeezebox in combination with Sonos's 2005 System and Squeezebox in combination with the Bose Lifestyle 50 System (*see* Schonfeld 6/22/2022 Op. Report at Section X.B. header), as well as the Bose Lifestyle 50 System in combination with Sonos Forums, the Bose Lifestyle 50 System in combination with Squeezebox, and the Bose Lifestyle 50 System in combination with Sonos's 2005 system (see Schonfeld 6/22/2022 Op. Report at ¶ 6 and Section X.C. header and Schonfeld 11/30/2022 Op. Report at ¶¶ 6, 858, Section XI.D header), but he did not provide any analyses for these other combinations and it appears to me that the references to these other combinations may have been in error. To the extent that Dr. Schonfeld later attempts to and is permitted to offer invalidity opinions based on these other combinations, I reserve my right to respond and also note that I disagree with such opinions for at least the reasons I explained in my 7/27/2022 and 1/13/2023 Rebuttal Reports regarding the deficiencies of Squeezebox, Sonos's 2005 System, the Bose Lifestyle 50 System, and Sonos Forums.

**HIGHLY CONFIDENTIAL - SOURCE CODE - ATTORNEYS' EYES ONLY**

Report as part of my analyses and opinions as to why the Asserted Claims of the '966 Patent are not rendered obvious based on Sonos's 2005 system in view of the "general knowledge of a POSITA." As such, my analyses and opinions regarding the validity of the Asserted Claims of the '966 Patent over Sonos's 2005 system in view of the "general knowledge of a POSITA" provide further support for my opinion that Asserted Claim 1 of the '885 Patent is not rendered obvious based on Sonos's 2005 system in view of the "general knowledge of a POSITA."

46.    I have also reviewed Dr. Schonfeld's 1/23/2023 Reply Report, and I disagree with Dr. Schonfeld's additional analyses and opinions regarding Sonos's 2005 system and his obviousness combinations based thereon (*see* Schonfeld Reply Report at ¶¶ 22-43) for the same reasons I have previously explained in my 7/27/2022 and 1/13/2023 Rebuttal Reports.  Thus, nothing in Dr. Schonfeld's 1/23/2023 Reply Report alters my opinion that Asserted Claim 1 of the '885 Patent is not rendered obvious based on Sonos's 2005 system in view of the "general knowledge of a POSITA."

## 2.    Sonos's 2005 System in view of Sonos Forums

47.    In his November 30, 2022 Opening Report, Dr. Schonfeld states his opinion that Asserted Claim 1 of the '885 Patent is rendered obvious based on Sonos's 2005 system in view of his Sonos Forums reference.   Schonfeld 11/30/2022 Op. Report at ¶¶ 330, 360-366, 372-383, 404, 435, 446, 455.  As I have previously explained, I disagree – it is my opinion Asserted Claim 1 of the '885 Patent is not rendered obvious based on Sonos's 2005 system in view of Dr. Schonfeld's Sonos Forums reference.

48.    My 7/27/2022 Rebuttal Report set forth my analyses and opinions as to why Asserted Claim 1 of the '885 Patent is not rendered obvious based on Sonos's 2005 system in view of Dr. Schonfeld's Sonos Forums reference.

49.    Additionally, because Dr. Schonfeld premised his obviousness opinions for the Asserted Claims of the '966 Patent on his analyses of Asserted Claim 1 of the '885 Patent, I addressed Dr. Schonfeld's analyses of Sonos's 2005 system in view of his Sonos Forums reference that he provided for Asserted Claim 1 of the '885 Patent in my 1/13/2023 Rebuttal Report as part of my analyses and opinions as to why the Asserted Claims of the '966 Patent are not rendered

**HIGHLY CONFIDENTIAL - SOURCE CODE - ATTORNEYS' EYES ONLY**

obvious based on Sonos's 2005 system in view of Dr. Schonfeld's Sonos Forums reference. As such, my analyses and opinions regarding the validity of the Asserted Claims of the '966 Patent over Sonos's 2005 system in view of Dr. Schonfeld's Sonos Forums reference provide further support for my opinion that Asserted Claim 1 of the '885 Patent is not rendered obvious based on Sonos's 2005 system in view of Dr. Schonfeld's Sonos Forums reference.

50.     I have also reviewed Dr. Schonfeld's 1/23/2023 Reply Report, and I disagree with Dr. Schonfeld's additional analyses and opinions regarding Sonos's 2005 system and his obviousness combinations based thereon (*see* Schonfeld Reply Report at ¶¶ 22-43) for the same reasons I have previously explained in my 7/27/2022 and 1/13/2023 Rebuttal Reports.  Thus, nothing in Dr. Schonfeld's 1/23/2023 Reply Report alters my opinion that Asserted Claim 1 of the '885 Patent is not rendered obvious based on Sonos's 2005 system in view of Dr. Schonfeld's Sonos Forums reference.

### 3.      Sonos's 2005 System in view of Nourse

51.     In his November 30, 2022 Opening Report, Dr. Schonfeld states his opinion that Asserted Claim 1 of the '885 Patent is rendered obvious based on Sonos's 2005 system in view of Nourse.   Schonfeld 11/30/2022 Op. Report at ¶¶ 6, 269, 331, 367-369, 384, 436-437, 456.  As I have previously explained, I disagree – it is my opinion Asserted Claim 1 of the '885 Patent is not rendered obvious based on Sonos's 2005 system in view of Nourse.

52.     My 7/27/2022 Rebuttal Report set forth my analyses and opinions as to why Asserted Claim 1 of the '885 Patent is not rendered obvious based on Sonos's 2005 system in view of Nourse.

53.     Additionally, because Dr. Schonfeld premised his obviousness opinions for the Asserted Claims of the '966 Patent on his analyses of Asserted Claim 1 of the '885 Patent, I addressed Dr. Schonfeld's analyses of Sonos's 2005 system in view of Nourse that he provided for Asserted Claim 1 of the '885 Patent in my 1/13/2023 Rebuttal Report as part of my analyses and opinions as to why the Asserted Claims of the '966 Patent are not rendered obvious based on Sonos's 2005 system in view of Nourse.  As such, my analyses and opinions regarding the validity of the Asserted Claims of the '966 Patent over Sonos's 2005 system in view of Nourse provide

**HIGHLY CONFIDENTIAL - SOURCE CODE - ATTORNEYS' EYES ONLY**

further support for my opinion that Asserted Claim 1 of the '885 Patent is not rendered obvious based on Sonos's 2005 system in view of Nourse.

54.     I have also reviewed Dr. Schonfeld's 1/23/2023 Reply Report, and I disagree with Dr. Schonfeld's additional analyses and opinions regarding Sonos's 2005 system and his obviousness combinations based thereon (*see* Schonfeld Reply Report at ¶¶ 22-43) for the same reasons I have previously explained in my 7/27/2022 and 1/13/2023 Rebuttal Reports.  Thus, nothing in Dr. Schonfeld's 1/23/2023 Reply Report alters my opinion that Asserted Claim 1 of the '885 Patent is not rendered obvious based on Sonos's 2005 system in view of Nourse.

**4.     Sonos's 2005 System in view of Millington**

55.     In his November 30, 2022 Opening Report, Dr. Schonfeld states his opinion that Asserted Claim 1 of the '885 Patent is rendered obvious based on Sonos's 2005 system in view of Millington.   Schonfeld 11/30/2022 Op. Report at ¶¶ 6, 269, 396-400, 420-423.   As I have previously explained, I disagree – it is my opinion Asserted Claim 1 of the '885 Patent is not rendered obvious based on Sonos's 2005 system in view of Millington.

56.     My 7/27/2022 Rebuttal Report set forth my analyses and opinions as to why Asserted Claim 1 of the '885 Patent is not rendered obvious based on Sonos's 2005 system in view of Millington.

57.     Additionally, because Dr. Schonfeld premised his obviousness opinions for the Asserted Claims of the '966 Patent on his analyses of Asserted Claim 1 of the '885 Patent, I addressed Dr. Schonfeld's analyses of Sonos's 2005 system in view of Millington that he provided for Asserted Claim 1 of the '885 Patent in my 1/13/2023 Rebuttal Report as part of my analyses and opinions as to why the Asserted Claims of the '966 Patent are not rendered obvious based on Sonos's 2005 system in view of Millington.  As such, my analyses and opinions regarding the validity of the Asserted Claims of the '966 Patent over Sonos's 2005 system in view of Millington provide further support for my opinion that Asserted Claim 1 of the '885 Patent is not rendered obvious based on Sonos's 2005 system in view of Millington.

58.     I have also reviewed Dr. Schonfeld's 1/23/2023 Reply Report, and I disagree with Dr. Schonfeld's additional analyses and opinions regarding Sonos's 2005 system and his

**HIGHLY CONFIDENTIAL - SOURCE CODE - ATTORNEYS' EYES ONLY**

obviousness combinations based thereon (*see* Schonfeld Reply Report at ¶¶ 22-43) for the same reasons I have previously explained in my 7/27/2022 and 1/13/2023 Rebuttal Reports.  Thus, nothing in Dr. Schonfeld's 1/23/2023 Reply Report alters my opinion that Asserted Claim 1 of the '885 Patent is not rendered obvious based on Sonos's 2005 system in view of Millington.

### 5. <u>Sonos's 2005 System in view of Squeezebox</u>

59.     In his November 30, 2022 Opening Report, Dr. Schonfeld states his opinion that Asserted Claim 1 of the '885 Patent is rendered obvious based on Sonos's 2005 system in view of his Squeezebox reference.   Schonfeld 11/30/2022 Op. Report at ¶¶ 6, 403, 434, 445, 454.  As I have previously explained, I disagree – it is my opinion Asserted Claim 1 of the '885 Patent is not rendered obvious based on Sonos's 2005 system in view of Dr. Schonfeld's Squeezebox reference.

60.     My 7/27/2022 Rebuttal Report set forth my analyses and opinions as to why Asserted Claim 1 of the '885 Patent is not rendered obvious based on Sonos's 2005 system in view of Dr. Schonfeld's Squeezebox reference.

61.     Additionally, because Dr. Schonfeld premised his obviousness opinions for the Asserted Claims of the '966 Patent on his analyses of Asserted Claim 1 of the '885 Patent, I addressed Dr. Schonfeld's analyses of Sonos's 2005 system in view of his Squeezebox reference that he provided for Asserted Claim 1 of the '885 Patent in my 1/13/2023 Rebuttal Report as part of my analyses and opinions as to why the Asserted Claims of the '966 Patent are not rendered obvious based on Sonos's 2005 system in view of Dr. Schonfeld's Squeezebox reference.  As such, my analyses and opinions regarding the validity of the Asserted Claims of the '966 Patent over Sonos's 2005 system in view of Dr. Schonfeld's Squeezebox reference provide further support for my opinion that Asserted Claim 1 of the '885 Patent is not rendered obvious based on Sonos's 2005 system in view of Dr. Schonfeld's Squeezebox reference.

62.     I have also reviewed Dr. Schonfeld's 1/23/2023 Reply Report, and I disagree with Dr. Schonfeld's additional analyses and opinions regarding Sonos's 2005 system and his obviousness combinations based thereon (*see* Schonfeld Reply Report at ¶¶ 22-43) for the same reasons I have previously explained in my 7/27/2022 and 1/13/2023 Rebuttal Reports.  Thus, nothing in Dr. Schonfeld's 1/23/2023 Reply Report alters my opinion that Asserted Claim 1 of the

**HIGHLY CONFIDENTIAL - SOURCE CODE - ATTORNEYS' EYES ONLY**

'885 Patent is not rendered obvious based on Sonos's 2005 system in view of Dr. Schonfeld's Squeezebox reference.

### 6. Sonos's 2005 System in view of Rajapakse

63.    In his November 30, 2022 Opening Report, although not entirely clear, Dr. Schonfeld appears to be offering an opinion that Asserted Claim 1 of the '885 Patent is rendered obvious based on Sonos's 2005 system in view of Rajapakse.  *See* Schonfeld 11/30/2022 Op. Report at ¶ 6 (Dr. Schonfeld stating his opinion that Asserted Claim 1 of the '885 Patent is invalid based on "any additional combinations set forth below in my report"), ¶¶ 385-395, 424-431 (providing an analysis of Asserted Claim 1 of the '885 Patent as compared to Sonos's 2005 system in view of Rajapakse).   As I have previously explained, I disagree – it is my opinion Asserted Claim 1 of the '885 Patent is not rendered obvious based on Sonos's 2005 system in view of Rajapakse.

64.    My 7/27/2022 Rebuttal Report set forth my analyses and opinions as to why Asserted Claim 1 of the '885 Patent is not rendered obvious based on Sonos's 2005 system in view of Rajapakse.

65.    Additionally, because Dr. Schonfeld premised his obviousness opinions for the Asserted Claims of the '966 Patent on his analyses of Asserted Claim 1 of the '885 Patent, I addressed Dr. Schonfeld's analyses of Sonos's 2005 system in view of Nourse that he provided for Asserted Claim 1 of the '885 Patent in my 1/13/2023 Rebuttal Report as part of my analyses and opinions as to why the Asserted Claims of the '966 Patent are not rendered obvious based on Sonos's 2005 system in view of Rajapakse.  As such, my analyses and opinions regarding the validity of the Asserted Claims of the '966 Patent over Sonos's 2005 system in view of Rajapakse provide further support for my opinion that Asserted Claim 1 of the '885 Patent is not rendered obvious based on Sonos's 2005 system in view of Rajapakse.

66.    I have also reviewed Dr. Schonfeld's 1/23/2023 Reply Report, and I disagree with Dr. Schonfeld's additional analyses and opinions regarding Sonos's 2005 system and his obviousness combinations based thereon (*see* Schonfeld Reply Report at ¶¶ 22-43) for the same reasons I have previously explained in my 7/27/2022 and 1/13/2023 Rebuttal Reports.  Thus,

nothing in Dr. Schonfeld's 1/23/2023 Reply Report alters my opinion that Asserted Claim 1 of the '885 Patent is not rendered obvious based on Sonos's 2005 system in view of Rajapakse.

### 7.    Sonos's 2005 System in view of Lindemann

67.     In his November 30, 2022 Opening Report, although not entirely clear, Dr. Schonfeld appears to be offering an opinion that Asserted Claim 1 of the '885 Patent is rendered obvious based on Sonos's 2005 system in view of Lindemann.  *See* Schonfeld 11/30/2022 Op. Report at ¶ 6 (Dr. Schonfeld stating his opinion that Asserted Claim 1 of the '885 Patent is invalid based on "any additional combinations set forth below in my report"), ¶¶ 401-402, 432-433 (providing an analysis of Asserted Claim 1 of the '885 Patent as compared to Sonos's 2005 system in view of Lindemann ).   As I have previously explained, I disagree – it is my opinion Asserted Claim 1 of the '885 Patent is not rendered obvious based on Sonos's 2005 system in view of Lindemann.

68.     My 7/27/2022 Rebuttal Report set forth my analyses and opinions as to why Asserted Claim 1 of the '885 Patent is not rendered obvious based on Sonos's 2005 system in view of Lindemann.

69.     Additionally, because Dr. Schonfeld premised his obviousness opinions for the Asserted Claims of the '966 Patent on his analyses of Asserted Claim 1 of the '885 Patent, I addressed Dr. Schonfeld's analyses of Sonos's 2005 system in view of Nourse that he provided for Asserted Claim 1 of the '885 Patent in my 1/13/2023 Rebuttal Report as part of my analyses and opinions as to why the Asserted Claims of the '966 Patent are not rendered obvious based on Sonos's 2005 system in view of Lindemann.  As such, my analyses and opinions regarding the validity of the Asserted Claims of the '966 Patent over Sonos's 2005 system in view of Lindemann provide further support for my opinion that Asserted Claim 1 of the '885 Patent is not rendered obvious based on Sonos's 2005 system in view of Lindemann.

70.     I have also reviewed Dr. Schonfeld's 1/23/2023 Reply Report, and I disagree with Dr. Schonfeld's additional analyses and opinions regarding Sonos's 2005 system and his obviousness combinations based thereon (*see* Schonfeld Reply Report at ¶¶ 22-43) for the same reasons I have previously explained in my 7/27/2022 and 1/13/2023 Rebuttal Reports.  Thus,

**HIGHLY CONFIDENTIAL - SOURCE CODE - ATTORNEYS' EYES ONLY**

nothing in Dr. Schonfeld's 1/23/2023 Reply Report alters my opinion that Asserted Claim 1 of the '885 Patent is not rendered obvious based on Sonos's 2005 system in view of Lindemann.

### 8. Sonos's 2005 System in view of Crestron

71.    In his November 30, 2022 Opening Report, although not entirely clear, Dr. Schonfeld appears to be offering an opinion that Asserted Claim 1 of the '885 Patent is rendered obvious based on Sonos's 2005 system in view of his new "Crestron" reference. *See* Schonfeld 11/30/2022 Op. Report at ¶ 6 (Dr. Schonfeld stating his opinion that Asserted Claim 1 of the '885 Patent is invalid based on "any additional combinations set forth below in my report"), ¶¶ 332, 370-371, 405, 438-439, 447, 457 (providing an analysis of Asserted Claim 1 of the '885 Patent as compared to Sonos's 2005 system in view of his Crestron reference).   I disagree – it is my opinion that Asserted Claim 1 of the '885 Patent is not rendered obvious based on Sonos's 2005 system in view of Dr. Schonfeld's Crestron reference.

72.    As noted above, Dr. Schonfeld did not identify Crestron as a relevant prior art reference or provide any analysis of Sonos's 2005 system in view of Crestron in his June 22, 2022 Opening Report, so I did not address the validity of Asserted Claim 1 of the '885 Patent over Sonos's 2005 system in view of Crestron in my 7/27/2022 Rebuttal Report.

73.    However, because Dr. Schonfeld premised his obviousness opinions for the Asserted Claims of the '966 Patent on his analyses of Asserted Claim 1 of the '885 Patent, I addressed Dr. Schonfeld's analyses of Sonos's 2005 system in view of Crestron that he provided for Asserted Claim 1 of the '885 Patent in my 1/13/2023 Rebuttal Report as part of my analyses and opinions as to why the Asserted Claims of the '966 Patent are not rendered obvious based on Sonos's 2005 system in combination with Crestron.  As such, my analyses and opinions regarding the validity of the Asserted Claims of the '966 Patent over Sonos's 2005 system in view of Crestron provide support for my opinion that Asserted Claim 1 of the '885 Patent is not rendered obvious based on Sonos's 2005 system in combination with Crestron.  .

74.    For reasons similar to those discussed in my 1/13/2023 Rebuttal Report, I disagree with Dr. Schonfeld's analysis of Asserted Claim 1 of the '885 Patent as compared to Sonos's 2005 system in combination with Crestron, which suffers from a number of flaws.

**HIGHLY CONFIDENTIAL - SOURCE CODE - ATTORNEYS' EYES ONLY**

98.     As noted above, Dr. Schonfeld did not identify Yamaha DME as a relevant prior art reference or provide any analysis of Sonos's 2005 system in view of Yamaha DME in his June 22, 2022 Opening Report, so I did not address the validity of Asserted Claim 1 of the '885 Patent over Sonos's 2005 system in view of Yamaha DME in my 7/27/2022 Rebuttal Report.

99.     However, because Dr. Schonfeld premised his obviousness opinions for the Asserted Claims of the '966 Patent on his analyses of Asserted Claim 1 of the '885 Patent, I addressed Dr. Schonfeld's analyses of Sonos's 2005 system in view of Yamaha DME that he provided for Asserted Claim 1 of the '885 Patent in my 1/13/2023 Rebuttal Report as part of my analyses and opinions as to why the Asserted Claims of the '966 Patent are not rendered obvious based on Sonos's 2005 system in combination with Yamaha DME.  As such, my analyses and opinions regarding the validity of the Asserted Claims of the '966 Patent over Sonos's 2005 system view of Yamaha DME provide support for my opinion that Asserted Claim 1 of the '885 Patent is not rendered obvious based on Sonos's 2005 system in combination with Yamaha DME.

100.    For reasons similar to those discussed in my 1/13/2023 Rebuttal Report, I disagree with Dr. Schonfeld's analysis of Asserted Claim 1 of the '885 Patent as compared to Sonos's 2005 system in combination with Yamaha DME, which suffers from a number of flaws.

101.    First, various materials related to the Yamaha DME System, including the DME Manual that Dr. Schonfeld primarily relies on in his discussion of the Yamaha DME System, are cited on the face of the '885 Patent, which shows that the Yamaha DME System was considered by the USPTO during prosecution of the '885 Patent and that the '885 Patent (including Asserted Claim 1) was allowed to issue over the Yamaha DME System. *See* '885 Patent at 1, 13, 23.  In fact, during prosecution of the '885 Patent, the Examiner acknowledged that "DME does not explicitly teach the inclusion, exclusion, etc. of particular enumerated first, second, etc. players of the set of available players to form, create, save, recall etc. a particular first, second, etc. grouping…." *See* July 5, 2019 Office Action at p. 4.  Additionally, after considering Sonos's claim amendments and arguments for why Yamaha DME does not teach the claimed "zone scene" technology of the '885 Patent (*see* August 23, 2019 Response to Office Action), the Examiner allowed the '966 Patent (including Asserted Claim 1) to issue over Yamaha DME and in the

**HIGHLY CONFIDENTIAL - SOURCE CODE - ATTORNEYS' EYES ONLY**

knowledge of a POSITA."

124.    Additionally, because Dr. Schonfeld premised his obviousness opinions for the Asserted Claims of the '966 Patent on his analyses of Asserted Claim 1 of the '885 Patent, I addressed Dr. Schonfeld's analyses of Sonos's 2005 system in view of the "general knowledge of a POSITA" that he provided for Asserted Claim 1 of the '885 Patent in my 1/13/2023 Rebuttal Report as part of my analyses and opinions as to why the Asserted Claims of the '966 Patent are not rendered obvious based on Dr. Schonfeld's Squeezebox reference in view of the "general knowledge of a POSITA."   As such, my analyses and opinions regarding the validity of the Asserted Claims of the '966 Patent over Dr. Schonfeld's Squeezebox reference in view of the "general knowledge of a POSITA" provide further support for my opinion that Asserted Claim 1 of the '885 Patent is neither anticipated by Dr. Schonfeld's Squeezebox reference nor rendered obvious based on Dr. Schonfeld's Squeezebox reference in view of the "general knowledge of a POSITA."

125.    I have also reviewed Dr. Schonfeld's 1/23/2023 Reply Report, and I disagree with Dr. Schonfeld's additional analyses and opinions regarding his Squeezebox reference and his obviousness combinations based thereon (*see* Schonfeld Reply Report at ¶¶ 44-62) for the same reasons I have previously explained in my 7/27/2022 and 1/13/2023 Rebuttal Reports.   Thus, nothing in Dr. Schonfeld's 1/23/2023 Reply Report alters my opinion that Asserted Claim 1 of the '885 Patent is not rendered obvious based on Dr. Schonfeld's Squeezebox reference in view of the "general knowledge of a POSITA."

### 2.    Squeezebox in view of Sonos Forums

126.    In his November 30, 2022 Opening Report, Dr. Schonfeld states his opinion that Asserted Claim 1 of the '885 Patent is rendered obvious based on his Squeezebox reference in view of his Sonos Forums reference.   Schonfeld 11/30/2022 Op. Report at ¶¶ 566-567.   As I have previously explained, I disagree – it is my opinion Asserted Claim 1 of the '885 Patent is not rendered obvious based on Dr. Schonfeld's Squeezebox reference in view of his Sonos Forums reference.

127.    My 7/27/2022 Rebuttal Report set forth my analyses and opinions as to why

Asserted Claim 1 of the '885 Patent is not rendered obvious based on Dr. Schonfeld's Squeezebox reference in view of his Sonos Forums reference.

128.    Additionally, because Dr. Schonfeld premised his obviousness opinions for the Asserted Claims of the '966 Patent on his analyses of Asserted Claim 1 of the '885 Patent, I addressed Dr. Schonfeld's analyses of his Squeezebox reference in view of his Sonos Forums reference that he provided for Asserted Claim 1 of the '885 Patent in my 1/13/2023 Rebuttal Report as part of my analyses and opinions as to why the Asserted Claims of the '966 Patent are not rendered obvious based on Dr. Schonfeld's Squeezebox reference in view of his Sonos Forums reference.  As such, my analyses and opinions regarding the validity of the Asserted Claims of the '966 Patent over Dr. Schonfeld's Squeezebox reference in view of his Sonos Forums reference provide further support for my opinion that Asserted Claim 1 of the '885 Patent is not rendered obvious based on Dr. Schonfeld's Squeezebox reference in view of his Sonos Forums reference.

129.    I have also reviewed Dr. Schonfeld's 1/23/2023 Reply Report, and I disagree with Dr. Schonfeld's additional analyses and opinions regarding his Squeezebox reference and his obviousness combinations based thereon (*see* Schonfeld Reply Report at ¶¶ 44-62) for the same reasons I have previously explained in my 7/27/2022 and 1/13/2023 Rebuttal Reports.  Thus, nothing in Dr. Schonfeld's 1/23/2023 Reply Report alters my opinion that Asserted Claim 1 of the '885 Patent is not rendered obvious based on Dr. Schonfeld's Squeezebox reference in view of his Sonos Forums reference.

### 3.    <u>Squeezebox in view of Millington</u>

130.    In his November 30, 2022 Opening Report, Dr. Schonfeld states his opinion that Asserted Claim 1 of the '885 Patent is rendered obvious based on his Squeezebox reference in view of Millington.  Schonfeld 11/30/2022 Op. Report at ¶¶ 754-758, 782-787.  As I have previously explained, I disagree – it is my opinion Asserted Claim 1 of the '885 Patent is not rendered obvious based on Dr. Schonfeld's Squeezebox reference in view of Millington.

131.    My 7/27/2022 Rebuttal Report set forth my analyses and opinions as to why Asserted Claim 1 of the '885 Patent is not rendered obvious based on Dr. Schonfeld's Squeezebox reference in view of Millington.

HIGHLY CONFIDENTIAL - SOURCE CODE - ATTORNEYS' EYES ONLY

132. Additionally, because Dr. Schonfeld premised his obviousness opinions for the Asserted Claims of the '966 Patent on his analyses of Asserted Claim 1 of the '885 Patent, I addressed Dr. Schonfeld's analyses of his Squeezebox reference in view of Millington that he provided for Asserted Claim 1 of the '885 Patent in my 1/13/2023 Rebuttal Report as part of my analyses and opinions as to why the Asserted Claims of the '966 Patent are not rendered obvious based on Dr. Schonfeld's Squeezebox reference in view of Millington. As such, my analyses and opinions regarding the validity of the Asserted Claims of the '966 Patent over Dr. Schonfeld's Squeezebox reference in view of Millington provide further support for my opinion that Asserted Claim 1 of the '885 Patent is not rendered obvious based on Dr. Schonfeld's Squeezebox reference in view of Millington.

133. I have also reviewed Dr. Schonfeld's 1/23/2023 Reply Report, and I disagree with Dr. Schonfeld's additional analyses and opinions regarding his Squeezebox reference and his obviousness combinations based thereon (*see* Schonfeld Reply Report at ¶¶ 44-62) for the same reasons I have previously explained in my 7/27/2022 and 1/13/2023 Rebuttal Reports. Thus, nothing in Dr. Schonfeld's 1/23/2023 Reply Report alters my opinion that Asserted Claim 1 of the '885 Patent is not rendered obvious based on Dr. Schonfeld's Squeezebox reference in view of Millington.

### 4. Squeezebox in view of Nourse

134. In his November 30, 2022 Opening Report, Dr. Schonfeld states his opinion that Asserted Claim 1 of the '885 Patent is rendered obvious based on his Squeezebox reference in view of Nourse. Schonfeld 11/30/2022 Op. Report at ¶¶ 568-570, 742, 798-799. As I have previously explained, I disagree – it is my opinion Asserted Claim 1 of the '885 Patent is not rendered obvious based on Dr. Schonfeld's Squeezebox reference in view of Nourse.

135. My 7/27/2022 Rebuttal Report set forth my analyses and opinions as to why Asserted Claim 1 of the '885 Patent is not rendered obvious based on Dr. Schonfeld's Squeezebox reference in view of Nourse.

136. Additionally, because Dr. Schonfeld premised his obviousness opinions for the Asserted Claims of the '966 Patent on his analyses of Asserted Claim 1 of the '885 Patent, I

addressed Dr. Schonfeld's analyses of his Squeezebox reference in view of Nourse that he provided for Asserted Claim 1 of the '885 Patent in my 1/13/2023 Rebuttal Report as part of my analyses and opinions as to why the Asserted Claims of the '966 Patent are not rendered obvious based on Dr. Schonfeld's Squeezebox reference in view of Nourse.  As such, my analyses and opinions regarding the validity of the Asserted Claims of the '966 Patent over Dr. Schonfeld's Squeezebox reference in view of Nourse provide further support for my opinion that Asserted Claim 1 of the '885 Patent is not rendered obvious based on Dr. Schonfeld's Squeezebox reference in view of Nourse.

137.    I have also reviewed Dr. Schonfeld's 1/23/2023 Reply Report, and I disagree with Dr. Schonfeld's additional analyses and opinions regarding his Squeezebox reference and his obviousness combinations based thereon (*see* Schonfeld Reply Report at ¶¶ 44-62) for the same reasons I have previously explained in my 7/27/2022 and 1/13/2023 Rebuttal Reports.  Thus, nothing in Dr. Schonfeld's 1/23/2023 Reply Report alters my opinion that Asserted Claim 1 of the '885 Patent is not rendered obvious based on Dr. Schonfeld's Squeezebox reference in view of Nourse.

### 5.    <u>Squeezebox in view of Rajapakse</u>

138.    In his November 30, 2022 Opening Report, although not entirely clear, Dr. Schonfeld appears to be offering an opinion that Asserted Claim 1 of the '885 Patent is rendered obvious based on his Squeezebox reference in view of Rajapakse.  *See* Schonfeld 11/30/2022 Op. Report at ¶ 6 (Dr. Schonfeld stating his opinion that Asserted Claim 1 of the '885 Patent is invalid based on "any additional combinations set forth below in my report"), ¶¶ 743-753, 788-795 (providing an analysis of Asserted Claim 1 of the '885 Patent as compared to Squeezebox in view of Rajapakse).  As I have previously explained, I disagree – it is my opinion Asserted Claim 1 of the '885 Patent is not rendered obvious based on Dr. Schonfeld's Squeezebox reference in view of Rajapakse.

139.    My 7/27/2022 Rebuttal Report set forth my analyses and opinions as to why Asserted Claim 1 of the '885 Patent is not rendered obvious based on Dr. Schonfeld's Squeezebox reference in view of Rajapakse.

**HIGHLY CONFIDENTIAL - SOURCE CODE - ATTORNEYS' EYES ONLY**

140.     Additionally, because Dr. Schonfeld premised his obviousness opinions for the Asserted Claims of the '966 Patent on his analyses of Asserted Claim 1 of the '885 Patent, I addressed Dr. Schonfeld's analyses of his Squeezebox reference in view of Rajapakse that he provided for Asserted Claim 1 of the '885 Patent in my 1/13/2023 Rebuttal Report as part of my analyses and opinions as to why the Asserted Claims of the '966 Patent are not rendered obvious based on Dr. Schonfeld's Squeezebox reference in view of Rajapakse.  As such, my analyses and opinions regarding the validity of the Asserted Claims of the '966 Patent over Dr. Schonfeld's Squeezebox reference in view of Rajapakse provide further support for my opinion that Asserted Claim 1 of the '885 Patent is not rendered obvious based on Dr. Schonfeld's Squeezebox reference in view of Rajapakse.

141.     I have also reviewed Dr. Schonfeld's 1/23/2023 Reply Report, and I disagree with Dr. Schonfeld's additional analyses and opinions regarding his Squeezebox reference and his obviousness combinations based thereon (*see* Schonfeld Reply Report at ¶¶ 44-62) for the same reasons I have previously explained in my 7/27/2022 and 1/13/2023 Rebuttal Reports.  Thus, nothing in Dr. Schonfeld's 1/23/2023 Reply Report alters my opinion that Asserted Claim 1 of the '885 Patent is not rendered obvious based on Dr. Schonfeld's Squeezebox reference in view of Rajapakse.

### 6.     Squeezebox in view of Lindemann

142.     In his November 30, 2022 Opening Report, although not entirely clear, Dr. Schonfeld appears to be offering an opinion that Asserted Claim 1 of the '885 Patent is rendered obvious based on his Squeezebox reference in view of Lindemann.  *See* Schonfeld 11/30/2022 Op. Report at ¶ 6 (Dr. Schonfeld stating his opinion that Asserted Claim 1 of the '885 Patent is invalid based on "any additional combinations set forth below in my report"), ¶¶ 759-760, 796-797 (providing an analysis of Asserted Claim 1 of the '885 Patent as compared to Sonos's 2005 system in view of Lindemann).   As I have previously explained, I disagree – it is my opinion Asserted Claim 1 of the '885 Patent is not rendered obvious based on Dr. Schonfeld's Squeezebox reference in view of Lindemann.

143.     My 7/27/2022 Rebuttal Report set forth my analyses and opinions as to why

**HIGHLY CONFIDENTIAL - SOURCE CODE - ATTORNEYS' EYES ONLY**

Asserted Claim 1 of the '885 Patent is not rendered obvious based on Dr. Schonfeld's Squeezebox reference in view of Lindemann.

144.    Additionally, because Dr. Schonfeld premised his obviousness opinions for the Asserted Claims of the '966 Patent on his analyses of Asserted Claim 1 of the '885 Patent, I addressed Dr. Schonfeld's analyses of his Squeezebox reference in view of Lindemann that he provided for Asserted Claim 1 of the '885 Patent in my 1/13/2023 Rebuttal Report as part of my analyses and opinions as to why the Asserted Claims of the '966 Patent are not rendered obvious based on Dr. Schonfeld's Squeezebox reference in view of Lindemann.  As such, my analyses and opinions regarding the validity of the Asserted Claims of the '966 Patent over Dr. Schonfeld's Squeezebox reference in view of Lindemann provide further support for my opinion that Asserted Claim 1 of the '885 Patent is not rendered obvious based on Dr. Schonfeld's Squeezebox reference in view of Lindemann.

145.    I have also reviewed Dr. Schonfeld's 1/23/2023 Reply Report, and I disagree with Dr. Schonfeld's additional analyses and opinions regarding his Squeezebox reference and his obviousness combinations based thereon (*see* Schonfeld Reply Report at ¶¶ 44-62) for the same reasons I have previously explained in my 7/27/2022 and 1/13/2023 Rebuttal Reports.  Thus, nothing in Dr. Schonfeld's 1/23/2023 Reply Report alters my opinion that Asserted Claim 1 of the '885 Patent is not rendered obvious based on Dr. Schonfeld's Squeezebox reference in view of Lindemann.

### 7.    <u>Summary</u>

146.    As discussed in my 7/27/2022 and 1/13/2023 Rebuttal Reports and the sub-sections above, there are a number of different limitations of Asserted Claim 1 of the '885 Patent that are neither disclosed by Squeezebox nor rendered obvious by Squeezebox either in view of the general knowledge of a POSITA, the Sonos Forums, Millington, Nourse, Rajapakse, or Lindemann.  Any one of these claim limitations serves as a separate basis for my opinion that Asserted Claim 1 of the '885 Patent is not rendered obvious by Squeezebox in view of the general knowledge of a POSITA, the Sonos Forums, Millington, Nourse, Rajapakse, or Lindemann, and when taken collectively, these claim limitations provide even further support for my opinion that Asserted

HIGHLY CONFIDENTIAL - SOURCE CODE - ATTORNEYS' EYES ONLY

Claim 1 of the '885 Patent is not rendered obvious by Squeezebox in view of the general knowledge of a POSITA, the Sonos Forums, Millington, Nourse, Rajapakse, or Lindemann.

147.     Further, I note that Dr. Schonfeld appears to have only performed his obviousness analysis for Asserted Claim 1 of the '885 Patent on a limitation-by-limitation basis, and has not performed any analysis or offered any opinions as to whether Asserted Claim 1 of the '885 Patent as a whole would have been obviousness, which I understand to be improper.

148.     Further yet, I note that Dr. Schonfeld has only offered obviousness opinions with respect to Squeezebox as combined with a single other reference, and has not performed any analysis or offered any opinions as to whether a POSITA in 2005-06 would have been motivated to modify and combine Squeezebox with multiple different references.

149.     Accordingly, for all of the reasons explained above, it is my opinion that Asserted Claim 1 of the '885 Patent is not rendered obvious by Squeezebox in view of the general knowledge of a POSITA, the Sonos Forums, Millington, Nourse, Rajapakse, or Lindemann.

### C.     Claim 1 is Not Rendered Obvious Based on the Bose Lifestyle 50 System

#### 1.     The Bose Lifestyle 50 System Alone

150.     In his November 30, 2022 Opening Report, Dr. Schonfeld states his opinion that Asserted Claim 1 of the '885 Patent is rendered obvious based on the Bose Lifestyle 50 System in view of the "general knowledge of a POSITA."  Schonfeld 11/30/2022 Op. Report at ¶¶ 855-909 928-936, 954-962.  As I have previously explained, I disagree – it is my opinion Asserted Claim 1 of the '885 Patent is not rendered obvious based on the Bose Lifestyle 50 System in view of the "general knowledge of a POSITA."

151.     My 7/27/2022 Rebuttal Report set forth my analyses and opinions as to why Asserted Claim 1 of the '885 Patent is not rendered obvious based on Bose Lifestyle 50 System in view of the "general knowledge of a POSITA."

152.     Additionally, because Dr. Schonfeld premised his obviousness opinions for the Asserted Claims of the '966 Patent on his analyses of Asserted Claim 1 of the '885 Patent, I addressed Dr. Schonfeld's analyses of the Bose Lifestyle 50 System in view of the "general knowledge of a POSITA" that he provided for Asserted Claim 1 of the '885 Patent in my 1/13/2023

Rebuttal Report as part of my analyses and opinions as to why the Asserted Claims of the '966 Patent are not rendered obvious based on the Bose Lifestyle 50 System in view of the "general knowledge of a POSITA." As such, my analyses and opinions regarding the validity of the Asserted Claims of the '966 Patent over the Bose Lifestyle 50 System in view of the "general knowledge of a POSITA" provide further support for my opinion that Asserted Claim 1 of the '885 Patent is not rendered obvious based on the Bose Lifestyle 50 System in view of the "general knowledge of a POSITA."

153.    I have also reviewed Dr. Schonfeld's 1/23/2023 Reply Report, and I disagree with Dr. Schonfeld's additional analyses and opinions regarding the Bose Lifestyle 50 System and his obviousness combinations based thereon (*see* Schonfeld Reply Report at ¶¶ 63-73) for the same reasons I have previously explained in my 7/27/2022 and 1/13/2023 Rebuttal Reports. Thus, nothing in Dr. Schonfeld's 1/23/2023 Reply Report alters my opinion that Asserted Claim 1 of the '885 Patent is not rendered obvious based on the Bose Lifestyle 50 System in view of the "general knowledge of a POSITA."

## 2.    The Bose Lifestyle 50 System in view of Nourse

154.    In his November 30, 2022 Opening Report, Dr. Schonfeld states his opinion that Asserted Claim 1 of the '885 Patent is rendered obvious based on the Bose Lifestyle 50 System in view of Nourse. Schonfeld 11/30/2022 Op. Report at ¶¶ 910. As I have previously explained, I disagree – it is my opinion Asserted Claim 1 of the '885 Patent is not rendered obvious based on the Bose Lifestyle 50 System in view of Nourse.

155.    My 7/27/2022 Rebuttal Report set forth my analyses and opinions as to why Asserted Claim 1 of the '885 Patent is not rendered obvious based on the Bose Lifestyle 50 System in view of Nourse.

156.    Additionally, because Dr. Schonfeld premised his obviousness opinions for the Asserted Claims of the '966 Patent on his analyses of Asserted Claim 1 of the '885 Patent, I addressed Dr. Schonfeld's analyses of the Bose Lifestyle 50 System in view of Nourse that he provided for Asserted Claim 1 of the '885 Patent in my 1/13/2023 Rebuttal Report as part of my analyses and opinions as to why the Asserted Claims of the '966 Patent are not rendered obvious

based on the Bose Lifestyle 50 System in view of Nourse.  As such, my analyses and opinions regarding the validity of the Asserted Claims of the '966 Patent over the Bose Lifestyle 50 System in view of Nourse provide further support for my opinion that Asserted Claim 1 of the '885 Patent is not rendered obvious based on the Bose Lifestyle 50 System in view of Nourse.

157.    I have also reviewed Dr. Schonfeld's 1/23/2023 Reply Report, and I disagree with Dr. Schonfeld's additional analyses and opinions regarding the Bose Lifestyle 50 System and his obviousness combinations based thereon (*see* Schonfeld Reply Report at ¶¶ 63-73) for the same reasons I have previously explained in my 7/27/2022 and 1/13/2023 Rebuttal Reports.  Thus, nothing in Dr. Schonfeld's 1/23/2023 Reply Report alters my opinion that Asserted Claim 1 of the '885 Patent is not rendered obvious based on the Bose Lifestyle 50 System in view of Nourse.

### 3.    The Bose Lifestyle 50 System in view of Rajapakse

158.    In his November 30, 2022 Opening Report, Dr. Schonfeld states his opinion that Asserted Claim 1 of the '885 Patent is rendered obvious based on the Bose Lifestyle 50 System in view of Rajapakse.  Schonfeld 11/30/2022 Op. Report at ¶¶ 911-921, 944-953.  As I have previously explained, I disagree – it is my opinion Asserted Claim 1 of the '885 Patent is not rendered obvious based on the Bose Lifestyle 50 System in view of Rajapakse.

159.    My 7/27/2022 Rebuttal Report set forth my analyses and opinions as to why Asserted Claim 1 of the '885 Patent is not rendered obvious based on the Bose Lifestyle 50 System in view of Rajapakse.

160.    Additionally, because Dr. Schonfeld premised his obviousness opinions for the Asserted Claims of the '966 Patent on his analyses of Asserted Claim 1 of the '885 Patent, I addressed Dr. Schonfeld's analyses of the Bose Lifestyle 50 System in view of Rajapakse that he provided for Asserted Claim 1 of the '885 Patent in my 1/13/2023 Rebuttal Report as part of my analyses and opinions as to why the Asserted Claims of the '966 Patent are not rendered obvious based on the Bose Lifestyle 50 System in view of Rajapakse.  As such, my analyses and opinions regarding the validity of the Asserted Claims of the '966 Patent over the Bose Lifestyle 50 System in view of Rajapakse provide further support for my opinion that Asserted Claim 1 of the '885 Patent is not rendered obvious based on the Bose Lifestyle 50 System in view of Rajapakse.

161.    I have also reviewed Dr. Schonfeld's 1/23/2023 Reply Report, and I disagree with Dr. Schonfeld's additional analyses and opinions regarding the Bose Lifestyle 50 System and his obviousness combinations based thereon (*see* Schonfeld Reply Report at ¶¶ 63-73) for the same reasons I have previously explained in my 7/27/2022 and 1/13/2023 Rebuttal Reports.  Thus, nothing in Dr. Schonfeld's 1/23/2023 Reply Report alters my opinion that Asserted Claim 1 of the '885 Patent is not rendered obvious based on the Bose Lifestyle 50 System in view of Rajapakse.

### 4.    The Bose Lifestyle 50 System in view of Millington

162.    In his November 30, 2022 Opening Report, Dr. Schonfeld states his opinion that Asserted Claim 1 of the '885 Patent is rendered obvious based on the Bose Lifestyle 50 System in view of Millington.   Schonfeld 11/30/2022 Op. Report at ¶¶ 922-927, 937-943.   As I have previously explained, I disagree – it is my opinion Asserted Claim 1 of the '885 Patent is not rendered obvious based on the Bose Lifestyle 50 System in view of Millington.

163.    My 7/27/2022 Rebuttal Report set forth my analyses and opinions as to why Asserted Claim 1 of the '885 Patent is not rendered obvious based on the Bose Lifestyle 50 System in view of Millington.

164.    Additionally, because Dr. Schonfeld premised his obviousness opinions for the Asserted Claims of the '966 Patent on his analyses of Asserted Claim 1 of the '885 Patent, I addressed Dr. Schonfeld's analyses of the Bose Lifestyle 50 System in view of Millington that he provided for Asserted Claim 1 of the '885 Patent in my 1/13/2023 Rebuttal Report as part of my analyses and opinions as to why the Asserted Claims of the '966 Patent are not rendered obvious based on the Bose Lifestyle 50 System in view of Millington.  As such, my analyses and opinions regarding the validity of the Asserted Claims of the '966 Patent over the Bose Lifestyle 50 System in view of Millington provide further support for my opinion that Asserted Claim 1 of the '885 Patent is not rendered obvious based on the Bose Lifestyle 50 System in view of Millington.   I have also reviewed Dr. Schonfeld's 1/23/2023 Reply Report, and I disagree with Dr. Schonfeld's additional analyses and opinions regarding the Bose Lifestyle 50 System and his obviousness combinations based thereon (*see* Schonfeld Reply Report at ¶¶ 63-73) for the same reasons I have previously explained in my 7/27/2022 and 1/13/2023 Rebuttal Reports.  Thus, nothing in Dr.

Schonfeld's 1/23/2023 Reply Report alters my opinion that Asserted Claim 1 of the '885 Patent is not rendered obvious based on the Bose Lifestyle 50 System in view of Millington.

### 5.   Summary

165.   As discussed in my 7/27/2022 and 1/13/2023 Rebuttal Reports and the sub-sections above, there are a number of different limitations of Asserted Claim 1 of the '885 Patent that are neither disclosed by the Bose Lifestyle 50 System nor rendered obvious by the Bose Lifestyle 50 System either in view of the general knowledge of a POSITA, Nourse, Rajapakse, or Millington. Any one of these claim limitations serves as a separate basis for my opinion that Asserted Claim 1 of the '885 Patent is not rendered obvious by the Bose Lifestyle 50 System in view of the general knowledge of a POSITA, Nourse, Rajapakse, or Millington, and when taken collectively, these claim limitations provide even further support for my opinion that Asserted Claim 1 of the '885 Patent is not rendered obvious by the Bose Lifestyle 50 System in view of the general knowledge of a POSITA, Nourse, Rajapakse, or Millington.

166.   Further, I note that Dr. Schonfeld appears to have only performed his obviousness analysis for Asserted Claim 1 of the '885 Patent on a limitation-by-limitation basis, and has not performed any analysis or offered any opinions as to whether Asserted Claim 1 of the '885 Patent as a whole would have been obviousness, which I understand to be improper.

167.   Further yet, I note that Dr. Schonfeld has only offered obviousness opinions with respect to the Bose Lifestyle 50 System as combined with a single other reference, and has not performed any analysis or offered any opinions as to whether a POSITA in 2005-06 would have been motivated to modify and combine the Bose Lifestyle 50 System with multiple different references.

168.   Accordingly, for all of the reasons explained above, it is my opinion that Asserted Claim 1 of the '885 Patent is not rendered obvious by the Bose Lifestyle 50 System in view of the general knowledge of a POSITA, Nourse, Rajapakse, or Millington.

### D.   Obviousness Type Double Patenting Over U.S. Patent No. 9,141,645

169.   In his November 30, 2022 Opening Report, Dr. Schonfeld opines that Asserted Claim 1 of the '885 Patent is obvious based on obviousness-type double patenting over claim 1 of

**HIGHLY CONFIDENTIAL - SOURCE CODE - ATTORNEYS' EYES ONLY**

1

**XII.**   **DEMONSTRATIVES**

2      187.   To help assist in my testimony at trial, I have prepared a number of demonstratives

3   that are attached hereto as **Exhibit 1**.  These demonstratives are exemplary and I reserve the right

4   to create additional demonstratives and/or to modify the demonstratives in **Exhibit 1** based on the

5   material in this report.  For example, I reserve the right to create additional demonstratives and/or

6   to modify the demonstratives in **Exhibit 1** based on the images and/or evidence cited in this report.

7   I also incorporate by reference and reserve the right to use the demonstratives I prepared for my

8   previous reports as well as Sonos's Technology Tutorial and the images contained therein.

9   **XIII.**   **RESERVATION OF RIGHT**

10      188.   I reserve the right to further expound on my rebuttal opinions in subsequent

11   declarations, reports, and/or at trial.

13   Dated: March 21, 2023

By: _Kevin C Almeroth_

14                                                    Kevin C. Almeroth