# EXHIBIT 4

CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
croberts@orrick.com
BAS DE BLANK (STATE BAR NO. 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (STATE BAR NO. 260103)
acaridis@orrick.com
EVAN D. BREWER (STATE BAR NO. 304411)
ebrewer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

SEAN M. SULLIVAN (*pro hac vice*)
sullivan@ls3ip.com
COLE RICHTER (*pro hac vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:    +1 312 754 0002
Facsimile:    +1 312 754 0003

*Attorneys for Defendant Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>    Plaintiff and Counter-defendant,<br><br>    v.<br><br>SONOS, INC.,<br><br>    Defendant and Counter-claimant. | Case No. 3:20-cv-06754-WHA<br>Related to Case No. 3:21-cv-07559-WHA<br><br>**OPENING EXPERT REPORT OF<br>DR. KEVIN C. ALMEROTH** |

**[1.6]/[9.3]**     based on the first request, i) causing creation of the first *zone scene*, ii) causing an indication of the first *zone scene* to be transmitted to the first zone player, and iii) causing storage of the first *zone scene*;

**[1.7]/[9.4]**     receiving a second request to create a second *zone scene* comprising a second predefined grouping of zone players including at least the first zone player and a third zone player that are to be configured for synchronous playback of media when the second *zone scene* is invoked, wherein the third zone player is different than the second zone player;

**[1.8]/[9.5]**     based on the second request, i) causing creation of the second *zone scene*, ii) causing an indication of the second *zone scene* to be transmitted to the first zone player, and iii) causing storage of the second *zone scene*;

**[1.9]/[9.6]**     displaying a representation of the first *zone scene* and a representation of the second *zone scene*; and

**[1.10]/[9.7]**     while displaying the representation of the first *zone scene* and the representation of the second *zone scene*, receiving a third request to invoke the first *zone scene*; …

372.    As such, the question of whether a Google speaker group is a "zone scene" is a threshold issue for infringement of the Asserted Claims of the '966 Patent, and I address this threshold issue before turning to my limitation-by-limitation analysis.

373.    As I explained above, the Court has already found that Google's "speaker group" functionality satisfies the "zone scene" limitations of the '885 Patent. D.I. 309 at 7-9. For the same reasons, Google's "speaker group" functionality also satisfies the "zone scene" limitations of the '966 Patent.

374.    Indeed, it is undisputed that Google's "speaker group" functionality allows for the creation of a previously-saved, customized grouping of Accused Google Players (which are "zone players" as discussed below) that can later be invoked for synchronous playback. *See* D.I. 309 at 9 (the Court stating that "Google admits that its accused products are readily capable of allowing users to pre-save groups of speakers and give them thematic names").

375.    For instance, Google's website includes a help page for the Accused Google Players entitled "Create and manage speaker groups," which explains that a Google speaker group allows a user to "[g]roup any combination of Google Nest or Google Home speakers and displays and Chromecast devices together for synchronous music throughout the home" and provides

817. To help assist in my testimony at trial, I have prepared a number of demonstratives that are attached hereto as **Exhibit Q**. These demonstratives are exemplary and I reserve the right to create additional demonstratives and/or to modify the demonstratives in **Exhibit Q** based on the material in this report. For example, I reserve the right to create additional demonstratives and/or to modify the demonstratives in **Exhibit Q** based on the testing screenshots I included in this report as well as the evidence cited in this report. I also reserve the right to rely on the demonstratives that were attached as Exhibit H to my Opening report regarding Asserted Claim 1 of the '885 Patent dated June 22, 2022.

818. I have also reviewed Sonos's Technology Tutorial that provides an overview of the '885 Patent, which I understand was submitted to the court in February 2022. I incorporate by reference herein Sonos's Technology Tutorial and expressly reserve the right to use the Technology Tutorial in whole or in part as a demonstrative to assist in my testimony.

## XX. RESERVATION OF RIGHT

819. I reserve the right to further expound on my opinions set forth herein in subsequent declarations, reports, and/or at trial.

Dated: November 30, 2022          By: *Kevin C. Almeroth*
                                       Kevin C. Almeroth