CLEMENT SETH ROBERTS (SBN 209203)
croberts@orrick.com
BAS DE BLANK (SBN 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (SBN 260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   +1 415 773 5700
Facsimile:   +1 415 773 5759

SEAN M. SULLIVAN (*pro hac vice*)
sullivan@ls3ip.com
COLE RICHTER (*pro hac vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:   +1 312 754 0002
Facsimile:   +1 312 754 0003

*Attorneys for Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>  Plaintiff and Counter-defendant,<br><br>  v.<br><br>GOOGLE LLC,<br><br>  Defendant and Counter-claimant. | Case No. 3:20-cv-06754-WHA<br>Related to Case No. 3:21-cv-07559-WHA<br><br>**SONOS, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL RE SONOS'S MOTION *IN LIMINE* NO. 3** |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Sonos, Inc. ("Sonos") hereby respectfully submits this Administrative Motion to Seal ("Administrative Motion") in connection with Sonos's Motion *in Limine* No. 3 ("Sonos's Motion") and Google's Response to Motion *in Limine* No. 3 ("Google's Response"). Specifically, Sonos seeks to file under seal the information and/or document(s) listed below:

| DOCUMENT | PORTIONS TO BE SEALED | DESIGNATING PARTY |
|---|---|---|
| Google's Response | Portions highlighted in blue | Sonos |
| Exhibit 1 to Kaplan Declaration | Portions highlighted in blue | Sonos |
| Exhibit 2 to Kaplan Declaration | Portions highlighted in blue | Sonos |

## II. LEGAL STANDARD

Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable"). *See* Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id*.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mutual Auto. Insurance Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

The Ninth Circuit has recognized that two different standards may apply to a request to seal a document – namely the "compelling reasons" standard or the "good cause" standard. *Blessing v. Plex Sys., Inc.*, No. 21-CV-05951-PJH, 2021 WL 6064006, at *12 (N.D. Cal. Dec. 22, 2021) (citing *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016)). The compelling reasons standard applies to any sealing request made in connection with a motion that is "more than tangentially related to the merits of a case." *Id.* A party seeking to

1  seal materials submitted with a motion that is "more than tangentially related to the merits of the
2  case" must demonstrate that there are "compelling reasons" to keep the documents under seal.
3  *WhatsApp Inc. v. NSO Grp. Techs. Ltd.*, 491 F. Supp. 3d 584, 596 (N.D. Cal. 2020) (citing *Ctr.*
4  *for Auto Safety*, 809 F. 3d at 1101-1102).  What constitutes a compelling reason is left to the
5  "sound discretion of the trial court."  *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon*, 435
6  U.S. at 599).

7  Under the compelling reasons standard, "a court may seal a record only if it finds a
8  'compelling reason' to support such treatment." *Blessing,* 2021 WL 6064006, at *12.  In applying
9  the "compelling reasons" standard, the Ninth Circuit has found appropriate the sealing of
10 documents where court records could be used "as sources of business information that might
11 harm a litigant's competitive standing."  *See Ctr. for Auto Safety*, 809 F.3d at 1097.  "Confidential
12 business information in the form of 'license agreements, financial terms, details of confidential
13 licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard."
14 *Hetland v. LendingTree*, *LLC,* No. 19-CV-02288-JSC, 2021 WL 2313386, at *1 (N.D. Cal. May
15 3, 2021) (quoting *Exeltis USA Inc. v. First Databank, Inc.*, Case No. 17-cv-04810-HSG, 2020
16 WL 2838812, at *1 (N.D. Cal. June 1, 2020)).

17 **III.   THE COURT SHOULD SEAL SONOS'S CONFIDENTIAL MATERIAL**

18 The portions of Google's Response highlighted in blue, and the portions of the exhibits
19 listed above highlighted in blue, contain references to Sonos's confidential business information
20 and trade secrets, including technical details of the operation of Sonos's technology, such as
21 source code and Sonos's research and development processes.  The specifics of how this
22 technology operates is confidential information that Sonos does not share publicly.  Thus, public
23 disclosure of such information may lead to competitive harm as Sonos's competitors could use
24 these details regarding the architecture and functionality of these products to gain a competitive
25 advantage in the marketplace with respect to their competing products.  A less restrictive
26 alternative than sealing the portions of Google's Response and the exhibits indicated in the table
27 above, would not be sufficient because the information sought to be sealed is Sonos's confidential
28

business information and trade secrets and has been cited by Google.  *See* Declaration of Clement Roberts in Support of Administrative Motion filed concurrently herewith, ¶ 4.

**IV. CONCLUSION**

In compliance with Civil Local Rule 79-5(d) and (e), unredacted versions of the above-listed documents accompany this Administrative Motion and redacted versions are filed publicly. A proposed order is being filed concurrently herewith.  For the foregoing reasons, Sonos respectfully requests that the Court grant Sonos's Administrative Motion.

Dated:  April 25, 2023

ORRICK HERRINGTON & SUTCLIFFE LLP
*and*
LEE SULLIVAN SHEA & SMITH LLP

By: */s/ Clement S. Roberts*
    Clement S. Roberts

*Attorneys for Sonos, Inc.*