CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
croberts@orrick.com
BAS DE BLANK (STATE BAR NO. 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (STATE BAR NO. 260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

SEAN M. SULLIVAN (*pro hac vice*)
sullivan@ls3ip.com
J. DAN SMITH (*pro hac vice*)
smith@ ls3ip.com
MICHAEL P. BOYEA (*pro hac vice*)
boyea@ ls3ip.com
COLE B. RICHTER (*pro hac vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:    +1 312 754 0002
Facsimile:    +1 312 754 0003

*Attorneys for Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC., | Case No. 3:20-cv-06754-WHA |
| | Related to Case No. 3:21-cv-07559-WHA |
| Plaintiff and Counter-defendant, | |
| | **SONOS, INC.'S MOTION *IN LIMINE*** |
| v. | **NO. 3 TO EXCLUDE INVALIDITY** |
| | **BASED ON LACK OF WRITTEN** |
| GOOGLE LLC, | **DESCRIPTION OR ENABLEMENT** |
| | **FOR THE '885 AND '966 PATENTS** |
| Defendant and Counter-claimant. | |
| | Judge:  Hon. William Alsup |
| | Pretrial Conf.:  May 3, 2023 |
| | Time:  12:00 p.m. |
| | Courtroom:  12, 19th Floor |
| | Trial Date: May 8, 2023 |

1

## NOTICE OF MOTION

2 TO ALL PARTIES AND THEIR ATTORNEYS:

3       PLEASE TAKE NOTICE that on May 3, 2023 at 12:00 p.m., or as soon thereafter as may

4 be heard before the Honorable Judge William H. Alsup, in Courtroom 12 on the 19th Floor of the

5 United States District Court for the Northern District of California, San Francisco Courthouse,

6 450 Golden Gate Avenue, San Francisco, CA 94102, Sonos, Inc. ("Sonos") will, and hereby does,

7 move this Court to preclude argument, evidence, or references that the '885 and '966 patents are

8 invalid for lack of written description or enablement under 35 U.S.C. § 112.  This motion is based

9 on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities,

10 the Declaration of Joseph R. Kolker ("Kolker Decl."), all exhibits filed herewith, all documents in

11 the Court's file, and such other written or oral evidence and argument as may be presented at or

12 before the time this motion is heard by the Court.

13

## STATEMENT OF THE RELIEF REQUESTED

14       Sonos requests that this Court exclude any argument, evidence, or references that the '885

15 and '966 patents are invalid for lack of written description or enablement.

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.     **INTRODUCTION**

Google should not be permitted to present evidence or argument that the '885 and '966 patents are invalid for lack of enablement or written description.  The Court granted summary judgment on Google's written description challenge to the '885 patent.  Google did not provide any expert opinion that the '966 patent—which has the same specification as the '885 patent and the same relevant claim language—is invalid for lack of written description.  Together with the prior summary judgment ruling, Google therefore has no basis for presenting a written description challenge to the '966 patent at trial.  Meanwhile, Google has provided no expert opinion that either patent is invalid for lack of enablement.  Accordingly, at trial, Google should be precluded from making any argument, introducing any evidence, or making any references whether the '885 and '966 patents meet the written description and enablement requirements of § 112, including any argument that if the '885 and '966 patents are enabled, the prior art must be as well.

II.    **STATEMENT OF RELEVANT FACTS**

Sonos asserts that Google directly and indirectly infringes two patents: U.S. Patent No. 10,848,885 ("the '885 patent") and U.S. Patent No. 10,469,966 ("the '966 patent").  The '885 and '966 patents are referred to as the "Zone Scenes" patents.  They share the same specification and both claim aspects of Sonos's zone scenes technology.

As relevant here, at the showdown summary judgment stage, the Court concluded that certain Google products infringe the '885 patent, and the Court rejected Google's written description challenge to the '885 patent.  Dkt. 309 at 14-17.

At the very early stages of this case, Google asserted § 112-based invalidity claims with respect to both the '966 and '885 patents.  *See* Kolker Decl. Ex. A at 18-21, 25-28.  Google contended that both the '966 and '885 patent claims "may fail to satisfy the requirements of §112, ¶ 1 because the specification and original patent application fail to provide an enabling disclosure of and written description support for" certain claim limitations and terms.  *Id.* at 19-20, 26.

At the showdown summary judgment stage, Google moved for summary judgment of

1    invalidity of claim 1 of the '885 patent, contending that the patent's "claimed set of operations"

2    lacked written description support.  Dkt. 247-3 at 18-25.

3           The Court considered and rejected Google's argument.  First, the Court rejected Google's

4    specific argument "that the specification 'never discloses that a zone player may be added to two

5    zone scenes at the same time,'" noting that Figure 5B of the specification and other disclosures in

6    the specification "adequately convey that a zone player can be added to multiple zone scenes."

7    Dkt. 309 at 14-15.  Second, the Court rejected Google's contention "that the specification does

8    not provide support for the zone player 'continuing to operate in the standalone mode until a

9    given one of the first and second zone scenes has been selected for invocation' and 'transitioning

10   from operating in the standalone mode to operating in accordance with the given one of the first

11   and second predefined groupings of zone players.'"  *Id.* at 15.  The Court noted that while

12   "Google repeatedly points out [that] the specification never expressly refers to the term

13   'standalone mode,'" "the specification does not have to use the term verbatim to provide

14   sufficient disclosure," and it "does so here."  *Id.* at 16-17.

15          With Google's leading § 112 argument removed from play, Google stopped pursuing

16   written description or enablement challenges to the '885 or '966 patents.  Google's remaining

17   invalidity challenges to these zone scene patents are all laid out in the opening expert report of

18   Google's technical expert, Dr. Schonfeld.  *See* Kolker Decl. Ex. B at i-ix.  Dr. Schonfeld contends

19   that both patents are invalid based on alleged prior art, but offers no opinion on any written

20   description or enablement challenges.  *Id.*  And Google's pending motion for summary judgment,

21   like Dr. Schonfeld's invalidity report, asserts only prior art-based invalidity claims with respect to

22   the '885 and '966 patents.  *See* Dkt. 483 at i-ii.

23          As relevant here, Google contends that the combination of the Sonos 2005 system and

24   Sonos Forum posts render the asserted claims of the '885 and '966 patents obvious.  *See id.* at 18-

25   20.  In opposition, Sonos explains, among other things, that nothing in these asserted references

26   teach "a person of ordinary skill in the art how to implement the claimed 'zone scene'

27   technology," and the "Sonos Forum posts express a mere hope that Sonos would one day invent

28

SONOS, INC.'S MOTION *IN LIMINE* NO. 3 TO
EXCLUDE INVALIDITY BASED ON LACK OF WRITTEN
DESCRIPTION OR ENABLEMENT FOR THE
'885 AND '966 PATENTS
CASE NO. 3:20-CV-06754-WHA

technology that allowed users to have 'virtual zones,' without providing any direction, guidance, or working examples of how to carry out the invention." Dkt. 508 at 18. For these as well as other reasons, Sonos explains that Google's asserted prior art fails to teach the challenged claim limitations and also fails to enable the claimed invention. *See id.* at 17-18.

In the face of Sonos's proffered evidence showing lack of enablement by the prior art, Google pivoted, and argued that the *patent* claims are pitched at the same level of generality as the prior art, which was somehow a flaw in Sonos's response to Google's invalidity arguments:

> Sonos argues that the combination of the Sonos Forums and Sonos 2005 system would not "enable a skilled artisan to make and use the claimed invention" because they do not teach "critical details" such as the "programming" for how the speakers would interact with a controller, how the speakers would operate, and how they would be commanded to play back music.[] Opp. at 17-18. But, critically, the patent claims also do not recite any of these "details" or "programming."

Dkt. 538 at 10. At oral argument, Google leaned into this position, defending its "obviousness case" by pointing the Court back to its prior "ruling on written description," Ex. C at 60:9-14, in which the Court held that that the specification underlying the '885 patent provided adequate written description support for claim 1 of that patent, Dkt. 309 at 14-17. Summarizing Google's argument, the Court asked:

> But on that last point, I'm asking this question. If the specification, itself, does not elaborate on how to save [speaker groups], can we take that under the case -- does the case law say we can take that as an admission against interest to the patentholder that anybody skilled in the art would know how to do it?

Ex. C at 66:19-24. Counsel for Google responded "[y]es, Your Honor," and contended that support for this proposition could be found in "the *KSR* case." *Id.* at 66:25-67:4.

Google similarly defended its obviousness case—and its contention that the prior art is enabling—by arguing the *specification* underlying the '885 patent lacks explicit references to the claimed "indication" that a speaker has been added to a speaker group: "Just like with saving, Your Honor, you can look through the entire patent, and you won't even see any algorithms or any specific messages on this indication. The only time the word 'indication' ever shows up is in

1    the patent *claim*." *Id.* at 76:5-9 (emphasis added).[1]   As Sonos noted, Google was improperly

2    comparing the *specification* and the prior art, when the proper comparison is "what is in the

3    claims" of the asserted patents against the prior art.  *Id.* at 76:12-15.

4    **III.   ARGUMENT**

5         Because Google has no remaining claims for invalidity of the '885 or '966 patents based

6    on any alleged lack of adequate written description or enablement, Google should be precluded at

7    trial from making any argument, introducing any evidence, or making any references to written

8    description or enablement challenges for the '885 and '966 patents, including any argument that if

9    the '885 and '966 patents are enabled, the prior art must be as well.

10        **A.   Google Should Be Precluded From Raising Undisclosed Invalidity Defenses**

11        Because Google's expert opinion regarding written description was rejected during the

12   showdown, and because Google has not offered any expert opinion in support of written

13   description or enablement invalidity claims with respect to the '885 and '966 patents for the

14   upcoming trial, Google should be precluded from making any argument or reference to alleged

15   lack of written description support or enablement of the asserted claims of the '885 and '966

16   patents.  *See, e.g.*, *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir.

17   2011) (Rule 37 "forbid[s] the use at trial of any information that is not properly disclosed.").  Dr.

18   Schonfeld's expert report regarding the alleged invalidity of the '885 and '966 patents makes no

19   mention of such theories, so the Court should "preclud[e] him from testifying on this issue."

20   *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1062 (9th Cir. 2008).  As this

21   Court requires, "at trial, the direct testimony of experts will be limited to the matters disclosed in

22   their reports."  *Guidelines for Trial and Final Pretrial Conference in Civil Jury Cases Before the*

23   *Honorable William Alsup* ¶ 15.

24        Accordingly, Google should be precluded from offering any opinion on whether the

25   asserted claims of the '885 or '966 patents have insufficient disclosure in the specification.

---

[1] *See, e.g.*, Kolker Decl. Ex. C at 83:1-3 ("And again, we didn't hear anything from counsel about any additional disclosure [by the specification] of saving.  No disclosure [by the specification] of how to send indications.").

SONOS, INC.'S MOTION *IN LIMINE* NO. 3 TO
EXCLUDE INVALIDITY BASED ON LACK OF WRITTEN
DESCRIPTION OR ENABLEMENT FOR THE
'885 AND '966 PATENTS
CASE NO. 3:20-CV-06754-WHA

**B.**     **Google Should Be Precluded From Arguing Or Suggesting That The Alleged Prior Art Is Enabled Through Comparisons To The '885 or '966 Patents, Or Vice Versa.**

As explained above, Google is asserting prior-art based invalidity arguments against the '885 and '966 patents.  As part of that argument, Google contends that the prior art's disclosure is co-extensive with the shared specification of the '885 and '966 patents.  So, according to Google, if the '885 and '966 patents meet the requirements of § 112, so too must its prior art combination be enabled.  Google's argument lacks merit and is highly likely to confuse the jury.

First, there is no support for Google's argument that it can show the prior art is enabled by comparing the prior art to the disclosure in the patent.  When asked whether "the case law say[s] we can take that as an admission against interest to the patentholder that anybody skilled in the art would know how to do it?," Ex. C at 66:19-67:4, Google pointed the Court to a passage in *KSR* discussing an "obvious to try" scenario for showing motivation to combine:

> Third, the court erred in concluding that a patent claim cannot be proved obvious merely by showing that the combination of elements was obvious to try. When there is a design need or market pressure to solve a problem and there are a finite number of identified, predictable solutions, a person of ordinary skill in the art has good reason to pursue the known options within his or her technical grasp. If this leads to the anticipated success, it is likely the product not of innovation but of ordinary skill and common sense.

*KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 402-03 (2007); Ex. C at 83:4-22 (quoting same).

The Supreme Court said nothing about using the *specification*'s purported lack of disclosure to show that the prior art was enabling.  Nor would such a comparison make any sense. Enablement requires looking to the disclosure at issue—not comparing and contrasting the challenged disclosure to some other document.  *See, e.g.*, *Liebel-Flarsheim Co. v. Medrad, Inc.*, 481 F.3d 1371, 1378 (Fed. Cir. 2007) ("We have stated that the 'enablement requirement is satisfied when one skilled in the art, *after reading the specification*, could practice the claimed invention without undue experimentation.'" (emphasis added) (citation omitted)).  The '885 patent's specification simply cannot be used to show that the prior art is enabling, nor would there be any problem with a fact-finder determining that the prior art was not enabling but the '885 patent was enabling.  First, the Sonos Forums prior art consists of a few paragraphs of hopeful

SONOS, INC.'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE INVALIDITY BASED ON LACK OF WRITTEN DESCRIPTION OR ENABLEMENT FOR THE '885 AND '966 PATENTS
CASE NO. 3:20-CV-06754-WHA

1    wishes by users.  The '885 patent's specification, in contrast, contains 11 columns of detailed

2    description of the invention and 6 figures illustrating the invention.  It would be entirely

3    consistent to reach different conclusions based on those different disclosures.

4         Second, it is Google's burden to show invalidity by clear and convincing evidence.  For

5    example, in this case, it would be Google's burden to show lack of written description support or

6    lack of enablement of the '885 and '966 patents by clear and convincing evidence, and it is *also*

7    Google's burden to show obviousness by clear and convincing evidence.  35 U.S.C. § 282(a).

8    And Google cannot establish obviousness unless the claimed prior art would enable the claimed

9    invention.  *See Raytheon Techs. Corp. v. Gen. Elec. Co.*, 993 F.3d 1374, 1376-77, 1379-82 (Fed.

10   Cir. 2021); *Geo. M. Martin Co. v. All. Mach. Sys. Int'l LLC*, 618 F.3d 1294, 1303 (Fed. Cir.

11   2010); *Minn. Min. & Mfg. Co. v. Chemque, Inc.*, 303 F.3d 1294, 1306 (Fed. Cir. 2002).  Google

12   could quite easily fail to meet that burden as to both obviousness and enablement (assuming any

13   enablement issue was even on the table here).  So Google's suggestion that if it loses on

14   enablement, it has to win on obviousness is logically flawed.  Because Google is wrong on the

15   law, its "comparison" evidence lacks any relevance and should be excluded under Rule 401.

16        Third, Google should be precluded from making any reference to written description or

17   enablement in the context of the '885 or '966 patents because any "probative value is

18   substantially outweighed by a danger of" "unfair prejudice, confusing the issues, misleading the

19   jury, undue delay, [or] wasting time."  Fed. R. Evid. 403.  If Google injects § 112 arguments

20   against the '885 and '966 patents, the jury may be confused and wrongly conclude that § 112

21   challenges are on the table and that they should decide or consider those issues in the context of

22   infringement or validity.  A curative jury instruction would be necessary, but not sufficient, and

23   Sonos would be forced to spend limited trial time establishing to the jury something that has

24   already been established in this litigation: that claim 1 of the '885 patent has adequate written

25   description support, and that because Google does not contend that the asserted claims of the '885

26   and '966 patents otherwise lack written description support or enablement, the presumption of

27   validity means that the jury *cannot* consider whether either patent is invalid on these bases.

28

SONOS, INC.'S MOTION *IN LIMINE* NO. 3 TO
EXCLUDE INVALIDITY BASED ON LACK OF WRITTEN
DESCRIPTION OR ENABLEMENT FOR THE
'885 AND '966 PATENTS
CASE NO. 3:20-CV-06754-WHA

## IV.    **CONCLUSION**

For the foregoing reasons, the Court should grant Sonos, Inc.'s Motion *in Limine* to preclude any argument, evidence, or references to alleged § 112 bases for invalidity of the '885 and '966 patents, including any argument that if the '885 and '966 patents are enabled, the prior art must be as well.

Dated:  April 13, 2023

ORRICK HERRINGTON & SUTCLIFFE LLP
*and*
LEE SULLIVAN SHEA & SMITH LLP

By: */s/ Clement Seth Robers*
          Clement Seth Roberts

*Attorneys for Sonos, Inc.*

SONOS, INC.'S MOTION *IN LIMINE* NO. 3 TO
EXCLUDE INVALIDITY BASED ON LACK OF WRITTEN
DESCRIPTION OR ENABLEMENT FOR THE
'885 AND '966 PATENTS
CASE NO. 3:20-CV-06754-WHA