# Sonos, Inc.'s Motion *In Limine* No. 3

# EXHIBIT A

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Attorneys for GOOGLE LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| GOOGLE LLC, | CASE NO. 3:20-cv-06754-WHA |
|---|---|
| Plaintiff | |
| v. | **GOOGLE LLC'S INVALIDITY CONTENTIONS** |
| SONOS, INC., | |
| Defendant. | |

of Lambourne, Millington, Rajapakse, Sonance DAB1, Sonos Forums, Sonos System, Bose System, Crestron Adagio, Home Director and Squeezebox in combination with:

    1) For claims 1 and 9, the prior art of Riders A, C-E, G-H and L.

    2) For claims 4 and 12, the prior art of Rider B

    3) For claims 8 and 16, the prior art of Rider F

In addition to the prior art references discussed above, which may be combined, Google discloses Exhibits Rider A-H and L, which each disclose certain areas of prior art known in the field and which may be combined with the disclosed references to render obvious the Asserted Claims.

1. Rider A – speaker grouping (applies to claims 1, 9)
2. Rider B – storing group information at a speaker (applies to claims 4, 12)
3. Rider C – remote control of speaker groups (applies to claims 1, 9)
4. Rider D – dynamic modification of speaker groups (applies to claims 1, 9)
5. Rider E – creating or using "scene" information (applies to claims 1, 9)
6. Rider F – graphical user interface (applies to claims 8, 16)
7. Rider G – naming a group (applies to claims 1, 9)
8. Rider H – overlapping or non-overlapping groups (applies to claims 1, 9)
9. Rider L – digital data network (applies to claims 1, 9)

Google provides further disclosure regarding obviousness in Section IX, below.

**C.    Invalidity Under 35 U.S.C. § 112**

Google identifies below grounds of invalidity under 35 U.S.C. § 112. The grounds identified below both individually and collectively render the '966 Asserted Claims invalid under the statutory requirements of § 112. By identifying certain claim language below, Google does not imply that such language is entitled to any patentable weight when comparing the claim as a whole to the prior art. Google's identifications are made based on Google's present understanding of the Asserted Claims and Sonos's apparent interpretation of these claims as reflected in its Infringement Contentions, and Google reserves the right to amend these identifications, including

in response to claim constructions and claim interpretations that would render claim limitations not enabled, lacking in written description, or indefinite.

### 1. Lack of Enablement And Written Description Under 35 U.S.C. § 112 ¶ 1

Based on Google's present understanding of the Asserted Claims and Sonos's apparent interpretation of these claims as reflected in its Infringement Contentions, the '966 Asserted Claims may fail to satisfy the requirements of § 112, ¶ 1 because the specification and original patent application fail to provide an enabling disclosure of and written description support for at least the following limitations and terms within the cited phrases (or terms contained therein):

- "zone player"
- "zone scene"
- "networked media playback system"
- "configured to play back media individually" / "operating in a standalone mode"
- "second predefined grouping of zone players including at least the first zone player and a third zone player that are to be configured for synchronous playback of media when the second zone scene is invoked"
- "based on the second request, i) causing creation of the second zone scene, ii) causing an indication of the second zone scene to be transmitted to the first zone player, and iii) causing storage of the second zone scene" / "based on the second request, i) causing creation of the second zone scene, ii) causing an indication of the second zone scene to be transmitted to the first zone player, and iii) causing storage of the second zone scene"
- "based on the third request, causing the first zone player to transition from operating in the standalone mode to operating in accordance with the first predefined grouping of zone players such that the first zone player is configured to coordinate with at least the second zone player to output media in synchrony with output of media by at least the second zone player" / "based on the third request, causing the first zone player to transition from operating in the standalone mode to operating in accordance with the first predefined grouping of zone players such that the first zone player is configured to coordinate with at least the second zone player to output media in synchrony with output of media by at least the second zone player."
- "predefined grouping of zone players"
- "invoked" / "invoke"
- "transition from operating in the standalone mode to operating in accordance with the first predefined grouping of zone players"

- "first zone player is configured to coordinate with at least the second zone player to output media in synchrony with output of media by at least the second zone player"

- "cease to operate in accordance with the first predefined grouping of zone players"

- "begin to operate in accordance with the second predefined grouping of zone players"

- "first zone player is configured to coordinate with at least the third zone player to output media in synchrony with output of media by at least the third zone player"

### 2.     Indefiniteness Under 35 U.S.C. § 112 ¶ 2

Based on Google's present understanding of the Asserted Claims and Sonos's apparent interpretation of these claims as reflected in its Infringement Contentions, the '966 Asserted Claims may fail to satisfy the requirements of § 112, ¶ 2 because the precise scope of at least the phrases listed below (or terms contained therein) cannot be determined with reasonable certainty by a POSITA when reading the claims in light of the specification and prosecution history.

- "zone player"

- "zone scene"

- "networked media playback system"

- "configured to play back media individually" / "operating in a standalone mode"

- "second predefined grouping of zone players including at least the first zone player and a third zone player that are to be configured for synchronous playback of media when the second zone scene is invoked"

- "based on the second request, i) causing creation of the second zone scene, ii) causing an indication of the second zone scene to be transmitted to the first zone player, and iii) causing storage of the second zone scene" / "based on the second request, i) causing creation of the second zone scene, ii) causing an indication of the second zone scene to be transmitted to the first zone player, and iii) causing storage of the second zone scene"

- "based on the third request, causing the first zone player to transition from operating in the standalone mode to operating in accordance with the first predefined grouping of zone players such that the first zone player is configured to coordinate with at least the second zone player to output media in synchrony with output of media by at least the second zone player" / "based on the third request, causing the first zone player to transition from operating in the standalone mode to operating in accordance with the first predefined grouping of zone players such that the first zone player is configured to coordinate with at least the second zone player to output media in synchrony with output of media by at least the second zone player."

- "predefined grouping of zone players"

- "invoked" / "invoke"
- "transition from operating in the standalone mode to operating in accordance with the first predefined grouping of zone players"
- "first zone player is configured to coordinate with at least the second zone player to output media in synchrony with output of media by at least the second zone player"
- "cease to operate in accordance with the first predefined grouping of zone players"
- "begin to operate in accordance with the second predefined grouping of zone players"
- "first zone player is configured to coordinate with at least the third zone player to output media in synchrony with output of media by at least the third zone player"

### 3. Functional Claiming

§ 112 ¶ 6 limits functional claiming. *See Williamson v. Citrix Online, LLC*, 792 F.3d 1339, 1349–51 (Fed. Cir. 2015) (en banc) (imposing new standard of indefiniteness to address "proliferation of functional claiming untethered to § 112, para. 6 and free of the strictures set forth in the statute"); *Function Media, LLC v. Google, Inc.*, 708 F.3d 1310, 1319 (Fed. Cir. 2013). It allows the patentee to claim the invention by the functions it performs, but limits the scope of those claims to the specific solutions disclosed in the specification—because in this country, the patentee cannot claim more than what she invented. *MySpace, Inc. v. GraphOn Corp.*, 672 F.3d 1250, 1256 (Fed. Cir. 2012). The following claim limitations are functional and thus are subject to § 112 ¶ 6 requirements and are indefinite for lack of structures in the specification, and are also not enabled because of the lack of structures:

- "cause…."
- "causing…."

contentions.  In addition, as further explained in Exhibit 885-1 through Exhibit 885-10, the following claims are obvious under one or more interpretations in view of one of Lambourne, Millington, Rajapakse, Sonance DAB1, Sonos Forums, Sonos System, Bose System, Crestron Adagio, Home Director and Squeezebox in combination with:

1) For claims 1 and 8, the prior art of Riders A-E, G-H and L

In addition to the prior art references discussed above, which may be combined, Google discloses Exhibits Rider A – Rider H and Rider L, which each disclose certain areas of prior art known in the field and which may be combined with the disclosed references to render obvious the Asserted Claims.

1. Rider A – speaker grouping
2. Rider B – storing group information at a speaker
3. Rider C – remote control of speaker groups
4. Rider D – dynamic modification of speaker groups
5. Rider E – creating or using "scene" information
6. Rider G – naming a group
7. Rider H – overlapping or non-overlapping groups
8. Rider L – digital data network

Google provides further disclosure regarding obviousness in Section IX, below.

**C.     Invalidity Under 35 U.S.C. § 112**

Google identifies below grounds of invalidity under 35 U.S.C. § 112.  The grounds identified below both individually and collectively render the '885 Asserted Claims invalid under the statutory requirements of § 112.  By identifying certain claim language below, Google does not imply that such language is entitled to any patentable weight when comparing the claim as a whole to the prior art.  Google's identifications are made based on Google's present understanding of the Asserted Claims and Sonos's apparent interpretation of these claims as reflected in its Infringement Contentions, and Google reserves the right to amend these identifications, including in response to claim constructions and claim interpretations that would render claim limitations not enabled, lacking in written description, or indefinite.

### 1. Lack of Enablement And Written Description Under 35 U.S.C. § 112 ¶ 1

Based on Google's present understanding of the Asserted Claims and Sonos's apparent interpretation of these claims as reflected in its Infringement Contentions, the '885 Asserted Claims may fail to satisfy the requirements of § 112, ¶ 1 because the specification and original patent application fail to provide an enabling disclosure of and written description support for at least the following limitations below (or terms contained therein):

- "zone player"
- "zone scene"
- "operating in a standalone mode"
- "predefined grouping of zone players"
- "invoked"
- "causing storage"
- "displaying a representation of the first zone scene and a representation of the second zone scene"
- "transition from operating in the standalone mode to operating in accordance with the given one of the first and second predefined groupings of zone players"
- "first zone player is configured to coordinate with at least one other zone player in the given one of the first and second predefined groupings of zone players over a data network in order to output media in synchrony with output of media by the at least one other zone player in the given one of the first and second predefined groupings of zone players"
- "ceasing to operate in accordance with the first predefined grouping of zone players"
- "beginning to operate in accordance with the second predefined grouping of zone players"

Google further discloses that the original disclosure does not include the concept of synchronization among zone players after playback begins. That disclosure does not provide or create a motivation for transitioning or coordination of zone players. Similarly, the original disclosure does not provide that zone players may belong to more than one group or scene at the same time.

### 2.     Indefiniteness Under 35 U.S.C. § 112 ¶ 2

Based on Google's present understanding of the Asserted Claims and Sonos's apparent interpretation of these claims as reflected in its Infringement Contentions, the '966 Asserted Claims may fail to satisfy the requirements of § 112, ¶ 2 because the precise scope of at least the phrases listed below (or terms contained therein) cannot be determined with reasonable certainty by a POSITA when reading the claims in light of the specification and prosecution history.

- "zone player"
- "zone scene"
- "operating in a standalone mode"
- "predefined grouping of zone players"
- "invoked"
- "causing storage"
- "displaying a representation of the first zone scene and a representation of the second zone scene"
- "transition from operating in the standalone mode to operating in accordance with the given one of the first and second predefined groupings of zone players"
- "first zone player is configured to coordinate with at least one other zone player in the given one of the first and second predefined groupings of zone players over a data network in order to output media in synchrony with output of media by the at least one other zone player in the given one of the first and second predefined groupings of zone players"
- "ceasing to operate in accordance with the first predefined grouping of zone players"
- "beginning to operate in accordance with the second predefined grouping of zone players"

### 3.     Functional Claiming

§ 112 ¶ 6 limits functional claiming. *See Williamson v. Citrix Online, LLC*, 792 F.3d 1339, 1349–51 (Fed. Cir. 2015) (en banc) (imposing new standard of indefiniteness to address "proliferation of functional claiming untethered to § 112, para. 6 and free of the strictures set forth in the statute"); *Function Media, LLC v. Google, Inc.*, 708 F.3d 1310, 1319 (Fed. Cir. 2013). It allows the patentee to claim the invention by the functions it performs, but limits the scope of those claims to the specific solutions disclosed in the specification—because in this country, the

patentee cannot claim more than what she invented. *MySpace, Inc. v. GraphOn Corp.*, 672 F.3d 1250, 1256 (Fed. Cir. 2012). The following claim limitations are functional and thus are subject to § 112 ¶ 6 requirements and are indefinite for lack of structures in the specification, and are also not enabled because of the lack of structures:

- "cause…"

## VI. '206 PATENT

### A. Patent Local Rule 3-3(A) – Identification of Prior Art [7]

#### 1. Prior Art Patents And Publications

The following patents and publications are prior art to the '206 Asserted Claims under at least 35 U.S.C. §§ 102(a), (b), (e), and/or (g). Google incorporates by reference all prior art references cited on the face of the '206 patent, related patents, and all foreign counterparts. Google further incorporates by reference any prior art references identified in the file history of the same. Google reserves the right to rely upon foreign counterparts of the U.S. Patents identified in these invalidity contentions, U.S. counterparts of foreign patents and foreign patent applications identified in these invalidity contentions, U.S. and foreign patents and patent applications corresponding to articles and publications identified in these invalidity contentions, and any systems, products, or prior inventions related to any references identified in these invalidity contentions.

*See* prior art publications identified in Section IV.A.

Google additionally identifies and relies on patent or publication references that describe or are otherwise related to the prior art systems identified below. Google's investigation into prior art patent and publication references remains ongoing, and Google reserves the right to identify and rely on additional patent or publication references that are identified through further investigation or discovery. Google reserves the right to supplement as further prior art is identified through investigation or discovery.

---

[7] Google also hereby identifies any systems or products that embody the technology described in any patent or publication identified in these Invalidity Contentions. Google reserves the right to rely on any documents or other evidence regarding any such systems

additional prior art. These third parties include, without limitation, the authors, inventors, vendors, or assignees of the references listed in these disclosures.

Google further reserve the right to modify or add additional contentions in the event that Sonos provides amended infringement contentions and to the extent the Court orders or allows Sonos to amend its infringement contentions.

Dated: December 6, 2021

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: /s/ *Charles K. Verhoeven*
Charles K. Verhoeven (pro hac vice)
charlesverhoeven@quinnemanuel.com
Melissa Baily (pro hac vice)
melissabaily@quinnemanuel.com
Lindsay Cooper (pro hac vice)
lindsaycooper@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875 6600
Facsimile: (415) 875 6700

*Counsel for Defendant Google LLC*

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the above and foregoing document was served on counsel for plaintiff Sonos, Inc. via electronic delivery on December 6, 2021.

*/s/ Nima Hefazi*
Nima Hefazi