# Sonos, Inc.'s Motion *In Limine* No. 3

# EXHIBIT C

```
                                              Pages 1 - 110

                    UNITED STATES DISTRICT COURT

                   NORTHERN DISTRICT OF CALIFORNIA

          BEFORE THE HONORABLE WILLIAM H. ALSUP, JUDGE

GOOGLE LLC,                      )
                                 )
            Plaintiff,           )
                                 )
   VS.                           ) NO. 20-cv-06754-WHA
                                 )
SONOS, INC.,                     )
            Defendant.           )
_____)
SONOS, INC.,                     )
                                 )
            Plaintiff,           )
                                 )
   VS.                           ) NO. 21-cv-07559-WHA
                                 )
GOOGLE LLC,                      )
                                 )
            Defendant.           )
_____)

                                  San Francisco, California
                                  Thursday, March 30, 2023
```

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Google:
           QUINN EMANUEL URQUHART & SULLIVAN, LLP
           50 California Street
           22nd Floor
           San Francisco, California  94111
    **BY:  SEAN S. PAK, ESQ.**
        **MELISSA J. BAILY, ESQ.**
        **JOCELYN MA, ESQ.**
        **LANA ROBINS, ESQ.**
        **LINDSAY COOPER, ESQ.**

Reported By:  **BELLE BALL, CSR 8785, CRR, RDR**
           Official Reporter, U.S. District Court
    (Appearances continued, next page)

**APPEARANCES, CONTINUED**:

For Sonos, Inc.:

                ORRICK HERRINGTON & SUTCLIFFE, LLP
                405 Howard Street
                San Francisco, California  94105-2669
     **BY:**  **CLEMENT S. ROBERTS, ESQ.**
          **ELIZABETH R. MOULTON, ESQ.**

                ORRICK HERRINGTON & SUTCLIFFE, LLP
                355 South Grand Avenue
                Suite 2700
                Los Angeles, California  90071
     **BY:**  **ALYSSA M. CARIDIS, ESQ.**

                LEE SULLIVAN SHEA & SMITH LLP
                656 West Randolph Street
                Floor 5W
                Chicago, Illinois  60661
     **BY:**  **SEAN M. SULLIVAN, ESQ.**
          **RORY PATRICK SHEA, ESQ.**
          **JOHN DAN SMITH, III**, **ESQ**.
          **COLE BRADLEY RICHTER, ESQ.**

Also Present:        **PATRICK WESTON, ESQ.**

1    product.  Why do I have to keep making the same groups every
2    time I reboot the system?  Why can't I just save the groups
3    that I have been creating?
4         So we have a very strong combination here.  It's the same
5    users who are using the same systems, saying the one thing that
6    is missing -- I love your product.  The one thing that's
7    missing is I can't save the groups that you're allowing me to
8    create.
9         And, Your Honor, that's the obviousness case.  And if you
10   turn to slide 5.
11        (Document displayed)
12            **MR. PAK:**  And I think the thing that I would take us
13   back to Your Honor is Your Honor's ruling on written
14   description.
15        If you recall, earlier in the case, there was a motion
16   that Google brought saying:  Where is it in the patent that
17   there's a written description of these claims?
18        And there were a couple of things that were at issue.  One
19   was the sequence of operation, if Your Honor remembers.  There
20   was:  Are you in standalone mode, for example, when you're
21   creating these groups?  And then, are the groups being saved
22   for later use?  That was one issue.  Where is that in the
23   claims?  Or in the specification?
24        And then the other issue was:  Where is the disclosure of
25   overlapping groups where one speaker could belong to multiple

1  enough to invalidate it.
2       **MR. PAK:**  That's right, Your Honor.  And --
3       **THE COURT:**  I mean, is there case law that says that?
4  Or is that just old Bill talking?
5       **MR. PAK:**  No, Your Honor's absolutely right.
6       **THE COURT:**  No, no.  Tell me the case law.
7       **MR. PAK:**  The case law is obvious to try is also
8  sufficient as *KSR*.
9       **THE COURT:**  Wait, how can that be?  How can obvious to
10 try ever be enough?
11      **MR. PAK:**  What the Federal Circuit has said is
12 "obvious to try to those skilled in the art."  So if those
13 skilled in the art would understand that the basic tools that
14 are available in the art -- for example, saving something, if
15 that was straightforward, and the claims don't require a
16 particularly innovative way of saving, then it's obvious to try
17 and it would be obvious to do for those skilled in the art.
18     And I want to answer your --
19      **THE COURT:**  But on that last point, I'm asking this
20 question.  If the specification, itself, does not elaborate on
21 how to save, can we take that under the case -- does the case
22 law say we can take that as an admission against interest to
23 the patentholder that anybody skilled in the art would know how
24 to do it?
25      **MR. PAK:**  Yes, Your Honor.

1          **THE COURT:** All right. Read me that paragraph from
2  the Federal Circuit.
3          **MR. PAK:** Well, let me take you will to the *KSR* case,
4  Your Honor. Your Honor, let me --
5          **THE COURT:** Go ahead.
6          **MR. PAK:** If I can just come back to that, because I
7  can find the cite later, but I did want to just answer your
8  question first, and then we can get to this point.
9     Your first question to me was: What does the patent say
10 about the word "saved"? What --
11         **THE COURT:** What does the specification -- what does
12 it teach about how to save?
13         **MR. PAK:** Correct.
14         **THE COURT:** And if the answer is nothing --
15         **MR. PAK:** Nothing.
16         **THE COURT:** -- then maybe it would be obvious. That's
17 an admission.
18         **MR. PAK:** That's right. So Your Honor, on Slide 20,
19 this is what the patent says. It literally says:
20             "At 606, the scene is saved."
21      And that's it. That's the only --
22         **THE COURT:** Wait. I'm sorry. I'm sorry. It says --
23 you've got so many things underlined here, I can't read it.
24         **MR. PAK:** Yes, Your Honor. So on Slide 20, it's the
25 box to the right, on the upper side.

All of this is undisputed. That the Sonos 2005 system had indication messages that were being sent to the separate zone players when they were being added to user customized groups.

And counsel talked about how this was such a big leap. Just like with saving, Your Honor, you can look through the entire patent, and you won't even see any algorithms or any specific messages on this indication.

The only time the word "indication" ever shows up is in the patent claim.

**THE COURT:** All right. What do you say to that rebuttal?

**MR. SHEA:** So Your Honor, first of all, I just would repeat again, we are looking at a comparison here between the Sonos system and the Figure 6. Not what -- what is in the claims. And again, I think what -- there's an intentional reason we are doing that, is because of the Figure 6 is broader in scope than what the claims actually say and what they require.

But in terms of what Mr. Pak has walked through so far, Your Honor, the SetAVTransport message, while there was a single message sent in Sonos's 2005 system, which -- which both parties agree, that single message did everything at once. It both -- it created the group, and it invoked the group, and that group was active at that moment. It was a single message that achieved all of that at once.

1 can store it anywhere.  And again, we didn't hear anything from
2 counsel about any additional disclosure of saving.  No
3 disclosure of how to send indications.
4     And to answer your question, Your Honor, I did find that
5 *KSR* case; I want to read it for the record.
6         **THE COURT:**  Go ahead.
7         **MR. PAK:**  Yeah.  So this is *KSR Teleflex*, 550 US 398.
8 A Supreme Court case, dealing with obviousness.  This is at
9 403.  Quote (As read):
10             "Third, the Court erred in concluding that a
11             patent claim cannot be proved obvious merely
12             by showing that the combination of elements
13             was obvious to try.  When there is a design
14             need or market pressure to solve a problem
15             and there are a finite number of identified
16             predictable solutions, a person of ordinary
17             skill in the art has good reason to pursue
18             the known options from his or her technical
19             grasp.  If this leads to the anticipated
20             success, it is likely the product not of
21             innovation, but of ordinary skill and common
22             sense."
23         **THE COURT:**  All right.  I'm going to -- we've got to
24 break here.  We've been going two hours.
25         **MR. PAK:**  Yes.

**CERTIFICATE OF REPORTER**

I, BELLE BALL, Official Reporter for the United States Court, Northern District of California, hereby certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

/s/ Belle Ball
_____

Belle Ball, CSR 8785, CRR, RDR

Friday, April 7, 2023