QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Sean Pak (Bar No. 219032)
  seanpak@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  James Judah (Bar No. 257112)
  jamesjudah@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
  Iman Lordgooei (Bar No. 251320)
  imanlordgooei@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

  Marc Kaplan *(pro hac vice)*
  marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone:    (312) 705-7400
Facsimile:    (312) 705-7401

*Attorneys for GOOGLE LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>         Plaintiff and Counter-Defendant,<br><br>     vs.<br><br>GOOGLE LLC,<br><br>         Defendant and Counter-Claimant. | Case No. 3:20-cv-06754-WHA<br>Related to Case No. 3:21-cv-07559-WHA<br><br>**GOOGLE'S RESPONSE TO SONOS'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE INVALIDITY BASED ON LACK OF WRITTEN DESCRIPTION OR ENABLEMENT FOR THE '885 AND '966 PATENTS**<br><br>Date:       May 8, 2023<br>Time:      12:00 p.m.<br>Location: Courtroom 12, 19th Floor<br>Judge:    Hon. William Alsup |

Sonos's motion not only seeks to exclude (1) any invalidity arguments based on lack of written description or enablement for the '885 and '966 patents, but also goes so far as to seek to preclude (2) any argument that if the asserted patents are enabled and have sufficient written description support, then so does the prior art. Sonos's first request should be denied as moot. Google does not plan to argue to the jury that either the '885 or the '966 patents lack an adequate written description or are not properly enabled. *See* Dkt. 309. Sonos's second request should also be denied. First, Sonos seeks preclusion based on a mischaracterization of Google's prospective arguments at trial. Google does not intend to present a blanket, unsupported argument that because the '885 and '966 patents are enabled and have written description support, so too does the prior art. Rather, Google intends to show that the prior art contains the same disclosure of various claim limitations as the asserted patents themselves. This is in direct response to Sonos opening the door by arguing that the prior art references could not have disclosed the claimed "zone scene" technology because a person of skill in the art reading those references would not have known how to *save* the disclosed predefined groups of speakers. The mere disclosure of a saved group for later use, according to Sonos, without description of *how* to save those groups, is allegedly not "enabled" and therefore cannot invalidate the asserted patents.[1] Accordingly, it is only fair and logical that Google be allowed to rebut such arguments by pointing out that the '885 and '966 patents also fail to disclose anything about how a speaker group could be *saved* for later and yet were found to be enabling and containing adequate written disclosure. As a result, the required disclosure for teaching a person of skill in the art how to *save* something at the time of the invention was minimal or non-existent, given that the inventor himself provided no explanation for how to do so.

---

[1] To the extent made with respect to Google's invalidity theories based on obviousness, Sonos's argument is also legally erroneous. *See Raytheon Techs. Corp. v. GE*, 993 F.3d 1374, 1376-77 (Fed. Cir. 2021) ("there is no absolute requirement for a relied-upon reference to be self-enabling in the § 103 context, so long as the overall evidence of what was known at the time of invention establishes that a skilled artisan could have made and used the claimed invention."); s*ee also Symbol Techs., Inc. v. Opticon, Inc.*, 935 F.2d 1569, 1578 (Fed. Cir. 1991) ("While a reference must enable someone to practice the invention in order to anticipate under § 102(b), a non-enabling reference may qualify as prior art for the purpose of determining obviousness under § 103."); *Beckman Instruments Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1551 (Fed. Cir. 1989) ("Even if a reference discloses an inoperative device, it is prior art for all that it teaches.").

The patents' lack of disclosure is clearly relevant because it directly rebuts Sonos's position that enablement is an ambiguous but unreachably high bar. Sonos does not seriously dispute the relevance, and instead argues that any response to its argument involving the disclosure of the asserted patents would "confuse" the jury. Not so. Google is not arguing that the asserted patents are invalid under Section 112, and that will be clear from the jury instructions and cemented by the lack of any Section 112 question on the verdict form. Furthermore, it is hardly beyond a juror's ken to understand that the inventor—who was a person of skill in the art writing his patent—should be held to the same standard for disclosure of a prior artist describing her own previous invention. Sonos's MIL should be denied in its entirety. If anything, the Court should preclude **Sonos** from arguing that the prior art lacks enabling written description.[2]

## I.     STATEMENT OF RELEVANT FACTS

At the showdown stage, Google moved for summary judgment of invalidity of claim 1 of the '885 patent. Dkt. 247-3. The Court rejected Google's written description challenge to the '885 patent. Dkt. 309 at 14-17. In doing so, the Court addressed Google's specific argument "that the specification 'never discloses that a zone player may be added to two zone scenes at the same time.'" *Id.* at 14. The Court's Order noted that in relation to Fig. 5B, it is sufficient that "[t]he specification clarifies that '[t]he list of zones in the user interface' shown in Figure 5B 'includes ALL the zones in the system, including the zones that are already grouped' (ibid. (emphasis added))." *Id.* at 14-15.

The Court also addressed Google's argument "that the specification does not provide support for the zone player 'continuing to operate in the standalone mode until a given one of the first and second zone scenes has been selected for invocation' and 'transitioning from operating in the standalone mode to operating in accordance with the given one of the first and second predefined groupings of zone players.'" *Id.* at 15. The Court noted that the disclosure need only "clearly allow persons of ordinary skill in the art to recognize that the inventor invented what is claimed." *Id.* at 16. The Court's Order clarified that "[i]n plain English, these limitations explain that an individual smart speaker that has been added to a speaker group will continue to operate individually — i.e.,

---

[2] *See supra* n.1.

in 'standalone mode' — until the speaker group of which it is a member is activated by the user, at which point the individual speaker will transition to being controlled as part of the group." *Id.* at 15. The Court further explained that "[o]nce a scene is saved, it can then be 'invoke[d]' later. The specification further clarifies that zone players can be played 'synchronously if the players are grouped together,' or 'individually if the players are disassociated with each other' (see '885 patent at 3:26–31; see also 9:16–20; 10:53–63)." *Id.* at 16-17.

Following the Court's Order, Dr. Schonfeld submitted in the showdown a supplemental report accounting for, among other things, the Court's guidance on written description sufficient to inform a POSITA.[3] Dr. Schonfeld further submitted an Opening Report for both the '885 and '966 patents in which he no longer opined that the '885 or '966 claims were invalid for lack of written description or enablement, and instead opined that the level of disclosure in the patent (as identified in the Court's Order) informed the extent to which a feature must be described and disclosed in the prior art. *See, e.g.,* Ex. 1 at ¶109.[4]

## II.     ARGUMENT

### A.     Google Is Not Arguing to the Jury Any Written Description Support or Enablement Challenges Of the Asserted Claims of the '885 and '966 Patents.

Google is not going to argue to the jury at trial about an "alleged lack of written description support or enablement of the asserted claims of the '885 and '966 patents," at least because the Court already found there was sufficient written description support for claim 1 of the '885 patent. *See* Dkt. 309. However, Google *is* presenting prior art invalidity arguments and should not be precluded from responding to Sonos's criticism of the prior art references as allegedly lacking enablement.

### B.     Google Properly Relies on The Level of Written Description in The '885 and 966 Patents to Rebut Sonos's Arguments That The Prior Art Lacks Enablement.

---

[3] The enablement standard under section 112 is higher than the standard for enablement of a prior art reference for purposes of anticipation under section 102. *See In re Hafner,* 56 C.C.P.A. 1424, 410 F.2d 1403 (1969).

[4] All cited exhibits are attached to the contemporaneously filed Declaration of Marc Kaplan.

As part of its invalidity case, Google plans to argue that the prior art references it relies on are enabled. "Whether a prior art reference is enabling is a question of law based upon underlying factual findings."[5] *Minn. Mining & Mfg. Co. v. Chemque, Inc.*, 303 F.3d 1294, 1301 (Fed. Cir. 2002). As the Court recognized, "[w]ritten description requires the specification to 'clearly allow persons of ordinary skill in the art to recognize that the inventor invented what is claimed'" and "the disclosure in the patent must 'reasonably convey[] to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date.'" Dkt. 309 at 14 (citing *Ariad Pharmas., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (*en banc*). The Court's findings on written description are relevant to the scope and content of the prior art and the predictability of the technology at issue. *E.g.*, *Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) ("[W]ritten description compliance depends in part on the scope and content of the prior art, the maturity of the technical field, and the predictability of the technology at issue."). Additionally, "in some instances, a patentee can rely on information that is 'well-known in the art' to satisfy written description." *Streck, Inc. v. Research & Diagnostic Sys., Inc.*, 665 F.3d 1269, 1285 (Fed. Cir. 2012). Accordingly, the level of written description in the specification of the '885 and '966 patents, and the Court's findings with respect to the same, are relevant to what was known at the time of invention and whether corresponding disclosures in the prior art references are enabling.

The level of written description in the specification of the '885 and '966 patents is especially relevant here because Sonos is challenging whether Google's prior art references are enabled. To give an appropriate frame of reference for what level of disclosure is sufficient to enable or provide adequate written description, Google should be allowed to rely on what the '885 and '966 patents themselves disclose. If a person of skill in the art understood how to save a speaker group based on the specification of the '885 and '966 patents, the same person of skill in the art provided with a

---

[5] However, "there is no absolute requirement for a relied-upon reference to be self-enabling in the § 103 context, so long as the overall evidence of what was known at the time of invention establishes that a skilled artisan could have made and used the claimed invention." *Raytheon Techs. Corp. v. GE*, 993 F.3d 1374, 1376-77 (Fed. Cir. 2021).

*greater level* of disclosure would have certainly been able to make and use the inventions described in the prior art references.

As one example, Sonos claims "the Sonos Forum posts do not provide any guidance on how a controller would interact with a ZonePlayer in order to create and save a 'virtual zone,' . . . ." Dkt. 508 at 18. But the '885 patent also provides little to no guidance as to *how* a controller would save a zone scene. '885 Patent at 6:24-25 ("the module 212 is used to save a scene"), 5:66-67 ("memory 206 is used to save one or more saved zone configuration files"), 6:1-2 ("a saved zone group configuration file is transmitted"), 10:42-43 ("[a]t 606 the scene is saved").  By comparison, Google's cited prior art not only mentions saving—like the '885 and '966 patents—but also provides additional details on *how* to save.  *See, e.g.,* Sonos Forums ("A **macro-like scripter** would enable you to set groups of zones . . . You could do these as dynamic 'presets'"); *see also* U.S. Patent No. 7,197,148 to Nourse at 8:38-40 ("Computer 154 **stores tables** of which speaker is connected to which master control unit 102 and the settings of groups and individual speakers 152."). ▮

▮

▮ Ex. 1 at ¶ 285, Ex. 2 at ¶ 34.  Because a person of skill in the art could have understood, based on the specification of the '885 and '966 patents, what Sonos claims to have invented and how to implement that alleged invention, the same person of skill in the art, when provided a *greater level* of disclosure in prior art references, would have been able to make and use the inventions described in those prior art references as well.  Again, this argument is directly responsive to Sonos's own unfair and misleading critique of the prior art.  *See also supra* n.1.

Finally, Sonos also incorrectly raises the spectre that the jury will "be confused and wrongly conclude that § 112 challenges are on the table and that they should decide or consider those issues in the context of infringement or validity." Mot. at 6.  There is zero risk of such confusion. Both parties' proposed jury instructions make clear that there is no Section 112 challenge here, and Google does not propose including any such question on the verdict form.  The real risk is that the jury will be confused by Sonos's arguments at trial that the prior art at issue here is not enabled, while silencing any discussion of what would satisfy enablement. Enablement of a reference turns

on facts that are for the jury to decide. The jury should not be shielded from the specification of the '885 and '966 patents in rendering its decision, particularly where Sonos itself makes those disclosures relevant to the invalidity inquiry.

### III. CONCLUSION

For the foregoing reasons, the Court should deny Sonos, Inc.'s Motion *in Limine* No. 3 in its entirety. To the extent any relief is necessary, it is to preclude arguments by Sonos that the prior art lacks enablement—particularly when raised as a challenge to obviousness (*see supra* n.1 (citing case law making clear that enablement is not required for obviousness references)).

DATED: April 24, 2023

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By      */s/ Sean Pak*
      Sean Pak
      Melissa Baily
      James D. Judah
      Lindsay Cooper
      Marc Kaplan
      Iman Lordgooei

*Attorneys for GOOGLE, LLC*

# ECF ATTESTATION

I, Clement S. Roberts, am the ECF User whose ID and password are being used to file this Response. In compliance with Civil Local Rule 5-1, I hereby attest that Sean Pak, counsel for Google, has concurred in this filing.

Dated: April 25, 2023

By: */s/ Clement S. Roberts*
Clement S. Roberts