1  CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
   croberts@orrick.com
2  BAS DE BLANK (STATE BAR NO. 191487)
   basdeblank@orrick.com
3  ALYSSA CARIDIS (STATE BAR NO. 260103)
   acaridis@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
5  405 Howard Street
   San Francisco, CA 94105-2669
6  Telephone:    +1 415 773 5700
   Facsimile:    +1 415 773 5759
7
   SEAN M. SULLIVAN (*pro hac vice*)
8  sullivan@ls3ip.com
   J. DAN SMITH (*pro hac vice*)
9  smith@ ls3ip.com
   MICHAEL P. BOYEA (*pro hac vice*)
10 boyea@ ls3ip.com
   COLE B. RICHTER (*pro hac vice*)
11 richter@ls3ip.com
   LEE SULLIVAN SHEA & SMITH LLP
12 656 W Randolph St., Floor 5W
   Chicago, IL 60661
13 Telephone:    +1 312 754 0002
   Facsimile:    +1 312 754 0003
14
   *Attorneys for Sonos, Inc.*
15

16                    UNITED STATES DISTRICT COURT

17               NORTHERN DISTRICT OF CALIFORNIA,

18                    SAN FRANCISCO DIVISION

19

| | |
|---|---|
| 20  SONOS, INC., | Case No. 3:20-cv-06754-WHA<br>Related to Case No. 3:21-cv-07559-WHA |
| 21       Plaintiff and Counter-defendant, | |
| 22       v. | **SONOS, INC.'S MOTION *IN LIMINE*<br>NO. 4 TO PRECLUDE GOOGLE FROM<br>REFERENCING UNASSERTED OR NO<br>LONGER ASSERTED PATENTS** |
| 23  GOOGLE LLC, | |
| 24       Defendant and Counter-claimant. | Judge:  Hon. William Alsup<br>Pretrial Conf.:  May 3, 2023<br>Time:  12:00 p.m.<br>Courtroom:  12, 19th Floor<br>Trial Date: May 8, 2023 |
| 25 | |
| 26 | |

27

28

1

**NOTICE OF MOTION**

2

TO ALL PARTIES AND THEIR ATTORNEYS:

3

PLEASE TAKE NOTICE that on May 3, 2023 at 12:00 p.m., or as soon thereafter as may

4

be heard before the Honorable Judge William H. Alsup, in Courtroom 12 on the 19th Floor of the

5

United States District Court for the Northern District of California, San Francisco Courthouse,

6

450 Golden Gate Avenue, San Francisco, CA 94102, Sonos, Inc. ("Sonos") will, and hereby does,

7

move this Court to preclude Google from introducing evidence or argument regarding Google's

8

own patents, including the size of its patent portfolio, as well as Sonos's prior asserted patents.

9

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of

10

Points and Authorities, the Declaration of Joseph R. Kolker ("Kolker Decl."), all exhibits filed

11

herewith, all documents in the Court's file, and such other written or oral evidence and argument

12

as may be presented at or before the time this motion is heard by the Court.

13

**STATEMENT OF THE RELIEF REQUESTED**

14

Sonos requests that this Court preclude Google from introducing evidence or argument

15

regarding Google's own patents, including the size of its patent portfolio, as well as Sonos's prior

16

asserted patents.

17

18

19

20

21

22

23

24

25

26

27

28

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.    INTRODUCTION**

3    Google apparently plans to inject into this trial Sonos patents that have been withdrawn or

4    held invalid, either by this Court or by the Patent Trial and Appeal Board.  Google also apparently

5    intends to offer at trial irrelevant and prejudicial evidence or argument that Google has its own

6    patents and to the size of Google's patent portfolio.  Evidence regarding Sonos's prior asserted

7    patents, Google's own patents, or the size of Google's patent portfolio, are irrelevant to the issues

8    in the case and would confuse the jury.  The Court should exclude such evidence or argument

9    under Fed. R. Evid. 402 and 403.

10   **II.    ARGUMENT**

11   Irrelevant evidence is not admissible.  Fed. R. Evid. 402.  Even relevant evidence can and

12   should be excluded if its probative value is substantially outweighed by one or more of the

13   following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time,

14   or needlessly presenting cumulative evidence.  *Hooper v. Lockheed Martin Corp.*, 640 F. App'x

15   633, 637 (9th Cir. 2016) (citing Fed. R. Evid. 403).  The "trial judge" must "adequately weigh[]

16   the probative value and prejudicial effect of proffered evidence before its admission."  *Id.*

17   **A.    Google Should Not Refer to Prior Asserted Patents or Their Dispositions.**

18   Sonos's initial complaint asserted four patents—U.S. Patent Nos. 9,344,206 ("'206

19   Patent"), 9,219,460 ("'460 Patent"), 9,967,615 ("'615 Patent"), and 10,779,033 ("'033 Patent")—

20   that are no longer at issue in this trial.  Any reference to the fact that these patents were once

21   asserted but are no longer would lead to juror confusion and result in unnecessary trial time being

22   spent explaining what happened, why, and how that disposition relates to the issues the jury

23   actually needs to decide.  F.R.E. 403.

24   **'615 patent:**  This Court entered an order invalidating and holding that Google did not

25   infringe claim 13 of the '615 Patent on August 2, 2022.  Dkt. 316.  This ruling of non-

26   infringement and invalidity effectively dispensed with all asserted claims of the '615 Patent until

27   such time that this ruling can be appealed.  Following that order, Google nonetheless offered

28   expert opinions on the validity of claims 18, 19, and 25 of the '615 Patent.  Claims 18 and 19

1    depend from claim 13.  Because the independent claim is not infringed, the dependent claims also

2    cannot be infringed as a matter of law.  *Wahpeton Canvas Co., Inc. v. Frontier, Inc.*, 870 F.2d

3    1546, 1553 n. 9 (Fed. Cir. 1989) ("It is axiomatic that dependent claims cannot be found infringed

4    unless the claims from which they depend have been found to have been infringed.").  Claim 25

5    parallels claim 13 in all material respects:  claim 13 is a "computer readable medium" claim,

6    while claim 25 claims a "control device" (*i.e.*, a smart phone) with a screen and processors having

7    computer-readable media stored thereon.  Moreover, on April 10, 2023, the Patent Trial and

8    Appeal Board found that Google had shown by a preponderance of the evidence that all

9    remaining asserted claims of the '615 patent are invalid.  Kolker Decl., Ex. A.[1]

10         Google should be precluded from introducing argument and evidence regarding the '615

11   Patent, including argument that the '615 Patent is invalid.  The asserted claims of the '615 Patent

12   have been found invalid by the Board, so "this action [does] not need to proceed on the merits for

13   those specific invalid claims."  *Evolutionary Intel., LLC v. Apple, Inc.*, No. C 13-04201 WHA,

14   2014 WL 93954, at *3 (N.D. Cal. Jan. 9, 2014).  Trying Google's invalidity case would simply

15   waste the jury's time; as this Court held in *Evolutionary Intelligence*, there is "little benefit to be

16   gained from having two forums review the validity of the same claims at the same time."  *Id.*

17         Trying Google's invalidity claims is not only a waste of time, it would be confusing to the

18   jury and unduly prejudicial to Sonos.  FRE 403.  Informing the jury that the '615 Patent (or '033

19   Patent) was previously held invalid would cause the jury to inappropriately judge the credibility

20   of Sonos's experts.  Sonos would have to unfairly spend its own trial time to rehabilitate its

21   experts and explain why the '615 or '033 invalidity holdings do not apply to the '885 and '966

22   Patents.

23         **'033 Patent:**  The Court found the asserted claims of the '033 Patent invalid on summary

24   judgment.  Dkt. 566 at 20.  Courts typically preclude parties from referencing prior invalidity

25   holdings concerning patents no longer at issue.  *E.g.*, *ActiveVideo Networks, Inc. v. Verizon*

26   *Commc'ns, Inc.*, No. 2:10CV248, 2011 WL 7036048 at *6 (E.D. Va. July 5, 2011) ("to the extent

27

28   ---
[1] Google was also trying to use the '615 Patent to support its damages for breach of contract, which is moot.  Dkt. 566 at 31-32.

1  that [alleged infringer] seeks to mention that the '325 patent was held invalid by this Court or that

2  it was previously asserted in this case, this evidence would be overly prejudicial," but allowing

3  use of the patent for other purposes, such as knowledge supporting willful infringement);

4  *Dethmers Mfg. Co., Inc., v. Automatic Equip. Mfg. Co.*, 73 F. Supp. 2d 997, 1001-02 (N.D. Iowa

5  1999) (granting motion to exclude evidence of patent held invalid on summary judgment motions

6  as irrelevant and, in the alternative, as unduly prejudicial) (citing *Mendenhall v. Cedarapids, Inc.*,

7  5 F.3d 1557, 1568 (Fed. Cir. 1993)).  There are no remaining issues to be tried with respect to the

8  '033 Patent, so Google should be prohibited from injecting this patent into the trial, as it is

9  irrelevant and unfairly prejudicial for the same reasons at the '615 Patent.

10      **'206 Patent:**  The '206 Patent is the grandparent application to the asserted '885 and '966

11  Patents.  This Court granted a stipulation of dismissal of Sonos's claims concerning the '206

12  Patent on February 18, 2022.  Dkt. 132.  Although the parties stipulated to a dismissal with

13  prejudice of Sonos's claims concerning the '206 Patent, Google may attempt to present evidence

14  or argument as to its belief that the Texas Court held this patent invalid during *Markman*

15  proceedings when the Texas Court indicated that it was inclined to hold the specific claim

16  language used in the '206 Patent—but not in the '885 or '996 Patents—indefinite.  Any evidence

17  or argument alluding to (alleged) invalidity of the '206 Patent would lead the jury to draw an

18  improper adverse inference with respect to the '885 and '966 Patents or cause the jury to

19  inappropriately judge the credibility of Sonos's experts who opined on the indefiniteness issues

20  for the '206 Patent.  Sonos disagrees that the '206 Patent is invalid because the case was

21  transferred to this District (at Google's request) prior to the issuance of any appealable order or

22  opinion concerning claim construction or invalidity.  Explaining this complicated procedural

23  history would confuse the jury and waste trial time.

24      **'460 Patent**: Sonos withdrew its claims of infringement for the '460 Patent without

25  opposition from Google in a second amended complaint filed on February 23, 2021.  *Sonos, Inc.*

26  *v. Google LLC*, Case. No. 20-cv-881, Dkts. 50, 51 (W.D. Tex. February 23, 2021).  The '460 is

27  not relevant to any issues remaining in this case.

28      Accordingly, under FRE 402 and 403, the Court should prohibit Google from referencing

1   prior asserted patents or the specific dispositions of those patents.

2       **B.     Google's Own Patents Are Irrelevant To Any Issues To Be Tried And Any**
3              **Evidence Or Argument Regarding Google's Own Patents Would Be**
               **Confusing And Prejudicial.**

4           This case concerns Google's infringement of Sonos's patents.  The accused devices are

5   Google's networked media playback devices, like smart speakers, and software that runs on

6   mobile devices, like the Google Home App.  Google's own patents provide neither a defense to

7   infringement nor any affirmative right to make or use products covered by that patent.  *Bio-Tech.*

8   *Gen. Corp. v. Genentech, Inc*., 80 F.3d 1553, 1559 (Fed. Cir. 1996) ("[T]he existence of one's

9   own patent does not constitute a defense to infringement of someone else's patent.  It is

10  elementary that a patent grants only the right to *exclude others* and confers no right on its holder

11  to make, use, or sell.") (emphasis original); *Atlas Powder Co. v. E.I. du Pont De Nemours & Co*.,

12  750 F.2d 1569, 1580 (Fed. Cir. 1984) ("[W]here defendant has appropriated the material features

13  of the patent in suit, infringement will be found even when those features have been

14  supplemented and modified to such an extent that the defendant may be entitled to a patent for the

15  improvement.") (internal quotations omitted).  Likewise, it is not a defense to willful

16  infringement that the accused infringer has a large patent portfolio or patents that allegedly cover

17  the accused products.  *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd*., 807 F.3d 1283, 1300-

18  01 (Fed. Cir. 2015) ("[T]he facts that Marvell sought and obtained patents gave it no defense to

19  patent infringement [], and did not establish a good-faith basis for believing that it was not

20  infringing.")

21          Here, Google's own patents are especially irrelevant because Google has introduced no

22  evidence that any accused product practices any Google patent.  Google's experts offered no

23  opinion, nor has Google identified any such patent its discovery responses.  So any evidence or

24  argument that Google has patents that cover the accused products would be irrelevant and

25  untimely.  *Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc*., 265 F.3d 1294, 1309 (Fed. Cir.

26  2001) ("The fact that [defendant's] patent might read on the [accused device] is totally irrelevant

27  to the question of whether [defendant] willfully infringed another patent.")

28

1    Worse, as many courts have recognized, evidence or argument of Google's own patents

2    has the potential to confuse the jury into incorrectly believing that these patents provide Google

3    with the right to make, use, and sell the accused products.  Even well-instructed jurors may

4    conclude that because Google has its own patents, it cannot infringe Sonos's patent.  Courts

5    therefore routinely exclude this type of evidence and argument.  *E.g., EZ Dock, Inc. v. Schafer*

6    *Sys., Inc.*, Civ. No. 98-2364(RHK/AJB), 2003 WL 1610781, *11 (D. Minn. Mar. 8, 2003)

7    (excluding evidence of Defendants' own patents under F.R.E. 402 and 403 in part based on "a

8    common misconception by the public that a patent grants an affirmative right to make the

9    patented article"); *LifeNet Health v. LifeCell Corp.,* 93 F. Supp. 3d 477, 509-10 (E.D. Va. 2015);

10   *Hochstein v. Microsoft Corp.*, No. 04-73071, 2009 WL 2022815, at *2-3 (E.D. Mich. July 7,

11   2009); *Cameco Indus., Inc. v. La. Cane Mfg., Inc.*, Civ. A No. 92-3158, 1995 WL 468234, at *5-6

12   (E.D. La. July 27, 1995).

13   Evidence of Google's own patents may also confuse the jury into incorrectly believing

14   that the Patent Office determined that Google's accused products do not infringe Sonos's patents

15   or that that the Patent Office otherwise condoned the sale of the accused products.  *See Cameco*

16   *Indus.*, 1995 WL 468234 at *5-6 (admission of defendant's patent "would be unfairly prejudicial

17   to the plaintiff, as this evidence is likely to give the jury the false impression that a patent on the

18   accused [device] means that it is substantially different from the [device] claimed in plaintiff's

19   patent").  Such jury confusion would prejudice Sonos by providing the jury with an incorrect

20   basis to absolve Google of liability.  Thus, *even if* evidence of Google's patents were somehow

21   relevant (and it is not), this relevance would be substantially outweighed by the prejudice to

22   Sonos, which warrants exclusion under FRE 403.

23   Finally, evidence or argument concerning Google's own patents would be unfairly

24   prejudicial and cause jury confusion because it would imply that Sonos is culpable for

25   infringement of Google's patents or that Google is less culpable as a result of Sonos's potential

26   infringement.  If Google believes that Sonos infringes Google's patents, then Google is free to file

27   a new infringement suit against Sonos.  Indeed, Google has already done that by filing a litany of

28   infringement suits against Sonos throughout the U.S. and abroad.  The parties have already agreed

1   not to reference other proceedings between the parties.  In view of this agreement, and because

2   Google has a catalog of other cases against Sonos, the Court should preclude Google from

3   referencing its other patents in this case.

4       **C.**    **Google Should Not Reference The Size Of Its Patent Portfolio.**

5          Google is one of the largest companies on Earth.  *See* https://www.forbes.com/lists/

6   global2000/.  Accordingly, it has one of the largest U.S. Patent portfolios.  *See* https://www.

7   ificlaims.com/rankings-global-assets.htm; https://blog.relecura.com/2019/07/the-a-to-z-of-

8   alphabets-diverse-patent-portfolio/ (noting Google has upwards of 30,000+ U.S. Patents).

9   Evidence and argument concerning Google's patent portfolio is not relevant to this case, which

10   concerns Sonos's patents and Google's infringement thereof.  Even were this evidence relevant,

11   its near-zero probative value is substantially outweighed by potential juror confusion, which

12   would unfairly prejudice Sonos.  Accordingly, Google ought not be able to exploit this counter-

13   intuitive law and suggest to the jury that its own patents somehow insulate it from infringing

14   Sonos's patents.

15          In the parties' meet and confer process prior to filing this motion, Google stated that it

16   may reference the size of its portfolio a part of its willfulness defense.  The size of a company's

17   patent portfolio is not a license to practice others' patents, nor does it provide the basis for a

18   reasonable belief that the company does not infringe.  *Carnegie Mellon University*, 807 F.3d at

19   1300-01 ("[T]he facts that Marvell sought and obtained patents . . . did not establish a good-faith

20   basis for believing that it was not infringing.").  This is especially true for companies with

21   portfolios as large as Google's, as most of Google's patent portfolio is directed to technologies

22   that are not at issue in this case.  *See* https://blog.relecura.com/2019/07/the-a-to-z-of-alphabets-

23   diverse-patent-portfolio/ ("Alphabet possesses a diverse patent portfolio addressing a range of

24   areas from machine learning, cloud, transportation to smart wearables and healthcare.").

25          Thus, not only is Google's patent portfolio as a whole not relevant to any issue in this

26   case, it will unfairly lead the jury to believe that Google's mountain of patents somehow insulates

27   Google from liability for infringement of Sonos's patent rights, or that the mere holding of

28   patents demonstrates that Google acted reasonably in avoiding infringement of Sonos's patents.

Neither is true, and there is a clear risk of jury confusion from evidence and argument concerning

the irrelevant size of Google's patent portfolio.  FRE 402, 403.

**III.**     **CONCLUSION**

       The Court should preclude Google from introducing evidence or argument regarding

Google's own patents, including the size of its patent portfolio, or Sonos's prior asserted patents.


Dated:  April 13, 2023                                  ORRICK HERRINGTON & SUTCLIFFE LLP
                                                        *and*
                                                        LEE SULLIVAN SHEA & SMITH LLP

                                                        By: */s/ Clement Seth Roberts*
                                                              Clement Seth Roberts

                                                        *Attorneys for Sonos, Inc.*