QUINN EMANUEL URQUHART & SULLIVAN, LLP
Sean Pak (Bar No. 219032)
seanpak@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
James Judah (Bar No. 257112)
jamesjudah@quinnemanuel.com
Lindsay Cooper (Bar No. 287125)
lindsaycooper@quinnemanuel.com
Iman Lordgooei (Bar No. 251320)
imanlordgooei@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Marc Kaplan (*pro hac vice*)
marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone:     (312) 705-7400
Facsimile:     (312) 705-7401

*Attorneys for GOOGLE LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>        Plaintiff and Counter-Defendant,<br><br>   vs.<br><br>GOOGLE LLC,<br><br>        Defendant and Counter-Claimant. | Case No. 3:20-cv-06754-WHA<br>Related to Case No. 3:21-cv-07559-WHA<br><br>**GOOGLE LLC'S RESPONSE TO SONOS, INC.'S MOTION *IN LIMINE* NO. 4 TO PRECLUDE GOOGLE FROM REFERENCING UNASSERTED OR NO LONGER ASSERTED PATENTS**<br><br>Date:     May 3, 2023<br>Time:    12:00 p.m.<br>Location: Courtroom 12, 19th Floor<br>Judge:   Hon. William Alsup |

Sonos's Motion *in Limine* No. 4 ("MIL No. 4") improperly seeks a broad exclusion of evidence directly relevant to rebut Sonos' assertions of willful infringement. The crux of Sonos's willfulness theory is the draft complaint that Sonos sent Google—alleging infringement of five specific patents—and Google's subsequent decision to file its declaratory judgment complaint on those five patents. *See* Dkt. 508 at 24. The fact that Sonos has withdrawn its infringement claims for four of those five patents, based on rulings of invalidity and/or non-infringement, is probative of Google's subjective intent. It would be fundamentally unfair to permit Sonos to cherry pick excerpts from these documents (or the parties' previous licensing negotiations) that Sonos considers helpful, while barring Google from providing the jury with the context that Sonos considers unhelpful. Similarly, Sonos has indicated that it intends to introduce evidence regarding its own patent portfolio (including unasserted patents) in support of its "willful blindness" theory; if it is allowed to do so, Google should be permitted to tell the jury that it too has patents and respects the patent system.

## I.   FACTUAL BACKGROUND

One day before it filed suit in the Western District of Texas, Sonos provided Google with a "pre-filing copy" of its original complaint accusing Google of infringing five patents: U.S. Patent Nos. 9,967,615 ("'615 patent"), 10,779,033 ("'033 patent"), 9,344,206 ("'206 patent"), 10,469,966 ("'966 patent"), and 9,219,460 ("'460 patent"). *See* Dkt. 11-1 at 9. Of the five patents in Sonos's original complaint, Sonos has withdrawn its infringement claims for all but one (the '966 patent). Sonos was forced to dismiss the '206 patent—which is a grandparent of the '966 patent and shares the same inventor, specification, and overlapping claim language—with prejudice after the patent was found indefinite by the Texas court from which this case was transferred. *See, e.g.*, Ex. 1 (Aug. 10, 2021 *Markman* Tr.) at 52:5-7 (finding the term "zone configuration" and "group configuration" in the asserted claims of the '206 patent indefinite);[1] Dkt. 132 at 1 (dismissing "Sonos's claim for infringement of the '206 patent against Google with prejudice"). Sonos withdrew its infringement claims for the '615 and '033 patents after the Court found those patents invalid during summary judgment (and, for the '615 patent, also not infringed). *See* Dkts. 316, 566. And Sonos withdrew

---

[1]   All cited exhibits are attached to the contemporaneously filed Declaration of James Judah.

its infringement claims for the '460 patent after Google showed that patent was unenforceable. *See Sonos, Inc. v. Google LLC*, No. 3:21-cv-07559-WHA, Dkt. 32 ¶¶ 26-33 (N.D. Cal. Jan. 8, 2021) ("Trans. Action"); Trans. Action, Dkt. 50 at 1 ("Sonos now seeks to withdraw its claim for infringement of the '460 patent.").

There is no evidence that Google had knowledge of the last patent (the '966 patent) before Sonos sent the draft complaint. Rather, the Court denied Google's motion for summary judgment of no willful infringement as to the '966 patent because, unlike the '885 patent, it "was asserted in Sonos's original complaint," "Google had enough notice of this patent to file its own complaint for declaratory relief based on non-infringement and invalidity," and "[k]nowledge of infringement and specific intent may be inferred from circumstantial evidence." Dkt. 566 at 30 (citations omitted). That "special twist" (Trans. Action, Dkt. 156 at 10) is the evidentiary basis for Sonos's willfulness allegations. Ex. 2 (Sonos's Nov. 30, 2022 Corrected Supplemental Responses and Objections to Google's First Set of Interrogatories [1-20]) at 346-47; Dkt. 508 at 24.

Sonos has alternatively indicated it intends to pursue a "willful blindness" theory based on the parties' licensing negotiations from 2016 to 2021. *See*, *e.g.*, Trans. Action, Dkt. 211 ¶¶ 19-30, 194-95; Ex. 2 at 345-47. But Sonos does not point to any notice of either the existence or purported infringement of the '966 patent during those negotiations (and indeed, the '966 patent did not even issue until November 2019, based on a continuation application that Sonos filed earlier that same year, in April 2019).[2] Instead, Sonos can only point to notice of *other* patents—specifically the same '615 and '206 patents that Sonos included in its original complaint and then withdrew. *Id.*

**II.   ARGUMENT**

    **A.   The Court Should Not Bar Google From Presenting Evidence of Withdrawn and Invalidated and/or Non-Infringing Patents To Rebut Sonos's Willfulness Allegations**

This is not a typical willfulness case. Google implemented the accused multizone speaker functionality in ***2015***, years before the '966 patent issued (in November 2019) or Sonos implemented

---

[2]  Dkt. 1-5 at 1.

the claimed technology in its own commercial products (in May 2020).[3]  The evidence that Sonos intends to rely on to show Google's willfulness and specific intent to infringe is circumstantial, based on Sonos's service of the original complaint and Google's decision to file its DJ complaint.[4]  But Sonos is trying to give the jury a partial and misleading impression of those circumstances.  Sonos' original complaint alleged infringement of five Sonos patents.  That fact, along with the fact that Sonos subsequently withdrew its infringement claims for the majority of those patents (based on invalidity and/or non-infringement), is highly relevant to the reasonableness of Google's belief that Sonos' infringement allegations were baseless.  *See, e.g.*, *Samsung Elecs. Co. v. Quanta Computer, Inc.*, 2006 WL 2850028, at *2-3 (N.D. Cal. Oct. 4, 2006) (denying motion *in limine* to preclude alleged infringer "from referencing the five patent infringement claims previously asserted by [patent owner] in this action that were voluntarily dismissed by stipulation of the parties" because "the withdrawn patents may be relevant to [patent owner's] claim for willfulness"); *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, 2012 WL 5463669, at *1 (W.D. Pa. Nov. 7, 2012) ("[T]he Court agrees with [alleged infringer] that evidence of dropped or changed claims or products shows the reasonableness of its infringement 'defenses'.").[5]

      Sonos cannot have it both ways.  If it intends to pursue its willfulness claims for the '966 patent by introducing into evidence its service of the original complaint and Google's filing of the DJ complaint, then Google is entitled to explain the full circumstances to the jury.  *See AOS Holding Company v. Bradford White Corp.*, 2021 WL 5411103, *34 (D. Del. Mar. 31, 2021) ("even post-

---

[3] *See* Ex. 3 (Nov. 30, 2022 Almeroth Opening Report) at 327-28 (accused speaker grouping functionality added to Google's products "at least as early as December 2015"); Ex. 4 (Dec. 9, 2022 Malackowski Suppl. Report) at 30 ("I understand that, before the release of the S2 app in May 2020, Sonos did not have the ability to create a zone scene either through a controller or a speaker.").
[4] For example, Sonos includes the pre-filing copy of the complaint (Ex. 5 (TX6136)) and the email transmitting the complaint (Ex. 6 (TX6130)) on its trial exhibit list.
[5] Although this is a form of objective evidence, post-*Halo* cases have recognized that such evidence can be relevant to subjective intent.  *See PersonalWeb Techs. LLC v. Int'l Bus. Machines Corp.*, 2017 WL 2180980, at *21 (N.D. Cal. May 18, 2017) ("It may very well be that a reasonable factfinder would conclude that, based on this objective evidence, [alleged infringer] does not subjectively believe it is infringing a valid patent."); *Elbit Systems Land And C4I Ltd. v. Hughes Network Sys.*, 2017 WL 2651618, at *6 (E.D. Tex. June 20, 2017), *report and recommendation adopted*, 2017 WL 4693971 (E.D. Tex. July 31, 2017) ("A jury might conclude from [alleged infringer's] objective evidence that [alleged infringer] did not subjectively believe it was infringing a valid patent.").

*Halo*, willfulness looks to 'totality of the circumstances presented in the case'") (quoting *WCM Indus, Inc. v. IPS Corp.*, 721 Fed. App'x. 959, 970 (Fed. Cir. 2018)); *Kahr v. Cole*, 2016 WL 8139020, at *2 (E.D. Wis. July 28, 2016) (observing that the "factual determination" of willful infringement "should be 'made after consideration of the totality of the circumstances'" (citing *Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1530 (Fed. Cir. 1993)). The cases cited by Sonos are inapposite—indeed most do not even involve allegations of willful infringement.[6]

This evidence is therefore plainly relevant to Sonos' willfulness allegations. Further, it is not unfairly prejudicial. To the contrary, what would be unfair is permitting Sonos to inject the draft complaint and declaratory judgment complaint into the case without letting Google tell the full story. Google should be permitted to explain not only that Sonos has withdrawn its infringement allegations as to four of the five patents in the original complaint, but the relevant Court rulings on those patents (*i.e.*, the determination of non-infringement of the '615 patent and the determination of invalidity of the '615 and '033 patents). Sonos is not concerned about potential prejudice when it comes to telling the jury about prior rulings that favored Sonos (*e.g.*, the determination that Google infringes the '885 patent). It is only adverse rulings that Sonos argues would be prejudicial for the jury to hear. But the question is not one of prejudice, but rather ***unfair*** prejudice. And if Sonos opens the door to these issues, there is nothing unfair about giving the jury an accurate picture of the circumstances related to Google's intent at the time of the challenged conduct. *See Plantronics, Inc. v. Aliph, Inc.*, 2014 WL 789115, at *4 (N.D. Cal. Feb. 26, 2014) (Alsup, J.) ("This order also notes that [patent owner] has asserted indirect infringement and willfulness wherein intent play a

---

[6] In *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, No. 2:10CV248, 2011 WL 7036048 (E.D. Va. July 5, 2011), the ***defendant*** moved to prevent ***plaintiff*** from introducing evidence regarding a counterclaim patent that had been previously invalidated, and the court denied the motion insofar as the patent was relevant to willful infringement. *Dethmers Mfg. Co., Inc., v. Automatic Equip. Mfg. Co.*, 73 F. Supp. 2d 997, 1001-02 (N.D. Iowa 1999) did not involve claims of willful infringement; the court had granted summary judgment resolving the patent infringement claims, and because "no patent claims . . . remain at issue here" excluded any reference to the patent or invalidity ruling as irrelevant and otherwise unduly prejudicial. *Id*. at 999, 1002-03. *Evolutionary Intel, LLC v. Apple, Inc.*, 2014 WL 93954 (N.D. Cal. Jan. 9, 2014) also did not involve willful infringement, but rather a motion to stay the district court proceeding in view of a pending *inter partes* review. Here, Google is not seeking to introduce evidence regarding the PTAB's rulings on the '615 patent or '460 patent (both parties have agreed not to reference any other proceedings or litigations), but rather the facts specific to this litigation.

role.  In that regard, [patent owner] has opened the door to evidence of intent and it would be unfair to cripple [alleged infringer's] defense.  [Patent owner] cannot have it both ways.").

Nor would this evidence "lead to juror confusion" or "result in unnecessary trial time being spent explaining what happened, and why, how that disposition relates to the issues the jury actually needs to decide."  MIL No. 4 at 1.  Google has proposed straightforward jury instructions that address these concerns:

> The case previously involved six Sonos patents assigned to Sonos: U.S. Patent No. 9,344,206; U.S. Patent No. 10,848,885; U.S. Patent No. 10,469,966; U.S. Patent No. 9,968,615; U.S. Patent No. 10,779,033; and U.S. Patent No. 9,219,460.  For convenience, we refer to patents by the last three numbers of the patent number, so for example, the "'885 patent," the "'966 patent," and the "'615 patent."
>
> Sonos initially sought money damages from Google for allegedly infringing the '206, '885, '966, '615, '033, and '460 patents.  But some of these patents are no longer part of the case.  For the '206 patent and '460 patent, Sonos withdrew its claims of infringement against Google.  For the '615 patent, I have already determined that Google's products do not infringe and that the patent is invalid.  For the '033 patent, I have also already determined that it is invalid.  The remaining patents in this case are the '885 patent and the '966 patent.

*See* Ex. 7 (Disputed Instruction Nos. 2, 6).  This instruction will streamline the evidence and avoid jury confusion.[7]  The jury will be instructed that the four patents that did not survive the pre-trial proceedings (the '206, '615, '033, and '460 patents) are not the same as the patents that are the subject of the trial.  Sonos fails to explain why this instruction is insufficient to address its concerns regarding jury confusion, or why the parties would need to devote additional trial time to explain the details surrounding either Sonos' withdrawal of its infringement allegations for the '206 or '460 patents, or the Court's invalidity and/or non-infringement rulings on the '615 or '033 patents.

### B. The Court Should Not Bar Google From Presenting Evidence of Withdrawn and Invalidated and/or Non-Infringing Patents To Rebut Sonos's "Willful Blindness" Theory

The evidence that Sonos seeks to rely on in support of its "willful blindness" theory is based entirely on patents ***other than*** the '966 patent.  *See* Ex. 2 at 345-47 (citing licensing negotiation

---

[7]  As another court has recognized in denying a motion *in limine* to exclude non-asserted claims, "the parties and the Court will ensure that members of the jury understand" the independence of certain findings from the remaining claims, as appropriate. *Carver v. Audio Prod. Int'l Corp.*, 2003 WL 25673996, at *1 (W.D. Wash. Mar. 4, 2003) ("Barring reference to . . . unasserted claims would be unworkable at trial.").

documents from September 2016 through June 2019, identifying the '615 patent, the '206 patent, and various other unasserted patents, all of which predate the issuance of the '966 patent or the publication of its application).  If Sonos opens the door to this licensing history to argue that Google was "put on repeated notice of Sonos's patents and the breadth of Sonos's patent portfolio concerning specifically the products accused in this case" and that "this knowledge and repeated and persistent disclosure establishes that Google was, for some time periods, at least willfully blind to the fact that the asserted patent[] existed" or "establishes that Google, for some time periods, had at least failed to investigate whether it infringed the asserted patent[] despite the existence of a high risk of infringement," (*id.*), then Google should also be permitted to tell the jury about these patents, and in particular Sonos' withdrawal of its claims for the '206 patent (which shares a specification with the '966 patent) and the Court's ruling that the '615 patent is not infringed and invalid.  This evidence is directly relevant to Google's intent and purported willful blindness.

Nor is it unduly prejudicial.  What would be unduly prejudicial would be permitting Sonos to give the jury a misleading impression about the parties' pre-suit discussions—that references Google's purported notice of infringement the '206 and '615 patents—without giving Google the opportunity to give the full story.[8]

### C. The Court Should Not Bar Google From Referencing Its Own Patent Portfolio To Rebut Sonos' Willfulness and "Willful Blindness" Allegations

Sonos's MIL No. 4 also seeks to exclude evidence of Google's patent portfolio.[9]  As an initial matter, evidence regarding Google's patents is generally relevant to willfulness.  *See, e.g.*, *Sioux Steel Co. v. Prairie Land Mill Wright Servs.*, 2022 WL 17082541, at *3 (N.D. Ill. Nov. 18, 2022) (denying motion *in limine* to bar evidence of defendant's patents as relevant to willful infringement); *Intelligent Verification Sys., LLC v. Microsoft Corp.*, 2015 WL 1518099, at *11 (E.D. Va. Mar. 31, 2015) (denying motion *in limine* because "[a] defendant's patents are relevant to rebut a claim of willful infringement"); *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, 2012 WL 5416440, at *2 (W.D. Pa. Nov. 2, 2012) (denying motion *in limine* because "evidence regarding . .

---

[8]   The parties have mutually agreed not to reference any of their other litigations, such as the ITC investigation, and therefore that portion of the licensing history is not at issue.
[9]   Google does not currently intend to present evidence or argument about specific Google patents.

. the size and scope of [alleged infringer's] patent portfolio [is] relevant to several issues and defenses" including willfulness).

But here, this evidence is also specifically relevant to rebut Sonos's "willful blindness" allegations, which rely on the parties' licensing negotiations and evidence regarding unasserted patents and the purported "breadth of Sonos's patent portfolio." *See* Section II.B, *supra*. If the Court permits Sonos to tell the jury about unasserted patents and the breadth of its patent portfolio, but excludes evidence of Google's patent portfolio, the jury may mistakenly assume that Google does not innovate itself and thus needs to copy other's inventions to stay competitive in the market. As a result, the jury could decide willful infringement on an improper basis. Such divergent treatment of the parties' patent portfolios would also violate the principle that "what is sauce for the goose is normally sauce for the gander." *Fluidigm Corporation et al v. Ionpath, Inc.*, No. 3:19-cv-05639, Dkt. 145 at 1 (N.D. Cal. Oct. 14, 2020) (Alsup, J.). Further, the parties' licensing negotiations involved a ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. *See* Ex. 8 (TX2109). Again, if Sonos opens the door to the parties' licensing discussions for its willfulness case, then Google should be permitted to introduce its own evidence on the subject, including regarding Google's patent portfolio. *Lotes Co. v. Hon Hai Precision Indus. Co.*, 2017 WL 5235647, at *3 (N.D. Cal. Nov. 11, 2017) (Alsup, J.) (once a plaintiff "open[s] the door to [a] subject at trial," the same subject "become[s] fair game" for defendant).

Finally, any potential prejudice can be avoided by a limiting instruction to the jury. *See, e.g.*, *Finjan, Inc. v. Sophos, Inc.*, 2016 WL 4560071, at *8 (N.D. Cal. Aug. 22, 2016) (denying motion to exclude references to alleged infringer's patents and directing the parties to "offer a limiting instruction on this issue to prevent this evidence from confusing the jury"); *Wonderland NurseryGoods Co. v. Thorley Indus., LLC*, 2014 WL 241751, at *2 (W.D. Pa. Jan. 22, 2014). The Northern District of California's Model Patent Jury Instructions contain such an instruction.[10]

---

[10] *See* United States District Court Northern District of California Model Patent Jury Instructions, Instruction A.3 (Summary of Contentions).

### III.   CONCLUSION

For the foregoing reasons, the Court should deny Sonos's Motion *in Limine* No. 4.

DATED:  April 24, 2023

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By   */s/ Sean Pak*
Sean Pak
Melissa Baily
James D. Judah
Lindsay Cooper
Marc Kaplan
Iman Lordgooei

*Attorneys for GOOGLE LLC*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that, on April 24, 2023, all counsel of record who have appeared in this case are being served with a copy of the foregoing via email.

                                         */s/ Sean Pak*
                                         Sean Pak

# **ECF ATTESTATION**

I, Clement S. Roberts, am the ECF User whose ID and password are being used to file this Response. In compliance with Civil Local Rule 5-1, I hereby attest that Sean Pak, counsel for Google, has concurred in this filing.

Dated: April 25, 2023

By: */s/ Clement S. Roberts*
Clement S. Roberts