# EXHIBIT 2

Clement S. Roberts (SBN 209203)
croberts@orrick.com
ORRICK HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
Tel: (415) 773-5700 -- Fax: (415) 773-5759

Alyssa Caridis (SBN 260103)
acaridis@orrick.com
ORRICK HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel: (213) 629-2020 -- Fax: (213) 612-2499

George I. Lee
lee@ls3ip.com
Sean M. Sullivan
sullivan@ls3ip.com
Rory P. Shea
shea@ls3ip.com
J. Dan Smith
smith@ls3ip.com
Michael P. Boyea
boyea@ls3ip.com
Cole B. Richter
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St, Floor 5W
Chicago, IL 60661
Tel: (312) 754-0002 -- Fax: (312) 754-0003

Attorneys for Sonos, Inc.

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GOOGLE LLC,<br><br>        *Plaintiff*,<br><br>   v.<br><br>SONOS, INC.,<br><br>        *Defendant.* | Case No. 3:20-cv-6754<br><br>**SONOS, INC.'S CORRECTED SUPPLEMENTAL RESPONSES AND OBJECTIONS TO GOOGLE'S FIRST SET OF INTERROGATORIES [1-20]**<br><br>Judge: Hon. William Alsup<br>Complaint Filed:  September 28, 2020 |

| Claim 16 | Sonos Audio Players |
|---|---|
| inputs via the user interface. | |

Sonos reserves the right to revise, correct, add to, supplement, or clarify its response to this Interrogatory as additional information is discovered and/or becomes available.

**INTERROGATORY NO. 14**

*State all bases for your contention, if any, that Google's infringement has been willful, including, but not limited to, identifying when and how Google was put on notice of the alleged infringement for each of the Asserted Patents, and identify each person with knowledge of the foregoing and all Documents relating thereto.*

**RESPONSE TO INTERROGATORY NO. 14**

Sonos objects to this interrogatory as overbroad, unduly burdensome, and not reasonably proportional to the needs of the case insofar as it purports to require Sonos to "[s]tate *all* bases" as to Google's willful infringement and "*all* Documents relating thereto."

Sonos also objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrines. In addition, Sonos objects to this interrogatory insofar as "all bases" is intended to call for protected attorney work-product and/or to require counsel to brief an issue in response to an interrogatory.

Sonos further objects to this Interrogatory as premature to the extent it seeks expert discovery in advance of the date set forth in the Federal Rules of Civil Procedure and/or the Court's Scheduling Order.

Sonos further objects to this Interrogatory on the ground that it is a premature contention interrogatory that has been filed before a substantial amount of discovery has been conducted in this lawsuit. *See* Fed. R. Civ. P. 33(a)(2) ("[T]he court may order that [a contention] interrogatory need not be answered until after designated discovery is complete . . . .").

Sonos further objects to this Interrogatory as premature to the extent that some of the

1  million, so if even a fraction of users take the free offer, a massive influx of Google smart
2  speakers will enter the market.").

3  Additionally, pursuant to Fed. R. Civ. P. Rule 33(d), Sonos will produce documents from
4  which further information sought in this Interrogatory may be derived.

5  Sonos reserves the right to revise, correct, add to, supplement, or clarify its response to
6  this Interrogatory as additional information is discovered and/or becomes available.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14 (1/21/2022)**

Sonos incorporates by reference its response and objections above. Sonos further responds as follows:

Sonos is not presently aware of every individual at Google who had notice of Sonos's patents. Sonos states that at least the following individuals or representatives of Google had notice of Sonos's patents.

On September 2, 2016, Sonos sent John LaBarre and Allen Lo at Google a document identifying 24 issued Sonos patents and 4 allowed Sonos patent applications, including ones that share a common specification with the '615 Patent, the '966 Patent, '033 Patent, and '885 Patent.

On October 13, 2016, Sonos sent John LaBarre, Allen Lo, and Louis Sorell at Google a document identifying 22 issued Sonos patents and 6 allowed Sonos patent applications (including ones that share a common specification with the '615 Patent, the '966 Patent, '033 Patent, and '885 Patent) and identifying relevant Google products for each.

On October 26, 2016, Sonos sent John LaBarre at Google a PowerPoint presentation identifying 29 issued Sonos patents and 3 allowed Sonos patent applications (including ones that share a common specification with the '615 Patent, the '966 Patent, '033 Patent, and '885 Patent).

On January 31, 2018, Sonos sent Matthew Gubiotti at Google a PowerPoint presentation identifying 16 issued Sonos patents and 1 allowed Sonos patent application (including ones that share a common specification with the '966 Patent and '885 Patent), and identifying relevant Google products for each, including products accused in this case.

1    On July 12, 2018, Sonos sent John LaBarre and Matthew Gubiotti at Google a document identifying 58 issued Sonos patents (including ones that share a common specification with the '615 Patent, the '966 Patent, '033 Patent, and '885 Patent) and identifying relevant Google products for each, including products accused in this case.

On February 22, 2019, Sonos sent Matthew Gubiotti, Bradley Riel, and Tim Kowalski at Google a letter enclosing a link to an electronic repository containing 100 claim charts detailing Google's infringement of 100 issued Sonos patents (including the '615 Patent and others that share a common specification with the '615 Patent, the '966 Patent, '033 Patent, and '885 Patent).

On June 13, 2019, Sonos sent Bradley Riel and Tim Kowalski at Google a PowerPoint presentation reiterating the 100 claim charts detailing Google's infringement of 100 issued Sonos patents sent on February 22, 2019 and identifying 6 issued Sonos patents (including one that shares a common specification with the '966 Patent and '885 Patent) and identifying relevant Google products for each.

On January 6, 2020, Sonos sent Bradley Riel and Tim Kowalski at Google a pre-filing copy of an International Trade Commission Complaint, a U.S. District Court complaint, and claim charts detailing Google's infringement of 5 issued Sonos patents via products that are also accused in this case.

On September 28, 2021 Sonos sent Bradley Riel and Tim Kowalski at Google a pre-filing copy of Sonos's complaint detailing Google's infringement of, *inter alia*, the '615, '033, and '966 Patents.

On January 8, 2021, Sonos's counsel sent Google's counsel a copy of an amended complaint and supplemental infringement contentions detailing Google's infringement of the '885 Patent.

Notwithstanding other instances that Google was put on notice of Sonos's patents, which are in the possession of Google and for which Sonos awaits disclosure, the above-identified instances establish that Google was, over a five-year period, put on repeated notice of Sonos's patents and the breadth of Sonos's patent portfolio concerning specifically the products accused

1  in this case. At a minimum, this knowledge and repeated and persistent disclosure establishes
2  that Google was, for some time periods, at least willfully blind to the fact that the asserted
3  patents existed and, for other time periods, had actual knowledge of the existence of the asserted
4  patents. Further, this knowledge and repeated and persistent disclosure establishes that Google,
5  for some time periods, had at least failed to investigate whether it infringed the asserted patents
6  despite the existence of a high risk of infringement and, for other time periods, had actual
7  knowledge of a credible and specific allegation of infringement of the asserted patents.

8  Sonos also incorporates by reference Google's response to Sonos's interrogatory no. 1.

9  Additionally, pursuant to Fed. R. Civ. P. Rule 33(d), Sonos will produce documents from
10 which further information sought in this Interrogatory may be derived. *See, e.g.,* SONOS-SVG2-
11 00043287; SONOS-SVG2-00043288-383; SONOS-SVG2-00043435-496; SONOS-SVG2-
12 00043164-166; SONOS-SVG2-00043167-199; SONOS-SVG2-00043200; SONOS-SVG2-
13 00043201-202; SONOS-SVG2-00043203-204; SONOS-SVG2-00043205-286; SONOS-SVG2-
14 00043384-387; SONOS-SVG2-00043388-391; SONOS-SVG2-00043392-411; SONOS-SVG2-
15 00043412-419; SONOS-SVG2-00043420-434; SONOS-SVG2-00043497-541; SONOS-SVG2-
16 00043542-577; SONOS-SVG2-00043578-604; SONOS-SVG2-00043605-638; SONOS-SVG2-
17 00043639-680; SONOS-SVG2-00043681-684; SONOS-SVG2-00043685-687; SONOS-SVG2-
18 00043688; SONOS-SVG2-00043689-742; SONOS-SVG2-00043743; SONOS-SVG2-
19 00043744-745; SONOS-SVG2-00043746-766; SONOS-SVG2-00043767; SONOS-SVG2-
20 00043768; SONOS-SVG2-00043769-806; SONOS-SVG2-00043807; SONOS-SVG2-
21 00043808-812.

22 Sonos reserves the right to revise, correct, add to, supplement, or clarify its response to
23 this Interrogatory as additional information is discovered and/or becomes available.

24

25 **SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14 (11/8/2022)**

26 Sonos incorporates by reference its response and objections above. Sonos further
27 responds as follows:

28 In addition to the foregoing, Google's infringement of the '885 patent has been willful for

1  at least the reason that Google has continued to infringe and has not changed the functionality
2  that was found to infringe.  For instance, on July 21, 2022, the Court determined that Google had
3  infringed the '885 patent and entered summary judgment of infringement in Sonos's favor.  Dkt.
4  309.  Additionally, on October 18, 2022, the Court entered summary judgment in favor of Sonos
5  as to the validity of the '885 patent.  Dkt. 382.  Since the Court entered summary judgment of
6  infringement in favor of Sonos, Google has not changed the zone scene functionality that the
7  Court determined was infringing.  Accordingly, since at least as early as July 21, 2022 (and no
8  later than October 18, 2022), Google has willfully infringed the '885 patent and continues to
9  willfully infringe the '885 to this day.

10  Sonos incorporates by reference its Third Amended Complaint and its operative Answer
11  to Google's Declaratory Judgment Complaint.

12  Sonos reserves the right to revise, correct, add to, supplement, or clarify its response to
13  this Interrogatory as additional information is discovered and/or becomes available.

**INTERROGATORY NO. 15**

*Separately for each asserted claim of the Asserted Patents, set forth the complete basis for any contention that Google indirectly infringes such claim, including by identifying all documents supporting that contention.*

**RESPONSE TO INTERROGATORY NO. 15**

Sonos objects to this interrogatory as overbroad, unduly burdensome, and not reasonably proportional to the needs of the case insofar as it purports to require Sonos to "set forth the *complete* basis for *any* contention that Google indirectly infringes . . . including by identifying *all* documents supporting that contention."

Sonos further objects to this Interrogatory as premature to the extent it seeks expert discovery in advance of the date set forth in the Federal Rules of Civil Procedure and/or the Court's Scheduling Order.

Sonos further objects to this Interrogatory on the ground that it is a premature contention

1  concerning Sonos's knowledge or awareness . . . and identify *all* Persons with knowledge of
2  those facts and *all* documents concerning those facts."
3      Sonos also objects to this interrogatory to the extent it seeks information protected by the
4  attorney-client privilege and/or work product doctrines.
5      Subject to, and without waiving, the foregoing Specific and General Objections, Sonos
6  states that it became aware of the products accused of infringement in this litigation at or around
7  the time those products were publicly announced by Google. Sonos's in-house counsel Mark
8  Triplett (VP, Intellectual Property) and Chris Butts (Senior Director, U.S. Patent Development)
9  are knowledgeable about Sonos's first awareness of the products accused of infringement in this
10 case.
11     Additionally, pursuant to Fed. R. Civ. P. Rule 33(d), Sonos will produce documents from
12 which further information sought in this Interrogatory may be derived.
13     Sonos reserves the right to revise, correct, add to, supplement, or clarify its response to
14 this Interrogatory as additional information is discovered and/or becomes available.

19  Dated: November 30, 2022

ORRICK HERRINGTON & SUTCLIFFE LLP
*and*
LEE SULLIVAN SHEA & SMITH LLP

By: */s/ Cole B. Richter*
    Cole B. Richter (admitted *pro hac*)

*Attorneys for Sonos, Inc.*

**HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY**
398
SONOS'S CORRECTED SUPP. RESP. AND
OBJS. TO GOOGLE'S FIRST ROGS [1-20]
CASE NO. 3:20-CV-06754-WHA