# EXHIBIT 7

| | |
|---|---|
| CLEMENT SETH ROBERTS (SBN 209203) | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| croberts@orrick.com | Sean Pak (Bar No. 219032) |
| BAS DE BLANK (SBN 191487) | seanpak@quinnemanuel.com |
| basdeblank@orrick.com | Melissa Baily (Bar No. 237649) |
| ALYSSA CARIDIS (SBN 260103) | melissabaily@quinnemanuel.com |
| acaridis@orrick.com | James Judah (Bar No. 257112) |
| EVAN D. BREWER (SBN 304411) | jamesjudah@quinnemanuel.com |
| ebrewer@orrick.com | Lindsay Cooper (Bar No. 287125) |
| ORRICK, HERRINGTON & SUTCLIFFE LLP | lindsaycooper@quinnemanuel.com |
| The Orrick Building | Iman Lordgooei (Bar No. 251320) |
| 405 Howard Street | imanlordgooei@quinnemanuel.com |
| San Francisco, CA 94105-2669 | 50 California Street, 22nd Floor |
| Telephone:   +1 415 773 5700 | San Francisco, California 94111-4788 |
| Facsimile:   +1 415 773 5759 | Telephone:   (415) 875-6600 |
| | Facsimile:   (415) 875-6700 |
| SEAN M. SULLIVAN (*pro hac vice*) | |
| sullivan@ls3ip.com | Marc Kaplan (*pro hac vice*) |
| J. DAN SMITH (*pro hac vice*) | marckaplan@quinnemanuel.com |
| smith@ls3ip.com | 191 N. Wacker Drive, Ste 2700 |
| MICHAEL P. BOYEA (*pro hac vice*) | Chicago, Illinois 60606 |
| boyea@ls3ip.com | Telephone:   (312) 705-7400 |
| COLE B. RICHTER (*pro hac vice*) | Facsimile:   (312) 705-7401 |
| richter@ls3ip.com | |
| LEE SULLIVAN SHEA & SMITH LLP | *Attorneys for GOOGLE, LLC* |
| 656 W Randolph St., Floor 5W | |
| Chicago, IL 60661 | |
| Telephone:   +1 312 754 0002 | |
| Facsimile:   +1 312 754 0003 | |

*Attorneys for Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC., | Case No. 3:20-cv-06754-WHA |
| Plaintiff and Counter-defendant, | Related to Case No. 3:21-cv-07559-WHA |
| v. | **JOINT [PROPOSED] JURY INSTRUCTIONS** |
| GOOGLE LLC, | Judge: Hon. William Alsup |
| Defendant and Counter-claimant. | Pretrial Conf.:  May 3, 2023 |
| | Time: 12:00 p.m. |
| | Courtroom:  12, 19th Floor |
| | Trial Date: May 8, 2023 |

<mark>Yellow Highlight</mark> indicates changed or added language to a model instruction.
~~Strikethrough~~ indicates deleted language from model instruction.
Optional instructions and basic changes such as inserting party name is not indicated.

**DISPUTED INSTRUCTION NO. 3~~2~~ RE SUMMARY OF CONTENTIONS**

**OFFERED BY GOOGLE**

To help you follow the evidence, I will now give you a summary of the positions of the parties. The parties in this case are Sonos, Inc. and Google LLC.

The case previously involved six Sonos patents assigned to Sonos: U.S. Patent No. 9,344,206; U.S. Patent No. 10,848,885; U.S. Patent No. 10,469,966; U.S. Patent No. 9,968,615; U.S. Patent No. 10,779,033; and U.S. Patent No. 9,219,460. For convenience, we refer to patents by the last three numbers of the patent number, so for example, the "'885 patent," the "'966 patent," and the "'615 patent."

Sonos initially sought money damages from Google for allegedly infringing the '206, '885, '966, '615, '033, and '460 patents. But some of these patents are no longer part of the case. For the '206 patent and '460 patent, Sonos withdrew its claims <u>of infringement</u> against Google ~~for those patents~~.[3] For ~~the '033 patent and claim 13 of~~ the '615 patent, I have already determined that Google's products do not infringe <u>and that the patent is invalid</u>. <u>For the '033 patent,</u> I have also already determined that <u>it is</u> ~~'033 patent and the '615 patent are~~ invalid. The remaining patents in this case are the '885 patent and the '966 patent. ~~by [making], [importing], [using], [selling], [offering for sale], [supplying or causing to be supplied in or from the United States all or a substantial portion of the components of a patented invention] [in/into/within] the United States [products] [methods] [products which are made by a process patented in the United States] that [patent holder] argues are covered by claims [ ] of the [ ] patent. [[Patent holder] also argues that [alleged infringer] has [actively induced infringement of these claims of the [ ] patent by others] [and/or] [contributed to the infringement of claims [ ] of the [ ] patent by others].].~~

<mark>The '885 patent and '966 patent relate to grouping media playback devices together and playing back media to a group.</mark>

<mark>~~The '615 patent relates to transferring playback of media in a local playback queue from a user's smartphone to a playback device.~~</mark>

The products that are alleged to infringe the '885 patent are Google media players

---
[3] Dkt. 132 at 2;

Yellow Highlight indicates changed or added language to a model instruction.
~~Strikethrough~~ indicates deleted language from model instruction.
Optional instructions and basic changes such as inserting party name is not indicated.

including Google's Chromecast, Chromecast Ultra, Chromecast with Google TV, Home, Home Mini, Home Max, Nest Audio, Nest Mini, Nest Hub (a/k/a Home Hub), Nest Hub Max, and Nest Wifi Point. I will refer to these as the ~~'~~'885 Accused Products. ~~Google denies that it has infringed claim 1 of the '885 patent.~~ I have already determined that prior versions of ~~Google's media players~~ the ~~'~~'885 Accused Products meet the ~~claim~~ limitations of Claim 1 of the '885 patent, but as I will discuss next, invalidity has not yet been decided.[4] Google contends that its current media players were changed such that they do not infringe Claim 1 of the '885 patent, which Sonos disputes. ~~If you find that the '885 patent is not invalid, as I discuss next,~~ I have already determined that any infringement by Google was not willful.[5]

Google ~~also~~ argues that the '885 patent is invalid. Invalidity is a defense to infringement because there can be no infringement of an invalid patent. I will instruct you later as to the ways in which a patent may be invalid. In general, however, a patent is invalid if it is not new or is obvious in view of the state of the art at the relevant time, or if the description in the patent does not meet certain requirements.

So, with respect to the '885 patent, your job will be to decide whether Google's current versions of the '885 Accused Products infringe Claim 1, and whether that c~~C~~laim ~~1~~ is invalid. If you decide the '885 patent ~~has been infringed and~~ is not invalid, you will then need to decide any money damages to be awarded to Sonos to compensate it for the infringement.

~~The products that were alleged to infringe the '615 patent were computing devices, such as smartphones, tablets, and laptops, that have or had the YouTube Main, YouTube Kids, YouTube TV, or YouTube Music apps installed. I have also already determined that Google's accused products do not infringe the '615 patent.[6] You will not be asked to decide whether Google infringes this patent.~~

---

[4] Dkt. 309 at 11 (granting Sonos's motion for summary judgment of infringement).

[5] Dkt. 566 at 30-31

[6] ~~Dkt. 316 at 17 (granting Google's motion for summary judgment of invalidity and noninfringement).~~

Yellow Highlight indicates changed or added language to a model instruction.
~~Strikethrough~~ indicates deleted language from model instruction.
Optional instructions and basic changes such as inserting party name is not indicated.

1. ~~I have also already determined that Claim 13 of the '615 patent is invalid.[7]  Google argues~~
2. ~~that claims 18-19 and 25 of the '615 patent are also invalid.  Sonos disputes this.~~
3. ~~With respect to the '615 patent, your job will be to decide whether claims 18, 19, and 25~~
4. ~~are invalid.  You do not need to decide any money damages for infringement of the '615 patent~~
5. ~~because I have already decided that Google's accused products do not infringe the '615 patent.~~
6. The products that are alleged to infringe the '966 patent are computing devices, such as
7. smartphones, tablets, and laptops, running Android, ChromeOS, or iOS, that have or had the
8. Google Home app installed.  I will refer to these as the '966 Accused Products.  I have not
9. decided whether any of the '966 Accused ~~p~~Products infringe the '966 patent.  Sonos contends that
10. they do, and Google denies this.  Sonos also argues that Google's alleged infringement is willful,
11. which Google also disputes.  I will instruct you later as to the ways in which a patent may be
12. infringed and how to determine infringement.
13. Google ~~also~~ argues that the '966 patent is invalid.  ~~Invalidity is a defense to~~
14. ~~infringement~~Again,  I will instruct you later as to the ways in which a patent may be invalid.  ~~In~~
15. ~~general, however, a patent is invalid if it is not new or is obvious in view of the state of the art at~~
16. ~~the relevant time, or if the description in the patent does not meet certain requirements.~~
17. With respect to the '966 patent, your job will be to decide whether ~~claims [ ] of~~ that patent
18. has been infringed, and whether the asserted claims of that patent is invalid.  If you decide that
19. the '966 patent has been infringed and is not invalid, then you will also need to decide any money
20. damages to be awarded to Sonos to compensate it for the infringement.  You will also need to
21. make a finding as to whether the infringement was willful.  If you decide that any infringement
22. was willful, that decision should not affect any damage award you give. I will take willfulness
23. into account later.
24. Authority:
25. *Fed. Cir. Bar Association Model Patent Jury Instructions A.2, Rev. May 2020* (Summary
26. of Contentions); *N.D. Cal. Model Patent Jury Instructions* A.3*., Aug. 2017 (updated Oct. 2019).

---

[7] ~~Dkt. 316 at 17 (granting Google's motion for summary judgment of invalidity and noninfringement).~~

Yellow Highlight indicates changed or added language to a model instruction.
~~Strikethrough~~ indicates deleted language from model instruction.
Optional instructions and basic changes such as inserting party name is not indicated.

**DISPUTED INSTRUCTION NO. 9~~6~~ RE SUMMARY OF CONTENTIONS**

**OFFERED BY GOOGLE**

I will first give you a summary of each side's contentions in this case. I will then tell you what each side must prove to win on each of its contentions. As I previously told you, Sonos previously brought claims against Google for allegedly infringing the '206, '885, '966, '615, '033, and '460 patents. For the '206 patent and '460 patent, Sonos withdrew its claims of infringement against Google ~~for those patents~~. For ~~the '033 patent and~~ claim 13 of the '615 patent, I have already determined that Google's products do not infringe and that the patent is invalid. For the '033 patent, I have also already determined that ~~'033 patent and claim 13 of the '615 patent are~~ it is invalid.

Sonos now seeks money damages from Google for allegedly infringing the remaining '885 and '966 patents. ~~by [making,] [importing,] [using,] [selling] and [offering for sale] [products] [methods] that [patent holder] argues are covered by claims [ ] of the patent. These are the asserted claims of the '885, '966, and '033 patents.~~

The products that are alleged to infringe the '885 patent are Google media players, including Google's Chromecast, Chromecast Ultra, Chromecast with Google TV, Home, Home Mini, Home Max, Nest Audio, Nest Mini, Nest Hub (a/k/a Home Hub), Nest Hub Max, and Nest Wifi Point. I will refer to these as the '885 Accused Products. I have already determined that prior versions of the '885 Accused Products ~~Google's media players~~ meet the ~~claim~~ limitations of Claim 1 of the '885 patent, but as I will discuss next, you will need to decide whether that claim is invalid~~ity has not yet been decided~~.[9] Google contends that the current versions of the '885 Accused products were changed such that they do not infringe Claim 1 of the '885 patent, which Sonos disputes. ~~If you find that the '885 patent is not invalid, as I discuss next,~~ I have already determined that any infringement by Google was not willful.[10]

Google argues that the '885 patent is invalid. Invalidity is a defense to infringement because there can be no infringement of an invalid patent. I will instruct you later as to the ways

---

[9] Dkt. 309 at 11 (granting Sonos's motion for summary judgment of infringement).
[10] Dkt. 566 at 30-31

Yellow Highlight indicates changed or added language to a model instruction.
~~Strikethrough~~ indicates deleted language from model instruction.
Optional instructions and basic changes such as inserting party name is not indicated.

1  in which a patent may be invalid. In general, however, a patent is invalid if it is not new or is

2  obvious in view of the state of the art at the relevant time, or if the description in the patent does

3  not meet certain requirements.

4  So, with respect to claim 1 of the '885 patent, your job will be to decide whether

5  Google's current products infringe Claim 1, and whether ~~the asserted claims of the [ ] patent have~~

6  ~~been infringed~~ that claim is invalid. If you decide the ~~'885 patent~~claim ~~has been infringed and~~ is

7  not invalid, you will then need to decide any money damages to be awarded to Sonos to

8  compensate it for the infringement.

9  ~~The products that were alleged to infringe the '615 patent are computing devices, such as~~

10  ~~smartphones, tablets, and laptops, that have or had the YouTube Main, YouTube Kids, YouTube~~

11  ~~TV, or YouTube Music apps installed. I have already determined that Google does not infringe~~

12  ~~the '615 patent. You will not be asked to decide whether Google infringes this patent.~~

13  ~~I have also already determined that Claim 13 of the '615 patent is invalid.[11] Sonos~~

14  ~~contends that claims 18-19 and 25 of the '615 patent are not invalid. Google disputes this and~~

15  ~~contends that those claims are also invalid.~~

16  ~~With respect to the '615 patent, your job will be to decide whether claims 18, 19, and 25~~

17  ~~are invalid. You do not need to decide any money damages for infringement of the '615 patent~~

18  ~~because I have already decided that Google does not infringe the '615 patent.~~

19  The products that are alleged to infringe the '966 patent are computing devices, such as

20  smartphones, tablets, and laptops, running Android, ChromeOS, or iOS, that have the Google

21  Home app installed. I will refer to these as the '966 Accused Products. I have not decided

22  whether any ~~products~~ of the '966 Accused Products infringe the '966 patent. Sonos contends that

23  they do, and Google denies this. Sonos also argues that Google's alleged infringement is willful,

24  which Google also disputes. I will instruct you later as to the ways in which a patent may be

25  infringed and how to determine infringement.

26  Google also argues that the '966 patent is invalid. I will instruct you later on that defense.

27

28  [11] ~~Dkt. 316 at 17 (granting Google's motion for summary judgment of invalidity and noninfringement).~~

==Yellow Highlight== indicates changed or added language to a model instruction.
~~Strikethrough~~ indicates deleted language from model instruction.
Optional instructions and basic changes such as inserting party name is not indicated.

1. ~~Invalidity is a defense to infringement. I will instruct you later as to the ways in which a patent may be invalid. In general, however, a patent is invalid if it is not new or is obvious in view of the state of the art at the relevant time, or if the description in the patent does not meet certain requirements.~~

==With respect to the '966 patent,== your job will be to decide whether the asserted claims of that patent has been infringed, and whether the asserted claims are invalid. If you decide that the '966 patent has been infringed and is not invalid, then you will also need to decide any money damages to be awarded to Sonos to compensate it for the infringement. You will also need to make a finding as to whether the infringement was willful. If you decide that any infringement was willful, that decision should not affect any damage award you give. I will take willfulness into account later.

*N.D. Cal. Model Patent Jury Instructions B.1., Rev. Aug. 2017 (updated Oct. 2019)*