QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Sean Pak (Bar No. 219032)
  seanpak@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  James Judah (Bar No. 257112)
  jamesjudah@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
  Iman Lordgooei (Bar No. 251320)
  imanlordgooei@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

  Marc Kaplan *(pro hac vice)*
  marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone:     (312) 705-7400
Facsimile:     (312) 705-7401

*Attorneys for GOOGLE LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>  Plaintiff and Counter-Defendant,<br><br>  vs.<br><br>GOOGLE LLC,<br><br>  Defendant and Counter-Claimant. | Case No. 3:20-cv-06754-WHA<br>Related to Case No. 3:21-cv-07559-WHA<br><br>**DECLARATION OF JOCELYN MA IN SUPPORT OF GOOGLE LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS MOTION *IN LIMINE* NO. 1 TO EXCLUDE THE EXPERT REPORT AND TESTIMONY OF MR. JAMES MALACKOWSKI REGARDING DAMAGES, AS WELL AS RELATED OPINIONS AND TESTIMONY OF DR. KEVIN ALMEROTH** |

I, Jocelyn Ma, declare and state as follows:

1. I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate at Quinn Emanuel Urquhart & Sullivan LLP representing Google LLC ("Google") in this matter. I make this declaration in support of Google's Administrative Motion to File Under Seal Portions of its Motion *in Limine* No. 1 to Exclude the Expert Report and Testimony of Mr. James Malackowski Regarding Damages, As Well As Related Opinions and Testimony of Dr. Kevin Almeroth ("Motion *in Limine* No. 1") ("Google's Administrative Motion"). If called as a witness, I could and would testify competently to the information contained herein.

2. Google's Administrative Motion seeks an order sealing the following materials:

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| Exhibit D to the Declaration of Joseph Kolker in Support of Sonos's Opposition to Google's Motion *in Limine* No. 1 ("Exhibit D") | Portions outlined in red boxes | Google |
| Exhibit E to the Declaration of Joseph Kolker in Support of Sonos's Opposition to Google's Motion *in Limine* No. 1 ("Exhibit E") | Portions outlined in red boxes | Google |

3. The portions of Exhibits D and E outlined in red boxes contain confidential information regarding Google's highly sensitive financial and product revenue data, as well as figures from which a competitor could deduce Google's highly sensitive financial and product revenue data. Public disclosure of this information would harm Google's competitive standing and create a risk of injury by providing competitors with access to information that Google does not have similar access to about their competitors, allowing them to gain a competitive advantage in the marketplace. If such information were made public, I understand that Google's competitive standing would be significantly harmed. Google has therefore designated this information as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY under the protective order (Dkt. 92). A less restrictive alternative than sealing these portions of Exhibits D and E would not be sufficient because the information sought to be sealed is Google's confidential and highly sensitive financial information but has been used by

Sonos in support of its opposition to Google's Motion *in Limine* No. 1. I also understand that this Court has previously granted sealing of the same and/or similar information. *See, e.g.*, Dkt. 334 at 4.

4. The portions of Exhibit D outlined in red boxes also contain confidential licensing negotiations that are not public. I understand that public disclosure of this information would harm Google's competitive standing and its ability to negotiate future licensing agreements by giving competitors access and insight into Google's highly confidential business thinking and asymmetrical information about Google's licensing strategies to other entities. If such information were made public, I understand that Google's competitive standing would be significantly harmed. Google has therefore designated this information as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY under the protective order (Dkt. 92). A less restrictive alternative than sealing would not be sufficient because the information sought to be sealed is Google's proprietary and confidential business information but has been utilized by Sonos in support of its opposition to Google's Motion *in Limine* No. 1. I also understand that this Court has previously granted sealing of the same and/or similar information. *See, e.g.*, Dkt. 334 at 5.

5. In addition, the portions of Exhibit D outlined in red boxes contain confidential information regarding Google's highly sensitive product usage metrics data which Google does not share publicly. Public disclosure of this information could harm Google's competitive standing and create a risk of injury by providing competitors with access to information that Google does not have similar access to about their competitors, and may allow competitors and/or bad actors to manipulate or gain insight into how Google maintains its data. Thus, Google has good cause to keep such information under seal. A less restrictive alternative than sealing would not be sufficient because the information sought to be sealed is Google's proprietary and confidential business information but has been utilized by Sonos in support of its opposition to Google's Motion *in Limine* No. 1.

6. Finally, the portion of Exhibit D outlined in red boxes on page 70 also includes confidential information from an internal presentation regarding the business and product strategy. Public disclosure of this information could harm Google's competitive standing and create a risk of injury by providing competitors with access to information that Google does not have similar access to about their competitors. A less restrictive alternative than sealing would not be sufficient because the

1  information sought to be sealed is Google's proprietary and confidential business information but has
2  been utilized by Sonos in support of its opposition to Google's Motion *in Limine* No. 1.
3       I declare under penalty of perjury that to the best of my knowledge the foregoing is true and
4  correct.  Executed on April 26, 2023, in San Francisco, California.
5  DATED:  April 26, 2023

By:   */s/ Jocelyn Ma*
      Jocelyn Ma

**ATTESTATION**

I, Sean Pak, am the ECF user whose ID and password are being used to file the above Declaration. In compliance with Civil L.R. 5-1, I hereby attest that Jocelyn Ma has concurred in the aforementioned filing.

DATED:  April 25, 2023

>                               */s/ Sean Pak*
>                               Sean Pak