# Sonos, Inc.'s Opp'n to Google LLC's Motion *In Limine* No. 1

# EXHIBIT F

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY
SOURCE CODE

```
1              UNITED STATES DISTRICT COURT
2         FOR THE NORTHERN DISTRICT OF CALIFORNIA
3    SONOS, INC.,
4         Plaintiff,
5             vs.        Case No. 3:21-CV-07559-WHA
6    GOOGLE LLC
7         Defendant.
     _____
8    -AND-
9    GOOGLE LLC,
10        Plaintiff,
11            vs.        Case No. 3:20-CV-06754-WHA
12   SONOS, INC.,
13        Defendant.
     _____
14     **HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
15                  **SOURCE CODE**
16
17       ZOOM DEPOSITION OF DAN SCHONFELD, Ph.D.
18   (Reported Remotely via Video & Web Videoconference)
19       Northbrook, Illinois (Deponent's location)
              Wednesday, August 31, 2022
20
     STENOGRAPHICALLY REPORTED BY:
21   REBECCA L. ROMANO, RPR, CSR, CCR
     California CSR No. 12546
22   Nevada CCR No. 827
     Oregon CSR No. 20-0466
23   Washington CCR No. 3491
24   JOB NO. 5414658
25   PAGES 1 - 252
```

Page 1

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
SOURCE CODE

| | | |
|---|---|---|
| 1 | assume it was similar to the prior art, then it | 12:49:06 |
| 2 | would be technologically comparable to the | |
| 3 | '885 patent, correct? | |
| 4 |     MS. AUBRY:  Objection.  Form. | |
| 5 |     THE DEPONENT:  I mean, this is a | 12:49:18 |
| 6 | technology -- if you make the assumption that | |
| 7 | something satisfies a similarity, then -- then it's | |
| 8 | similar.  If you make the assumption that something | |
| 9 | is comparable, then it's comparable, and it is just | |
| 10 | not the case in here.  And it's a hypothetical that | 12:49:30 |
| 11 | is exactly contrary to -- to the actual situation | |
| 12 | at hand. | |
| 13 |     Q.  (By Mr. Smith)  Now, something can be | |
| 14 | technologically comparable to the '885 patent | |
| 15 | without teaching each and every limitation of the | 12:49:50 |
| 16 | claims, correct? | |
| 17 |     A.  I agree with that. | |
| 18 |     And, by the way, again, I apologize for | |
| 19 | the background noise.  I don't know how long it's | |
| 20 | going to -- to last, but I think if you wanted to | 12:50:21 |
| 21 | take a -- a break period while they're working -- I | |
| 22 | don't know if it's bothering you, the background, | |
| 23 | or not. | |
| 24 |     MR. SMITH:  Yeah, so we have been going | |
| 25 | for a while now.  Do you guys want to take a lunch | 12:50:31 |

Page 121

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY
SOURCE CODE

|  |  |  |
|---|---|---|
| 1 | circumstances, what criteria did you use to | 02:05:54 |
| 2 | evaluate the comparability with the '885 patent? | |
| 3 |       MS. AUBRY:  Objection.  Form. | |
| 4 |       THE DEPONENT:  So I only looked at one | |
| 5 | aspect.  I looked only at the technological | 02:06:30 |
| 6 | comparability, not the technology comparability, | |
| 7 | and I looked to see that the technology was | |
| 8 | similar; meaning, in a similar area, addressing | |
| 9 | similar problems, and that, basically, from my | |
| 10 | perspective, it was something that you -- you would | 02:06:52 |
| 11 | look to the same field, looking at similar problems | |
| 12 | in both cases. | |
| 13 |    Q.  (By Mr. Smith)  And for something to be | |
| 14 | technologically comparable, it doesn't need to | |
| 15 | practice the claimed invention, correct? | 02:07:09 |
| 16 |    A.  Yeah, I think you asked me earlier today, | |
| 17 | and I agreed with you back then and I -- and I | |
| 18 | agree with you now. | |
| 19 |    Q.  I mean, how many claim elements does it | |
| 20 | need to practice to be comparable? | 02:07:22 |
| 21 |    A.  I am -- well, I'm not an attorney.  I | |
| 22 | have never dealt with such a question before.  So I | |
| 23 | leave it to the courts to make a determination, but | |
| 24 | I would not be surprised if the answer is, | |
| 25 | potentially, "none," as long as it's addressing the | 02:07:41 |

Page 141

| | | |
|---|---|---|
| 1 | similar -- a similar problem.  It's in the similar | 02:07:44 |
| 2 | field.  If it does it in such in a way that none of | |
| 3 | the limitations are exactly satisfied, it may still | |
| 4 | be comparable. | |
| 5 |      Q.   Okay.  And if we could go back to your -- | 02:08:05 |
| 6 | your opening report and turn to the section on | |
| 7 | comparable licenses, and that's on page 487, | |
| 8 | starting with paragraph 739. | |
| 9 |           Can you let me know when you get there. | |
| 10 |      A.   Yes, I'm -- I'm here. | 02:08:32 |
| 11 |      Q.   If we go to paragraph 744, that is a | |
| 12 | section discussing an agreement with | |
| 13 | Outland Research LLC? | |
| 14 |      A.   I do. | |
| 15 |      Q.   And in paragraph 70- -- 745 of your | 02:08:45 |
| 16 | report, you state that, "I have reviewed the | |
| 17 | Outland Research LLC patents subject to this | |
| 18 | agreement and have determined that a number of them | |
| 19 | are technologically comparable to the '885 patent | |
| 20 | asserted by Sonos here." | 02:09:01 |
| 21 |           Do you see that statement? | |
| 22 |      A.   I do. | |
| 23 |      Q.   You reviewed all the patents subject to | |
| 24 | the Outland Research agreement, correct? | |
| 25 |      A.   I don't recall.  I would have to go back | 02:09:17 |

Page 142

1  I, Rebecca L. Romano, a Registered
2  Professional Reporter, Certified Shorthand
3  Reporter, Certified Court Reporter, do hereby
4  certify:
5  That the foregoing proceedings were taken
6  before me remotely at the time and place herein set
7  forth; that any deponents in the foregoing
8  proceedings, prior to testifying, were administered
9  an oath; that a record of the proceedings was made
10 by me using machine shorthand which was thereafter
11 transcribed under my direction; that the foregoing
12 transcript is true record of the testimony given.
13 Further, that if the foregoing pertains to the
14 original transcript of a deposition in a Federal
15 Case, before completion of the proceedings, review
16 of the transcript [ ] was [X] was not requested.
17 I further certify I am neither financially
18 interested in the action nor a relative or employee
19 of any attorney or any party to this action.
20 IN WITNESS WHEREOF, I have this date
21 subscribed my name this 6th day of September, 2022.
22
23  *[Signature: Rebecca L. Romano]*
24  Rebecca L. Romano, RPR, CCR
25  CSR. No 12546

Page 250