# Sonos, Inc.'s Opp'n to Google LLC's Motion *In Limine* No. 1

# EXHIBIT G

CONFIDENTIAL - ATTORNEYS EYES ONLY

```
 1              UNITED STATES DISTRICT COURT
 2         FOR THE NORTHERN DISTRICT OF CALIFORNIA
 3   SONOS, INC.,
 4        Plaintiff,
 5            vs.            Case No. 3:21-CV-07559-WHA
 6   GOOGLE LLC
 7        Defendant.
     _____
 8
     -AND-
 9
     GOOGLE LLC,
10
          Plaintiff,
11
              vs.            Case No. 3:20-CV-06754-WHA
12
     SONOS, INC.,
13
          Defendant.
14   _____
             **CONFIDENTIAL - ATTORNEYS' EYES ONLY**
15
          ZOOM DEPOSITION OF JAMES E. MALACKOWSKI
16
     (Reported Remotely via Video & Web Videoconference)
17
            Miami, Florida (Deponent's location)
18
                  Monday, January 30, 2022
19
                         Volume 1
20
     STENOGRAPHICALLY REPORTED BY:
21   REBECCA L. ROMANO, RPR, CSR, CCR
     California CSR No. 12546
22   Nevada CCR No. 827
     Oregon CSR No. 20-0466
23   Washington CCR No. 3491
24   JOB NO. 5686085
25   PAGES 1 - 297
```

Page 1

| | | |
|---|---|---|
| 1 | this technology into its products" -- that -- | 04:04:51 |
| 2 | that's referring specifically to the hypothetical | |
| 3 | negotiation under Georgia-Pacific whereby Sonos | |
| 4 | would convey a bare patent license to Google? | |
| 5 |     A.   Correct.  It would be Google, if you want | 04:05:05 |
| 6 | to implement this technology, you need to have a | |
| 7 | license to this patent.  You need to pay a fee.  We | |
| 8 | know the value of such permission, because we can | |
| 9 | look under GP12 to market indicators of what that | |
| 10 | is worth. | 04:05:20 |
| 11 |     Q.   Although the -- the offerings of a | |
| 12 | third-party company IFTTT actually provides | |
| 13 | software, right, not just a bare patent license, | |
| 14 | correct? | |
| 15 |     A.   It does.  We talked about before lunch | 04:05:38 |
| 16 | the consideration of that and that the | |
| 17 | implementation cost of the software is de minimis, | |
| 18 | according to Mr. Bakewell, and so the revenue would | |
| 19 | represent the -- essentially the value. | |
| 20 |     And the custom and practice of this | 04:05:55 |
| 21 | industry and this licensee is to share on a revenue | |
| 22 | basis.  So all of that's factored into the very | |
| 23 | specific facts of this case. | |
| 24 |     Q.   Would -- would the implementation cost of | |
| 25 | the software to practice the '966 and the '885 have | 04:06:15 |

```
 1          I, Rebecca L. Romano, a Certified Shorthand
 2     Reporter of the State of California, do hereby
 3     certify:
 4          That the foregoing proceedings were taken
 5     before me remotely at the time and place herein set
 6     forth; that any deponents in the foregoing
 7     proceedings, prior to testifying, were administered
 8     an oath; that a record of the proceedings was made
 9     by me using machine shorthand which was thereafter
10     transcribed under my direction; that the foregoing
11     transcript is true record of the testimony given.
12          Further, that if the foregoing pertains to the
13     original transcript of a deposition in a Federal
14     Case, before completion of the proceedings, review
15     of the transcript [ ] was [X] was not requested.
16          I further certify I am neither financially
17     interested in the action nor a relative or employee
18     of any attorney or any party to this action.
19          IN WITNESS WHEREOF, I have this date
20     subscribed my name.
21     Dated:  February 2, 2023
22
23
                            _____
24
                            Rebecca L. Romano, RPR, CCR
25                          CSR. No 12546
```

Page 294