QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Sean Pak (Bar No. 219032)
  seanpak@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  James Judah (Bar No. 257112)
  jamesjudah@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
  Iman Lordgooei (Bar No. 251320)
  imanlordgooei@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

  Marc Kaplan *(pro hac vice)*
  marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone:     (312) 705-7400
Facsimile:     (312) 705-7401

*Attorneys for GOOGLE LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>　　　　Plaintiff and Counter-Defendant,<br><br>　　vs.<br><br>GOOGLE LLC,<br><br>　　　　Defendant and Counter-Claimant. | Case No. 3:20-cv-06754-WHA<br>Related to Case No. 3:21-cv-07559-WHA<br><br>**GOOGLE LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS MOTION *IN LIMINE* NO. 3 TO EXCLUDE PORTIONS OF THE EXPERT REPORT AND CERTAIN TESTIMONY OF MR. JAMES MALACKOWSKI AND DR. KEVIN ALMEROTH REGARDING GOOGLE'S NON-INFRINGING ALTERNATIVES** |

## I.   INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiff Google LLC ("Google") hereby requests to file under seal portions of its Motion *in Limine* No. 3 to Exclude Portions of The Expert Report And Certain Testimony of Mr. James Malackowski and Dr. Kevin Almeroth Regarding Google's Non-Infringing Alternatives ("Motion *in Limine* No. 3"). Specifically, Google requests an order granting leave to file under seal the portions of the document listed below:

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| Exhibit 3 to the Declaration of Jocelyn Ma in Support of Google's Motion *in Limine* No. 3 ("Exhibit 3") | Portions outlined in red boxes | Google |

## II.   LEGAL STANDARD

Civil Local Rule 79-5(c) provides that a party seeking to file its own documents under seal must file an administrative motion that articulates the applicable legal standard and reasons for keeping a document under seal, includes evidentiary support from a declaration where necessary, and provides a proposed order that is narrowly tailored to seal only the sealable material.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). In the Ninth Circuit, two different standards may apply to a request to seal a document – namely the "compelling reasons" standard or the "good cause" standard. *Blessing v. Plex Sys., Inc.*, No. 21-CV-05951-PJH, 2021 WL 6064006, at *12 (N.D. Cal. Dec. 22, 2021) (citing *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016)). "To seal records in connection with a 'dispositive' motion or a motion that 'more than tangentially relate[s] to the merits of a case,' 'compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure' are required." *Bronson v. Samsung Elecs. Am., Inc.*, No. C 18-02300 WHA, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019) (quoting *Kamakana*, 447 F.3d at 1178-79). "A particularized showing of 'good cause' under Federal Rule

of Civil Procedure 26(c), however, suffices to warrant sealing in connection with a non-dispositive motion." *Id.*

This Court has analyzed sealing requests in connection with motions *in limine* pursuant to the "good cause" standard for non-dispositive motions. *See, e.g.*, *Gearsource Holdings, LLC v. Google LLC*, No. 18-CV-03812-HSG, 2021 WL 1123630, at *2 (N.D. Cal. Feb. 24, 2021) ("Because Defendant's motion *in limine* is not a dispositive motion, the Court applies the lower good cause standard."); *Racies v. Quincy Bioscience, LLC*, No. 15-CV-00292-HSG, 2019 WL 8438448, at *1 (N.D. Cal. Dec. 16, 2019) ("Because the parties move to file documents related to their motions *in limine*, the Court will apply the lower good cause standard."); *TVIIM, LLC v. McAfee, Inc.*, No. 13-CV-04545-HSG, 2015 WL 3776424, at *2 (N.D. Cal. June 16, 2015) ("Because motions *in limine* are nondispositive motions, the Court applies the 'good cause' standard to the pending motions to seal.").

### III.   THE COURT SHOULD SEAL GOOGLE'S CONFIDENTIAL INFORMATION

Material that is confidential and could harm a litigant's competitive standing if disclosed may be sealed under the good cause standard. *See, e.g.*, *Skillz Platform Inc. v. AviaGames Inc.*, No. 21-CV-02436-BLF, 2022 WL 875654, at *2 (N.D. Cal. Mar. 24, 2022) (finding "good cause to file the documents and portions of documents at issue under seal given the sensitive financial and business information they contain"); *Dugan v. Lloyds TSB Bank, PLC*, No. 12-CV-02549-WHA NJV, 2013 WL 1435223, at *2 (N.D. Cal. Apr. 9, 2013) ("There may be 'good cause' to seal records that are privileged, contain trade secrets, contain confidential research, development or commercial information, or if disclosure of the information might harm a litigant's competitive standing.").

The portions of Exhibit 3 outlined in red boxes contain confidential and commercially sensitive information regarding Google's business operations, future plans, and cost of implementing changes for the accused products, including in connection with its non-infringing alternatives in this case. Public disclosure of this information would harm the Google's competitive standing and create a risk of injury by providing competitors with access to information that Google does not have similar access to about their competitors, allowing them to gain a competitive advantage in the marketplace. Declaration of Jocelyn Ma ("Ma Decl.") ¶ 3. If such information

were made public, Google's competitive standing would be significantly harmed. Google has therefore designated this information as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY under the protective order (Dkt. 92).

The portions of Exhibit 3 outlined in red boxes also contain confidential information regarding Google's highly sensitive financial and product revenue data, as well as figures from which a competitor could deduce Google's highly sensitive financial and product revenue data. Public disclosure of this information would harm the Google's competitive standing and create a risk of injury by providing competitors with access to information that Google does not have similar access to about their competitors, allowing them to gain a competitive advantage in the marketplace. Ma Decl. ¶ 4. If such information were made public, Google's competitive standing would be significantly harmed. Google has therefore designated this information as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY under the protective order (Dkt. 92). A less restrictive alternative than sealing these portions of Exhibit 3 would not be sufficient because the information sought to be sealed is Google's confidential and highly sensitive financial information but is necessary to support Google's Motion *in Limine* No. 3.

Google thus has good cause to keep such information under seal. *See, e.g.*, *Illumina, Inc. v. BGI Genomics Co.*, No. 19-CV-03770-WHO, 2021 WL 3122414, at *8 (N.D. Cal. July 23, 2021) (sealing information regarding "product development, commercialization, and R&D"); *Morawski v. Lightstorm Entm't, Inc.*, No. 11-10294, 2012 WL 12883814, at *2 (C.D. Cal. Dec. 10, 2012) ("The protection of proprietary business information and prospective business plans is a compelling reason to permit the filing of documents under seal."); *Arista Networks, Inc. v. Cisco Sys., Inc.*, No. 16-cv-00923-BLF, 2018 WL 2010622, *2-3 (N.D. Cal. Apr. 30, 2018) (sealing "highly confidential" information relating to litigant's "financial information and internal development strategies"); *Rodman v. Safeway, Inc.*, No. 11-cv-03003-JST, 2014 WL 12787874, *2 (N.D. Cal. Aug. 22, 2014) (sealing "internal, nonpublic information discussing [a litigant's] pricing strategy, business decisionmaking, and financial records").

## IV. CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court grant Google's Administrative Motion to File Under Seal Portions of its Motion *in Limine* No. 3.

DATED: April 25, 2023

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:  */s/ Sean Pak*
     Sean Pak

*Attorneys for GOOGLE LLC*

**ATTESTATION**

Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that, on April 26, 2023, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system and email.

DATED: April 26, 2023

By: */s/ Sean Pak*
    Sean Pak