QUINN EMANUEL URQUHART & SULLIVAN, LLP
Sean Pak (Bar No. 219032)
seanpak@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
James Judah (Bar No. 257112)
jamesjudah@quinnemanuel.com
Lindsay Cooper (Bar No. 287125)
lindsaycooper@quinnemanuel.com
Iman Lordgooei (Bar No. 251320)
imanlordgooei@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

Marc Kaplan *(pro hac vice)*
marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone:    (312) 705-7400
Facsimile:    (312) 705-7401

*Attorneys for GOOGLE, LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>SONOS, INC.,<br><br>　　　　　Defendant. | Case No. 3:20-cv-06754-WHA<br>Related to Case No. 3:21-cv-07559-WHA<br><br>**GOOGLE LLC'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE PORTIONS OF THE EXPERT REPORT AND CERTAIN TESTIMONY OF MR. JAMES MALACKOWSKI AND DR. KEVIN ALMEROTH REGARDING GOOGLE'S NON-INFRINGING ALTERNATIVES**<br><br>Date:　　　May 3, 2023<br>Time:　　　12:00 p.m.<br>Location:　Courtroom 12, 9th Floor<br>Judge:　　 Hon. William Alsup |

This motion *in limine* addresses aspects of Mr. James Malackowski's damages opinions regarding Google's non-infringing alternatives for U.S. Patent Nos. 10,848,885 (the "'885 patent") and 10,469,966 (the "'966 patent"), as well as Dr. Kevin Almeroth's opinion to the extent Mr. Malackowski relies on it.

## I. INTRODUCTION

Dr. Almeroth's and Mr. Malackowski's opinions that Google's non-infringing alternatives are not viable because they infringe other unasserted Sonos patents should be excluded under FRE 402 and 403 because neither expert has even identified any such patents, much less conducted an infringement analysis.

## II. STATEMENT OF THE ISSUES TO BE DECIDED

Should Dr. Almeroth's and Mr. Malackowski's opinions regarding the viability of Google's non-infringing alternatives for the '885 and '966 patents be excluded under FRE 402 and 403?

## III. STATEMENT OF RELEVANT FACTS

Dr. Almeroth opines that Google's non-infringing alternatives for the '885 and '966 patents—specifically, the "no standalone mode," "no overlapping groups" and no "common theme" alternatives—are not viable because "Sonos has many other patents directed to technology for grouping 'zone players' together for synchronous playback." Ex. 1 (Alm. Rep.) ¶¶ 766, 777; Ex. 2 (Alm Reply) ¶ 277 at 106.  Mr. Malackowski relies on Dr. Almeroth's opinion to rebut the cost approach that Google's expert utilizes to calculate damages for the '885 and '966 patents.  Ex. 3 (Mal Rep.) at 129-130.  However, neither Mr. Malackowski nor Dr. Almeroth identify these patents or provide any supporting infringement analysis.

## IV. LEGAL STANDARD

An expert may offer opinions at trial only if "(1) [his] scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (2) the testimony is based on sufficient facts or data; (3) the testimony is the product of reliable principles and methods; and (4) [he] has reliably applied the principles and methods to the facts of the case." FRE 702.  The party seeking to admit expert testimony bears the burden of proving its admissibility. *Lust By & Through Lust v. Merrell Dow Pharm., Inc.*, 89 F.3d 594, 598 (9th Cir.

1996). To be admissible, opinions regarding a reasonable royalty rate must "carefully tie proof of damages to the claimed invention's footprint in the market place." *Uniloc*, 632 F.3d at 1317.

## V.   ARGUMENT

Dr. Almeroth's opinion that Google's non-infringing alternatives are not viable because they may infringe other unidentified and unasserted Sonos patents should be excluded under FRE 402 and 403. *See* Ex. 1 (Almeroth Rep.) ¶¶ 93, 766, 777. Mr. Malackowski's reliance on Dr. Almeroth's opinions should be excluded as well. Ex. 3 (Mal. Rep.) at 129-130.

A case from this district is directly on point. In *MEMC Elec. Materials v. Mitsubishi Materials Silicon Corp.*, 2004 WL 5363616, at *3 (N.D. Cal. Mar. 2, 2004), the court refused to let plaintiff introduce an unasserted patent to rebut defendant's non-infringing alternatives under FRE 402, particularly since plaintiff never sought to amend its complaint to assert the patent, never exchanged claim charts alleging infringement of the patent, and the court had not construed the claims of the patent. The court held that evidence regarding the unasserted patent was irrelevant, and that if it were to permit such evidence the court "would essentially be forced to conduct a trial within a trial in order to properly adjudicate these new allegations of infringement." *Id*. In fact, Sonos's position is even weaker than the patentee's in *MEMC* because there the patentee identified a specific patent it claimed defendant's non-infringing alternative infringed. Here, Sonos has not identified any such patent. Ex. _1 (Alm. Rep.) ¶¶ 766, 777; Ex. 2 (Alm. Reply) ¶ 277.

Dr. Almeroth's and Mr. Malackowski's opinions should likewise be excluded under FRE 403 because allowing Sonos's experts to testify that Google infringes unidentified and unasserted Sonos patents would unfairly prejudice Google, confuse the issues, mislead the jury and waste time. Considering similar facts, cases have excluded similar testimony on FRE 403 grounds. *Cutsforth, Inc. v. Westinghouse Air Brake Techs. Corp*, 2022 WL 228278, at *1 (W.D. Pa. Jan. 26, 2022) (excluding similar testimony under FRE 403 because it would require a "separate proceeding on the merits…to determine whether a non-accused product infringes the non-asserted patents."); *ViaSat, Inc. v. Space Sys./Loral, Inc.*, 2014 WL 11813868, at *1 (S.D. Cal. Feb. 21, 2014) (excluding similar testimony under FRE 403 because the unasserted patents "have not been subject to claim construction, and SS/L has not had an opportunity to challenge their validity").

## VI. CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court exclude any opinions or testimony from Sonos's experts Mr. Malackowski and Dr. Almeroth that Google's non-infringing alternatives for the '885 and '966 patents are not viable because they infringe other unasserted Sonos patents, as described herein.

DATED: April 13, 2023

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ Sean Pak
Sean Pak
Melissa Baily
James D. Judah
Lindsay Cooper
Marc Kaplan
Iman Lordgooei

*Attorneys for GOOGLE, LLC*

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that, on April 13, 2023, all counsel of record who have appeared in this case are being served with a copy of the foregoing via email.

          */s/ Sean Pak*
          Sean Pak