CLEMENT SETH ROBERTS (SBN 209203)
croberts@orrick.com
BAS DE BLANK (SBN 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (SBN 260103)
acaridis@orrick.com
EVAN D. BREWER (SBN 304411)
ebrewer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

SEAN M. SULLIVAN (*pro hac vice*)
sullivan@ls3ip.com
J. DAN SMITH (*pro hac vice*)
smith@ls3ip.com
MICHAEL P. BOYEA (*pro hac vice*)
boyea@ls3ip.com
COLE B. RICHTER (*pro hac vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:    +1 312 754 0002
Facsimile:    +1 312 754 0003

*Attorneys for Sonos, Inc.*

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
   Sean Pak (Bar No. 219032)
   seanpak@quinnemanuel.com
   Melissa Baily (Bar No. 237649)
   melissabaily@quinnemanuel.com
   James Judah (Bar No. 257112)
   jamesjudah@quinnemanuel.com
   Lindsay Cooper (Bar No. 287125)
   lindsaycooper@quinnemanuel.com
   Iman Lordgooei (Bar No. 251320)
   imanlordgooei@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

   Marc Kaplan *(pro hac vice)*
   marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone:    (312) 705-7400
Facsimile:    (312) 705-7401

*Attorneys for GOOGLE, LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>  Plaintiff and Counter-Defendant,<br><br>  v.<br><br>GOOGLE LLC,<br><br>  Defendant and Counter-Claimant. | Case No. 3:20-cv-06754-WHA<br>Related to Case No. 3:21-cv-07559-WHA<br><br>**[PROPOSED] JOINT FINAL PRETRIAL ORDER**<br><br>Judge: Hon. William Alsup<br>Pretrial Conf.: May 3, 2023<br>Time: 12:00 p.m.<br>Courtroom: 12, 19th Floor<br>Trial Date: May 8, 2023 |

Pursuant to Paragraph 2 of the Court's Guidelines for Trial and Final Pretrial Conference in Civil Jury Cases Before the Honorable William Alsup, Plaintiff and Counter-Defendant Sonos, Inc. ("Sonos") and Defendant and Counter-Claimant Google LLC ("Google") hereby submit this [Proposed] Joint Final Pretrial Order.

## I. PARTIES

The Parties to this action are Sonos, Inc., a Delaware corporation with its principal place of business at 614 Chapala Street, Santa Barbara, California 93101, and Google LLC, a Delaware limited liability corporation with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, CA 94043.

## II. SUBSTANCE OF THE CLAIMS AND DEFENSES

This is an action for patent infringement and for declaratory judgment of non-infringement and invalidity, arising under the Patent Act, 35 U.S.C. § 1 et seq. Sonos alleges that Google directly and indirectly infringes the following Sonos patents pursuant to 35 U.S.C. §§ 271(a), 271(b), 271(c), and 271(f)(1)-(2): U.S. Patent No. 10,848,885 ("the '885 patent") and U.S. Patent No. 10,469,966 ("the '966 patent"). Collectively, these patents are referred to as the "Asserted Patents." Sonos asserts claim 1 of the '885 patent and claims 1, 2, 4, 6, and 8 of the '966 patent. Collectively, these claims are referred to as the "Asserted Claims." Sonos also alleges that Google's infringement of the '966 patent is willful. The Court already determined that certain Google products infringe claim 1 of the '885 patent, but that that infringement was not willful. Google denies that it infringes the '966 patent, or that the alleged infringement is willful.

Google contends that the '885 patent and the '966 patent are invalid. Sonos disputes this and contends that the Asserted Claims are not invalid.

The Court has original jurisdiction over the patent claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

### A. Sonos's Position

During the Court's Patent Showdown, Sonos moved for summary judgment of infringement of claim 1 the '885 patent, and Google cross-moved (1) for summary judgment of

noninfringement and invalidity of that claim and (2) for summary judgment of noninfringement and invalidity of claim 13 of the '615 patent.[1] Dkt. 309 at 1. In opposition to Sonos's motion for summary judgment of infringement, Google argued that claim 1 of the '885 patent was invalid under 35 U.S.C. §§ 101 and 112. *Id.* at 11, 14.

The Court granted Sonos's motion for summary judgment of infringement of claim 1 of the '885 patent, rejecting Google's noninfringement arguments as well as Google's invalidity theories based on § 101 and § 112. *Id.* at 11, 17. The Court found that certain prior versions of Google's Chromecast, Chromecast Ultra, Chromecast with Google TV, Home, Home Mini, Home Max, Nest Audio, Nest Mini, Nest Hub (a/k/a Home Hub), Nest Hub Max, and Nest Wifi Point products infringe claim 1 of the '885 patent. The Court has since held that Google may present invalidity claims regarding the '885 patent based on § 102 and § 103 at trial. Since the Court's finding that Google's products infringe claim 1 of the '885 patent, Google claims that it has introduced new versions of those products that avoid infringement going forward. Sonos maintains that Google's new versions still infringe claim 1 of the '885 patent, and the parties will try this issue to the jury.

At trial, Sonos will prove (1) that Google's new version of its infringing products continue to infringe claim 1 of the '885 patent, (2) Google's infringement of claims 1, 2, 4, 6, and 8 of the '966 patent (3) Sonos's claim that Google's infringement of the '966 patent is willful, and (4) Sonos's claim for damages. Google, in turn, will present Google's invalidity defenses to the '885 and '966 patents.

Sonos maintains that Google does not have a properly disclosed derivation defense.

Google's affirmative defenses, other than invalidity and noninfringement, will be tried to the Court following the jury trial.

### B. Google's Position

During the Court's Patent Showdown, Google moved for summary judgment of (1) non-infringement and invalidity of claim 13 of the '615 patent, and (2) non-infringement of claim 1 of

---

[1] The Court granted in substantial part Google's motion for summary judgment of non-infringement and invalidity of claim 13 of the '615 patent. Dkt. 316 at 1, 17. Based on that ruling, no claims or defenses related to the '615 patent will be tried.

the '885 patent. *See* Dkts. 211, 222. The Court granted Google's summary judgment motion with respect to claim 13 of the '615 patent, finding it both invalid and not infringed. *See* Dkt. 316. The Court also granted Sonos's motion for summary judgment of infringement of claim 1 of the '885 patent. Google raised as a defense that claim 1 was invalid under § 101 and § 112, but the court did not find invalidity as a matter of law. Dkt. 309 at 11, 17. Sonos then disputed whether Google could present invalidity arguments based on § 102 and § 103 at trial (Dkt. 349), and the Court held that Google may present invalidity arguments based on § 102 and § 103 at trial. *See* Dkt. 539. The Court then granted summary judgment of invalidity of U.S. Patent No. 10,779,033 ("the '033 patent") and of no willfulness with respect to infringement of the '885 patent. Dkt. 232.

At trial, Google will prove that (1) the accused products do not infringe any asserted claim of the '966 patent, (2) the redesigned versions of its accused products do not infringe claim 1 of the '885 patent or any asserted claim of the '966 patent; (3) the '885 and '966 patents are invalid, (4) Google's alleged infringement of the '966 patent is not willful, and (5) Sonos is not entitled to its claimed damages.

Google will present prosecution history estoppel, equitable estoppel, waiver, implied license, and prosecution laches affirmative defenses to Sonos's infringement claims. Google's estoppel, waiver, and implied license defenses are for the Court to decide. *See, e.g.*, *Oracle Am., Inc. v. Google Inc.*, No. C 10-03561 WHA, 2012 WL 1965778, at *1 (N.D. Cal. May 31, 2012).

Google also disputes that Sonos is entitled to an injunction and will demonstrate to the Court that Sonos has failed to suffer any irreparable injury and that monetary damages (to the extent they are awarded) are adequate to compensate for any alleged injury, including because Sonos does not practice the '966 patent.

### III. STATEMENT OF ALL RELIEF SOUGHT

#### A. Sonos's Position

For purposes of this trial, Sonos seeks a judgment (1) that Google directly, indirectly, and contributorily infringes the asserted claims of the '966 patent and that Google's newer products directly infringe claim 1 of the '885 patent (2) that the asserted claims of the '885 patent and the

'966 patent are not invalid, (3) that Google's infringement of the '966 patent is willful, (4) an award of monetary damages for Google's infringement in an amount no less than a reasonable royalty, (5) supplemental damages and ongoing royalties for Google's continued infringement, (6) an enhancement of damages on account of Google's willful infringement, (7) an injunction enjoining Google, its officers, agents, servants, employees and attorneys, and other persons in active concert or participation with Google, and its parents, subsidiaries, divisions, successors and assigns, from further infringement of the Asserted Patents, (8) a finding that the case is exceptional and an award of reasonable attorneys' fees to Sonos, (9) costs and expenses in this action, (10) an award of prejudgment and post-judgment interest, and (11) such other and further relief as the Court may deem just and proper.

With respect to the '885 patent, the Court has already determined infringement in Sonos's favor, and has partially determined validity in Sonos's favor. Remaining to be tried are (1) whether the newer versions of Google's accused products infringe Claim 1 of the '885 patent and (2) Google's invalidity claims based on anticipation and obviousness. With respect to the '966 patent, the jury will be asked to determine whether computing devices with the Google Home App, YouTube Music app, or Google Play Music app installed thereon infringe, directly or indirectly.

The jury will also hear Google's claim that the '966 patent is invalid as obvious. The jury will also be asked to determine an award of damages to compensate for Google's infringement, and to determine whether Google's infringement of the '966 patent was willful.

If the jury awards a per-unit royalty, the jury's damages award would run through September 30, 2022 for the '885 patent and through November 15, 2022 for the '966 patent. Google has not produced the information necessary to calculate damages from September 30, 2022 for the '885 patent or November 15, 2022 for the '966 patent, forward. Sonos will be entitled to an accounting of damages from those dates through the date of the verdict, and an award of ongoing royalties from the verdict through expiration of the patents.

Sonos will also seek a judgment that Google still infringes the '885 and '966 patents via newer versions of its products, that Sonos is entitled to damages for that infringement, and that

1   Google's continued infringement is willful.

2   Sonos does not agree that Google has any properly disclosed derivation defense.

3   Sonos further contests whether Google's invalidity expert, Dr. Dan Schonfeld, may testify to new opinions disclosed in his supplemental report first served on April 14, 2023. Google's late disclosure prevented Sonos from filing a noticed motion to strike. Sonos will be prepared to address this issue at the pretrial conference.

The Court will decide whether enhanced damages should also be awarded. The remaining relief sought will be determined by the Court, not the jury, after the jury returns its verdict on infringement, invalidity, willfulness, and damages.

### B. Google's Position

For purposes of this trial, Google seeks a judgment (1) that the accused products do not infringe the asserted claims of the '966 patent, (2) that any such infringement was not willful, (3) that the redesigned versions of the accused products do not infringe the claim 1 of the '885 patent or any asserted claim of the '966 patent, (4) that the asserted claims of the '885 patent and the '966 patent are invalid, (5) that Sonos is not entitled to its claimed damages or any damages; (6) that this case is exceptional under 35 U.S.C. § 285, (7) that Google is entitled to attorneys' fees incurred by Google, (8) that Google is entitled to costs and expenses in this action, and (9) such other and further relief as the Court may deem just and proper.

With respect to the '885 and '966, patents, the jury will be asked to determine invalidity. With respect to the '966 patent, the jury will be asked to determine non-infringement, willfulness, and damages (if applicable). The remaining relief sought will be determined by the Court, not the jury, after the jury returns its verdict on non-infringement, invalidity, willfulness, and damages (if applicable)—including whether Google's affirmative defenses of prosecution laches, unclean hands, estoppel, waiver, and implied license defenses are meritorious, and whether Sonos is entitled to an injunction. Google will also seek a judgment that Google does not infringe the '885 and '966 with respect to the redesigned version of the accused products.

For the first time in this pretrial order, Sonos attempts to add two new accused products for the '966 patent, the YouTube Music app and the Google Play Music app. These are not and

never have been accused products. Sonos did not list these apps as accused products in its infringement contentions, and the Court should reject its extremely belated effort to add them to the case now.

Google maintains that no damages should be awarded. But to the extent that the jury finds that damages are warranted, any award should be in the form of a lump sum payment that encompasses all past and future infringement of the '885 and '966 patents. Even if the jury finds that the prior versions of the accused products infringe claim 1 of the '885 patent and the asserted claims of the '966 patent, the redesign that Google implemented precludes any ongoing damages for Google's redesigned products through the expiration of the patents.

Sonos contests whether Google's invalidity expert, Dr. Schonfeld, may testify to opinions he disclosed in a supplemental reply report served on April 14, 2023. This supplemental reply report was required so that Dr. Schonfeld could respond to new opinions that Sonos's expert, Dr. Almeroth, was permitted to serve after the Court held that the issue of invalidity of claim 1 of the '885 patent would be an issue for trial. Dkt. 539 (permitting '885 patent claim 1 invalidity arguments); Dkt. 542 (permitting supplemental rebuttal report). Because Dr. Almeroth's rebuttal opinions were therefore not previously disclosed, Dr. Schonfeld never had an opportunity to reply to those opinions, as he would have been under the Court's original scheduling order. Sonos claims it would have moved to strike this report, but despite Google's requests to meet and confer regarding the supplemental reply report, Sonos never responded. As a result, Sonos's objections—which constituted four short bullets and did not specifically identify any objectionable material or paragraphs in Dr. Schonfeld's report—remain ambiguous. Google seeks to resolve any dispute regarding the supplemental reply report cooperatively with Sonos and remains ready to meet and confer on this issue.

IV. **UNDISPUTED OR STIPULATED FACTS**

For purposes of trial, the undisputed facts are as follows:

1. Sonos, Inc. is a Delaware corporation with its principal place of business at 614 Chapala Street, Santa Barbara, California 93101.
2. Google LLC is a Delaware limited liability corporation with its principal place of

business at 1600 Amphitheatre Parkway, Mountain View, CA 94043.

3. Sonos is the current assignee of the '885 patent and the '966 patent.

4. The named inventor of the '885 patent and the '966 patent is Robert A. Lambourne.

5. On July 1, 2022, the Court held that Google's Chromecast, Chromecast Ultra, Chromecast with Google TV, Home, Home Mini, Home Max, Nest Audio, Nest Mini, Nest Hub (a/k/a Home Hub), Nest Hub Max, and Nest Wifi Point products infringed Claim 1 of the '885 patent.

6. The '885 patent issued on November 24, 2020 and claims priority, through a series of patent applications, to U.S. Provisional No. 60,825,407 (the "'407 Provisional") filed on September 12, 2006.

7. The '966 patent issued on November 5, 2019 and also claims priority, through a series of patent applications, to the '407 Provisional.

8. The hypothetical negotiation for the '966 patent would have taken place in November 2019.

9. The hypothetical negotiation for the '885 patent would have taken place in November 2020.

V. **FACTUAL ISSUES THAT REMAIN TO BE TRIED**

　A. **Sonos's Position**

The factual issues that remain to be tried are as follows:

1. Whether Google's new version of its accused products still infringe Claim 1 of the '885 patent.

2. Whether Claim 1 of the '885 patent is anticipated by prior art.

3. Whether Claim 1 of the '885 patent is obvious in view of the prior art.

4. Whether Google infringes any of Claims 1, 2, 4, 6, and 8 of the '966 patent via its prior version of the accused products.

5. Whether Google infringes any of Claims 1, 2, 4, 6, and 8 of the '966 patent via its new version of the accused products.

6. Whether Google's infringement of any of Claims 1, 2, 4, 6, and 8 of the '966 patent is willful.

7. Whether any of Claims 1, 2, 4, 6, and 8 of the '966 patent are obvious in view of the prior art.

8. The amount of damages adequate to compensate Sonos for Google's infringement.

### B. Google's Position

The factual issues that remain to be tried are as follows:

1. Whether Claim 1 of the '885 patent is anticipated by prior art.

2. Whether Claim 1 of the '885 patent is obvious in view of the prior art.

3. Whether Claim 1 of the '885 patent is invalid by way of derivation.

4. Whether the accused products infringe Claims 1, 2, 4, 6, and 8 of the '966 patent.

5. Whether Google's alleged infringement of any of Claims 1, 2, 4, 6, and 8 of the '966 patent is willful.

6. Whether Claims 1, 2, 4, 6, and 8 of the '966 patent are obvious in view of the prior art.

7. Whether Claims 1, 2, 4, 6, and 8 of the '966 patent are invalid by way of derivation.

8. Whether Sonos is entitled to any damages for Google's alleged infringement.

9. Whether Google's redesigned products infringe Claim 1 of the '885 patent or infringe Claims 1, 2, 4, 6, and 8 of the '966 patent.

10. If Sonos is entitled to damages, the amount of those damages.

## VI. ESTIMATE OF TRIAL TIME

The Parties request that the Court allow 14 hours of trial time per side, not including jury selection, voir dire, jury instructions, opening statements, and closing statements. Sonos requests that the Court allow no more than 30 minutes per side for opening statements and no more than 60 minutes per side for closing arguments. Google requests that there be no more than 45 minutes per side for opening statements and no more than 75 minutes per side for closing arguments.

### VII. STIPULATIONS REGARDING THE TIMELY EXCHANGE OF EVIDENCE

The following stipulations regarding the exchange of evidence were agreed upon by the parties and are made a part of this Pretrial Order:

#### A. Witnesses and Exhibits or Demonstratives

**1. Witnesses.** Each party will provide notice, by email, no later than 4:00 p.m. each day, of all witnesses intended to be presented live or by deposition two calendar days later at trial. For example, if a witness will testify live on a Thursday, the presenting party must identify the witness by 4:00 p.m. on Tuesday. Such notice must indicate the intended order of call and whether the witness will be presented live or by deposition.

**2. Exhibits Used on Direct Examination of Witnesses**. Each party will provide, by email, a list of all exhibits expected to be used during direct examination no later than 5:00 p.m. one calendar day before such intended use, and the receiving party shall provide objections to such exhibits by 8:00 p.m. that evening. Any objection not raised before the parties' meet-and-confer is waived. The parties' disclosures will reflect a good faith determination of the exhibits that will be used with a particular witness, and reasonable efforts will be made to streamline disclosures such that they include few, if any, exhibits that do not ultimately get used. The disclosing party may minimally supplement its direct exhibits in response to the receiving party's disclosure of cross-examination exhibits by 7:00 p.m. The parties will then meet and confer regarding all objections by 9:00 p.m. that same evening.

No exhibit will be admitted unless offered into evidence through a witness, who must at least be shown the exhibit and testify about it. Exhibits with noted objections may not be published, displayed, or otherwise shown to the jury until after they have been admitted into evidence.

**3. Exhibits Used on Cross Examination of Witnesses**. Each party will provide, by email, a list of all exhibits expected to be used during cross examination (except for those to be used for impeachment) no later than 6:00 p.m. one calendar day before such intended use, and the receiving party shall provide objections to such exhibits by 8:00 p.m. that evening. Any objection not raised before the parties' meet-and-confer is waived. The parties' disclosures will reflect a

good faith determination of the exhibits that will be used with a particular witness, and reasonable efforts will be made to streamline disclosures such that they include few, if any, exhibits that do not ultimately get used. The parties will then meet and confer regarding all objections by 9:00 p.m. that same evening.

No exhibit will be admitted unless offered into evidence through a witness, who must at least be shown the exhibit and testify about it. Exhibits with noted objections may not be published, displayed, or otherwise shown to the jury until after they have been admitted into evidence.

**4.     Demonstratives for Direct Examination**. By no later than 5:00 p.m. one calendar day before a witness is called, the party calling the witness (the "disclosing party") will provide to the other party (the "receiving party"), by email, copies of all demonstrative exhibits that the disclosing party anticipates using on direct examination. The receiving party will provide objections to such demonstratives by 8:00 p.m. that evening. Any objection not raised before the parties' meet-and-confer is waived. The parties will then meet and confer regarding all objections by 9:00 p.m. that same evening. The receiving party will not use a demonstrative exhibit before the disclosing party uses it. Demonstratives previously displayed during the trial need not be disclosed again.

**5.     Physical and/or Live Exhibits and Demonstratives**. The parties will make available for inspection all physical or live exhibits or demonstratives that they plan to use during direct examination or during opening statements by 7:00 p.m. two nights before their intended use by sending pictures and then making the physical item available for inspection. The parties will exchange objections to these physical or live exhibits or demonstratives by 8:00 p.m. one night before their intended use. Any objection not raised before the parties' meet-and-confer is waived. The parties will then meet and confer regarding all objections by 9:00 p.m. that same evening. Demonstratives previously displayed during the trial need not be disclosed again.

**6.     Non-Substantive Edits to Demonstratives**. The parties may make reasonable, non-substantive edits or corrections of typographical and similar errors to a demonstrative provided that the edited demonstrative is disclosed before its first use.

**7.    Demonstratives that Do Not Require Disclosure**. The disclosure stipulations above do not apply to (a) demonstratives used for cross-examination only; (b) demonstratives created in the courtroom during trial; and (c) the enlargement, highlighting, ballooning, underlining, or the like, of trial exhibits or transcripts of trial testimony, or transcripts of deposition testimony for which objections have been cleared.

**8.    Demonstratives Created in the Courtroom**. A party who creates a demonstrative in the courtroom must provide the other party with a photograph or other electronic file of the demonstrative by 6:00 p.m. the same day.

**9.    No Advance Notification**. The parties do not need to provide notice of exhibits or demonstratives to be used for impeachment or to be used during closing argument.

**10.    Presenting Disputes To The Court**.  Sonos proposes that, to the extent the parties are unable to resolve objections through the meet and confer process, the parties will file short briefs (not to exceed 4 pages each, single spaced) no later than 11:30 p.m. the night before the witness/exhibit/demonstrative will be presented, identifying any disputes the parties request the Court to address.  Google proposes that to the extent the parties are unable to resolve objections through the meet-and-confer process, the parties raise the disputes with the Court at 7:30 a.m. during the morning's *in limine* proceedings.

**B.    Deposition Designations and Discovery Responses**

The parties agree to the following procedures for the disclosure of deposition designations and Request for Admission or Interrogatory responses, which are in line with paragraphs 20 and 21 of the Court's Guidelines for Trial and Final Pretrial Conference in Civil Jury Cases before the Honorable William Alsup:

By at least 6:00 p.m. on the fifth calendar day before each trial day, the parties shall provide the "finished packet" of deposition designations to all other parties for the trial day in question, pursuant to paragraph 20(a) of the Court's Guidelines for Trial and Final Pretrial Conference in Civil Jury Cases before the Honorable William Alsup.  Also by at least 6:00 p.m. on the fifth calendar day before each trial day, the parties shall provide a list of Requests for Admission or Interrogatory responses that the party intends to present on the trial day in question.

By at least 6:00 p.m. on the fourth calendar day before each trial day, all other parties must return the "adjusted packet" of deposition designations, along with any counter-designations, to the designating party for the trial day in question, pursuant to paragraphs 20(b)-(d) of the Court's Guidelines for Trial and Final Pretrial Conference in Civil Jury Cases before the Honorable William Alsup.  Also by at least 6:00 p.m. on the fourth calendar day before each trial day, all other parties shall provide any objections to the designating party's list of Requests for Admission or Interrogatory responses that the designating party intends to present on the trial day in question.

At 6:00 p.m. on the third calendar day before each trial day, the parties must meet and confer on their positions or objections regarding deposition designations and Requests for Admission or Interrogatory responses, pursuant to paragraphs 20(c) and 21 of the Court's Guidelines for Trial and Final Pretrial Conference in Civil Jury Cases before the Honorable William Alsup.

### C.   Opening Statement Demonstratives

The parties agree to the following procedure for the disclosure of "any visuals, graphics or exhibits to be used in the opening statements" ("Opening Demonstratives"), pursuant to paragraph 10 of the Court's Guidelines for Trial and Final Pretrial Conference in Civil Jury Cases before the Honorable William Alsup.

By no later than 9:00 a.m. on the Sunday before opening statements (i.e., Sunday, May 7, 2023), the Parties will exchange, by email, lists of (a) any exhibits that the party intends to publish in its opening statement and (b) copies of any demonstrative exhibits that the party intends to use in its opening statement.  If a party intends to create a demonstrative during the opening statement itself, a mock-up of such demonstrative conveying all the details and substance of the demonstrative to be created during the opening statement must be disclosed at the same time as the other opening statement demonstratives.  Any physical demonstratives, including any poster boards, must be made available for inspection at the same time and photos or electronic images of the physical demonstratives must be disclosed at the same time along with the other demonstratives.  The parties will use their best efforts to limit the exchange to exhibits and

demonstratives the party actually expects to publish.

By no later than 1:00 p.m. on the Sunday before opening statements (i.e., Sunday, May 7, 2023), the Parties agree to exchange written notice of any objections to Opening Demonstratives. By no later than 3:00 p.m. that same day, the parties will meet and confer to resolve any objections.

Sonos proposes that, to the extent the parties do not agree, the parties will file short briefs (not to exceed 4 pages each, single spaced) no later than 9:00 p.m. on the Sunday before opening statements (i.e., Sunday, May 7, 2023), identifying any disputes the parties request the Court to address on the morning of the first day of trial, Monday, May 8, 2023.

Google proposes that to the extent the parties are unable to resolve objections through the meet and confer process, the parties raise the disputes with the Court on the morning of the first day of trial, Monday, May 8, 2023.

Neither party will use the opposing party's demonstratives in their opening statement.

## VIII. STIPULATED MOTIONS *IN LIMINE*

The parties respectfully move *in limine* for the entry of an order *in limine* precluding the parties from making any of the following arguments or introducing any evidence in regard to the following subjects within the hearing of any member of the jury panel (including in voir dire), without counsel first approaching the bench and securing a ruling on admissibility:

1. Neither party will reference any other proceedings or litigation between the parties (including, without limitation, ITC, PTAB, and foreign litigation). However, this does not preclude the parties from using written discovery, deposition testimony, or hearing transcripts from other litigation that the parties previously agreed to cross-use in this case, or referencing licensing discussions between the parties.
2. Neither party will make any reference to the absence of any witness from trial.
3. Neither party will reference or argue any alleged "copying" of its technology by the other party.
4. Exclude references to religious beliefs, political opinions, and national origin (i.e., where the parties manufacture their products).

5. Neither party will reference the number of attorneys appearing on behalf of a party or the size of the law firms representing the parties.

6. Exclude evidence, argument, or testimony regarding the use of jury consultants, jury focus groups, mock juries, or shadow juries.

7. Exclude evidence, argument, or testimony that Google needed to seek an opinion of counsel regarding infringement.

8. Exclude argument that Amazon, Apple, Spotify, and/or other third parties also infringe the asserted patents but Sonos had to sue Google first because Sonos has limited resources.

9. Exclude evidence or argument regarding unrelated domestic and international legal proceedings involving Google such as government investigations and unasserted claims against Google such as antitrust claims.

10. Exclude evidence, argument, or reference to Google as having a "monopoly" or being a "monopolist."

11. Neither parties' damages expert will offer testimony at trial opining on the ultimate issues of validity and infringement.  However, this does not prevent either parties' damages expert from testifying that he assumed the patents are valid and infringed for purposes of the hypothetical negotiation, or testifying that he is relying on opinions from the technical experts.

## IX. JOINT EXHIBIT LIST

The Parties' joint exhibit list, in numerical order, including: a brief description of the exhibit and Bates numbers; a column for when it is offered in evidence; a column for when it is received in evidence; and a column for any limitations on its use, is attached hereto as Appendix A.

## X. EACH PARTY'S SEPARATE WITNESS LISTS

Each party's separate witness lists for its case-in-chief witnesses (including those appearing by deposition) providing, for all such witnesses, a statement of the substance of his/her testimony and, separately, what, if any, non-cumulative testimony the witness will give, are

attached hereto as Appendices B (for Sonos) and C (for Google).

Sonos maintains its objection served on April 24, 2023 to Google's inclusion of Tim Kowalski, who was not included in Google's initial disclosures or initial witness list and has not been deposed in this case.

Google maintains that it would be appropriate to call Mr. Kowalski at trial and objects to Sonos's inclusion of this issue in the pretrial order. If Sonos takes issue with a witness on Google's amended witness list, Sonos should have served objections pursuant to Fed. R. Civ. P. 26(a)(3)(B)—but failed to do so. In addition, Sonos had ample opportunity to depose Mr. Kowalski during the appropriate time period. Not only was Mr. Kowalski deposed in the ITC matter and disclosed in Mr. Bakewell's June 2022 expert report, Sonos itself listed Mr. Kowalski on its initial disclosures years ago on November 12, 2021. And as stated in Google's initial disclosures, Google "incorporate[d] by reference the witnesses . . . disclosed by Sonos in its Initial Disclosures[.]" Moreover, Sonos also included several individuals on its witness list that were not on its initial disclosures.

### XI.    JOINT PROPOSED VOIR DIRE

The Parties' joint proposed voir dire is attached hereto as Appendix D.

### XII.   EACH PARTY'S PROPOSED VERDICT FORM

Each party's proposed verdict form is attached hereto as Appendices E (for Sonos) and F (for Google).

1  Dated: April 26, 2023

ORRICK HERRINGTON & SUTCLIFFE LLP
*and*
LEE SULLIVAN SHEA & SMITH LLP

By: /s/ *Clement Seth Roberts*
       Clement Seth Roberts

*Attorneys for Sonos, Inc.*


QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ *Sean Pak*
       Sean Pak
       Melissa Baily
       James D. Judah
       Lindsay Cooper
       Marc Kaplan
       Iman Lordgooei

*Attorneys for GOOGLE, LLC*

## ECF ATTESTATION

I, Clement S. Roberts, am the ECF User whose ID and password are being used to file this Joint Final Pretrial Order. In compliance with Civil Local Rule 5-1, I hereby attest that Sean Pak, counsel for Google, has concurred in this filing.

Dated: April 26, 2023

By: /s/ Clement S. Roberts
Clement S. Roberts