# APPENDIX F

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Sean Pak (Bar No. 219032)
  seanpak@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  James Judah (Bar No. 257112)
  jamesjudah@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
  Iman Lordgooei (Bar No. 251320)
  imanlordgooei@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

  Marc Kaplan *(pro hac vice)*
  marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone:     (312) 705-7400
Facsimile:     (312) 705-7401

*Attorneys for GOOGLE LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>        Plaintiff and Counter-defendant,<br><br>    v.<br><br>GOOGLE LLC,<br><br>        Defendant and Counter-claimant. | Case No. 3:20-cv-06754-WHA<br>Related to Case No. 3:21-cv-07559-WHA<br><br>**GOOGLE LLC'S PROPOSED<br>VERDICT FORM**<br><br>Judge:  Hon. William Alsup<br>Pretrial Conf.:  May 3, 2023<br>Time:  12:00 p.m.<br>Courtroom:  12, 19th Floor<br>Trial Date: May 8, 2023 |

**VERDICT FORM**

When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout this Verdict Form and the final jury instructions.  Your answer to each question must be unanimous.

We, the jury, unanimously agree to the answers to the following questions and return them under the instructions of this court as our verdict in this case.


**U.S. PATENT NO. 10,848,885  ("'885 PATENT")**

1.   Has Sonos proven by a preponderance of the evidence that Google's redesigned products infringe Claim 1 of the '885 patent?   *A "yes" is a finding for Sonos, a "no" is a finding for Google.*

**YES** _____          **NO**_____


2.  Has Google proven by clear and convincing evidence that Claim 1 of the '885 patent is invalid by reason of anticipation? *A "yes" is a finding for Google, a "no" is a finding for Sonos.*

**YES** _____          **NO**_____


3.  Has Google proven by clear and convincing evidence that Claim 1 of the '885 patent is invalid by reason of obviousness? *A "yes" is a finding for Google, a "no" is a finding for Sonos.*

**YES** _____          **NO**_____


4.   Has Google proven by clear and convincing evidence that Claim 1 of the '885 patent is invalid by way of derivation? *A "yes" is a finding for Google, a "no" is a finding for Sonos.*

**YES** _____          **NO**_____

PROPOSED VERDICT FORM
3:20-CV-06754-WHA

## U.S. PATENT NO. 10,469,966 ("'966 PATENT")

5. Has Sonos proven by a preponderance of the evidence that Google's Accused Products infringe any of the following claims of the '966 patent? *Answer "yes" or "no" for each claim listed. A "yes" is a finding for Sonos, a "no" is a finding for Google.*

      a. Claim 1:     **YES** _____     **NO**_____

      b. Claim 2:     **YES** _____     **NO**_____

      c. Claim 4:     **YES** _____     **NO**_____

      d. Claim 6:     **YES** _____     **NO**_____

      e. Claim 8:     **YES** _____     **NO**_____

6. Has Google proven by clear and convincing evidence that any of the following claims of the '966 patent is invalid by reason of obviousness? *Answer "yes" or "no" for each claim listed. A "yes" is a finding for Google, a "no" is a finding for Sonos.*

      a. Claim 1:     **YES** _____     **NO**_____

      b. Claim 2:     **YES** _____     **NO**_____

      c. Claim 4:     **YES** _____     **NO**_____

      d. Claim 6:     **YES** _____     **NO**_____

      e. Claim 8:     **YES** _____     **NO**_____

7. Has Google proven by clear and convincing evidence that any of the following claims of the '966 patent is invalid by way of derivation? *Answer "yes" or "no" for each claim listed. A "yes" is a finding for Google, a "no" is a finding for Sonos.*

      a. Claim 1:     **YES** _____     **NO**_____

      b. Claim 2:     **YES** _____     **NO**_____

      c. Claim 4:     **YES** _____     **NO**_____

      d. Claim 6:     **YES** _____     **NO**_____

      e. Claim 8:     **YES** _____     **NO**_____

PROPOSED VERDICT FORM
3:20-CV-06754-WHA

8.  *If you answered Question 5 "yes" and Questions 6 and 7 "no," proceed to answer Question 8.  Otherwise, do not answer Question 8.*  Has Sonos proven that it is more likely than not that Google deliberately or intentionally infringed a claim of the '966 patent?  *A "yes" is a finding for Sonos, a "no" is a finding for Google.*

**YES _____            NO _____**

**DAMAGES**

9.  If you found that claim 1 of the '885 patent is not invalid, and/or if you found that any claim of the '966 patent was both infringed and not invalid, what form and amount of damages do you find is adequate to compensate Sonos for Google's infringement?  *Check only one and fill in damages for only one*:

_____            Per-unit, for a total of $_____

_____            Lump sum, for a total of $_____

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations.  The Presiding Juror should then sign and date the verdict form in the spaces below and notify the Security Guard that you have reached a verdict.  The Presiding Juror should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.

DATED: _____, 2023            BY: _____

                                                                              Presiding Juror

PROPOSED VERDICT FORM
3:20-CV-06754-WHA