1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
      Sean Pak (Bar No. 219032)
2     seanpak@quinnemanuel.com
      Melissa Baily (Bar No. 237649)
3     melissabaily@quinnemanuel.com
      James Judah (Bar No. 257112)
4     jamesjudah@quinnemanuel.com
      Lindsay Cooper (Bar No. 287125)
5     lindsaycooper@quinnemanuel.com
      Iman Lordgooei (Bar No. 251320)
6     imanlordgooei@quinnemanuel.com
    50 California Street, 22nd Floor
7   San Francisco, California 94111-4788
    Telephone:    (415) 875-6600
8   Facsimile:    (415) 875-6700

9     Marc Kaplan (*pro hac vice*)
      marckaplan@quinnemanuel.com
10  191 N. Wacker Drive, Ste 2700
    Chicago, Illinois 60606
11  Telephone:    (312) 705-7400
    Facsimile:    (312) 705-7401

12  *Attorneys for GOOGLE LLC*

13

14                  UNITED STATES DISTRICT COURT

15                NORTHERN DISTRICT OF CALIFORNIA

16                    SAN FRANCISCO DIVISION

17  SONOS, INC.,                      | Case No. 3:20-cv-06754-WHA
18                                    | Related to Case No. 3:21-cv-07559-WHA
                Plaintiff,
19                                    | **GOOGLE LLC'S ADMINISTRATIVE
        vs.                           | MOTION TO FILE UNDER SEAL
20                                    | PORTIONS OF ITS MOTION *IN LIMINE*
    GOOGLE LLC,                       | NO. 4 TO EXCLUDE REFERENCES TO
21                                    | ALLEGED ANTICOMPETITIVE
                Defendant.            | CONDUCT AND FINANCIAL
22                                    | INFORMATION UNRELATED TO
23                                    | ACCUSED PRODUCTS**

24

25

26

27

28

## I.     INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiff Google LLC ("Google") hereby requests to file under seal portions of its Motion *in Limine* No. 4 to Exclude References to Alleged Anticompetitive Conduct and Financial Information Unrelated to Accused Products ("Motion *in Limine* No. 4"). Specifically, Google requests an order granting leave to file under seal the portions of the document listed below:

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| Motion *in Limine* No. 4 | Portions highlighted in yellow | Google |
| Exhibit 1 to the Declaration of Lana Robins in Support of Motion *in Limine* No. 4 ("Exhibit 1") | Portions outlined in red boxes | Google |
| Exhibit 5 to the Declaration of Lana Robins in Support of Motion *in Limine* No. 4 ("Exhibit 5") | Portions outlined in red boxes | Google |
| Exhibit 6 to the Declaration of Lana Robins in Support of Motion *in Limine* No. 4 ("Exhibit 6") | Portions outlined in red boxes | Google |
| Sonos's Opposition to Motion *in Limine* No. 4 ("Opposition") | Portions outlined in red boxes | Google |
| Exhibit A to the Declaration of Joseph Kolker in Support of Sonos's Opposition to Google's Motion *in Limine* No. 4 ("Exhibit A") | Portions outlined in red boxes | Google |
| Exhibit D to the Declaration of Joseph Kolker in Support of Sonos's Opposition to Google's Motion *in Limine* No. 4 ("Exhibit D") | Portions outlined in red boxes | Google |

## II.     LEGAL STANDARD

Civil Local Rule 79-5(c) provides that a party seeking to file its own documents under seal must file an administrative motion that articulates the applicable legal standard and reasons for keeping a document under seal, includes evidentiary support from a declaration where necessary, and provides a proposed order that is narrowly tailored to seal only the sealable material.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  In the Ninth Circuit, two different standards may apply to a request to seal a document – namely the "compelling reasons" standard or the "good cause" standard.  *Blessing v. Plex Sys., Inc.*, No. 21-CV-05951-PJH, 2021 WL 6064006, at *12 (N.D. Cal. Dec. 22, 2021) (citing *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016)).  "To seal records in connection with a 'dispositive' motion or a motion that 'more than tangentially relate[s] to the merits of a case,' 'compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure' are required."  *Bronson v. Samsung Elecs. Am., Inc.*, No. C 18-02300 WHA, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019) (quoting *Kamakana*, 447 F.3d at 1178-79).  "A particularized showing of 'good cause' under Federal Rule of Civil Procedure 26(c), however, suffices to warrant sealing in connection with a non-dispositive motion."  *Id.*

This Court has analyzed sealing requests in connection with motions *in limine* pursuant to the "good cause" standard for non-dispositive motions.  *See, e.g.*, *Gearsource Holdings, LLC v. Google LLC*, No. 18-CV-03812-HSG, 2021 WL 1123630, at *2 (N.D. Cal. Feb. 24, 2021) ("Because Defendant's motion *in limine* is not a dispositive motion, the Court applies the lower good cause standard."); *Racies v. Quincy Bioscience, LLC*, No. 15-CV-00292-HSG, 2019 WL 8438448, at *1 (N.D. Cal. Dec. 16, 2019) ("Because the parties move to file documents related to their motions *in limine*, the Court will apply the lower good cause standard."); *TVIIM, LLC v. McAfee, Inc.*, No. 13-CV-04545-HSG, 2015 WL 3776424, at *2 (N.D. Cal. June 16, 2015) ("Because motions *in limine* are nondispositive motions, the Court applies the 'good cause' standard to the pending motions to seal.").

## III.    THE COURT SHOULD SEAL GOOGLE'S CONFIDENTIAL INFORMATION

Material that is confidential and could harm a litigant's competitive standing if disclosed may be sealed under the good cause standard.  *See, e.g.*, *Skillz Platform Inc. v. AviaGames Inc.*, No. 21-CV-02436-BLF, 2022 WL 875654, at *2 (N.D. Cal. Mar. 24, 2022) (finding "good cause to file

1   the documents and portions of documents at issue under seal given the sensitive financial and

2   business information they contain"); *Dugan v. Lloyds TSB Bank, PLC*, No. 12-CV-02549-WHA

3   NJV, 2013 WL 1435223, at *2 (N.D. Cal. Apr. 9, 2013) ("There may be 'good cause' to seal records

4   that are privileged, contain trade secrets, contain confidential research, development or commercial

5   information, or if disclosure of the information might harm a litigant's competitive standing.").

6       The portions of Motion in Limine No. 4 highlighted in yellow and the portions of Exhibit 1,

7   Exhibit 5, Exhibit 6, Sonos's Opposition, and Exhibit A outlined in red boxes contain confidential

8   information regarding Google's highly sensitive financial and product revenue data, such as

9   advertising and subscription revenue, internal lifetime value analyses, and costs information, as well

10   as figures from which a competitor could deduce Google's highly sensitive financial and product

11   revenue data.  Public disclosure of this information would harm the Google's competitive standing

12   and create a risk of injury by providing competitors with access to information that Google does not

13   have similar access to about their competitors, allowing them to gain a competitive advantage in the

14   marketplace.  Declaration of Jocelyn Ma ("Ma Decl.") ¶ 3.  If such information were made public,

15   Google's competitive standing would be significantly harmed.  Google has therefore designated this

16   information as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY under the protective

17   order (Dkt. 92).  This Court has previously granted sealing of the same and/or similar information.

18   *See, e.g.*, Dkt. 334 at 4.

19       The portions of Exhibit D outlined in red boxes also contain confidential licensing

20   negotiations that are not public.  Public disclosure of this information would harm Google's

21   competitive standing and its ability to negotiate future licensing agreements by giving competitors

22   access and insight into Google's highly confidential business thinking and asymmetrical

23   information about Google's licensing strategies to other entities.  Ma Decl. ¶ 4.  If such information

24   were made public, Google's competitive standing would be significantly harmed.  Google has

25   therefore designated this information as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES

26   ONLY under the protective order (Dkt. 92).  This Court has previously granted sealing of the same

27   and/or similar information.  *See, e.g.*, Dkt. 334 at 5.

28

1      Finally, the portions of Exhibit 5, Exhibit 6, Sonos's Opposition, and Exhibit A outlined in

2  red boxes also include confidential information regarding Google's business and product strategy.

3  Public disclosure of this information could harm Google's competitive standing and create a risk of

4  injury by providing competitors with access to information that Google does not have similar access

5  to about their competitors.   Ma Decl. ¶ 5.   If such information were made public, Google's

6  competitive standing would be significantly harmed.   Google has therefore designated this

7  information as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY under the protective

8  order (Dkt. 92).

9      A less restrictive alternative than sealing these portions of the above documents would not

10  be sufficient because the information sought to be sealed is Google's confidential and highly

11  sensitive financial information but has been used by Google and Sonos in support of the briefing

12  filed in connection with Google's Motion *in Limine* No. 4.   Ma Decl. ¶ 6.

13      Google thus has good cause to keep such information under seal.   *See, e.g.*, *Arista Networks,*

14  *Inc. v. Cisco Sys., Inc.*,   No. 16-cv-00923-BLF, 2018 WL 2010622, *2-3 (N.D. Cal. Apr. 30, 2018)

15  (sealing "highly confidential" information relating to litigant's "financial information and internal

16  development strategies"); *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12-CV-

17  03844-JST, 2015 WL 12976921, at *3 (N.D. Cal. Mar. 31, 2015) (granting motion to seal "sensitive

18  business information regarding the amount of royalties received under a licensing agreement and

19  also detailed information regarding a confidential licensing and manufacturing agreement" under

20  the good cause standard); *Rodman v. Safeway, Inc.*, No. 11-cv-03003-JST, 2014 WL 12787874, *2

21  (N.D. Cal. Aug. 22, 2014) (sealing "internal, nonpublic information discussing [a litigant's] pricing

22  strategy, business decisionmaking, and financial records").

23  **IV.   CONCLUSION**

24      For the foregoing reasons, Google respectfully requests that the Court grant Google's

25  Administrative Motion to File Under Seal Portions of its Motion *in Limine* No. 4.

26

27

28

1

DATED:  April 26, 2023

QUINN EMANUEL URQUHART & SULLIVAN, LLP

2

3

By:  ___/s/ Sean Pak_____

Sean Pak

4

*Attorneys for GOOGLE LLC*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 3:20-cv-06754-WHA

GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS MOTION *IN LIMINE* NO.

4

**ATTESTATION**

Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that, on April 26, 2023, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system and email.

DATED:  April 26, 2023

By:  ___*/s/ Sean Pak*_____
      Sean Pak