QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Sean Pak (Bar No. 219032)
  seanpak@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  James Judah (Bar No. 257112)
  jamesjudah@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
  Iman Lordgooei (Bar No. 251320)
  imanlordgooei@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

  Marc Kaplan (*pro hac vice*)
  marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone:     (312) 705-7400
Facsimile:     (312) 705-7401

*Attorneys for GOOGLE LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>　　　　Plaintiff and Counter-Defendant,<br><br>　vs.<br><br>GOOGLE LLC,<br><br>　　　　Defendant and Counter-Claimant. | Case No. 3:20-cv-06754-WHA<br>Related to Case No. 3:21-cv-07559-WHA<br><br>**GOOGLE LLC'S MOTION *IN LIMINE* NO. 4 TO EXCLUDE REFERENCES TO ALLEGED ANTICOMPETITIVE CONDUCT AND FINANCIAL INFORMATION UNRELATED TO ACCUSED PRODUCTS**<br><br>**FILED UNDER SEAL**<br><br>Date:　　May 3, 2023<br>Time:　　12:00 p.m.<br>Location: Courtroom 12, 19th Floor<br>Judge:　　Hon. William Alsup |

Google LLC ("Google") hereby moves the Court for an order *in limine* precluding evidence, argument, or reference to any alleged anticompetitive conduct by Google, including Google's purported strategies of selling the accused products at a loss and its alleged "efficient infringement" of Sonos's patents. These arguments are irrelevant, unfairly prejudicial, and will confuse and mislead the jury. In addition, the Court should preclude evidence, argument, or reference to financial information unrelated to accused products. This evidence is likewise irrelevant, and any probative value is vastly outweighed by the danger of unduly prejudicing Google and misleading the jury.

I. **ARGUMENT**

    A. **The Court Should Exclude Unsubstantiated Allegations of Anticompetitive Conduct Under FRE 402 And 403.**

Throughout this case, Sonos has made unfounded and inflammatory allegations that Google engages in anticompetitive conduct to bolster its market position. In its pleadings and expert reports, Sonos accuses Google of (1) "intentionally selling the infringing products at a discount and/or as a 'loss leader' with the expectation that this will . . . power[] Google's continued ***dominance of the market*** for search advertising"; (2) "willfully infringing Sonos's patents as part of Google's ***calculated strategy*** to vacuum up invaluable consumer data from users and, thus, further entrench the Google platform among its users and fuel its ***dominant*** advertising and search platforms"; and (3) engaging in "efficient infringement," which it defines as "a ***cold-hearted business calculation*** whereby businesses decide it will be cheaper to use patented technology without paying than to license it and pay a fair royalty to the patent owner." Dkt. 170 ("Amended Answer") ¶¶ 47, 49-52 (emphasis added); *Sonos, Inc. v. Google LLC*, No. 3:21-cv-07559 ("Transfer Action"), Dkt. 211 ¶¶ 49-52, (N.D. Cal. July 8, 2022) ("Third Amended Complaint") (emphasis added); Ex. 1 (Malackowski 12/9/2022 Supplemental Report) at 20-21 (emphasis added); *see also id.* at 76-77, 91-92, 103-04, 122.[1]

Google's alleged anticompetitive conduct is not relevant to any of the issues in the case. Sonos does not assert any antitrust claims, and Mr. Malackowski, Sonos's damages expert, does not

---

[1] All cited exhibits are attached to the contemporaneously filed Declaration of Lana Robins.

advance a lost profits or price erosion theory. In fact, Mr. Malackowski does not make *any adjustments* at all to his per-unit royalty based on his opinions regarding Google's alleged anticompetitive conduct. See Ex. 2 (Malackowski 1/30/2023 Deposition Tr.) at 149:5-14 ("[T]his is general discussion of this notion of efficient infringement, and it's a background section. So my ultimate analysis is based upon calculation of royalty for just the asserted claims of the asserted patents, but this is the context."), 160:2-161:13 ("Q. [W]as that -- that was the quantitative damage [of Google's alleged anticompetitive conduct] to Sonos that you just described? A. Yes. I have not been able to quan-quantitatively determine that amount."); Ex. 1 at 92-93 ("Google's loss leader strategy also allows it to 'lock' consumers into Google's multiroom audio system such that these consumers do not purchase a similar multiroom audio product from a competitor like Sonos in the future. . . I have not accounted for this 'lock-in' effect in my damages calculations.").[2]

      Sonos's arguments and rhetoric regarding Google's alleged anticompetitive conduct are a clear attempt to prejudice the jury and paint Google as a bad actor. In addition, Sonos's arguments regarding Google's alleged "efficient infringement" strategy will confuse the jury on the ultimate issue of Sonos's willfulness claim: whether Google intentionally infringed the '966 patent. Accordingly, Sonos's arguments should be excluded under FRE 402 and 403. *See, e.g.*, *Illumina, Inc. v. BGI Genomics Co.*, No. 19-CV-03770-WHO, 2021 WL 4979799, at *7 (N.D. Cal. Oct. 27, 2021) (excluding "any assertion of antitrust claims . . . or conduct unrelated to the issues in this case" in patent infringement action); *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 3:12-cv-05501-SI, Dkt. 547 at 3 (N.D. Cal. Dec. 22, 2017) (excluding argument regarding "unpled claims, such as antitrust violations" and contentions that plaintiff's "business dealings" were "improper or

---

[2] Sonos cannot argue that its allegations regarding Google's anticompetitive conduct relate to *Georgia-Pacific* Factor 6, which considers the existence of convoyed sales. *See* Ex. 1 at 103-06. While Malackowski opines that Google's conduct results in this factor generally favoring Sonos, he does not identify *any* specific convoyed sales, nor does he make *any adjustments* to his damages calculation to account for convoyed sales. *Id.* On this record, convoyed sales cannot serve as a "back door" for otherwise irrelevant and prejudicial arguments regarding Google's alleged conduct. *See, e.g.*, *Droplets, Inc. v. Yahoo! Inc.*, No. 12-CV-03733-JST, 2022 WL 2670163, at *3 (N.D. Cal. Jan. 12, 2022) (finding expert opinion on *Georgia-Pacific* Factor 6 "inadmissible" because the expert did not "explain the extent to which [convoyed sales] factored into the value of the accused features").

a form of misconduct"); *Leegin Creative Leather Prod., Inc. v. Ayama Indus. Co.*, No. CV0012708TJHAJWX, 2008 WL 11339978, at *2 (C.D. Cal. Jan. 11, 2008) (granting motion *in limine* "to prohibit counsel and witnesses, from mentioning, referring to, or introducing evidence or making any argument that Plaintiff . . . has engaged in allegedly 'unfair', 'anti-competitive', or 'illicit' business practices").

Sonos's and Mr. Malackowski's assertions that Google employs "loss leader" pricing or engages in "efficient infringement" are also unsupported, and should be excluded on the independent basis that they are not based on "objective, verifiable evidence that [] rests on scientifically valid principles." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 289 F. Supp. 2d 1230, 1238 (W.D. Wash. 2003). Sonos's arguments and Mr. Malackowski's "expert opinions" regarding Google's alleged anticompetitive conduct are based on third-party news articles and blog posts that neither provide evidence of their claims nor contain direct statements from Google. *See, e.g.*, Transfer Action, Dkts. 211-37, 211-38, 211-39; *see also* Ex. 1 at 91-92 (citing Dkt. 211-38; Ex. 3 (SONOS-SVG2-00056412); Ex. 4 (SONOS-SVG2-00056368)), 104 (citing Dkt. 211-39); *see also* Ex. 5 (Bakewell 1/13/2023 Rebuttal Report) ¶¶ 675-83.[3] These articles do not establish that Google engages in anticompetitive conduct, much less that it engages in anticompetitive conduct with respect to the narrow functionality accused of infringing the asserted patents. None of Sonos's articles or blog posts even ***references*** the accused grouping technology. *Id.* They are also inadmissible hearsay. *Hiramanek v. Clark*, No. 5:13-CV-00228-RMW, 2016 WL 8729933, at *2 (N.D. Cal. July 8, 2016) (excluding "unsubstantiated websites or blog posts" "written by authors who are not present in court"); *Apple iPod iTunes Antitrust Litig.*, No. 05-CV-0037 YGR, 2014 WL 12719192, at *3 (N.D. Cal. Nov. 18, 2014) ("As a general matter, out-of-court statements, including

---

[3] In the section of his report regarding "efficient infringement," Malackowski also cites a Securities and Exchange Commission filing from Alphabet Inc., Google's parent company, for the proposition that Google "is one of the largest companies in the world, and as such, has massive cash reserves[.]" *See* Ex. 1 at 21. But as Malackowski admits, Alphabet's filing does not speak to whether Google made a "cold-hearted business calculation" to infringe Sonos's patents. Ex. 2 at 151:9-152:2 ("Q. You don't cite here any internal Google documents that purport to show that Google has a calculated business strategy to infringe Sonos' patents, correct? A. I don't believe there's a document where that would be stated explicitly.").

news articles, are not admissible.").

Meanwhile, Sonos ignores actual evidence in this case that Google does ***not*** sell its products at a loss. Christopher Chan, Google's Rule 30(b)(6) designee on its "strategies for the sale and marketing of the accused functionalities and the accused products," testified that "Google encourages all of [its] hardware products to be run sustainably"—*i.e.*, profitably. Ex. 6 (Chan 11/29/2022 Deposition Tr.) at 14:21-16:1, 125:15-20. He also testified that for the two accused hardware products he worked on personally, Nest Mini and Nest Audio, the "MSRPs [*i.e.*, list prices] are above their bill of materials [*i.e.*, cost to produce]." *Id.* at 18:20-19:15, 124:13-16. When asked about this issue in his deposition, Mr. Malackowski admitted he is not aware of "a specific Google policy for Google to set prices below the costs it incurs to produce products." Ex. 7 (Malackowski 8/26/2022 Deposition Tr.) at 112:18-25. He also admitted that many companies (including Sonos) did not initially see a profit on new product categories—without having a strategy to sell those products at a loss. Ex. 2 at 78:17-84:12.

Since the minimal probative value of Sonos's unsubstantiated theories of anticompetitive conduct is far outweighed by the danger of unduly prejudicing Google and misleading the jury, the Court should preclude Sonos from introducing evidence, argument, or testimony regarding Google's alleged anticompetitive conduct at trial. In addition to the specific allegations enumerated above, Google also requests that the Court prohibit any suggestion that Google is generally being "anticompetitive," attempting to stifle competition, competing or acting in an "unfair" manner, or "dominating" the market.[4]

### B. The Court Should Exclude References To Financial Information For Unaccused Products Under FRE 402 And 403.

Google also seeks to exclude evidence or argument regarding financial information for unaccused products. Specifically, Google seeks to exclude any references to its total revenues, total profits, valuation, size, and unaccused revenues from other areas of its business. Such information is not relevant to any issue in this case and admitting it would be unduly prejudicial. *See* FRE 401,

---

[4] Sonos has already agreed that it will avoid referring to Google as having a "monopoly" or being a "monopolist."

402, 403.

The accused products for the '885 and '966 patents are "Google's cast-enabled media players" (such as Chromecast and Google Home) and "computing devices provisioned with the Google Home app" (such as Pixel phones). But Sonos has repeatedly referred to financial information, including revenue and profit figures, for unaccused products that have no connection to the asserted patents in this case. By way of example, Sonos's pleadings contend that Google's alleged infringement "has paved the way for Google to generate billions of dollars in revenue" from unaccused products such as "advertising, data collection, and search." Amended Answer ¶¶ 47, 49, 50, 51; Third Amended Complaint ¶¶ 47, 49, 50, 51. Mr. Malackowski refers to "several billions of dollars" of revenue that Google purportedly earns from "e-commerce revenue, search revenue, and customer data collection revenue" throughout his report. *See* Ex. 1 at 91-92. He also goes further, referencing Google's overall wealth as a company. *See, e.g.*, *id.* at 20 ("Google is one of the largest companies in the world, and as such, has massive cash reserves with which it can comfortably withstand a nearly indefinite period of litigation against Sonos. A recent SEC filing indicates Google's cash (and equivalents) and marketable securities on hand to be approximately $135.8 billion."), *id.* at 120 (describing Google's "revenue-sharing agreement with Apple in which it paid $1 billion to keep search bar on the iPhone"); *id.* at 22 ("Additionally, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, respectively.").[5]

Google's size and wealth, and the revenues and profitability of other, unrelated, areas of its business are irrelevant to the issues in this case, and allowing Sonos to refer to them presents a serious danger that the jury may assess damages based on Google's ability to pay rather than proper evidence of damages. *See, e.g.*, *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. CV 18-452-WCB,

---

[5] Mr. Malackowski attempted to use YouTube-related revenues (such as advertising and subscriptions) as the royalty base for his damages opinions on the '033 patent. These revenues were inapplicable under Rule 702 and unduly prejudicial even before the Court's summary judgment order, but with that patent invalidated they are irrelevant to any disclosed damages theory for the '885 and '966 patents from Mr. Malackowski.

2022 WL 2800911, at *7 (D. Del. June 27, 2022) ("Any such evidence regarding [the parties'] overall size, net worth, or revenues is not relevant to either liability or damages and will therefore be excluded."); *Carucel Invs., L.P. v. Novatel Wireless, Inc.*, No. 16-CV-118-H-KSC, 2017 WL 1215838, at *20 (S.D. Cal. Apr. 3, 2017), *aff'd*, 730 F. App'x 938 (Fed. Cir. 2018) (finding that "the probative value, if any, of [defendant's] overall revenue and overall profit is substantially outweighed by the risk of unfair prejudice and, therefore, should be excluded"); *Finjan, Inc. v. Blue Coat Sys., Inc.*, No. 13-CV-03999-BLF, 2015 WL 4129193, at *4 (N.D. Cal. July 8, 2015) ("The Court finds that Defendant's and third parties' financial size, market capitalization, and overall revenue is of little probative value and would unfairly prejudice Defendant[.]"); *HTC Corp. v. Tech. Properties Ltd.*, No. 5:08-CV-00882-PSG, 2013 WL 4782598, at *6 (N.D. Cal. Sept. 6, 2013) (concluding that "the probative value of evidence related to HTC's size, wealth, or overall revenues is substantially outweighed by the risk of unfair prejudice, confusion of the issues and misleading the jury necessitating its exclusion under Rule 403"); *Multimedia Pat. Tr. v. Apple Inc.*, No. 10-CV-2618-H (KSC), 2012 WL 12868264, at *6 (S.D. Cal. Nov. 20, 2012) (granting motion *in limine* to preclude plaintiff from "stating or providing evidence showing Defendants' revenues or profits" because "the probative value of this evidence is substantially outweighed by the danger of unfair prejudice to the Defendants").

Financial information regarding other areas of Google's business, or unaccused Google products, such as Google Search, Ads, and the YouTube apps, is likewise immaterial to any issue in dispute. Revenues and profits from unaccused products have no "tendency" to make infringement or invalidity of the asserted patents "more or less probable." FRE 401. And while information regarding Google's revenue from accused products may be relevant to damages, information regarding its revenues or profits from unaccused products is unquestionably not. *See* 35 U.S.C. § 284 (a reasonable royalty is to be based on "the use made of the ***invention*** by the infringer") (emphasis added); *see also* Ex. 1 at 34 (same). Since Google's advertising, search, and YouTube products are not accused of infringing the asserted patents, information regarding revenues related to those products are irrelevant and should be excluded under FRE 402. *See ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, No. 2:10CV248, 2011 WL 7036048, at *4 (E.D. Va. July 5, 2011)

(finding that "evidence as to [alleged infringer's] income and revenue from 'widgets' and [unaccused services], as well as evidence as to [alleged infringer's] overall corporate revenues, profits, and other financial metrics are not relevant to the calculation of a reasonable royalty rate").

In contrast, allowing Sonos to present financial information based on Google's non-accused products presents a risk of undue prejudice to Google. "Admission of such overall revenues, which have no demonstrated correlation to the value of the patented feature alone, only serve to make a patentee's proffered damages amount appear modest by comparison, and to artificially inflate the jury's damages calculation beyond that which is 'adequate to compensate for the infringement.'" *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 68 (Fed. Cir. 2012) (quoting 35 U.S.C. § 284). Large dollar figures with little to no relationship to the claimed invention serve no other purpose than to "skew the damages horizon for the jury." *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1320 (Fed. Cir. 2011); *see also VirnetX, Inc. v. Cisco Sys.*, 767 F. 3d 1308, 1327 (Fed. Cir. 2014).

The Court should therefore exclude financial information unrelated to the accused products in the case as both irrelevant and unduly prejudicial under FRE 402 and 403. *See, e.g.*, *Biomerieux, S.A. v. Hologic, Inc.*, No. CV 18-21-LPS, 2020 WL 583917, at *2 (D. Del. Feb. 6, 2020) ("Plaintiffs will not be permitted to introduce evidence of Defendants' overall financial state or revenues not tied to the accused products and not tied to Plaintiffs' expert opinion regarding a reasonable royalty calculation . . . The minimal probative value of such evidence to issues actually being decided by the jury is substantially outweighed by the risk of unfair prejudice to Defendants."); *Seven Networks, LLC v. Google LLC*, No. 2:17-cv-00442-JRG, Dkt. 606 at 6 (E.D. Tex. Jan. 18, 2019) (granting motion *in limine* to exclude "any testimony (including expert opinions), evidence, or argument regarding the total sales or revenues, total ad revenue, total unit sales, profits, size, advertising budget, or financial worth of Google, including Google's total and average revenues and profits from online transactions unrelated to the accused battery technologies").

## II.   CONCLUSION

For the foregoing reasons, Google's Motion *in Limine* No. 4 should be granted.

| | | |
|---|---|---|
| 1 | DATED: April 13, 2023 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

By     */s/ Sean Pak*
        Sean Pak
        Melissa Baily
        James D. Judah
        Lindsay Cooper
        Marc Kaplan
        Iman Lordgooei

*Attorneys for GOOGLE, LLC*

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that, on April 13, 2023, all counsel of record who have appeared in this case are being served with a copy of the foregoing via email.

      /s/ Sean Pak
      Sean Pak