QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Sean Pak (Bar No. 219032)
  seanpak@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  James Judah (Bar No. 257112)
  jamesjudah@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
  Iman Lordgooei (Bar No. 251320)
  imanlordgooei@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

  Marc Kaplan *(pro hac vice)*
  marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone:     (312) 705-7400
Facsimile:     (312) 705-7401

*Attorneys for GOOGLE LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>GOOGLE LLC,<br><br>　　　　　Defendant. | CASE NO. 3:20-cv-06754-WHA<br>Related to CASE NO. 3:21-cv-07559-WHA<br><br>**DECLARATION OF JOCELYN MA IN SUPPORT OF SONOS, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. 585)** |

I, Jocelyn Ma, declare and state as follows:

1. I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate at Quinn Emanuel Urquhart & Sullivan LLP representing Google LLC ("Google") in this matter. I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2. I make this declaration in support of Sonos, Inc.'s ("Sonos") Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("Administrative Motion") (Dkt. 585) filed in connection with Sonos's Notice of Lodging Presentation Slides Re the March 30, 2023 Hearing ("Sonos's Notice of Lodging") (Dkt. 583). If called as a witness, I could and would testify competently to the information contained herein.

3. Google seeks an order sealing the materials as listed below:

| Document | Portions Sonos Sought to Be Filed Under Seal | Portions Google Seeks to Be Filed Under Seal | Designating Party |
|---|---|---|---|
| Attachment A to Sonos's Notice of Lodging ("Attachment A") | Portions outlined in red boxes on pages 2-10 | Portions outlined in green boxes on pages 2 and 6-10 | Google and Sonos |
| Attachment B to Sonos's Notice of Lodging ("Attachment B") | Portions outlined in red boxes on pages 9-24, 27, 37, 39-48, 51, 52, and 54 | Portions outlined in green boxes on pages 13, 14, and 16 | Google |
| Attachment C to Sonos's Notice of Lodging ("Attachment C") | Portions outlined in red boxes on pages 2-5, 9, 11, 14, 15, 18-23, and 26 | Portions outlined in green boxes on pages 2-4, 9, 11, 14, 18, and 26 | Google |
| Attachment D to Sonos's Notice of Lodging ("Attachment D") | Portions outlined in red boxes on pages 2-5, 12-17, 21, 22, 24, 29, 30, 32, 33, 35, 38-44, 50-51, and 53 | Portions outlined in green boxes on pages 2-4, 14-15, 17, 29, 30, 32, 39-40, and 42-43 | Google |

4. I understand that the Court analyzes sealing requests in connection with motions for summary judgment pursuant to the "compelling reasons" standard. *See, e.g.*, *Edwards Lifesciences*

*Corp. v. Meril Life Scis. Pvt. Ltd.*, No. 19-CV-06593-HSG, 2021 WL 5233129, at *4 (N.D. Cal. Nov. 10, 2021); *Baird v. BlackRock Institutional Tr. Co., N.A.*, No. 17-CV-01892-HSG, 2021 WL 105619, at *5 (N.D. Cal. Jan. 12, 2021).  I also understand that the Court has held that confidential business information in the form of agreements, confidential licensing negotiations, and business strategies satisfy the compelling reasons standard.  *See Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020).  In addition, I understand that the Court has found confidential information regarding product architecture to satisfy the compelling reasons standard.  *See Delphix Corp. v. Actifo, Inc.*, No. 13-cv-04613-BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (finding compelling reasons to seal where court filings contained "highly sensitive information regarding [an entity's confidential] product architecture and development"); *Guzik Tech. Enterprises, Inc. v. W. Digital Corp.*, No. 5:11-CV-03786-PSG, 2013 WL 6199629, at *4 (N.D. Cal. Nov. 27, 2013) (sealing exhibit containing "significant references to and discussion regarding the technical features" of a litigant's products).

5.   The portions of Attachment A outlined in green boxes contain references to and quotations of terms from Google's confidential business agreements that are not public.  I understand that public disclosure of this information would harm Google's competitive standing and its ability to negotiate future agreements by giving competitors access to Google's highly confidential business thinking and asymmetrical information about Google's collaboration strategies to other entities.  If such information were made public, I understand that Google's competitive standing would be significantly harmed.  Google has therefore designated this information as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY under the protective order (Dkts. 92, 94).  A less restrictive alternative than sealing would not be sufficient because the information sought to be sealed is Google's proprietary and confidential business information but was utilized by Sonos in the slides it presented and provided to the Court at the March 30, 2023 summary judgment hearing.  I also understand that this Court has previously granted sealing of the same and/or similar information. *See, e.g.*, Dkts. 39 at 1; 334 at 3.

6.   The portions of Attachments B, C, and D outlined in green boxes contain references to Google's confidential business information and trade secrets, including source code and details

1  regarding the architecture and technical operation of Google's products.  The specifics of how these functionalities operate is confidential information that Google does not share publicly.  Thus, I understand that the public disclosure of such information could lead to competitive harm to Google, as competitors could use these details regarding the architecture and functionality of Google's products to gain a competitive advantage in the marketplace with respect to their competing products.  Google has therefore designated this information as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL—SOURCE CODE  under the protective order (Dkts. 92, 94).  Although Sonos's Administrative Motion sought to seal the portions outlined in red boxes, Google only seeks to seal the portions outlined in green in the unredacted versions of these documents filed in connection with this Declaration.  As this information was not referenced in the Court's Summary Judgment Order (Dkt. 566), sealing is warranted.  *See* Dkt. 334 at 3 (granting motion to seal under the compelling reasons standard in part because "the order adjudicating Google's motion did not significantly discuss the portions sought to be sealed").  A less restrictive alternative than sealing would not be sufficient because the information sought to be sealed is Google's proprietary and confidential business information but was utilized by Sonos in the slides it presented and provided to the Court at the March 30, 2023 summary judgment hearing.  I also understand that this Court has previously granted sealing of the same and/or similar information.  *See, e.g.*, Dkt. 334 at 5.

I declare under penalty of perjury under the laws of the United States of America that to the best of my knowledge the foregoing is true and correct.  Executed on April 28, 2023, in San Francisco, California.

DATED:  April 28, 2023

By: */s/ Jocelyn Ma*
     Jocelyn Ma