QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Sean Pak (Bar No. 219032)
  seanpak@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  James Judah (Bar No. 257112)
  jamesjudah@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
  Iman Lordgooei (Bar No. 251320)
  imanlordgooei@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

  Marc Kaplan *(pro hac vice)*
  marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone:     (312) 705-7400
Facsimile:     (312) 705-7401

*Attorneys for GOOGLE, LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>  Defendant. | Case No. 3:20-cv-06754-WHA<br>Related to Case No. 3:21-cv-07559-WHA<br><br>**GOOGLE LLC'S RESPONSE TO REQUEST FOR SUPPLEMENTAL BRIEFING (DKT. 626)** |

Google LLC ("Google") files this brief pursuant to the Court's Request for Supplemental Briefing regarding "the extent to which the asserted claims of the '966 patent should stand or fall with the asserted claim of the '885 patent for all issues that remain to be tried, as well as the possibility of a stipulation to that effect that might conserve resources." Dkt. 626. The issues that remain to be tried are:

1) Invalidity of claim 1 of the '885 patent and claims 1, 2, 4, 6, and 8 of the '966 patent;

2) Infringement of claims 1, 2, 4, 6, and 8 of the '966 patent by the original accused products;

3) Infringement of claim 1 of the '885 patent and claims 1, 2, 4, 6, and 8 of the '966 patent by the redesigned products;

4) Damages, if any, associated with claim 1 of the '885 patent and claims 1, 2, 4, 6, and 8 of the '966 patent; and

5) Willfulness, if any, associated with claims 1, 2, 4, 6, and 8 of the '966 patent.[1]

Google understands the Court's efforts to streamline trial, but Google cannot stipulate to trying claim 1 of the '885 patent as a representative claim because it has a distinct non-infringement defense for the '966 patent that it does not have for the '885 patent. Specifically, Google's accused products do not meet the following limitation as required by the claims of the '966 patent:

> based on the first request, i) causing creation of the first one scene, ii) causing an indication of the first zone scene to be transmitted to the first zone player, and iii) causing storage of the first zone scene

Dkt. 1-5 at 39-40. Google's accused products do not store the information required by claims, as that the accused information is merely transmitted temporarily to the speakers.

However, in an effort to streamline this case for trial in an alternative manner, Google is amenable to treating claim 1 of the '966 patent as representative of the dependent claims of the '966 patent (2, 4, 6 and 8). Thus, the only claims to be tried will be claim 1 of the '885 patent (invalidity, infringement with respect to the redesign, and damages) and claim 1 of the '966 patent (invalidity, infringement for both the original and redesigned products, willfulness, and damages).

---

[1] See Dkt. 615 at 8.

DATED: May 1, 2023

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ Sean Pak
Sean Pak
Melissa Baily
James D. Judah
Lindsay Cooper
Marc Kaplan
Iman Lordgooei

*Attorneys for Google LLC*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on May 1, 2023, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system.

DATED: May 1, 2023

/s/ Sean Pak
Sean Pak