| | |
|---|---|
| CLEMENT SETH ROBERTS (SBN 209203)<br>croberts@orrick.com<br>BAS DE BLANK (SBN 191487)<br>basdeblank@orrick.com<br>ALYSSA CARIDIS (SBN 260103)<br>acaridis@orrick.com<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94105-2669<br>Telephone:   +1 415 773 5700<br>Facsimile:   +1 415 773 5759<br><br>SEAN M. SULLIVAN (*pro hac vice*)<br>sullivan@ls3ip.com<br>J. DAN SMITH (*pro hac vice*)<br>smith@ls3ip.com<br>MICHAEL P. BOYEA (*pro hac vice*)<br>boyea@ls3ip.com<br>COLE B. RICHTER (*pro hac vice*)<br>richter@ls3ip.com<br>LEE SULLIVAN SHEA & SMITH LLP<br>656 W Randolph St., Floor 5W<br>Chicago, IL 60661<br>Telephone:   +1 312 754 0002<br>Facsimile:   +1 312 754 0003<br><br>*Attorneys for Sonos, Inc.* | QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>  Sean Pak (Bar No. 219032)<br>  seanpak@quinnemanuel.com<br>  Melissa Baily (Bar No. 237649)<br>  melissabaily@quinnemanuel.com<br>  James Judah (Bar No. 257112)<br>  jamesjudah@quinnemanuel.com<br>  Lindsay Cooper (Bar No. 287125)<br>  lindsaycooper@quinnemanuel.com<br>  Iman Lordgooei (Bar No. 251320)<br>  imanlordgooei@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, California 94111-4788<br>Telephone:   (415) 875-6600<br>Facsimile:   (415) 875-6700<br><br>  Marc Kaplan (*pro hac vice*)<br>  marckaplan@quinnemanuel.com<br>191 N. Wacker Drive, Ste 2700<br>Chicago, Illinois 60606<br>Telephone:   (312) 705-7400<br>Facsimile:   (312) 705-7401<br><br>*Attorneys for GOOGLE, LLC* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>     Plaintiff and Counter-defendant,<br><br>v.<br><br>GOOGLE LLC,<br><br>     Defendant and Counter-claimant. | Case No. 3:20-cv-06754-WHA<br><br>Consolidated with<br>Case No. 3:21-cv-07559-WHA<br><br>**JOINT [PROPOSED] JURY INSTRUCTIONS RE '885 CLAIM 1**<br><br>Judge: Hon. William Alsup<br>Pretrial Conf.: May 3, 2023<br>Time: 11:30 a.m.<br>Courtroom: 12, 19th Floor<br>Trial Date: May 8, 2023 |

## JOINT [PROPOSED] JURY INSTRUCTIONS

Per the Court's order, Dkt. 626, Sonos, Inc. ("Sonos") and Google LLC ("Google") hereby submit the following Joint [Proposed] Jury Instructions re Claim 1 of the '885 patent, "explaining to the jury that claim 1 of the '885 patent is infringed and why it is infringed." The parties met and conferred and were unable to agree on a single joint proposed jury instruction. Consistent with the parties' joint proposed jury instructions, Dkt. 617, the parties offer their respective proposed instructions below.

**DISPUTED INSTRUCTION NO. XX RE CLAIM 1 OF THE '885 PATENT OFFERED BY SONOS**

Before trial, I found that prior versions of Google's media players, including Google's Chromecast, Chromecast Ultra, Chromecast with Google TV, Home, Home Mini, Home Max, Nest Audio, Nest Mini, Nest Hub, Nest Hub Max, and Nest Wifi Point directly infringe claim 1 of the '885 patent.

As you will learn throughout the case, a product infringes a claim if the product meets every requirement of the claim.

Claim 1 of the '885 patent requires a "zone player" with a network interface, a processor, and software for performing certain functions related to "zone scenes." Google did not dispute, and I agreed, that each of Google's media players is a zone player with a network interface, at least one processor, and computer programming stored in memory. Google did dispute whether its media players had software for performing the same functions that are required by claim 1. I found that Google's media players did include software for performing the same functions required by the claim.

In particular, I found that each of Google's media players had the capability to operate in standalone mode, and that while in standalone mode, each of Google's media players had the capability to receive a first indication that the media player was added to a first predefined group of speakers, called a "first zone scene," and a second indication that the media player was added to a second predefined group of speakers, called a "second zone scene." I also found that each of Google's media players were programmed to continue operating in standalone mode until one of the zone scenes has been selected for invocation, and that when one of the zone scenes was later selected for invocation, the media players were programmed to receive an instruction to operate as a part of the selected zone scene and then transition from operating in the standalone mode to operating as part of the selected zone scene such that the media player would coordinate with at least one other media player in the selected zone scene in order to output media in synchrony.

For these reasons, I found that Google's media players meet every limitation of claim 1 of the '885 patent. Because Google makes, uses, offers to sell, or sells its media players in the

1  United States and also imports its media players into the United States, I found that Google
2  directly infringes that claim.
3     As part of my ruling, I resolved three disputes between the parties regarding infringement
4  of claim 1 of the '885 patent.
5     First, there was a dispute as to whether Google's products allow users to form a "zone
6  scene," which is a "previously-saved grouping of zone players according to a common theme." I
7  found that, because Google's products are readily capable of allowing users to pre-save groups of
8  speakers and give them thematic names so that users can later invoke the named groups on
9  demand, Google's accused products do allow users to form "zone scenes."
10    Second, there was a dispute as to whether a join_group message received by Google's
11 media players was an indication that the media player has been added to a zone scene. I found
12 that the "join_group" message is an indication that a Google media player has been added to zone
13 scene by a user through the Google Home App.
14    Third, there was a dispute as to whether the indication telling a zone player it has been
15 added to a zone scene must also identify the other members of the zone scene. I found that the
16 claim does not require the indication to identify the other members of the zone scene. Instead, the
17 indication simply needs to tell the player it has been added to the zone scene.
18    Because I found that the prior versions of Google's media players infringe claim 1 of the
19 '885 patent, your job will be to decide whether that claim is invalid, and if not, how much money
20 Google should pay to Sonos for Google's infringement.
21
22 Authority:
23 Dkt. 309 (Order re Summary Judgment)

**DISPUTED INSTRUCTION NO. XX RE CLAIM 1 OF THE '885 PATENT OFFERED BY GOOGLE**

As you will learn, a product infringes a valid patent claim if the product meets every element of the claim.

It has already been determined that prior versions of Google's Chromecast, Chromecast Ultra, Chromecast with Google TV, Home, Home Mini, Home Max, Nest Audio, Nest Mini, Nest Hub, Nest Hub Max, and Nest Wifi Point met the elements of claim 1 of the '885 patent. Thus, you will not be asked to decide whether these prior versions of Google's products meet the elements of claim 1 of the '885 patent.[1]

It has been determined that the prior versions of the accused products met the limitations of claim 1 because, among other things, they were capable of using "zone scenes" and they received an indication that they had been added to each such zone scene.

You will be asked to decide whether claim 1 of the '885 patent is valid, and if so, whether Google's redesign products meet every element of claim 1 of the '885 patent. These issues have not been decided and are for you to decide.

Authority:

*Asyst Techs. v. Empak Corp.*, 5:98-cv-20451-JF (N.D. Cal. Jan. 31, 2007) (Dkt. No. 1055, Instruction No. 12).

*Baden Sports, Inc. V. Kabushiki*, 2:06-cv-00210-MJP (W.D Wash. Aug. 14, 2007) (Dkt.

---

[1] Google objects to further discussions of the Court's summary judgment order because it is irrelevant, likely to confuse the jury, and is prejudicial to Google. Google does not intend to argue non-infringement of its redesign products based on issues that the Court decided at summary judgment. For instance, Google does not intend to argue that its redesign products do not use "zone scenes" or that the "join_group" message is not an indication that the media player has been added to a "zone scene." Because these disputes are not at issue for the redesign products, they are unlikely to be the focus of the upcoming trial, and discussion of them in the jury instruction is likely to confuse the jury and be unduly prejudicial to Google. The Court should minimize confusion and prejudice by simply stating that it previously determined infringement of Google's prior products, and that is not an issue for the jury to decide.

To the extent the Court is inclined to include in the proposed instruction discussion of its summary judgment order and the reasons for finding prior versions of Google's products infringe, Google proposes the language highlighted in green. Google intends to argue that the prior art discloses or renders obvious the ability to name and save speaker groups. Thus, the Court's determination that the ability to name and save speaker groups in prior versions of Google's accused products forms a "zone scene" will aid the jury in its understanding of this term.

No. 312, Instruction No. 22).

*Liqwd, Inc. v. L'Oreal USA, Inc.*, 17-cv-14 (D. Del. Aug. 12, 2019) (Dkt. 1056, Instruction No. 66).

Dkt. No. 309 (Order) at 7.

Dated: May 2, 2023

ORRICK HERRINGTON & SUTCLIFFE LLP
*and*
LEE SULLIVAN SHEA & SMITH LLP

By: */s/ Clement Seth Roberts*
    Clement Seth Roberts

*Attorneys for Sonos, Inc.*

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ *Sean Pak*
    Sean Pak
    Melissa Baily
    James D. Judah
    Lindsay Cooper
    Marc Kaplan
    Iman Lordgooei

*Attorneys for GOOGLE, LLC*

## ECF ATTESTATION

I, Clement S. Roberts, am the ECF User whose ID and password are being used to file this Joint [Proposed] Jury Instructions re '885 Claim 1. In compliance with Civil Local Rule 5-1, I hereby attest that Sean Pak, counsel for Google, has concurred in this filing.

Dated: May 2, 2023

By: */s/ Clement S. Roberts*
Clement S. Roberts