QUINN EMANUEL URQUHART & SULLIVAN, LLP
Sean Pak (Bar No. 219032)
seanpak@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
James Judah (Bar No. 257112)
jamesjudah@quinnemanuel.com
Lindsay Cooper (Bar No. 287125)
lindsaycooper@quinnemanuel.com
Iman Lordgooei (Bar No. 251320)
imanlordgooei@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

Marc Kaplan (*pro hac vice*)
marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone:    (312) 705-7400
Facsimile:    (312) 705-7401

*Attorneys for GOOGLE, LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GOOGLE LLC,<br><br>　　　　　Defendant. | Case No. 3:20-cv-06754-WHA<br>Related to Case No. 3:21-cv-07559-WHA<br><br>**GOOGLE LLC'S RESPONSE TO REQUEST FOR SUPPLEMENTAL BRIEFING (DKT. 626) REGARDING DERIVATION DEFENSE** |

Google LLC ("Google") files this brief pursuant to the Court's Request for Supplemental Briefing regarding the joint proposed final pretrial order and "whether there is a properly disclosed derivation defense." Dkt. 626 at 1. Although there is indeed a properly disclosed derivation defense, Google is amenable to streamlining the issues for trial as explained below.

Sonos stated its position in the pretrial order (Dkt. 615) that "Google does not have a properly disclosed derivation defense." Dkt. 615 at 2, 5. But Google did properly disclose its derivation defense, and Sonos never moved to strike it. Consistent with Google's invalidity contentions, Google's invalidity expert, Dr. Schonfeld, opined that the Sonos Forums were prior art under 35 U.S.C. § 102(f). *See, e.g.*, Google's Invalidity Contentions charts 885-5 and 966-5 (Dkt 602-7), Dr. Schonfeld's 2022.11.30 Op. Report at ¶ 175 (Dkt 602-8). An invalidity defense under § 102(f) is a derivation defense, as it alleges that the inventor "did not himself invent the subject matter sought to be patented." Accordingly, Google stated its position in the pretrial order that the issues remaining to be tried included "[w]hether Claims 1, 2, 4, 6, and 8 of the '966 patent are invalid by way of derivation" and "[w]hether Claim 1 of the '885 patent is invalid by way of derivation." Dkt. 615 at 8. As Google also indicated in its opposition to Sonos's Motion *in Limine* No. 5 to exclude accusations that Sonos acted improperly, Google intended to argue that Sonos derived the alleged invention from the suggestions of its users who publicly posted the idea to add multiple zone scenes to the existing Sonos prior art system on the Sonos Forums website before the alleged conception date of the asserted patents. *See e.g.*, Dkt. 602-5 at 2-3.

Despite having properly presented and preserved its derivation defense, Google is nevertheless willing to drop its derivation defense in an effort to narrow the scope of issues for trial. However, Google still intends to utilize the Sonos Forums publications as prior art under §§ 102 and 103. In particular, Google will show that this prior art was (1) publicly available on Sonos's website, (2) may have been accessed by Sonos engineers, (3) rendered the claimed inventions obvious, (4) is relevant to the level of skill in the art, and (5) disclosed aspects of the claimed invention prior to Sonos's claimed priority date. Google withdraws only its argument that the patents are invalid under § 102(f) alone.

GOOGLE'S RESPONSE TO REQUEST FOR SUPPLEMENTAL BRIEFING (DKT. 626)

| | |
|---|---|
| DATED:  May 3, 2023 | Respectfully submitted, |
| | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | By   */s/ Sean Pak*<br>Sean Pak<br>Melissa Baily<br>James D. Judah<br>Lindsay Cooper<br>Marc Kaplan<br>Iman Lordgooei |
| | *Attorneys for Google LLC* |

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 3, 2023, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system.

DATED: May 3, 2023

                                */s/ Sean Pak*
                                Sean Pak