CLEMENT SETH ROBERTS (SBN 209203)
croberts@orrick.com
BAS DE BLANK (SBN 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (SBN 260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759

SEAN M. SULLIVAN (*pro hac vice*)
sullivan@ls3ip.com
J. DAN SMITH (*pro hac vice*)
smith@ ls3ip.com
MICHAEL P. BOYEA (*pro hac vice*)
boyea@ ls3ip.com
COLE B. RICHTER (*pro hac vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone: +1 312 754 0002
Facsimile: +1 312 754 0003

*Attorneys for Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>Plaintiff and Counter-Defendant,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant and Counter-Claimant. | Case No. 3:20-cv-06754-WHA<br>Consolidated with Case No. 3:21-cv-07559-WHA<br><br>**SONOS, INC.'S SUPPLEMENTAL BRIEF REGARDING GOOGLE'S CLAIMED DERIVATION DEFENSE**<br><br>Judge: Hon. William Alsup<br>Pretrial Conf.: May 3, 2023<br>Time: 12:00 p.m.<br>Courtroom: 12, 19th Floor<br>Trial Date: May 8, 2023 |

## I. INTRODUCTION

Google did not disclose any derivation defense until midway through the parties' pretrial exchanges. That is too late. The time for either party to expand its case is long past.

Google raised and abandoned the possibility of a derivation defense early in this case. Google's invalidity contentions said that Google might pursue a derivation claim if supported by the evidence. Google's expert reports then said nothing about derivation, and made no attempt to show that any piece of prior art met the standard for derivation. Sonos thus understood that Google would not be pursuing derivation at trial.

But now Google apparently seeks to repackage its obviousness claims as derivation claims. This is too little, too late. Google should be limited at trial to the invalidity claims that it actually developed in this case.

Allowing Google's last-minute effort to repackage one invalidity claim as another would also send the wrong message to future patent litigants in the Northern District of California. It is the obligation of private parties using the limited resources of Article III courts—not to mention jurors' valuable and limited time—to make good-faith efforts to narrow cases as they proceed, not expand them in the days before trial. Google should not be rewarded for this gambit.

## II. STATEMENT OF RELEVANT FACTS

*Google's Invalidity Contentions Reserve A Hypothetical Derivation Defense*

On December 6, 2021, Google served its invalidity contentions in this case. In the final section of its invalidity contentions, entitled "Other Reservations and Explanations," Google stated that the contentions were "subject to further revision as follows." Ex. A at 86. As relevant here, Google stated:

> Google *reserves the right to further assert* that the Asserted Claims are invalid under 35 U.S.C. § 102(f) in the event that Google obtains additional evidence that the named inventors did not invent (either alone or in conjunction with others) the subject matter claimed in the Asserted Patents. For example, should discovery reveal additional evidence that Sonos derived the Cloud Queue patents based on Spotify's collaboration with Sonos, or that Sonos derived the Zone Scene patents from members on the Sonos Forums, or that Sonos derived the Cloud Queue patents from Google during their collaboration, those facts may impact the

> inventorship of the asserted patents by, among other things, showing improper inventorship and/or lack of standing. *Should Google obtain additional evidence, it will provide the name(s) of any new person(s) from whom and the circumstances under which the claimed invention or any part of it was derived.*

*Id.* at 86-87 (emphases added).

Google then included boilerplate assertions in its claim charts. Google asserted that based on the filing date of the patents, the Sonos Forums constituted prior art under § 102(f). *See* Dkt. 602-7 at ECF pp. 4-7. Google also stated that "Disclosures by those other than the named inventors on the Sonos forums shows prior conception of the claimed subject matter and communication of the conception to the Sonos 'inventor.'" *Id.* at ECF pp. 5, 7. Google never amended its contentions to disclose any communications between the authors of the Forums post and Robert Lambourne (the named inventor of the patents), nor did Google further elaborate on any derivation theory.

### *Google's Expert Report Contains No Derivation Defense*

Google did not disclose any derivation theory in its expert reports. Google has pointed to paragraph 175 of the Opening Expert Report of Dr. Dan Schonfeld as disclosing a derivation theory. Dkt. 600-6 at 3 (citing Ex. 2 ¶ 175). The cited paragraph consists—in total—of this sentence:

> I understand that the Sonos Forums were publicly available at least as of September 2005, making them prior art under 35 U.S.C. 102(a), 102(b), and 102(f).

Dkt. 602-8 ¶ 175.

In its memorandum regarding disputed jury instructions, Google also contends that it disclosed its "contention that the asserted claims of the '885 and '966 patents are invalid because the named inventors of those patents did not invent the subject matter of those claims, but rather derived it from Sonos's users' suggestions on the Sonos Forums website" in pages 93 through 130 of Dr. Schonfeld's November 30, 2022 opening expert report. Dkt. 620 at 15-16. The page range that Google cites comes not from the *invalidity opinion* sections of Dr. Schonfeld's report (which run well over 400 pages), but instead from the "State of the Art and Overview of the Prior Art" section of his report. *See* Dkt. 596-3.

### *Midway Through Pretrial Exchanges, Google Injects A Derivation Argument*

Adopting a stipulation proposed by the parties, the Court ordered that Sonos would serve drafts of the pretrial order materials on April 3, 2023, with Google serving redlines for the jury instructions on April 12, 2023, and with Google serving redlines for the remaining pretrial order materials (including the joint pretrial order) on April 14, 2023. Dkt. 547 at 1-2.

On April 3, 2023, Sonos served draft proposed pretrial order materials. Kolker Decl. ¶ 4. On April 12, 2023, Google served redlines to the joint proposed jury instructions. Kolker Decl. Ex. B. Those redlines did not include any derivation defense. *Id.* Two days later, on April 14, 2023, Google served redlines to the remaining pretrial order materials (including the joint pretrial order). Kolker Decl. ¶ 6. Among Google's redlines to the pretrial order was the addition of two "factual issues that remain to be tried": "Whether Claim 1 of the '885 patent is invalid by way of derivation" and "Whether Claims 1, 2, 4, 6, 8, 9, 10, 12, 14, and 16 of the '966 patent are invalid by way of derivation." *Id.* Google made corresponding redlines to the proposed verdict form. *Id.*

On April 17, 2023, Google served additional redlines to the jury instructions, inserting for the first time a derivation instruction. Ex. C. Sonos immediately objected. *Id.*

### III. <u>ARGUMENT</u>

Google did not disclose a derivation defense for the '885 and '966 patents until April 14, 2023—less than a month before trial begins in this case. Google has had two prior opportunities to explain where it disclosed a derivation defense: Google's response to Sonos's Motion *in Limine* No. 5 and Google's jury instruction memorandum. Those briefs identified three things:

1. Paragraph 175 of Dr. Schonfeld's opening report.

2. Around 40 pages of Dr. Schonfeld's "State of the Art and Overview of the Prior Art" discussion.

3. The reservation of rights in Google's invalidity contentions.

Any additional "disclosure" that Google purports to newly identify in its supplemental brief should be viewed skeptically. Anything that Google dredges up now that it couldn't identify in its *first two briefs* can hardly be the type of disclosure significant enough for Sonos to have been on notice of this new theory.

Google's disclosures amount to assertions that the Sonos Forums are prior art under § 102(f) based on their publication date, but lack any substantive opinion that would put Sonos on notice of a live derivation defense in this case. Derivation requires showing, by clear and convincing evidence, "[1] prior conception of the invention by another and [2] communication of that conception to the patentee." *Gambro Lundia AB v. Baxter Healthcare Corp.*, 110 F.3d 1573, 1576 (Fed. Cir. 1997); *Int'l Rectifier Corp. v. IXYS Corp.*, 361 F.3d 1363, 1376 (Fed. Cir. 2004). Google has never provided an opinion that the Sonos Forums demonstrate that the author(s) of the Forum posts conceived of the claimed invention and communicated that conception to Robert Lambourne.

Google's failure to provide any disclosure or expert testimony on this claim sandbags Sonos. And beyond the prejudice to Sonos, it is fatal to any half-baked claim that Google would test for the very first time on the jury. Sonos believes that the jury's time should not be wasted with alternative theories cooked up on the evening of April 13, 2023 and untested by discovery or motion practice.

Conception is the formation "in the mind of the inventor" of a "definite and permanent idea of the complete and operative invention." *E.I. du Pont De Nemours & Co. v. Unifrax I LLC*, 921 F.3d 1060, 1075 (Fed. Cir. 2019) (citation omitted). Conception is typically shown by inventor testimony and corroborating evidence. *See, e.g.*, *Burroughs Wellcome Co. v. Barr Lab'ys, Inc.*, 40 F.3d 1223, 1228, 1232 (Fed. Cir. 1994). Google's evidence is a few sentences in the Sonos Forums prior art. Google has never identified the authors of the Sonos Forums; they are known only by their user names like "JeffT," "floras_dad," and "theboyg." Because Google has no "inventor" testimony from the authors of the Forum posts, the posts themselves are the full extent of Google's conception evidence. That means Google would have to show, by clear and convincing evidence, that the post "I would save Zone links as favorites. . . . Another example I would have 2 party modes, Summer and Winter. The Summer mode would include the deck speakers and the Winter mode would not" demonstrates conception of, for example, Claim 1 of the '885 patent's requirement that a zone player receive (i) "indications" that the zone player "has been added" to two newly-created "zone scene[s]"and (ii) an "instruction to operate in accordance

with" a "zone scene" that has been selected for invocation after its creation. *See* '885 Patent, claim 1.

The aspirational hopes expressed in the forum posts fail as a matter of law to support a derivation claim. As the Federal Circuit has explained, "a bare hope of a result never before … achieved … is not sufficient for conception." *Cumberland Pharms. Inc. v. Mylan Institutional LLC*, 846 F.3d 1213, 1219 (Fed. Cir. 2017) (citation omitted). Similarly, a "general goal or research plan does not constitute the definite and permanent idea required for conception." *Id.* Moreover, "derivation is not proved by showing conception and communication of an idea different from the claimed invention *even where that idea would make the claimed idea obvious*." *Id.* (emphasis added).

Another fatal shortcoming of Google's derivation defense is that Google has never offered any opinion that the Sonos Forums anticipate any asserted claim in this case. A derivation defense requires showing conception of "*all limitations* of the claimed invention." *Id.* at 218 (emphasis added) (citation omitted). Because Google has no opinion mapping the Sonos Forum prior art as an anticipatory reference (under any subsection of pre-AIA 35 U.S.C. § 102), Google has both (1) not disclosed any derivation defense and (2) no way of supporting a derivation defense at trial.

Equally problematic, Google has no evidence of communication between the authors of the Sonos Forum posts and Robert Lambourne. *Cf.* Dkt. 620 at 15-16 (acknowledging communication element but not identifying any evidence of such communication).

## IV. CONCLUSION

Google did not disclose any derivation defense prior to serving redlines to the Joint Pretrial Order. The Court should reject Google's request to try its new and unsupported derivation claim to the jury.

| | | |
|---|---|---|
| Dated: May 3, 2023 | | ORRICK HERRINGTON & SUTCLIFFE LLP
*and*
LEE SULLIVAN SHEA & SMITH LLP

By: */s/ Clement S. Roberts*
    Clement Seth Roberts

*Attorneys for Sonos, Inc.* |