# EXHIBIT A

1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
      Charles K. Verhoeven (Bar No. 170151)
2      charlesverhoeven@quinnemanuel.com
      Melissa Baily (Bar No. 237649)
3      melissabaily@quinnemanuel.com
      Lindsay Cooper (Bar No. 287125)
4      lindsaycooper@quinnemanuel.com
    50 California Street, 22nd Floor
5   San Francisco, California 94111-4788
    Telephone: (415) 875-6600
6   Facsimile: (415) 875-6700

7   Attorneys for GOOGLE LLC

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11  GOOGLE LLC,                          CASE NO. 3:20-cv-06754-WHA

12                         Plaintiff     **GOOGLE LLC'S INVALIDITY**
                                         **CONTENTIONS**
13          v.

14  SONOS, INC.,

15                         Defendant.

16

17

18

19

20

21

22

23

24

25

26

27

28

## XII.   OTHER RESERVATIONS AND EXPLANATIONS

These Invalidity Contentions are subject to further revision as follows.  Nothing in these contentions constitutes an admission concerning the priority date, conception date, or date of reduction to practice of the Asserted Claims.  Google reserves the right to modify or supplement these Invalidity  Contentions, including in response to any positions taken or information disclosed regarding the priority date, conception date, or date of reduction to practice of the Asserted Claims.

Google's Invalidity  Contentions are based in part on Google's present understanding of the Asserted Claims and Sonos's apparent interpretation of these claims as reflected in its Infringement Contentions.  By including prior art that anticipates or renders obvious claims based on Sonos's apparent claim interpretations, Google is not agreeing that Sonos's claim interpretations are correct.

Google reserves the right to revise their ultimate contentions concerning the invalidity of asserted the Asserted Claims, which may change depending on discovery taken in the case, any findings as to the priority date of the Asserted Claims, and/or positions that Sonos or expert witness(es) may take concerning claim construction, infringement, and/or invalidity issues.  For example, despite Google's repeated requests, Sonos has failed to date failed to make source code for its prior art products available to Google.  Google is continuing to confer with Sonos on the production of this source code and reserves the right to rely upon such code and/or supplement and amend its contentions based on Sonos's source code production.  Further, Sonos's Infringement Contentions remain deficient, as detailed in, for example, Google's November 3, 2021 letter to Sonos.  To date, Sonos has refused to address these deficiencies.

Google may rely on Sonos's or any inventor's admissions concerning the scope of prior art relevant to the Asserted Patents; the patent prosecution histories for the Asserted Patents; any deposition testimony of the named inventors on the Asserted Patents; and the papers filed and any evidence submitted by Sonos in connection with this litigation.  For example, Google reserves the right to further assert that the Asserted Claims are invalid under 35 U.S.C. § 102(f) in the event that Google obtains additional evidence that the named inventors did not invent (either alone or in

conjunction with others) the subject matter claimed in the Asserted Patents.  For example, should discovery reveal additional evidence that Sonos derived the Cloud Queue patents based on Spotify's collaboration with Sonos, or that Sonos derived the Zone Scene patents from members on the Sonos Forums, or that Sonos derived the Cloud Queue patents from Google during their collaboration, those facts may impact the inventorship of the asserted patents by, among other things, showing improper inventorship and/or lack of standing.  Should Google obtain additional evidence, it will provide the name(s) of any new person(s) from whom and the circumstances under which the claimed invention or any part of it was derived.

Prior art not included in this disclosure, whether known or not known to Google, may become relevant.  In particular, Google is currently unaware of the extent, if any, to which Sonos will contend that limitations of the Asserted Patents are not disclosed in the prior art identified by Google.  Sonos has refused to answer Google's interrogatories requesting its validity contentions for the references in these contentions.  To the extent Sonos disputes the disclosure of any limitation, Google reserves the right to identify other references that would render obvious the allegedly missing limitation(s) of the disclosed device or method.  Further, because discovery remains in its early stages Google has not yet completed its search for or analysis of relevant prior art, Google reserves the right to revise, amend, and/or supplement the information provided herein, including identifying, charting, and relying on additional references, should Google's further search and analysis yield additional information or references, consistent with the Federal Rules of Civil Procedure.

Additionally, because third-party discovery is not yet complete, Google reserves the right to present additional items of prior art under 35 U.S.C. §§ 102(a), (b), (e), and/or (g), and/or § 103, located during the course of such discovery or further investigation, and to assert invalidity under 35 U.S.C. §§ 102(c), (d), or (f), to the extent that such discovery or investigation yields information forming the basis for such invalidity.  For example, Google has issued and expects to issue subpoenas to, and receive information from, third parties believed to have knowledge, documentation, and/or corroborating evidence concerning some of the prior art listed below and/or

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

1   additional prior art.  These third parties include, without limitation, the authors, inventors,

2   vendors, or assignees of the references listed in these disclosures.

3          Google further reserve the right to modify or add additional contentions in the event that

4   Sonos provides amended infringement contentions and to the extent the Court orders or allows

5   Sonos to amend its infringement contentions.

6

7   Dated: December 6, 2021                    QUINN EMANUEL URQUHART &
                                                SULLIVAN, LLP
8

9                                               By:    /s/ Charles K. Verhoeven
                                                       Charles K. Verhoeven (pro hac vice)
10                                                     charlesverhoeven@quinnemanuel.com
                                                       Melissa Baily (pro hac vice)
11                                                     melissabaily@quinnemanuel.com
                                                       Lindsay Cooper (pro hac vice)
12                                                     lindsaycooper@quinnemanuel.com
                                                       QUINN EMANUEL URQUHART &
13                                                     SULLIVAN LLP
                                                       50 California Street, 22nd Floor
14                                                     San Francisco, California 94111-4788
                                                       Telephone: (415) 875 6600
15                                                     Facsimile: (415) 875 6700
16

17                                                     *Counsel for Defendant Google LLC*

18

19

20

21

22

23

24

25

26

27

28

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing document was served on counsel for plaintiff Sonos, Inc. via electronic delivery on December 6, 2021.

/s/ Nima Hefazi
Nima Hefazi