CLEMENT SETH ROBERTS (SBN 209203)
croberts@orrick.com
BAS DE BLANK (SBN 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (SBN 260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   +1 415 773 5700
Facsimile:    +1 415 773 5759

SEAN M. SULLIVAN (*pro hac vice*)
sullivan@ls3ip.com
J. DAN SMITH (*pro hac vice*)
smith@ls3ip.com
MICHAEL P. BOYEA (*pro hac vice*)
boyea@ls3ip.com
COLE B. RICHTER (*pro hac vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:   +1 312 754 0002
Facsimile:    +1 312 754 0003

*Attorneys for Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC., <br><br> Plaintiff and Counter-Defendant, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant and Counter-Claimant. | Case No. 3:20-cv-06754-WHA <br><br> Consolidated with <br> Case No. 3:21-cv-07559-WHA <br><br> **SONOS, INC.'S BRIEF REGARDING DR. SCHONFELD'S SUPPLEMENTAL REPLY REPORT** <br><br> Judge:  Hon. William Alsup <br> Pretrial Conf.: May 3, 2023 <br> Time:  12:00 p.m. <br> Courtroom: 12, 19th Floor <br> Trial Date: May 8, 2023 |

## I. INTRODUCTION

The Court ordered Sonos to submit "a copy of Dr. Schonfeld's supplemental reply report with portions that it alleges are new opinions highlighted," Dkt. 660 at 8, and a short brief explaining why those opinions should be excluded, 5/3/2023 Tr. at 112:2-14.

The highlighted portions of Dr. Schonfeld's April 14, 2023 supplemental reply report contain opinions that (1) are not true rebuttal to Dr. Almeroth's March 21, 2023 supplemental report, (2) should have been disclosed in Dr. Schonfeld's original reports served more than five months ago, and (3) were clearly added in response to the Court's April 13, 2023 order denying summary judgment of invalidity (Dkt. 566). As the Court can see, Dr. Schonfeld's supplemental reply report provided new opinions related to motivation to combine and/or modify the alleged prior art and reasonable expectation of success. *See, e.g.*, Ex. A ¶¶ 19-20 (new opinions related to Dr. Schonfeld's allegation that claim 1 of the '885 patent is obvious based on Sonos's 2005 system in view of the "general knowledge of a POSITA"), 19-20 (new opinions related to Dr. Schonfeld's allegation that claim 1 of the '885 patent is obvious based on Sonos's 2005 system in view of "Sonos Forums"). The untimely opinions should be struck as their late disclosure is improper and extremely prejudicial to Sonos.

This is the sequence of events that led us here:

- Pursuant to the Court's showdown procedure, Sonos elected claim 1 of the '885 patent. On June 22, 2022, Dr. Schonfeld submitted a report containing his opinion that claim 1 of the '885 patent was invalid as obvious, among other reasons. Dkt. 290 (deadline for opening expert reports). Dr. Schonfeld's report contained limited opinion on motivation to combine and/or modify the alleged prior art and no opinion about reasonable expectation of success.

- Pursuant to the Court's showdown procedure, on July 27, 2022, Dr. Almeroth submitted a rebuttal report rebutting Dr. Schonfeld's invalidity opinions on the '885 patent. Dkt. 304.

- The Court vacated the showdown trial and ruled that the '885 patent was not invalid. Dkt. 339 (vacating showdown); Dkt. 382 (validity order).

- The parties continued with expert discovery for the full trial. On November 30, 2022, Dr. Schonfeld submitted a new report; the report again contained his opinion that claim 1 of the '885 patent is invalid; added invalidity grounds based on obviousness over Sonos's

2005 system in combination with Crestron or Yamaha DME and based obviousness-type double patenting over U.S. Pat. No. 9,141,645 (the "'645 patent"); and added cross-references that the '966 patent is invalid. (Dr. Schonfeld's cross-referencing was the subject of Sonos's MIL No. 2.) Dr. Schonfeld again included limited opinion on motivation to combine and/or modify the alleged prior art and no opinion about reasonable expectation of success.

- On January 13, 2023, Dr. Almeroth submitted a rebuttal report, rebutting Dr. Schonfeld's invalidity opinions on the '966 patent, including addressing Dr. Schonfeld's lack of and flawed motivation to combine and/or modify opinions related to Crestron, Yamaha DME, and the '645 patent. Because the Court had ruled that claim 1 of the '885 patent was not invalid, Dr. Almeroth did not address that claim.

- On January 23, 2023, Dr. Schonfeld submitted a reply report addressing Dr. Almeroth's January 13, 2023 report. The parties then briefed summary judgment based on those reports.

- On March 2, 2023, the Court granted Google's motion for reconsideration and allowed Google to challenge the invalidity of the '885 patent on prior art grounds. Dkt. 539. Shortly thereafter, the Court ordered Sonos to submit a rebuttal opinion on the validity of claim 1 of the '885 patent within 14 days. Dkt. 542.

- On March 21, 2023, Dr. Almeroth submitted a rebuttal report that, in relevant part, (i) incorporated his July 27, 2022 rebuttal report addressing Dr. Schonfeld's invalidity opinions on the '885 patent and (ii) and provided his rebuttal opinions to Dr. Schonfeld's new invalidity opinions for the '885 patent based on the Crestron, Yamaha DME, and '645 patent alleged prior art.

- Following receipt of Dr. Almeroth's rebuttal opinion, Google stated it would serve a reply report from Dr. Schonfeld. 3/27/23 Email from A. Aubry to D. Smith. Google proposed serving its report on April 11, 2023. *Id.* Notably, April 11 would have fallen just before the Court's April 13, 2023 motion *in limine* deadline, which would have given Sonos an opportunity (albeit brief) to review the report and consider a motion *in limine*. But April 11, 2023 came and went with no report from Google.

- On April 13, 2023, the Court issued its summary judgment order. Dkt. 566. The Court's order noted that motivation to combine and/or modify and reasonable expectation of success are "separate requirements" and faulted Google for failing to show, by clear and convincing evidence, that a person of ordinary skill in the art would have had a reasonable expectation of success in combining the prior art. *Id.* at 27-28.

- On April 14, 2023, the day after the Court issued its summary judgment order, Google finally served Dr. Schonfeld's supplemental reply report. Ex. A at 35. Dr. Schonfeld's supplemental reply report adds new opinions on motivation to combine and/or modify the alleged prior art and for the first time includes opinions on reasonable expectation of success. Sonos highlights these new opinions in Ex. A.

As the above shows, Google strategically waited until after the motion *in limine* deadline and until the Court issued its summary judgment order, and then used Dr. Schonfeld's supplemental reply report as a vehicle to add new opinions in an attempt to cure deficiencies identified by the Court. This is sandbagging at its finest.

Moreover, Dr. Schonfeld's new opinions on motivation to modify and/or combine the alleged prior art and reasonable expectation of success were not true rebuttal to Dr. Almeroth's March 21, 2023 supplemental report. Dr. Schonfeld's opinions belonged in his November 30, 2022 opening report and/or January 23, 2023 reply report, as they are responses to Dr. Almeroth's earlier opinions on why there was no motivation to combine and/or modify the prior art and no reasonable expectation of success. Indeed, Dr. Almeroth's July 27, 2022 report rebutted all of Dr. Schonfeld's invalidity opinions for Sonos's '885 patent with the exception of those based on the later-added Creston, Yamaha DME, and '645 patent references. And with respect to those references, Dr. Almeroth's January 13, 2023 report contained his opinions on why there was no motivation to combine and/or modify the alleged prior art and why there was no reasonable expectation of success. *E.g.*, 1/13/2023 Almeroth Rebuttal Report at ¶¶ 766-770, 793-798, 1591-1605. So, again, Dr. Schonfeld's response belonged in his January 23, 2023 reply report.

Although Dr. Almeroth's March 21, 2023 supplemental report now addressed the Creston, Yamaha DME, and '645 patent references against Sonos's '885 patent, Dr. Almeroth's opinions that there was no motivation to combine and/or modify and no reasonable expectation of success were substantively the same as those contained in his January 13, 2023 report. *E.g.*, 3/21/2023 Almeroth Rebuttal Report ¶ 93 ("for the *same reasons* set forth in my 1/13/2023 Rebuttal Report, I disagree that a POSITA in 2005-06 would have been motivated to modify Sonos's 2005 system to combine it with the identified functionality of Crestron's centralized AES speaker system." (emphasis added)). Thus, Dr. Almeroth did not provide any new opinions that would justify Dr.

1  Schonfeld adding new opinions related to whether a person of ordinary skill in the art would have
2  been motivated to combine and/or modify the alleged prior art or would have a reasonable
3  expectation of success in making the claimed invention from Google's proposed obviousness
4  combinations. The clear reason Dr. Schonfeld added these opinions was because of the Court's
5  summary judgment order.

6  Moreover, these opinions should have been included in Dr. Schonfeld's original
7  November 30, 2022 and January 23, 2023 reports. Motivation to combine and/or modify prior art
8  and reasonable expectation of success are both necessary parts of an accused infringer's prima
9  facie case of obviousness. *Eli Lilly & Co. v. Teva Pharms. Int'l GmbH*, 8 F.4th 1331, 1344 (Fed.
10 Cir. 2021). Google therefore had no excuse for failing to disclose these opinions during expert
11 discovery. Google's failure to do so prejudiced Sonos and prevented Sonos from deposing Dr.
12 Schonfeld on this issue, and from providing counter opinions from Dr. Almeroth.

13 Dr. Schonfeld's opinions were clearly added in response to the Court's order denying
14 Google's motion for summary judgment of invalidity, and should not have appeared for the first
15 time in his supplemental reply report. The opinions were not responsive to Dr. Almeroth, but
16 were instead added to shore up the problems in Dr. Schonfeld's report. It is unfair to allow
17 Google to add new opinions that are clearly designed to remedy the deficiencies in its expert's
18 original reports that were identified by Sonos and the Court at summary judgment.

19 The time for adding new opinion is long past, and the Court should strike the highlighted
20 portions of Dr. Schonfeld's supplemental reply report.

Dated: May 5, 2023

ORRICK HERRINGTON & SUTCLIFFE LLP
*and*
LEE SULLIVAN SHEA & SMITH LLP

By: */s/ Clement Seth Roberts*
Clement Seth Roberts

*Attorneys for Sonos, Inc.*