CLEMENT SETH ROBERTS (SBN 209203)
croberts@orrick.com
BAS DE BLANK (SBN 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (SBN 260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   +1 415 773 5700
Facsimile:   +1 415 773 5759

SEAN M. SULLIVAN (*pro hac vice*)
sullivan@ls3ip.com
MICHAEL P. BOYEA (*pro hac vice*)
boyea@ls3ip.com
COLE B. RICHTER (*pro hac vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:   +1 312 754 0002
Facsimile:   +1 312 754 0003

*Attorneys for Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC., <br><br> Plaintiff and Counter-Defendant, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant and Counter-Claimant. | Case No. 3:20-cv-06754-WHA <br> Related to Case No. 3:21-cv-07559-WHA <br><br> **DECLARATION OF COLE B. RICHTER IN SUPPORT OF GOOGLE'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. 624)** |

I, Cole B. Richter, declare as follows and would so testify under oath if called upon to do so:

1. I am an attorney with the law firm of Lee Sullivan Shea & Smith LLP, counsel of record to Sonos, Inc. ("Sonos") in the above-captioned matter. I am a member in good standing of the Bar of the State of Illinois. I have been admitted *pro hac vice* in this matter. I make this declaration based on my personal knowledge, unless otherwise noted. If called, I can and will testify competently to the matters set forth herein.

2. I make this declaration in support of Google's Administrative Motion to Consider Whether Another Party's Material Should be Sealed filed on April 28, 2023 (Dkt. 624) ("Administrative Motion to Consider"), in connection with Google's Notice of Lodging Presentation Slides Re The March 30, 2023 Summary Judgment Hearing ("Google's Notice").

3. Sonos seeks an order sealing the materials as listed below:

| Document | Portions Google Sought to Be Filed Under Seal | Portions Sonos Seeks to Be Filed Under Seal | Designating Party |
|---|---|---|---|
| Attachment A to Google's Notice ("Attachment A") | Portions outlined in purple boxes | Portions outlined in purple boxes. *See* Dkt. 624-2.<br>• Portions of pages 14-15, 119, 121, 123-130, 132-134, and 136-140 of PDF. | Sonos |
| Attachment A | Portions outlined in green boxes | Portions outlined in green boxes. *See* Dkt. 624-2.<br>• Portions of pages 120, 129, 144-147, and 149 of PDF. | Sonos and Google |

4. I understand that the Ninth Circuit has recognized two different standards that may apply to a request to seal a document, the "compelling reasons" standard and the "good cause" standard. *Blessing v. Plex Sys., Inc.*, No. 21-CV-05951-PJH, 2021 WL 6064006, at *12 (N.D. Cal. Dec. 22, 2021) (citing *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016)). The compelling reasons standard applies to any sealing request made in

1

Decl. of Richter iso Google's Admin. Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. 624)
3:20-cv-06754-WHA

1  connection with a motion that is "more than tangentially related to the merits of a case." *Id.*

2  Accordingly, I understand courts in this district apply a "compelling reasons" standard to a

3  sealing request made in connection with a motion for summary judgment. *See, e.g.*, *Snapkeys,*

4  *Ltd. v. Google LLC*, No. 19-CV-02658-LHK, 2021 WL 1951250, at *2 (N.D. Cal. May 14, 2021).

5       5.    I further understand that confidential technical information about product features,

6  architecture, and development satisfies the "compelling reason" standard. *See Delphix Corp. v.*

7  *Actifio, Inc.*, No. 13-cv-04613-BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (finding

8  compelling reasons to seal where court filings contained "highly sensitive information regarding

9  [an entity's confidential] product architecture and development"); *Guzik Tech. Enters., Inc. v. W.*

10  *Digital Corp.*, No. 5:11-CV-03786-PSG, 2013 WL 6199629, at *4 (N.D. Cal. Nov. 27, 2013)

11  (sealing exhibit containing "significant references to and discussion regarding the technical

12  features" of a litigant's products). Under this "compelling reasons" standard, the Court should

13  order the above-listed documents sealed.

14       6.    The portions identified in the table above for Attachment A reference and contain

15  Sonos's confidential business information and trade secrets, including details regarding the

16  architecture, technical operation of various products and research and development processes.

17  The specifics of how these functionalities and processes operate is confidential information that

18  Sonos does not share publicly. Thus, public disclosure of such information may lead to

19  competitive harm as Sonos's competitors could use these details regarding the architecture,

20  functionality, and processes of these products to gain a competitive advantage in the marketplace

21  with respect to their competing products. A less restrictive alternative than sealing said

22  documents would not be sufficient because the information sought to be sealed is Sonos's

23  confidential business information and trade secrets and Google contends that this information is

24  necessary to Google's Notice. *See* Declaration of Anne-Raphaelle Aubry in support of Google's

25  administrative motion to seal (Dkt. 623-1) ¶¶ 4-5.

26       7.    Sonos's request is narrowly tailored to protect its confidential information.

27

28

2

DECL. OF RICHTER ISO GOOGLE'S ADMIN. MOTION TO
CONSIDER WHETHER ANOTHER PARTY'S MATERIAL
SHOULD BE SEALED (DKT. 624)
3:20-CV-06754-WHA

1  I declare under penalty of perjury that the foregoing is true and correct to the best of my
2  knowledge.  Executed this 5th day of May, 2023 in San Francisco, CA.

                                              */s/ Cole B. Richter*
                                              COLE B. RICHTER

3

Decl. of Richter iso Google's Admin. Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. 624)
3:20-cv-06754-WHA