QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Sean Pak (Bar No. 219032)
  seanpak@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  James Judah (Bar No. 257112)
  jamesjudah@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
  Iman Lordgooei (Bar No. 251320)
  imanlordgooei@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

  Marc Kaplan *(pro hac vice)*
  marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone:     (312) 705-7400
Facsimile:     (312) 705-7401

*Attorneys for GOOGLE, LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>GOOGLE LLC,<br><br>        Defendant. | Case No. 3:20-cv-06754-WHA<br>Related to Case No. 3:21-cv-07559-WHA<br><br>**GOOGLE LLC'S RESPONSE TO REQUEST FOR INFORMATION (DKTS. 649, 661)** |

Google LLC ("Google") files this response pursuant to the Court's Request for Information (Dkts. 649, 661). Google's responses to the Court's questions are below.

**1.   In the real world, how much money has the IFTTT app developer received as a result of sales on the Google Play store?**

From the time the IFTTT app was first made available on the Google Play store through December 31, 2022, IFTTT received ███████████████. This includes revenue generated from subscription fees paid for different plans at different prices over time.

**2.   In the real world, how many downloads have been made of the IFTTT app?**

From 2018 through May 4, 2023, the IFTTT app has been downloaded from the Google Play store ████████ times. The ████████ downloads were free downloads. Of those free downloads, ████████ were downloaded in the United States between November 2019 and November 2022.

From the time the IFTTT app was first made available on the Google Play store through December 31, 2022, the total number of worldwide financial transactions associated with the IFTTT app was ████████. Google is still confirming whether this number includes (i) each monthly subscription fee charged as the result of the purchase of one subscription or (ii) only each initial purchase of a subscription.

**3.   How many users have the Google Home app installed?**

From November 24, 2020 (the hypothetical negotiation date for the '966 patent) through November 15, 2022 (the last date for which data was available at the close of discovery), there were ████████ installations of the Google Home App. This number includes all installations on any device, regardless whether such installations were ever used at all (and regardless whether such installations were ever used to save/invoke groups of overlapping speakers).

**4.   How many uses does Sonos accuse of infringing the patents?**

Sonos separately accuses of infringement (i) every Google device with a speaker (████████ devices) plus (ii) every phone or tablet with the Google Home app installed (████████ devices). In total, Sonos's damages base is ████████ devices.

To obtain the benefit of the alleged invention, one must use the Google Home app installed on a phone or tablet to save overlapping groups of at least three Google speakers. Google does not

1  have data that counts directly how many times the Google Home app has been used to save
2  overlapping groups of three or more Google speakers.[1] But Google does have a 200-day data set
3  from 2022 that describes the number of Google speakers in a group (regardless whether that group
4  is saved or ad hoc, invoked if saved, and/or overlapping with another group). That data shows that
5  ███████████████████████████████████████████████████████████████████████
6  ██████████████████████████████████████████████████████████████. Ex. 2
7  (Summary of large multi-tabbed Excel file) at Exhibit 4.4.[2] Additional Google data from the same
8  time period shows that ████████ of these Google speakers that are in a group are in a *saved*
9  group (which may or may not be invoked or overlapping with another group), as opposed to a non-
10 accused, non-infringing, ad-hoc, dynamic group. *Id.* (same) at Exhibit 4.3. Mr. Malackowski did
11 not use this information to inform his damages analysis. Ex. 1 at 243:12-21, 244:16-19.

13 DATED: May 5, 2023                    Respectfully submitted,

14                                        QUINN EMANUEL URQUHART &
15                                        SULLIVAN, LLP

17                                        By    */s/ Sean Pak*
                                                Sean Pak
18                                              Melissa Baily
                                                James D. Judah
19                                              Lindsay Cooper
                                                Marc Kaplan
20                                              Iman Lordgooei

21                                        *Attorneys for Google LLC*

---

[1] There are many non-accused ways to use the Google Home app, for example to control doorbells, security systems, thermostats and so on.
[2] All cited exhibits are attached to the contemporaneously filed Declaration of Lindsay Cooper.

**CERTIFICATE OF SERVICE**

The undersigned certifies that on May 5, 2023, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system.

DATED: May 5, 2023

                                */s/ Sean Pak*
                                Sean Pak