CLEMENT SETH ROBERTS (SBN 209203)
croberts@orrick.com
BAS DE BLANK (SBN 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (SBN 260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:     +1 415 773 5759

SEAN M. SULLIVAN (*pro hac vice*)
sullivan@ls3ip.com
J. DAN SMITH (*pro hac vice*)
smith@ ls3ip.com
MICHAEL P. BOYEA (*pro hac vice*)
boyea@ ls3ip.com
COLE B. RICHTER (*pro hac vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:    +1 312 754 0002
Facsimile:     +1 312 754 0003

*Attorneys for Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>    Plaintiff and Counter-Defendant,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant and Counter-Claimant. | Case No. 3:20-cv-06754-WHA<br>Consolidated with Case No. 3:21-cv-07559-WHA<br><br>**SONOS, INC.'S REQUEST FOR CLARIFICATION**<br><br>Judge: Hon. William Alsup<br>Courtroom: 12, 19th Floor<br>Trial Date: May 8, 2023 |

In the Final Pretrial Order, the Court ruled that "[t]o the extent that Sonos plans to mention unasserted patents to support its theory of willful infringement, Google should have the right to mention what became of those unasserted patents." Dkt. 660 at 6. Sonos seeks clarification about whether Sonos's planned course of action accords with the Court's order.

Sonos's current plan is to question Ms. Alaina Kwasizur, Sonos's General Counsel for the Americas and Pacific Islands and assistant corporate secretary, about Sonos's disclosure of the asserted '966 patent to Google. Because the Court ruled that bringing in unasserted patents would open the door to allowing Google to discuss what happened with those patents, and further said that redacting the unasserted patents from Sonos's draft complaint and cover email would not be allowed, *see* 5/3/23 Tr. at 104:11-25, Sonos will not seek to introduce those documents into evidence. Sonos instead intends to offer Ms. Kwasizur's oral testimony to the effect that Sonos put Google on notice of the '966 patent through the provision of a complaint. On this point, Sonos would not elicit testimony about any patents other than those still in the case. Sonos asks the Court to clarify that this testimony does not "open the door" to allow Google to discuss patents that are no longer asserted in this case, because Ms. Kwasizur's testimony would neither mention any other patents nor (as with a redacted complaint) invite the jury to speculate about missing information. Allowing Google to discuss what happened with patents that are no longer asserted—where Sonos has not mentioned these patents—would be irrelevant to any issue in this case, would confuse the jury, waste time, and be unfairly prejudicial to Sonos. Fed. R. Evid. 402, 403; Dkt. 618 at 1-5; Dkt. 599 at 1-4.

Independently, Sonos seeks clarification on whether introducing evidence about Google's prior knowledge of patents in the same chain of priority (i.e., with the same specification) as the asserted '885 and '966 patents would "open the door" to allow Google to discuss patents outside that patent family. If not, Sonos would introduce single-page excerpts of certain communications that provided Google with notice of these patents. Sonos would limit its questioning and evidence to this same zone scenes patent family.

To the extent that Google contends that raising this family "opens the door" to discussion of other patents in that same family, in the interest of fairness, Sonos would not object to Google

responding by telling the jury that Sonos withdrew the '206 patent (which is the parent of the '885 and '966 patents) from this case.

However, to the extent Google says it wants to tell (or imply to) the jury that the '206 patent was held invalid for indefiniteness, the Court should not allow Google to make that statement. No such judgment or order has ever been entered. As discussed with this Court, during the claim construction process the Western District of Texas court expressed opinions about this issue from the bench but never entered any order. *See, e.g.*, Dkt. 382 at 2 ("Judge Albright's oral claim construction rulings are not and were never the law of the case. … To the extent that Google relied on Judge Albright's rulings, that reliance was misplaced." (citations ellipsed)); Dkt. 184 at 1-3. Instead, this Court granted a stipulation of dismissal of the '206 patent on February 18, 2022. Dkt. 132. Moreover, Google has no indefiniteness claims against the remaining patents and introducing the concept of indefiniteness would waste time and confuse the jury.

Dated: May 3, 2023

ORRICK HERRINGTON & SUTCLIFFE LLP
*and*
LEE SULLIVAN SHEA & SMITH LLP

By: */s/ Clement S. Roberts*
     Clement Seth Roberts

*Attorneys for Sonos, Inc.*