QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Sean Pak (Bar No. 219032)
  seanpak@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  James Judah (Bar No. 257112)
  jamesjudah@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
  Iman Lordgooei (Bar No. 251320)
  imanlordgooei@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

  Marc Kaplan *(pro hac vice)*
  marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone:    (312) 705-7400
Facsimile:    (312) 705-7401

*Attorneys for GOOGLE LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC., <br><br> Plaintiff and Counter-Defendant, <br><br> vs. <br><br> GOOGLE LLC, <br><br> Defendant and Counter-Claimant. | Case No. 3:20-cv-06754-WHA <br> Related to Case No. 3:21-cv-07559-WHA <br><br> **GOOGLE LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS RESPONSE TO SONOS, INC.'S REQUEST FOR CLARIFICATION** |

Case No. 3:20-cv-06754-WHA
GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS RESPONSE TO SONOS'S REQUEST FOR CLARIFICATION

01980-00181/14067508.1

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiff Google LLC ("Google") hereby requests to file under seal portions of its Response to Sonos, Inc.'s ("Sonos") Request for Clarification ("Response"). Specifically, Google requests an order granting leave to file under seal the portions of the document listed below:

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| Response | Portions highlighted in green | Google and Sonos |
| Exhibit 2 to the Declaration of James Judah | Entire Document | Google and Sonos |
| Exhibit 5 to the Declaration of James Judah | Entire Document | Google and Sonos |

## II. LEGAL STANDARD

Civil Local Rule 79-5(c) provides that a party seeking to file its own documents under seal must file an administrative motion that articulates the applicable legal standard and reasons for keeping a document under seal, includes evidentiary support from a declaration where necessary, and provides a proposed order that is narrowly tailored to seal only the sealable material.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). In the Ninth Circuit, two different standards may apply to a request to seal a document – namely the "compelling reasons" standard or the "good cause" standard. *Blessing v. Plex Sys., Inc.*, No. 21-CV-05951-PJH, 2021 WL 6064006, at *12 (N.D. Cal. Dec. 22, 2021) (citing *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016)). "To seal records in connection with a 'dispositive' motion or a motion that 'more than tangentially relate[s] to the merits of a case,' 'compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure' are required." *Bronson v. Samsung Elecs. Am., Inc.*, No. C 18-02300 WHA, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019) (quoting *Kamakana*, 447 F.3d at 1178-79). "A particularized showing of 'good cause' under Federal Rule

of Civil Procedure 26(c), however, suffices to warrant sealing in connection with a non-dispositive motion." *Id.*

Sonos's Request for Clarification (Dkt. 674) relates to its Motion *in Limine* No. 4 (Dkt. 599). This Court has analyzed sealing requests in connection with motions *in limine* pursuant to the "good cause" standard for non-dispositive motions. *See, e.g.*, *Gearsource Holdings, LLC v. Google LLC*, No. 18-CV-03812-HSG, 2021 WL 1123630, at *2 (N.D. Cal. Feb. 24, 2021) ("Because Defendant's motion *in limine* is not a dispositive motion, the Court applies the lower good cause standard."); *Racies v. Quincy Bioscience, LLC*, No. 15-CV-00292-HSG, 2019 WL 8438448, at *1 (N.D. Cal. Dec. 16, 2019) ("Because the parties move to file documents related to their motions *in limine*, the Court will apply the lower good cause standard."); *TVIIM, LLC v. McAfee, Inc.*, No. 13-CV-04545-HSG, 2015 WL 3776424, at *2 (N.D. Cal. June 16, 2015) ("Because motions *in limine* are nondispositive motions, the Court applies the 'good cause' standard to the pending motions to seal.").

### III.   THE COURT SHOULD SEAL GOOGLE'S CONFIDENTIAL INFORMATION

Material that is confidential and could harm a litigant's competitive standing if disclosed may be sealed under the good cause standard. *See, e.g.*, *Skillz Platform Inc. v. AviaGames Inc.*, No. 21-CV-02436-BLF, 2022 WL 875654, at *2 (N.D. Cal. Mar. 24, 2022) (finding "good cause to file the documents and portions of documents at issue under seal given the sensitive financial and business information they contain"); *Dugan v. Lloyds TSB Bank, PLC*, No. 12-CV-02549-WHA NJV, 2013 WL 1435223, at *2 (N.D. Cal. Apr. 9, 2013) ("There may be 'good cause' to seal records that are privileged, contain trade secrets, contain confidential research, development or commercial information, or if disclosure of the information might harm a litigant's competitive standing.").

The portions sought to be sealed contain confidential licensing negotiations that are not public. Public disclosure of this information would harm Google's competitive standing and its ability to negotiate future licensing agreements by giving competitors access and insight into Google's highly confidential business thinking and asymmetrical information about Google's licensing strategies to other entities. Declaration of James Judah ¶ 3. If such information were made

public, Google's competitive standing would be significantly harmed.  This Court has previously granted sealing of the same and/or similar information.  *See, e.g.*, Dkt. 334 at 5.

Google thus has good cause to keep such information under seal.  *See, e.g.*, *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12-CV-03844-JST, 2015 WL 12976921, at *3 (N.D. Cal. Mar. 31, 2015) (granting motion to seal "sensitive business information regarding the amount of royalties received under a licensing agreement and also detailed information regarding a confidential licensing and manufacturing agreement" under the good cause standard); *Omnicell, Inc. v. Medacist Sols. Grp., LLC*, No. 10-CV-04746-LHK, 2011 WL 13384612, at *1 (N.D. Cal. Jan. 21, 2011) (finding good cause to seal "information relating to a confidential Settlement and License Agreement").

## IV.  CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court grant Google's Administrative Motion to File Under Seal Portions of its Response to Request for Information.

DATED:  May 6, 2023

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:   */s/ Sean Pak*
       Sean Pak

*Attorneys for GOOGLE LLC*

## ATTESTATION

Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that, on May 6, 2023, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system and email.

DATED: May 6, 2023

By:   */s/ Sean Pak*
       Sean Pak