QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Sean Pak (Bar No. 219032)
  seanpak@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  James Judah (Bar No. 257112)
  jamesjudah@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
  Iman Lordgooei (Bar No. 251320)
  imanlordgooei@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

  Marc Kaplan (*pro hac vice*)
  marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone:    (312) 705-7400
Facsimile:    (312) 705-7401

*Attorneys for GOOGLE LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>                    Plaintiff,<br><br>        vs.<br><br>GOOGLE LLC,<br><br>                    Defendant. | Case No. 3:20-cv-06754-WHA<br>Consolidated with Case No. 3:21-cv-07559-WHA<br><br>**GOOGLE LLC'S RESPONSE TO SONOS, INC.'S REQUEST FOR CLARIFICATION** |

01980-00181/14067485.2

There is nothing unclear about the Court's rulings on Sonos's Motion *in Limine* No. 4.

Sonos is permitted to rely on a cease and desist letter specific to the '966 patent or '885 patent, if one exists. *See* Ex. 1 (May 3, 2023 Pretrial Conference Tr.) at 56:12-22 ("First, on the willfulness issue, it's okay for you to put in evidence a notice of cease and desist letter. And you can say that, if true, you brought to their attention two years ago or three years ago this particular patent and explained how it infringes. That would be okay for willfulness on this patent and -- these two patents and nothing else.").[1] There is no such letter in this case.

Sonos, however, is **not** permitted to rely on any of the parties' pre-suit licensing negotiations, all of which are "out":

> THE COURT: I think none of this should come into evidence. None of it from -- on willfulness, and none of it over on your side. That's my view. End of story. Now, if you have a cease and desist letter, that's okay; you can use that.
> But anything that deals with these negotiations, pointing the finger at who walked away, there was a term sheet, that'll take two days to try, and it doesn't prove very much. So under Rule 403, all of that is excluded.
> MS. CARIDIS: So, Your Honor, we don't think it will take that long.
> THE COURT: It will. Please. I've made my ruling. I have made my ruling. All of this is out, o-u-t –
> MR. PAK: Thank you, Your Honor.
> THE COURT: -- on both sides.

*Id.* at 59:10-25 (emphases added).

To the extent Sonos elects to rely on the notice of the '966 patent provided by Ms. Kwasizur's September 28, 2020 email and attached "courtesy copy" of Sonos' draft complaint, then Google is permitted to introduce evidence and argument regarding what happened to the other Sonos patents referenced in the email and the complaint, in accordance with this Court's ruling:

> MR. JUDAH: But the point is, they want to tell an incomplete picture. They want to open the -- I guess I would say it's not even opening the door because we're not saying we want to walk in and talk about other stuff. It's the door itself.
> They say: Oh, no, we can talk about the door. Google can't talk about four-fifths of the door.
> THE COURT: Okay. Are you trying to --

---

[1] All cited exhibits are attached to the contemporaneously filed Declaration of James Judah.

> MR. RICHTER: Sonos would be happy to redact the listing of the unasserted patents.
> THE COURT: No. You're trying a gimmick. Sorry. Motion denied. Google's got -- look, if this is what you're going to use for willfulness, this complaint, Google's got every right to tell the jury: Hey, one of these, they withdrew. The other one, the judge has already found was invalid.
> So, yes, if this is your document on willfulness, too bad.
> MR. RICHTER: Our argument --
> THE COURT: Motion denied.
> MR. RICHTER: -- is that their --
> THE COURT: Motion denied.

*Id.* at 104:4-24 (emphases added).

Sonos's Request for Clarification proposes that Sonos be permitted to effectively "redact the listing of the unasserted patents" by having its General Counsel *talk* about the document, rather than introducing into evidence the document itself. *See* Dkt. 674 at 1 ("Sonos will not seek to introduce those documents into evidence. Sonos instead intends to offer Ms. Kwasizur's oral testimony to the effect that Sonos put Google on notice of the '966 patent through the provision of a complaint."). This is the approach that the Court already rejected. Ex. 1 at 104:4-24. If Sonos elects to rely on Ms. Kwasizur's September 28, 2020 email and "courtesy copy" complaint—***in any form***—then Google should be permitted to show the jury the actual documents, and explain what happened to the other four referenced patents in order to complete the picture. *See*, *e.g.*, *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 170-73 (1988) ("[W]hen one party has made use of a portion of a document, such that misunderstanding or distortion can be averted only through presentation of another portion, the material required for completeness is *ipso facto* relevant and therefore admissible under Rules 401 and 402.").

The Court should also reject Sonos's attempt to relitigate the Court's ruling to exclude the parties' pre-suit licensing discussions. *See* Dkt. 674 at 1 ("Independently, Sonos seeks clarification on whether introducing evidence about Google's prior knowledge of patents in the same chain of priority (*i.e.*, with the same specification) as the asserted '885 and '966 patents would 'open the door' to allow Google to discuss patents outside that patent family."). Although Sonos does not mention this in its Request for Clarification, the "evidence about Google's prior knowledge of

patents in the same chain of priority . . . as the asserted '885 and '966 patents" comes from the *parties' licensing discussions*—all of which pre-date the issuance of the '966 patent and are designated under FRE 408.  *See*, *e.g*., Ex. 2 (TX6613), Ex. 3 (TX6065),  Ex. 4 (TX6089) (2/22/2019 licensing letter attaching 100 patent infringement claim charts for, *inter alia*, U.S. Patent Nos. 8,843,228 and 9,344,206, and designated "Confidential - Subject to FRE 408").  The Court has already ruled that all of this pre-suit licensing evidence is excluded under Rule 403.  Ex. 1 at 59:10-25; *see also Sonos, Inc. v. Google LLC*, 591 F. Supp. 3d 638, 643 (N.D. Cal. 2022) ("Mere knowledge of a 'patent family' or the plaintiff's 'patent portfolio' is not enough.").  And to the extent the Court grants reconsideration on this issue, Google should be permitted to explain its side of the licensing story—including, for example, ████████████████████████████████████████████████████████████████████████████████████████████████████. Ex. 5 (TX6260).  Google should also be permitted to tell the jury the full story about the previously asserted '206 patent, which shares a specification with the '966 and '885 patents—not only that Sonos stipulated to dismiss its infringement allegations with prejudice, but also that Sonos did so after the patent had been found indefinite during litigation.  *See*, *e.g*., Ex. 6 (TX3934) at 52; Ex. 1 at 104:4-24.

Finally, Sonos's "Request for Clarification" is an improper motion for reconsideration, and should be denied on that basis as well.  *EIT Holdings LLC v. Yelp!, Inc.*, No. C 10-05623 WHA, 2011 WL 5038354, at *3 (N.D. Cal. Oct. 24, 2011) ("Motions for reconsideration may be made only in strict accordance with the rules of procedure, if at all.").

Dated:  May 6, 2023

Respectfully submitted,

 */s/ Sean Pak*
Attorneys for GOOGLE LLC

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*Counsel for Google LLC*

**ATTESTATION**

Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that, on May 6, 2023, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system and email.

DATED: May 6, 2023

By: _/s/ Sean Pak_
      Sean Pak