# EXHIBIT 1

**Pages 1 - 132**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable William H. Alsup, Judge

```
GOOGLE LLC,                      )
                                 )
          Plaintiff,             )
                                 )
  VS.                            )  NO. C 20-06754 WHA
                                 )
SONOS, INC.,                     )
                                 )
          Defendant.             )
_____)
                                 )
SONOS, INC.,                     )
                                 )
          Plaintiff,             )
                                 )
  VS.                            )  NO. C 21-07559 WHA
                                 )
GOOGLE LLC,                      )
                                 )
          Defendant.             )
_____)
```

San Francisco, California
Wednesday, May 3, 2023

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Plaintiff:
        ORRICK, HERRINGTON & SUTCLIFFE LLP
        The Orrick Building
        405 Howard Street
        San Francisco, California 94105
    **BY: CLEMENT S. ROBERTS, ATTORNEY AT LAW**
        **ELIZABETH MOULTON, ATTORNEY AT LAW**

(APPEARANCES CONTINUED ON FOLLOWING PAGE)

REPORTED BY: Ana Dub, RDR, CRR, CSR No. 7445
        Official United States Reporter

1   should not allow -- you should not come back with a damages
2   number bigger than that.
3       And that, Your Honor, is directly against the principle of
4   Federal Rule of Evidence 408 which says you cannot admit
5   evidence to prove or disprove the validity or amount of a
6   disputed claim.
7       So they can't say --
8           **THE COURT:** Can't what?
9           **MS. CARIDIS:** -- "You offered them" -- "You offered
10  Google X amount of money; so you shouldn't ask for more than X
11  here."
12          **THE COURT:** First, on the willfulness issue, it's okay
13  for you to put in evidence a notice of cease and desist letter.
14      You are not going to be allowed to put in hundreds of
15  patents.
16      And you can say that, if true, you brought to their
17  attention two years ago or three years ago this particular
18  patent and explained how it infringes.  That would be okay for
19  willfulness on this patent and -- these two patents and nothing
20  else.
21      You're not going to get off in some donnybrook about all
22  these other patents and all these other products.  No way.
23      Now, if they do that, I'm not sure why she isn't correct
24  about -- why would the dollar amounts prove a thing in terms of
25  Rule 408?

1  By the way, you infringe.  Here's how you infringe.  Signed,
2  General Counsel.
3        **MS. CARIDIS:**  So we did give them claim charts.  This
4  was not just a -- you know, a random discussion or a
5  non-specific discussion about, you know, generic IP.  We did
6  give them claim charts.
7        **THE COURT:**  But it was in these negotiations?
8        **MS. CARIDIS:**  But it was in the context of
9  negotiations.
10       **THE COURT:**  I think none of this should come into
11 evidence.  None of it from -- on willfulness, and none of it
12 over on your side.  That's my view.  End of story.
13       Now, if you have a cease and desist letter, that's okay;
14 you can use that.
15       But anything that deals with these negotiations, pointing
16 the finger at who walked away, there was a term sheet, that'll
17 take two days to try, and it doesn't prove very much.  So under
18 Rule 403, all of that is excluded.
19       **MS. CARIDIS:**  So, Your Honor, we don't think it will
20 take that long.
21       **THE COURT:**  It will.  Please.  I've made my ruling.  I
22 have made my ruling.  All of this is out, o-u-t --
23       **MR. PAK:**  Thank you, Your Honor.
24       **THE COURT:**  -- on both sides.
25       **MR. PAK:**  Thank you, Your Honor.

1  other patents you found to be invalid and/or non-infringed.
2  And then the fourth one in there, they withdrew it because it
3  was found to be -- it was deemed not enforceable in a letter.
4      But the point is, they want to tell an incomplete picture.
5  They want to open the -- I guess I would say it's not even
6  opening the door because we're not saying we want to walk in
7  and talk about other stuff.  It's the door itself.
8      They say:  Oh, no, we can talk about the door.  Google
9  can't talk about four-fifths of the door.
10         **THE COURT:**  Okay.  Are you trying to --
11         **MR. RICHTER:**  Sonos would be happy to redact the
12  listing of the unasserted patents.
13         **THE COURT:**  No.  You're trying a gimmick.  Sorry.
14  Motion denied.
15     Google's got -- look, if this is what you're going to use
16  for willfulness, this complaint, Google's got every right to
17  tell the jury:  Hey, one of these, they withdrew.  The other
18  one, the judge has already found was invalid.
19     So, yes, if this is your document on willfulness, too bad.
20         **MR. RICHTER:**  Our argument --
21         **THE COURT:**  Motion denied.
22         **MR. RICHTER:**  -- is that their --
23         **THE COURT:**  Motion denied.
24         **MR. RICHTER:**  Understood, Your Honor.
25         **THE COURT:**  Thank you.

1  Witnesses do not wear a mask.  Witnesses, it's important
2  that the jury see their demeanor.  That's part of it.
3  **MR. PAK:**  Thank you.
4  **THE COURT:**  Okay.  I'm going to let you go now.  Good
5  luck to both sides.  I'll see you 8 o'clock tomorrow morning.
6  **THE CLERK:**  Court is adjourned.
7  (Proceedings adjourned at 2:50 p.m.)
8  ---o0o---

### CERTIFICATE OF REPORTER

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE:  Wednesday, May 3, 2023

*Ana Dub*

_____

Ana Dub, RMR, RDR, CRR, CCRR, CRG, CCG
CSR No. 7445, Official United States Reporter