CLEMENT SETH ROBERTS (SBN 209203)
croberts@orrick.com
BAS DE BLANK (SBN 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (SBN 260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:     +1 415 773 5759

SEAN M. SULLIVAN (*pro hac vice*)
sullivan@ls3ip.com
J. DAN SMITH (*pro hac vice*)
smith@ ls3ip.com
MICHAEL P. BOYEA (*pro hac vice*)
boyea@ ls3ip.com
COLE B. RICHTER (*pro hac vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:    +1 312 754 0002
Facsimile:     +1 312 754 0003

*Attorneys for Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>      Plaintiff and Counter-defendant,<br><br>v.<br><br>GOOGLE LLC,<br><br>      Defendant and Counter-claimant. | Case No. 3:20-cv-06754-WHA<br><br>Consolidated with<br>Case No. 3:21-cv-07559-WHA<br><br>**SONOS, INC.'S OBJECTIONS RE: OPENING DEMONSTRATIVES**<br><br>Judge:  Hon. William Alsup<br>Pretrial Conf.:  May 3, 2023<br>Time:  12:00 p.m.<br>Courtroom:  12, 19th Floor<br>Trial Date: May 8, 2023 |

Sonos submits this brief providing its objections to Google's proposed opening demonstratives and its responses to Google's objections to Sonos's proposed opening demonstratives.  *See* Dkt. 667.

**I. Sonos's "Notice to Google" Slide and Google's "Sonos's Draft Complaint" Slide**



| Sonos's slide | Google's slide |
|---|---|

First, Google's slide is untimely and was added *in response* to Sonos's opening exchange.  Sonos's exchange included the above image of the '966 patent and a complaint combined on one slide along with the images in the "Sonos's Licensing" slide discussed below.  In an effort to obviate Google's objections,  Sonos separated one slide into two. Sonos made *no* substantive changes to the slides.  Google then sent Sonos its entirely new "Sonos's Draft Complaint" slide at 3:49 p.m.  The parties' stipulation did not contemplate adding new slides after the parties' 9:00 a.m. disclosures and the Court should prohibit Google from presenting this slide on that basis alone.  *See* Dkt. 667 at 4.

Second, as explained in Sonos's request for clarification, Dkt, 674, Sonos requests clarification that Ms. Kwasizur's oral testimony to the effect that Sonos put Google on notice of the '966 patent through the provision of a draft complaint will not open the door to Google discussing irrelevant and unrelated patents.  Sonos therefore proposed a slide illustrating that Ms. Kwasizur will testify that she provided notice of the '966 patent to Google.  Sonos's slide says nothing about any patent other than the '966 patent.

1    In response, Google proposes including an extremely inflammatory slide suggesting

2    that five of six patents included in the draft complaint have been invalidated or withdrawn

3    from this case.  What happened with patents that are no longer asserted—where Sonos has

4    not mentioned these patents—is irrelevant to any issue in this case, would confuse the jury,

5    waste time, and allowing Google to discuss these patents with the jury would be unfairly

6    prejudicial to Sonos.  *See, e.g.*, *Paone v. Microsoft Corp.*, No. 07-CV-2973 ADS, 2013 WL

7    4048503, at *7 (E.D.N.Y. Aug. 9, 2013) ("[T]he Court has held that prior assertions of

8    infringement against BitLocker, and any evidence of unasserted, dismissed, or cancelled

9    claims is not relevant to the remaining claims. The Court's grant of summary judgment with

10   respect to claims 2 and 33 does not bear on the reasonableness of Microsoft's defenses with

11   respect to the different and unrelated TKIP technology that remains in this suit. Accordingly,

12   the Court adheres to its prior determination that the aforementioned evidence be excluded

13   under Federal Rule of Evidence 402."); *Dethmers Mfg. Co., Inc., v. Automatic Equip. Mfg.*

14   *Co*., 73 F. Supp. 2d 997, 1001-02 (N.D. Iowa 1999) (granting motion to exclude evidence of

15   patent held invalid on summary judgment motions as irrelevant and, in the alternative, as

16   unduly prejudicial) (citing *Mendenhall v. Cedarapids, Inc.*, 5 F.3d 1557, 1568 (Fed. Cir.

17   1993)).  As Google's slide shows, Google intends to make this trial about other patents that

18   have nothing to do with the issues the jury needs to decide.

19   Google also insists on referring to the '206 patent as invalid, which Sonos has

20   explained is not true.  Dkt, 674 at 2.

21   Sonos should be allowed to elicit testimony that Sonos put Google on notice of its

22   infringement of the '966 patent without opening the door to irrelevant and unfairly

23   prejudicial issues.

24   //

25   //

26   //

27   //

28   //

1

**II. Sonos's "Sonos's Licensing" slide**

2



3

4

5

6

7

8

9

10

11    Google objected that this slide contains "licenses that neither expert relies on."

12    Google's characterization is not correct.  Mr. Malackowski uses the Bluesound (a brand of

13    speakers sold by Lenbrook), Legrand, and Denon licenses to support his opinion that Sonos

14    would prefer a per-unit royalty at the hypothetical negotiation.  Specifically, Mr.

15    Malackowski opines that "the running royalty rate structure is indicative of the royalty form

16    Sonos historically accepted in exchange for a license to its intellectual property."  12/9/2022

17    Malackowski Supp. Report at 45.  Mr. Malackowski specifically "disagree[s]" with Google's

18    expert Mr. Bakewell that the Legrand license is "not relevant to the hypothetical

19    negotiations, either in terms of form or amount."  *Id.*

20    Mr. Malackowski provides similar opinions for the Bluesound/Lenbrook license:  "the

21    per-unit royalty structure is indicative of Sonos's past licensing history" and explaining that

22    he "do[es] not use the royalty rate amount, rather only the structure, to inform my opinion."

23    *Id.* at 48.

24    Mr. Malackowski also specifically relies on the Lenbrook and Denon licenses in the

25    context of his *Georgia-Pacific* analysis.  *Id.* at 96-97.  In discussing *Georgia-Pacific* factor 4,

26    Mr. Malackowski opines that Sonos's "past licensing actions demonstrate a desire to

27    maintain and enforce its patent monopoly.  Specifically, Sonos litigated against Lenbrook

28    and Denon and subsequently ended up granting each a nonexclusive license subject to

3

1    specific royalty payments." *Id.* at 96.  The weight to give these licenses is for the jury to

2    decide.

3         At the parties' meet and confer, Google took the position that at the pretrial conference

4    Sonos had agreed not to discuss these licenses.  This is not accurate.  Sonos's MIL #1 sought

5    to preclude Mr. Bakewell from introducing noncomparable licenses, including certain third-

6    party patent purchase agreements that Mr. Bakewell opined were not informative of the

7    hypothetical negotiation.  Dkt. 591. (These agreements are identified in Dkt. 589-5 at 3:12-

8    14.  Sonos omits the titles of these agreements to avoid confidentiality issues and refers to

9    them as "third-party patent purchase agreements" below.)

10        In response, Google took the position that *if* Sonos did not discuss the

11   Lenbrook/Legrand/Denon licenses, *then* Google would not use its third-party patent purchase

12   agreements.  Dkt. 591-4 at 3.  But Google never moved to strike those licenses, and Sonos

13   *did not* agree to this conditional offer at the pretrial conference.  Instead, Sonos streamlined

14   the pretrial disputes for the Court by withdrawing its motion without prejudice to objecting at

15   trial.  5/3/23 PTC Tr. at 60:17-24.

16        Beyond the lack of any agreement that Sonos would not discuss the

17   Lenbrook/Legrand/Denon licenses, there is no parity between how Mr. Malackowski uses

18   the Lenbrook/Legrand/Denon licenses to inform the hypothetical negotiation and how Mr.

19   Bakewell uses the third-party patent purchase agreements.  Mr. Bakewell says the "Google

20   license agreements are not per unit or based on revenues, and are instead lump-sum in

21   nature" and that he "will also set these agreements aside."  Dkt. 589-7 (Ex. 2 to Google's

22   Opp. to MIL No. 1) at ¶¶ 509 n.915, 549, 585.  Notably, Mr. Bakewell does not rely on these

23   third-party patent purchase agreements in his *Georgia-Pacific* analysis.  *Id.* ¶ 772.  Instead he

24   points to the "Outland" agreement.  *Id.*  At the pretrial conference, Sonos confirmed that it

25   was "dropping that motion to exclude the analysis of the patent agreement" as to *Outland*.

26   5/3/23 PTC Tr. at 62:14-19.  Google confirmed "that covers the issues." *Id.* at 62:21.

27        As shown above, Mr. Malackowsi *does* rely on these licenses for his damages opinion.

28   And Sonos never agreed to drop these licenses in its motion *in limine* or at the pretrial

conference.  Because Sonos's slide provides accurate and relevant information about Sonos's

licensing practices, Google's objection should be overruled.

### III.  Google's Prior Art: Sonos 2005 System



The title of Google's slide is "Prior Art: Sonos 2005 System" and the slide displays an

internal Sonos email.  Google's slide is misleading and incorrect in two respects.

First, an internal company email is not prior art.  It is a private communication.  It is

incorrect and misleading to suggest that the jury could use this email as prior art for purposes

of an obviousness combination.

Second, the email describes a new hypothetical feature that Mr. Lambourne proposed

*adding* to the Sonos 2005 System, namely the capability to "save Zone Profiles."  It is

misleading and incorrect to suggest that the Sonos 2005 System contained this functionality.

Sonos asked Google to change the title of this slide and Google refused.  Because the

slide inaccurately portrays the email as prior art and inaccurately suggests the Sonos 2005

system contained the "Zone Profiles" features, the Court should not allow Google to present

this slide in opening statements.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  May 7, 2023

ORRICK HERRINGTON & SUTCLIFFE LLP
*and*
LEE SULLIVAN SHEA & SMITH LLP

By: */s/ Clement Seth Roberts*
      Clement Seth Roberts

*Attorneys for Sonos, Inc.*