QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Sean Pak (Bar No. 219032)
  seanpak@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  James Judah (Bar No. 257112)
  jamesjudah@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
  Iman Lordgooei (Bar No. 251320)
  imanlordgooei@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:      (415) 875-6700

  Marc Kaplan *(pro hac vice)*
  marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone:     (312) 705-7400
Facsimile:      (312) 705-7401

*Attorneys for GOOGLE LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>             Plaintiff,<br><br>      vs.<br><br>GOOGLE LLC,<br><br>             Defendant. | Case No. 3:20-cv-06754-WHA<br>Consolidated with Case No. 3:21-cv-07559-WHA<br><br>**GOOGLE LLC'S BRIEF ON DISPUTED OPENING STATEMENT DEMONSTRATIVES** |

Pursuant to Paragraph 3 of the Final Pretrial Order (Dkt. 660) and the parties' Stipulated Request for Order Setting Schedule for Witness and Exhibit Disclosures (Dkt. 667), Google respectfully submits its position on disputed slides from each side's opening statement demonstratives.

**A.    Sonos' Opening Demonstratives**

"Sonos Licensing" Slide.  This slide references three agreements Sonos entered into with third-parties. Both Google's and Sonos's experts have opined that the three Sonos agreements are not economically or technologically comparable to the hypothetical license in this case.  Dkt. 589-6 (Malackowski Rep.) at 45 ("Mr. Bakewell and I both agree that [the Sonos/Legrand license] is 'not comparable to the hypothetical license' that would be granted in this matter."), 48 ("Mr. Bakewell and I agree that the Sonos/Lenbrook license is not probative of the outcome of the hypothetical negotiation in this case."), 50 ("I find the Sonos/Denon Agreement to not be probative of the outcome of the hypothetical negotiation in this case, as the Sonos/Denon Agreement.").  This slide thus contains information that is irrelevant and would only serve to mislead and confuse the jury.  Fed. R. Evid. 402, 403.[1]

Indeed, Sonos filed a motion *in limine* to exclude Google's damages expert, Mr. Bakewell, from testifying on the same types of agreements—arguing that Mr. Bakewell should not be permitted to offer "an opinion on" Google's "concededly non-comparable licenses." Dkt. 590-2 at 6.  In response, Google stated:

> Google agrees that the parties should not refer to third-party agreements that their experts considered but ultimately rejected in connection with *Georgia-Pacific* Factor 2.  With respect to Bakewell's analysis, this would apply to the (1) 2003 Investment Invention Fund I agreement, (2) the Google-Peekaboo agreement, (3) the Google-Sabai agreement, and (4) the Google-Times Square agreement.  Ex. 3 531-32, 547, 549, 585.  With respect to Malackowski's analysis, this would apply to (1) the Sonos-Denon agreement, (2) the Sonos-Lenbrook agreement, and (3) the Sonos-Legrand agreement.  Ex. 1 at 43-49.

---

[1] Google also objected to these license agreements on Sonos's exhibit list pursuant to Fed. R. Evid. 403.

Dkt. 589-5 at 3 (footnote omitted). Google also noted that, to the extent Sonos was not held to the same standard that Sonos itself was proposing in its motion—namely, that non-comparable agreements would *not* come into evidence—and to the extent that Sonos's expert Mr. Malackowski was "permitted" (over Google's objection) to testify about non-comparable agreements, Google should be allowed to do the same.

At the pretrial conference, Sonos stated that the majority of its motion *in limine* regarding Mr. Bakewell's testimony—with the exception of one issue—was moot. PTC Hr'g Tr. at 52:12-23, 60:1-24. Sonos thereby **agreed** with Google that "the parties should not refer to third-party agreements that their experts considered but ultimately rejected" and that those very non-comparable agreements include those listed in Sonos's opening statement demonstratives. The issue should not be relitigated now.

Regardless, on the merits, Sonos should not be permitted to put in evidence of agreements that *both experts* have agreed are not comparable, because those agreements are—by definition—irrelevant. *See* Dkt. 589-5 at 3; FRE 402; *Open Text S.A. v. Box, Inc.*, No. 13-cv-04910-JD, 2015 U.S. Dist. LEXIS 8783, at *17-18 (N.D. Cal. 2015) ("If, as Open Text and Holt concede, the licenses are non-comparable, they are 'irrelevant' and 'simply [have] no place in this case.'") (quoting *LaserDynamics, Inc. v. Quanta Comput., Inc.*, 694 F.3d 51, 80 (Fed. Cir. 2012)). And forcing Google to demonstrate that the agreements are not comparable (when both experts have already opined that they are not comparable) would be a waste of the jury's time. FRE 403.

"Sonos's Notice to Google" Slide. As set forth in Google's response to Sonos' "Request for Clarification" (Dkt. 677), the Court has already denied Sonos' Motion *in Limine* No. 4 and ruled that if Sonos intends to rely upon the draft complaint to show purported notice of the '966 patent, then Google will be permitted to complete the picture by telling the jury of the other patents included in that notice, and why they are no longer in the case. Accordingly, Google does not object to Sonos' "Notice to Google" slide (Ex. 2), provided Google is allowed to show the jury its rebuttal slide, "Sonos's Draft Complaint" (Ex. 3), which provides the relevant context regarding other patents that Sonos included in the draft complaint. *See, e.g.*, Dkt. 677-2 (May 3, 2023 Pretrial Conference Tr.) at 56:12-22 ("MR. RICHTER: Sonos would be happy to redact the listing of the

unasserted patents. THE COURT: No. You're trying a gimmick. Sorry. Motion denied. Google's got -- **look, if this is what you're going to use for willfulness, this complaint, Google's got every right to tell the jury: Hey, one of these, they withdrew. The other one, the judge has already found was invalid**. So, yes, if this is your document on willfulness, too bad.") (emphasis added).

Google understands that Sonos objects to Google's rebuttal slide. Google's position is that, consistent with the Court's ruling on Sonos' Motion *in Limine* No. 4, the two demonstratives should rise and fall together. Either the jury gets to hear about the draft complaint (and **all five patents**), or the jury does not get to hear about the draft complaint at all. Sonos's attempt to cherry pick portions of the complaint that it finds helpful to its willfulness or indirect infringement case, while excluding portions that it considers unhelpful, is fundamentally unfair, misleading, and prejudicial. *Lotes Co. v. Hon Hai Precision Indus. Co.*, 2017 WL 5235647, at *3 (N.D. Cal. Nov. 11, 2017) (Alsup, J.) (once a plaintiff "open[s] the door to [a] subject at trial," the same subject "become[s] fair game" for defendant).

### B.  Google's Opening Demonstratives

<u>"Prior Art: Sonos 2005 System" Slide</u>. This slide (Ex. 4) shows an email from Mr. Lambourne, named inventor of the asserted Zone Scenes patents, discussing the prior art Sonos 2005 System—in particular, its "Party Mode" feature. It is therefore not misleading to title the slide "Prior Art: Sonos 2005 System."

<u>"Sonos's Draft Complaint" Slide</u>. For the reasons discussed above, to the extent Sonos introduces the draft complaint (Ex. 3), Google should be permitted to tell the jury that the complaint accused Google of infringing **five** patents—not just one—and that of those five, two have been found to be invalid as obvious by the Court, one has been withdrawn, and one has been found indefinite by another court. *See* Section A, *supra*.

Dated: May 7, 2023

Respectfully submitted,

*/s/ Sean Pak*
Attorneys for GOOGLE LLC

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*Counsel for Google LLC*

## ATTESTATION

Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that, on May 6, 2023, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system and email.

DATED: May 7, 2023

By: */s/ Sean Pak*
Sean Pak