QUINN EMANUEL URQUHART & SULLIVAN, LLP
Sean Pak (Bar No. 219032)
seanpak@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
James Judah (Bar No. 257112)
jamesjudah@quinnemanuel.com
Lindsay Cooper (Bar No. 287125)
lindsaycooper@quinnemanuel.com
Iman Lordgooei (Bar No. 251320)
imanlordgooei@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

Marc Kaplan (*pro hac vice*)
marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone:    (312) 705-7400
Facsimile:    (312) 705-7401

*Attorneys for GOOGLE LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 3:20-cv-06754-WHA <br> Related to Case No. 3:21-cv-07559-WHA <br><br> **GOOGLE LLC'S BRIEF REGARDING DISPUTED DEMONSTRATIVES OF DR. ALMEROTH** |

1  This Court's standing order is unambiguous – it prohibits the use of new demonstratives that were not part of the expert's reports with the exception of simple drawings and tabulations that plainly illustrate what is already in the report:

> Accordingly, at trial, the direct testimony of experts will be limited to the matters disclosed in their reports. New matters may not ordinarily be added on direct examination. This means the reports must be complete and sufficiently detailed. **Illustrative animations, diagrams, charts and models may be used on direct examination only if they were part of the expert's report, with the exception of simple drawings and tabulations that plainly illustrate what is already in the report,** which can be drawn by the witness at trial or otherwise shown to the jury. If cross-examination fairly opens the door, however, an expert may go beyond the written report on cross-examination and/or re-direct examination. By written stipulation, of course, all sides may relax these requirements.

J. Alsup's Standing Order ¶15 (emphasis added).

On May 7, 2023, Sonos served its demonstratives for Dr. Almeroth's direct examination, nearly all of which were never previously disclosed in this case. *Compare* Ex. A (opening demonstratives disclosed June 22, 2022, July 27, 2022, November 30, 2022, January 13, 2023, January 23, 2023 and March 21, 2023) *with* Ex. B (demonstratives disclosed on May 7, 2023). Although some of the demonstratives are similar in appearance to those previously disclosed, many identify new claim mappings and analysis and provide newly disclosed images. For example, slide 7 below appears completely new and unrelated to images and opinions offered in Dr. Almeroth's



original demonstratives.

Google raised this issue with Sonos on May 7, 2023, Ex. C, and Sonos has not yet responded. Sonos's decision to include new demonstratives is particularly prejudicial because Google repeatedly requested that Sonos agree to "relax these requirements" by "written stipulation," as provided in the Court's order, but Sonos refused. It appears Sonos intended not to adhere strictly to those requirements and has only now on the eve of trial provided its position. Instead at the time Sonos wrote that it could not identify the scope of objections it may raise to new demonstratives at trial, and that "[f]or purposes of planning, however, Sonos does not intend to object to stylistic and non-substantive changes to the illustrations, such as font changes, highlighting, adding a party's logo to the header/footer, creating a background slide with an expert's headshot and CV summary, etc." Ex. D. Sonos's changes to Dr. Almeroth's demonstratives far exceed "font changes, highlighting, adding a party's logo to the header/footer," etc. Sonos could have and should have alerted Google to its plan to provide far more edits to its disclosed demonstratives.

With respect to Sonos's disclosed demonstrative PDX 2.61, Google further notes that Sonos's disclosures are in direct violation of Sections IX.(d) and (i) of the protective order in this case (Dkt. 92) which mandates that "No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated "HIGHLY CONFIDENTIAL – SOURCE CODE" and that:

> "Except as provided in this paragraph, the Receiving Party may not create electronic images, or any other images, of the source code from the paper copy for use on a computer (e.g., may not scan the source code to a PDF, or photograph the code). The Receiving Party may create an electronic copy or image of limited excerpts of source code only to the extent necessary for use in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ('SOURCE CODE DOCUMENTS')."

In direct violation of the Protective Order, Sonos included as part of PDX 2.61 an electronic image of Google's highly confidential source code materials properly designated HIGHLY CONFIDENTIAL – SOURCE CODE," and failed to mark those materials as confidential under the protective order.

DATED: May 7, 2023

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Sean Pak*
Sean Pak
Melissa Baily
James D. Judah
Lindsay Cooper
Marc Kaplan
Iman Lordgooei

*Attorneys for Google LLC*

### CERTIFICATE OF SERVICE

The undersigned certifies that on May 7, 2023, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system.

DATED: May 7, 2023

*/s/ Sean Pak*
Sean Pak