QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Sean Pak (Bar No. 219032)
  seanpak@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  James Judah (Bar No. 257112)
  jamesjudah@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
  Iman Lordgooei (Bar No. 251320)
  imanlordgooei@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:     (415) 875-6700

  Marc Kaplan (*pro hac vice*)
  marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone:    (312) 705-7400
Facsimile:     (312) 705-7401

*Attorneys for GOOGLE LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 3:20-cv-06754-WHA <br> Related to Case No. 3:21-cv-07559-WHA <br><br> **GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL ATTACHMENTS TO ITS LETTER BRIEF REGARDING DISPUTED DEMONSTRATIVES OF DR. ALMEROTH** |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiff Google LLC ("Google") hereby requests to file under seal portions of its Letter Brief Regarding Disputed Demonstratives of Dr. Almeroth ("Brief"). Specifically, Google requests an order granting leave to file under seal the portions of the document listed below:

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| Attachment A to Google's Brief ("Attachment A") | Entire Document | Google and Sonos |
| Attachment B to Google's Brief ("Attachment B") | Entire Document | Google and Sonos |

## II. LEGAL STANDARD

Civil Local Rule 79-5(c) provides that a party seeking to file its own documents under seal must file an administrative motion that articulates the applicable legal standard and reasons for keeping a document under seal, includes evidentiary support from a declaration where necessary, and provides a proposed order that is narrowly tailored to seal only the sealable material.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). In the Ninth Circuit, two different standards may apply to a request to seal a document – namely the "compelling reasons" standard or the "good cause" standard. *Blessing v. Plex Sys., Inc.*, No. 21-CV-05951-PJH, 2021 WL 6064006, at *12 (N.D. Cal. Dec. 22, 2021) (citing *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016)). "To seal records in connection with a 'dispositive' motion or a motion that 'more than tangentially relate[s] to the merits of a case,' 'compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure' are required." *Bronson v. Samsung Elecs. Am., Inc.*, No. C 18-02300 WHA, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019) (quoting *Kamakana*, 447 F.3d at 1178-79). "A particularized showing of 'good cause' under Federal Rule of Civil Procedure 26(c), however, suffices to warrant sealing in connection with a non-dispositive

1  motion." *Id.*  This Court has analyzed sealing requests in connection with evidentiary issues
2  pursuant to the "good cause" standard for non-dispositive motions. *See, e.g.*, *Gearsource Holdings,*
3  *LLC v. Google LLC*, No. 18-CV-03812-HSG, 2021 WL 1123630, at *2 (N.D. Cal. Feb. 24, 2021)
4  ("Because Defendant's motion *in limine* is not a dispositive motion, the Court applies the lower
5  good cause standard."); *Racies v. Quincy Bioscience, LLC*, No. 15-CV-00292-HSG, 2019 WL
6  8438448, at *1 (N.D. Cal. Dec. 16, 2019) ("Because the parties move to file documents related to
7  their motions *in limine*, the Court will apply the lower good cause standard."); *TVIIM, LLC v.*
8  *McAfee, Inc.*, No. 13-CV-04545-HSG, 2015 WL 3776424, at *2 (N.D. Cal. June 16, 2015)
9  ("Because motions *in limine* are nondispositive motions, the Court applies the 'good cause' standard
10 to the pending motions to seal.").

**III.   THE COURT SHOULD SEAL GOOGLE'S CONFIDENTIAL INFORMATION**

Material that is confidential and could harm a litigant's competitive standing if disclosed may be sealed under the good cause standard.  *See, e.g.*, *Skillz Platform Inc. v. AviaGames Inc.*, No. 21-CV-02436-BLF, 2022 WL 875654, at *2 (N.D. Cal. Mar. 24, 2022) (finding "good cause to file the documents and portions of documents at issue under seal given the sensitive financial and business information they contain"); *Dugan v. Lloyds TSB Bank, PLC*, No. 12-CV-02549-WHA NJV, 2013 WL 1435223, at *2 (N.D. Cal. Apr. 9, 2013) ("There may be 'good cause' to seal records that are privileged, contain trade secrets, contain confidential research, development or commercial information, or if disclosure of the information might harm a litigant's competitive standing.").

Attachments A and B contain confidential business information and trade secrets that could significantly harm Google's competitive standing if disclosed.  Specifically, Attachments A and B contain highly confidential information regarding Google's products, including source code and details of the operation and system design of Google products and functionalities.  Declaration of Anne-Raphaelle Aubry in Support of Google's Administrative Motion ("Aubry Decl.") ¶ 4.  Public disclosure of these portions would harm the competitive standing Google has earned through years of innovation and careful deliberation by revealing sensitive aspects of Google's proprietary systems, strategies, designs, and practices to Google's competitors.  Such disclosure would thus allow Google's competitors to gain a competitive advantage in the marketplace.  Google has

therefore designated this information as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL—SOURCE CODE under the protective order. Dkts. 92, 94.

Additionally, Attachment A and B contain information regarding confidential business agreements that are not public, as well as details regarding the future business and commercial plans of partnerships. Public disclosure of this information would harm Google's competitive standing and its ability to negotiate future agreements by giving competitors access to Google's highly confidential business thinking and asymmetrical information about Google's collaboration strategies to other entities. If such information were made public, Google's competitive standing would be significantly harmed. Aubry Decl. ¶ 5. Google has therefore designated this information as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY under the protective order (Dkt. No. 92). This Court has previously granted sealing of the same and/or similar information. *See, e.g.*, Dkt. 334 at 3. Thus, Google has good cause to keep such information under seal.

## IV. CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court grant Google's Administrative Motion to File Under Seal Portions of its Brief .

DATED: May 7, 2023

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: /s/ Sean Pak
Sean Pak

*Attorneys for GOOGLE LLC*

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that, on May 7, 2023, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system and email.

DATED:  May 7, 2023

By:   */s/ Sean Pak*
          Sean Pak