QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Sean Pak (Bar No. 219032)
  seanpak@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  James Judah (Bar No. 257112)
  jamesjudah@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
  Iman Lordgooei (Bar No. 251320)
  imanlordgooei@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:      (415) 875-6700

  Marc Kaplan (*pro hac vice*)
  marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone:     (312) 705-7400
Facsimile:      (312) 705-7401

*Attorneys for GOOGLE LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>              Plaintiff,<br><br>       vs.<br><br>GOOGLE LLC,<br><br>              Defendant. | Case No. 3:20-cv-06754-WHA<br>Consolidated with Case No. 3:21-cv-07559-WHA<br><br>**GOOGLE LLC'S STATEMENT ON SONOS, INC. DEPOSITION DESIGNATIONS** |

01980-00181/14074342.2

Pursuant to the Court's guidance at this morning's 7:30 a.m. evidentiary session, and Sonos's narrowed deposition designations (received at 8:11 p.m. this evening), Google provides the following brief explanation of its positions.

For the seven narrowed deposition designations served by Sonos (Chris Chan, Ken MacKay Volume 1, Ken MacKay Volume 2, Tavis MacLellan, Vincent Mo, Justin Pedro, and Tomer Shekel), Google is withdrawing its objections and providing limited counter designations. For the new deposition designation served last night (Tim Kowalski), Google is asserting limited objections and counter-designations. However, Google's position is that several of Sonos's designations open the door to certain topics based on the Court's prior rulings.

<u>Tim Kowalski</u>. Mr. Kowalski is a Google in-house attorney who received from Alaina Kwasizur, Sonos's General Counsel, the September 28, 2020 "courtesy copy" of the draft complaint. Sonos's deposition designations for Mr. Kowalski include testimony about Google's declaratory judgment complaint, including the complaint itself (which Sonos also this evening added as a trial exhibit). If Sonos introduces this testimony, it will open the door to Ms. Kwasizur's email, Sonos's draft complaint, and the other four withdrawn, invalidated, and/or non-infringed patents. *See* Dkt. 677-2; Ex. 1 (5/8/2023 Trial Tr.) at 174:25-180:10.

<u>Vincent Mo</u>. Mr. Mo was identified in Google's Rule 26 disclosures and Trial Witness List as a person with knowledge relevant to Sonos's cast patents (*i.e.*, the invalidated '615 and '033 patents). *See* Ex. 2 (Google's Third Supplemental Initial Disclosures) at 11 (identifying Mr. Mo as a person with knowledge of "[m]atters concerning the design and development of the **accused casting playback of queues functionality for YouTube and YouTube Music**") (emphasis added); Ex. 3 (Google's Trial Witness List) at 6 (identifying Mr. Mo as a witness who "may provide non-cumulative testimony concerning the **design and development of the accused casting playback of queues functionality for YouTube and YouTube Music** as well as alternatives to accused functionalities and products") (emphasis added). Sonos's deposition designations relate to casting and YouTube applications. Pursuant to the Court's ruling at the May 8 evidentiary session, if Sonos plays these designations it will open the door to the topic of Sonos's cast patents and the Court's prior rulings invalidating them. *See* Ex. 1 at 189:15-193:10 ("THE COURT: No, no, no. Casting

has almost nothing to do with the multi-room thing. . . . If you get into cast, they are going to be allowed to say . . . that those have already been determined to be invalid.").

Tomer Shekel. Mr. Shekel was the Product Manager for Google's "Cast for Audio" program. Cast for Audio is not an accused product in this case – it was not even a hardware product.[1] Cast for Audio was a program started in 2013 to allow third party speaker companies, such as LG and Sony, to integrate Cast technology into their audio products. In connection with the Cast for Audio program, Mr. Shekel and other members of the Cast for Audio team met with dozens of third-party speaker companies in 2013 and 2014, including Sonos. Sonos's deposition designations for Mr. Shekel focus on his work on Cast for Audio, in particular the "Cast for Audio" presentation he made to Sonos in May 2014 when the parties were discussing a potential Cast for Audio collaboration. *See* Dkt. 641-3. Pursuant to the Court's ruling at the May 8 evidentiary session, if Sonos plays these designations it will open the door to the topic of Sonos's cast patents and the Court's prior rulings invalidating them. *See* Ex. 1 at 189:15-193:10 ("MR. PAK: Your Honor, the next issue is Mr. Millington . . . He has a number of exhibits they disclosed to us that will be used in the direct examination. Those exhibits relate to a series of meetings between Google and Sonos that took place in 2013 and '14. Those all relate to something called Cast for Audio, which is not the accused technology in this case. . . . THE COURT: If you get into cast, they are going to be allowed to say . . . that those have already been determined to be invalid.").

Chris Chan. Certain of Sonos's designations for Mr. Chan relate to YouTube, YouTube Music, and Google Play Music. As with the designations for Mr. Mo, if Sonos plays these designations, it will open the door to the topic of the invalidated '615 and '033 patents.

---

[1] There is an accused Google product called "Chromecast Audio," which is a Chromecast dongle specific to audio playback (instead of video playback) and was released in September 2015. "Cast for Audio" and "Chromecast Audio" are entirely different things.

| | |
|---|---|
| Dated: May 9, 2023 | Respectfully submitted, |
| | */s/ Sean Pak* |
| | Attorneys for GOOGLE LLC |
| | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | *Counsel for Google LLC* |

## **ATTESTATION**

Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that, on May 9, 2023, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system and email.

DATED: May 9, 2023

By: _/s/ Sean Pak_
      Sean Pak