CLEMENT SETH ROBERTS (SBN 209203)
croberts@orrick.com
BAS DE BLANK (SBN 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (SBN 260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:     +1 415 773 5700
Facsimile:     +1 415 773 5759

SEAN M. SULLIVAN (*pro hac vice*)
sullivan@ls3ip.com
J. DAN SMITH (*pro hac vice*)
smith@ ls3ip.com
MICHAEL P. BOYEA (*pro hac vice*)
boyea@ ls3ip.com
COLE B. RICHTER (*pro hac vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:     +1 312 754 0002
Facsimile:     +1 312 754 0003

*Attorneys for Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC., | Case No. 3:20-cv-06754-WHA |
| Plaintiff and Counter-defendant, | Consolidated with<br>Case No. 3:21-cv-07559-WHA |
| v. | **SONOS, INC.'S REQUEST RE NO LONGER ASSERTED PATENTS** |
| GOOGLE LLC, | |
| Defendant and Counter-claimant. | Judge:  Hon. William Alsup<br>Courtroom:  12, 19th Floor<br>Trial Date: May 8, 2023 |

On Thursday, Sonos plans to play deposition testimony from Mr. Tim Kowalski, a Google employee.  As relevant here, Sonos designated testimony that is limited to Mr. Kowalski's knowledge of Google's declaratory judgment complaint *as to the '966 patent*, and Sonos intends to ask the Court to introduce into evidence the declaratory judgment complaint itself.

Sonos is introducing the declaratory judgment complaint because, in order to prove liability for indirect infringement, Sonos must prove that Google had (i) knowledge of the '966 patent and (ii) knowledge that Google's acts would cause infringement of the '966 patent.  Google's knowledge of the '966 patent is also required for willful infringement.  Sonos will use the complaint as evidence of Google's knowledge because the Court has, over Sonos's objections, (1) ruled as a matter of law that the filing of a complaint could *not* trigger post-suit knowledge for purposes of finding willfulness or indirect infringement, Case No. 3:21-cv-07559-WHA, Dkt. 156 at 7-8, 11, (2) ruled that Sonos could not introduce any evidence from the parties' licensing negotiation to prove Google's state of mind (a permissible use of settlement communications under FRE 408) because those communications created unfair prejudice under FRE 403, 5/3/23 Tr. At 59:8-22, and (3) ruled that Sonos could not introduce any evidence (of any kind) that Google knew about other patents in the same family of the patents-in-suit to support its willful blindness theory.  5/8/23 Tr. At 180:18-25.  *Cf. Suprema, Inc. v. Int'l Trade Comm'n*, 626 F. App'x 273, 280-81 (Fed. Cir. 2015); *see also generally* Sonos Inc.'s Proffer of Testimony of Alaina Kwasizur.

Because the Court has precluded Sonos from relying on any of the above evidence, the Court has forced Sonos to rely on the declaratory judgment complaint.  The Court has also ruled, again over Sonos's objections, that Sonos's reliance on either Sonos's draft complaint or Google's declaratory judgment complaint "open[s] the door" to Google discussing patents that are no longer in the case.[1]  The Court maintained this ruling even after Sonos offered to redact the other patents from the declaratory judgment complaint or the notice letters, 5/3/23 Tr. at 104:11-

---

[1] As explained in Sonos's separate brief, Sonos did not "open the door" to discussing the direct control patents through testimony about Cast functionality.

SONOS'S REQUEST RE NO LONGER
ASSERTED PATENTS
3:20-CV-06754-WHA

14, and again after Sonos offered to limit the evidence to oral testimony about the '966 patent only, 5/8/23 Tr. at 175:6-177:21.

Google has notified Sonos that it will seek to introduce multiple documents about the history of this litigation through Ms. Alaina Kwasizur.  These documents contain substantial information about the parties' licensing discussions, other litigations between the parties, and Sonos's multi-year notice to Google about the zone scenes patent family.  For example, the cover email attaching the draft complaint says "Sonos spent years trying patiently and in good faith to resolve Google's infringement of Sonos's intellectual property. Despite Sonos's efforts, our discussions have never meaningfully progressed. Even since we filed in the ITC, Google has increased the scope of its infringement and brought a multiplicity of retaliatory lawsuits in countries around the world. These lawsuits will not have their intended effect."  TX6130.

Google made clear in an email to Sonos at 6:08 P.M. on May 10, 2023 that Google intends to propose a laundry list of self-serving redactions in TX6130 (cover email attaching draft complaint), TX6136 (draft complaint), and TX8240 (the filed declaratory judgment complaint). But the Court has already ruled that redacting documents like these will make the jury wonder what has been redacted and why.  To the extent that redacting information from these documents invites the jury to speculate about the content of the redacted information, that concern exists regardless of what information is being redacted.  Google's selective redactions validate that concern.[2]

Obviously, these issues are likely to become a major distraction in the case.  Sonos has two proposed solutions to this problem.

First, if the Court will find, or Google will stipulate, that Google had notice of the '966

---

[2] Put differently, one of two things must be true.  Either redacting elements from the complaint will cause the jury to wonder about what is missing, which introduces unacceptable risk that can only be mitigated by fully answering any questions the jury might have about the information that might be redacted, or it does not.  If it does not, the Court should allow Sonos to redact the no-longer-asserted patents from the complaint because they are not part of this trial.  This is especially appropriate if, as noted below, Sonos withdraws its claim for willfulness.

SONOS'S REQUEST RE NO LONGER
ASSERTED PATENTS
3:20-CV-06754-WHA

1    patent and knowledge of its infringement as of September 28, 2020, and the Court will so instruct

2    the jury, then **none** of this evidence needs to come in.  Google has already agreed that it had

3    notice of the '966 patent as of September 28, 2020.  *See* TX2335 (Google's Resp. to Sonos Rog.

4    No. 1) at 8 ("Google first became aware of the existence of the '966 patent on or before around

5    September 28, 202[0] when Sonos sent a draft of the Complaint to Google the day before it filed

6    this case.").  Google also cannot dispute that it had knowledge of how it infringed the '966 patent

7    as of September 28, 2020.  As the Court has noted, under Rule 11 Google also **must** have had

8    knowledge of how its accused products map onto the claim limitations to file its declaratory

9    judgment complaint.  And it did, at least because Ms. Kwasizur attached detailed claim charts

10   showing exactly how Google met each limitation of the asserted claims of the '885 and '966

11   patents.  TX6136 at 67-80.  Because Google's knowledge of the patent and its infringement are

12   the only two facts Sonos needs to establish through the declaratory judgment complaint, email, or

13   draft complaint, instructing the jury that these elements are met would avoid the need to introduce

14   this evidence.

15        In the alternative, Sonos would be willing to drop its willfulness claim for the '966 patent

16   in order to moot any possible prejudice to Google from discussion of the notice that Google

17   received.  While a defendant's reasonable belief in invalidity is relevant to willfulness, it is—as a

18   matter of law—***irrelevant to liability for indirect infringement***.  *Compare SRI Int'l, Inc. v. Cisco*

19   *Sys., Inc.*, 14 F.4th 1323, 1328 & n.1 (Fed. Cir. 2021) (reasonable belief in invalidity relevant to

20   willfulness) *with Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 642 (2015) (reasonable

21   belief in invalidity not relevant to indirect infringement).  Because the disposition of the four no-

22   longer-asserted patents is relevant, if at all, exclusively to willfulness, Sonos should be permitted

23   to drop its willfulness claim in exchange for avoiding the massive waste of time and distraction of

24   discussing the other no-longer-asserted patents.  Indeed, Google's counsel has not articulated any

25   relevance of the unasserted patents other than to willfulness.  5/8/23 Tr. at 176:18-22 (arguing

26   that if Sonos relies "on this DJ complaint and oral testimony or redacted form in any way, and we

27   should be allowed to talk about what happened afterwards. We still have a wolf in this [sic:

28

SONOS'S REQUEST RE NO LONGER
ASSERTED PATENTS
3:20-CV-06754-WHA

1  willfulness] allegation, in this case, and we should be able to tell the full story to the jury.").

2  Sonos therefore believes this would moot the issue and that trial could proceed on the issues the

3  jury actually needs to decide.

4       If the Court will not permit either of these approaches, Sonos requests that the Court

5  provide the jury with the curative instruction set forth below.  That instruction will help mitigate

6  the risk of juror confusion about the significance of the other patents and the substantial risk of a

7  verdict in which, in determining infringement and validity of the '966 and '885 patents, the jury

8  considers the disposition of four patents that are no longer in this case.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SONOS'S REQUEST RE NO LONGER
ASSERTED PATENTS
3:20-CV-06754-WHA

**DISPUTED INSTRUCTION NO. XX RE NO LONGER ASSERTED PATENTS**

**OFFERED BY SONOS**

You have seen Trial Exhibit 6136, Sonos's draft complaint, and Trial Exhibit 8240, Google's declaratory judgment complaint in this case.  These exhibits list five patents, four of which are no longer in this suit.  You may consider these patents or their disposition only for purposes of determining whether, under the totality of the circumstances, Google willfully infringed the '966 patent.  You may not consider these patents or their disposition for any other purpose, including for determining whether Google directly or indirectly infringes the '966 or '885 patents, determining the validity of the '966 or '885 patents, or for assessing damages.

Authority:

*SRI Int'l, Inc. v. Cisco Sys., Inc.*, 14 F.4th 1323, 1328 & n.1 (Fed. Cir. 2021); *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 642 (2015).

SONOS'S REQUEST RE NO LONGER
ASSERTED PATENTS
3:20-cv-06754-WHA

Dated:  May 10, 2023

ORRICK HERRINGTON & SUTCLIFFE LLP
*and*
LEE SULLIVAN SHEA & SMITH LLP

By: */s/ Clement Seth Roberts*
       Clement Seth Roberts

*Attorneys for Sonos, Inc.*