CLEMENT SETH ROBERTS (SBN 209203)
croberts@orrick.com
BAS DE BLANK (SBN 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (SBN 260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   +1 415 773 5700
Facsimile:   +1 415 773 5759

SEAN M. SULLIVAN (*pro hac vice*)
sullivan@ls3ip.com
J. DAN SMITH (*pro hac vice*)
smith@ ls3ip.com
MICHAEL P. BOYEA (*pro hac vice*)
boyea@ ls3ip.com
COLE B. RICHTER (*pro hac vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:   +1 312 754 0002
Facsimile:   +1 312 754 0003

*Attorneys for Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC., <br><br> Plaintiff and Counter-defendant, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant and Counter-claimant. | Case No. 3:20-cv-06754-WHA <br><br> Consolidated with <br> Case No. 3:21-cv-07559-WHA <br><br> **SONOS'S BRIEF RE CAST TECHNOLOGY** <br><br> Judge:  Hon. William Alsup <br> Courtroom:  12, 19th Floor <br> Trial Date: May 8, 2023 |

During trial on Wednesday, May 10, Google objected that the introduction of a "Cast for Audio" presentation during the video deposition of Google product manager, Tomer Shekel, has somehow "opened the door" to Google being permitted to bring in the Court's summary judgment orders concerning Sonos's '615 and '033 patents, which relate to Sonos's direct control technology. The Court stated that although it was "skeptical" of Google's position, the Court would permit the parties three pages each to explain their positions. 5/10, Trial Tr. at 707:21. Because nothing has come in concerning the technology accused of infringing Sonos's direct control patents, the Court should decline to find that Sonos has "opened the door."

The document Google is concerned about is a 2014 "Cast for Audio" presentation, which discusses the genesis of the accused "multi-zone group" technology. Sonos designated limited testimony of Mr. Shekel where he explained that in 2014 he was a product manager of the "cast audio" team and that he was involved in the development of the accused Google Home product

 

and in the accused multi-room speaker playback features. Mr. Shekel also testified about slide 18 (above, right) regarding the development of the accused "Multi Zone Groups" technology and how it was able to contain overlapping groups. Sonos also designated testimony from Mr. Shekel that it would have been a poor user experience to confine players to only one multi-zone group or to disturb of players when establishing new multi-zone groups. As we've heard throughout trial, these features, including overlapping groups are directly relevant to the Asserted Claims of the '885 and '966 Patents.

This testimony and these features in no way opens the door to allowing Google to argue that *unrelated* patents on *unrelated* technology were held invalid by this Court. As the Court will

recall, Sonos's direct control patents were directed to technology for transferring the playback of media from a computing device (controller) to a media player, where either the player contained a "local playback queue" ('615 patent) or the controller and player both played back from a "remote playback queue" ('033 patent). Sonos accused Google's media players and the YouTube family of apps of meeting the claims of the '615 and '033 patents. No part of this testimony discussed the technology that Sonos accused of infringement of those patents. And as such, there is no need to permit Google to poison the jury with evidence and argument concerning the '033 and '615 summary judgment rulings, the prejudice of which severely outweighs the near-zero probative value. *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, No. 2:10CV248, 2011 WL 7036048 at *6 (E.D. Va. July 5, 2011) ("to the extent that [alleged infringer] seeks to mention that the '325 patent was held invalid by this Court or that it was previously asserted in this case, this evidence would be overly prejudicial").

As evidenced by the trial testimony and evidence thus far, Google used the "cast" term broadly to refer to its audio development program. Some of the accused products in this case are called "Chrome*cast*" and "Chrome*cast* Audio" and the Google Home App was previously called the "Chrome*cast*" app and before that, the "*Cast*" app. Thus, any mere reference to a document containing the word "cast" cannot open the door to putting into evidence the invalidation of Sonos's direct control patents.

Nor should Google's *own* counter-designations provide any basis for opening the door. Google provided lengthy counter-designations that introduce details surrounding the meeting concerning the "Cast for Audio" document, including testimony implying that Google shared the Cast for Audio presentation with Sonos. *See* Shekel Dep. Tr. at 42:2-9; 77:18-22. Evidence of Google sharing a document with Sonos concerning the development of the features accused of infringement of the '885 and '966 patents should not open the door to Google putting in the direct control summary judgment orders. The Court should decline Google's latest attempt to inject unasserted patents into this case.

Dated: May 10, 2023

ORRICK HERRINGTON & SUTCLIFFE LLP
*and*
LEE SULLIVAN SHEA & SMITH LLP

By: */s/ Clement Seth Roberts*
    Clement Seth Roberts

*Attorneys for Sonos, Inc.*