QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Sean Pak (Bar No. 219032)
  seanpak@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  James Judah (Bar No. 257112)
  jamesjudah@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
  Iman Lordgooei (Bar No. 251320)
  imanlordgooei@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:   (415) 875-6600
Facsimile:    (415) 875-6700

  Marc Kaplan (*pro hac vice*)
  marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone:   (312) 705-7400
Facsimile:    (312) 705-7401

*Attorneys for GOOGLE LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>           Plaintiff,<br><br>      vs.<br><br>GOOGLE LLC,<br><br>           Defendant. | Case No. 3:20-cv-06754-WHA<br>Consolidated with Case No. 3:21-cv-07559-WHA<br><br>**GOOGLE LLC'S BRIEF ON SONOS'S OPENING THE DOOR TO "CAST FOR AUDIO" AND CAST PATENTS** |

Pursuant to the Court's directive this afternoon, Google submits the following brief explaining how Sonos's introduction of deposition testimony regarding the Google's "Cast for Audio" program is prejudicial to Google and opens the door to Sonos's invalidated cast patents. See Dkt. 679-1 (5/8/2023 Trial Tr.) at 192:2-193:10 ("Casting has almost nothing to do with the multi-room thing … If you get into cast, they are going to be allowed to say the Judge has already -- don't say the Judge -- that those have already been determined to be invalid.").

Virtually all of the testimony Sonos played from Mr. Shekel's deposition related to his work in 2013 and 2014 as Product Manager for Google's "Cast for Audio" program. *See generally* Ex. 1 at 42:2-110:5. Cast for Audio is not an accused product in this case. Cast for Audio was a Google program started in 2013 to allow third party speaker manufacturers, such as LG and Sony, to integrate Cast technology into their hardware devices. Ex. 1 (Final Shekel clip report) at 29:12-18.[1] In connection with the Cast for Audio program, Mr. Shekel and other members of the Cast for Audio team met with dozens of third-party speaker manufacturers in 2013 and 2014. Importantly, Cast for Audio utilized Google's **Cast** technology, which was an accused functionality for the '615 and '033 patents, but is not an accused functionality for the '885 or '966 patents.

Mr. Shekel testified that his early interactions with Sonos, in the early 2014 time frame, was "in the context of Cast for Audio." *Id.* at 42:2-9. *See also* Dkt. 641-3 (Google's May 2014 "Cast for Audio" presentation to Sonos). But then Sonos introduced to the jury the following testimony, leaving the misleading impression that Google used information from the 2013 and 2014 meetings – which were about *casting* – improperly in the context of the technology accused of infringing the '855 and '966 patents at issue in this trial.

> Q. And when did Google develop its own first-party multi-zone technology?
> A. During 2015.
> Q. So that was after -- that was after you looked at other speaker manufacturers' implementations of multi-zone technology; right?

---

[1] As Mr. Shekel explained, the Cast for Audio **program** is distinct from Chromecast Audio **product**, which was a Google Chromecast dongle released in late 2015. *Id. See* Ex. 1 (Final Shekel clip report) at 29:12-29:24.

> A: So I wouldn't say that I looked at the implementation, but I used -- maybe I – I tried using multi-zone by few of the other manufacturers.
> So chronologically, at least for some of the manufacturers, it happened before that we -- before we launched it -- before we launched our own multi-room solution.
> Q. And one of those was Sonos; correct?
> THE WITNESS: We looked at Sonos and other manufacturers' multi-room solution as part of our work in Cast Audio, and that -- some of those looks or trying those out happened before we launched our multi-room solution.

Ex. 1 at 91:5-92:2. That is inaccurate and prejudicial for at least three reasons.

First, the Cast for Audio program utilized Google's **Cast** technology, not the functionalities accused by Sonos's "Zone Scenes" patents. The Court has already ruled that Sonos's patents that attempted to claim Google's Casting technology for itself are invalid. Mr. Shekel's deposition testimony gave the jury the impression that Google's meetings with Sonos and evaluation of Sonos's products **in connection with a potential Cast integration** relates somehow to Sonos's claimed "zone scenes" technology. This is highly misleading and unfair.

Second, the deposition testimony played by Sonos is likely to confuse the jury because it is undisputed that Sonos's products did not implement "Zone Scenes" until 2020 – six years after Mr. Shekel's Cast for Audio interactions with Sonos. Therefore the insinuation that Google acted improperly by developing its multiroom solution after evaluating Sonos products in the context of the Cast for Audio discussions is wrong. Google should be permitted to explain that to the jury in order to mitigate any insinuation that it acted improperly with respect to any issue in this case.

Third, Google is concerned that in addition to the misleading impression created by Sonos's designations of Mr. Shekel's Cast for Audio-related testimony, Sonos will further use it to argue at closing argument that Google copied Sonos to advance willfulness and other intent elements of Sonos's claims. This should not be permitted.

Accordingly, the Court should allow Google to tell the jury the full story regarding Google's Cast technology and Sonos's invalidated "Direct Control" patents. In the alternative, the Court should bar any argument from Sonos that Google's interactions with Sonos in the context of the Cast for Audio program is relevant to any issue of willfulness or infringement.

| | |
|---|---|
| Dated: May 10, 2023 | Respectfully submitted, |
| | */s/ Sean Pak* |
| | Attorneys for GOOGLE LLC |
| | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | *Counsel for Google LLC* |

**ATTESTATION**

Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that, on May 9, 2023, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system and email.

DATED: May 9, 2023

By: */s/ Sean Pak*
Sean Pak