# EXHIBIT 1

1   **THE COURT:** But that can't be, because you are
2   stuck -- you are stuck with this language on -- it's dependent,
3   so you have to meet the language of 1.8 of the -- the language
4   I just read.  I don't know.
5       So if that's your only answer, you may have some trouble
6   with me later, but -- all right.  Here comes my law clerk.
7                   (Pause in proceedings.)
8       **THE COURT:** All right.  We -- she wants me to bring
9   up -- and I understand why, because we have been trying to
10  see -- in the '966 -- first of all, the '885 -- I'm going to
11  generally bring up the question of saving versus predefined
12  versus storage, three different terms.
13      Now, the word "saving" is never in any of the claims;
14  correct?
15      **MR. PAK:** That's correct.
16      **THE COURT:** All right.  Predefined is in both the '885
17  and the '966.
18      **MR. PAK:** That's correct.
19      **THE COURT:** Storage is only in the '966.
20      **MR. PAK:** That's right.
21      **THE COURT:** So, I have a sneaking feeling that
22  somewhere in the near future one side or the other -- you are
23  going to have a disagreement over what these terms -- how these
24  apply here.
25      Let's start with Google.  What do you say to that point?

1       **MR. PAK:** I think they are distinct requirements,
2  Your Honor. The saving comes from the parties agreed-upon
3  construction of zone scenes, which says "previously saved."
4       That previously saved zone scene, as you can see in the
5  first part of the claim language of each of the '885 and '966
6  claims, requires this predefined grouping. There's a first
7  predefined grouping and a second predefined grouping, and the
8  '966 has the additional limitation that after you create the
9  zone scene, you have to then cause the storage of that zone
10 scene. So we do think they are distinct concepts that have now
11 been required by the claims.
12      **THE COURT:** Well, let me give you an example.
13      **MR. PAK:** Yes.
14      **THE COURT:** Let's say that the user wants to configure
15 zone players 1 and 3 into a group and does so and it only gets
16 stored in RAM memory. It's not stored in a permanent fashion.
17 It is only stored in RAM memory. And let's say it is stored in
18 a speaker -- not a speaker, a zone player. Then you go off to
19 get your coffee and you come back. Is that what I would call
20 temporary storage or temporary residence in RAM? Is that
21 saving, is that predefined and is that storage?
22      **MR. PAK:** I think our view is that that would not be
23 storage. What you have done is you have created in memory,
24 temporary in RAM, the configuration that Your Honor has in
25 mind, which, in the '966 patent, based on this first request,

1  you have to take three actions.  One is you cause the creation
2  of the zone scene; two, you have to cause the indication of
3  that zone scene to be sent to a ZonePlayer; and three, further,
4  as a separate action, you have to cause the storage.
5       So that is one of the bases for our non-infringement
6  argument, Your Honor.  That's distinct from the '966 that you
7  have to cause further storage after you have created.
8       **THE COURT:** My law clerk is giving me a note
9  indicating that Google took a contrary position in the past.
10      **MR. PAK:** I would be happy to take -- go back and look
11 at the briefing and see if there's any inconsistency, but
12 for -- on the non-infringement issue, Your Honor --
13      **THE COURT:** You still didn't answer my question
14 exactly.
15      **MR. PAK:** Okay.
16      **THE COURT:** If you -- if the user simply says add
17 number 1 to number 3 and -- without -- well, let's say -- let's
18 take, to be more precise, the 2005 system -- adds number 1 to
19 number 3, does not hit play yet, goes to get coffee.  Is that a
20 predefined --
21      **MR. PAK:** Yes, I do believe that sounds predefined to
22 me.
23      **THE COURT:** Is it saved?
24      **MR. PAK:** It is saved in temporary memory, because
25 obviously the computer won't know anything until it's

1           **MR. PAK:**  Yes, Your Honor.

2           **MR. RICHTER:**  Yes, Your Honor.

3           **THE COURT:**  Before we bring in the jury, I want to --
4    tomorrow, can you be here at 7:00 o'clock or is that --

5           **MR. RICHTER:**  Yes.

6           **THE COURT:**  Or is that pushing it too much?  Here is
7    why:  My law clerk and I need to start a discussion with you on
8    this issue of storage versus user versus -- it's not -- this is
9    not the same -- what were the three things I had this
10   morning -- wait, no, no, no -- it was storage --

11          **MR. PAK:**  Save, predefined.

12          **THE COURT:**  -- save, predefined.

13                      (Pause in proceedings.)

14          **THE COURT:**  And then user and naming and how those
15   terms might play into the ultimate instructions to the jury.
16   For tomorrow -- you don't have to file anything but you can
17   file up to five pages of whatever you want me to read on that
18   in advance, but then tomorrow we need to start a discussion,
19   does it matter -- maybe you will say it doesn't matter -- or
20   you might say this is very important and here is -- and I need
21   to start understanding the specification and how it ties into
22   the -- into the differences of view and how I'm going to
23   explain it to the jury ultimately.

24          So, you don't have to say a word now.  Just be here at
25   7:00 a.m.

1        **MR. PAK:** Yes, Your Honor.

2        **THE COURT:** Okay.  Let's bring in the jury.

3        **MS. CARIDIS:** Your Honor, is there a time in which you
4    want -- by which you want the five pages that you just
5    referenced?

6        **THE COURT:** Yes.  8:00 a.m. -- I mean, 8:00 p.m.
7    8:00 p.m.

8        **MS. CARIDIS:** Thank you.

9        **THE CLERK:** All rise for the jury.

10       (Proceedings were heard in the presence of the jury:)

11       **THE COURT:** Welcome back.  Be seated.  Are we now to
12   turn to some depositions?  Is that what I understand; correct?

13       **MR. RICHTER:** Yes, Your Honor.

14       **THE COURT:** Okay.  All right.  Ladies and gentlemen of
15   the jury, I want to make a -- give you a heads up on what's
16   about to happen here.  I think we are going to have -- is it
17   three witnesses by deposition coming up?

18       **MR. RICHTER:** Time permitting, it could be three to
19   five, Your Honor.  One witness is across two videos just to --

20       **THE COURT:** Okay, that's fine.  Here is the thing:  In
21   lawsuits both sides get to investigate beforehand, and one of
22   the ways in which you can do investigation is a formal, almost
23   in-court proceeding called a deposition.

24       Usually, though, it occurs at the lawyer's office; but a
25   witness can be subpoenaed to appear at a lawyer's office, to

### CERTIFICATE OF REPORTER

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE:   Wednesday, May 10, 2023

_____

Marla F. Knox, CSR No. 14421, RPR, CRR, RMR
United States District Court - Official Reporter