CLEMENT SETH ROBERTS (SBN 209203)
croberts@orrick.com
BAS DE BLANK (SBN 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (SBN 260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

SEAN M. SULLIVAN (*pro hac vice*)
sullivan@ls3ip.com
J. DAN SMITH (*pro hac vice*)
smith@ ls3ip.com
MICHAEL P. BOYEA (*pro hac vice*)
boyea@ ls3ip.com
COLE B. RICHTER (*pro hac vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:    +1 312 754 0002
Facsimile:    +1 312 754 0003

*Attorneys for Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC., <br><br> Plaintiff and Counter-defendant, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant and Counter-claimant. | Case No. 3:20-cv-06754-WHA <br><br> Consolidated with <br> Case No. 3:21-cv-07559-WHA <br><br> **SONOS, INC.'S BRIEF REGARDING TESTIMONY OF TIM KOWALSKI** <br><br> Judge:  Hon. William Alsup <br> Courtroom:  12, 19th Floor <br> Trial Date: May 8, 2023 |

On Friday, May 12, Sonos intends to play video of the deposition testimony of Google in-house attorney Tim Kowalski.  Mr. Kowalski has personal knowledge of Google's receipt of Sonos's notice of infringement of the '966 patent.  At his deposition, Sonos asked Mr. Kowalski a series of questions in order to determine when Google had notice of its infringement of the '966 patent and how Google developed a basis for filing a declaratory judgment complaint that complied with Rule 11.  This information is directly relevant to Sonos's indirect infringement and willfulness claims.  Mr. Kowalski—at the instruction of Google's outside counsel—invoked attorney-client privilege over virtually every question Sonos asked on this topic.  The Court should not permit Google to sandbag Sonos on these questions by invoking privilege at a deposition and later explaining itself to the jury.

As the Court has explained, Google filed a declaratory judgment complaint and must have had a reasonable basis under Rule 11 for doing so.  In order to compare the five then-asserted patents against the accused Google products, Google's lawyers needed to have conducted an investigation and believed "the claims, defenses, and other legal contentions" asserted in the pleading "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" and that "the factual contentions" asserted in the pleading "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."  Fed. R. Civ. P. 11(b)(2), (3).  This investigation would have taken "several weeks."  Tr. 718:25; Tr. 720:1-10.  Thus, Sonos maintains that Google had notice of the '966 patent and its infringement of the patent since well before Sonos provided a courtesy copy of its complaint.

Sonos is entitled to show the jury Google's refusal to answer the questions, so that the jury can draw its own conclusion regarding whether and when Google had notice of infringement.

Moreover, Google's invocation of privilege is dubious at best.  For example, Sonos asked Mr. Kowalski the following questions:

- "Do you know **when** Google formed a basis as to its belief that it did not infringe the '966 patent?"  Dep. Tr. at 92:2-9.

- "Did Google form a basis as to its belief that it did not infringe the '966 patent **prior to** receiving Sonos's draft complaint **or after** receiving Sonos's draft complaint?"  Dep. Tr. at 92:11-18.
- "Google states in this pleading that it does not infringe the '966 patent. Do you know **if that contention had evidentiary support** at the time that this was filed?"  Dep. Tr. at 94:4-11.

For each of these questions Google asserted privilege over any answer.  That was improper.  For example, Google asserted privilege over the question of whether and when Google formed a basis *at all* for its belief in noninfringement.  But as Google has previously acknowledged, Google represented to the Court that it *did* have a basis to file its declaratory judgment action under Rule 11.  *See, e.g.*, Case No. 3:21-cv-7559, Dkt. 223 ¶ 56 ("Google admits that it represented to the Court and to Sonos that it had a basis to file its declaratory judgment action under Federal Rule of Civil Procedure 11.").  Google's stonewalling in discovery appears designed to prevent the jury from hearing an indisputably relevant fact that Google has never contested until now.

Similarly, Google asserted privilege over any questions regarding the time period in which Google formed a belief as to its non-infringement of the '966 patent, even though Sonos was not asking for the content of any attorney-client communication or legal advice.  And while "communications relating to" "legal advice" may be privileged, *United States v. Graf*, 610 F.3d 1148, 1156 (9th Cir. 2010), underlying facts are not privileged.  *See, e.g.*, *Dolby Lab'ys Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 863 (N.D. Cal. 2019) ("The privilege protects only communications, and not underlying facts." (citing *Upjohn v. United States*, 449 U.S. 383, 396 (1981))).  For example, "[t]he privilege does not … extend to facts that would not reveal legal strategy or to information such as the dates and duration of meetings with attorneys." *Rodriguez v. Seabreeze Jetlev LLC*, 620 F. Supp. 3d 1009 (N.D. Cal. 2022).  The "[a]ttorney-client privilege is 'narrowly and strictly construed,' and the party asserting it bears the burden of proving that it applies."  *Dolby*, 402 F. Supp. 3d at 863 (citation omitted).

As shown above, Google has thwarted Sonos from probing the accuracy of Google's denial of any knowledge of the '966 patent prior to September 28, 2020. *See, e.g.*, Case No. 3:21-cv-7559, Dkt. 223 ¶ 60 ("Google denies that it had knowledge of the '033 and '966 patents before Sonos provided Google with a pre-filing copy of its original complaint on September 28, 2020."); TX2335 at 8 ("Google first became aware of the existence of the '966 … patent[] … when Sonos sent a draft of the Complaint to Google the day before it filed [this case]."). But as the Court has made clear, Google must have had notice prior to September 28, 2020 in order to draft and file a complaint in mere hours that complied with Rule 11.

The jury should be able to see Google's assertion of privilege and draw its own conclusions as the finder of fact.

Dated: May 11, 2023

ORRICK HERRINGTON & SUTCLIFFE LLP
*and*
LEE SULLIVAN SHEA & SMITH LLP

By: */s/ Clement Seth Roberts*
    Clement Seth Roberts

*Attorneys for Sonos, Inc.*