QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Sean Pak (Bar No. 219032)
  seanpak@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  James Judah (Bar No. 257112)
  jamesjudah@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
  Iman Lordgooei (Bar No. 251320)
  imanlordgooei@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:     (415) 875-6700

  Marc Kaplan (*pro hac vice*)
  marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone:    (312) 705-7400
Facsimile:     (312) 705-7401

*Attorneys for GOOGLE LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>GOOGLE LLC,<br><br>　　　　　Defendant. | Case No. 3:20-cv-06754-WHA<br>Consolidated with Case No. 3:21-cv-07559-WHA<br><br>**GOOGLE LLC'S RESPONSE TO THE COURT'S INQUIRY ON THE STANDARD FOR ACCEPTABLE NON-INFRINGING ALTERNATIVES** |

01980-00181/14077778.1

Google respectfully submits this brief in response to the Court's question regarding whether, to qualify as an acceptable non-infringing alternative, the proposed non-infringing alternative needs to be just as effective as the patented feature:

> THE COURT: You're saying it has to be as commercially acceptable as the patented feature, but what if it's 99 percent as effective and commercially acceptable? Are you saying just a tad less would remove it from consideration?
> THE WITNESS: For a noninfringing alternative, that's close to my understanding. I don't know if it's like 99 percent.
> THE COURT: Well, where did you get that view of the law? You're not a lawyer. Where did you get that idea?
> THE WITNESS: That's -- that was the understanding I was given from Sonos' lawyers as the test to use for a noninfringing alternative.
>
> * * *
>
> THE COURT: All right. Well, I'd like to know. To me, it doesn't sound right that it has to be just as good as the patented thing. What if it's 99 percent as good? And that would -- that would affect what you -- in my mind, it would affect what somebody would be willing to pay if there was a noninfringing alternative.
>   If it was 99 percent as good as the patented thing and you could do that for free, I'd do it for free. I can't imagine that the Federal Circuit has said it's got to be just as good.
>   Now, commercially acceptable, yes. I remember that. But that does -- I think the witness is out on a big limb there. So I hope the law supports him.

5/11 Trial Tr. at 807:3-808:14.

As this Court correctly stated, the proposed non-infringing alternative need only be commercially acceptable – that "any given purchaser would have found [it] acceptable and bought [it]." *Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275, 1286 (Fed. Cir. 2017) ("[I]f there is a noninfringing alternative which any given purchaser would have found acceptable and bought, then the patentee cannot obtain lost profits for that particular sale. For example, if the customer would have bought the infringing product without the patented feature or with a different, non-

01980-00181/14077778.1

1   Case No. 3:20-cv-06754-WHA
GOOGLE'S RESPONSE TO THE COURT'S INQUIRY ON THE STANDARD FOR
ACCEPTABLE NON-INFRINGING ALTERNATIVES

infringing alternative to the patented feature, then the patentee cannot establish entitlement to lost profits for that particular sale.").[1]

To illustrate this standard, the Federal Circuit has used the following example, which explicitly rejects any requirement that an acceptable non-infringing alternative need be just as effective, or 99% as effective, as the patented feature:

> Consider the laptop example. If the only patented component is the extended life battery and a customer will only buy a laptop with this battery (meaning a laptop with a lower quality battery is not an acceptable noninfringing alternative to the customer), then when an infringer who appropriates the patented extended life battery sells a laptop, the infringer has deprived the patentee of the lost profits on the laptop sale which only it could have made. ***If a laptop with a lower-quality battery would be an acceptable non-infringing alternative to certain customers, the patentee would not be entitled to lost profits for these laptop sales.*** For those customers, the patented battery was not a factor in their purchasing decision; it was not necessary for the sale. The only sales for which the patentee can obtain lost profits are the customers who would refuse to purchase laptops without the patented extended-life battery. For these lost customers, the extended-life battery drives their purchasing decisions.

*Mentor Graphics*, 851 F.3d at 1290 (emphasis added). Certainly, the "lower-quality battery" in the example is not as effective as "the patented battery"; yet, as the Federal Circuit explained, it would still qualify as an acceptable non-infringing alternative if a purchaser would have found it acceptable and bought it. *See id.* District courts in the Northern District of California have routinely applied the same standard. *See, e.g., TV Interactive Data Corp. v. Sony Corp.*, 929 F. Supp. 2d 1006, 1014 (N.D. Cal. 2013) ("The jury can hear evidence on whether these proposed alternatives would have been acceptable to consumers . . . .").

The standard for acceptable non-infringing alternatives is arguably even lower here because Sonos is not seeking lost profits and is instead requesting only reasonable royalties. *See Open Text S.A. v. Box, Inc.*, No. 13-CV-04910-JD, 2015 WL 393858, at *4 (N.D. Cal. Jan. 29, 2015) ("[I]t is

---

[1] A curative instruction may be necessary due to Dr. Almeroth's testimony.

unclear whether the test for lost profits, which calls for a binary, yes-no determination as to whether an alternative is 'acceptable' or not, applies in the context of a reasonable royalty. If a plaintiff cannot show the absence of acceptable non-infringing alternatives, it may not be entitled to lost profits at all. But for a reasonable royalty, problems with a non-infringing alternative that limit its attractiveness to consumers would simply reduce the profits associated with the alternative relative to the profits associated with the patented technology, and would end up being accounted for in the reasonable royalty number itself.") (internal citations omitted).

After the Court requested briefing on this issue, Sonos's counsel seemed to indicate that Sonos agrees that the proposed alternative need not be just as effective as the patented feature to qualify as an acceptable non-infringing alternative. While Sonos's counsel first presented a far more exacting (and incorrect) standard to the Court—*see* 5/11 Trial Tr. at 808:24-809:6 (stating that "the alternative has to have the same advantages and level of performance as the patented technology so that consumers would be satisfied by the alternative")—Google understands that Sonos's counsel later retracted its statement and conceded that the standard is simply whether the non-infringing alternative is "acceptable to consumers or that it satisfies consumer demand." *Id.* at 812:25-813:3.

Finally, Google notes that Sonos is not seeking lost profits and has not adduced any evidence that there is consumer demand for the claimed feature, which Sonos waited fifteen years to implement in its own products.

Dated: May 11, 2023

Respectfully submitted,

*/s/ Sean Pak*
Attorneys for GOOGLE LLC

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*Counsel for Google LLC*

01980-00181/14077778.1

3

Case No. 3:20-cv-06754-WHA
GOOGLE'S RESPONSE TO THE COURT'S INQUIRY ON THE STANDARD FOR ACCEPTABLE NON-INFRINGING ALTERNATIVES

## ATTESTATION

Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that, on May 11, 2023, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system and email.

DATED: May 11, 2023

By: */s/ Sean Pak*
     Sean Pak

01980-00181/14077778.1

4   Case No. 3:20-cv-06754-WHA
GOOGLE'S RESPONSE TO THE COURT'S INQUIRY ON THE STANDARD FOR ACCEPTABLE NON-INFRINGING ALTERNATIVES