1    QUINN EMANUEL URQUHART & SULLIVAN, LLP
       Sean Pak (Bar No. 219032)
2      seanpak@quinnemanuel.com
       Melissa Baily (Bar No. 237649)
3      melissabaily@quinnemanuel.com
       James Judah (Bar No. 257112)
4      jamesjudah@quinnemanuel.com
       Lindsay Cooper (Bar No. 287125)
5      lindsaycooper@quinnemanuel.com
       Iman Lordgooei (Bar No. 251320)
6      imanlordgooei@quinnemanuel.com
     50 California Street, 22nd Floor
7    San Francisco, California 94111-4788
     Telephone:    (415) 875-6600
8    Facsimile:    (415) 875-6700

9      Marc Kaplan (pro hac vice)
       marckaplan@quinnemanuel.com
10   191 N. Wacker Drive, Ste 2700
     Chicago, Illinois 60606
11   Telephone:    (312) 705-7400
     Facsimile:    (312) 705-7401

12   Attorneys for GOOGLE LLC

13

14                     UNITED STATES DISTRICT COURT

15                   NORTHERN DISTRICT OF CALIFORNIA

16                       SAN FRANCISCO DIVISION

17   SONOS, INC.,                          Case No. 3:20-cv-06754-WHA
                                           Related to Case No. 3:21-cv-07559-WHA
18                    Plaintiff,
                                           **GOOGLE LLC'S RESPONSE TO SONOS,**
19         vs.                             **INC.'S PROFFER RE REVENUE**
                                           **PURPORTEDLY ASSOCIATED WITH**
20   GOOGLE LLC,                           **ACCUSED PRODUCTS**

21
                      Defendant.
22

23

24

25

26

27

28

In response to Google's Motion *in Limine* No. 4, Sonos expressly "agree[d] not to reference financial information unrelated to the accused products."  Dkt. 619-9 at 1, 5.  Yet Sonos is seeking to do just that through its demonstrative slide (PDX3.32) and the corresponding exhibit (TX6256), which contain financial information regarding Pixel devices (without the Google Home app), Search, and Play—***none*** of which is accused.  Because Sonos's proffer fails to tie this financial information to the accused products, the Court does not need to revisit its tentative ruling excluding this evidence.

### A.     The Table Sonos Seeks To Admit Is Irrelevant And Should Be Excluded Under FRE 402

The table Sonos seeks to admit purports to summarize "Search + Play Indirect Revenue Channeled Through Pixel."  PDX3.32; TX6256.  This information is not relevant to damages or any other issue in the case.

*First*, Sonos argues that the table is relevant because "Pixel devices are accused products." Dkt. 727 at 1.  That is not correct.  Pixel devices ***alone*** are not accused—rather, Sonos contends that "Pixel smartphone, tablet, and computer devices . . . ***that are installed with the Google Home app***" infringe the '966 patent.  Dkt. 620-4 at 4 (emphasis added).  But the table does not mention the Google Home app at all.  There is no indication that the Pixel devices included in this table even have the Google Home app installed, making the financial information irrelevant to any accused product or the claimed invention.

*Second,* the table also relates to two products that are undisputedly not accused, Google's "Search" engine and Google's "Play" Store, the online platform where Android users can purchase mobile apps and digital media.  Mr. Malackowski does not connect revenue from these two unaccused products to the claimed speaker grouping functionality.  Indeed, the portion of Mr. Malackowski's report discussing Google's purported "strategy" of increasing hardware device sales to "generate . . . additional revenue from Google's valuable search and data business" merely relies on *ipse dixit* and the type of third-party news articles the Court has previously excluded.  Dkt. 616-4 at 103-106; Dkt. 660 at 3.  And nowhere does Mr. Malackowski or Sonos offer any proof that

GOOGLE'S RESPONSE TO SONOS'S PROFFER RE REVENUE PURPORTEDLY ASSOCIATED WITH ACCUSED PRODUCTS

anyone bought a Pixel so they could download the Google Home app and thereby generate additional revenues for Google.

Sonos claims that the financial information would be "helpful in showing the jury that, in understanding the bargaining position of the parties to the hypothetical negotiation, it should not look to Google's *profit* from sales of hardware, but rather the *revenue* Google earns from the products." Dkt. 727 at 2. But neither expert utilizes Google's profits or revenues to calculate damages for the patents. Mr. Malackowski's analysis is based on the IFTTT app, and Google's damages expert calculates damages based on the cost of implementing non-infringing alternatives and a comparable patent agreement.

*Third*, the vast majority of the financial information in the table involves revenues from countries other than the United States. Dkt. 728-2 (reflecting information for Great Britain (GB), Canada (CA), Japan (JP), Australia (AU) and Rest of World (ROW)). This information is irrelevant given that Sonos is not seeking damages based on any foreign sales.

**B.     Any Purported Relevance Would Be Outweighed By Prejudice To Google**

Federal Rule 403 permits a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury."

Sonos's attempt to put a significant revenue number that is untethered to the claimed technology in front of the jury would serve to "misleadingly suggest[] an inappropriate range" of damages. *Virnetx, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1327 (Fed. Cir. 2014); *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1320 (Fed. Cir. 2011) ("The disclosure that a company has made $19 billion dollars in revenue from an infringing product cannot help but skew the damages horizon for the jury, regardless of the contribution of the patented component to this revenue."). As the Court paraphrased Google's argument, "it would be . . . too fantastic to assume that people buy the Pixel simply because there is the Home app . . . and, therefore, getting into all these extra numbers is just laying a lot of big numbers in front of the jury." 5/12/23 Trial Tr. at 1112:6-12.

GOOGLE'S RESPONSE TO SONOS'S PROFFER RE REVENUE PURPORTEDLY ASSOCIATED WITH ACCUSED PRODUCTS

1      Mr. Malackowski has already made the general argument that Google earns additional

2 revenue from other unaccused products.[1]  The "minimal probative value" of these large revenue

3 figures "to issues actually being decided by the jury is substantially outweighed by the risk of unfair

4 prejudice[.]"  *Biomerieux, S.A. v. Hologic, Inc.*, No. CV 18-21-LPS, 2020 WL 583917, at *2 (D.

5 Del. Feb. 6, 2020) (excluding evidence of "revenues not tied to the accused products and not tied to

6 Plaintiffs' expert opinion regarding a reasonable royalty").

7

8   DATED:  May 15, 2023                              QUINN EMANUEL URQUHART & SULLIVAN,
                                                       LLP
9
                                                       By:   /s/ Sean Pak
10                                                            Sean Pak

11                                                     *Attorneys for GOOGLE LLC*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26 [1]  As discussed on the record on May 15, 2023, Google will not emphasize the lack of evidence
supporting Sonos's "loss leader" theory.  5/12/23 Trial Tr. at 1112:1-5, 1113:2.  (THE COURT:  .
27 . . In closing argument and anywhere else in this case, are you going to say something like,
"Well, there's no proof of any loss leader"?  MS. BAILY: No.)
28

GOOGLE'S RESPONSE TO SONOS'S PROFFER RE REVENUE PURPORTEDLY ASSOCIATED WITH
ACCUSED PRODUCTS

1

**<u>CERTIFICATE OF SERVICE</u>**

2          Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that,

3    on May 15, 2023, all counsel of record who have appeared in this case are being served with a copy

4    of the foregoing via the Court's CM/ECF system and email.

5

6      DATED:  May 15, 2023

7                                                    By:    */s/ Sean Pak*
                                                          Sean Pak
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28