UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONOS, INC., <br>     Plaintiff, <br>   v. <br> GOOGLE LLC, <br>     Defendant. | No. C 20-06754 WHA <br> No. C 21-07559 WHA <br> (Consolidated) <br><br> **PROPOSED SPECIAL VERDICT FORM** |

    Appended hereto is the Court's proposed special verdict form for eventual discussion.

**IT IS SO ORDERED.**

Dated: May 17, 2023.

                                WILLIAM ALSUP
                                UNITED STATES DISTRICT JUDGE

# PROPOSED VERDICT FORM

When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the form and all of my instructions to you.   Your answer to each question must be unanimous.

We, the jury, unanimously agree to the answers to the following questions and return them under the instructions of law as our verdict in this case.

## THE '885 PATENT

1. **INVALIDITY VS. VALIDITY.**

   A. Has Google proven, by clear and convincing evidence, that a person having ordinary skill in the art, as of December 21, 2005, with knowledge of the prior art, including the 2005 Sonos system, would have been motivated to combine their teachings to achieve the invention set forth in claim 1 of the '885 patent?

   Yes ____   No ____

   If you answered "No" to Question 1A, the asserted claim of the '885 patent is valid, and you may skip to Question 2.   If you answered "Yes," you may proceed to Question 1B.

   B. Has Google further proven, by clear and convincing evidence, that a person having ordinary skill in the art, as of December 21, 2005, with knowledge of the prior art, including the 2005 Sonos system, would have had a reasonable expectation of success in combining their teachings to achieve the invention set forth in claim 1 of the '885 patent?

   Yes ____   No ____

   If you answered "Yes" to Question 1B, the asserted claim of the '885 patent is invalid as obvious, and you may skip to Question 3.   If you answered "No," the asserted claim of the '885 patent is valid, and you may proceed to Question 2.

2. **INFRINGEMENT VS. NON-INFRINGEMENT (REDESIGN).**

   If the asserted claim of the '885 patent is valid, has Sonos proven, by a preponderance of the evidence, that every requirement of claim 1 of the '885 patent is met by Google's *redesigned* accused products?

   Yes \_\_\_\_       No \_\_\_\_

   If you answered "Yes" to Question 2, both the original and redesigned accused products infringe the asserted claim of the '885 patent.   If you answered "No," only the original accused products infringe the asserted claim of the '885 patent (as the judge has already determined).   In any case, you may proceed to Question 3.

   ## THE '966 PATENT

3. **INVALIDITY VS. VALIDITY.**

   A. Has Google proven, by clear and convincing evidence, that a person having ordinary skill in the art, as of December 21, 2005, with knowledge of the prior art, including the 2005 Sonos system, would have been motivated to combine their teachings to achieve the invention set forth in:

   |      |       |           |          |
   |------|-------|-----------|----------|
   | (i)   | Claim 1? | Yes \_\_\_\_ | No \_\_\_\_ |
   | (ii)  | Claim 2? | Yes \_\_\_\_ | No \_\_\_\_ |
   | (iii) | Claim 4? | Yes \_\_\_\_ | No \_\_\_\_ |
   | (iv)  | Claim 6? | Yes \_\_\_\_ | No \_\_\_\_ |
   | (v)   | Claim 8? | Yes \_\_\_\_ | No \_\_\_\_ |

   If you answered "No" to all parts of Question 3A, the asserted claims of the '966 patent are valid, and you may skip to Question 4.

   If you answered "Yes" to at least one part, please answer the corresponding one or more parts of Question 3B below.

   For example, if you answered "Yes" to part (i) of Question 3A, you should answer part (i) of Question 3B, whereas if you answered "No" to part (i) of Question 3A, you should not answer part (i) of Question 3B.

B. Has Google further proven, by clear and convincing evidence, that a person having ordinary skill in the art, as of December 21, 2005, with knowledge of the prior art, including the 2005 Sonos system, would have had a reasonable expectation of success in combining their teachings to achieve the invention set forth in:

    (i)    Claim 1?    Yes _____    No _____

    (ii)    Claim 2?    Yes _____    No _____

    (iii)    Claim 4?    Yes _____    No _____

    (iv)    Claim 6?    Yes _____    No _____

    (v)    Claim 8?    Yes _____    No _____

If you answered "Yes" to all parts of Question 3B and "Yes" to Question 1B, all asserted patent claims are invalid as obvious and your work is done.  You may skip to the end of the Verdict Form and sign it.

If you answered "Yes" to all parts of Question 3B and "No" to Question 1B, the asserted claim of the '885 patent is valid and the asserted claims of the '966 patent are invalid as obvious, and you may skip to Question 6.

If you answered "Yes" to at least one part, but not all parts, of Question 3B, the corresponding asserted claim(s) of the '966 patent is invalid as obvious.  For example, if you answered "Yes" to part (iv), which involves claim 6 of the '966 patent, claim 6 of the '966 patent is invalid as obvious.  You will not need to answer questions with respect to infringement of the invalid asserted claims of the '966 patent.  The remaining asserted claims are valid.  You may proceed to Question 4.

4. **INFRINGEMENT VS. NON-INFRINGEMENT (ORIGINAL & REDESIGN).**

A. If any of the asserted claims of the '966 patent is valid, has Sonos proven, by a preponderance of the evidence, that every requirement of the asserted claims is met by Google's *original* accused products?  Answer only as to the asserted claims that are valid, for which you answered "No" in Question 3A or 3B.

    (i)    Claim 1?    Yes _____    No _____

    (ii)    Claim 2?    Yes _____    No _____

    (iii)    Claim 4?    Yes _____    No _____

    (iv)    Claim 6?    Yes _____    No _____

    (v)    Claim 8?    Yes _____    No _____

If you answered "No" to all parts of Question 4A, the original accused products do not infringe asserted claims of the '966 patent, and you only need to calculate damages for the original accused products' infringement of the asserted claim of the '885 patent. You may skip to Question 6.

If you answered "Yes" to one or more parts, the original accused products infringe the corresponding asserted claims of the '966 patent. Please answer the corresponding one or more parts of Question 4B below. For example, if you answered "Yes" to part (i) of Question 4A, you should answer part (i) of Question 4B, whereas if you answered "No" to part (i) of Question 4A, you should not answer part (i) of Question 4B.

B. If any of the asserted claims of the '966 patent is valid, has Sonos proven, by a preponderance of the evidence, that every requirement of the asserted claims is met by Google's *redesigned* accused products? Answer only as to the asserted claims that are valid, for which you answered "No" in Question 3A or 3B.

    (i)    Claim 1?    Yes _____    No _____

    (ii)    Claim 2?    Yes _____    No _____

    (iii)    Claim 4?    Yes _____    No _____

    (iv)    Claim 6?    Yes _____    No _____

    (v)    Claim 8?    Yes _____    No _____

If you answered "No" to all parts of Question 4B, the redesigned accused products do not infringe the asserted claims of the '966 patent, and you only need to calculate damages for infringement of asserted claims of the '885 and '966 patents by the original accused products.

If you answered "Yes" to one or more parts, both the redesigned and original accused products infringe the corresponding asserted claims of the '966 patent. In any case, you may proceed to Question 5.

5. **WILLFUL INFRINGEMENT.**

If any of the asserted claims of the '966 patent is valid and infringed, has Sonos proven, by a preponderance of the evidence, that Google had knowledge, or was willfully blind to the fact, that its actions constituted infringement?

    Yes _____    No _____

If you answered "Yes" to Question 5, Google committed willful infringement of the '966 patent.  If you answered "No," Google did not commit willful infringement of the '966 patent.  In any case, you may proceed to Question 6.

(*Note*:  The judge has already determined that Google did not commit willful infringement of the '885 patent, recognizing that the '885 patent issued after this lawsuit began.)

## DAMAGES

6. **DAMAGES AWARD.**

    If any of the asserted claims of the '885 and '966 patents is valid and infringed, what damages award do you find is adequate to compensate Sonos for Google's infringement?  Use one, but only one, of the two methods below, whichever you find most applicable:

    PER UNIT ROYALTY $_____ × NUMBER OF UNITS _____ = $_____

    LUMP SUM = $_____


You have now reached the end of the Verdict Form and should review it to ensure it accurately reflects your unanimous determinations.  The foreperson should then sign and date the Verdict Form in the spaces below, and notify the Court Security Officer that you have reached a verdict.

The foreperson should retain possession of the Verdict Form and bring it when the jury is brought back into the courtroom.

Dated:  _____, 2023.    By:  _____.
                                                                    Foreperson.