QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Sean Pak (Bar No. 219032)
  seanpak@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  James Judah (Bar No. 257112)
  jamesjudah@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
  Iman Lordgooei (Bar No. 251320)
  imanlordgooei@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

  Marc Kaplan *(pro hac vice)*
  marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone:     (312) 705-7400
Facsimile:     (312) 705-7401

*Attorneys for GOOGLE LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>             Plaintiff,<br><br>      vs.<br><br>GOOGLE LLC,<br><br>             Defendant. | Case No. 3:20-cv-06754-WHA<br>Consolidated with Case No. 3:21-cv-07559-WHA<br><br>**DECLARATION OF JOCELYN MA IN SUPPORT OF SONOS, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED RE SONOS, INC.'S PROFFER OF TESTIMONY OF ALAINA KWASIZUR (DKT. 704)** |

I, Jocelyn Ma, declare and state as follows:

1. I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate at Quinn Emanuel Urquhart & Sullivan LLP representing Google LLC ("Google") in this matter. I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2. I make this declaration in support of Sonos, Inc.'s ("Sonos") Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("Administrative Motion") (Dkt. 704) filed in connection with Sonos's Proffer of Testimony of Alaina Kwasizur ("Proffer") (Dkt. 705). If called as a witness, I could and would testify competently to the information contained herein.

3. Google seeks an order sealing the materials as listed below:

| Document | Portions Sonos Sought to Be Filed Under Seal | Portions Google Seeks to Be Filed Under Seal | Designating Party |
|---|---|---|---|
| Kwasizur Declaration in Support of Sonos's Proffer | Entire Document | Entire Document | Google |
| Exhibit 1 to Kwasizur Declaration | Entire Document | Entire Document | Google |
| Exhibit 2 to Kwasizur Declaration | Entire Document | Entire Document | Google |
| Exhibit 5 to Kwasizur Declaration | Entire Document | Entire Document | Google |
| Exhibit 6 to Kwasizur Declaration | Entire Document | Entire Document | Google |
| Exhibit 7 to Kwasizur Declaration | Entire Document | Entire Document | Google |
| Exhibit 9 to Kwasizur Declaration | Entire Document | Entire Document | Google |
| Exhibit 10 to Kwasizur Declaration | Entire Document | Entire Document | Google |
| Exhibit 11 to Kwasizur Declaration | Entire Document | None | Google |
| Exhibit 12 to Kwasizur Declaration | Entire Document | Entire Document | Google |
| Exhibit 13 to Kwasizur Declaration | Entire Document | Entire Document | Google |

| | | | |
|---|---|---|---|
| Exhibit 14 to Kwasizur Declaration | Entire Document | Entire Document | Google |
| Exhibit 15 to Kwasizur Declaration | Entire Document | None | Google |
| Exhibit 17 to Kwasizur Declaration | Entire Document | None | Google |

4.  I understand that this Court has analyzed sealing requests in connection with evidentiary matters pursuant to the "good cause" standard for non-dispositive motions. *See, e.g.*, *Gearsource Holdings, LLC v. Google LLC*, No. 18-CV-03812-HSG, 2021 WL 1123630, at *2 (N.D. Cal. Feb. 24, 2021) ("Because Defendant's motion *in limine* is not a dispositive motion, the Court applies the lower good cause standard."); *Racies v. Quincy Bioscience, LLC*, No. 15-CV-00292-HSG, 2019 WL 8438448, at *1 (N.D. Cal. Dec. 16, 2019) ("Because the parties move to file documents related to their motions *in limine*, the Court will apply the lower good cause standard."); *TVIIM, LLC v. McAfee, Inc.*, No. 13-CV-04545-HSG, 2015 WL 3776424, at *2 (N.D. Cal. June 16, 2015) ("Because motions *in limine* are nondispositive motions, the Court applies the 'good cause' standard to the pending motions to seal."). I also understand that material that is confidential and could harm a litigant's competitive standing if disclosed may be sealed under the good cause standard. *See, e.g.*, *Skillz Platform Inc. v. AviaGames Inc.*, No. 21-CV-02436-BLF, 2022 WL 875654, at *2 (N.D. Cal. Mar. 24, 2022) (finding "good cause to file the documents and portions of documents at issue under seal given the sensitive financial and business information they contain"); *Dugan v. Lloyds TSB Bank, PLC*, No. 12-CV-02549-WHA NJV, 2013 WL 1435223, at *2 (N.D. Cal. Apr. 9, 2013) ("There may be 'good cause' to seal records that are privileged, contain trade secrets, contain confidential research, development or commercial information, or if disclosure of the information might harm a litigant's competitive standing.").

5.  The Kwasizur Declaration in Support of Sonos's Proffer and Exhibits 1, 2, 5, 6, 7, 9, 10, 12, 13, and 14 contain information regarding Google's licensing negotiations with Sonos that is not public. I understand that public disclosure of this information would harm Google's competitive standing and its ability to negotiate future licensing agreements by giving competitors access and insight into Google's highly confidential business thinking and asymmetrical

information about Google's licensing strategies to other entities.  If such information were made public, I understand that Google's competitive standing would be significantly harmed.  I also understand that this Court has previously granted sealing of the same and/or similar information. *See, e.g.*, Dkt. 334 at 5.

I declare under penalty of perjury under the laws of the United States of America that to the best of my knowledge the foregoing is true and correct.  Executed on May 17, 2023, in San Francisco, California.

DATED:  May 17, 2023

By:   */s/ Jocelyn Ma*
      Jocelyn Ma