QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Sean Pak (Bar No. 219032)
  seanpak@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  James Judah (Bar No. 257112)
  jamesjudah@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
  Iman Lordgooei (Bar No. 251320)
  imanlordgooei@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

  Marc Kaplan *(pro hac vice)*
  marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone:     (312) 705-7400
Facsimile:     (312) 705-7401

*Attorneys for GOOGLE LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:20-cv-06754-WHA<br>Related to Case No. 3:21-cv-07559-WHA<br><br>**GOOGLE'S OBJECTIONS TO THE DRAFT FINAL CHARGE TO THE JURY AND REVISED PROPOSED VERDICT FORM** |

Pursuant to the Court's directive during the initial charge conference, Google provides advance notice of the following objections to the Draft Final Charge to the Jury and Revised Proposed Verdict Form. Google may make additional objections and suggestions during the further charge conference tomorrow.

I.  **JURY INSTRUCTIONS**

   A.  **Instructions No. 27-34**

There is no direct infringement claim against Google with respect to the '966 patent. Google does not make or sell a phone or tablet that has the Google Home app pre-installed on it. To the extent there is direct infringement of the '966 patent, that infringement would occur if and when a user downloads ("installs") the Google Home app onto a phone or tablet and then configures that device to add at least three Google speakers. Accordingly, Google requests that Instruction Nos. 27 to 34 be modified to convey that Sonos claims that Google directly infringes the '885 patent and only indirectly infringes the '966 patent.

   B.  **Instruction No. 37**

Because willfulness requires knowledge and intent, Google requests that the first sentence of Instruction No. 37 be revised to include "and intent" as follows: "To determine whether Google acted willfully, consider all facts and assess Google's knowledge and intent at the time of the challenged conduct prior to the suit."

   C.  **Instruction No. 38**

Because the claims in Google's declaratory judgment complaint were directed to non-infringement only, Google requests that "and was or was not valid" be removed from the sentence at page 19 lines 13 to 16.

   D.  **Instruction No. 41**

Mr. Malackowski testified that his IFTTT analysis resulted in "a reasonable royalty per unit for the '966 of 82 cents and a reasonable royalty per unit for the '885 of 87 cents." (Trial Tr. 1136:11-15.) After multiplying that rate by the "instances of accused infringement," he testified that "the damages which this jury should award for [the '966] patent is $77,546,923 for the period of November 5th, 2019 through September 30th, 2022" and "for the '885 patent . . . [t]he total

damages would be $12,246,294 for the period of November 24th, 2020 through November 15th, 2022." (*Id.* at 1136:19-1137:4.)  To avoid jury confusion, Google requests that Instruction No. 41 be modified to expressly instruct the jury to disregard these numbers, which are in the record solely because they are an output of Mr. Malackowski's IFTTT theory.

### E. Instruction Nos. 46-47

The requirement that a reasonable royalty "must reflect the value attributable to the infringing features of the product and no more"—as presented in Instruction No. 46—applies equally to running royalties and lump sum royalties.  Accordingly, Google requests that current Instruction No. 47 (describing the lump sum form of royalty) be moved up to immediately follow current Instruction No. 45 (describing the per unit form of royalty), with current Instruction No. 46 following those descriptions of the types of royalty.  Google requests changing the first sentence of current Instruction No. 46 to read "Any royalty, whether per-unit or lump sum, must reflect the value… ."

## II. VERDICT FORM

### A. Question No. 5

Because the jury instructions explain the full scope of the knowledge and intent requirements for willfulness, Google proposes a streamlined willful infringement question as follows:  "If any of the asserted claims of the '966 patent is valid and infringed, has Sonos proven, by a preponderance of the evidence, that Google has infringed any of those claims willfully?"  The phrasing of the current question could be read to mistakenly suggest that knowledge or willful blindness alone suffices to find willfulness.

DATED: May 18, 2023                         QUINN EMANUEL URQUHART & SULLIVAN, LLP

                                            By:   */s/ Sean Pak*
                                                  Sean Pak

                                            *Attorneys for GOOGLE LLC*

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that, on May 18, 2023, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system and email.

DATED: May 18, 2023

By:   */s/ Sean Pak*
      Sean Pak

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Sean Pak (Bar No. 219032)
  seanpak@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  James Judah (Bar No. 257112)
  jamesjudah@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
  Iman Lordgooei (Bar No. 251320)
  imanlordgooei@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

  Marc Kaplan *(pro hac vice)*
  marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone:     (312) 705-7400
Facsimile:     (312) 705-7401

*Attorneys for GOOGLE LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>              Plaintiff,<br><br>       vs.<br><br>GOOGLE LLC,<br><br>              Defendant. | Case No. 3:20-cv-06754-WHA<br>Related to Case No. 3:21-cv-07559-WHA<br><br>**GOOGLE'S OBJECTIONS TO THE DRAFT FINAL CHARGE TO THE JURY AND REVISED PROPOSED VERDICT FORM** |

Pursuant to the Court's directive during the initial charge conference, Google provides advance notice of the following objections to the Draft Final Charge to the Jury and Revised Proposed Verdict Form. Google may make additional objections and suggestions during the further charge conference tomorrow.

## I.    JURY INSTRUCTIONS

### A.    Instructions No. 27-34

There is no direct infringement claim against Google with respect to the '966 patent. Google does not make or sell a phone or tablet that has the Google Home app pre-installed on it. To the extent there is direct infringement of the '966 patent, that infringement would occur if and when a user downloads ("installs") the Google Home app onto a phone or tablet and then configures that device to add at least three Google speakers. Accordingly, Google requests that Instruction Nos. 27 to 34 be modified to convey that Sonos claims that Google directly infringes the '885 patent and only indirectly infringes the '966 patent.

### B.    Instruction No. 37

Because willfulness requires knowledge and intent, Google requests that the first sentence of Instruction No. 37 be revised to include "and intent" as follows: "To determine whether Google acted willfully, consider all facts and assess Google's knowledge and intent at the time of the challenged conduct prior to the suit."

### C.    Instruction No. 38

Because the claims in Google's declaratory judgment complaint were directed to non-infringement only, Google requests that "and was or was not valid" be removed from the sentence at page 19 lines 13 to 16.

### D.    Instruction No. 41

Mr. Malackowski testified that his IFTTT analysis resulted in "a reasonable royalty per unit for the '966 of 82 cents and a reasonable royalty per unit for the '885 of 87 cents." (Trial Tr. 1136:11-15.) After multiplying that rate by the "instances of accused infringement," he testified that "the damages which this jury should award for [the '966] patent is $77,546,923 for the period of November 5th, 2019 through September 30th, 2022" and "for the '885 patent . . . [t]he total

damages would be $12,246,294 for the period of November 24th, 2020 through November 15th, 2022." (*Id.* at 1136:19-1137:4.)  To avoid jury confusion, Google requests that Instruction No. 41 be modified to expressly instruct the jury to disregard these numbers, which are in the record solely because they are an output of Mr. Malackowski's IFTTT theory.

### E. Instruction Nos. 46-47

The requirement that a reasonable royalty "must reflect the value attributable to the infringing features of the product and no more"—as presented in Instruction No. 46—applies equally to running royalties and lump sum royalties.  Accordingly, Google requests that current Instruction No. 47 (describing the lump sum form of royalty) be moved up to immediately follow current Instruction No. 45 (describing the per unit form of royalty), with current Instruction No. 46 following those descriptions of the types of royalty.  Google requests changing the first sentence of current Instruction No. 46 to read "Any royalty, whether per-unit or lump sum, must reflect the value… ."

## II. VERDICT FORM

### A. Question No. 5

Because the jury instructions explain the full scope of the knowledge and intent requirements for willfulness, Google proposes a streamlined willful infringement question as follows:  "If any of the asserted claims of the '966 patent is valid and infringed, has Sonos proven, by a preponderance of the evidence, that Google has infringed any of those claims willfully?"  The phrasing of the current question could be read to mistakenly suggest that knowledge or willful blindness alone suffices to find willfulness.

DATED: May 18, 2023

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Sean Pak*
         Sean Pak

*Attorneys for GOOGLE LLC*

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that, on May 18, 2023, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system and email.

DATED: May 18, 2023

By:    */s/ Sean Pak*
       Sean Pak