# Exhibit 9

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

-------------------------------------------------x

SONOS, INC.,

Plaintiff,

vs. Case No. 3:21-CV-07559-WHA

GOOGLE LLC,

Defendant.

-------------------------------------------------x

-AND-

-------------------------------------------------

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

-------------------------------------------------x

GOOGLE LLC,

Plaintiff,

vs. Case No. 3:20-CV-06754-WHA

SONOS, INC.,

Defendant.

-------------------------------------------------x

**CONFIDENTIAL BUSINESS INFORMATION**

**SUBJECT TO PROTECTIVE ORDER**

REMOTE VIDEOTAPED DEPOSITION BY VIRTUAL ZOOM OF

TIM KOWALSKI

Monday, May 8, 2023

Reported By: Lynne Ledanois, CSR 6811

Job No. 5907206

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

---------------------------------------------------x

SONOS, INC.,

Plaintiff,

vs. Case No. 3:21-CV-07559-WHA

GOOGLE LLC,

Defendant.

---------------------------------------------------x

-AND-

---------------------------------------------------

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

---------------------------------------------------x

GOOGLE LLC,

Plaintiff,

vs. Case No. 3:20-CV-06754-WHA

SONOS, INC.,

Defendant.

---------------------------------------------------x

Videotaped deposition of TIM KOWALSKI, taken in, Lincolnshire, Illinois commencing at 10:03 a.m. CDT on Monday, May 8, 2023, before Lynne Ledanois, Certified Shorthand Reporter No. 6811.

///

CONFIDENTIAL BUSINESS INFORMATION - SUBJECT TO PROTECTIVE ORDER

REMOTE APPEARANCES

Counsel for Google LLC:

QUINN EMANUEL URQUHART & SULLIVAN, LLP
BY: JEFF NARDINELLI
Attorney at Law
50 California Street
22nd Floor
San Francisco, California 94111
jeff.nardinelli@quinnemanuel.com

///

Page 3

Veritext Legal Solutions
866 299-5127

CONFIDENTIAL BUSINESS INFORMATION - SUBJECT TO PROTECTIVE ORDER

REMOTE APPEARANCES

Counsel for Sonos LLC:

ORRICK HERRINGTON & SUTCLIFFE LLP
BY: JOESEPH KOLKER
BAS de BLANK
Attorneys at Law
1000 Marsh Road
Menlo Park, California 94025
jkolker@orrick.com
basdeblank@orrick.com

ALSO PRESENT:

David West, Videographer

Jim Sherwood, Google In-House Counsel

Page 4

Veritext Legal Solutions
866 299-5127

Ledanois. We represent Veritext Legal Solutions. 10:04AM

I am not related to any party in this action nor am I financially interested in the outcome.

If there are any objections to proceeding, 10:04AM please state them at the time of your appearance.

Counsel will now state their appearances and affiliations for the record beginning with the noticing attorney.

MR. KOLKER: Hi. My name is Joseph Kolker 10:04AM from Orrick, Herrington & Sutcliffe on behalf of Sonos, Inc. And with me today from Orrick is Bas de Blank.

MR. NARDINELLI: This is Jeff Nardinelli from Quinn Emanuel on behalf of Google and the 10:05AM witness and with me is Jim Sherwood, in-house counsel for Google.

THE VIDEOGRAPHER: Thank you. The court reporter may now swear the witness in and we will continue. 10:05AM

(Witness sworn.)

THE VIDEOGRAPHER: Counsel, please continue.

TIMOTHY KOWALSKI,

having been duly sworn, testified as follows: 2:03PM

CONFIDENTIAL BUSINESS INFORMATION - SUBJECT TO PROTECTIVE ORDER

Q Do you use any Sonos products?
A Yes. 10:15AM

Q In what time frame did you acquire these 10:16AM Sonos products for personal use?
A Sometime in 2015, 2016 time frame when we were building our house.

10:16AM

Page 18

Veritext Legal Solutions
866 299-5127

CONFIDENTIAL BUSINESS INFORMATION - SUBJECT TO PROTECTIVE ORDER

[redacted]

Q Approximately how many Sonos products do you own? 10:16AM

A Six or eight maybe, probably eight.

[redacted]

Page 19

Veritext Legal Solutions
866 299-5127

sorry, what was the other term you used? 11:37AM

Q My question was what your understanding is of the distinction between an operating company versus a nonpracticing entity?

A Okay. So, yes. A general high-level 11:37AM understanding of a nonpracticing entity is a company that is not involved in selling products and therefore isn't using its patents.

Q So is it your understanding that an operating company is in the business of selling 11:37AM products while a nonpracticing entity is not in the business of selling products?

A Generally, yes.

Q Do you understand Sonos, Inc. to be a nonpracticing entity? 11:38AM

A No. My understanding is Sonos sells products. In fact, we talked about the ones that I purchased earlier.

Q Do you understand Sonos to be a competitor to Google? 11:38AM

A In what sense?

Q In any sense.

[REDACTED] [REDACTED]

THE WITNESS: At one point in time we were both selling speakers. So we may have been 11:38AM

competitive with respect to speakers at one point in time. 11:38AM

BY MR. KOLKER:

Q And at what point in time was that?

A I think around -- we're not really selling speakers anymore to my knowledge. I know in 2017 roughly, I may be off by a year or two, we sold what I refer to as a premium speaker. 11:38AM

Q Is it your understanding that Sonos and Google were competitors in the speaker market at one point in time? 11:39AM

[redacted]

THE WITNESS: Yes, at least one point I would say competitors in the high-end speaker market at one point in time, premium speaker market at one point in time. 11:39AM

[redacted]

11:40AM

[redacted]

Q Has Google ever tracked Sonos's patents?

[redacted] 12:02PM

THE WITNESS: I don't think I have any non-privileged information that's responsive.

[redacted] 12:02PM

CONFIDENTIAL BUSINESS INFORMATION - SUBJECT TO PROTECTIVE ORDER

Q Has Google ever done any searches for Sonos patents? 12:02PM

THE WITNESS: I don't think I have any non-privileged information that's responsive to that question. 12:02PM

Q Has Google ever attempted to locate family members of Sonos patents?

THE WITNESS: Again, I don't have any non-privileged information to answer in response to that question.

BY MR. KOLKER: 12:03PM

Q Did Google make an effort to learn when Sonos filed new patents?

THE WITNESS: I don't have non-privileged 12:03PM

information responsive to that question. 12:03PM



Q Mr. Kowalski, can you pull up what we marked as Deposition Exhibit Number 1?

1:24PM

[redacted]

Q Would you take a minute to review the first page of this document. 1:24PM

[redacted]

Q Did reviewing that first page refresh your recollection as to whether Google filed an action for declaratory judgment of noninfringement of the '966 patent? 1:25PM

[redacted]

THE WITNESS: I see that this document shows that Google filed a declaratory judgment action of noninfringement of the '966 patent. 1:25PM

BY MR. KOLKER:

Q If you can go ahead and go down to Page 12, which is the second-to-last page of the document.

A Yes, I think I'm there. 1:25PM

Q For the record, I'm looking at the signature page which has a date and a signature by Google attorneys.

Is that what you're looking at?

A Yes. 1:26PM

Q Do you see that says that this document is 1:26PM
dated September 28th, 2020?

A I see that.

[redacted]

Q And just to make sure we're looking at the
same document, does the case number read
3:20-cv-06754, dash, followed by two letters?

A Yes. 1:26PM

Q Okay. Any reason to doubt that this
document was filed by Google on September 28th,
2020?

A I don't have any reason to doubt that.

[redacted] 1:27PM

[redacted]

Q Do you have any understanding as to whether this declaratory judgment action alleges that Google did not infringe the '966 patent? 1:28PM

[redacted]

THE WITNESS: I believe this document is Google is seeking a declaratory judgment of noninfringement of the '966 patent.

[redacted] 1:29PM

CONFIDENTIAL BUSINESS INFORMATION - SUBJECT TO PROTECTIVE ORDER

I declare under penalty of perjury under the laws that the foregoing is true and correct.

Executed on _________________ , 20___, at _____________, ___________________________.

_____________________________

Witness Signature

Page 114

Veritext Legal Solutions
866 299-5127

I, LYNNE M. LEDANOIS, a Certified Shorthand Reporter of the State of California, do hereby certify:

That the foregoing proceedings were taken before me at the time and place herein set forth; that a record of the proceedings was made by me using machine shorthand which was thereafter transcribed under my direction; that the foregoing transcript is a true record of the testimony given.

Further, that if the foregoing pertains to the original transcript of a deposition in a Federal Case, before completion of the proceedings, review of the transcript [X] was [] wasn't requested.

I further certify I am neither financially interested in the action nor a relative or employee of any attorney or party to this action.

IN WITNESS WHEREOF, I have this date subscribed my name.

Dated: 5/8/23

Lynne Marie Ledanois

LYNNE MARIE LEDANOIS

CSR No. 6811