# Exhibit 4

```
 1                 UNITED STATES DISTRICT COURT
 2           FOR THE NORTHERN DISTRICT OF CALIFORNIA
 3    ----------------------------------------------------x
      SONOS, INC.,
 4
                    Plaintiff,
 5    vs.                        Case No. 3:21-CV-07559-WHA
 6    GOOGLE LLC,
                    Defendant.
 7    ----------------------------------------------------x
 8    -AND-
 9    ----------------------------------------------------
10                 UNITED STATES DISTRICT COURT
11           FOR THE NORTHERN DISTRICT OF CALIFORNIA
12    ----------------------------------------------------x
13    GOOGLE LLC,
14                    Plaintiff,
15    vs.                        Case No. 3:20-CV-06754-WHA
16    SONOS, INC.,
                    Defendant.
17    ----------------------------------------------------x
18          **CONFIDENTIAL BUSINESS INFORMATION**
19            **SUBJECT TO PROTECTIVE ORDER**
20       REMOTE VIDEOTAPED DEPOSITION BY VIRTUAL ZOOM OF
21                       TIM KOWALSKI
22                   Monday, May 8, 2023
23
24    Reported By: Lynne Ledanois, CSR 6811
25    Job No. 5907206
```

Page 1

CONFIDENTIAL BUSINESS INFORMATION - SUBJECT TO PROTECTIVE ORDER

1              UNITED STATES DISTRICT COURT

2          FOR THE NORTHERN DISTRICT OF CALIFORNIA

3    -------------------------------------------------x

     SONOS, INC.,

4

                  Plaintiff,

5    vs.                      Case No. 3:21-CV-07559-WHA

6    GOOGLE LLC,

                  Defendant.

7    -------------------------------------------------x

8    -AND-

9    -------------------------------------------------

10             UNITED STATES DISTRICT COURT

11         FOR THE NORTHERN DISTRICT OF CALIFORNIA

12   -------------------------------------------------x

13   GOOGLE LLC,

14                Plaintiff,

15   vs.                      Case No. 3:20-CV-06754-WHA

16   SONOS, INC.,

17                Defendant.

     -------------------------------------------------x

18

19          Videotaped deposition of TIM KOWALSKI,

20   taken in, Lincolnshire, Illinois commencing at

21   10:03 a.m. CDT on Monday, May 8, 2023, before Lynne

22   Ledanois, Certified Shorthand Reporter No. 6811.

23

24

25   ///

                                         Page  2

CONFIDENTIAL BUSINESS INFORMATION - SUBJECT TO PROTECTIVE ORDER

```
1                    REMOTE APPEARANCES

2

3     Counsel for Google LLC:

4               QUINN EMANUEL URQUHART & SULLIVAN, LLP

5                  BY: JEFF NARDINELLI

6                  Attorney at Law

7                  50 California Street

8                  22nd Floor

9                  San Francisco, California 94111

10                  jeff.nardinelli@quinnemanuel.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    ///
```

Page 3

CONFIDENTIAL BUSINESS INFORMATION - SUBJECT TO PROTECTIVE ORDER

```
 1                    REMOTE APPEARANCES

 2

 3    Counsel for Sonos LLC:

 4              ORRICK HERRINGTON & SUTCLIFFE LLP

 5              BY:  JOESEPH KOLKER

 6                   BAS de BLANK

 7              Attorneys at Law

 8              1000 Marsh Road

 9              Menlo Park, California 94025

10              jkolker@orrick.com

11              basdeblank@orrick.com

12

13    ALSO PRESENT:

14    David West, Videographer

15    Jim Sherwood, Google In-House Counsel

16

17

18

19

20

21

22

23

24

25

                                             Page 4
```

1    Ledanois.  We represent Veritext Legal Solutions.        10:04AM

2              I am not related to any party in this

3    action nor am I financially interested in the

4    outcome.

5              If there are any objections to proceeding,      10:04AM

6    please state them at the time of your appearance.

7              Counsel will now state their appearances

8    and affiliations for the record beginning with the

9    noticing attorney.

10             MR. KOLKER:  Hi.  My name is Joseph Kolker       10:04AM

11   from Orrick, Herrington & Sutcliffe on behalf of

12   Sonos, Inc.  And with me today from Orrick is Bas de

13   Blank.

14             MR. NARDINELLI:  This is Jeff Nardinelli

15   from Quinn Emanuel on behalf of Google and the          10:05AM

16   witness and with me is Jim Sherwood, in-house

17   counsel for Google.

18             THE VIDEOGRAPHER:  Thank you.  The court

19   reporter may now swear the witness in and we will

20   continue.                                               10:05AM

21             (Witness sworn.)

22             THE VIDEOGRAPHER:  Counsel, please

23   continue.

24                  TIMOTHY KOWALSKI,

25        having been duly sworn, testified as follows:       2:03PM

Page 9

CONFIDENTIAL BUSINESS INFORMATION - SUBJECT TO PROTECTIVE ORDER



14     Q     Do you use any Sonos products?

15     A     Yes.                                          10:15AM

16

20     Q     In what time frame did you acquire these      10:16AM

21     Sonos products for personal use?

22     A     Sometime in 2015, 2016 time frame when we

23     were building our house.

24

                                                           10:16AM

                                                           Page 18

CONFIDENTIAL BUSINESS INFORMATION - SUBJECT TO PROTECTIVE ORDER



```
 1

 2

 3

 4        Q    Approximately how many Sonos products do

 5   you own?                                        10:16AM

 6        A    Six or eight maybe, probably eight.

 7
```

Veritext Legal Solutions
866 299-5127

1    sorry, what was the other term you used?                   11:37AM

2        Q    My question was what your understanding is

3    of the distinction between an operating company

4    versus a nonpracticing entity?

5        A    Okay.  So, yes.  A general high-level           11:37AM

6    understanding of a nonpracticing entity is a company

7    that is not involved in selling products and therefore

8    isn't using its patents.

9        Q    So is it your understanding that an

10   operating company is in the business of selling         11:37AM

11   products while a nonpracticing entity is not in the

12   business of selling products?

13       A    Generally, yes.

14       Q    Do you understand Sonos, Inc. to be a

15   nonpracticing entity?                                   11:38AM

16       A    No.  My understanding is Sonos sells

17   products.  In fact, we talked about the ones that I

18   purchased earlier.

19       Q    Do you understand Sonos to be a competitor

20   to Google?                                              11:38AM

21       A    In what sense?

22       Q    In any sense.

23   ███████████████    ██████████████

24       THE WITNESS:  At one point in time we were

25   both selling speakers.  So we may have been            11:38AM

                                              Page 59



1    competitive with respect to speakers at one point in      11:38AM

2    time.

3    BY MR. KOLKER:

4         Q    And at what point in time was that?

5         A    I think around -- we're not really selling      11:38AM

6    speakers anymore to my knowledge.  I know in 2017

7    roughly, I may be off by a year or two, we sold what I

8    refer to as a premium speaker.

9         Q    Is it your understanding that Sonos and

10   Google were competitors in the speaker market at one     11:39AM

11   point in time?

12

13        THE WITNESS:  Yes, at least one point I

14   would say competitors in the high-end speaker market

15   at one point in time, premium speaker market at one      11:39AM

16   point in time.

17

                                                              11:40AM

                                                         Page 60



9       Q    Has Google ever tracked Sonos's patents?

                                                    12:02PM

16          THE WITNESS:   I don't think I have any

17   non-privileged information that's responsive.

                                                    12:02PM

                                                    Page 65

CONFIDENTIAL BUSINESS INFORMATION - SUBJECT TO PROTECTIVE ORDER



```
 1        ████████████████████████████████     ██████

          ███████████  █████████████████

          ██████

          ████████████

 5        Q    Has Google ever done any searches for      12:02PM

 6   Sonos patents?

 7        ██████████████  █████████████████

          ███████████

 9             THE WITNESS:  I don't think I have any

10   non-privileged information that's responsive to that  12:02PM

11   question.

          ███████████

13        Q    Has Google ever attempted to locate family

14   members of Sonos patents?

15        ███████████  █████████████████     ██████

          ███████████

17             THE WITNESS:  Again, I don't have any

18   non-privileged information to answer in response to

19   that question.

20   BY MR. KOLKER:                                        12:03PM

21        Q    Did Google make an effort to learn when

22   Sonos filed new patents?

23        ███████████  ████████████

     ███████████████████████████████

25             THE WITNESS:  I don't have non-privileged   12:03PM
```

Page 66

1     information responsive to that question.                    12:03PM



Veritext Legal Solutions
866 299-5127

CONFIDENTIAL BUSINESS INFORMATION - SUBJECT TO PROTECTIVE ORDER



```
 1

23        Q    Mr. Kowalski, can you pull up what we

24   marked as Deposition Exhibit Number 1?

                                                    1:24PM

                                                 Page 86
```

1 ████████████████████████████████  ██████

2 ███████████████

3 █  ██████████

4        Q    Would you take a minute to review the

5 first page of this document.                        1:24PM

6 █  ██████  █████████████

7        Q    Did reviewing that first page refresh your

8 recollection as to whether Google filed an action

9 for declaratory judgment of noninfringement of the

10 '966 patent?                                         1:25PM

11           ████████████  ████████████

12 █  ████████████████

13           THE WITNESS:  I see that this document

14 shows that Google filed a declaratory judgment

15 action of noninfringement of the '966 patent.        1:25PM

16 BY MR. KOLKER:

17        Q    If you can go ahead and go down to

18 Page 12, which is the second-to-last page of the

19 document.

20        A    Yes, I think I'm there.                 1:25PM

21        Q    For the record, I'm looking at the

22 signature page which has a date and a signature by

23 Google attorneys.

24           Is that what you're looking at?

25        A    Yes.                                     1:26PM

                                              Page 87

1      Q    Do you see that says that this document is      1:26PM

2    dated September 28th, 2020?

3      A    I see that.



12      Q    And just to make sure we're looking at the

13    same document, does the case number read

14    3:20-cv-06754, dash, followed by two letters?

15      A    Yes.                                            1:26PM

16      Q    Okay.  Any reason to doubt that this

17    document was filed by Google on September 28th,

18    2020?

19      A    I don't have any reason to doubt that.

20

1:27PM

Page 88



8          Q     Do you have any understanding as to

9     whether this declaratory judgment action alleges

10    that Google did not infringe the '966 patent?          1:28PM

11

12          THE WITNESS:   I believe this document is

13    Google is seeking a declaratory judgment of

14    noninfringement of the '966 patent.

15

1:29PM

Page 89

CONFIDENTIAL BUSINESS INFORMATION - SUBJECT TO PROTECTIVE ORDER

```
 1    BY MR. KOLKER:                                      1:33PM

 2        Q    Do you know when Google formed a basis as

 3    to its belief that it did not infringe the '966

 4    patent?

 5             MR. NARDINELLI:  Object to form.  And      1:33PM

 6    also, Tim, I will instruct you not to answer that

 7    question on grounds of privilege.

 8             THE WITNESS:  Confirming I will follow

 9    counsel's advice.

10    BY MR. KOLKER:                                      1:33PM

11        Q    Did Google form a basis as to its belief

12    that it did not infringe the '966 patent prior to

13    receiving Sonos's draft complaint or after receiving

14    Sonos's draft complaint?

15             MR. NARDINELLI:  Tim, instructing you not   1:33PM

16    to answer that question on grounds of privilege.

17             THE WITNESS:  Confirming I'm going to

18    follow counsel's advice.

19    BY MR. KOLKER:

20        Q    As a general matter, what is Google's      1:34PM

21    policy for filing a legal pleading?

22             MR. NARDINELLI:  Instruct you not to

23    answer on grounds of privilege.

24             THE WITNESS:  Confirming I'm going to

25    follow counsel's advice.                            1:34PM
```

Page 92

```
 1    BY MR. KOLKER:                                        1:34PM

 2        Q    For a legal pleading in general to be

 3    filed on Google's behalf, does Google have a policy

 4    of requiring review by Google?

 5             MR. NARDINELLI:  Instruct you not to         1:34PM

 6    answer on grounds of privilege.

 7             THE WITNESS:  Confirming I'm going to

 8    follow counsel's advice.

 9    BY MR. KOLKER:

10        Q    When Google reviews legal pleadings prior    1:34PM

11    to filing, what is the scope of Google's review?

12             MR. NARDINELLI:  Instruct you not to

13    answer on basis of privilege.

14             THE WITNESS:  Confirming I'm going to

15    follow counsel's advice.                              1:34PM

16    BY MR. KOLKER:

17        Q    Do you understand that there is a Rule 11

18    obligation to certify that factual contentions have

19    evidentiary support or, if specifically so

20    identified, will likely have evidentiary support      1:35PM

21    after a reasonable opportunity for further

22    investigation or discovery?

23             MR. NARDINELLI:  If you know the answer to

24    that, Tim, you can answer yes or no.

25             THE WITNESS:  I'm generally aware of         1:35PM
```

Page 93

```
 1    Rule 11.  I am not a litigator, so it doesn't come      1:35PM

 2    up in my daily practice.

 3    BY MR. KOLKER:

 4        Q    Google states in this pleading that it

 5    does not infringe the '966 patent.                      1:35PM

 6              Do you know if that contention had

 7    evidentiary support at the time that this was filed?

 8              MR. NARDINELLI:  Instruct you not to

 9    answer on grounds of privilege.

10              THE WITNESS:  Confirming I'm going to          1:35PM

11    follow counsel's advice.

12    BY MR. KOLKER:

13        Q    Prior to filing this declaratory judgment

14    complaint, did Google have an opportunity to confirm

15    its contention that it did not have -- the '966        1:36PM

16    patent had evidentiary support?

17              MR. NARDINELLI:  Instruct you not to

18    answer on grounds of privilege.

19              THE WITNESS:  Confirming I'm going to

20    follow counsel's advice.                                1:36PM

21    BY MR. KOLKER:

22        Q    As a general matter, would Google file a

23    pleading with the court if it did not believe the

24    statements were true?

25              MR. NARDINELLI:  Instruction not to answer    1:36PM
```

Page 94

CONFIDENTIAL BUSINESS INFORMATION - SUBJECT TO PROTECTIVE ORDER

```
 1      on grounds of privilege.  Also object to form.        1:36PM
 2              THE WITNESS:  Confirming I'm going to
 3      follow counsel's advice.
 4      BY MR. KOLKER:
 5          Q    Would Google have filed this declaratory    1:36PM
 6      judgment action if it did not believe the statements
 7      that it did not infringe the '966 patent were true?
 8              MR. NARDINELLI:  Objection, calls for
 9      speculation.  I'll also instruct you, Tim, not to
10      answer on grounds of privilege.                       1:36PM
11              THE WITNESS:  Confirming I'm going to
12      follow counsel's advice.
13      BY MR. KOLKER:
14          Q    Would Google have filed this declaratory
15      judgment action if it did not have a sufficient      1:36PM
16      basis to believe the statements that it did not
17      infringe the '966 patent were true?
18              MR. NARDINELLI:  Object to form.  Instruct
19      you not to answer on grounds of privilege.
20              THE WITNESS:  Confirming I'm going to         1:37PM
21      follow counsel's advice.
22      ████████████████  ███████████████████████
        ████████████████████████████████████████████████
        ███████████████████████
        ████████████████████████████████████████   1:37PM
```

Page 95

CONFIDENTIAL BUSINESS INFORMATION - SUBJECT TO PROTECTIVE ORDER

1           I declare under penalty of perjury

2     under the laws that the foregoing is

3     true and correct.

4

5           Executed on _____ , 20___,

6     at _____, _____.

7

8

9

10

11           _____

12                 Witness Signature

13

14

15

16

17

18

19

20

21

22

23

24

25

                                        Page 114

1        I, LYNNE M. LEDANOIS, a Certified

2    Shorthand Reporter of the State of California, do

3    hereby certify:

4        That the foregoing proceedings were taken

5    before me at the time and place herein set forth;

6    that a record of the proceedings was made by me

7    using machine shorthand which was thereafter

8    transcribed under my direction; that the foregoing

9    transcript is a true record of the testimony given.

10        Further, that if the foregoing pertains to

11    the original transcript of a deposition in a Federal

12    Case, before completion of the proceedings, review

13    of the transcript [X] was [] wasn't requested.

14        I further certify I am neither financially

15    interested in the action nor a relative or employee

16    of any attorney or party to this action.

17        IN WITNESS WHEREOF, I have this date

18    subscribed my name.

19

20    Dated: 5/8/23

21

22

23

24                    LYNNE MARIE LEDANOIS

25                    CSR No. 6811

                                        Page 115