**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Sean Pak (Bar No. 219032)
seanpak@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
James Judah (Bar No. 257112)
jamesjudah@quinnemanuel.com
Lindsay Cooper (Bar No. 287125)
lindsaycooper@quinnemanuel.com
Iman Lordgooei (Bar No. 251320)
imanlordgooei@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Marc Kaplan *(pro hac vice)*
marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone:     (312) 705-7400
Facsimile:     (312) 705-7401

*Attorneys for GOOGLE LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>    Plaintiff,<br><br>  vs.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 3:20-cv-06754-WHA<br>Consolidated with Case No. 3:21-cv-07559-WHA<br><br>**DECLARATION OF JOCELYN MA IN SUPPORT OF SONOS, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. 734)** |

I, Jocelyn Ma, declare and state as follows:

1. I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate at Quinn Emanuel Urquhart & Sullivan LLP representing Google LLC ("Google") in this matter. I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2. I make this declaration in support of Sonos, Inc.'s ("Sonos") Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("Administrative Motion") (Dkt. 734) filed in connection with Sonos's Brief Regarding IFTTT ("Sonos's Brief") (Dkt. 735). If called as a witness, I could and would testify competently to the information contained herein.

3. Google seeks an order sealing the materials as listed below:

| Document | Portions Sonos Sought to Be Filed Under Seal | Portions Google Seeks to Be Filed Under Seal | Designating Party |
|---|---|---|---|
| Exhibit 1 to Caridis Declaration in Support of Sonos's Brief ("Exhibit 1") | Entire document | Portions outlined in red boxes | Google |
| Exhibit 4 to Caridis Declaration in Support of Sonos's Brief ("Exhibit 4") | Entire document | None | Google |

4. I understand that this Court has analyzed sealing requests in connection with evidentiary matters pursuant to the "good cause" standard for non-dispositive motions. *See, e.g.*, *Gearsource Holdings, LLC v. Google LLC*, No. 18-CV-03812-HSG, 2021 WL 1123630, at *2 (N.D. Cal. Feb. 24, 2021) ("Because Defendant's motion *in limine* is not a dispositive motion, the Court applies the lower good cause standard."). I further understand that courts have found materials which detail "sensitive financial and business information" and contain a company's "sensitive information about [its] data, processes, systems, and policies" are appropriately sealed under this standard. *Skillz Platform Inc. v. AviaGames Inc.*, No. 21-CV-02436-BLF, 2022 WL 875654, at *2 (N.D. Cal. Mar. 24, 2022); *Free Range Content, Inc. v. Google Inc.*, No. 14-cv-02329-BLF, Dkt. No. 192, at 3-9 (N.D. Cal. May 3, 2017); *see also Trotsky v. Travelers Indem. Co.*, 2013 WL 12116153, at *8 (W.D. Wash.

1  May 8, 2013) (granting motion to seal as to "internal research results that disclose statistical coding
2  that is not publically [*sic*] available").

3  　　　5.　　I also understand that material that is confidential and could harm a litigant's
4  competitive standing if disclosed may be sealed under the good cause standard.  *See, e.g.*, *Skillz*
5  *Platform Inc. v. AviaGames Inc.*, No. 21-CV-02436-BLF, 2022 WL 875654, at *2 (N.D. Cal. Mar. 24,
6  2022) (finding "good cause to file the documents and portions of documents at issue under seal given
7  the sensitive financial and business information they contain"); *Dugan v. Lloyds TSB Bank, PLC*, No.
8  12-CV-02549-WHA NJV, 2013 WL 1435223, at *2 (N.D. Cal. Apr. 9, 2013) ("There may be 'good
9  cause' to seal records that are privileged, contain trade secrets, contain confidential research,
10  development or commercial information, or if disclosure of the information might harm a litigant's
11  competitive standing.").

12  //
13  //
14  //
15  //
16  //
17  //
18  //
19  //
20  //
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28  //

6. The portions of Exhibit 1 outlined in red boxes contain references to internal code names for certain Google products and information regarding Google's highly sensitive product usage metrics data, as well as the internal processes, databases, and systems for obtaining and maintaining that data, that Google does not share publicly.  Public disclosure of this information could harm Google's competitive standing and create a risk of injury by providing competitors with access to information that Google does not have similar access to about their competitors, and may expose Google to increased security risk and allow competitors and/or bad actors to manipulate or gain insight into how Google maintains its data.  Google has therefore designated this information as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY under the protective order (Dkt. 92).  Although Sonos's Administrative Motion sought to seal the entirety of Exhibit 1, Google only seeks to file under seal the portions outlined in red boxes.  A less restrictive alternative than sealing would not be sufficient because the information sought to be sealed is Google's confidential business information and trade secrets but has been utilized by the Sonos in support of its Brief.

I declare under penalty of perjury under the laws of the United States of America that to the best of my knowledge the foregoing is true and correct.  Executed on May 23, 2023, in San Francisco, California.

DATED:  May 23, 2023

By: /s/ Jocelyn Ma
    Jocelyn Ma