# EXHIBIT 24
# (Excerpted)

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Attorneys for GOOGLE LLC

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>             Plaintiff<br><br>     v.<br><br>SONOS, INC.,<br><br>             Defendant. | Case No. 3:20-cv-06754-WHA |

**GOOGLE LLC'S FIFTH SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF SONOS, INC.'S FIRST SET OF FACT DISCOVERY INTERROGATORIES (NO. 12)**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Google LLC ("Google") hereby objects and responds to Plaintiff Sonos, Inc.'s ("Sonos") First Set of Fact Discovery Interrogatories to Defendant ("Interrogatories"). Google responds to these Interrogatories based on its current understanding and the information reasonably available to Google at the present time. Google reserves the right to supplement these responses if and when additional information becomes available.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

## OBJECTIONS AND RESPONSES TO FACT DISCOVERY INTERROGATORIES

### INTERROGATORY NO. 12:

Separately for each Asserted Claim of each Patent-In-Suit, set forth in detail the complete legal and factual basis for any assertion by Google that the Accused Instrumentalities have not infringed each such claim, including, but not limited to: an identification of each Asserted Claim of each Patent-In-Suit that Google believes is not infringed; an identification of which elements of each such Asserted Claim are allegedly not present in the Accused Instrumentalities; and for each claim element that is allegedly not present in the Accused Instrumentalities, an identification and detailed explanation of the basis for Google's assertion that the claim element is allegedly not present in the Accused Instrumentalities, including the basis for any assertion by Google that any differences between the claim element and the corresponding structure in the Accused Instrumentalities are not insubstantial and/or that the claim element and the corresponding structure in the Accused Instrumentalities do not perform substantially the same function in substantially the same way to achieve substantially the same result; and an identification of all facts supporting or refuting Google's non-infringement allegations, all persons knowledgeable of these facts (including every person whose knowledge or opinion is relied upon as a basis for Google's non-infringement assertions, the opinion or substance of his/her knowledge, and the entire basis of that knowledge or opinion), and all documents and things, including the Bates number(s) of such documents and things, concerning Google's assertion of non-infringement.

**OBJECTIONS:** Google incorporates by reference all of its General Objections as if fully set forth herein. Google objects to the characterization of this interrogatory as a single interrogatory given that it contains multiple discrete subparts under Fed. R. Civ. P. 33(a)(1). Google further objects to this interrogatory on the grounds that it is vague, ambiguous, unclear as to information sought, and lacking sufficient particularity to permit Google to reasonably prepare a response with respect to the undefined terms "differences between the claim element and the corresponding structure in the Accused Instrumentalities," "insubstantial," "do not perform substantially the same function in substantially the same way to achieve substantially the same result," and "knowledgeable

1  of." Google further objects to this interrogatory on the grounds that it assumes the existence of
2  hypothetical facts that are incorrect or unknown to Google.
3      Google also objects to this interrogatory as overbroad, burdensome, and not proportional to
4  the needs of the case, including to the extent it (i) seeks information regarding "[s]eparately for each
5  Asserted Claim of each Patent-In-Suit," (ii) seeks identification of "*all* persons knowledgeable" of
6  certain facts, and (iii) seeks "*all* documents things" concerning Google's assertion of non-
7  infringement. Google further objects to this interrogatory as overbroad and unduly burdensome to
8  the extent that it seeks information that is publicly available, not uniquely within the control of
9  Google, or is equally available to Sonos. Google additionally objects to this interrogatory to the
10 extent it seeks communications and information protected from disclosure by the attorney-client
11 privilege and/or attorney work product doctrine. Google further objects to this interrogatory to the
12 extent it seeks confidential and/or proprietary business information. Google also objects to this
13 interrogatory to the extent that it premature seeks expert discovery, opinion, and/or
14 testimony. Google also objects to this interrogatory on the grounds that it seeks information that is
15 obtainable through less burdensome and more convenient forms of discovery.
16     Google further objects to this interrogatory to the extent that it is premature insofar as it
17 seeks expert testimony before expert discovery. Google further objects to this interrogatory to the
18 extent it improperly attempts to shift the burden of proving infringement, which belongs to Sonos,
19 not Google. Google further objects to this interrogatory to the extent it purports to seek ESI before
20 Sonos has shown good cause for such ESI and before the parties have agreed on a procedure for
21 doing so in accordance with the Court's OGP.
22     **RESPONSE:**
23     Subject to and without waiving the foregoing General and Specific objections, Google
24 responds, as follows:
25     Google objects to this interrogatory on the grounds that it is premature, improperly seeks
26 expert testimony, and improperly attempts to shift the burden to Google. Sonos has failed to meet
27 its burden to serve infringement contentions that provide Google adequate notice of Sonos's
28 infringement theories and claims for infringement, and thus Google lacks sufficient information to

Even if Sonos had pointed to a "local playback queue" (it has not), Sonos has not demonstrated that transferring playback "caus[es] one or more first cloud servers to add multimedia content to a local playback queue on the particular playback device, wherein adding the multimedia content to the local playback queue comprises the one or more first cloud servers adding, to the local playback queue, one or more resource locators corresponding to respective locations of the of the multimedia content at one or more second cloud servers of a streaming content service."

Sonos's current contentions point only to videoIDs being added to the local playback queue. A videoID is not the "multimedia *content*" under the plain meaning of the claim language. A person of skill in the art would understand that "content" is the multimedia file or the information and data within that file. A videoID is, at best, a unique identifier for the content. Indeed, the claim language recites that the playback device must "play back the multimedia content." A person of skill in the art would understand that a playback device cannot play back a videoID because it does not include audio, video or any other content. Claim 13 also states that a "resource locator correspond[s] to the respective locations of the multimedia content at one or more second cloud servers," thereby distinguishing the "resource locator" (which Sonos has identified as a videoID) from the "content." Relatedly, dependent claim 20, which depends on claim 13, recites "wherein causing the one or more first cloud servers to add multimedia content to the local playback queue on the particular playback device comprises causing an identifier of the multimedia content to be added to the local playback queue," thereby distinguishing an identifier from the multimedia content itself. Sonos's other patents also distinguish storing a "content identifier" in the playback queue from storing the content itself. *See, e.g.,* U.S. Patent No. 9,674,587 ("even if the playback queue is not reachable by the device, it may be desirable to store the content, content identification, and/or content pointer on the device until a time when the playback queue can be reached.").

Moreover, a videoID also is also not a "resource locator corresponding to respective locations of the multimedia content at one or more second cloud servers of a streaming content service." Google has proposed that the term "resource locator" means an "address of a resource on the Internet." As mentioned, a videoID is an identifier—it is not an address. Sonos does not appear to dispute that a videoID is not a resource locator under Google's construction. Sonos has also

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

DATED: April 7, 2022

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:    */s/ Charles K. Verhoeven*
Charles K. Verhoeven (*pro hac vice*)
charlesverhoeven@quinnemanuel.com
Melissa Baily (*pro hac vice*)
melissabaily@quinnemanuel.com
Lindsay Cooper (*pro hac vice*)
lindsaycooper@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:   (415) 875 6600
Facsimile:    (415) 875 6700

*Counsel for Defendant Google LLC*