# ATTACHMENT A

1  CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
   croberts@orrick.com
2  BAS DE BLANK (STATE BAR NO. 191487)
   basdeblank@orrick.com
3  ALYSSA CARIDIS (STATE BAR NO. 260103)
   acaridis@orrick.com
4  EVAN D. BREWER (STATE BAR NO. 304411)
   ebrewer@orrick.com
5  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
6  405 Howard Street
   San Francisco, CA 94105-2669
7  Telephone:    +1 415 773 5700
   Facsimile:    +1 415 773 5759
8
   SEAN M. SULLIVAN (admitted *pro hac vice*)
9  sullivan@ls3ip.com
   COLE RICHTER (admitted *pro hac vice*)
10 richter@ls3ip.com
   LEE SULLIVAN SHEA & SMITH LLP
11 656 W Randolph St., Floor 5W
   Chicago, IL 60661
12 Telephone:    +1 312 754 0002
   Facsimile:    +1 312 754 0003
13
   *Attorneys for Sonos, Inc.*
14

15

16                    UNITED STATES DISTRICT COURT

17                  NORTHERN DISTRICT OF CALIFORNIA

18                      SAN FRANCISCO DIVISION

19 GOOGLE LLC,                          Case No. 3:20-cv-06754-WHA
                                        Related to Case No. 3:21-cv-07559-WHA
20         Plaintiff and Counter-defendant,
                                        **SONOS, INC.'S MOTION TO STRIKE**
21 v.                                   **PORTIONS OF GOOGLE'S MOTION**
                                        **FOR SUMMARY JUDGMENT AND**
22 SONOS, INC.,                         **EXPERT DECLARATION**

23         Defendant and Counter-claimant.   Date: June 9, 2022
                                        Time: 8:00 a.m.
24                                      Place: Courtroom 12, 19th Floor
                                        Judge: Hon. William Alsup
25
                                        Complaint Filed: September 28, 2020
26

27

28              **PUBLIC - REDACTED VERSION**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **<u>NOTICE OF MOTION</u>**

TO ALL PARTIES AND THEIR ATTORNEYS:

PLEASE TAKE NOTICE that on June 9, 2022 at 8:00 a.m., or as soon thereafter as may be heard before the Honorable Judge William Alsup in Courtroom 12 on the 19th Floor of the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Sonos, Inc ("Sonos") will, and hereby does, move this Court for an Order striking untimely and improper arguments in Plaintiff Google LLC's ("Google") Motion for Summary Judgment and Dr. Samrat Bhattacharjee's supporting declaration concerning the validity of United States Patent No. 9,967,615 ("the '615 Patent"). This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities and exhibits thereto, all documents in the Court's file, and such other written or oral evidence and argument as may be presented.

# **TABLE OF CONTENTS**

**Page(s)**

I.  INTRODUCTION ..................................................................................................... 1

II.  BACKGROUND ..................................................................................................... 2

III.  LEGAL STANDARD .............................................................................................. 3

IV.  ARGUMENT ........................................................................................................... 4

    A.  Google Improperly Introduced A New Anticipation Theory. ......................... 4

    B.  Google's Reliance on U.S. Patent No. 9,490,998 For Obviousness Is Improper ............ 6

    C.  Google's Previously Undisclosed Prior Art References Must Be Stricken .................... 7

        1.  Google's MSJ Exhibit 14: February 29, 2012 Version of the YouTube Remote System .............. 7

        2.  Google's MSJ Exhibit 10: YouTube Remote API ............................. 9

        3.  Reliance on Undisclosed Versions of Source Code .................................. 10

    D.  Google Broadly Cited To Its Own Source Code Without Providing Specific Invalidity Theories Or Citations ............... 11

V.  CONCLUSION ...................................................................................................... 13

1

### <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*ASUS Computer Int'l v. Round Rock Research, LLC*,
  No. 12-cv-02099 JST, 2014 WL 1463609 (N.D. Cal. Apr. 11, 2014)................................ 7, 10

*Avago Techs. Gen. IP PTE Ltd. v. Elan Microelectronics Corp.*,
  No. C04-05385 (JW), 2007 WL 2103896 (N.D. Cal., Jul. 20, 2007), *aff'd*
  2007 WL 2433386 at *1 (N.D. Cal., Aug. 22, 2007)............................................................. 12

*Finjan, Inc. v. Sophos, Inc.*,
  No. 14-cv-01197 (WHO), 2016 WL 2988834 (N.D. Cal. May 24, 2016)............................... 3

*Fresenius Medical Care Holdings, Inc. v. Baxter Intern., Inc.*,
  No. C03-1431 (SBA), 2006 WL 1329997 (N.D. Cal., May 15, 2006)................................... 3

*Good Tech. Corp. v. MobileIron, Inc.*,
  No. 5:12-cv-05826-PSG, Dkt. 278 (N.D. Cal. April 23, 2015) ............................................ 11

*IXYS Corp. v Adv. Power Tech. Inc.*,
  No. C 02-03942 MHP, 2004 WL 1368860 (N.D. Cal. Jun. 16, 2004) .............................. 4, 11

*Largan Precision Co., Ltd. v. Genius Elec. Optical Co., Ltd.*,
  No. 13-cv-02502 (JD), 2014 WL 6882275 (N.D. Cal. Dec. 5, 2014)......................... 3, 6, 7, 9

*MasterObjects, Inc. v. Amazon.com, Inc.*,
  No. C20-08103 (WHA), 2021 WL 5987101 (N.D. Cal. Dec. 17, 2021) ............................... 12

*MediaTek Inc. v. Freescale Semiconductor, Inc.*,
  No. 11-cv-5341 (YGR), 2014 WL 690161 (N.D. Cal. Feb. 21, 2014) ........................... 3, 5, 7

*Verinata Health, Inc. v. Sequenom, Inc.*,
  No. C12-00865 (SI), 2014 WL 4100638 (N.D. Cal. Aug. 20, 2014) .......................... 7, 10, 12

**Other Authorities**

Fed. R. Civ. P. 26 ..................................................................................................................... 1

Fed. R. Civ. P. 37 ..................................................................................................................... 1

Patent L.R. 3-3 ................................................................................................................ *passim*

Patent L.R. 3-4 .......................................................................................................... 1, 3, 4, 11

**STATEMENT OF THE RELIEF REQUESTED**

Pursuant to Patent Local Rules 3-3 and 3-4 and Federal Rules of Civil Procedure 26 and 37, Sonos seeks an order striking 1) portions of Google's Motion for Summary Judgment Pursuant to the Court's Patent Showdown Procedure ("Google's MSJ") (Dkt. 211); 2) portions of Exhibit 1, Declaration of Samrat Bhattacharjee, Ph.D. ("Bhattacharjee Decl.") (Dkt. 211-1); and 3) the entirety of Exhibits 10 and 14 (Dkts. 211-10 and 211-14) that include untimely and improper arguments concerning the validity of the '615 Patent.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Google's patent showdown summary judgment brief improperly relies on new invalidity arguments and prior art references not previously disclosed. Those arguments and evidence should be struck.

Patent Local Rule 3-3 obligated Google to both identify (i) every prior art reference upon which it may rely and (ii) "specifically where and how in each alleged item of prior art each limitation of each asserted claim is found." While Google served invalidity contentions under this rule on December 6, 2021, those contentions do not include key arguments and evidence upon which Google bases its summary judgment motion of invalidity. Specifically, in an attempt to make its case, Google sets forth a completely novel anticipation theory for its YouTube Remote System prior art, relies on multiple new references, including a previously undisclosed version of YouTube Remote,[1] and relies on specific pinpoint citations to source code that were never before identified. Allowing Google to hide key arguments and prior art until summary judgment— particularly when the material is regarding Google's *own system*—would directly contradict the notice function of the patent local rules. As detailed below, Sonos therefore respectfully requests

---

[1] Patent Local Rule 3-4 obligated Google to "produce or make available for inspection … [a] copy or sample of the prior art identified pursuant to Patent L.R. 3-3(a) which does not appear in the file history of the patent(s) at issue." While Google produced some versions of source code for the YouTube Remote System for inspection by December 6, 2021, Google did not produce for inspection the version of the source code on which Google and its expert now rely.

that the Court strike these new theories and materials referenced in Google's Motion for Summary

Judgment and accompanying expert declaration.

**II.      BACKGROUND**

Sonos received Google's Patent Local Rule 3-3 invalidity contentions on December 6,

2021.  After review, and in connection with ongoing meet-and-confers with Google, Sonos

identified key shortcomings of those contentions.  Broadly speaking, despite Google's inclusion

of various screenshots and block quotes from alleged prior art references, Google's invalidity

contentions failed to identify or explain *how* those images/quotes related to any particular claim

element.

In an attempt to resolve these deficiencies, Sonos sent a letter to Google on February 10,

2022, providing examples where Google failed to meet its obligations and expressly inviting

Google to amend its contentions.  Ex. B (Feb. 10 letter).[2]  Among other things, Sonos's February

10 letter explained that Google failed to identify the specific source code on which Google

planned to rely.  *Id*. at 3.  Sonos also explicitly noted that its letter was addressing *systemic*

deficiencies from "every single chart or every single element" and providing *examples* "to

illustrate" those deficiencies, but was not an exhaustive recounting of all the issues in the

*thousands* of pages of Google's contentions.  *Id*. at 1; *see also* Ex. E *(*March 11 email) at 1

(explaining that Sonos's February 10 letter "pointed out Google's utter failure to provide any

narrative explanation whatsoever explaining Google's theories of invalidity – a failure that

permeates every last one of Google's 46 charts and for which we provided three ***examples*** to

illustrate … ").

Google responded on March 2, 2022, but only addressed the representative examples

included in Sonos's letter.  Ex. C (March 2 letter).  Google made no effort to correct the systemic

issues that Sonos identified.  *Id.*  Nor did Google agree to amend its contentions.  *Id.*  Sonos

attempted to work with Google again several times throughout March, until it became clear that

---

[2] All lettered exhibits cited in this motion are attached to the Declaration of Alyssa Caridis filed in support of this motion and concurrently herewith.

1    Google did not intend to provide cognizable invalidity theories or specify the portions of its

2    source code it intended to use for these theories. Exs. D and E (March 3 and March 11 emails).

3       Google filed its Motion for Summary Judgment on April 14, 2022. Google moved for

4    summary judgment of invalidity on claim 13 of the '615 patent, contending that claim 13 is both

5    anticipated by and obvious in light of the alleged prior art. Google's motion, along with its

6    accompanying expert declaration, included multiple new invalidity theories and prior art

7    references, and relied on specific pinpoint citations to source code that were never before

8    identified.

9    **III.**   **LEGAL STANDARD**

10       Patent Local Rule 3-3(c) required Google to serve invalidity contentions "identifying

11    specifically where and how in each alleged item of prior art each limitation of each asserted claim

12    is found." In turn, Patent Local Rule 3-4(b) required Google to "produce or make available for

13    inspection … [a] copy or sample of the prior art identified pursuant to Patent L.R. 3-3(a) which

14    does not appear in the file history of the patent(s) at issue."

15       These disclosure requirements exist "to further the goal of full and timely discovery and

16    provide all parties with adequate notice and information with which to litigate their cases."

17    *Fresenius Medical Care Holdings, Inc. v. Baxter Intern., Inc.*, No. C03-1431 (SBA), 2006 WL

18    1329997 at *4 (N.D. Cal., May 15, 2006) (citations omitted). "The rules are designed to require

19    parties to crystallize their theories of the case early in the litigation and to adhere to those theories

20    once they have been disclosed." *Id.* "Any invalidity theories not disclosed pursuant to Local Rule

21    3-3 are barred, accordingly, from presentation at trial (whether through expert opinion testimony

22    or otherwise)." *MediaTek Inc. v. Freescale Semiconductor, Inc.*, No. 11-cv-5341 (YGR), 2014 WL

23    690161, at *1 (N.D. Cal. Feb. 21, 2014) (*citing Avago Techs. Gen. IP PTE Ltd. v. Elan

24    Microelectronics Corp.*, No. C04-05385 (JW), 2007 WL 2103896 (N.D. Cal., Jul. 20, 2007)), *aff'd*

25    2007 WL 2433386 at *1 (N.D. Cal., Aug. 22, 2007). Courts can choose to strike new theories and

26    references under Patent Local Rule 3-3 when a party fails to meet its disclosure obligations, even

27    absent a showing of prejudice caused by nondisclosure. *Finjan, Inc. v. Sophos, Inc.*, No. 14-cv-

28    01197 (WHO), 2016 WL 2988834, at *9 (N.D. Cal. May 24, 2016); *Largan Precision Co., Ltd. v.*

*Genius Elec. Optical Co., Ltd.*, No. 13-cv-02502 (JD), 2014 WL 6882275, at *3-5 (N.D. Cal. Dec. 5, 2014). Likewise, material allegedly relevant to a party's prior art that is not produced pursuant to Local Rule 3-4 will be precluded. *See, e.g.*, *IXYS Corp. v Adv. Power Tech. Inc.*, No. C 02-03942 MHP, 2004 WL 1368860, at *2-3 (N.D. Cal. Jun. 16, 2004).

## IV.   ARGUMENT

Google's improper invalidity evidence/theories fall under four broad categories. Each category is independently objectionable and should be struck for the reasons outlined below.

### A.   Google Improperly Introduced A New Anticipation Theory.

Google contends that the YouTube Remote System anticipates claim 13 of the '615 patent. Google's anticipation theory for one of the claim limitations, which Google identifies as "Limitation 13.4,"[3] relies on Google's contention that the YouTube Remote System detects a "set of inputs" when the user presses the "menu" button and then presses the "Connect" button. Google's MSJ at 18-19. This theory is nowhere to be found in Google's invalidity contentions.

While Google did disclose the YouTube Remote System as alleged prior art in its invalidity contentions, the *theory* on which Google is now relying is brand new. In its contentions, Google identified *only* the "Connect" button as teaching Limitation 13.4, asserting that the system "implicitly detects a set of inputs" when the "Connect" button is selected. Ex. A. ('615 Chart) at 17-18. In contrast, in its motion for summary judgment Google completely changes its theory by now pointing to a never-before identified "menu" button and claims that selection of *that* button in combination with selection of the "Connect" button discloses this claim element. The below table shows Google's theory as disclosed in its invalidity contentions side-by-side with its summary judgment argument:

---

[3] As set forth in Google's Motion for Summary Judgment, Limitation 13.4 corresponds to "detecting a set of inputs to transfer playback from the control device to a particular playback device, wherein the set of inputs comprises: (i) a selection of the selectable option for transferring playback from the control device and (ii) a selection of the particular playback device from the identified playback devices connected to the local area network[.]" Notably, Google referred to this limitation as Limitation 13d in its contentions. *See* Ex. A ('615 Chart) at 17.

SONOS'S MOTION TO STRIKE
3:20-cv-06754-WHA

| Invalidity Contentions | Summary Judgment |
|---|---|
| "The YT Remote System implicitly detects a set of inputs once the '***connect***' option is selected, based on devices on the same LAN for which user is logged in, e.g. a TV screen logged into the user's YouTube account.<br><br>*See e.g.* [4] | "To transfer playback using the YTR application the user may press the ***menu*** button (shown in green in the image …) which brings up a '***Connect***' button (shown in red) that the user may further select to transfer playback to a particular playback device.    The user's selection of ***menu*** and ***select*** [*sic*] are a 'set of inputs' to transfer playback that are detected by the Android phone. |
|  |  |
| Ex. A ('615 Chart) at 18 (emphasis in text added). | Google's MSJ at 19 (emphasis in text added). |

Even setting the text aside, the difference is clear from the images.  In its contentions (left) Google used a red box to only identify the "Connect" button as the "set of inputs."  Google's summary judgment theory adds an entirely new element—Google uses a green box to highlight the "menu," allegedly working in concert with the "Connect" button (again boxed in red)—to satisfy the claimed "set of inputs."

Google is barred from raising invalidity arguments that were not previously disclosed in its invalidity contentions, even if such arguments are based on the same reference(s) that Google identified in its contentions.  *MediaTek*, 2014 WL 690161 at *1.  Courts are clear that infringers cannot introduce new teachings of a previously disclosed reference to create new invalidity theories. *See Largan*, 2014 WL 6882275 at *5-6.  Instead, the invalidity contentions must disclose

the "specific [teaching of the prior art] with respect to this specific claim," as well as the infringer's "theory for why the reference discloses this element." *Id.* For example, the defendant in *Largan* served invalidity contentions citing to the Park prior art reference for various elements of the asserted claims. *Id.* The Court found that the defendant cited the Park reference in its "invalidity contentions for the broader elements in which [the] limitations [are] found." *Id.* at *5. However, the expert then relied on *different* teachings of Park that the defendant had not previously disclosed in its contentions to support the expert's opinion of invalidity. *Id.* at *5-6. The Court held that the expert could not introduce new teachings of this prior art later in the litigation to fill in the gaps of its invalidity theories. *E.g., id.* at *5-6 (striking expert report which "cites various other portions of the Park '665 patent in arguing that it discloses or renders obvious the 'TTL/ImgH<1.95' limitation of this claim."). The Court struck, under Patent Local Rule 3-3, all portions of the defendant's expert report that used new teachings of the Park reference to satisfy any claim element. *Id.* Similar to the defendant in *Largan*, Google is attempting to use *different* teachings from the YouTube Remote System to fill gaps in its invalidity contentions. *Id.* Google did not present the "menu" button as part of the claimed "set of inputs" in its invalidity contentions, and it should not be permitted to do so now. The Court should strike paragraphs 136 and 159-160 of Dr. Bhattacharjee's declaration and page 19, lines 1-7 of Google's motion for summary judgment on this basis.

### B.    Google's Reliance on U.S. Patent No. 9,490,998 For Obviousness Is Improper

Google similarly tries to expand its use of U.S. Patent No. 9,490,998 ("the '998 Patent") beyond what it disclosed in its invalidity contentions for Limitation 13.4. Specifically, Google cites to the '998 Patent at 10:62-11:6 to argue that the '998 Patent discloses that "the 'user interface' of the Remote Control may display the 'previously paired controlled devices' so that a user may select and control 'one or more paired controlled devices.'" Google's MSJ at 20. However, column 10:62-11:6 is simply not cited in Google's invalidity contentions for this claim element. Instead, Google's invalidity contentions for this element cite entirely different portions of the patent, which do *not* disclose selecting one or more previously paired devices using the user interface of the remote control. Ex. A ('615 Chart) at 18-20 (citing 4:21-57, 4:58-67, 8:1-59,

and Figure 1).  Additionally, Google's contentions for Limitation 13.4 merely provide block quotes for these different citations to the '998 Patent and never apply the teachings to the claims or articulate any theories specifically related to selecting one or more previously paired devices using the user interface of the remote control.  *See id.*

As discussed previously, Google cannot use new teachings of its previously disclosed prior art to fill gaps in its invalidity theories.  *Supra*, §IV.A. The Court should therefore strike paragraphs 149 and 169 of Dr. Bhattacharjee's declaration and page 20, lines 3-6 of Google's motion for summary judgment on this basis.[4]

### C.    Google's Previously Undisclosed Prior Art References Must Be Stricken

A party cannot rely on a prior art reference that it did not disclose in its invalidity contentions.  *ASUS Computer Int'l v. Round Rock Research, LLC*, No. 12-cv-02099 JST, 2014 WL 1463609, at *8-9 (N.D. Cal. Apr. 11, 2014); *Largan*, 2014 WL 6882275, at *6.  While new references may be used by an expert as general background material, such references cannot be relied on "as prior art that allegedly renders the asserted claims of the … patent[] obvious." *Verinata Health, Inc. v. Sequenom, Inc.*, No. C12-00865 (SI), 2014 WL 4100638, at *5 (N.D. Cal. Aug. 20, 2014); *Largan*, 2014 WL 6882275, at *6 (finding that a reference is not general background if it is used "in support of a particular claim element being anticipated or obvious").

### 1.    Google's MSJ Exhibit 14: February 29, 2012 Version of the YouTube Remote System

Google improperly relies on a never-before disclosed version of the YouTube Remote system in its summary judgment motion.  Google's MSJ at 20.  Specifically, with respect to

---

[4] To the extent Google points to its unexplained, 4-column citation to '998 Patent at 8:54-11:6 in its contentions, Google only relied on this citation for Limitation 13.1 (i.e., 13a in its contentions), which recites "causing a graphical interface to display a control interface including one or more transport controls to control playback by the control device." Ex. A ('615 Chart) at 7.  Google cannot now pivot and try to rely on its citation for Limitation 13.1 to now support its invalidity theory for Limitation 13.4.  A citation is not properly disclosed with respect to an element simply because the citation is included elsewhere in the invalidity claim chart.  *See MediaTek*, 2014 WL 690161 at *4 ("The argument that the citation of Bhuyan in connection with Claim 1 should suffice for dependent Claim 5 as well is wholly without merit."); *see also Largan*, 2014 WL 6882275, at *5 (similar holding).

Limitation 13.4, Google's motion for summary judgment relies on a February 29, 2012 Wayback Machine capture of a website depicting a version of the YouTube Remote System that was allegedly released on January 25, 2012 to argue that "the 'user interface' of the Remote Control may display the 'previously paired controlled devices' so that a suer may select and control 'one or more paired controlled devices.'" *Id.*; Google's MSJ Ex. 14.

Google never disclosed this alleged January 25, 2012 version of the YouTube Remote System or the "Select a screen for playback" menu allegedly provided by that version in its invalidity contentions. Instead, in its contentions, Google specifically cited to an October 14, 2011 Wayback Machine capture showing an *earlier*, different version of the YouTube Remote System. *See* Ex. A ('615 Chart) at 1 (identifying this document as document [9]). This earlier version included different screenshots of the YouTube Remote System; none of which include the image that Google relies on in its Motion for Summary Judgment. *See* Ex. F (Wayback Machine capture). Below is a comparison of what Google disclosed in its invalidity contentions versus what it used in its Motion for Summary Judgment:

| Invalidity Contentions: Oct. 14, ,2011 "Prior Art" | Summary Judgment: Feb. 29, 2012 "Prior Art" |
|---|---|
|  | |
| Ex. A ('615 Chart) at 21 | Google's MSJ at 20 |

1    The screenshot and underlying webpage from Google's invalidity contentions (left) do not contain

2    the "Select a screen for playback" menu that Google relies on in its Motion for Summary Judgment

3    (right).  Nor do the invalidity contentions contain any allegations that the YouTube Remote System

4    included a "Select a screen for playback" menu.

5         Google's failure to include this version of the YouTube Remote System in its invalidity

6    contentions is particularly brazen because it is Google's *own* system.  Google was unquestionably

7    aware of its own system, as it cited to and relied on *other* versions of the system in its contentions.

8    *E.g.*, Ex. A ('615 Chart) at 1, 20-21.  Instead of complying with Local Rules 3-3, Google waited

9    until summary judgment to disclose this new theory based on this different version of the alleged

10   prior art system.  Google had an obligation to disclose the version of the prior art system it intended

11   to rely on in its invalidity contentions rather than hold it back for a tactical advantage.  *Largan*,

12   2014 WL 6882275 at *4 ("Our Local Rules are designed precisely to eliminate the gamesmanship

13   of hints in favor of open disclosure.").  Because the version of the YouTube Remote System that

14   Google presents in its Motion for Summary Judgment is distinct from the version it presented in its

15   invalidity contentions, the Court should strike all of Google's arguments related to the version of

16   the YouTube Remote System that is shown in the February 29, 2012 Wayback Machine capture

17   (*i.e.*, Google's MSJ Ex. 14).  The Court should strike Exhibit 14, paragraphs 169-171 of Dr.

18   Bhattacharjee's declaration, and page 20, lines 11-14 of Google's motion for summary judgment

19   on this basis.

20            **2.      Google's MSJ Exhibit 10: YouTube Remote API**

21        Google's expert, Dr. Samrat Bhattacharjee, improperly uses another new prior art reference

22   that Google did not disclose in its invalidity contentions to support his analysis.  Specifically, Dr.

23   Bhattacharjee cites to Exhibit 10, documentation for an Application Programming Interface (API)

24   for the YouTube Remote System as of July 12, 2010, to support his invalidity arguments for

25   Limitation 13.5.  Bhattacharjee Decl. at ¶180.  Dr. Bhattacharjee essentially invokes a "practicing

26   the prior art" theory when he opines that alleged similarities between the accused products and

27   prior versions of the YouTube Remote System are evidence that the YouTube Remote System

28   discloses Limitation 13.5 of the asserted claims, at least as Google understands that limitation in

1    light of Sonos's infringement theories. *Id.* Exhibit 10 is Dr. Bhattacharjee's sole support that the

2    "prior art" YouTube Remote System is allegedly similar to the *accused* YouTube application. *Id.*

3    In this way, Exhibit 10 is essential to his invalidity analysis: the API acts as a reference that Dr.

4    Bhattacharjee uses to map elements of the accused product onto previous YouTube Remote

5    Systems. *See id.*

6        Google's invalidity contentions for the '615 Patent do not include references to Exhibit 10

7    or any other API or API documentation. *See* Ex. A ('615 Chart). Nonetheless, Dr. Bhattacharjee

8    "relies on [Exhibit 10] as prior art that allegedly renders the asserted claims [invalid]." *Verinata*,

9    2014 WL 4100638 at *5. Such prior art references must be disclosed in invalidity contentions.

10   Patent L.R. 3-3(c). Google failed to do so, so it cannot now expect to use Exhibit 10 in its expert

11   declaration to support its invalidity arguments. *ASUS Computer*, 2014 WL 1463609 at *8-9. The

12   Court should strike Exhibit 10 and paragraphs 137 and 180 of Dr. Bhattacharjee's declaration on

13   this basis.

### 3.    Reliance on Undisclosed Versions of Source Code

15       Dr. Bhattacharjee also bases key parts of his declaration on source code that Google did

16   not disclose in its invalidity contentions. As an initial matter, *all* of the code cited by Dr.

17   Bhattacharjee in his invalidity analysis appear to reside in a directory starting "2022-03-21"—

18   indicating the folder containing the code was created/uploaded in March 2022. Bhattacharjee

19   Decl. at ¶¶127-145 (n.21 – n.34). Of course, Google's Patent Local Rule 3-4 document

20   production was due December 6, 2021, and Google never sought leave to amend. It is improper

21   for Google to rely on code that was not produced with its invalidity contentions. *See, e.g., IXYS*

22   *Corp.*, 2004 WL 1368860, at *2-3 (precluding a party from relying on materials that were not

23   referenced in final invalidity contentions or produced pursuant to Patent L.R. 3-4, but then relied

24   upon in support of a motion for summary judgment); *Good Tech. Corp. v. MobileIron, Inc.*, No.

25   5:12-cv-05826-PSG, Dkt. 278 (N.D. Cal. April 23, 2015) (granting motion to strike prior art

26   source code produced after PLR 3-4(b) deadline).

27       Putting aside the issue of when the code was produced, Dr. Bhattacharjee states that his

28   understanding of the YouTube Remote System is based in part on his analysis of source code for

the YouTube Remote system as of: (1) November 9, 2010; (2) July 12, 2011; and (3) December 1, 2011.  Bhattacharjee Decl. at ¶126.  Google's invalidity contentions do not specifically cite any of these versions of source code.  *See* Ex. A ('615 Chart).  Yet Google now specifically cites to these versions of code to support its invalidity arguments.  As just one example, Dr. Bhattacharjee references the December 1, 2011 version of the source code to argue that it would have been obvious to allow the YouTube Remote to display available playback devices for selection of a particular display.  Bhattacharjee Decl. at ¶170. This issue permeates Dr. Bhattacharjee's declaration, which cites specific files that were not cited in the contentions, and cites versions of source code that appear different from the version cited in the contentions.  *See, e.g.*, *id.* at ¶ 133 n.21, ¶133 n.22, ¶134 n.23, ¶134 n.24, ¶139 n.25, ¶140 n.26, ¶141 n.27, ¶141 n.28, ¶141 n.29, ¶143 n.30, ¶143 n.31, ¶144 n.32, ¶145 n.33, ¶145 n.34.

The sheer number of these references shows the extent to which Dr. Bhattacharjee relies on source code citations that do not appear in Google's invalidity contentions.  Dr. Bhattacharjee further references these undisclosed versions of the source code as support for his position that certain claim limitations of the '615 Patent are either anticipated or rendered obvious by the YTR System.  *See* Bhattacharjee Decl. at ¶¶158 n.35, 170.  As previously discussed, new references are prior art instead of background if the expert relies on them as references that "render[] the asserted claims [invalid]."  *Verinata*, 2014 WL 4100638 at *5.  Dr. Bhattacharjee's reliance on this new prior art for invalidity grounds is improper at this stage.  The Court should strike paragraphs 133-34, 139-41, 143-45, 158, 170, and 182 of Dr. Bhattacharjee's declaration on this basis.

**D.    Google Broadly Cited To Its Own Source Code Without Providing Specific Invalidity Theories Or Citations**

In addition to the new source code addressed above, Google's motion for summary judgment points to *specific* portions of previously disclosed source code.  For example, Google

1  now cites the ████████████████████████████████████████[5].

2  Google's invalidity contentions, however, merely cite to directories and subdirectories of source

3  code without identifying any specific files or pinpoint citations to specific line numbers that would

4  map those citations onto specific claim elements. Google's motion for summary judgment was the

5  first time it provided specific, pinpoint citations to *any* source code.

6    This Court has recognized that pinpoint citations for available source code are required.

7  Anything less fails to put parties on notice of key litigation positions, and therefore, the Court has

8  stricken contentions that fail to provide this specificity. *See MasterObjects, Inc. v. Amazon.com,*

9  *Inc.*, No. C20-08103 (WHA), 2021 WL 5987101, at *2-3 (N.D. Cal. Dec. 17, 2021). This Court

10  has typically recognized the importance of providing these pinpoint citations in the context of

11  infringement contentions. *Id.* at *2 ("Where the accused instrumentality includes computer

12  software based upon source code made available to the patentee, the patentee must provide

13  'pinpoint citations' to the code identifying the location of each limitation."); *quoting Finjan Inc. v.*

14  *Check Point Software Tech., Inc.*, No. 18-cv-02621 (WHO), 2019 WL 955000 at *5 (N.D. Cal.

15  Feb. 27, 2019). However, Patent Local Rule 3-3(c) also applies that logic to invalidity contentions,

16  because the Local Rule "requires [Google] to cite specifically within the prior art reference, not

17  merely to the entire document or some general element therein." *Avago*, 2007 WL 2103896 at *2.

18    In this case, the result should be no different. Google has no excuse for failing to provide

19  pinpoint citations: the source code Google relies on is from Google's own code. Despite multiple

20  communications between the parties, Google withheld its pinpoint citations to the source code and

21  left Sonos in the dark as to its relevance to Google's invalidity contentions, hiding the ball until its

22  motion for summary judgment. *Supra*, §II. For this reason, the Court should strike paragraphs

23  133-34, 139-41, 143-45, 158, 170, and 182 of Dr. Bhattacharjee's declaration on this basis.

---

[5] Google cites this file as being located at file ████████████████████████

████████████████████████. *See* Bhattacharjee Decl. at ¶133 n.21.

V.     **CONCLUSION**

Accordingly, Sonos respectfully requests that this Court strike 1) page 19, lines 1-7; page 20, lines 3-6, 11-14 from Google's Motion for Summary Judgment; 2) ¶¶ 133-34, 136-137, 139-41, 143-45, 149, 158, 159-160, 169-171, 180, and 182 from Dr. Samrat Bhattacharjee's supporting declaration (submitted as Exhibit 1 to Google's Motion for Summary Judgment); and 3) the entirety of Exhibits 10 and 14 to Google's Motion for Summary Judgment.

Dated: April 21, 2022

By:  */s/ Alyssa Caridis*

CLEMENT SETH ROBERTS
BAS DE BLANK
ALYSSA CARIDIS
EVAN D. BREWER

ORRICK, HERRINGTON & SUTCLIFFE LLP

SEAN M. SULLIVAN
COLE B. RICHTER

LEE SULLIVAN SHEA & SMITH LLP

*Attorneys for Sonos, Inc.*