QUINN EMANUEL URQUHART & SULLIVAN, LLP
Sean Pak (Bar No. 219032)
seanpak@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
James Judah (Bar No. 257112)
jamesjudah@quinnemanuel.com
Lindsay Cooper (Bar No. 287125)
lindsaycooper@quinnemanuel.com
Iman Lordgooei (Bar No. 251320)
imanlordgooei@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Marc Kaplan *(pro hac vice)*
marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone:     (312) 705-7400
Facsimile:     (312) 705-7401

*Attorneys for GOOGLE, LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>　　　　Plaintiff and Counter-Defendant,<br><br>　　vs.<br><br>SONOS, INC.,<br><br>　　　　Defendant and Counter-Plaintiff. | Case No. 3:20-cv-06754-WHA<br>Related to Case No. 3:21-cv-07559-WHA<br><br>**GOOGLE LLC'S MOTION FOR LEAVE TO FILE RESPONSE TO SONOS'S REPLY TO THE COURT'S REQUEST FOR FURTHER BRIEFING**<br><br>Location: Courtroom 12, 9th Floor<br>Judge:　　Hon. William Alsup |

1  Pursuant to Northern District of California Civil Local Rule 7-11, Google LLC ("Google") hereby moves this Court for an order granting it leave to file a response to Sonos's Reply to the Court's Request for Further Briefing (Dkt. 789).  For the first time in that brief, Sonos argued that "the figure on page 5 of Appendix A of the provisional application – which was later inserted into the disclosure of the '885 and '966 Patents as Figure 7 – discloses a 'Party Mode' zone scene and a 'Morning Wakeup' zone scene that have overlapping members . . . ."  *Id.* at 4.  Sonos had not previously disclosed that theory in its discovery responses or in any of the prior written description-related briefing, including the summary judgment briefing or in response to the Court's prior requests for additional briefing.  This new theory is also directly contrary to the position that Sonos took at trial, which was that the zone scene "party mode" disclosed in the patent was ***not*** a zone scene necessarily including all of the zone players in the system.

Accordingly, Google could not have and did not anticipate that Sonos would make this argument for the first time in its reply brief.  Because Google's briefing to the Court thus far has not addressed this new theory, Google seeks leave to file a three-page brief, attached hereto, responding to this narrow and newly-raised issue.  Google seeks to explain to the Court why Sonos's new argument is inconsistent with its prior positions and the testimony from its inventor at trial.  Google also seeks to explain why Figure 7 of the patent, which Sonos now relies upon, does not provide written description support for the overlapping zone scene requirement.

DATED: May 31, 2023

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By    */s/ Sean S. Pak*
    Sean Pak
    Melissa Baily
    James Judah
    Lindsay Cooper
    Marc Kaplan

*Attorneys for GOOGLE, LLC*

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that, on May 31, 2023, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system and email.

  /s/ Sean S. Pak  
Sean S. Pak