# Exhibit A

1    QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Sean Pak (Bar No. 219032)
2    seanpak@quinnemanuel.com
     Melissa Baily (Bar No. 237649)
3    melissabaily@quinnemanuel.com
     James Judah (Bar No. 257112)
4    jamesjudah@quinnemanuel.com
     Lindsay Cooper (Bar No. 287125)
5    lindsaycooper@quinnemanuel.com
     Iman Lordgooei (Bar No. 251320)
6    imanlordgooei@quinnemanuel.com
     50 California Street, 22nd Floor
7    San Francisco, California 94111-4788
     Telephone:    (415) 875-6600
8    Facsimile:    (415) 875-6700

9    Marc Kaplan (pro hac vice)
     marckaplan@quinnemanuel.com
10   191 N. Wacker Drive, Ste 2700
     Chicago, Illinois 60606
11   Telephone:    (312) 705-7400
     Facsimile:    (312) 705-7401

12   Attorneys for GOOGLE LLC

13

14                    UNITED STATES DISTRICT COURT

15                  NORTHERN DISTRICT OF CALIFORNIA

16                      SAN FRANCISCO DIVISION

17

18   SONOS, INC.,                          Case No. 3:20-cv-06754-WHA
                                           Consolidated with Case No. 3:21-cv-07559-
19             Plaintiff and Counter-      WHA
               Defendant,
20                                         **GOOGLE LLC'S RESPONSE TO**
                                           **SONOS'S REPLY RE THE COURT'S**
21        vs.                              **REQUEST FOR FURTHER BRIEFING**
                                           **CONCERNING WRITTEN**
22   GOOGLE LLC,                           **DESCRIPTION (DKT. 789)**

23             Defendant and Counter-
               Plaintiff.

24

25

26

27

28

1    Google submits this short response to address a brand-new argument raised in Sonos's reply

2    brief (Dkt. 789, "Reply"), which was not raised in its prior summary judgment briefing nor in its

3    discovery responses.  Despite having repeatedly argued at trial that "Party Mode" is *not* a "zone

4    scene" as claimed for a variety of reasons (*e.g.*, Trial Tr. at 458:5-20 (Lambourne), 1659:19-1660:5

5    (Almeroth)), Sonos's Reply now contends that Figure 7 of the '885 and '966 Patents provides

6    written description support for overlapping zone scenes because it shows a user interface with "a

7    'Party Mode' zone scene and a 'Morning Wakeup' zone scene."  Reply at 4.  This last-minute

8    turnabout by Sonos, while potentially relevant to Google's invalidity arguments under Rule 50(a),

9    misses the mark in terms of the written description issue at hand.  Figure 7 (left) and the ***entirety*** of

10   the specification's description of that figure (right) are reproduced below:



"FIG. 7 shows an example user interface for invoking a zone scene." ('885 patent at 4:4-5);

"FIG. 7 shows an example user interface for invoking a zone scene. The user interface of FIG. 7 shows a Zone Menu that includes selectable indications of zone scenes." ('885 patent at 11:12-14).

21   Figure 7 and its accompanying descriptions fail as a matter of law to provide written

22   description support for overlapping zone scenes for at least the following reasons:  *First*, Federal

23   Circuit authority makes clear that "novel aspects of the invention must be disclosed and ***not left to***

24   ***inference***."  *Crown Operations Int'l, Ltd. v. Solutia Inc.*, 289 F.3d 1367, 1380 (Fed. Cir. 2002)

25   (emphasis added).  Here, Figure 7 and its accompanying descriptions do not include any discussion

26   of the specific zone players in the "Party Mode" or "Morning Wakeup" zone scenes.  Critically,

27   there is no mention of the zone players overlapping.  Nor is there any disclosure in the specifications

28   that "Party Mode" in this figure comprises all the zone players in the home.  In fact, the phrases

1  "Party Mode" and "Morning Wakeup" do not even appear in the patent outside of Figure 7 because

2  references to the "Party Mode" feature of the prior art Sonos 2005 system were omitted from the

3  provisional application and subsequently from the non-provisional applications.  *See* Dkt. 785 at 3.

4         Although the prior art Sonos 2005 system included a "Party Mode" that consisted of all the

5  zone players in the home, as described by Dr. Schonfeld during trial as part of his **obviousness**

6  analysis taking into account the background knowledge of the prior art, the written description

7  requirement cannot be supplemented by the background knowledge of those skilled in the art—

8  instead, the test for adequate written description support looks only to the "four corners of the

9  specification."  *See, e.g.*, *Rivera v. Int'l Trade Comm'n*, 857 F.3d 1315, 1319-23 (Fed. Cir. 2017)

10  ("Rivera argues that the background knowledge of those skilled in the art can supplement the

11  teaching in the specification to provide written description support.  We reject Rivera's argument.

12  As we explained in *Ariad*, the written description inquiry looks to '***the four corners of the***

13  ***specification***' to discern the extent to which the inventor(s) had possession of the invention as

14  broadly claimed.") (citing *Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir.

15  2010) (*en banc*)) (emphasis added).  Accordingly, since neither Figure 7 nor any disclosure in the

16  written specification describes the "Party Mode," there is nothing within the "four corners of the

17  specification" that would inform those of ordinary skill in the art that Sonos was in possession of

18  overlapping zone scenes.  Nor is it enough that "Party Mode" in the prior art Sonos 2005 system

19  rendered obvious overlapping zone scenes.  *PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299,

20  1310 (Fed. Cir. 2008) ("Obviousness simply is not enough; the subject matter must be disclosed to

21  establish possession."); *Lockwood v. Am. Airlines*, 107 F.3d 1565, 1572 (Fed. Cir. 1997) ("One

22  shows that one is 'in possession' of the invention by describing the invention, with all its claimed

23  limitations, not that which makes it obvious.").

24         *Second*, an adequate written description requires "a description of an invention, ***not an***

25  ***indication of a result*** that one might achieve if one made that invention."  *Regents of the Univ. of*

26  *Cal. v. Eli Lilly & Co., Inc.*, 119 F.3d 1559, 1568 (Fed. Cir. 1997) (emphasis added); *Taylor v. Iancu*,

27  809 F. App'x 821, 824 (Fed. Cir. 2020) (a description that amounts to "a 'mere wish or plan' for

28  obtaining the claimed invention" fails the written description requirement).  Even setting aside that

Figure 7 and its accompanying description do not disclose overlapping zone scenes, the disclosures nevertheless cannot satisfy the written description requirement because they disclose, if anything, merely a result, not any particular way of achieving that result.  Indeed, Figure 7 simply shows "an example user interface for invoking a zone scene."  '885 patent at 4:4-5.  It says nothing about how to implement a system that creates, saves, and invokes *overlapping* zone scenes—again, leaving that disclosure, at best, to inference.  *See, e.g.*, *Crown Operations Int'l*, 289 F.3d at 1380 ("novel aspects of the invention must be disclosed and *not left to inference*." (emphasis added)).

Even Sonos's counsel argued at trial that Figure 7 relates to a different patent's claims directed to simultaneously displaying zone scenes, but does not say anything about *overlapping* zone scenes.  Trial Tr. at 1193:11-24 (Mr. Shea:  "this was not talking about the claim language of the patents in suit and the word 'overlap' or the discussion of overlap was not being discussed specifically here. It was about simultaneous display").  Sonos also elicited the following testimony from Mr. Lambourne regarding the "Party Mode" in his conception document (from which Figure 7 was copied):  "For instance, Party Mode for somebody *might not be*: I want to play all the rooms in the house.  Maybe Party Mode for somebody is: I want to play in all the rooms *but not the baby's room*, for instance."  Trial Tr. at 458:5-20 (emphasis added).  Thus, per Mr. Lambourne, the Party Mode in Figure 7 by itself (without taking into consideration background knowledge of the prior art Sonos 2005 system) had no predefined set of zone players associated with it and, as such, could not disclose overlapping zone scenes without additional information going beyond the "four corners of the specification."

In sum, the fact that Sonos now belatedly—and for the first time—relies on Figure 7 does nothing more than confirm that there is a complete lack of written description support for overlapping zone scenes.

Dated:  May 31, 2023                              Respectfully submitted,

                                                  */s/ Sean Pak*
                                                  Attorneys for GOOGLE LLC

                                                  QUINN EMANUEL URQUHART &
                                                  SULLIVAN, LLP

                                                  *Counsel for Google LLC*

**<u>CERTIFICATE OF SERVICE</u>**

Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that, on May 31, 2023, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

DATED:  May 31, 2023

By:    */s/ Sean Pak*