CLEMENT SETH ROBERTS (SBN 209203)
croberts@orrick.com
BAS DE BLANK (SBN 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (SBN 260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   +1 415 773 5700
Facsimile:   +1 415 773 5759

SEAN M. SULLIVAN (*pro hac vice*)
sullivan@ls3ip.com
MICHAEL P. BOYEA (*pro hac vice*)
boyea@ ls3ip.com
COLE B. RICHTER (*pro hac vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:   +1 312 754 0002
Facsimile:   +1 312 754 0003

*Attorneys for Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC., <br><br> *Plaintiff and Counter-defendant,* <br><br> v. <br><br> GOOGLE LLC, <br><br> *Defendant and Counter-claimant.* | Case No. 3:20-cv-06754-WHA <br><br> Consolidated with <br> Case No. 3:21-cv-07559-WHA <br><br> **SONOS, INC.'S STATEMENT OF NO OPPOSITION TO SUR-REPLY** <br><br> Judge:  Hon. William Alsup <br> Courtroom:  12, 19th Floor <br> Trial Date:  May 8, 2023 |

1  Sonos respectfully submits this statement of no opposition to Google's motion for leave to file a response to Sonos's Reply. Dkt. 790. Last night at 6:30pm, counsel for Google emailed Sonos and demanded that Sonos provide its position on Google's motion for leave by 7:30pm. Counsel stated that "If we don't hear back by 8 pm pacific, we'll file as opposed." Counsel did not provide the proposed response for Sonos to consider and proceeded to file the motion.

Having now had the opportunity to review the response, Sonos does not oppose. While Google says that Sonos argues for the first time that "the figure on page 5 of Appendix A of the provisional application" discloses overlapping zone scenes, it is actually *Google* and its expert Dr. Schonfeld that first advanced that argument. For the Court's convenience, Sonos provides Dr. Schonfeld's testimony here. The testimony describes Fig. 7, which is the same as the figure on page 5 of Appendix A:

> Q [by Mr. Pak]. So we're looking at a different figure from the patent. Now this is Figure 7 of the '966 patent. And can you identify what you've highlighted on this slide?
>
> A [by Dr. Schonfeld]. So this particular figure shows up on the very top, not in red, just regular speakers that you can just play regularly, but then it has two zone scenes. One is the morning wake-up zone scene that we just created, that is the den, the bedroom, et cetera; and then another one which is Party Mode, which is all of the zones in the house, all of the speakers in the house.

Trial Tr. at 1338:10-19.

While Google now says that "party mode" does not necessarily include all zone players (e.g., smart speakers), Dkt. 790-2, Google's central theme at trial was that party mode is a zone scene that includes all zone players in a system. *E.g.* Trial Tr. at 237:1-7 (Google's opening statement describing party mode: "you could group all the speakers together in a party mode, play all the music throughout the house and it was saved."). In Sonos's view, Google's response is yet another instance of Google taking inconsistent positions depending on which argument it is trying to advance. *E.g.,* May 24, 2023 Trial Tr. 2016:5-14 (Court noting Google's inconsistent positions on invalidity and infringement). Because the disclosure in Fig. 7 is just one of several independent bases for finding written description support for overlapping zone scenes, *see* Dkt. 789 at 4 and Dkt. 723 at 24-32, Sonos does not oppose Google's motion for leave.

| | | |
|---|---|---|
| 1 | Dated: June 1, 2023 | ORRICK HERRINGTON & SUTCLIFFE LLP |
| 2 | | *and* |
| | | LEE SULLIVAN SHEA & SMITH LLP |
| 3 | | |
| 4 | | By: */s/ Clement Seth Roberts* |
| | | Clement Seth Roberts |
| 5 | | |
| | | *Attorneys for Sonos, Inc.* |