UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONOS, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GOOGLE LLC,<br><br>　　　　Defendant. | No. C 20-06754 WHA<br>No. C 21-07559 WHA<br><br>(Consolidated)<br><br>**POST-TRIAL SCHEDULING ORDER** |

The Court has reviewed the briefing and provides the following deadlines, requirements, and updates:

1. Google's motion on the affirmative defenses that remain to be decided is due on **THURSDAY, JUNE 15, 2023, at 12:00 P.M.** It shall not exceed **25 PAGES.** The affirmative defenses will be decided on the evidence admitted at trial. Each citation should be to the trial record. Please do not cite to or quote from expert reports, materials produced in discovery, or any other documents that were not in evidence before the jury. Sonos's opposition is due on **THURSDAY, JUNE 29, 2023, at 12:00 P.M.**, and it also shall not exceed **25 PAGES.** Google's reply is due on **THURSDAY, JULY 6, 2023, at 12:00 P.M.**, and it shall not exceed **12 PAGES.** Please use exhibits sparingly (and only if part of the trial record).

2. Sonos's motion on injunctive relief, Google's opposition, and Sonos's reply shall have the same deadlines and page limits. In the briefing on this motion, the parties shall also

address:  (1) whether Google should be required to give notice to all Google media player consumers that these consumers may be infringing the '885 patent if they have three or more Google media players, and (2) whether a verdict is sufficient to establish willfulness going forward, citing cases.

3. All pending Rule 50 motions are **DENIED WITHOUT PREJUDICE** to filing renewed motions taking into account the jury verdict.  Each party may file one combined brief for motions under Rules 50 and 59, which shall be limited to **25 PAGES.**  This brief will be due on **FRIDAY, JUNE 23, 2023, at 12:00 P.M.**

4. The issue of the priority date in light of the 2019 amendment is still under consideration.  The Court is under the impression that Google stipulated to or admitted that the priority date for the patents-in-suit was September 12, 2006.  By **TUESDAY, JUNE 6, 2023, at 12:00 P.M.**, both sides shall respond and explain whether this impression is correct or not, citing to precise statements in the record.  In addition, the parties shall please explain their positions as to the relationship between the stipulated conception date and the priority date, and whether they now believe that the final judgment should be vacated.  This brief shall be limited to **15 PAGES.**

5. The Court expects to issue its memorandum opinion on IFTTT in the coming days.

**IT IS SO ORDERED.**

Dated:  June 2, 2023.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2