QUINN EMANUEL URQUHART & SULLIVAN, LLP
Sean Pak (Bar No. 219032)
seanpak@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
James Judah (Bar No. 257112)
jamesjudah@quinnemanuel.com
Lindsay Cooper (Bar No. 287125)
lindsaycooper@quinnemanuel.com
Iman Lordgooei (Bar No. 251320)
imanlordgooei@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Marc Kaplan (*pro hac vice*)
marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone:     (312) 705-7400
Facsimile:     (312) 705-7401

*Attorneys for GOOGLE LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>        Plaintiff and Counter-Defendant,<br><br>    vs.<br><br>GOOGLE LLC,<br><br>        Defendant and Counter-Plaintiff. | Case No. 3:20-cv-06754-WHA<br>Consolidated with Case No. 3:21-cv-07559-WHA<br><br>**GOOGLE LLC'S RESPONSE TO SONOS'S REPLY RE THE COURT'S REQUEST FOR FURTHER BRIEFING CONCERNING WRITTEN DESCRIPTION (DKT. 789)** |

1        Google submits this short response to address a brand-new argument raised in Sonos's reply

2    brief (Dkt. 789, "Reply"), which was not raised in its prior summary judgment briefing nor in its

3    discovery responses.  Despite having repeatedly argued at trial that "Party Mode" is ***not*** a "zone

4    scene" as claimed for a variety of reasons (*e.g.*, Trial Tr. at 458:5-20 (Lambourne), 1659:19-1660:5

5    (Almeroth)), Sonos's Reply now contends that Figure 7 of the '885 and '966 Patents provides

6    written description support for overlapping zone scenes because it shows a user interface with "a

7    'Party Mode' zone scene and a 'Morning Wakeup' zone scene."  Reply at 4.  This last-minute

8    turnabout by Sonos, while potentially relevant to Google's invalidity arguments under Rule 50(a),

9    misses the mark in terms of the written description issue at hand.  Figure 7 (left) and the ***entirety*** of

10   the specification's description of that figure (right) are reproduced below:



"FIG. 7 shows an example user interface for invoking a zone scene." ('885 patent at 4:4-5);

"FIG. 7 shows an example user interface for invoking a zone scene. The user interface of FIG. 7 shows a Zone Menu that includes selectable indications of zone scenes." ('885 patent at 11:12-14).

21        Figure 7 and its accompanying descriptions fail as a matter of law to provide written

22   description support for overlapping zone scenes for at least the following reasons:  *First*, Federal

23   Circuit authority makes clear that "novel aspects of the invention must be disclosed and ***not left to***

24   ***inference*.**  *Crown Operations Int'l, Ltd. v. Solutia Inc.*, 289 F.3d 1367, 1380 (Fed. Cir. 2002)

25   (emphasis added).  Here, Figure 7 and its accompanying descriptions do not include any discussion

26   of the specific zone players in the "Party Mode" or "Morning Wakeup" zone scenes.  Critically,

27   there is no mention of the zone players overlapping.  Nor is there any disclosure in the specifications

28   that "Party Mode" in this figure comprises all the zone players in the home.  In fact, the phrases

"Party Mode" and "Morning Wakeup" do not even appear in the patent outside of Figure 7 because references to the "Party Mode" feature of the prior art Sonos 2005 system were omitted from the provisional application and subsequently from the non-provisional applications. *See* Dkt. 785 at 3.

Although the prior art Sonos 2005 system included a "Party Mode" that consisted of all the zone players in the home, as described by Dr. Schonfeld during trial as part of his ***obviousness*** analysis taking into account the background knowledge of the prior art, the written description requirement cannot be supplemented by the background knowledge of those skilled in the art— instead, the test for adequate written description support looks only to the "four corners of the specification." *See, e.g.*, *Rivera v. Int'l Trade Comm'n*, 857 F.3d 1315, 1319-23 (Fed. Cir. 2017) ("Rivera argues that the background knowledge of those skilled in the art can supplement the teaching in the specification to provide written description support. We reject Rivera's argument. As we explained in *Ariad*, the written description inquiry looks to '***the four corners of the specification***' to discern the extent to which the inventor(s) had possession of the invention as broadly claimed.") (citing *Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (*en banc*)) (emphasis added). Accordingly, since neither Figure 7 nor any disclosure in the written specification describes the "Party Mode," there is nothing within the "four corners of the specification" that would inform those of ordinary skill in the art that Sonos was in possession of overlapping zone scenes. Nor is it enough that "Party Mode" in the prior art Sonos 2005 system rendered obvious overlapping zone scenes. *PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1310 (Fed. Cir. 2008) ("Obviousness simply is not enough; the subject matter must be disclosed to establish possession."); *Lockwood v. Am. Airlines*, 107 F.3d 1565, 1572 (Fed. Cir. 1997) ("One shows that one is 'in possession' of the invention by describing the invention, with all its claimed limitations, not that which makes it obvious.").

*Second*, an adequate written description requires "a description of an invention, ***not an indication of a result*** that one might achieve if one made that invention." *Regents of the Univ. of Cal. v. Eli Lilly & Co., Inc.*, 119 F.3d 1559, 1568 (Fed. Cir. 1997) (emphasis added); *Taylor v. Iancu*, 809 F. App'x 821, 824 (Fed. Cir. 2020) (a description that amounts to "a 'mere wish or plan' for obtaining the claimed invention" fails the written description requirement). Even setting aside that

1  Figure 7 and its accompanying description do not disclose overlapping zone scenes, the disclosures

2  nevertheless cannot satisfy the written description requirement because they disclose, if anything,

3  merely a result, not any particular way of achieving that result.  Indeed, Figure 7 simply shows "an

4  example user interface for invoking a zone scene." '885 patent at 4:4-5.  It says nothing about how

5  to implement a system that creates, saves, and invokes *overlapping* zone scenes—again, leaving

6  that disclosure, at best, to inference.  *See, e.g.*, *Crown Operations Int'l*, 289 F.3d at 1380 ("novel

7  aspects of the invention must be disclosed and ***not left to inference*.**" (emphasis added)).

8       Even Sonos's counsel argued at trial that Figure 7 relates to a different patent's claims

9  directed to simultaneously displaying zone scenes, but does not say anything about ***overlapping***

10  zone scenes.  Trial Tr. at 1193:11-24 (Mr. Shea:  "this was not talking about the claim language of

11  the patents in suit and the word 'overlap' or the discussion of overlap was not being discussed

12  specifically here. It was about simultaneous display").  Sonos also elicited the following testimony

13  from Mr. Lambourne regarding the "Party Mode" in his conception document (from which Figure

14  7 was copied):  "For instance, Party Mode for somebody ***might not be***: I want to play all the rooms

15  in the house.  Maybe Party Mode for somebody is: I want to play in all the rooms ***but not the baby's***

16  ***room***, for instance."  Trial Tr. at 458:5-20 (emphasis added).  Thus, per Mr. Lambourne, the Party

17  Mode in Figure 7 by itself (without taking into consideration background knowledge of the prior art

18  Sonos 2005 system) had no predefined set of zone players associated with it and, as such, could not

19  disclose overlapping zone scenes without additional information going beyond the "four corners of

20  the specification."

21       In sum, the fact that Sonos now belatedly—and for the first time—relies on Figure 7 does

22  nothing more than confirm that there is a complete lack of written description support for

23  overlapping zone scenes.

24   Dated:  June 2, 2023                              Respectfully submitted,

25                                                    */s/ Sean Pak*

26                                                    Attorneys for GOOGLE LLC

27                                                    QUINN EMANUEL URQUHART &
                                                     SULLIVAN, LLP

28                                                    *Counsel for Google LLC*

**<u>CERTIFICATE OF SERVICE</u>**

Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that, on June 2, 2023, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

DATED:  June 2, 2023

By:    */s/ Sean Pak*_____