# Exhibit A

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
Lindsay Cooper (Bar No. 287125)
lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Attorneys for GOOGLE LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>  Plaintiff<br><br>   v.<br><br>SONOS, INC.,<br><br>  Defendant. | CASE NO. 3:20-cv-06754-WHA<br><br>**GOOGLE LLC'S INVALIDITY CONTENTIONS** |

## I. INTRODUCTION

Pursuant to Patent Local Rule 3-3 and 3-4, and the Court's Scheduling Order, Defendant Google LLC provides these Invalidity Contentions to Plaintiff Sonos, Inc. ("Sonos") for the following patents (collectively, "Asserted Patents") and claims (collectively, "Asserted Claims") identified as asserted in Sonos's email of October 28, 2021 to Google:[1]

- '966 Patent (claims 1, 2, 4, 6, 8, 9, 10, 12, 14, 16) ('966 Asserted Claims)
- '885 Patent (claims 1, 3, 7, 8, 10, 14) ('885 Asserted Claims)
- '615 Patent (claims 13, 14, 15, 18, 19, 20, 21, 25, 26) ('615 Asserted Claims)
- '033 Patent (claims 1, 2, 4, 9, 11, 12, 13, 16) ('033 Asserted Claims)

Google addresses the invalidity of the Asserted Claims and concludes with a description of their document productions and identification of additional reservations and explanations.

## II. PRIORITY DATE OF THE ASSERTED PATENTS AND CLAIMS

Sonos asserted the following priority dates in its October 21, 2021 Disclosure of Asserted Claims and Infringement Contentions ("Infringement Contentions"):

- '206 Asserted Claims: September 12, 2006
- '966 Asserted Claims: September 12, 2006
- '885 Asserted Claims: September 12, 2006
- '615 Asserted Claims: December 30, 2011
- '033 Asserted Claims: December 30, 2011

It is Sonos' burden to show entitlement to its asserted priority dates, and Sonos has failed to meet that burden. Additionally, as described below, elements of the Asserted Claims lack written description and enablement support, and those Asserted Claims therefore cannot claim priority to earlier continuation applications on the face of the Asserted Patents.

---

[1] Sonos failed to serve infringement contentions for U.S. Patent No. 9,344,206 ("'206 Patent") after the Western District of Texas held each asserted claim of the '206 patent invalid due to indefiniteness. Google addresses the invalidity of the '206 Patent (claims 1-5, 7 10-19) ('206 Asserted Claims) that are at issue in its declaratory judgment action.

in response to claim constructions and claim interpretations that would render claim limitations not enabled, lacking in written description, or indefinite.

### 1. Lack of Enablement And Written Description Under 35 U.S.C. § 112 ¶ 1

Based on Google's present understanding of the Asserted Claims and Sonos's apparent interpretation of these claims as reflected in its Infringement Contentions, the '966 Asserted Claims may fail to satisfy the requirements of § 112, ¶ 1 because the specification and original patent application fail to provide an enabling disclosure of and written description support for at least the following limitations and terms within the cited phrases (or terms contained therein):

- "zone player"
- "zone scene"
- "networked media playback system"
- "configured to play back media individually" / "operating in a standalone mode"
- "second predefined grouping of zone players including at least the first zone player and a third zone player that are to be configured for synchronous playback of media when the second zone scene is invoked"
- "based on the second request, i) causing creation of the second zone scene, ii) causing an indication of the second zone scene to be transmitted to the first zone player, and iii) causing storage of the second zone scene" / "based on the second request, i) causing creation of the second zone scene, ii) causing an indication of the second zone scene to be transmitted to the first zone player, and iii) causing storage of the second zone scene"
- "based on the third request, causing the first zone player to transition from operating in the standalone mode to operating in accordance with the first predefined grouping of zone players such that the first zone player is configured to coordinate with at least the second zone player to output media in synchrony with output of media by at least the second zone player" / "based on the third request, causing the first zone player to transition from operating in the standalone mode to operating in accordance with the first predefined grouping of zone players such that the first zone player is configured to coordinate with at least the second zone player to output media in synchrony with output of media by at least the second zone player."
- "predefined grouping of zone players"
- "invoked" / "invoke"
- "transition from operating in the standalone mode to operating in accordance with the first predefined grouping of zone players"

- "first zone player is configured to coordinate with at least the second zone player to output media in synchrony with output of media by at least the second zone player"
- "cease to operate in accordance with the first predefined grouping of zone players"
- "begin to operate in accordance with the second predefined grouping of zone players"
- "first zone player is configured to coordinate with at least the third zone player to output media in synchrony with output of media by at least the third zone player"

### 2.     Indefiniteness Under 35 U.S.C. § 112 ¶ 2

Based on Google's present understanding of the Asserted Claims and Sonos's apparent interpretation of these claims as reflected in its Infringement Contentions, the '966 Asserted Claims may fail to satisfy the requirements of § 112, ¶ 2 because the precise scope of at least the phrases listed below (or terms contained therein) cannot be determined with reasonable certainty by a POSITA when reading the claims in light of the specification and prosecution history.

- "zone player"
- "zone scene"
- "networked media playback system"
- "configured to play back media individually" / "operating in a standalone mode"
- "second predefined grouping of zone players including at least the first zone player and a third zone player that are to be configured for synchronous playback of media when the second zone scene is invoked"
- "based on the second request, i) causing creation of the second zone scene, ii) causing an indication of the second zone scene to be transmitted to the first zone player, and iii) causing storage of the second zone scene" / "based on the second request, i) causing creation of the second zone scene, ii) causing an indication of the second zone scene to be transmitted to the first zone player, and iii) causing storage of the second zone scene"
- "based on the third request, causing the first zone player to transition from operating in the standalone mode to operating in accordance with the first predefined grouping of zone players such that the first zone player is configured to coordinate with at least the second zone player to output media in synchrony with output of media by at least the second zone player" / "based on the third request, causing the first zone player to transition from operating in the standalone mode to operating in accordance with the first predefined grouping of zone players such that the first zone player is configured to coordinate with at least the second zone player to output media in synchrony with output of media by at least the second zone player."
- "predefined grouping of zone players"

### 1. Lack of Enablement And Written Description Under 35 U.S.C. § 112 ¶ 1

Based on Google's present understanding of the Asserted Claims and Sonos's apparent interpretation of these claims as reflected in its Infringement Contentions, the '885 Asserted Claims may fail to satisfy the requirements of § 112, ¶ 1 because the specification and original patent application fail to provide an enabling disclosure of and written description support for at least the following limitations below (or terms contained therein):

- "zone player"
- "zone scene"
- "operating in a standalone mode"
- "predefined grouping of zone players"
- "invoked"
- "causing storage"
- "displaying a representation of the first zone scene and a representation of the second zone scene"
- "transition from operating in the standalone mode to operating in accordance with the given one of the first and second predefined groupings of zone players"
- "first zone player is configured to coordinate with at least one other zone player in the given one of the first and second predefined groupings of zone players over a data network in order to output media in synchrony with output of media by the at least one other zone player in the given one of the first and second predefined groupings of zone players"
- "ceasing to operate in accordance with the first predefined grouping of zone players"
- "beginning to operate in accordance with the second predefined grouping of zone players"

Google further discloses that the original disclosure does not include the concept of synchronization among zone players after playback begins. That disclosure does not provide or create a motivation for transitioning or coordination of zone players. Similarly, the original disclosure does not provide that zone players may belong to more than one group or scene at the same time.