CLEMENT SETH ROBERTS (SBN 209203)
croberts@orrick.com
BAS DE BLANK (SBN 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (SBN 260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:     +1 415 773 5700
Facsimile:     +1 415 773 5759

SEAN M. SULLIVAN (*pro hac vice*)
sullivan@ls3ip.com
MICHAEL P. BOYEA (*pro hac vice*)
boyea@ ls3ip.com
COLE B. RICHTER (*pro hac vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:     +1 312 754 0002
Facsimile:     +1 312 754 0003

*Attorneys for Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC., <br><br> *Plaintiff and Counter-defendant,* <br><br> v. <br><br> GOOGLE LLC, <br><br> *Defendant and Counter-claimant.* | Case No. 3:20-cv-06754-WHA <br><br> Consolidated with <br> Case No. 3:21-cv-07559-WHA <br><br> **SONOS, INC.'S BRIEF RE PRIORITY DATE** <br><br> Judge: Hon. William Alsup <br> Courtroom: 12, 19th Floor <br> Trial Date: May 8, 2023 |

**TABLE OF CONTENTS**

**Page(s)**

I. CONCEPTION DATE, EFFECTIVE FILING DATE, AND PRIORITY DATE ..................................................................................................... 1

II. GOOGLE STIPULATED THAT THE '885 AND '966 PATENTS ARE ENTITLED TO A CONCEPTION DATE OF DECEMBER 21, 2005 ......... 5

III. GOOGLE ALSO ADMITTED THAT THE '885 AND '966 PATENTS ARE ENTITLED TO AN EFFECTIVE FILING DATE OF SEPTEMBER 12, 2006 ....................................................................................................... 6

IV. GOOGLE'S STIPULATION TO A DECEMBER 21, 2005 CONCEPTION DATE NECESSITATES AN EFFECTIVE FILING DATE OF SEPTEMBER 12, 2006 ................................................................................ 11

V. GOOGLE'S NEW AND UNTIMELY PRIORITY DATE CHALLENGE DOES NOT ALTER THE OUTCOME OF THE CASE .............................. 12

VI. THE COURT SHOULD NOT REOPEN THE FINAL JUDGMENT ......... 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alcohol Monitoring Sys., Inc. v. BI Inc.*,
2014 WL 3508894 (D. Colo. 2014) ................................................................................... 13

*AMA Multimedia, LLC v. Wanat*,
970 F.3d 1201 (9th Cir. 2020) ........................................................................................... 14

*Broadcom Corp. v. Qualcomm Inc.*,
543 F.3d 683 (Fed. Cir. 2008) ............................................................................................. 3

*Carroll v. Nakatani*,
342 F.3d 934 (9th Cir. 2003) ............................................................................................. 13

*Chiesi USA, Inc. v. Aurobindo Pharma USA, Inc.*,
No. 19-cv-18756, 2022 WL 3703207 (D.N.J. Aug. 16, 2022) ............................................ 2

*CNET Networks, Inc. v. Etilize, Inc.*,
584 F. Supp. 2d 1260 (N.D. Cal. 2008) .............................................................................. 2

*E.I. du Pont De Nemours & Co. v. Unifrax I LLC*,
921 F.3d 1060 (Fed. Cir. 2019) ........................................................................................... 1

*Fairchild Semiconductor Corp. v. Power Integrations, Inc.*,
100 F. Supp. 3d 357 (D. Del. 2015) .................................................................................... 3

*General Talking Pictures Corp. v. Western Elec. Co.*,
304 U.S. 175 (1938) ............................................................................................................ 1

*Greenlaw v. United States*,
554 U.S. 237 (2008) .......................................................................................................... 14

*Indivior Inc. v. Dr. Reddy's Lab'ys., S.A.*,
930 F.3d 1325 (Fed. Cir. 2019) ......................................................................................... 13

*Invitrogen Corp. v. Clontech Lab'ys, Inc.*,
429 F.3d 1052 (Fed. Cir. 2005) ..................................................................................... 3, 12

*Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*,
655 F.3d 1364 (Fed. Cir. 2011) ...................................................................................... 2, 3

*Tech. Licensing Corp. v. Videotek, Inc.*,
545 F.3d 1316 (Fed. Cir. 2008) ........................................................................................... 4

*United States v. Sineneng-Smith*,
140 S. Ct. 1575 (2020) ...................................................................................................... 14

**Statutes**

35 U.S.C. § 102 .................................................................................................................1, 2

35 U.S.C. § 102(a) ..........................................................................................................1, 2, 4

35 U.S.C. § 102(b) .......................................................................................................2, 4, 8, 11

35 U.S.C. § 112 .....................................................................................................................2

35 U.S.C. § 119 .....................................................................................................................4

35 U.S.C. § 120 .....................................................................................................................4

**Other Authorities**

3 Annoted Patent Digest § 17:10 ..........................................................................................2

Fed. R. Civ. Proc. 59 ...........................................................................................................13

Fed. R. Civ. Proc. 60 ......................................................................................................13, 14

Fed. R. Civ. Proc. 60(b)(3) .................................................................................................14

Fed. R. Civ. Proc. 60(c)(3) .................................................................................................14

https://www.uspto.gov/web/offices/pac/mpep/s2152.html ...................................................1

Sonos submits this brief in response to the Court's request for briefing on the priority date of the '885 and '966 patents. Dkt. 796. As explained below, until the Court raised the issue *sua sponte*, Google did not challenge that the priority date of the patents is September 12, 2006, which is the filing date of the provisional application. As further explained, the Court should not vacate the final judgment.

## I. CONCEPTION DATE, EFFECTIVE FILING DATE, AND PRIORITY DATE

Sonos begins by explaining the relationship between conception date, effective filing date, and priority date. This discussion applies to pre-AIA patents, which the asserted patents in this case are. *See* https://www.uspto.gov/web/offices/pac/mpep/s2152.html. As a preface, we note that each of these dates is technically determined on a claim-by-claim basis. Here, however, the parties treat the dates as applying to all asserted claims. Given that understanding, we refer to the dates as though they apply to every claim.

When determining whether a reference qualifies as prior art to a patent under pre-AIA 35 U.S.C. § 102, there are two key dates at issue. *See* Pre-AIA 35 U.S.C. § 102. The first is "***conception date***" and the second is the "***effective filing date***."

The first key date – "***conception date***" – is the date on which the inventor had "a definite and permanent idea of the complete and operative invention." *E.I. du Pont De Nemours & Co. v. Unifrax I LLC*, 921 F.3d 1060, 1075 (Fed. Cir. 2019) (citation omitted). This is sometimes also referred to as the "invention date." Under pre-AIA § 102(a), a reference qualifies as prior art if it was "known or used by others" in the United States or "patented or described in a printed publication" in the United States or a foreign country before the inventor's conception date. Pre-AIA 35 U.S.C. § 102(a). In other words, if a reference was in the public domain before the inventor's conception date, then that reference qualifies as prior art to the patent's claims under pre-AIA § 102(a).

The second key date is a patent's "***effective filing date***." A patent's effective filing date is the filing date of the earliest patent application in the patent's priority chain that provides written description support for the claims of the patent. *General Talking Pictures Corp. v. Western Elec. Co.*, 304 U.S. 175, 183 (1938) ("The subject matter of the claims of the … patents

were disclosed in the original applications and were claimed in the continuation applications upon which they issued. … The effective dates of the claims of the continuation applications are those of the original applications."); *Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, 655 F.3d 1364, 1371 (Fed. Cir. 2011) ("Claims deserve the provisional application's earlier filing date so long as that application contains adequate written description under 35 U.S.C. § 112."). Under pre-AIA § 102(b), a reference qualifies as prior art if it was published in the United States or a foreign country or "in public use or on sale" in the United States more than one year prior to a patent's effective filing date. Pre-AIA 35 U.S.C. § 102(b); *CNET Networks, Inc. v. Etilize, Inc.*, 584 F. Supp. 2d 1260, 1264, 1268 (N.D. Cal. 2008). This "one year prior" date is commonly referred to as the patent's "critical date." *See, e.g.,* ND Cal Model Pat. Jury Inst. No. 4.3a2.

      ***Conception date*** and ***effective filing date*** are both relevant to identifying prior art. If a reference has a date that is more than one year before a patent's effective filing date, then that reference will qualify as prior art under pre-AIA § 102(b), regardless of whether it also pre-dates the inventor's conception date. 3 Annotated Patent Digest § 17:10 (General aspects of anticipation under § 102(b)) ("Under [Pre-AIA § 102(b),] any United States patent that was issued more than one year prior to the effective filing date of the patent being challenged, can be used to defeat the patent application without regard to the actual date of invention by the applicant."). On the other hand, if a reference was published less than one year before a patent's effective filing date, then that reference will qualify, ***not*** as prior art under pre-AIA § 102(b), but it will still qualify as prior art under pre-AIA § 102(a) if it was published before the conception date. In contrast, if a reference is dated after a patent's effective filing date, then it will not qualify as prior art under any subsection of pre-AIA § 102. In this respect, an inventor's conception date typically comes into play when there are alleged prior art references that have dates falling within the 1-year time window preceding the patent's effective filing date. This is because an alleged prior art reference having a date prior to that 1-year time window will qualify as prior art under pre-AIA § 102(b) regardless of the conception date.

      Procedurally, the starting point for analysis of conception date is the presumption that a patent's conception date is the same as the patent's effective filing date. *Chiesi USA, Inc. v.*

*Aurobindo Pharma USA, Inc.*, No. 19-cv-18756, 2022 WL 3703207, at *11 (D.N.J. Aug. 16, 2022) ("Initially, 'the date of the invention is presumed to be the filing date of the parent application.'") (quoting *Ecolochem, Inc. v. Southern Cal. Edison Co.*, 227 F.3d 1361, 1371 (Fed. Cir. 2000)).  That is because, as noted, a patent's effective filing date is the earliest date on which a patent application conveying that the inventor had possession of the claimed invention was filed with the patent office.  *E.g., Star Scientific, Inc.*, 655 F.3d at 1371.

However, if a patent owner can establish that there was an earlier conception date, then this earlier conception date can be used to disqualify alleged prior art that falls within the 1-year time window preceding the patent's effective filing date. *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 693–94 (Fed. Cir. 2008) (patentee showed conception and a constructive reduction to practice of the claimed invention before the asserted prior art reference, thus removing that reference from being anticipatory prior art).  The legal requirements for establishing an earlier conception date are (i) evidence showing that the inventor was in possession of every feature recited in the claim (*i.e.*, the inventor had formed in his or her mind a definite and permanent idea of the complete and operative invention), (ii) evidence showing the inventor knew that s/he had conceived every feature recited in the claim (*i.e.*, that the inventor had appreciated that which s/he had invented), and (iii) evidence showing reasonable diligence between the earlier conception date and the reduction to practice of the invention (if the date of the alleged prior art reference comes before the reduction to practice but after the conception). *Fairchild Semiconductor Corp. v. Power Integrations, Inc.*, 100 F. Supp. 3d 357, 368 (D. Del. 2015) (citing *Coleman v. Dines*, 754 F.2d 353, 359 (Fed. Cir. 1985)); *Invitrogen Corp. v. Clontech Lab'ys, Inc.*, 429 F.3d 1052, 1063 (Fed. Cir. 2005).

Turning to a patent's "***priority date***," that term usually refers to the patent's effective filing date – this is how Sonos has used the term "***priority date***" in its submissions to the Court in this case.  However, the term "***priority date***" can also sometimes be used when referring to an inventor's conception date (and Google has at times used the term "priority date" this way).  *See,*

*e.g., Tech. Licensing Corp. v. Videotek, Inc.*, 545 F.3d 1316, 1324 n.5 (Fed. Cir. 2008).[1]  To avoid any confusion, Sonos has used the terms "effective filing date" and "conception date" in its discussion herein because they are more precise.

Since the beginning of the case, Sonos's position has been that the '885 and '966 patents are entitled to (i) an effective filing date of September 12, 2006, which is the filing date of the provisional application, and (ii) a conception date of December 21, 2005, which is the last-modified date of Mr. Lambourne's UI specification for "zone scenes."  This means that the "critical date" for purposes of pre-AIA § 102(b) (*i.e.*, the date that is one year before the effective filing date) is September 12, 2005, and any alleged reference that precedes that critical date will qualify as prior art under pre-AIA § 102(b) regardless of conception date.  On the other hand, any alleged reference having a date that falls between the September 12, 2005 critical date and the September 12, 2006 effective filing date cannot qualify as § 102(b) prior art, and can only qualify as § 102(a) prior art if the reference has a date that precedes the December 21, 2005 conception date.  The following timeline illustrates these dates:



---

[1] "'Priority' is a term which, like 'jurisdiction,' has many meanings and which depends for its meaning on context.  The term is sometimes used, as here, when a patent application is entitled to the benefit of the filing date of an earlier United States patent application.  The statute that provides for that entitlement is 35 U.S.C. § 120, which does not use the term 'priority.'  The term does appear in 35 U.S.C. § 119, which provides that an application is entitled to the benefit of the filing date of an earlier foreign application, subject to certain limitations and conditions.  And, of course, the term is commonly used in connection with interference practice.  For clarity, we refer not to a priority date but to entitlement to the benefit of a filing date, or simply the effective filing date." *Tech. Licensing Corp.*, 545 F.3d at 1324 n.5.

## II. GOOGLE STIPULATED THAT THE '885 AND '966 PATENTS ARE ENTITLED TO A CONCEPTION DATE OF DECEMBER 21, 2005

Leading up to trial, Google disputed whether the '885 and '966 patents were entitled to a conception date of December 21, 2005. However, during trial, Google stipulated that the '885 and '966 patents were entitled to a December 21, 2005 conception date, which is the last-modified date of Mr. Lambourne's UI specification for "zone scenes." This is confirmed by the following exchange between the Court and Google's counsel during trial:

> **THE COURT**: Is there some issue in this case as to what the date of invention was for purposes of what the date of the invention was?
>
> **MR. PAK [GOOGLE]**: No, absolutely not. I was a little bit surprised because the conception date is December 21, 2005, and the Sonos forum postings predate that, the ones we are relying on that -- I was a little bit surprised by that.
>
> **THE COURT**: Just a second. Why -- where does a conception date come from?
>
> **MR. PAK**: It comes from the UI specification that we saw, the zone scenes UI specification that had the date of December 21, 2005. Parties agreed that is the date.
>
> **THE COURT**: That's stipulated to?
>
> **MR. PAK**: It is stipulated to.

Trial Tr. at 643:10-23; *see also id*., 446:18-447:7.

The Court accordingly instructed the jury that the parties agreed the patents' "priority date" was December 21, 2005—and Google agreed:

> **THE COURT:** So, in this case Google is making an argument – I'm not saying that I agree or disagree with it; that's going to be up to you -- Google is making an argument that the 2005 Sonos system, which you've heard so much about, is prior art, meaning, it preceded the patents in question and, thus, is fair game for you to consider whether or not the -- how much of an improvement over the prior art the patents are.
>
> Google will combine -- I know this because we – I've heard the arguments -- will combine the 2005 Sonos system with some additional information that you haven't heard yet to try to argue to you that it would have been obvious to someone of skill in the art to make the claimed invention at the time of the priority date.

> Now, what is a priority date? ***The priority date in this case, they all agree, is December 21, 2005.*** I think that's the date that the patent -- the original family of patents was applied for; is that right? No? What is that date?
>
> **MS. CARIDIS [SONOS]:** That's a conception date, Your Honor.
>
> **THE COURT:** Okay. But ***they both agree that that's it; right***.
>
> **MR. PAK [GOOGLE]:** ***Yes, Your Honor***.
>
> **THE COURT:** That's one thing they agree on. December 21. That date is the darkest day of the year. December 21.

Trial Tr. at 450:14-451:22 (emphasis added).

### III. GOOGLE ALSO ADMITTED THAT THE '885 AND '966 PATENTS ARE ENTITLED TO AN EFFECTIVE FILING DATE OF SEPTEMBER 12, 2006

While Google is now arguing that the '885 and '966 patents are only entitled to an effective filing date (*i.e.*, a priority date) of 2019 due to an amendment to the specification made on August 23, 2019, Google never once made this argument prior to trial. Instead, Google has treated the effective filing date of the '885 and '966 patents as September 12, 2006, the filing date of the provisional application. And as explained in Sonos's prior briefing, Google made these admissions regarding the effective filing date while being fully aware of Sonos's 2019 amendment to the specification, which again demonstrates that Google did not believe the amendment had any impact on the effective filing date the '885 and '966 patents.

Below is a summary of the many places where Google acknowledged and agreed that the effective filing date of the '885 and '966 patents is September 12, 2006.

<u>Google's Trial Brief (Dkt. 622)</u>

On April 26, 2023, Google filed a trial brief to "assist the Court in understanding certain issues specific to trial in this case." Dkt. 622 at 1. Google made the following statements regarding the effective priority date of the '885 and '966 patents:

> The two patents were both filed on April 12, 2019, and both ***claim priority*** through a series of continuation applications to an application filed on September 11, 2007, as well as a ***provisional application filed on September 12, 2006***.

> Because ***the claimed earliest effective filing date for the '885 and '966 patents is September 2006***, the Sonos prior art system is prior art under at least 35 U.S.C. § 102(b).
>
> It is undisputed that these 2005 Sonos forum posts are prior art under 35 U.S.C. § 102(a) and/or (b) because they pre-date ***the critical date (i.e., prior to September 12, 2005)***, pre-date the alleged conception date (i.e., prior to December 21, 2005), and were published prior to the ***patent filing date on September 12, 2006***.
>
> The Squeezebox system was publicly available, on sale, offered for sale, and described in printed publications both before ***the critical date (i.e., prior to September 12, 2005)***, before the alleged conception date (i.e., prior to December 21, 2005), and prior to the ***patent filing date on September 12, 2006***. Thus, it was prior art under at least section 102(a) and 102(b).

*Id*. at 4, 10, 12 (emphasis added).

These statements show that Google understood and agreed September 12, 2006 was the effective filing date of the '885 and '966 patents. Indeed, whereas Google qualified the conception date in its trial brief by using the phrase "the ***alleged*** conception date," Google used no such qualifier when referring to the effective filing date and corresponding critical date – it stated that "***the*** critical date" was "prior to September 12, 2005" and that "***the*** patent filing date" was "on September 12, 2006." Moreover, Google's trial brief never mentioned Sonos's 2019 amendment or even hinted that the '885 and '966 patents had a later priority date.

<u>*Google's Proposed Jury Instructions (Dkt. 617 & 620)*</u>

On April 26, 2023, the parties submitted joint proposed jury instructions to the Court along with respective memoranda in support of the parties' proposed jury instructions. In those jury instruction materials, Google made several statements showing that Google had conceded September 12, 2006 as the effective filing date of the '885 and '966 patents.

For instance, Google's proposed instruction for the perspective of one of ordinary skill in the art to be used for invalidity was as follows (where strikethrough indicates deletion from the model instruction and yellow highlighting indicates changed or added language):

> **DISPUTED INSTRUCTION NO. 15 RE INVALIDITY—PERSPECTIVE OF ONE OF ORDINARY SKILL IN THE ART**
>
> **OFFERED BY GOOGLE**
>
> The question of invalidity of a patent claim is determined from the perspective of a person of ordinary skill in the art in the field of the alleged invention ~~as of [the effective filing date of the patent(s)]~~ in the relevant timeframe. For the '885 and '966 patents, that timeframe is between December 2005 and September 2006. In deciding the level of ordinary skill, you should consider

Dkt. 617 (Joint Jury Instructions) at 42. This shows that Google replaced the model language "the effective filing date of the patent(s)" with a timeframe between December 2005 (*i.e.*, conception date) and September 2006 (*i.e.*, the effective filing date).

Further, Google's proposed instruction on § 102(b) invalidity ("statutory bar") specifically identified ***September 12, 2005*** as the critical date, necessarily conceding that September 12, 2006 is the effective filing date of the '885 and '966 patents. *Id*. at 50.

Further yet, Google's proposed instruction on obviousness included the following:

> With respect to the '885 and the '966 patents, Sonos contends that it conceived of the alleged invention on December 21, 2005, but Google contends that Sonos is not entitled to an invention date before September 12, 2006.

*Id*. at 59. This shows that Google was challenging whether Sonos was entitled to an earlier ***conception date***, but was not disputing that the ***effective filing date*** was September 12, 2006.

Google then made the following statement in its memorandum in support of its proposed jury instructions:

> With respect to the '885 and the '966 patents, Sonos contends that it conceived of the alleged invention on December 21, 2005 while Google contends that Sonos is not entitled to an invention date before ***September 12, 2006, which is the earliest effective filing date***. . . . Unless and until Sonos proves it is entitled to a December 21, 2005 conception date, the instruction should identify the ***September 12, 2006 effective filing date***.

Dkt. 620 at 12 (emphasis added). This statement definitively establishes that Google had conceded September 12, 2006 as the effective filing date of the '885 and the '966 patents.

*Proposed Joint Final Pretrial Order (Dkt. 615)*

In the parties' proposed joint final pretrial order filed on April 26, 2023, Google agreed to include the following undisputed or stipulated facts:

> 6. The '885 patent issued on November 24, 2020 and claims priority, through a series of patent applications, to U.S. Provisional No. 60,825,407 (the "'407 Provisional") filed on September 12, 2006.
>
> 7. The '966 patent issued on November 5, 2019 and also claims priority, through a series of patent applications, to the '407 Provisional.

Dkt. 615 at 7. Google's agreement to include this information regarding the '885 and '966 patents' claim of priority back to the provisional application filed on September 12, 2006 again shows that Google had accepted September 12, 2006 as the effective filing date. Moreover, Google did not include "priority date" or "effective filing date" in its list of issues to be tried.

*Google's Alleged Prior Art*

Google's understanding and agreement that September 12, 2006 was the effective filing date of the '885 and '966 patents is further confirmed by Google's identification of alleged prior art. All of Google's prior art pre-dated September 12, 2006. Google's demonstratives specifically show the September 12, 2006 filing date of the provisional application as the "earliest priority date" and then only identify prior art from ***prior to 2006***:

[Prior Art Timeline demonstratives]

*See* Dkt. 768-1 at 29 (DDX1.29) (Google's opening statement demonstratives); *id.* at 94 (DDX10.13) (Dr. Schonfeld's demonstratives).

If Google had truly disputed September 12, 2006 as the effective filing date and argued for a 2019 effective filing date, then Google would have pursued other alleged prior art references that were published in the United States or a foreign country or in public use or on sale in the United States between September 12, 2006 and 2019. ***Google never did so*** –

1  Google's invalidity theories were always based on prior art from before 2006, because Google
2  never challenged that September 12, 2006 was the effective filing date of the '885 and '966
3  patents.

4      Google's agreement that September 12, 2006 was the effective filing date of the '885 and
5  '966 patents is also confirmed by this exchange during the May 18, 2023 charge conference:

> **THE COURT:** All right. Okay. Do you have any prior – items of prior art you want to be called out to the jury?
>
> **MS. MOULTON [SONOS]:** We would like to say that the Crestron document, which is from 2008, which is not prior art.
>
> **THE COURT:** What do you say to that?
>
> **MR. PAK [GOOGLE]:** Your Honor, I think the – there may have been some confusion. There is a 2008 one that we showed. There is a 2005 user manual as well as part of the intrinsic record, *but I don't have a problem saying the 2008 version was not prior art. I think that's what you're asking for.*

13 Trial Tr. at 1629:20-1630:5 (emphasis added). This agreement by Google's counsel that a 2008
14 user manual is "not prior art" shows that Google understood and agreed that the effective filing
15 date of the '885 and '966 patents was *before 2008* (*i.e.*, it was September 12, 2006 as shown on
16 Google's trial demonstratives). Indeed, if Google was truly arguing that the effective filing date
17 of the '885 and '966 patents was 2019, then the 2008 user guide would have qualified as
18 § 102(b) prior art under Google's theory (regardless of the conception date) and Google would
19 not have agreed that "the 2008 version was not prior art." Of course, that is not what happened.

20 **IV.   GOOGLE'S STIPULATION TO A DECEMBER 21, 2005 CONCEPTION DATE
21       NECESSITATES AN EFFECTIVE FILING DATE OF SEPTEMBER 12, 2006**

22     While conception date and effective filing date are not the same thing, Google's
23 stipulation to the December 21, 2005 conception date for the '885 and '966 patents further
24 proves why the '885 and '966 patents are entitled to a September 12, 2006 effective filing date.

25     As explained above, Google's stipulation to the December 21, 2005 conception date was
26 based on Mr. Lambourne's UI specification for "zone scenes," which had a last-modified date of
27 December 21, 2005. TX6545. And as also explained above, in order to establish an earlier
28 conception date, the law requires evidence showing that the inventor was in possession of every

feature of the claims as of the alleged conception date. *E.g., Invitrogen Corp.*, 429 F.3d at 1063. Because of this, Google's stipulation to the December 21, 2005 conception date serves as an admission that the December 21, 2005 version of Mr. Lambourne's UI specification for "zone scenes" shows possession of *every feature of the claims* of the '885 and '966 patents – including the *overlapping zone scenes*. Indeed, if this were not the case, Google would not have agreed that Mr. Lambourne's UI specification for "zone scenes" met the standard for establishing an earlier conception date for the claims of the '885 and '966 patents.

The trial record also shows that the September 12, 2006 provisional application included a later version of Mr. Lambourne's UI specification for "zone scenes" as part of its disclosure of Sonos's zone scenes technology. And while there were some edits to that later version of Mr. Lambourne's UI specification for "zone scenes" relative to the December 21, 2005 version, none of those edits relate to the portion of the UI specification where overlapping zone scenes are disclosed. *Compare* TX6545 at pp. 5-17 *with* TX2651, App'x A at pp. 5-17. Thus, for the same reasons that Google was willing to stipulate to the December 21, 2005 conception date for the claims of the '885 and '966 patents based on Mr. Lambourne's UI specification, the provisional application that includes a later version of Mr. Lambourne's UI specification establishes a September 12, 2006 effective filing date for the claims of the '885 and '966 patents.

V. **GOOGLE'S NEW AND UNTIMELY PRIORITY DATE CHALLENGE DOES NOT ALTER THE OUTCOME OF THE CASE**

As set forth above, Google never once disputed that September 12, 2006 was the effective filing date of the '885 and '966 patents in advance of trial, and even during trial, Google continued to take positions regarding prior art that were consistent with a September 12, 2006 priority date. Moreover, for the reasons that Sonos has already explained, the provisional application filed on September 12, 2006 provides adequate disclosure for overlapping zone scenes. Dkt. 711 at 5; Dkt. 723; Dkt. 789 at 4. However, even if the Court were to entertain Google's reversal on priority date and argument that the '885 and '966 patents are not entitled to the September 12, 2006 filing date of the provisional application, that would not change the outcome of this case.

For example, the provisional application is just the earliest patent application in the priority chain of the '885 and '966 patents, and the next application is the first non-provisional application filed on September 11, 2007, which includes additional disclosure of overlapping zone scenes that remains largely undisputed by Google. Dkt. 711; Dkt. 723 at 24-32. Thus, even if Sonos were no longer able to rely on the September 12, 2006 filing date of the provisional application, Sonos would still be entitled to rely on the September 11, 2007 date of the first non-provisional application as the effective filing date, which has no impact on Google's invalidity case because all of Google's alleged prior art references were from prior to 2006.

## VI.   THE COURT SHOULD NOT REOPEN THE FINAL JUDGMENT

The Court also asked whether the final judgment should be vacated. It should not. As Sonos has explained, Google chose to litigate this case on the understanding that the effective filing date of the '885 and '966 patents was September 12, 2006. At no point prior to trial did Google question that date or put forth any evidence or argument that Sonos was not entitled to the September 12, 2006 filing date of the provisional application and instead should be limited to the date of the 2019 amendment to the specification or some other date. Reopening the final judgment based on this issue is unwarranted and would violate the party presentation rule.

The standard for vacating a final judgment is extremely high. The Court would have to proceed under Rule 59 or Rule 60. Reconsideration of a final judgment under Rule 59 is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotation marks omitted); *Indivior Inc. v. Dr. Reddy's Lab'ys., S.A.*, 930 F.3d 1325, 1340-41 (Fed. Cir. 2019) ("While Rule 59 gives a court authority to alter or amend a judgment, that authority is exercised only in limited circumstances, such as to prevent a manifest injustice . . . it is neither unusual nor unjust for a party to be bound by its litigation decisions."). Indeed, a losing party cannot use a Rule 59 motion to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Alcohol Monitoring Sys., Inc. v. BI Inc.*, 2014 WL 3508894, *2 (D. Colo. 2014).

Granting relief from a final judgment under Rule 60 is similarly strict. Here, it would require Google to demonstrate "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Rule 60(b)(3); *see also* Rule 60(c)(3) (Court may "set aside a judgment for fraud on the court"). Sonos has not defrauded the Court or made any misrepresentation about the written description of the asserted patents. Instead, Sonos has consistently maintained—based entirely on the public file histories of the patents—that the provisional application contains written description support for the claims. Accordingly, there is no basis for vacating the final judgment under Rule 60.

Finally, reopening the final judgment on this issue would violate the party-presentation rule. The party-presentation rule dictates that Courts must "rely on the parties to frame the issues for decision," because courts occupy "the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020) (quoting *Greenlaw v. United States*, 554 U.S. 237, 243 (2008)). Indeed, our adversarial system rests on "the premise that parties represented by competent counsel know what is best for them, and are responsible for advancing **the facts** and argument entitling them to relief." *Id.* (emphasis added and internal quotations omitted). Google has never developed a challenge to Sonos's September 12, 2006 effective filing date, and has affirmatively stipulated to Sonos's December 21, 2005 conception date. The Court ought not to cure Google's strategic litigation decisions at this stage of the case. *See AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1215 (9th Cir. 2020) (declining, under the party-presentation rule, to consider an argument that a party failed to raise until it filed a supplemental brief at the court's request).

Dated: June 6, 2023

ORRICK HERRINGTON & SUTCLIFFE LLP
*and*
LEE SULLIVAN SHEA & SMITH LLP

By: */s/ Clement Seth Roberts*
    Clement Seth Roberts

*Attorneys for Sonos, Inc.*