CLEMENT SETH ROBERTS (SBN 209203)
croberts@orrick.com
BAS DE BLANK (SBN 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (SBN 260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   +1 415 773 5700
Facsimile:    +1 415 773 5759

SEAN M. SULLIVAN (*pro hac vice*)
sullivan@ls3ip.com
MICHAEL P. BOYEA (*pro hac vice*)
boyea@ls3ip.com
COLE B. RICHTER (*pro hac vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:   +1 312 754 0002
Facsimile:    +1 312 754 0003

*Attorneys for Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC., <br><br> *Plaintiff and Counter-defendant*, <br><br> v. <br><br> GOOGLE LLC, <br><br> *Defendant and Counter-claimant*. | Case No. 3:20-cv-06754-WHA <br><br> Consolidated with <br> Case No. 3:21-cv-07559-WHA <br><br> **SONOS, INC.'S MOTION FOR LEAVE TO SUBMIT RESPONSE TO GOOGLE'S JUNE 6, 2023 PAPER** <br><br> Judge: Hon. William Alsup <br> Courtroom: 12, 19th Floor <br> Trial Date: May 8, 2023 |

Pursuant to Northern District of California Civil Local Rule 7-11, Sonos, Inc. ("Sonos") hereby moves this Court for an order granting it leave to file a response to Google's June 6, 2023 Paper Regarding Conception and Priority Date (Dkt. 808) ("Google's Paper"). Last week, Google sought, and was granted, leave to submit a response to one of Sonos's papers concerning the written description issue. Dkt. 795 (order granting Google leave to file response). For similar reasons, Sonos seeks similar leave to file this response, attached hereto as Exhibit A.

In Google's paper, Google has, for the first time in this case, explained its position on why it believes that the 2005 conception document evidences conception of the '885/'966 patents but the 2006 provisional application does not evidence the claimed priority date despite the 2006 provisional being nearly identical to the 2005 conception document. According to Google, this is the case because the 2005 conception document discloses the "overlapping" concept because it discloses a "morning" scene and an "all zone players" scene (*i.e.*, the "party mode" zone scene),[1] whereas the 2006 provisional application had removed the reference to "party mode" in the second sentence of the document. Google's Paper at 10. According to Google, by removing this reference to "party mode," Google claims that the 2006 provisional application no longer disclosed an "all zone players" zone scene. *Id.*

However, Google is incorrect that the 2006 provisional application fails to disclose an "all zone players" zone scene. Sonos seeks leave to file a three-page brief pointing out where the 2006 provisional expressly discloses an "all zone players" zone scene and thus why, under Google's own interpretation, which has now been set forth for the first time in this case, the 2006 provisional supports the "overlapping" concept.

Google opposes this motion. In Google's view, Google has already made the argument in the post-trial memoranda solicited by the Court that the 2006 provisional application allegedly

---

[1] Prior to Google's Paper, Google had never explained its position on why it agreed that the 2005 conception documents evidenced conception. Google's new explanation is as follows: "the 2005 conception documents provide support for the concept of overlapping zone scenes (i.e., they disclose a user-configurable zone scene such as a morning scene that includes fewer than all zone players, as well as a party mode zone scene that includes all zone players, thereby necessarily disclosing an overlap between those zone scenes)…." Google's Paper at 10.

SONOS'S MOT. FOR LEAVE TO SUBMIT
RESPONSE TO GOOGLE'S JUNE 6, 2023 PAPER
CASE NO. 3:20-CV-06754-WHA

fails to support the "overlapping" concept. Thus, according to Google, Sonos should have said everything it wanted to say in response to these memoranda. But this is only half the story.

In Google's June 6, 2023 Paper, Google, for the first time, set forth its explanation for why the 2005 conception document evidences conception (not just why the 2006 provisional application does not provide support). Specifically, Google stated:

> [T]he 2005 conception documents provide support for the concept of overlapping zone scenes (*i.e.*, they disclose a user-configurable zone scene such as a morning scene that includes fewer than all zone players, *as well as a party mode zone scene that includes all zone players*, *thereby necessarily disclosing an overlap between those zone scenes*) . . .

Google's Paper at 10 (emphasis added). The very next portion of that sentence contains an inaccuracy; specifically:

> . . . the 2006 provisional application contains **no such disclosure** and, thus, contains no written description of overlapping zone scenes.

*Id.* (emphasis added). It is not accurate that the 2006 provisional "contains no such disclosure." Indeed, the 2006 provisional discloses an "all zone players" zone scene, which is the very disclosure that Google has now, for the first time, admitted "necessarily disclos[es] an overlap." Accordingly, Sonos seeks leave to file the attached three-page response to address this inaccurate statement and to explain why, under Google's newly-conceded interpretation, the 2006 provisional supports the "overlapping" concept.

Dated: June 9, 2023

ORRICK HERRINGTON & SUTCLIFFE LLP
*and*
LEE SULLIVAN SHEA & SMITH LLP

By: */s/ Clement S. Roberts*
    Clement Seth Roberts

*Attorneys for Sonos, Inc.*