CLEMENT SETH ROBERTS (SBN 209203)
croberts@orrick.com
BAS DE BLANK (SBN 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (SBN 260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   +1 415 773 5700
Facsimile:    +1 415 773 5759

SEAN M. SULLIVAN (*pro hac vice*)
sullivan@ls3ip.com
MICHAEL P. BOYEA (*pro hac vice*)
boyea@ls3ip.com
COLE B. RICHTER (*pro hac vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:   +1 312 754 0002
Facsimile:    +1 312 754 0003

*Attorneys for Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>　　　*Plaintiff and Counter-defendant,*<br><br>　　v.<br><br>GOOGLE LLC,<br><br>　　　*Defendant and Counter-claimant.* | Case No. 3:20-cv-06754-WHA<br><br>Consolidated with<br>Case No. 3:21-cv-07559-WHA<br><br>**SONOS, INC.'S RESPONSE TO GOOGLE'S JUNE 6, 2023 PAPER**<br><br>Judge: Hon. William Alsup<br>Courtroom: 12, 19th Floor<br>Trial Date: May 8, 2023 |

Sonos respectfully submits this response to Google's filing concerning the Court's Request Regarding Priority Date (Dkt. 808, ("Google's Paper")) to correct Google's mistaken statement that the September 12, 2006 provisional does not disclose an "all zones" zone scene.

In Google's Paper, Google explained its position on why it agreed that the December 21, 2005 conception documents (TX6545),[1] evidenced conception of the '885 and '966 patents, but a nearly identical September 12, 2006 provisional patent application does not support the September 12, 2006 priority date. Google's Paper at 7-12. At its heart, Google's explained:

> Accordingly, while ***the 2005 conception documents provide support for the concept of overlapping zone scenes (i.e., they disclose a user-configurable zone scene such as a morning scene that includes fewer than all zone players, as well as a party mode zone scene that includes all zone players, thereby necessarily disclosing an overlap between those zone scenes)***, the 2006 provisional application contains no such disclosure and, thus, contains no written description of overlapping zone scenes.

*Id.* at 10 (emphasis added). Specifically, Google argues that the 2005 conception documents expressly use the term "party mode," which is a "zone scene that includes all zone players." *Id*. And because the 2005 conception documents also disclose a "morning scene," the 2005 conception documents "necessarily disclos[e] an overlap between these zone scenes" because the "party mode" scene will be all zone players and the "morning scene" will be a subset of all zone players. *Id.*

The key to Google straddling the line between yes-conception and no-priority-date is Google's argument that when Sonos filed the September 12, 2006 provisional application, it deleted the sentence "This is similar to the current Party Mode setting that is available," thereby allegedly deleting any disclosure of an "all zones" zone scene from the provisional application and thus removing the disclosure that would have supported the "overlapping" concept from the provisional application. *Id.* However, Google has ignored the fact that the September 12, 2006 provisional application specification (and the September 11, 2007 non-provisional filing) *does*

---

[1] Sonos and Google rely on Mr. Lambourne's "2005 Sonos UI Specification" document, dated December 21, 2005, as evidencing the December 21, 2005 conception date of the '885 and '966 patents. This document is TX6545.

contain a disclosure of an "all zones" zone scene – and in fact, it is an express disclosure of an "all zones" zone scene (as opposed to a mere reference to a "party mode"). For this reason, the September 12, 2006 provisional application – under Google's own interpretation clearly set forth by Google in Google's Paper at p. 10 – actually provides *better* support for the "overlapping" concept than the December 21, 2005 conception document.

The following are screenshots of the September 12, 2006 provisional specification showing the disclosure of the "all zones" zone scene:

> Expanding this idea further, the Zone Scene can be set to create multiple sets of linked zones. For example the "Morning Mode" scene would create 3 separate groups of zones, the downstairs zones would be linked together, the upstairs zones would be linked together in their own group, and the outside zones (in this case the patio) would move into a group of its own.
>
> Optionally, a system may be supplied with a command that links all zones in one step. This may be a simple form of a zone scene. In one

TX2651 (September 12, 2006 provisional application) at 12-13 (underline annotations added). The September 11, 2007 non-provisional filing contains substantively the same disclosure:

> [0052]   For instance, a "Morning" zone scene/configuration command would link the Bedroom, Den and Dining Room together in one action. Without this single command, the user would need to manually and individually link each zone. FIG. 3A provides an illustration of one zone scene, where the left column shows the starting zone grouping – all zones are separate, the column on the right shows the effects of grouping the zones to make a group of 3 zones named after "Morning".
>
> [0055]   One important of the features, benefits and objects in the present invention is that that zones do not need to be separated before a zone scene is invoked. In one embodiment, a command is provided and links all zones in one step, if invoked. The command is in a form of a zone scene. After linking the appropriate zones, a zone scene command could apply the following attributes:

Dkt. 723-4 (September 11, 2007 non-provisional filing) at ¶¶ 52, 55 (underline annotations added). Plainly, and contrary to Google's Paper, the September 12, 2006 provisional application and the September 11, 2007 non-provisional filing disclose both a "morning" zone scene comprising a subset of all zone players *and* an "all zones" zone scene comprising "all zones." This is the exact type of disclosure that Google's Paper argues supports the "overlapping" concept in the December 21, 2005 conception documents. Google's Paper at 10 ("***the 2005 conception documents provide support for the concept of overlapping zone scenes (i.e., they disclose a user-configurable zone scene such as a morning scene that includes fewer than all zone players, as well as a party mode zone scene that includes all zone players, thereby necessarily disclosing an overlap between those zone scenes)***"). For the same reason, the "overlapping" concept is supported by the September 12, 2006 provisional and September 11, 2007 non-provisional applications. This puts the matter to rest once and for all.

For the avoidance of doubt, Sonos has consistently relied on this exact disclosure from the September 12, 2006 provisional as support for the "overlapping" concept throughout the case, including:

- relying on this passage in Sonos's September 7, 2021 response to Google's interrogatory no. 1 asking for Sonos's position on how the September 12, 2006 provisional supports the claimed September 12, 2006 priority date;

- relying on this passage to rebut Google's cross-motion for summary judgment that there was no written description support for the "overlapping" concept, *see* Dkt. 274 at 10;

- relying on this passage for written description support in Sonos's May 11, 2023 trial brief, *see* Dkt. 711 at 4;

- relying on this passage for written description support in Sonos's May 14, 2023 trial brief, *see* Dkt. 723 at 4, 27.

There can no longer be any dispute that the September 12, 2006 provisional application (and the September 11, 2007 non-provisional application) supports the "overlapping" concept.

| | |
|---|---|
| Dated: June 9, 2023 | ORRICK HERRINGTON & SUTCLIFFE LLP<br>*and*<br>LEE SULLIVAN SHEA & SMITH LLP<br><br>By: */s/ Clement S. Roberts*<br>    Clement Seth Roberts<br><br>*Attorneys for Sonos, Inc.* |

4

SONOS'S RESPONSE TO GOOGLE'S
JUNE 6, 2023 PAPER
CASE NO. 3:20-CV-06754-WHA