QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Sean Pak (Bar No. 219032)
  seanpak@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  James Judah (Bar No. 257112)
  jamesjudah@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
  Iman Lordgooei (Bar No. 251320)
  imanlordgooei@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

  Marc Kaplan (*pro hac vice*)
  marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone:     (312) 705-7400
Facsimile:     (312) 705-7401

*Attorneys for GOOGLE LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>    Plaintiff and Counter-Defendant,<br><br>    vs.<br><br>GOOGLE LLC,<br><br>    Defendant and Counter-Claimant. | Case No. 3:20-cv-06754-WHA<br>Consolidated with Case No. 3:21-cv-07559-WHA<br><br>**GOOGLE LLC'S OPPOSITION TO SONOS, INC.'S MOTION FOR LEAVE TO FILE A RESPONSE TO GOOGLE'S RESPONSE TO THE COURT'S REQUEST RE PRIORITY DATE**<br><br>Location: Courtroom 12, 19th Floor<br>Judge:    Hon. William Alsup |

Sonos has moved for leave (Dkt. 812) to file a response to Google's June 6, 2023 brief (Dkt. 808) responding to the Court's request that the parties provide their positions on whether "Google stipulated to or admitted that the priority date for the patents-in-suit was September 12, 2006." Dkt. 796 at 2. In its brief, Google showed that Google neither stipulated to nor admitted any priority date for the patents-in-suit, and identified the many places throughout this litigation in which it challenged written description of the patents-in-suit. *E.g.*, Dkt. 808 at 1-7. Sonos now seeks leave to supplement its voluminous briefing on issues with three additional pages responding to an argument Google has raised throughout this case and that Sonos could and should have addressed in its response. Sonos's request is predicated on its mistaken assertion that Google's response "for the first time in this case, explained its position on why it believes that the 2005 conception document evidences conception of the '885/'966 patents but the 2006 provisional application does not evidence the claimed priority date despite the 2006 provisional being nearly identical to the 2005 conception document." Dkt. 812 at 1. But Google's position is not new. As discussed below (and as Google explained to Sonos before Sonos filed this motion—*see* Ex. A), Google has repeatedly made this point. Indeed, Sonos's response addressed Google's position, albeit cursorily (Dkt. 809 at 12). Sonos should not get another bite at the apple (and the last word) to respond. There is neither good cause nor any need for Sonos's proposed response, which raises inapposite arguments that ultimately do show that Sonos's 2006 provisional application provided written description support for overlapping zone scenes.[1]

## I.    ARGUMENT

### A.    *Sonos's Motion For Leave Does Not Comply With The Local Rules*

As an initial matter, Sonos's motion for leave fails to comply with this District's Local Rules and should be denied on that basis alone. Under Civil L.R. 7-11(a), a motion for administrative relief "must be accompanied by a proposed order and by either a stipulation under Civil L.R. 7-12

---

[1] Sonos also argues that because Google had a motion for leave (Dkt. 790) granted, so too should Sonos. *See* Dkt. 812 at 1. Yet Google's motion for leave had good cause because it did address a new argument raised by Sonos and, indeed, Sonos did not oppose Google's motion for leave. Sonos's motion, on the other hand, is not based on any new argument.

or by a declaration that explains why a stipulation could not be obtained."  Here, Sonos's motion does not include a proposed order or any declaration explaining why a stipulation with Google could not be reached.  Indeed, Sonos did not even attach the parties' correspondence in which Google explained why it would oppose Sonos's motion and listed numerous instances in which Google raised the exact argument that Sonos now claims was first presented in Google's June 6, 2023 brief. *See* Exhibit A.

## B.    *The Arguments Raised By Google In Its June 6, 2023 Response Are Not New*

There is also no good cause for an additional response from Sonos.  Sonos is simply wrong for contending Google did not explain, before June 6, why Google believes the 2006 provisional application does not provide support for a September 2006 priority date in the way the 2005 conception document supports conception of the '885 and '966 patents.  Google's June 6 brief states:

> Accordingly, **while the 2005 conception documents provide support for the concept of overlapping zone scenes** (i.e., they disclose a user-configurable zone scene such as a morning scene that includes fewer than all zone players, as well as a party mode zone scene that includes all zone players, thereby necessarily disclosing an overlap between those zone scenes), **the 2006 provisional application contains no such disclosure and, thus, contains no written description of overlapping zone scenes**.

Dkt. 808 at 10 (emphasis added).  That statement was followed by a string citation to numerous other Google briefs filed that raised **the same exact argument**—*i.e.*:

> Dkt. 785 at 1-6, 11-15 (explaining that the omission of these key portions of the conception documents from the 2006 provisional application resulted in lack of written description for overlapping zone scenes in the latter); Dkt. 788 at 1-4 (same); Dkt. 807 (explaining that a reference to "Party Mode" in Fig. 7 of the patents does not disclose overlapping zone scenes without the additional context provided by the 'party mode' disclosures in Sonos's 2005 conception documents or by a POSITA's background knowledge of the prior art Sonos 2005 system, as explained by Dr. Schonfeld during trial).

Dkt. 808 at 10-11.  Indeed, Google has raised the same exact argument in even more briefing than string cited above.  For example, in Google's response to Sonos's brief regarding priority date and written description (Dkt. 729), Google argued that "[t]here is no disclosure in these passages of overlapping zone scenes—any attempt by Sonos to read overlapping zone scenes into this disclosure is improper inference."  Dkt. 729 at 4 (discussing the Background and Summary of the Invention of the '853 patent).  Further, in

GOOGLE'S OPPOSITION TO SONOS'S MOTION FOR LEAVE

Google's response to the Court's inquiry on the appendices to the Sonos 2006 provisional (Dkt. 722), Google argued that "the '407 Provisional is missing key disclosures of the 'All Zones - Party Mode' in the context of the Sonos 2005 User Guide[.]").  Dkt. 722 at 5. Google also set forth its position on this issue in its brief regarding the prosecution history of the '885 and '966 patents:

> As Google has previously explained, Sonos claims that its amendments in 2019 were supported by the '407 Provisional. *See* Dkt 722, 729. But because all the disclosures in the provisional (as well as subsequent filings before Sonos's introduction of new matter in 2019) revolved around how to use scenes to save different combinations of zone groups, and because zone groups were dynamic and thus not overlapping, ***the provisional lacked any disclosure of overlapping zone scenes***.

Dkt. 739 at 4-5 (emphasis added).  At trial, Google's counsel also explained that the disclosures in the 2006 provisional application did not teach overlapping zone scenes.  *See* Trial Tr. at 956:2-15, 972:12-973:3.  The arguments raised in Google's June 6 brief had already been raised previously. Any further briefing on this issue is improper and the Court should deny Sonos's motion for leave. *See, e.g.*, *Heil Co. v. Curotto Can Co.,* No. 04-1590 MMC, 2004 WL 2600134, at *1, n1 (N.D. Cal. Nov. 16, 2004), *aff'd*, 163 F. App'x 908 (Fed. Cir. 2006) (denying request to file a sur-reply because the reply did not raise new arguments or facts for opposing party to address); *Hall v. City and Cty. of San Francisco*, No. 17-cv-02161-JST, 2017 WL 5569829, at *4 (N.D. Cal. Nov. 20, 2017) (plaintiffs could not demonstrate good cause because defendant's reply raised no new arguments and presented no evidence).

### C.     *There is No Good Cause for Sonos's Motion*

Sonos was on notice of Google's argument and, thus, could and should have addressed it fully in its own June 6 brief.  Indeed, Sonos did attempt to summarily address the issue in its own June 6 submission by stating:  "And while there were some edits to that later [provisional application] version of Mr. Lambourne's UI specification for 'zone scenes' relative to the December 21, 2005 version, none of those edits relate to the portion of the UI specification where overlapping zone scenes are disclosed" and that "for the reasons that Sonos has already explained, the provisional

1   application filed on September 12, 2006 provides adequate disclosure for overlapping zone scenes."

2   Dkt. 809 at 12.  There is no good cause to allow Sonos to expand its existing response with an

3   additional three-page reply to which Google cannot respond.

4       Google respectfully requests that the Court deny Sonos's motion consistent with its

5   admonishments throughout this case that made clear it would be improper for a party to address an

6   issue in only "cursory" fashion but then attempt to more fully address the issue in a reply, knowing

7   the other party will not have an opportunity to respond.  *See, e.g.*, Trial Tr. at 1787:16-1788:19; *see*

8   *also Sims v. Paramount Gold & Silver Corp.*, No. 10-356-PHX-MHM, 2010 WL 5364783, at *8

9   (D. Ariz. Dec. 21, 2010) (finding that motions for leave to file additional briefing is "highly

10  disfavored, as [it] usually [is] a strategic effort by the nonmoving party to have the last word on a

11  matter.").  That is precisely what Sonos is seeking leave to do here.

### D.    *Sonos Is Mistaken that the September 2006 Provisional Application Supports The "Overlapping" Zone Scene Concept*

12

13      Sonos's proposed response purports to show that the 2006 provisional application provided

14  written description support for an all zones zone scene akin to the prior art party mode.  Yet Sonos

15  ignores that the disclosure in the provisional application was made in the context of *one* embodiment

16  and there was no disclosure of an additional zone scene in *that* embodiment that would have

17  comprised an overlapping zone scene.  Thus, even if accepted, Sonos's proposed response does not

18  show that the 2006 provisional application disclosed overlapping zone scenes and, thus, there is

19  nothing to be gained from allowing Sonos to submit it.

20      In its motion and proposed response brief, Sonos contends that the 2006 provisional

21  application disclosed overlapping zone scenes and points to the portion of the September 12, 2006

22  provisional application that discussed a command that linked all the zones in one step as "a simple

23  form of a zone scene."  *See* Dkt. 812-1 at 2 (citing TX2651).  Sonos ignores that passage taught that

24  *in one embodiment* there is a zone scene that links all zones.  The provisional said nothing about

25  whether this same embodiment did or could include additional zone scenes—not surprisingly, as

26  this disclosure was related to saving a dynamic group as a zone scene and dynamic groups are non-

27  overlapping.  Any attempt by Sonos to read overlapping zone scenes into this disclosure can only

28

GOOGLE'S OPPOSITION TO SONOS'S MOTION FOR LEAVE

1    be supported by improper inference.  *See Crown Operations Intern., Ltd. v. Solutia Inc.*, 289 F.3d

2    1367, 1380 (Fed. Cir. 2002) ("novel aspects of the invention must be disclosed and **not left to**

3    **inference**") (emphasis added).

4        Nor can Sonos generate "written description support by picking and choosing claim elements

5    from different embodiments that are never linked together in the specification[.]"  *Flash-Control,*

6    *LLC v. Intel Corp.*, No. 2020-2141, 2021 WL 2944592, at *4 (Fed. Cir. July 14, 2021).  Sonos

7    attempts to string together the embodiments disclosed simultaneously in paragraphs 52 and 55 of

8    the non-provisional specification to argue that the specification disclosed creating both a "morning"

9    zone scene and an "all zones" zone scene that included overlapping speakers.  Dkt. 812-1 at 2.  Not

10   so.  The specification was explicit that it was only "*in one embodiment*" that a "command is

11   provided and links all zones in one step."  *Id* (emphasis added).  It was a separate embodiment,

12   appearing to describe Figure 3A, that discusses the "morning" scene.  Dkt. 723-4 at 20-21.  Between

13   the embodiment describing the "all zones" zone scene and the embodiment describing the

14   "morning" scene is yet another embodiment describing Figure 3B.  *Id.*  Clearly these were intended

15   to be and are different embodiments.  The provisional application disclosures paralleled the non-

16   provisional disclosures in, providing that "optionally" a command could "link[] all zones in one

17   step," but never connected the "morning" scene embodiment with the "all zones" embodiment.  Dkt.

18   812-1 at 2.  The provisional application did not, for example, disclose a "command that links all

19   zones in one step" while preserving or using a second zone scene that includes a subset of the zones.

20   Neither the provisional application nor the non-provisional application disclosed a **single**

21   embodiment showing overlapping zone scenes, and Sonos cannot *post hac* link these different

22   embodiments "together in the specification" to satisfy the written description requirement.  *Flash-*

23   *Control*, 2021 WL 2944592, at *4.

24   **II.    CONCLUSION**

25        This Court should deny Sonos's motion for leave to file additional briefing on the issue.

26

27

28

DATED:  June 11, 2023

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By   /s/ Sean Pak
Sean Pak
Melissa Baily
James Judah
Lindsay Cooper
Marc Kaplan
Iman Lordgooei

*Attorneys for GOOGLE LLC*

GOOGLE'S OPPOSITION TO SONOS'S MOTION FOR LEAVE