# Exhibit A

| | |
|---|---|
| **From:** | Iman Lordgooei |
| **Sent:** | Friday, June 9, 2023 11:25 AM |
| **To:** | 'Cole Richter'; Brittany Ruyak |
| **Cc:** | QE-Sonos3; LS3 Team; Sonos-NDCA06754-service |
| **Subject:** | RE: Sonos's Motion for Leave to File Response to Google's June 6, 2023 Paper |

Cole,

We oppose Sonos's motion for leave to file a response. Unlike the issue addressed in Google's recent motion for leave to file a response (Dkt. 790), the issue raised in Sonos's email is not a new argument nor one that Google raised for the first time in its June 6, 2023 submission and, as such, there is no good cause for Sonos to file a response.

Your email points to page 10 of Google's submission as containing an "incorrect argument," but there Google states:

> Accordingly, while the 2005 conception documents provide support for the concept of overlapping zone scenes (i.e., they disclose a user-configurable zone scene such as a morning scene that includes fewer than all zone players, as well as a party mode zone scene that includes all zone players, thereby necessarily disclosing an overlap between those zone scenes), ***the 2006 provisional application contains no such disclosure and, thus, contains no written description of overlapping zone scenes***.

Dkt. 808 at 10 (emphasis added). Notably, this sentence in Google's submission was followed by a string citation to numerous other briefs filed by Google that had raised ***the same exact argument***—*i.e.*:

> Dkt. 785 at 1-6, 11-15 (explaining that the omission of these key portions of the conception documents from the 2006 provisional application resulted in lack of written description for overlapping zone scenes in the latter); Dkt. 788 at 1-4 (same); Dkt. 807 (explaining that a reference to "Party Mode" in Fig. 7 of the patents does not disclose overlapping zone scenes without the additional context provided by the 'party mode' disclosures in Sonos's 2005 conception documents or by a POSITA's background knowledge of the prior art Sonos 2005 system, as explained by Dr. Schonfeld during trial).

Indeed, there are ***even more instances*** of Google raising the same exact argument throughout the record. *See, e.g.*, Dkt. 729 at 7, 9, 11 ("There is no disclosure in these passages of overlapping zone scenes—any attempt by Sonos to read overlapping zone scenes into this disclosure is improper inference."); Dkt. 722 at 3, 4, 6 ("the '407 Provisional is missing key disclosures of the 'All Zones - Party Mode' in the context of the Sonos 2005 User Guide"); Dkt. 739 at 4-5 ("the provisional lacked any disclosure of overlapping zone scenes"); Trial Tr. at 956:2-15, 972:12-973:3 (explaining that the disclosures in the provisional application do not teach overlapping zone scenes).

Thus, it is clear this is not a new argument and, notwithstanding the fact that there is nothing incorrect about Google's assertion, Sonos nevertheless was or should have been on notice of the argument and could and should have addressed it in its own June 6, 2023 submission. There is no valid reason for Sonos's failure to do so. Moreover, it is clear Sonos actually was on notice of this issue, as it attempted to address the argument in its June 6th response at p. 12, where it argued: "And while there were some edits to that later [provisional application] version of Mr. Lambourne's UI specification for 'zone scenes' relative to the December 21, 2005 version, none of those edits relate to the portion of the UI specification where overlapping zone scenes are disclosed" and that "for the reasons that Sonos has already explained, the provisional application filed on September 12, 2006 provides adequate disclosure for overlapping zone scenes." Dkt. 809 at 12.

Accordingly, there is no good cause to allow Sonos to expand its existing response with an additional 3-page reply on which Google will not get the last word. It is not enough that Sonos wishes it had more fully addressed the argument in its June 6th filing, nor is there any other valid basis for seeking leave to file a response.

And as you are aware, the Court has repeatedly admonished attempts at sandbagging throughout this case, making clear it is improper for a party to address an issue in only "cursory" fashion but then attempt to more fully address the issue in a reply, knowing the other party will not have an opportunity to respond. *See, e.g.*, Trial Tr. at 1787:16-1788:19. Yet that is precisely what Sonos is seeking leave to do here. It is improper and Google opposes.

If you believe a meet and confer would be beneficial, we are free later this afternoon.

Best,
Iman

---

**From:** Cole Richter <richter@ls3ip.com>
**Sent:** Thursday, June 8, 2023 4:13 PM
**To:** Brittany Ruyak <brittanyruyak@quinnemanuel.com>
**Cc:** QE-Sonos3 <qe-sonos3@quinnemanuel.com>; LS3 Team <LS3_team@ls3ip.com>; Sonos-NDCA06754-service <Sonos-NDCA06754-service@orrick.com>
**Subject:** Sonos's Motion for Leave to File Response to Google's June 6, 2023 Paper

[EXTERNAL EMAIL from richter@ls3ip.com]

---

Brit,

In Google's June 6, 2023 paper (Dkt. 808), Google incorrectly argues that the '407 Provisional does not contain a disclosure of a zone scene that includes all zone players. Dkt. 808, p. 10. Sonos intends to file a short (<= 3 pages) response to address that point. Can you let us know if you'll stipulate or oppose? We are available to confer anytime from now until 10a PT on 6/9. We'll plan to file then if we don't hear from you.

Best,
Cole

---

**From:** Brittany Ruyak <brittanyruyak@quinnemanuel.com>
**Sent:** Wednesday, May 31, 2023 8:30 PM
**To:** LS3 Team <LS3_team@ls3ip.com>; Sonos-NDCA06754-service <Sonos-NDCA06754-service@orrick.com>
**Cc:** QE-Sonos3 <qe-sonos3@quinnemanuel.com>
**Subject:** Meet and Confer re Google's Motion for Leave to File Response to Sonos's Reply

Counsel,

In Sonos's reply filed today, Sonos argued –for the first time— that "the figure on page 5 of Appendix A of the provisional application discloses a 'Party Mode' zone scene and a 'Morning Wakeup' zone scene that have overlapping members. Google intends to file a short response to address this point. Can you please let us know by 7:30 pm pacific whether you'll stipulate or oppose Google's administrative motion for leave to file its response? Please also let us know whether you're available for a meet and confer this evening. If we don't hear back by 8 pm pacific, we'll file as opposed.

Best,

**Brit Vacek Ruyak**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**
300 W. 6th Street, Suite 2010
Austin, TX 78701
+1 832-703-9792 Direct
+1 737 667 6100 Main Office Number
+1 737 667 6100 FAX
brittanyruyak@quinnemanuel.com
www.quinnemanuel.com