UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>  Plaintiff and Counter-defendant,<br><br>v.<br><br>GOOGLE LLC,<br><br>  Defendant and Counter-claimant. | Case No. 3:20-cv-06754-WHA<br><br>Consolidated with<br>Case No. 3:21-cv-07559-WHA<br><br>**[PROPOSED] ORDER RE SONOS, INC.'S MOTION FOR A PERMANENT INJUNCTION**<br><br>Judge: Hon. William Alsup<br>Courtroom: 12, 19th Floor<br>Trial Date: May 8, 2023 |

Before the Court is Plaintiff Sonos Inc.'s ("Sonos") Motion for a Permanent Injunction against Defendant Google LLC ("Google).

WHEREAS, the Court had found that Google has infringed Claim 1 of Sonos's U.S. Patent No. 10,848,885.

WHEREAS, the Court finds that Sonos will suffer irreparable harm if Google continues its infringement, that monetary damages cannot adequately compensate Sonos for this resulting irreparable harm, and that the balance of equities and the public interest favor entry of a permanent injunction.

NOW THEREFORE, having considered the entire record in this action, the verdict of the jury, relevant orders of the Court, and the papers submitted by the parties, and good cause having been shown:

## I. PROHIBITED ACTIVITIES – U.S. PATENT NO. 10,848,885

IT IS HEREBY ORDERED that Google and any of its parents, subsidiaries, successors, assigns, officers, agents, servants, employees, attorneys, and persons or entities in active concert or participation with them (including any affiliated entities), who receive actual notice of this Permanent Injunction (collectively, the "Enjoined Parties"), are hereby permanently enjoined and restrained from infringing, or inducing or contributing to, the infringement of Claim 1 of U.S. Patent No. 10,848,885 (the "'885 Patent"), from the Effective Date (which is fourteen (14) days from the date of this signed Permanent Injunction) until the expiration of the patent, by, other than for personal use:

 (a) making, using, selling, offering to sell, or importing into the United States, any product that infringes Claim 1 of the '885 Patent, including without limitation the Chromecast, Chromecast Audio, Chromecast Ultra, Chromecast with Google TV, Home, Home Mini, Home Max, Nest Audio, Nest Mini, Nest Hub a/k/a Home Hub, Nest Hub Max, and Nest Wi-Fi Point, and those no more than colorably different therefrom, including media players containing software capable of

carrying out the functionality recited by Claim 1 of the '885 Patent (collectively, "Enjoined Products");

(b) assisting others in making, using, selling, offering to sell, or importing into the United States, any Enjoined Products, by engaging in activities including, without limitation, the following: (i) advertising, marketing, or otherwise promoting Enjoined Products; (ii) entering or fulfilling product orders, or setting, determining, or approving terms of sale, for Enjoined Products; (iii) providing software updates to Enjoined Products; (iv) providing customer service or other technical support relating to Enjoined Products; (v) negotiating or entering into licensing, representative, reseller, or distributor agreements relating to Enjoined Products; (vi) developing, designing, manufacturing, or having manufactured products substantially similar to Enjoined Products; and/or (vii) writing, modifying, updating, drafting or otherwise preparing documentation regarding the operation, use, or intended use of any Enjoined Product.

## II. NOTICE

IT IS FURTHER ORDERED that, within 14 days from the date of this signed Permanent Injunction, Google shall provide a copy of this Permanent Injunction to each of its parents, subsidiaries, successors, assigns, officers, agents, servants, employees, attorneys, and persons or entities in active concert or participation with them (including any affiliated entities), as well as to any and all manufacturers, distributors, retailers, licensees, and all other persons or entities who have been, or are reasonably expected to be, directly or indirectly involved in the making, using, selling, offering for sale or importing in the United States of any Enjoined Product, including but not limited to any company to which Google has previously directly or indirectly sold or offered for sale one or more of the Enjoined Products, any company to which Google offers "Chromecast Built-in" software package(s) or which otherwise advertises as offering "speakers with Chromecast Built-in,"[1] and any company to

---

[1] *See, e.g.*, https://www.google.com/chromecast/built-in/audio/.

which Google intends in the future to directly or indirectly sell or offer to sell one or more of the Enjoined Products.

IT IS FURTHER ORDERED that, within 14 days from the date of this signed Permanent Injunction, Google shall post a notice on its Nest Speaker sales pages (e.g., https://store.google.com/us/category/nest_speakers?hl=en-US) and help pages (e.g., https://support.google.com/googlenest/topic/7029677), stating that a jury found that Google's Chromecast, Chromecast Audio, Chromecast Ultra, Chromecast with Google TV, Home, Home Mini, Home Max, Nest Audio, Nest Mini, Nest Hub a/k/a Home Hub, Nest Hub Max, and Nest Wi-Fi Point products infringe Sonos's '885 patent, that this Court enjoined Google from further infringement, and link to a copy of this signed Permanent Injunction. This notice must remain on the webpages until the expiration of the '885 patent or until further order of this Court.

IT IS FURTHER ORDERED that, within 14 days from the date of this signed Permanent Injunction, Google shall provide the same notice, via e-mail, to each of Google's existing customers who have previously purchased or registered an infringing device.

IT IS FURTHER ORDERED that, within 30 days from the date of this signed Permanent Injunction, Google shall file with the court and serve on all parties a notice stating the names and addresses of each party that it has notified and stating the website URLs on which Google has posted notice.

**III.   CONTINUING JURISDICTION**

The court specifically retains jurisdiction to enforce, modify, extend, or terminate this Permanent Injunction as the equities may require, upon a proper showing, and to adopt procedures for resolution of any dispute about whether a product not specifically covered by this Permanent Injunction is more than colorable different from the adjudged infringing products.

**IT IS SO ORDERED.**

Dated: _____, 2023

_____
HON. WILLIAM ALSUP
United States District Judge