QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Sean Pak (Bar No. 219032)
  seanpak@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  James Judah (Bar No. 257112)
  jamesjudah@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
  Iman Lordgooei (Bar No. 251320)
  imanlordgooei@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

  Marc Kaplan *(pro hac vice)*
  marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone:    (312) 705-7400
Facsimile:    (312) 705-7401

*Attorneys for GOOGLE LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>GOOGLE LLC,<br><br>　　　　　Defendant. | Case No. 3:20-cv-06754-WHA<br>Consolidated with Case No. 3:21-cv-07559-WHA<br><br>**GOOGLE LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS OPPOSITION TO SONOS, INC.'S MOTION FOR INJUNCTIVE RELIEF AND ADDITIONAL DAMAGES** |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Google LLC ("Google") hereby requests to file under seal portions of its Opposition to Sonos, Inc.'s ("Sonos") Motion for Injunctive Relief and Additional Damages ("Opposition"). Specifically, Google requests an order granting leave to file under seal the portions of the document listed below:

| Document | Portions to Be Filed Under Seal | Designating Party |
|---|---|---|
| Declaration of Jocelyn Ma in Support of Google's Opposition ("Ma Declaration") | Portions outlined in red boxes | Google |
| Exhibit 2 to the Ma Declaration ("Exhibit 2") | Portions outlined in red boxes | Google & Sonos |

## II. LEGAL STANDARD

Civil Local Rule 79-5(c) provides that a party seeking to file its own documents under seal must file an administrative motion that articulates the applicable legal standard and reasons for keeping a document under seal, includes evidentiary support from a declaration where necessary, and provides a proposed order that is narrowly tailored to seal only the sealable material.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). In the Ninth Circuit, two different standards may apply to a request to seal a document – namely the "compelling reasons" standard or the "good cause" standard. *Blessing v. Plex Sys., Inc.*, No. 21-CV-05951-PJH, 2021 WL 6064006, at *12 (N.D. Cal. Dec. 22, 2021) (citing *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016)). "To seal records in connection with a 'dispositive' motion or a motion that 'more than tangentially relate[s] to the merits of a case,' 'compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure' are required." *Bronson v. Samsung Elecs. Am., Inc.*, No. C 18-02300 WHA, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019) (quoting *Kamakana*, 447 F.3d at 1178-79). The compelling reasons standard applies to any sealing request made in connection with a motion that is "more than tangentially related to the merits of a case."

1  *Id.*  Accordingly, courts in this district apply a "compelling reasons" standard to a sealing request
2  made in connection with "motions concerning the remedies to be awarded[.]"  *Apple, Inc. v.*
3  *Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2013 WL 11570, at *1 (N.D. Cal. 2013); *see also*
4  *Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, No. C 10-3428 PSG, 2013 WL 211115, at *1
5  (N.D. Cal. Jan. 17, 2013).

6  **III.    THE COURT SHOULD SEAL GOOGLE'S CONFIDENTIAL INFORMATION**

7          Material that is confidential and could harm a litigant's competitive standing if disclosed
8  may be sealed under the compelling reasons standard.  *Icon-IP Pty Ltd. v. Specialized Bicycle*
9  *Components, Inc.*, No. 12–cv–03844–JST2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015)
10 (information "is appropriately sealable under the 'compelling reasons' standard where that
11 information could be used to the company's competitive disadvantage"); *In re Qualcomm Litig.*,
12 No. 3:17-CV-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (concluding that
13 "compelling reasons exist to seal . . . information subject to confidentiality and non-disclosure
14 provisions" because "[s]uch insight could harm the parties in future negotiations with existing
15 customers, third-parties, and other entities with whom they do business").

16         The portions of the Ma Declaration outlined in red boxes contain confidential business
17 information regarding Google's highly sensitive financial and sales data, including the number of
18 units of each accused Google product sold in each fiscal quarter.  Public disclosure of this
19 information would harm the Google's competitive standing and create a risk of injury by providing
20 competitors with access to information that Google does not have similar access to about their
21 competitors, allowing them to gain a competitive advantage in the marketplace.  Declaration of Lana
22 Robins ("Robins Decl.") ¶ 3.  If such information were made public, Google's competitive standing
23 would be significantly harmed.  Google has therefore designated this information as HIGHLY
24 CONFIDENTIAL—ATTORNEYS' EYES ONLY under the protective order (Dkt. 92).  This Court
25 has previously granted sealing of the same and/or similar information.  *See, e.g.*, Dkt. 334 at 4.
26 Google thus has compelling reasons to keep such information under seal.  *See Asetek Danmark A/S*
27 *v. CMI USA, Inc.*, No. 13-CV-00457-JST, 2015 WL 4511036, at *2 (N.D. Cal. July 23, 2015)
28 (sealing "sales figures" in "Opposition to Supplemental Damages" because "that competitors would

be able to take advantage of the confidential financial and supply chain information that could cause [defendant] competitive harm").

The portions of Exhibit 2 outlined in red boxes contain confidential business information regarding Google's products, including non-public information from internal surveys and conjoint studies detailing consumer feedback and market research regarding Google's smart speakers. Public disclosure of this information would harm the Google's competitive standing and create a risk of injury by providing competitors with access to information regarding business strategies that Google does not have similar access to about their competitors, allowing them to gain a competitive advantage in the marketplace. Robins Decl. ¶ 4. If such information were made public, Google's competitive standing would be significantly harmed. Google has therefore designated this information as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY under the protective order (Dkt. 92). Google thus has compelling reasons to keep such information under seal. internal company documents that describe consumer studies and their results. *In re ConAgra Foods, Inc.*, No. CV1105379MMMAGRX, 2014 WL 12577132, at *4 (C.D. Cal. July 11, 2014) (sealing "the results of packaging research studies commissioned by ConAgra and performed by a third party marketing consultant" under the compelling reasons standard).

## IV. CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court grant Google's Administrative Motion to File Under Seal Portions of its Opposition to Sonos's Motion for Injunctive Relief and Additional Damages.

DATED: June 29, 2023

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:  */s/ Sean Pak*
Sean Pak (Bar No. 219032)
seanpak@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
James Judah (Bar No. 257112)
jamesjudah@quinnemanuel.com
Lindsay Cooper (Bar No. 287125)
lindsaycooper@quinnemanuel.com
Iman Lordgooei (Bar No. 251320)
imanlordgooei@quinnemanuel.com

50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:   (415) 875-6600
Facsimile:   (415) 875-6700

Marc Kaplan *(pro hac vice)*
marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone:   (312) 705-7400
Facsimile:   (312) 705-7401

*Attorneys for GOOGLE LLC*