QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Sean Pak (Bar No. 219032)
  seanpak@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  James Judah (Bar No. 257112)
  jamesjudah@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
  Iman Lordgooei (Bar No. 251320)
  imanlordgooei@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

  Marc Kaplan *(pro hac vice)*
  marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone:     (312) 705-7400
Facsimile:     (312) 705-7401

*Attorneys for GOOGLE LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>        Plaintiff and Counter-Defendant,<br><br>   vs.<br><br>GOOGLE LLC,<br><br>        Defendant and Counter-Claimant. | Case No. 3:20-cv-06754-WHA<br>Consolidated with Case No. 3:21-cv-07559-WHA<br><br>**GOOGLE LLC'S NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF THE DECLARATION OF ALAINA KWASIZUR IN SUPPORT OF SONOS, INC.'S MOTION FOR PERMANENT INJUNCTION**<br><br>Date:     August 10, 2023<br>Location: Courtroom 12, 19th Floor<br>Judge:   Hon. William Alsup |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 10, 2023 at 8:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 12, 19th Floor of the San Francisco Courthouse at 450 Golden Gate Avenue, San Francisco, California, before the Honorable William H. Alsup, Defendant Google LLC ("Google") will and hereby does move for an order striking portions of the Declaration of Alaina Kwasizur in Support of Sonos's Motion for Permanent Injunction ("Kwasizur Declaration") (Dkt. 821). Specifically, certain portions of the Kwasizur Declaration should be stricken because: (1) the testimony is based on hearsay, (2) Ms. Kwazisur lacks personal knowledge as required by Fed. R. Evid. 602, such that the testimony is speculative and unsupported opinion, conclusions and argument, and (3) the Declaration fails to lay the adequate foundation to establish that Ms. Kwasizur is qualified to establish the matters asserted in the declaration as fact such that certain portions constitute improper lay witness opinion testimony under Fed. R. Civ. P. 701. Attached as Exhibit 1 is the version of the Kwasizur Declaration with the portions which Google seeks to strike highlighted.

This Motion is based on all pleadings, exhibits, and records in this action, and such other papers, evidence, and/or argument as may be submitted to the Court in connection with this Motion or that the Court may take notice or otherwise consider

DATED: June 29, 2023

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s Sean Pak*
Sean Pak
Melissa Baily
James D. Judah
Lindsay Cooper
Marc Kaplan
Iman Lordgooei

*Attorneys for GOOGLE LLC*

Based on a finding of infringement of claim 1 of the '885 patent, Sonos has filed a motion seeking broad injunctive relief prohibiting Google from not only "making, using, selling, offering to sell, or importing into the United States" the accused products and "assisting others" in doing so, but also a host of other activities related to the those products, including advertising, marketing, promoting, providing software updates, writing or updating documentation, and even providing customer service or technical support. Dkt. 820-5. Sonos's sweeping request is based in large part on a declaration from its General Counsel, Alaina Kwasizur, wherein Ms. Kwasizur purports to make statements based on "personal knowledge, unless otherwise noted." Dkt. 821 ¶ 1 ("Kwasizur Declaration"). However, as discussed further below, certain paragraphs of the Kwasizur Declaration contain statements that (1) are based on inadmissible hearsay, (2) are speculative, conclusory, and argumentative, and for which Ms. Kwazisur lacks personal knowledge as required by Fed. R. Evid. 602, and (3) constitute improper lay witness opinion testimony under Fed. R. Evid. 701 because Ms. Kwasizur lacks first-hand knowledge such that she is unqualified to establish the matters asserted in the declaration as fact. Accordingly, the Court should strike paragraphs 7, 9, 10, 11, 15, 16, 17, 23, and portions of paragraph 13 and 14 of the Kwasizur Declaration.

I.  **LEGAL STANDARD**

Federal Rule of Evidence 602 states that "[a] witness may not testify to a matter unless evidence is introduced to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.

Federal Rule of Evidence 701 limits lay witness opinion testimony to "those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

Local Rule 7-5(b) also states a declaration "may contain only facts . . . and must avoid conclusions and argument." A declaration that does not comply with these requirements "may be stricken in whole or in part." L.R. 7-5(b).

## II. ARGUMENT

### A. The Court Should Strike Statements Based on Hearsay

The Court should strike Paragraphs 7, 9, 10, and 17 of the Kwasizur Declaration because they are based on hearsay derived from news articles and statements of an out-of-court declarant.

Paragraphs 7 and 9 discuss statements from "multiple news outlets and consumer review sites" that opine on the competitive relationship between Google and Sonos, and paragraph 10 is a statement based on those websites. For example, Ms. Kwasizur quotes an article from a website named "The Next Web" which asserts that Google's Nest Audio product is "Google's clearest attempt at a Sonos competitor yet." Dkt. 821 ¶ 7; Dkt. 821-4. She offers this statement for the truth of the matter asserted, yet the author of the article has not testified in this case, nor does Ms. Kwasizur provide any basis for the reliability of this speculation regarding Google's intent in releasing its product. Because this testimony is "necessarily derive[d] from the contents of documents or the statements of out-of-court-declarants, it is hearsay." *Allen v. Honeywell Ret. Earnings Plan*, No. CV-04-424-PHX-ROS, 2005 WL 8160551, at *3 (D. Ariz. July 27, 2005). Federal Rule 602 "prevent[s] a witness from testifying to the subject matter of a hearsay statement, as he has no personal knowledge of it." *Id.* (citing Fed. R. Evid. 602, Committee Note) (cleaned up).

Similarly, paragraph 17 of the Kwasizur Declaration includes quotations from Sonos Chief Legal Officer Eddie Lazarus's written testimony before Congress regarding "Google's strategy . . . to sell products below cost." Dkt. 821 ¶ 17. Again, these are out-of-court statements offered for the truth of the matter asserted and thus are hearsay for which Ms. Kwasizur has no personal knowledge. *See* Fed. R. Evid. 602. Even if some hearsay exception applied to Mr. Lazarus's statements (which Sonos has not demonstrated), his testimony would still be improper. With no evidence of personal knowledge, Mr. Lazarus makes sweeping and conclusory accusations regarding Google's supposed business model that are wholly unsubstantiated. Dkt. 821 ¶ 17; Dkt. 821-8 ("[T]hey make their money by protecting the dominance of their monopoly products and from the rich trove of personal data that these microphone-enabled products vacuum up from consumers. The speakers are mostly just a conduit to their dominant advertising and ecommerce platforms—and so they can take the

profits from those platforms and subsidize the speakers themselves."). These self-serving and argumentative statements do not identify facts and should also be stricken. L.R.-5(b) (declarations "must avoid conclusions and argument").

### B. The Court Should Strike Statements For Which Ms. Kwasizur Has No Personal Knowledge

In a section titled "Google Sells Its Products At A Loss To Secure Households," Ms. Kwasizur purports to have "personal knowledge" about Google's business. Dkt. 821 ¶¶ 1, 15, 16. It is unclear how Ms. Kwasizur—an in-house attorney for Sonos who has never worked at Google—would have any "personal knowledge" or understanding of Google's business. *See, e.g. id.* ¶ 15 ("Google seeks to monetize their customers through the sale of additional services, rather than the speakers themselves"[.]). Nor does she provide an evidentiary foundation to show that she has "personal knowledge" regarding the unsubstantiated and argumentative statements she makes in paragraphs 15 and 16 of this section. *See, e.g.*, *id.* ¶ 16 (accusing Google of engaging in "aggressive monetization of customer data"). It is not enough for Ms. Kwasizur to merely assert that she has personal knowledge of the facts stated; she is required to "state facts showing . . . her connection to the matters stated, establishing the source of the information." *Brew v. City of Emeryville*, 138 F. Supp. 2d 1217, 1227 (N.D. Cal. 2001); *Allen*, 2005 WL 8160551, at *3 (striking declaration because "[d]efendants have not introduced evidence sufficient to support a finding of personal knowledge"). In addition, "[l]ay witness opinions must be based on direct perception of the event, not on hearsay or mere speculation." *Fed. Trade Comm'n v. Publishers Bus. Servs., Inc.*, No. 208CV00620PMPPAL, 2009 WL 10692838, at *4 (D. Nev. Oct. 30, 2009).

Because paragraphs 15 and 16 are lacking foundation, speculative, and argumentative, and form conclusions rather than state facts, the Court should strike them from the record.

### C. The Court Should Strike Statements That Are Improper Expert Opinion

The Court should strike portions of paragraph 13 and 14 and the entirety of paragraphs 11, 15, and 23 as impermissible expert opinion. Federal Rule of Evidence 701 provides that a non-expert witness must limit opinion testimony to that which is "rationally based on the witness's perception" and "not based on scientific, technical, or other specialized knowledge within the scope

of Rule 702." Fed. R. Evid. 701.  Ms. Kwasizur has not complied with this rule.

First, Ms. Kwasizur attempts to give improper expert testimony regarding the behavior of consumers.  She speculates as to the reasons that "customers chose Google over Sonos" (Dkt. 821 ¶ 11), opines on an alleged "lock-in effect" wherein for "a consumer [who] purchases a Google smart speaker, . . . it is more likely that subsequent smart speaker purchases from that same consumer would be of Google smart speaker devices, as opposed to smart speaker devices of another brand, such as Sonos" (*id.* ¶ 13), and suggests this "effect" means that "if Sonos loses out on an initial sale of a speaker product to a new household, then Sonos likely loses out on the sale of at least three devices to that household" (*Id.* ¶ 14).  Ms. Kwasizur has not laid any foundation as to how her testimony regarding the "likely" behavior of consumers who purchase Google speakers or the effect of Google's product prices on Sonos's speaker products is based on "first-hand knowledge or observation." *Tyco Thermal Controls LLC v. Redwood Industrials*, No. C 06-07164 JF (PVT), 2010 WL 1526471, at *4 (N.D. Cal. Apr. 15, 2010) (striking declaration as violating Rule 701's requirement that "lay opinion be rationally based on the perception of the witness").  Nor has she explained how statements regarding the likelihood that Sonos will lose sales of multiple devices is based on her "perception" as a lay person.  *Id.*[1]

Second, Ms. Kwasizur also asserts that Sonos "and other market participants" can meet demand if the Court enjoins Google products.  Dkt. 821 ¶ 23.  Again without any foundation as to how she would have "first-hand knowledge or observation" of this information as Sonos's in-house attorney, Ms. Kwasizur states in a conclusory manner that "Sonos has the manufacturing and supplier capacity to make up for much of the demand for Google's media players"—despite the fact there are several accused products for which Sonos makes no similar product. Dkt. 829-1.  Worse, Ms. Kwasizur appears to speak for *other* companies that are not even party to this litigation, suggesting that they could increase production to satisfy added demand as well.  Dkt. 821 ¶ 23

---

[1] Sonos's expert conceded he was not aware of any lost sales, Sonos dropped its lost profits theory, and Sonos failed to adduce any evidence of lost sales at trial.  *See* Dkt. 591-10; Dkt. 591-9 at 16:20-24, 162:25-163:18.  It is improper for Sonos to now attempt to re-assert this same theory through conclusory statements by Ms. Kwasizur.

("Amazon and Apple also produce comparable speakers that could satisfy consumer demand for smart speakers."). Ms. Kwasizur is not an economist qualified to discuss supply and demand in the smart speaker market, nor does she purport to have personal knowledge of Sonos's manufacturing capacities. Because "lay opinion testimony is 'not to provide specialized explanations or interpretations that an untrained layman could not make if perceiving the same acts or events,'" the Court should strike paragraph 23 as well. *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. 597, 2006 WL 1330002, at *3 (N.D. Cal. May 15, 2006)

## CONCLUSION

Google respectfully requests that the Court strike paragraphs 7, 9, 10, 11, 15, 16, 17, 23, and portions of paragraph 13 and 14 of the Kwasizur Declaration.

DATED:  June 29, 2023

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By   /s Sean Pak
Sean Pak
Melissa Baily
James D. Judah
Lindsay Cooper
Marc Kaplan
Iman Lordgooei

*Attorneys for GOOGLE, LLC*