CLEMENT SETH ROBERTS (SBN 209203)
croberts@orrick.com
BAS DE BLANK (SBN 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (SBN 260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   +1 415 773 5700
Facsimile:   +1 415 773 5759

SEAN M. SULLIVAN (*pro hac vice*)
sullivan@ls3ip.com
COLE RICHTER (*pro hac vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:   +1 312 754 0002
Facsimile:   +1 312 754 0003

*Attorneys for Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>    Plaintiff and Counter-defendant,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    Defendant and Counter-claimant. | Case No. 3:20-cv-06754-WHA<br><br>Consolidated with<br>Case No. 3:21-cv-07559-WHA<br><br>**SONOS, INC.'S RENEWED OMNIBUS ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Sonos, Inc. ("Sonos") hereby respectfully submits this Renewed Administrative Motion to Seal ("Renewed Administrative Motion") in connection with the Court's Order re Pending Motions to Seal (Dkt. 817). Sonos seeks to seal only *one* confidential licensing document, which was not shown to the jury or discussed in substantive detail in open court and was not determinative of any claim or defense in this case. The parties filed and discussed the licensing document at multiple points in the record, listed below:

| DOCUMENT | PORTIONS TO BE SEALED | DESIGNATING PARTY |
|---|---|---|
| Exhibit 1 to the Ma Declaration in support of Google's Opposition to Sonos, Inc.'s Motion to Realign the Parties [Dkt. No. 511-4] | Entire document | Sonos |
| Exhibit 1 to the Ma Declaration in support of Google's Opposition to Sonos, Inc.'s Motion to Realign the Parties [Dkt. No. 512-3] | Entire document | Sonos |
| Exhibit B to the Kolker Declaration in support of Sonos's Motion *In Limine* No. 1 [Dkt. No. 589-4] | Portions identified with blue boxing | Sonos |
| Google's Response to Motion *In Limine* No. 1 [Dkt. No. 589-5] | Portions identified with blue boxing | Sonos |
| Exhibit 1 to the Cooper Declaration in support of Google's Response to Motion *In Limine* No. 1 [Dkt. No. 589-6] | Portions identified with blue boxing | Sonos |
| Exhibit 2 to the Cooper Declaration in support of Google's Response to Motion *In Limine* No. 1 [Dkt. No. 589-7] | Portions identified with blue boxing | Sonos |
| Exhibit B to the Kolker Declaration in support of Sonos's Motion *In Limine* No. 1 [Dkt. No. 590-4] | Portions identified with blue boxing | Sonos |
| Google's Response to Motion *In Limine* No. 1 [Dkt. No. 590-5] | Portions identified with blue boxing | Sonos |
| Exhibit 1 to the Cooper Declaration in support of Google's Response to Motion *In Limine* No. 1 [Dkt. No. 590-6] | Portions identified with blue boxing | Sonos |

| DOCUMENT | PORTIONS TO BE SEALED | DESIGNATING PARTY |
|---|---|---|
| Exhibit 2 to the Cooper Declaration in support of Google's Response to Motion *In Limine* No. 1 [Dkt. No. 590-7] | Portions identified with blue boxing | Sonos |
| Exhibit 8 to the Judah Declaration in support of Google's Response to Motion *In Limine* No. 4 [Dkt. No. 597-4] | Entire document | Sonos |
| Exhibit 8 to the Judah Declaration in support of Google's Response to Motion *In Limine* No. 4 [Dkt. No. 598-4] | Entire document | Sonos |
| Exhibit B to the Kolker Declaration in support of Sonos's Motion *In Limine* No. 1 [Dkt. No. 643-1] | Portions identified with blue boxing | Sonos |
| Exhibit 1 to the Cooper Declaration in support of Google's Response to Motion *In Limine* No. 1 [Dkt. No. 643-2] | Portions identified with blue boxing | Sonos |
| Exhibit 2 to the Cooper Declaration in support of Google's Response to Motion *In Limine* No. 1 [Dkt. No. 643-3] | Portions identified with blue boxing | Sonos |
| Exhibit 5 to the Judah Declaration in support of Google's Response to Sonos's Request for Clarification [Dkt. No. 675-5] | Entire document | Sonos |
| Exhibit 5 to the Judah Declaration in support of Google's Response to Sonos's Request for Clarification [Dkt. No. 676-4] | Entire document | Sonos |

## II. LEGAL STANDARD

Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable"). See Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id*.

The Ninth Circuit has recognized that two different standards may apply to a request to seal a document – namely the "compelling reasons" standard or the "good cause" standard. *Blessing v. Plex Sys., Inc.*, No. 21-CV-05951-PJH, 2021 WL 6064006, at *12 (N.D. Cal. Dec. 22, 2021) (citing *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016)). The compelling reasons standard applies to any sealing request made in connection with

a motion that is "more than tangentially related to the merits of a case." *Id.* A party seeking to seal materials submitted with a motion that is "more than tangentially related to the merits of the case" must demonstrate that there are "compelling reasons" to keep the documents under seal. *WhatsApp Inc. v. NSO Grp. Techs. Ltd.*, 491 F. Supp. 3d 584, 596 (N.D. Cal. 2020) (citing *Ctr. for Auto Safety*, 809 F. 3d at 1101-1102). What constitutes a compelling reason is left to the "sound discretion of the trial court." *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon*, 435 U.S. at 599).

Under the compelling reasons standard, "a court may seal a record only if it finds a 'compelling reason' to support such treatment." *Blessing,* 2021 WL 6064006, at *12. In applying the "compelling reasons" standard, the Ninth Circuit has found appropriate the sealing of documents where court records could be used "as sources of business information that might harm a litigant's competitive standing." *See Ctr. for Auto Safety*, 809 F.3d at 1097. "Confidential business information in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard." *Hetland v. LendingTree*, *LLC,* No. 19-CV-02288-JSC, 2021 WL 2313386, at *1 (N.D. Cal. May 3, 2021) (quoting *Exeltis USA Inc. v. First Databank, Inc.*, Case No. 17-cv-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020)).

## III.  THE COURT SHOULD SEAL SONOS'S CONFIDENTIAL MATERIAL

On June 14, 2023, the Court ordered that all pending motions to seal in this matter were denied without prejudice. Dkt. 817. The Court noted that those motions largely involve "material that … has now been discussed in open court during trial." *Id.* at 1. The Court ordered lead counsel to "personally vet each and every request to seal, as to each and every argument, and shall certify under oath that they have done so." *Id.* at 2.

Pursuant to the Court's order, Sonos has taken a hard look at the previously pending motions and significantly narrows its sealing request. Sonos seeks to seal only *one* confidential licensing document, which was not shown to the jury or discussed in substantive detail in open court. Every document listed above that Sonos seeks to seal (in either whole or in part) consists of either (1) that document itself—for which Sonos seeks sealing in full—or (2) references to

1  confidential details of that document, appearing in other documents—for which Sonos seeks
2  sealing in part.

3       The document in question is a non-final, non-binding proposed patent license and business
4  engagement agreement between the parties to this lawsuit.  *See* Declaration of Sean Sullivan in
5  Support of Renewed Administrative Motion filed concurrently herewith, ¶ 5; Declaration of
6  Clement S. Roberts in Support of Renewed Administrative Motion filed concurrently herewith,
7  ¶ 5.  It contains the details of a licensing arrangement that the parties were considering, but did
8  not execute, in which both parties would grant licenses to each other, and in which Google would
9  pay Sonos a sum of money on top of the cross-license.  *Id.*  The parties agreed, and the term sheet
10 reflects, that the term sheet is confidential, contains a non-disclosure agreement, and is subject to
11 Federal Rule of Evidence 408.  *Id.*

12       Sonos seeks sealing of this document, and references to the contents of this document,
13 because this document consists entirely of details of confidential licensing negotiations between
14 the parties, including a proposed but not executed license agreement and financial terms.  *Id.*
15 Disclosure of this document and the references to specific information from this document would
16 harm Sonos by giving Sonos's competitors specific insights into Sonos's licensing strategies
17 generally and the precise terms on which Sonos considered a cross-license and license payment
18 with Google.  *Id.*  Disclosing this information to competitors would arm them with an
19 asymmetrical advantage over Sonos in negotiating future license agreements and business
20 engagement agreements, which would harm Sonos's competitive standing and its ability to
21 negotiate future agreements.  *Id.*

22       And while Sonos primarily seeks to protect its private interest in preserving the
23 confidentiality of this document, the public interest also independently warrants sealing.  The
24 courts and the public have a substantial interest in the resolution of private disputes without resort
25 to litigation in the federal courts, which consumes immense public resources.  In this document,
26 the parties considered the outlines of a deal that Sonos hoped would avoid the need for this
27 litigation.  Although this litigation ultimately proved unavoidable, the parties were only able to
28 consider a pre-litigation license agreement because of the understanding that those negotiations

would be confidential, subject to an NDA, and subject to the restrictions on use imposed by Federal Rule of Evidence 408. Disclosure and unsealing of this non-final document, particularly where it was not admitted at trial, nor relied upon for any dispositive pretrial orders, could chill future parties from engaging in future negotiations of this sort and lead to more patent and commercial litigation in the federal courts—an outcome that is in no one's interest. Accordingly, compelling reasons to seal the document exist.

Even if the Court were to conclude that the compelling reasons standard applies, Sonos's request meets that standard. The Ninth Circuit has specifically found appropriate the sealing of documents where court records could be used "as sources of business information that might harm a litigant's competitive standing." *See Ctr. for Auto Safety*, 809 F.3d at 1097. And courts within this district have found—correctly—that "[c]onfidential business information in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard." *Hetland v. LendingTree, LLC,* No. 19-CV-02288-JSC, 2021 WL 2313386, at *1 (N.D. Cal. May 3, 2021) (quoting *Exeltis USA Inc. v. First Databank, Inc.*, Case No. 17-cv-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020)). This proposed term sheet fits into precisely those categories—it is a proposed license agreement, it includes proposed confidential financial terms, and it includes the details of confidential licensing negotiations. This Court too has—correctly—granted requests in this case to seal information related to "license agreements, public disclosure of which may cause Google harm." *See, e.g.*, Dkt. 518 at 15. *See also, e.g.*, Dkt. 334 at 2-3 (granting motion to seal confidential contract between Google and Sonos based on Google's "adequate explanation" that "'[p]ublic disclosure of this information would harm Google's competitive standing and its ability to negotiate future agreements by giving competitors access to Google's highly confidential business thinking and asymmetrical information about Google's licensing strategies to other entities'" (citing *In re Google Inc. Gmail Litig.*, No. C 13- 02430, 2014 WL 10537440, at *5 (N.D. Cal. Aug. 6, 2014) (Judge Lucy H. Koh) (sealing "the terms of Google's contracts" because they "are trade secrets that, if disclosed, could cause competitive harm to Google")).

Here, the compelling reasons standard is also satisfied by the potential harm to Sonos's "competitive standing" because "the public has 'minimal interest' in the information because it 'is not necessary to the public's understanding of the case.'" Dkt. 334 (quoting *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1978)). No claim or defense in this case was determined based on the confidential information at issue. The jury did not see this document or learn its contents, and so the jury's verdict did not in any way depend on information contained therein. And because this document was not admitted at trial, it is not part of the evidentiary record. Similarly, this Court's previous dispositive orders in this case did not turn on the contents of this document, and neither party relies on the specific terms of this document in the post-trial briefing. *See* Dkt. 334 at 3 (holding that Google's request to seal confidential contract between the parties was also appropriate because "the order adjudicating Google's motion did not significantly discuss the portions sought to be sealed").

And even though compelling reasons support Sonos's sealing request, Sonos's motion need only meet the lower good cause standard because the document in question is at most "tangentially related to the merits of [this] case." *Blessing v. Plex Sys., Inc.*, No. 21-CV-05951-PJH, 2021 WL 6064006, at *12 (N.D. Cal. Dec. 22, 2021) (citing *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016)). While the fact that Sonos and Google engaged in licensing discussions relates to some of the claims and defenses in this case, the details of the specific proposal that was under consideration in this term sheet have no relevance to any claim or defense of either party.[1] And it is those details that Sonos seeks to seal, not the mere fact that licensing discussions took place. Accordingly, Sonos seeks to seal only a narrowly tailored set of material; a less restrictive alternative would not be sufficient because Sonos already seeks to seal only the contents of the confidential licensing negotiation document and nothing else. Sullivan Decl. ¶ 5; Roberts Decl. ¶ 5.

---

[1] And as discussed above, no claim or defense in this case was determined based on the confidential information at issue and the document was not admitted at trial.

1       The Court has made clear that just because something was sealed prior to trial, "the
2  sealing calculus" might change "in the future, at trial or otherwise." Dkt. 518 at 17. *See also,*
3  *e.g.*, Dkt 334 at 6 (Should any of this sealed material become relevant at trial or otherwise, the
4  sealing calculus may change, perhaps leading to a different decision on future sealing requests.");
5  Dkt. 817 ("this order finds that the vast majority of material that the parties seek to seal has now
6  been discussed in open court during trial."). Applying that logic and being mindful of the
7  presumption of public access, Sonos's renewed sealing request is limited to this single document,
8  and references to material contained in that document, in which Sonos has a strong confidentiality
9  interest, and which played no part in the adjudication of Sonos's claims and Google's defenses at
10 trial or otherwise in this litigation.

## IV. CONCLUSION

In compliance with Civil Local Rule 79-5(d) and (e), unredacted versions of the above-listed document accompanies this Renewed Administrative Motion, along with a declaration in support, and a proposed order. For the foregoing reasons, Sonos respectfully requests that the Court grant Sonos's Renewed Administrative Motion and allow the narrowly tailored documents and blue boxed-portions of documents listed above remain sealed.

Dated: June 30, 2023

ORRICK HERRINGTON & SUTCLIFFE LLP
*and*
LEE SULLIVAN SHEA & SMITH LLP

By: */s/ Clement S. Roberts*
     Clement S. Roberts

*Attorneys for Sonos, Inc.*