CLEMENT SETH ROBERTS (SBN 209203)
croberts@orrick.com
BAS DE BLANK (SBN 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (SBN 260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   +1 415 773 5700
Facsimile:   +1 415 773 5759

SEAN M. SULLIVAN (admitted *pro hac vice*)
sullivan@ls3ip.com
COLE RICHTER (admitted *pro hac vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:   +1 312 754 0002
Facsimile:   +1 312 754 0003

*Attorneys for Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC., <br><br> Plaintiff and Counter-defendant, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant and Counter-claimant. | Case No. 3:20-cv-06754-WHA <br><br> Consolidated with <br> Case No. 3:21-cv-07559-WHA <br><br> **DECLARATION OF SEAN SULLIVAN IN SUPPORT OF SONOS, INC.'S RENEWED OMNIBUS ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

1  I, Sean Sullivan, declare as follows and would so testify under oath if called upon to do so:

2  1.  I am an attorney with the law firm of Lee Sullivan Shea & Smith LLP, counsel of record to Sonos, Inc. ("Sonos") in the above-captioned matter.  I am a member in good standing of the Bar of the State of Illinois and am admitted to practice before this Court *pro hac vice*.  I make this declaration based on my personal knowledge, unless otherwise noted.  If called, I can and will testify competently to the matters set forth herein.

3  2.  I make this declaration in support of Sonos's Renewed Omnibus Administrative Motion to File Under Seal.

4  3.  Sonos seeks an order sealing the materials as listed below:

| DOCUMENT | PORTIONS TO BE SEALED | DESIGNATING PARTY |
|---|---|---|
| Exhibit 1 to the Ma Declaration in support of Google's Opposition to Sonos, Inc.'s Motion to Realign the Parties [Dkt. No. 511-4] | Entire document | Sonos |
| Exhibit 1 to the Ma Declaration in support of Google's Opposition to Sonos, Inc.'s Motion to Realign the Parties [Dkt. No. 512-3] | Entire document | Sonos |
| Exhibit B to the Kolker Declaration in support of Sonos's Motion *In Limine* No. 1 [Dkt. No. 589-4] | Portions identified with blue boxing | Sonos |
| Google's Response to Motion *In Limine* No. 1 [Dkt. No. 589-5] | Portions identified with blue boxing | Sonos |
| Exhibit 1 to the Cooper Declaration in support of Google's Response to Motion *In Limine* No. 1 [Dkt. No. 589-6] | Portions identified with blue boxing | Sonos |
| Exhibit 2 to the Cooper Declaration in support of Google's Response to Motion *In Limine* No. 1 [Dkt. No. 589-7] | Portions identified with blue boxing | Sonos |
| Exhibit B to the Kolker Declaration in support of Sonos's Motion *In Limine* No. 1 [Dkt. No. 590-4] | Portions identified with blue boxing | Sonos |
| Google's Response to Motion *In Limine* No. 1 [Dkt. No. 590-5] | Portions identified with blue boxing | Sonos |

| DOCUMENT | PORTIONS TO BE SEALED | DESIGNATING PARTY |
|---|---|---|
| Exhibit 1 to the Cooper Declaration in support of Google's Response to Motion *In Limine* No. 1 [Dkt. No. 590-6] | Portions identified with blue boxing | Sonos |
| Exhibit 2 to the Cooper Declaration in support of Google's Response to Motion *In Limine* No. 1 [Dkt. No. 590-7] | Portions identified with blue boxing | Sonos |
| Exhibit 8 to the Judah Declaration in support of Google's Response to Motion *In Limine* No. 4 [Dkt. No. 597-4] | Entire document | Sonos |
| Exhibit 8 to the Judah Declaration in support of Google's Response to Motion *In Limine* No. 4 [Dkt. No. 598-4] | Entire document | Sonos |
| Exhibit B to the Kolker Declaration in support of Sonos's Motion *In Limine* No. 1 [Dkt. No. 643-1] | Portions identified with blue boxing | Sonos |
| Exhibit 1 to the Cooper Declaration in support of Google's Response to Motion *In Limine* No. 1 [Dkt. No. 643-2] | Portions identified with blue boxing | Sonos |
| Exhibit 2 to the Cooper Declaration in support of Google's Response to Motion *In Limine* No. 1 [Dkt. No. 643-3] | Portions identified with blue boxing | Sonos |
| Exhibit 5 to the Judah Declaration in support of Google's Response to Sonos's Request for Clarification [Dkt. No. 675-5] | Entire document | Sonos |
| Exhibit 5 to the Judah Declaration in support of Google's Response to Sonos's Request for Clarification [Dkt. No. 676-4] | Entire document | Sonos |

4.     Together with Clement S. Roberts, I am co-lead counsel for Sonos in this matter. I have personally vetted each and every request to seal, as to each and every argument, in Sonos's Renewed Omnibus Administrative Motion to File Under Seal.

5.     The document that Sonos seeks to seal is a non-final, non-binding proposed patent license and business engagement agreement between the parties to this lawsuit. It contains the details of a licensing arrangement that the parties were considering, but did not execute, in which both parties would grant licenses to each other, and in which Google would pay Sonos a sum of

money on top of the cross-license. The parties agreed, and the term sheet reflects, that the term sheet is confidential, contains a non-disclosure agreement, and is subject to Federal Rule of Evidence 408. Sonos seeks sealing of this document, and references to the contents of this document, because this document consists entirely of details of confidential licensing negotiations between the parties, including a proposed but not executed license agreement and financial terms. Disclosure of this document and the references to specific information from this document would harm Sonos by giving Sonos's competitors specific insights into Sonos's licensing strategies generally and the precise terms on which Sonos considered a cross-license and license payment with Google. Disclosing this information to competitors would arm them with an asymmetrical advantage over Sonos in negotiating future license agreements and business engagement agreements, which would harm Sonos's competitive standing and its ability to negotiate future agreements. Sonos seeks to seal only a narrowly tailored set of material; a less restrictive alternative would not be sufficient because Sonos already seeks to seal only the contents of the confidential licensing negotiation document and nothing else.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this 30th day of June, 2023 in Chicago, Illinois.

_____
Sean Sullivan