QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Sean Pak (Bar No. 219032)
  seanpak@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  James Judah (Bar No. 257112)
  jamesjudah@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
  Iman Lordgooei (Bar No. 251320)
  imanlordgooei@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

  Marc Kaplan *(pro hac vice)*
  marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone:     (312) 705-7400
Facsimile:     (312) 705-7401

*Attorneys for Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>         Plaintiff,<br><br>    vs.<br><br>GOOGLE LLC,<br><br>         Defendant. | Case No. 3:20-cv-06754-WHA<br>Related to Case No. 3:21-cv-07559-WHA<br><br>**DECLARATION OF JOCELYN MA IN SUPPORT OF GOOGLE LLC'S REVISED OMNIBUS ADMINISTRATIVE MOTION TO FILE UNDER SEAL PURSUANT TO THE COURT'S ORDER RE PENDING MOTIONS TO SEAL (DKT. 817)** |

I, Jocelyn Ma, declare and state as follows:

1. I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate at Quinn Emanuel Urquhart & Sullivan LLP representing Google LLC ("Google") in this matter. I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2. I make this declaration in support of Google's Revised Omnibus Administrative Motion to File Under Seal Pursuant to the Court's Order Re Pending Motions to Seal (Dkt. 817) ("Revised Omnibus Administrative Motion"). If called as a witness, I could and would testify competently to the information contained herein.

3. The Revised Omnibus Administrative Motion seeks an order sealing the materials identified in the charts contained within the motion. The documents or portions thereof identified in that chart contain or refer to information that Google believes should be sealed under the applicable legal standards after a careful review to narrow its requests to seal in the individual administrative motions to file under seal and supporting declarations filed previously in this case. The "Basis for Sealing" column of the chart in the Revised Omnibus Administrative Order cites to paragraphs in this supporting declaration that explain why each type of information should be sealed.

**A.    Legal Standard**

4. I understand that requests for sealing in the context of non-dispositive motions are analyzed under the "good cause" standard of the Federal Rule of Civil Procedure 26(c). *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1135, 1138 (9th Cir. 2003)). Federal Rule of Civil Procedure 26(c) provides in relevant part that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure . . . ; . . . (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed . . . ." Fed. R. Civ. P. 26(c)(1) (emphases added).

5. I understand that requests for sealing in the context of dispositive motions are analyzed under the "compelling reasons" standard. *Kamakana*, 447 F.3d at 1178. Material should be sealed

under the heightened "compelling reasons" standard to prevent "the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets" (*id.*), as well as to prevent court records from becoming "sources of business information that might harm a litigant's competitive standing," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

**B.    The Court Should Seal Google's Source Code and Technical Product Information**

6.    Certain documents or portions thereof identified in the chart included in the Revised Omnibus Administrative Order that cite this paragraph should be sealed because they contain source code for Google's products, describe the operation of source code for Google's products, and/or detail the operation of Google's technology—including products and technology that were not at issue during the trial and thus were not discussed in open court, such as the YouTube casting functionality and Tungsten product. I understand that Google considers and treats this information to as trade secret, highly confidential, and proprietary, and does not disclose this information publicly. The public disclosure of such source code and technical information would harm the competitive standing that Google has earned through years of innovation by allowing Google's competitors to benefit from Google's investments in research and development, and by revealing Google's trade secrets and sensitive aspects of its proprietary systems and designs to Google's competitors. Accordingly, if this information were made public, Google's competitive standing would be harmed.

7.    I understand that under both the "good cause" and the heightened "compelling reasons" standard, courts have determined that this type of source code and technical information merits sealing. *See, e.g.*, *In re Koninklijke Philips Pat. Litig.*, No. 18-CV-01885-HSG, 2020 WL 1865294, at *2 (N.D. Cal. Apr. 13, 2020) (sealing "source code" [and] . . . "information related to technical production" because "[t]he public release of these documents could give non-party competitors an unfair advantage in developing rival products"); *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7429304, at *2 (N.D. Cal. Feb. 9, 2016) (granting sealing of "information about the technical operation of the products"). I also understand that this Court has previously granted sealing of this type of information. *See, e.g.*, Dkt. 518 at 6, 8, 12, 13. A less restrictive alternative than sealing these documents or portions thereof would not be sufficient because the information sought to

be sealed is Google's confidential business information and trade secrets, but had to be utilized by Google throughout the litigation.

### C. The Court Should Seal Personally Identifiable Information

8. Certain documents or portions thereof identified in the chart included in the Revised Omnibus Administrative Order that cite this paragraph should be sealed because they contain references to personally identifiable information, including a Google employee's home address. This information is not relevant to the merits of the litigation and may cause privacy and/or security issues for the Google employee and his family. I understand that courts have held that this type of information merits sealing under the heightened "compelling reasons" standard. *See, e.g.*, *Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) ("The Ninth Circuit has found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft."); *Snapkeys, Ltd. v. Google LLC*, No. 19-CV-02658-LHK, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) (granting motion to seal personally identifiable information). A less restrictive alternative than sealing these documents or portions thereof would not be sufficient because the information sought to be sealed is personal information of a Google employee but was sought by Sonos during the employee's deposition.

### D. The Court Should Seal Google's Confidential Business Information

9. Certain documents or portions thereof identified in the chart included in the Revised Omnibus Administrative Order that cite this paragraph should be sealed because they reference highly sensitive product revenue, sales, and cost data and royalty rate figures from which revenue data could be deduced—including for products and technology that were not at issue during the trial and thus were not discussed in open court, such as the YouTube applications. I understand that Google considers and treats this information to as highly confidential business information, and does not disclose this information publicly. The public disclosure of such financial information would harm Google's competitive standing and create a risk of injury by providing Google's competitors with information that Google does not have similar access to about their competitors, allowing the competitors to gain a competitive advantage in the market place. It would also reveal to suppliers,

retailers, and other parties information that they could use to gain an advantage when negotiating contracts and agreements with Google. Accordingly, if this information were made public, Google's competitive standing would be harmed. In addition, this information was not utilized by either party during trial to calculate damages and thus "would do little to aid the public's understanding of the judicial process, but would have the potential to cause significant harm[.]" *Network Appliance, Inc. v. Sun Microsystems Inc.*, No. C-07-06053 EDL, 2010 WL 841274, at *3 (N.D. Cal. Mar. 10, 2010).

10.  I understand that under both the "good cause" and the heightened "compelling reasons" standard, courts have determined that this type of product revenue, sales, and cost information merits sealing. *See, e.g.*, *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12-CV-03844-JST, 2015 WL 984121, at *5 (N.D. Cal. Mar. 4, 2015) (sealing "confidential information relating to sales, revenues, profits and costs" under the good cause standard); *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7429304, at *2 (N.D. Cal. Feb. 9, 2016) (granting sealing of "financial revenue data" under the compelling reasons standard). A less restrictive alternative than sealing these documents or portions thereof would not be sufficient because the information sought to be sealed is Google's confidential business information but had to be utilized by Google throughout the litigation.

11.  Certain documents or portions thereof identified in the chart included in the Revised Omnibus Administrative Order that cite this paragraph should be sealed because they reference highly confidential business information, including internal surveys, conjoint studies, and lifetime value analyses regarding Google products, and discussions and documents regarding business strategy and future plans for Google products—many of which were not discussed during trial in open court. I understand that Google considers and treats this information as highly confidential business information, and does not disclose this information publicly. The public disclosure of such financial information would harm Google's competitive standing and create a risk of injury by providing Google's competitors with information that Google does not have similar access to about their competitors, allowing the competitors to gain a competitive advantage in the market place, including by releasing same or similar products. It would also provide Google's competitors with an unfair advantage by allowing them to benefit from Google's research and development to compete against

1  Google.  Accordingly, if this information were made public, Google's competitive standing would be
2  harmed.

3      12.  I understand that courts have determined that this type of confidential business
4  information involving internal survey, studies, and analyzes and business strategy merits sealing under
5  the heightened "compelling reasons" standard.  *See, e.g.*, *Krieger v. Atheros Commc'ns, Inc.*, No. 11-
6  CV-640-LHK, 2011 WL 2550831, at *1 (N.D. Cal. Jun. 25, 2011) (finding information regarding
7  party's "long-term financial projections, discussions of business strategy, and competitive analyses"
8  sealable under the compelling reasons standard); *Prescott v. Reckitt Benckiser LLC*, No. 20-CV-
9  02101-BLF, 2023 WL 2465778, at *2 (N.D. Cal. Mar. 9, 2023) (noting that "[t]he Ninth Circuit has
10 found" "internal business strategies [and] internal communications" appropriate for sealing); *Arista
11 Networks, Inc. v. Cisco Sys., Inc.*,  No. 16-cv-00923-BLF, 2018 WL 2010622, *2-3 (N.D. Cal. Apr.
12 30, 2018) (sealing "highly confidential" information relating to litigant's "financial information and
13 internal development strategies").  A less restrictive alternative than sealing these documents or
14 portions thereof would not be sufficient because the information sought to be sealed is Google's
15 confidential business information but had to be utilized by Google throughout the litigation.

16     13.  Certain documents or portions thereof identified in the chart included in the Revised
17 Omnibus Administrative Order that cite this paragraph should be sealed because they reference the
18 existence and terms of confidential agreements that were not at issue at trial and thus not discussed in
19 open court—including patent licensing and purchase agreements and a term sheet between Google and
20 Sonos—as well as confidential licensing negotiations between Google and Sonos.  I understand that
21 Google considers and treats this information as highly confidential business information, and does not
22 disclose this information publicly.  The public disclosure of such financial information would harm
23 Google's competitive standing and its ability to negotiate future licensing agreements by giving
24 competitors access and insight into Google's highly confidential business thinking, asymmetrical
25 information about Google's licensing strategies, and Google's prior licensing terms to other entities.
26 Accordingly, if this information were made public, Google's competitive standing would be harmed.

27     14.  I understand that under both the "good cause" and the heightened "compelling reasons"
28 standard, courts have determined that this type of information regarding contracts and licensing

negotiations merits sealing. *See, e.g.*, *Icon-IP Pty*, 2015 WL 12976921, at *3 (granting motion to seal "sensitive business information regarding the amount of royalties received under a licensing agreement and also detailed information regarding a confidential licensing and manufacturing agreement" under the good cause standard); *In re Koninklijke Philips Pat. Litig.*, 2020 WL 1865294, at *2 (sealing "the existence and terms of confidential licenses and settlement agreements" under the compelling reasons standard); *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2018 WL 6575544, at *2 (N.D. Cal. Dec. 12, 2018) ("This Court has previously granted the parties' motions to seal information pertaining to specific 'patent licensing agreements or negotiations' on the basis that such information reveals competitive sensitive business information."). I also understand that this Court has previously granted sealing of the same and/or similar information. *See, e.g.*, Dkt. 334 at 5. A less restrictive alternative than sealing these documents or portions thereof would not be sufficient because the information sought to be sealed is Google's confidential business information but had to be utilized by Google throughout the litigation.

15. Certain documents or portions thereof identified in the chart included in the Revised Omnibus Administrative Order that cite this paragraph should be sealed because they reference internal, non-public usage metrics for the YouTube applications, installations data for Google applications identified by each fiscal quarter, and installations and financial data for third-party IFTTT. I understand that the information regarding the YouTube applications was not at issue during trial, that Sonos's damages theory based on IFTTT was ultimately excluded as unreliable, and that the data for the Google applications was not discussed at trial in open court at this level of granularity. Thus, disclosure of this information "would do little to aid the public's understanding of the judicial process, but would have the potential to cause significant harm[.]" *Network Appliance, Inc. v. Sun Microsystems Inc.*, No. C-07-06053 EDL, 2010 WL 841274, at *3 (N.D. Cal. Mar. 10, 2010). I understand that Google considers and treats this information as highly confidential business information, and does not disclose this information publicly. The public disclosure of this information could harm Google's competitive standing and create a risk of injury by providing competitors with access to information that Google does not have similar access to about their competitors, and could allow competitors to gain an unfair advantage over Google in future business or licensing negotiations

that may be affected by metrics and usage information of Google's applications. It may also allow competitors and/or bad actors to manipulate or gain insight into how Google maintains its data. In addition, Google has an interest in protecting the financial and metrics data of the products that its developers host on the Google Play Store. Accordingly, if this information were made public, Google's competitive standing and relationships with its developer partners would be harmed.

16. I understand that courts have determined that similar product performance-related metrics merit sealing under the "compelling reasons" standard. *Williams v. Apple, Inc.*, No. 19-CV-04700-LHK, 2021 WL 2476916, at *3 (N.D. Cal. June 17, 2021) (finding that "public disclosure of key metrics" such as the "iCloud userbase . . . would harm Apple's competitive standing"); *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *1 (N.D. Cal. June 30, 2015)(recognizing that "sources of business information that might harm a litigant's competitive strategy," such as "customer usage information kept confidential by a company that could be used to the company's competitive disadvantage," can be sealed under the "compelling reasons" standard) (cleaned up). A less restrictive alternative than sealing these documents or portions thereof would not be sufficient because the information sought to be sealed is Google's confidential business information but had to be utilized by Google throughout the litigation.

17. Certain documents or portions thereof identified in the chart included in the Revised Omnibus Administrative Order that cite this paragraph should be sealed because they reference terms of a confidential business agreement between Google and Sonos, details regarding a collaboration between Google and Sonos, and discussion about a potential partnership between the parties that never launched. I understand that this information was not the subject of a summary order or at issue during trial, and thus "would do little to aid the public's understanding of the judicial process, but would have the potential to cause significant harm[.]" *Network Appliance,* , 2010 WL 841274, at *3. I also understand that Google considers and treats this information as highly confidential business information, and does not disclose this information publicly. The public disclosure of such financial information would harm Google's competitive standing and create a risk of injury by providing Google's competitors with access and insight into Google's highly confidential business thinking, asymmetrical information about Google's business strategies, and Google's prior partnership terms to

other entities. It would also impede Google's ability to negotiate future partnership agreements. Accordingly, if this information were made public, Google's competitive standing would be harmed.

18.  I understand that courts have determined that this type of information regarding confidential business agreements and business partnerships and merits sealing under the heightened "compelling reasons" standard. *See, e.g.*, *Koninklijke Philips N.V. v. Elec-Tech Int'l Co*., No. 14-CV-02737-BLF, 2015 WL 581574, at *1 (N.D. Cal. Feb. 10, 2015) (sealing emails regarding 'potential partnerships with other product manufacturers"); *In re Qualcomm Litig*., No. 3:17-CV-0108-GPC-MDD, 2018 WL 6252523, at *2 (S.D. Cal. May 9, 2018) ("[T]he Court is satisfied that compelling reasons exist to seal the unredacted portions of the pleading that concern . . . details of . . . business strategies" and "exhibits that contain various confidential business agreements executed among the parties."). I also understand that this Court has previously granted sealing of the same and/or similar information. *See, e.g.*, Dkt. 334 at 5. A less restrictive alternative than sealing these documents or portions thereof would not be sufficient because the information sought to be sealed is Google's confidential business information but had to be utilized by Google throughout the litigation.

19.  Certain documents or portions thereof identified in the chart included in the Revised Omnibus Administrative Order that cite this paragraph should be sealed because they reference business strategy and future plans for Google products, and/or technology that Google is developing but has not yet released. I understand that Google considers and treats this information as highly confidential business information, and does not disclose this information publicly. The public disclosure of such financial information would harm Google's competitive standing and create a risk of injury by providing Google's competitors with access and insight into Google's highly confidential business thinking, asymmetrical information about Google's business strategies, and future business plans, which could allow a competitor to develop and launch the same or similar technologies to unfairly compete against Google. I understand that courts have determined that this type of information merits sealing under the heightened "compelling reasons" standard. *See, e.g.*, *Network Appliance, Inc*., 2010 WL 841274, at *4 (N.D. Cal. Mar. 10, 2010) (sealing "NetApp's future business plans"); *BBK Tobacco & Foods LLP v. Cent. Coast Agric. Inc*., No. CV-19-05216-PHX-MTL, 2021

WL 5578864, at *3 (D. Ariz. Nov. 29, 2021) (sealing "future business plans, including information regarding potential future product releases").

20. Certain documents or portions thereof identified in the chart included in the Revised Omnibus Administrative Order that cite this paragraph should be sealed because they reference locations of Google's servers that are used for the operation of its products. I understand that Google considers and treats this information as highly confidential business information, and does not disclose this information publicly. The public disclosure of such financial information would harm Google's competitive standing and create a risk of injury by providing the public with access into Google's network infrastructure which could potentially cause security risks. I understand that courts have determined that courts have sealed similar information. *See, e.g.*, *In re PersonalWeb Techs., LLC Pat. Litig.*, No. 18-MD-02834-BLF, 2019 WL 13033990, at *2 (N.D. Cal. Dec. 16, 2019) (granting sealing of information regarding cloud servers). A less restrictive alternative than sealing these documents or portions thereof would not be sufficient because the information sought to be sealed is Google's confidential business information but was included in documents utilized in the litigation.

### E. The Court Should Seal Compensation Information

21. Certain documents or portions thereof identified in the chart included in the Revised Omnibus Administrative Order that cite this paragraph should be sealed because they reference compensation information for Google engineers. I understand that Google considers and treats this information as confidential business information, and does not disclose this information publicly. The public disclosure of such compensation information would harm Google's competitive standing as an employer by impairing future negotiations with other employees and undermining Google's ability to hire or retain employees. It would also give competitors access to information that Google does not have similar access to about their competitors, allowing them to gain a competitive advantage when hiring. Accordingly, if this information were made public, Google's competitive standing would be harmed.

22. I understand that under both the "good cause" and the heightened "compelling reasons" standard, courts have determined that this type of compensation information merits sealing. *See, e.g.*, *In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2018 WL 3067783, at *2 (N.D. Cal.

Mar. 16, 2018) ("This Court has previously found good cause to seal excerpts of documents containing 'confidential compensation information such as salaries, stock options, and other benefits.'"); *Houserman v. Comtech TeleCommunications Corp.*, No. 2:19-CV-00644-RAJ, 2021 WL 54766, at *3 (W.D. Wash. Jan. 6, 2021) (sealing "highly confidential employee compensation information" under the compelling reasons standard because of the "'likelihood of improper use by competitors'"). A less restrictive alternative than sealing these documents or portions thereof would not be sufficient because the information sought to be sealed is Google's confidential business information, but had to be utilized by Google throughout the litigation in connection with damages.

I declare under penalty of perjury under the laws of the United States of America that to the best of my knowledge the foregoing is true and correct. Executed on July 3, 2023, in San Francisco, California.

DATED: July 3, 2023

By: */s/ Jocelyn Ma*
Jocelyn Ma

**ATTESTATION**

I, Sean Pak, am the ECF user whose ID and password are being used to file the above Declaration. In compliance with Civil L.R. 5-1, I hereby attest that Jocelyn Ma has concurred in the aforementioned filing.

DATED: July 3, 2023

*/s/ Sean Pak*
Sean Pak