UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONOS, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | No. C 20-06754 WHA <br> No. C 21-07559 WHA <br><br> (Consolidated) <br><br> **ORDER RE NEW MOTIONS TO SEAL** |

A prior order denied all pending motions to seal without prejudice, recognizing that they were plagued by deficiencies that other orders had cautioned the parties about, and that the vast majority of material the parties sought to seal had been discussed in open court during trial (Dkt. No. 817). That order allowed each party to file an omnibus motion to justify sealing any information that might still deserve secrecy from the public while explaining that overbroad requests would be denied in their entirety. It also required lead counsel to personally vet each and every request to seal, as to each and every argument, and to certify under oath that they had done so.

Sonos has since submitted a tailored omnibus motion to seal excerpts of and references to a single licensing document, which it alleges was not shown to the jury or discussed in substantive detail in open court (Dkt. No. 831). The Court thanks Sonos and its lead counsel, Sean Sullivan and Clement Roberts, for honoring the letter and spirit of the prior order. Their specific requests to seal will be reviewed in due course.

Meanwhile, Google has since submitted a bloated omnibus motion that appears to include every single one of its prior requests to seal (Dkt. No. 832; *see* Dkt. Nos. 833–35). On the face of this motion, it is unclear what (if any) changes Google has made to its requests because its explanations are limited to paragraph numbers from an associate's ten-page declaration, *e.g.*, "Ma Decl. ¶¶ 6, 7" (Dkt. No. 832 at 1; *see* Dkt. No. 832-1). Google has separately attached a one-page declaration of lead counsel Sean Pak stating that he "vetted each and every request to seal as to each and every argument" (Dkt. No. 832-2). This order suspects that Mr. Pak reviewed the omnibus motion and the associate's declaration but did not himself sift through the thousands of pages of conditionally sealed exhibits that he expected the associate(s) and the Court to pore over.

A preliminary perusal of those exhibits shows that the shortcomings have not been cured. By way of a random example, Google seeks to seal discussion of the "Onesie agent" from Sonos's motion to strike (Dkt. Nos. 832 at 6; 833-21 at 15). It cites paragraph 19 of the associate's declaration, thereby asserting that this is "highly confidential business information" (Dkt. Nos. 832 at 6; 832-1 ¶ 19). But the Onesie agent was the basis for an alleged non-infringing alternative of Google and was necessarily discussed in the Court's public order on the motion to strike (*see* Dkt. No. 565 at 12). As such, discussion of the Onesie agent — along with a great deal of the material that Google still seeks to seal — goes to the heart of this case. There is a strong public interest in its disclosure.

To be clear, this order does not fault the associate(s) who reviewed and amended Google's requests to seal and put together the omnibus motion and declaration. Indeed, the Court is well-aware of the painstaking work that is required to review and amend such requests, because this is the painstaking work that is expected of the Court each time a motion to seal is filed. Note that hundreds have been filed in this case, and thousands have been filed by Google and its counsel in this district. Yet the prior order expressly requested lead counsel's oversight. In light of this, lead counsel for Google should have taken a hard look at the documents that Google moved to seal and personally facilitated a significant narrowing of the sealing requests.

Let's try this one more time. For the foregoing reasons, Google's omnibus motion to seal is **DENIED WITHOUT PREJUDICE**, as are the individual motions to seal that Google recently filed (Dkt. Nos. 826–27). If Google wishes to file a new omnibus motion, it must revisit its requests to seal once more. In such motion, for each and every request to seal, Google shall describe how it has narrowed its request (1) from the original request to seal and (2) from any revised request to seal. With respect to the basis for sealing, Google shall not use boilerplate answers but shall instead speak to specific information in specific passages that it seeks to seal. In addition, Google shall provide a declaration of Mr. Pak certifying under oath that he has vetted each and every request to seal, as to each and every argument, *as to each and every passage that Google seeks to seal*.

Google shall file any new omnibus motion that justifies sealing information that may still deserve secrecy from the public, with the requested declaration, by **JULY 31, 2023, at NOON**. All material that the parties no longer seek to seal shall now be publicly refiled no later than **AUGUST 14, 2023, at NOON**.

**IT IS SO ORDERED.**

Dated: July 19, 2023.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3