**Volume 12**

**Pages 2027 - 2047**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable William H. Alsup, Judge

```
SONOS, INC.,                      )
                                  )
          Plaintiff and           )
Counter-Defendant,                )
                                  )
  VS.                             )   NO. C 20-6754 WHA
                                  )Related Case No. C 21-07559 WHA
GOOGLE, LLC,                      )
                                  )
          Defendant and           )
Counter-Claimant.                 )
_____    )
```

San Francisco, California
Friday, May 26, 2023

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Plaintiff/Counter-Defendant:

                        ORRICK, HERRINGTON & SUTCLIFFE LLP
                        The Orrick Building
                        405 Howard Street
                        San Francisco, California  94105
                    BY: **ALYSSA CARIDIS, ATTORNEY AT LAW**
                        **SEAN SULLIVAN, ATTORNEY AT LAW**

                        LEE SULLIVAN SHEA & SMITH LLP
                        656 W Randolph Street
                        Suite 5W
                        Chicago, Illinois 60661
                    BY: **SEAN SULLIVAN, ATTORNEY AT LAW**

            (APPEARANCES CONTINUED ON FOLLOWING PAGE)

Reported By:  Ruth Levine Ekhaus, RMR, RDR, FCRR
              Official Reporter, CSR No. 12219

1 | **APPEARANCES**:    (CONTINUED)

2 | For Defendant/Counter-Claimant:

3 | QUINN, EMANUEL, URQUHART & SULLIVAN LLP
50 California Street - 22nd Floor
San Francisco, California  94111

4 | BY:  **SEAN PAK, ATTORNEY AT LAW**

# <u>I N D E X</u>

Friday, May 26, 2023 - Volume 12

|                   | PAGE | VOL. |
|-------------------|------|------|
| Jury Question 1   | 2030 | 12   |
| Jury Question 2   | 2032 | 12   |
| Jury Question 3   | 2038 | 12   |
| Verdict           | 2042 | 12   |

```
 1    Friday - May 26, 2023                        10:01 a.m.

 2                     P R O C E E D I N G S

 3                         ---o0o---

 4    (Proceedings were heard out of the presence of the jury.)

 5         THE CLERK:  All rise.  Court is now in session.  The

 6    Honorable William Alsup is presiding.

 7         THE COURT:  Okay.  Be seated.  The jury is

 8    deliberating.  The lawyers are here.

 9      We have a question from the jury.

10      Have you read the question?

11         MR. SULLIVAN:  Yes, sir.

12         MR. PAK:  Yes.

13         THE COURT:  I'll read it into the record.

14          "We would like clarification of Jury Instruction

15         page 10, Section 17.  Quote:  Conversely, if you find

16         that an independent claim is not infringed, you must

17         also find that its dependent claims are not

18         infringed.  If we answer verdict 4A(i), 'no,' do we

19         still consider 4A(ii) through (v) separately, or do

20         the answers for 4A(ii) through (v) automatically

21         become 'no'?

22         That's the first question.

23         And the follow-on question is.

24          "If we consider 4A(ii) through (v) separately,

25         do you have guidance on how to take the portion of
```

1       Claim 1 we consider causing non-infringement into

2       account?"

3       Now, if I understand it correctly, I have provided you

4    with a proposed answer, but I'm here to find out what you think

5    before we answer to -- for the jury.  But what I think is the

6    required answer is:  If you answer no to question 4A(i),

7    indicating that you have found Claim 1 of the '966 patent is

8    not infringed, then the answer to questions 4A(ii) through (v)

9    must be no, because a dependent claim cannot be infringed if

10   the independent claim is not infringed.

11      So all right.  Let's open the floor.  First the plaintiff.

12   What does plaintiff say?

13      **MR. SULLIVAN:**  Sean Sullivan on behalf of Sonos.  That

14   sounds fine to us, Your Honor.

15      No objection to that.

16      **MR. PAK:**  Sean Pak on behalf of Google.

17      This answer looks fine as well.

18      **THE COURT:**  All right.  So can I send this in by way

19   of -- can I just write on here:  This is the answer to your

20   note Number 1 -- Question 1?

21      And then just send it in, or do you want me to bring them

22   back in and instruct him?

23      **MR. PAK:**  I think we can send it in, Your Honor.

24      **MR. SULLIVAN:**  Agreed, Your Honor.  We can send it in.

25      **THE COURT:**  Okay.  I'm going to show you what I'm

```
1   going to send in.

2        Above is the answer to your question in Note 1.

3        What is today?  5/26?  What is today?

4            THE CLERK:  The 26th, Your Honor.

5            THE COURT:  5/26/23, 10:10 a.m.

6        I want to show this to the lawyers, and if you approve it,

7   then we will give that to the jury.

8        And then -- after Angie makes a copy for us.

9        Approved?

10           MR. PAK:  Approved.

11           MR. SULLIVAN:  Approved.

12           THE COURT:  All right.

13       Angie, I order you to make one copy for the file, because

14  we may not get it back from the jury, and give the original to

15  the jury.

16       Okay.  Please stand by we'll be in adjournment.

17               (Proceedings adjourned at 10:11 a.m.)

18                (Proceedings resumed at 11:19 a.m.)

19      (Proceedings were heard out of the presence of the jury.)

20           THE CLERK:  Please remain seated, please come to

21  order.

22           THE COURT:  Okay.  Back to work.  The jury has another

23  question.

24       So the lawyers are here.  The jury, of course is not.

25       Question Number 2 -- Note Number 2 reads:
```

```
 1              "Did either side provide a breakdown on affected

 2        units that were equal to or greater than $100, versus

 3        less than $100?  If so, can we have those numbers or

 4        an indication of which TX?"

 5        Signed by foreperson.

 6        What does the plaintiff say?

 7              MS. CARIDIS:  Your Honor, Alyssa Caridis on behalf of

 8   Sonos.

 9        We are currently still looking through the record to see

10   if there's information we can provide the jury.

11              THE COURT:  Okay.  What do you say?

12              MR. PAK:  We're doing the same thing; but we're not

13   sure that this kind of data was provided in the record, but

14   we're going to double-check that on our side.

15              THE COURT:  Well, at this point it's the trial record

16   that matters --

17              MR. PAK:  Right.

18              THE COURT:  -- and, you know, stuff in evidence.

19              MR. PAK:  That's right.

20              THE COURT:  Testimony could be testimony, but it has

21   to be in the trial record.

22              MR. PAK:  Yes.  We're checking that now.

23              THE COURT:  Okay.  Well, let Angie know when you

24   have -- both sides are ready to try to answer the question.

25              MR. PAK:  Thank you.
```

1    **THE COURT:**  I'll step off the bench.

2    **THE CLERK:**  Court is in recess.

3    (Recess taken at 11:21 a.m.)

4    (Proceedings resumed at 11:39 a.m.)

5    (Proceedings were heard out of the presence of the jury.)

6    **THE CLERK:**  Please remain seated.  Please come to

7    order.

8    **THE COURT:**  Okay.  We have a new question, but before

9    I go to the new question, what is the answer to the old

10   question?

11   **MR. SULLIVAN:**  So Question number 2, Your Honor --

12   Sean Sullivan on behalf of Sonos.

13   We couldn't find any breakdown in the record either, in

14   testimony or in the documents.

15   **MR. PAK:**  Your Honor, I agree with that in terms of

16   the breakdown.

17   We do have pricing information on some of the accused

18   products.  Chris Chan testified at page 1516, line 10 through

19   15, that the mini line is less than $49.  So we have that in

20   the record.

21   We also have his demonstratives that were shown to the

22   jury --

23   **THE COURT:**  Demonstratives don't count.

24   **MR. PAK:**  Yeah.

25   **THE COURT:**  They don't count.

1      **MR. PAK:**  So we have that in the record.

2      There was a question that was asked of Ms. Kwasizur at

3   1067, line 14 through 18, where she was asked, on

4   cross-examination -- I'll read it to see if it's helpful.

5      (as read):

6      **"QUESTION:**  Are you aware that approximately 61 percent of

7         the Google products accused of infringing the '885 patent

8         are sold by Google for less than a hundred dollars?

9      **"ANSWER:**  I'm not aware that.  Although, if Google would

10         like to pay us $6, maybe that's something we can discuss."

11         **THE COURT:**  That's the lawyer talking.

12         **MR. PAK:**  Right.

13         **THE COURT:**  That's not testimony.

14         **MR. PAK:**  And the last piece that we have is from

15   Mr. Malackowski, page 1170, line 15 (as read):

16      **"QUESTION:**  And so, for example, the Chromecast, are you

17         aware approximately what the price for Chromecast is?

18      **"ANSWER:**  Less than a hundred dollars."

19      So we have those pieces of information.

20         **MR. SULLIVAN:**  Your Honor, I'll just add if we're just

21   talking about pricing information, TX 158 includes pricing

22   information; but it doesn't tell you how many units were sold

23   at various prices.

24         **THE COURT:**  I can't tell if they're talking about -- I

25   thought they were talking about speaker units here.  Chromecast

 1   is not a speaker, is it?

 2         **MR. PAK:**  It is one of accused speaker devices.

 3         **THE COURT:**  Oh, it is.  All right.

 4      Read it to me again then.  I --

 5         **MR. PAK:**  So this is from Mr. Malackowski.  (as read):

 6      **"QUESTION:**  And so, for example, the Chromecast, are you

 7      aware of approximately what the price for the Chromecast

 8      is?"

 9      And he says (as read):

10          "Less than $100"

11         **THE COURT:**  Well, how would that help answer the

12   question?

13         **MR. PAK:**  I'm not sure it would.  If they're

14   ultimately asking for the breakdown, I don't think that came

15   in.

16         **THE COURT:**  I think what I should say is -- write on

17   here, and I'll let you look at it -- it would be something

18   along the lines of:  The record -- the trial record does not

19   include a breakdown of the number of units -- and I'm going to

20   say here -- of speakers sold for more than $100 versus less

21   than $100.

22      Now, before I write it out, is that generally -- do you

23   think you agree with that statement?

24         **MR. SULLIVAN:**  I do agree with that statement, Your

25   Honor.

1      MR. PAK:  We agree.

2      THE COURT:  I'm going to write it on their note, sign

3  it, and send it back in the jury room; but I'll let you read it

4  first.

5      Today is the 26th; right?  Yes.

6      THE CLERK:  Yes.

7      THE COURT:  Okay.  You take a look at this.  Let me

8  know.

9      MR. SULLIVAN:  Yeah.  That looks fine, Your Honor.

10     To the extent they're asking about computing devices as

11 well, it's -- I think it's the same answer.  I don't think

12 there's a breakdown of those; although, I suspect most of the

13 phones were sold for much more than a hundred dollars.  But I

14 am just noting for the record they didn't say "speakers" in the

15 question.

16     THE COURT:  All right.  Well, if you both agree, I'll

17 say -- I'll add a sentence that says the same is true for --

18 how did you phrase it?  Phones --

19     MR. SULLIVAN:  Computing devices.

20     THE COURT:  Computing devices.

21     MR. PAK:  That's fine too, Your Honor.

22     THE COURT:  All right.  Let me have that back, Angie.

23     Computing devices.  Okay.

24     Okay.  Take a look at this and see what -- if you're okay

25 with that note.

```
1         MR. SULLIVAN:  Yeah.

2         MR. PAK:  That's fine.

3         MR. SULLIVAN:  That's good, Your Honor.

4         THE COURT:  Could you do the same drill as before?

5    And while you're away, we will start talking about the next

6    note.

7         Number 3 reads:

8              "Are any of Mr. Malackowski's non-IFTTT and" --

9         I can't read this.  It looks like "GP."

10        MR. PAK:  That's right, Your Honor.

11        THE COURT:  GP?

12        MR. SULLIVAN:  Yes.

13        THE COURT:  What do you think that stands for?

14        MR. SULLIVAN:  Georgia-Pacific.

15        THE COURT:  Oh.  Okay.

16        MR. SULLIVAN:  Your favorite case.

17        THE COURT:  Our favorite case.

18         "Are any of Mr. Malackowski's non-IFTTT GP

19        calculations in evidence?  If so, please provide

20        reference."

21        All right.  What do you say?

22        MR. SULLIVAN:  We're taking a look, Your Honor.

23        MR. PAK:  I don't think he had any other royalty

24   calculations under Georgia-Pacific other than IFTTT, Your

25   Honor; but we can confirm that.  That's our understanding.
```

```
 1            THE COURT:  Please, how long did you think you need to
 2   answer that one?
 3            MR. PAK:  5, 10 minutes.
 4            THE COURT:  All right.  I'll come back in 15 minutes.
 5            MR. SULLIVAN:  All right.  Thank you, your Honor.
 6                 (Recess taken at 11:47 a.m.)
 7                 (Proceedings resumed at 12:07 p.m.)
 8        (Proceedings were heard out of the presence of the jury.)
 9            THE CLERK:  Please remain seated.  Please come to
10   order.
11            THE COURT:  Now, on to Question Number 3.
12        What does plaintiff say?
13            MR. SULLIVAN:  Yeah, Your Honor, Mr. Malackowski, as
14   part of his Georgia-Pacific Factor Analysis Number 1, he did
15   consider the Legrand and Lenbrook license agreements that Sonos
16   had.  Those are TX 6631 and Tx 6632, respectively.
17        The trial testimony that Mr. Malackowski gave on that is
18   at 1097, line 24 through 1099, line 16.  But, apart from IFTTT,
19   Mr. Malackowski didn't actually calculate a royalty rate.
20            THE COURT:  All right.  What do you say on this one?
21            MR. PAK:  Yes, Your Honor.  So we can confirm that he
22   did not do any calculation, other than IFTTT.
23        And I'll just note for the record, on the two Sonos
24   license agreements at page 1163 to 1164, Mr. Bakewell
25   testified, Mr. Bakewell and I -- Mr. Malackowski -- I'm sorry.
```

1    Mr. Malackowski testified (as read):

2    "QUESTION:  Mr. Bakewell and I both agree that this

3    agreement is not comparable to the hypothetical license

4    that would be granted in this matter; right?

5    "ANSWER:  True.

6    "QUESTION:  And it is your opinion that, from an economic

7    perspective, a license to Sonos' entire portfolio is not

8    economically comparable to a bare patent license that

9    would result from a hypothetical negotiation?

10    "ANSWER:  I agree."

11    Finally, question (as read):

12    "QUESTION:  And you did not use the rates for many of

13    these agreements in your analysis; correct?

14    "ANSWER:  Only as I described here today, not in the

15    calculation."

16        THE COURT:  Well, how did he describe?  What does that

17    mean?

18        MR. PAK:  I think the only thing he mentioned was that

19    they would be looked at for whether it's a running royalty or

20    lump sum.  But he did not do any calculations under

21    Georgia-Pacific, and we would maintain that these are

22    irrelevant documents, you know, for the reasons we set forth

23    in --

24        THE COURT:  Well, I -- I don't -- you lawyers are fond

25    of finding something where the other side's expert has said

1    it's not relevant.  And, yet, it could be deemed relevant by

2    the jury.  So I don't buy the argument that just because of

3    Malackowski said he didn't place any weight on it, the jury

4    could decide to place weight on it; I think the jury could.

5        However, this is not the question that the jury asked.

6    The jury is asking for calculations.  And I think we ought to

7    just stick with that.  The answer is all -- I think we ought to

8    say:  All of his class actions were based on IFTTT.

9        And I'm going to put -- I'll put "calculations" in quotes.

10       And so the answer is, no.

11       Is that all right?

12            MR. PAK:  Yes, Your Honor.

13            MR. SULLIVAN:  That's fine, Your Honor.

14            THE COURT:  All right.  Let me write it out and see.

15                    (Pause in the proceedings.)

16            THE COURT:  Counsel, please look at this and see if

17   you agree that that's a proper response to the question.

18            MR. PAK:  That's fine, Your Honor.

19            MR. SULLIVAN:  That's fine, Your Honor.

20            THE COURT:  Angie, the same drill.

21       All stand by so we can answer the next question.

22            MR. PAK:  Thank you.  Court is in recess.

23                  (Recess taken at 12:11 p.m.)

24              (Proceedings resumed at 12:44 p.m.)

25   \\\

| | |
|---|---|
| 1 | **VERDICT** |
| 2 | **THE CLERK:**  All rise for the jury. |
| 3 | (The jury enters the courtroom.) |
| 4 | (Proceedings were heard in the presence of the jury.) |
| 5 | **THE COURT:**  Okay.  Welcome back.  Be seated. |
| 6 | All right.  Ms. Brockett, are you our foreperson. |
| 7 | **JUROR BROCKETT:**  Yes, I am. |
| 8 | **THE COURT:**  Have you reached a verdict? |
| 9 | **JUROR BROCKETT:**  Yes, we have. |
| 10 | **THE COURT:**  Is it unanimous? |
| 11 | **JUROR BROCKETT:**  Yes it is. |
| 12 | **THE COURT:**  And have you signed and dated the form? |
| 13 | **JUROR BROCKETT:**  Yes, we have. |
| 14 | **THE COURT:**  Dated it too? |
| 15 | **JUROR BROCKETT:**  Dated it too. |
| 16 | **THE COURT:**  Please hand the form to Angie, who will |
| 17 | hand it to me. |
| 18 | What I'm going to do, before I even look at it, is to look |
| 19 | at it just for the form of it.  And then, if it's in proper |
| 20 | form, I'm going to read your verdict aloud.  And then you |
| 21 | listen as I read it because we -- at the end, we'll ask you |
| 22 | each to say whether or not it represents your individual |
| 23 | verdict. |
| 24 | We have to do that to make sure it's unanimous.  Okay? |
| 25 | All right. |

1      (Pause in proceedings.)

2      **THE COURT:**  Okay.  I think the form of it is correct.

3      I will now it aloud.  It will take some time, so please

4  pay attention.  We'll ask you at the end if it's your

5  individual verdict.

6      Question Number 1:  Invalidity versus validity '885

7  patent.  Has Google proven by clear and convincing evidence

8  that Claim 1 of the '885 patent is invalid?

9      Answer:  No.

10      Question 2:  Infringement versus noninfringement, new

11  version.  Has Sonos proven by a preponderance of the evidence

12  that Google infringes Claim 1 of the '885 patent with respect

13  to the new version of the accused products.

14      Answer:  Yes.

15      '966 patent, invalidity -- Question 3:  Invalidity versus

16  validity.  Has Google proven by clear and convincing evidence

17  that any of the following asserted claims of the '966 patent

18  are invalid?

19      And then as to all, Claim 1, 2, 4, 6, and 8, the answer

20  is:  No.

21      Question 4:  Infringement versus noninfringement, original

22  and new version.  As to any valid asserted claim of the '966

23  patent, has Sonos proven by a preponderance of the evidence

24  that Google infringes any of the following with respect to the

25  original version of the accused products?

1    Answer as to all claims:  No.

2    Now, here, I will note, that you originally marked, "yes,"

3    as to some, and then scratched it out.  And the answer that I'm

4    reading, as your official answer, is "no" to all of them.

5    So whenever we poll you to see at the end if -- keep that

6    in mind to make sure that you intended to answer, "no."

7    Okay?

8    B, as to any valid asserted claim of the '966 patent, has

9    Sonos proven by a preponderance of the evidence that Google

10    infringes any of the following with respect to the new version

11    of the accused products?

12    Answer:  No, as to all of the claims.

13    Willful infringement:  Not applicable.

14    Since that was asserted only as to the '966, not

15    applicable.

16    Damages award Question Number 6:  If any of the asserted

17    claims of the '885 and '966 patents is valid and infringed,

18    what damages award do you find is adequate to compensate Sonos

19    for Google's infringement?  Use one but only one of the two

20    methods below, whichever you find to be most applicable.

21    Answer:  Per-unit royalty:  $2.30; number of units:

22    14,133,558; total $32,507,183.40.

23    Signed by the foreperson, Ms. Brockett.  Dated 5/26/23.

24    Now, before I poll you, I want the lawyers to read -- look

25    at the verdict form and see if they see any issue that I don't

1    see, before I poll you.

2                    (Pause in the proceedings.)

3          **MR. PAK:**  Looks fine to us.

4          **MR. SULLIVAN:**  Looks good, Your Honor.

5          **THE COURT:**  Angie, would you please poll the members

6    of the jury.

7          **THE CLERK:**  Juror Number 1, Nasira Johnson:  Is this

8    your verdict as read?

9          **JUROR JOHNSON:**  Yes.

10         **THE CLERK:**  Juror Number 2, Amy Chuck:  Is this your

11   verdict as read?

12         **JUROR CHUCK:**  Yes.

13         **THE CLERK:**  Juror Number 3, Samuel Woods:  Is this

14   your verdict as read?

15         **JUROR WOODS:**  Yes.

16         **THE CLERK:**  Juror Number 4, Mechele Pruitt:  Is this

17   you verdict as read?

18         **JUROR PRUITT:**  Yes.

19         **THE CLERK:**  Juror Number 5, Carolyn Cameron:  Is this

20   your verdict as read?

21         **JUROR CAMERON:**  Yes.

22         **THE CLERK:**  Juror Number 6, Tony Cerezo:  Is this your

23   verdict as read?

24         **JUROR CEREZO:**  Yes.

25         **THE CLERK:**  Juror Number 6, Rei Brockett:  Is this

1    your verdict as read?

2              **JUROR BROCKETT:**  Yes.

3         **THE CLERK:**  Your Honor, the verdict is unanimous.

4         **THE COURT:**  All right.  The verdict form will be filed

5    with the records of the court.  Judgment entered thereon.

6         And is there any reason, at this point, for us to not

7    discharge the jury?

8              **MR. SULLIVAN:**  No, Your Honor.

9              **MR. PAK:**  No, Your Honor.

10        **THE COURT:**  All right.  Now, your job is done.  I'm

11   going to turn you back into civilians, and send you home with

12   the thanks of the US District Court.

13        As I do in all cases, I like to individually thank each of

14   you when we go back in the jury room; but I cannot talk about

15   this case.  I will not talk about this case because I have more

16   work to do, and it wouldn't be proper for me to do that.

17        But I can, at least, thank each of you individually before

18   you head home.

19        So you're now discharged.  Please go back into the jury

20   room and I'll be in there in just a moment.

21             **THE CLERK:**  All rise for the jury.

22        (The jury is discharged and leaves the courtroom.)

23      (Proceedings were heard out of the presence of the jury.)

24             **THE COURT:**  All right.  Please have a seat.  We'll

25   file the verdict form, enter judgment based upon that.

1    If you're going to make any motion for injunction to wipe

2  this product off the market, you should -- you should bring

3  your motion promptly.

4    And we still have the written description issue to deal

5  with.  But we're going to move right on and take the verdict.

6  I still have your Rule 50 motions to rule on, and I will get

7  out an order in due course.  Any other business today?

8        **MR. SULLIVAN:**  No, Your Honor.

9        **MR. PAK:**  No, Your Honor.

10        **THE COURT:**  Okay.  Thank you.  Good luck to both

11  sides.

12        (Proceedings adjourned at 12:53 p.m.)

13              ---o0o---

14        **CERTIFICATE OF REPORTER**

15    I certify that the foregoing is a correct transcript

16  from the record of proceedings in the above-entitled matter.

17

18  DATE:   Monday, May 29, 2023

19

20

21

22

23  _____
     Ruth Levine Ekhaus, RMR, RDR, FCRR, CSR No. 12219
          Official Reporter, U.S. District Court

24

25