QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Sean Pak (Bar No. 219032)
  seanpak@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  James Judah (Bar No. 257112)
  jamesjudah@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
  Iman Lordgooei (Bar No. 251320)
  imanlordgooei@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

  Marc Kaplan *(pro hac vice)*
  marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone:     (312) 705-7400
Facsimile:     (312) 705-7401

*Attorneys for GOOGLE LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>         Plaintiff,<br><br>    vs.<br><br>GOOGLE LLC,<br><br>         Defendant. | Case No. 3:20-cv-06754-WHA<br>Consolidated with Case No. 3:21-cv-07559-WHA<br><br>**GOOGLE LLC'S REVISED OMNIBUS ADMINISTRATIVE MOTION TO FILE UNDER SEAL PURSUANT TO THE COURT'S ORDER RE NEW MOTIONS TO SEAL (DKT. 846)** |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5 and the Court's Order re New Motions to Seal (Dkt. 846) ("Order"), Google LLC ("Google") hereby submits this Revised Omnibus Administrative Motion to File Under Seal and requests that the Court seal the portions of the documents identified in the charts below. In light of the Order's directive to—"for each every request to seal"—"describe how [Google] has narrowed its request (1) from the original request to seal and (2) from any revised request to seal" and provide bases for sealing that "speak to specific information in specific pages that it seeks to seal," Google has filed Charts A, B, and C containing this information as attachments to this motion for ease of reference. *Id.* at 3. The requests are also supported by the accompanying Declarations of Jocelyn Ma and Sean Pak.

## II. LEGAL STANDARD

Civil Local Rule 79-5(c) provides that a party seeking to file its own documents under seal must file an administrative motion that articulates the applicable legal standard and reasons for keeping a document under seal, includes evidentiary support from a declaration where necessary, and provides a proposed order that is narrowly tailored to seal only the sealable material.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). In the Ninth Circuit, two different standards may apply to a request to seal a document – namely the "compelling reasons" standard or the "good cause" standard. *Blessing v. Plex Sys., Inc.*, No. 21-CV-05951-PJH, 2021 WL 6064006, at *12 (N.D. Cal. Dec. 22, 2021) (citing *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016)). "To seal records in connection with a 'dispositive' motion or a motion that 'more than tangentially relate[s] to the merits of a case,' 'compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure' are required." *Bronson v. Samsung Elecs. Am., Inc.*, No. C 18-02300 WHA, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019) (quoting *Kamakana*, 447 F.3d at 1178-79). "A particularized showing of 'good cause' under Federal Rule

of Civil Procedure 26(c), however, suffices to warrant sealing in connection with a non-dispositive motion." *Id.*

### III.     THE COURT SHOULD SEAL GOOGLE'S CONFIDENTIAL INFORMATION

Pursuant to the Court's directive in the Order, Google has submitted further revised, narrowly-tailored requests that seek to seal documents or portions thereof after review of the information that has already become public over the course of this litigation via court filings, orders, public hearings, at trial, and otherwise. In addition, although Google was obligated to produce a broad range of information it considers confidential and proprietary to defend against Sonos's allegations of infringement (including for patents that were ultimately invalidated), Google has also further removed redactions beyond information was publicly disclosed—reducing the total number of documents it seeks to seal from approximately 120 documents to approximately 60 documents, many of which are repeat versions of the same document. The bases for these narrowed sealing requests discussing "specific information in specific passages" are provided in Charts A, B, and C attached, and are further supported by the Declaration of Jocelyn Ma filed in conjunction with this motion.

A.     <u>Google's Confidential Zone Scenes-Related Technical Information Warrants Sealing</u>

Google requests that the Court seal the portions of documents identified in Chart A, which contain Google's confidential information filed in connection with Sonos's claims as to the '885 and '966 patents ("zone scenes" patents). In light of the Court's directives in its Order, the only such technical information Google still seeks to seal are portions of documents containing highly confidential flows of source code that provide details regarding the operation, organization, and hierarchy of such source code for the grouping and playback functionalities of current Google products—and that were not discussed at trial. Under both the "good cause" and the heightened "compelling reasons" standard, courts have determined that this type of source code information and related technical information merits sealing. *See, e.g.*, *In re Koninklijke Philips Pat. Litig.*, No. 18-CV-01885-HSG, 2020 WL 1865294, at *2 (N.D. Cal. Apr. 13, 2020) (sealing "source code" and "information related to technical production" because "[t]he public release of these documents could

give non-party competitors an unfair advantage in developing rival products"); *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7429304, at *2 (N.D. Cal. Feb. 9, 2016) (sealing "information about the technical operation of the products"). In addition, this Court has previously granted sealing of this type of information. *See, e.g.*, Dkt. 518 at 6, 8, 12, 13.

Further explanation for Google's sealing requests and the harm that Google would suffer from the disclosure of this information is contained in Chart A. A less restrictive alternative than sealing these documents or portions thereof would not be sufficient because the information sought to be sealed is Google's confidential business information and trade secrets, but had to be utilized by Google throughout the litigation.

B.  Google's Confidential Cloud Queue-Related Technical Information Warrants Sealing

Google requests that the Court seal the portions of documents identified in Chart B, which contain Google's confidential information filed in connection with Sonos's claims as to the '615 and '033 patents ("cloud queue" patents). Sonos accused Google applications such as YouTube, YouTube Kids, YouTube TV, YouTube Music, and Google Play Music (collectively, "Accused Cloud Queue Products") of infringing Sonos's cloud queue patents. *See* Dkt. 566 at 3. However, these claims—and Google's technical information related thereto—were not presented to the jury because the Court found on summary judgment the asserted claims of both patents invalid and claim 13 of the '615 patent not infringed. *See* Dkts. 316, 566. Accordingly, while some information regarding the technical operation of the Accused Cloud Queue Products was made public through the Court's summary judgment orders, the following information Google still seeks to seal was not disclosed at trial: source code for the MDx queue functionality, highly confidential flows of source code that provide details regarding the operation, organization, and hierarchy of such source code for functionalities related to playback of queues on YouTube apps, parameters in a setPlaylist message that were not at issue in the litigation and pertain to security and verification, detailed discussion of the technical operation for the certain functionalities of the YouTube apps and Onesie agent, information providing confidential architecture, infrastructure, and implementation details regarding playback operations for YouTube apps, information regarding the data, locations,

operation, and hierarchy of servers in Google's content delivery network, the fields and format within a Onesie response that relate to security keys, and the personal contact information of a Google engineer.

Courts have determined that this type of source code and related technical information merits sealing. *See, e.g.*, *In re Koninklijke Philips Pat. Litig.*, 2020 WL 1865294, at *2 (sealing "source code" and "information related to technical production" because "[t]he public release of these documents could give non-party competitors an unfair advantage in developing rival products"); *Finjan*, 2016 WL 7429304, at *2 (sealing "information about the technical operation of the products"); *In re PersonalWeb Techs., LLC Pat. Litig.*, No. 18-MD-02834-BLF, 2019 WL 13033990, at *2 (N.D. Cal. Dec. 16, 2019) (granting sealing of information regarding cloud servers); *In re Google Inc. Gmail Litig.*, 13-MD-2430, 2013 WL 5366963, at *2 (N.D. Cal. Sept. 25, 2013) (granting sealing of "information that if made public Google contends could lead to a breach in the security of the Gmail system"). In addition, the Court has previously granted sealing of some of this type of information. *See, e.g.*, Dkt. 518 at 6, 8, 12, 13. Courts have also found that "personal contact information" warrants sealing under the heightened compelling reasons standard. *Benedict v. Hewlett-Packard Co.*, No. 13-cv-119, 2016 WL 3568922, at *2 (N.D. Cal. July 1, 2016); *see also Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) ("The Ninth Circuit has found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft.").

Further explanation for Google's sealing requests and the harm that Google would suffer from the disclosure of this information is contained in Chart B. A less restrictive alternative than sealing these documents or portions thereof would not be sufficient because the information sought to be sealed is Google's confidential business information and trade secrets and its employee's personal contact information, but was disclosed or had to be utilized by Google during the litigation.

C.     Google's Confidential Damages-Related Information Warrants Sealing

Google requests that the Court seal the portions of documents identified in Chart C, which contain Google's confidential information filed in connection with the calculation of damages for the cloud queue and zone scenes patents.

First, Google seeks to seal the following highly confidential information related to Google's products accused of infringing the now-invalidated cloud queue patents: (1) non-public financial and sales for the YouTube apps, Google Play Music app, Pixel devices, and Google TV, (2) the existence and terms of Google's confidential licensing and purchase agreements, and (3) internal casting usage metrics for installations data for YouTube applications. This information was not at issue during trial or used by either party to calculate damages, and thus "would do little to aid the public's understanding of the judicial process, but would have the potential to cause significant harm[.]" *Network Appliance, Inc. v. Sun Microsystems Inc.*, No. C-07-06053 EDL, 2010 WL 841274, at *3 (N.D. Cal. Mar. 10, 2010). Second, Google further seeks to seal documents comprising or referencing a non-binding term sheet between Google and Sonos—for which Sonos also requests sealing (Dkt. 831)—as well as the related licensing negotiations between the parties. Third, Google also seeks to seal the following confidential business information that was not disclosed at trial: (1) compensation information for its employees, (2) internal surveys, studies, and analyses regarding Google products, (3) internal discussions regarding business strategy and future plans for Google products and unreleased technology, (4) granular installation information for the Google Home app, (5) granular sales information for Google's accused hardware products, and (6) the installation and financial information of third-party IFTTT.

Courts have determined that this type of confidential information merits sealing. *See, e.g.*, *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12-CV-03844-JST, 2015 WL 984121, at *5 (N.D. Cal. Mar. 4, 2015) (sealing "confidential information relating to sales, revenues, profits and costs" under the good cause standard); *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7429304, at *2 (N.D. Cal. Feb. 9, 2016) (granting sealing of "financial revenue data" under the compelling reasons standard); *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12-CV-03844-JST, 2015 WL 12976921, at *3 (N.D. Cal. Mar. 31, 2015) (granting motion to

seal "sensitive business information regarding the amount of royalties received under a licensing agreement and also detailed information regarding a confidential licensing and manufacturing agreement" under the good cause standard); *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2018 WL 6575544, at *2 (N.D. Cal. Dec. 12, 2018) (granting sealing of "'patent licensing agreements or negotiations' on the basis that such information reveals competitive sensitive business information"); *Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-640-LHK, 2011 WL 2550831, at *1 (N.D. Cal. Jun. 25, 2011) (finding information regarding party's "long-term financial projections, discussions of business strategy, and competitive analyses" sealable under the compelling reasons standard); *Prescott v. Reckitt Benckiser LLC*, No. 20-CV- 02101-BLF, 2023 WL 2465778, at *2 (N.D. Cal. Mar. 9, 2023) (noting that "[t]he Ninth Circuit has found" "internal business strategies [and] internal communications" appropriate for sealing); *Arista Networks, Inc. v. Cisco Sys., Inc.*, No. 16-cv-00923-BLF, 2018 WL 2010622, *2-3 (N.D. Cal. Apr 30, 2018) (sealing "highly confidential" information relating to litigant's "financial information and internal development strategies"); *Williams v. Apple, Inc.*, No. 19-CV-04700-LHK, 2021 WL 2476916, at *3 (N.D. Cal. June 17, 2021) (finding that "public disclosure of key metrics" such as the "iCloud userbase . . . would harm Apple's competitive standing"); *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *1 (N.D. Cal. June 30, 2015)(recognizing that "sources of business information that might harm a litigant's competitive strategy," such as "customer usage information kept confidential by a company that could be used to the company's competitive disadvantage," can be sealed under the "compelling reasons" standard).  In addition, this Court has previously sealed some of this type of information. *See, e.g.*, Dkt. 334 at 4.

       Further explanation for Google's sealing requests and the harm that Google would suffer from the disclosure of this information is contained in Chart C.  A less restrictive alternative than sealing these documents or portions thereof would not be sufficient because the information sought to be sealed is Google's confidential business information, but was disclosed or had to be utilized by Google during the litigation.

D.  Google No Longer Seeks to Seal Information Related to the Parties' Collaborations

Information regarding Google and Sonos's collaboration and the terms of their partnership agreements was produced and disclosed in connection with Google's affirmative defenses and counterclaims for breach of contract and conversion in relation to the cloud queue patents. However, this information was not discussed during the trial of this matter given the Court's summary judgment orders finding the '615 patent invalid and not infringed and the '033 patent invalid. *See* Dkts. 316, 566. Although courts have determined that this type of information regarding confidential business agreements and partnerships merit sealing under the heightened "compelling reasons" standard, including this Court, Google nevertheless withdraws its requests to seal such information and will refile such information publicly in light of the Order's directive. *See* Dkt. 832-1 ¶ 18; *see also* Dkt. 334 at 2, 3, and 6.

## IV.    CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court grant Google's Revised Omnibus Administrative Motion to File Under Seal Pursuant to the Court's Order Re New Motions to Seal (Dkt. 846).

DATED: August 9, 2023

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:  */s/ Sean Pak*
Sean Pak (Bar No. 219032)
seanpak@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
James Judah (Bar No. 257112)
jamesjudah@quinnemanuel.com
Lindsay Cooper (Bar No. 287125)
lindsaycooper@quinnemanuel.com
Iman Lordgooei (Bar No. 251320)
imanlordgooei@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:     (415) 875-6700

Marc Kaplan *(pro hac vice)*
marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606

Telephone: (312) 705-7400
Facsimile: (312) 705-7401

*Attorneys for GOOGLE LLC*