QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Sean Pak (Bar No. 219032)
  seanpak@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  James Judah (Bar No. 257112)
  jamesjudah@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
  Iman Lordgooei (Bar No. 251320)
  imanlordgooei@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

  Marc Kaplan *(pro hac vice)*
  marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone:     (312) 705-7400
Facsimile:     (312) 705-7401

*Attorneys for Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>            Plaintiff,<br><br>      vs.<br><br>SONOS, INC.,<br><br>            Defendant. | Case No. 3:20-cv-06754-WHA<br>Related to Case No. 3:21-cv-07559-WHA<br><br>**DECLARATION OF JOCELYN MA IN SUPPORT OF GOOGLE LLC'S REVISED OMNIBUS ADMINISTRATIVE MOTION TO FILE UNDER SEAL PURSUANT TO THE COURT'S ORDER RE NEW MOTIONS TO SEAL (DKT. 846)** |

I, Jocelyn Ma, declare and state as follows:

1. I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate at Quinn Emanuel Urquhart & Sullivan LLP representing Google LLC ("Google") in this matter. I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2. I make this declaration in support of Google's Revised Omnibus Administrative Motion to File Under Seal Pursuant to the Court's Order Re New Motions to Seal (Dkt. 846) ("Revised Omnibus Administrative Motion"). If called as a witness, I could and would testify competently to the information contained herein.

3. The Revised Omnibus Administrative Motion seeks an order sealing the materials identified in the charts contained within the motion. The documents or portions thereof identified in that chart contain or refer to information that Google believes should be sealed under the applicable legal standards after a careful review to narrow its requests to seal in the individual administrative motions to file under seal and supporting declarations filed previously in this case. For ease of reference, the "Basis for Sealing" column of the chart in the Revised Omnibus Administrative Order cites to paragraphs in this supporting declaration that explain why each type of information should be sealed.

A. **Legal Standard**

4. I understand that requests for sealing in the context of non-dispositive motions are analyzed under the "good cause" standard of the Federal Rule of Civil Procedure 26(c). *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1135, 1138 (9th Cir. 2003)). Federal Rule of Civil Procedure 26(c) provides in relevant part that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure . . . ; . . . (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed . . . ." Fed. R. Civ. P. 26(c)(1) (emphases added).

5.      I understand that requests for sealing in the context of dispositive motions are analyzed under the "compelling reasons" standard.  *Kamakana*, 447 F.3d at 1178.  Material should be sealed under the heightened "compelling reasons" standard to prevent "the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets" (*id.*), as well as to prevent court records from becoming "sources of business information that might harm a litigant's competitive standing," Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978).

### B.      Google's Source Code and Technical Product Information

6.      Certain documents or portions thereof identified in Charts A and B filed as attachments to Google's Revised Omnibus Administrative Order that should be sealed because they contain source code for Google's products, describe the operation of source code for Google's products, detail the operation of Google's technology, discuss highly confidential flows of source code that provide details regarding the operation, organization, and hierarchy of such source code, and reference other related technical information—including for products and technology that were not at issue during the trial and thus were not discussed in open court.  I understand that Google considers and treats this information to as trade secret, competitively sensitive, highly confidential, and proprietary, and does not disclose this information publicly.  I understand that the public disclosure of information would harm the competitive standing that Google has earned through years of innovation by allowing Google's competitors to benefit from Google's proprietary source code and technical information when developing the same or similar products because properly structured and efficient source code is superior to source code that is not, both for maintenance and in operation.  Furthermore, I also understand that revealing Google's proprietary source code would pose an increased security risk to Google by exposing the workings and flows of Google source code such that hostile parties may be able to learn how to exploit portions of the source code, potentially resulting in privacy issues for consumers, unauthorized use of copyrighted or proprietary content, among other issues.  Accordingly, if this information were made public, Google's competitive standing would be harmed and Google's security would be at risk.

7.      Certain documents or portions thereof identified in Chart B filed as an attachment to Google's Revised Omnibus Administrative Order should be sealed because they reference highly

confidential information regarding the number and locations of Google's content delivery network, the caching hierarchy of servers in the content delivery network, and information regarding how requests for media are directed across the servers in the content delivery network. I understand that Google considers and treats this information as highly confidential business information, and does not disclose this information publicly. The public disclosure of such financial information would competitively harm Google by giving competitors an advantage in developing similar products by providing them with Google's highly-confidential and proprietary information and could potentially jeopardize the security of Google's server networks. I also understand that this information was not at issue in this litigation or discussed in open court at trial. Accordingly, if this information were made public, Google's competitive standing would be harmed and Google's security would be at risk.

### C. Personally Identifiable Information of Google Employees

8. Certain documents or portions thereof identified in Chart B filed as an attachment to Google's Revised Omnibus Administrative Order should be sealed because they contain references to personally identifiable information, including a Google employee's home address. This information is not relevant to the merits of the litigation, and I understand that the public disclosure of this information may cause privacy and/or security issues for the Google employee and his family.

### D. Google's Confidential Business Information

9. Certain documents or portions thereof identified in Chart C filed as an attachment to Google's Revised Omnibus Administrative Order should be sealed because they reference highly sensitive product revenue and sales data—including for products and technology that were not at issue during the trial and thus were not discussed in open court, such as the YouTube applications. I understand that Google considers and treats this information to as highly confidential business information, and does not disclose this information publicly. I understand that the public disclosure of such financial information would harm Google's competitive standing and create a risk of injury by providing Google's competitors with information that Google does not have similar access to about their competitors, allowing the competitors to gain a competitive advantage in the market place. It would also reveal to suppliers, retailers, and other parties information that they could use to gain an advantage when negotiating contracts and agreements with Google. Accordingly, if this information

were made public, Google's competitive standing would be harmed. In addition, I understand that this information was not utilized by either party during trial to calculate damages.

10. Certain documents or portions thereof identified in Chart C filed as an attachment to Google's Revised Omnibus Administrative Order should be sealed because they reference highly confidential business information, including internal surveys, conjoint studies, and lifetime value analyses regarding Google products, and internal emails between Google employees and documents regarding business strategy and future plans for Google products—many of which were not discussed during trial in open court. I understand that Google considers and treats this information as highly confidential business information, and does not disclose this information publicly. I also understand that the public disclosure of such financial information would harm Google's competitive standing and create a risk of injury by providing Google's competitors with information that Google does not have similar access to about their competitors, allowing the competitors to gain a competitive advantage in the market place, including by releasing same or similar products. It would also provide Google's competitors with an unfair advantage by allowing them to benefit from Google's research and development to compete against Google. Accordingly, if this information were made public, Google's competitive standing would be harmed.

11. Certain documents or portions thereof identified in Chart C filed as an attachment to Google's Revised Omnibus Administrative Order should be sealed because they reference the existence and terms of confidential agreements that were not at issue at trial and thus not discussed in open court—including patent licensing and purchase agreements and a term sheet between Google and Sonos—as well as confidential licensing negotiations between Google and Sonos. I understand that Google considers and treats this information as highly confidential business information, and does not disclose this information publicly. I also understand that the public disclosure of such financial information would harm Google's competitive standing and its ability to negotiate future licensing agreements by giving competitors access and insight into Google's highly confidential business thinking, asymmetrical information about Google's licensing strategies, and Google's prior licensing terms to other entities. Accordingly, if this information were made public, Google's competitive standing would be harmed.

12. Certain documents or portions thereof identified in Chart C filed as an attachment to Google's Revised Omnibus Administrative Order should be sealed because they reference internal, non-public usage metrics for the YouTube applications, installations data for Google applications identified by each fiscal quarter, and installations and financial data for third-party IFTTT. I understand that the information regarding the YouTube applications was not at issue during trial, that Sonos's damages theory based on IFTTT was ultimately excluded as unreliable, and that the data for the Google applications was not discussed at trial in open court at this level of granularity. I understand that Google considers and treats this information as highly confidential business information, and does not disclose this information publicly. The public disclosure of this information could harm Google's competitive standing and create a risk of injury by providing competitors with access to information that Google does not have similar access to about their competitors, and could allow competitors to gain an unfair advantage over Google in future business or licensing negotiations that may be affected by metrics and usage of Google's applications. It may also allow competitors and/or bad actors to manipulate or gain insight into how Google maintains its data. In addition, Google has an interest in protecting the financial and metrics data of the apps written by third parties and distributed on the Google Play Store, as developers may be less inclined to work with Google in the future if such data is publicly disclosed. Accordingly, if this information were made public, Google's competitive standing would be harmed.

### E. Compensation Information for Google's Employees

13. Certain documents or portions thereof identified in Chart C filed as an attachment to Google's Revised Omnibus Administrative Order should be sealed because they reference compensation information for Google engineers. I understand that Google considers and treats this information as confidential business information, and does not disclose this information publicly. I also understand that the public disclosure of such compensation information would harm Google's competitive standing as an employer by impairing future negotiations with other employees and undermining Google's ability to hire or retain employees. It would also give competitors access to information that Google does not have similar access to about their competitors, allowing them to gain

a competitive advantage when hiring. Accordingly, if this information were made public, Google's competitive standing would be harmed.

I declare under penalty of perjury under the laws of the United States of America that to the best of my knowledge the foregoing is true and correct. Executed on August 9, 2023, in San Francisco, California.

DATED: August 9, 2023

By: */s/ Jocelyn Ma*
Jocelyn Ma

**ATTESTATION**

I, Sean Pak, am the ECF user whose ID and password are being used to file the above Declaration. In compliance with Civil L.R. 5-1, I hereby attest that Jocelyn Ma has concurred in the aforementioned filing.

DATED: August 9, 2023

*/s/ Sean Pak*
Sean Pak