# EXHIBIT 4
Filed Under Seal

1  Clement S. Roberts (SBN 209203)
   *croberts@orrick.com*
2  ORRICK HERRINGTON & SUTCLIFFE LLP
   405 Howard Street
3  San Francisco, CA 94105
   Tel: (415) 773-5700 -- Fax: (415) 773-5759
4

5  Alyssa Caridis (SBN 260103)
   *acaridis@orrick.com*
6  ORRICK HERRINGTON & SUTCLIFFE LLP
   777 South Figueroa Street, Suite 3200
7  Los Angeles, CA 90017
   Tel: (213) 629-2020 -- Fax: (213) 612-2499
8

9  George I. Lee
   *lee@ls3ip.com*
10 Sean M. Sullivan
   *sullivan@ls3ip.com*
11 Rory P. Shea
   *shea@ls3ip.com*
12 J. Dan Smith
   *smith@ls3ip.com*
13 Michael P. Boyea
   *boyea@ls3ip.com*
14 Cole B. Richt*er*
   *richter@ls3ip.com*
15 LEE SULLIVAN SHEA & SMITH LLP
   656 W Randolph St, Floor 5W
16 Chicago, IL 60661
   Tel: (312) 754-0002 -- Fax: (312) 754-0003
17

18 *Attorneys for Sonos, Inc.*

19

## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE LLC, | Case No. 3:20-cv-6754 |
| *Plaintiff,* | **SONOS, INC.'S CORRECTED SUPPLEMENTAL RESPONSES AND OBJECTIONS TO GOOGLE'S FIRST SET OF INTERROGATORIES [1-20]** |
| v. | |
| SONOS, INC., | Judge: Hon. William Alsup |
| *Defendant.* | Complaint Filed: September 28, 2020 |

1    **INTERROGATORY NO. 16**

2        *Identify the particular portions, source code, or functionality of all accused applications*

3    *for Android and iOS devices which Sonos contends meets, in whole or in part, one or more*

4    *limitations of the Asserted Claims.*

5

6    **RESPONSE TO INTERROGATORY NO. 16**

7        Sonos objects to this interrogatory as overbroad, unduly burdensome, and not reasonably

8    proportional to the needs of the case insofar as it purports to require Sonos to "[i]dentify . . . *all*

9    accused applications for Android and iOS devices . . . ."

10        Sonos also objects that the interrogatory is vague and ambiguous, particularly with

11    respect to what is meant by "particular portions" of "all accused applications."

12        Sonos further objects that the term "Asserted Claims" have not been defined in the

13    interrogatories.  Sonos will interpret "Asserted Claims" to mean the asserted claims of the

14    Asserted Patents in this litigation.

15        Sonos further objects to this Interrogatory as premature to the extent it seeks expert

16    discovery in advance of the date set forth in the Federal Rules of Civil Procedure and/or the

17    Court's Scheduling Order.

18        Sonos further objects to this Interrogatory on the ground that it is a premature contention

19    interrogatory that has been filed before a substantial amount of discovery has been conducted in

20    this lawsuit.  *See* Fed. R. Civ. P. 33(a)(2) ("[T]he court may order that [a contention]

21    interrogatory need not be answered until after designated discovery is complete . . . .").

22        Sonos further objects to this Interrogatory as premature to the extent that some of the

23    information called for by this interrogatory is in the possession of Google or third parties and has

24    not yet been produced in this case.

25        Subject to, and without waiving, the foregoing Specific and General Objections, Sonos

26    states that much of the information necessary to respond to this Interrogatory is uniquely within

27    the possession of Google or third parties, and Sonos will seasonably supplement its response to

28    this Interrogatory upon obtaining such information, including at least information produced in

1    response to subpoenas served on Spotify, as well as Google's responses to Interrogatory Nos. 13,

2    14, 15, and 16, which are incorporated by reference herein.

3        Sonos also incorporates by reference herein its preliminary infringement contentions and

4    its final infringement contentions, when served.

5        Sonos reserves the right to revise, correct, add to, supplement, or clarify its response to

6    this Interrogatory as additional information is discovered and/or becomes available.

7

8    **INTERROGATORY NO. 17**

9        *Identify any investigations and/or evaluations regarding the validity, patentability,*

10   *enforceability, scope, and/or infringement of any claim of the Asserted Patents requested or*

11   *conducted by, on behalf of, or known to you, including the dates such activities took place, the*

12   *persons or entities involved in such activities, the nature of such activities, (including any*

13   *analysis or investigation of the Accused Products for purposes of infringement and the identity of*

14   *those products), whether any decision was made or action taken by or on your behalf in whole or*

15   *in part as a result of such activities and identify all documents concerning the subject matter of*

16   *this Interrogatory.*

17

18   **RESPONSE TO INTERROGATORY NO. 17**

19       Sonos objects to this interrogatory as overbroad, unduly burdensome, and not reasonably

20   proportional to the needs of the case insofar as it purports to require Sonos to "[i]dentify ***any***

21   investigations and/or evaluations . . . including ***any*** analysis or investigation of the Accused

22   Products . . . and identify ***all*** documents concerning the subject matter of this Interrogatory."

23       Sonos further objects that this interrogatory is vague and ambiguous, particularly with

24   what is meant by "subject matter of this Interrogatory."

25       Sonos also objects to this interrogatory to the extent it seeks information protected by the

26   attorney-client privilege and/or work product doctrines.

27       Sonos further objects to this Interrogatory as premature to the extent it seeks expert

28   discovery in advance of the date set forth in the Federal Rules of Civil Procedure and/or the

concerning Sonos's knowledge or awareness . . . and identify *all* Persons with knowledge of those facts and *all* documents concerning those facts."

Sonos also objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrines.

Subject to, and without waiving, the foregoing Specific and General Objections, Sonos states that it became aware of the products accused of infringement in this litigation at or around the time those products were publicly announced by Google.  Sonos's in-house counsel Mark Triplett (VP, Intellectual Property) and Chris Butts (Senior Director, U.S. Patent Development) are knowledgeable about Sonos's first awareness of the products accused of infringement in this case.

Additionally, pursuant to Fed. R. Civ. P. Rule 33(d), Sonos will produce documents from which further information sought in this Interrogatory may be derived.

Sonos reserves the right to revise, correct, add to, supplement, or clarify its response to this Interrogatory as additional information is discovered and/or becomes available.

Dated:  November 30, 2022

ORRICK HERRINGTON & SUTCLIFFE LLP
*and*
LEE SULLIVAN SHEA & SMITH LLP

By: */s/ Cole B. Richter*
    Cole B. Richter (admitted *pro hac*)

*Attorneys for Sonos, Inc.*