# Exhibit 37
# Filed Under Seal

# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>        Plaintiff,<br><br>v.<br><br>SONOS, INC.,<br><br>        Defendant. | CASE NO. 3:20-cv-06754-WHA<br><br>Related to CASE NO. 3:21-cv-07559-WHA |

**REPLY EXPERT REPORT OF SAMRAT BHATTACHARJEE REGARDING NON-INFRINGEMENT OF U.S. PATENT NO. 10,779,033 AND OTHER ISSUES**

HIGHLY CONFIDENTIAL AEO AND SOURCE CODE MATERIALS

that referenced the grouped devices is a "selectable indicator" for a group of Tungsted devices configured for synchronous playback. Dr. Schmidt asserts that the May 2011 Tungsten UI/code fails to disclose the selection of "at least one selectable indicator for a group of playback devices." Schmidt Rebuttal Rpt., ¶737. Dr. Schmidt does not provide any further explanation of what is meant by this statement. To the extent he is suggesting that the group may not be select to transfer playback to the Tungsten devices, I disagree. *See* SetlistFragment.java, lines 86-87.

### H. Claims 9, 11, 12, 13, 16

161. For Claims 9, 11-13 and 16, Dr. Schmidt repeats the argument he made for Claim 1. Thus, I disagree with Dr. Schmidt for the reasons already set forth in my discussion of Claim 1 above and in my prior reports.

## IX. WRITTEN DESCRIPTION

### A. Limitation 1.4

162. Limitation 1.4 recites a computing device "operating in a first mode in which the computing device is configured for playback of a remote playback queue provided by a cloud-based computing system associated with a cloud-based media service." I explained in my report that "to the extent there is written description support for a 'remote playback queue' in the '033 patent, it at most supports a scope limited to a playback queue in a third-party application. There is no written description for the broader interpretation that Sonos is seeking." Opening '033 Rpt., ¶693. Nor is there support for extending the claims to cover Google's cloud queue technology. *Id.*, ¶685. Dr. Schmidt's response supports my opinion.

163. <u>First</u>, Dr. Schmidt points to the embodiment at 12:65-13:3. Dr. Schmidt identifies a "Web application" for the turntable.fm as providing the "remote playback queue" that is played by the Sonos system. Thus, Dr. Schmidt's citations support my opinion that the '033 patent does

74

not support the term "remote playback queue" to the extent it is not limited to a playback queue provided by a third-party application.

164. Further, as I explained above, Dr. Schmidt identifies a number of "characteristics" a "playback queue" must have, and argues that it does not include playback of a "playlist." The embodiment Dr. Schmidt relies upon states: "In another example of an application determining a *playlist and/or other content for playback*, a user enjoys listening to music on an online music service (e.g., turntable.fm or other virtual room that a user can enter to choose from a plurality of online disc jockeys (DJs) deciding what to play next) using his Mac Book Pro at home." Dr. Schmidt does not address this disclosure or explain how it satisfies his understanding of the term "playback queue," which he states does not encompass playback of a "playlist." Nor does Dr. Schmidt point to any mention of "queue," let alone a "remote playback queue."

165. Even accepting Dr. Schmidt's assertion that this disclosure provides written description support for a computing device configured to playback a "remote playback queue," it does not provide support for a playback device being configured to playback the "remote playback queue" in the manner that is recited by Limitation 1.7. Nor does this embodiment disclose Limitations 1.8-1.9. I discuss these limitations in my opening report and below.

166. <u>Second</u>, Dr. Schmidt points to the embodiment of Figure 10 and its disclosures at 15:18-29. I discussed this embodiment in my opening report and showed that it does not disclose a "remote playback queue" or "cloud queue." Rather, it discloses a "link or other reference is embedded in a third party application (e.g., Facebook™)" and that "when the link is selected, a playback system (e.g., Sonos™) server is contacted and provided with information regarding selected content for playback." There is no disclosure that the Sonos server maintains a "remote playback queue" or "cloud queue."

75

167. Further, Dr. Schmidt does not even mention this embodiment when attempting to show written description support for Limitation 1.7, which is directed to a playback device being configured to playback the "remote playback queue." Nor does he discuss it in connection with Limitations 1.8-1.9. Dr. Schmidt does not explain how the embodiment in Figure 10 is linked together or described in combination with the embodiment he relies upon in Limitations 1.7-1.9. Instead, he appears to be picking select disclosures from embodiments that operate differently.

168. Third, Dr. Schmidt refers to a single mention of a "shared queue." I discussed the "shared queue" in my prior reports and showed that it does not provide written description support for the "remote playback queue." Opening '033 Report, ¶ 690; Rebuttal '033 Report, ¶ 147-148. Further, as I explained, Sonos's witness have testified that in 2011 Sonos only had a "local queue." *See supra*, ¶10; *see also* SONOS-SVG2-00179612 ("Shared Queue" is a type of Sonos queue).

B. **Limitation 1.7**

169. I opined that there was no instruction configuring the playback device to both (i) "communicat[e] *with the cloud-based computing system* in order to obtain data identifying a next one or more media items that are in the remote playback queue," and (ii) "use the obtained data to retrieve at least one media item in the remote playback queue from the cloud-based media service." Bhattacharjee Op. Report at 712.

170. Dr. Schmidt does not point to any disclosure of an instruction configuring the playback device to perform both steps (i) and (ii). Rebuttal '033 Rpt., ¶224. I also showed in my rebuttal report than Sonos is accusing a series of three "pull" operations after receiving the alleged instruction, including a first operation to obtain an identifier for a video, a second operation to pull a playback URL, and a third operation to fetch the content. *Id*., ¶223. Dr. Schmidt has not shown the '033 patent includes written description support for the series of three pull operations either.

76

Contains Highly Confidential AEO and Source Code Materials

171.  First, Dr. Schmidt points to the disclosure at 12:41-64. I discussed this embodiment in my opening report and showed it does not provide written description support for this limitation. Opening '033 Rpt., ¶¶714-715. Instead, it teaches that URLs and song identifiers can be passed to the playback system from a third-party application.

172.  Second, Dr. Schmidt points to the disclosure at 12:65-13:19. This embodiment discloses that a user may use a "button or other indicator" displayed on his or her MacBook pro to "switch the content being played" to a playback device. The disclosure teaches that this may result in the "web-based application" talking to the playback system "in a certain way (e.g., may have to log in with a username and password)." Dr. Schmidt discloses that a POSITA would understand this to be an instruction for transferring playback responsibility, but the patent makes no mention of an instruction or playback resuming on the playback device. Instead, the disclosure states that the user communicates with the "website" to "send audio or audio and video down to a playback device." In any event, even if this disclosure teaches that the MacBook pro (i.e., the computing device) sends an instruction to the playback device, Dr. Schmidt has failed to show it teaches the playback device perform steps (i) and (ii) after receiving the instruction. Dr. Schmidt states that the reference to an "online music service… deciding *what to play next*" teaches that "resource locators" are provided to the playback device and then used to retrieve content. I disagree. There is no mention of URLs or using URLs to retrieve content in this embodiment. Rather, the patent states that "the identified user [of the MacBook Pro] has the website send audio or audio and video down to a playback device." Audio and video refers to the content, not a URL.

173.  With respect to Dr. Schmidt's third example, the disclosure of "fetch[ing] a short list of tracks to play next" is not sufficient to disclose the specifically claimed instruction and the "playback device" being configured to perform steps (i) and (ii). Dr. Schmidt states that the

77