FILED UNDER SEAL

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  James Judah (Bar No. 257112)
  jamesjudah@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

  Marc Kaplan (pro hac vice)
  marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone:     (312) 705-7400
Facsimile:     (312) 705-7401

*Attorneys for Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>      Plaintiff,<br><br> vs.<br><br>SONOS, INC.,<br><br>      Defendant. | Case No. 3:20-cv-06754-WHA<br>Related to Case No. 3:21-cv-07559-WHA<br><br>**GOOGLE LLC'S RESPONSE TO THE COURT'S REQUEST FOR INFORMATION (DKT. 549)**<br><br>The Hon. William H. Alsup<br>Date:   March 30, 2023<br>Time:   8:00 a.m.<br>Location: Courtroom 12, 19th Floor |

1    Google LLC ("Google") files this brief in response to the Court's Request for Information
2    (Dkt. 549).  A ruling that the asserted claims of U.S. Patent No. 10,779,033 ("'033 patent") are
3    invalid would not moot Google's breach of contract and conversion claims because such claims do
4    not hinge on the validity of the '033 patent.  An invalidity finding would not change the fact that
5    Sonos has improperly claimed a right in development work arising from the parties'
6    collaboration.  *See generally* Dkt. 83-2 (Google's Reply in Support of its Motion for Leave to File
7    its Second Amended Complaint) at 4.

8    With respect to breach of contract, Sonos violated the Content Integration Agreement (Dkt.
9    479-4, "CIA") by claiming Google's cloud queue API for itself in at least the following ways.  First,
10   Sonos breached the CIA by claiming Google's development work during prosecution of the '033
11   patent, including in the November 1, 2019 amendment that introduced limitations related to a
12   "remote playback queue," and then accusing Google of infringement of the patent based on Google's
13   use of the result of that development work—the cloud queue API.  Dkt. 515-37 (Google's
14   Opposition to Sonos's Motion for Summary Judgment Regarding Google's Contract-Related
15   Claims) at 10-11, 12-14.  Second, Sonos breached the CIA by using Google's cloud queue API to
16   engage in integrations with Google's competitors, which is separate from the '033 patent or its
17   validity.  *Id.* at 11-12.  Third, Sonos breached the CIA by filing other patents purporting to cover
18   Google's development work on the cloud queue API after the parties' collaboration.  *See id.* at 9-
19   10; *see also* Dkt. 515-32 (Opening Expert Report of Samrat Bhattacharjee Regarding Invalidity of
20   U.S. Patent Nos. 10,779,033 and 9,967,615 and Other Issues) ¶¶ 811-12.  None of these breaches
21   would be mooted by a finding of invalidity of the '033 patent.

22   With respect to conversion, Google's claim would similarly not be mooted by a ruling that
23   the '033 patent is invalid.  Specifically, Google claims that Sonos wrongfully exercised dominion
24   over the cloud queue technology by both (1) filing patents that purport to cover the idea, including
25   patents other than the '033 patent, and (2) claiming ownership over the cloud queue API with other
26   music providers.  Opposition at 25.  Neither theory is solely contingent upon the validity of the '033
27   patent.
28

1  Although Google's affirmative claims would not be moot, if the '033 patent is invalidated
2  and the Court is of the view that the claims should be dropped in order to streamline the issues for
3  summary judgment and trial, Google will withdraw those claims without prejudice.

DATED: March 29, 2023          QUINN EMANUEL URQUHART & SULLIVAN, LLP

By   *Charles K. Verhoeven*
     Charles K. Verhoeven (Bar No. 170151)
     charlesverhoeven@quinnemanuel.com
     Melissa Baily (Bar No. 237649)
     melissabaily@quinnemanuel.com
     James Judah (Bar No. 257112)
     jamesjudah@quinnemanuel.com
     Lindsay Cooper (Bar No. 287125)
     lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

   Marc Kaplan *(pro hac vice)*
   marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone:     (312) 705-7400
Facsimile:     (312) 705-7401

*Attorneys for Google LLC*

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that, on March 29, 2023, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system and email.

*Charles K. Verhoeven*
Charles K. Verhoeven
