QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Sean Pak (Bar No. 219032)
  seanpak@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  James Judah (Bar No. 257112)
  jamesjudah@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
  Iman Lordgooei (Bar No. 251320)
  imanlordgooei@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

  Marc Kaplan (*pro hac vice*)
  marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone:     (312) 705-7400
Facsimile:     (312) 705-7401

*Attorneys for GOOGLE LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

|  |  |
|---|---|
| SONOS, INC., <br><br> Plaintiff and Counter-Defendant, <br><br> vs. <br><br> GOOGLE LLC, <br><br> Defendant and Counter-Claimant. | Case No. 3:20-cv-06754-WHA <br> Related to Case No. 3:21-cv-07559-WHA <br><br> **GOOGLE LLC'S OBJECTION TO SONOS'S DEMONSTRATIVE DISCLOSURES FOR MR. JAMES MALACKOWSKI** <br><br> **FILED UNDER SEAL** |

Google LLC ("Google") objects to Sonos's proposed demonstratives for its damages expert Mr. James Malackowski.  Sonos plans to use its expert to introduce two patent license agreements that both sides' experts have opined are not comparable to the hypothetical negotiation.  Declaration of Lindsay Cooper ("Cooper Decl.") Ex. 1 at 3.14-3.16.  These agreements are irrelevant, and allowing Sonos to introduce these agreements simply to publish their rates—which Sonos's own expert has opined are not tied to the hypothetical negotiation in this case—would be unduly prejudicial.  The agreements should be excluded under FRE 401 and 403.[1]

Sonos's damages expert, Mr. Malackowski, opined that Sonos's Legrand and Lenbrook/Bluesound agreements are not comparable to the hypothetical license at issue in this case.  Mr. Malackowski stated that he and Google's damages expert Mr. Christopher Bakewell agree on this:

- "Mr. Bakewell and I both agree that [the Sonos/Legrand license] is 'not comparable to the hypothetical license' that would be granted in this matter."  Ex. 2 (December 9, 2022 Malackowski Supplemental Report) at 45.

- "Mr. Bakewell and I agree that the Sonos/Lenbrook license is not probative of the outcome of the hypothetical negotiation in this case."  *Id.* at 48.

- "Mr. Malackowski and I appear to agree that the Sonos agreements are not comparable to the hypothetical license(s)."  *Id.* at 170.

Indeed, both agreements are worldwide portfolio licenses arising from litigation or threatened litigation.  *See* Ex. 2 at 44-48; Ex. 3 at 171-76.  The Lenbrook/Bluesound agreement is also a cross license while the Legrand agreement contains covenants not to sue.  *See* Ex. 2 at 44, 46.  Given these differences and others, Mr. Malackowski found that the agreements are "not comparable" and "not probative" of the hypothetical negotiation in this case.  To put a finer point on it, Sonos's own expert expressly offered an opinion that the licenses are not relevant to the damages issues in this case – *i.e.*,  "Sonos/Lenbrook license *is not probative* of the outcome of the hypothetical negotiation in this case."  *Id.* at 48 (emphasis added).  Given these opinions offered by

---

[1]  Separately, certain Mr. Malackowski's demonstratives are untimely and a violation of the Court's Standing Order.  Dkt. 67 at 3.  Slides PDX3.9, 3.13, 3.14, 3.15, 3.16, 3.17, 3.18, 3.19, 3.20, 3.21, 3.22, 3.23, 3.24, 3.25, 3.26, 3.28, 3.31, 3.32, 3.35, 3.36, 3.37, 3.39, 3.42, 3.43, 3.44, 3.46, and 3.47 should be excluded on this basis for the same reasons Google explained in connection with its objections to the demonstratives of Dr. Kevin Almeroth.

1   Sonos's experts, the agreements should be excluded as not relevant.  FRE 401; *Open Text S.A. v.*

2   *Box, Inc.*, No. 13-CV-04910-JD, 2015 WL 349197, at *5 (N.D. Cal. Jan. 23, 2015) ("If . . . the

3   licenses are non-comparable, they are 'irrelevant' and 'simply [have] no place in this case.'")

4   (quoting *LaserDynamics, Inc. v. Quanta Comput., Inc.*, 694 F.3d 51, 80 (Fed. Cir. 2012)).

5       At the morning conference on May 8, Sonos's counsel agreed that Mr. Malackowski

6   "doesn't use [the agreements] to factor into the calculation of a royalty rate."  Ex. 5 at 13.  But Sonos

7   stated that Mr. Malackowski should be permitted to rely on the agreements to show "that Sonos

8   prefers a running royalty."  *Id.*  Courts have squarely rejected this kind of "soft" reliance in similar

9   situations.  In *I/P Engine, Inc. v. AOL Inc.*, No. 2:11-cv-512, 2012 WL 12068846, at *2 (E.D. Va.

10  2012), an expert sought to admit non-comparable agreements to demonstrate a party's "preference

11  toward lump sum royalty payments"—***exactly*** what Sonos is trying to do here.  The Court rejected

12  this because "the Federal Circuit has made clear that non-comparable licensing cannot be used as

13  the basis for determining a reasonable royalty" and "the form of the royalty is equally important as

14  the amount of the royalty . . . [so] if an agreement is non-comparable as to one aspect of the royalty

15  question, it is non-comparable as to all aspects."  Similarly in *Open Text*, 2015 WL 349197, at *5,

16  a damages expert concluded that a series of agreements were non-comparable but nevertheless

17  sought to introduce them as "background" evidence.  The Court rejected this as well.  *Id.* ("Holt's

18  unwillingness to say that she relied on the licenses—apparently based on a recognition that they

19  would not qualify as comparable licenses under the Federal Circuit's precedents—leaves no room

20  for some sort of soft or 'suggestive' reliance.").  This Court should reach the same result here.

21      Moreover, Mr. Malackowski's demonstratives make clear that they are being used to

22  emphasize the rates in these non-comparable licenses, not the form.  Ex. 1 at 3.14-3.16.  Allowing

23  Sonos to introduce these concededly non-comparable rates in an attempt to make Mr.

24  Malackowski's per-unit rates seem reasonable would be highly prejudicial and improper.  *Apple*

25  *Inc. v. Wi-Lan, Inc*., No. 14-cv-2235 DMS, 2019 WL 13162735, at *7 (S.D. Cal. Oct. 1, 2019)

26  ("Even if the [agreement] was comparable, the Court would still find it inadmissible because the

27  way it is being used, [it], "skew[s] unfairly the jury's ability to apportion the damages to the

28  infringing features."); *see generally Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1320 (Fed.

1    Cir. 2011) (finding that large dollar figures with little to no relationship to the claimed invention

2    serve no other purpose than to "skew the damages horizon for the jury").

3        And in this case, Sonos's use of the Lenbrook/Bluesound and Legrand agreements is

4    particularly prejudicial because the evidence indicates that the licensees are not even paying these

5    rates. One of Sonos's licensees, Legrand, only paid $200,000 in royalties under the license because

6    it was "getting out of the market." Ex. 2 at 45. The other, Lenbrook/Bluesound, only paid Sonos

7    $1.5 million. *Id.* at 48. All of this will need to be explained to the jury should these non-comparable

8    licenses be admitted.

9        In addition, because Google should be permitted to operate under the same rules as Sonos,

10    it is important to note that Google has 11 lump sum agreements that the parties agree are not

11    comparable to the hypothetical negotiation. These agreements nonetheless demonstrate a

12    preference for a lump sum royalty. To the extent Sonos is allowed to show the jury royalty rates

13    from non-comparable running royalty licenses, Google will also need to show the jury royalty

14    payments from non-comparable lump sum licenses to level the playing field. *Fluidigm Corporation*

15    *et al v. Ionpath, Inc.*, No. 3:19-cv-05639, Dkt. 145 at 1 (N.D. Cal. Oct. 14, 2020) (Alsup, J.) ("the

16    rule of law embodies evenhandedness, and 'what is sauce for the goose is normally sauce for the

17    gander'"); *Lotes Co. v. Hon Hai Precision Indus. Co.*, 2017 WL 5235647, at *3 (N.D. Cal. Nov. 11,

18    2017) (Alsup, J.) (once a plaintiff "open[s] the door to [a] subject at trial," the same subject

19    "become[s] fair game" for defendant). This is a waste of time. FRE 403.

20        These facts counsel in favor of excluding these licenses. *LaserDynamics, Inc. v. Quanta*

21    *Computer, Inc*., 694 F.3d 51, 80 (Fed. Cir. 2012) (granting new trial on damages because testimony

22    relied on licenses that were not comparable and therefore not relevant).

23

24

25

26

27

28

1    DATED:  May 8, 2023                QUINN EMANUEL URQUHART & SULLIVAN, LLP

2

3                                       By    /s/ Sean Pak

4                                             Sean Pak
                                              Melissa Baily
5                                             James D. Judah
                                              Lindsay Cooper
6                                             Marc Kaplan
                                              Iman Lordgooei
7

8                                             *Attorneys for GOOGLE LLC*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>CERTIFICATE OF SERVICE</u>

2

3

4

      Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that, on May 8, 2023, all counsel of record who have appeared in this case are being served with a copy of the foregoing via email.

5

6

7

<u>  /s/ Sean Pak  </u>
Sean Pak

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28