# EXHIBIT 9

# FILED UNDER SEAL

**LS3 — IP LAW**

**Lee Sullivan Shea & Smith LLP**

Cole B. Richter | Attorney

656 W Randolph St  
Floor 5W  
Chicago, Illinois 60661

312.757.4478  Office  
richter@ls3ip.com

**HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY**

August 15, 2022

**VIA EMAIL (jocelynma@quinnemanuel.com)**

Jocelyn Ma  
QUINN EMANUEL URQUHART & SULLIVAN, LLP  
50 California Street, 22nd Floor  
San Francisco, California 94111

   *Re:  Google LLC v. Sonos, Inc., Case No. 3:20-cv-06754-WHA*

Counsel,

We write regarding deficiencies in Google's discovery responses and 30(b)(6) designees.

*Deficient Interrogatory Responses*

Despite Google having had over a year to respond to Sonos's interrogatory nos. 14 and 15, Google's responses are still deficient.

Specifically, interrogatory no. 14 states, *inter alia*:

> For each Accused Cast-Enabled App, describe in detail how the given Accused Cast-Enabled App (e.g., YouTube Music, YouTube …) running on a computing device (e.g., … an Accused Cast-Enabled Display …), independently or working with other software on the computing device, enables a user to "cast,"[1] or otherwise move or transfer media,[2] to an Accused Cast-Enabled Media Player including, but not limited to, (i) describing in detail any information that is exchanged between the computing device, the Accused Cast-Enabled Media Player, and/or any Accused Google Server to facilitate the aforementioned functionality and how such exchange takes place, (ii) describing in detail any creation, existence, modification, or deletion of any "queue"[3] of one or more media items to facilitate the aforementioned functionality and how such creation, existence, modification, or deletion takes place, and (iii) identifying by filename and method/function name the specific source code related to the functionality described in (i)-(ii).

---

[1] *See, e.g.*, https://support.google.com/googlenest/answer/7181830.  
[2] *See, e.g.*, https://support.google.com/chromecast/answer/9563059?co=GENIE.Platform%3DAndroid&hl=en.  
[3] *See, e.g.*, https://developers.google.com/cast/docs/ios_sender/queueing.

1

**LS3** — IP LAW —

Lee Sullivan Shea & Smith LLP

**Cole B. Richter** | Attorney

656 W Randolph St
Floor 5W
Chicago, Illinois 60661

312.757.4478  Office
richter@ls3ip.com

**HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY**

To date, Google has failed to provide any explanation as to how an Accused Cast-Enabled ***Display*** (e.g., Home/Nest Hub or Nest Hub Max) casts or otherwise transfers media to another Accused Cast-Enabled Media Player.  Google has long been aware that such information is directly relevant to Sonos's infringement contentions for the '033 Patent. *See, e.g.*, Sonos, Inc.'s Disclosure of Asserted Claims and Infringement Contentions (October 21, 2021), Ex. B, pp. 23-25, 29-30 (accusing Hub's "stream transfer" feature of infringement).  Google's failure to adequately respond to interrogatory no. 14 is compounded by Google's continued failure to designate a 30(b)(6) witness that is component to testify regarding Topic No. 1(iii) of Sonos Inc.'s First Rule 30(b)(6) Notice of Deposition of Google LLC (discussed in further detail below).

Interrogatory no. 15, states, *inter alia*:

> For each of the YouTube, YouTube Music, [and] YouTube TV … media services, describe in detail how an Accused Google Product (e.g., an … Accused Pixel Device) receives and then plays back a sequence of media items (e.g., songs, podcast episodes, etc.) in connection with a given one of the aforementioned media services including, but not limited to, (i) describing in detail any communications between the Accused Google Product and any web server (e.g., Accused Google Server or third-party server) and how such communications take place, (ii) describing in detail how any Accused Google Server generates, maintains, and/or updates a set of one or more media-item "recommendations"[4] that are sent to the Accused Google Product and how those "recommendations" are sent to the Accused Google Product, and (iii) describing in detail how any Accused Google Server facilitates Google's "Autoplay feature"[5] for playback at the Accused Google Product and how the "Autoplay feature" is utilized at the Accused Google Product.

To date, Google has failed to provide any explanation as to how an Accused ***Pixel Device*** plays back a sequence of media items in connection with any of the YouTube services.  Again, Google has long been aware that such information is directly relevant to the '033 Patent. *See* '033 Patent, limitation 1.4 ("operating in a first mode in which the ***computing device is configured for playback*** of a remote playback queue provided by a cloud-based computing system associated with a cloud-based media service").  Google's failure to adequately respond to interrogatory no. 15 is compounded by Google's continued failure to designate a 30(b)(6) witness that is

---

[4] *See, e.g.*, https://www.youtube.com/howyoutubeworks/product-features/recommendations/; https://support.google.com/youtubemusic/answer/6313542?hl=en; https://support.google.com/websearch/answer/10017274?hl=en&co=GENIE.Platform%3DAndroid#zippy=.

[5] *See, e.g.*, https://support.google.com/youtube/answer/6327615?hl=en&co=GENIE.Platform%3DAndroid; https://support.google.com/websearch/answer/10017274?hl=en&co=GENIE.Platform%3DAndroid#zippy=.

2

**Cole B. Richter** | Attorney

**LS3** — IP LAW —  Lee Sullivan Shea & Smith LLP

656 W Randolph St
Floor 5W
Chicago, Illinois 60661

312.757.4478  Office
richter@ls3ip.com

**HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY**

component to testify regarding Topic No. 1(v) of Sonos Inc.'s First Rule 30(b)(6) Notice of Deposition of Google LLC (also discussed in further detail below).

Please provide a date certain by which Google will supplement these interrogatory responses to address these deficiencies.

### *Google's 30(b)(6) Designees*

Google strategically elected to designate a ***single*** witness, Vincent Mo, to testify regarding Topic No. 1, subparts (ii), (iii), (iv), (v), (vi), and (vii) of Sonos Inc.'s First Rule 30(b)(6) Notice of Deposition of Google LLC with respect to ***four*** different YouTube apps knowing full well that such topics required knowledge of Sender-side, Receiver-side, and server-side functionality. Unsurprisingly, as set forth in my April 29, 2022 email, Mr. Mo was not competent or prepared to testify regarding various aspects of these topics.[6]

Despite Ms. Aubry's May 16, 2022 email contending that Mr. Mo was competent to testify to these topics, Google tacitly conceded that Mr. Mo was not competent to testify as to each of his designated topics by virtue of Google further designating James Goddard for Topic No. 1(iii). However, Mr. Goddard was no more competent to testify to this topic than Mr. Mo, as each had no knowledge regarding how the "Cast platform" (or "Cast framework") facilitates a "stream transfer." *See, e.g.*, Goddard Dep. Tr., 82:9-21:

> **Q:** Are you familiar with how stream transfer works between Cast-enabled devices?
> **A:** As -- so ***I'm not familiar with how stream transfer works at the low level***. It's provided as a feature of the Cast platform. And as a member of the music application teams, we -- we would use that feature, using the APIs provided.
> **Q:** When you're referring to "at the lower level," what do you mean?
> **A:** So ***I don't know how stream transfer is implemented*** on the Cast platform.

Goddard Dep. Tr., 99:22-100:3 ("***I don't know*** about the implementation of the CastFramework itself."), 103:6-22, 104:25-105:14, 106:2-22 ("So again, I -- ***I do not know*** how the CastFramework will actually transfer the SessionState from the transferrer to the transferee."), 109:7-110:4, 111:19-112:4, 141:8-17 ("Correct. ***I'm not familiar*** with how the CastFramework

---

[6] *See, e.g.*, *Slot Speaker Techs., Inc. v. Apple, Inc.*, No. 13-CV-01161-HSG(DMR), 2017 WL 386345, at *2 (N.D. Cal. Jan. 27, 2017) ("When a party notices topics for deposition, the corporation must not only produce such number of persons as will satisfy the request, but more importantly, prepare them so that they may give ***complete, knowledgeable***, and binding answers on behalf of the corporation.") (cleaned up with emphasis added); *Avago Techs., Inc. v. IPtronics Inc.*, No. 5:10-CV-02863-EJD, 2015 WL 2395941, at *2 (N.D. Cal. May 19, 2015).

**Cole B. Richter** | Attorney

Lee Sullivan Shea & Smith LLP

656 W Randolph St
Floor 5W
Chicago, Illinois 60661

312.757.4478  Office
richter@ls3ip.com

**HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY**

works or how the SessionState is transferred around."), 142:21-23 ("*I did not make any attempt to learn* how the CastFramework works as part of preparation for this deposition."); see also, e.g., Goddard Dep. Tr., 89:4-5 ("So *I don't remember* the exact steps needed to initiate a stream transfer."), 90:5-8 ("*I don't know* whether you could do -- initiate a stream transfer directly from the -- the device where playback is occurring or not. I'd – I'd have to play with it.").

Likewise, Topic 1(i) of Sonos Inc.'s First Rule 30(b)(6) Notice of Deposition of Google LLC covers "[t]he design and operation of the Accused Functionalities, including: (i) the design and operation of the aforementioned 'speaker group' Accused Functionality and source code that facilitates that same" where the "speaker group" Accused Functionality means "[a]ny and all functionalities *that facilitate* creating a 'speaker group' using the Google Home app and *playing media (e.g., music) from the speaker group* …."

From a mobile phone app perspective, Google has unilaterally attempted to limit this topic to the Google Home app at the exclusion of any other accused mobile phone app that facilitates playing media from a "speaker group," such as the cast-enabled YouTube Music and Google Play Music apps. *See* Jocelyn Ma June 10, 2022 email ("Justin Pedro will be Google's designee on Topic 1(i) as it relates to the Google Home app."); Pedro Dep. Tr., 26:2-20. Google's refusal to designate one or more witnesses to testify regarding the *entirety* of the accused mobile phone apps that fall within the scope of Topic 1(i) is improper, especially given that Google has long been aware that such information is directly relevant to Sonos's infringement contentions for the '966 Patent. *See, e.g.*, Sonos, Inc.'s Disclosure of Asserted Claims and Infringement Contentions (October 21, 2021), Ex. C, pp. 22-24.

Worse, despite Ms. Ma's email stating "Justin Pedro will be Google's designee on Topic 1(i) as it relates to the Google Home app" without any qualification, Google unilaterally limited the scope of Mr. Pedro's 30(b)(6) testimony during his deposition to "the Google Home app and the functionalities for *creating a group*," at the exclusion of the Google Home app functionality that facilitates *playing media* from a "speaker group." Pedro Dep. Tr., 33:2-34:9. Indeed, Google's counsel repeatedly objected to questions regarding the Google Home app functionality that facilitates *playing media* from a "speaker group" as being outside the scope, and Mr. Pedro testified that he had not been prepared to testify on that portion of Topic No. 1(i). Once again, this is improper. *See, e.g.*, *Slot Speaker*, 2017 WL 386345, at *2; *Avago*, 2015 WL 2395941, at *4-5.

Sonos again asks that Google designate 30(b)(6) witnesses that are adequately prepared to testify to the following, each of which is directly relevant to at least Sonos's infringement contentions regarding the '966 or '033 Patent:

- Topic No. 1(i) – as it relates to the functionality of the accused mobile apps that facilitates playing media from a "speaker group";

4



Cole B. Richter | Attorney

656 W Randolph St
Floor 5W
Chicago, Illinois 60661

312.757.4478  Office
richter@ls3ip.com

**HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY**

- Topic No. 1(iii)(a)-(c) – as it relates to the "Cast platform"/"Cast framework";

- Topic No. 1(v)(a)-(d);

- Topic No. 1(vi)(a)-(d) – as it relates to a "computer device … receiving and playing media";

- Topic No. 1(vi)(b), (d) – as it relates to a "Cast-Enabled Media Player receiving and playing media";

- Topic No. 1(vii)(a)-(d) – as it relates to a "computer device … receiving and playing media"; and

- Topic No. 1(vii)(b), (d) – as it relates to a "Cast-Enabled Media Player receiving and playing media"

Please provide Google's designees on these portions of the Topics and the dates they are available.  If conferral on these issues would be productive, please let us know dates you are available.

Best regards,

*C.B.R.*

Cole B. Richter
cc: counsel of record

5