CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
croberts@orrick.com
ALYSSA CARIDIS (STATE BAR NO. 260103)
acaridis@orrick.com
EVAN D. BREWER (STATE BAR NO. 304411)
ebrewer@orrick.com
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   +1 415 773 5700
Facsimile:   +1 415 773 5759

SEAN M. SULLIVAN (*pro hac vice*)
sullivan@ls3ip.com
MICHAEL P. BOYEA (*pro hac vice*)
boyea@ls3ip.com
COLE B. RICHTER (*pro hac vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:   +1 312 754 0002
Facsimile:   +1 312 754 0003

*Attorneys for Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>Plaintiff and Counter-defendant,<br><br>v.<br><br>SONOS, INC.,<br><br>Defendant and Counter-claimant. | Case No. 3:20-cv-06754-WHA<br>Related to Case No. 3:21-cv-07559-WHA<br><br>**SONOS, INC.'S MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS PURSUANT TO PATENT L.R. 3-6**<br><br>Date: January 26, 2023<br>Time: 8:00 a.m.<br>Place: Courtroom 12, 19th Floor<br>Judge: Hon. William Alsup<br><br>Complaint Filed: September 28, 2020 |

**FILED UNDER SEAL**

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS:

PLEASE TAKE NOTICE that on January 26, 2023 at 8:00 a.m., or as soon thereafter as may be heard before the Honorable Judge William Alsup in Courtroom 12 on the 19th Floor of the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Sonos, Inc. ("Sonos") will, and hereby does, move this Court for an order granting Sonos leave to amend its infringement contentions as to U.S. Patent No. 10,469,966 (the "'966 patent") pursuant to Local Patent Rule 3-6. This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Geoffrey Moss ("Moss Decl."), and exhibits thereto, all documents in the Court's file, and such other written or oral evidence and argument as may be presented at or before the time this motion is heard by the Court.

## STATEMENT OF THE RELIEF REQUESTED

Pursuant to Patent Local Rule 3-6, Sonos requests that this Court grant Sonos leave to amend its infringement contentions as to U.S. Patent No. 10,469,966 (the "'966 patent"), to allow Sonos to address a newly disclosed redesign of the Accused Products.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    STATEMENT OF RELEVANT FACTS

Sonos accuses devices installed with the Google Home App, including Google Pixel phones, tablets, and computers, of infringing the '966 patent. Moss Decl. Ex. 1 (2.21.2022 Sonos's Corrected Supplemental Disclosure of Asserted Claims and Infringement Contentions) at 4. Nine days before the close of fact discovery, Google disclosed that it has updated the source code of the Google Home App. *See* Moss Decl. Ex. 2 (Google's Eighth Suppl. Obj. and Resps. to Sonos's First Set of Fact Discovery Interrogatories dated 11.21.2022 ("Google's Eighth Supp. ROG Resp.") at 8-10. These updates implement a functionality that was previously disclosed as a *hypothetical* non-infringing alternative. Moss Decl. Ex. 3 (Dr. Schonfeld's 6.22.2022 Opening Report and corrected on 7.10.2022) ¶¶ 723-730. Sonos's proposed amendment to its

1  infringement contentions addresses why "Non-Infringing Alternative #2 – no standalone mode"

2  ("NIA #2") still infringes the asserted claims of the '966 patent.

3      This amendment is necessary because Google has now informed Sonos that Google has

4  actually implemented NIA #2 on the accused devices. Before that time, NIA #2 was entirely

5  hypothetical and Sonos had no basis to accuse NIA #2 and no reason to amend its infringement

6  contentions.

7      Specifically, on November 21, 2022, Google disclosed that:

8-10  > Google has publicly released a new version of its source code through software updates to 25% of the accused Google products with a display, and plans to continue rolling out the change to the remaining accused products through December 2022.

11  Moss Decl. Ex. 2 (Google's Eighth Suppl. ROG Resp.) at 8-10.

12      Google previously disclosed NIA #2 as potential design-around for U.S. Patent No.

13  10,848,885 ("the '885 patent") for the first time in its expert's infringement report for the

14  showdown trial. *See, e.g.*, Moss Decl. Ex. 3 (Dr. Schonfeld's 6.22.2022 Opening Report and

15  corrected on 7.10.2022) ¶¶ 727-728. Google later asserted that NIA #2 was a hypothetical non-

16  infringing alternative to *both* the '885 and '966 patents. Moss Decl. Ex. 4 (11.30.2022 Dr.

17  Schonfeld Opening Report) ¶¶ 1101-1106. In response to that disclosure, Sonos's technical

18  expert explained that NIA #2 is *not* non-infringing as to the '966 patent (and is not commercially

19  acceptable for either the '885 and '966 patents). Moss Decl. Ex. 5 (11.30.2022 Almeroth

20  Opening Report) ¶¶ 736-762.

21      Sonos is attempting to obtain discovery from Google regarding the functionality of this

22  software update, such as a production of the full source code, samples of devices that are running

23  the new software, and a deposition of an engineer, all of which Google has not yet provided. But

24  based on Google's own description of how this software update operates, Sonos maintains that

25  NIA #2 still infringes the '966 patent.

26      As Google alleges, NIA #2 changes the functionality of the Google Home App so that

27  when a speaker is added to a speaker group, the speaker group is automatically launched. Thus,

28  according to Google, when a user completes the action of setting up a new speaker group, the

1  speaker group is immediately launched and begins playing.  Prior to this update, a speaker could
2  be added to a speaker group, or a new speaker group created, without launching the group.  In this
3  way, the speaker would continue to operate in "standalone mode," that is, it would continue to be
4  configured for individual playback.  It was only when a user took the *additional* step of invoking
5  the speaker group that the individual speaker would become configured to coordinate with the
6  other player(s) in the speaker group to output media in synchrony.  Under Google's "no
7  standalone mode" NIA #2, according to Google, the individual speaker would immediately take
8  on the playback status of the speaker group to which it is being added.  In view of Google's
9  description, Sonos maintains that NIA #2 still infringes the asserted claims of the '966 patent
10 because those claims do not require the speaker continue to operate in the standalone mode after
11 being added to a zone scene.  *See* Moss Decl. Ex. 6 (12.16.22 proposed amended and redlined Ex.
12 C – Infringement Contentions Chart: U.S. Patent No. 10,469,966 ("Proposed Amended '966
13 Contentions") at 6-8.

14    Google has not yet provided Sonos with both player-side and controller-side source code
15 implementing NIA #2, a product running the source code that implements NIA #2, or a witness
16 who will explain the source code.  Moss Decl. Ex. 7 (12.13.2022 Email from C. Richter to M.
17 Kaplan).  Sonos is diligently pursuing that discovery through appropriate means.  Sonos has also
18 provided Google with a copy of its proposed amended contentions, but Google has not yet
19 provided its position on this motion.  Nonetheless, in the interest of acting with diligence and
20 resolving this issue as quickly as possible, Sonos moves to amend its infringement contentions to
21 accuse NIA #2 of infringement based on Google's own description of how the NIA operates.
22 Sonos reserves the right to further update its contentions once it receives full discovery on
23 NIA #2, including moving for leave to amend the '885 infringement chart to the extent it is
24 determined that NIA #2 still infringes the '885 patent.

25    Because Google is now actually implementing NIA #2 on the accused products, Sonos
26 moves to amend its infringement contentions to formally assert that NIA #2 still infringes the
27 '966 patent.  Sonos has good cause to amend its contentions, and Google will not be prejudiced
28 by this amendment.

## II. SONOS HAS GOOD CAUSE

Patent Local Rule 3-6 specifies that infringement contentions may be amended upon a timely showing of "good cause." Patent L.R. 3-6. The traditional two-part inquiry under Patent Local Rule 3-6 is first, whether a party has "proceed[ed] with diligence in amending [its] contentions when new information comes to light," *O2 Micro Int'l, Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006), and second, whether "a showing of undue prejudice may support denial of leave." *Life Techs. Corp. v. Biosearch Techs., Inc.*, No. 12-cv-00852-WHA, 2012 WL 1831595, at *1 (N.D. Cal. May 18, 2012). This Court, however, has broad discretion to grant leave to amend. *Tech. Licensing Corp. v. Blackmagic Design Pty Ltd.*, No. 13-cv-05184-SBA, 2014 WL 5499511, at *2-3 (N.D. Cal. Oct. 30, 2014).

### A. Sonos proceeded with diligence.

Prior to Google disclosing that it was implementing NIA #2 in the accused products, Sonos did not know that Google would be using NIA #2 as anything more than a hypothetical non-infringing alternative for purposes of damages. Put differently, until Google disclosed that it would actually implement NIA #2, Sonos *could not* have accused it of infringement or included NIA #2 in its infringement contentions, because there was nothing to accuse. At that point, NIA #2 was entirely hypothetical. Google's disclosure that it will actually implement NIA #2 is the "[r]ecent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions." Pat. L. R. 3-6(c). As the Patent Local Rules explain, this is precisely the type of circumstance that "may, absent undue prejudice to the non-moving party, support a finding of good cause" to amend. *Id.*

Sonos diligently pursued information about the accused products and any updates to their functionality in discovery. More than 15 months ago, Sonos's First Set of Interrogatories No. 18 asked Google to identify "[i]f any Accused Instrumentality has been or will be designed, redesigned, altered, modified or changed in an effort to avoid infringement of any Asserted Claim," and to detail the redesign and Google's basis for asserting it does not infringe. Moss Decl. Ex. 8 (8.7.2021 Sonos First Set of Interrogatories) at Interrogatory No. 18. Google

1  originally responded in September 2021 with an objection based on "the attorney-client privilege
2  and/or the attorney work product doctrine."  Moss Decl. Ex. 9 (9.7.2021 Google Objections and
3  Reponses to First Set of Interrogatories) at 59.  Despite repeated requests for Google to
4  supplement its response to this Interrogatory, Google did nothing to supplement this response for
5  more than a year.  Moss Decl. Exs. 10 and 11 (09.23.2021 Letter from Richter to Jaffe;
6  09.26.2022 Letter from Richter to Kaplan).
7       Finally, on November 21, 2022, Google amended its response to Interrogatory No. 18 to
8  disclose for the first time that, as to NIA #2, "Google has publicly released a new version of its
9  source code through software updates to 25% of the accused Google products with a display, and
10  plans to continue rolling out the change to the remaining accused products through December
11  2022."  Moss Decl. Ex. 2 (Google's Eighth Suppl. ROG Resp.) at 10.
12       Sonos promptly informed Google that it "intends to move for leave to amend its
13  infringement contentions for the '966 patent to allege that Google's 'new version of its source
14  code' meets the elements of the '966 Asserted Claims."  Moss Decl. Ex. 7 (12.5.2022 Email from
15  C. Richter to M. Kaplan).  Sonos has acted with all reasonable diligence in seeking to amend its
16  infringement contentions less than a month after Google's disclosure.  *See, e.g.*, *Wisk Aero LLC v.*
17  *Archer Aviation Inc.*, No. 3:21-CV-02450-WHO, 2022 WL 5007912, at *1 (N.D. Cal. Oct. 4,
18  2022) (allowing amendment "within two or three months of receiving relevant and previously
19  nonpublic information"); *Personalweb Tech., LLC v. Github, Inc.*, No. 5:16-cv-01267-EJD
20  (HRL), 2016 WL 3519292, at *1 (N.D. Cal. June 28, 2016) ("The rules now require only that the
21  motion be 'timely,' Patent L.R. 3-6, but some Northern District courts continue to treat 30 days as
22  a noteworthy threshold."); *Tech. Props. Ltd. LLC v. Canon Inc.*, Nos. 14-cv-03640-CW (DMR)
23  and 14-cv-3643-CW (DMR) 2016 WL 1360756 (N.D. Cal. Apr. 6, 2016) (finding diligence
24  where the moving party sought leave one month after the claim construction order); *ChriMar Sys.*
25  *Inc. v. Cisco Sys. Inc.*, No. 13-CV0-1300-JSW (MEJ), 2015 WL 13449849, at *5 (N.D. Cal. May
26  14, 2015), report and recommendation adopted, No. C 13-01300 JSW, 2015 WL 13450357 (N.D.
27  Cal. June 8, 2015) ("there is no indication that ChriMar failed to act diligently in seeking leave to
28  amend its contentions within a month of the District Court's claim construction ruling"); *Radware*

*Ltd. v. F5 Networks, Inc.*, 2014 WL 3728482, at *2 (N.D. Cal. 2014) (finding it reasonable for plaintiff to move for leave to amend three months after claim construction).

Meanwhile, Sonos is concurrently seeking discovery on exactly how Google is implementing NIA #2. Sonos has asked Google to produce both player-side and controller-side source code for NIA #2 as well as actual test devices running Google's new source code. Moss Decl. Ex. 7 (12.13.2022 Email from C. Richter to M. Kaplan). Instead of waiting for information that is solely in Google's control, Sonos is proceeding diligently and seeking leave to amend now.[1]

### B. Google will not be prejudiced by this amendment.

Neither the timing nor the substance of Sonos's amendment will prejudice Google.

As to timing, Google's late supplemental response to Sonos's Interrogatory No. 18 drove the timing of Sonos's motion to amend. Sonos served its Interrogatory on redesigns in August 2021. Moss Decl. Ex. 8 (8.7.2021 Sonos First Set of Interrogatories) at Interrogatory No. 18. Google responded by objecting on privilege grounds. Moss Decl. Ex. 9 (9.7.2021 Google Objections and Reponses to First Set of Interrogatories) at 59. Sonos repeatedly requested that Google supplement its response, first on September 23, 2021, then again on September 26, 2022. But Google waited until November 21, 2022—just nine days before the close of fact discovery in this case—to provide an answer. Thus, the timing of this motion to amend was driven by Google.

As to the substance, Google has known about Sonos's substantive position that NIA #2 still infringes the '966 patent since at least November 30, 2022. Google disclosed NIA #2 as a hypothetical non-infringing alternative to the '885 patent in its opening expert report of Dr. Schonfeld, dated June 22, 2022 and corrected on July 10, 2022. Moss Decl. Ex. 3 ¶¶ 727-728. Dr. Schonfeld was deposed on NIA #2. Moss Decl. Ex. 12 (Dr. Schonfeld 8.31.2022 Dep. Tr.), 66:10-24, 69:19-71:13. Dr. Schonfeld further described NIA #2 in his November 2022 report. Moss Decl. Ex. 4 (11.30.2022 Dr. Schonfeld Opening Report) ¶¶ 1101-1106. And Sonos's technical expert addressed NIA #2 in his report, explaining in detail why NIA #2 is still infringing

---

[1] Sonos will take up Google's refusal to provide discovery at the appropriate time, and reserves the right to further amend in the event discovery shows that this source code functions differently than Google has articulated.

1   and thus would not qualify as a non-infringing alternative.  Moss Decl. Ex. 5 (11.30.2022

2   Almeroth Opening Report) ¶¶ 736-762.

3       Sonos's proposed amendments to its infringement contentions reflect that same analysis.

4   *Compare* Moss Decl. Ex. 5 (11.30.22 Almeroth Opening Report) ¶ 743 ("the Asserted Claims of

5   the '966 Patent do *not* require the first zone player '*continuing* to operate in the standalone mode'

6   '*after* receiving the first and second indications' that the first zone player has been added to first

7   and second zone scenes, respectively" (emphasis in original)) *with* Moss Decl. Ex. 6 (Proposed

8   Amended '966 Contentions) at 7 ("the asserted claims of the '966 Patent do *not* require the first

9   zone player '*continuing* to operate in the standalone mode' '*after* receiving the first and second

10  indications' that the first zone player has been added to first and second zone scenes,

11  respectively").  Thus, "this is not a case where [Sonos is] seeking to change the nature of the case

12  just before trial is set to begin."  *Life Techs. Corp.*, 2012 WL 1831595, at *2.  Indeed, Google has

13  "been well aware of" of Sonos's theory for why NIA #2 still infringes the '966 patent almost

14  immediately upon Google disclosing that this NIA #2 has been implemented on the accused

15  products.  *Id.*

16      Google has already had its technical expert address NIA #2, seen Sonos's technical

17  expert's analysis of NIA #2, and is set to depose Sonos's technical expert during the expert

18  discovery phase of this case in early January 2023.  Google also has the opportunity to present a

19  reply report to Dr. Almeroth's opinion that NIA #2 still infringes.  Because Google was well

20  aware of Sonos's substantive infringement position based on the opinions included in Dr.

21  Almeroth's report, and has had and will have the opportunity to rebut that position, Google will

22  not be prejudiced by this amendment.

23      Furthermore, Sonos does not anticipate any need to adjust the trial date in this matter.

24  Assuming Google promptly produces the discovery needed for Sonos to fully evaluate the

25  implementation of NIA #2, expert discovery should close on schedule or very close to it.

26  Summary judgment and pretrial proceedings should not need to be extended.  Of course, any need

27  to adjust the case schedule would be the result of Google's unilateral decision to release NIA #2

28  this December—a change in circumstances Sonos had no control over.

## III. CONCLUSION

For the foregoing reasons, Sonos respectfully requests that the Court grant Sonos leave to amend its infringement contentions as to the '966 Patent.

Dated: December 19, 2022

By: */s/ Alyssa Caridis*
CLEMENT SETH ROBERTS
ALYSSA CARIDIS
EVAN D. BREWER

ORRICK, HERRINGTON & SUTCLIFFE LLP

SEAN M. SULLIVAN
MICHAEL P. BOYEA
COLE B. RICHTER

LEE SULLIVAN SHEA & SMITH LLP

*Attorneys for Sonos, Inc.*