# EXHIBIT 11

# FILED UNDER SEAL



Lee Sullivan Shea & Smith LLP

Cole B. Richter | Attorney

656 W Randolph St  
Floor 5W  
Chicago, Illinois 60661

312.757.4478  Office  
richter@ls3ip.com

**HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY**

September 26, 2022

**VIA EMAIL (nimahefazi@quinnemanuel.com)**

Marc Kaplan  
QUINN EMANUEL URQUHART & SULLIVAN, LLP  
191 N. Wacker Drive, Suite 2700  
Chicago, Illinois 60606

    *Re:  Google LLC v. Sonos, Inc., Case No. 3:20-cv-6754-WHA [N.D. Cal.]*

Marc,

Google is withholding relevant and responsive information regarding functionality it contends would be a "non-infringing alternative" and other real or anticipated redesigns or changes to the accused products to avoid infringement of the '885 and '966 patents.  Please let us know by Thursday September 29, 2022 if Google will provide this information.

**Google is Obligated to Disclose Its Alleged "Non-Infringing Alternatives"**

The local rules require Google to set forth its affirmative position on ***each damages issue***, which includes a disclosure of which alleged "non-infringing alternatives" it intends to advance at trial.

> Not later than 30 days after service of the Damages Contentions served pursuant to Patent L.R. 3-8, each party denying infringement shall identify specifically how and why it disagrees with those contentions. ***This should include the party's affirmative position on each issue.*** To the extent a party contends it is unable to provide a fulsome response to the disclosures required by this rule, it shall identify the information it requires.

Patent L.R. 3-9 (emphasis added); *see also Droplets, Inc. v. Yahoo! Inc*., No. 12-CV-03733-JST, 2021 WL 9038509, at *9 (N.D. Cal. Apr. 27, 2021) (explaining that "Defendants were obligated to disclose non-infringing alternatives" and striking opinions that were based on inadequately-disclosed non-infringing alternative theories).

Cole B. Richter | Attorney

Lee Sullivan Shea & Smith LLP

656 W Randolph St
Floor 5W
Chicago, Illinois 60661

312.757.4478  Office
richter@ls3ip.com

**HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY**

Sonos's discovery requests also seek information concerning such alleged "non-infringing alternatives." For instance:

> **Document request 29**[1] seeks documents and things concerning "modifications, revisions, or updates to the Accused Instrumentalities."
>
> **Document request 78**[2] seeks documents and things concerning "each allegedly non-infringing alternative that Google contends can be used as an alternative to each of the Asserted Patents."
>
> **Interrogatory no. 18**[3] seeks a description of "the nature of that design, redesign, alteration, modification or change," an explanation of how such modification results in non-infringement, and an identification of documents and persons knowledgeable regarding such modification.

Courts routinely exclude evidence and argument concerning alleged "non-infringing alternatives" when infringers fail to adequately disclose them. *E.g., In re Koninklijke Philips Pat. Litig.*, No. 18-cv-01885-HSG, 2020 WL 7398647, at *5 (N.D. Cal. Apr. 13, 2020) (excluding non-infringing alternative theories, explaining "If ASUS intended to rely on the functionality as a noninfringing alternative to the currently-accused products, it was obligated to supplement its responses to clearly indicate its intention. See Fed. R. Civ. P. 26(e)(1)(A). Having failed to do so, ASUS denied Philips the opportunity to conduct fact discovery on the noninfringing alternative in relation to the currently-accused products and to perform full expert discovery on the theory."); *Synthes USA, LLC v. Spinal Kinetics, Inc.*, No. 09-cv-1201-RMW, 2011 WL 11709387, at *7-8 (N.D. Cal. Aug. 19, 2011) (excluding evidence of non-infringing alternative not disclosed in response to plaintiff's interrogatory on non-infringing alternatives); *Asia Vital Components Co., Ltd. v. Asetek Danmark A/S*, 377 F. Supp. 3d 990, 1003-05 (N.D. Cal. 2019) (excluding theories disclosed in rebuttal expert report but not interrogatory responses); *see also SPEX Techs. v. Apricorn, Inc*, No. CV 16-07349JVS(AGRX), 2020 WL 1289546, at *3 (C.D. Cal. Jan. 21, 2020) ("[Defendant] had the burden of going forward with non-infringing alternatives.").

**Google's Has Obfuscated Its Alleged "Non-Infringing Alternative" Theories**

Despite Patent L.R. 3-9 and Sonos's discovery requests, Google has concealed the alleged "non-infringing alternatives" for the '885 and '966 patents that it intends to proceed on.

*First*, when fact discovery opened, Google did not provide any information related to alleged "non-infringing alternatives" in response to Sonos's initial discovery requests, served in August

---

[1] Served August 7, 2021.

[2] Served January 28, 2022.

[3] Served August 7, 2021.

Cole B. Richter | Attorney

Lee Sullivan Shea & Smith LLP

656 W Randolph St
Floor 5W
Chicago, Illinois 60661

312.757.4478  Office
richter@ls3ip.com

**HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY**

2021.  Google's first disclosure of any such alleged "non-infringing alternatives" was on February 25, 2022 in its Patent L.R. 3-9 disclosure when it stated:

> As just one example, when a speaker is added to a new group, Google could stop the current playback on the added speaker . . . This is meant to be illustrative, and the intent is not to provide an exhaustive list of possible non-infringing alternatives.

Google Patent L.R. 3-9 Disclosures, 10.  In other words, this alleged non-infringing alternative was limited to a scenario where an accused speaker was playing audio at the time it was added to a new speaker group and then the accused speaker would stop its current playback.

*Second*, on June 28, 2022, Dr. Schonfeld submitted an expert report in which he described an entirely different functionality as an alleged non-infringing alternative:

> Infringement may therefore be avoided simply by having the "standalone" speaker that is added to two zone scenes not continue to operate in "standalone" mode after it has been added to those zone scenes. As noted above, ***instead, the accused "standalone" speaker after being added to a zone scene may match the music (or silence) of the target zone scene.***

Schonfeld Op. Rpt., ¶ 728 (emphasis added).  Unlike the alleged non-infringing alternative set forth in Google's Patent L.R. 3-9 disclosure, which described an accused speaker being added to a *new* speaker group, the functionality described by Dr. Schonfeld in paragraph 738 was limited to an accused speaker being added to a speaker group that is *already in existence* at the time the accused speaker is added.  In addition, the functionality set forth by Dr. Schonfeld in paragraph 738 describes an accused speaker "***match[ing]***" the music … of the target zone scene," which is the opposite of "***stop[ping]***" playback, as described in Google's Patent L.R. 3-9 disclosure.  Despite Dr. Schonfeld's expert report, Google neither supplemented its discovery responses nor updated its Patent L.R. 3-9 disclosure.

*Third*, during his deposition on August 31, 2022, Dr. Schonfeld articulated yet another alleged non-infringing alternative that differs from each previous iteration.   Specifically, after confirming that the alleged non-infringing alternative "is not limited to a scenario where the speaker group is already in existence before the new speaker is added to the speaker group," Dr. Schonfeld explained how the alleged non-infringing alternative would operate in four different use cases:

> Q. … [I]f we have a player that is playing audio and it's added to a new group with a player that's not playing audio, what would happen with the non-infringing alternative?
>
> A. Both players would play the same audio that the player was playing.

3

**Cole B. Richter** | Attorney

Lee Sullivan Shea & Smith LLP

656 W Randolph St
Floor 5W
Chicago, Illinois 60661

312.757.4478  Office
richter@ls3ip.com

**HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY**

> Q. If a player playing audio is added to a new group with a player that's playing different audio, what would happen with the non-infringing alternative?
>
> A. Once the group would elect the leader, [] the audio playing on the leader would be playing on both devices.
>
> Q. If a player that is not playing audio is added to a new group with a player that is playing audio, what would happen with the non-infringing alternative?
>
> A. … They would both be playing the same audio.
>
> Q. … [I]f a player is not playing audio and is added to a new group with another player that's also not playing audio, what would happen?
>
> A. They both would not be playing ….

8/31/22 Schonfeld Dep. Tr. at 66:10-24, 69:19-71:13.  This explanation is yet another different articulation of an alleged non-infringing alternative.  For example, unlike the alleged non-infringing alternative described in his expert report, the alleged non-infringing alternative described by Dr. Schonfled during his deposition was not limited to an accused speaker being added to a speaker group that is already in existence at the time the accused speaker is added.  As another example unlike the alleged non-infringing alternative set forth in Google's Patent L.R. 3-9 disclosure, the alleged non-infringing alternative described by Dr. Schonfeld during his deposition was not limited to a scenario where an accused speaker was playing audio at the time it was added to a new speaker group and then the accused speaker would "stop" its current playback.  Despite this testimony, Google neither supplemented its discovery responses nor updated its Patent L.R. 3-9 disclosure.

*Finally*, in an apparent attempt to sandbag Sonos at the upcoming showdown trial, on September 1, 2022, Google took the liberty of printing its own source code and mailing it to Sonos's counsel. These printouts included, *inter alia*, lines 2194-2209 of a file called "multizone_manager_unittest.cc" with such lines setting forth a function called "TEST_F."

Although Google produced this without warning, without explaining what it is, and without the remainder of the file, as best as we can tell this appears to be source code intended to implement an alleged non-infringing alternative, even though Google failed to produce or make available for inspection any such source code or related documentation during the case and has *still* yet to supplement its discovery responses or update its Patent L.R. 3-9 disclosure.

4



Lee Sullivan Shea & Smith LLP

Cole B. Richter | Attorney

656 W Randolph St
Floor 5W
Chicago, Illinois 60661

312.757.4478  Office
richter@ls3ip.com

**HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY**

**Google Must Supplement Its Disclosures If It Intends to Rely On Alleged "Non-Infringing Alternatives"**

To the extent that Google wishes to rely on any alleged "non-infringing alternative" in this case, Google must supplement its disclosures and discovery responses.  *Koninklijke Philips*., 2020 WL 7398647 at *5; *Synthes USA*, 2011 WL 11709387 at *7-8; *Asia Vital Components*, 377 F. Supp. 3d at 1003-05.

This includes at a minimum:

1. Supplementing its Patent L.R. 3-9 disclosures and its response to Sonos's interrogatory no. 18 to clearly describe any and all alleged "non-infringing alternatives" it intends to advance in this case, including explaining how any such design would function and why Google contends this functionality would not infringe;

2. Producing technical documentation concerning any and all alleged "non-infringing alternatives" it intends to advance in this case;

3. Adding to the source code machine, all source code (whether or not actually compiled, put into production, or loaded onto commercially-available accused devices) that embodies functionality that Google contends does not infringe the '885 or '966 patents, including the remainder of "multizone_manager_unittest.cc" and any other similar file or files that relate to an alleged "non-infringing alternative."

Please let us know by Thursday, September 29, 2022 when Google plans to so supplement. Failing this, please provide your availability to confer on Friday September 30, 2022.

Best regards,

*[signature: C.B.R.]*

Cole B. Richter
cc: counsel of record