# EXHIBIT G

# FILED UNDER SEAL

CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
croberts@orrick.com
BAS DE BLANK (STATE BAR NO. 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (STATE BAR NO. 260103)
acaridis@orrick.com
EVAN D. BREWER (STATE BAR NO. 304411)
ebrewer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

SEAN M. SULLIVAN (*pro hac* vice)
sullivan@ls3ip.com
MICHAEL P. BOYEA (*pro hac* vice)
boyea@ls3ip.com
COLE B. RICHTER (*pro hac* vice)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:    +1 312 754 0002
Facsimile:    +1 312 754 0003

*Attorneys for Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>  Plaintiff and Counter-defendant,<br><br>v.<br><br>SONOS, INC.,<br><br>  Defendant and Counter-claimant. | Case No. 3:20-cv-06754-WHA<br>Related to Case No. 3:21-cv-07559-WHA<br><br>**REPLY EXPERT REPORT OF DOUGLAS C. SCHMIDT** |

party's actions would lead the other party in question to infringe the asserted patent directly; and (3) the other party infringed at least one claim of the asserted patent.

87. I understand that contributory infringement occurs when a party provides a material part or a component to another for use in a product, machine, or process that infringes at least one claim of an asserted patent, and that party (1) had knowledge of the asserted patent, (2) sold or provided a component that is a material component of the claimed invention, (3) knew that the component was especially made for use in a manner that infringes the patent claim, and that the component, (4) does not have a substantial non-infringing use, and (5) is used in a manner that infringes the patent.

88. Dr. Bhattacharjee therefore failed to rebut the evidence of direct infringement included in my Opening Report.

### 2. Dr. Bhattacharjee's Flawed Opinions on Indirect Infringement

89. Dr. Bhattacharjee disagrees with my opinion that Google has "induced and continues to induce infringement of every Asserted Claim of the '033 Patent." Bhatta. Rebuttal Report, ¶116. However, Dr. Bhattacharjee's rationale for his disagreement is flawed for various reasons.

90. **First**, Dr. Bhattacharjee does not appear to dispute that "Google obtained knowledge of the '033 patent when Sonos provided Google a 'prefiling copy' of a legal complaint alleging infringement of the '033 patent." Bhatta. Rebuttal Report, ¶119. Instead, Dr. Bhattacharjee disagrees with my opinion that Google "knew (or should have known)" that it infringed (*id.*) based on his flawed conclusions that (i) "the accused YouTube applications do not infringe any of the Asserted Claims of the '033 patent" (Bhatta. Rebuttal Report, ¶¶117, 121), (ii) "the '033 patent is invalid based on the prior art" (*id.*, ¶122), and (iii) "[his] opinion is also supported by the Court's Order Granting Google's Motion for Summary Judgement [*sic*] for the '615 patent." *Id.*, ¶123. I disagree with Dr. Bhattacharjee's opinions that "the accused YouTube applications do not infringe any of the Asserted Claims of the '033 patent" and that "the '033 patent is invalid based on the prior art" for the reasons set forth in my Opening and Rebuttal Reports and the reasons set forth below.

91. Moreover, as set forth in my Rebuttal Report, I understand that, in convincing the Court to rule in its favor on both non-infringement and invalidity of claim 13 of the '615 Patent, Google and Dr. Bhattacharjee made numerous, broad-sweeping characterizations regarding Google's predecessor systems relative to the accused YouTube and GPM systems that directly contradict Dr. Bhattacharjee's assertion that his opinion is also supported by the Court's Order Granting Google's Motion for Summary Judgment for the '615 Patent. *See* Schmidt Rebuttal Report, ¶¶301-302. Critically, Google conceded that the accused YouTube apps used a "remote playback queue" as opposed to a "local playback queue." *Id.* I therefore disagree with Dr. Bhattacharjee's opinion that the Court's Order supports his opinion regarding infringement.

92. **Second**, Dr. Bhattacharjee dismisses the indirect evidence I have cited in my Opening Report because I "cite[d] to publications describing how to download the YouTube app or Casting in general," "[b]ut there is no indication that these articles have any bearing on the specific individual limitations of the '033 patent," and "these generic publications do not demonstrate that Google 'knew (or should have known)' that it infringed any asserted claim of the '033 patent." Bhatta. Rebuttal Report, ¶124 (citing Schmidt Op. Report, ¶¶452-459).

93. To start, Dr. Bhattacharjee appears to misunderstand how infringement of an "apparatus" or "device" claim works. As I explained in my Opening Report, Google's encouragement for users to install YouTube apps onto their computing devices results in "making" an infringing device.

94. Moreover, Dr. Bhattacharjee genericizes the evidence I cited in my Opening Report without specifically addressing each one. For instance, I have cited evidence at paragraphs 452-459 of my Opening Report that includes specific instructions by Google (including video instructions) on how to cast one or more YouTube apps to a Cast-enabled media player and/or add media items to a queue. *See, e.g.,* Schmidt Op. Report, ¶453 (citing GOOG-SONOSWDTX-00005979, SONOS-SVG2-00060341, GOOG-SONOSWDTX-00006564, GOOG-SONOSNDCA-00057269, SONOS-SVG2-00060340, GOOG-SONOSWDTX-00005631). Dr. Bhattacharjee, however, fails to address this specific evidence and simply characterizes it as "describing how to download the YouTube app or Casting in general." I disagree with Dr. Bhattacharjee's generic

characterization of this evidence.

95. Moreover, Dr. Bhattacharjee fails to address the evidence I cited at paragraph 456 of my Opening Report that shows Google encouraging end users to use the accused Stream Transfer feature on a Hub device. *See* Schmidt Op. Report, ¶456.

96. I therefore disagree with Dr. Bhattacharjee's generic characterizations of the indirect infringement evidence cited in my Opening Report.

### 3. Dr. Bhattacharjee's Flawed Opinions on Contributory Infringement

97. Dr. Bhattacharjee also disagrees with my opinion that Google is liable for contributory infringement. *See* Bhatta. Rebuttal Report, ¶125 (citing Schmidt Op. Report, ¶¶462-465). However, Dr. Bhattacharjee's rationale for his disagreement is flawed for various reasons.

98. **First**, Dr. Bhattacharjee disagrees with my opinion that Google is liable for contributory infringement based on his flawed conclusion that "the accused applications do not infringe and there is no basis to conclude that Google 'knew (or should have known)' that it infringed." *Id.*, ¶126. Specifically, as noted above, Dr. Bhattacharjee acknowledges that "Google obtained knowledge of the '033 patent when Sonos provided Google a 'prefiling copy' of a legal complaint alleging infringement of the '033 patent." *Id.*, ¶119. Dr. Bhattacharjee, however, appears to disagree with my opinion that Google "knew (or should have known)" that it infringed because it is his opinion that Google does not infringe the Asserted Claims of the '033 Patent. I disagree with Dr. Bhattacharjee for the reasons set forth in my Opening Report and the reasons set forth below.

99. **Second**, as explained in my Opening Report, I understand that, in the context of software, the "component" that is the focus of the non-infringing use analysis is the specific software module or modules that perform the accused functionality as opposed to the entire software package of the app or update. Schmidt Op. Report, ¶462. However, Dr. Bhattacharjee's rationale for his disagreement that Google is liable for contributory infringement focuses on the entire software package of the "accused YouTube applications" instead of the specific software module or modules that perform the accused functionality. *See* Bhatta. Rebuttal Report, ¶128 (Dr. Bhattacharjee disagreeing with my opinion that Google is liable for contributory infringement

because (i) "[t]here are a host of non-infringing uses for sender and Hub devices even if they are also provisioned with YouTube applications," (ii) "in order to employ Casting or Stream Transfer a user must have a Cast receiver device (e.g., a Chromecast dongle) to Cast to," and "[m]any users use the accused YouTube applications without these Cast devices," (iii) [u]sers of the accused YouTube applications can also play media on playback devices using Airplay, which is not accused of infringing," and (iv) "[t]hey can also use Bluetooth…."). In this regard, Dr. Bhattacharjee's rationale is entirely irrelevant.

100. **Finally**, Dr. Bhattacharjee opines that "[t]hese [playback] devices can also play back a single media and not a 'playback queue,' which would not satisfy the 'playback queue' requirement even under Dr. Schmidt's broad interpretation of the term." *Id*. However, to the extent that Dr. Bhattacharjee argues that a "playback queue" requires *plural* media items, I understand that construction was proposed by Google and expressly rejected by the Court. As discussed above, I understand that the claim term "playback queue" under the Court's construction refers to a "list of multimedia content selected for playback," and the Court specifically stated "a list of one is still a list." Dkt. No. 316, 7. In this regard, it appears that Dr. Bhattacharjee has improperly applied a different meaning to the term "playback queue" that is contrary to the Court's construction and a POSITA's understanding of the term, despite suggesting that he was applying the Court's construction for the term "playback queue." *See* Bhatta. Rebuttal Report, ¶27.

101. Dr. Bhattacharjee therefore failed to rebut my opinion that Google is liable for contributory infringement.

IX. **ALLEGED "TECHNICAL ERRORS" IN MY REPORT**

102. Dr. Bhattacharjee alleges that my "[Opening Report] contains a number of errors and inaccuracies" and specifically alleges "that Dr. Schmidt relies upon source code for a particular YouTube application that is *not* actually invoked or used by that application." *See* Bhatta. Rebuttal Report, ¶¶129-36. I find Dr. Bhattacharjee's allegations to be misleading and ultimately, irrelevant.

103. To start, I understand that the burden of establishing infringement is by a preponderance of the evidence, which means more likely than not. In this way, I understand that my burden of establishing infringement is lower than Dr. Bhattacharjee's clear and convincing