1　CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
　　croberts@orrick.com
2　BAS DE BLANK (STATE BAR NO. 191487)
　　basdeblank@orrick.com
3　ALYSSA CARIDIS (STATE BAR NO. 260103)
　　acaridis@orrick.com
4　ORRICK, HERRINGTON & SUTCLIFFE LLP
　　The Orrick Building
5　405 Howard Street
　　San Francisco, CA 94105-2669
6　Telephone:　+1 415 773 5700
　　Facsimile:　+1 415 773 5759
7
　　SEAN M. SULLIVAN (admitted *pro hac vice*)
8　sullivan@ls3ip.com
　　COLE RICHTER (admitted *pro hac vice*)
9　richter@ls3ip.com
　　LEE SULLIVAN SHEA & SMITH LLP
10　656 W Randolph St., Floor 5W
　　Chicago, IL 60661
11　Telephone:　+1 312 754 0002
　　Facsimile:　+1 312 754 0003
12
　　*Attorneys for Sonos, Inc.*
13

14

15　　　　　　　　　UNITED STATES DISTRICT COURT

16　　　　　　　　NORTHERN DISTRICT OF CALIFORNIA

17　　　　　　　　　SAN FRANCISCO DIVISION

18　GOOGLE LLC,

19　　　　　Plaintiff and Counter-defendant,

20　v.

21　SONOS, INC.,

22　　　　　Defendant and Counter-claimant.

23

24

25

26　　　　　　　　　**FILED UNDER SEAL**

27

28

| | |
|---|---|
| | Case No. 3:20-cv-06754-WHA |
| | Related to Case No. 3:21-cv-07559-WHA |
| | **SONOS INC.'S RESPONSE TO REQUEST FOR INFORMATION** |
| | Date: March 30, 2023 |
| | Time: 8:00 a.m. |
| | Place: Courtroom 12, 19th Floor |
| | Judge: Hon. William Alsup |
| | Complaint Filed: September 28, 2020 |

Sonos submits this brief in response to the Court's inquiry of March 28, 2023 (Dkt. 549, p. 1).  At a minimum, the points set forth below show that Google has not provided clear and convincing evidence that YouTube Remote satisfies every limitation of the asserted claims of the '033 patent and that disputes of fact preclude the entry of summary judgment.

## I.    YOUTUBE REMOTE MANUALLY ADDS RECOMMENDED VIDEOS TO A LOCAL PLAYBACK QUEUE

Limitation 1.4 of the '033 Patent requires "operating in a first mode in which the computing device is configured for playback of a remote playback queue provided by a cloud-based computing system associated with a cloud-based media service."  Thus, limitation 1.4 requires the "***computing device***" (*e.g.*, phone or sender) to be "configured for playback of a remote playback queue."[1]  In limitation 1.7 the claim ***also*** requires the "***playback device***" (*e.g.*, speaker or screen) to "take over responsibility for playback of the remote playback queue from the computing device."  In other words, claim 1 requires ***both*** the phone ***and*** the speaker to perform "playback of the remote playback queue" in sequence.  But YouTube Remote (YTR) does not perform either.

Focusing on limitation 1.4, the remote control (computing device) in YTR is not configured for playback of a remote playback queue.  Google has tried to satisfy this limitation by pointing to "service-recommended media items."  Dkt. 482.12, p. 10 (citing Ex. 11 ¶¶ 167-69, Dkt. No. 475-3 ¶¶ 76-81).  But those "service-recommended media items" are ***not*** played back on a user's phone from a remote queue.  Instead, after YTR "recommends" a media item, a user can, if desired, ***manually*** select that item for playback by adding it to a playback queue stored ***locally*** on the remote control / phone.  This process is illustrated below.



---

[1] All emphasis added unless otherwise noted.

Dkt. 509.04, ¶¶171-172 (citing Video #6 (GOOG-SONOSNDCA-00071318) at 1:44-1:50).[2]  On the left-hand side, the image shows a list of recommended media items.  In the middle, a user selects one of these media items that s/he would like to listen to.  And on the right, the phone shows that the item has been added to the *local* queue.  *Id.*

The computing device / phone uses a *local* queue (not a remote queue) to playback the "service recommended media items."  While Google tries to argue otherwise, Google cannot dispute the fact that in YTR the queue stored on the phone determines what will be played back – the queue is not "merely a mirror reflecting a subset of what is happening in [a] cloud queue."  Dkt. 316 at 10.  Similarly, in YTR the *local* queue on the phone – not some cloud queue – "runs the show."  *Id.*  In other words, the queue on the phone in YTR employs *exactly* the characteristics that the Court previously found distinguished a local queue from a cloud queue in the context of the '615 patent.  *See id.*; Dkt. 509.04, ¶¶178-79.  It is manifestly unfair for Google to *successfully* persuade this Court that a queue with these characteristics is a local queue when defending against the '615 patent and then to turn around and argue here that a queue with these same characteristics is a remote queue when seeking to attack the '033 patent.

Again, whether a YTR user finds a video on his or her own, or that video is recommended to the user, the user must affirmatively select the video for playback by choosing to add it to the ***local playback queue*** on the remote control.  Dkt. 482.06, ¶166 ("For example, the image on the left below shows a YTR application prompting a user to 'press the plus button on the right of a video to add it to the queue.'"); Dkt. 509.04, ¶¶171-172.  And that *local playback queue* determines what will be played back.  Dkt. 509.04, ¶¶171-172.  Thus, YTR does not meet limitation 1.4.

## II.     THE RECOMMENDED MEDIA ITEMS IN YTR ARE DIFFERENT FROM THE RECOMMENDED MEDIA ITEMS IN THE ACCUSED APPLICATIONS

---

[2] Due to the Court's restrictions on the number of exhibit pages that may be submitted with a brief, some of the paragraphs from an expert report cited here may not have been included in the previously-filed exhibits.  Although the Court asked for no exhibits with this submission, Sonos will lodge the additional pages of the expert report at the Court's request.  In the event the Court grants summary judgment in favor of Google, Sonos requests permission to lodge these pages to provide a complete record on appeal.

As discussed above, in the prior art YTR system a user had to *manually* add a "service recommended media item" to a local queue on the phone in order to get the phone to play it back. Google's accused YouTube applications don't do this. Instead, in the accused system, the phone receives a list of "service-recommended media items" that have been selected for playback from a queue that is maintained by Google's YouTube cloud infrastructure (*i.e.*, the Watch Next queue). *See, e.g.*, Dkt. 509.03, ¶¶125-28, 229, 241. In other words, Google moved from (i) a system where a user manually adds desired items to a local queue, to (ii) a system in which a server delivers items stored in a cloud queue to a phone for playback. This results in (to use the Court's terminology) the remote queue "run[ning] the show" for the phone/sender. *Id.*; Dkt. 509.04, ¶132; Dkt. 509.05, ¶¶125-131. Put differently, in the Court's analysis of the '615 patent it found that the accused products used a remote queue rather than a "local" queue because the remote queue "ran the show" and the locally stored information simply mirrored a subset of what was in the cloud. That is how Google's *accused* products work and it is essentially the opposite of how YTR worked.

## III.    THE COURT SHOULD REJECT GOOGLE'S NEW ARGUMENT

Google has advanced a new argument that the remote controls in YTR were capable of *automatically* playing back "service-recommended media items" *without a user* manually adding those items to a local playback queue. The Court should reject this argument.

First, as noted in Sonos's motion to strike, Google did not raise this argument in its contentions. Dkt. 463.02, pp. 7-8. That is improper under this Court's rules, but it *also* creates severe prejudice for Sonos, which has never had an opportunity to take discovery about this theory. For example, discovery could have revealed that the cloud server providing the "service-recommended media items" in YTR did not maintain a remote playback queue, but rather, aggregated a new set of recommended videos upon each request and then provided that fresh set to fill the local playback queue of the requesting remote control. Put differently, if YTR generated fresh batches of ten media items at a time and sent them to the phone, there would be no "remote queue" even under Google's new theory.

Second, because there was no discovery and because Google did not come up with this theory until after discovery was closed, there *is* no evidence about how the servers worked in this

1    regard.  For this reason, Google cannot meet its burden to show *by clear and convincing evidence*

2    that the service-recommended media items were stored in or pulled from a remote queue prior to

3    being sent to the phone.  Indeed, Google doesn't even try.  Instead, it says that because Sonos has

4    accused "service recommended videos" of infringing, it *cannot* dispute that "service recommended

5    videos" don't invalidate.  Dkt. 482.12 at 10.  But this argument puts the cart before the horse

6    because it *assumes* that the "service recommended videos" worked the same in both the prior-art

7    YTR and in the accused products.  There is no evidence to support that position on Google's side

8    (again, because they didn't come up with this theory during discovery).  Moreover, as shown above,

9    it simply isn't true that YTR and the accused products work the same way, or that they did so with

10   respect to "service recommended videos."  Indeed, *if* they worked the same, Google would have

11   provided evidence that YTR had a cloud-based "Watch Next" queue like the one Sonos has pointed

12   to in the accused products.

13       Third, the Court should note that, in Sonos's opposition to Google's motion, Sonos

14   *primarily* argued that YTR did not meet limitation 1.7 which (as noted above) is *different* from 1.4.

15   Dkt. 509.02, pp. 7-10.  Thus, even if the Court were persuaded (despite the fact that it's a new

16   argument and Google's lack of supporting evidence) that YTR met limitation 1.4, summary

17   judgment would still be inappropriate.  Indeed, as discussed below, Google's new argument is

18   irrelevant because of the way in which Google is attempting to mix and match different services:

19   in particular (i) Google's argument about 1.4 relies on recommended videos, (ii) Google's argument

20   about 1.7 relies on party mode, and (iii) and there is ***no*** evidence in the record that ***recommended***

21   ***videos*** worked in ***party mode***.

22       Fourth, Sonos is not taking inconsistent positions.  There are a possible set of facts (which

23   Google has not shown) under which the recommended videos in YTR would satisfy limitation 1.4.

24   Sonos isn't saying that is impossible.  Sonos is (mostly) saying that there is no evidence to support

25   Google's late breaking theory.  For example, what makes the "Watch Next" queue in the ***accused***

26   products a "remote queue" is that it "runs the show" and contains items "selected for playback" by

27   the sender.  In Google's new theory, YTR's "recommended videos" allegedly satisfy limitation 1.4

28   because the ten recommended items all play back when a user touches the first video (even if they

SONOS'S RESP. TO REQUEST FOR INFO.
3:20-cv-06754-WHA

don't add it to the local queue). Dkt. 463.05, ¶80. But at that point, the list of videos is on the phone, so *that list* (standing alone) is not evidence of the existence of a remote queue. Put differently, nothing *in a remote queue* has been selected (by anyone) for playback. Google responds to this by arguing that when the ten videos all run, another set of ten will be sent and will start playing. Dkt. 463.05, ¶80. But (again) there is no evidence that any of the videos in that second batch were pulled from or stored in a remote queue. As far as anyone knows, those videos were generated *in response to* the completion of the tenth media item in the prior batch.

## IV.    GOOGLE IS IMPROPERLY MIXING AND MATCHING DIFFERENT YTR MODES OF OPERATION

Even if YTR satisfies limitation 1.4, Google's motion still fails. To understand why, it is important to remember that limitations 1.4 and 1.7 of the '033 patent both require a remote playback queue be used. In limitation 1.4, the computing device (e.g., phone) is configured for playback of a remote playback queue. In limitation 1.7, the playback device (e.g., speaker) takes over responsibility for playback of the remote playback queue. Google's YTR argument misses the mark because it points to disjointed modes of operation ("service-recommended media items" and "party mode") to construct "remote playback queues" at both the phone and the screen.

There is no dispute that YTR non-party and party modes are separate and distinct modes of operation that cannot be run at the same time. As discussed above, Google relies on "service-recommended media items" as meeting limitation 1.4. Conversely, Google relies only on YTR party mode for purposes of limitation 1.7. Dkt. 482.12, 11-12 (repeated references to "party queue"). In order for this theory to work for Google, the "remote playback queue" that provides the "service-recommended media items" must be compatible with YTR party mode. But there is no evidence in the record that "service-recommended media items" can even be used in YTR party mode. Indeed, the opposite is true. According to Google, YTR *party mode* relies on a "party queue" *created by a user*, not a set of media items recommended by a cloud server. *Id.*, 6-7.

In short, Google has not demonstrated, with clear and convincing evidence, and without any genuine disputes over material facts, that YTR *non-party mode* and YTR *party mode* could be used *together* at the same time to disclose a system that meets both limitations 1.4 and 1.7. It cannot.

1    Dated: March 29, 2023

                                    By:  */s/ Clement S. Roberts*
2
                                         CLEMENT SETH ROBERTS
                                         BAS DE BLANK
3                                        ALYSSA CARIDIS

4                                   ORRICK, HERRINGTON & SUTCLIFFE LLP

5                                        SEAN M. SULLIVAN
                                         COLE B. RICHTER
6
                                    LEE SULLIVAN SHEA & SMITH LLP
7
                                         *Attorneys for Sonos, Inc.*
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SONOS'S RESP. TO REQUEST FOR INFO.
                                        3:20-cv-06754-WHA