# Sonos, Inc.'s Motion *In Limine* No. 1

# EXHIBIT A

# (Filed Under Seal)

```
1                UNITED STATES DISTRICT COURT
2         FOR THE NORTHERN DISTRICT OF CALIFORNIA
3    --------------------------------------------------------x
     SONOS, INC.,
4
                   Plaintiff,
5    vs.                        Case No. 3:21-CV-07559-WHA
6    GOOGLE LLC,
                   Defendant.
7    --------------------------------------------------------x
8    -AND-
9    --------------------------------------------------------
10                UNITED STATES DISTRICT COURT
11         FOR THE NORTHERN DISTRICT OF CALIFORNIA
12   --------------------------------------------------------x
13   GOOGLE LLC,
14                 Plaintiff,
15   vs.                        Case No. 3:20-CV-06754-WHA
16   SONOS, INC.,
                   Defendant.
17   --------------------------------------------------------x
18        *HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY*
19
20    REMOTE VIDEOTAPED DEPOSITION BY VIRTUAL ZOOM OF
21                  CHRISTOPHER BAKEWELL
22              Tuesday, January 31, 2023
23
24   Reported By: Lynne Ledanois, CSR 6811
25   Job No. 5683612

                                                    Page 1
```

*HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY*

```
1                   UNITED STATES DISTRICT COURT
2            FOR THE NORTHERN DISTRICT OF CALIFORNIA
3     --------------------------------------------------------x
      SONOS, INC.,
4
                  Plaintiff,
5     vs.                         Case No. 3:21-CV-07559-WHA
6     GOOGLE LLC,
                  Defendant.
7     --------------------------------------------------------x
8     -AND-
9     --------------------------------------------------------
10                  UNITED STATES DISTRICT COURT
11            FOR THE NORTHERN DISTRICT OF CALIFORNIA
12    --------------------------------------------------------x
13    GOOGLE LLC,
14                Plaintiff,
15    vs.                         Case No. 3:20-CV-06754-WHA
16    SONOS, INC.,
17                Defendant.
      --------------------------------------------------------x
18
19           Videotaped deposition of CHRISTOPHER
20    BAKEWELL, taken in Houston, Texas commencing at
21    9:37 a.m. Central on Tuesday, January 31, 2023,
22    before Lynne Ledanois, Certified Shorthand Reporter
23    No. 6811.
24
25
                                                    Page 2
```

*HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY*

```
 1                  REMOTE APPEARANCES
 2
 3     Counsel for Sonos LLC:
 4            LEE SULLIVAN SHEA & SMITH LLP
 5            BY:  SEAN SULLIVAN
 6            Attorney at Law
 7            656 W Randolph Street
 8            Suite 5W
 9            Chicago, Illinois 60661
10            sean@ls3ip.com
11
12
13     Counsel for Google LLC:
14            QUINN EMANUEL URQUHART & SULLIVAN, LLP
15              BY: JOCELYN MA
16              Attorney at Law
17              50 California Street
18              22nd Floor
19              San Francisco, CA 94111
20              jocelyn.ma@quinnemanuel.com
21
22
23     ALSO PRESENT:
24     John MacDonell, Videographer
25
```

Page 3

```
 1        Q    1.26 trillion U.S. dollars.  Thank you.        9:48AM

 2             Let's go to -- let me find page for you,

 3   one second.

 4        A    My report?

 5        Q    Let's go to your report.  It's Page 6 of       9:49AM

 6   your report, just Page 12 of the PDF.

 7             You've got a heading there that says "1.3,

 8   Summary of Opinions."

 9        A    Page 6, yes.

10        Q    Now, your task is to assume that there's       9:49AM

11   liability, right, for infringement of the '033

12   patent, the '966 patent and the '885 patent; right?

13        A    That's true.

14        Q    So those are valid and infringed patents

15   as far as you're concerned; correct?                     9:49AM

16        A    Correct.

17        Q    What is your opinion as to what the

18   damages should be for the '033 patent?

19        A    What a reasonable royalty should be?

20        Q    Yes, if that's what your damages opinion       9:49AM

21   is, correct.

22        A    Less than $2.6 million.

23        Q    What does "less than $2.6 million" mean?

24        A    It means what I described in my report,

25   there's what I understand to be commercially             9:50AM
```

Page 14

```
 1      acceptable non-infringing alternatives that are        9:50AM

 2      broader in scope than just the '033 patent to

 3      implement a non-infringing alternative for the '033

 4      patent at the time of the hypothetical negotiation

 5      would have been less.                                  9:50AM

 6              And so the $2.6 million is a -- I think a

 7      fair measure.

 8              I wrote about this in Paragraph 35 and

 9      then elsewhere.

10         Q    Okay.  I guess I'm just taking issue with      9:50AM

11      your qualification that it be less than

12      $2.6 million.

13              How much less than $2.6 million should it

14      be?

15         A    Right now I don't have a specific amount as    9:51AM

16      to how much less.  It's something less than

17      $2.6 million based upon the information that I

18      reviewed to date.

19         Q    Could it be zero?

20         A    No, I don't think so.                          9:51AM

21         Q    You have to give a reasonable royalty;

22      right?

23         A    Well, I think that's true, but I also think

24      that it's -- I think that's true -- as I understand

25      it, that's a requirement of like a reasonable royalty 9:51AM
```

Page 15

*HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY*

| | | |
|---|---|---|
| 1 | has to be a significant -- it has to be an amount. | 9:51AM |
| 2 | It can be insignificant or de minimus, I | |
| 3 | guess, which is an amount but -- so that's what I | |
| 4 | understand the rules to be. | |
| 5 | But I also understand the fact here that | 9:52AM |
| 6 | there's costs that would be associated with | |
| 7 | implementing a non-infringing alternative. | |
| 8 | Q   Do you believe the cost of implementing a | |
| 9 | non-infringing alternative could reduce the damages | |
| 10 | award to zero or something close to zero? | 9:52AM |
| 11 | A   In this case? | |
| 12 | Q   Yes. | |
| 13 | A   No, I don't think so.  That's -- I haven't | |
| 14 | seen that evidence for the '033 patent.  My mind would | |
| 15 | be open to it if somebody from Google explained that | 9:52AM |
| 16 | that was so and there was technical opinion to support | |
| 17 | that as well. | |
| 18 | But I haven't seen that for the '033 | |
| 19 | patent. | |
| 20 | Q   Let's take a look at Paragraph 19 of your | 9:52AM |
| 21 | report. | |
| 22 | A   Okay. | |
| 23 | Q   The last sentence there makes a reference | |
| 24 | to a 1:1 -- that's one, colon, one -- economic | |
| 25 | relationship between the '033 patent and YouTube | 9:53AM |

Page 16

| | | |
|---|---|---|
| 1 | Q   Sorry, I meant paragraph, sorry, | 11:29AM |
| 2 | paragraph. | |
| 3 | A   You probably said it, I just misheard you. | |
| 4 |     I got it. | |
| 5 | Q   I think we started down this path and I'm | 11:29AM |
| 6 | sorry I didn't finish it earlier. | |
| 7 |     I asked you about what your opinion was as | |
| 8 | to the damages for the '033 patent and I think you | |
| 9 | said less than 2.6 million; is that right? | |
| 10 | A   Yes. | 11:30AM |
| 11 | Q   How about the same question for the '885 | |
| 12 | patent, what is your opinion as to what the damages | |
| 13 | should be for infringing the '885 patent? | |
| 14 | A   Less than $200,000. | |
| 15 | Q   Okay.  And how about for the '966 patent, | 11:30AM |
| 16 | what is your damages opinion for how much Google | |
| 17 | should be awarded for infringing the '966 patent? | |
| 18 | A   Less than $200,000. | |
| 19 | Q   Now, for -- so we're in this world again | |
| 20 | where you've assumed that there is liability for | 11:31AM |
| 21 | infringement of the '885 and '966 patents; correct? | |
| 22 | A   Yes. | |
| 23 | Q   So now, do you add these two figures of | |
| 24 | $200,000 together or is it your position that Sonos | |
| 25 | is only entitled to one of them? | 11:31AM |

Page 68

```
 1    like taking an issue off the table for understanding    11:32AM
 2    these numbers, the way I described it is you can add
 3    all three together, but that would overstate the
 4    amount of a royalty.
 5              And it's an issue for Mr. Malackowski in       11:33AM
 6    that his royalty is already overstated and this
 7    overstates the royalty even further because he has
 8    not dealt with the double counting.
 9              He's also trying to accumulate value
10    associated with units and he's double counting that     11:33AM
11    value.
12              There is an issue in that he takes the app
13    IFTTT which is sold once and his royalty counts it
14    twice in certain instances.
15              That's like a -- it's an analytical issue.    11:33AM
16    BY MR. SULLIVAN:
17         Q    I'm sorry, are you through with your
18    answer?
19         A    I'm through.  You don't have to apologize.
20         Q    I just don't want to interrupt you, that's    11:34AM
21    all.
22         A    I'm finished.
23         Q    Okay.  Now, you've based these numbers
24    that we've been talking about for your damages
25    awards on the cost of implementing commercially         11:34AM
```

Page 70

| | | |
|---|---|---|
| 1 | acceptable non-infringing alternatives; is that | 11:34AM |
| 2 | correct? | |
| 3 |     A    That's right. | |
| 4 |     Q    What if there are no commercially | |
| 5 | acceptable non-infringing alternatives, what would | 11:34AM |
| 6 | your damages award be? | |
| 7 |     A    I think -- | |
| 8 |     MS. MA:  Objection to form. | |
| 9 |     THE WITNESS:  The next best measure is | |
| 10 | comparable patent acquisitions. | 11:34AM |
| 11 | BY MR. SULLIVAN: | |
| 12 |     Q    Do you set forth those numbers in your | |
| 13 | expert report? | |
| 14 |     A    Yes. | |
| 15 |     Q    What would those numbers be?  We'll start | 11:35AM |
| 16 | within infringement of the '033 patent. | |
| 17 |     A    I have it in a few places.  $250,000.  It's | |
| 18 | in Footnote 50, for example. | |
| 19 |     Q    Okay.  And how about for the '885 patent, | |
| 20 | what would be your damages award if there were no | 11:35AM |
| 21 | commercially acceptable non-infringing alternatives? | |
| 22 |     MS. MA:  Objection to form. | |
| 23 |     THE WITNESS:  No more than 2.25 million | |
| 24 | would be the next in line.  And then if | |
| 25 | Mr. Malackowski is -- if the trier of fact considers | 11:36AM |

Page 71

*HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY*

| | | |
|---|---|---|
| 1 | what he has, I've also provided adjustments to that | 11:36AM |
| 2 | and shown how his calculations are incorrect.  That | |
| 3 | would be additional data to consider. | |
| 4 | But I think the next best measure would be | |
| 5 | these comparable patent acquisitions. | 11:36AM |
| 6 | BY MR. SULLIVAN: | |
| 7 | Q    How about for the '966 patent, what would | |
| 8 | be the damages award if there is no commercially | |
| 9 | acceptable non-infringing alternatives? | |
| 10 | A    I think the next best measure is $250,000 | 11:36AM |
| 11 | and then it depends if the trier of fact considers | |
| 12 | Mr. Malackowski's numbers, I think his theories can be | |
| 13 | adjusted or reconciled to a number close to this to | |
| 14 | the extent that they are considered. | |
| 15 | Although I think there's real issues with | 11:37AM |
| 16 | his theories. | |
| 17 | Q    In your showdown report, you said the | |
| 18 | damages for the '885 patent should be no more than | |
| 19 | $5,000; right? | |
| 20 | A    I think so. | 11:37AM |
| 21 | Q    What changed? | |
| 22 | A    Well, it's a different proceeding.  I think | |
| 23 | I have more information.  I think that I, in this | |
| 24 | report include, even though Mr. MacKay said that it | |
| 25 | wouldn't belong, for purposes of being more inclusive | 11:37AM |

Veritext Legal Solutions
866 299-5127

```
 1              I, LYNNE M. LEDANOIS, a Certified
 2     Shorthand Reporter of the State of California, do
 3     hereby certify:
 4              That the foregoing proceedings were taken
 5     before me at the time and place herein set forth;
 6     that a record of the proceedings was made by me
 7     using machine shorthand which was thereafter
 8     transcribed under my direction; that the foregoing
 9     transcript is a true record of the testimony given.
10              Further, that if the foregoing pertains to
11     the original transcript of a deposition in a Federal
12     Case, before completion of the proceedings, review
13     of the transcript [] was [x] wasn't requested.
14              I further certify I am neither financially
15     interested in the action nor a relative or employee
16     of any attorney or party to this action.
17              IN WITNESS WHEREOF, I have this date
18     subscribed my name.
19     Dated: February 1, 2023
20
21
22
23                        _____
24                        LYNNE MARIE LEDANOIS
25                        CSR No. 6811
```

Page 268

Veritext Legal Solutions
866 299-5127