CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
croberts@orrick.com
BAS DE BLANK (STATE BAR NO. 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (STATE BAR NO. 260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   +1 415 773 5700
Facsimile:    +1 415 773 5759

SEAN M. SULLIVAN (*pro hac vice*)
sullivan@ls3ip.com
J. DAN SMITH (*pro hac vice*)
smith@ ls3ip.com
MICHAEL P. BOYEA (*pro hac vice*)
boyea@ ls3ip.com
COLE B. RICHTER (*pro hac vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:    +1 312 754 0002
Facsimile:    +1 312 754 0003

*Attorneys for Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>      Plaintiff and Counter-defendant,<br><br>v.<br><br>GOOGLE LLC,<br><br>      Defendant and Counter-claimant. | Case No. 3:20-cv-06754-WHA<br>Related to Case No. 3:21-cv-07559-WHA<br><br>**SONOS, INC.'S MOTION *IN LIMINE* NO. 5 TO EXCLUDE ACCUSATIONS THAT SONOS ACTED IMPROPERLY**<br><br>Judge:  Hon. William Alsup<br>Pretrial Conf.: May 3, 2023<br>Time: 12:00 p.m.<br>Courtroom: 12, 19th Floor<br>Trial Date: May 8, 2023 |

**FILED UNDER SEAL**

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS:

PLEASE TAKE NOTICE that on May 3, 2023 at 12:00 p.m., or as soon thereafter as may be heard before the Honorable Judge William H. Alsup, in Courtroom 12 on the 19th Floor of the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Sonos, Inc. ("Sonos") will, and hereby does, move this Court to preclude argument, evidence, or references that Sonos acted improperly in pursuing the asserted patents.  This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Joseph R. Kolker ("Kolker Decl."), all exhibits filed herewith, all documents in the Court's file, and such other written or oral evidence and argument as may be presented at or before the time this motion is heard by the Court.

# STATEMENT OF THE RELIEF REQUESTED

Sonos requests that this Court exclude any argument, evidence, or references that Sonos acted improperly in pursuing the asserted patents.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Google should not be permitted to introduce argument or evidence that Sonos acted improperly in pursuing U.S. Patent Nos. 10,848,885 ("the '885 patent") and 10,469,966 ("the '966 patent") (collectively, the "asserted patents").

**II.     STATEMENT OF RELEVANT FACTS**

Sonos asserts that Google directly infringes the '885 patent and the '966 patent and indirectly infringes the '966 patent. The '885 and '966 patents, which are referred to collectively as the "zone scenes" patents, are part of the same patent family and originate from a provisional application filed on September 12, 2006.

Google's expert reports and contentions in this case suggest that Google intends to introduce argument and evidence that Sonos engaged in improper conduct while drafting and prosecuting the asserted patents. For instance, the June 22, 2022 Opening Expert Report of Google's technical expert regarding Claim 1 of the '885 Patent contains multiple allegations that Sonos purposefully drafted its patent claims to cover functionality that, in 2014, Google disclosed via "a confidential presentation to Sonos that revealed [Google's] work supporting overlapping speaker groups." Kolker Decl. Ex. A (Schonfeld 6/22/2022 Op. Rep.) ¶ 715 (citing to GOOG-SONOSNDCA-00056732 at 756) (alleging that Sonos claimed Google functionality "without disclosing [it] in its 2006 patent application"); *id.* ¶ 717 ("Sonos appears to have attempted to mimic Google's proposal in its claims with its addition of 'transitioning' the 'standalone' first zone player to one of the zone scenes."). These allegations suggest that Google will accuse Sonos of acting improperly by deriving the claimed inventions of the "zone scenes" patents from Google's 2014 presentation to Sonos rather than Sonos's own 2006 patent application and drafting the claims with the intent to cover Google's speaker group technology.

Google's expert reports and contentions also suggest that, during trial, Google will imply that Sonos knew about certain prior art that is now being relied upon by Google, and somehow acted improperly in pursuing the asserted claims despite knowing about that prior art. For instance:

- Google's technical expert alleges that Sonos and the "zone scenes" inventor were aware of the Sonos Forums generally and of the specific Sonos Forum posts that Google is now relying on for obviousness. *See, e.g.*, Kolker Decl. Ex. B (Schonfeld 11/30/2022 Op. Rep.) ¶ 179 (alleging that "Sonos's product management team (likely including Mr. Lambourne) was made aware of the issues raised in the Forum thread"), ¶ 182 (alleging that "Sonos employees participated in the ['macro / presets'] thread, and were therefore aware of these ideas from the Forum threads at the time"), ¶ 365 (alleging that "'[s]ome of Sonos's employees (*e.g.*, Graham Farrar) participated in these Forums and reviewed users' posts and their feedback, and even Sonos's product management teams were aware of the Forum posts and feature suggestions'").

- Google's technical expert alleges that the "zone scenes" inventor was aware of Google's "Squeezebox" prior art reference. *See, e.g.*, Kolker Decl. Ex. B (Schonfeld 11/30/2022 Op. Rep.) ¶¶ 403, 434.

- Google's technical expert alleges that "Sonos was aware of Yamaha's offerings and relevance" in support of his opinions regarding Google's "Yamaha DME" prior art reference. Kolker Decl. Ex. C (Schonfeld 1/23/2023 Reply Rep.) ¶ 43.

Google has not raised any defenses based on inequitable conduct, derivation, or improper inventorship in its expert reports. *See* Dkt. 199 at 23-32; Kolker Decl. Ex. B (Schonfeld 11/30/2022 Op. Rep.) at i-ix, ¶ 6 (offering opinions on anticipation under § 102 and obviousness under § 103).

### III. ARGUMENT

Evidence is not admissible if (i) irrelevant or (ii) the probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 402, 403.

Google's accusations that Sonos acted improperly in pursuing the asserted patents are not relevant to any claim or defense, and those accusations also carry a significant danger of unfairly prejudicing Sonos, confusing the issues, and misleading the jury. As such, Google should be precluded from introducing any argument or evidence that Sonos acted improperly in pursuing the asserted patents.

### A. Google Should Be Precluded From Accusing Sonos of Deriving the Claimed "Zone Scenes" Inventions From Google

Google should be precluded from introducing argument and evidence suggesting that Sonos derived the claimed inventions of the "zone scenes" patents from Google's 2014 presentation to Sonos. Google's accusation is irrelevant under Rule 402 and would be unfairly

prejudicial, confusing, misleading, and wasteful under Rule 403.

The Court already found that the claimed "zone scene" invention of the '885 Patent is disclosed in Sonos's own 2006 patent application. Sonos filed that application years before Google's 2014 presentation, which puts to rest Google's accusation that Sonos derived its "zone scene" claims from Google's 2014 presentation. In particular, at the showdown summary judgment stage, Google moved for summary judgment of invalidity of claim 1 of the '885 patent for lack of written description support. Dkt. 309 at 18-25. The Court rejected Google's arguments and found that Sonos's own 2006 patent application provides sufficient written description support for the claimed "zone scenes" invention of the '885 Patent. *Id.* at 14-16. In view of the Court's ruling, Google is no longer pursuing written description challenges to either of the "zone scenes" patents. *See* Kolker Decl. Ex. B (Schonfeld 11/30/2022 Op. Rep.) at i-ix, ¶ 6 (Google's expert not offering any opinions on written description).

Google's meritless accusation that Sonos derived the claimed inventions of the "zone scenes" patents from Google's 2014 presentation is not relevant to any of Google's remaining defenses in this case. Google has never raised any defense under § 102(f), inequitable conduct, or similar claims against the zone scenes patents.

Google's suggestion that Sonos derived its "zone scene" claims from Google's 2014 presentation rather than Sonos's own 2006 patent application is therefore irrelevant under Rule 402, and allowing Google to introduce argument or evidence along these lines would be unfairly prejudicial, confusing, misleading, and wasteful under Rule 403.

Accordingly, Sonos respectfully requests that the Court preclude Google from introducing argument and evidence suggesting that Sonos derived the claimed inventions of the "zone scenes" patents from Google's 2014 presentation to Sonos rather than Sonos's own 2006 patent application.

**B.    Google Should Be Precluded From Accusing Sonos of Drafting The Asserted Claims with an Intent to Cover Google's Products**

Google should be precluded from introducing argument and evidence suggesting that Sonos drafted claims of the asserted patents with an intent to cover Google's products. Such an

accusation is irrelevant under Rule 402 and would be unfairly prejudicial, confusing, misleading, and wasteful under Rule 403.

Whether or not Sonos drafted claims with an intent to cover Google's products is irrelevant under Rule 402. "[T]here is nothing improper, illegal or inequitable in filing a patent application for the purpose of obtaining a right to exclude a known competitor's product from the market; nor is it in any manner improper to amend or insert claims intended to cover a competitor's product. *Kingsdown Med. Consultants, Ltd. v. Hollister Inc.*, 863 F.2d 867, 874 (Fed. Cir. 1988); *see also Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, No. 15-1202, 2017 WL 959592, at *1-3 (E.D. Tex. Mar. 13, 2017) ("[T]he law is clear that it is not improper for patentees to seek claims in an original or continuation application with the purpose of obtaining patent rights that would cover products that have come on the market."). For instance, even if Sonos drafted claims to cover Google's products, that has no bearing on whether Google has infringed those claims or whether those claims are valid. Moreover, allowing Google to introduce argument or evidence suggesting that Sonos drafted claims to cover Google's products has the potential to make Sonos "appear unprincipled in the jurors' eyes," which is unfairly prejudicial, confusing, misleading, and wasteful under Rule 403. *UroPep*, 2017 WL 959592, at *1; *see also Sonos, Inc. v. D&M Holdings Inc.*, No. CV 14-1330, 2017 WL 5633204, at *2 (D. Del. Nov. 21, 2017) (Bryson, C.J., sitting by designation) (finding that the accused infringer "may not impute bad intent to Sonos" based on allegations that Sonos had drafted patent claims to cover the accused infringer's existing products).

Accordingly, the Court should preclude Google from introducing argument and evidence suggesting that Sonos drafted claims of the asserted patents with an intent to cover Google's products.

C. **Google Should Be Precluded From Accusing The Inventors of Having Prior Knowledge of Google's Prior Art**

Google should be precluded from introducing argument and evidence implying that Sonos engaged in wrongdoing by pursuing the asserted patents while the inventors of Sonos's asserted patents had knowledge of some of the prior art that is being relied upon by Google. Such an

1   accusation is irrelevant under Rule 402 and would be unfairly prejudicial, confusing, misleading,
2   and wasteful under Rule 403.

3         Sonos's knowledge of the prior art is irrelevant to any of Google's defenses.  Google has
4   not plead any inequitable conduct defenses.  And it is not relevant to obviousness "[b]ecause
5   patentability is assessed from the perspective of the hypothetical person of ordinary skill in the
6   art," not the inventor's state of mind.  *Illumina, Inc. v. BGI Genomics Co.*, No. 19-cv-03770, 2021
7   WL 4979799, at *1-3 (N.D. Cal. Oct. 27, 2021) (precluding argument or evidence regarding the
8   inventors' "alleged reliance on prior art").  Therefore, "information regarding the subjective
9   motivations of inventors is not material" as "[t]he inventor's own path itself never leads to a
10  conclusion of obviousness; that is hindsight."  *Id.*  As such, Google should not be permitted to
11  introduce argument and evidence that Sonos or the inventors of the asserted patents were
12  previously aware of the prior art being relied upon by Google (such as Sonos Forums,
13  Squeezebox, and Yamaha), because whether or not Sonos and its inventors had prior awareness
14  of Google's prior art is irrelevant under Rule 402.

15        Moreover, allowing Google to introduce argument or evidence along these lines would be
16  unfairly prejudicial, confusing, misleading, and wasteful under Rule 403.  Indeed, in cases where
17  inequitable conduct is not at issue, courts have repeatedly precluded an accused infringer from
18  introducing argument or evidence that a patentee was previously aware of the alleged prior art
19  due to the prejudicial, confusing, and misleading nature of that information.  *See, e.g.*, *Illumina*,
20  2021 WL 4979799, at *1-3 (precluding an accused infringer from introducing argument or
21  evidence that the inventor allegedly relied on prior art when developing the claimed invention
22  because such evidence was "irrelevant" and "would be greatly outweighed by the risk of
23  prejudice to [the patentee], confusing the issues, and misleading the jury"); *Bioverativ*
24  *Therapeutics, Inc v. Csl Behring, LLC*, No. 17-914, 2020 WL 4464616, at *1 (D. Del. Apr. 7,
25  2020) (finding that, while it was permissible for an accused infringer to "point out that [prior art]
26  was not before the PTO during prosecution," the accused infringer "may not even hint that [the
27  patentee] engaged in wrongdoing in not presenting [the prior art] to the PTO"); *Electro-Mech.*
28

*Corp. v. Power Distrib. Prods, Inc.*, No. 1:11CV00071, 2013 WL 1859229, at *2 (W.D. Va. Mar. 13, 2013) (finding that an accused infringer was "correct that the fact that certain prior art was not before the patent examiner is relevant with respect to the validity of the patent" but that "arguments and evidence implying wrongful conduct on the part of the applicant in withholding or failing to disclose such prior art are not relevant where, as here, the defendants have asserted no defense or counterclaim of inequitable conduct").

Accordingly, because Sonos's alleged awareness of Google's prior art is irrelevant under Rule 403 and would only lead to unfair prejudice and confusion, Sonos respectfully requests that the Court preclude Google from introducing argument and evidence suggesting that Sonos had an awareness of the prior art being relied upon by Google.

## IV.   CONCLUSION

For the foregoing reasons, the Court should grant Sonos, Inc.'s Motion *in Limine* to preclude any argument, evidence, or references that Sonos acted improperly while pursuing the asserted patents.

Dated:  April 13, 2023

ORRICK HERRINGTON & SUTCLIFFE LLP
*and*
LEE SULLIVAN SHEA & SMITH LLP

By: */s/ Clement Seth Roberts*
    Clement Seth Roberts

*Attorneys for Sonos, Inc.*