# Sonos, Inc.'s Motion *In Limine* No. 5

# EXHIBIT A

# (Filed Under Seal)

Contains Highly Confidential AEO and Source Code Materials

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>　　　　　Plaintiff<br><br>　v.<br><br>SONOS, INC.,<br><br>　　　　　Defendant. | CASE NO. 3:20-cv-06754-WHA<br>Related to CASE NO. 3:21-cv-07559-WHA |

**OPENING EXPERT REPORT OF DR. DAN SCHONFELD REGARDING CLAIM 1 OF U.S. PATENT NO. 10,848,885**

media and upon invocation of the zone scene all players start playing that same media.

714. The specification and provisional appendix at best disclose generic speaker grouping or how to handle particular (unclaimed) situations upon invoking a zone scene. The specification does not disclose the same solution that is claimed, and I understand that merely rendering the claimed solution obvious is insufficient.

715. I understand that in June 2014, Google engineers made a confidential presentation to Sonos that revealed their work supporting overlapping speaker groups. As shown in this presentation below, under Google's proposal, speakers A, B, C, and Chromecast B could all be in a "Home" group, speakers A and C could be in a "1st Floor" group, and speaker C and Chromecast B could be in a "Parents" group. This is the overlapping player functionality that Sonos later claimed without disclosing in its 2006 patent application:



GOOG-SONOSNDCA-00056732 at 756.

716. I understand that Google revealed to Sonos during that same confidential meeting that "casting" to a speaker group where that speaker was already playing music individually would "override" the prior command to the speaker:

476

Contains Highly Confidential AEO and Source Code Materials



*Id.* at 761 (highlighted).

717. In Google's illustration, a user begins casting to speaker A, then a second user begins casting to a Home group that includes speaker A. *Id.* The result is that the prior cast to speaker A is "overridden." *Id.* Sonos appears to have attempted to mimic Google's proposal in its claims with its addition of "transitioning" the "standalone" first zone player to one of the zone scenes. I understand that Sonos cites to this very same presentation to allege that Google infringes Sonos's patent. Dkt. 251 at 17-18 (Sonos Op. MSJ Br.). I reserve my rights to address any infringement opinions that Sonos's experts may provide, and in my opinion there is not infringement of Claim 1 of the '885 patent for other reasons despite the similarities identified above.

718. Sonos responded in Reply to the evidence set forth above, and briefing from Google which I agree with and have adopted in part. Below I set forth Sonos's arguments (Dkt. 274 at 10-12) and my responses to those arguments.

719. Sonos makes five arguments that overlapping speaker groups were disclosed in the original '885 patent specification:

> First, the '885 Patent discloses that after one "zone scene" has been set up (i.e., created and saved), a user may "go back . . . to configure another [zone] scene if desired" – which conveys to a POSITA that any number of different "zone scenes"

477

experience the time-synchronized delivery of media content.  *See*, *e.g.*, '694 patent at Abstract, 10:21-29.  Both patents also reference similar hardware such as playback devices and processors as well.  *See*, *e.g.*, '885 patent at 5:21-39, 6:28-48, and '694 patent at 4:31-65, Fig. 1.

## XVI. RESERVATION OF RIGHTS

755. In the event I am called upon to testify as an expert witness in this case, I may also discuss my own work, teaching, and publications in the field, and knowledge of the state of the art in the relevant time period.  I may rely on handbooks, textbooks, technical literature, my own personal experience in the field, and other relevant materials or information to demonstrate the state of the art in the relevant period and the evolution of relevant technologies.  I also reserve the right to rely on demonstrative exhibits to help explain the opinions set forth in this report.

756. I reserve the right to modify or supplement my opinions, as well as the basis for my opinions, in light of new positions set forth by Sonos, to the extent Sonos is permitted to advance those positions.  This includes positions concerning the scope and interpretation of the asserted claim, infringement allegations, conception, diligence, and reduction to practice, and secondary considerations.  It is also my understanding that Sonos may submit an expert report corresponding to this Report.  I reserve the right to rebut any positions taken in that report.

I, Dan Schonfeld, declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED:  June 22, 2022

Dan Schonfeld, Ph.D