FILED UNDER SEAL

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Sean Pak (Bar No. 219032)
seanpak@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
James Judah (Bar No. 257112)
jamesjudah@quinnemanuel.com
Lindsay Cooper (Bar No. 287125)
lindsaycooper@quinnemanuel.com
Iman Lordgooei (Bar No. 251320)
imanlordgooei@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:   (415) 875-6600
Facsimile:    (415) 875-6700

Marc Kaplan (pro hac vice)
marckaplan@quinnemanuel.com
191 N. Wacker Drive, Ste 2700
Chicago, Illinois 60606
Telephone:   (312) 705-7400
Facsimile:    (312) 705-7401

*Attorneys for GOOGLE LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>　　　　Plaintiff and Counter-Defendant,<br><br>　vs.<br><br>GOOGLE LLC,<br><br>　　　　Defendant and Counter-Claimant. | Case No. 3:20-cv-06754-WHA<br>Related to Case No. 3:21-cv-07559-WHA<br><br>**GOOGLE LLC'S RESPONSE TO SONOS, INC.'S MOTION *IN LIMINE* NO. 5 TO EXCLUDE ACCUSATIONS THAT SONOS ACTED IMPROPERLY**<br><br>Date:　　May 3, 2023<br>Time:　　12:00 p.m.<br>Location:　Courtroom 12, 19th Floor<br>Judge:　　Hon. William Alsup |

1      Sonos's Motion *in Limine* No. 5 ("MIL No. 5") seeks to preclude any argument or evidence that "Sonos acted improperly while pursuing the asserted patents"—an overly broad request that is based on just three specific arguments Sonos fears will be raised by Google at trial: (1) "suggesting that Sonos derived the claimed inventions of the 'zone scenes' patents from ==Google's 2014 presentation to Sonos==" (Mot. at 2); (2) "suggesting that Sonos drafted claims of the asserted patents with an intent to cover Google's products" (*id*. at 3); and (3) "implying that Sonos engaged in wrongdoing by pursuing the asserted patents while the inventors of Sonos's asserted patents had knowledge of some of the prior art that is being relied upon by Google" (*id*. at 4). Sonos's fears are highly speculative, however, as even Sonos acknowledges that the three arguments it seeks to exclude are based on mere "suggest[ions]" and "impl[ications]" in Google's expert reports. *Id.* at 1. Indeed, Google does not intend to raise any of these arguments at trial and, thus, Sonos's motion should be denied as moot.

       Sonos's requested relief should also be denied as unduly overbroad, vague and ambiguous, and likely to lead to unnecessary disputes at trial. Specifically, Sonos seeks an order precluding "***any*** argument or evidence that Sonos acted improperly in pursuing the asserted patents," which it may use to argue for exclusion of any number of proper and valid arguments Google may present at trial. *Id*. at 2. For example, Google has long disclosed a derivation defense based on the Sonos Forums prior art and Sonos's failure to disclose the Forums to the PTO, yet this properly-raised and preserved defense would be unfairly precluded under Sonos's MIL.

       To the extent Sonos believes Google may seek to introduce objectionable evidence, Sonos will have the ability to raise concrete objections at trial as opposed to raising preemptive ambiguous and speculative objections now. Nor would there be any possible juror confusion or prejudice to Sonos from Google presenting mere facts and factual evidence—including facts regarding the parties' interactions prior to the suit. At bottom, Google agrees not to raise the specific arguments Sonos identifies in its motion. Thus, there is no valid basis to grant Sonos's overly broad request that goes well beyond the specific evidence and arguments raised in its MIL.

## I.   ARGUMENT

       Sonos's motion is based on three specific arguments that it assumes Google will raise at trial,

1  yet Google does not intend to: (1) "suggest[] that Sonos derived the claimed inventions of the 'zone
2  scenes' patents from Google's 2014 presentation to Sonos" (Mot. at 2); (2) "suggest[] that Sonos
3  drafted claims of the asserted patents with an intent to cover Google's products" (*id.* at 3); and (3)
4  "imply[] that Sonos engaged in wrongdoing by pursuing the asserted patents while the inventors of
5  Sonos's asserted patents had knowledge of some of the prior art that is being relied upon by Google"
6  (*id.* at 4). Accordingly, Sonos's requested relief is moot and should be denied for that reason alone.
7  *See, e.g., ADT Sec. Servs., Inc. v. Sec. One Int'l, Inc.*, No. CV C11-05149 YGR, 2013 WL 6701654,
8  at *1-2 (N.D. Cal. Sept. 9, 2013) (denying as moot MILs directed to arguments the non-moving
9  party did not intend to introduce at trial).

10  Moreover, despite only identifying three specific arguments it believes should be excluded,
11  Sonos nevertheless seeks overly broad relief that goes well beyond just those three arguments. In
12  particular, Sonos seeks to preclude "**any** argument or evidence that Sonos acted improperly in
13  pursuing the asserted patents," which would encompass many other arguments and evidence Google
14  should fairly be allowed to present at trial. Mot. at 2. Indeed, it is unclear what Sonos means by
15  "acted improperly in pursuing the asserted patents" and, thus, the metes and bounds of what would
16  be precluded under Sonos's MIL is ambiguous. The ambiguity in Sonos's MIL No. 5 is a separate
17  and independent basis for denial. *E.g., ADT Sec. Servs.*, 2013 WL 6701654, at *2 (denying MIL as
18  "too ambiguous for the Court to provide a reasoned judgment" because it "principally deal[t]" with
19  evidence that had already been excluded and "[did] not identify any [other] specific information to
20  be excluded," thus finding "[t]o the extent the motion seeks to bar other evidence, it is denied as
21  premature"); *In re Homestore.com, Inc.*, No. CV 01-11115 RSWL CWX, 2011 WL 291176, at *2
22  (C.D. Cal. Jan. 25, 2011) (denying motion to exclude wide category of evidence as "over-broad and
23  vague, and therefore inappropriate for review at the motion *in limine* stage" (citations omitted)).

24  For example, Google does not intend to raise the derivation defense that Sonos describes in
25  its motion—*i.e.*, that Sonos derived the alleged invention from Google—but Google does intend to
26  raise a derivation defense based on the Sonos Forums prior art. In particular, Google intends to
27  argue that Sonos improperly derived the alleged invention from the suggestions of its users who
28  posted the idea to add multiple zone scenes to the existing Sonos prior art system publicly on the

1  Sonos Forums website before the alleged conception date of the asserted patents.  As a result, the
2  Sonos Forums constitute prior art under 35 U.S.C. § 102(f) (pre-AIA derivation).  Google disclosed
3  this theory in its invalidity contentions (*see* Ex. 1 at 95-98)[1] as well as its expert reports (*see* Ex. 2
4  ¶ 175), and Sonos did not challenge the adequacy of either disclosure.  There is no reason why
5  Google should be precluded from raising this argument at trial.  Accordingly, to the extent Sonos
6  seeks to exclude derivation related defenses *other* than those specifically identified in its MIL No.
7  5, its requested relief is unduly overbroad and should be denied.[2]

8        Additionally, though Google does not intend to raise the parties' communications about the
9  accused functionalities in 2014 as evidence that Sonos improperly drafted its patents to cover
10 Google's technology, Google should not be precluded from presenting the underlying facts
11 regarding the parties' communications and Google's development of its own technology several
12 years ***before*** Sonos filed its patents.  Such evidence and facts are directly relevant to at least the
13 issue of alleged willful infringement, as it shows Google independently developed its technology
14 before Sonos ever filed the asserted patents.  Google is, therefore, entitled to explain the totality of
15 the circumstances of its pre-suit conduct, including the history of development of its technology,
16 particularly if Sonos opens the door by pursuing its willfulness claim.  *See AOS Holding Company*
17 *v. Bradford White Corp.*, No. CV 18-412-LPS, 2021 WL 5411103, at *34 (D. Del. Mar. 31, 2021)
18 ("even post-*Halo*, willfulness looks to 'totality of the circumstances presented in the case'" (citing
19 *WCM Indus, Inc. v. IPS Corp.*, 721 F. App'x 959, 970 (Fed. Cir. 2018)), *aff'd sub nom*. *A. O. Smith*
20 *Corp. v. Bradford White Corp.*, No. 2021-2222, 2022 WL 3053891 (Fed. Cir. Aug. 3, 2022); *Kahr*
21 *v. Cole*, No. 13-C-1005, 2016 WL 8139020, at *2 (E.D. Wis. July 28, 2016) (observing that the

---

[1] All cited exhibits are attached to the contemporaneously filed Declaration of Iman Lordgooei.
[2] To the extent Sonos seeks to preclude **all** derivation and improper inventorship defenses in this case, its motion amounts to an improper attempt to seek summary judgment and should be denied. It is well-settled that motions *in limine* are not an appropriate vehicle for summary judgment. *E.g.*, *Guzik Tech. Enters., Inc. v. Western Digital Corp.*, No. 5:11-cv-03786-PSG, 2013 WL 6227626, at *8 (N.D. Cal. Nov. 22, 2013) (denying MIL to preclude plaintiff from presenting evidence of infringement because the motion was "little more than a thinly-veiled dispositive one"); *Henderson v. Peterson*, No. C 07–2838 SBA (PR), 2011 WL 2838169, at *11 (N.D. Cal. July 15, 2011) (denying MIL directed to resolving a dispositive issue); *Nat. Res. Def. Council v. Rodgers*, No. CIV-S-88-1658 LKK, 2005 WL 1388671, at *1 n.2 (E.D. Cal. June 9, 2005).

"factual determination" of willful infringement "should 'be made after consideration of the totality of the circumstances'" (quoting *Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1530 (Fed. Cir. 1993)); *SRI Int'l, Inc.* v. *Cisco Sys., Inc.*, 930 F.3d 1295, 1309 (Fed. Cir. 2019) ("[T]he parent '203 patent was not even filed until several months after the parties met.").

As another example, Sonos appears likely to inform the jury that certain prior art was before the Patent Office and considered during prosecution of the asserted patents. Sonos's experts have referred to this argument repeatedly in their expert reports. Google should be allowed to respond by informing the jury that there also was other prior art *not* disclosed to the Patent Office or considered during prosecution, including the Sonos Forums posts known to Sonos yet not disclosed to the Patent Office. The failure to disclose at least the Sonos Forums to the Patent Office is directly relevant to at least Google's derivation defense. Likewise, many of Google's defenses in this case are based on prior art *systems*, yet key information about those systems was not disclosed to the Patent Office. Evidence may be presented concerning the inadequacy of the prior art the Patent Office was provided and able to consider. *See Microsoft Corp. v. i4i Ltd. Partnership*, 131 S. Ct. 2238, 2251 (June 9, 2011) (noting that, "if the PTO did not have all material facts before it, its considered judgment may lose significant force" and, therefore, "the jury may be instructed to consider that it has heard evidence that the PTO had no opportunity to evaluate before granting the patent"). There is no valid basis to preclude Google from adducing these facts at trial and presenting its corresponding defenses, particularly if Sonos opens the door by arguing that certain prior art references and systems *were* considered by the Patent Office during prosecution.

Moreover, quite apart from the issue of inequitable conduct (which Google is not advancing), Google is entitled to present evidence and cross-examine Sonos's witnesses concerning what the inventor regards, and represented to the public, his alleged invention to be—in short, the "story" of the alleged invention. In nearly all patent cases, the patentee presents evidence of what the inventors considered their purported invention to be, why it was an improvement over prior art technologies, its conception, development, and reduction to practice, and the problems it purportedly solved. The "story" of an alleged invention is a legitimate, routine, and necessary subject of examination at trial. Thus, like any other witness, an inventor "will be subject to impeachment on the basis of his prior

assertions in obtaining the patent, or his representations of validity in connection with [an] assignment." *Briggs & Riley Travelware, LLC v. Paragon Luggage, Inc*., 324 F. Supp. 2d 395, 401 n.6 (S.D.N.Y. 2003) (citing Fed. R. Evid. 607, 613).  Where a witness "state[s] in his direct examination what he considered was the invention" claimed in his patent, the accused infringer may cross-examine the inventor on that topic. *See, e.g., Princeton Biochemicals, Inc. v. Beckman Coulter, Inc.*, No. 96-5541, 2004 WL 1398227, at *30 (D.N.J. June 17, 2004), *aff'd*, 411 F.3d 1332 (Fed. Cir. 2005).  The cross-examination may focus on issues such as what features the inventor believes he invented, and prior art technologies. *See, e g.*, *id.* at *31, *33.  Even the inventor's personal knowledge of prior art may be probed. *See, e.g.*, *id*. at *32-33.  Similarly, an inventor may be cross-examined on the differences between the alleged invention and the prior art. *See, e.g., Monsanto Co. v. Mycogen Plant Science, Inc*., 61 F. Supp. 2d 133, 169 (D. Del. 1999).  Sonos's overly broad and ambiguous request for relief, however, threatens to preclude aspects of such examination.

Ultimately, Google does not intend to present any of the arguments specifically identified in Sonos's motion and, thus, Sonos's requested relief is moot.  And beyond the three arguments raised in Sonos's motion, Sonos's requested relief is vague and overbroad and would exclude valid defenses, arguments, and evidence that Google may properly raise at trial.

## II.     **CONCLUSION**

For the foregoing reasons, the Court should deny Sonos's Motion *in Limine* No. 5 as being moot or otherwise overbroad, vague, and ambiguous.

| | | |
|---|---|---|
| 1 | DATED: April 24, 2023 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 2 | | |
| 3 | | By    /s/ Sean S. Pak |
| 4 | |     Sean Pak |
| | |     Melissa Baily |
| 5 | |     James D. Judah |
| | |     Lindsay Cooper |
| 6 | |     Marc Kaplan |
| | |     Iman Lordgooei |
| 7 | | |
| 8 | | *Attorneys for GOOGLE, LLC* |

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that, on April 24, 2023, all counsel of record who have appeared in this case are being served with a copy of the foregoing via email.

　　　　　　　　　　　　　　　　　　　　　　/s/ *Sean Pak*
　　　　　　　　　　　　　　　　　　　　　　Sean Pak

**ECF ATTESTATION**

I, Clement S. Roberts, am the ECF User whose ID and password are being used to file this Response. In compliance with Civil Local Rule 5-1, I hereby attest that Sean Pak, counsel for Google, has concurred in this filing.

Dated: April 25, 2023

By: */s/ Clement S. Roberts*
Clement S. Roberts