# EXHIBIT 17

# FILED UNDER SEAL

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  Melissa Baily (Bar No. 237649)
  melissabaily@quinnemanuel.com
  Lindsay Cooper (Bar No. 287125)
  lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Attorneys for GOOGLE LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

TRIAL EXHIBIT 2335
Case No. 3:20-cv-06754-WHA
DATE ENTERED _____
BY _____
DEPUTY CLERK

| | |
|---|---|
| GOOGLE LLC, | |
| Plaintiff | Case No. 3:20-cv-06754-WHA |
| v. | |
| SONOS, INC., | |
| Defendant. | |

**GOOGLE LLC'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF SONOS, INC.'S FIRST SET OF FACT DISCOVERY INTERROGATORIES (NOS. 1-5, 7-9, 14, 15)**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Google LLC ("Google") hereby objects and responds to Plaintiff Sonos, Inc.'s ("Sonos") First Set of Fact Discovery Interrogatories to Defendant ("Interrogatories"). Google responds to these Interrogatories based on its current understanding and the information reasonably available to Google at the present time. Google reserves the right to supplement these responses if and when additional information becomes available.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

## GENERAL OBJECTIONS AND RESPONSES

1.  These responses are made only for the purposes of discovery in this action. Each response is subject to all appropriate objections as to competence, relevance, materiality, and any and all other objections and grounds that would require the exclusion of any information, documents, or statements contained in the responses if such information, documents, or statements were offered in court. Google expressly reserves all such objections and may interpose them at the time of trial or at any other time.

2.  Google reserves all objections as to the admissibility at trial of any information or documents identified in its responses to these Interrogatories. By identifying any document or supplying any information, Google does not admit that such information or document is relevant to or admissible in this litigation. Google reserves the right to object to further inquiry with respect to any subject matter.

3.  Google objects to the interrogatories, and to the definitions, to the extent that they purport to impose any obligations upon Google beyond the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California.

4.  Google objects to the definition of "Defendant," "Google," "You," or "Your" on the grounds that the definitions are overly broad, unduly burdensome, and vague, including but not limited to the extent that they include: any Google parent, subsidiary, division, or related company; any business entity controlled by or operated on behalf thereof; any predecessors thereof; and any and all agents, directors, owners, officers, attorneys, employees, representatives, subcontracts, and/or any person acting on its behalf.

5.  Google objects to the definition of "Accused Cast-Enabled App(s)" on the grounds that the definition is overly broad, unduly burdensome, and vague, including but not limited to the extent that it includes: any Google Cast-enabled app other than the YouTube Music app, Google

-2-

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Play Music app, YouTube app, Google Podcasts app, and YouTube TV app, and any third-party Cast-enabled app that allows a user to "cast" to an Accused Cast-Enabled Media Player (including but not limited to the Spotify app), and any Cast-enabled software (e.g., firmware and/or Cast-enabled apps) executable on an Accused Cast-Enabled Display that enables a user to "[m]ove media from one cast device to another," either collectively or individually. Google will respond with respect to the YouTube Music app, Google Play Music app, YouTube app, Google Podcasts app, and YouTube TV app.

6. Google objects to the definition of "Accused Google Product(s)" to the extent it includes Sonos's definition of the term "Accused Cast-Enabled App(s)."

7. Google objects to the definition of "Accused Google Server[s]" on the grounds that the definition is overly broad, unduly burdensome, and vague, including but not limited to the extent that it purports to include: any server that hosts at least one of the Accused Cast-Enabled App(s) for download, any server that facilitates casting from Chromecast-enabled apps to Accused Cast-Enabled Media Player(s), any server that facilitates moving media from one cast device to another," and any server that, in response to user input at any Accused Cast-Enabled App, facilitates delivering media to an Accused Cast-Enabled Media Player (including but not limited to any Cloud Content Delivery Network (CDN) server), either collectively or individually. Google will respond with respect to the servers specifically accused in Sonos's infringement contentions.

8. Google objects to the instructions regarding "identify," "describe," or "identity" in the context of a person on the grounds that the instructions are overly broad, unduly burdensome, and vague, including but not limited to the extent that they require inclusion of: the person's present or last known home address, business and e-mail addresses, and respective phone numbers; present or last known place of employment and position; and his or her connection to the subject matter of the interrogatory.

-3-

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

9. Google objects to the instructions to "identify," "describe," or specify the "identity" in the context of a person who is a past or present director, officer, employee, agent, or representative of Google on the grounds that the instructions are overly broad, unduly burdensome, and vague, including but not limited to the extent that they require specification of: all positions or employments held by that person with Google, and the dates between which each such position or employment was held.

10. Google objects to the instructions to "identify," "describe," or specify the "identity" in the context of an entity on the grounds that the instructions are overly broad, unduly burdensome, and vague, including but not limited to the extent that they require specification of: the entity's place of incorporation or other business organization; it's principal places of business; its present or last known mailing and physical address(es) and e-mail and website addresses; its present or last known phone number; the type of entity or organization, its date and place of formation and any place(s) in which it is registered to conduct business; its registered agent; and the identity of all individuals employed by or acting for it at any time who have knowledge of the matter with respect to which the entity is identified.

11. Google objects to the instructions to "identify," "describe," or specify the "identity" in the context of a document on the grounds that the instructions are overly broad, unduly burdensome, and vague, including but not limited to the extent that they require specification of: the date it was authored, sent, and/or received; the identity of the author of the document; the identity of any recipient of the document; and the identity of the custodian of the document.

12. Google objects to the instructions to "identify," "describe," or specify the "identity" in the context of a communication on the grounds that the instructions are overly broad, unduly burdensome, and vague, including but not limited to the extent that they require specification of: the date it was authored, sent, and/or received; the identity of the author of the document; the identity

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

of any recipient of the document; and the identity of the custodian of the document. Google further objects to the instructions regarding "identify," "describe," or "identity" in the context of a communication to the extent that they suggest Google is required to search and produce electronically stored information (ESI) before Sonos has shown good cause for ESI discovery, and the parties have agreed on a procedure for doing so in accordance with the Court's Standing Order.

13. Google objects to the instructions to "identify," "describe," or specify the "identity" in the context of a thing on the grounds that the instructions are overly broad, unduly burdensome, and vague, including but not limited to the extent that they require specification of: its physical particulars; the day on which it was made; the identity of the persons who made it; the identity of the persons who asked that it be made; its present condition; and its present location.

14. Google objects to the instructions to "state all facts" on the grounds that the instructions are is overly broad, unduly burdensome, and vague, including but not limited to the extent that it requires specification of: the identification of any person or entity having knowledge of any such fact, including the last known address and phone number and the identity of any document, communication, or thing that refers, relates, or evidences any such fact.

15. Google objects to each interrogatory to the extent it seeks information protected by the attorney-client privilege or the work product doctrine or that is otherwise privileged or protected from discovery.

16. Google objects to each interrogatory to the extent that it seeks information that is not relevant to any claim or defense of any party or to the subject matter of this action, and is thus not proportional to the needs of the case.

17. Google objects to each interrogatory to the extent it is compound and contains multiple subparts.

18. Google objects to each interrogatory to the extent it is overbroad, unduly

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

burdensome, vague, and/or ambiguous.

19. Google objects to each interrogatory to the extent it seeks information that does not already exist or that is not in Google's possession, custody, or control.

20. Google objects to each interrogatory to the extent it requires Google to provide information beyond what is available to Google at present from a reasonable search of its own files likely to contain relevant or responsive documents and from a reasonable inquiry of its present employees.

21. Google objects to each interrogatory to the extent it seeks confidential or proprietary information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, or trade secrets. Subject to its other General Objections, and to any specific objections set forth below, Google will only provide relevant information in a manner consistent with a Protective Order entered by the Court in this matter.

22. Google objects to each interrogatory to the extent it is unlimited in time or otherwise not limited to a timeframe relevant to this litigation, and is therefore burdensome, oppressive, overly broad, and not proportional to the needs of the case.

23. Google objects to each interrogatory to the extent it seeks a legal conclusion or expert testimony.

24. Google objects to each interrogatory to the extent it seeks information that is publicly available and therefore as accessible to Sonos as to Google.

25. Google objects to each interrogatory to the extent that it is premature. Discovery is ongoing, and Google has not yet completed its investigation of the matters at issue in this action. Google reserves the right to modify, supplement, change or amend its responses after the Court has issued its claim construction order, and once Google has conducted the necessary discovery and investigation.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

26. Google's responses are not to be construed as an admission that any of the requested information exists, that any information is admissible, relevant or proportional to the needs of the case, or that any contention or assumption contained in the interrogatories, whether implicit or explicit, is correct.

**OBJECTIONS AND RESPONSES TO FACT DISCOVERY INTERROGATORIES**

**INTERROGATORY NO. 1:**

Describe in detail when and how Google first became aware of each Patent-In-Suit and the steps, if any, taken by Google as a result of such awareness, including, but not limited to: an explanation of the circumstances surrounding Google's acquisition of such awareness; an identification of the person(s) who first became aware of each Patent-In-Suit and the source of such awareness (person, document, or otherwise); and an identification of the Google employees, officers, or directors that were aware of each Patent-In-Suit prior to the filing of the above-captioned litigation.

**OBJECTIONS:** Google incorporates by reference all of its General Objections as if fully set forth herein. Google objects to this interrogatory on the grounds that it is vague, ambiguous, unclear as to information sought, and lacking sufficient particularity to permit Google to reasonably prepare a response with respect to the undefined terms "became aware," "steps . . . taken by Google as a result of such awareness," "circumstances," "Google's acquisition of such awareness," "identification," "first became aware," and "source of such awareness."

Google further objects to this interrogatory on the grounds that it assumes the existence of hypothetical facts that are incorrect or unknown to Google. Google also objects to this interrogatory

to the extent it seeks communications and information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Google further objects to this interrogatory to the extent it seeks confidential and/or proprietary business information. Google further objects to this interrogatory to the extent it seeks information that is unnecessarily cumulative or duplicative of information sought by other discovery, including Request for Production No. 32.

**RESPONSE:** Subject to and without waiving the foregoing General and Specific objections, Google responds, as follows:

Sonos alleges that Google first became aware of the existence of the '206 patent on or around October 2016. Dkt. 51 ¶ 20. Sonos further alleges that Google first became aware of the existence of the '615 patent on or around February 2019. *Id.* ¶ 22. Based on Google's current knowledge and investigation conducted to date, Google first became aware of the existence of the '966 patent on or around September 28, 2021 when Sonos sent a draft of the Complaint to Google the day before it filed this case, and Google first became aware of the existence of the '885 patent on or around January 8, 2021 when Sonos sent a draft of the Second Amended Complaint to Google in connection with the required meet and confer discussion on Sonos's motion for leave to amend.

**SUPPLEMENTAL RESPONSE:** Google maintains the General and Specific objections set forth above. Subject to and without waiving the foregoing General and Specific objections, and based on Google's current knowledge and investigation conducted to date, Google responds as follows:

Google first became aware of the existence of the '966 and '033 patents on or around September 28, 2020, when Sonos sent a draft of the Complaint to Google the day before it filed the Western District of Texas action. Google first became aware of the existence of the '885 patent on or around January 8, 2021, when Sonos sent a draft of the Second Amended Complaint to Google in connection with the required meet and confer discussion on Sonos's motion for leave to amend. Google first became aware of the existence of the '615 patent on or around February 22, 2019.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Google further refers Sonos to the following documents containing information responsive to this interrogatory: GOOG-SONOSNDCA-00055306-56234.

Google continues to object to the this remainder of this interrogatory on the grounds that it seeks information that is not relevant to any claims or defenses and communications and information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine, including with respect to the request for "an identification of the person(s) who first became aware of each Patent-In-Suit and the source of such awareness (person, document, or otherwise); and an identification of the Google employees, officers, or directors that were aware of each Patent-In-Suit prior to the filing of the above-captioned litigation."

**INTERROGATORY NO. 2:**

Describe in detail any analysis, consideration, study, review, communication, discussion, or opinion concerning a Sonos patent or patent application (e.g., infringement, non-infringement, validity, invalidity, enforceability, unenforceability, claim construction, scope, interpretation, propensity or inclination (or lack thereof) of Sonos to assert a patent against Google, etc.) conducted by Google, conducted on behalf of Google, or otherwise known to Google, including, but not limited to: an identification of all persons involved in any such analysis, consideration, study, review, communication, discussion, or opinion, including an identification of which Google entity, if any, employed and/or employs any such person(s); the circumstances surrounding any such analysis, consideration, study, review, communication, discussion, or opinion (e.g., the circumstances that prompted the analysis, consideration, study, review, communication, discussion, or opinion of each Patent-In-Suit); and the substance of any such analysis, consideration, study, review, communication, discussion, or opinion of each Patent-In-Suit; the date and location of any such analysis, consideration, study, review, communication, discussion, or opinion of each Patent-In-

-9-

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1 | SONOSWDTX-00022175-371, GOOG-SONOSWDTX-00036346-53611.

| DATED: December 23, 2021 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
|---|---|
| | By:    */s/ Charles K. Verhoeven* |
| | Charles K. Verhoeven (*pro hac vice*) |
| | charlesverhoeven@quinnemanuel.com |
| | Melissa Baily (*pro hac vice*) |
| | melissabaily@quinnemanuel.com |
| | Jordan Jaffe (*pro hac vice*) |
| | jordanjaffe@quinnemanuel.com |
| | Lindsay Cooper (*pro hac vice*) |
| | lindsaycooper@quinnemanuel.com |
| | QUINN EMANUEL URQUHART & SULLIVAN LLP |
| | 50 California Street, 22nd Floor |
| | San Francisco, California 94111-4788 |
| | Telephone: (415) 875 6600 |
| | Facsimile: (415) 875 6700 |
| | |
| | Paige Arnette Amstutz |
| | Texas State Bar No. 00796136 |
| | SCOTT, DOUGLASS & MCCONNICO, LLP |
| | 303 Colorado Street, Suite 2400 |
| | Austin, TX 78701 |
| | Telephone: (512) 495-6300 |
| | Facsimile: (512) 495-6399 |
| | pamstutz@scottdoug.com |
| | |
| | *Counsel for Defendant Google LLC* |

-35-

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via email on December 23, 2021.

                                */s/ Jocelyn Ma*
                                  Jocelyn Ma