1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Sean Pak (Bar No. 219032)
2    seanpak@quinnemanuel.com
     Melissa Baily (Bar No. 237649)
3    melissabaily@quinnemanuel.com
     James Judah (Bar No. 257112)
4    jamesjudah@quinnemanuel.com
     Lindsay Cooper (Bar No. 287125)
5    lindsaycooper@quinnemanuel.com
     Iman Lordgooei (Bar No. 251320)
6    imanlordgooei@quinnemanuel.com
   50 California Street, 22nd Floor
7  San Francisco, California 94111-4788
   Telephone:    (415) 875-6600
8  Facsimile:    (415) 875-6700

9    Marc Kaplan *(pro hac vice)*
     marckaplan@quinnemanuel.com
10 191 N. Wacker Drive, Ste 2700
   Chicago, Illinois 60606
11 Telephone:    (312) 705-7400
   Facsimile:    (312) 705-7401

*Attorneys for GOOGLE LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>    Plaintiff and Counter-Defendant,<br><br>    vs.<br><br>GOOGLE LLC,<br><br>    Defendant and Counter-Claimant. | Case No. 3:20-cv-06754-WHA<br>Consolidated with Case No. 3:21-cv-07559-WHA<br><br>**GOOGLE LLC'S NOTICE OF MOTION AND MOTION TO AMEND THE JUDGMENT PURSUANT TO FED. R. CIV. P. 59(E)**<br><br>Date:     December 14, 2023, 8:00 a.m.<br>Location: Courtroom 12, 19th Floor<br>Judge:    Hon. William Alsup |

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Google LLC ("Google") will and hereby does move to amend the judgment under Fed. R. Civ. Pro. 59(e). This Motion will be heard on December 14, 2023 at 8:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 12, 19th Floor of the San Francisco Courthouse at 450 Golden Gate Avenue, San Francisco, California, before the Honorable William H. Alsup. This Motion is based on all pleadings, exhibits, and records in this action, and such other papers, evidence, and/or argument as may be submitted to the Court in connection with this Motion or that the Court may take notice or otherwise consider.

DATED: November 7, 2023

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s Sean Pak*
Sean Pak
Melissa Baily
James D. Judah
Lindsay Cooper
Marc Kaplan
Iman Lordgooei

*Attorneys for Google LLC*

## I. INTRODUCTION

The judgment that the Court entered on October 10, 2023 addresses only two of the asserted patents and a subset of Google's defenses to Sonos's infringement claims regarding those patents. Google respectfully requests that the Court amend the judgment to address all of the parties' claims, defenses and requested remedies to ensure that the Federal Circuit can exercise appellate jurisdiction over the pending appeal. Sonos does not oppose this Motion.

## II. PROCEDURAL HISTORY

This case includes two cases that have been consolidated: (1) Google's declaratory judgment action, which was originally filed in this District (*Google LLC v. Sonos, Inc.*, No. 3:20-cv-06754-WHA, the "California Action"), and (2) Sonos's patent infringement action, which it originally filed in the Western District of Texas (*Sonos, Inc. v. Google LLC*, No. 3:21-cv-07559-WHA, the "Transferred Action").

### A. The Relevant Pleadings

In the California Action, Google's original complaint sought declaratory judgments of non-infringement of five patents: U.S. Patent Nos. 9,967,615, 10,779,033, 9,344,206, 10,469,966, and 9,219,460. Dkt. 1. Google's first amended complaint added additional allegations to these claims. Dkt. 41. Google's second amended complaint ("SAC") added claims for breach of contract, conversion, declaratory judgment of invalidity of U.S. Patent Nos. 9,967,615, 10,779,033, 10,469,966, and declaratory judgment of invalidity and non-infringement of U.S. Patent No. 10,848,885. Dkt. 123-3. Because Sonos had withdrawn its infringement allegations regarding the '206 and '460 patents in the Transferred Action, Google's SAC likewise dropped its declaratory judgment claims for these patents. Dkts. 123-3, 132; Trans. Action, Dkt. 151.

In response to Google's SAC, Sonos asserted affirmative defenses to Google's claims. Dkt. 135. Sonos also asserted as counterclaims the affirmative claims that were pending in the Transferred Action, including claims for infringement of the '615, '033, '966 and '885 patents. *Id.* Sonos's amended answer added additional allegations to these claims and defenses. Dkt. 175-2.

Google's answers to Sonos's counterclaims and third amended complaint asserted affirmative defenses including non-infringement, invalidity and prosecution laches, among others.

Dkt. 198-2; Trans. Action, Dkt. 222-2.

### B.  Pretrial Disposition Of Claims

In the "patent showdown," the Court granted Google's summary judgment motion with respect to claim 13 of the '615 patent, finding it both invalid and not infringed. Dkt. 316. In a later round of summary judgment briefing, the Court also granted summary judgment (1) of invalidity of the asserted '033 patent claims and (2) of no willful infringement of the '885 patent. Dkt. 566.

Although Sonos moved for summary judgment on Google's breach of contract and conversion claims (Dkt. 478), Google offered to voluntarily withdraw these claims without prejudice to streamline the issues for summary judgment and trial if the Court determined that the '033 claims were invalid. Dkt. 566 at 31. Because the Court did determine that the '033 claims were invalid, it denied Sonos's motion as moot "with the understanding that the breach of contract and conversion claims are out of the case." *Id.* at 31-32.

### C.  Posttrial Disposition Of Claims

In May 2023, the parties proceeded to trial on the '885 and '966 patents. The jury was asked to address (1) validity of both patents, (2) infringement of the '966 patent by Google's original design; (3) infringement of both patents by Google's redesign; (4) willful and indirect infringement of the '966 patent; and (5) damages. Dkt. 566 at 33. The jury found that Google's redesigned products infringed claim 1 of the '885 patent. Dkt. 774. The jury found that Google's products did not infringe the '966 patent. *Id.* at 2-3.

Google asserted certain equitable defenses that the parties agreed the Court would decide after trial. Dkt. 615 at 3, 4, 6. The Court heard argument regarding Google's equitable defenses on August 10, 2023, and issued an order on October 6, 2023, finding the '885 and '966 claims unenforceable and invalid for anticipation. Dkts. 855, 868.

The Court entered judgment in favor of Google and against Sonos on October 10, 2023. Dkt. 869. However, the Court's judgment addressed only a subset of the parties' claims, defenses and requested remedies. *Id.*

## III.  ARGUMENT

To be final, a judgment must dispose of all claims pending in the case. The Federal Circuit

has refused to exercise appellate jurisdiction where a judgment did not clearly dispose of all claims, defenses and/or requested remedies. *See e.g. Vroom, Inc. v. Sidekick Technology, LLC*, No. 2023-1362, 2023 WL 2881390, at *1-2 (Fed. Cir. 2023) (nonprecedential) (granting appellee's motion to dismiss the appeal as premature because although the district court's order "granting Vroom's motion for judgment on the pleadings necessarily resolved Vroom's claims for declaratory judgment of non-infringement . . . Vroom's request for injunctive relief remains pending, rendering this appeal premature"); *Leggett & Platt, Inc. v. VUTEk, Inc.*, 239 Fed. Appx. 602 (Fed. Cir. 2007) (nonprecedential) (dismissing appeal for lack of jurisdiction because although the district court had granted accused infringer's motion for summary judgment on invalidity, "the district court's judgment did not, one way or the other, decide its counterclaim for a declaratory judgment of noninfringement").

To streamline the issues to be presented on appeal and ensure that the Federal Circuit will exercise appellate jurisdiction, Google respectfully requests that the Court enter a final judgment addressing all claims, defenses and requested remedies in accordance with the proposed amended judgment submitted herewith. To aid the Court, the disposition of each claim, defense and requested remedy in the parties' operative pleadings is summarized below:

| Claim, Defense or Requested Remedy | Disposition |
|---|---|
| Google's claim for a declaration of noninfringement of U.S. Patent No. 9,967,615 (Dkt. 123-3) and affirmative defense of non-infringement (Dkt. 198-2; Trans. Action, Dkt. 222-2) | Judgment for Google and against Sonos on Claim 13 pursuant to Dkt. 316.<br><br>Sonos elected not to try the remaining claims based on this ruling. Dkt. 615. |
| Google's claim for a declaration of invalidity of U.S. Patent No. 9,967,615 (Dkt. 123-3) and affirmative defense of invalidity (Dkt. 198-2; Trans. Action, Dkt. 222-2) | Judgment for Google and against Sonos on Claim 13 pursuant to Dkt. 316.<br><br>Sonos elected not to try the remaining claims based on this ruling. Dkt. 615. |
| Google's claim for a declaration of noninfringement of U.S. Patent No. 10,779,033 (Dkt. 123-3) and affirmative defense of non-infringement (Dkt. 198-2; Trans. Action, Dkt. 222-2) | Moot in light of invalidity determination in Dkt. 566. |
| Google's claim for a declaration of invalidity of U.S. Patent No. 10,779,033 (Dkt. 123-3) and affirmative defense of invalidity (Dkt. | Judgment for Google and against Sonos pursuant to Dkt. 566. |

| | |
|---|---|
| 198-2; Trans. Action, Dkt. 222-2) | |
| Google's claim for a declaration of noninfringement of U.S. Patent No. 10,469,966 (Dkt. 123-3) and affirmative defense of non-infringement (Dkt. 198-2; Trans. Action, Dkt. 222-2) | Moot in light of invalidity and unenforceability determination in Dkt. 868. |
| Google's claim for a declaration of invalidity of U.S. Patent No. 10,469,966 (Dkt. 123-3) and affirmative defense of invalidity (Dkt. 198-2; Trans. Action, Dkt. 222-2) | Judgment favor for Google and against Sonos pursuant to Dkt. 868. |
| Google's claim for a declaration of noninfringement of U.S. Patent No. 10,848,885 (Dkt. 123-3) and affirmative defense of non-infringement (Dkt. 198-2; Trans. Action, Dkt. 222-2) | Moot in light of invalidity and unenforceability determination in Dkt. 868. |
| Google's claim for a declaration of invalidity of U.S. Patent No. 10,848,885 (Dkt. 123-3) and affirmative defense of invalidity (Dkt. 198-2; Trans. Action, Dkt. 222-2) | Judgment for Google and against Sonos pursuant to Dkt. 868. |
| Google's claim for breach of contract (Dkt. 123-3) | Dismissed without prejudice based on Google's agreement to withdraw if the Court determined that the '033 claims were invalid. Dkt. 566. |
| Google's claim for conversion (Dkt. 123-3) | Dismissed without prejudice based on Google's agreement to withdraw if the Court determined that the '033 claims were invalid. Dkt. 566. |
| Google's request for a declaration that the '033 patent and any Sonos intellectual property based on the cloud queue technology is Google's and/or an order requiring Sonos to assign such intellectual property to Google (Dkt. 123-3) | Dismissed without prejudice based on Google's agreement to withdraw if the Court determined that the '033 claims were invalid. Dkt. 566. |
| Google's request for monetary damages and/or imposition of a constructive trust over Sonos's breach of the Content Integration Agreement (Dkt. 123-3) | Dismissed without prejudice based on Google's agreement to withdraw if the Court determined that the '033 claims were invalid. Dkt. 566. |
| Sonos's unclean hands defenses (Dkt. 175-2) | Denied as moot in light of Google's withdrawal of its breach of contract and conversion claims. Dkt. 566. |
| Sonos's defense of frustration of purpose (Dkt. 175-2) | Denied as moot in light of Google's withdrawal of its breach of contract and conversion claims. Dkt. 566. |
| Sonos's defense of breach of covenant of good faith and fair dealing (Dkt. 175-2) | Denied as moot in light of Google's withdrawal of its breach of contract and conversion claims. Dkt. 566. |
| Sonos's novation defenses (Dkt. 175-2) | Denied as moot in light of Google's withdrawal of its breach of contract and conversion claims. Dkt. 566. |
| Sonos's waiver defenses (Dkt. 175-2) | Denied as moot in light of Google's withdrawal |

|  |  |
|---|---|
|  | of its breach of contract and conversion claims. Dkt. 566. |
| Sonos's statute of limitations defenses (Dkt. 175-2) | Denied as moot in light of Google's withdrawal of its breach of contract and conversion claims. Dkt. 566. |
| Sonos's defense of right to possession (Dkt. 175-2) | Denied as moot in light of Google's withdrawal of its conversion claim.  Dkt. 566. |
| Sonos's consent defense (Dkt. 175-2) | Denied as moot in light of Google's withdrawal of its conversion claim.  Dkt. 566. |
| Sonos's counterclaim for infringement of U.S. Patent No. 9,967,615 (Dkt. 175-2) and claim for infringement of U.S. Patent No. 9,967,615 (Trans. Action, Dkt. 211) | Judgment for Google and against Sonos on Claim 13 pursuant to Dkt. 316.  Sonos elected not to try the remaining claims based on this ruling.  Dkt. 615. |
| Sonos's counterclaim for infringement of U.S. Patent No. 10,779,033 (Dkt. 175-2) and claim for infringement of U.S. Patent No. 10,779,033 (Trans. Action, Dkt. 211) | Moot in light of invalidity determination in Dkt. 566. |
| Sonos's counterclaim for infringement of U.S. Patent No. 10,469,966 (Dkt. 175-2) and claim for infringement of U.S. Patent No. 10,469,966 (Trans. Action, Dkt. 211) | Moot in light of invalidity and unenforceability determinations in Dkt. 868. |
| Sonos's counterclaim for infringement of U.S. Patent No. 10,848,885 (Dkt. 175-2) and claim for infringement of U.S. Patent No. 10,848,885 (Trans. Action, Dkt. 211) | Moot in light of invalidity and unenforceability determinations at Dkt. 868. |
| Sonos's request for an injunction (Dkt. 175-2; Trans. Action, Dkt. 211) | Denied as moot.  Dkt. 868. |
| Sonos's request for enhanced damages for Google's willful infringement (Dkt. 175-2; Trans. Action, Dkt. 211) | Denied as moot.  Dkt. 868. |
| Sonos's request for attorneys' fees, costs and expenses (Dkt. 175-2; Trans. Action, Dkt. 211) | Denied as moot.  Dkt. 868. |
| Sonos's request for pre-judgment and post-judgment interest (Dkt. 175-2; Trans. Action, Dkt. 211) | Denied as moot.  Dkt. 868. |
| Google's defense of prosecution history estoppel (Dkt. 199; Trans. Action, Dkt. 222-2) | Moot in light of determinations for Google on all asserted patents.  Dkts. 316, 566, 868. |
| Google's defense of unclean hands (Dkt. 198-2; Trans. Action, Dkt. 222-2) | Moot in light of determinations for Google on all asserted patents.  Dkts. 316, 566, 868. |
| Google's defense of equitable estoppel (Dkt. 198-2; Trans. Action, Dkt. 222-2) | Moot in light of determinations for Google on all asserted patents.  Dkts. 316, 566, 868. |
| Google's waiver defense (Dkt. 198-2; Trans. Action, Dkt. 222-2) | Moot in light of determinations for Google on all asserted patents.  Dkts. 316, 566, 868. |
| Google's defense of implied license (Dkt. 198-2; Trans. Action, Dkt. 222-2) | Moot in light of determinations for Google on all asserted patents.  Dkts. 316, 566, 868. |

| | |
|---|---|
| Google's defense of limitation on liability (Dkt. 198-2; Trans. Action, Dkt. 222-2) | Moot in light of determinations for Google and against Sonos on '615 and '033 patents. Dkts. 316, 566, 615. |
| Google's defense of damages limitations (Dkt. 198-2; Trans. Action, Dkt. 222-2) | Moot in light of determinations for Google on all asserted patents. Dkts. 316, 566, 868. |
| Google's defense of res judicata (Dkt. 199) | Moot in light of determinations for Google on all asserted patents. Dkts. 316, 566, 868. |
| Google's defense of collateral estoppel (Dkt. 199) | Moot in light of determinations for Google on all asserted patents. Dkts. 316, 566, 868. |
| Google's defense of prosecution laches (Dkt. 198-2; Trans. Action, Dkt. 222-2) | Judgment in favor of Google and against Sonos pursuant to Dkt. 868. |

### IV.   CONCLUSION

Google respectfully requests that the Court enter an amended final judgment in accordance with the proposed amended judgment submitted herewith.

DATED:  November 7, 2023

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By   /s Sean Pak
   Sean Pak
   Melissa Baily
   James D. Judah
   Lindsay Cooper
   Marc Kaplan
   Iman Lordgooei

*Attorneys for Google LLC*