CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
croberts@orrick.com
BAS DE BLANK (STATE BAR NO. 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (STATE BAR NO. 260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   +1 415 773 5700
Facsimile:   +1 415 773 5759

SEAN M. SULLIVAN (admitted *pro hac vice*)
sullivan@ls3ip.com
COLE RICHTER (admitted *pro hac vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:   +1 312 754 0002
Facsimile:   +1 312 754 0003

*Attorneys for Plaintiff and Counter-Defendant Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC., <br><br> Plaintiff and Counter-defendant, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant and Counter-claimant. | Case No. 3:20-cv-06754-WHA <br><br> Consolidated with <br> Case No. 3:21-cv-07559-WHA <br><br> **SONOS, INC.'S RESPONSE TO GOOGLE LLC'S MOTION TO AMEND THE JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e)** <br><br> Date: December 14, 2023 <br> Time: 8:00 a.m. <br> Place: Courtroom 12, 19th Floor <br> Judge: Hon. William Alsup |

Sonos writes to clarify two statements in Google's motion, Dkt. 877. Neither of these clarifications requires any modification to the proposed judgment filed at Dkt. 877-2.

First, Google says that the Court's order finding the '885 and '966 patents unenforceable and invalid "moot[ed]" nine of its affirmative defenses for those patents, ranging from unclean hands to implied license. Dkt. 877 at 6-7. Sonos's position is that those defenses, at least for the '885 and '966 patents, are forfeited and not mooted. After trial, Google raised only prosecution laches and equitable estoppel in its post-trial brief on affirmative defenses. Dkt. 819. Thus, Google forfeited every other affirmative defense for the '885 and '966 patents and may not raise those other affirmative defenses on remand. *See In re Google Tech. Holdings LLC*, 980 F.3d 858, 863-64 (Fed. Cir. 2020) (holding that Google forfeited arguments it failed to raise before the PTAB).

Second, Google says that "Sonos elected not to try the remaining claims [of the '615 patent] based on" the Court's ruling that claim 13 is not infringed and is invalid. Dkt. 877 at 4, 6. This is inaccurate. After the Court's noninfringement ruling for claim 13, Sonos could not have pursued infringement for any of the '615 patent's asserted claims that depend from claim 13 (claims 14-15 and 18-21).[1] *See Wahpeton Canvas Co., Inc. v. Frontier, Inc*., 870 F.2d 1546, 1553 n. 9 (Fed. Cir. 1989). And in April 2023, the PTAB held that, among others, claims 14 and 18-25 were unpatentable.[2] The Court then determined before trial that "the '615 patent is out of the case," in part because Google had "long ago" "abandoned" its claims for "[i]nvalidity of claims 18, 19, and 25 of the '615 patent." Dkt. 580 at 1-2; *see also* Dkt. 588 at 27-28 (during a hearing, the Court stated: "those issues, the '615 … those miscellaneous claims are out of the case. O-U-T."). Thus, the Court ruled that Sonos could not try the '615 patent.

---

[1] In addition, independent claim 25 is substantively identical to independent claim 13, so Sonos had no basis to try infringement of claim 25 (and its dependents) in view of the Court's noninfringement ruling for claim 13.

[2] By that point, Google had already effectively abandoned its invalidity claims here for claims 14, 15, 20, 21, and 26 by failing to address those claims in its invalidity expert report in November 2022. *See* Fed. R. Civ. P. 37(c)(1); *Rembrandt Vision Techs., L.P. v. Johnson & Johnson Vision Care, Inc.*, 725 F.3d 1377, 1381 (Fed. Cir. 2013) (an expert witness "may not testify to subject matter beyond the scope of the witness's expert report unless the failure to include that information in the report was substantially justified or harmless" (citation omitted)).

Dated: November 8, 2023

By: */s/ Clement S. Roberts*

Clement S. Roberts
Bas de Blank
Alyssa Caridis

ORRICK, HERRINGTON & SUTCLIFFE LLP

Sean M. Sullivan
Cole Richter

LEE SULLIVAN SHEA & SMITH LLP

*Attorneys for Plaintiff and
Counter-defendant Sonos, Inc.*