CLEMENT SETH ROBERTS (SBN 209203)
croberts@orrick.com
BAS DE BLANK (SBN 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (SBN 260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

SEAN M. SULLIVAN (pro hac vice)
sullivan@ls3ip.com
DAN SMITH (pro hac vice)
smith@ls3ip.com
MICHAEL P. BOYEA (pro hac vice)
boyea@ls3ip.com
COLE B. RICHTER (pro hac vice)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:    +1 312 754 0002
Facsimile:    +1 312 754 0003

*Attorneys for Plaintiff and Counter-Defendant Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC., <br><br> Plaintiff and Counter-defendant, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant and Counter-claimant. | Case No. 3:20-cv-06754-WHA <br><br> Consolidated with <br> Case No. 3:21-cv-07559-WHA <br><br> **SONOS, INC.'S OBJECTIONS TO GOOGLE LLC'S BILL OF COSTS** |

Pursuant to Civil Local Rule 54-2, Sonos objects to Google's Bill of Costs (Dkt. 876) for the reasons stated below. In accordance with Civil Local Rule 54-2(b), Sonos met and conferred with Google to try to resolve Sonos's objections, but the parties were unable to reach agreement. Declaration of Geoffrey Moss in Support of Sonos, Inc.'s Objections to Google LLC's Bill of Costs ("Moss Decl.") ¶ 14. Sonos does not object to the remaining costs Google seeks to tax, subject to Sonos's pending appeal.

## INTRODUCTION

Through its Bill of Costs, Google seeks to recover thousands of dollars in costs that the Local Rules do not authorize. The Court should deny Google's request for the costs of transcripts that Google has not shown were necessarily obtained for appeal; deny Google's request for the costs it incurred for its intellectual efforts in preparing document productions; deny Google's request for costs unrelated to service of process; and deny Google's request for fees paid to the Federal Circuit for Google's mandamus petition. In total, Sonos objects to $38,515.70 in Google's costs, as explained below. Under the Local Rules, Google was obligated to "support by an affidavit" that its costs "are allowable by law," Civil L.R. 54-1(a), and to provide enough justification for the Court to assess that its costs are recoverable. *See Johnson v. Hewlett-Packard Co.*, No. cv-09-03596 CRB, 2014 WL 3703993, at *6 (N.D. Cal. July 24, 2014). Google has failed to meet these requirements for the costs outlined below.

## ARGUMENT

### I. THE COURT SHOULD DENY GOOGLE'S REQUEST FOR $7,958.70 IN COSTS OF TRANSCRIPTS UNNECESSARY FOR ANY APPEAL.

Google seeks to tax $16,858.20 in costs for transcripts of trial and various hearings throughout the case pursuant to Civil Local Rule 54-3(b)(1). Bill of Costs (Dkt. 876), at 1. Sonos objects to **$7,958.70** of these costs because they represent costs for erroneously taxed costs, hearings for which transcript costs are not recoverable, expedited transcripts, extra transcript copies.

*Erroneous Costs*

Google has included certain inappropriate transcript costs that appear to be included in error:

| Hearing Date | Amount of Objection | Basis of Objection |
|---|---|---|
| Apr. 27, 2021 | $ 91.00 | Based on the invoice, this cost relates to a different case, *Google v. Sonos, Inc.*, No. 20-3845, pending before Judge Chen in the Northern District. *See* Cooper Decl., Ex. B-1 (Dkt. 876-4) at 26. |
| Jul. 13, 2022 | $ 676.00 | Google submits two invoices for the summary judgment hearing: one for $676.00 dated July 18, 2022 (*Id.* at 15) and one for $741.00 dated July 21, 2022 (*Id.* at 16). The later of these invoices applies the earlier $676.00 as a deposit to the revised total. |
| **Total** | **$ 767.00** | |

The Court should not tax these amounts as costs under L.R. 54-3(b)(1).

*Miscellaneous Hearings*

Civil Local Rule 54-3(b) provides that the costs of "transcripts necessarily obtained for an appeal" and "transcript[s] of a statement by a Judge from the bench which is to be reduced to a formal order prepared by counsel" are allowable. Civ. L.R. 54-3(b)(1), (2). By contrast, "[t]he cost of other transcripts is not normally allowable unless, before it is incurred, it is approved by a Judge or stipulated to be recoverable by counsel." Civ. L.R. 54-3(b)(3). In practice, courts in the Northern District treat as taxable certain transcript costs for trial and important hearings such as summary judgement and claim construction. *Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-1846, 2014 WL 4745933, at *7 (N.D. Cal., Sept. 19, 2014) (awarding costs of one original transcript for trial and hearings on summary judgment and claim construction, but not other miscellaneous hearings); *TransPerfect Global, Inc. v. MotionPoint Corp.*, No. 10-2590, 2014 WL 1364792, at *4 (N.D. Cal. Apr. 4, 2014). By contrast, courts in the Northern District do not typically treat the transcript costs for other miscellaneous hearings (e.g., discovery motions, status

conferences) as taxable. Google has provided no basis to tax the transcript costs for the following miscellaneous hearings:

| Hearing Date | Amount of Objection | Nature of Hearing |
|---|---|---|
| Nov. 19, 2020 | $ 175.50 | Motion to Dismiss/Transfer. Moss Decl. ¶ 4. |
| Oct. 7, 2021 | $ 130.00 | Status Conference. *Id.* ¶ 5. |
| Jan. 6, 2022 | $ 162.50 | Discovery Dispute. *Id.* ¶ 6. |
| Jan. 13, 2022 | $ 158.05 | Motion to Amend Complaint. *Id.* ¶ 7. |
| Feb. 24, 2022 | $ 149.50 | Motion to Dismiss. *Id.* ¶ 8. |
| Mar. 24, 2022 | $ 123.50 | Discovery Dispute. *Id.* ¶ 9. |
| May 18, 2022 | $ 10.80 | Telephonic Conference Regarding Judge Alsup's Clerk. *Id.* ¶ 10. |
| Jun. 1, 2022 | $ 23.40 | Motion to File Third Amended Complaint. *Id.* ¶ 11. |
| Dec. 8, 2022 | $ 195.50 | Motion to Amend Invalidity Contentions. *Id.* ¶ 12. |
| Feb. 23, 2023 | $110.50 | Discovery Dispute. *Id.* ¶ 13. |

**Total**       **$ 1,239.25**

***Expedited Transcripts and Extra Copies of Transcripts***

Google also seeks to tax transcript costs for expedited return of transcripts and multiple copies of transcripts. "Courts in the Northern District generally allow for recovery of costs for one copy of the trial transcript." *Apple*, 2014 WL 4745933, at *7 (awarding costs of one original transcript for trial and certain hearings) (citing *TransPerfect*, 2014 WL 1364792, at *3). In addition, courts in the Northern District generally do not tax costs for expediting transcripts. *Affymetrix, Inc. v. Multilyte Ltd.*, No. 03-3779-WHA, 2005 WL 2072113, at *2 (N.D. Cal. Aug. 26, 2005); *see also*, *Apple*, 2014 WL 4745933, at *7. This includes not taxing costs for "rough" transcripts. *See, e.g.*, *Vectren Communications Services v. City of Alameda*, No. 08-3137, 2014 WL 3612754, at *3 (N.D. Cal. Jul. 22, 2014).

Here, most of the transcripts for which Google seeks costs were ordered on an expedited basis—delivered on either a 3-day or another expedited timeframe. *See* Cooper Decl., Ex. B-1 (Dkt. 876-4) at 4, 5, 12-16, 18-27. If a particular transcript is taxable, Google should only recover the cost of ordinary delivery of the original transcript, not expedited or 3-day delivery. Based on review of Google's invoices, the per-page cost of ordinary delivery of transcripts is $3.65/page.

*See, e.g., id.* at 9, 27.  Therefore Sonos objects to total costs to expedite each transcript (calculated as the number of pages multiplied by the difference between per-page rates of expedited and ordinary delivery).  Google also seeks multiple copies of certain transcripts.  Sonos objects to the costs for additional copies of transcripts beyond the original copy.  A summary of Sonos objections to expedited transcripts and copies of transcripts follows.

| Hearing Date | Amount of Objection | Basis for Objection |
|---|---|---|
| Jul. 13, 2022 | $324.90 | Sonos objects to expedited transcript costs: 114 pages × ($5.45/page - $3.65/page) = $205.20<br><br>Sonos objects to costs for copies beyond original: $119.70<br><br>*See id.* at 15, 16. |
| Mar. 30, 2023 | $313.50 | Sonos objects to expedited transcript costs: 110 pages × ($5.45/page - $3.65/page) = $198.00<br><br>Sonos objects to costs for copies beyond original: $115.50<br><br>*See id.* at 12. |
| May 3, 8, 2023 | $630.00 | Sonos objects to costs for copies beyond original: $630.00 (300 pages × $1.20/page and 300 pages × $0.90 / page)<br><br>*See id.* at 9. |
| May 9-12, 16-19, 2023 | $4,278.60 | Sonos objects to costs for copies beyond original: $4,278.60 (891 pages × $1.20/page and 1783 pages × $1.80 / page)<br><br>*See id.* at 8. |
| May 24, 2023 | $171.60 | Sonos objects to costs for copies beyond original: $171.60 (86 pages × $1.20/page and 76 pages × $0.90 / page)<br><br>*See id.* at 5. |
| May 26, 2023 | $89.85 | Sonos objects to costs for copies beyond original: $25.20 (42 pages × $0.60/page)<br><br>Sonos objects to the cost of rough drafts of the transcript: $64.65.<br><br>*See id.* at 4. |

| Hearing Date | Amount of Objection | Basis for Objection |
|---|---|---|
| Aug. 10, 2023 | $144.00 | Google does not explain how many pages are in the transcript or the rates paid, only that it would be available within 3 days of payment. This is insufficient information to determine which costs, if any, are taxable.<br><br>*See id.* at 3. |
| **Total** | **$ 5,952.45** | |

To the extent the Court taxes transcript costs for miscellaneous hearings, despite Sonos's objection above, the Court should reduce those costs to exclude expedited transcript and extra copies as follows.

| Hearing Date | Amount of Objection | Basis for Objection |
|---|---|---|
| Nov. 19, 2020 | $76.95 | Sonos objects to expedited transcript costs: 27 pages × ($5.45/page - $3.65/page) = $48.60<br><br>Sonos objects to costs for copies beyond original: $28.35<br><br>*See* Cooper Decl., Ex. B-1 (Dkt. 876-4) at 27. |
| Apr. 27, 2021 | $39.90 | Sonos objects to expedited transcript costs: 14 pages × ($5.45/page - $3.65/page) = $25.20<br><br>Sonos objects to costs for copies beyond original: $28.35<br><br>*See id.* at 26. |
| Oct. 07, 2021 | $57.00 | Sonos objects to expedited transcript costs: 20 pages × ($5.45/page - $3.65/page) = $36.00<br><br>Sonos objects to costs for copies beyond original: $21.00<br><br>*See id.* at 25. |
| Jan. 06, 2022 | $71.25 | Sonos objects to expedited transcript costs: 25 pages × ($5.45/page - $3.65/page) = $45.00 |

| Hearing Date | Amount of Objection | Basis for Objection |
|---|---|---|
| | | Sonos objects to costs for copies beyond original: $26.25<br><br>*See id.* at 23, 24. |
| Jan. 13, 2022 | $52.20 | Sonos objects to expedited transcript costs: 29 pages × ($5.45/page - $3.65/page) = $52.20<br><br>*See id.* at 21, 22. |
| Feb. 24, 2022 | $65.55 | Sonos objects to expedited transcript costs: 23 pages × ($5.45/page - $3.65/page) = $41.40<br><br>Sonos objects to costs for copies beyond original: $24.15<br><br>*See id.* at 20. |
| Mar. 24, 2022 | $54.15 | Sonos objects to expedited transcript costs: 19 pages × ($5.45/page - $3.65/page) = $34.20<br><br>Sonos objects to costs for copies beyond original: $19.95<br><br>*See id.* at 19. |
| Dec. 08, 2022 | $71.40 | Sonos objects to expedited transcript costs: 34 pages × ($4.85/page - $3.65/page) = $205.20<br><br>Sonos objects to costs for copies beyond original: $30.60<br><br>*See id.* at 14. |
| Feb. 23, 2023 | $48.45 | Sonos objects to expedited transcript costs: 17 pages × ($5.45/page - $3.65/page) = $30.60<br><br>Sonos objects to costs for copies beyond original: $17.85<br><br>*See id.* at 13. |
| **Total** | **$ 536.85** | |

\* \* \*

In total, Sonos objects to $7,958.70 in hearing transcript costs that Google seeks to tax under Local Rule 54-3(b).

## II. THE COURT SHOULD DENY GOOGLE'S REQUEST TO RECOVER $8,475.75 IN COSTS FOR NON-SUMMONS DOCUMENTS.

Google seeks to recover "costs for service of motion-related papers and delivery of chamber's copies to the Court in the amount of $8,475.75." *See* Cooper Decl. (Dkt. 876-1) ¶ 5. Google invokes Civil Local Rule 54-3(a)(2), which allows "[f]ees for service of process." As this Court has explained, the Local Rules by their terms allow recovering "fees for service of *process*," not just service of any old documents. *Carbon Crest, LLC v. Tencue Productions, LLC*, Case No. 19-8179, 2022 WL 1914065, at *2 (N.D. Cal. June 3, 2022) (emphasis in original). This Court has thus rejected parties' efforts to recover costs for service of non-summons documents, such as service of document subpoenas. *See id.* None of the costs Google seeks are for service of process. *See generally* Cooper Decl., Ex. A-2 (Dkt. 876-3). Consistent with the Court's reasoning in *Carbon Crest*, the Court should reject Google's request for $8,475.75 in costs for service of motion-related papers and delivery of chamber's copies.

## III. THE COURT SHOULD DENY GOOGLE'S REQUEST TO RECOVER $21,581.25 IN E-DISCOVERY COSTS THAT CONSTITUTE INTELLECTUAL EFFORTS.

Google next invokes Civil Local Rule 54-3(d)(2) to recover $21,581.25 for "e-discovery costs associated with the production and/or reproduction of formal discovery documents by Quinn Emanuel Urquhart and Sullivan LLP's in-house Litigation Technology and Support Team." Cooper Decl. (Dkt. 876-1) ¶ 9. Although that rule provides that "[t]he cost of reproducing disclosure or formal discovery documents when used for any purpose in the case" is allowable, this Court has noted that "fees for exemplification and copying are permitted only for the physical preparation and duplication of documents, not the intellectual effort involved in their production." *Oracle America, Inc. v. Google Inc.*, Case No. 10-03561, 2012 WL 3822129, at *3 (N.D. Cal., Sept. 4, 2012) (quoting *Zuill v. Shanahan*, 80 F.3d 1366, 1371 (9th Cir.1996)). That is because the Ninth Circuit has "held that the research, analysis, and distillation of data incurred in the preparation of documents (as opposed to the costs of physically preparing the documents) [are] not taxable costs." *Id.* (citing *Romero v. City of Pomona*, 883 F.2d 1418, 1427 (9th Cir. 1989)). This Court has thus previously rejected requests for costs supported by description that

appeared to be "'intellectual effort' such as organizing, searching, and analyzing the discovery documents." *Id.* But that intellectual effort is precisely what Google again seeks to recover for here. Google's time entries include:

- "Capture and process websites into proper format for attorneys in preparation for prior art document production." Cooper Decl. Ex. D-2 (Dkt. 876-7) at 3.
- "Manage document production with image endorsements and designations." Cooper Decl. Ex. D-2 (Dkt. 876-7) at 4.
- Make documents in "[s]earchable PDF format for attorney." Cooper Decl. Ex. D-2 (Dkt. 876-7) at 4.
- "Perform[] an off-process production." Cooper Decl. Ex. D-2 (Dkt. 876-7) at 8.

Google's costs in "managing" document productions or preparing documents for attorney review are best characterized as the "intellectual effort" in organizing and analyzing discovery documents, which are not allowable. Google's costs in "perform[ing] an off-process production"—which covers more than half of the entries in this category of costs (*see* Dkt. 876-7 at 8-24)—do not appear limited to physical preparation of documents for production. Instead, these entries appear to cover tasks that would normally be performed by a "Google Discovery Team," and instead needed to be performed by Quinn Emmanuel in order to meet unspecified deadlines. Sonos has no way of knowing what tasks the "Google Discovery Team" is charged with, and Google's declaration in support of its bill of costs does not explain. *See* Cooper Decl. (Dkt. 876-1), ¶ 9.

It is Google's burden to justify its costs. *See Hewlett-Packard Co.*, 2014 WL 3703993, at *6 (explaining that it is the prevailing party's burden to "itemize its costs with enough detail to establish they are taxable" and denying costs when the records were "too vague for the Court to determine" that they were for allowable costs) (citation omitted). To the extent there is some taxable amount hidden in these entries, it is impossible for Sonos or the Court to disambiguate them. This Court should not permit Google to unload its burden onto Sonos or the Clerk to figure out which taxable costs, if any, Google could be entitled to based on ambiguous time entries.

1  Because Google's time entries reflect "intellectual effort" and not physical preparation and
2  duplication of documents, Google's effort to recover these discovery costs should be rejected.

### IV. THE COURT SHOULD DENY GOOGLE'S REQUEST TO RECOVER THE $500 MANDAMUS FEE GOOGLE PAID TO THE FEDERAL CIRCUIT.

The Local Rules do not permit Google to recover the $500 mandamus filing fee it paid to the Federal Circuit in September 2021. Google seeks to recover the mandamus filing fee under Civil Local Rule 54-3(a)(1). *See* Cooper Decl. (Dkt. 876-1) ¶ 4, Ex. A-1 (Dkt. 876-2) at 2. But Local Rule 54-3(a)(1) contemplates recovering costs only for "[t]he *Clerk's* filing fee if paid by the claimant," Civil L.R. 54-3(a)(1) (emphasis added), and the Local Rules define "Clerk" as "the Clerk or a Deputy Clerk of the [Northern District of California]." *See* Civil L.R. 1-5(a); *see also* Civil L.R 1-5(b) (explaining that the word "Court," with exceptions not relevant here, "refers to the United States District Court for the Northern District of California"). The $500 that Google seeks to recover for its filing fee to the *Federal Circuit* thus falls outside the costs that Local Rule 54-3(a)(1) allows Google to recover.

Nor can Google recover those costs by falling back on Civil Local Rule 54-3(g), which provides for costs authorized under Federal Rule of Appellate Procedure 39. Rule 39 applies only when "an appeal is dismissed," "a judgment is affirmed," "a judgment is reversed," or "a judgment is affirmed in part, reversed in part, modified, or vacated." Fed. R. App. P. 39(a). Google's mandamus action did not result in a dismissal or in affirmance or reversal of a judgment. Google therefore cannot recover its filing fee for the mandamus action via Civil Local Rule 54-3(g). The Court should deny Google recovery of the $500 mandamus filing fee.

|   |   |   |
|---|---|---|
| Dated: December 1, 2023 | By: | */s/ Clement S. Roberts* |

Clement S. Roberts
Bas de Blank
Alyssa Caridis

ORRICK, HERRINGTON & SUTCLIFFE LLP

Sean M. Sullivan
Cole Richter

LEE SULLIVAN SHEA & SMITH LLP

*Attorneys for Plaintiff and
Counter-defendant Sonos, Inc.*