UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SONOS, INC.,

        Plaintiff,

    v.

GOOGLE LLC,

        Defendant.

No.  C 20-06754 WHA
No.  C 21-07559 WHA

**OMNIBUS ORDER RE FINAL
MOTIONS TO SEAL**

This omnibus order addresses the remaining omnibus motions to seal (Dkt. Nos. 831, 851).  In accordance with prior orders, the parties have tailored their requests to seal considerably (*see* Dkt. Nos. 817, 846).  At this stage, the requests largely involve many different filings of the same documents, and they have been granted at a higher rate than in past sealing orders (*see* Dkt. Nos. 334, 518).  The Court again thanks Sonos and its counsel for the careful work narrowing its sealing requests (*see* Dkt. No. 846 at 1).  For the reasons stated herein, Sonos's omnibus motion to seal is **GRANTED**.  The Court now thanks Google and its counsel for further narrowing its sealing requests and providing detailed charts (*see* Dkt. Nos. 852–54).  For the reasons stated herein, Google's omnibus motion to seal is **GRANTED IN PART** and **DENIED IN PART**.

There is a strong public policy in favor of openness in our court system and the public is entitled to know to whom we are providing relief (or not).  *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006).  Consequently, access to motions and their

attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016).  Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause."  *Id.* at 1097.  The compelling reasons standard applies to most judicial records.  Evidentiary motions, such as motions *in limine* and *Daubert* motions, can be strongly correlative to the merits of a case.  *Id.* at 1098–1100.

In addition, sealing motions filed in this district must contain a specific statement that explains:  (1) the legitimate private or public interests that warrant sealing; (2) the injury that will result should sealing be denied; and (3) why a less restrictive alternative to sealing is not sufficient.  The material requested to be sealed must be "narrowly tailored to seal only the sealable material."  Civ. L.R. 79-5(c).  For example, "[t]he publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome [the] strong presumption" in favor of access and provide compelling reasons for sealing.  *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011).  Compelling reasons may also warrant sealing for "sources of business information that might harm a litigant's competitive standing," especially where the public has "minimal interest" in the information.  *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1978).

Finally, "[s]upporting declarations may not rely on vague boilerplate language or nebulous assertions of potential harm but must explain with particularity why any document or portion thereof remains sealable under the applicable legal standard."  *Bronson v. Samsung Elecs. Am., Inc.*, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019) (citing Civ. L.R. 79-5).  "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable."  Civ. L.R. 79-5(c).

**1.**     SONOS'S OMNIBUS MOTION TO SEAL (DKT. NO. 831).

Regarding Sonos's omnibus motion and related exhibits, this order rules as follows:

United States District Court
Northern District of California

| Dkt. No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 831-4 | Proposed Term Sheet | **GRANTED.** | Sonos seeks to seal the proposed term sheet containing the details of a licensing agreement that the parties explored but did not execute prior to this litigation. Google seeks to seal this document as well (*see, e.g.*, Dkt. No. 854-3).<br><br>As Sonos observes, solely the existence of this proposed term sheet was discussed in open court at trial, not its details (*see* Tr. 1038:6–1039:5). According to Sonos, "the parties were only able to consider a pre-litigation license agreement because of the understanding that those negotiations would be confidential, subject to an NDA, and subject to the restrictions on use imposed by Federal Rule of Evidence 408" (Dkt. No. 831 at 4).<br><br>Critically, the proposed term sheet was, at most, only tangentially related to the merits of this action. What's more, its disclosure could foreseeably cause the parties competitive harm and chill others from engaging in negotiations that could avoid such costly and prolonged litigation in other circumstances. |
| 831-5 | Proposed Term Sheet | **GRANTED.** | *See entry for Dkt. No. 831-4.* |
| 831-6 | Excerpt of Bakewell Rebuttal Expert Report | **GRANTED.** | Both parties seek to seal material from this expert report excerpt. For rulings on the additional material that Google seeks to seal, please refer to the entry for Dkt. No. 854-5.<br><br>The material that Sonos seeks to seal, in blue boxing, is narrowly tailored and references confidential details of the proposed term sheet, which can be sealed for the reasons stated in the entry on the proposed term sheet above. *See entry for Dkt. No. 831-4.* |

| 831-7 | Google's Response to Sonos's First Motion *in Limine* | **GRANTED.** | The material that Sonos seeks to seal is narrowly tailored and references confidential details of the proposed term sheet, which can be sealed for the reasons stated in the entry on the proposed term sheet above. *See entry for Dkt. No. 831-4.* |
|---|---|---|---|
| 831-8 | Excerpt of Malackowski Supplemental Expert Report | **GRANTED.** | *See entry for Dkt. No. 831-7.* |
| 831-9 | Excerpt of Bakewell Rebuttal Expert Report | **GRANTED.** | *See entry for Dkt. No. 831-7.* |
| 831-10 | Excerpt of Bakewell Rebuttal Expert Report | **GRANTED.** | *See entry for Dkt. No. 831-7.* |
| 831-11 | Google's Response to Sonos's First Motion *in Limine* | **GRANTED.** | *See entry for Dkt. No. 831-7.* |
| 831-12 | Excerpt of Malackowski Supplemental Expert Report | **GRANTED.** | *See entry for Dkt. No. 831-7.* |
| 831-13 | Excerpt of Bakewell Rebuttal Expert Report | **GRANTED.** | *See entry for Dkt. No. 831-7.* |
| 831-14 | Proposed Term Sheet | **GRANTED.** | *See entry for Dkt. No. 831-4.* |
| 831-15 | Proposed Term Sheet | **GRANTED.** | *See entry for Dkt. No. 831-4.* |
| 831-16 | Proposed Term Sheet | **GRANTED.** | *See entry for Dkt. No. 831-4.* |
| 831-17 | Excerpt of Malackowski Supplemental Expert Report | **GRANTED.** | *See entry for Dkt. No. 831-7.* |
| 831-18 | Excerpt of Bakewell Rebuttal Expert Report | **GRANTED.** | *See entry for Dkt. No. 831-7.* |
| 831-19 | Proposed Term Sheet | **GRANTED.** | *See entry for Dkt. No. 831-4.* |
| 831-20 | Proposed Term Sheet | **GRANTED.** | *See entry for Dkt. No. 831-4.* |

2. **GOOGLE'S OMNIBUS MOTION TO SEAL (DKT. NO. 851).**

Regarding Google's omnibus motion and related exhibits, this order rules as follows:

4

United States District Court
Northern District of California

| Dkt. No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 852-1 | Google's Opposition to Sonos's First Motion for Summary Judgment | **GRANTED.** | This request is now narrowly tailored to a single source code flow for adding a device to a multizone group on page 10. As Google observes, "[a]lthough the general types of information that were included in a join_group command were discussed at trial, the source code implementation of the same was not disclosed" (Dkt. No. 852 at 5). Although the Court doubts that competitive harm would in fact befall Google if this straightforward implementation were disclosed, here, the public interest in this material is satisfied by the detailed discussion of join_group elsewhere. |
| 852-2 | Excerpt of '966 Patent Infringement Contention Chart | **GRANTED.** | This request is now narrowly tailored to the source code flow above, as well as source code function calls and hierarchy information that is considerably more detailed.  Again, the public interest in this material is satisfied by discussion of the relevant functions elsewhere.  What's more, the potential for competitive harm is higher here, as disclosure could enable others to replicate how Google's code is structured or introduce security risks. |
| 852-3 | Excerpt of Almeroth Supplemental Reply Expert Report | **GRANTED IN PART, DENIED IN PART.** | The request to seal the function name at line 10 of page 33 is denied.  Google has failed to demonstrate why that name is more sensitive than those of other functions disclosed in surrounding lines. The remainder of the request, with respect to the source code trace, is granted, seeing that it is narrowly tailored, disclosure could cause Google competitive harm, and the public interest is satisfied by discussion of the join_group functionality elsewhere. |
| 852-4 | Excerpt of Almeroth Opening Expert Report | **GRANTED.** | This request is now narrowly tailored to technical details regarding source code functionality and flow, disclosure of which could cause Google competitive |

United States District Court
Northern District of California

| | | | | |
|---|---|---|---|---|
| | | | | harm.  Again, the public interest in this material is satisfied by discussion of associated functionality elsewhere. |
| 853-1 | Excerpt of '033 Patent Infringement Contention Chart | **GRANTED IN PART, DENIED IN PART.** | | Seeing that Google has provided no explanation as to why disclosure of the name of the data object on page 11 should be sealed, and Google omitted this material from the sealing chart (*see* Dkt. No. 853 at 1), this order declines to seal it.  The remainder of Google's request is granted.  *See entry for Dkt. No. 852-4.* |
| 853-2 | Excerpt of '033 Patent Infringement Contention Chart | **GRANTED.** | | *See entry for Dkt. No. 852-4.* |
| 853-3 | Excerpt of Google's Third Supplemental Objections and Responses to Sonos's First Set of Interrogatories | **GRANTED IN PART, DENIED IN PART.** | | As Google observes, it has removed requests to seal source code file names and descriptions of certain parameters (Dkt. No. 853 at 4).  The bulk of the remaining names and parameters that it requests to seal were not at issue in this litigation and, as such, the public interest in their disclosure is de minimis.

That said, "watchNextToken" was already disclosed (*e.g.*, in the infringement contentions chart for the '033 patent), so there is no justification for sealing that parameter and associated description.  Meanwhile, the "MdxRemoteQueueEvent" object was directly relevant to the discussion of remote queues and the MDx server in this litigation, and Google has failed to sufficiently explain why disclosure of this object and associated description would cause it harm.  As such, Google's request is denied with respect to this material. |
| 853-4 | Excerpt of Google's Third Supplemental Objections and Responses to | **GRANTED IN PART, DENIED IN PART.** | | *See entry for Dkt. No. 853-3.* |

| | | | |
|---|---|---|---|
| | Sonos's First Set of Interrogatories | | |
| 853-5 | Excerpt of MacLellan Deposition Transcript | **GRANTED IN PART, DENIED IN PART.** | Google significantly reduced its request to seal so as to "[c]ontain[] testimony from a Google witness explaining the operation of specific source code lines for casting and stream transfer functionalities" (Dkt. No. 853 at 5).  The explanation of those specific source code lines did not come up at trial, and there is little public interest in their disclosure, so the bulk of Google's request is granted.<br><br>The highlighted text on pages 114, 165, 173 (only lines 17–25), 174, 183 (only lines 18–25), and 195–96, however, is not tailored to specific source code lines but rather contains generalized explanation of casting and stream transfer functionalities, which were discussed in support of Google's defenses in dispositive motion practice and at trial.  As such, there is substantial public interest, and little potential for harm, flowing from disclosure of such material.  Google's request as to these passages is denied. |
| 853-6 | Excerpt of '033 Patent Infringement Contention Chart | **GRANTED.** | *See entry for Dkt. No. 852-4.* |
| 853-7 | Excerpt of Schmidt Opening Expert Report | **GRANTED.** | *See entry for Dkt. No. 852-4.* |
| 853-8 | Excerpt of Bhattacharjee Rebuttal Expert Report | **GRANTED IN PART, DENIED IN PART.** | Google is correct that the image on page 38 contains information from an internal document involving the transmission, storage, and processing of security tokens and credentials not at issue in this litigation.  But Bhattacharjee's boxed items within this image were at issue in this litigation.  The image should be redacted in a way that omits what was not at issue and keeps what was at issue. In other words, Bhattacharjee's boxed items, as well as "Watch Next Service" |

United States District Court
Northern District of California

| | | | and "Player Service," should not be redacted. |
| | | | The remainder of Google's request to seal is granted. The pertinent material was either not at issue in this litigation or was sufficiently technically detailed that it could cause competitive harm to Google, with the public interest served by surrounding description that Google does not seek to seal. |
| 853-9 | YouTube Music Internal Document | **GRANTED.** | Google seeks to seal an internal working document in which employees discussed casting with YouTube Music, public disclosure of which could cause Google competitive harm. |
| 853-10 | Excerpt of '033 Patent Infringement Contention Chart | **GRANTED.** | *See entry for Dkt. No. 852-4.* |
| 853-11 | YouTube Music Internal Wiki | **GRANTED.** | Google seeks to seal an internal Wiki entry discussing YouTube Music playback, public disclosure of which could cause Google competitive harm. |
| 853-12 | Excerpt of Nicholson Deposition Transcript | **GRANTED.** | Google seeks to seal the personal home address of a Google employee, public disclosure of which could cause privacy and security issues for that employee and his family. |
| 853-13 | YouTube Music Internal Wiki | **GRANTED.** | *See entry for Dkt. No. 853-11.* |
| 853-14 | Excerpt of Bhattacharjee Rebuttal Expert Report | **GRANTED.** | *See entry for Dkt. No. 852-4.* |
| 853-15 | Excerpt of Bhattacharjee Rebuttal Expert Report | **GRANTED.** | *See entry for Dkt. No. 853-8.* Note that the image that this order previously declined to redact in full is not included in this particular excerpt, so Google's request as to this particular excerpt is granted in its entirety for the reasons stated previously. |

United States District Court
Northern District of California

| 853-16 | Internal YouTube Slide Deck | **GRANTED.** | Google seeks to seal an internal slide deck discussing the operation, design, and architecture of the Streaming Watch functionality with employee commentary, public disclosure of which could cause Google competitive harm. |
|---|---|---|---|
| 853-17 | Excerpt of Schmidt Opening Expert Report | **GRANTED.** | *See entry for Dkt. No. 852-4.* |
| 853-18 | Excerpt of Schmidt Opening Expert Report | **GRANTED.** | *See entry for Dkt. No. 852-4.* |
| 853-19 | Excerpt of '033 Patent Infringement Contention Chart | **GRANTED.** | *See entry for Dkt. No. 852-4.* |
| 853-20 | Excerpt of Google's Third Supplemental Objections and Responses to Sonos's First Set of Interrogatories | **GRANTED IN PART, DENIED IN PART.** | Here, Google requests to seal more material than it did in a prior request involving the same excerpt. This document should be redacted as set out previously for the reasons discussed previously. *See entry for Dkt. No. 853-3.* |
| 853-21 | Bhattacharjee Declaration | **GRANTED IN PART, DENIED IN PART.** | The images on pages 15 and 18 should be redacted as set out previously for the reasons discussed previously. *See entry for Dkt. No. 853-8.*<br><br>With respect to the image on page 18, the portion to the left of "MDx session server" and the descriptive bubbles should also be disclosed because they were directly at issue in this case and these steps were discussed in open court and in prior orders.<br><br>This order otherwise grants the request to seal technical details regarding source code functionality and flow where the public interest in this material is satisfied by discussion of associated functionality elsewhere. |
| 853-22 | Google's Motion to Strike Slide Deck | **GRANTED.** | *See entry for Dkt. No. 852-4.* |

| 854-1 | Excerpt of Bhattacharjee Rebuttal Expert Report | **GRANTED IN PART, DENIED IN PART.** | Google requests to seal "references to the existence and terms of patent licensing and purchase agreements that were not at issue at trial and thus not discussed in open court" (Dkt. No. 854 at 2).  At the outset, only one agreement on one page is at issue here, and no terms are referenced.  To eliminate the risk of competitive harm to Google that disclosure of the existence of this agreement could cause, all that is necessary is redaction of the name of the other party to the agreement.  The mere fact that Google licensed patents related to the routing of data between devices — and that the agreement was finalized in January 2023 — does not subject Google to a risk of competitive harm.  It is well-established that Google licenses such patents. |
| 854-2 | Google's Opposition to Sonos's Motion to Realign the Parties | **GRANTED IN PART, DENIED IN PART.** | Google seeks to seal a portion of a sentence related to the proposed term sheet discussed above.  To mitigate the risk of competitive harm, however, all that is necessary is a narrower redaction, excluding the text after "sheet" in line 8. |
| 854-3 | Proposed Term Sheet | **GRANTED.** | *See entry for Dkt. No. 831-4.* |
| 854-4 | Sonos's First Motion *in Limine* | **GRANTED IN PART, DENIED IN PART.** | Google seeks to seal "references to the existence and terms of patent licensing and purchase agreements that were not at issue at trial and thus not discussed in open court" (Dkt. No. 854 at 2).  No terms are referenced here, however.<br><br>To mitigate the risk of competitive harm that disclosure of the existence of these agreements could cause, all that is necessary is redaction of the names of the other parties to the agreements that are not public.  It is well-established that Google licenses such patents, and the dates of these agreements could not give rise to competitive harm. |

United States District Court
Northern District of California

| | | | Note that many of the names of the other parties to the agreements have become public, as Google observes in its chart (*see, e.g.*, Dkt. No. 854 at 3 ("IIF"), 28 ("Garnet")).  These names should be unredacted. |
|---|---|---|---|
| 854-5 | Excerpt of Bakewell Rebuttal Expert Report | **GRANTED IN PART, DENIED IN PART.** | Google seeks to seal more from this excerpt than Sonos.  *See entry for Dkt. No. 831-6.*  Specifically, the request to seal compensation information is granted seeing that Google's compensation rates for engineers are not generally known, and their disclosure could cause competitive harm.  Meanwhile, the request to seal information about the proposed term sheet negotiated between Sonos and Google prior to this litigation is granted in part and denied in part.  The second sentence in paragraph 501 should be unredacted as follows to reflect what has been made public:  "Sonos produced several negotiation documents with Google, including a . . . 'non-binding' Confidential Patent License and Business Engagement Agreement ('the . . . Sonos – Google Term Sheet').  The . . . Sonos – Google Term Sheet was a proposal; it was neither finalized nor executed."  (Here, the date may be redacted seeing that it has not been made known publicly and could cause competitive harm.)  And, "term sheet" should be unredacted in line 2 of paragraph 502.  Finally, the request to seal information related to the existence and terms of other patent licensing agreements that were not discussed in open court is granted in part and denied in part.  These redactions should be narrowed consistent with the instruction above.  *See entry for Dkt. No. 854-4.*  In addition, the fact these were all "lump sum" agreements |

United States District Court
Northern District of California

| | | | should be unredacted because this was disclosed at trial.<br><br>The parties shall meet and confer on the refiling of this excerpt in compliance with this order. |
|---|---|---|---|
| 854-6 | Google's Response to Sonos's First Motion *in Limine* | **GRANTED IN PART, DENIED IN PART.** | Here too, Google must revisit how references to other patent licensing agreements are redacted, further narrowing them as set out above. *See entry for Dkt. No. 854-4.* The remaining requests to seal related to references to the proposed term sheet are granted for the reasons already stated. *See entry for Dkt. Nos. 831-7.* |
| 854-7 | Google's Response to Sonos's Fourth Motion *in Limine* | **GRANTED.** | *See entry for Dkt. No. 831-7.* |
| 854-8 | Excerpt of Malackowski Supplemental Expert Report | **GRANTED IN PART, DENIED IN PART.** | Google seeks to seal numbers of Google Home App installs broken down by quarter between November 5, 2019, and November 15, 2022, for the '966 patent. As Google acknowledges, the total number of installs between November 2020 and Q4 2022 was discussed during trial (Dkt. No. 854 at 6). Google suggests that disclosing this data at a more granular level on a quarterly basis would cause it competitive harm, but Google has not sufficiently explained how. Accordingly, Google may only redact to omit the downloads that took place outside of the time period discussed during trial. |
| 854-9 | Proposed Term Sheet | **GRANTED.** | *See entry for Dkt. No. 831-4.* |
| 854-10 | Excerpt of Malackowski Supplemental Expert Report | **GRANTED IN PART, DENIED IN PART.** | Google's request to seal information regarding "loss leading" is granted in part and denied in part. Expressly without going into numbers, Malackowski testified at trial about Google products being loss leaders (*see* Tr. 1120:7–15). As such, his broad opinions to that effect should not be redacted (*see, e.g.,* "I understand that |

| | | | Google has generally not garnered gross profits on the sales of the physical hardware devices which enable Google's infringement."). The figures and studies he cites, however, which were never made part of the public record, may be redacted as confidential business information.<br><br>Meanwhile, Google's proposed redactions involving the terms of other licenses should be further tailored as set out above. *See entry for Dkt. No. 854-4.* |
|---|---|---|---|
| 854-11 | Excerpt of Malackowski Supplemental Expert Report | **GRANTED IN PART, DENIED IN PART.** | *See entry for Dkt. No. 854-10.* In this longer excerpt, the figures that Malackowski used in calculating the reasonable royalty damages for the zone scene patents should be disclosed on page 10. As discussed, with respect to the '966 patent, the total number of installs of the Google Home app is already in the public record, and breaking it down by quarter should not cause Google competitive harm. *See entry for Dkt. No. 854-8.* Likewise, with respect to the '885 patent, the total number of infringing units is already in the public record, and breaking them down by quarter should not cause Google competitive harm.<br><br>Meanwhile, the redactions with respect to the direct control ('033 patent) damages calculations on page 9 are acceptable because this information never became a part of the public record and involves Google's otherwise confidential business information. |
| 854-12 | Excerpt of Malackowski Supplemental Expert Report | **GRANTED.** | As noted previously, Google's compensation rates for engineers are not generally known, and their disclosure could cause Google competitive harm. *See entry for Dkt. No. 854-5.* |

13

| 854-13 | Sonos's Opposition to Google's Fourth Motion *in Limine* | **GRANTED.** | Google seeks to seal language regarding its net revenues and profits, as well as a reference to the details of the proposed term sheet.  Neither are generally known, and their disclosure could cause Google competitive harm. |
|---|---|---|---|
| 854-14 | Excerpt of Malackowski Supplemental Expert Report | **GRANTED.** | Google seeks to seal subscription and advertising revenue data and usage metrics related to the Pixel and the '033 patent.  Such information is not generally known and was never made public over the course of this litigation, and disclosure of such information could cause Google competitive harm. |
| 854-15 | Excerpt of Bakewell Rebuttal Expert Report | **GRANTED.** | Google seeks to seal references to lifetime value analyses for unaccused Google products that were never made public over the course of this litigation, disclosure of which could cause Google competitive harm. |
| 854-16 | Excerpt of Chan Deposition Transcript | **GRANTED.** | Google seeks to seal references to the bill of materials for the Nest Mini and the Nest Audio.  Such information is not generally known and was never made public over the course of this litigation, and disclosure of such information could cause Google competitive harm. |
| 854-17 | Excerpt of Malackowski Supplemental Expert Report | **GRANTED.** | *See entry for Dkt. No. 854-10.*  Note that here Google did not even request to seal the broad "loss leader" language that it requested to seal with submission of the overlapping excerpt above. |
| 854-18 | Excerpt of Bakewell Rebuttal Expert Report | **GRANTED IN PART, DENIED IN PART.** | Google seeks to redact information regarding patent licenses it negotiated with non-parties from a table of contents.  As set out above, these redactions should be streamlined to account for the limited potential for harm and what is already public knowledge.  *See entry for Dkt. No. 854-4.* |

| 854-19 | Excerpt of Bakewell Rebuttal Expert Report | **GRANTED IN PART, DENIED IN PART.** | *See entry for Dkt. No. 854-5.* |
|---|---|---|---|
| 854-20 | Excerpt of Malackowski Supplemental Expert Report | **GRANTED IN PART, DENIED IN PART.** | *See entries for Dkt. Nos. 854-8, 854-10, 854-12.* |
| 854-21 | Excerpt of Bakewell Rebuttal Expert Report | **GRANTED IN PART, DENIED IN PART.** | *See entry for Dkt. No. 854-5.* |
| 854-22 | Exhibit 1 of Bakewell Rebuttal Expert Report | **DENIED.** | Google seeks to seal adjusted damages figures and has not sufficiently stated the harm that would result from their disclosure.  Such figures are derived by experts; they are not proprietary.  What's more, the updated damages figures for the '966 and '885 patents that Google seeks to seal were already made part of the public record. |
| 854-23 | Exhibit 4 of Bakewell Rebuttal Expert Report | **GRANTED.** | Google seeks to seal its internal information regarding the average daily number of its speakers executing certain commands related to grouping and the average daily number of connected devices.  As Google recognizes, although the total weighted percentages of devices in groups were discussed during trial, the data at issue here was not discussed at a granular level. |
| 854-24 | Google's Response to Request for Information | **GRANTED.** | Google seeks to seal information regarding the amount of revenue IFTTT received a result of sales on the Google Play store, the number of IFTTT downloads, and the number of worldwide financial transactions associated with the IFTTT app.  Although the boilerplate line about providing competitors with information that Google does not have access to from competing platforms rings hollow here, this order agrees that Google has an interest in protecting confidential financial and metrics data of apps written by third parties and distributed on the Google Play store, |

15

| | | | |
|---|---|---|---|
| | | | public disclosure of which could cause Google (and IFTTT) harm. |
| 854-25 | Google's Response to Sonos's Request for Clarification | **GRANTED.** | *See entry for Dkt. No. 831-7.* |
| 854-26 | Sonos-Google Pre-Litigation Licensing Negotiation Correspondence | **GRANTED.** | Google seeks to seal a letter sent between the parties in pre-litigation licensing negotiations, disclosure of which could cause the parties competitive harm, for reasons already stated, in light of the detailed discussion of proposed terms. *See entry for Dkt. Nos. 831-7.* |
| 854-27 | Proposed Term Sheet | **GRANTED.** | *See entry for Dkt. No. 831-4.* |
| 854-28 | Sonos-Google Pre-Litigation Licensing Negotiation Correspondence | **GRANTED.** | *See entry for. Dkt. No. 854-26.* |
| 854-29 | Sonos-Google IP Licensing Discussion Slide Deck (Sonos) | **GRANTED AS AMENDED.** | Google seeks to seal language in a single slide of a Sonos slide deck from their pre-litigation licensing discussions, which ostensibly "[c]ontains information regarding Google's patent licensing strategies" (Dkt. No. 854 at 39).  Despite this being a Sonos slide deck, Google had been the one to designate it as confidential and originally sought to seal it in its entirety (*see* Dkt. Nos. 704; 746). That said, later in this litigation, (and after the jury returned a verdict against Google,) Google narrowed its sealing request to redactions of this one slide involving its own licensing strategies (*see* Dkt. Nos. 833-49, 854 at 39–40). |
| | | | The Court suspects some gamesmanship is at play here.  It would be unfair to allow Google to seal its full pre-litigation licensing discussion slide deck (*see* Dkt. Nos. 854 at 40, 854-31) but to unseal Sonos's — and to slip this change in among thousands of pages of filings for renewed requests to seal that Google no doubt expected Sonos would not review. Although the Court expressly ordered the |

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| | | | narrowing of requests to seal, this was certainly not the sort of narrowing envisioned.<br><br>In the spirit of fairness, and with an eye to both parties' concerns about competitive harm flowing from disclosure of their pre-litigation licensing negotiations, this order seals the Sonos slide deck in its entirety, as well as the Google slide deck in its entirety (Dkt. No. 854-31). |
| 854-30 | Google's Response to Sonos's Request re. No Longer Asserted Patents and Proffer of Testimony | **GRANTED.** | Google requests to seal statements regarding a Google pre-litigation licensing discussion presentation and the proposed term sheet, disclosure of which could cause competitive harm.  *See entries for Dkt. Nos. 831-7, 854-29.* |
| 854-31 | Sonos-Google IP License Discussion Slide Deck (Google) | **GRANTED.** | *See entry for Dkt. No. 854-29.* |
| 854-32 | Excerpt of Malackowski Slide Deck | **GRANTED.** | *See entry for Dkt. No. 854-14.*  Note this chart involving Pixel revenue data appears on page 105 of Dkt. No. 854-14. |
| 854-33 | Excerpt of Pixel Slide Deck | **GRANTED.** | *See entry for Dkt. No. 854-32.* |
| 854-34 | Ma Declaration in Support of Google's Opposition to Sonos's Motion for Injunctive Relief | **DENIED.** | Google seeks to seal a breakdown of the number of accused instrumentalities for the '885 patent, which the jury found infringed.  Google suggests that this data should be sealed because, although the total number of accused instrumentalities was discussed at trial, the data was not discussed at a granular level and broken down into different product categories in this manner.  But it should have been. The jury even requested a breakdown beyond the total number of products during deliberations (*see* Dkt. No. 773 at 3–4).  Given that this information goes to the heart of the matter litigated, the public has considerable interest in this material that the broadly stated risk of competitive harm cannot overcome here. |

| 854-35 | Excerpt from Bakewell Rebuttal Expert Report | **GRANTED IN PART, DENIED IN PART.** | Google seeks to seal results of surveys that it administered related to its speaker products.  Such results are internal, and their disclosure could cause Google competitive harm.  The first sentence Google seeks to seal, however, is a general statement that a Google witness also made in his trial testimony (*see* Tr. 1516:10–15).  As such, Google should unseal this sentence in its entirety or redact just the words between "For Google," and "the focus was." |

The parties shall refile all documents in full compliance with this order no later than

**MAY 3, 2024, at 12:00 P.M.**

IT IS SO ORDERED.


Dated:  February 9, 2024.


_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE