# EXHIBIT 3
# FILED UNDER SEAL

*Google LLC v. Sonos, Inc., Case No. 3:20-cv-6754*
Rebuttal Expert Report of W. Christopher Bakewell

**Exhibit 1.0 (Updated as of January 30, 2023 to incorporate Mr. Malackowski's revised calculations)**
Summary Of Baseline Royalty Data Points

| Category | '033 Patent | '885 Patent | '966 Patent |
|---|---|---|---|
| Mr. Malackowski's Updated "Quantitative Indicators" [1r] | $173.7 million to $278.1 million | $12.2 million | $77.5 million |
| Income Approach: [2r] | • Lack of significant demand<br>• Mr. Malackowski's theories are unreliable. | • Lack of significant demand<br>• Mr. Malackowski's theories adjusted: up to $1.2 million.<br>• Mr. Malackowski's theories are unreliable. | • Lack of significant demand<br>• Double counts with '885 patent<br>• Mr. Malackowski's theories adjusted: up to $7.4 million<br>• Mr. Malackowski's theories are unreliable. |
| Cost Approach: [3] | • NIA A1: less than $2.6 million<br>• NIA A2: less than $200,000 | • NIA B1: less than $200,000<br>• NIA B2: less than $200,000 | • NIA B1: less than $200,000<br>• NIA B2: less than $200,000. |
| Market Approach: [4] | • Lump sum; show a lack of apportionment; discrediting of app "quantitative indicators" | • Lump sum; discrediting of app "quantitative indicators" | • Lump sum; discrediting of app "quantitative indicators" |
| Mr. Malackowski's Updated "Indicators," Adjusted (Baseline Royalties) [5], [7r] | NIA: Less than $2.6 million<br><br>Other: Mr. Malackowski's theory remains unreliable, despite his adjustments.[6r]<br>(if Mr. Malackowski's theory is considered) | NIA: Less than $200,000<br><br>Other: Mr. Malackowski's theory remains unreliable. One adjustment yields less than $1.2 million. Others show insignificant value.<br>(if Mr. Malackowski's theory is considered) | NIA: Less than $200,000<br><br>Other: Mr. Malackowski's theory remains unreliable, despite his adjustments. One adjustment yields less than $7.4 million. Others show insignificant value.<br>(if Mr. Malackowski's theory is considered) |

*Google LLC v. Sonos, Inc., Case No. 3:20-cv-6754*
Rebuttal Expert Report of W. Christopher Bakewell

**Exhibit 1.0 (Updated as of January 30, 2023 to incorporate Mr. Malackowski's revised calculations)**
Summary Of Baseline Royalty Data Points

*Notes and Sources:*
(1r) See discussion in Bakewell Rebuttal Expert Report, Section 4 and Section 8; Malackowski Reply Report, pp. 7-8, 19, 21. Mr. Malackowski revised his royalty estimates from $214.5 million to $173.7 million for the '033 patent, and from $144.4 million to $77.5 million for the '966 patent, which necessitates revisions to some of my calculations (to the extent that Mr. Malackowski relies on these revised estimates instead of his prior estimates). But Mr. Malackowski did not correct other errors, including the impact of devices in service. This further demonstrates the lack of reliability of his theories.
(2r) See discussion in Bakewell Rebuttal Expert Report, Section 5 and Section 8. Updated to reflect Mr. Malackowski's reply report, where he adopted some but not all of the issues identified in my report.
(3)  See discussion in Bakewell Rebuttal Expert Report, Section 6 and Section 8.
(4)  See discussion in Bakewell Rebuttal Report, Section 7 and Section 8.
(5)  See discussion in Bakewell Rebuttal Expert Report, Section 5 and Section 8.
(6r) Mr. Malackowski's reply report highlights that his theory is unreliable and cannot be corrected as adjusted. See pp. 5-6 where he stated "for the Direct Control Patent, [his] primary scenario begins with U.S. mobile advertising and subscription revenue" and p. 18 where he says "while the U.S. revenue figures remain unchanged, the amount attributable to the '033 Patent, as indicated by the MDx playback time share, reduces the infringing revenue. As seen in the figure below, I still calculate $17.7 billion in U.S. YouTube mobile advertising and subscription revenue..." Mr. Malackowski has not shown any relationship, and particularly a 1:1 relationship, between the '033 patent and the revenue stream he uses. Again, Mr. Malackowski's calculations are unreliable and cannot be corrected.
(7r) As Mr. Malackowski has done in his reply report, I reserve the right to update my trial demonstratives for his revised calculations.

*Google LLC v. Sonos, Inc., Case No. 3:20-cv-6754*
Rebuttal Expert Report of W. Christopher Bakewell

**Exhibit 4.0 (Updated as of January 30, 2023 to incorporate Mr. Malackowski's revised calculations)**
Illustration Of Adjustments To Mr. Malackowski's Royalty Estimates ('885 And '966 Patents) [1]
*November 5, 2019 - November 15, 2022*

|  |  | Adjusted Royalty Theories | | |
|---|---|---|---|---|
|  |  | '885 Patent (11/24/2020 - 9/30 2022) | '966 Patent (11/5/2019 - 11/15/2022) | Total |
| Mr. Malackowski's estimates | [A] | $12,246,294 [2] | $77,546,923 [3r] | $89,793,217 |
| Less: Adjustment for prior art | [B] | ($12,246,294) | ($77,546,923) | ($89,793,217) |
|  | [C] = [B] / [A] | *-100.0%* | *-100.0%* | *-100.0%* |
| Less: Adjustment for unlimited applets | [D] | ($12,246,294) | ($77,546,923) | ($89,793,217) |
|  | [E] = [D] / [A] | *-100.0%* | *-100.0%* | *-100.0%* |
| Less: Adjustment for "Pro" offered at "no cost" in November 2019 | [F] | -- | ($77,546,923) | ($77,546,923) |
|  | [G] = [F] / [A] |  | *-100.0%* | *-86.4%* |
| >>Adjustment for for grouping usage | [H] = [A] x [I] | ($11,082,077) | ($70,191,584) | (81,273,662) |
|  | [I] | *-90.5%* [4] | *-90.5%* [3r] | *-90.5%* [3r] |
| **Mr. Malackowski's estimates, as adjusted (rows noted with >>)** [5] | [J] = [A] + [H] | **$1,164,217** | **$7,355,339** [6] | **$8,519,555** |

*Google LLC v. Sonos, Inc., Case No. 3:20-cv-6754*
Rebuttal Expert Report of W. Christopher Bakewell

**Exhibit 4.0 (Updated as of January 30, 2023 to incorporate Mr. Malackowski's revised calculations)**
Illustration Of Adjustments To Mr. Malackowski's Royalty Estimates ('885 And '966 Patents) [1]
*November 5, 2019 - November 15, 2022*

<u>Notes and Sources:</u>
(1) See discussion in Bakewell Rebuttal Expert Report, Section 4, Section 5.3 and Section 8.
(2) See Malackowski Supplemental Report, p. 10.
(3r) See Malackowski Reply Report, p. 8; Exhibit 4.2 to Bakewell Rebuttal Expert Report.
(4) See Exhibit 4.1.
(5) These adjustments do not fix Mr. Malackowski's work due to systemic issues in his work.
(6) Calculated as: 94.7 milion (Google Home Install Events) x $0.0778 (Mr. Malackowski's adjusted "royalty rate" for the '966 patent) = approximately $7.4 million. See Exhibit 4.13; Exhibit 4.2.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY